Philip J. Berg, Esquire (PA I.D. 9867)
E-mail: philjberg@gmail.com
**LAW OFFICES OF PHILIP J. BERG**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Telephone: (610) 825-3134 Fax: (610) 834-7659
*Attorney in pro se and for Plaintiffs*

**Lisa Ostella, and Go Excel Global**
c/o Philip J. Berg, Esquire
E-mail: philjberg@gmail.com
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Telephone: (610) 825-3134 Fax: (610) 834-7659
*Plaintiffs in pro se pending Mr. Berg's Pro Hac Vice*

**Lisa Liberi**
c/o Philip J. Berg, Esquire
E-mail: philjberg@gmail.com
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Telephone: (610) 825-3134 Fax: (610) 834-7659
*Plaintiff in pro se pending Mr. Berg's Pro Hac Vice*

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA,
## SOUTHERN DIVISION

| | |
|---|---|
| LISA LIBERI, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> ORLY TAITZ, et al, <br><br> Defendants. | CIVIL ACTION NUMBER: <br><br> **8:11-cv-00485-AG (AJW)** <br><br> **PLAINTIFFS MEMORANDUM IN SUPPORT OF THEIR IN OPPOSITION TO DEFENDANTS MOTION TO TERMINATE PHILIP J. BERG, ESQUIRE AS AN ATTORNY ON THE CASE** <br><br> Date of Hearing: May 9, 2011 <br> Time of Hearing: 10:00 a.m. <br> Location: Courtroom 10D |

# **<u>TABLE OF CONTENTS</u>**

<u>**Page(s)**</u>

TABLE OF CONTENTS……………………………………………….………..i

TABLE OF AUTHORITIES…………………………………………………....ii-iii

MEMORANDUM OF POINTS AND AUTHORITIES………………….…..1-14

    I.     FACTS…………………………………………………...............2-6

    II.    TAITZ AND DOFF's MOTION/REQUEST DOES NOT
          COMPLY WITH THE FED. R. CIV. PROC. OR THIS
          COURT'S L.R.'s……………………….…………………………6-9

    III.   DEFENDANTS FAILED TO ADDRESS ANY REASON
          BERG SHOULD NOT BE ADMITTED PRO HAC VICE,
          DEFENDANTS MOTION MUST BE DENIED………………...9-14

CONCLUSION……………………………………………………………..14

# TABLE OF AUTHORITIES

## CASES                                                                                    Page(s)

*Arizona* v. *Fulminante,* 499 U. S. 279 (1991)………………………………………...13

*Ashcroft v. Iqbal*, 129 S. Ct. 1937,
173 L. Ed. 2d 868 (2009)……………………………………………….…………..4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,
127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)…………………………………...…..4

*Panzardi-Alvarez v. United States*, 879 F.2d 975 (1st Cir. 1989)……………….....12

*Sullivan v. Louisiana*, 508 U.S. 275 (1993)………………………………………..13

*United States v. Garrett*, 179 F.3d 1143 (9th Cir. 1999)…………………….......12

*United States v. Gonzalez-Lopez*, 548 U.S. 140,
126 S. Ct. 2557, 165 L. Ed. 2d 409 (2006)……………………………………11, 13

*United States v. Lillie*, 989 F.2d 1054 (9th Cir. 1993)…………………….…..12

*United States v. Panzardi-Alvarez*, 816 F.2d 813 (1st Cir. 1987)………..……….12

*United States v. Walters*, 309 F.3d 589, 592-93 (9th Cir. 2002)…..................12, 13

## FEDERAL STATUTES                                                                         Page(s)

28 U.S.C. §1746…………………………………………………………………….7

## FEDERAL RULES OF CIVIL PROCEDURE                                    Page(s)

Federal Rules of Civil Procedure 7……………………………………….……...8

Federal Rule of Civil Procedure 10……………………………………………....8

Federal Rules of Civil Procedure 11………………………………………….…..9

Federal Rules of Civil Procedure 12……………………………………………...3, 4

## <u>TABLE OF AUTHORITIES - Continued</u>

**<u>LOCAL RULES</u>**                                                           **<u>Page(s)</u>**

Local Rule 7-3……………………………………………………..……..6

Local Rule 7-6……………………………………………………..……..8

Local Rule 7-12……………………………………………………………8

Local Rule 11.1…………………………………………………………..9

Local Rule 11.3-8………………………………………………………..8

Local Rule 11-9……………………………………………………………9

Local Rule 83-2.3.1……………………………………………………11

Local Rule 83-2.3.2……………………………………………………11

Local Rule 83-7 ……………………………………………………....9

## I.   **FACTS:**

1.      On May 4, 2009, Plaintiffs, Philip J. Berg, Esq., [hereinafter at times "Berg"] Lisa Ostella [hereinafter at times "Ostella"] Lisa Liberi [hereinafter at times "Liberi"], The Law Offices of Philip J. Berg, and Go Excel Global filed suit against Defendants Orly Taitz [hereinafter at times "Taitz"], Defend our Freedoms Foundations, Inc. [hereinafter at times "DOFF"]; Neil Sankey [hereinafter at times "Sankey"]; Sankey Investigations, Inc; and The Sankey Firm, Inc.[1] for amongst other things: Invasion of Privacy; Intrusion of Plaintiffs solitude and seclusion; placing Plaintiffs in a false light before the public; Appropriation of Plaintiffs name, picture and alike; Cyber-stalking; Stalking; Cyber-bullying; Harassment; Filing of false criminal reports; Defamation, Slander, Libel and violation of *Cal. Civ. P*. 1798, et seq. for the illegal background checks, including but not limited to primary identification documents, insurance, medical, sealed Court case information, illegal access to Plaintiffs credit reports, cyber-stalking, stalking Plaintiffs Ostella and Liberi, contacting and harassing individuals Plaintiffs have known; and for the illegal distribution of Liberi's full Social Security number, date of birth, mother's maiden name, place of birth, spouses name, spouses Social

---

[1] The Sankey Firm, Inc. is in default.  Default was entered against them in June 2009, the default was set-aside to allow this Defendant to Answer the Complaint; however, to date they have failed to Answer the Complaint and Enter their Appearance.

---

Security number, spouses date of birth and other extremely private information,[2] as well as private data pertaining to Ostella.  Said suit was originally filed in the U.S. District Court, Eastern District of Pennsylvania and recently transferred to this Court.

2.     As this Court can see from the Docket, Defendant Taitz on behalf of herself and DOFF have continued filing documents which falsifies what this case is about; why this case was filed; and many falsified stories and accusations against the Plaintiffs.  Taitz is under the impression the Court will **not** read and catch her in her dishonest tactics, due to the barrage of paper, which unfortunately Taitz has been successful with up until this date.  These actions of Taitz's have caused an avalanche of paper as Plaintiffs have been forced to respond and reiterate what this case actually represents.  The further barrage of paper is due to Taitz's continued publications on her website, through postal mail, statements in radio appearances, and posting all over the Internet, giving false interpretations of this case, falsely accusing the Plaintiffs (the victims) of what she is actually doing, and her continued cyber-stalking, cyber-bullying and stalking of the Plaintiffs.

3.     Defendant Taitz has also filed approximately six (6) Motions, if **not** more, to Dismiss pursuant to *Fed. R. Civ. P.* 12, all of which were denied, as documented by the Court's docket.  Also, as this Court is aware, a party is only

---

[2] Since Plaintiffs Complaint is drafted pursuant to PA laws, Plaintiffs will be seeking leave to

entitled to file a Motion to Dismiss pursuant to *Fed. R. Civ. P*. 12 on one occasion and anything **not** raised in the initial Motion is deemed waived; thus Taitz's Motions were incompliant with the *Fed. R. Civ. P.'s*.  Taitz asserted the <u>*Ashcroft v. Iqbal*</u>, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), and <u>*Bell Atlantic Corp. v. Twombly*</u>, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) cases as a basis for dismissal, however, the Pennsylvania Federal Court found Plaintiffs Complaint compliant with the pleading requirements outlined in <u>*Iqbal*</u> and <u>*Twombly*</u> and Denied Taitz's Motions to Dismiss.

4.     Taitz has done everything in her power, and been successful in her attempts, to prejudice the Plaintiffs and delay the proceedings in the within case, including the transfer of this case to this Court, by her improper appeal, which delayed the transfer for approximately nine (9) months.  All the meanwhile, Taitz has continued her illegal tactics which gave rise to this case, further damaging and harming the Plaintiffs.

5.     Taitz has now filed, on behalf of herself and DOFF, an improper Motion to Terminate Mr. Berg from being Counsel in the within case.   Taitz Motion fails to adhere to the *Fed. R. of Civ. P.*, and this Court's *L.R.'s*.  Not to mention the fact, it is completely improper as there is **not** even a pending Motion for *Pro Hac Vice* admission at this time.  Moreover, Berg is also a Plaintiff in the

---

properly amend their  Complaint to bring the Complaint within the standards of California law.

---

within action and therefore, Taitz cannot terminate him from the case.  Taitz has been an Attorney in California since 2002, she knows the Court rules or should, and these types of frivolous Motions which are incompliant with the *Fed. R. Civ. P.* and the Court's *L.R.'s* should **not** be permitted.  If allowed, Taitz will further "paper" this Court and file heaps of frivolous pages, again as demonstrated by the Court's docket.

6.   In addition, Taitz is doing nothing more than attempting to make litigation so expensive for the Plaintiffs' that they will be deprived their right to redress for Taitz's and the other Defendants wrongs.  This problem also would cause the filing of multiple documents, instead of one document signed by the Attorney, and force the other Plaintiffs to have to travel to California, pay for hotels, rental cars, etc. for hearings, when it is far more cost efficient to have the original Attorney argue any Motions, whether filed by Plaintiffs or Opposed by Plaintiffs, or argue at any ordered hearing.  **Not** to mention the fact that neither Ostella nor Liberi are Attorneys.

7.   Philip J. Berg, Esquire has been counsel for all Plaintiffs in the within case since the day of its inception.  Berg is familiar with the events giving rise to the suit and the events which have occurred within the case.  To bring new counsel in at this late stage of the litigation, would be extremely prejudicial to Plaintiffs Ostella and Liberi, as it would take an astronomical amount of time to bring a new

Attorney up to speed, and further delay proceedings. Further, it would be far more expensive for the Plaintiffs, without Counsel of record who knows the case, its history, and who is more than capable of arguing the matter on behalf of Ostella and Liberi.

8.    For the reasons stated herein, Taitz Motion/Request must be Denied.

**II.    TAITZ and DOFF's MOTION/REQUEST FAILS TO COMPLY with the *FED. R. CIV. P.* and THIS COURT'S *L.R's.***

9.    Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

10.    Taitz and DOFF's Motion/Request fails to comply with the *Fed. R .of Civ. Proc.* and/or this Court's *L.R. 's*.

11.     As this Court is aware of, prior to the filing of any Motion, the party filing the Motion must "meet and confer" with the opposing parties and/or their Counsel within the required ten (10) day period prior to the filing of their Motion, see this Court's *L.R.* 7-3. As a result of Taitz's failure to follow the rules and "meet and confer" with opposing counsel, Taitz was unable to comply with the section of this Court's *L.R.* 7-3 which required the following brief statement, "*This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date).*" *See* this Court's L.R. 7-3.

12.    Prior to the filing of their Motion, Taitz and DOFF were required to "meet and confer" with the Plaintiffs and/or their counsel, which Taitz and DOFF failed to comply with.

13.    Furthermore, this Court's *L.R.* 7-6 provides that "factual contentions involved in any motion . . . shall be presented, heard, and determined upon declarations and other written evidence alone".  In Taitz and DOFF's Motion, Taitz includes what she entitles an "Affidavit".  As this Court is aware, Affidavits are notarized documents with a seal and are made under the Penalty of Perjury. Taitz statement in her Motion does **not** even qualify as an unsworn Declaration pursuant to 28 U.S.C. §1746:

28 U.S.C. §1746 states in particular part:

"Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same…such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

(2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of

perjury that the foregoing is true and correct. Executed on (date). (Signature)"."

14.    Taitz's "Affidavit" is **not** notarized, is **not** signed under the penalty of perjury and therefore must **not** be considered.  Thus, Taitz has failed to comply with this Court's *L.R.* 7-6 and the Court must Deny Taitz and DOFF's Motion or consider Taitz' failure to comply with this Court's Local Rules as consent to deny the Motion, see this Court's *L.R.* 7-12.

15.    *Fed. R. Civ. P. 7(b)(1)* states, "A request for a court order must be made by motion. The motion must: (A) be in writing unless made during a hearing or trial; **(B) state with particularity the grounds for seeking the order**; and (C) state the relief sought." [emphasis added]  Taitz failed to cite any grounds for her Motion/Request to have Berg Terminated as Counsel.

16.    Taitz also failed to put her California Bar number and email address on her title page of her Motion, in violation of this Court's *L.R.* 11-3.8(a) and the Title of the Court in violation of this Court's *L.R.* 11-3.8(c).

17.    *Fed. R. Civ. P.* 10 states in pertinent part, "(a) Caption; Names of Parties. Every pleading must have a caption with the court's name…"  This Rule further states. "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances", *see Fed. R. Civ. Proc*. 10(b).    Taitz's and DOFF failed to put the Court's Caption on their Motion/Request and failed to number each of their paragraphs.

18.    More importantly, *Fed. R. Civ. P.* 11 states: "Signing Pleadings, Motions, and Other Papers; Representations to the Court; Sanctions (a) Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name — or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number…The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."  As can be seen by Taitz's filing, Taitz failed to sign the Motion, and therefore, it must be stricken. *See* also this Court's *L.R.* 11-1.  Failure to abide by *Fed. R. Civ. P.* 11 and this Court's *L.R.* 11 grants this Court the power to sanction the attorney.  See *Fed. R. Civ. P.*  11(c)(3) and this Court's *L.R.'s* 11-9 and 83-7.

19.    For the reasons stated herein, Defendants, Orly Taitz and Defend our Freedoms Foundations, Inc. Motion to Terminate Philip J. Berg, Esq. must be Denied.

**III.    DEFENDANTS FAILED TO ADDRESS ANY REASON BERG SHOULD NOT BE ADMITTED *PRO HAC VICE*. DEFENDANTS MOTION MUST BE DENIED**

20.    Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

21.    In Violation of the *Fed. R. Civ. P.* 7(b)(1), Taitz and DOFF only assert the statute and what the basis and/or requirements for the granting of an Attorney's

*Pro Hac Vice* application is.  Taitz and DOFF fail to assert why Berg should **not** be

admitted *Pro Hac Vice*, or how Berg fails to meet the requirement of the statute.

The reason is Taitz could **not** state any facts that show Berg fails to meet the

requirements to be entered *Pro Hac Vice*.  Berg is a Pennsylvania Attorney in

"Good Standing", he has properly litigated the within case, he has been honest with

his statements and litigation, contrary to Attorney Orly Taitz[3].

22.    Berg has **not** even filed an Application for the admission *Pro Hac*
*Vice* as of this date, as soon as he does, Taitz will bring yet another Motion,
Request, and/or Opposition to said Motion and further dump a barrage of paper on
this Court.

23.    However, to address the issues now, instead a second time when
Taitz's refiles her Motion(s), Plaintiffs are entitled to Counsel of their choosing.
Berg meets the statutes requirements to be granted *Pro Hac Vice* admission and he
is ready and willing to proceed with his representation of the Plaintiffs here in
California, just as he has shown, he was more than proficient in the litigation and
representation of the Plaintiffs in Pennsylvania.

---

[3] Taitz has a continued history in this case of misstating the facts, filings, contents thereof and
even the Court's rulings, which is proven by the Court's docket and all Taitz's own filings that
continually contradict themselves.  Taitz seems to believe that the Court will not read anything,
allowing her to get away with her fraudulent, frivolous and improper tactics.  To date, Taitz has
been successful with these improper tactics due to the avalanche of paper on file, which again
was caused by Taitz's continued filings.   However, should the Court read the documents filed,
the Court will see Taitz's dishonest tactics, statements, and false allegations.

1    24.    The Central District requires any person "who is a member of good

2    standing of, and eligible to practice before, the bar of any United States Court, or

3    of the highest court of any State . . . and who has been retained to appear before

4    this Court, may, upon written application and in the discretion of the Court, be

5    permitted to appear and participate *Pro Hac Vice* in a particular case." See this

6    Court's *L. R.* 83-2.3.1.  Here, there is **no** question: Berg is in "Good Standing" with

7    the U.S. District Court, Middle District of PA; U.S. District Court, Eastern District

8    of PA; the PA Supreme Court; and the U.S. Supreme Court.  Furthermore, Berg is

9    familiar with the Federal Rules of Civil Procedure and this Court's Local Rules, as

10   required.

11   25.    The Central District has noted situations which disqualify otherwise

12   qualified attorneys from *Pro Hac Vice* admission, such as when an attorney, "(a)

13   Resides in California; or (b) Is regularly employed in California; or (c) Is regularly

14   engaged in business, professional, or other similar activities in California." *See* this

15   Court's *L. R.* 83-2.3.2, none of which apply to Berg.

16   26.    In <u>*United States v. Gonzalez-Lopez*</u>, 548 U.S. 140, 141, 126 S. Ct.

17   2557, 165 L. Ed. 2d 409 (2006) the Supreme Court accepted the government's

18   concession that a trial court wrongfully denied a Defendant the right to counsel of

19   choice where the court refused to grant *Pro Hac Vice* admission to an attorney the

Defendant hired who was willing and prepared to begin representation immediately. 126 S. Ct. at 2560-61.

27.   An individual's "right to the counsel of his choice includes the right to have an out-of-state lawyer admitted *Pro Hac Vice." United States v. Lillie*, 989 F.2d 1054, 1056 (9th Cir. 1993) (citation omitted), *overruled on other grounds by United States v. Garrett*, 179 F.3d 1143 (9th Cir. 1999).  "[A] decision denying a *Pro Hac Vice* admission necessarily implicates constitutional concerns." *Panzardi-Alvarez v. United States*, 879 F.2d 975, 980 (1st Cir. 1989) (citation omitted).

28.   The mere fact that a party to the action seeks to retain an out-of-state attorney does **not** hinder the efficacious administration of justice.  His choice of counsel must be respected unless it would unreasonably delay proceedings or burden the court with counsel who was incompetent or unwilling to abide by court rules and ethical guidelines.  *United States v. Walters*, 309 F.3d 589, 592-93 (9th Cir. 2002) quoting *United States v. Panzardi-Alvarez*, 816 F.2d 813, 817-818 (1st Cir. 1987).

29.   The Ninth Circuit has held "applying a local rule mechanistically, without discussion of whether the interest of the "fair, efficient and orderly administration of justice" required denial of the application."   When a District Court does **not** find that permitting an out-of-state Attorney to appear would hinder or delay the proceedings. or, the failure of the court to interpret the rule as denying

him the discretion to consider whether legitimate reasons existed for denial of the

application. The Ninth Circuit has stated that such discretion is implicit in the

introductory phrase, "Unless authorized by the Constitution or acts of Congress."

*United States v. Walters*, 309 F.3d 589, 592-93 (9th Cir. 2002).

30.    As pointed out in *United States v. Gonzalez-Lopez*, 548 U.S. 140,

141, 126 S. Ct. 2557, 165 L. Ed. 2d 409 (2006) "Erroneous deprivation of the right

to counsel of choice, "with consequences that are necessarily unquantifiable and

indeterminate, unquestionably qualifies as 'structural error.'" *Sullivan v.

Louisiana,* 508 U. S. 275, 282 (1993). It "def[ies] analysis by 'harmless error'

standards" because it "affec[ts] the framework within which the trial proceeds" and

is not "simply an error in the trial process itself." *Arizona* v. *Fulminante,* 499 U. S.

279, 309-310 (1991).   Different attorneys will pursue different strategies with

regard to myriad trial matters, and the choice of attorney will affect whether and on

what terms the defendant…decides to go to trial.   It is impossible to know what

different choices the rejected counsel would have made, and then to quantify the

impact of those different choices on the outcome of the proceedings.  This inquiry

is **not** comparable to that required to show that a counsel's deficient performance

prejudiced a defendant." Pp. 8-11.

31.    In the instant case, Berg has been litigating the within case for the past

two (2) years, since May 4, 2009.    Once Berg files his application for *Pro Hac*

*Vice*, or anytime thereto, there is absolutely **no** reason for this Court to deny Berg's

admission *Pro Hac Vice*.  To do so, would only deprive Plaintiffs of their counsel

of choice; further delay the proceedings; cost Plaintiffs' astronomical amounts of

money in trying to bring a new attorney up to speed; and waste judicial resources.

     32.    For these reasons, Taitz and DOFF's Motion must be Denied.

## IV.   <u>CONCLUSION</u>:

     33.    For the reasons outlined herein, Defendants, Orly Taitz and Defend

our Freedoms Foundations, Inc. Motion to Terminate Philip J. Berg, Esquire as

Attorney for the Plaintiffs must be Denied.  Further, it is imperative for this Court

to enforce Defendant Orly Taitz, a licensed California Attorney, to follow all the

Federal Rules of Civil Procedures and this Court's Local Rules, as any party pro se

would be required to do.

                          Respectfully submitted,

Dated:  April 10, 2011           /s/ Philip J. Berg
                             Philip J. Berg, Esquire
                             Pennsylvania I.D. 9867
                             **LAW OFFICES OF PHILIP J. BERG**
                             555 Andorra Glen Court, Suite 12
                             Lafayette Hill, PA 19444-2531
                             Telephone: (610) 825-3134
                             E-mail: philjberg@gmail.com

                             *Attorney in Pro Se and Counsel for the*
                             *other Plaintiffs pending Pro Hac Vice*
                             *admission*

1

2

3    Dated: April 10, 2011                      /s/ Lisa Ostella

4                                             LISA OSTELLA; and

5                                             GO EXCEL GLOBAL
                                              c/o Philip J. Berg, Esquire
6                                             **LAW OFFICES OF PHILIP J. BERG**

7                                             555 Andorra Glen Court, Suite 12
                                              Lafayette Hill, PA 19444-2531
8

9                                             *Plaintiffs in pro se pending Mr. Berg's
                                              Admittance Pro Hac Vice*
10

11

12

13

14   Dated: April 10, 2011                      /s/ Lisa Liberi

                                              LISA LIBERI
15                                            c/o Philip J. Berg, Esquire

16                                            **LAW OFFICES OF PHILIP J. BERG**
                                              555 Andorra Glen Court, Suite 12
17                                            Lafayette Hill, PA 19444-2531

18
                                              *Plaintiff in pro se pending Mr. Berg's
19                                            Admittance Pro Hac Vice*

20

21

22

23

24

25

26

27

28