DR. ORLY TAITZ ESQ
29839 SANTA MARGARITA PKWY, STE 100
RANCHO SANTA MARGARITA, CA 92688
PH 949-683-5411 FAX 949-766-7603

US DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

LIBERI ET AL,

    PLAINTIFF,

VS.

TAITZ AT AL,

    DEFENDANT

) CASE NO.: 11-CV-00485
) Reply to opposition to
) MOTION-REQUEST TO TERMINATE
) PHILIP J. BERG AS AN
) ATTORNEY ON THE CASE
) HON. ANDREW GUILFORD
) PRESIDING
) DATE 05.09.2011
) TIME 10:00
) COURTROOM 10 D

Defendants are hereby replying to opposition to their motion to disqualify attorney Berg, as an attorney of record for the plaintiffs. Defendants assert that Plaintiffs opposition is nothing but dozens of pages of outrageous, unfounded allegations and slander, without any relations to the motion. Pennsylvania Attorney Philip J.Berg (hereinafter Berg) did not provide any legal ground which would allow him to serve as an attorney on this case. Allowing Berg to proceed as an attorney on this case will be aiding and abetting an unlicensed practice of law.

**MEMORANDUM OF POINTS AND AUTHORITIES**

1. Defendants have filed a one page motion, pointing out to the court the fact that Pennsylvania attorney Philip J. Berg is listed as plaintiff's attorney in this case, however he cannot serve as Plaintiffs' attorney, as he is not licensed as an attorney in California, did not obtain pro hac vice, cannot obtain pro hac vice, as he does not have a local attorney-signatory for pro hac vice and Berg's prior request for pro hac vice, (even with signatory in a prior case), was denied by this court. An order of denial of pro hac vice was attached as an

exhibit. Opposition to the motion is supposed to revolve around the motion itself and points raised in the motion. Instead of responding to this one page motion and explaining on what legal ground can Berg possibly proceed as an attorney on this case, Berg provided some 30 pages in total of outrageous unfounded allegations and slander of Defendants' attorney Taitz. Such response is frivolous and made with malice. Taitz denies all of the slanderous allegations. Additionally, opposition did not provide a single law or statute that will provide this court with jurisdiction to allow an unlicensed individual to serve as an attorney on the case. Berg did not refute the fact that;

a. he is not licensed in California

b. he does not have a California licensed attorney, who is willing to sign a pro hac vice for him

c. his pro hac vice application in another case was denied by this court just one month ago

d. there is no statute allowing this court to grant one a right to serve as an attorney , while not being licensed and without a local counsel, who would sign a pro hac vice, particularly in light of the fact that  Philip Berg is currently in the midst of Disciplinary trial instituted by the Disciplinary Board of the Supreme court of Pennsylvania. The first day of hearing was on April 7, 2011 and the proceedings continue.

2. Berg states that he should be allowed to serve as an attorney on this case, even though he is not licensed, does not have a local attorney and is in the midst of disciplinary trial, because he did not have time to find a California attorney. This statement does not hold water, as Berg and Plaintiffs had two

years to find a California attorney. This case was improperly filed in federal court and improperly filed in Pennsylvania by the plaintiffs on May 4, 2009. Shortly thereafter presiding judge in this case, Eduardo Robreno issued an order for plaintiffs to show cause, why this case should not be dismissed due to lack of jurisdiction or in alternative transferred out of Pennsylvania, as such the Plaintiffs had two years to find a California attorney. Defendants suspect that Plaintiffs did not find a California licensed attorney, because the case is completely frivolous. A motion to dismiss is being filed shortly.

3. Attacks on Defendant's attorney are simply inflammatory, defamatory and without any basis brought to prejudice the court against the defendants.

4. Berg dedicates a whole page in his opposition to the issue of the Defendants' attorney signature and claims that the fact that Defendants' attorney Taitz signed /s/Taitz and not with actual signature, it makes her motion invalid. It shows that Mr. Berg does not understand ECF system at all. ECF filing is a requirement in this court. When a local attorney applies for ECF filing privileges, such attorney passes a course and obtains an electronic stamp. Signing /s/Taitz in conjunction with her electronic stamp is sufficient, it represents such an attorney's signature. Apparently Berg never went through ECF filing course and does not have a clue as to how it works. It is a curiosity, that Berg is trying to mimic Taitz and submits his pleading with his clients signing the pleading /s/Lisa Liberi pro se and /s/ Lisa Ostella pro se, which is totally improper.

5. Berg's citation of cases, related to denial of otherwise valid pro hac vice, is improper and irrelevant, as Berg did not even qualify to submit a pro hac vice, as he did not obtain a signature of a local counsel and therefore did not even meet minimum necessary requirements for such an application. As stated, in case 1o-cv-1573 Taitz provided an order from US District judge Robertson, who did not grant Berg's pro hac vice in a case, where Berg had a local counsel and such local counsel submitted a brief in support of Berg's request for pro hac vice. Similarly in case 10-cv-1573 Berg had a local counsel, yet pro hac vice was denied by this very court.

6. Berg is engaged in unlicensed practice of law. In a prior case 10-cv-01573 just last month this court already denied Berg's pro hac vice application. This was done after pleadings were submitted, that show that Berg was repeatedly sanctioned by federal judges and is currently there is a Disciplinary board trial against him. After several motion hearings this court denied Berg's application. There is no permission for Berg to serve as an attorney in this case. In spite of that Berg has submitted his opposition brief on 04. 10.2011 and refers to himself in the caption of the brief as "Attorney in pro se and for Plaintiffs". He clearly knew that he is not licensed, that he was not granted pro hac vice and was denied one just recently, yet in an arrogant fashion he calls himself an "attorney for Plaintiffs", which is a sanctionable unlicensed practice of law, and the defendants are asking this court to finally put an end to this by sanctioning Berg for an unlicensed

practice of law. Defendants leave it to the court to decide, as what should be a proper amount for such sanction.

6. Berg claims that defendants failed to cite any facts to support their request, however Taitz and Berg appeared before this court recently and this court issued its order denying Berg pro hac vice based on multiple documents provided by Taitz. Taitz did not want to burden the court with going through the same documents yet again, as both Berg and the court are familiar with them, but since Berg is claiming that there are no facts to substantiate such request, Taitz provides them yet again:

a. Criminal case history for Lisa Liberi- legal assistant to Philip Berg and the lead plaintiff in this case. Liberi is a convicted felon, she has at least 46 criminal charges and at least 10 felony convictions, which include convictions of forgery of documents, forgery of an official seal and grand theft. The fact that an attorney is admittedly using as his legal assistant a document forger with multiple felony convictions of forgery, undermines the case and places in question veracity of any documents submitted by the office of such attorney. exhibit 1

b. Defendants submit a prior opposition to pro hac vice application by Berg, which was reviewed by this court, argued by both parties, and which provided ample documentary evidence, justifying termination of Berg as an attorney in this case. Exhibit 2

Wherefore:

1. Defendants respectfully move this court to terminate Philip J Berg as an attorney on this case.

2. Deny Berg's pro hac vice application submitted as part of his opposition to motion to terminate, as such pro hac vice application was not signed by a local attorney, and Berg did not show good moral character necessary for granting pro hac vice.

2. Sanction Pennsylvania attorney Philip J. Berg for unlicensed practice of law in California, as his current opposition was captioned as "attorney for the Plaintiffs" without any legal grounds to do so.

Dated this 04.17.2011
/s/ Orly Taitz

Dr. Orly Taitz, ESQ
Attorney for
Defend Our Freedoms
Foundation and
Orly Taitz

CERTIFICATE OF SERVICE

I declare under penalty of perjury that a true and correct copy of the above pleadings was served on 04.17.2011 via ECF on Philip J. Berg, attorney for all the plaintiffs. Other defendants on the case were served electronically on 04.17.2011 at following e-mail addresses:

Neil Sankey and Sankey firm at

nsankey@sankeyfirm.com

/s/ Dr. Orly Taitz, ESq

Motion to terminate Philip Berg as an attorney on the case- 6