DR. ORLY TAITZ ESQ
29839 SANTA MARGARITA PKWY, STE 100
RANCHO SANTA MARGARITA, CA 92688
PH 949-683-5411 FAX 949-766-7603

US DISTRCT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERI ET AL, | CASE NO.: 11-CV-00485 |
| PLAINTIFF, | CCCP 425.16 ANTISLAPP MOTION TO DISMISS THE CASE AS A SLAPP COMPLAINT |
| VS. | HON. ANDREW GUILFORD PRESIDING |
| TAITZ AT AL, | DATE 05.23.2011 |
| DEFENDANT | TIME 10:00 |
| | COURTROOM 10 D |

Notice to all parties and their counsel: on May 9, 2011 defendants "Defend our Freedoms Foundation" and Orly Taitz will move this court to strike and dismiss above mentioned complaint in its' entirety as a SLAPP action in a special California Rule 425.16 antiSLAPP action. This motion will be based on the memorandum of points and authorities below, exhibits attached to this complaint and oral argument.

**MEMORANDUM OF POINTS AND AUTHORITIES.**

**TABLE OF CONTENTS**

Table of Authorities..........................................2
A. THE ANTI-SLAPP STATUTE GOVERNS THE DISPUTE................5
B DEFENDANTS MET THEIR BURDEN UNDER ANTI-SLAPP STATUTE.......5
C. CLAIM ARISES OUT OF AN ISSUE OF PUBLIC INTEREST...........8
D. PLAINTIFFS FAILED TO ESTABLISH BY COMPETENT AND ADMISSABLE EVIDENCE THAT THEY WILL PREVAIL AT TRIAL....................12
1. THIS WHOLE CASE FAILS UNDER 12(B)1.......................12
2. COMPLAINT IN ITS' ENTIRETY FAILS UNDER 12 (B)6...........14
1(A) COUNT 1..............................................17
1.B) COUNT 2..............................................24

1(C) COUNT 3.................................................27

1(D) COUNT 4.................................................29

1(E) COUNT 5.................................................30

1(F) COUNT 6.................................................33

CONCLUSION..................................................34

AFFIDAVIT OF ORLY TAITZ......................................36

EXHIBITS:

1. EXHIBIT 1 2008 SAN BERNARDINO, CALIFORNIA, CRIMINAL CONVICTIONS RECORD OF 23 CHARGES AND 10 CONVICTIONS OF FORGERY, FORGERY OF OFFICIAL SEAL AND GRAND THEFT OF PLAINTIFF LISA LIBERI in FSB -044914 The People of the State of California v Lisa Liberi Richardson

2. Exhibit2 SAN BERNARDINO CALIFORNIA SUPERIOR COURT TRANSCRIPT OF TESTIMONY OF OFFICER LIEBRICH, in FSB-044914 People of the State of CA v Lisa Liberi RICHARDSON ATTESTING TO 19 PRIOR CRIMINAL CHARGES OF PLAINTIFF LISA LIBERI

3Exhibit 3 .SWORN DECLARATION OF JEFF STAPLES-FORMER WEB MASTER FOR PHILIP BERG, ATTESTING TO LIBERI'S MANUAL HANDLING OF CREDIT CARD ACCOUNTS OF DONORS.

4 Exhibit 4 SWORN AFFIDAVIT OF LINDA BELCHER, FORMER VOLUNTEER RESEARCHER FOR PHILIP BERG.

5. Exhibit 5 12.23.2011 ORDER-MEMORANDUM BY JUDGE ROBRENO in Liberi v Taitz.

## TABLE OF AUTHORITIES

Vess v. Ciba-Geigy Corp. USA,317F.3d1097,1109(9th cir.2003).p5

Batzel v Smith, 333 F. 3d 1018, 1024 (9th cir 2003).........p5

Briggs v Eden Council for Hope and Opportunity, 19 Cal 4th 1106-1110(1999)..............................................................p5

Kantor v Wellesley Galleries, ltd 704 F2d 1088, 1092 (9th cir 1983)....................................................................p13

Vacek v United states postal service 447 F3d 1248, 1250 (9th cir 2006)....................................................................p13

Kokkonen v Guardian life insur. Co. of Am 511 US. 375, 377 (1994)...................................................................p13

Gould Electronics v United States, 220 F. 3d 169, 176 (3d Cir 2000)................................................................... p13

Packard v Provident National Bank , 994 F. 2d 1039, 1045 (3d cir 1993)................................................................... p14

J & R Ice Cream corp. v. California Smoothie Licensing, 31 F. 3d 1259, 1256 n.3 (3rd cir1994)...............................p14

Joiner v Diamond M Drilling Co., 677 F. 2d 1035, 1039 (5th Cir 1982)....................................................................p14

Weight v Kawasaki Motors Co (1985, ED Va) 604 F supp 968....p14

Roche v Lincoln Prop. Co. (2004, CA4 Va) 373 F3d 610.......p14

Bautista v Pan American World Airlines, Inc (1987, CA 9 Cal) 828, F2d 546, 126 BNA LRRM 2559, 107 CCH LC P 10159.........p14

Olsen v Quality Continuum Hospice (2004, DC NM) 380 F. Supp 2d 1225...................................................................p14

McMann v. Doe (2006, DC Mass) 460 F Supp 2d................p15

Olsen v Quality continuum Hospice, Inc (2004, DC NM) 380 F. Supp 2d 1225 ...................................................................p15

Filla v Norfolk & Southern Ry (2003. CA8 Mo) 336 F3d 806....p15

Shahmoon Industries, Inc & Imperato (1964, CA3 NJ) 338 F2d 449, 9 FR Serv 2d 12B22, Case 2...................................p15

1. Jeter v Jim Walter Homes (1976, WD Okla) 414 F Supp 791.259.p15
2. Iqbal v Ashcroft 129 S Ct at 1949........................pp17, 27
3. Twombly v Bell Atlantic 550 U.S. at 570......................p17
4. Sprewell v Golden State Warrior,266F3d979,988(9th Cir 2001).p17
5. Schmidt v Hermann 614 F. 2d 1221, 1223 9th Cir 1980)...pp17. 29
6. Cal Civ Pro Code §425.16(a)...................................p5
7. Cal Civ Pro Code §425.16(b)(1)................................p8
8. 28 USC §1291.................................................p13
9. FRCP 12(b)1..................................................p12
10. FRCP 12(b)6.................................................p16
11. 5c. Wright & A. Miller, Federal Practice and Procedure §1206,
12. (1969 & Supp.2005)..........................................p15
13. 28 USC § 144 linto 28 USCS §1332............................p15
14. Thomas v Board of Trustees, 195 U.S. 207.210 (1904).........p15
15. 28 USC §1447(d).............................................p15
16. Cal civ Pro §1798.81........................................p18
17. Cal Civ Pro §1798.84 (a-g)..................................p19
18. 18 USC §§2510-22............................................p21
19. 18 USC §§ 2701-11...........................................p22
20. Department of justice Reorganization act of 2005............p22
21. H.R. 3402 §113, 113 (a)(3)..................................p23
22. 47 USC §223 (a)(1)..........................................p23
23. 47 USC §223 (h) (1)(b)......................................p23
24. 15 USC §1125.............................................pp30,31
25. ann. Cal C.C.P. §527.6(b)...................................p29
26. 1st Amendment of the U.S. Constitution......................p17
27. 14th Amendment of the U.S. Constitution.....................p17
28.

### A. THE ANTISLAPP STATUTE GOVERNS THE DISPUTE

"Motion to strike a state law claim under California's anti-SLAPP statute may be brought in federal court." Vess v. Ciba-Geigy Corp. USA, 317 F. 3d 1097, 1109 (9th cir. 2003). The anti SLAPP statute was enacted to allow for early dismissal of meritless first amendment cases aimed at chilling expression through costly, time consuming litigation." Batzel v Smith, 333 F. 3d 1018, 1024 (9th cir. 2003). The statute should be construed broadly," Cal. Civ. Proc. Code §425.16 (a) and interpreted "in a manner favorable to the exercise of freedom of speech, not its curtailment," Briggs v Eden Council for Hope and Opportunity, 19 Cal 4th 1106-1119 (1999).

### B. DEFENDANTS MET THEIR BURDEN UNDER ANTISLAPP STATUTE

SLAPP is Strategic Legal Action Against Public Participation. Above action, Liberi et al v Taitz et al is a typical SLAPP action filed by the plaintiffs in order to limit public participation and specifically to silence the defendants, who are whistle blowers, about the fact that Pennsylvania attorney Philip J. Berg, is employing as his legal assistant a convicted document forger and thief Lisa Liberi. Berg and Liberi knew at all times that Liberi is indeed a convicted document forger and thief, convicted in San Bernardino, CA. They originally filed this case in Philadelphia, representing that Liberi is an innocent, defamed woman in Pennsylvania, who was slandered and defamed by the defendants. At all times they knew that she was not defamed, that she is indeed a convicted document forger from

CA, and that they are harassing the defendants with a SLAPP law suit. In their attempt to cover up Liberi's identity they acted with unprecedented malice and in further pleadings accused the defendants of multiple crimes, maliciously claiming that attorney Taitz tried to hire a hit man to kill Liberi, and for that reason Liberi should not provide her Pennsylvania drivers license, and the court needs to believe her word and proceed in diversity without any documentary evidence. Similarly, they claimed that Plaintiff Ostella was defamed, when Taitz published on her web site, that her former web master Ostella locked Taitz out of the old web site for her foundation, "Defend Our Freedoms Foundation" and replaced Taitz pay pal-account with her own. However, after 12.20.2011 TRO hearing and cross examination of Ostella by Taitz, Ostella conceded that she indeed locked Taitz out of the web site for her foundation and replaced Taitz pay-pal account with her own. (Exhibit 4 12.23.2010 Order and memorandum of judge Robreno).

This legal action was filed two years ago on May 4, 2009. It was filed approximately two weeks after Dr. Orly Taitz (hereinafter Taitz), president of "Defend Our Freedoms Foundation" published a report by a licensed investigator Neil Sankey (hereinafter Sankey), that showed that Lisa Liberi (Hereninafter Liberi), legal assistant for Pennsylvania attorney Philip Berg (Hereinafter Berg) has a criminal record of forgery, forgery of official seal and theft. This report was made by Sankey based on information which is easily and readily available in public records.(Exhibit 1). Recently, at a motion hearing in Philadelphia Pennsylvania on 12.20.2010 during cross examination

of Liberi by Taitz, Liberi admitted that she is indeed a convicted felon from California.(Exhibit 4) Taitz, also, published true and correct information, that Lisa Ostella, former volunteer web master for "Defend Our freedoms Foundation" (hereinafter "Foundation") has locked Taitz, president of Foundation, out of the old web site for the foundation and replaced Taitz pay-pal account with her own, therefore any donation given to Ostella or via pay-pal on the old web site from mid April would not go to the Foundation, but would go to Ostella. At the same hearing on 12.20.2010 at the cross examination of Ostella, conducted by Taitz, Ostella admitted that she indeed locked Taitz out of the old web site of her foundation and replaced Taitz pay pal account with her own.

Two weeks after publication Liberi, Berg, Law offices of Philip Berg, Ostella, Go Excel Global(business name of Ostella) and Evelyn Adams a/k/a Momma E filed a legal action in the Eastern District of Pennsylvania against 14 named defendants and 200 unnamed defendants. Nature of the suit is listed as 320 Assault, Libel, Slander. Jurisdiction-diversity. In this law suit Plaintiffs sued all the whistle blowers, who blew the whistle on Liberi, Ostella, Berg and Adams. The complaint is an incomprehensible 81 page mish-mash of allegations against 14 individuals and entities. In a nut shell Plaintiffs claimed that they were defamed by the publication of the above facts. They attempted to create an impression that Lisa Liberi, who works with attorney Berg is a different Lisa Liberi, not a convicted felon from California. Plaintiffs attempted to create this impression by posting Attorney Berg's business address in PA as

Liberi's address. They further made malicious, fraudulent accusations, that Liberi's address cannot be disclosed because she is afraid for her life because attorney Taitz tried to hire a hit-man to kill her. Exhibit 4, last order by judge Robreno in Eastern District of PA shows that Berg, Liberi and Ostella were "evasive on the stand and not believable as witnesses". Judge Robreno found no foundation and no value in plaintiff's accusations and allegations and claims that Taitz tried to hire a hit-man to kill Liberi.

### C. CLAIM ARISES OUT OF AN ISSUE OF PUBLIC INTEREST

Plaintiff's complaint stems from an act made in connection with a public issue or an issue of public interest, in furtherance of Defendants' right of free speech under the United States or California Constitutions. Civ Proc Code §425.16(b)(1).

In 81 pages of complaint with a mumbo jumbo of bare slanderous allegations against 14 named defendants and 200 unnamed defendants, there are only limited statements/publications, that can be attributed to the defendants. and those were clearly made in public interest:

1. **Defendants published criminal record of Lisa Liberi**

Taitz is a president of the "Defend our Freedoms foundation". Volunteer web master Ostella locked Taitz out of the web site of her foundation and changed the code on the web site and replaced Taitz pay-pal account with her own. At the same time Ostella used "Defend our Freedoms foundation" web site to defame Taitz and promote another attorney, Philip J. Berg. Berg is engaged in nation wide fundraising and employing as his assistant Lisa Liberi, who has 26 criminal felony charges and at least 10

felony convictions of theft, forgery of documents and forgery of official seal in CA alone. (Exhibit 1) and 19 prior criminal charges (Exhibit 2). Berg is submitting to multiple courts documents prepared by this assistant. It was in public interest to alert the public , that Taitz was locked out of her old web site and that it is being used to promote another attorney, whose assistant has an extensive criminal record. As members of the public were donating to Berg, they had to be warned that a person with theft convictions is working as an assistant for that attorney. Exhibit 3 and Exhibit 4 Affidavit of Linda Belcher, former researcher for Berg, and signed letter from Jeoff Staples, former web master for Berg attest to Liberi's handling of credit card information of donors. This is an important issue of public interest, and an effort, by Taitz, who is the president of foundation and an officer of the court to protect the donors against possible theft. Additionally, as Berg was filing multiple documents in different courts, it was important to warn members of the public, that some of the documents could not be genuine, considering the fact that his assistant has convictions of forgery of documents and forgery of an official seal. Such publication by Taitz was truthful, privileged and entirely in public interest. In the ocean of slander and hearsay by the plaintiffs, there are a few specific statements, attributed to the defendants, all of which are truthful statements made properly ion public interest.

a. Complaint ¶57 represents a letter from Taitz to Berg, where Taitz, believing that Berg is not aware of Liberi's record, alerted Berg that according to a licensed investigator Sankey,

Berg's assistant Lisa Liberi has an extensive criminal record. This is a statement made on issue of public interest, namely the fact that an assistant for an attorney has an extensive criminal record.

b. ¶66 alleged statement, where Taitz provides the public with information regarding Liberi's probation officer. This is a statement made on issue of public interest. If a convicted forger and thief works with someone, who does nation wide fundraising and has access to credit cards of multiple donors, it is in public interest to alert her probation officer.

c. ¶67 Quotes a comment Taitz allegedly made on her web site, where she alerts her donors of Liberi's criminal record- statement made in public interest.

d. ¶69 April 21 2009 alleged notation by Taitz on the new web site of her foundation actually makes the case for the defendants. Complaint states that Taitz sent an e-mail to Phil Berg, describing Liberi's criminal record (true copy of this record is in exhibit 1). Complaint quotes Taitz describing her motivations, which are completely proper motivations in public interest:"I believe Mr. Berg should not be using a person with such past in his fund raising efforts and legal practice and should issue a statement advising the donors and supporters, that Ms. Lisa Liberi is no longer employed by him or his foundation and that he is reviewing his donations and all legal records handled by Ms. Liberi. I believe the donors to Mr. Berg foundation should get assurances that their donations were used for litigation and the cause and not to reimburse victims of Ms. Liberi's prior schemes..." The plaintiffs in their own complaint

are making a case for this court to grant judgment for the defendants on their AntiSLAPP, as such statements by the defendant Taitz is a true and correct statement made on an issue of public interest"

**2. Defendants published information in regards to web master Lisa Ostella's actions in locking Taitz out of the web site for her foundation.**
Yet again all of these statements are proper statements made in public interest to advise the donors that former volunteer webmaster Lisa Ostella locked Taitz, president of "Defend Our Freedoms Foundation" out of the old web site for her foundation and replace Taitz pay-pal account with her own, therefore the donors will be advised that their donations will not go to the foundation, but would go to Ostella. Not only it is permissive and in public interest, but Taitz, as the president of the foundation was obligated to provide the donors with this information. As donors don't frequent the web site on a daily basis, it was proper to post such reminders, and it was in public interest to warn donors.
As a matter of fact in ¶44 Ostella admits that she locked Taitz out and " Ostella changed the Pay-Pal script in the donations button to reflect her own account and removed Taitz's accounts from the sites" and an order and memorandum of judge Robreno states that Ostella conceded on the stand that she locked Taitz out and replaced the paypal account. Plaintiff provided several alleged statements by Taitz, which state exactly that. ¶¶62, 67,68, 69 provide the same statement made on the issue of public interest, that a volunteer webmaster locked the president

of the foundation out of the web site for her foundation and replaced the pay-pal account of the foundation with her personal pay-pal account, whereby the donations will not go to the foundation, but would go to that former volunteer webmaster. Not only it was proper for the defendants to make such statements, but Taitz, as the president of the foundation, had an obligation to warn her supporters and donors.¶62"she (Ostella) locked me out of my own foundation site and refuses to give me the access codes." ¶68" My former web master Lisa Ostella has created an account that she called Defend Our Freedoms Network and is soliciting donations, praying on unsuspected readers that would not notice the difference between Defend Our Freedoms Foundation and Defend our Freedoms Community Please notice, your donations there will not go to the foundation, they will go to her personal bank account, connected to her personal e-mail address GoExcelGlobal". These are statements made in connection with an issue of public interest, specifically, where donations will go. Since defendants met their initial anti-SLAPP burden, the burden shifts to the Plaintiff- to establish, **"by competent and admissable evidence,"** a reasonable probability that the plaintiff will prevail on his claims at trial"

## C. PLAINTIFFS MUST ESTABLISH THAT THEY WILL PREVAIL ON THEIR CLAIMS

### 1. THIS WHOLE CAUSE OF ACTION FAILS AND HAS TO BE DISMISSED UNDER FRCP 12(B)1

Prior to addressing the specific counts of the complaint the Defendants assert that the complaint was filed in federal court frivolously in violation of section 12b(1) of Federal rules of Civil Procedure. This legal action was filed based on diversity of citizenship Federal Rule of Civil Procedure 12(b)1 provides for dismissal of a complaint for lack of subject matter jurisdiction. Any doubt as to whether jurisdiction exists is normally resolved against a finding of such jurisdiction. Kantor v. Wellesley Galleries, ltd 704 F2d 1088, 1092 (9th cir.1983.) Because federal courts are courts of limited jurisdiction, it is "presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Vacek v United states postal service 447 F3d 1248, 1250 (9th Cir 2006) (quoting Kokkonen v Guardian life Ins. Co.of Am 511 US. 375, 377 (1994) (citation omitted)). For diversity of citizenship Plaintiffs were supposed to provide documentary evidence of state citizenship of the parties at the time this legal action was filed, in order to show that the parties were diverse.

## JURISDICTION IS ALWAYS BEFORE THE COURT AND THE COURT HAS A DUTY TO DISMISS A CASE, WHERE IT HAS NO JURISDICTION

In a recent case of S. Freedman and Company, inc v Marvin Raab et al # 05-1138 (from NJ #04-cv-01119) Third Circuit court judges Honorable Barry, Smith and Aldisert found that under precedent of Gould Electronics, inc v United states, 220 F. 3d 169, 176 (3d Cir.2000) Third Circuit court of Appeals had jurisdiction to review under 28 U.S.C. §1291 the issue of subject matter jurisdiction as a basis for dismissal of the case. **Third Circuit court of Appeals also found that a District Court has a duty to raise doubts about its jurisdiction at any time, and the party asserting jurisdiction "bears the burden of**

**showing that the case is properly before the court at all stages of litigation**". Packard v Provident National Bank, 994 F. 2d 1039, 1045 (3d Cir. 1993) and similarly J& R Ice cream Corp. v. California Smoothie Licensing, 31 F. 3d 1259, 1265 n.3 (3rd Cir 1994).

In its' opinion in Freedman v Raab Third Circuit proceeded to expand and reiterate that "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference 5C. Wright & A. Miller, Federal Practice and Procedure §1206, at 78-79 (1969 & Supp. 2005); Thomas v Board of Trustees, 195 U.S. 207, 210 (1904) (holding that diversity jurisdiction, "or the facts upon which, in legal intendment, it rests, must be distinctly and positively averred in the pleadings, or should appear affirmatively and with equal distinctness in other part of the record"); Joiner v. Diamond M Drilling Co., 677 F. 2d 1035, 1039 (5th Cir 1982) ("In order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business). "Fedco's bald allegations that the corporate parties are citizens of certain states are insufficient to carry its burden of pleading the diversity of the parties."

In cases in which jurisdiction is based on diversity of citizenship, plaintiff has burden to show, first, that applicable statute confers jurisdiction, and, second, that assertion of jurisdiction is consonant with constitutional limitations of due

process. *Weight v Kawasaki Motors Corp. (1985, ED Va) 604 F Supp 968.*

**Party's mere allegation of diversity cannot satisfy its burden of establishing district court's jurisdiction; citizenship of each real party in interest must be established by preponderance of evidence.** *Roche v Lincoln Prop. Co. (2004, CA4 Va) 373 F3d 610.*

Complaint alleging that defendant's corporate citizenship was in a state other than California but failing to allege that plaintiffs were all citizens of California was not sufficient to give District Court jurisdiction since pleadings did not otherwise resolve issue of citizenship. *Bautista v Pan American World Airlines, Inc. (1987, CA9 Cal) 828 F2d 546, 126 BNA LRRM 2559, 107 CCH LC P 10159.*

In *Olsen v Quality Continuum Hospice, Inc. (2004,DC NM) 380 F Supp 2d 1225*

Court lacked jurisdiction over patient's claims because he failed to establish diversity jurisdiction because at time he filed complaint both he and hospice were citizens of State; also patient only sought $10,000 in cost and unspecified amount for other damages, which did not meet amount in controversy

In McMann v. Doe (2006, DC Mass) 460 F Supp **2d complaint against John Doe defendant alleging Internet defamation was dismissed for lack of subject matter jurisdiction because there was risk that if John Doe's identity were discovered there could have been no diversity, and court's jurisdictional authority would have disappeared;** court declined to read amended language of 28 USCS § 1441into 28 USCS § 1332 because it would have accomplished much broader result of allowing case with only one party and only state law claims to proceed initially in federal court *Olsen v Quality Continuum Hospice, Inc. (2004, DC NM) 380 F Supp 2d 1225.*

In motorist's personal injury lawsuit against, inter alia, owners of property adjacent to private railroad-track crossing where car-train accident occurred, pursuant to 28 USCS § 1447(d), appellate court lacked jurisdiction to review remand that implicitly was based on lack of subject matter jurisdiction; district court clearly was addressing jurisdictional issues--diversity of citizenship, 28 USCS § 1332, and fraudulent joinder--and when doing so, it properly declined to decide doubtful question of state law and, instead, resolved ambiguity (lack of state law directly on point) in motorist's favor. *Filla v Norfolk & Southern Ry. (2003, CA8 Mo) 336 F3d 806.*

Where record creates doubt as to jurisdiction, trial court must determine whether there are adequate grounds to sustain its jurisdiction over subject matter. *Shahmoon Industries, Inc. v Imperato (1964, CA3 NJ) 338 F2d 449, 9 FR Serv 2d 12B.22, Case 2.*

**Court has duty to look to its own jurisdiction and lack of subject matter jurisdiction may be asserted by court, sua sponte, at any time.** *Jeter v Jim Walter Homes, Inc. (1976, WD Okla) 414 F Supp 791.259.* decided by a preponderance of evidence.

Plaintiffs refused to provide drivers license or an ID card to show the state citizenship of the lead plaintiff Lisa Liberi. Defendants provided Liberi's criminal record from the San Bernardino, California court, showing Liberi being on probation

under supervision of the San Bernardino, California probations department, allowed to reside only in California or New Mexico, not in any other state, not in Pennsylvania. Taitz demanded to see Liberi's proof of state citizenship. Originally Plaintiffs claimed that they showed Judge Robreno Liberi's drivers license during 08.07.2009 motion hearing. Taitz was not able to attend this hearing and requested the transcript. On July 30, 2010 Plaintiffs filed an emergency motion, where they demanded to keep the transcript sealed and accused the defendant and attorney for the defendants Taitz of trying to hire a hit man to kill Liberi and claimed that for this reason the transcript needs to be sealed. Judge Robreno ordered the transcript released to Taitz. The transcript showed that the Plaintiffs did not provide Liberi's drivers license, and actually during the hearing judge Robreno ordered Liberi and her attorney Berg TO FILE LIBERI's DRIVERS LICENSE WITH COURT. The docket shows that Liberi and Berg NEVER FILED LIBERI'S DRIVERS LICENSE. As Plaintiffs never filed any documentary evidence of Liberi's state citizenship, this legal action has to be dismissed under 12b1, as the plaintiffs did not provide documentary evidence of state citizenship of the party to the action, necessary for the court to assume jurisdiction in diversity, and the court does not have jurisdiction over the case. This case was frivolously filed in the federal court and specifically in the federal court in Pennsylvania simply to intimidate the defendants and try to silence them.

COMPLAINT IN ITS' ENTIRETY FAILS UNDER 12(B)6
FAILURE TO STATE A CLAIM UPON WHICH A RELIEF CAN BE GRANTED

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted. Fed. R. Civ Pr. 12(b)(6). A complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct at 1949 (quoting Twombly, 550 U.S. at 570). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" id., or "allegations that are merely conclusory, unwarranted deductions of fact or unreasonable interferences" Sprewell v Golden State Warriors, 266 F3d 979, 988 (9th Cir.2001).A pleading, that fails to meet such standard, may be dismissed with prejudice Schmidt v Hermann 614 F. 2d 1221, 1223 (9th Cir 1980).

### COUNT 1

In count one plaintiff Liberi is suing under Violation of the First Amendment and Fourteenth amendment of the U.S. constitution and California Civil Procedure §1798.81

The allegations are completely frivolous.

Plaintiffs are claiming violation of First and Fourteenth amendment, but do not provide a shred of evidence, explaining what part of the 1st or 14th amendment was violated and how it was violated. They are talking about the fact that defendant Taitz posted a report by Sankey, showing Liberi's criminal record. They do not explain, how does this represent a violation of the 1st and 14th amendment. First Amendment and 14th amendment (as it relates to the states) guarantees to citizens a freedom of speech, press, religion and redress of grievances against infringement on such right by the Federal

1. government, as it relates to the 1st amendment and infringement
2. by the State government as it relates to the 14th amendment.
3. Taitz is not a federal or state government, she is an
4. individual.
5. "Defend our Freedoms foundation" is not a federal government, it
6. is a private, not for profit foundation, so this cause of action
7. does not relate to them. Additionally, Plaintiffs did not show a
8. shred of evidence that will point out and explain, how did Taitz
9. or "Defend our Freedoms" private, not for profit foundation
10. infringed upon any freedoms guaranteed to the Plaintiffs. How
11. did Taitz or "Defend Our Freedoms Foundation" prevented the
12. plaintiffs from exercising their Constitutionally guaranteed
13. rights.
14. This part of the complaint is totally frivolous, represents
15. impossibility as a matter of law and needs to be dismissed with
16. prejudice and without leave to amend.
17. Second part of count one relates to CA Civil Procedure §1798.81,
18. which is equally bizarre and insane. This statute relates to
19. businesses which maintain private information of their
20. customers.
21. 1798.81. A business shall take all reasonable steps to dispose, or
22. arrange for the disposal, of customer records within its custody or
23. control containing personal information when the records are no
24. longer to be retained by the business by (a) shredding, (b) erasing,
25. or (c) otherwise modifying the personal information in those records
26. to make it unreadable or undecipherable through any means.

Again, this statute is totally inapplicable to Taitz or "Defend our Freedoms Foundation".

Taitz is an individual.

Defend Our Freedoms foundation is a private, not for profit foundation.

Plaintiffs refer to the information regarding Lisa Liberi, claiming that publication of Liberi's information represents violation of §1798.81, however Lisa Liberi was never a customer of either Taitz of "Defend Our Freedoms" foundation, and this statute relates only to violations by businesses, which maintain private information of their customers.

Lastly, information published by Taitz, was a public criminal record of Liberi, which is public information, not private.

Even, if arguendo, any information published, was private, the Plaintiffs could not sue the Defendants under CA Civ Pro §1798.81, as it does not relate to Defendants.

Further Plaintiffs quote §1798.84 sections b-g and conveniently omit section (a) and attempt to manipulate and defraud the court by implying that those sections are somehow relevant to the defendants. When one reads §1798.84.a-g it clearly shows that it is part of the same §1798, which relates to businesses maintaining private information of their business customers. again, as explained 1798.84. (a) Any waiver of a provision of this title is contrary to

public policy and is void and unenforceable.

(b) Any **customer injured by a violation of this title may institute a civil** action to recover damages.
This claim **fails as a matter of la**w, as such it needs to be dismissed with prejudice without leave to amend.

Further on towards the end of the pleading for count one, in ¶ 141 in their desperate attempt to silence the Defendants-whistle blowers and prevent further disclosure to the public of the fact that attorney Berg is working with a convicted document forger, who drafts his pleadings, Plaintiffs simply listed multiple statutes, threw in a pile a number of federal and state statutes from different states without any connection to the defendants and without any explanation, how do those statutes relate to the defendants and represent viable causes of action. The pleading is so deficient, that it can't even be called a legal pleading. Iqbal, 129S.Ct at 1940(citing Twombly, 550 U.S. at 556 states that the court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements. here the Plaintiffs did not even list the elements. They simply list a dozen statutes, one after another, none of which has any connection to the defendants. As such those claims need to be dismissed with prejudice and without leave to amend. The statutes are as follows:

  a. Social security act. Plaintiff accused Defendants of Violating Social security act, but did not plead any specific act or any explanation, how did the Defendants