violate it. This claim is frivolous and needs to be
dismissed with prejudice and without leave to amend.

b. California privacy laws, Civil Code §1798 et sequitur.-
   this section relates only to governmental agencies or
   businesses, which collect private information of their
   customers. Defendants are not governmental agencies and not
   businesses and Plaintiffs were never their customers,
   therefore this claim does not relate to the defendants and
   needs to be dismissed under 12b6.

c. Pennsylvania privacy act. Defendants are citizens of
   California, do not have any contacts with Pennsylvania and
   are not subject to Pennsylvania privacy acts. This claim
   needs to be dismissed under 12(b)6.

d. California business and professional code 22577(a) This
   section does not specify any civil actions, penalties or
   remedies. This claim needs to be dismissed under 12(b)6.

e. Electronic communications privacy act- Plaintiffs did not
   provide any explanation as to what electronic communication
   they are referring to, what did the defendants do to
   violate this act and how did it injure the Plaintiffs.
   this claim needs to be dismissed under 12(b)6.

f. 18 USC §§2510-22, and the stored communications act. This
   is a criminal statute, it does not provide for private
   enforcement and civil remedies. Additionally, there is no

explanation how did the defendants violate stored communications act. Additionally this statute relates to electronic interception of oral communications. Here Plaintiffs did not provide a shred of evidence of electronic interceptions of oral communications done by Defendants and therefore this claim fails and needs to be dismissed under 12(b)6.

g. 18USC §§2701-11 is a criminal statute, that does not provide for private enforcement or civil remedies. Additionally, this statute relates to unlawful access to stored communications. Plaintiffs did not provide any evidence of such access by the defendants. As such this claim needs to be dismissed under 12(b)6.

h. Cyber Harassment, cyber stalking,etc. in violation of the women's violence act- Plaintiffs did not provide any evidence of cyber stalking or cyber harassment and did not explain how Dr. Taitz, who is a woman and a doctor and her private foundation are violent towards women, which further shows a pattern of complete insanity of this complaint. This claim fails and needs to be dismissed under 12(b)6

i. Department of justice Reorganization act of 2005. Plaintiffs did not provide any explanation, how department of justice reorganization act relates to Dr. Taitz and her foundation and how did they violate it.

j. H.R. 3402, titled "prevention of cyber stalking" and numbered §113, §113(a)(3) Plaintiffs did not provide a shred of evidence of Defendants being engaged in cyber stalking and did not provide any explanation, how does this act relates to Defendants.

k. Cyber-stalking and cyber-harassment laws in violation of the communications, act 47 USC §223(a)(1)© and §223(h)(1)(B). Again, the complaint does not contain a shred of evidence of cyber stalking by the Defendants. The fact that Defendants published truthful information about the Plaintiffs does not represent cyber stalking. Moreover, 47 USC §223 relates to Obscene or harassing telephone calls in the District of Columbia or in interstate or foreign communications. Plaintiffs did not provide a shred of evidence of any such phone calls by the defendants. This claim fails under 12(b)6.

Simply glancing at this smorgasbord of state and federal statutes with no coherent pleading, as to how these statutes are connected to the defendants, how did they violate those statutes and without any plausibility of these statutes being in any way connected to the defendants, show that this count completely fails 12b6 requirement of the claim to be plausible and probable, additionally it is clear, that Plaintiffs are simply throwing a number of statutes at defendants to try to intimidate

the Defendants, to silence them and to quash Defendants first amendment right to free speech and specifically their right to advise the public that the old web site for "Defend Our Freedoms foundation" was taken over by former volunteer webmaster and the pay-pal account was changed, and that the old web site is currently promoting Attorney Berg, who is using as his legal assistant a convicted felon Lisa Liberi.


### COUNT TWO-DEFAMATION PER SE, SLANDER AND LIBEL


To state a claim for defamation, Plaintiff must allege (a)a publication that is (b) false, (c) defamatory, and (d) unpriviledged, and (e)has a natural tendency to injury or that causes special damage.

Defamation in relation to plaintiff Liberi

Plaintiffs are simply making bare allegations in relation to some 14 defendants. They do not provide any clear and concise statement of a specific fact, that would relate to Defendants Taitz and "Defend our Freedoms Foundation", which would constitute a specific statement made by these defendants, that is actually not true. Defendants provided the public with a printout of Liberi's criminal record, which is a true and correct record.

 Truth is a complete defense to defamation. Exhibit 1 shows that Liberi indeed has an extensive criminal record of 23 criminal

charges and 10 criminal convictions of forgery and grand theft. Exhibit 4, 12.23.2010 order and memorandum by judge Robreno stated that Liberi conceded that she is indeed a convicted felon from California. Complaint does not provide any evidence of Taitz ever stating or writing anything about Liberi, which is not part of Liberi's very thick criminal file. Plaintiffs did not provide any evidence of any statement by Taitz, that are not true. Additionally, as exhibits 1-5 point out, Taitz, as the president of the foundation, whose web site was taken over, was privileged in advising her supporters about Liberi's past, which can endanger their donations.

Same paragraph states that Defendants defamed Ostella. The only factual allegation of any statements by the defendants in regards to Plaintiffs provide regarding Ostella, is truthful information, that she locked Taitz out and took over the old web site. It is in paragraph 67 and 68 of the complaint. This paragraph states that former web master Lisa Ostella is collecting donations under the name Defend Our Freedoms. Taitz warned her donors and supporters that Ostella is no longer working with Defend Our Freedoms Foundation. She advised the donors, that if they want to donate to "Defend Our Feeedoms" Foundation, they need to mail the donations to Defend Our Freedoms Foundation at 26302 La Paz, ste 211, Mission Viejo, CA 92691. This is a correct statement and does not represent defamation. In his 12.23.2011 order and memorandum judge Robreno stated that Ostella was evasive on the stand and not believable as a witness and that she conceded that she locked Taitz,

1  president of foundation, out of the web site for her foundation,

2  and replaced Taitz pay-pal account with her own Pay-Pal account.

3

4  In  paragraph  160  Plaintiffs  claim  that  defendants  defamed

5  plaintiff  Adams.  Plaintiffs  lump  Taitz  with  other  defendants.

6  Taitz  does  not  know  what  was  said  by  other  defendants,  however

7  complaint  contains  zero  evidence  of  any  defamatory  statement

8  made by Taitz against Adams.

9

10  Paragraph 161 makes an allegation that defendants defamed Berg,

11  however  they  do  not  provide  any  proof  of  such  allegations.  They

12  simply  spout  bare  allegations,  without  providing  any  shred  of

13  any  admissible  evidence  of  any  defamatory  or  slanderous

14  statement by the defendants against Berg.

15

16  Paragraph 162 talks again about Ostella, claiming that she was

17  defamed  and  that  the  defendants  made  false  statement  about

18  Ostella hijacking Taitz web site and diverting funds. Again, the

19  only evidence they provide is in ¶67, 68, discussed above, where

20  Taitz  warns  her  donors  that  Ostella  no  longer  works  with  the

21  Foundation and any donations given to the old website, that was

22  taken  over  by  the  former  volunteer  web  master  Ostella,  would  not

23  go  to  the  Foundation  but  will  go  to  Ostella.   As  stated

24  previously,  12.23.2010  order  by  judge  Robreno  states  that

25  Ostella conceded that she indeed locked Taitz out of the old web

26  site  for  foundation  and  replaced  Taitz  pay  pal  account,  which

27  was  previously  connected  to  the  web  site,  with  her  own  pay-pal

28  account.

In ¶163-166 Plaintiffs claim that Defendants acted with malice and caused Plaintiffs mental anguish and impaired their reputation in the community.

As stated above Plaintiffs did not provide any evidence of defamation.

The statement about standing in the community is particularly ludicrous. Exhibit 2, a true and correct copy of the transcript of testimony of Officer Liebrich in Liberi's criminal trial, shows that she had 19 criminal charges before she was indicted of 26 criminal charges and convicted of 10 felony charges of forgery and grand theft. 4 felony charges of forgery still show as active on the docket. How can a reputation of an individual with 46 criminal charges in total and 10 felony convictions, be any lower, than what it is, particularly, considering that the Defendants simply provided a printout and record, readily available in public records?

In summary, count two does not provide any evidence of defamation. Complaint must allege "sufficient factual matter, accepted as true, to "state a claim of relief that is plausible on its face". Iqbal, 129 S. CT at 1949 (quoting Twombly, 550 U.S. at 570. This complaint contains 81 pages of diatribe in relation to 14 defendants, but there is no factual matter, that would show any defamatory statements by the defendants. As such this claim needs to be dismissed with prejudice and without leave to amend.

COUNT THREE- FALSE LIGHT INVASION OF PRIVACY

1   In ¶167-173 Plaintiffs plead False light -invasion of privacy,
2   but again do not provide any evidence sufficient to proceed in
3   this cause of evidence.
4   In ¶168 they state: "defendants defamatory statements about
5   Plaintiffs placed Plaintiffs and their staff in a false-light
6   before the public." Plaintiffs do not plead any specific action
7   by the Defendants and do not provide any specificity, how does
8   it place Plaintiffs' and their staff in false-light before the
9   public.
10  Additionally, Plaintiffs do not have any staff.
11  Evelyn Adams is an elderly lady, who does not work, who did some
12  internet radio shows from her home computer.
13  Ostella is a housewife, who does not have any staff, does not
14  have a permanent job and who offers her services as a web master
15  to some individuals.
16  Liberi is a convicted felon, who was on probation at the time
17  this complaint was filed. Due to her disability she did not work
18  for years and sits on disability.
19  Berg is a solo attorney, who works in a small office and who's
20  only "legal support" comes from this convicted felon Lisa
21  Liberi, who is corresponding with Berg via e-mails and faxes.
22  In ¶169 Plaintiffs state : "the false-light in which Defendants
23  placed Plaintiffs and their staff would be highly offensive to a
24  reasonable person.
25  Again, they do not provide any evidence of "false Light" in
26  ¶170-173 they talk about malice and damages, but again did not
27  provide any evidence, any factual matter beyond bare allegations
28  of false light or malice. Plaintiffs did not provide any

1  admissible evidence to show, that anything published by the
2  defendants was not true and that it placed them in false light.
3  Complaint does not suffice, when it makes "naked assertions"
4  devoid of further factual assertion. Where a complaint fails to
5  meet such standard, it may be dismissed with prejudice. Schmidt
6  v Hermann 614 F. 2d 1221, 1223 (9th Cir. 1980).

**COUNT 4 HARASSMENT**

Harassment is defined as:

- Unlawful violence, such as:
  - assault (attempting to cause a violent injury to you)
  - battery (use of force against you) or
  - stalking (repeatedly following or harassing you with the intent to place you in reasonable fear for your safety or your immediate family's safety);*
- A credible threat of violence (a statement or actions that reasonably place you in fear for your safety, or the safety of your immediate family); or
- Repeated actions (such as following you, making harassing telephone calls, or sending harassing emails) that seriously alarm, annoy, or harass you, and that serve no legitimate purpose and causes you to be extremely emotionally upset (distressed).**

* Ann.Cal.C.C.P. § 527.6(b);

Defendants never met Plaintiffs Adams, Liberi and Ostela. Defendants met Berg once at a press conference, which was attended by multiple reporters. Plaintiffs did not provide any "factual matter, accepted as true, to state a claim to relief that is plausible on its face" Iqbal. Complaint does not provide any factual matter of any battery or assault of the Plaintiffs by the Defendants, any factual matter of any stalking or threat of violence

1   whereby count 4 is frivolous and needs to be dismissed with prejudice and without leave

2   to amend. Towards the end of the pleading in count four, similar to count one. Plaintiffs

3   simply throw in a pile a number of statutes without pleading any elements and without

4   any explanation, how do those statutes relate to the Defendants.  Yet again, there is no

5   connection:

6      a. 18USC §875(d)- is a criminal statute with no civil remedies

7      b. 47 USC§ 223 no explanation, how does this statute relates

8        to the defendants

9      c. Womens violence act- no shred of evidence of defendants

10       being violent towards women

11     d. Department of Justice reauthorization act- no evidence of

12       any relation to the Defendants

13     e. H.R. 3402 – no evidence of defendants in any way violating

14       this statute

15  COUNT FIVE

16  FALSE DESIGNATION AND DESCRIPTIONS OF FACTS

17   Defendants could not find any legal action under " false

18  designation and description of facts". It does not appear that

19  such cause of action even exists.

20  Additionally, Plaintiffs did not provide any evidence of "false

21  designation and description of facts". Plaintiffs did not

22  provide any evidence, did not plead sufficiently  any facts that

23  were described falsely by the defendants

24  In ¶189 Plaintiffs explain, that by "false designation and

25  description of facts " they mean 15 USC §1125, however this

26  statute deals with trademark infringement and relates to state

27  or instrumentality action. Plaintiffs do not have any trademark,

28

there was no trademark infringement , no trademark was placed in
"false designation or description".

in **15 USC 1125**

**False designations of origin and false descriptions forbidden**

This document contains one section of the U.S. Trademark Act (found in Title 15 of the United States Code). This page was last updated in November 2005. All of the sections of the Trademark Act are listed on the Index page. A word index is also available.

For more information on trademark law, please see the Trademark Section of BitLaw.

Previous Section (§1124) | Next Section (§1126)

§1125. False designations of origin and false descriptions forbidden

**(a)**

Civil action.

**(1)**

Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--

**(A)**

is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

**(B)**

in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

**(2)**

As used in this subsection, the term "any person" includes any State, instrumentality of a State or employee of a State or instrumentality of a State acting in his or her official capacity. Any State, and any such instrumentality, officer, or employee, shall be subject to the provisions of this Act in the same manner and to the same extent as any nongovernmental entity.

**(3)**

In a civil action for trade dress infringement under this Act for trade dress not registered on the principal register, the person who asserts trade dress protection has the burden of proving that the matter sought to be protected is not functional.

**(b)**

Importation. Any goods marked or labeled in contravention of the provisions of this section shall not be imported into the United States or admitted to entry at any customhouse of the United States. The owner, importer, or consignee of goods refused entry at any customhouse under this section may have any recourse by protest or appeal that is given under the customs revenue laws or may have the remedy given by this Act in cases involving goods refused entry or seized.

**(c)**

Remedies for dilution of famous marks.

**(1)**

The owner of a famous mark shall be entitled, subject to the principles of equity and upon such terms as the court deems reasonable, to an injunction against another person's commercial use in commerce of a mark or trade name, if such use begins after the mark has become famous and causes dilution of the distinctive quality of the mark, and to obtain such other relief as is provided in this subsection. In determining whether a mark is distinctive and famous, a court may consider factors such as, but not limited to—

Yet again Plaintiff did not provide any factual matter to show that this cause of action has any connection to Defendants. As such count 5 needs to be dismissed without leave to amend.

### COUNT SIX-INJUNCTIVE RELIEF

Plaintiffs are seeking injunctive relief as a separate count, however Injunctive relief is actually a remedy, not really an independent cause of action. In order to obtain injunctive relief, one needs to demonstrate wrongdoing, that will be subject to injunction.

Plaintiffs did not demonstrate any wrongdoing. Truthful statements do not represent wrongdoing.

As stated previously, plaintiffs filed this legal action nearly two years ago in a wrong forum, in Pennsylvania. Plaintiffs sought injunctive relief against the defendants and filed motions for TRO five times: three in the District court for the Eastern district of Pennsylvania and twice in the Third Circuit court of Appeals. Plaintiffs were seeking a de facto "gag order" to silence the defendants. No such order was ever granted by either the District court or the court of Appeals. Not only the defendants did not provide any evidence of anything that was not true and defamatory, but they also failed to show, that they are entitled to injunctive remedy. For injunctive remedy the Plaintiffs were supposed to show that the remedy at law will not

1  be adequate, which would necessitate equitable remedy. They were
2  supposed to show irreparable harm to the Plaintiffs, they were
3  supposed to balance the hardships and show that the injunctive
4  remedy would not violate the Public interest. Plaintiffs did not
5  provide any factual matter sufficient to show any wrongdoing to
6  trigger injunctive relief or any elements of injunctive relief.
7  As such this cause of action fails and needs to be dismissed
8  with prejudice and without leave to amend.
9  Defendants demonstrated that that they met their burden under
10 anti-SLAPP statute, Plaintiffs did not meet their burden to show
11 by **"COMPETENT AND ADMISSIBLE EVIDENCE"** a reasonable probability
12 that they will prevail, as such this legal action needs to be
13 dismissed in its' entirety under Anti-SLAPP.

14                              **CONCLUSION**

15 **WHEREFORE** Defendants respectfully pray for following relief:

16   1. Dismissal of the Complaint in its' entirety as one filed
17      frivolously in SLAPP action with intend to limit and
18      infringe upon defendants' free speech.

19   2. Grant Defendants' attorneys fees

20   3. Grant any other damages that the court finds fair, just and
21      appropriate.

25                                      Dated this 04.25.2011
26                                      /s/ Orly Taitz

27                                      Dr. Orly Taitz, ESQ
                                        Attorney for
28                                      Defend Our Freedoms
                                        Foundation and

           Liberi v Taitz motion to dismiss under CCCP 425.16 AntiSLAPP- 34

1                                                    Orly Taitz

2

3

4                                   DECLARATION OF ORLY TAITS

5    I, Orly Taitz, am over 18 years old, I am an officer of this

6    court, I do not suffer from any mental condition and impairment,

7    have personal knowledge of above facts and can attest under the

8    penalty of perjury in regards to following:

9       1. Criminal record of Plaintiff Lisa Liberi affixed to this

10         motion, is a true and correct public record, readily

11         available for any member of the public.

12      2. 12.23.2010 Order by judge Robreno, is a true and correct

13         copy of such order  available on the docket of this case.

14      3. Transcript of Testimony of Officer Liebricht is a true and

15         correct copy of such transcript readily available to the

16         public in case People of the State of California v Lisa

17         Liberi  Richardson  FSB-044914  pp  113-117  Reporters

18         Transcript August 4, 2004, Testimony of Detective Mike

19         Liebrich

20      4. Sworn  affidavit  of  Linda  Belcher,  attesting  to  Lisa

21         Liberi's handling of credit card statements is a true and

22         correct copy of such declaration delivered to me by Linda

23         Belcher, former volunteer political researcher for attorney

24         Philip J. Berg

25      5. Signed letter from  Jeoff Staples, attesting to Lisa Liberi

26         handling credit cards and of the donors, is a true and

27         correct copy of such signed letter delivered to me by Jeoff

28         Staples, former web master for attorney Philip J. Berg.

         Liberi v Taitz motion to dismiss under CCCP 425.16 AntiSLAPP- 35

1    6. I declare under the penalty  of perjury that above is true
2       and correct.
3  /s/ Orly Taitz

4                          CERTIFICATE OF SERVICE

5  I declare under penalty of perjury that a true and correct copy
6  of the above pleadings was served on 04.25.2011 via ECF on
7  attorney Philip J. Berg.   Other defendants on the case were
8  served electronically on 04.25.2011 at following e-mail
9  addresses:
10  Neil Sankey and Sankey firm at
11  nsankey@sankeyfirm.com
12  /s/ Dr. Orly Taitz, ESq
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28