Philip J. Berg, Esquire
Pennsylvania I.D. 9867
LAW OFFICES OF PHILIP J. BERG
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Telephone:   (610) 825-3134
E-mail: philjberg@gmail.com          *Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| LISA LIBERI, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> ORLY TAITZ, et al, <br><br> Defendants. | CIVIL ACTION NUMBER: <br> **8:11-cv-00485-AG (AJW)** <br><br> **DECLARATION OF PHILIP J. BERG, ESQUIRE** <br><br> Date of Hearing:   May 23, 2011 <br> Time of Hearing:  10:00 a.m. <br> Location:             Courtroom 10D |

## Declaration of Philip J. Berg, Esquire

I, Philip J. Berg, Esquire am over the age of 18 and am a party to the within action.  I have personal knowledge of the facts herein, and if called to do, I could and would competently testify.  I am making this Declaration under the penalty of perjury of the Laws of the United States pursuant to 28 U.S.C. §1746.

1.     I am an Attorney in good standing, licensed to practice law in the Commonwealth of Pennsylvania.  I am licensed to practice in the U.S.

District Courts, Middle and Eastern District of Pennsylvania; the Third Circuit Court of Appeals, the Pennsylvania Supreme Court; and the U.S. Supreme Court.

2.      Plaintiffs have filed an Application for an Ex Parte Order for their Motion for Leave to file a First Amended Complaint; and for an Order of this Court that **no** Motions are to be filed without Leave of Court.

3.      I am the attorney of record for the Plaintiffs in the matter of *Liberi, et al v. Taitz, et al*, U.S.D.C., Eastern District of Pennsylvania, Case No. 09-cv-01898 ECR, which was recently transferred to this Court.

4.      I am very familiar with the Records of the proceedings of this case. When the lawsuit was filed it was filed in Pennsylvania, and therefore, was drafted in accordance with the Pennsylvania laws.  Now that the case is in this District, it is important that Plaintiffs be allowed to Amend their Complaint to bring it compliant with the California Laws.

5.      Moreover, It has been discovered the names of several "DOE" Defendants, and Plaintiffs must Amend to add the parties names.  More importantly, Plaintiffs must Amend to add Cause of Actions based on new actions of the Defendants.

6.      Defendants Orly Taitz as an Attorney and an Officer of the Court by and through the Law Offices of Orly Taitz along with Neil Sankey of

---

Sankey Investigations, Inc. and the Sankey Firm, Inc. had been harassing the Probation Departments in the State of California and New Mexico, as well as the San Bernardino County District Attorney's Office in an attempt to have Plaintiff Lisa Liberi arrested based on false allegations. Even after Orly Taitz received a letter from DDA James Secord of the San Bernardino County District Attorney's Office stating there was **no** indication that Mrs. Liberi had violated her terms of Probation, Orly Taitz and Neil Sankey continued their harassment.

7.     When this failed, on March 8, 2011, Orly Taitz as an Attorney and an Officer of the Court by and through the Law Offices of Orly Taitz filed a Motion for Emergency Revocation of Probation of Lisa Liberi in the San Bernardino County Superior Court, Rancho Cucamonga Division, Case No. FWV-028000. Out of Courtesy to Ms. Taitz as a lawyer, Judge Sabet in Rancho Cucamonga scheduled hearings. The probation report came back that Plaintiff Liberi had complied with all her terms of Probation, there was **no** evidence of any violations; that the NM Probation Office, CA Probation Office, County Counsel and the San Bernardino County District Attorney's Office had investigated all of Ms. Taitz allegations against Plaintiff Liberi and found **no** merit. Further the report stated that Mrs. Liberi had received all positive reports, was in full compliance, and had never violated any of

her terms.  As a result of the reports from Probation, Judge Sabet found and Ruled that Plaintiff Liberi was **not** in violation of her Probation and closed the case.  However, three [3] Hearings took place, in which Ms. Taitz and Mr. Sankey attended and Plaintiff Liberi's attorney had to prepare and attend the Hearings.

8.     As if that was **not** enough, Orly Taitz continually posted on her website at www.orlytaitzesq.com that there were Probation Revocation Hearings on Plaintiff Liberi, and made **no** mention that she (Taitz) was the one that instituted the proceedings, thus, making it appear that Plaintiff Liberi had done something wrong.  When the Court denied Orly Taitz's Motion, Ms. Taitz then put on her website that four [4] additional felony charges were being investigated against Plaintiff Liberi, knowing the information to be false.

9.     For these reasons, it is important that Plaintiffs be granted Leave to file their Amended Complaint and add the Cause of Actions for Malicious Prosecution and Abuse of Process, as well as their original claims pursuant to California Law.  Plaintiffs will be severely prejudiced if this Court denies their Motion for Leave to Amend, as they will **not** have any other means for redress.

10.     Orly Taitz filed a Motion to have me "Terminated" as Plaintiffs' Counsel in this case.  The Hearing on Ms. Taitz Motion is currently set for May 9, 2011 at 10:00 a.m. before Your Honor.  Plaintiffs Responded in Opposition and stated they would be seeking Leave to Amend their Complaint.

11.     Thereafter, Ms. Taitz sent an email directly to Plaintiff Ostella, which appeared to be a threatening email, see **EXHIBIT "1"**.  This email was sent to undisclosed recipients and bcc'd to Mrs. Ostella.  I immediately responded to Ms. Taitz informing her she was **<u>not</u>** to contact my clients. *See* **EXHIBIT "2"**.  No sooner did she get my email, she again sent emails to Mrs. Ostella and Mrs. Liberi with copies of documents attempting to prejudice my clients against me, see **EXHIBIT "3"**.  I again notified her in a formal letter that she was **<u>not</u>** to contact my clients, and outlined the law to her in that regard. *See* **EXHIBIT "4"**.  I am still the attorney of record, all communications from her are to come through me.  I also informed Ms. Taitz that she did **<u>not</u>** give any basis or legal reasoning for her threatened Motion to Dismiss and therefore, I was unable to meet and confer with her. I never heard back from Ms. Taitz.

12.     On April 25, 2011, Orly Taitz filed an Anti-SLAPP Motion and Motion to Dismiss pursuant to *Fed. R. Civ. P.* 12(b)(1) and 12(b)(6), which

is currently set for Hearing on May 23, 2011. Further, this Court set the Scheduling Conference for June 6, 2011.

13.     On April 27, 2011, the Court entered in the Docket a deficiency Order to Ms. Taitz regarding her April 25, 2011 Motion to Dismiss. The deficiency notice was Ms. Taitz failure to follow the rules and give proper notice of the hearing and for the fact her Motion was way over the page limit.

14.     As you are aware, I am an attorney who practices law for a living in the Commonwealth of Pennsylvania. It is **not** a problem for me to fly out and attend Hearings, however, when Hearings are set roughly a week a part on repeated Motions, it becomes a problem. Not only is it expensive, but I have to close my office. Not to mention it is a waste of judicial resources. Ms. Taitz has filed numerous *Fed. R. Civ. P.* 12 Motions as demonstrated by the Docket and also filed an Anti-SLAPP Motion, almost identical to the one filed April 25, 2011, which have been litigated and adjudicated. Therefore, Ms. Taitz Motions are improper and in violation of the *Fed. R. of Civ. P.*

15.     Despite this, as this Court is aware, the filing of an Amended Complaint moots any pending Motions to Dismiss, including Anti-SLAPP Motions. It is a waste of judicial resources to have a Hearing on Ms. Taitz's Motion to Dismiss on May 23, 2011, and then allow Plaintiffs to Amend.

---

For this reason, Plaintiffs have filed an Ex Parte Application or in the Alternative a Motion Shortening Time to have their Motion for Leave to Amend heard and adjudicated. It is my belief that a Hearing is **not** necessary, however, should this Court feel differently, then Plaintiffs are asking that their Motion be Heard on May 9, 2011 at the same time as Ms. Taitz Motion to "Terminate" me from representation of my clients. This way, the Amended Complaint will be filed, Defense Motion to Dismiss will be moot, there will **not** be any reason for Plaintiffs to Respond to Ms. Taitz's Motion; and the Court date of May 23, 2011 will be vacated. Further, I will **not** have to fly out to California on a weekly basis, and expend large amounts of money due to the travel for a Hearing which will become moot upon the filing of Plaintiffs Amended Complaint.

16. In addition, as this Court can see from the clogged Docket, especially within the last six [6] months, Ms. Taitz continues filing Motion after Motion, which are **not** compliant with the *Fed. R. Civ. P.* and have absolutely **no** merit. Plaintiffs in turn are required to Respond, otherwise it appears as if they waive their rights and agree with the Motion. As a result, Plaintiffs case has become so convoluted and Ms. Taitz has been successful in her attempts to re-write what this case truly represents, which has been very prejudicial to my clients.

17.    I would like to bring to this Court's attention, in Ms. Taitz's latest filings; she has again filed a statement from Geoff Staples with forged emails.  The emails have been altered and forged to depict Plaintiff Liberi's email address; however, if you look at the email's header information below each, you will see that Plaintiff Liberi's email address is nowhere in there, why?  Because Plaintiff Liberi did **not** send or receive the emails in question.  All of this was outlined in my Motion to Judge Robreno to use his inherent powers and issue an Order to Show Cause upon Orly Taitz for the continued filing of Forged Documents. *See* Plaintiffs filing of October 7, 2010, appearing as Docket Entry No. 146.

18.    Further, in Ms. Taitz filing of April 25, 2011, included in Geoff Staples attachments are names, addresses and credit card numbers of donors.

19.    Despite this, Ms. Taitz continues to file altered and forged documents which should **not** be permitted.  Plaintiffs Motion was never adjudicated as the case was transferred to this District.

20.    For this reason and for the reasons outlined in Plaintiffs Motion and Application for Ex Parte Orders, it is imperative for this Court to issue an Order that **no** Motions or papers are to be filed with the Court without first seeking and being Granted Leave to file the Motions and/or papers.

21.    In Pennsylvania, Judge Robreno issued an Order that **no** Motions could be filed without Leave of Court on June 25, 2009.  It slowed Orly Taitz down from her filings; however, at the end of the case while we were waiting on adjudication on her Appeal, so the Case could be transferred to this Court, Taitz was filing several Motions without Seeking Leave, thereby violating Judge Robreno's Order.  I hope this will **not** occur here in Your Honor's Court.

22.    Pursuant to this Court's Local Rules 7-3 and 7-19, I emailed and faxed a letter to all Defendants on Wednesday, April 27, 2011, that Plaintiffs were seeking Leave to Amend their Complaint and for an Order of the Court that **no** Motions were to be filed without Leave of Court by Ex Parte means. I stated in my letter, that pursuant to *Fed. R. Civ. P.* 15(a), and for Good Cause Shown, Plaintiffs would be requesting Leave to Amend, which would moot the February 23, 2011 Hearing on Defendant Orly Taitz's Motion to Dismiss.   A true and correct copy of this email is attached hereto as **EXHIBIT "5"** and the letter is attached hereto and incorporated in by reference as **EXHIBIT "6"**.

23.    I received an email back from Todd Sankey, owner of the Sankey Firm, Inc. that he was out of the office and to email Neil Sankey. *See* **EXHIBIT "7"**.  Neil Sankey was served with my Ex Parte Meet and Confer

---

Declaration of Philip J. Berg, Esquire

letter, but as of the date of this filing, Friday, April 29, 2011, I had **not** received a response.

24.    On Thursday, April 28, 2011, I received an email from Defendant Orly Taitz, which Orly Taitz also sent directly to my clients, after she was told **not** to contact my clients, by me and my clients directly, as depicted in Ms. Taitz's email attached hereto and incorporated in by reference as as **EXHIBIT "8"**.  Orly Taitz claims Plaintiffs Motion for Leave to Amend is frivolous and that I am practicing law without a license.  My clients signed all the pleadings as well as I did.  Further, as noted on the Court Docket, it shows me as counsel of record as *Pro Hac Vice*.

25.    For the reasons outlined herein and outlined in Plaintiffs Ex Parte Application; Motion for Leave to file an Amended Complaint and for an Order that **no** Motions are to be filed without Leave of Court and for good cause shown, I respectfully request this Honorable Court to Grant Plaintiffs Ex Parte Application and Motion allowing them to Amend their Complaint; and for an Order that **no** Motions are to be filed without Leave of Court.

//
//
//
//
//
//

1        I declare under the penalty of perjury of the Laws of the United States and

2

3    California that the foregoing is true and correct.

4

5        Executed this 29th day of April, 2011 in the Commonwealth of Pennsylvania,

6    County of Montgomery.

7                       /s/ Philip J. Berg

8                       Philip J. Berg, Esquire, Declarant

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "1"

Date: Tue, 12 Apr 2011 12:19:08 -0700
Subject: notification regarding impending motion to dismiss the case in
its'entirety and defendats' claim for damages and attorney' fees
From: orly.taitz@gmail.com
To:

Meet and confer regarding my impending motion to dismiss and for
damages

Attention pro se plaintiffs in Liberi v Taitz

This is to inform you that I will be moving US District Court in the Central
District of California to dismiss this case in its' entirety under CA rule 425 as
well as seeking classification of Liberi and Berg as vexatious plaintiffs with
all the consequences attached to it.
I will be seeking damages and attorneys' fees from all the plaintiffs in this
case as well.
My offer to you, is as follows:  if  you dismiss your case immediately with
prejudice,  I agree not to proceed with my claims for damages, attorneys
fees and counter suit, which will include but not limited to  defamation of my
character by all the plaintiffs, libel per se, slander, intentional infliction of
severe emotional distress, diversion of funds from "Defend Our Freedoms"
foundation, conspiracy to divert funds from "Defend Our freedoms"
foundation and other related claims. This offer is valid and open until
Friday, April 15, 2011, 9 am PST
Sincerely,

--
Dr Orly TaitzESQ
29839 Santa Margarita pkwy, ste 100
Rancho Santa Margarita, CA 92688
ph 949-683-5411  fax949-766-7603
orlytaitzesq.com

13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27  **EXHIBIT "2"**
28

From: **Philip Berg** <philjberg@gmail.com>
Date: Tue, Apr 12, 2011 at 11:36 PM
Subject: Fwd: FW: notification regarding impending motion to dismiss the case in its'entirety
and defendats' claim for damages and attorney' fees
To: Orly Taitz <orly.taitz@gmail.com>, Orly Taitz <dr_taitz@yahoo.com>


**Dear Ms. Taitz:**

**I am in receipt of an email that you sent my client, Lisa Ostella, and failed to
send to me or my office. In fact, your email was sent to undisclosed recipients
and bcc'd to Lisa Ostella. You are an attorney in the State of California and are
very familiar, or should be, with the rules and laws of Court. As you are well
aware, you are <u>NOT</u> to contact a party to a suit who is represented by
counsel. Therefore, I demand you refrain from any further contacts. You have
the below email sent to "Pro Se Plaintiffs" in the *<u>Liberi, et al v. Taitz, et al</u>*
case. However, the other *pro se* parties never received the email and they too are
represented by me, so I trust all future communications will be directed to me
and <u>not</u> to my clients.**

**As for your "meet and confer" besides being completely improper, the email is of
a threatening nature. There is <u>no</u> such Rule, which I take to mean, California
Court Rule, 425 in either Federal Court or State Court. If you are referring to a
specific code pursuant to the California Code of Civil Procedure, beginning with
CCP 425.10, it is <u>not</u> applicable to our Federal Case. This case is a Federal Case,
and therefore the Federal Rules of Civil Procedure would apply. As for any type
of Motion to Dismiss, it would fall under Rule 12; <u>not</u> that it is my responsibility
to teach you the law. In any event, you have already filed approximately six (6)
to eight (8) Motions in Pennsylvania to Dismiss under Rule 12, and therefore, you
are restricted from filing yet another one. *See* F.R.C.P. 12(g)(2). Further, you
have waived all affirmative defenses by your failure to raise them in your
Answer to the Plaintiffs Complaint. *See* F.R.C.P. 12(h)(1)(B)(ii).**

**Your "meet and confer" fails to state what the basis of your "supposed" Motion
to Dismiss is or would be, therefore, I am unable to meet and confer with you on
behalf of my clients regarding your demands. Moreover, neither Plaintiff Lisa
Liberi nor myself are vexatious litigants, any Motion filed claiming this false
statement is frivolous and without merit. I will oppose any filing falsely
asserting my client Lisa Liberi or myself are vexatious litigants.**

**I will also remind you, you yourself have filed numerous documents in the
Pennsylvania Federal Court, which Judge Guilford in California now has,**

**15**

admitting to wrongs against my clients. You even admitted that Plaintiff Liberi has viable claims against you. Not to mention, all of your internet postings on your website, by mass emailing, mass postal mailing and postings all over the World Wide Web, sent out through twitter and Facebook, as well as other social networks, include false statements, false allegations, false recitations of the case, and Plaintiffs private data including your hate speech, inciting of violence against my clients, your cyber-stalking and cyber-bullying of my clients. Your illegal tactics and behaviors have **not** stopped. In fact your most recent inflammatory, deceptive and false postings regarding Mrs. Ostella and Mrs. Liberi were posted by you in an article you entitled, "More Stonewalling and Obstruction of Justice..." on April 8, 2011. Then on April 9, 2011, you posted an open email to Joseph Farah of WND, which you posted on **www.businessinsider.com/c/4da0064bd7c81917080000**, this post has gone out on over 17,000 RSS feeds.

 All of your postings that are degrading, insulting, false allegations, false statements, badgering, cyber-stalking, cyber-bullying and persecuting my clients, Lisa Ostella and Lisa Liberi have continued and are admissible evidence. This is also the reason my clients are suing you. In fact, you still have on "The Betrayal" website at **http://www.oilforimmigration.org/facts/?p=1478** your Dossier No. 6, which contains my client, Lisa Liberi's full Social Security Number, date of birth and other private data, including that of her husband. The Betrayal website is run by your supporter, David Crockett a/k/a David T. Baldursson. You have been put on notice regarding this several times. If this is **not** removed, then I will have **no** other alternative then to seek a Restraining Order against you under CCP 1798, et seq. If the internet postings regarding the Plaintiffs in this case, which under the law are cyber-bullying and cyber-stalking, remain on your website and other websites you have asked to post, then I will also be seeking a TRO and an Order of the Court for the removal of these posts. These posts include but are **not** limited to my client's pictures, addresses, phone numbers, etc., which you do **not** have and never did have authorization to post. These continued postings, distribution of, and inciting is cyber-bullying and cyber-stalking, which you have also been placed on notice of.

You are always welcome to file a counter-suit, however, **not** only are my clients **not** guilty of your allegations, be advised, **not** only have the Statute of Limitations run, I would file an Anti-SLAPP Motion and have your counter-suit dismissed. Thus, I am in disagreement with your threat of a Motion to Dismiss and/or counter-suit and will oppose any such motion or suit, and I will request attorney fees and sanctions.

So there is **no** misunderstanding, you **cannot** contact my clients.

16

**Respectfully,**

**Philip J. Berg, Esquire**
**Law Offices of Philip J. Berg**
**555 Andorra Glen Court, Suite 12**
**Lafayette Hill, PA 19444-2531**
**Ph: (610) 825-3134**
**Fx: (610) 834-7659**
**Email: philjberg@gmail.com**


---------- Forwarded message ----------
From: **Lisa Liberi** <lisaliberi@gmail.com>
Date: Tue, Apr 12, 2011 at 5:45 PM
Subject: Fwd: FW: notification regarding impending motion to dismiss the case in its'entirety and defendats' claim for damages and attorney' fees
To: Phil <philjberg@gmail.com>


---------- Forwarded message ----------
From: **Lisa Ostella** <lisaostella@hotmail.com>
Date: Tue, Apr 12, 2011 at 5:05 PM
Subject: FW: notification regarding impending motion to dismiss the case in its'entirety and defendats' claim for damages and attorney' fees
To: Lisa Liberi <lisaliberi@gmail.com>


Lisa Ostella
Breederville - A Virtual County Fair!
http://breederville.com


Date: Tue, 12 Apr 2011 12:19:08 -0700
Subject: notification regarding impending motion to dismiss the case in its'entirety and defendats' claim for damages and attorney' fees
From: orly.taitz@gmail.com
To:

Meet and confer regarding my impending motion to dismiss and for damages

17

Attention pro se plaintiffs in Liberi v Taitz

This is to inform you that I will be moving US District Court in the Central District of
California to dismiss this case in its' entirety under CA rule 425 as well as seeking classification
of Liberi and Berg as vexatious plaintiffs with all the consequences attached to it.
I will be seeking damages and attorneys' fees from all the plaintiffs in this case as well.
My offer to you, is as follows:  if  you dismiss your case immediately with prejudice,  I agree not
to proceed with my claims for damages, attorneys fees and counter suit, which will include but
not limited to  defamation of my character by all the plaintiffs, libel per se, slander, intentional
infliction of severe emotional distress, diversion of funds from "Defend Our Freedoms"
foundation, conspiracy to divert funds from "Defend Our freedoms" foundation and other related
claims. This offer is valid and open until Friday, April 15, 2011, 9 am PST
Sincerely,

--
Dr Orly TaitzESQ
29839 Santa Margarita pkwy, ste 100
Rancho Santa Margarita, CA 92688
ph 949-683-5411  fax949-766-7603
orlytaitzesq.com

18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "3"



From: Orly Taitz <orly.taitz@gmail.com>
To: lisa ostella <lisaostella@hotmail.com>; Lisa Liberi
<llisaliberi@aol.com>; Lisa Liberi <llisaliberi@gmail.com>
Cc: Philip Berg <philjberg@gmail.com>
Sent: Wed, Apr 13, 2011 10:07 am
Subject: letter to pro se litigants, motion to dismiss and for damages
against Lisa Ostella, Lisa Liberi, Evelyn Adams, Phil Berg, Go Excel Global

Attention Pro se litigants in Liberi v Taitz:

        Lisa Ostella
        Go excel global
        Evelyn Adams (aka Momma E)
        via mail- Route 1, Box 106 BB
        Wynnewood, OK 73098
        Lisa Liberi
cc      Philip J. Berg

Dear pro se litigants Ms. Ostella, Ms Liberi, Ms Adams, Go excel Global
I did not contact any of you, while you were represented in PA by attorney
Berg. Currently you are not represented by an attorney and you filed a
motion in CA as pro se litigants. As such, not only I have a full right to
contact you directly, I have a duty to communicate with you directly
regarding this case.
1. First, I wanted to know whether Mr. Berg put you on notice, that your
status have changed and that he filed a motion (see attached), where Lisa
Ostella and Lisa Liberi are listed as pro se litigants(not represented by an
attorney)? Are you aware that a motion was filed in court with you as a pro
se litigant and without your signature?
2. did you sign a consent to proceed in this action as a pro se litigant?
3. Did Mr. Berg put you on notice, that just last month the same judge, Hon
Andrew Guilford denied Mr. Berg's application to represent a client in his
court pro hac vice (as an out of state attorney associated with a in state
attorney). In that case there was an in state attorney, and in spite of
that, Judge Guilford denied Berg's application to represent a client in his
court. In this case there is no in state attorney and there is no way for judge
Guilford to authorize Berg's application without in state attorney and with
Disciplinary procedings going on against Philip Berg at the disciplinary
Board of the Supreme Court of PA.
4. Are you aware, that early on, at the onset of the case, after the hearing
on June 25, 2009, I met with Mr. Berg and offered him not to file any legal

actions against you and not to seek attorneys fees and damages against you, if he dismisses this case with prejudice? Are you aware that nearly 2 years ago there was an offer on the table for you to dismiss this case with prejudice and for me not to seek damages against and not to proceed in any actions against you?

In conclusion, as you are listed as a pro se litigants in this case according to the latest filing, I have to communicate with you directly. As I have stated previously, I am intending to file a motion to dismiss this case in its'entirety. As Judge Robreno transferred the case to CA, he was not willing to rule on any issues. The Court of Appeals ruled that they did not have jurisdiction to rule on pending motions and those need to be brought in the transferee court. State of CA allows for additional causes of action to dismiss a frivolous case, brought to silence whistleblowers. I intend to file a motion to dismiss and to seek damages and attorneys fees. Additionally, I have valid causes of action against you for defamation of my character, slander, intentional infliction of severe emotional distress and diversion of funds from Defend Our Freedoms foundation.
As I am busy with a number of very important legal actions in different courts I will be willing not to proceed against you, if you dismiss this case in its' enirety with prejudice and I do not need to waste more time on this. This offer is open until Friday, April 15, 9am. If you have any questions, as a pro se litigant, you can contact me directly at 949-683-5411 or at orly.taitz@gmail.com
sincerely
Dr. Orly Taitz, ESQ

--
Dr Orly TaitzESQ
29839 Santa Margarita pkwy, ste 100
Rancho Santa Margarita, CA 92688
ph 949-683-5411  fax949-766-7603
orlytaitzesq.com

22

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "4"

LAW OFFICES OF
**PHILIP J. BERG**

555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531

PHILIP J. BERG
CATHERINE R. BARONE
BARBARA MAY

(610) 825-3134

FAX   (610) 834-7659

NORMAN B. BERG, Paralegal [Deceased]

E-Mail: philjberg@gmail.com

April 11, 2011

Orly Taitz
29839 Santa Margarita Parkway
Suite 100
Rancho Santa Margarita, CA 92688
Email:  orly.taitz@gmail.com and
         dr_taitz@yahoo.com

Re:     ***Liberi, et al v. Taitz, et al***, Case No. 8:11-cv-00485-AG (AJW)

Dear Ms. Taitz:

I am in receipt of the emails you have once again sent to my clients, Lisa Liberi and Lisa Ostella.  This continued contact with my clients, after I specifically told you I represent them and you are **not** to contact them, constitutes harassment and communications for an unfair advantage in the case.

As for your statements regarding the comment on the Response in Opposition to your Motion to Terminate me as Plaintiff's counsel, Lisa Liberi and Lisa Ostella stated, "*Plaintiffs in pro se pending Mr. Berg's Pro Hac Vice Admission*".  Contrary to your beliefs, that statement was **not** placing my clients in *pro se*, as demonstrated by the fact they have **not** filed a Substitution of Counsel.  This statement was due to the fact, I am **not** admitted *Pro Hac Vice* in Judge Guilford's Court as of the date of filing, and therefore, they were informing the Judge that they were in *pro se* in his particular Court until and only until my admission *Pro Hac Vice would be granted*.  This was also proven by the fact that Plaintiffs Lisa Liberi and Lisa Ostella have their contact details in care of me, their attorney.  Further, as the Court record reflects, as of this date I am still the Attorney of Record.

As a California Licensed Attorney, you are required to be familiar with the Rules of Professional Conduct.  In particular,

Rule 2-100 states: "[A] member shall not communicate directly or indirectly about the subject of the representation with a party the member knows to be represented by another lawyer in the matter, unless the member has the consent of the other lawyer."

Section 284 provides that a party may change her attorney at any time.  Its companion provision, Section 285, states: "When an attorney is changed, as provided in [section 284], written notice of the change and of the substitution of a new attorney, or of the appearance of

Orly Taitz                                                                                    April 13, 2011
Page Two of Five

the party in person, must be given to the adverse party. Until then counsel must recognize the former attorney."

The purpose of these California statutes is to have the record of representation clear so the parties may be certain with whom they are authorized to deal. (_People v. Metrim Corp._ (1960) 187 Cal.App.2d 289, 294.) _See_ also § 285; _Epley v. Califro_ (1958) 49 Cal.2d 849, 854 [written notice of substitution of new attorney must be given to adverse party; until then, the attorney of record must be recognized as his client's exclusive representative]; _Sherman v. Panno_ (1954) 129 Cal.App.2d 375, 379 ["We believe the clear intention of the Legislature, as expressed in section 285 . . . is that the plaintiffs' attorneys were bound by law to recognize defendants' former attorney of record _until they received written notice of a substitution of attorneys_"].)

There are numerous cases which address this issue. In _Abeles v. State Bar_ (1973) 9 Cal.3d 603, an attorney was disciplined for communicating with an opposing party even though the record showed that pleadings had been filed on the party's behalf by a law firm. The Court concluded: "In view of the purposes of the rule we believe that 'a party represented by counsel' includes a party who has counsel of record whether or not that counsel was in fact authorized to act for the party." (_Id._ at p. 609; _See_ also _Jackson v. Ingersoll-Rand Co._ (1996) 42 Cal.App.4th 1163, 1168 [a party had a "counsel of record" when the attorney's name appeared on a pleading filed on the party's behalf].)

Rule 2-100 is intended to preserve the attorney-client relationship. (_Myerchin v. Family Benefits, Inc._ (2008) 162 Cal.App.4th 1526, 1537; _Jackson v. Ingersoll-Rand Co., supra_, 42 Cal.App.4th 1163, 1167.) The preservation of the attorney-client relationship in such a circumstance is achieved by the _pro se_ declining to speak with the adversary or referring him to associated counsel should she wish to do so.

**My clients do not want you contacting them, and I am again stating to you, that you are not to contact my clients.** Otherwise, we will be forced to file an Ex Parte Motion with Judge Guilford requesting an Order preventing you from contacting my clients, and if he feels it necessary, submit it to the State Bar of California for your violations of the Rules of Professional Conduct. As the Courts in California have held: "The court's goal is not to impose a _penalty_, as the propriety of punishment for violation of the Rules of Professional Conduct is a matter within the purview of the State Bar, not of a court presiding over the affected case. (_See_ Bus. & Prof. Code, § 6077; _Noble v. Sears Roebuck & Co._ (1973) 33 Cal.App.3d 654, 658-659.) Instead, what the Court must do is focus on identifying an appropriate remedy for whatever _improper effect_ the attorney's misconduct may have had in the case before it." (_Myerchin v. Family Benefits, Inc._, _supra_, 162 Cal.App.4th 1527, 1538.)

My clients, Lisa Liberi and Lisa Ostella will **not** dismiss the pending case against you and reject your demands. However, if you are seeking a settlement in this case, my clients would be willing to settle the within case pertaining to you and your corporation, Defend our Freedoms Foundations, Inc. on the following Grounds:

Orly Taitz                                                              April 13, 2011
Page Three of Five

## LISA LIBERI and LISA OSTELLA HAVE AUTHORIZED ME TO SETTLE THE WITHIN CASE AGAINST YOU, ORLY TAITZ and DEFEND OUR FREEDOMS FOUNDATIONS, INC. ON THE FOLLOWING GROUNDS:

Both Lisa Liberi and Lisa Ostella have agreed to the following proposed settlement:

a.  Mrs. Liberi and Mrs. Ostella will **not** oppose a confidential settlement;

b.  You agree to remove all your postings and postings caused by your actions (doxing)[1] pertaining to Mrs. Liberi and Mrs. Ostella, including writings, pictures, home address, private identifying information, e.g. Social Security numbers, dates of birth, mother's maiden name, father's name, place of birth, credit data, etc. pertaining to both Mrs. Liberi and Mrs. Ostella, their children, their husband's, their mother's and father's from your website, including but **not** limited to:

 i.   all static and dynamic websites and blogs located nationally and Internationally;
 ii.  any and all social networks, including but **not** limited to Facebook, twitter and any other social networks located nationally and internationally;
 iii. any and all radio shows, including but **not** limited to Internet, blog broadcasts, satellite, AM/FM Radio Stations and blog talk networks located nationally and internationally;
 iv.  All YouTube channels, video channel's and televised shows, including nationally and internationally; and
 v.   All Internet search engines and databases, including but **not** limited to Google, Yahoo, AOL, Bing, AltaVista, Lycos, Dogpile, waybackmachine, 123 people, MetaCrawler, Google Images, Infoseek, Infospace, IXQuick.com, etc.

c.  A complete retraction of all false statements published by you and which you caused to be published pertaining to Mrs. Liberi, Mrs. Ostella, their children, husbands and parents.

d.  An Order enjoining you from any further publications, internet postings, blog postings, radio shows, etc. mentioning Mrs. Liberi, Mrs. Ostella and/or any of their family members name.

---

[1]Doxing is the term used for the process of gathering personal information on a victim/target. This commonly takes place over the internet; however, the internet is **not** the only way it takes place. There are many methods of doxing, and various tools used.

Orly Taitz                                                                    April 13, 2011
Page Four of Five

    e.  An Order from the Court that all third party static and dynamic websites, blogs, social networks, radio stations, YouTube channels and video channels, as outlined above are to immediately remove and delete your publications and postings regarding Mrs. Liberi, Mrs. Ostella, their children, husband's and parents, including http://lisaliberi.com.

    f.  You agree to leave Mrs. Liberi, Mrs. Ostella, their families, and friends alone.  You also agree you will **not** have any third parties contacting Mrs. Liberi, Mrs. Ostella, their families and/or their friends.

    g.  Monetary Damages as outlined below.

### g. Monetary Damages

    In addition to the above, as settlement for the damages Lisa Liberi and Lisa Ostella have suffered, including but **not** limited to: Invasion of Privacy; Intrusion of Plaintiffs Solitude and Seclusion; Placing Plaintiffs in a False Light before the Public; Appropriation of Plaintiffs name, picture and alike; Cyber-stalking; Stalking; Cyber-bullying; Harassment; Filing of false criminal reports; Defamation, Slander, Libel and violation of *Cal. Civ. P.* 1798, et seq. for the illegal background checks, including but **not** limited to primary identification documents, insurance, medical, Sealed Court case information, illegal access to Plaintiffs credit reports, malicious prosecution, cyber-stalking, stalking, contacting and harassing individuals Plaintiffs have known; and for the illegal distribution of Liberi's full Social Security number, date of birth, mother's maiden name, place of birth, spouses name, spouses Social Security number, spouses date of birth and other extremely private information,  as well as private data pertaining to Lisa Ostella, Plaintiffs are willing to settle for:

    1.  **Lisa Liberi** – Twenty-Five Million U.S. [$25,000,000.00] Dollars to be paid by certified funds or wire to Lisa Liberi's counsel, Philip J. Berg, Esquire, within fourteen (14) days of the signed settlement agreement; and

    2.  **Lisa Ostella** – Twenty Million U.S. [$20,000,000.00] Dollars to be paid by certified funds or wire to Lisa Ostella's counsel, Philip J. Berg, Esquire, within fourteen (14) days of the signed settlement agreement.

    Upon your Agreement to the Settlement outlined herein, Plaintiffs Lisa Liberi and Lisa Ostella agree to Dismiss with Prejudice the within action against you, Orly Taitz and Defend our Freedoms Foundations, Inc.  The above settlement amounts are more than reasonable as they are far less than the statute allows and far less then what is plead in Plaintiffs Complaint.  Please keep in mind, just for one cause of action alone, *Cal. Civ. P.* 1798, et seq. calls for a Statutory Penalty in the amount of Three Thousand [$3,000.00] Dollars for every individual the Plaintiffs private data was sent to, including but not limited to internet postings, postal mail, mass emailing, republication of internet postings, hand delivery, etc. which is in excess of a million individuals and therefore caries a statutory penalty of Three Billion [$3 Billion] Dollars.  Therefore, the amount requested to settle the claims against you, is far less then what the statute allows.  Further, **if settlement can be reached,** Plaintiffs will **not** seek

Orly Taitz                                                      April 13, 2011
Page Five of Five


Attorney Fees, punitive damages, interest, statutory penalties, and/or actual costs of suit herein from you, Orly Taitz and/or Defend our Freedoms Foundations, Inc.

You have until the close of business day on Wednesday, April 20, 2011 to counter the offer; accept or decline the offer in its entirety.

Respectfully,

Philip J. Berg

PJB:jb
Enclosures

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "5"

From: **Philip Berg** <philjberg@gmail.com>
Date: Thu, Apr 28, 2011 at 1:38 AM
Subject: Liberi, et al v. Taitz, et al, Case No. 8:11-cv-00485-AG
To: Orly Taitz <orly.taitz@gmail.com>, Orly Taitz <dr_taitz@yahoo.com>, Neil Sankey <nsankey@thesankeyfirm.com>, todd@thesankeyfirm.com


**April 27, 2011**

**Orly Taitz**
**Defend our Freedoms Foundations, Inc.**
29839 Santa Margarita Pkwy, Ste 100
Rancho Santa Margarita CA, 92688
**Fax:  (949) 586-2082; and**
**Fax:  (949) 766-7603**
**Email:  orly.taitz@gmail.com and**
**Email:  dr_taitz@yahoo.com**
**Served via Email; and Fax**
*Attorney in Pro Se and Counsel for Defend our Freedoms Foundations, Inc.*

**The Sankey Firm, Inc.**
**2470 Stearns Street #162**
**Simi Valley, CA 93063**
**FAX: (805) 520 5804**
**Email:  todd@thesankeyfirm.com**
**By Email and Fax**
*Defendant in Pro Se*

**Neil Sankey**
**Sankey Investigations, Inc.**
**P.O. Box 8298**
**Mission Hills, CA 91346**
**FAX: (805) 520 5804**
**Email:  nsankey@thesankeyfirm.com**
**By Email and Fax**
*Defendants in Pro Se*

   Re:  *Liberi, et al v. Taitz, et al,* Case No. 8:11-cv-00485 AG (AJW)

**Dear Defendants and Counsel of Record,**

       This email and faxed letter are a Meet and Confer, pursuant to the Court's L.R. 7-3; and 7-19 regarding Plaintiffs intent to File an Ex Parte Application for an Order on Plaintiffs Motion for Leave to File their First Amended Complaint; and for an

Order from the Court that <u>no</u> Motions are to be filed without the party first seeking Leave of Court.

As you are aware, the case was transferred from Pennsylvania, and therefore Plaintiffs Complaint is <u>not</u> compliant with the California Standards and therefore, needs to be Amended as to such. Furthermore, Plaintiffs have identified "Doe" Defendants; and have additional causes of action to file for "Malicious Prosecution" and "Abuse of Process" for Defendants Malicious Prosecution of Plaintiff Liberi.

If I do <u>not</u> hear from you by the end of day Friday, April 29, 2011, Plaintiffs will file their Ex Parte Application for an Order on their Motion for Leave to File a First Amended Complaint and an Order that <u>no</u> Motions can be filed by any party without first seeking Leave of Court. Consecutively, Plaintiffs will file their Motion for Leave to file a First Amended Complaint; and Plaintiffs request that the Court to issue an Order that <u>no</u> parties may file any Motions without Leave of Court.

In the alternative, if the Court feels a Hearing is necessary, Plaintiffs are seeking any Response thereto by the Defendants must be Filed on or before Wednesday, May 4, 2011; and any Replies thereto by the Plaintiffs must be filed on or before May 6, 2011. The Request is that time be shortened to have the matter heard on May 9, 2011 along with Defendant Taitz's Motion to "Terminate" the under signed from representing the Plaintiffs.

Please understand, once the Court grants Plaintiffs Leave to File their First Amended Complaint, Defendant Taitz's Motion to Dismiss pursuant to Anti-SLAPP and Fed. R. Civ. P. 12(b)(1) and 12(b)(6) becomes moot.

Please do <u>not</u> hesitate contacting me on my office line at (610) 825-3134; or on my cell at (610) 662-3005. I need to know your position before Friday at 3:00 p.m. EST.

I look forward to hearing from you.

Thank you.

Respectfully,

Philip J. Berg, Esquire

Ph: (610) 825-3134

Cell: (610) 662-3005

Email: philjberg@gmail.com

31

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "6"

Law Offices of Philip J. Berg
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Ph: (610) 825-3134
Fx: (610) 834-7659

# *urgent*

f a c s i m i l e

| | |
|---|---|
| *To:* | **Orly Taitz** |
| *Fax Number:* | 19497667603 |
| | |
| *From:* | **Philip J. Berg, Esquire** |
| *Fax Number:* | (610) 834-7659 |
| *Business Phone:* | (610) 825-3134 |
| *Home Phone:* | |
| | |
| *Pages:* | 3 |
| *Date/Time:* | 4/27/2011 11:26:33 PM |
| *Subject:* | Liberi, et al v. Taitz, et al, Case No. 8:11-cv-00485-AG |

Please find attached hereto Plaintiffs Ex Parte Meet and Confer.

Thank you.

33

LAW OFFICES OF
**PHILIP J. BERG** ────────────────────────

555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531

PHILIP J. BERG
CATHERINE R. BARONE
BARBARA MAY

(610) 825-3134

FAX  (610) 834-7659

NORMAN B. BERG, Paralegal [Deceased]

E-Mail: philjberg@gmail.com

April 27, 2011

Orly Taitz
Defend our Freedoms Foundations, Inc.
29839 Santa Margarita Pkwy, Ste 100,
Rancho Santa Margarita CA, 92688
Fax:  (949) 586-2082; and
Fax:  (949) 766-7603
Email:  orly.taitz@gmail.com and
Email:  dr_taitz@yahoo.com
Served via Email; and Fax
*Attorney in Pro Se and Counsel for Defend our Freedoms Foundations, Inc.*

The Sankey Firm, Inc.
2470 Stearns Street #162
Simi Valley, CA 93063
FAX: (805) 520 5804
Email:  todd@thesankeyfirm.com
By Email and Fax
*Defendant in Pro Se*

Neil Sankey
Sankey Investigations, Inc.
P.O. Box 8298
Mission Hills, CA 91346
FAX: (805) 520 5804
Email:  nsankey@thesankeyfirm.com
By Email and Fax
*Defendants in Pro Se*

Re:  **Liberi, et al v. Taitz, et al, Case No. 8:11-cv-00485 AG (AJW)**

34

Dear Defendants and Counsel of Record,

This email and faxed letter are a Meet and Confer, pursuant to the Court's L.R. 7-3; and 7-19 regarding Plaintiffs intent to File an Ex Parte Application for an Order on Plaintiffs Motion for Leave to File their First Amended Complaint; and for an Order from the Court that **no** Motions are to be filed without the party first seeking Leave of Court.

As you are aware, the case was transferred from Pennsylvania, and therefore Plaintiffs Complaint is **not** compliant with the California Standards and therefore, needs to be Amended as to such. Furthermore, Plaintiffs have identified "Doe" Defendants; and have additional causes of action to file for "Malicious Prosecution" and "Abuse of Process" for Defendants Malicious Prosecution of Plaintiff Liberi.

If I do **not** hear from you by the end of day Friday, April 29, 2011, Plaintiffs will file their Ex Parte Application for an Order on their Motion for Leave to File a First Amended Complaint and an Order that **no** Motions can be filed by any party without first seeking Leave of Court. Consecutively, Plaintiffs will file their Motion for Leave to file a First Amended Complaint; and Plaintiffs request that the Court to issue an Order that **no** parties may file any Motions without Leave of Court.

In the alternative, if the Court feels a Hearing is necessary, Plaintiffs are seeking any Response thereto by the Defendants must be Filed on or before Wednesday, May 4, 2011; and any Replies thereto by the Plaintiffs must be filed on or before May 6, 2011. The Request is that time be shortened to have the matter heard on May 9, 2011 along with Defendant Taitz's Motion to "Terminate" the under signed from representing the Plaintiffs.

Please understand, once the Court grants Plaintiffs Leave to File their First Amended Complaint, Defendant Taitz's Motion to Dismiss pursuant to Anti-SLAPP and Fed. R. Civ. P. 12(b)(1) and 12(b)(6) becomes moot.

Please do **not** hesitate contacting me on my office line at (610) 825-3134; or on my cell at (610) 662-3005. I need to know your position before Friday at 3:00 p.m. EST.

I look forward to hearing from you.

Thank you.

Respectfully,

*Philip J. Berg*

Philip J. Berg

PJB:jb

Law Offices of Philip J. Berg
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Ph: (610) 825-3134
Fx: (610) 834-7659

# *urgent*

f a c s i m i l e

| | |
|---|---|
| *To:* | **Todd Sankey - The Sankey Firm, Inc.** |
| *Fax Number:* | 18055205804 |

| | |
|---|---|
| *From:* | **Philip J. Berg, Esquire** |
| *Fax Number:* | (610) 834-7659 |
| *Business Phone:* | (610) 825-3134 |
| *Home Phone:* | |

| | |
|---|---|
| *Pages:* | 3 |
| *Date/Time:* | 4/27/2011 11:29:26 PM |
| *Subject:* | Liberi, et al. v. Taitz, et al, Case No. 8:11-cv-00485-AG |

Please find attached hereto Plaintiffs Ex Parte Meet and Confer.

Thank you.

36

LAW OFFICES OF
**PHILIP J. BERG**

555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531

PHILIP J. BERG
CATHERINE R. BARONE
BARBARA MAY

(610) 825-3134

FAX  (610) 834-7659

NORMAN B. BERG, Paralegal [Deceased]

E-Mail: philjberg@gmail.com

April 27, 2011

Orly Taitz
Defend our Freedoms Foundations, Inc.
29839 Santa Margarita Pkwy, Ste 100,
Rancho Santa Margarita CA, 92688
Fax:  (949) 586-2082; and
Fax:  (949) 766-7603
Email:  orly.taitz@gmail.com and
Email:  dr_taitz@yahoo.com
Served via Email; and Fax
*Attorney in Pro Se and Counsel for Defend our Freedoms Foundations, Inc.*

The Sankey Firm, Inc.
2470 Stearns Street #162
Simi Valley, CA 93063
FAX: (805) 520 5804
Email:  todd@thesankeyfirm.com
By Email and Fax
*Defendant in Pro Se*

Neil Sankey
Sankey Investigations, Inc.
P.O. Box 8298
Mission Hills, CA 91346
FAX: (805) 520 5804
Email:  nsankey@thesankeyfirm.com
By Email and Fax
*Defendants in Pro Se*

Re:  **Liberi, et al v. Taitz, et al, Case No. 8:11-cv-00485 AG (AJW)**

Dear Defendants and Counsel of Record,

This email and faxed letter are a Meet and Confer, pursuant to the Court's L.R. 7-3; and 7-19 regarding Plaintiffs intent to File an Ex Parte Application for an Order on Plaintiffs Motion for Leave to File their First Amended Complaint; and for an Order from the Court that **no** Motions are to be filed without the party first seeking Leave of Court.

As you are aware, the case was transferred from Pennsylvania, and therefore Plaintiffs Complaint is **not** compliant with the California Standards and therefore, needs to be Amended as to such. Furthermore, Plaintiffs have identified "Doe" Defendants; and have additional causes of action to file for "Malicious Prosecution" and "Abuse of Process" for Defendants Malicious Prosecution of Plaintiff Liberi.

If I do **not** hear from you by the end of day Friday, April 29, 2011, Plaintiffs will file their Ex Parte Application for an Order on their Motion for Leave to File a First Amended Complaint and an Order that **no** Motions can be filed by any party without first seeking Leave of Court. Consecutively, Plaintiffs will file their Motion for Leave to file a First Amended Complaint; and Plaintiffs request that the Court to issue an Order that **no** parties may file any Motions without Leave of Court.

In the alternative, if the Court feels a Hearing is necessary, Plaintiffs are seeking any Response thereto by the Defendants must be Filed on or before Wednesday, May 4, 2011; and any Replies thereto by the Plaintiffs must be filed on or before May 6, 2011. The Request is that time be shortened to have the matter heard on May 9, 2011 along with Defendant Taitz's Motion to "Terminate" the under signed from representing the Plaintiffs.

Please understand, once the Court grants Plaintiffs Leave to File their First Amended Complaint, Defendant Taitz's Motion to Dismiss pursuant to Anti-SLAPP and Fed. R. Civ. P. 12(b)(1) and 12(b)(6) becomes moot.

Please do **not** hesitate contacting me on my office line at (610) 825-3134; or on my cell at (610) 662-3005. I need to know your position before Friday at 3:00 p.m. EST.

I look forward to hearing from you.

Thank you.

Respectfully,

Philip J. Berg

PJB:jb

Law Offices of Philip J. Berg
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Ph:  (610) 825-3134
Fx:  (610) 834-7659

# *urgent*

f a c s i m i l e

| | |
|---|---|
| *To:* | **Neil Sankey and Sankey Investigations, Inc.** |
| *Fax Number:* | 18055205804 |
| | |
| *From:* | **Philip J. Berg, Esquire** |
| *Fax Number:* | (610) 834-7659 |
| *Business Phone:* | (610) 825-3134 |
| *Home Phone:* | |
| | |
| *Pages:* | 3 |
| *Date/Time:* | 4/27/2011 11:31:38 PM |
| *Subject:* | Liberi, et al v. Taitz, et al, Case No. 8:11-cv-00485-AG |

Please find attached hereto Plaintiffs Ex Parte Meet and Confer.

Thank you.

39

4/27/2011 11:31 PM FROM: (610) 834-7659 TO: 18055205804 PAGE: 002 OF 003

LAW OFFICES OF
**PHILIP J. BERG** ━━━━━━━━━━━━━━━

PHILIP J. BERG
CATHERINE R. BARONE
BARBARA MAY

NORMAN B. BERG, Paralegal [Deceased]

555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531

━━━━━━━━━━

(610) 825-3134

FAX  (610) 834-7659

E-Mail: philjberg@gmail.com

April 27, 2011

Orly Taitz
Defend our Freedoms Foundations, Inc.
29839 Santa Margarita Pkwy, Ste 100,
Rancho Santa Margarita CA, 92688
Fax:  (949) 586-2082; and
Fax:  (949) 766-7603
Email:  orly.taitz@gmail.com and
Email:  dr_taitz@yahoo.com
Served via Email; and Fax
*Attorney in Pro Se and Counsel for Defend our Freedoms Foundations, Inc.*

The Sankey Firm, Inc.
2470 Stearns Street #162
Simi Valley, CA 93063
FAX: (805) 520 5804
Email:  todd@thesankeyfirm.com
By Email and Fax
*Defendant in Pro Se*

Neil Sankey
Sankey Investigations, Inc.
P.O. Box 8298
Mission Hills, CA 91346
FAX: (805) 520 5804
Email:  nsankey@thesankeyfirm.com
By Email and Fax
*Defendants in Pro Se*

Re:  **Liberi, et al v. Taitz, et al, Case No. 8:11-cv-00485 AG (AJW)**

Dear Defendants and Counsel of Record,

This email and faxed letter are a Meet and Confer, pursuant to the Court's L.R. 7-3; and 7-19 regarding Plaintiffs intent to File an Ex Parte Application for an Order on Plaintiffs Motion for Leave to File their First Amended Complaint; and for an Order from the Court that **no** Motions are to be filed without the party first seeking Leave of Court.

As you are aware, the case was transferred from Pennsylvania, and therefore Plaintiffs Complaint is **not** compliant with the California Standards and therefore, needs to be Amended as to such. Furthermore, Plaintiffs have identified "Doe" Defendants; and have additional causes of action to file for "Malicious Prosecution" and "Abuse of Process" for Defendants Malicious Prosecution of Plaintiff Liberi.

If I do **not** hear from you by the end of day Friday, April 29, 2011, Plaintiffs will file their Ex Parte Application for an Order on their Motion for Leave to File a First Amended Complaint and an Order that **no** Motions can be filed by any party without first seeking Leave of Court. Consecutively, Plaintiffs will file their Motion for Leave to file a First Amended Complaint; and Plaintiffs request that the Court to issue an Order that **no** parties may file any Motions without Leave of Court.

In the alternative, if the Court feels a Hearing is necessary, Plaintiffs are seeking any Response thereto by the Defendants must be Filed on or before Wednesday, May 4, 2011; and any Replies thereto by the Plaintiffs must be filed on or before May 6, 2011. The Request is that time be shortened to have the matter heard on May 9, 2011 along with Defendant Taitz's Motion to "Terminate" the under signed from representing the Plaintiffs.

Please understand, once the Court grants Plaintiffs Leave to File their First Amended Complaint, Defendant Taitz's Motion to Dismiss pursuant to Anti-SLAPP and Fed. R. Civ. P. 12(b)(1) and 12(b)(6) becomes moot.

Please do **not** hesitate contacting me on my office line at (610) 825-3134; or on my cell at (610) 662-3005. I need to know your position before Friday at 3:00 p.m. EST.

I look forward to hearing from you.

Thank you.

Respectfully,

*Philip J. Berg*

Philip J. Berg

PJB:jb

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# EXHIBIT "7"

28

From: **Todd** <todd@privateinvestigation.com>
Date: Thu, Apr 28, 2011 at 1:38 AM
Subject: Out of office.
To: philjberg@gmail.com


I will be out of the office until May 2nd and will have

limited access to email. If you need assistance before then

please contact Neil at nsankey@thesankeyfirm.com or Giles

at gs@thesankeyfirm.com. Thank you.

43

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "8"

From: Orly Taitz <orly.taitz@gmail.com>
To: Philip Berg <philjberg@gmail.com>; Lisa Liberi <llisaliberi@aol.com>; lisa ostella <lisaostella@hotmail.com>
Sent: Thu, Apr 28, 2011 4:33 pm

Mr. Berg

please, be advsed, that you are engaged in practice of law without a license, which is a felony.

You were not granted a pro hac vice to represent Liberi or anyone else.

Your proposed ex parte is totally frivolous and will be opposed. I will be adding my attorney's fees as further damages against you and your co-plaintiffs Liberi, Ostella and Adams, for preparing such opposition to the high attorney's fees already incurred in defending your totally frivolous legal action, brought with an only goal of harassment and infliction of severe emotional distress.

I am reporting to the Disciplinary board of the Pennsylvania Supreme Court your representation of clients in California without a license and without pro hac vice, particularly after Judge Guilford expressly denied your pro hac vice in a different case.

--

Dr Orly TaitzESQ
29839 Santa Margarita pkwy, ste 100
Rancho Santa Margarita, CA 92688
ph 949-683-5411  fax949-766-7603
orlytaitzesq.com

45