Philip J. Berg, Esquire
Pennsylvania I.D. 9867
LAW OFFICES OF PHILIP J. BERG
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Telephone: (610) 825-3134
E-mail: philjberg@gmail.com         *Attorney in pro se and for Plaintiffs*

Lisa Ostella and
Go Excel Global, Plaintiffs
c/o Philip J. Berg, Esquire
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531

Lisa Liberi, Plaintiff
c/o Philip J. Berg, Esquire
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA,
# SOUTHERN DIVISION

| | |
|---|---|
| LISA LIBERI, et al, | CIVIL ACTION NUMBER: |
| Plaintiffs, | **8:11-cv-00485-AG (AJW)** |
| vs. | |
| ORLY TAITZ, et al, | **PLAINTIFFS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT; and FOR AN ORDER REQUIRING THE PARTIES TO SEEK LEAVE OF COURT PRIOR TO THE FILING OF ANY MOTIONS or PAPERS** |
| Defendants. | |
| | Date of Hearing: May 31, 2011 |
| | Time of Hearing: 10:00 a.m. |
| | Location: Courtroom 10D |

**PLAINTIFFS MEMORANDUM OF POINTS and AUTHORITIES IN SUPPORT OF THEIR MOTION**

### I. INTRODUCTION

1. This is an Action based on full Diversity Jurisdiction for preliminary and permanent injunctive relief and damages for the Defendants illegal conduct, which includes Invasion of Privacy; Invasion of Plaintiffs Solitude; Publication of Private Facts; Placing Plaintiffs in a False Light; Cyber-Stalking; Cyber-Harassment; Cyber-Bullying; Slander; Libel; Defamation; Intentional Infliction of Emotional Distress; Violations of *Cal. Civ. Code* 1798.53 and 1798.85; and now Malicious Prosecution and Abuse of Process. Plaintiffs have been severely damaged as a result of Defendants egregious, malicious conduct.

### II. LEAVE SHOULD BE GRANTED ALLOWING PLAINTIFFS TO AMEND THEIR COMPLAINT

**A. Leave is Freely Granted**.

2. Federal Rule of Civil Procedure 15(a)(2) allows the Court to Grant Leave to Plaintiffs allowing Plaintiffs to file a First Amended Complaint. As this Court is aware, the Court should freely give Leave to Plaintiffs to file a First Amended Complaint when justice so requires. *See Fed. R. Civ. P*. 15(a)(2). The United States Supreme Court, the Ninth Circuit, and this Court have repeatedly reaffirmed that leave to amend is to be granted with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted);

*See, e.g., Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) (leave to amend should be freely given); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend.") (emphasis in original); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (courts should be guided by policy favoring decisions on the merits "rather than on the pleadings or technicalities"); *See also* Moore, *3-15 Moore's Federal Practice - Civil* § 15.14 ("A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)."). The primary factors relied upon by the Supreme Court and the Ninth Circuit in denying a motion for leave to amend are "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *DCD Programs*, 833 F.2d at 186. None of these factors are present here.

**B. Amendment Should Be Permitted**

3. Plaintiffs originally filed suit on May 4, 2009 in the U.S. District Court, Eastern District of Pennsylvania. Defendants moved to have the case transferred to this District, which Plaintiffs conceded to and filed their own Motoin for the transfer. The case has since been transferred to this Court, where all the

Defendants are located.  None of the Plaintiffs reside in the State of California.  Therefore, Plaintiffs Complaint is **not** compliant with the California laws.

4. Moreover, Plaintiffs now have the names of other Defendants and therefore must amend to replace Doe Defendants with the names of the actual parties.  Further, new causes of action have arisen, in particular Malicious Prosecution and Abuse of Process by Defendant Orly Taitz filing of an Emergency Motion for the Revocation of Probation against Liberi, based on false and manufactured allegations and accusations.  At all times, Taitz was fully aware her allegations and accusations against Liberi were false.  Taitz filed her Motion on March 8, 2011 with the San Bernardino County Superior Court, Rancho Cucamonga Division in Case FWV-028000.  Therefore, Plaintiffs must Amend their Complaint to include these causes of Action.

5. In addition, on April 25, 2011, Taitz has filed another Motion to Dismiss this Case pursuant to Anti-SLAPP and Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  This Hearing date has been set for May 23, 2011 before this Court.  Although Taitz has filed a previous Anti SLAPP Motion and numerous Rule 12 Motions, which have all been litigated and adjudicated, even though the repeated filing are inappropriate and incompliant with the *Fed. R. of Civ. P.*  Moreover, the Scheduling Conference has been set in this Case for June 6, 2011.

6.    On April 28, 2011, the Court entered a notice of deficiency as to Orly Taitz's filing on April 25, 2011.  Taitz continually refuses to follow this Court's Rules and the *Fed. R. of Civ. P.*  Taitz Motion was over the length allowed; Taitz single spaced paragraphs in her Motion to utilize less paper, instead of the required double space pursuant to the rules; Taitz did **not** give enough notice of the hearing; and Taitz failed to number her paragraphs.  Taitz will continue filing, setting hearings, which is a waste of judicial resource and extremely prejudicial to the Plaintiffs, as Plaintiffs will **not** be able to afford to continue their litigation, thereby being deprived of their right to cost efficient litigation and redress.

7.    As this Court is aware, the filing of an Amended Complaint moots any pending Motions to Dismiss, including Anti-SLAPP Motions.  There is **no** reason to have a Hearing on May 23, 2011 and another hearing on May 31, 2011, a week apart, if this Court is inclined to grant Plaintiffs Motion and allow them to file their First Amended Complaint.  Further, there would be **no** need for the Plaintiffs to Respond to Defendant Taitz's Motion to Dismiss and/or Anti-SLAPP Motion as it will be deemed moot.  Not that Mr. Berg minds appearing before Your Honor, there is simply **no** reason to have Mr. Berg fly in every week, when it is more cost efficient to have Plaintiffs Motion for Leave to Amend their Complaint heard on the 9th of May at the same time as Defendants Motion, if the Court feels a Hearing is necessary.

8.  Not only are Plaintiffs required to file a Response to Taitz April 25, 2011 filing, the travel expenses alone are extremely expensive and it takes Counsel away from his Office for several days at a time for a Hearing on Defendant Taitz's Motion to Dismiss, which will be deemed moot, once Leave is Granted for Plaintiffs to file their First Amended Complaint.  Further, Plaintiffs cannot afford to pay for constant California trips.  There is **no** question in the Plaintiffs minds that once Plaintiffs are Granted Leave to File, and actually file their First Amended Complaint, Defendant Taitz will bring forth yet another Motion to Dismiss, which will require another Hearing.

9.  Amendment should be permitted here because this case is at an early stage, Plaintiffs are acting in good faith and have **not** delayed in seeking the amendment, and Defendants will **not** be prejudiced by allowing Plaintiffs to Amend.  However, if Plaintiffs are denied they will be severely prejudiced.

10.  For the reasons stated herein, Plaintiffs respectfully request this Court to Grant their Motion and allow them to file their First Amended Complaint within twenty-one [21] days of the Court's Order.

**II.  IT IS IMPERATIVE THAT THIS COURT ISSUE AN ORDER THAT PARTIES MUST SEEK LEAVE PRIOR TO FILING ANY MOTIONS**

11.  As for Plaintiffs Request for an Order that all parties are to seek Leave of Court prior to the filing of any Motions, as this Court can see from the Docket

Defendant Taitz has a bad habit of filing Motions after Motions after Motions which do **not** have any Merit.  Plaintiffs are then forced to respond to the filings, so they do **not** waive their rights or so the Court does **not** think Plaintiffs are in agreement with the Defendants filings.  This is proven by the fact Taitz has filed two [2] Motions in the short time this case has been assigned to this Court.  Taitz Motion to Dismiss pursuant to Anti-SLAPP; and Fed. R. Civ. P. 12(b)(1) and 12(b)(6) are repeated Motions as stated above and Taitz filed this one after Plaintiffs filed saying they would be seeking Leave to Amend their Complaint.

12.   Judge Robreno of the U.S. District Court, Eastern District of PA, the Court this case was transferred from, issued upon the Court's own initiative, an Order that all parties must seek Leave of Court prior to the filing of any Motions.  As you can see from the Docket, Defendant Taitz failed to comply with the Order, although it did slow her down.

13.   The repeated filings of documents will continue if this Court does **not** issue an Order requiring Leave of Court prior to the filing of any Motions.  Just as the Court has seen in the other case Taitz was involved in, <u>Lincoln v. Daylight Chemical, et al</u>, Case No. 8:10-cv-01573-AG (PLAx).  Further, as long as Taitz gets away with her tactics, the more she will do it to ensure she costs Plaintiffs so much money they will **not** be able to afford to continue the litigation against her.  As the Court is aware, *Fed. R. Civ. P.* 1 states that these rules are to secure the

---

"just, speedy, and inexpensive determination of every action and proceeding." And, this Court has the inherent power to issue any Orders necessary to ensure "just, speedy, and inexpensive determination of every action and proceeding".

14. For the reasons stated herein, Plaintiffs respectfully request this Court to Grant an Order that all parties must seek Leave of Court prior to the filing of any Motions or papers.

### III. CONCLUSION

15. For the reasons outlined herein, Plaintiffs respectfully request this Court to Grant their Motion and allow them to file their First Amended Complaint within twenty-one [21] days of the Court's Order. Further, Plaintiffs respectfully request this Court to Grant their request and Order that **no** Motions are to be filed by any Party without Leave of Court.

Respectfully submitted,

Dated: April 29, 2011

 /s/ Philip J. Berg
Philip J. Berg, Esquire
Pennsylvania I.D. 9867
LAW OFFICES OF PHILIP J. BERG
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Telephone: (610) 825-3134
E-mail: philjberg@gmail.com

*Attorney for the other Plaintiffs*

---

Liberi, et al Mem of Pts and Auth. in support of Motion for Leave to file a 1st Amended Complaint…   8

| | | |
|---|---|---|
| 1 | Dated: April 29, 2011 | /s/ Lisa Ostella |
| 2 | | LISA OSTELLA, *Plaintiff* |
| | | c/o Philip J. Berg, Esquire |
| 3 | | LAW OFFICES OF PHILIP J. BERG |
| 4 | | 555 Andorra Glen Court, Suite 12 |
| 5 | | Lafayette Hill, PA 19444-2531 |
| 6 | | |
| 7 | Dated: April 29, 2011 | /s/ Lisa Liberi |
| | | LISA LIBERI, *Plaintiff* |
| 8 | | c/o Philip J. Berg, Esquire |
| 9 | | LAW OFFICES OF PHILIP J. BERG |
| | | 555 Andorra Glen Court, Suite 12 |
| 10 | | Lafayette Hill, PA 19444-2531 |

Liberi, et al Mem of Pts and Auth. in support of Motion for Leave to file a 1st Amended Complaint…   9