**DR. ORLY TAITZ ESQ**
**29839 SANTA MARGARITA PKWY, STE 100**
**RANCHO SANTA MARGARITA, CA 92688**
**PH 949-683-5411 FAX 949-766-7603**

## US DISTRCT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LIBERI ET AL,** | ) CASE NO.: 11-CV-00485 |
| | ) |
| **PLAINTIFF,** | ) OPPOSITION TO EX-PARTE |
| | ) MOTION |
| **VS.** | ) |
| | ) |
| **TAITZ AT AL,** | ) |
| | ) |
| **DEFENDANT** | ) |

On April 29, 2011 Plaintiff Philip Berg pro se and as an attorney for Plaintiffs, as well as Lisa Liberi and Lisa Ostella filed an application for Ex Parte order or in the alternative an order to shorten time for defendants to respond to plaintiffs motion for leave to file their first amended complaint; and for an order that leave must be granted prior to the filing of any motions.

1. Ex Parte relief should be granted only if the evidence shows "that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" Mission Power Eng's Co v. Continental Cas. Co. , 883 F. Supp.488, 492 (C.D. Cal.1995). Such relief has serious due process implications. Fuentes v Shevin, 407 U.S. 67, 80-82 (1972) (due process requires that affected parties "are entitled to be heard" following "meaningful" notice, except in "extraordinary situations");Sniadach v. Family Finance Corp. of Bay View, 395 US 337, 339-40 (1969) ("the right to be heard 'has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or consent"). Plaintiffs have not shown good cause for granting e-parte application and it therefore needs to be denied.

2. Plaintiffs filed their motion on Friday April 29 and demand to shorten the defendants time to respond from 2 weeks to just 2 working days and demand an answer from the Defendants by Wednesday May 4, 2011.

3. As it was announced on TV and radio on multiple stations and in multiple newspapers, Plaintiffs are well aware that Defendant, Dr. Orly Taitz, (hereinafter Taitz) has an oral argument

scheduled in the 9th Circuit court of Appeals in Pasadena on Monday, May 2nd, in a high profile case, where Taitz is representing former UN ambassador Alan Keyes, 10 state representatives and 30 members of the military. Plaintiffs and their attorney Berg are well aware, that she has to spend the whole weekend preparing for this hearing, therefore they filed this ex-parte without any valid reason and without any valid cause, simply to further harass Taitz and inflict further severe emotional distress, as they did in the past two years, demanding de facto, just one working day for her to respond to their motion.

4. The only reason for such an outrageous demand, is the statement, that Plaintiffs counsel, Philip Berg (hereinafter Berg) will have to fly to California from Pennsylvania an extra time, however  Berg is not licensed in California, he never obtained pro hac vice to represent anyone, but himself in California, he does not even have a local counsel willing to sign his request for pro hac vice, and as such he never filed a proper pro hac vice request, and is unable to even request pro hac vice without a local counsel. Additionally, only a month ago in March, 2011 this court denied Berg's pro hac vice request in another case, Lincoln v Daylight, even though, in that case Berg had a local counsel. As such, Plaintiffs request for ex-parte, to shorten defendants time to respond to Plaintiff's motion is totally frivolous and filed with the only purpose of harassment of defendants.

5. Plaintiffs are using memorandum of their ex-parte motion to prejudice the court against the defendants and bringing forward totally fraudulent statements. For example, they claim that Defendants filed an Anti-SlAPP  motion before, even though defendants never filed such motion and the docket clearly reflects it. Additionally, they claim that Defendants' 12 b(1)  and 12 b (6) motions were adjudicated, which is not true, as those motions were denied **without** prejudice, as the case was simply transferred from PA to CA. Additionally, that is not related to the ex-parte motion.

5. Caption of this motion lists Phillip J. Berg as Attorney for Plaintiffs, which represents unlicensed practice of law by Philip J. Berg,, which is a sanctionable offense. A federal court has inherent authority to regulate the conduct of all who practice in it and issue sua sponte sanctions against attorneys engagaged in unlicensed practice of law before this court, state law is properly

considered in determining whether the unauthorized practice of law has occurred. In re Evans, 153 B.R. 960, 966 (Bkrtcy.E.D.Pa.1993); In re Harris, 152 B.R. 440, 444 (Bkrtcy.W.D.Pa.1993); In re Bachmann, 113 B.R. 769, 772 (Bkrtcy.S.D.Fla.1990). Berg's conduct constitutes the unauthorized practice of law under both federal and California law.        Under California law, a non-lawyer engages in the unauthorized practice of law when he or she determines for a party the kind of legal document necessary in order to effect the party's purpose. People v. Landlords Professional Services, Inc., 178 Cal.App.3d 68 (1986); People v. Sipper, 61 Cal.App.Supp.844, 846 (1943); In re Glad, 98 B.R. 976, 977 (9th Cir.BAP 1989); In re Anderson, 79 B.R. 482, 484 (Bkrtcy.S.D.Cal.1987).

**WHEREFORE** defendants request the following:

1.  deny Plaintiffs ex-parte motion

2. sanction Plaintiffs for filing a frivolous ex-parte application with the only purpose to harass the defendants

3. Sanction sua sponte Pennsylvania attorney Philip J. Berg for unlicensed practice of law in the state of California and forward this information to the disciplinary Board of the Supreme Court of Pennsylvania, where Berg is currently tried, pursuant to the violation of ethics complaint.

Respectfully submitted,

/s/ Orly Taitz

Dr. Orly Taitz, ESQ

Attorney pro se and for "Defend

our freedoms Foundation"

### CERTIFICATE OF SERVICE

I declare under penalty of perjury that a true and correct copy of the above pleadings was served on 04.30.2011 via ECF on Pennsylvania attorney and pro se plaintiff Philip J. Berg.   Other unrepresented parties were served electronically on 04.30.2011 at following e-mail addresses:

Neil Sankey and Sankey firm at nsankey@sankeyfirm.com

Lisa Ostella lisaostella@hotmail.com

Lisa Liberi llisaliberi@aol.com


/s/ Dr. Orly Taitz, ESQ

Attorney pro se and for "Defend our Freedoms Foundation"