UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | May 2, 2011 |
|---|---|---|---|
| Title | LISA LIBERI, et al. v. ORLY TAITZ, et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

**Proceedings:**   **[IN CHAMBERS] ORDER DENYING EX PARTE APPLICATION**

Plaintiffs Lisa Liberi and others (together, "Plaintiffs") filed an ex parte application ("Application"). In the Application, Plaintiffs request leave to file an amended complaint and request an order that no motions can be filed without first seeking leave of court. Defendants Orly Taitz and Defend Our Freedoms Foundation (together, "Defendants") oppose the Application.

"Ex Parte motions are rarely justified . . . ." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). To justify ex parte relief,

> First, the evidence must show that the moving party's cause
> will be irreparably prejudiced if the underlying motion is
> heard according to regular noticed motion procedures.
> Second, it must be established that the moving party is
> without fault in creating the crisis that requires ex parte relief,
> or that the crisis occurred as a result of excusable neglect.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | May 2, 2011 |
|---|---|---|---|
| Title | LISA LIBERI, et al. v. ORLY TAITZ, et al. | | |

*Id.* This standard concerning ex parte relief reflects legitimate concerns about one litigant seeking ex parte relief and "cutting in line" in front of all the other litigants who previously filed notice motions.

*Ex parte* relief should be granted only if the evidence shows "that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Such relief has serious due process implications. *Fuentes v. Shevin*, 407 U.S. 67, 80-82 (1972) (due process requires that affected parties "are entitled to be heard" following "meaningful" notice, except in "extraordinary situations"); *Sniadach v. Family Finance Corp. of Bay View*, 395 U.S. 337, 339-40 (1969) ("the right to be heard 'has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest'").

The Court first addresses Plaintiffs' request to file a first amended complaint. Plaintiffs have filed a Motion for Leave to File a First Amended Complaint, which is set for hearing on May 31, 2011. Plaintiffs either want the Court to shorten time on the Motion for Leave or want the Court to allow Plaintiffs to file an amended complaint without a hearing. But Plaintiffs have failed to demonstrate irreparable prejudice if the Motion for Leave is heard on May 31, 2011, as currently scheduled. The prejudice cited is that Defendants have filed a motion to dismiss for May 23, 2011, and back-to-back hearings would require more travel expense for Plaintiffs. But this is not *irreparable* prejudice. Plaintiffs have not demonstrated sufficient good cause to justify their ex parte request to file an amended complaint. The Motion for Leave can be heard as a normally noticed motion and does not require the special treatment that an ex parte application entails. Thus, the Court DENIES Plaintiffs' request to shorten time and DENIES Plaintiff's request to file an amended complaint without a hearing.

And now, the Court addresses Plaintiffs' request that all parties seek leave of Court before filing any motions. The Court finds that this restriction is not necessary – yet. But the Court will keep a close eye on the filings by *all* parties and may choose to implement such restrictions as the case progresses in this Court. Thus, the Court DENIES Plaintiffs'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 11-0485 AG (AJWx) | Date | May 2, 2011 |
|---|---|---|---|
| Title | LISA LIBERI, et al. v. ORLY TAITZ, et al. | | |

request.

**DISPOSITION**

The Court DENIES Plaintiffs' ex parte application in its entirety.

                                                           : 0

Initials of Preparer    lmb