Philip J. Berg, Esquire
Pennsylvania I.D. 9867
LAW OFFICES OF PHILIP J. BERG
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Telephone:  (610) 825-3134
E-mail: philjberg@gmail.com          *Attorney in pro se and for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA,
## SOUTHERN DIVISION

| | |
|---|---|
| LISA LIBERI, et al,<br><br>                    Plaintiffs,<br><br>     vs.<br><br><br>ORLY TAITZ, et al,<br><br>                    Defendants. | CIVIL ACTION NUMBER:<br><br>**8:11-cv-00485-AG (AJW)**<br><br>**PLAINTIFFS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR OPPOSITION TO DEFENDANTS ANTI-SLAPP MOTION AND MOTION TO DISMISS PURSUANT TO 12(b)(1) and 12(b)(6)**<br><br>Date of Hearing:   June 13, 2011<br>Time of Hearing:  10:00 a.m.<br>Location:          Courtroom 10D |

## PLAINTIFFS MEMORANDUM OF POINTS and AUTHORITIES IN SUPPORT OF THEIR OPPOSITION TO DEFENDANTS ANTI-SLAPP AND MOTION TO DISMISS

### I.     FACTS:

1.      On May 4, 2009, Plaintiffs, Philip J. Berg, Esquire, [hereinafter at times "Berg"] Lisa Ostella [hereinafter at times "Ostella"] and Lisa Liberi [hereinafter at times "Liberi"] filed suit against Defendants Orly Taitz [hereinafter

at times "Taitz"], Defend our Freedoms Foundations, Inc. [hereinafter at times "DOFF"]; Neil Sankey [hereinafter at times "Sankey"]; Sankey Investigations, Inc. [hereinafter at times "Sankey Inv."]; and The Sankey Firm, Inc. ["hereinafter at times "Sankey Firm"] for amongst other things, Invasion of Privacy; Invasion of One's Right to Solitude; Placing One in a False Light Before the Public; Cyber-stalking; Stalking; Cyber-bullying; Harassment; and violation of *Cal. Civ. P.* 1798, et seq. for the illegal background checks, illegal access to Plaintiffs credit reports, contacting and harassing Plaintiffs friends and family and for the illegal distribution of Liberi and Ostella's full Social Security number, date of birth, mother's maiden name, maiden names, place of birth, spouses name, spouses Social Security number, spouses date of birth and other extremely private information.   Said suit was originally filed in the U.S. District Court, Eastern District of Pennsylvania and recently transferred to this Court.

2.     Defendant Taitz has also filed approximately six (6) Motions, if **not** more, Motions to Dismiss pursuant to *Fed. R. Civ. P.* 12, all of which were denied, as documented by the Court's Docket.  Also, as this Court is aware, a party is only entitled to file a Motion to Dismiss pursuant to the *Fed. R. Civ. Proc.* 12 on one [1] occasion and anything **not** raised in the initial Motion is deemed waived, thus Taitz's Motions were incompliant with the *Fed. R. Civ. Proc.'s*.  Taitz asserted the *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), and *Bell*

---

1 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929

2

3 (2007) cases as a basis for dismissal, however, the Pennsylvania Federal Court

4 found Plaintiffs Complaint compliant with the pleading requirements outlined in

5 *Iqbal* and *Twombly* and denied Taitz's Motions to Dismiss.

6

7 3. Plaintiffs incorporate herein by reference Taitz's Anti-SLAPP Motion

8 and Motions to Dismiss appearing as Docket Entry numbers ["Dkt no.'s"] 35 filed

9 May 28, 2009; 48 filed May 28, 2009; 53 filed June 9, 2009; 59 filed June 11,

10

11 2009; 61 filed June 16, 2009; 93 filed August 3, 2009; 165 filed February 1, 2011;

12 and 178 filed April 25, 2011.

13

14 4. Plaintiffs incorporate herein by reference Plaintiffs Oppositions to

15 Taitz's Motions to Dismiss pursuant to the Anti-SLAPP statute and *Fed. R. Civ. P.*

16 12(b)(1) and 12(b)(6) as if fully set forth here in length, Docket Numbers 49 filed

17

18 June 8, 2009; 54 filed June 11, 2009; 63 filed June 18, 2009; 64 filed June 21,

19 2009; and Plaintiffs Response to the Court's Order to show cause appearing as Dkt

20

21 no's 106 filed August 26, 2009; 107 filed August 27, 2009; and 110 filed

22 September 29, 2009.

23 5. Taitz has now filed, on behalf of herself and DOFF, another Anti-

24

25 SLAPP Motion and Motion to Dismiss pursuant to *Fed. R. Civ. P.* 12(b)(1) and

26 12(b)(6), which is completely improper as Taitz and DOFF waived their

27

28

affirmative defenses and cannot raise them now; full diversity exists; and Plaintiffs have a pending Motion for Leave to Amend their Complaint.

6.     For the reasons stated herein, Taitz's Motion must be Denied and Plaintiffs should be Granted Leave to File their First Amended Complaint.

## II.     CALIFORNIA'S ANTI-SLAPP STATUTE, *CAL. CIV. CODE* §425.16 DOES NOT APPLY TO THE WITHIN ACTION.

7.     Plaintiffs incorporate by reference their Complaint, Docket Entry No. 1 filed May 4, 2009, as if fully set forth here at length.

8.      Plaintiffs also incorporate by reference the preceding paragraphs as if fully set forth here at length.

9.     Taitz in her Response to Plaintiffs Application for an Ex Parte Order stated Plaintiffs committed fraud upon the Court by stating Taitz had filed a previous Anti-SLAPP Motion.  Taitz states she has never filed an Anti-SLAPP motion. [*See* Taitz filing of April 30, 2011, Docket No. 182, p. 2, ¶5].

10.     Taitz statement is untrue.  To set the record straight, Taitz filed an Anti-SLAPP motion, almost identical to the one she filed April 25, 2011, on June 16, 2009 appearing as Docket No. 61. *See* the screen shot below:

//
//
//
//
//
//

---



11.     A cause of action is subject to being stricken under the Anti-SLAPP statute when two [2] conditions are met.  The cause of action must (1) arise from protected speech or petitioning; and (2) lack even minimal merit. *See Navellier v. Sletten* (2002) 29 Cal.4th 82, 89 [124 Cal. Rptr. 2d 530, 52 P.3d 703]. *See* also *Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 192 [25 Cal. Rptr. 3d 298, 106 P.3d 958].  Our Courts determine whether the two [2] conditions have been met by using a two-step inquiry that involves shifting burdens.

12.     The first prong must determine 'whether the Defendant has made a threshold showing that the challenged cause of action' arises from an act in furtherance of the right of petition or free speech in connection with a public issue. Taitz and DOFF are unable to over-come this first prong.  Taitz's repeated publications on her website, on the Internet, on videos and on radio programs about

---

Plaintiffs, most of which were false statements, were **not** of public importance or public issues.

13. Liberi and Ostella are **not** public figures, they are **not** in the public eye and their lives are **not** newsworthy and nothing in Ostella and Liberi's lives are a public issue. Despite this, Taitz has continued Slandering, Libeling and Defaming Liberi, Ostella and Berg on radio shows, TV shows and publications on her website and the internet which is **not** tolerated by the laws of our State and/or our United States Constitution, and has caused permanent damage to the Plaintiffs.

14. As demonstrated by all the Exhibits filed by Plaintiffs, Taitz continued publishing pictures of Liberi, Liberi and Ostella's private data, including but **not** limited to full Social Security number, date of birth, place of birth and mother's maiden name, spouses names and private data, etc. Taitz and the other Defendants conducted illegal background checks and illegal access to Plaintiffs credit reports; Taitz repeatedly published false statements about the Plaintiffs, including but **not** limited to "Liberi is a career document forger; Ostella and Liberi stole monies from Taitz non-profit foundation, DOFF (Plaintiffs have not stolen any monies from Taitz or DOFF. Regardless, Taitz claims DOFF is a non-profit, however, Plaintiffs cannot locate DOFF's registration as a non-profit organization); Liberi was convicted of Identity Theft, Forgery of Documents, Falsifying Police and Credit Reports, real estate fraud, Ostella forged Taitz's

name/signature, that Ostella had a criminal record, Liberi handled Berg's fundraising, Liberi had access to Berg's donators credit cards, Liberi's husband was on parole, Liberi and her husband had two (2) credit card accounts set up on Berg's website, that Ostella's husband was benefiting from the monies stolen by Ostella, Liberi, Ostella and Berg were harassing, slandering, defaming Taitz, etc., all the time knowing the information was false. Taitz publicized all these false statements repeatedly with malice.

15.     Taitz continued publishing in excess of a hundred times, that Liberi had a criminal record and published a "supposed" rap sheet or court print-out, the same documents Taitz stated on numerous occasions was that of Plaintiff Lisa Ostella. Additionally, Taitz filed numerous false law enforcement reports claiming Liberi and Ostella were the same person, that Liberi and Ostella stole monies from Taitz's foundation, that Liberi and Ostella "hijacked" Taitz's website, etc.

16.     The repeated publication and publicizing of Taitz false statements, and information pertaining to Liberi, Ostella and Berg evidences malice. *See Fisher v. Larsen*, (1982) 138 Cal. App. 3d 627, 640 [188 Cal. Rptr. 216]; *Rancho La Costa, Inc. v. Superior Court*, (1980) 106 Cal. App. 3d 646, 667 [165 Cal. Rptr. 347], *Evans v. Unkow*, (1995) 38 Cal. App. 4th 1490 [45 Cal.Rptr.2d 624] quoting *Fisher v. Larsen*, (1982) 138 Cal.App.3d 627, 640, [188 Cal. Rptr. 216]; and

_Reader's Digest Assn. v. Superior Court_, (1984) 37 Cal.3d 244, 258, [208 Cal. Rptr. 137, 690 P.2d 610].

17.   False allegations, accusations and reporting of the false information are <u>not</u> Free Speech protected by the First Amendment to the United States Constitution. _See Beauharnais v. Illinois_, 343 U.S. 250, 72 S. Ct. 725, 96 L. Ed. 919 (1952), (the Court held that libelous speech is <u>not</u> protected by the U.S. Constitution).  Plaintiffs herein are <u>not</u> public figures, however, even if they were, there is absolutely <u>no</u> question that Taitz's false allegations were done with Malice and therefore, are <u>not</u> protected under the First Amendment of the U.S. Constitution or California's Anti-SLAPP statute. _See New York Times v. Sullivan_, 376 U.S. 254, 84 S. Ct. 710, 11 L. Ed. 2d 686 (1964). _See also Dunn & Bradstreet, Inc. v. Greenmoss Builders_, (1985) 472 U.S. 749, 762 (plur. opn. of Powell, J.) [stating that when speech "concerns no public issue" and is "wholly false and clearly damaging," it "warrants no special protection" under the First Amendment]. It is settled in California that **<u>not</u>** all speech or petition activity is constitutionally protected. _See Flatley v. Mauro_, (2006) 39 Cal.4th 299, 313; _Aguilar v. Avis Rent A Car System, Inc._, supra, (1999) 21 Cal.4[th] 121 [87 Cal.Rptr.2d 132; 980 P.2d 846][87 Cal. Rptr.2d 132; 980 P.2d 864 at p. 134 ["the right to free speech is not absolute"].  Our California Courts have stated, "Allowing sanctions is consistent with the text of the state constitutional provision, which makes anyone who

"abuse[s]" the right of freedom of speech "responsible" for the misconduct." (Cal. Const., art. I, § 2, subd. (a); *See* <u>*Brown v. Kelly Broadcasting Co*</u>., (1989) 48 Cal.3d 711, 746.

18.    The second prong is whether the Plaintiffs have demonstrated a probability of prevailing on the claim.   Plaintiffs agree they must Amend their Complaint to bring it in compliance with the California Laws.   However, there is **<u>no</u>** question whether Plaintiffs will prevail on their claims.   Defendant Taitz's statements were **<u>not</u>** free speech but instead were false personal attacks on Plaintiffs; a violation of Plaintiffs privacy rights; and constitute Cyber-stalking, Cyber-harassment and Cyber-bullying; Slander, Libel, Defamation; Harassment and other violations.   The law is that there must be a public interest in the specific speech or conduct alleged in the complaint: "'The fact that "a broad and amorphous public interest" can be connected to a specific dispute is not sufficient to meet the statutory requirements' of the Anti-SLAPP statute.". *See* <u>*World Financial Group, Inc. v. HBW Ins. & Financial Services, Inc.*</u>, (2009) 172 Cal.App.4th 1561, 1570 [92 Cal. Rptr. 3d 227]; *See also* <u>*Episcopal Church Cases*</u>, (2009) 45 Cal.4th 467, 477 [87 Cal. Rptr. 3d 275, 198 P.3d 66].

19.    Taitz continued publishing that Berg is employing a convicted "document forger and thief" and foreign affidavits were filed in one of Berg's cases which was handled by a "career document forger".   Taitz further claims that

Liberi fundraises for Berg and has access to credit cards, which is harmful to Berg's donators. [Taitz Motion, pp. 5-12]. Liberi has never been convicted of forging documents or document forgery. Liberi is a paralegal; she researches the laws and drafts briefs pertaining to a legal issue. Liberi does **not** fundraise; Liberi does **not** have anything to do with Berg's financial accounts. Further, Taitz and the other Defendants did **not** have authorizations from the Plaintiffs, nor any type of permissible purpose or legal basis to conduct background checks, obtaining Plaintiffs private data and/or credit reports. Taitz and the other Defendants did **not** have any type of permissible purpose and violated our very laws by publicizing Liberi's full Social Security number, date of birth, place of birth, pictures, maiden name, mother's maiden name, father's name, home address and telephone number, Liberi's husband's name, date of birth and Social Security number, and the private identifying information of Ostella, and her husband. Taitz continues claiming she is a "whistleblower", which is **not** true. Whistleblowers report on actual violations and/or crimes, they do **not** create them based on false information, as Taitz has done.

20. Taitz continues claiming that Liberi and Berg filed the case in Pennsylvania claiming Liberi was an innocent woman and resided in Pennsylvania based upon Taitz's disclosure of Liberi's "criminal record". This again is completely false. First, Taitz has **not** disclosed any "criminal record" of Liberi's.

---

Taitz has been publishing and republishing a print-out obtained from an unknown place.   This same print-out has been altered several times by the Defendants in their claims about Liberi and this same print-out that Taitz claimed was the record of Plaintiff Ostella.   Liberi has never disclosed her residency in the Court pleadings; however, Taitz has published Liberi's home address and telephone number all over the Internet.   This lawsuit was filed based on the harassment, falsified stories, falsified allegations, and the publication of Plaintiffs private data, etc. by the Defendants, not for the reasons Taitz would have you believe.

21.    Plaintiffs have clearly demonstrated a probability of prevailing on their claims for Invasion of Privacy; Slander, Libel, Defamation; Cyber-stalking, Cyber-bullying, Cyber-harassment; Appropriation of one's name and like; harassment; and their other causes of action.

22.    In the words of the Supreme Court, Plaintiff needs to show only a "minimum level of legal sufficiency and triability." *Linder v. Thrifty Oil Co*., (2000) 23 Cal.4th 429, 438, fn. 5 [97 Cal. Rptr. 2d 179, 2 P.3d 27].)  In the words of other Courts, Plaintiff needs to show only a case of "minimal merit." *Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LL*P, (2005) 133 Cal.App.4th 658, 675 [35 Cal. Rptr. 3d 31], quoting *Navellier v. Sletten*, (2002) 29 Cal.4th 82, 95, fn. 11 [124 Cal. Rptr. 2d 530, 52 P.3d 703].

---

23.    For the reasons stated herein, Taitz and DOFF's Anti-SLAPP Motion and *Fed. R. Civ. P.* 12(b)(1) and 12(b)(6) must be Denied.  Plaintiffs are also seeking Leave to File their First Amended Complaint.

## III.    THIS COURT HAS SUBJECT-MATTER JURISDICTION and PLAINTIFFS HAVE PLEAD CAUSES WHICH RELIEF CAN BE GRANTED:

24.    Plaintiffs incorporate by reference their Complaint, Docket Entry No. 1 filed May 4, 2009, as if fully set forth here at length.

25.    Plaintiffs also incorporate by reference the preceding paragraphs as if fully set forth here at length.

### A. Taitz and DOFF's *Fed. R. Civ. P.* 12(b)(1) Claims:

26.    A Rule 12(b)(1) challenge to subject matter jurisdiction can be "facial," in which case the Court assumes the Plaintiff's factual allegations to be true and draws all reasonable inferences in its favor. *Doe v. See*, 557 F.3d 1066, 1073 (9th Cir. 2009); *Castaneda v. United States*, 546 F.3d 682, 684 n. 1 (9th Cir. 2008).  Or, the motion may be a "factual" or "speaking" motion, where the movant may submit materials outside the pleadings to support its motion.  In that case, "'[i]t then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction.'" *Colwell v. Dep't of*

*Health and Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009) (quoting *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)).

27.    Taitz claims this Court lacks subject matter jurisdiction based on Plaintiffs filing of Diversity jurisdiction.  Taitz claims Plaintiffs have **not** satisfied the Diversity requirement by providing her with proof of Liberi's home address. [Taitz Motion, pp. 13-17], and that Judge Robreno Ordered Liberi and Berg to file Liberi's Driver's License [Taitz Motion p. 16].  This is ludicrous.  Judge Robreno has **never** ordered Liberi to file her Driver's License with the Court.  Liberi did provide her address information to Judge Robreno on August 7, 2009 in Open Court as well as in writing "under Seal".  Taitz has published Liberi's home address numerous times, for protection reasons Liberi has **not** provided her home address in Court pleadings due to the continued harassment, cyber-stalking, cyber-harassment, cyber-bullying and Taitz continued inciting against the Plaintiffs. *See* Plaintiffs response to the Court's Order to Show Cause appearing as Docket Entry No.'s 106 filed August 26, 2009; 107 filed August 27, 2009; and 110 filed September 29, 2009; and Plaintiffs Opposition and Affidavits of K. Strebel, Evelyn Adams, Shirley Waddell, Lisa Ostella appearing as Docket Entry No. 144 filed September 14, 2010; and Plaintiffs Request for Sanctions, Affidavits of Lisa Ostella, K. Strebel, Shirley Waddell, Philip J. Berg and the verification of Lisa Liberi appearing as Docket Entry No. 146 filed October 7, 2010.

28.    Taitz filed Liberi's home address in this Court's Docket on July 29, 2010 appearing as Docket Entry No. 136, in part two 136-1, page 17, ¶4.

29.    Taitz does **not** have any valid reason to access Liberi's Driver's License as she is demanding [Taitz Motion, p. 16].  Taitz will publish Liberi's Driver's License on the Internet and all over the World Wide Web as she has done with Liberi and Ostella's full Social Security number, date of birth, place of birth, home address, father's name, mother's maiden name, and other private confidential information, which Taitz illegally obtained.  As demonstrated by Taitz filing, Dkt No. 136-1, p. 17, ¶4, Taitz was already fully aware of where Liberi resides.  Taitz is defrauding this Court by her continued attempts claiming Liberi resides in California.  Further, Liberi showed Judge Robreno her Driver's License, Social Security card and Birth Certificate on August 7, 2009 to prove Liberi did **not** reside in the State of California.  In addition, this Court should have documents provided to Judge Robreno "under Seal" with Liberi's home address.

30.    Liberi will **not** provide her Driver's License to Taitz for the reasons mentioned above and for the reason Liberi is concerned Taitz attempted to hire a dangerous man to harm Plaintiff, her family and Plaintiff Ostella and her family. Ironically, this person, Ruben Nieto resides in Albuquerque, NM forty-five [45] minutes from Liberi's home and attempted to get paid by Taitz on two (2) separate occasions in consecutive requests from PayPal totaling Twenty-Five Thousand

1   [$25,000] Dollars.   As this Court is aware, any payments over Ten Thousand

2   [$10,000] Dollars are reported pursuant to the Patriot Act.  Liberi will be happy to

3

4   show her Driver's License to the Court in Camera, if the Court feels it necessary.

5   Also, during this time, Taitz and her Assistant, Charles Edward Lincoln, III drove

6

7   around New Jersey where Ostella and her family reside and her children attend

8   school, this was after Taitz threatened to have Ostella's children professionally

9   kidnapped.  As a result, Ostella and her family sold their home to an Investor, at a

10

11  loss, out of fear of having people view their home while they were there, and

12  moved to protect their family from Taitz and her supporters.

13          31.     Further, Taitz published on her website several times that a report she

14

15  filed against Ostella and Liberi was forwarded to New Mexico as that is where

16  Liberi    resides.     See    Taitz    post    on    her    website    at

17

18  http://www.orlytaitzesq.com/?p=1346 where Taitz states that Theresa Standford of

19  the Orange County Sheriff's Department sent Taitz's criminal report against

20

21  Ostella and Liberi to the Santa Fe Police Department where Liberi resides.  See

22  also Taitz's post, "**More on Lisa Liberi, contact her probation officer in Santa**

23  **Fe New Mexico 505-827-8627.  She is not allowed to be anywhere near other**

24

25  **people's    credit    cards.    By    Orlytaitz    April    17,    2009"**    at

26  http://216.221.102.26/blogger/post/More-on-Lisa-Liberi-contact-her-probation-

27  officer-in-Santa-Fe-New-Mexico-505-827-8627-She-is-not-allowed-to-be

28

anywhere-near-other-peoples-credit-cards.aspx. Taitz post "**Follow up on Lisa Liberi, paralegal to Phil Berg**" at http://www.orlytaitzesq.com/?p=36 Taitz states that Liberi's address in New Mexico can be verified with the probation officer Joanne Martinez fax 505-476-2368, phone 505-827-8627; "**I need two articles and update on Lisa Liberi**" at http://www.orlytaitzesq.com/?p=807 Taitz states Liberi resides in New Mexico and summonses all her supporters and readers to report Liberi to the Santa Fe Probation Department, and Taitz gives the number; "**Information update on both Liberi and Obama**" at http://www.orlytaitzesq.com/?p=834 Taitz states Liberi resides in New Mexico and summonses her readers and supporters to contact the Santa Fe Probation Office and gives the number; "**I need to get more answers**" at http://www.orlytaitzesq.com/?p=978. Taitz again tells her readers Liberi resides in New Mexico, there are hundreds of more posts by Taitz regarding Liberi and where she resides. See these posts and the others filed in Plaintiffs Response to the Court's Order to Show Cause appearing as Docket Entry No.'s 106 filed August 26, 2009; 107 filed August 27, 2009; and 110 filed September 29, 2009; and Plaintiffs Opposition and Affidavits of K. Strebel, Evelyn Adams, Shirley Waddell, Lisa Ostella appearing as Docket Entry No. 144 filed September 14, 2010; and Plaintiffs Request for Sanctions, Affidavits of Lisa Ostella, K. Strebel,

Shirley Waddell, Philip J. Berg and the Verification of Lisa Liberi appearing as Docket Entry No. 146 filed October 7, 2010.

32. Taitz is well aware of Liberi's residence and therefore her Motion fails.

## B. Taitz and DOFF's *Fed. R. Civ.* P. 12(b)(6) Claims:

33. Dismissal under *Fed. R. Civ. P.* 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). For purposes of a Motion to Dismiss, the Plaintiff's allegations are taken as true, and the court must construe the complaint in the light most favorable to the Plaintiffs. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Leave to Amend must be Granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995).

34.     Taitz first raises the issue of "Count 1"; Plaintiffs assume she means Plaintiffs First Cause of Action.  Taitz claims Plaintiffs did **not** raise viable issues under the First and Fourteenth Amendment to the U.S. Constitution and *Cal. Civ. Code* §1798.81 [Taitz's Motion, p. 17, ll. 15-28, pp. 18-20, ll. 1-28].  Taitz states that Plaintiffs claim a violation as a result of Taitz publishing a report by Sankey "showing Liberi's criminal record" [Taitz Motion, p. 17, ll. 15-28].  This is a complete fraud upon the Court by Taitz and a purposeful false recitation of Plaintiffs First Cause of Action.

35.     Plaintiffs clearly claim the violation of privacy was Taitz and the other Defendants illegal access and distribution of Liberi and Ostella's full Social Security number, date of birth, place of birth, mother's maiden name, father's name, address and other private data; as well as Taitz slander, libel and defamation falsely accusing Liberi of being convicted of "identity theft", "real estate fraud", altering/forging Police and Credit Reports"; having 46, 80, 100, 200 criminal counts against her; having a current criminal case pending against her, and many other false statements about Liberi, Ostella, Berg and invasion of their privacy. Plaintiffs cite to *Cal. Civ. Code* §1798.81.5(c) which has to do with a business that discloses personal information…pursuant to a contract with a nonaffiliated third party and the requirement of a contract that the third party implement and maintain confidentiality of the private data.  This is far different than Taitz's claim of *Cal.*

*Civ. Code* §1798.81. *See* Plaintiffs Complaint, p. 62, ¶¶ 144-157. The invasion of privacy by Taitz and DOFF, as plead, are also in violation of *Cal. Civ. Code* §§ 1798.84 and 1798.53. *See* <u>*Witriol v. LexisNexis Group*</u>, (N.D.Cal., Feb. 10, 2006, No. C05-02392) 2006 U.S.Dist. Lexis 26670.

36.     Taitz next refers to Plaintiffs Second Cause of Action. Taitz contends that this cause fails as truth is a true defense to slander and Taitz published Liberi's criminal convictions, and states Plaintiffs failed to provide any evidence [Taitz Motion p. 24, ll. 14-28; p. 25, ll. 1-28]. A complaint is only supposed to put the Defendants on notice as to what they allegedly did wrong, notice pleading. *See Fed. R. Civ. P.* 8. Plaintiffs have filed hundreds of pages of Taitz's posts substantiating their causes of actions. If the allegations are disputed the issues of proof are diverted to Trial, **not** in the initial stages of a lawsuit. Taitz again misleads this Court. As clearly plead in Plaintiffs Complaint, Liberi claims the Libel, Slander and Defamation pertained to Taitz false statements that Liberi had a criminal record going back to 1990; Liberi had convictions of amongst other things, identity theft, falsification of police reports, falsification of credit reports, falsification of documents, claiming Lisa Liberi and Lisa Ostella were one and the same, falsely inferring and stating Liberi murdered her sister, falsely claiming Liberi and Ostella were diverting funds from Taitz's PayPal account; falsely claiming Liberi and Ostella were working together; falsely claiming Liberi was a

"career forger"; falsely accusing Liberi of being convicted of numerous counts of

forgery; falsely claiming Liberi was diverting funds from Berg and the Law

Offices of Philip J. Berg; falsely claiming Liberi was posting on blogs under

aliases; falsely claiming Liberi was committing crimes, falsely claiming Liberi,

Ostella and Berg were "trashing Taitz", falsely claiming Liberi had to pay Twenty-

One Thousand [$21,000] Dollars per month in restitution, falsely claiming Liberi

was convicted of amongst other things, identity theft, falsifying police reports,

falsifying credit reports, forging documents, etc. *See* Plaintiffs Complaint on p. 66,

¶¶ 158-166.

37.     Taitz then claims that the allegations regarding Ostella were all true,

that Taitz provided truthful information.  The fact is, Taitz falsely accused Ostella

of stealing from her; "hijacking" her (Taitz's website); of having a criminal record,

and many other things.   Taitz then misquotes Ostella's testimony during the

December 20, 2010 Restraining Order Hearing.  Ostella has never stolen anything

from Taitz, never diverted anything from Taitz.  For protection purposes, Ostella

did lock the website access of all of her (Ostella's) websites.  Ostella changed the

PayPal script for the donation button to reflect her own account on

**defendourfreedoms.net** and **redirected** defendourfreedoms.us, the site Taitz was

using, to point to a lawsuit by someone named Arnold Beverly and removed

Taitz's accounts from the site.  Ostella placed notifications on all her webpages

that the sites were **no** longer Taitz's Defend our Freedom Foundation, Inc. and

Ostella posted **"Understanding the Internet 101"** at

http://defendourfreedoms.net/2009/04/12/understanding-the-internet-101.aspx to

ensure people understood Taitz's sites were never "hacked". **It is important to**

**note, Ostella's PayPal account was _never_ on the site (blog database) Taitz was**

**using, defendourfreedoms.us.**

38.      Taitz next claims Plaintiffs cause for Harassment, Count 4 fails.  Taitz

then cites to the criminal statute for harassment, "Ann. Cal. C.C.P. §527.6(b)".

[Taitz Motion, pp. 29, ll. 22-28; p. 30, ll. 1-5.]  Taitz is incorrect again; this is a

civil case and Taitz has continually harassed the Plaintiffs, as recent as May

2011.  Harassment is defined as: "*a knowing and willful course of conduct directed*

*at a specific person that seriously alarms, annoys, torments, or terrorizes the*

*person, and that serves no legitimate purpose. The course of conduct must be such*

*as would cause a reasonable person to suffer substantial emotional distress, and*

*must actually cause substantial emotional distress to the person. See Cal. Civ.*

*Code* §1708.7(b)(4).     Plaintiffs clearly demonstrated the harassment, cyber-

stalking, cyber-harassment, and cyber-bullying by Taitz continued posting,

publications, broadcasts, and interviews continually providing Plaintiffs private

data; false allegations against Plaintiffs; Taitz seeking third parties to harass the

Plaintiffs; Taitz publication of Liberi's pictures; Taitz false claims of victimization, etc. *See* Plaintiffs Complaint at pp. 72-73, ¶¶ 174-181.

39.    Taitz next states that Plaintiffs Counts Five and Six are frivolous and without merit.  Counts Five and Six are well explained in Plaintiffs Complaint. *See* Plaintiffs Complaint pp. 75-79, ¶¶ 182-196.

40.    Taitz does not make any mention of Count Three of Plaintiffs Complaint.   For the reasons stated herein, Taitz and DOFF's Motion must be Denied.  Plaintiffs have clearly pleaded valid claims; however, Plaintiffs do need to amend their complaint, and therefore requests this Court to grant them leave to amend. *Lucas v. Dep't of Corr.,* 66 F.3d 245, 248 (9th Cir.1995).

## IV.    TAITZ AND DOFF EXHIBITS VIOLATE THE *FED. R. EVID*. 801(c), 805 AND ARE INADMISSABLE PER *FED. R. EVID*. 802; and CONTAIN UNAUTHENTICATED DOCUMENTS IN VIOLATION OF *FED. R. EVID*. 901, 902 and 1005

41.    Hearsay is defined as "a statement, other than one made by the declarant offered in evidence to prove the truth of the matter asserted." *See Fed. R. Evid.* 801(c).  *Fed. R. Evid*. 805 is the Hearsay within Hearsay rule, none of the exceptions apply to Taitz and DOFF's filings.  "Hearsay is not admissible except as provided by these rules…". *See Fed. R. Evid.* 802; *See also Bourjaily v. U.S.*, 483 U.S. 171, 175, 107 S. Ct. 2775, 97 L. Ed. 2d 144 (1987).  Taitz and DOFF's

exhibits attached to their Motion as well as many statements in their Motion are hearsay, double and triple hearsay and therefore are not admissible.

42.   Taitz and DOFF's Exhibits filed with their Anti-SLAPP and Motion to Dismiss, filed April 25, 2011, Docket No. 178 include attachments and Exhibits which are unauthenticated in violation of the *Fed. R. Evid*. 901, 902 and 1005.

43.   Authenticity of evidence, in the broad sense of the word, is fundamental to litigation and is one of the most basic functions.  There are several ways outlined in the *Fed. R. Evid*. regarding the authentication of evidence, none of which Taitz and DOFF complied with.  As the Ninth Circuit has held, "The authentication of a document requires 'evidence sufficient to support a finding that the matter in question is what its proponent claims'" *Id*. Quoting *Fed. R. Evid*. 901(a).  "A document authenticated through personal knowledge must be attached to an affidavit, and the affiant must be a competent "witness who wrote [the document], signed it, and used it, or saw others do so." *Orr v. Bank of Am, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002), *Id* at 773-774 & n. 8 quoting *Fed. R. Evid*. 901(b)(1).

44.   In particular, Docket No. 178-2 pages 1-8 are "supposed" court records, however, they are **not** certified and **no** one from the Court has attested to the authenticity of the documents and are hearsay, double and triple hearsay documents; Docket No. 178-3 is a "supposed" Court transcript, which is **not** a

complete document, it is **not** certified, and does **not** contain a certification from the Transcriber and therefore is unauthenticated and is hearsay, double and triple hearsay; Docket No. 178-4 pages 1-16 is a statement by Geoff Staples with attached copies of emails which have been altered and forged, illegally inputting Plaintiff Liberi's email address, see Docket No. 146 filed October 7, 2009.  Geoff Staples statement and attachments are untruthful, hearsay, double and triple hearsay and therefore are inadmissible; and Docket No. 178-5 is an Affidavit of Linda Belcher which contains untruths, hearsay, double and triple hearsay and therefore, is inadmissible.

45.   For these reasons, Taitz and DOFF's Exhibits must be excluded and **not** used by the Court as evidence as they are unauthenticated, hearsay, double and triple hearsay and inadmissible, *Fed. R. Evid*. 802.

## V.   **CONCLUSION**:

46.   For the reasons outlined herein, Defendants, Orly Taitz and Defend our Freedoms Foundations, Inc. Anti-SLAPP Motion and Motion to Dismiss must be Denied.   In addition, Plaintiffs Request this Court to Grant them Leave to Amend their Complaint.

//
//
//
//

---

1

2

Respectfully submitted,

3 Dated: May 4, 2011

 /s/ Philip J. Berg

4

5

6

7

8

Philip J. Berg, Esquire
Pennsylvania I.D. 9867
LAW OFFICES OF PHILIP J. BERG
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Telephone:   (610) 825-3134
E-mail: philjberg@gmail.com

9

10

*Attorney in Pro Se and Counsel for Plaintiffs*

11

12 Dated: May 4, 2011

 /s/ Lisa Ostella

13

14

15

16

17

LISA OSTELLA and
GO EXCEL GLOBAL, Plaintiffs
c/o Philip J. Berg, Esquire
LAW OFFICES OF PHILIP J. BERG
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531

18 Dated: May 4, 2011

 /s/ Lisa Liberi

19

20

21

22

LISA LIBERI, Plaintiff
c/o Philip J. Berg, Esquire
LAW OFFICES OF PHILIP J. BERG
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531

23

24

25

26

27

28