1 | Philip J. Berg, Esquire
Email: philjberg@gmail.com
2 | Law Offices of:
**PHILIP J. BERG, ESQUIRE**
3 | 555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531       *Attorney for: Plaintiffs*
4 | Identification No. 09867
Ph: (610) 825-3134
5 | Fx: (610) 834-7659

6

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA,
## SOUTHERN DIVISION

| | |
|---|---|
| LISA LIBERI<br>and<br>LISA M. OSTELLA,<br>and<br>GO EXCEL GLOBAL<br>and<br>PHILIP J. BERG, ESQUIRE<br>and<br>THE LAW OFFICES OF PHILIP J. BERG<br><br>Plaintiffs,<br><br>vs.<br><br>ORLY TAITZ a/k/a DR. ORLY TAITZ<br>and<br>LAW OFFICES OF ORLY TAITZ<br>and<br>ORLY TAITZ, INC.<br>and<br>DEFEND OUR FREEDOMS<br>FOUNDATIONS, INC.<br>and<br>NEIL SANKEY<br>and<br>SANKEY INVESTIGATIONS, INC.<br>and | CIVIL ACTION NO.<br><br>**8:11-cv-00485-AG**<br><br>JURY TRIAL DEMANDED<br><br>**PLAINTIFFS FIRST AMENDED COMPLAINT** |

1  TODD SANKEY
   and
2  THE SANKEY FIRM, INC.
   and
3  REED ELSEVIER, INC.
   and
4  LEXISNEXIS GROUP, INC.
   and
5  LEXISNEXIS, INC.
   and
6  LEXISNEXIS RISK and
   INFORMATION ANALYTICS
7  GROUP, INC.
   and
8  SEISINT, INC. d/b/a ACCURINT
   and
9  CHOICEPOINT, INC.
   and
10 INTELIUS, INC.
   and
11 ORACLE CORPORATION
   and
12 DAYLIGHT CHEMICAL
   INFORMATION SYSTEMS, INC.
13 and
   YOSEF TAITZ, individually and as
14 Owner/CEO of Daylight Chemical
   Information Systems, Inc.
15 and
   DOES 1 through 186 INCLUSIVE
16
17                          Defendants.
18 
19 //
   //
20 //
   //
21 //
   //
22 //
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **PLAINTIFFS FIRST AMENDED COMPLAINT**

## I.   **NATURE OF ACTION**

1.     This is an action for permanent Injunctive relief enjoining the Defendants, Orly Taitz, Orly Taitz, Inc., Law Offices of Orly Taitz Defend our Freedoms Foundations, Inc., Neil Sankey, Todd Sankey, Sankey Investigations, Inc. and The Sankey Firm, Inc. from access to Plaintiffs private data; the publication of Plaintiffs private data; Invasion of Privacy; Invasion of Plaintiffs rights to Solitude; Placing Plaintiffs in a False Light; Disclosure of Private facts; Cyber-bullying; Cyber-stalking; Cyber-Harassment; Slander; Libel; Defamation; Malicious Prosecution; Abuse of Process; Intentional Infliction of Emotional Distress; and against Defendants, Reed Elsevier, Inc.; LexisNexis Group, Inc.; LexisNexis, Inc., LexisNexis Risk & Information Analytics Group, Inc.; Seisint, Inc. d.b.a. Accurint; ChoicePoint, Inc.; Intelius, Inc.; Daylight Chemical Information Systems, Inc; Yosef Taitz; and Oracle Corporation seeking compensatory; statutory penalties; and punitive damages due to Defendants' systematic and willful violation of *inter alia*, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.; the California Information Practices Act, California Civil Code §1798 et. Seq.; the California Investigative Consumer Reporting Agencies Act ("ICRAA"); California Civil Code §1786 et seq.; the California Consumer Reporting Agencies Act ("CCRAA"), California Civil Code

---

§1785.1l, §1785.14, §1785.19 and §1785.22;   Unfair Business Practices in violation of California Business Code §17200 et seq; Negligence, California Civil Code §1714(a); Breach of Duty, California Civil Code §1714(a); Invasion of Privacy; Right to be Let Alone (Right to Privacy); Defamation; Libel; Slander; Res Ipsa Loquitor Negligence and Emotional Distress.  This action also seeks to redress Defendants' unlawful invasion of the constitutional, common law and statutory privacy rights of the Plaintiffs under state and federal law; and seeks restitution and injunctive relief pursuant to the FCRA, CCRAA and California Business and Professions Code §17200 et seq. and to enjoin all the Defendants' unlawful conduct; recovery of actual damages; statutory damages; civil damages; punitive damages and other damages for Defendants' unlawful acts, disgorgement of all unjust gains and attorney fees and costs.

## II.   <u>JURISDICTION AND VENUE</u>

2.     This Court has general jurisdiction of this action pursuant to the provisions of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681p, Federal Question jurisdiction pursuant to 28 U.S.C. §1331 and diversity jurisdiction under 28 U.S.C. §1332.  This Court also has supplemental jurisdiction to consider claims arising under California State Law pursuant to 28 U.S.C. §1367.

3.     Venue as to Defendants is proper in this judicial district pursuant to 15 U.S.C. §1681p and 28 U.S.C. §1391.  Defendants reside in this District within the

meaning of 28 U.S.C. §1391(b) and (c), and they transact business, have agents, and otherwise have sufficient contacts within this District to subject them too personal jurisdiction herein. Moreover, the events outlined herein occurred in the State of California.

### III.  **PARTIES**

4.  Plaintiff, Lisa Liberi [hereinafter "Liberi"] is an adult individual who resides in the State of New Mexico;

5.  Plaintiff, Go Excel Global, is owned and operated by Lisa Ostella, with a business address of 2227 US Highway 1, #245, North Brunswick, NJ 08902-4402;

6.  Plaintiff, Philip J. Berg, Esquire [hereinafter at times "Berg"] is an adult individual who resides in the State of Pennsylvania;

7.  Plaintiff, The Law Offices of Philip J. Berg is a law firm, with a staff, owned and operated by Plaintiff Philip J. Berg, with a business address of 555 Andorra Glen Court, Suite 12, Lafayette Hill, PA 19444-2531;

8.  Plaintiff, Lisa M. Ostella [hereinafter "Ostella"] is an adult individual who resides in the State of New Jersey;

9.  Defendant, Orly Taitz a/k/a Dr. Orly Taitz [hereinafter "Taitz"] is a licensed Attorney with a business addresses of 29839 S. Margarita Pkwy, Rancho

---

Santa Margarita, CA 92688, and a home address of 31912 Monarch Crest, Laguna Niguel, CA 92677;

10.    Defendant, Law Offices of Orly Taitz is a business owned and operated by Orly Taitz with a business address of 29839 S. Margarita Pkwy, Rancho Santa Margarita, CA 92688;

11.    Defendant, Orly Taitz, Inc. is a business owned and operated by Orly Taitz and controls Defend our Freedoms Foundations, Inc.; and the Law Offices of Orly Taitz, with a business address of 29839 S. Margarita Pkwy, Rancho Santa Margarita, CA 92688;

12.    Defendant, Defend our Freedoms Foundation, Inc.   [hereinafter "DOFF"] is incorporated as a non-profit organization owned and operated by Defendants Orly Taitz, Inc. and  Orly Taitz a/k/a Dr. Orly Taitz with a business address of 29839 S. Margarita Pkwy, Rancho Santa Margarita, CA 92688;

13.    Defendant, The Sankey Firm, Inc. d/b/a The Sankey Firm [hereinafter "Sankey Firm"] is owned and operated by Todd Sankey and is a Private Investigation Company.  The Sankey Firm has a business address of 2470 Stearns Street, #162, Simi Valley, California, 93063;

14.    Defendant Todd Sankey is an adult individual and owner of The Sankey Firm, Inc.  with a business address of 2470 Stearns  Street, #162, Simi Valley, California 93063;

15.    Defendant Sankey Investigations, Inc. is incorporated in the State of California.  Sankey Investigations, Inc. is owned and operated by Neil Sankey and is a private investigation Company.  Sankey Investigations has a business address of 4230 Alamo Street, Simi Valley, CA 93063;

16.    Defendant, Neil Sankey [hereinafter "Sankey"] is an adult individual and owner of Sankey Investigations, Inc.  with an business address of 4230 Alamo Street, Simi Valley, CA 93063;

17.    Defendant Reed Elsevier, Inc. is a Massachusetts Corporation duly licensed, located and doing business in, the County of Los Angeles, State of California and throughout all fifty states as a data collector and disseminator.  At all relevant times, this Defendant has been a consumer credit reporting agency and an investigative Consumer Reporting Agency.

18.    Defendant LexisNexis Group, Inc. is a business entity believed to be a California Corporation, duly licensed, located and doing business in, but **not** limited to, the County of Los Angeles, State of California and other counties throughout the United States.  At all times relevant herein, this Defendant has been a Consumer Credit Reporting Agency and an Investigative Consumer Reporting Agency in the business of collecting, selling and distributing consumer information.

19.    Defendant LexisNexis, Inc. is a business entity believed to be an Ohio Corporation, duly licensed, located and doing business in, but **not** limited to, the County of Los Angeles, State of California and other counties throughout the United States.  At all times relevant herein, this Defendant has been a consumer Credit Reporting Agency and an Investigative Consumer Reporting Agency in the business of collecting, selling and distributing consumer information.

20.    Defendant LexisNexis Risk & Information Analytics Group, Inc. is a Florida Corporation, duly licensed, located and doing business in, but **not** limited to, the County of Los Angeles, State of California and other counties throughout the United States.  At all times relevant herein, this Defendant has been a consumer Credit Reporting Agency and an Investigative Consumer Reporting Agency in the business of collecting, selling and distributing consumer information.

21.    Defendant Seisint, Inc. d.b.a. Accurint is a Florida Corporation, duly licensed, located and doing business in, but **not** limited to, the County of Los Angeles, State of California and other counties throughout the United States.  At all times relevant herein, this Defendant has been a consumer Credit Reporting Agency and an Investigative Consumer Reporting Agency in the business of collecting, selling and distributing consumer information.

22.    Defendant ChoicePoint, Inc. is a Georgia Corporation, duly licensed, located and doing business in, but **not** limited to, the County of Los Angeles, State

of California and other counties throughout the United States.  At all times relevant herein, this Defendant has been a consumer Credit Reporting Agency and an Investigative Consumer Reporting Agency in the business of collecting, selling and distributing consumer information.

23.    Defendant Intelius, Inc. is a Washington Corporation, duly licensed, located and doing business in, but **not** limited to, the County of Los Angeles, State of California and other counties throughout the United States.  At all times relevant herein, this Defendant has been a consumer Credit Reporting Agency and an Investigative Consumer Reporting Agency in the business of collecting, selling and distributing consumer information.

24.    Defendant Oracle Corporation is a California Corporation, duly licensed, located and doing business in, but **not** limited to, the County of Los Angeles, State of California and other counties throughout the United States.

25.    Defendant Daylight Chemical Information Systems, Inc. is California Corporation, duly licensed, located and doing business in, but **not** limited to, the County of Orange and Los Angeles, State of California and other counties through-out the United States.

26.    Defendant Yosef Taitz is an individual who resides in Orange County, State of California and operates and the Owner, President and CEO of Daylight Chemical Information Systems, Inc., a business entity believed to be a

Corporation, duly licensed, located and doing business in, but **not** limited to, the

County of Orange and Los Angeles, State of California and other counties through-

out the United States.

27.    Does 1-186 are unidentified individuals and businesses that are

unknown to Plaintiffs as of this date, but participated in the events causing

Plaintiffs Damages.   Plaintiffs are ignorant as to the names of these additional

parties as of this date.

## IV.    THE NAMING OF "DOE" DEFENDANTS

28.    Plaintiffs have learned the names of certain "DOE Defendants", since

the filing of their original complaint, at which time they were ignorant of the actual

names.   Therefore, Plaintiffs are replacing "DOE Defendants" with Todd Sankey,

the owner of The Sankey Firm, Inc.; Law Offices of Orly Taitz; Orly Taitz, Inc;

Yosef Taitz; Daylight Chemical Information Systems, Inc; Reed Elsevier, Inc.;

LexisNexis Group, Inc.; LexisNexis, Inc.; LexisNexis Risk and Information

Analytics Group, Inc.; Seisint, Inc. d/b/a Accurint; ChoicePoint, Inc.; Intelius, Inc.;

Oracle Corporation;

//
//
//
//
//
//
//
//

## V. FACTUAL ALLEGATIONS PERTAINING TO DEFENDANTS ORLY TAITZ, LAW OFFICES OF ORLY TAITZ, ORLY TAITZ, INC., DEFEND OUR FREEDOMS FOUNDATIONS, INC., NEIL SANKEY, TODD SANKEY, SANKEY INVESTIGATIONS AND THE SANKEY FIRM, INC.

29.     At all times mentioned herein, all actions, including postings on the Internet, by Orly Taitz were done as an Attorney and an Officer of the Court by and through the Law Offices of Orly Taitz and as the President of her corporations, Orly Taitz, Inc.; and DOFF.

30.     At all times mentioned herein, Defendant Neil Sankey acted on behalf of Sankey Investigations, Inc. and on behalf of and through his son, Todd Sankey and his company, The Sankey Firm, Inc. [hereinafter "The Sankey Firm"] to conduct his acts which severely damaged the Plaintiffs.  In so doing, Sankey used Sankey Investigations, Inc., Todd Sankey and The Sankey Firm's accounts with the Reed Defendants and Defendant Intelius, Inc.; to seek Plaintiffs Ostella and Liberi's private data and credit reports, without any type of authorization from the Plaintiffs and/or a permissible purpose.  Further, at all times mentioned herein, Plaintiffs believed their data was private and expected the same.

31.     Taitz as an attorney by and through the Law Offices of Orly Taitz and her corporations, Orly Taitz, Inc. and DOFF began calling Berg seeking help with their litigation.  Berg asked Liberi to return Orly Taitz's call.  Liberi returned Taitz's call at the end of November 2008, Taitz wanted help with a Writ of Cert,

---

which Liberi declined.   Taitz also wanted assistance in becoming licensed to practice in the U.S. Supreme Court.   Liberi explained to Taitz the procedure, the forms, etc. which needed to be followed.   Liberi even sent Taitz the forms.   Taitz wanted Berg to sponsor her in the U.S. Supreme Court for membership to practice law.   Liberi told Taitz that Berg would **not** and could **not** sponsor her as he had **not** known her the prerequisite year.   Taitz said people do it all the time. Liberi explained to Taitz that Berg would **not** lie to the Court.   Taitz was **not** happy with Liberi's refusal to help her.

32.   Shortly thereafter, Taitz put out all over the Internet that Berg's cases were really Lisa Liberi's cases and Liberi was the brains behind Berg.

33.   Taitz continued calling Berg's office.   Berg told Taitz due to her unethical and illegal tactics, misquoting Supreme Court Justices, chasing Judges around the Country, etc., that he would **not** have anything to do with her.

34.   As a result, Taitz put out all over the Internet that she was going to take Berg down and to do so, she was going to destroy his paralegal, Lisa Liberi, which she did.   Taitz in her filing appearing as Docket Entry No. 108 filed September 24, 2009 made a statement which Plaintiffs incorporate as an Admission to this threat.   See Taitz filing of September 24, 2009, Docket Entry No. 108 at page 2, ¶2, last sentence.

---

35.     At **no** time did Berg or Liberi ever work with Taitz.  In fact, Liberi had never even met Orly Taitz or seen her in person until December 20, 2010, during a Court proceeding in the within Action.

36.     Orly Taitz set up the business name of Defend our Freedoms Foundation, Inc. as a non-profit Organization with a Federal Tax Identification number of 26-4328440, according to Taitz.  **But,** when you attempt to verify the Federal Tax Identification number it comes back invalid[1]. Ostella started setting up a PayPal for this entity in December 2008.

37.     Taitz started a blog-site called drorly.blogspot.com, in early fall of 2008. Taitz was referred to Lisa Ostella by Markham Robinson of the American Independent Party.  Taitz started calling Ostella for help with her site and left Ostella several voicemails before Ostella followed up with her.  Ostella became an assistant webmaster.  Taitz had a website for her dental practice at drtaitz.com.  On or about December 22, 2008, Taitz sent an email to her head webmaster, Bob Stevens (Not real name, but what he went by) and Ostella stating that 'Obama Thugs' took down her website, drtaitz.com.  Taitz wanted this posted on her drorly.blogspot.com. Ostella wouldn't let Bob Stevens post this information until Ostella knew what happened.  Ostella started looking into what happened to Taitz's website, http://www.drtaitz.com. Taitz domain was pointed away from the

---

[1] http://www.melissadata.com/lookups/np.asp?zip=26-4328440&submit1=Submit

site.  Taitz said she told her webmaster of that site to add a traffic program and that

must have been what happened to the site.  Taitz offered to give Ostella her (Taitz)

business site accounts to handle.  Ostella looked up the site in Domain Tools whois

history to see who Taitz webmaster was for drtaitz.com.  The site was created by

her husband, Yosef Taitz. Orly Taitz never transferred her business accounts to

Ostella after Ostella learned this information**.**

      38.  On December 24, 2008, Bob Stevens sent a program description of

HaloScan's Js-Kit blog management system to Orly Taitz.  Taitz authorized the

installation of this program on her website drorly.blogspot.com and had

administrative access in the control panel of this program.  This JS-Kit had some

nefarious functions and Taitz authorized those functions through the control panel.

At this time, Ostella assumed it was because Taitz did **not** understand the internet.

The JS-Kit was a third [3rd] party program that was added to drorly.blogspot.com.

This program was collecting information from everyone who was visiting and

posting at Taitz website (drorly.blogspot.com) and transferring the individuals'

private data to an unknown server.  Taitz was well aware of these functions as she

authorized them and had the head webmaster install the software on December 24,

2008. Bob Stevens, Taitz Webmaster, email back and forth to Taitz regarding the

"Haloscan" (JS Kit) is attached hereto and incorporated in by reference as

**EXHIBIT "1"**.  Plaintiff Ostella is unsure as to who all the emails went to as the header information was removed before being sent to Ostella.

39.    The data transfer took place via a java script program plus a **DOS command called 'put' that enables a file transfer protocol or FTP**.  The java program is what caused trouble with people using Taitz's website located at drorly.blogspot.com.  Most computers are set up with security firewalls that do **not** allow easy data collection.   January 8, 2009, Neil Sankey, a researcher that was working with Taitz since Fall 2008, emailed Ostella because Taitz authorized a form submit to be added to drorly.blogspot.com for anonymous tips.  These "tips" were to be submitted to Sankey for immediate investigation.  Ostella contacted Sankey back to tell him we couldn't have an anonymous form submit added unless and until Taitz allowed Ostella to have that JS-Kit removed from drorly.blogspot.com.

40.    Ostella    purchased    and    owned    the    defendourfreedoms.us, defendourfreedoms.com,   defendourfreedoms.org,   defendourfreedoms.net   and defendourfreedoms.info, websites and she maintained them on the server that she (Ostella) paid for in December 2008.  Ostella brought Taitz over to use these websites, defendourfreedoms.us and defendourfreedoms.org at the end of January 2009 when drorly.blogspot.com started to redirect traffic to porn sites.  Ostella was supporting Taitz because Taitz told her that Defend Our Freedoms was being set

---

up to fight voter fraud. Ostella has always been involved with politics, campaigns and causes.  So when Ostella saw the antics with the java script program on the other blog (drorly.blogspot.com), and it was never clear on how much Taitz realized was going on, Ostella took Taitz over to use Ostella's accounts at the end of January 2009.  All of the DefendOurFreedoms domain names were and are on Ostella's web accounts.

41.    DefendOurFreedoms.org, owned by Lisa Ostella was hosted at Ostella's server.  It was a stand-alone server on rack rental at HE.Net.  Ostella had full access to this server and no other accounts were on this server but hers.

42.    As for DefendOurFreedoms.us, that was hosted at GoDaddy under Ostella's reseller account.  This domain did **not** point to a website, it pointed to a blog.   Specifically, it pointed to QuickBlogcast.   This is very important to understand.  A blog is **not** a website.  The domain points to a database label.

43.    None of the DefendOurFreedoms websites were ever hacked or sabotaged, as Taitz claimed.  Being unable to access a website due to network latency does **not** equal "hacking".  Traffic, congestion, line repairs affect network flow and all can always be checked on the Internet Traffic Report[2].

44.    Another webmaster who goes by "creativeogre" and Ostella called Taitz and explained to Taitz her websites had never been hacked.

---

[2]  http://www.internettrafficreport.com

45.     On or about March 9, 2009 an issue arose with Taitz not receiving donations.  (There was **no issue** with her PayPal account).  Taitz's email on the blog site was changed from orly.taitz@gmail.com to orly.taitz@gmail.org. (Taitz's PayPal account **was never** changed)  The PayPal donation scripting was located on the sidebar of the DefendOurFreedoms.us blogsite.  There were a total of six [6] people at that time with access to the scripting of that blog.  Some were moderators to the comments section others had administrative access like Ostella and Taitz.  All access levels had access to the blog sidebar.  More than likely, the email was changed by accident with someone adding or deleting from the sidebar.  Taitz claimed sabotage and hacking.   That email being changed did **not** cause any monies to be **stolen** from Taitz.  There is no PayPal account with the email ID of orly.taitz@gmail.org.  Any donations sent to this email would have defaulted back to the sender unclaimed.  But Taitz included this incident in Dossier #5.

46.     Bob Stevens, Taitz's Head Webmaster created four [4] e-mail accounts for Taitz.  Taitz was supplied all her e-mail accounts which included, amongst others, dr.taitz@gmail.com.  Despite knowing this was her own e-mail address, Taitz sent a mass e-mailing out with the statement that her Paypal account had been "hacked" and she was accusing President Obama and his "thugs" and posted the statement on her website, and all over the Internet knowing it to be

false, see Taitz's post attached hereto and incorporated in by reference as **EXHIBIT "2"**.

47.    Despite the fact Taitz was well aware her websites and PayPal accounts had **never** been "hacked" or tampered with, on or about April 2, 2009, Taitz wrote to the U.S. Supreme Court Justices seeking help in an investigation regarding a criminal complaint she had filed with the Federal Bureau of Investigations regarding hacking into her websites and tampering of her PayPal accounts, and other things.   Taitz sent this same letter to the Secret Service and other Governmental Law Enforcement Agencies.   Taitz was aware the information she gave to the Federal Bureau of Investigations was false and she was well aware she was filing a false report.   Taitz also posted this letter on the Internet at http://defendourfreedoms.net/2009/04/02/open-letter-to-the-supreme-courtrequest-of-cooperation-with-the-fbi-investigation.aspx, which is still available online.

48.    As a result of the false reports made by Orly Taitz to the Federal Government, Ostella informed Taitz that she must clear up the false reports or Ostella was removing Taitz from her websites and server.   Taitz refused to clear this matter up and refused to retract her falsified police reports.   When Taitz refused to clear up this report, Ostella told Taitz she had to move her sites.   Taitz asked Ostella to give her thirty [30] days so she would be able to find a new host.

---

49.     Instead of Taitz locating a new server, she gave an interview to World Net Daily on April 4th, 2009, which is posted on the Internet at http://www.worldnetdaily.com/index.php?fa=PAGE.view&pageId=93832 elaborating on her scheme to mislead the public and law enforcement into believing her websites and PayPal accounts were "hacked" and "sabotaged". Again, Taitz was well aware none of these events took place.

50.     Although Ostella continued informing and explaining to Taitz her websites had never been "hacked", Taitz continued to spread the falsified story. As a result, Ostella told Taitz she had to immediately move her sites.

51.     Taitz found a person by the name of Jesse Smith who was to be her new web host.  She authorized Ostella to transfer the domains to him.  Jesse Smith first contacted Ostella on April 9, 2009.  Ostella told him to initiate the transfer. Jesse Smith started the initiation on April 10, 2009 through Network Solutions. Ostella accepted the transfer request and the transfer process started.

52.     Defendourfreedoms.us was **not** a website.  It is a blog.  The domain pointed to a database label.  Normally, when a domain is transferred from a website, the domain just switches from the one site to the new site smoothly.  It will leave the old site still showing; but with the virtual host name.  In order to move a blog site, which is a database, the account would delete when the transfer activates.     To  protect  all  the  data,  Ostella  moved  the  account  onto

DefendOurFreedoms.Net, then unlocked the domain, defendourfreedoms.us and authorized the transfer. For whatever reason, this outraged Taitz and Taitz accused Ostella of being defiant.

53. On April 12, 2009, Taitz went on the Evil Conservative radio, WVOX 1460 AM in NYC and told the audience that Ostella had threatened her and altered the focus of her story onto the PayPal account. This interview is still available online at http://www.evilconservativeonline.com/2009/04/orly-taitz-update-site-moving.html.

54. For protection purposes, Ostella locked the website access of all of her (Ostella's) websites. Ostella changed the PayPal script in the donations button to reflect her own account on **defendourfreedoms.net,** **redirected** defendourfreedoms.us, the site Taitz was using, to point to a lawsuit by someone named Arnold Beverly and removed Taitz's accounts from the site. Ostella placed notifications on all her webpages that the sites were **no** longer Taitz's Defend our Freedom Foundation, Inc. and Ostella posted "**Understanding the Internet 101**" at http://defendourfreedoms.net/2009/04/12/understanding-the-internet-101.aspx to ensure people understood Taitz's sites were never "hacked". It is important to note, Ostella's PayPal account was never on the site Taitz was using, defendourfreedoms.us.

55.     Once Ostella posted "**Understanding the Internet 101**", she received a Ceize [sic] and Desist from Taitz demanding that Ostella stop using the Defendourfreedoms websites, which at all times were owned by Ostella.   Taitz "Ceize   [sic]   and   Desist   was   also   posted   by   Orly   Taitz   at http://216.221.102.26/blogger/post/Cease-and-Desist-letter-sent-to-Lisa-Ostella.aspx. Taitz as an attorney also sent this "Ceize" [sic] and Desist out in mass emailing.  Ostella at all times owned the domains and servers where the domains were located.

56.     Taitz began changing her story to focus on "hacking" of her PayPal account, even though it never happened.  Taitz was literally telling people that her PayPal account was "hacked", knowing this to be false.  In fact, there is **no** way Taitz's PayPal account could have been hacked.   PayPal's servers that hold individuals' private data are **not** connected directly to the internet.   There are servers in between.  So the server an individual logs into in order to access their PayPal account, is **not** the same server that houses the information.  If someone was able to break into that system, PayPal would have had to notify all customers of a breach and shut all processes down to investigate.  Taitz literally had people thinking that her e-mail address was changed from within the PayPal account, again knowing this information to be false.

57.    It should be noted; Taitz **never** launched an investigation with PayPal in reference to her "hacking" allegations.  Instead, Taitz made blatant statements saying money was stolen out of her account.  Again, the entire time knowing this information was false.

58.    Because of Taitz false statements regarding her PayPal account being "hacked", Ostella posted "**Understanding the Internet 102 – PayPalGate**" which is still available online at http://defendourfreedoms.net/2009/04/14/understanding-the-internet-102—paypalgate.aspx

59.    The change was in the e-mail address on the blogsite.  Originally, the PayPal donate code on the blogsite was in an encrypted script that PayPal makes available for copying and pasting into blogs and websites.  But GoDaddy made some updates in the design in **February 2009**.  The updates didn't function with the PayPal script encryption.  See the e-mail received from GoDaddy, attached hereto and incorporated by reference as **EXHIBIT "3"**.

60.    On April 12, 2009, Ostella received the following e-mail containing false and incomplete information further slandering Ostella. See the email attached hereto and incorporated in by reference as **EXHIBIT "4"**.  This e-mail was sent to an unknown number of undisclosed recipients as well as carbon copied to Ostella and the Chicago FBI.

61.   On or about March 16, 2009, Neil Sankey by and through his son, Todd Sankey; The Sankey Firm and Sankey Investigations, Inc. began circulating an article which he had altered to say that Liberi had an extensive criminal record going back to the 1990's, see Neil Sankey's email with the altered article attached hereto and incorporated in by reference as **EXHIBIT "5".**  Note, this email is signed by Neil Sankey of The Sankey Firm and shows Sankey's email address as nsankey@thesankeyfirm.com.  This particular article is from a blog on the Internet. Berg on behalf of Liberi sent a Cease and Desist to the blog site to remove the article as it was **not** correct.  But, to add insult to injury Sankey altered the article to appear even worse against Liberi as depicted in **Exhibit "5"**.  The blog site article, unaltered, is attached hereto and incorporated in by reference as **EXHIBIT "6"**.  As you can see, **Exhibit "6"** does **not** contain any statement that Liberi has a criminal history going back to the 1990's. Liberi does **not** have a criminal record going back to the 1990's.  It should also be noted, Neil Sankey was also working under his son, Todd Sankey's Private Investigator's license.

62.   During this same time, Taitz as an Attorney and an Officer of the Court began putting out a "supposed" criminal rap sheet of Liberi.  Taitz was accusing Liberi of being a career document forger; a thief; that Liberi had been convicted of numerous forgeries; and having a long rap sheet and therefore, Liberi

---

should **not** be working on any cases because it discredits the litigation that a "career" document forger handled the documents.

63.     Taitz statements are far from the truth. **Liberi was not convicted of forging documents or of forgery**.

64.     On or about April 8, 2009, Taitz as an attorney by and through the Law Offices of Orly Taitz and as President of Orly Taitz, Inc. and DOFF contacted Neil Sankey, a private investigator and owner of Sankey Investigations.  Sankey is "supposedly" a retired Scotland Yard Officer/Detective.  Taitz by and through the Law Offices of Orly Taitz hired Sankey, Sankey Investigations, Inc. and The Sankey Firm owned and operated by Todd Sankey, to conduct background checks on Liberi and Ostella, including credit reports, full Social Security numbers, date of birth's, place of birth's, mother's maiden names, primary identification information, medical information, sealed case information, including but **not** limited to adoption records, paternity files and disciplinary documents, family names and addresses, maiden names, friends names and addresses, financial records, credit reports, and other private confidential information.  Without any type of a permissible purpose, legal basis, and/or permission from Liberi and/or Ostella, Neil Sankey complied and took on the task for Orly Taitz and the Law Offices of Orly Taitz.

65.     Neil Sankey used his son's Todd Sankey and The Sankey Firm, Inc.'s Reed Elsevier, Inc. (LexisNexis, Inc., LexisNexis Group, Inc., LexisNexis Risk and Information Analytics Group, Inc., Seisint Inc. d/b/a Accurint; and ChoicePoint, Inc. [hereinafter at times "Reed Defendants"]; and Intelius, Inc. accounts to obtain all Plaintiff Liberi and Ostella's private data.

66.     Taitz was well aware of where Sankey was obtaining the information on Plaintiffs Liberi and Ostella.  In or about January 2009, Taitz posted on her website      at      http://drorly.blogspot.com/2009/01/follow-up-on-fraudulent-information.html "Follow up on Fraudulent Information" where Taitz states the information came from "databases: Lexis Nexis and Choice point. Lexis Nexis is owned by Reed Elsevier, that is headquartered in London and Amsterdam. Choice Point was purchased by Reed Elsevier as well and was turned into Risk and Information Analysis group.", see Taitz post attached hereto as **EXHIBIT "7"**.

67.     Neil Sankey then sent Orly Taitz an email with Liberi's full Social Security number, a partial of Liberi's old Social Security number (Liberi's Social Security number was changed in 2000 as a result of her and her son being victims of violent type crimes, including stalking), Liberi's husband's name, date of birth, and partial Social Security number; a friend of Liberi's name, date of birth and partial Social Security number; Liberi's date of birth, maiden name, residence, and other private data, see Neil Sankey's Email attached hereto and incorporated in by

reference as **EXHIBIT "8"**.  Please note, again Sankey signed his email "Neil
Sankey, The Sankey Firm and used email address "nsankey@thesankeyfirm.com".
Neil Sankey also sent this email to a reporter with World Net Daily.  Along with
this email of private data pertaining to Liberi, her husband and friends, Neil
Sankey included the altered article claiming Liberi had a criminal history going
back to 1990.  Along with Sankey's email and article was also a supposed "rap"
sheet of Liberi.  It should also be noted, Neil Sankey was also working under his
son, Todd Sankey's Private Investigator's license.

68.    Defendants Orly Taitz and the Law Offices of Orly Taitz already had
Liberi and Ostella's private data from the Reed Defendants and Defendant Intelius,
Inc. as a result of her husband Yosef Taitz, Daylight Chemical Information
Systems, Inc. [hereinafter at times "Daylight CIS"] and Oracle as better explained
below.

69.    On or about April 12, 2009, Berg received an e-mail from Taitz by
and through the Law Offices of Orly Taitz stating he was to "Ceize and Desist"
[*sic*] from using Taitz's Quo Warranto, which Taitz claimed was sent to Berg
inadvertently.   In this same e-mail, Taitz made false allegations claiming his
(Berg's) Paralegal, Lisa Liberi had an extensive criminal record involving amongst
other things identity theft.  Taitz went on further in her e-mail to Berg that Liberi's
husband was currently on parole and he had set up two (2) accounts accepting

---

*Liberi, et al v. Taitz, et al*, Case No. 8:11-cv-00485 (AG), Plaintiffs First Amended Complaint          26

credit cards on Berg's "charitable foundation", again all of which was falsified and fabricated by Taitz. Taitz in her e-mail stated as an officer of the Court she was obligated to send the information to the "FBI", Attorney General of California and San Bernardino County District Attorney since Lisa Liberi had an eight [8] year conviction in San Bernardino County, California. Taitz in her e-mail informed Berg that she believed that Berg, as an Officer of the Court, as well and a former Assistant Attorney General of Pennsylvania, should join her in issuing a joint Complaint and demand for investigation from the authorities. Taitz then forwarded the e-mail addressed to Berg to an undisclosed number of recipients. Taitz's email is attached hereto and incorporated in by reference as **EXHIBIT "9"**.

70. Liberi then received an e-mail from Mr. Hale claiming Lisa Liberi was stealing money from Taitz's PayPal account. Mr. Hale's e-mail was forwarding the April 12, 2009 email sent to Berg to Ceize [sic] and Desist which Taitz as an Attorney by and through the Law Offices of Orly Taitz sent out by mass emailing, see **Exhibit "9"**,. In Taitz email attached as **Exhibit "9"** she falsely claims Liberi's husband was on "parole" and had two (2) accounts accepting donations on Berg's website, which was completely false. At all times, Taitz and Mr. Hale were well aware this information was false and untrue. A true and correct copy of this email is attached hereto and incorporated in by reference

---

as **EXHIBIT "10"**.   Taitz's email, **Exhibit "9"** was also placed on Ed Hales website at http://www.plainsradio.com.

71.    Berg does **not** have a charitable foundation website.  He does have a website with a donation button which allows people to donate one (1) of two (2) ways, PayPal or by a separate credit card company, which Berg is the only party with access.

72.    Moreover, Liberi had **nothing** to do with the web-mastering of his (Berg's) website, Taitz website or any other website.  The coding for the donate buttons and the accounts which donations go into are all done by a third party webmaster and is all traceable. In addition, Liberi did **not** and does **not** fundraise for Berg, as falsely claimed by Taitz.  Nor had Liberi been to Taitz's website prior to April 17, 2009 when Taitz put out dossier #6.

73.    Berg never received the "supposed" Quo Warranto Taitz is referring to above, nor has he seen it.

74.    Plaintiffs then learned Orly Taitz by and through the Law Offices of Orly Taitz had people go onto among others, Berg's website at obamacrimes.com, download all the briefs investigated and prepared by Berg and his assistant, copy the contents and Taitz then filed the briefs in Court claiming the work to be hers, again which is plagiarism of Berg's and his assistant's work, which is owned by the Law Offices of Philip J. Berg.

---

75.   On or about April 14, 2009, Liberi received an e-mail from a third party that contained a post on Plains Radio at http://pub29.bravenet.com/forum/2442810129#bn-forum-1-1-2442810129/8/1006820/show owned by Mr. and Mrs. Hale, associates of Orly Taitz.  The post was made by "Katy" and states Katy received an e-mail from Taitz falsely claiming her PayPal account had been "hacked" and falsely accusing Ostella of tampering and interfering with her donations and website.  The post also gives the FBI information as to who Taitz by and through the Law Offices of Orly Taitz reported her false accusations to.   This post is attached hereto and incorporated in by reference as **EXHIBIT "11"**.  This same e-mail was also sent to an unknown number of undisclosed recipients.

76.   April 15, 2009, Taitz as an Attorney and an Officer of the Court sent a Letter to the FBI and Department of Justice filing criminal complaint against Ostella claiming Ostella was stealing from her, see this letter attached hereto and incorporated in by reference as **EXHIBIT "12"**.

77.   Again, Taitz was aware all this information was false.  Ostella is a Webmaster by trade, Taitz was maliciously slandering and posting libel about Ostella to punish and harm Ostella for telling the truth.

78.   April 14, 2009, Taitz by and through the Law Offices of Orly Taitz was on a blog talk radio station, Dame Central & Dr. Kate, which is an Internet

---

blog talk radio program and is still available on the Internet at http://blogtalkradio.com/My-Two-Cents.  The entire time Taitz was on the air she did nothing but ridicule, make false statements, persecute, and disclose private facts about Liberi.

79.    On or about April 17, 2009 at approximately 9:31 a.m. Taitz, as an attorney by and through the Law Offices of Orly Taitz and as an officer of the court through the Law offices of Orly Taitz sent out a mass e-mailing of false statements in a document Taitz called "dossier #6", pertaining to Liberi, Ostella, Berg and the Law Offices of Philip J. Berg.   Taitz published personal identifying information regarding Liberi including her full Social Security number, date of birth, residence information, her husband's partial Social Security number and date of birth along with an altered and fabricated article pertaining to Lisa Liberi (the emails which Taitz received from Sankey and The Sankey Firm).  Taitz made many false statements including but **not** limited to the following: Ostella locked Taitz out of her website instead of transferring the access codes and domains; Ostella posted bizarre defamatory statements that Taitz authorized hacking into her own account; Taitz claimed she received reports that some defamatory comments were made under alias usually used by Lisa Liberi; Taitz insinuated Ostella was taking monies donated to her; Liberi had an extensive criminal record going back to 1990; Liberi, among other things, engaged in falsification of police reports,

manipulation of credit bureau reports; counterfeiting of court documents; Liberi had to pay Twenty-One Thousand [$21,000] Dollars per month in restitution; Liberi launched vicious attacks against Taitz and then states Liberi disagreed with her and this was the vicious attack, see Taitz dossier #6 attached hereto and incorporated in by reference as **EXHIBIT "13"**.

80.     Taitz dossier #6 incited violence against Liberi, Ostella and Berg inferring that they were "obots", President Obama's supporters and needed to be "purged".

81.     Dossier #6, by Taitz own admission, was an open letter posted on the internet and forwarded to 26,000 outlets of US and international media on April 17, 2009.  In addition, Taitz sent this e-mail to an unknown number of undisclosed recipients asking them to post the information on their website.

82.     Moreover, Taitz by and through the Law Offices of Orly Taitz sent this dossier #6 to Attorney General Eric Holder; Solicitor General Elena Kagan; Director of FBI Robert Mueller; FBI Cyber Crime division, Orange County CA, Officer Nathan Le; Director of Secret Service Mark Sullivan; Chief of Security of the Supreme Court, Officer Christine Giaccio; Chief Justice of the Supreme Court John Roberts; and Legal Counsel to the Chairman of Joint Chiefs of Staff Admiral Mullen, Captain Crawford.  See Taitz email with dossier #6 attached hereto and incorporated in by reference as **EXHIBIT "14"**.  Please note, this is only one of

Taitz's emails, but she sent out thousands of emails to a hundred recipients at a time on numerous occasions and dates.

83.     In addition, on numerous other dates, Orly Taitz by and through the Law Offices of Orly Taitz continued reposting and republishing her dossier #6 on her website and on the Internet which was set to refresh every three (3) hours; and was sent out through numerous RSS feeds to an unknown amount of third party websites and individuals.   Thus, millions of individuals received dossier #6, including internationally and dossier #6 with Liberi's private primary identification information was republished on the Internet millions of times.   In fact, Taitz's dossier #6 is still online with Liberi's full Social Security number, date of birth and other private data at http://www.oilforimmigration.org/facts/?p=1478.   Taitz continued republishing dossier #6 with Liberi's full Social Security number and other private data even after she (Taitz as an attorney in pro se and representing DOFF) told Judge Robreno in the U.S. District Court, Eastern District of Pennsylvania on June 25, 2009 that dossier #6 **no** longer contained Liberi's Social Security number.   Judge Robreno issued an open Order in Court that no Social Security numbers were to be published, see **EXHIBIT "15"**, which is the June 25, 2009 transcript.   Taitz continued republishing her dossier #6 all over the internet and on her website refreshing every three [3] hours and going out continually through RSS fees, twitter, facebook and other social networks after her statements

to the Court on June 25, 2009 and after Judge Robreno's Orders. In fact, Taitz still

to this date has dossier #6 on her website at http://www.orlytaitzesq.com/wp-

content/uploads/2010/01/Dc279.doc, though she removed the last four (4) of

Liberi's Social Security number this year (2011).

84.    April 17, 2009, Taitz filed a false police report with the Orange

County Sheriff's Department against Liberi and Ostella claiming they were the

same person and had stolen ten thousand dollars [$10,000.00] from her.  See the

Orange County Sheriff's Department Report attached hereto and incorporated in

by reference as **EXHIBT "16"**

85.    Taitz as an Attorney and an Officer of the Court by and through the

Law Offices of Orly Taitz and as President of DOFF and Orly Taitz, Inc.

continued posting on her website at the following links, mass emailing, postal

mailing false statements, including but **_not_** limited to, Liberi had a long criminal

"rap sheet"; that Ostella was stealing monies from her; that Liberi and Ostella were

diverting funds from DOFF; that Liberi and Ostella "hijacked Taitz blog/website";

that Liberi had been convicted of document forgery; that Liberi was a career

forger; that Liberi had current criminal charges against her; that Liberi murdered

her sister; that Liberi was in violation of her probation; Taitz continued posting on

her website encouraging her readers and supporters to file law enforcement reports

against Liberi and Ostella based on Taitz false allegations; that Liberi, Ostella and

---

Berg were harassing her (Taitz); encouraging her readers and supporters to call the Probation Departments in San Bernardino County, CA and Santa Fe, NM to have Liberi arrested; illegally publishing Liberi's family photo; illegally publishing a picture of Liberi claiming it was a "mug shot"; falsely accusing Ostella of having a criminal record; falsely accusing Liberi of being convicted of crimes she had never been convicted of; falsely accusing Liberi's husband of crimes; that Liberi, Berg and Ostella were slandering, libeling, defaming and committing crimes against her (Taitz); giving private information regarding Liberi and Ostella, including maiden names, mother's maiden names, address information, asking her supporters and readers to pull additional information on Plaintiffs, including voter records, Social Security numbers, past addresses, cyber-stalking; cyber-harassing; and cyber-bullying Plaintiffs; Taitz continued asking her readers and supporters for help with Liberi and Ostella; and many other private and false statements which constitute cyber-stalking, cyber-harassment and cyber-bullying:

(a) 4/17/09     http://216.221.102.26/blogger/post/More-on-Lisa-Liberi-contact-her-probation-officer-in-Santa-Fe-New-Mexico-505-827-8627-She-is-not-allowed-to-be-anywhere-near-other-peoples-credit-cards.aspx: "*More on Lisa Liberi, contact her probation officer in Santa Fe New Mexico 505-827-8627. She is not allowed to be anywhere near other people's credit cards, By Orlytaitz April 17, 2009*", see **EXHIBIT "17"**.

(b) 4/17/09    http://216.221.102.26/blogger/post/More-on-Lisa-Liberi-contact-her-probation-officer-in-Santa-Fe-N... "*Follow up on FBI*", see **EXHIBIT "18"**.

(c) 4/18/09    http://www.orlytaitzesq.com/blog1/?p=36 and http://www.orlytaitzesq.com/?p=36 "*Follow up on Lisa Liberi, paralegal to Phil Berg*" see **EXHIBIT "19".**

(d) 4/18/09    http://www.orlytaitzesq.com/blog1/?p=71, and http://www.orlytaitzesq.com/?p=71 entitled "*Don't be fooled*" see **EXHIBIT "20"**.

(e) 4/18/09    http://www.orlytaitzesq.com/blog1/?p=119 and http://www.orlytaitzesq.com/?p=119 "*Every day I get such evidence of missing or misdirected funds*" see **EXHIBIT "21"**. Taitz includes a PayPal receipt for a donation in the amount of twenty-five dollars [$25.00] donated on January 19, 2009 by Joseph Iadarola and Taitz claims she did **not** receive it. Taitz PayPal records clearly show this particular donation, was received by Taitz and transferred into her (Taitz) Bank of America account ending in 7227. See **EXHIBIT "22"**, Taitz's PayPal Account ending in 4372, **this donation is located on page 10 (Jan. 19, 2009 at 17:52:44)** and **EXHIBIT "23"** Taitz PayPal Account ending in 4949.

(f) 4/20/09 Taitz went on Mr. Hale's radio show on at 9:00 p.m.  Orly Taitz did nothing but give false statements about Ostella and Liberi, as outlined above.

(g) 4/20/09            http://www.orlytaitzesq.com/blog1/?p=177            and http://www.orlytaitzesq.com/?p=177 "*This was sent to Phil Berg, Gary Kreep, Alan Keyes and a few other parties*"  In this post Taitz has a header stating "*About Lisa Ostella-don't patronage diverting funds from a nonprofit, don't be part of slander*"  see **EXHIBIT "24".**

(h) 4/21/09            http://www.orlytaitzesq.com/blog1/?p=195            and http://www.orlytaitzesq.com/?p=195 "*Update on Lisa Ostella and Lisa Liberi*" see **EXHIBIT "25"**. This also went out by mass emailing as Mr. Berg received a blind copy the subject "*Fwd: Ms. Ostella actions are illegal...SUE HER!!!*", see **EXHIBIT "26"**.

(i) 04/22/2009  http://www.orlytaitzesq.com/?p=209 "*From Rush Limbaugh*" see **EXHIBIT "27"** on the last page, comment numbers ten [10] through twelve [12].

(j) 4/23/09            http://www.orlytaitzesq.com/blog1/?p=246            and http://www.orlytaitzesq.com/?p=246 a post from one of her supporters, James Sundquist which contained Ostella's home address and telephone number and many false statements that Ostella stole from Taitz.   see **EXHIBIT "28"**.

---

(k) 05/01/09 http://www.orlytaitzesq.com/blog1/?p=513 and http://www.orlytaitzesq.com/?p=513 "*More attacks on me, More indepth research is done in spite of attacks*" see **EXHIBIT "29"**.

(l) 05/09/09 http://www.orlytaitzesq.com/blog1/?p=759 and http://www.orlytaitzesq.com/?p=759 "*check public records for yourselves, see that I am providing truthful information*" see **EXHIBIT "30"**.

(m) 5/7/09 http://www.orlytaitzesq.com/blog1/?p=772 and http://www.orlytaitzesq.com/?p=772 "*From 12th Generation American to Berg, return my donation*", see **EXHIBIT "31"**.

(n) 5/8/09 http://www.orlytaitzesq.com/blog1/?p=807 and http://www.orlytaitzesq.com/?p=807 "*I need two articles and update on Lisa Liberi*" see **EXHIBIT "32"**.

(o) 5/8/09 http://www.orlytaitzesq.com/blog1/?p=830 and http://www.orlytaitzesq.com/?p=830 "*from another attorneys*", see **EXHIBIT "33"**.

(p) 05/09/09 http://www.orlytaitzesq.com/blog1/?p=834 and http://www.orlytaitzesq.com/?p=834 "*Information update on both Liberi and Obama*" see **EXHIBIT "34"**.

(q)  05/11/09            http://www.orlytaitzesq.com/blog1/?p=945            and

http://www.orlytaitzesq.com/?p=945 "*Update on Obama investigation and

Liberi investigation*" see **EXHIBIT "35"**.

(r)  05/11/09            http://www.orlytaitzesq.com/blog1/?p=893            and

http://www.orlytaitzesq.com/?p=893 "*From writer and reader Martin

Pinsky*", see **EXHIBIT "36"**.

(s)  5/11/09            http://www.orlytaitzesq.com/blog1/?p=954            and

http://www.orlytaitzesq.com/?p=954, see **EXHIBIT "37"**.

(t)  5/13/09 http://www.orlytaitzesq.com/?p=978 "*I need to get more answers*"

see **EXHIBIT "38"**.

(u)  05/14/09            http://www.orlytaitzesq.com/blog1/?p=1030            and

http://www.orlytaitzesq.com/?p=1030 "*Sealed Case*", see  **EXHIBIT "39"**.

(v)  5/16/09            http://www.orlytaitzesq.com/blog1/?p=1055            and

http://www.orlytaitzesq.com/?p=1055 "*Please write to your Congressmen

and Senators*", see  **EXHIBIT "40"**.

(w) 05/19/09                http://www.orlytaitzesq.com/blog1/?p=1222            and

http://www.orlytaitzesq.com/?p=1222 "*NJ Police*", see **EXHIBIT "41"**.  See

the post and the comments on p. 4, numbers 7, 9; and on the last page

comment number 12.

(x) 05/20/2009 http://www.orlytaitzesq.com/blog1/?p=1249 and http://www.orlytaitzesq.com/?p=1249 "*Voter Verification*", see **EXHIBIT "42"**.

(y) 5/20/09 http://www.orlytaitzesq.com/blog1/?p=1346 and http://www.orlytaitzesq.com/?p=1346 "*Overview*", see **EXHIBIT "43"**.

(z) 5/20/09 http://www.orlytaitzesq.com/blog1/?p=1270 and http://www.orlytaitzesq.com/?p=1270 under the header "*Response to a Reader in Re to SCOTUS*", see **EXHIBIT "44",** Page 5, Comment #9. Truth of the matter was Taitz was working with several convicted felons.

(aa) 05/27/09 http://www.orlytaitzesq.com/blog1/?p=1648 and http://www.orlytaitzesq.com/?p=1648 "*Berg*", see **EXHIBIT "45"**.

(bb) 05/29/09 http://www.orlytaitzesq.com/blog1/?p=1757; and http://www.orlytatesq.com/?p=1757 "*Follow up on Sen, Inhofe and possible visit to Tulsa OK*" Taitz is instructing her readers and to distribute dossier #6, which contains Liberi's full Social Security number, see **EXHIBIT "46"**.

(cc) 05/31/09 http://www.orlytaitzesq.com/blog1/?p=1843 and http://www.orlytaitzesq.com/?p=1843 "*I am trying to stay away from Liberi-Berg issue, but I got more questions and here is more information*", see **EXHIBIT "47"**.

(dd)     06/15/09     http://www.orlytaitzesq.com/blog1/?p=2259     and http://www.orlytaitzesq.com/?p=2259 "*Update on Berg*", see **EXHIBIT "48"**.

(ee)     06/22/09http://www.orlytaitzesq.com/blog1/?p=2522     and http://www.orlytaitzesq.com/?p=2522 "*Ties to Everett, need help with research*",  see **EXHIBIT "49"**.

(ff) 06/23/09     http://www.orlytaitzesq.com/blog1/?p=2579     and http://www.orlytaitzesq.com/?p=2579  "*Unfortunately I have to spend more time on Berg's latest motion, I have to provide a response*", see "**EXHIBIT "50"**.

(gg)     06/27/09     http://www.orlytaitzesq.com/blog1/?p=2585     and http://www.orlytaitzesq.com/?p=2585  "*I am back from PA.  Very Important*", see **EXHIBIT "51"**.

(hh)     07/03/09     http://www.orlytaitzesq.com/blog1/?p=2716     and at http://www.orlytaitzesq.com/?p=2716 "*Smoking Gun*", see **EXHIBIT "52"**.

(ii)  12/5/09  http://www.orlytaitzesq.com/?p=6627   "*A setback and the fight against usurpation and massive fraud and treason intensifies*", see **EXHIBIT "53"**.

(jj) 01/14/10 Taitz republished dossier #6 with Liberi's full Social Security number at http://www.orlytaitzesq.com/wp-content/uploads/2010/01/Dc279.doc, see **EXHIBIT "54"**.

(kk)    07/02/10 Taitz publishes Liberi's home address and many false accusations at http://www.orlytaitzesq.com/wp-content/uploads/2010/07/lindabelcher181.pdf, see **EXHIBIT "55"**.   This post is also located on Taitz's site at http://www.orlytaitzesq.com/?p=12091.

(ll)   07/19/10   http://www.orlytaitzesq.com/?p=12426   "*Please read these horrifying report from the International criminal bar.  If we don't stand up to lawlessness in this nation, we will be the next Rwanda*".   see **EXHIBIT "56"**.   Taitz's statements are on pdf pages 5-8, and the statements regarding Liberi and Berg are located on pdf page 7 ¶20.

(mm)    07/21/10 http://www.orlytaitzesq.com/?p=12458 "*Judge swap, official swap and what else can be done*",   see **EXHIBIT "57"**.

(nn)    07/30/10                    http://www.orlytaitzesq.com/wp-content/uploads/2010/07/Liberi-v-Taiitz-07-27-10-filed-response-from-Taitz-pp-67-69.pdf;  and  http://www.orlytaitzesq.com/?p=12690,  see  **EXHIBIT "58"**.

(oo)    07/30/10       http://www.orlytaitzesq.com/?p=12690       and http://www.orlytaitzesq.com/wp-content/uploads/2010/07/Liberi-v-Taiitz-07-

---

27-10-filed-response-from-Taitz-pp-60-64.pdf;

http://www.orlytaitzesq.com/wp-content/uploads/2010/07/Liberi-v-Taiitz-07-27-10-filed-response-from-Taitz-pp-65-66.pdf;

http://www.orlytaitzesq.com/wp-content/uploads/2010/07/Liberi-v-Taiitz-07-27-10-filed-response-from-Taitz-pp-67-69.pdf;

http://www.orlytaitzesq.com/wp-content/uploads/2010/07/Liberi-v-Taiitz-07-27-10-filed-response-from-Taitz-pp-70-79.pdf;                                    and

http://www.orlytaitzesq.com/wp-content/uploads/2010/07/Liberi-v-Taiitz-07-27-10-filed-response-from-Taitz-pp-80-89.pdf "*Response to the 7-26-10 emergency motion by the plaintiffs, LISA LIBERI ,et al to keep transcripts under seal*" this filing appears on this Court's Docket as Docket No. 136 these postings contain Liberi's family picture, home address, home phone numbers, see **EXHIBIT "59"**.

(pp)      Taitz by and through the Law Offices of Orly Taitz continued posting Liberi's family photo on her website and sending it out by mass emailing, including internationally.  In addition to Taitz repeatedly filing Liberi's family photo in the Federal Docket System, as proven by this Court's docket, Taitz republished Liberi's family photo on the following dates at the following locations of her website:

i.   July 30, 2010 at http://www.orlytaitzesq.com/?attachment_id=12691

     entitled "*Liberi JPG Photo*", *see* **EXHIBIT "60"**;

ii.   July 30, 2010 at http://www.orlytaitzesq.com/?p=12692 entitled "*This

      is Lisa Liberi, who was convicted in CA in 2008 of 10 counts of

      Forgery and Theft*" with statements that this is Lisa Liberi who was

      convicted in California and many false stories and accusations, see

      **EXHIBIT "61"**;

iii.  August 3, 2010 at http://www.orlytaitzesq.com/?p=12783, entitled

      "*Statement by Caren Sieli Hale 7-30-2010*", see **EXHIBIT "62"**;

iv.   August 7, 2010 at http://www.orlytaitzesq.com/?p=12845 entitled

      "*Important Expose from Capt. Neil Turner*" with Taitz's statements

      "This is Lisa Liberi who was convicted in California" and many false

      stories and accusations about Liberi.  This particular post was also

      mass emailed to white supremacy groups; militia groups; and hate

      groups.  See **EXHIBIT "63"**;

v.    August 31, 2010 at http://www.orlytaitzesq.com/?p=13505 entitled

      "*Simultaneous attacks on my Gmail and yahoo –mail accounts and

      update on Courts*".   Taitz posts Liberi's family photo with the

      "supposed" Court printout and that Liberi is a convicted felon.  This

---

post has many false statements by Taitz, false accusations against Liberi and Berg. See **EXHIBIT "64"**.

vi. September 6, 2010 at http://www.orlytaitzesq.com/?p=13737 entitled "*From veteran and community leader Neil Turner and from Political Corruption Researcher Linda Belcher*" with Liberi's home address and telephone number. Included in this post Liberi is being called a "Blood Red Herring" along with many false statements and accusations about Liberi. This post also went out in mass emailing to white supremacy groups; armed militia groups; militia groups; and hate groups, see **EXHIBIT "65"**.

vii. September 10, 2010 "*Liberi v Taitz 09.09.10 EXhibits Affidavit of Neil Sankey and Affidavit of Caren Hale*" and "*Update*" at http://www.orlytaitzesq.com/?p=13868; and http://www.orlytaitzesq.com/wp-content/uploads/2010/09/Liberi-v-Taitz_09.09.10_EXhibits-Affidavit-of-Neil-Sankey-and-Affidavit-of-Caren-hale.pdf, see **EXHIBIT "66"** and

viii. September 10, 2010 http://www.orlytaitzesq.com/?p=13878; http://www.orlytaitzesq.com/?p=13879; and http://www.orlytaitzesq.com/wp-content/uploads/2010/09/Liberi-v-Taitz-09-04-10-motion-request-for-missing-documents.pdf "*Liberi v*

---

*Taitz 09.04.10 Motion request for missing documents*", see **EXHIBIT "67".**

(qq)     08/3/10   http://www.orlytaitzesq.com/?p=12779     "*More on undue influence of law clerks*", see **EXHIBIT "68"**.

(rr) 08/03/10   http://www.orlytaitzesq.com/?p=12751 "*Can you find out, who owns this Site?*", see **EXHIBIT "69"**.

(ss)  08/04/10 http://www.orlytaitzesq.com/?p=12799 "*More Evidence of Fraud on the Court*", see **EXHIBIT "70"**.

(tt) 08/04/2010   http://www.orlytaitzesq.com/?p=12814 "*Evidence of Fraud on the Court, perjury by Berg, Liberi, Ostella, fabrication of evidence and vicious attacks on me by Berg*", see **EXHIBIT "71"**.

(uu)     08/07/2010     http://www.orlytaitzesq.com/?p=12835 "*Here we go again, Looks like someone is working over time [sic] to make me disappear or at least less visible*", **EXHIBIT "72"**.

(vv)     08/10/10 http://www.orlytaitzesq.com/?p=12901 "*I need your help*", see **EXHIBIT "73"**.

(ww)     08/10/10     http://www.orlytaitzesq.com/?p=12935           "*Update*", **EXHIBIT "74"**.

(xx)     08/30/10   http://www.orlytaitzesq.com/?p=13499   "*More Nefarious activity against me, facebook demands that I identify pictures of my friends*

*and don't make any mistakes in order to continue using facebook*", see **EXHIBIT "75"**.

(yy)     08/31/10     http://www.orlytaitzesq.com/?p=13502     "*Foxnews Gretawire forum talks about facebook attack on me and suspension of my account on my birthday when hundreds of people were writing to me and wishing me Happy Birthday*", see **EXHIBIT "76"**.

(zz)     08/31/10     http://www.orlytaitzesq.com/?p=13505     "*Simultaneous attacks on my Gmail and yahoo e-mail accounts and update on courts*", see **EXHIBIT "77"**.  As can be seen, this post is yet another republication of Liberi's picture and the "supposed" "rap sheet".

(aaa)     09/01/10     http://www.orlytaitzesq.com/?p=13563   "*We are making progress*", **EXHIBIT "78"**.

(bbb)     09/06/10     http://www.orlytaitzesq.com/?p=13737   "*From veteran and community leader Neil Turner and from Political Corruption Researcher Linda Belcher*" with Liberi's home address, family picture and telephone number.  Included in this post Liberi is being called a "Blood Red Herring" along with many false statements and accusations about Liberi.  This post also went out in mass emailing to white supremacy groups; armed militia groups; militia groups; and hate groups; see **Exhibit "65"** referred to above.

(ccc)     09/08/10

http://www.youtube.com/watch?v=M7jWiYVVYvY&feature=player_embedded

"*Dr. Orly Taitz sued by birther Phil Berg in apparent birthright grudge*"

Taitz's law offices.  Taitz hired an Actor by the name of David Acton, who

posed as a reporter and further talked about Liberi and Berg.  David Acton

stated that Liberi was handling Berg's donor's credit cards; handling Berg's

fundraising; violating her probation; was a convicted felon, etc.   Making

many false statements about Liberi and Berg and inciting Taitz's supporters

to harm the within Plaintiffs.

(ddd)     09/10/10          http://www.orlytaitzesq.com/?attachment_id=13867;

http://www.orlytaitzesq.com/?p=13868;                              and

http://www.orlytaitzesq.com/wp-content/uploads/2010/09/Liberi-v-Taitz-

09.09.10-EXhibits-Affidavit-of-Neil-Sankey-and-Affidavit-of-Caren-

Hale.pdf "*Liberi v Taitz 09.09.10 Exhibits [sic] Affidavit of Neil Sankey and

Affidavit of Caren Hale*" at; "*Update*", see **Exhibit "66"** referred to above.

(eee)     09/10/10               http://www.orlytaitzesq.com/?p=13878;

http://www.orlytaitzesq.com/?p=13879;                              and

http://www.orlytaitzesq.com/wp-content/uploads/2010/09/Liberi-v-Taitz-09-

04-10-motion-request-for-missing-documents.pdf "*Liberi  v  Taitz  09.04.10*

*Motion Request for Missing Documents*, see **Exhibit "67"** referred to above.

(fff)       09/29/10   http://www.orlytaitzesq.com/?p=14433 "*Mug Shot of Lisa Liberi, "Paralegal" for Attorney Phil Berg*" see **EXHIBIT "79"**.  Taitz also published this picture at http://www.orlytaitzesq.com/?attachment_id=14432, "*Lisa Liberi mug shot*" see **EXHIBIT "80"**.

(ggg)       09/30/10   http://www.orlytaitzesq.com/?p=14461 Taitz posted on her website this picture of Liberi which Taitz calls a Mug shot, see **EXHIBIT "81"**; and at  http://www.orlytaitzesq.com/wp-content/uploads/2010/09/Lisa-Liberi-mug-shot1.jpg, see **EXHIBIT "82".**

(hhh)       09/30/10          http://www.orlytaitzesq.com/?p=14461          and http://www.orlytaitzesq.com/wp-content/uploads/2010/09/Liberi-v-Taitz-filed-09-28-10-Reply-to-Opposition.pdf "*Liberi v Taitz filed 09-28-10 Reply to Opposition*" again displaying Liberi's picture in addition to the forged and altered emails filed by Taitz in this Case as genuine. See **EXHIBIT "83"**. This post and filing with this Court, appears on the Court's Docket as Docket Entry No. 145 Once Liberi was aware of this filing and found it on Taitz's website, Liberi immediately took all the information down to her local authorities, as well as Plaintiffs response which had additional proof that Liberi did **not** have access to the accounts in question.   The officer immediately took a report for Fraud/Forgery listing Orly Taitz and Geoff

---

Staples as the perpetrators.  This report was later forwarded to the Federal Bureau of Investigations.

(iii) 10/16/10 http://www.orlytaitzesq.com/?p=14824 "*Did they ever meet?*" see **EXHIBIT "84"**.  Liberi turned this post over to her local police department and an addendum to the Fraud/Forgery report was made for threats.  This report was also forwarded to the Federal Bureau of Investigations.

(jjj) 10/19/10  http://www.orlytaitzesq.com/?p=14955  "*The "revision 7/65" on the form filed in 1959 by Stanley Ann Dunham...*" see **EXHIBIT "85"**.

(kkk)      10/21/10 http://www.orlytaitzesq.com/?p=15021 "*Amended Pleadings demanding sanctions against Attorney Philip J. Berg, Plaintiffs and Witness Shirley Waddell for repeated acts of perjury and fraud on the court and for filing a frivolous legal action with a purpose to cover up the fact, that Attorney Berg employes [sic] as his paralegal, Lisa Liberi, a convicted document forger and thief, currently on probation*" see **EXHIBIT "86"**.

(lll) 10/24/10      http://www.orlytaitzesq.com/?p=15067      "*From reader Kathy M.*" see **EXHIBIT "87"**.

(mmm)    10/27/10   http://www.orlytaitzesq.com/?p=15165   "*From Captain Pamela Barnett*" see **EXHIBIT "88"**.

(nnn)      10/29/10 http://www.orlytaitzesq.com/?p=15189  "*New Action Item!*", see  **EXHIBIT "89"**.

(ooo)     10/30/2010  http://www.orlytaitzesq.com/?p=15214 "*I am trying to find an owner of this site, I got info below*", **EXHIBIT "90"**.

(ppp)     11/6/2010 http://www.orlytaitzesq.com/?p=15376 "*Why is Lisa Liberi not back in prison?  Why is District Attorney not scheduling a hearing for revocation of probation?  Answer below will shed some light into why the system is not working*", see **EXHIBIT "91"**.  Taitz also republished this photo of Liberi on her website at http://www.orlytaitzesq.com/?attachment_id=15377, see **EXHIBIT "92"**.

(qqq)     11/7/10 http://www.orlytaitzesq.com/?p=15393  "*Why it is important to go after criminals*", see  **EXHIBIT "93"**.

(rrr)     11/23/10     http://www.orlytaitzesq.com/?p=15801     "*Submitted yesterday in the Third Circuit Court of Appeals*" see **EXHIBIT "94"**.

(sss)     12/12/10  http://www.orlytaitzesq.com/?p=16425 "*In spite of nearly 500 pages of horrific defamation of my character by Philip J. Berg, Lisa Liberi, her mother Dorothy Waddell and the rest of their accomplices, the Third Circuit Court of Appeals denied their motion for a restraining order against me.  I am free to post this truthful information showing that Lisa Liberi, Assistant for Attorney Philip J. Berg, is a convicted document forger and thief...*", see **EXHIBIT "95"**.  Taitz also published Liberi's picture in a second location on her website at

---

http://www.orlytaitzesq.com/?attachment_id=16426, see this picture attached

hereto and incorporated in by reference as **EXHIBIT "96"**.

(ttt)12/23/10 http://www.orlytaitzesq.com/?p=16699  "*Another Motion by Berg*

*denied.  Berg's paralegal, Lisa Liberi admits on the stand that she indeed*

*was convicted...in...2008. I am vindicated, I have been telling the truth all*

*along*", see **EXHIBIT "97"**.

(uuu)    12/23/10    http://www.orlytaitzesq.com/?p=16711  "*From AZ Tea*

*Party Leader Jeff Lichter:  "Berg should remove himself from the eligibility*

*movement*" see **EXHIBIT "98"**.

(vvv)    12/23/10   http://www.orlytaitzesq.com/?p=16720    "*A million dollar*

*question:   What is common between Obama, Berg and Liberi*?", see

**EXHIBIT "99"**.

(www)    1/6/11   http://www.orlytaitzesq.com/?p=17361  "*No  transcript  from*

*December 20 hearing*", see  **EXHIBIT "100"**.

(xxx)    1/8/11   http://www.orlytaitzesq.com/?p=17494 "*Extremely important!*

*Criminal tampering with evidence*", **EXHIBIT "101"**.  Taitz then comments

to her readers, see comment #7, where she states this is why people take up

arms, because of the corruption and is seeking people to call her because she

needs help with all of the corruption.  This is further cyber-stalking, cyber-

bullying and harassment by Taitz because agencies and parties follow the law

---

and do **not** act on baseless allegations and false accusations.   Taitz then
compares her false stories in her posts to Watergate.

(yyy)      01/9/11   http://www.orlytaitzesq.com/?p-17532  "*I am getting more
evidence of fraud and cover up in the US District Court for the Eastern
District of Pensylvania [sic].   This is just like Watergate*"  see **EXHIBIT
"102"**.

(zzz)      01/10/11   http://www.orlytaitzesq.com/?p=17568  "*After I received a
second "Amended" transcript, there is still information missing, demand for
a certified copy of the original audiotape of all three hearings in the case
was forwarded to the Court*",  see **EXHIBIT "103"**.

(aaaa)     01/10/11  http://www.orlytaitzesq.com/?p=17571  Orly Taitz posted on
their website that Berg had a disciplinary hearing.

(bbbb)     01/11/11      http://www.orlytaitzesq.com/?p-17611  "*Donna Anders,
Court Reporter for Federal Jdge [sic] Eduardo Robreno in the US District
Court just sent to me a third certified copy of the transcript of the same court
hearing*",  see **EXHIBIT "104"**.

(cccc)     01/13/11           http://www.orlytaitzesq.com/?p=177223   "*Extremely
important.  Yet another example of highly irregular and suspicious activity in
US District Court.  Demand for investigation filed with Chief Judge Bartle,*

*Chief Circuit Judge McKee, Public Integrity Unit, Inspector General, House Committee on the judiciary and other authorities*", see **EXHIBIT "105"**.

(dddd)    01/14/11 http://www.orlytaitzesq.com/?p=17835 "*I need your help*", see **EXHIBIT "106"**.

(eeee)    01/15/11        http://www.orlytaitzesq.com/?p=17844        "*Did Politijab'Fogbow attorneys harass Constitutional Law Professor Ron Rotunda and Chapman University?  Who is pressuring the Third Circuit Court of Appeals to change their ruling on jurisdiction in my case against Berg and his felon paralegal Lisa Liberi?*", see **EXHIBIT "107"**.

(ffff)    01/16/11 http://www.orlytaitzesq.com/?p=17918 "*More on "Foggy", A person who was spreading slander about me*", see **EXHIBIT "108"**.

(gggg)    01/16/11  http://www.orlytaitzesq.com/?p=17941 "*Another Plaintiff Reports on Judicial Corruption and 11th Circuit Court of Appeals covering up*"[sic], see **EXHIBIT "109"**. Most of the post regarding "another plaintiff…." Has been deleted due to length and the fact it does **not** pertain to any of the Plaintiffs herein.

(hhhh)    01/20/11 http://www.orlytaitzesq.com/?p=18076 "*From the Web Site "Lawless America*", see **EXHIBIT "110"**.

(iiii)    01/21/11 http://www.orlytaitzesq.com/?p=18129 "*Filed yesterday in the Third Circuit Court of Appeals*" Taitz also republished this picture of

---

Liberi and printout on this same date at http://www.scribd.com/doc/47268836/LIBERI-v-TAITZ-THIRD-CIRCUIT-Exhibit-Part-4-to-Taitz-Response-Transport-Room, see **EXHIBIT "111"**.

(jjjj)    01/24/11        http://www.orlytaitzesq.com/?p=18291        and http://www.orlytaitzesq.com/?attachment_id=18290 "*I need your help in PA. I need people to come to this disciplinary hearing against Berg as witnesses. It is open to the public, but for some reason they were not willing to agree to allow members of the public to purchase the audiotape or transcript of the hearing. I did not get the audio tapes of the hearings in Philadelphia, PA and Santa Ana CA [sic[. I am extremely concerned about things that are happening*", see **EXHIBIT "112"**.

(kkkk)   01/29/11   http://www.orlytaitzesq.com/?p=18459 "*More on Ex-Attorney, who goes by pseudonym "Foggy", who has been organizing vicious attacks on me*", see **EXHIBIT "113"**.

(llll)    01/30/11http://www.orlytaitzesq.com/?p=18523 "*I need your help in identifying IP addresses of the employees of the Federal and State Government, who engaged in slander, obstruction of justice, tampering with evidence*", see **EXHIBIT "114"**.

(mmmm) 02/01/11      http://www.orlytaitzesq.com/?p=18607       "*A good conversation with a former member of Fogbow*", see **EXHIBIT "115"**.

---

(nnnn)    02/2/11    http://www.orlytaitzesq.com/?p=18633    "*Docketted [sic] today*" see **EXHIBIT** "**116**".

(oooo)    02/03/11    http://www.orlytaitzesq.com/?p=18681    "*Victims of Liberi and Berg can write to Disciplinary Board and Probations*", see **EXHIBIT "117"**.

(pppp)    02/04/11    http://www.orlytaitzesq.com/?p=18709    "*I need your help*", see **EXHIBIT "118"**.

(qqqq)    02/09/11    http://www.orlytaitzesq.com/?p=18861    "*Filed in the Third Circuit Court of Appeals*", see **EXHIBIT "119"**.

(rrrr)    02/11/11    http://www.orlytaitzesq.com/?p=18924    "*Demand from congressional committees of oversight to investigate selective enforcement of laws by Holder Department of Justice*", see **EXHIBIT "120".**

(ssss)

(tttt)    02/18/11    http://www.orlytaitzesq.com/?p=8034    "*Important. Third Circuit Court of Appeals has denied all 11 motions and requests for judicial notice filed by Attorney Philip Berg in his attacks on Attorney Orly Taitz and others*", see **EXHIBIT "121"**.

(uuuu)    02/22/2011    http://www.orlytaitzesq.com/?p=19206    "*I need your help in fighting public corruption in San Bernardino County, CA*", see **EXHIBIT "122"**.

---

(vvvv)    03/01/11    http://www.orlytaitzesq.com/?p=19388    "*Petition    for*

*Disciplinary Action against Berg and Response*", see  **EXHIBIT "123"**.

(wwww)  03/03/11   http://www.orlytaitzesq.com/?p=19456   "*Who   are   these*

*people in Germany, threatening me?*",  see **EXHIBIT "124"**.

(xxxx)    http://www.orlytaitzesq.com/?p=19656    "*Probation review hearing*

*was held today for Lisa Liberi, next hearing in [sic] Tuesday 03.15.2011*

*8:30 am.   Judge Sabet advised probations to provide a report, whether*

*revocation of probation or extension of probation will be necessary*" Taitz

fails to tell her audience that she is the one who commenced the action.  Taitz

is inviting people to claim they are victims of Liberi and attend the hearing,

see **EXHIBIT "125"**.   Taitz also sent this post out through friendfeed;

twitter; facebook and other social network sites to an undisclosed number of

recipients.  Taitz also had this post going out on hundreds if **not** thousands of

RSS feeds, as she did with all posts mentioned herein.

(yyyy)    03/14/11    http://www.orlytaitzesq.com/?p=19773   "*Probation review*

*hearing was held today for Lisa Liberi.  Next hearing in [sic] Tuesday 03-15-*

*2011 8:30 AM.  Judge Sabet advised probations to provide a report whether*

*revocation of probation or extension of probation will be necessary*" This

was nothing more than Taitz defrauding and misleading all her readers and

followers about Plaintiffs and further summonsing people to claim they were victims and attend the hearing, see **EXHIBIT "126"**.

(zzzz)    March 15, 2011  http://www.orlytaitzesq.com/?p=19786  "*Four more active felony charges for Lisa Liberi are investigated by Supervising Assistant DA.  Investigation is under way, why 2002 arrest and 2004 felony charges have not been prosecuted yet*" see **EXHIBIT "127"**.    Taitz also posted     her     false     tails     on     her     website     at http://www.orlytaitzesq.com/?attachment_id=19785, see **EXHIBIT "128"**. This post also went out by Taitz on friends-feed; twitter; Facebook; and other social network sites, in addition to hundreds if **not** thousands of RSS feeds.

(aaaaa)    03/20/11     http://www.orlytaitzesq.com/?p=19942  "*Another death threat from an Obama supporter or Obama operative.  I need your help in getting FBI involved.  It has been over 2 years of death threats, harassment, tampering with my car, destroying my web sites, vandalism of my e-mail accounts.  There has to be one decent FBI agent or police officer in CA, who will do something*", see **EXHIBIT "129"**.

(bbbbb)    04/08/11   http://www.orlytaitzesq.com/?p=20385"*More stonewalling and obstruction of justice on the most incriminating evidence that I produced: Obama's use of a stolen CT SSN xxxx-xx-4425 and his fraudulent statements regarding his attendance in Columbia University*", see **EXHIBIT**

**"130"**.   Taitz also published this article on a third party website called

Business                                        Insider                                        at

http://www.businessinsider.com/c/4da0064b4bd7c81917080000,                    see

**EXHIBIT "131"**.

86.    There are hundreds, if **not** thousands of more pages posted by Taitz

and the Law Offices of Orly Taitz on the Internet with false, deceptive stories

about the Plaintiffs, which are **not** included herein due to the size.   Taitz

continually republished the above posts.   The reason some posts are posted by

Taitz in numerous locations of her blog is so it will go out to more RSS Feeds and

continue circulating.   Taitz also sent out the above posts in mass emailing; through

Facebook, Twitter, Friends feed, and other social networks.   All posts are set to

refresh on Taitz's site every three [3] hours which is republication and the posts are

resent out each time through numerous RSS feeds on Taitz sites.'

87.    When Orange County Sheriff's Department closed Taitz false report,

Taitz demanded her false police report be transferred to the Santa Fe Police

Department where Taitz also made false reports about Lisa Liberi.   In addition,

Orly Taitz made continued harassing calls to the Santa Fe Probation Department

demanding the arrest of Plaintiff Lisa Liberi and filing numerous false allegations.

88.    During this same time, Taitz as an Attorney and an Officer of the

Court began putting out a "supposed" criminal rap sheet of Ostella and Liberi.

---

Taitz stated Ostella and Liberi were the same person and made reports to several agencies as such.  Taitz used her credentials as an officer of the court as well as Sankey's credentials of being a former Scotland Yard detective and a current licensed investigator to lend these reports more creditability.  Orange County Sheriff Department's Officer D. Mendoza labeled these documents 'internet rap sheets' and found **no** credibility to any of the information.  Taitz sent these reports to the FBI with the same story.  Agent Nathan Le found **no** credibility to them. Taitz had these reports sent to Santa Fe.  Captain Wiggins found **no** credibility to them.  Taitz personally brought these reports to North Brunswick Police Department ["NBPD"], further proving she knew Ostella and Liberi were **not** the same people.  NBPD found **no** credibility to them.  Taitz then sought out a Minister and Author and leveraged his credentials to further disseminate these reports.  Taitz enlisted followers to mail, copy and meet with officials of several states to submit these reports which now had many variations.  Taitz filed these variations of these reports in court dockets to ensure permanent publication. Ostella and Liberi **not** only are **not** the same people; but neither are convicted forgers nor have ever stolen anything from Taitz.  Their bank records were reviewed by agencies of New Mexico as well as New Jersey and were submitted to Judge Robreno as well as copied to Taitz.   Taitz, fully aware the law enforcement agencies found **no** merit to her allegations, still to this day, reports Liberi and

---

Ostella as committing crimes and presents and reports on Ostella and Liberi as having this internet rap sheet, that was debunked by several agencies as being true. Only now Taitz concedes that Ostella and Liberi are separate people.

89.     Taitz was harassing the Santa Fe Police Department on her false report demanding they arrest Liberi on the false charges made by Taitz of Liberi "hacking" and "stealing" donations from her. The now Captain finally told Taitz if she comes out to this state, he would arrest her. The Captain also told Liberi to immediately file suit against Taitz and the Law Offices of Orly Taitz.

90.     Liberi was being harassed so severely by Taitz and the Law Offices of Orly Taitz and because of their postings on the internet, Liberi began having heart complications as a result of the stress. As a result, Liberi had to begin Enhanced External Counterpulsation therapy (EECP), which cost approximately $60,000.00, in attempts to get a better blood flow to her heart. Stress restricts blood arteries and vessels to the heart, and Liberi had suffered three (3) previous heart attacks, and open heart surgery.

91.     On May 27, 2009 in the middle of the night, Ostella received three consecutive payment requests through PayPal from a Ruben Nieto attempting to get paid by Taitz and Defend our Freedoms Foundations, Inc. The three payment requests totaled $25,000.00. Each payment request was under the $10,000 mandatory reporting pursuant to the Patriot Act. Ruben Nieto also requested

---

payment again on May 29, 2009.  See the May 27, 2009 Payment requests attached

as **EXHIBIT "132"** and the second money requests on May 29, 2009 attached as

**EXHIBIT "133"**.   The only reason Ostella received these money requests is

because Ostella's email address was set-up in Taitz's PayPal account as the

customer service representative for Taitz and Taitz never removed Ostella's email

address.  Ostella only received notices of payment requests and donations; it did

**not** give Ostella access to Taitz's PayPal account.  See Orly Taitz's PayPal records

attached hereto as **Exhibits "22"** and **"23"**.

92.    Plaintiffs ran Nieto's email address through Spokeo.com, a search

engine of social network sites.  This in turn gave websites owned by Nieto and

where Neito resided.  Nieto resides in Albuquerque, NM, forty-five [45] minutes

from Liberi's home.  Nieto's name and date of birth was run through Court records

and it was found that Nieto had been convicted of violent crimes, including

Aggravated Assault.  Nieto is **not** an attorney, a private investigator or of any trade

in which a Law firm would utilize his skills and pay $25,000.00.  Therefore, it

appears, and Plaintiffs believe, Taitz by and through the Law Offices of Orly Taitz

attempted to hire an individual in close proximately of Liberi to carry out their

threats and have Liberi, Ostella and/or their families harmed.  Plaintiffs are unsure

whether Nieto was ever paid.  Taitz cancelled the PayPal requests for payment

from Nieto.

93.     May 28, 2009, Taitz filed in this case a pleading that had information about Liberi's son, including where Liberi's son had been, where Liberi's son traveled to, and private data relating to Liberi's son.  See this Court's Docket Entry No. 36 filed May 28, 2009.

94.     May 28, 2009 Neil Sankey went on Plains Radio Network, a radio station through the blog and through AM/FM towers hosted by Edgar Hale.  In this radio appearance, Sankey states Liberi had 200 criminal counts against her for buying and reselling the same house; that people in San Bernardino, CA were still looking for her and when the time is right, he will provide Liberi's location; the discussion regarding Liberi just taking a loan out was raised by Ed Hale, Sankey hemmed and hawed and stated he was still looking into that.  Liberi had just taken out a loan for her son's college and the only way Sankey would have known that was by pulling an illegal credit report on Liberi. **Sankey then stated that the lawsuit against him was going to go away, he didn't know how much it would cost but he was told it was going to go away**.  See the transcript of this radio show attached hereto and incorporated in by reference as **EXHIBIT "134"**.  The actual audio will be supplied to this Court.

95.     June 10, 2009 Taitz went on a television program, Nightlights in San Diego with James Lamberg located at http://www.youtube.com/watch?v=pQG1PTeK8k&p=5FC0B316C0C72C57&inde

---

x=2&playnext=2.  This television show airs on Cox Cable (SD) telecasts every Sunday night at 8:30, channels 18 and/or 23.  Taitz was encouraging everyone to go to her website and download dossier #6, which contains Liberi's full Social Security number and other primary identification information.  Taitz talks about Liberi having a conviction, persecuting and degrading Liberi and making false accusations about Liberi.

96.     In or about May/June 2009 Ostella received calls from Taitz's supporter warning Ostella that Taitz had threatened to have Ostella's children professionally kidnapped.   Ostella immediately reported this to the North Brunswick Police Department.  Thereafter, on June 25, 2009, after a court hearing in this case, Taitz and her law clerk, Charles Edward Lincoln, III drove around New Jersey where Ostella and her family resides and where her children attend school.  The Ostellas immediately sold their house and moved due to fear.  Dr. Lincoln provided an affidavit which is on file with this Court and appears as Docket Entry No. 154, filed on or about December 10, 2010.  Shortly thereafter, a picture of Ostella's daughter, while at school by the parking lot, was placed on the internet at www.slide.com.  This was immediately provided to the Denville Police Department (since they now **no** longer lived in North Brunswick), along with Dr. Lincoln's Affidavit once it was received.  The Sergeant handling the case was extremely concerned and turned it over to the Newark Federal Bureau of

---

Investigations for full investigation. In addition, Ostella's family rabbits were slaughtered, and the innards (the guts) were placed on Ostella's deck for her children to find.  This crime was also reported to the Denville Police Department.

97.  Shortly after, a woman began contacting Ostella claiming to be her biological mother.  This woman called Ostella during Ostella's move, and told her that she was watching Ostella live as her (Ostella) and her family was moving. Just recently, this woman mailed a card to Ostella telling her that she was going to be in town for Ostella's daughter's birthday.  The problem, Ostella never gave this woman her phone number, address, children's birthdates, the fact she was moving, her new address, nothing.  Ironically, the woman has been calling from Orange County, California, where Taitz resides and where Orly Taitz, Inc., DOFF and the Law Offices of Orly Taitz are located.

98.  On or about September 21, 2009 Taitz filed her dossier #6 with Liberi's Social Security number partially redacted; Liberi's date of birth; and other private identifying information in the Federal ECF filing system, in a case entitled "*Barnett, et al v. Obama, et al*, U.S.D.C. Central District of CA, Southern Division, Case No. 8:09-cv-00082 before Judge Carter.  A case completely unrelated to Liberi.  Due to the confidential and private information contained in Taitz's dossier #6, Berg sent a letter to Judge Carter asking him to seal this particular document, dossier #6.  On September 30, 2009, Judge Carter ordered

dossier #6, Exhibit "7", of Taitz's filing sealed and Ordered Taitz to refile her documents with all private data excluded. See **EXHIBIT "135"**. See Judge Carter's Order also appearing as Docket Entry No. 114 filed in this case on October 6, 2009 with Plaintiffs request for the Court to take Judicial Notice.

99. Also during this time, September 2009, Taitz had sought out Lucas Smith, a young man with several convictions of forgery of identification documents. Taitz obtained a "forged" Kenyan Birth Certificate in the name of Barack Obama from Mr. Smith which she filed in her case before Judge Carter, in the case against Obama referred to in ¶108. Taitz had also procured a forged "Kenyan" certification of Live Birth bearing President Obama's name, which Taitz had asked Smith to lie and state he procured for her. Mr. Smith refused to lie to Judge Carter or in Taitz Case about several things that Taitz had asked him. In turn, there was an apparent falling out between Lucas Smith and Orly Taitz. Mr. Smith sent a declaration to Judge Carter explaining that Taitz had asked him to lie in Court and in his testimony. Taitz had also sought out Larry Sinclair, who she also asked to lie in Court regarding murders of individuals from President Obama's church. Mr. Sinclair also refused to lie to Taitz and sent an Affidavit to Judge Carter that Taitz had also sought false testimony from him.

100. In or about the end of September 2009, Larry Sinclair contacted Liberi and told her that Taitz was accusing her of murdering her sister; Taitz stated that

everyone knew it, including law enforcement, but couldn't prove it and Taitz was accusing Liberi of tampering with her (Taitz) car.   In turn, Liberi asked Mr. Sinclair for an affidavit, which Mr. Sinclair supplied the Law Offices of Philip J. Berg.  Mr. Sinclair's affidavit is on file with this Court, see Docket Entry No. 112 filed September 30, 2009.  Attached to Mr. Sinclair's Affidavit in this Case is the affidavit in which he submitted to Judge Carter.

101.   After Judge Carter sealed Taitz filing containing Taitz's dossier #6, Taitz sent a letter to Judge Carter asking for immediate investigations into Mr. Smith, Mr. Sinclair, Mr. Berg and Liberi.  Taitz, by and through the Law Offices of Orly Taitz posted this on their website.

102.   In or about January 2010, the Gas Company appeared at Liberi's home.  Liberi's husband was home for lunch during this time.  The gas man came to the Liberi's door, as cars were in front of her garage.  It was during one of the heaviest snow storms.  The gas man stated he was there to turn off the Liberi's gas. The Liberi's asked why, the gas man said that Lisa Liberi called in and gave all the personal identifying information on the account and scheduled the gas to be turned off.  The Liberi's explained to the gas man that Lisa Liberi did **not** call.  The gas man stated that the woman who identified herself as Lisa Liberi had Lisa and Brent Liberi's Social Security numbers and provided them to the tech for the disconnect. Liberi called the gas office while the gas man was there and placed a password on

their account.  This was **not** the first time this had occurred.  Someone posing as Lisa Liberi also called AOL and cancelled Liberi's AOL account.  Liberi lost eight (8) years of stored email.

103.   At the end of 2009, Liberi and her husband began receiving letters for credit they had opened.  Everything from credit card accounts, loans, car loans, etc. Liberi and her spouse did **not** apply for the credit.  Liberi began calling the companies having the accounts closed.  Liberi and her husband than began receiving collection notices for accounts they did **not** open and were completely unaware of.  Liberi and her husband ordered their credit reports only to learn numerous people had been using their identities.  They found addresses in Texas, Iowa, California, Massachusetts, and more.  Liberi and her husband did **not** reside in any of these states or at the addresses shown on their credit reports.  Liberi immediately reported it to her local police department.  The officer took the report as Identity Theft, and listed Orly Taitz and Neil Sankey as the perpetrators.  This report was forwarded to the Orange County Sheriff's Department.  Ostella and her husband had multiple small internet companies automatically debiting their accounts, receiving loan referrals from people they don't know and had to cancel their card.  It was also discovered that a website/blog was set-up fraudulently in Liberi's name and the charges were illegally charged to her credit card.

104.   Liberi and her husband spent countless hours and days writing to all the company's, the credit bureaus and collection agencies regarding the fraudulent accounts.  Once cleared up, it began happening over and over again.

105.   During this same time, people began coming to Liberi's home.  Liberi refused to answer the door as she did **not** know who these individuals were.  In particular, a man appeared before 8:00 a.m.  Liberi was on the phone with Ostella, the man began banging at Liberi's door, and then scrambled Liberi's phone.  Liberi could **not** disconnect her phone.  Liberi ran and woke her son up, he too heard the loud screeches, as did Ostella.  Liberi attempted to use her cell phone to call the police; but, her cell phone was blocked also.  This man, who was wearing Levi's, a grey t-shirt, a grey ball cap and drove a white newer model outback, began looking in Liberi's house windows.  The man finally left and Liberi immediately reported the incident to her police department.  Liberi contacted her husband and he immediately came home from work and stayed home the rest of the day out of concern for Liberi's safety and medical conditions as Liberi was so upset and scared.

106.   Liberi was also receiving non-stop phone calls ridiculing and threatening her.   People were calling Liberi's home telling her if she did **not** drop the suit against Taitz then she would meet her maker soon.  Liberi was receiving tons of hang up calls, Liberi would answer her phone and the people would hang

up on her.  There were so many calls coming in every day, one day Liberi was

gone to a doctor appoint, she was gone a couple of hours, when she returned home,

her message machine was full.  Ostella received numerous calls from people

claiming to be cyber-crime investigators and were being sent to investigate the

theft of Taitz's foundations as well as various other threats.

107.  Taitz and Sankey both admit they sought out John Mark Allen,

Liberi's son's father who Liberi and her son were protected from, and claim they

obtained Liberi's family photo from him.  This is impossible; Mr. Allen never had

the picture.  The picture was taken in 2006; Mr. Allen had been restrained from

Liberi and her son since 2002.  The family photo was only located on Liberi's

home computer.  Further, when Taitz and Sankey sought out Mr. Allen, the

restraining order was still in full force and effect.  Taitz and Sankey also gave

Liberi's location and address to Mr. Allen, further endangering Liberi and her

family.  Liberi and her son were placed in a safe at home program and given a

confidential address, which Taitz violated and destroyed.

108.  In or about May 2010, Plaintiffs Ostella and Liberi began finding

"cookies" as well as "access tokens" on their computers from a variety of the

Defendants, including but **not** limited to Orly Taitz, Yosef Taitz, Reed Elsevier,

Accurint, etc., see **EXHIBIT "136"**.  In particular was the access token placed on

Plaintiffs computers from Orly Taitz, see Orly Taitz's access token placed on

Plaintiffs computers attached as **EXHIBIT "137"**. An access token is used for a third party to be able to access and transfer data from the computer the access token is located on, see **EXHIBIT "138"**. Plaintiffs have never been to some of the websites listed in the cookies and/or access tokens attached as Exhibit "136". Further, Plaintiffs have never authorized access to their computers by any of the Defendants.

109. Taitz as an Attorney and an Officer of the Court by and through the Law Offices of Orly Taitz filed Liberi's family picture in this case on July 29, 2010, Docket No. 136-1; August 2, 2010, Docket No. 138; September 18, 2010, Docket No. 143-1; and September 28, 2010, Docket No. 145.

110. August 30, 2010, Orly Taitz by and through the Law Offices of Orly Taitz went on the Andrea Shae King radio show at 9:00 PM. The Radio Show is named "**Orly Taitz has a few things to say about foreheads and birth certificates. Tonight she joins us to tell us what they are**". At 49:47 into the interview, Taitz states "*Let me tell you what Phil Berg did…What he is doing is absolutely criminal. And you can read this on my website as well. Phil Berg has a paralegal, a woman by the name of Lisa Liberi. And this woman has a lengthy criminal record. I know of 43 criminal charges and at least 10 criminal convictions. Just recently, in 2008, this woman was convicted…And Philip Berg, Lisa Liberi, and another woman, Lisa Ostella; …just united and uh, originally*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Ostella locked me out of the website of my foundation...she continued writing letters to the donors and asking them to donate and she was deferring funds from my foundation into her own pocket ... I written to Philip Berg and I stated look, this is theft. That is stealing from my foundation. You need to stop the patronage of this person she is deferring funds from my foundation illegal by virtue of fraud here is the rap sheet of your own assistant, this Lisa Liberi who is in control of everything Philip Berg is doing, and she has a lengthy record of forgery of documents and grand theft. ..But I guess he knew that what he did was illegal and...he thought he would be caught. He ...filed a lawsuit against me... Against Neil Sankey, a top notch private investigator who was the first one to find all of this information on social security numbers. ..I'm sorry but this woman Lisa Liberi supposed to be back in prison and what Phil Berg is doing is criminal... and he stated that this Lisa Liberi is not the same Lisa Liberi who was convicted. **And I have provided directions, I have provided the pictures. Here's her picture that came from her boyfriend:**"* [emphasis added] "*He knew he is committing fraud on the court, perjury, they have been submitting forged documents, he has been intimidating witnesses, engaging in obstruction of justice, he written pleadings to where he accused Pamela Barnett, a war hero and a officer...Without a shred of evidence he accused her of forging documents.* " All of this is untrue. None of the Plaintiffs have ever accused Pamela Barnett of forgery. What Plaintiffs filed in

---

Court was that Taitz orchestrated the falsified letters submitted by Linda Belcher and either Pamela Barnett or Mr. Murray was who created the falsified letters for Linda Belcher to sign.   It was later learned it was in fact Mr. Murray, Taitz's assistant.   Taitz continues her interview falsifying what is on file with the Court in this Case; what Plaintiffs said, filed, etc.   Taitz then asks if something happened to Liberi's son.   A true and correct copy of this Interview's transcript is attached hereto and incorporated in by reference as **EXHIBIT "139"**.   Taitz also published this on her website entitled "I am doing Andrea Shea-King show today at 5PST / 8 EST at http://www.orlytaitzesq.com/?p=13494.   Upon this Court's request. Plaintiffs will furnish a full copy of this interview.   This radio interview is also available online at http://www.blogtalkradio.com/askshow/2010/08/31/the-andrea-shea-king-show.

111.   During this time, Taitz as an Attorney and an Officer of the Court by and through the Law Offices of Orly Taitz along with her supporters were harassing and threatening the Santa Fe Probation Department, the San Bernardino County Probation Department; and the San Bernardino County District Attorney's Office.   In fact, Neil Sankey contacted the Santa Fe Probation Department and spoke to Patricia Vigil-Bartram claiming to work for the Law Offices of Orly Taitz and calling on behalf of Orly Taitz seeking information regarding Liberi claiming to be a "victim" of the crime which placed Liberi on Probation.   Taitz is **not** new to

these types of fraudulent practices.   Sankey made all types of false allegations against Liberi claiming she was around other's credit cards; she was fundraising; she was committing perjury, forgery, etc.  In fact, it was Taitz who was collecting credit cards and had an individual who had been convicted of theft handling the credit card information; see the Affidavit of Lisa Ostella filed October 7, 2010, appearing on this Court's docket as Docket No146-4.

112.   Taitz then sent a package to the Santa Fe Probation Department which contained only Taitz's Court filings and Forged and Altered emails bearing Liberi's name. (These forged emails are on file with this Court, filed by Taitz and her witness, Geoff Staples appearing as Docket Entry No. 145 filed September 28, 2010; and again filed on April 26, 2011 as Docket Entry No. 178)

113.   Taitz as an Attorney and an Officer of the Court by and through the Law Offices of Orly Taitz also continually filed this picture of Liberi, which Taitz calls a "mug shot" numerous times in this case, see October 21, 2010, Docket No. 147; October 28, 2010, Docket No. 149; February 1, 2011, Docket No. 165; April 18, 2011, Docket No. 175; April 26, 2011, Docket No. 178; as well as the numerous letters sent to Judge Robreno by Taitz that were never filed.  In addition, Taitz as an Attorney and an Officer of the Court by and through the Law Offices of Orly Taitz has also filed with this Court, numerous times, the document which she calls a "rap sheet" and in other places she calls a "Court print-out", see May 28,

2009, Docket No. 35; May 28, 2009, Docket No. 36 (this filing by Taitz also includes Liberi's full Social Security number); May 28, 2009, Docket No. 48; June 9, 2009, Docket No. 53; June 14, 2010, Docket No. 121 (this filing by Taitz also includes Liberi's full Social Security number); July 29, 2010, Docket No. 136 and 136-1; August 3, 2009, Docket No. 91; August 3, 2009,  Docket No. 93-1; February 1, 2011, Docket No. 165; April 18, 2011, Docket No. 175; April 26, 2011, Docket No. 178; and in numerous letters Taitz sent directly to Judge Robreno which were **not** filed on the Docket.

114.   Liberi's pictures and "supposed" rap sheet were also filed in the Case, _Lincoln v. Daylight, et al_, Case No. 8:10-cv-01573-AG -PLA, a case completely unrelated to Liberi.  See January 9, 2011, Docket No. 24; January 27, 2011, Docket No. 30; February 15, 2011, Docket No. 43; and February 28, 2011, Docket No. 51. Taitz also filed in the case of _Rivernider, et al  v. U.S. Bank_, U.S. District Court, Southern District of Florida, Case No. 9:09-cv-81255-WPD, another case completely unrelated to Liberi, see Taitz filings of January 29, 2010 appearing as Docket No. 56.

115.   As this Court is aware, the false statements, as demonstrated in the attached Exhibits, and repeated publication evidence malice.  See _Fisher v. Larsen_ (1982) 138 Cal. App. 3d 627, 640 [188 Cal. Rptr. 216];  _Rancho La Costa, Inc. v. Superior Court_ (1980) 106 Cal. App. 3d 646, 667 [165 Cal. Rptr. 347].   The

repeated filing in the Federal Docketing System, which is published on http://www.scribd.com is repeated publication as does Taitz continued posting on her website.  In *Evans v. Unkow*, (1995) 38 Cal. App. 4th 1490 [45 Cal.Rptr.2d 624] The court held "*On the first point, it is true that reliance solely on "a source known to be hostile" toward the Plaintiff may support a finding of reason to doubt the source's veracity, and hence constitutional malice*"  quoting *Fisher v. Larsen* (1982) 138 Cal.App.3d 627, 640, [188 Cal.Rptr. 216]; and  *Reader's Digest Assn. v. Superior Court* (1984) 37 Cal.3d 244, 258, [208 Cal.Rptr. 137, 690 P.2d 610].

116.   Taitz by and through the Law Offices of Orly Taitz was harassing the police department and probation department where Liberi resided nonstop.  Taitz also had her supporters, readers and followers calling and harassing these departments.  Liberi was also being harassed.  It was so severe, that Liberi had heart complications due to the stress caused by Taitz, the Law Offices of Orly Taitz and by their actions, postings and inciting.  Liberi went into tachycardia and ended up in the hospital for approximately a week.  Liberi was on heart monitors and the doctors determined and documented that the heart complications were caused by the severe stress Liberi was forced to endure due to Taitz actions and behaviors.  Thereafter, Liberi was placed on valium in attempts to keep her calm and again had to go through EECP.  Liberi's medical records for the medical

treatments outlined above and this one, were supplied to Judge Robreno on December 20, 2010.

117. In November 2010, Liberi received an email from convictedfelon@lisaliberi.com as did many individuals in Liberi's AOL address book. It was discovered that a website/blog had been fraudulently set-up in Liberi's name at http://lisaliberi.com. The domain was privately registered. This website contained the single photo of Liberi that Orly Taitz and the Law Offices of Orly Taitz had been publishing all over the internet and filing with this Court as Liberi's "Mug Shot". It was apparent that the picture of Liberi came from Orly Taitz to be put up on this website. This website also contained sexually enticing statements, and sexual content as well as private documentation which had been sent to Judge Robreno in Pennsylvania. True and correct copies of this website are attached hereto and incorporated in by reference as **EXHIBIT "140"**. The confidential information to Judge Robreno could have only been supplied by Orly Taitz and the Law Offices of Orly Taitz. The privacy was removed eventually and it was discovered Geoff Staples, Taitz follower, supporter and witness, who forged documents in Liberi's name, in this case. All of the postings on http://lisaliberi.com appeared to be coming from Liberi. There were several other emails also set-up in Liberi's name. Liberi never authorized anyone to use her name and/or to set-up email addresses and websites in her name. It was also

---

discovered that Geoff Staples sent emails to everyone in Liberi's AOL address book as if it were Liberi sending them. See pages from http://lisaliberi.com attached hereto and incorporated in by reference. All of the ownership information on this website as well as emails set-up in Liberi's name are on file with this Court and appear as Docket Entry No. 154 filed December 10, 2010. This website, http://lisaliberi.com is still on the internet as of today and has been updated.

118. November 24, 2010, Liberi took all the information pertaining to this fraudulent website to her local police department. A fraud and forgery report was immediately taken and the officer forwarded the report to Orange County Sheriff's Department and the Dallas Police Department.

119. Taitz as an attorney and an officer of the court by and through the Law Offices of Orly Taitz, her followers, supporters and readers called and harassed the Santa Fe Probation Department, repeatedly filing false reports against Liberi, which were completely unfounded, unsubstantiated, and meritless, Taitz was threatening the employees of the Santa Fe Probation department to such an extent, they called in the New Mexico Attorney General and their local counsel to put a stop to Taitz and people on her behalf's harassment. Taitz would report each employee because they would **not** falsely arrest Liberi as demanded by Taitz.

120. On February 28, 2011, Taitz as an attorney and an officer of the court by and through the Law Offices of Orly Taitz filed in the case of *Lincoln v*

*Daylight, et al*, Case No. 8:10-cv-01573-AG -PLA, before this Court, confidential documents Taitz obtained by fraudulent means.  Taitz contacted Marcee Sloan, Coordinator of the PA Disciplinary Board.  Taitz told Ms. Sloan that she (Taitz) was calling on behalf of Judge Guilford and the U.S. District Court, Central District of California, Southern Division.  Taitz stated Judge Guilford wanted the disciplinary documents against Berg.  Ms. Sloan believing Taitz was representing the Judge and Court, supplied the confidential documents to Taitz.  In turn, Taitz filed these documents in the Federal Docketing System at 6:30 a.m. before a hearing before Judge Guilford in the Lincoln matter.  The documents severely prejudiced Berg and Berg was denied *pro hac vice* admission.  Berg had never been denied *pro hac vice* admission to any court in the 40 years he has been practicing.  See Taitz filing appearing in the Lincoln Docket as Docket Entry No. 59 and No. 65 filed March 1, 2011.

121.   When Taitz attempts with the Probation department failed and Taitz did **not** get what she wanted, March 8, 2011, Orly Taitz as an Attorney and an Officer of the Court, by and through the Law Offices of Orly Taitz filed in the San Bernardino County Superior Court, Rancho Cucamonga Division in Case No. FWV-028000 a Demand for an Emergency Revocation of Probation hearing, to have Liberi's probation revoked.  Taitz failed to serve anyone; she did **not** even bother to serve probation with her filing.  Out of courtesy since Taitz was an

attorney and filing this frivolous document through the Law Offices of Orly Taitz, Judge Sabet granted Taitz a hearing on March 8, 2011, see the Certified copy of the Court's Minute Order. The hearing was set for March 11, 2011. Due to the unavailability of Defense Counsel on March 11, 2011, the hearing was continued to March 15, 2011. Meanwhile, the Court ordered a Probation report. Probation found out about this hearing at approximately 4:30 p.m. on the 8th of March. Defense Counsel immediately contacted the Court and made his unavailability known.

122. March 15, 2011, at 8:30 a.m. Judge Sabet called the Liberi case. Before anyone had a chance to say anything, Judge Sabet stated Liberi was in compliance with all the terms of her probation, the Court will take **no** further action, and closed the case. Present at the hearings was Neil Sankey by and through Sankey Investigations, Inc. and The Sankey Firm; Orly Taitz by and through the Law Offices of Orly Taitz; a heavy set woman believed to be Linda Sue Belcher, a Defendant in the Texas Case and other Taitz supporters.

123. The probation report provided to the Court stated that the Probation Department was given a huge amount of documentation from Taitz and her supporters alleging violations against Liberi. The report stated the San Bernardino County Counsel, Probation and District Attorney as well as New Mexico reviewed all the documentation and they all were in agreement that there was **not** any sound

evidence that Liberi had done anything wrong. The report stated Liberi had **never** been in violation and all reports were very positive. This of course outraged Taitz. Taitz, as an attorney and an officer of the court by and through the Law Offices of Orly Taitz immediately went to the Probation Department demanding forms to complain against the probation officers. Taitz then went to the San Bernardino County District Attorney's office and cooked up a story that the County has **not** done their job and demanded an immediate investigation.

124. As stated, Taitz has been an attorney since 2002, she is well aware that "lay" people do **not** understand how Court processes work. The "lay" person does **not** understand how a civil and/or criminal case is prosecuted, or what is proper and **not** proper. Taitz depends on this to further incite against the Plaintiffs and continue placing them in a false light and to cause them severe damages.

125. Plaintiffs Liberi and Ostella do **not** post on the Internet negatively about Taitz and never have. In fact, Liberi is **not** a member of any forum, she is **not** a blogger, and she does **not** own any websites. The only website Liberi has ever posted on is Mr. Berg's and that was only to post something that Berg asked her to or to answer a question. Taitz is the only one posting as demonstrated above and in the attached Exhibits. Unfortunately, there is a lot more that Taitz has published about Ostella and Liberi.

126.   Liberi and Ostella have never been public individuals. Despite this, Taitz has continued repeatedly posting false tales; lies; Liberi's family photo; Liberi's single photo; Ostella and Liberi's home addresses; telephone numbers; Liberi's full Social Security number and primary identification information repeatedly, privately tweeting the Plaintiffs, etc.

127.   Taitz distributed this information including Liberi's full Social Security number, date of birth, residency, etc. to in excess of a million [1,000,000] individuals and businesses, **including internationally**. Ostella's Social Security number showed up in full on SlaveHack.com, a gaming site that teaches people how to hack computers, other players and web servers.  Ostella's Social Security number showed in Lexis as being used by multiple individuals.

128.   Defendant Neil Sankey is a licensed private investigator and owns and operates the Sankey Investigations, Inc. Sankey also works through his son, Todd Sankey's Company, The Sankey Firm, Inc. Neil Sankey is aware of the State and Federal laws pertaining to disclosure of third party information: the posting of Social Security numbers; the disclosure of Social Security numbers and personal identifying information; the permissible purpose requirement before disclosing any parties Social Security number, date of birth, where they reside or any personal information at all; the transmittal of Social Security numbers; State and Federal

laws against endangering, harassing, threatening and attempting to destroy any person's life and/or reputation.

129.  Taitz as an Attorney and an Officer of the Court by and through the Law Offices of Orly Taitz and as President of Orly Taitz, Inc. and DOFF hired Neil Sankey, The Sankey Firm, Todd Sankey and Sankey Investigations, Inc. to conduct the illegal searches of Plaintiffs Liberi and Ostella's private data.  Neil Sankey, Todd Sankey, The Sankey Firm, and Sankey Investigations had a duty to require by contract that Taitz and the Law Offices of Orly Taitz implement and maintain reasonable security procedures and practices appropriate to the nature of the information, to protect the personal information from use, disclosure and distribution.  See *Cal. Civ. Code* §1798.81.5(c).  Unfortunately, Neil Sankey, Todd Sankey, The Sankey Firm, and Sankey Investigations, Inc. failed to comply with the laws.

130.  Since Orly Taitz as an Attorney and an Officer of the Court by and through the Law Offices of Orly Taitz and as President of Orly Taitz, Inc. and DOFF, hired and sought out the help of Neil Sankey, Todd Sanky, The Sankey Firm and Sankey Investigations, Inc., Defendants Orly Taitz, the Law Offices of Orly Taitz, Orly Taitz, Inc. and DOFF are equally liable and responsible, **not** only for all the torts listed against them (Orly Taitz, Law Offices of Orly Taitz, Orly Taitz, Inc. and DOFF), but also for all the torts cited against Neil Sankey, Sankey

Investigations, Inc. Todd Sankey, and The Sankey Firm, see *Noble v. Sears, Roebuck & Co.*, 33 Cal. App.3d 654 (1973) Id at 663 (footnote omitted).

131.   Despite knowing these very laws, Sankey conspired with Taitz to destroy Liberi and Ostella, and in so doing violated every privacy protection law; State and Federal laws for the illegal background checks; illegally accessing Plaintiffs credit reports; disclosure, posting, and transmitting a person's Social Security number and personal identifying information; and violated the permissible purpose rule.  Furthermore, Taitz as an Attorney and an Officer of the Court along with Sankey by and through The Sankey Firm, Inc. and Sankey Investigations, Inc. maliciously attempted to have Liberi arrested through the Court (Malicious Prosecution), Liberi was cleared of all false allegations.

132.   Neil Sankey licensed as a private investigation violated the California Private Investigator Act ("PIA"), California Business and Profession Code §§ 7512-73.  Further, the PIA which prohibits private investigators from committing "any act constituting dishonesty or fraud", see California Business and Professions Code §§ 7538(b) and 7561.4   *Wayne v. Bureau of Private Investigators and Adjusters*, 201 Cal. App. 2d 427 (1962) Id. at 437.

133.   Sankey through his investigation firm, Sankey Investigations, Inc., had a duty to abide by the California privacy laws.  Because Sankey through his investigation firms, The Sankey Firm and Sankey Investigations, Inc., failed to

ensure Taitz, the Law Offices of Orly Taitz, Orly Taitz, Inc. and DOFF had a permissible purpose, which they did **not** and the fact Sankey through The Sankey Firm owned by Todd Sankey obtained Plaintiffs Liberi and Ostella's private data, without a permissible purpose and/or legal basis also distributed Liberi's Social Security number and private personal identifying information through e-mail to a Reporter and Taitz. Further, since Neil Sankey, Todd Sankey, The Sankey Firm and Sankey Investigations, Inc failed to issue a contract of confidentiality and ensure the confidentiality of Liberi and Ostella's Social Security number, date of birth, and other private personal identifying information, Sankey, Sankey Investigations, Inc., Todd Sankey and The Sankey Firm are equally liable for damages to the Plaintiffs for every violation, which is every individual and business Taitz and the Law Offices of Orly Taitz sent Plaintiffs Liberi and Ostella's private data to.

134. All of these Internet Postings, email exchanges, which were also posted on the Internet, all the false allegations, private identifying information (primary identifying information), addresses, information as to Plaintiffs husbands and children, etc. which were also filed in the Federal Docketing System by all these Defendants will never go away. Ten years from now, if someone searches Liberi or Ostella's name, all this false information will resurface. In fact, if Liberi or Ostella's children's names are searched, all this false nasty information posted

by the Defendants will re-surface regarding Ostella, Liberi and Berg. Furthermore, Liberi cannot fix the identity theft and use of her and her husband's Social Security numbers. Even if Liberi and her spouse apply for and receive a new Social Security number, the World has all of their primary identification information to obtain the new number(s). The world, including individuals living internationally, have all of Liberi's, Ostella's and their husbands primary identification information to obtain their birth certificates, to apply for and receive passports in their names, to obtain any type of personal confidential records in their names, credit in their names, there is absolutely **NO** way to fix this.

135. Further, Taitz as an Attorney and an Officer of the Court by and through the Law Offices of Orly Taitz continues claiming she put all this information out about Liberi because the public had a right to know, that Liberi was preparing documents for Berg; handling Berg's fundraising; and handling donors' credit cards, all of which is untrue. Liberi went back to school and obtained her certification to be a Paralegal. Liberi researches the laws and drafts briefs for Berg. Moreover, Taitz employed several felons, Lucas Smith who was convicted of forgery, and Taitz filed a forged document from Smith; Charles Edward Lincoln, III; Larry Sinclair; and others, Taitz did **not** feel it necessary to disclose these individuals arrest and/or conviction(s); and in fact, on radio shows lied about the individuals having felony conviction(s). It was **not** until after Taitz

had disagreements with the individuals she employed regarding their notification to the Court (Judge Carter) of Taitz attempt to have them perjure testimony on her behalf, that Taitz began using their pasts against them.  This completely defeats Taitz's claims regarding Liberi.

136.   Defendants DOES 1 through 186 are unknown individuals and companies who provided Plaintiffs credit reports, sealed case information, financial reports, background reports, Plaintiffs primary identification information, including Social Security numbers, address information, places of birth, and confidential information to the Defendants and furthered the dissemination of the same.  Plaintiffs are ignorant to the names of the "DOE" Defendants as of this date.

**VI.** **FACTUAL ALLEGATIONS PERTAINING TO DEFENDANTS REED ELSEVIER, INC.; LEXISNEXIS GROUP, INC.; LEXISNEXIS, INC.; LEXISNEXIS RISK & INFORMATION ANALYTICS GROUP, INC.; SEISINT, INC. d.b.a. ACCURINT; CHOICEPOINT, INC. (hereinafter at times "Reed Defendants"); AND INTELIUS**

137.   Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth here at length.

138.   The Reed and Intelius Defendants are in the business of assembling, evaluating, selling and distributing consumer credit information and other personal and confidential consumer information obtained from Governmental, State and

---

other entities, distributing consumer credit reports and other private consumer information to third parties and organizations for profit.

139.   Information contained on each individual by the Reed and Intelius Defendants includes but is **not** limited to full Social Security Numbers; Family names; Addresses; telephone numbers; Relatives names and Addresses; Places of Birth; Mother's Maiden Names; Dates of Birth; Employers; Income; banking information; Home prices and values; Marriage information; criminal records; credit records including but **not** limited to loans with banks and other entities, Mortgages, credit cards, etc.; Insurance records; medical records; friends and associates names, addresses, telephone numbers, etc.; business contacts, civil and bankruptcy filing information; and many other instances of private data on individuals.

140.   The Reed and Intelius Defendants own, possess and maintain computer databases of consumer identity and credit information for use in generating and providing background and credit reports and in verifying information supplied by individuals and businesses as part of business transactions, such as credit, insurance, private investigation, employment and/or housing applications.   Defendants' databases include the credit activity and personal identifying data of millions of individuals in the United States, including Plaintiffs. The credit and personal identifying information contained on all individuals is also

sold internationally and to domestic terrorists and extremists. The Reed and Intelius Defendants obtain the information contained within their databases from other entities such State and Federal Government agencies; Mortgage Companies; Banks; and Consumer Credit Reporting Agencies.

141. The Reed and Intelius Defendants sell consumer reports and other personal information to third parties. In so doing, communicate information relating to consumers creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, family ties and/or mode of living. The information is used or expected to be used by Defendants and third parties to serve as a factor in establishing consumers' eligibility for personal, family or household credit, insurance, housing or employment.

142. The information and reports that the Reed and Intelius Defendants furnish and sell to third parties constitute "Consumer Reports" within the meaning of the FCRA, 15 U.S.C. §1681a(d), "Consumer Credit Reports" within the meaning of CCRAA, California Civil Code §1785.3(c) and "Investigative Consumer Reports" within the meaning of ICRAA, California Civil Code § 1786.2(c).

143. The Reed and Intelius Defendants sell and furnish these consumer reports to their business customers, in interstate commerce, for monetary fees and dues. Moreover, each of the Defendants are a "Consumer Reporting Agency"

within the meaning of the FCRA, 15 U.S.C. §1681a(f), a "Consumer Credit Reporting Agency" within the meaning of the CCRAA, California Civil Code §1785.3(d) and an "Investigative Consumer Reporting Agency" within the meaning of the ICRAA, California Civil Code § 1786.2(d).

144. As narrowly defined in the FCRA §1681b; CCRAA, California Civil Code §1785.11 and the ICRAA, California Civil Code §1786.12, the Reed and Intelius Defendants may furnish and sell Consumer Reports and/or Files to any person or entity for limited purposes only.

145. Moreover, the Reed Defendants sold and sell, without any type of verification process or permissible purpose Plaintiffs and millions of other individuals private data to third party companies such as Defendant Intelius, Inc. for resell who in turns sold and sells the private data of the Plaintiffs and the millions of other individuals to anyone with a credit card without any type of verification process and/or permissible purpose. Furthermore, Intelius, Inc. sold and sells the private data of Plaintiffs and millions of other individuals without any type of authorization from the Plaintiffs and without Plaintiffs knowledge.

146. In addition, all the Reed and Intelius Defendants were notified they maintained incorrect information on the Plaintiffs in their files. Despite this, Defendants refused to investigate and/or correct the information contained in their

databases pertaining to the Plaintiffs herein.  All of which was done in violation by the Defendants to 15 U.S.C. § 1681e(b).

147.   Plaintiffs had and have a strong expectation of privacy and privacy interest in their personal identifying information contained in all the reports sold, disclosed and/or distributed by the Reed and Intelius Defendants and other credit reporting agencies, upon which their eligibility for consumer credit is determined.

148.   The Reed and Intelius Defendants failed to establish reasonable security precautions or maintain reasonable administrative procedures to preclude the selling, disclosing and/or distribution of the Plaintiffs consumer reports and confidential information to the unauthorized third parties, including but **not** limited to Orly Taitz, Yosef Taitz, Daylight CIS, Oracle, Neil Sankey, Sankey Investigations, Inc., The Sankey Firm, Inc; Todd Sankey; and other private investigative entities and individuals, who in turn used the information to carry out their threats against the Plaintiffs; place the Plaintiffs and their families in dangerous situations;  and to destroy the Plaintiffs and their credit data.

149.   During all times mentioned herein, the Reed and Intelius Defendants have, without authorization; consent; or a permissible purpose disclosed Plaintiffs consumer reports; financial information; family information; and personal identifying information to unauthorized third parties with **no** permissible purpose(s) for receiving and using such information. The Reed and Intelius

Defendants released this information to Orly Taitz, Yosef Taitz, Daylight CIS, Oracle, Neil Sankey, Sankey Investigations, Inc., The Sankey Firm, Inc; Todd Sankey; and other private investigative entities and individuals in order for Orly Taitz to carry out her threats to harm and destroy the Plaintiffs, which she did. Moreover, Orly Taitz, wife of Defendant Yosef Taitz placed the Plaintiffs and their families in severe danger and it appears Orly Taitz may have attempted to hire a party who resides close to Plaintiff Liberi and her family to have Plaintiffs Liberi, Ostella and their family's physically harmed and/or killed. Defendants have thereby violated Federal and State Statutes as described herein and have further violated the privacy rights of the Plaintiffs, who have held and hold strong expectations that their credit information and personal identifying information would be at all times maintained in a secure and confidential manner.

150. Defendant, Intelius, Inc. obtains parties private data directly from the Reed Defendants, without any type of permissible purpose, in order to sell to third parties.

151. The information maintained and controlled by the Reed and Intelius Defendants contain incorrect information, including but **not** limited to names, Social Security numbers used, address information, credit information and many other forms of data and information which is inaccurate.

---

152.   Plaintiffs sought their reports from each of these Defendants. Plaintiff Ostella received an incomplete report from Lexis, nothing from Intelius or the other Defendants; Ostella's spouse did **not** receive a report from any of the Defendant; Plaintiff Liberi was **not** provided any of her reports from any of these Defendants, nor was her husband.

153.   Plaintiffs have been severely damaged and injured by the improper disclosure of their names, family names, dates of birth, full Social Security numbers, mother's maiden names, residence, addresses, children's names, spouse's names, place of birth, financial records, credit reports and other private identifying information.  The Reed and Intelius Defendants have unlawfully sold, disclosed and/or distributed Plaintiffs information to unauthorized third parties in violation of, among other things, Plaintiffs privacy rights under the United States and California Constitutions, their common law and statutory rights of privacy, the FCRA, the CCRAA, the California Investigative Consumer Reporting Agencies Act (CCRAA) and the California Information Practices Act of l977 ("IPA") as herein alleged.

154.   The Reed and Intelius Defendants knew or reasonably should have known that their consumer credit-based products and the information contained therein constitute consumer reports within the meaning of the FCRA, the CCRAA, ICRAA and the IPA, and that those reports were **not** being used by the third parties

to which they were disclosed for permissible purposes under these statutes. Despite this, Defendants disclosed all this information in violation of the statutes and the privacy rights of the Plaintiffs. Moreover, Defendants have acted willfully, recklessly and in conscious disregard of the Plaintiffs rights. In so doing, Defendants have derived substantial income and profits from the unlawful disclosure of the Plaintiffs information.

155. Furthermore, the Reed and Intelius Defendants failed to take protective actions with their partners and third-party vendors to protect the private confidential identifying information and credit reports of the Plaintiffs in violation of the California Information Practices Act, California Civil Code § 1798.81.5(c).

156. The Reed and Intelius Defendants knowingly and intentionally disclosed the Plaintiffs Consumer Reports and private identifying information to unauthorized third parties, which persons and entities did **not** have permissible purpose for receiving and/or using Plaintiffs information. Defendants knowing and intentional disclosure of Plaintiffs private data was done in a systematic manner to generate revenue and profits for the Reed and Intelius Defendants, at the expense of Plaintiffs, in conscious disregard of their rights. The Reed and Intelius Defendants have been unjustly enriched as a result of their unlawful conduct.

157. The Reed Defendants and Intelius also willfully, recklessly and/or in conscious disregard of the Plaintiffs rights, failed to notify Plaintiffs, whose credit

reports and private identifying information was sold and disclosed to individuals and entities improperly and unlawfully. Defendants were aware of the illegal and improper disclosure of Plaintiffs credit reports; family data; financial records; personal private identifying information; Plaintiffs children's information; Plaintiffs birth information, mother's maiden names, full social security numbers, dates of birth, spouses information, and other private confidential information of Plaintiffs and failed to report the improper and illegal disclosure to any law enforcement agency. Under the law, Defendants lack of notice and/or reporting to proper authorities is and was completely inadequate and incomplete.

158. In fact, as plead in a lawsuit in Washington, D.C., Neil Sankey lost his subscription to the Reed Defendants services as a result of publishing President Barack H. Obama's Social Security number. Although the Reed Defendants cancelled his subscription, they failed to notify Plaintiffs or any of the politicians whose data was also breached by the access of Neil Sankey through his corporation Sankey Investigations, Inc. and his son, Todd Sankey and Todd Sankey's Corporation, The Sankey Firm, Inc.

159. In or about February 28, 2010, Counsel, Philip J. Berg, Esquire sent letters to the Reed Defendants and Intelius, Inc. informing Defendants of their breaches and the damages suffered by the Plaintiffs. Moreover, the letter explained how Plaintiffs were victims of serious crimes as a result of the breach

and therefore, Plaintiffs and their counsel demanded to have all their confidential information and their families' confidential information removed from the Reed and Intelius Defendants databases.   Linda Clark with LexisNexis Risk & Information Analytics Group, Inc. agreed to remove Plaintiffs private data from the front view only.  Defendant, Intelius, Inc. refused to respond to the letter presented, and refused to take any type of protective measures to secure Plaintiffs private data.

160.   After Defendant LexisNexis Risk & Information Analytics Group, Inc. received Counsel's letter of February 28, 2010, Linda Clark, Director and Sr. Corporate Counsel of LexisNexis Risk & Information Analytics Group, Inc. called and set a telephone conference.  During this conference, Linda Clark stated they too were victims referring to the illegal acts of Neil Sankey, The Sankey Firm, Inc. and Sankey Investigations.  Linda Clark also asked what Counsel's clients wanted, that they would **not** pay a lot of money, but would pay something.   These statements were confirmed to Linda Clark when a draft copy of the FTC complaint was sent to her.  At **no** time did Linda Clark deny her statements.

161.   On or about April 28, 2010 the Reed Defendants were served with a subpoena by the Plaintiffs. The subpoena was seeking all searches conducted by the parties mentioned herein on Plaintiffs Lisa Liberi and Lisa Ostella.  Despite this, Counsel for the Plaintiffs, Philip J. Berg, Esquire received a letter from

Jennifer L. Jung, Director and Sr. Counsel over the Information Technology Division of the Lexis Corporations located in Ohio, with a bunch of objections, which failed to pertain. In particular, Jennifer L. Jung claimed attorney/client work product. Plaintiffs are informed, believe and thereon allege, the truth of the matter is the Defendants failed to maintain the search information conducted by Neil Sankey; Sankey Investigations, Inc.; Todd Sankey; and The Sankey Firm Inc. a/k/a The Sankey Firm as to the Plaintiffs. This of course is in violation of Court Orders obtained by the Federal Trade Commission.

162. Another phone appointment was set by Linda Clark of Defendant LexisNexis Risk & Information Analytics Group, Inc. for May 18, 2010 with Jennifer L. Jung. During this telephone conversation with Plaintiffs' counsel, Philip J. Berg, Esquire, Mr. Berg asked Ms. Clark and Ms. Jung about the broken links and the unencrypted log-in details. Mr. Berg stated the true reason for denying the subpoena was due to the fact that they did **not** maintain their subscribers search criteria as they were Court Ordered to. Linda Clark and Jennifer L. Jung stated the only way Mr. Berg would have known this information is if he (Mr. Berg) had illegally accessed their Lexis database. Mr. Berg immediately notified Ms. Clark and Ms. Jung that Plaintiff Lisa Liberi in fact had a Lexis account and had taken screen shots of the broken links and unencrypted log-in details.

163.   Thereafter, the Reed Defendants through their Director and Sr. Corporate Counsel in Ohio, Jennifer L. Jung, retaliated against Plaintiff Lisa Liberi for filing complaints with their Corporations.  Plaintiff Liberi's Lexis account was first shut down and the reason provided was that some unknown person accessed Plaintiff Liberi's account without authorization.   Plaintiff Liberi asked Lexis to report this incident to law enforcement, but Lexis refused.  Reality was, the Reed Defendants cancelled Plaintiff Liberi's account to delete her search history, which showed the broken links and unencrypted log-in details.  Later, and after the May 18, 2010 telephone conference, Jennifer L. Jung again shut down Plaintiff Liberi's Lexis account and gave false information to Plaintiff Liberi's school claiming Plaintiff Liberi was using her Lexis account commercially.  Then, when Plaintiff Liberi attempted to renew her Lexis subscription to further her education, she was refused and therefore, had to cancel all her advanced and continuing educational courses.   The Reed Defendants knew this information was false, but did it to penalize Plaintiff Liberi and cause her severe damages for daring to file complaints against them.  Moreover, Ms. Jung wanted to ensure Plaintiff Liberi was without the ability to verify if the information contained on her had been removed as promised.  Unfortunately, the Reed Defendants were successful, as Plaintiff Liberi has been severely and seriously damaged.

164.   The Reed and Intelius Defendants were also notified of the breaches in their data as a result of using Yosef Taitz and Daylight CIS toolkit based architecture applications, including the remote toolkits with Oracle.  The Reed and Intelius Defendants were informed that Daylight toolkit based architecture applications and hardware are designed by Yosef Taitz through his Corporation, Daylight CIS and his affiliates to illegally interface back to his or any designated servers all the information maintained on the databases, in which Daylight CIS toolkit based architecture applications, including Daylight CIS Remote toolkits, and Oracle products are implemented.  The Reed Defendants were told this included all the private personal data; credit reports; any and all information maintained on the Reed and Intelius Defendants databases and servers.  Once again, Plaintiffs were simply ignored.

332.   It is also important for this Court to be aware, The Reed Defendants are all bound under three (3) separate Federal Trade Commission (FTC) stipulated Court Orders to ensure the protection of parties private data, due to numerous other breaches in the security of individuals data.  See _U.S. v. ChoicePoint, Inc_., Case No. 06-cv-0198, FTC File No. 052-3069; Court Order of February 15, 2006; _U.S. v. ChoicePoint, Inc_., Case No. 06-cv-0198 Supplemental Court Order of October 14, 2009; and _In the Matter of Reed Elsevier, Inc. and Seisint, Inc. Corporations_, FTC File No. 052-3094, Docket No. C-4226 Court Order of July 29, 2008.

165.   Although it was pointed out to the Reed Defendants they were in clear violations of these three (3) Court Orders, Linda Clark, Director and Sr. Corporate Counsel of LexisNexis Risk & Information Analytics Group, Inc. stated to Plaintiffs' Counsel, Philip J. Berg, Esquire that those Orders were old and they (Defendants) simply agreed to them.   It is and was very apparent, the Reed Defendants had and have absolutely no regard for the privacy or security of Plaintiffs or any other individuals' private data and had and have absolutely **no** intent in complying with the FTC Orders against them at the cost of Plaintiffs and other individuals' privacy and security of their private data.

166.   The Reed and Intelius Defendants were well aware of the incorrect information contained in Plaintiffs and Plaintiffs spouses' files with each Defendant.   In fact, Plaintiffs Social Security numbers were flagged as "multiple people" using Plaintiffs Social Security numbers.   Defendants refused to take any corrective or investigative action.

167.   The Reed and Intelius Defendants had a duty to over-see their third party contractors and Partners, which include Defendants Oracle Corporation; Daylight CIS; and Yosef Taitz.

## VI.   **FACTUAL ALLEGATIONS PERTAINING TO DEFENDANTS ORACLE; DAYLIGHT CIS AND YOSEF TAITZ**

168.   Plaintiffs incorporate the foregoing paragraphs as though fully set forth here at length.

---

169. Oracle Corporation ("Oracle") is in the business of selling business software and hardware systems, including operating systems to more than three hundred and seventy thousand [370,000] customers, including the Reed and Intelius Defendants. Oracle Corporation and Defendants Daylight CIS and Yosef Taitz are partners as are Yosef Taitz; Daylight CIS and Elsevier MDL, which is part of the Reed Elsevier, Inc. Corporations. Defendant Taitz designed the Unix Server peripherals supplied to Oracle Corporation through their partnered company Sun Microsystems.

170. Oracle's Relational Database Software was designed based off the Daylight Web Development architecture.

171. Defendant Taitz through his Corporation Defendant Daylight CIS created and sells applications. Daylight CIS' Toolkits provide programming interface applications which are built into the design of Oracle. The design allows for remove applicational execution, cross site scripting, remove interface and injection attacks. It is on record with U.S. Homeland Security that Oracle was aware of these vulnerabilities for years.

172. Defendants Oracle Corporation, Daylight CIS and Yosef Taitz are engaged in providing software technologies; servers and operating systems to the Reed and Intelius Defendants. It was also discovered that Daylight CIS shared a mail server with Intelius, Inc. Daylight CIS and Yosef Taitz are partnered with

Oracle Corporation and Reed Elsevier, Inc. under Elsevier MDL. Yosef Taitz through his Corporation, Daylight CIS developed and released "DayCart™, an application using the unique extensibility features of Oracle8i designed to fully integrate the molecular structures and reactions in an Oracle8i database server environment. The use of DayCart with the Oracle server, unlocks the access of existing Oracle applications and tools (such as dual program interface plug in applications.)[3]. What the general public is unaware of is the fact that Daylight CIS DayCart and toolkit based architecture applications and hardware are designed by Yosef Taitz through his Corporation, Daylight CIS and his affiliates to illegally interface back to his or any designated servers all the information maintained on the databases, in which Daylight CIS toolkit based architecture applications, including Daylight CIS Remote toolkits, and Oracle products are implemented, see Daylight Chemical Cartridge attached as **EXHIBIT "141"**; Daylight's Fingerprinting attached as **EXHIBIT "142"**; Daylight's Dual Purpose attached as **EXHIBIT "143"**; and Daylight's Daycart attached as **EXHIBIT "144"**. The Reed Defendants all use Daylight CIS toolkit based architecture applications and Oracle on their databases. It is further believed these products are also implemented on Intelius, Inc.'s servers.

---

[3] Daylight Chemical Information Systems, Inc. (Daylight CIS) Press Release of July 13, 2000.

173. All of the Plaintiffs' private data including but **not** limited to full Social Security number; names; addresses; phone numbers; family information; spouses; medical information; financial records; credit data; and other private data that is contained on the Defendants Reed and Intelius databases were interfaced back to Yosef Taitz's, Daylight CIS' and/ or their designated servers. Defendants Yosef Taitz through Daylight CIS shared the private information of Plaintiffs' with his wife, Orly Taitz. Orly Taitz placed Plaintiffs private data all over the Internet; sent it by mass emailing; mass mailing; hand delivery; and sent it internationally and to terroristic and hate type Militia Groups. In fact, Plaintiff Lisa Liberi's private data, including full Social Security number is still located on a third party website as of the date of this complaint. The private data of plaintiffs was shared with over a million individuals and thereby Plaintiffs have been severely and seriously damaged.

174. Yosef Taitz through Defendant Daylight CIS and Oracle are partnered with the Reed Defendants and have interface access to their Oracle run databases and computer systems, which allowed all of the Plaintiffs as well as millions of individuals private data, credit data, financial records, birth data, parents name, family names, etc. to interface back to Yosef Taitz and Daylight CIS' servers

175. Yosef Taitz shared all of Plaintiffs private data mentioned herein with his wife, Orly Taitz in order for his wife, Orly Taitz to carry out her threats against

Plaintiffs, which she did.   Oracle at all times mentioned herein was aware of the scripting dual purpose vulnerabilities and hardware of Defendants Yosef Taitz's and Daylight CIS toolkit based architecture applications, including Daylight CIS' remote toolkits.

176.   Oracle had a duty to over-see their third party contractors and Partners, which include Defendants Oracle; Daylight CIS; and Yosef Taitz.

177.   Defendants' Taitz, Daylight CIS and Oracle's actions were willful wanton, malicious and done with malice to injure the Plaintiffs herein.

178.   All the Defendants also maliciously, willfully, recklessly and/or in conscious disregard of the Plaintiffs rights, whose credit reports and private identifying information, illegally disclosed to individuals and entities improperly and unlawfully.   All the Defendants were aware of the illegal and improper disclosure of Plaintiffs credit reports; family data; financial records; personal private identifying information; Plaintiffs children's information; Plaintiffs birth information, mother's maiden names, full social security numbers, dates of birth, spouses information, and other private confidential information as Defendant Yosef Taitz through his Corporation Defendant Daylight CIS gave the information willingly to his wife, Orly Taitz, to carry out her threats against the Plaintiffs.

//
//
//
//

# FIRST CAUSE OF ACTION

## WILFUL AND INTENTIONAL INTRUSION UPON LIBERI, BERG AND OSTELLA'S SOLITUDE, SECLUSION AND PRIVATE AFFAIRS - INVASION OF PRIVACY, INCLUDING VIOLATIONS OF THE FIRST AND FOURTEEN AMENDMENT OF THE U.S. CONSTITUTION

(Plaintiffs Lisa Liberi, Lisa Ostella, and Philip J. Berg against all Defendants)

179.   Plaintiffs re-allege and incorporate by reference each and every allegation and Exhibit contained hereinabove as though set forth here in full length.

180.   Defendants intentional intrusion upon Berg, Liberi and Ostella's solitude, seclusion and private affairs also violated the Fourteenth Amendment due process right, recognized by the Supreme Court as protecting a general right to privacy within family, marriage, and motherhood.

181.   At all times herein, Plaintiffs expected that their private lives, including their primary identifying information; family photos, single pictures, place of birth; date of birth; mother's maiden names; children's names; children's activities; sealed court records, including but **not** limited to Adoption, Paternity, and Disciplinary matters; medical records; driver's license information; credit information; job information; and other private data would remain private and had expectation of the same.

182.   Liberi had a confidential address as a result of her child and her being victims of domestic violence type crimes.   The publication and continued

---

republication of Liberi's personal identifying information by Defendants were to make sure anyone with internet had access to Liberi's Social Security number, date of birth and where she resided, further placing Liberi, her son and husband in further danger

183.   At all times, Liberi believed her address was private and therefore, Liberi felt safe.  Liberi does **not** own real estate, and Liberi's home address only appeared on her credit report.    Liberi believed where she resided, for safety measures, would remain private and had expectations of the same.

184.   Names of probation officers are **not** public information.    Liberi always expected the laws would be upheld and all information would remain private and confidential at all times.

185.   Liberi also had an expectation of privacy pertaining to her sister's death and the sorrow it brought upon the family.

186.    Berg at all times had an expectation of privacy as to the documents on file in the Disciplinary action.

187.   Plaintiffs Liberi and Ostella at all times herein had an expectation that their family affairs, including events with their children and husbands, their spouses' employment, their children's travels, school, pictures, and private information would remain private.

188.    As alleged herein, Defendants violated Plaintiffs Liberi, Berg and Ostella's privacy rights and invaded their solitude, seclusion and private affairs by intentionally illegally accessing, disclosing and distributing Plaintiffs privileged and private credit reports, financial data, primary identifying information, and other confidential information, confidential disciplinary documents, photographs, sealed case information, etc., as outlined in the preceding paragraphs, which Defendants knew or reasonably should have known were obtained from personal information maintained by State and Federal agencies, to unauthorized third parties.   Defendants intentionally disclosed Plaintiffs Liberi, Berg and Ostella's personal information without their knowledge or consent.   The unauthorized access, disclosure and distribution of such private data and information are offensive and objectionable to a reasonable person of ordinary sensibilities.

189.   The Reed Defendants and Defendants Intelius, Inc., Yosef Taitz, Daylight CIS and Oracle's willful and malicious acts in violating every aspect of the Plaintiffs rights to privacy, Plaintiffs right to be let alone and the Defendants invasion of Plaintiffs privacy for which Defendants are responsible pursuant to California Civil Code  § 1714(a).

190.   The Reed Defendants and Defendants Intelius, Inc., Yosef Taitz, Daylight CIS and Oracle's systematic violation of the FCRA, CCRAA, ICRAA and IPA, as alleged herein, coupled with their unlawful invasion of Plaintiffs

Privacy Right and Right to be let alone, and the other wrongful conduct alleged in this Complaint, has caused Plaintiffs severe damages. Therefore, Plaintiffs are entitled to damages in the form of compensatory damages pursuant to California Civil Code §§ 3281-3283 and exemplary damages pursuant to California Civil Code - § 3294.

191. As a result of Defendants unlawful conduct, the privacy right of Plaintiffs Liberi, Berg and Ostella have been violated in excess of a million times, which was also republished by third parties and their websites, and Plaintiffs Liberi, Berg and Ostella have suffered severe emotional distress, and have been injured and damaged as a result thereof.

192. As a direct and proximate cause of the disclosure of Plaintiffs private facts, Plaintiffs Liberi, Berg and Ostella have been, among other things, embarrassed, mortified, and humiliated before the general public and have suffered severe emotional distress.

193. The remedies provided for in this section are cumulative and shall be in addition to any others provided for by law.

194. Defendants' unlawful conduct as alleged herein was intentional, oppressive and malicious; therefore Plaintiffs Liberi and Ostella are entitled to civil penalties, punitive, actual, exemplary damages, and all other appropriate relief as further set forth in the Prayer for Relief herein.

195.  As a direct and proximate result of the conduct alleged herein, Plaintiffs Liberi, Berg and Ostella seek to recover actual damages, including, but **not** limited to all damages, of any nature, resulting from the unlawful disclosure of their credit reports, confidential court pleadings and primary personal information to unauthorized third parties. Plaintiffs Liberi, Berg and Ostella also seek statutory damages, penalties, exemplary and punitive damages, as provided by statute and as further set forth in the Prayer for Relief herein.

## SECOND CAUSE OF ACTION

### PUBLIC DISCLOSURE OF PRIVATE FACTS – Invasion of Privacy

(Plaintiffs Lisa Liberi, Lisa Ostella, and Philip J. Berg against all Defendants)

196.  Plaintiffs re-allege and incorporate by reference each and every allegation and Exhibit contained hereinabove as though set forth here in full length.

197.   Defendants intentional disclosure of Berg, Liberi and Ostella's private affairs, including their families also violated the Fourteenth Amendment due process right, recognized by the Supreme Court as protecting a general right to privacy within family, marriage, and motherhood.

198.  At all times herein, Plaintiffs Liberi, Ostella and Berg expected that their private lives, including their primary identifying information; family photos, single pictures, place of birth; date of birth; mother's maiden names; children's names; children's activities; sealed court records, including but **not** limited to Adoption, Paternity, and Disciplinary matters; medical records; driver's license

information; credit information; job information; and other private data would remain private and had expectation of the same.

199. None of the private facts disclosed by Defendants regarding Plaintiffs Liberi, Berg and Ostella's were newsworthy or made for any purpose relating to newsworthy events. Instead, it was to harm the Plaintiffs which it did.

200. As alleged herein, Defendants violated Plaintiffs Liberi, Berg and Ostella's privacy rights by intentionally illegally accessing, disclosing and distributing their privileged credit reports, financial data, primary identifying information, and other confidential information, photograph's, sealed case information, confidential disciplinary documents, etc., as outlined in the preceding paragraphs, which Defendants knew or reasonably should have known were obtained from personal information maintained by State and Federal agencies, to unauthorized third parties. Defendants intentionally disclosed Plaintiffs Liberi, Berg and Ostella's personal information without their knowledge or consent. The unauthorized access, disclosure and distribution of such private data and information are offensive and objectionable to a reasonable person of ordinary sensibilities.

201. As a result of Defendants unlawful conduct, the privacy right of Plaintiffs Liberi, Berg and Ostella have been violated in excess of a million times, which was republished by third parties, and Plaintiffs Liberi, Berg and Ostella have

suffered severe emotional distress, and have been injured and damaged as a result thereof.

202. As a direct and proximate cause of the disclosure of Plaintiffs private facts, Plaintiffs Liberi, Berg and Ostella have been, among other things, embarrassed, mortified, and humiliated before the general public and have suffered severe emotional distress.

203. The remedies provided for in this section are cumulative and shall be in addition to any others provided for by law.

204. Defendants' unlawful conduct as alleged herein was intentional, oppressive and malicious; therefore Plaintiffs Liberi and Ostella are entitled to civil penalties, punitive, actual, exemplary damages, and all other appropriate relief as further set forth in the Prayer for Relief herein.

205. As a direct and proximate result of the conduct alleged herein, Plaintiffs Liberi, Berg and Ostella seek to recover actual damages, including, but **not** limited to all damages, of any nature, resulting from the unlawful disclosure of their credit reports, confidential court pleadings and personal information to unauthorized third parties. Plaintiffs Liberi, Berg and Ostella also seek statutory damages, penalties, exemplary and punitive damages, as provided by statute and as further set forth in the Prayer for Relief herein.

//
//

# THIRD CAUSE OF ACTION

## FALSE LIGHT - Invasion of Privacy

(Plaintiffs Lisa Liberi, Lisa Ostella, Philip J. Berg, Go Excel Global and the Law Offices of Philip J. Berg against all Defendants)

206.   Plaintiffs re-allege and incorporate by reference each and every allegation and Exhibit contained hereinabove as though set forth here in full length.

207.   The false, misleading and defamatory statements disseminated by the Defendants all over the Internet, by mass emailing, by postal mailing, hand delivery, and posting all over the World Wide Web portray Liberi as a lifelong document forger, a perjure, a person with current criminal charges pending against her, violating her probation, of slandering and defaming individuals, of stealing, of "hacking", of being dangerous, of "murdering her sister", of tampering with Taitz vehicles to harm her, of having 80, 100, and 200 felony counts against her, of having a criminal history going back to the 1990's, of having multiple Social Security numbers illegally, defrauding the courts, forging court documents in the within case, that she had been convicted of numerous counts of forgery, that Liberi is a "career document forger", that Liberi is a "career forger", of Social Security Fraud, and the other false allegations outlined hereinabove made by Neil Sankey by and through Sankey Investigations and The Sankey Firm owned by Todd Sankey, Orly Taitz as an Attorney and an Officer of the Court by and through the Law Offices of Orly Taitz and as President of Orly Taitz, Inc. and DOFF, with

---

knowledge of the false and libelous nature of the statements contained therein and with gross negligence and reckless disregard for the truth.

208.    Taitz as an Attorney and an Officer of the Court by and through the Law Offices of Orly Taitz has continually stated that Liberi is a "career forger"; a "career document forger"; a "thief"; that Liberi was convicted of forgery; that Liberi was convicted of multiple forgeries.  This is **not** true.  **Liberi has never been convicted of forging documents or of document forgery**.

209.  The false, misleading and defamatory statements disseminated by Defendants portray Lisa Ostella as a thief, a "hacker", of stealing, having a long criminal record, of slander, libel and defamation, of "hijacking" Taitz websites and blogs, which Ostella owned, of seeking monies in the name of Taitz Corporation, DOFF, forgery, perjury, defrauding the courts, and the other false allegations outlined herein above made by Neil Sankey by and through Sankey Investigations and The Sankey Firm owned by Todd Sankey, Orly Taitz as an Attorney and an Officer of the Court by and through the Law Offices of Orly Taitz and as President of Orly Taitz, Inc. and DOFF, with knowledge of the false and libelous nature of the statements contained therein and with gross negligence and reckless disregard for the truth.

210.    The false, misleading and defamatory statements disseminated by Defendants portray Berg as dishonest, a thief, of forging court documents in this

case, of perjury, subornation of  perjury, defrauding the courts, making monies using DOFF's name, slander, libel and defamation, and the other false allegations outlined herein above made by Neil Sankey by and through Sankey Investigations and The Sankey Firm owned by Todd Sankey, Orly Taitz as an Attorney and an Officer of the Court by and through the Law Offices of Orly Taitz and as President of Orly Taitz, Inc. and DOFF, with knowledge of the false and libelous nature of the statements contained therein and with gross negligence and reckless disregard for the truth.

211.   Defendants Neil Sankey through Sankey Investigations, Inc. and The Sankey Firm owned by Todd Sankey, Orly Taitz as an Attorney and an Officer of the Court by and through the Law Offices of Orly Taitz and as President of Orly Taitz, Inc. and DOFF intentionally disseminated with malice their hearsay version of events leading to a conviction against Liberi with knowledge of the false and libelous nature of the statements contained therein and with gross negligence and reckless disregard for the truth.

212.   Defendants' statements have invaded the privacy of Plaintiffs Liberi, Berg and Ostella and placed them in a false light before the public's eye. Furthermore, all the false, libel and defamatory postings all over the Internet have been carried by third party websites, tweeted and sent out through numerous social networking sites and RSS feeds.

213.   As a direct and proximate cause of the publication and republication of Defendants statements, Plaintiffs Liberi, Berg and Ostella have been, among other things, embarrassed, mortified, and humiliated before the general public and have suffered severe emotional distress.  Defendants Orly Taitz as an Attorney and an Officer of the Court by and through the Law Offices of Orly Taitz continually attempted to have Liberi and Ostella falsely arrested in whole, because of the negative and false portrait of their conduct that Defendants have created. Plaintiffs Liberi, Berg, Ostella, the Law Offices of Philip J. Berg, and Go Excel Global's reputation as honest, loyal and caring individuals and businesses who are good in their professions have been seriously harmed and will now always bear a stain of being associated with the false statements and allegations published and republished by the Defendants.

214.   The remedies provided for in this section are cumulative and shall be in addition to any others provided for by law.

215.   Defendants' unlawful conduct as alleged herein was intentional, oppressive and malicious; therefore Plaintiffs Liberi, Berg, Ostella, Go Excel Global and the Law Offices of Philip J. Berg are entitled to civil penalties, punitive, actual, exemplary damages, and all other appropriate relief as further set forth in the Prayer for Relief herein.

216.    As a direct and proximate result of the conduct alleged herein, Plaintiffs Liberi, Berg, Ostella, the Law Offices of Philip J. Berg, and Go Excel Global seek to recover actual damages, including, but **not** limited to all damages, of any nature, resulting from the Defendants placing Plaintiffs Liberi, Berg and Ostella in a False Light before the Public. Plaintiffs Liberi, Berg and Ostella also seek statutory damages, penalties, exemplary and punitive damages, as provided by statute and as further set forth in the Prayer for Relief herein.

## FOURTH CAUSE OF ACTION

## APPROPRIATION OF NAME, PHOTO AND LIKE - Invasion of Privacy

(Plaintiffs Lisa Liberi, Lisa Ostella, against Defendants Orly Taitz as an attorney and an Officer of the Court by and through the Law Offices of Orly Taitz and Orly Taitz as President of Orly Taitz, Inc. and DOFF; the Law Offices of Orly Taitz; Orly Taitz, Inc. and Defend our Freedoms Foundations, Inc)

217.    Plaintiffs re-allege and incorporate by reference each and every allegation and Exhibit contained hereinabove as though set forth here in full length.

218.    The right to use LISA LIBERI and LISA OSTELLA's names and likeness to promote Orly Taitz and the Law Offices of Orly Taitz as a Constitutional and Civil Rights Attorney, who was victimized by Plaintiffs Liberi and Ostella for being a whistleblower is in violation of *Cal. Civ. Code* §3344 and Plaintiffs Liberi and Ostella's common law right of publicity.

219.    Taitz by and through the Law Offices of Orly Taitz made in excess of One hundred Thousand Dollars  [$100,000.00] through PayPal as a result of using

Plaintiff Liberi's name and pictures; and Plaintiff Ostella's name in Taitz's repeated postings. Taitz website advertises for services by Taitz, her Law offices and for third parties.

220. Additionally, the value of Plaintiffs Liberi and Ostella's name and likeness has been diminished by the publication of their names and pictures with all the false allegations distributed and redistributed by Orly Taitz as an Attorney and an Officer of the Court by and through the Law Offices of Orly Taitz and as President of Orly Taitz, Inc. and DOFF.

221. Defendants Orly Taitz as an Attorney and an Officer of the Court by and through Defendant the Law Offices of Orly Taitz and as President of Defendants Orly Taitz, Inc. and DOFF conduct alleged above constitutes a willful violation of Plaintiffs Lisa Liberi and Lisa Ostella's common law right to publicity and rights secured by *Cal. Civ. Code* §3344.

222. As a direct and proximate result of Defendants Orly Taitz as an Attorney and an Officer of the Court by and through Defendant the Law Offices of Orly Taitz and as President of Defendants Orly Taitz, Inc. and DOFF said misconduct, LISA LIBERI and LISA OSTELLA have suffered and will suffer substantial monetary damage, as well as severe emotional distress.

223. Defendants Orly Taitz as an Attorney and an Officer of the Court by and through Defendant the Law Offices of Orly Taitz and as President of

Defendants Orly Taitz, Inc. and DOFF did **not** engage in said misconduct out of any sincere or proper motive, but did so knowingly, willfully, oppressively, and maliciously intending to appropriate to themselves without compensation what they knew to be LISA LIBERI and LISA OSTELLA'S valuable rights.  Said misconduct was also fraudulent, in that the public was led to believe falsely that LIBERI and OSTELLA consented to such commercial use of their name and likeness and was associated with and approved of Defendants conduct.

224.   Cal. Civ. Code 3344 states in pertinent part:

"(a) Any person who knowingly uses another's name, photograph or likeness, in any manner…for purposes of soliciting goods (money) or services, without such person's prior consent…shall be liable for any damages sustained by the person or persons injured as a result thereof.  In addition, in any action brought under this section, the person who violated the section shall be liable to the injured party or parties in an amount equal to the greater of seven hundred fifty dollars [$750.00] or the actual damages suffered by him or her as a result of the unauthorized use, and any profits from the unauthorized use that are attributable to the use and are not take in in to account computing the actual damages…Punitive damages may also be awarded to the injured party or parties.  The prevailing party in any action under this section shall also be entitled to attorney's fees and costs…(g) the remedies provided for in this section are cumulative and shall be in addition to any others provided for by law."

225.   As a direct and proximate cause of the publication and republication of Defendants names, pictures and like, Plaintiffs Liberi and Ostella have been, among other things, in fear for their lives and the lives of their husbands and children, embarrassed, mortified, and humiliated before the general public and have suffered severe emotional distress.  .

226.   The remedies provided for in this section are cumulative and shall be in addition to any others provided for by law

227.   Defendants Orly Taitz as an Attorney and an Officer of the Court by and through Defendant, the Law Offices of Orly Taitz and as President of Defendants Orly Taitz, Inc. and DOFF's unlawful conduct as alleged herein was intentional, oppressive and malicious; therefore Plaintiffs Liberi and Ostella are entitled to civil penalties, punitive, actual, exemplary damages, and all other appropriate relief as further set forth in the Prayer for Relief herein.

228.   As a direct and proximate result of the conduct alleged herein, Plaintiffs Liberi and Ostella seek to recover actual damages, including, but **not** limited to all damages, of any nature, resulting from the Defendants placing Plaintiffs Liberi, Berg and Ostella in a False Light before the Public. Plaintiffs Liberi, Berg and Ostella also seek statutory damages, penalties, exemplary and punitive damages, as provided by statute and as further set forth in the Prayer for Relief herein.

# FIFTH CAUSE OF ACTION

## WILLFULL VIOLATION OF THE CALIFORNIA INFORMATION ACT (CIA), *CAL. CIV. CODE* §1798.53

### (Plaintiffs Lisa Liberi and Lisa Ostella against all Defendants)

229.   Plaintiffs re-allege and incorporate by reference each and every allegation and Exhibit contained hereinabove as though set forth here in full length.

230.   Plaintiffs Liberi and Ostella assert this claim against each and every Defendant named herein in this Complaint separately.

231.   Plaintiffs Liberi and Ostella have legally protected privacy interests in their confidential credit, financial, primary identification, and other private data and reasonable expectations of privacy in such information.  The right to privacy, codified at *Cal. Civ. Code* §1798.53 vests citizens, including Plaintiffs with protection from the unlawful access, disclosure and distribution of such sensitive information.

232.   Plaintiff Liberi had an expectation of her residency address staying confidential.  Liberi did **not** own real estate and therefore her physical address was never public.  Despite this, Defendants illegally obtained Liberi's home address from her credit reports, disclosed and distributed it to over a million individuals and businesses.

---

233.   As alleged herein, Defendants violated Plaintiffs Liberi and Ostella's privacy rights and *Cal. Civ. Code* §1798.53 by intentionally illegally accessing, disclosing and distributing their privileged credit reports, financial data, primary identifying information, and other confidential information, outlined in the preceding paragraphs, which Defendants knew or reasonably should have known was obtained from personal information maintained by State and Federal agencies, to unauthorized third parties.   Defendants intentionally disclosed Plaintiffs Liberi and Ostella's personal information without their knowledge or consent.   The unauthorized access, disclosure and distribution of such private data and information are offensive and objectionable to a reasonable person of ordinary sensibilities.

234.   *Cal. Civ. Code* §1798.53 states:

"Any person, other than an employee of the state or of a local government agency acting solely in his or her official capacity, who intentionally discloses information, not otherwise public, which they know or should reasonably know was obtained from personal information maintained by a state agency or from "records" within a "system of records" (as these terms are defined in the Federal Privacy Act of 1974 (P. L. 93-579; 5 U.S.C. 552a)) maintained by a federal government agency, shall be subject to a civil action, for invasion of privacy, by the individual to whom the information pertains."

"In any successful action brought under this section, the complainant, in addition to any special or general damages awarded, shall be awarded a minimum of two thousand five hundred dollars ($2,500) in exemplary damages as well as attorney's fees and other litigation costs reasonably incurred in the suit."

"The right, remedy, and cause of action set forth in this section shall be nonexclusive and is in addition to all other rights, remedies, and causes of action for invasion of privacy…"

235.    As a result of Defendants unlawful conduct, the privacy right of Plaintiffs Liberi and Ostella have been violated in excess of a million times, and Plaintiffs Liberi and Ostella have suffered severe emotional distress, and have been injured and damaged as a result thereof.

236.    Defendants' unlawful conduct as alleged herein was intentional, oppressive and malicious; therefore Plaintiffs Liberi and Ostella are entitled to the civil penalties, exemplary damages pursuant to *Cal. Civ. Code* §1798.53, and all other appropriate relief as further set forth in the Prayer for Relief herein.

237.    As a direct and proximate result of the conduct alleged herein, Plaintiffs Liberi and Ostella seek to recover actual damages, including, but **not** limited to all damages, of any nature, resulting from the unlawful disclosure of their credit reports and personal information to unauthorized third parties. Plaintiffs Liberi and Ostella also seek statutory damages, penalties, exemplary and punitive

damages, as provided by statute and as further set forth in the Prayer for Relief herein.

## SIXTH CAUSE OF ACTION

## VIOLATION OF *CAL. CIV. CODE* §1798.85 (California Information Act)

(Plaintiffs Lisa Liberi and Lisa Ostella against all Defendants)

.

238.    Plaintiffs re-allege and incorporate by reference each and every allegation and Exhibit contained hereinabove as though set forth here in full length.

239.   Plaintiffs Liberi and Ostella assert this claim against each and every Defendant named herein in this Complaint separately.

240.    *Cal. Civ. Code* §1798.85 states in pertinent part:

"(a) Except as provided in this section, a person or entity may not do any of the following:     (1) Publicly post or publicly display in any manner an individual's social security number.  "Publicly post" or "publicly display" means to intentionally communicate or otherwise make available to the general public."

241.   At all relevant times, Defendants used their business practices of accessing private personal information, including but **not** limited to full Social Security numbers, dates of birth, place of birth, mother's maiden names, Plaintiffs maiden names, credit reports, driver's license information, financial data, seal court case information, photograph's, primary identification information, husband's names, Social Security numbers and dates of birth, children's names and

identity, and other private data outlined herein, without a permissible purpose, legal basis, authorization and/or consent.

242. At all relevant times, Defendants failed to conform their practices to the requirements of *Cal. Civ. Code* §1798.85.

243. Plaintiffs Liberi and Ostella have and had a strong expectation of privacy and a privacy interest in their personal identifying information contained in their credit reports and with State and Federal Agencies, including their Social Security numbers.

244. At all relevant times, Plaintiffs Liberi and Ostella believed their Social Security numbers, dates of birth, places of birth, driver's license information, mother's maiden names, financial records, credit reports and other private data outlined herein was maintained confidential in the State and Federal agencies and State companies who maintained the information. Plaintiffs Liberi and Ostella expected all their private data outlined herein would remain at all times confidential and private. At **no** time did Plaintiffs Liberi or Ostella give any of the Defendants permission to obtain and/or access their private data, nor did any of the Defendants have a permissible purpose or any type of a legal basis.

245. Defendants obtained all of Plaintiffs Liberi and Ostella private data outlined herein in the State of California and accessed databases from the State of California from businesses, e.g. LexisNexis, ChoicePoint, Inc., Reed Elsevier, Inc.,

Intelius, Inc., Accurint, Jobs.com, and other companies who have offices in California and conduct business in California.

246. All Defendants directly participated in the illegal access of and distribution of Plaintiffs Liberi and Ostella's private confidential information outlined herein.

247. Additionally, and of equal violation of the California Information Practices Act, *Cal. Civ. Code* §1798.85, the Defendants aided, agreed with, and conspired with each other to unlawfully do, or permit, or causes to be done all the acts complained of herein.

248. All the private and primary identification information of Plaintiffs Liberi and Ostella, outlined hereinabove and in all the attached Exhibits were intentionally published and promoted by Orly Taitz, The Law Offices of Orly Taitz, Orly Taitz, Inc., DOFF, Neil Sankey, The Sankey Firm through Todd Sankey and Sankey Investigations, Inc. with malice, gross negligence and with reckless disregard as to the damages it would cause Plaintiffs Liberi and Ostella. The tortious acts complained of herein were committed, in part, in the Central District of California and elsewhere, and Plaintiffs Liberi and Ostella sustained injury in said jurisdiction and others as a result of these tortious acts.

249. As alleged herein, Defendants violated Plaintiffs Liberi and Ostella privacy rights and *Cal. Civ. Code* §1798.85 by intentionally accessing, disclosing

and distributing their privileged financial, credit, and other confidential information, which Defendant knew or reasonably should have known were obtained from personal information maintained by state and/or federal agencies, to unauthorized third parties. Defendants intentionally disclosed Plaintiffs Liberi and Ostella's personal information without their knowledge or consent. The unauthorized access, disclosure and distribution of such private data and information is offensive and objectionable to a reasonable person of ordinary sensibilities.

250. As a result of Defendants' unlawful conduct, the privacy rights of Plaintiffs Liberi and Ostella have been violated, and Plaintiffs Liberi and Ostella have been injured and damaged as a result thereof.

251. Unless restrained and enjoined pursuant to *Cal. Civ. Code* §1798.84(e), Defendants will continue to commit such acts.

252. As a direct result, Defendants, each of them are liable, separately to Plaintiffs Liberi and Ostella, separately, A civil penalty pursuant to *Cal. Civ. Code* §1798.84. *Cal. Civ. Code* §1798.84, states in pertinent part:

"(b) states a party injured by a violation of this title may institute a civil action to recover damages and…(c) dictates a civil penalty over and above actual damages and punitive damages for a willful, intentional, or reckless violation…may recover a civil penalty not to exceed three thousand dollars ($3,000) per violation…(e) Any business that violates, proposes to violate,

---

or has violated this title may be enjoined…(f) A prevailing plaintiff in any action commenced shall also be entitled to recover his or her reasonable attorney's fees and costs…(g) The rights and remedies available under this section are cumulative to each other and to any other rights and remedies available under law."

253. Defendants, each of them, violated *Cal. Civ. Code* §1798.85 in excess of a million times by their repeated publication of Plaintiff Liberi and Ostella's Social Security number, date of birth, place of birth, and other primary identification information and have the information set on Orly Taitz's, the Law Offices of Orly Taitz, Orly Taitz, Inc. and DOFF's website to refresh every three (3) hours, which is republication every three (3) hours. Thus, Defendants are indebted to Plaintiffs Liberi and Ostella for civil penalties up to Three Billion Dollars [$3,000,000,000.00], which is cumulative to each and other penalty and any other rights and remedies available under the law.

254. Defendants' unlawful conduct as alleged herein was intentional, oppressive and malicious; therefore Plaintiffs Liberi and Ostella are entitled to the civil penalties set forth at *Cal. Civ. Code* §1798.84, including exemplary damages, and all other appropriate relief as further set forth in the Prayer for Relief herein.

255. As a direct and proximate result of the conduct alleged herein, Plaintiffs Liberi and Ostella seek to recover actual damages, including, but **not** limited to all damages, of any nature, resulting from the unlawful disclosure of

their credit reports and personal information to unauthorized third parties. Plaintiffs Liberi and Ostella also seek statutory damages, penalties, exemplary and punitive damages, as provided by statute and as further set forth in the Prayer for Relief herein.

## SEVENTH CAUSE OF ACTION
## CYBER-STALKING, CYBER-HARASSMENT and CYBER-BULLYING

(Plaintiffs Lisa Liberi and Lisa Ostella Against Defendants Orly Taitz as an Attorney and an Officer of the Court by and through the Law Offices of Orly Taitz and as President of Orly Taitz, Inc. and DOFF; Law Offices of Orly Taitz; Orly Taitz, Inc.; and Defend our Freedoms Foundations, Inc.)

256. Plaintiffs re-allege and incorporate by reference each and every allegation and Exhibit contained hereinabove as though set forth here in full length.

257. Cyber-stalking is the use of the Internet, email or other electronic communications to stalk, and generally refers to a pattern of harassing, threatening or malicious behaviors. **Cyber-stalking can be considered to be the most dangerous of the three types of Internet harassment**.

258. The following features or combination of features can be considered to characterize a true stalking situation: malice, premeditation, repetition, distress, obsession, vendetta, no legitimate purpose, personally directed, disregarded

warnings to stop, harassment, and threats.[4]  A number of key factors have been identified in identifying cyber-stalking:

a. False accusations:  Cyber-stalkers try to damage the reputation of their victim(s) and turn other people against them by posting false information about them on websites.[5]

b. Attempts to gather information about the victim. Cyber-stalkers may approach their victim's friends, family and work colleagues to obtain personal information. They may advertise for information on the Internet, or hire a private detective.[6]

c. Encouraging others to harass the victim. Cyber-stalkers try to involve third parties in the harassment. They may claim the victim has harmed the stalker or his/her family in some way, or may post the victim's name and telephone number in order to encourage others to join the pursuit.[7]

d. False victimization. The cyber-stalker will claim that the victim is harassing him/her.

---

[4]  Bocij, Paul. Cyberstalking: Harassment in the Internet Age and How to Protect Your Family. Praeger, 2004, pp. 9-10.

[5] Bocij, Paul. Cyberstalking: Harassment in the Internet Age and How to Protect Your Family. Praeger, 2004, p. 12

[6] Bocij, Paul. Cyberstalking: Harassment in the Internet Age and How to Protect Your Family. Praeger, 2004, p. 13; and An exploration of predatory behavior in cyberspace: Towards a typology of cyberstalkers by Leroy McFarlane and Paul Bocij

[7]  An exploration of predatory behavior in cyberspace: Towards a typology of cyberstalkers by Leroy McFarlane and Paul Bocij

---

e. Cyber-stalkers often do not threaten their victims, at least not directly;[8] they are more likely to use tactics that harass and threaten their victims, **such as posting the victim's name and address on the Internet along with false claims**.[9]

259. Harassment is defined as: "*a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, torments, or terrorizes the person, and that serves no legitimate purpose. The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the person. See Cal. Civ. Code §1708.7(b)(4).*

260. Cyber-harassment is an immoral behavior by someone or a group, who uses technology such as computers, internet or mobile devices to send disturbing messages to bother, humiliates, threaten, or stalk someone else. The schemes used consist of emails, blog and website postings, and other means of

---

[8] See 1999 Revision of Model State Computer Crimes Code § 2.02.2 - Commentary, available at http://www.cybercrimes.net/99MSCCC/MSCCC/Article2/2.02.2.html.

[9] See, e.g., Petherick, supra note 130. See also U.S. Dep't of Justice, Cyberstalking: A New Challenge for Law Enforcement and Industry (August 1999), available at: http://www.justice.gov/criminal/cybercrime/cyberstalking.htm.

> A cyber-stalker can dupe other Internet users into harassing or threatening a victim by utilizing their own website, Internet bulletin boards or chat rooms. For example, a stalker may post a controversial or enticing message on the board about the victim, resulting in subsequent responses to the victim. Each message -- whether from the actual cyberstalker or others -- will have the intended effect on the victim, but the cyberstalker's effort is minimal and there is lack of direct contact between the cyberstalker and the victim.

---

electronic communication.    "Cyber-stalking and cyber-harassment are similar. Most people use them interchangeably, but there is a subtle distinction, typically relating to the perpetrator's intent and the original motivation for their behavior. While the two situations usually involve many of the same online tactics, **cyber-stalking is almost always characterized by the stalker relentlessly pursuing his or her victim online and is much more likely to include some form of offline attack**, as well. **This offline aspect makes it a more serious situation as it can easily lead to dangerous physical contact if the victim's location is known**…Cyber-stalkers are often driven by revenge, hate, anger, jealousy, obsession, and mental illness. While a cyber-harasser may be motivated by some of these same feelings, often the harassment is driven by the desire to frighten or embarrass the harassed victim. Sometimes the harasser intends to teach the victim a lesson in netiquette or political correctness (from the harasser's point of view)."[10]

261.   Cyber-bullying is "the use of information and communication technologies to support deliberate, repeated, and hostile behavior by an individual or group that is intended to harm others". Cyber-bullying has been defined as "when the Internet, cell phones or other devices are used to send or post text or images intended to hurt or embarrass another person" or as "when an electronic

---

[10] http://www.informationweek.com/news/security/privacy/showArticle.jhtml?articleID=29116706

device is used to attack or defame the character of a real person. Often embarrassing or false information about the victim is posted in an online forum where the victim and those who know the victim can see it publicly." Cyber-bullies may disclose victims' personal data (e.g. real name, address, or workplace/schools) at websites or forums or may pose as the identity of a victim for the purpose of publishing material in their name that defames or ridicules them. Cyber-stalkers seek to damage their victim's earnings, employment, reputation, or safety.

262.   As can be seen by all of Orly Taitz as an Attorney and an Officer of the Court by and through the Law Offices of Orly Taitz postings outlined hereinabove, and by the Exhibits attached hereto of Taitz's postings, there is no question all the elements of cyber-stalking; cyber-harassment; and cyber-bullying have been met.  Taitz sought the private data of Plaintiffs Liberi and Ostella; Taitz contacted family and friends of Plaintiffs Liberi and Ostella; Taitz posted repeatedly false allegations and accusations against Plaintiffs Liberi and Ostella; Taitz continually claimed to be the "victim" (false victimization) of Liberi and Ostella's actions (false accusations) when it was in fact Taitz victimizing Liberi and Ostella by doing the things she claimed she was victim to; Taitz sought the help and obtained the help of third parties to harass and bully Liberi and Ostella in her continued illegal actions against Liberi and Ostella; Taitz published Liberi and Ostella's home address, telephone number, and other private data all over the

Internet and supplied it by mass emailing; Taitz continually harassed Liberi and Ostella; Taitz continually sought information about Liberi and Ostella. As can be seen, and as attached in the exhibits, all the elements of Cyber-stalking; Cyber-harassment; and Cyber-bullying have been met.

263. In addition, Taitz as an attorney and an Officer of the Court has been using the Federal Court Docketing system, knowing the filings will be publicized on scribd.com to further carry out her cyber-stalking tactics. Taitz has been filing false statements about Ostella, Liberi and Berg in the Federal Docketing systems of cases unrelated to the Plaintiffs. Then these filings are downloaded to scribd.com and carried all over the Internet. Similar to what the Southern Poverty Law Center wrote about sovereign citizens[11], Taitz is using our Court's dockets, clouding the issues presented in the case to her advantage, while using it to further harm the Plaintiffs by her continued false tales.

264. *Cal. Civil Code* § 1708.7 states:

"(a) A person is liable for the tort of stalking when the plaintiff proves all of the following elements of the tort:

(1) The defendant engaged in a pattern of conduct the intent of which was to follow, alarm, or harass the plaintiff. In order to establish this

---

[11] The Southern Poverty Law Center ["SPL"] did a write up regarding the soverign movement at http://www.splcenter.org/get-informed/intelligence-report/browse-all-issues/2010/fall/sovereign-

element, the plaintiff shall be required to support his or her allegations with independent corroborating evidence.

(2) As a result of that pattern of conduct, the plaintiff reasonably feared for his or her safety or the safety of an immediate family member…"

"(3) One of the following:

(A)The defendant, as a part of the pattern of conduct specified in paragraph (1), made a credible threat with the intent to place the plaintiff in reasonable fear for his or her safety, or the safety of an immediate family member and, on at least one occasion, the plaintiff clearly and definitively demanded that the defendant cease and abate his or her pattern of conduct and the defendant persisted in his or her pattern of conduct.

(c) A person who commits the tort of stalking upon another is liable to that person for damages, including, but not limited to, general damages, special damages, and punitive damages pursuant to Section 3294.

(d) In an action pursuant to this section, the court may grant equitable relief, including, but not limited to, an injunction.

(e) The rights and remedies provided in this section are cumulative and in addition to any other rights and remedies provided by law."

---

citizen-kane. In so doing, the SPL wrote "The sovereign movement is growing fast, and its partisans are clogging up the courts with their indecipherable filings."

---

265.     All elements have been met herein.   Taitz posts attached hereto show the false statements about Plaintiffs; the false accusations about Plaintiffs; the constant harassment of Plaintiffs; the bullying of Plaintiffs; the fact Taitz published Plaintiffs private identifying information; home addresses; home telephone numbers; third parties have contacted Plaintiffs at the request of Taitz threatening the Plaintiffs; asking for the public's help; posting Liberi's family photo and Liberi's single picture; having third parties email and post the information on Taitz's behalf; Taitz portraying to be the "victim" and accusing the Plaintiffs (Taitz's victims) of Taitz actual actions; contacting friends and family of Plaintiffs; the illegal background checks, illegal access to Plaintiffs credit reports and other private data; filing false law enforcement reports; the fact Taitz was posting her untruths about Plaintiffs repeatedly for the past 2 years.  Taitz was put on notice and demanded to stop these dangerous behaviors several times, and Plaintiffs attempted to obtain a restraining order to stop the illegal behaviors. Despite Plaintiffs attempts, Taitz has continued, still to this date.

266.   Taitz sought out and consulted with a third-party, James Sundquist and had him create false law enforcement reports; State of New Jersey reports and reports which were sent to Ostella's customers of Go Excel Global, which included but was **not** limited to political affiliations; groups in which Ostella was a respected member;  businesses and individuals and inform them that he was in

---

possession of a database on Ostella, which he received from Taitz, informing Ostella's associates and customers that Ostella was stealing monies from Taitz's foundation; that Ostella had a criminal history and to contact Orly Taitz for more information.   Taitz had Mr. Sundquist contact all these agencies, using his credentials as a Minister and Author while referencing Taitz as an Officer of the Court.  Mr. Sundquist complied with Taitz's requests.

267.   Taitz openly threatened to destroy Liberi and get rid of her; Taitz threatened to have Ostella's children professionally kidnapped; Taitz has called for the "political purging" of Liberi and Ostella.  The meaning of political purging is to kill.  Plaintiffs, Liberi and Ostella took these threats serious and have reported the crimes to their law enforcement agencies.  The problem is, the crimes cross so many state lines, they are state crimes, and both law enforcement and the FBI repeatedly have told Plaintiffs Liberi and Ostella to obtain a restraining order.

268.   Plaintiffs Liberi and Ostella have lived and continue living in fear daily for themselves, husbands and children, as a result of Taitz illegal behaviors outlined herein.  Both Liberi and Ostella have received death threats if they did **not** drop the lawsuit against Taitz, strange people have shown up at Plaintiffs home; Ostella had family pets slaughtered as outlined herein.  Both Plaintiffs Liberi and Ostella have suffered severe emotional distress as a result.  In fact, Liberi has suffered severe medical complications, including but **not** limited to cardiac

complications as a result of the severe stress and fear, which has required immediate medical assistance, hospitalization, paramedic assistance and cardiac treatments. Taitz was aware of Liberi's medical complications as Taitz has published statements pertaining to Liberi's medical as well as filed it with this Court. Ostella, as a result of Taitz coming to NJ, driving around where she lives and by her children's school, and a picture of her daughter showing up on the Internet standing in front of her school, was forced to sell her house to an investor, under market value, to avoid people coming into the house and moved within two months of this incident to protect her family.

269. As a direct and proximate cause of Defendants cyber-stalking, cyber-harassment and cyber-bullying of Plaintiffs, Plaintiffs Liberi and Ostella have been, among other things, scared, embarrassed, mortified, humiliated before the general public; live in fear for themselves, husbands and children daily and have suffered severe emotional distress.

270. It should also be noted that Defendants cyber-stalking; cyber-harassment; and cyber-bullying of Plaintiffs Liberi and Ostella also committed the crime of stalking pursuant to *Cal. P.C.* §646.9(a); Communications Act, 47 U.S.C. § 223(a)(1)(C) and § 223(h)(1)(B); and the Women's Violence Act, Department of Justice Reauthorization Act of 2005, H.R. 3402, titled "Preventing Cyberstalking" and numbered as §113. Section 113(a)(3) provides:

"Section 223(a)(1)(C) applies to "any device or software that can be used to originate telecommunications or other types of communications that are transmitted, in whole or in part, by the Internet; Cyber-stalking and Cyber-harassment laws in violation of the Communications Act, 47 U.S.C. § 223(a)(1)(C) and § 223(h)(1)(B)."

271.    Defendants Orly Taitz as an Attorney and an Officer of the Court by and through Defendant the Law Offices of Orly Taitz and as President of Defendants Orly Taitz, Inc. and DOFF's unlawful conduct as alleged herein was intentional, oppressive and malicious; therefore Plaintiffs Liberi and Ostella are entitled to civil penalties, punitive, actual, exemplary damages, and all other appropriate relief as further set forth in the Prayer for Relief herein.  Plaintiffs also seek an immediate restraining order pursuant to *Cal. Civ. Code* § 1708.7(d).

272.    As a direct and proximate result of the conduct alleged herein, Plaintiffs Liberi and Ostella seek to recover actual damages, including, but **not** limited to all damages, of any nature, resulting from the Defendants placing Plaintiffs Liberi, Berg and Ostella in a False Light before the Public. Plaintiffs Liberi, Berg and Ostella also seek statutory damages, penalties, exemplary and punitive damages, as provided by statute and as further set forth in the Prayer for Relief herein.

//
//
//

---

# EIGHTH CAUSE OF ACTION

## DEFEMATION *Per Se*, SLANDER AND LIBEL *per se*

(All Plaintiffs against All Defendants)

273. Plaintiffs re-allege and incorporate by reference each and every allegation and Exhibit contained hereinabove as though set forth here in full length.

274. As outlined in the *Cal. Civ. Code* §44, "*Defamation is effected by either of the following: (a) Libel; (b) Slander.* Libel is a false publication by "*writing, printing, picture, effigy or other fixed representation to the eye which exposes any person to hatred, contempt, ridicule or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation*", see *Cal. Civ. Code* §45. "*A libel which is defamatory of the plaintiff without the necessity of explanatory matter, such as an inducement, innuendo or other extrinsic fact, is said to be a libel on its face.*", just as Taitz and Sankey have done to Plaintiffs Liberi and Ostella, *Cal. Civ. Code* §45a.

275. Slander is a false publication, "*orally uttered, and also communications by radio or any mechanical or other means which (1.) charges any person with crime, or with having been indicted, convicted or punished for crime; (3) tends directly to injure him in respect to his office, profession, trade or business…; or (5.) which, by natural consequence causes actual damage.*", see *Cal. Civ. Code* §46.

---

276.   As for the publication of Plaintiffs Social Security number, address, driver's license information, credit information, etc.   Publications of this private data California State Bar Rules of Professional Conduct 5-120, see *Cal. Civ. Code* §47.

277.   The false, misleading and defamatory statements disseminated by the Defendants all over the Internet, by mass emailing, by postal mailing, hand delivery, and posting all over the World Wide Web portray Liberi as a lifelong document forger, a perjure, a person with current criminal charges pending against her, violating her probation, of slandering and defaming individuals, of stealing, of "hacking", of being dangerous, of "murdering her sister", of tampering with Taitz vehicles to harm her, of having 80, 100, and 200 felony counts against her, of having a criminal history going back to the 1990's, of having multiple Social Security numbers illegally, defrauding the courts, forging court documents in the within case, of Social Security Fraud, and the other false allegations outlined herein above made by Neil Sankey by and through Sankey Investigations and The Sankey Firm owned by Todd Sankey, Orly Taitz as an Attorney and an Officer of the Court by and through the Law Offices of Orly Taitz and as President of Orly Taitz, Inc. and DOFF, with knowledge of the false and libelous nature of the statements contained therein and with gross negligence and reckless disregard for the truth.

278.   The false, misleading and defamatory statements disseminated by Defendants portray Lisa Ostella as a thief, a "hacker", of stealing, having a long criminal record, of slander, libel and defamation, of "hijacking" Taitz websites and blogs, which Ostella owned, of seeking monies in the name of Taitz Corporation, DOFF, forgery, perjury, defrauding the courts, and the other false allegations outlined hereinabove.  The posts and statements were made by Neil Sankey by and through Sankey Investigations and The Sankey Firm owned by Todd Sankey, Orly Taitz as an Attorney and an Officer of the Court by and through the Law Offices of Orly Taitz and as President of Orly Taitz, Inc. and DOFF, with knowledge of the false and libelous nature of the statements contained therein and with gross negligence and reckless disregard for the truth.

279.   The false, misleading and defamatory statements disseminated by Defendants portray Berg as dishonest, a thief, of forging court documents in this case, of perjury, subornation of  perjury, defrauding the courts, making monies using DOFF's name, slander, libel and defamation, and the other false allegations outlined herein above made by Neil Sankey by and through Sankey Investigations and The Sankey Firm owned by Todd Sankey, Orly Taitz as an Attorney and an Officer of the Court by and through the Law Offices of Orly Taitz and as President of Orly Taitz, Inc. and DOFF, with knowledge of the false and libelous nature of

the statements contained therein and with gross negligence and reckless disregard for the truth.

280. Defendants Neil Sankey through Sankey Investigations, Inc. and The Sankey Firm owned by Todd Sankey, Orly Taitz as an Attorney and an Officer of the Court by and through the Law Offices of Orly Taitz and as President of Orly Taitz, Inc. and DOFF have intentionally disseminated with malice their hearsay version of events leading to a conviction against Liberi with knowledge of the false and libelous nature of the statements contained therein and with gross negligence and reckless disregard for the truth.

281. The Reed and Intelius Defendants have published statements to various credit reporting agencies, other information selling agencies, and other entities and individuals that the above referenced incorrect, inaccurate and derogatory information belongs to the Plaintiffs.

282. The Reed and Intelius Defendants furnished this information to Defendants Yosef Taitz; Daylight CIS.; Orly Taitz; Neil Sankey; The Sankey Firm, Inc; Sankey Investigations; Todd Sankey; and other third party information gathers, none of which had a permissible purpose for said information. In turn, the information was posted all over the internet; sent by mass emailing; filed in Court actions; sent by mass mailing; by hand delivery; and other ways, including internationally and to domestic terrorists and extremists since April 2009,

repeatedly.  This libelous and defamatory information has been provided to over a million individuals and companies, including news and media outlets.

283.   The statements made by the Reed and Intelius Defendants are false in that they inaccurately reflect upon Plaintiffs and paint the Plaintiffs as irresponsible and committing criminal acts.

284.   The Reed and Intelius Defendants knew the statements were false when made, and had **no** factual basis for making the statements, as Plaintiffs had notified them several times.

285.   Nonetheless, the Reed and Intelius Defendants continue to publish the false and negative information concerning the Plaintiffs up through the present time.

286.   The Reed and Intelius Defendants conduct was and is a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiffs that are outlined more fully above.

287.   Defendants' defamatory, slanderous and libelous statements have damaged and injured Plaintiffs Liberi, Berg, Ostella, Go Excel Global and the Law Offices of Philip J. Berg.  Furthermore, all the false, libel and defamatory postings all over the Internet have been carried by third party websites, tweeted and sent out through numerous social networks and RSS feeds.

288.   As a direct and proximate cause of the publication and republication of Defendants defamatory, slanderous and libel statements, Plaintiffs Liberi, Berg and Ostella have been, among other things, embarrassed, mortified, lost all clients, and humiliated before the general public and have suffered severe emotional distress.  Defendants Orly Taitz as an Attorney and an Officer of the Court by and through the Law Offices of Orly Taitz continually attempted to have Liberi and Ostella falsely arrested in whole, because of the negative and false portrait of their conduct that Defendants have created. Plaintiffs Liberi, Berg and Ostella's reputation as honest, loyal and caring individuals who are good in their professions have been seriously harmed and will now always bear a stain of being associated with the false statements and allegations published and republished by the Defendants.

289.   The remedies provided for in this section are cumulative and shall be in addition to any others provided for by law.

290.   As outlined in *Cal. Civ. Code* §48a(2) Plaintiffs are entitled to general, special and exemplary damages as Defendants statements, writings, posts, etc. containing the false and fabricated information outlined hereinabove,  were done with malice and Defendants refused to retract the statements, writings, postings, etc. upon demand.

291.   Defendants' unlawful conduct as alleged herein was intentional, oppressive and malicious; therefore Plaintiffs Liberi, Ostella, Berg, Go Excel Global and the Law Offices of Philip J. Berg are entitled to civil penalties, punitive, actual, exemplary damages, and all other appropriate relief as further set forth in the Prayer for Relief herein.

292.   As a direct and proximate result of the conduct alleged herein, Plaintiffs Liberi, Berg, Ostella, Go Excel Global and the Law Offices of Philip J. Berg seek to recover actual damages, including, but **not** limited to all damages, of any nature, resulting from the Defendants defamatory, slanderous and libel stories and statements about Plaintiffs Liberi, Berg and Ostella.  Plaintiffs Liberi, Berg, Ostella,   Go   Excel   Global   and   the   Law   Offices   of   Philip   J. Berg also seek statutory damages, penalties, exemplary and punitive damages, as provided by statute and as further set forth in the Prayer for Relief herein.

## **NINTH CAUSE OF ACTION**
### **Intentional Infliction of Emotional and Mental Distress**
(All Plaintiffs against All Defendants)

293.   Plaintiffs re-allege and incorporate by reference each and every allegation and Exhibit contained hereinabove as though set forth here in full length.

294.   Defendants, each and all of them, engaged in outrageous conduct by invading Plaintiffs privacy; invading Plaintiffs solitude and private affairs; disclosing and publicizing private facts about the Plaintiffs; placing Plaintiffs in a

false light before the public's eye; defaming, slandering and libeling Plaintiffs; maliciously prosecuting Plaintiff Liberi; cyber-stalking Plaintiffs Liberi and Ostella; cyber-harassing Plaintiffs Ostella and Liberi; and cyber-bullying Plaintiffs Liberi and Ostella.

295. The Reed and Intelius Defendants, without any type of permissible purpose and without maintaining the Plaintiffs private data confidential as required, and without the Plaintiffs knowledge and/or permission, furnished to the third parties mentioned herein, including Defendants Yosef Taitz, Daylight CIS, which was enabled by Defendant Oracle through Daylight CIS Applications. In turn Defendants Yosef Taitz through his Corporation, Daylight Chemical CIS gave the private identifying data to his wife, Orly Taitz, to assist and help her carry out her threats against Plaintiffs. Orly Taitz then began inciting violence against Plaintiffs Liberi and Ostella calling for people who she believed resided near Plaintiffs.

296. Defendant Yosef Taitz through his Corporation, Daylight CIS created Daylight Toolkits for dual purpose intent. The Daylight applications are part of Oracle's design. Oracle is scripted, through the use of Daylight Applications to interface all information, including but **not** limited to all information stored on Oracle servers, all customer log-in details and other private data, back to Defendant Taitz's and Daylight CIS's remote servers.

297. Defendant Oracle knew about the dual purpose vulnerabilities of Defendants Yosef Taitz and Daylight CIS' nefarious scripting.

298. The Reed and Intelius Defendants use Defendant Oracle's servers embedded with dual purpose applications provided by Defendants Taitz and Daylight CIS.

299. Defendants Yosef Taitz and Daylight CIS provided all of Plaintiffs private personal identifying information, financial data, family data, birth data, and other private information to his wife, who used the information to carry out her threats against the Plaintiffs.

300. In disseminating and distributing Plaintiffs private data, and failing to uphold our State and Federal laws, the Reed Defendants and Defendants Intelius, Inc., Yosef Taitz, Daylight CIS and Oracle Defendants acted willfully, intentionally, recklessly and maliciously and their conduct was illegal, outrageous, extreme and intolerable in that it offends generally accepted standards of decency and morality.

301. The aforesaid wrongful conduct on the part of the Reed Defendants and Defendants Intelius, Inc., Yosef Taitz, Daylight CIS and Oracle amounted to an intentional infliction of mental suffering and severe emotional distress upon the Plaintiffs. In particular and without limiting the generality of the foregoing, the references to the Plaintiffs and the distribution of Plaintiffs private data to third

parties for purposes to harm and carry out their threats against the Plaintiffs; without any type of permissible purpose, without authorization or knowledge of the Plaintiffs; and which the private data was published all over the Internet and sent to in excess of a million individuals caused Plaintiffs severe emotional anguish and distress. In addition, Plaintiff Liberi suffered severe medical complications which resulted in hospitalization and; paramedic visits; medical procedures; and extensive medical bills.

302. Defendants, each and all of them, engaged in this outrageous conduct with the intention to cause, or reckless disregard of the probability of causing, emotional distress to Plaintiffs. In fact, Sankey and Taitz both have talked about Liberi's serious medical conditions on radio shows; posting on their websites; and filing the statements with this Court. They were well aware the stress would cause serious medical complications for Liberi, and were well aware the stress caused by them could lead to Liberi's death. As stated hereinabove, Liberi has had to obtain emergency help from paramedics; hospitalizations; cardiac treatments; medication; and other medical services as a result of the medical complications caused by the stress she was forced to endure at the hands of the Defendants.

303. As a direct and proximate result of Defendants illegal actions, Plaintiffs have suffered severe emotional distress. In addition thereto, Liberi suffered severe medical complications as a direct result of the stress requiring

hospitalization, medical care; medications; emergency help from the paramedics, etc.

304. The remedies provided for in this section are cumulative and shall be in addition to any others provided for by law.

305. Defendants' unlawful conduct as alleged herein was intentional, oppressive and malicious; therefore Plaintiffs are entitled to civil penalties, punitive, actual, exemplary damages, and all other appropriate relief as further set forth in the Prayer for Relief herein.

306. As a direct and proximate result of the conduct alleged herein, Plaintiffs Liberi, Berg and Ostella seek to recover actual damages, including, but **not** limited to all damages, of any nature, resulting from the Defendants intentional infliction of emotional and mental duress. Plaintiffs Liberi, Berg and Ostella also seek statutory damages, penalties, exemplary and punitive damages, as provided by statute and as further set forth in the Prayer for Relief herein.

//
//
//
//
//
//
//
//
//
//
//
//

## **TENTH CAUSE OF ACTION**

## **MALICIOUS PROSECTION**

(Plaintiff Lisa Liberi against Defendants Orly Taitz as an Attorney and an Officer of the Court through the Law Offices of Orly Taitz and as President of Orly Taitz, Inc. and DOFF; Law Offices of Orly Taitz; Orly Taitz, Inc.; DOFF; Neil Sankey; Todd Sankey; and The Sankey Firm)

307.   Plaintiffs re-allege and incorporate by reference each and every allegation and Exhibit contained hereinabove as though set forth here in full length.

308.   Defendants had **no** probable cause to file the "Motion for Emergency Revocation of Probation" against Liberi in San Bernardino County Superior Court, Rancho Cucamonga Division, Case No. FVW-028000 or to make the allegations in that they did **not** honestly, reasonably, and in good faith believe the allegations to be true.  As clearly demonstrated by the letter Taitz received from Deputy District Attorney with the San Bernardino County District Attorney's office, see **EXHIBIT "145"**.

309.   Defendants acted with malice in that they brought the action with the improper motive of publicizing that Liberi was in violation of her probation, and their attempts to have Liberi falsely arrested, and there were hearings as a result, when it was Defendants that filed the action in the Court based on false allegations.

310.   As a result of the false allegations and demand to revoke Liberi's probation filed by Orly Taitz as an Attorney and an Officer of the Court by and through the Law Offices of Orly Taitz, the Judge held three (3) hearings out of

professional courtesy. Taitz in turn posted all over her website that there were probation revocation hearings against Liberi and failed to tell the public that she caused said hearings by her filing of false statements and allegations.

311. Further, Taitz was seeking people to attend the Court proceedings and falsely claim they were victims in attempts to support the Defendants false allegations and accusation against Plaintiff Liberi.

312. Defendants acted with fraud and actual malice in that, knowing Plaintiff Liberi was about to be released from probation and their malicious attempts to have Liberi arrested and jailed on false allegations, in attempts to make the within lawsuit go away. Defendants publicized the false allegations knowing the allegations were of such serious nature that they would inevitably damage Plaintiff Liberi. Defendants acted solely on the improper purpose with conscious disregard for the rights of Plaintiff Liberi. Defendants' intent was to make Plaintiff an object of ridicule and hatred, to portray her as unethical and criminal, to bring her public and personal humiliation, to inflict financial damage on her, and to damage her reputation by ascribing conduct and character that would adversely reflect on her.

313. The fact that Judge Sabet with the San Bernardino Court, Rancho Cucamonga Division who heard Taitz's false and malicious demands found absolutely **no** merit in the allegations which amounted to a favorable termination

of the proceedings for Plaintiff Liberi. Further, it is documented in the Case file that at least seven (7) separate State investigative agencies and two (2) Federal agencies investigated Taitz and Sankey's allegations and found absolutely no merit in them. Taitz and the other Defendants continued their false reports for the last two (2) years attempting to have Liberi falsely arrested based on their meritless, groundless and false accusations.

314. There is absolutely **no** question and is demonstrated by the proceedings that Defendants had **no** evidence supporting their allegations and that the action had absolutely **no** merit, see DDA Secord's letter attached as **Exhibit "145"**.

315. The remedies provided for in this section are cumulative and shall be in addition to any others provided for by law.

316. Defendants' unlawful conduct as alleged herein was intentional, oppressive and malicious; therefore Plaintiff Liberi is entitled to civil penalties, punitive, actual, exemplary damages, and all other appropriate relief as further set forth in the Prayer for Relief herein.

317. As a direct and proximate result of the conduct alleged herein, Plaintiff Liberi seeks to recover actual damages, including, but **not** limited to all damages, of any nature, resulting from the Defendants Malicious Prosecution of Plaintiff Liberi. Plaintiff Liberi also seeks statutory damages, penalties, exemplary

and punitive damages, as provided by statute and as further set forth in the Prayer for Relief herein.

### ELEVENTH CAUSE OF ACTION
### ABUSE OF PROCESS

(Plaintiff Lisa Liberi against Defendants Orly Taitz as an Attorney and an Officer of the Court through the Law Offices of Orly Taitz and as President of Orly Taitz, Inc. and DOFF; Law Offices of Orly Taitz; Orly Taitz, Inc.; DOFF; Neil Sankey; Todd Sankey; and The Sankey Firm)

318.   Plaintiffs re-allege and incorporate by reference each and every allegation and Exhibit contained hereinabove as though set forth here in full length.

319.   Defendants misused the legal process by filing their Motion for an Emergency Revocation of Probation on Liberi, based on false allegations and accusations, knowing they were false, for the sole purpose to have Liberi arrested and jailed.

320.   Further, Defendants sole purpose of the filing was to publicize the hearings, which Taitz, as an Attorney and an Officer of the court by and through the Law Offices of Orly Taitz misstated and called "Revocation of Probation" hearings to incite and entice her followers, supporters and readers and further harm Plaintiff Liberi.

321.   Further, it is documented in the Case file that at least seven (7) separate State investigative agencies and two (2) Federal agencies investigated Taitz and Sankey's allegations and found absolutely no merit in them.  Despite

this, Taitz as an Attorney an Officer of the Court by and through the Law Offices of Orly Taitz caused three (3) hearings to take place in the San Bernardino County Superior Court, Rancho Cucamonga Division, Case No. FWV-028000 based on their false allegations.

322. Defendants acted with fraud, malice and conscious disregard for the rights of Plaintiff Liberi in that their ulterior purpose in misusing the legal process was to damage Plaintiff Liberi by publicizing unfounded and untrue allegations against her and trying to have Liberi falsely arrested and jailed.

323. As a proximate result of Defendants' misuse of the legal process, Plaintiff Liberi suffered damages and severe emotional distress.

324. The remedies provided for in this section are cumulative and shall be in addition to any others provided for by law.

325. Defendants' unlawful conduct as alleged herein was intentional, oppressive and malicious; therefore Plaintiff Liberi is entitled to civil penalties, punitive, actual, exemplary damages, and all other appropriate relief as further set forth in the Prayer for Relief herein.

326. As a direct and proximate result of the conduct alleged herein, Plaintiff Liberi seeks to recover actual damages, including, but **not** limited to all damages, of any nature, resulting from the abuse of process against Plaintiff Liberi, Plaintiff Liberi also seeks statutory damages, penalties, exemplary and punitive

damages, as provided by statute and as further set forth in the Prayer for Relief herein.

## TWELTH CAUSE OF ACTION

### Willful Violation of the FCRA; 15 U.S.C. § 1681a(b) and (f)

(Plaintiffs Lisa Liberi and Lisa Ostella against the Reed Defendants and Defendant Intelius, Inc.)

327.   Plaintiffs re-allege and incorporate by reference each and every allegation and Exhibit contained hereinabove as though set forth here in full length.

328.   At all times pertinent hereto, each Defendant was a "person" and a "Consumer Reporting Agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

329.   At all times pertinent hereto, the Plaintiffs were "Consumers" as the term is defined by 15 U.S.C. § 1681a(c).

330.   At all times pertinent hereto, the above-mentioned reports were "Consumer Reports" as 15 U.S.C. §1681a(d); §1681a(e); §1681a(f); §1681a(g); and §1681a(h) define that term.

331.   Plaintiffs through Counsel sent letters to Defendants Reed Elsevier, Inc. and all its corporations and businesses, including Defendants LexisNexis Group, Inc.; LexisNexis, Inc.; LexisNexis Risk & Information Analytics Group, Inc. Seisint Inc. d.b.a. Accurint; and ChoicePoint, Inc. on February 28, 2010; March 10, 2010; March 26, 2010, May 10, 2010 and June 11, 2010 for amongst

other things, incorrect information being reported on Reports by these Defendants, including wrong names, wrong Social Security numbers, dates of birth, and address information. Plaintiffs requested in the letter for the correction of the incorrect information being reported. In fact, Plaintiff Liberi showed approximately six (6) Social Security numbers, which Plaintiff Liberi never used, nor did they belong to Plaintiff Liberi; and numerous wrong names that had never been hers; and wrong birth dates on her reports and her spouses contained numerous wrong names which had never been her spouses name; wrong birth dates; and two (2) Social Security numbers with these Defendants and numerous names, which have never been hers.

332. On or about April 14, 2010, Plaintiffs through their counsel sent a letter to Defendant, Intelius, Inc. describing the events which violated Plaintiffs rights, the facts that Defendant Intelius, Inc. was reporting wrong and incorrect information as to both Plaintiffs as well as their spouses; and requested to be opted out. Defendant Intelius, Inc. ignored Plaintiffs letter and refused to take any type of protective or corrective measures.

333. Plaintiff Liberi continued monitoring her Lexis Reports, until revoked by Jennifer Jung out of retaliation, only to learn that the incorrect and wrong information was maintained, more incorrect information was being added.

---

334. Defendants refused to investigate and/or correct the wrong information, and instead ignored the letters sent on behalf of Plaintiffs.

335. Pursuant to 15 U.S.C.§1681n and 15 U.S.C.§1681o, Defendants are liable to the Plaintiffs for engaging in the following conduct:

 (a) willfully and negligently failing to conduct a proper and reasonable investigation or reinvestigation concerning the inaccurate information after receiving notice of the dispute in violation of 15 U.S.C. .§1681I;

 (b) willfully and negligently failing to prepare Plaintiffs reports by following procedures that assure maximum possible accuracy, in violation of 15 U.S.C. .§1681e(b);

 (c) willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. .§1681s-2(b);

 (d) willfully and negligently failing to comply with the FCRA in every other applicable respect, including 15 U.S.C. . .§§ 1681c and 1681g;

336. The remedies provided for in this section are cumulative and shall be in addition to any others provided for by law.

337. The Reed Defendants' and Intelius, Inc. unlawful conduct as alleged herein was intentional, oppressive and malicious; therefore Plaintiff Liberi is entitled to civil penalties, punitive, actual, exemplary damages, and all other appropriate relief as further set forth in the Prayer for Relief herein.

338. As a direct and proximate result of the conduct alleged herein, Plaintiffs Liberi and Ostella seek to recover actual damages, including, but **not**

limited to all damages, of any nature, resulting from the violations of the FCRA outlined herein.  Plaintiffs Liberi and Ostella also seek civil penalties, statutory damages, penalties, exemplary and punitive damages, as provided by statute and as further set forth in the Prayer for Relief herein.

## THIRTEENTH CAUSE OF ACTION

## Willful Violation of the Fair Credit Reporting Act; 15 U.S.C. §§ 1681b, 1681n

(Plaintiffs Lisa Liberi and Lisa Ostella against the Reed Defendants and Defendant Intelius, Inc.)

341.  Plaintiffs re-allege and incorporate by reference each and every allegation and Exhibit contained hereinabove as though set forth here in full length.

342.  Defendant Orly Taitz, wife of Defendant Yosef Taitz, threatened to destroy Plaintiff Liberi and get rid of her as a result of legal work Plaintiff Liberi was providing to attorney, Philip J. Berg, Esquire, which in **no** way involved Orly Taitz; Neil Sankey or any of the Defendants mentioned herein.

343.  The Reed Defendants and Intelius, Inc. without any type of permissible purpose and without maintaining the Plaintiffs private data confidential as required furnished to the third parties mentioned herein, including Defendants Yosef Taitz, Daylight Chemical Information Systems, Inc. and to Oracle Corporation.  In turn, Yosef Taitz through his Corporation, Defendant Daylight Chemical Information Systems, Inc. and Oracle Corporation gave the private identifying data to his wife, Orly Taitz, to assist and help her carry out her threats

---

against Plaintiffs. Orly Taitz then began inciting violence against Plaintiffs Liberi and Ostella calling for people who she believed resided near Plaintiffs.

344.   Defendant Yosef Taitz's wife also filed false law enforcement reports against both Plaintiff Liberi and Plaintiff Ostella continuously with several law enforcement agencies, including Orange County Sheriff's Department, Orange County FBI, California Attorney General, U.S. Department of Justice, U.S. Attorney General's Office and other entities.  During this time, Plaintiff Liberi had never met or had any dealings with Orly Taitz or her husband, Defendant Yosef Taitz.   The only time Plaintiff Liberi ever met Defendant Orly Taitz was at a Restraining Order hearing in Pennsylvania, in this case, on December 20, 2010.

345.  As a result of the Defendants disclosure of Plaintiffs private confidential information their full identities have been stolen.  Plaintiff Liberi's credit has been completely destroyed.  What is worse, is even if Plaintiff Liberi's obtains a new Social Security number it will **not** stop the theft, as her full Social Security number, address, date of birth, maiden name, mother's maiden name, father's name, place of birth and other private data, which is what is used to verify your identity with Social Security has been provided to over a million individuals and businesses, including internationally and to Militia groups outlined as hate and

terroristic groups by the Southern Poverty Law Center[12]. Thus, if a new number is provided by Social Security, anyone could call in as Plaintiff Liberi, provide all Plaintiff Liberi's identifying information and obtain Plaintiff Liberi's new Social Security number. Plaintiff Liberi and her spouse will be dealing with this the rest of their lives.

346. Due to the damages as a result of Defendants actions, Plaintiff Liberi cannot get a loan to move, nor will anyone rent to her as a result of her full identity theft and the identity theft of her spouse, which has completely destroyed their credit. In fact, the damage is so severe; Plaintiff Liberi was unable to secure a loan this year (2010 - 2011) for her son's sophomore year of college.

347. Defendants furnished and sold consumer reports and other personal information regarding Plaintiffs to unauthorized third parties by disclosing, selling and distributing said consumer reports, information, products and services to the above mentioned individuals as well as other unknown and unauthorized persons and entities.

348. Defendants disclosed the foregoing consumer reports without any permissible purpose(s) therefor, as required under the FCRA, 15 U.S.C. §1681b.

349. Defendants willfully failed to comply with the FCRA by knowingly and intentionally disclosing consumer reports and other personal identifying

---

[12]  The Southern Poverty Law Center is internationally known for tracking and exposing the activities of

information to unauthorized third parties, in conscious disregard of the Plaintiffs rights under the FCRA, 15 U.S.C. §1681n.

350.   The remedies provided for in this section are cumulative and shall be in addition to any others provided for by law.

351.   The Reed Defendants' and Intelius, Inc. unlawful conduct as alleged herein was intentional, oppressive and malicious; therefore Plaintiff Liberi is entitled to civil penalties, punitive, actual, exemplary damages, and all other appropriate relief as further set forth in the Prayer for Relief herein.

352.   As a direct and proximate result of the conduct alleged herein, Plaintiffs Liberi and Ostella seek to recover actual damages, including, but **not** limited to all damages, of any nature, resulting from the violations of the FCRA outlined herein.   Plaintiffs Liberi and Ostella also seek civil penalties, statutory damages, penalties, exemplary and punitive damages, as provided by statute and as further set forth in the Prayer for Relief herein.

//
//
//
//
//
//
//
//
//

hate groups. The Militia Groups Plaintiffs private data were sent to by Orly Taitz, Yosef Taitz, etc. are tracked by the Southern Poverty Law Center.

# FOURTEENTH CAUSE OF ACTION

## Negligence and Negligent Noncompliance with FCRA, 15 U.S.C. §§1681b, 1681o

(Plaintiffs Lisa Liberi and Lisa Ostella against the Reed Defendants and Defendants Intelius, Inc. Yosef Taitz, Daylight CIS and Oracle)

353.   Plaintiffs re-allege and incorporate by reference each and every allegation and Exhibit contained hereinabove as though set forth here in full length.

354.   The Reed Defendants and Defendant Intelius, Inc provided consumer reports and information regarding Plaintiffs to unauthorized third parties by disclosing, selling and distributing consumer reports, information, product and other similar services to unknown and unauthorized persons or entities without any legitimate interest in or right to such data.

355.   The Reed Defendants and Defendant Intelius, Inc. disclosed the foregoing consumer reports without any permissible purpose(s) therefor, as required under the FCRA, 15 U.S.C. §1681b.

356.   The Reed Defendants and Defendant Intelius, Inc. disclosure of the foregoing consumer reports constitutes negligent noncompliance with the FCRA under 15 U.S.C. §1681o in that Defendants failed to use ordinary care to secure and maintain the privacy and confidentiality of the Plaintiffs personal information and credit reports.

357.   Additionally, The Reed Defendants and Defendant Intelius, Inc. failed to conduct a proper and reasonable investigation and/or reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiffs. Defendants failed to review and consider all relevant information submitted by the Plaintiffs concerning the disputes of the inaccurate information; failed to delete or correct the inaccurate information from Plaintiffs files and reports after investigation and/or reinvestigation; failed to report the results of the investigations to the relevant consumer reporting agencies and other parties the information was sold or distributed to; failed to properly and timely delete the inaccurate information from the Plaintiffs files and reports despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and continuing to report the inaccurate information despite having knowledge of the inaccuracies and/or the inability to be verified.  All of which is in violation of the FCRA, 15 U.S.C. §§ 15 U.S.C. 1681I; 1681e(b); 1681s-2(b); 1681c; and 1681g.

358.   Moreover, Defendants Yosef Taitz, Daylight CIS and Oracle were negligent in illegally scripting the Daylight Toolkit Applications to interface the information maintained on the databases and computers in which Oracle servers were running to Defendants Yosef Taitz and Daylight CIS.  Defendants Yosef Taitz and Daylight CIS were extremely negligent in sharing the private data they

---

illegally obtained with this wife, to carry out his wife's threats against the Plaintiffs.

359. Defendant Oracle Corporation was extremely negligent as Oracle Corporation was well aware of the dual applications of the scripting and took absolutely **no** steps to ensure the confidentiality of Plaintiffs information.

360. At all times mentioned herein, Oracle was well aware of the vulnerability's when implementing Defendants Yosef Taitz and Daylight CIS Toolkit based architecture applications.

361. The Reed Defendants were well aware that they were partnered with Defendants Oracle, Yosef Taitz and Daylight CIS. Defendant Reed Elsevier, Inc. own Defendants, LexisNexis Group, Inc.; LexisNexis, Inc.; LexisNexis Risk & Information Analytics Group, Inc.; Seisint, Inc. d.b.a. Accurint; and ChoicePoint, Inc. and many other data broker companies. The Reed Defendants have their own IT divisions who over-see their databases and servers, thus, they were aware that they run Oracle and Defendants Yosef Taitz and Daylight CIS Toolkit architecture applications. Further, the Reed Defendants were more than aware of the confidential data Defendants Yosef Taitz and Daylight CIS had interfacing back to their servers and had access to, but failed to take any type of steps to ensure the confidentiality of the Plaintiffs data and to ensure the data was **not** breached. The

Reed Defendants were aware of Oracle's vulnerabilities since U.S. Homeland Security sent out notifiers about the vulnerabilities for years.

362.   The remedies provided for in this section are cumulative and shall be in addition to any others provided for by law.

363.   The Reed Defendants; Defendants Intelius, Inc., Yosef Taitz, Daylight CIS, and Oracle's unlawful conduct as alleged herein was intentional, oppressive and malicious; therefore Plaintiff Liberi is entitled to civil penalties, punitive, actual, exemplary damages, and all other appropriate relief as further set forth in the Prayer for Relief herein.

364.   As a direct and proximate result of the conduct alleged herein, Plaintiffs Liberi and Ostella seek to recover actual damages, including, but **not** limited to all damages, of any nature, resulting from the violations of the FCRA outlined herein.  Plaintiffs Liberi and Ostella also seek civil penalties, statutory damages, penalties, exemplary and punitive damages, as provided by statute and as further set forth in the Prayer for Relief herein.

### FIFTEENTH CAUSE OF ACTION

### Violation of the CCRAA, California Civil Code §§ 1786.12 and 1786.20

(Plaintiffs Lisa Liberi and Lisa Ostella against the Reed Defendants and Defendant Intelius, Inc.)

365.   Plaintiffs re-allege and incorporate by reference each and every allegation and Exhibit contained hereinabove as though set forth here in full length.

---

366. The Reed Defendants and Defendant Intelius, Inc. violated the California Credit Reporting Agencies Act, including, *inter alia* §§ 1785.11, 1785.14, 1785.19, and 1785.22 by disclosing, selling and distributing Plaintiffs credit, financial and other private data to unauthorized third parties, thereby causing actual damages to the Plaintiffs.

367. The Reed Defendants and Defendant Intelius, Inc. sold and furnished the foregoing consumer credit reports and private information to third parties under circumstances prohibited by California Civil Code §1785.11.

368. The Reed Defendants and Defendant Intelius, Inc. failed to maintain reasonable procedures designed to protect consumer information and to avoid unlawful disclosure of the same in violation of California Civil Code §§ 1785.14 and 1785.22.

369. The Reed Defendants and Defendant Intelius, Inc. failed to maintain the confidentiality of consumers' credit reports and private personal information by unlawfully disclosing such information to unauthorized third parties. Moreover, Defendants used the data they received from other Consumer Credit Reporting Agencies in manners contrary to Defendants agreements with them, in violation of California Civil Code § 1785.19.

370. In so doing, the Reed Defendants also violated FTC Court Orders pending against them for the unlawful disclosure of Plaintiffs credit reports and

---

private confidential information. As stated herein, there are three [3] FTC Court Orders against the Reed Defendants. Said Court Orders requires the Reed Defendants to verify the permissible purpose for any third-party company to obtain the confidential information of an individual; to maintain all searches conducted on Individuals; investigate and correct inaccurate information maintained on individuals; to notify individuals of any type of breach which could possibly affect them; to notify law enforcement when private data has been stolen or breached; to have security in place to prevent unauthorized access to private data, etc. None of which the Reed Defendants complied with.

371. The remedies provided for in this section are cumulative and shall be in addition to any others provided for by law.

372. The Reed Defendants; Defendants Intelius, Inc., Yosef Taitz, Daylight CIS, and Oracle's unlawful conduct as alleged herein was intentional, oppressive and malicious; therefore Plaintiffs Liberi and Ostella are entitled to civil penalties, punitive, actual, exemplary damages, and all other appropriate relief as further set forth in the Prayer for Relief herein.

373. As a direct and proximate result of the conduct alleged herein, Plaintiffs Liberi and Ostella seek to recover actual damages, including, but **not** limited to all damages, of any nature, resulting from the violations of the CCRAA outlined herein. Plaintiffs Liberi and Ostella also seek civil penalties, statutory

damages, penalties, exemplary and punitive damages, as provided by statute and as further set forth in the Prayer for Relief herein.

### SIXTEENTH CAUSE OF ACTION

### Violation of the ICRAA, California Civil Code §§ 1785.11, 1785.14, 1785.19, and 1785.22

(Plaintiffs Lisa Liberi and Lisa Ostella against the Reed Defendants and Defendant Intelius, Inc.)

374.   Plaintiffs re-allege and incorporate by reference each and every allegation and Exhibit contained hereinabove as though set forth here in full length.

375.   The Reed Defendants and Defendant Intelius, Inc., at all times relevant, collected Plaintiffs and millions of other consumers data which included character, general reputation, medical information, personal identifying information, personal characteristics, mode of living and other private confidential data.  Defendants compiled and routinely supplied such investigative consumer reports and files to third parties, including Orly Taitz, Neil Sankey, Todd Sankey, The Sankey Firm, Inc. and Sankey Investigations, none of which had any type of permissible purpose to have access to Plaintiffs private information. In addition, Defendants compiled and routinely sold the private data to insurance companies and employers, as well as many other organizations and individuals.

376.   In addition, due to their negligence, the Reed Defendants and Defendant Intelius, Inc. allowed Defendants Yosef Taitz, Daylight CIS and Oracle

access to Plaintiffs Liberi and Ostella's private data as well as the private data of millions of individuals.

377. The Reed Defendants and Defendant Intelius, Inc. violated the provisions of the California Investigative Consumer Reporting Agencies Act, including §§ 1786.12 and 1786.20 by engaging in their unlawful activities as outlined herein. In so doing, Defendants caused Plaintiffs to suffer actual damages.

378. The remedies provided for in this section are cumulative and shall be in addition to any others provided for by law.

379. The Reed Defendants; Defendants Intelius, Inc., Yosef Taitz, Daylight CIS, and Oracle's unlawful conduct as alleged herein was intentional, oppressive and malicious; therefore Plaintiffs Liberi and Ostella are entitled to civil penalties, punitive, actual, exemplary damages, and all other appropriate relief as further set forth in the Prayer for Relief herein.

380. As a direct and proximate result of the conduct alleged herein, Plaintiffs seek to recover actual damages, including, but **not** limited to all damages, of any nature, resulting from the unlawful disclosure of their credit reports and personal information to unauthorized third parties, for the purpose of these third parties to carry out their vile threats against the Plaintiffs. Plaintiffs Liberi and Ostella seek to recover actual damages, including, but **not** limited to all damages,

---

of any nature, resulting from the violations of the CCRAA outlined herein. Plaintiffs Liberi and Ostella also seek civil penalties, statutory damages, penalties, exemplary and punitive damages, as provided by statute and as further set forth in the Prayer for Relief herein.

## SEVENTEENTH CAUSE OF ACTION

### Violation of the Information Practices Act, California Civil Code §§ 1798, et seq

(Plaintiffs Lisa Liberi and Lisa Ostella against the Reed Defendants and Defendants Intelius, Inc., Yosef Taitz, Daylight CIS and Oracle)

381.   Plaintiffs re-allege and incorporate by reference each and every allegation and Exhibit contained hereinabove as though set forth here in full length.

382.   Defendant Yosef Taitz through his Corporation, Daylight CIS scripted the Daylight Toolkit Applications which is part of the operational architecture of Defendant Oracle, to interface all information, including but **not** limited to all information stored on the server of the company in which Oracle servers are used, all customer log-in details of the company in which Oracle servers with Daylight Toolkit based architecture applications are used, and other private data, back to servers in the control of Defendant Taitz's and Daylight CIS'.

383.   Defendants Oracle Corporation knew or should have known about its partners, Defendants Yosef Taitz and Daylight CIS' nefarious scripting working with the Oracle Corporations productions.  There is **no** question as to Defendant

---

Oracle's knowledge, as they were notified by Homeland Security as well as third – parties.

384.   Defendants Yosef Taitz, Daylight CIS and Oracle Corporation's Daylight Toolkit applications and products operate the Reed and Intelius Defendants databases and servers.  Defendants Yosef Taitz and Daylight CIS had access to Plaintiffs private confidential identifying information; financial records, credit reports, and other private data.  Defendants Yosef Taitz and Daylight CIS had absolutely **no** legal cognizable right to the Plaintiffs private data or to distribute Plaintiffs confidential private data.

385.   Defendants Yosef Taitz and Daylight CIS provided all of Plaintiffs private personal identifying information, financial data, family data, birth data, and other private information to his wife, who used the information to carry out her threats against the Plaintiffs.

386.   Plaintiffs have legally protected privacy interests in their confidential credit, financial, family, personal identifying information and other personal information.  At all times herein, Plaintiffs had strong expectations of privacy in such information and believed said information was maintained confidential and secure.  This right to privacy, codified in the California Civil Code 1798.53, protects parties from the unlawful disclosure and/or use of Plaintiffs private confidential information, including, but **not** limited to Social Security numbers,

dates of birth, maiden names, places of birth, financial records, mother's maiden names, fathers names, family data and other private confidential information. All Defendants operate within the State of California and mandated to follow the privacy laws of this State.

387. Defendant Yosef Taitz through his Corporation, Daylight CIS scripted the Daylight Toolkit Applications which is part of the operational architecture of Defendant Oracle, to interface all information, including but **not** limited to all information stored on the server of the company in which Oracle servers are used, all customer log-in details of the company in which Oracle servers with Daylight Toolkit based architecture applications are used, and other private data, back to servers in the control of Defendant Taitz's and Daylight CIS'.

388. Defendants Oracle Corporation knew or should have known about its partners, Defendants Yosef Taitz and Daylight CIS' nefarious scripting working with the Oracle Corporations productions. There is **no** question as to Defendant Oracle's knowledge, as they were notified by Homeland Security as well as third – parties.

389. Defendants Yosef Taitz, Daylight CIS and Oracle Corporation's Daylight Toolkit applications and products operate the Reed and Intelius Defendants databases and servers. Defendants Yosef Taitz and Daylight CIS had access to Plaintiffs private confidential identifying information; financial records,

credit reports, and other private data. Defendants Yosef Taitz and Daylight CIS had absolutely no legal cognizable right to the Plaintiffs private data or to distribute Plaintiffs confidential private data.

390. Defendants Yosef Taitz and Daylight CIS provided all of Plaintiffs private personal identifying information, financial data, family data, birth data, and other private information to his wife, who used the information to carry out her threats against the Plaintiffs.

391. Plaintiffs have legally protected privacy interests in their confidential credit, financial, family, personal identifying information and other personal information. At all times herein, Plaintiffs had strong expectations of privacy in such information and believed said information was maintained confidential and secure. This right to privacy, codified in the *Cal. Civ. Code* §1798.53, protects parties from the unlawful disclosure and/or use of Plaintiffs private confidential information, including, but **not** limited to Social Security numbers, dates of birth, maiden names, places of birth, financial records, mother's maiden names, fathers names, family data and other private confidential information. All Defendants operate within the State of California and mandated to follow the privacy laws of this State.

382. As alleged herein, Defendants violated Plaintiffs privacy rights and California Civil Code § 1798.53 by selling, disclosing and distributing Plaintiffs

privileged financial, credit and personal identifying information without their knowledge or consent to unauthorized third parties. The unauthorized sale, disclosure and distribution of such private data and information are offensive and objectionable to a reasonable person of ordinary sensibilities. Moreover the Defendants actions were egregious as they sold and distributed Plaintiffs private data to third parties mentioned herein who had threatened the Plaintiffs safety and the safety of their families.

383. Plaintiff Lisa Liberi, at all times mentioned herein, was a client of Defendants Reed Elsevier, Inc., LexisNexis Group, Inc., LexisNexis, Inc., LexisNexis Risk & Information Analytics Group, Inc., and Intelius, Inc. Each time Plaintiff Liberi logged into her account with the Defendants, the Defendants collected further private data of Plaintiff Liberi. Defendants violated California Civil Code §1798.81 by disclosing Plaintiff Liberi's private identifying information, credit reports, and other private data to the third parties including Defendants Yosef Taitz, Daylight Chemical Information Systems, Inc. and Oracle, who at no time had any type of permissible purpose. In turn, the third parties publicized Plaintiff Liberi's private confidential identification on the Internet, sent it by mass emailing, mass mailing, made it available for download on their website, and even sent the information Internationally and to terroristic and hate type Militia Groups. Plaintiff Liberi's private confidential identifying information

---

and credit data was provided to over a million individuals and entities, again, including Internationally and to terroristic and hate type Militia Groups in violation of California Civil Code §1798.83. Defendants violations were willful, intentional, and reckless in illegally disclosing Plaintiff Liberi's private date, and therefore, each Defendant is liable to Plaintiff Liberi civil penalties pursuant to California Civil Code §1798.84(d), $3,000.00 for every person and entity her private data, including but **not** limited to, private identifying data, financial data, family data, birth data and other private confidential data was provided to and by these third-parties.

384.   Plaintiff Lisa Ostella, at all times mentioned herein was a customer of Defendant Intelius, Inc.   Each time Plaintiff Ostella logged into her account, Defendant Intelius, Inc. compiled her private data.     Intelius, Inc. sold and furnished Plaintiff Ostella's private data to third parties without any type of authorization and/or permissible purpose.   In turn, the third parties published Plaintiff Ostella's private data; and   sent by mass emailing Plaintiff Ostella's private data to over a million individuals and entities, including Internationally and to terroristic and hate type Militia Groups in violation of California Civil Code §1798.83. Defendant Intelius, Inc.'s violations were willful, intentional, and reckless in illegally disclosing Plaintiff Ostella's private date, and therefore, Defendant Intelius, Inc. is liable to Plaintiff Ostella civil penalties in the amount of

$3,000.00 per individual/entity her private data was sent, which again, is over a million individuals/entities, pursuant to California Civil Code §1798.84(d).

385. Defendants failed to maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information from unauthorized access or distribution. Defendants had a contract with Neil Sankey, Sankey Investigations, Inc. Todd Sankey and The Sankey Firm, Inc. and failed to ensure these third party providers implemented and maintained reasonable security procedures and practices appropriate to the nature and protection of Plaintiffs private confidential information in violation of California Civil Code § 1798.81.5. Therefore, Defendants are liable to Plaintiffs for the serious injuries Defendants actions caused.

386. Defendants made publicly available all of the private confidential information of Plaintiffs and their spouses, including their Social Security numbers in violation of California Civil Code §1798.85. As a direct result, Plaintiffs have been severely damaged as a result of Defendants willful violations and are liable to the Plaintiffs for damages they have encountered.

387. Defendants were aware of the breach by these particular third parties as a result of the publication of President Obama's social security number by these third parties. Although Defendants cancelled the third parties subscriptions, Defendants failed to notify the Plaintiffs of this egregious breach in violation of

California Civil Code §1798.82. Nor did Defendants report these breaches to the proper law enforcement authorities, instead allowing the damages to occur to Plaintiffs herein.

388.   As a result of Defendants unlawful conduct, the privacy rights of the Plaintiffs have been severely and seriously violated and Plaintiffs have been injured and damaged as a result thereof.

389.   Defendants unlawful conduct as alleged herein was intentional, wanton, oppressive and malicious, therefore Plaintiffs are entitled to the statutory damages set forth at California Civil Codes §§ 1798.53, 1798.81, 1798.82, 1798.83, 1798.85., including exemplary damages, punitive damages, actual damages, general damages, attorney fees, costs and all other appropriate relief as further set forth in the Prayer for Relief herein.

## EIGHTEENTH CAUSE OF ACTION

## Violation of California Business and Professions Code §§ 17200 et seq.

(Plaintiffs Lisa Liberi and Lisa Ostella against the Reed Defendants and Defendants Intelius, Inc., Yosef Taitz, Daylight CIS and Oracle)

390.   Plaintiffs re-allege and incorporate by reference each and every allegation and Exhibit contained hereinabove as though set forth here in full length.

391.   The Reed Defendants; Defendants Intelius, Inc., systematic violation of the FCRA, CCRAA, ICRAA and IPA, as alleged herein, coupled with their unlawful invasion of Plaintiffs Privacy Rights and the other wrongful conduct

alleged in this Complaint, reveals a pattern and practice of unfair, unlawful and fraudulent business practices in violation of California Business & Professions Code § 17200 et seq.

392. The Reed Defendants; Defendants Intelius, Inc., Yosef Taitz, Daylight CIS, and Oracle's knowing failure to adopt policies in accordance with and/or to adhere to these laws, all of which are binding upon and burdensome to Defendants competitors, engenders an unfair competitive advantage for Defendant, thereby constituting an unfair business practice, as set forth in California Business & Professions Code §§ 17200-17208.

393. Defendants have been unjustly enriched as a result of their unfair, unlawful and fraudulent business acts and practices as alleged herein.

394. Plaintiffs are entitled to an Order enjoining Defendants from violating Business & Professions Code § 17200 et seq. And are also entitled to restitution of all Defendants unjust enrichment pursuant to California Business & Professions Code §§ 17203 and 17204.

395. The remedies provided for in this section are cumulative and shall be in addition to any others provided for by law.

396. The Reed Defendants; Defendants Intelius, Inc., Yosef Taitz, Daylight CIS, and Oracle's unlawful conduct as alleged herein was intentional, oppressive and malicious; therefore Plaintiffs Liberi and Ostella are entitled to civil penalties,

punitive, actual, exemplary damages, and all other appropriate relief as further set forth in the Prayer for Relief herein.

397. As a direct and proximate result of the conduct alleged herein, Plaintiffs seek to recover actual damages, including, but **not** limited to all damages, of any nature, resulting from the unlawful disclosure of their credit reports and personal information to unauthorized third parties, for the purpose of these third parties to carry out their vile threats against the Plaintiffs. Plaintiffs Liberi and Ostella seek to recover actual damages, including, but **not** limited to all damages, of any nature, resulting from the violations outlined herein. Plaintiffs Liberi and Ostella also seek civil penalties, statutory damages, penalties, exemplary and punitive damages, as provided by statute and as further set forth in the Prayer for Relief herein.

## NINETEENTH CAUSE OF ACTION
### Negligent Infliction of Emotional and Mental Distress

(Plaintiffs Lisa Liberi and Lisa Ostella against the Reed Defendants and Defendants Intelius, Inc., Yosef Taitz, Daylight CIS and Oracle)

398. Plaintiffs re-allege and incorporate by reference each and every allegation and Exhibit contained hereinabove as though set forth here in full length.

399. The Reed Defendants and Defendant Intelius, Inc without any type of permissible purpose and without maintaining the Plaintiffs private data confidential as required, and without the Plaintiffs knowledge and/or permission, furnished to

---

the third parties mentioned herein, including Defendants Yosef Taitz, Daylight Chemical Information Systems, Inc. and to Oracle Corporation.   In turn, Defendants Yosef Taitz through his Corporation, Defendant Daylight Chemical Information Systems, Inc. and Oracle Corporation gave the private identifying data to his wife, Orly Taitz, to assist and help her carry out her threats against Plaintiffs. Orly Taitz then began inciting violence against Plaintiffs Liberi and Ostella calling for people who she believed resided near Plaintiffs.

400.   Defendant Yosef Taitz through his Corporation, Daylight CIS scripted the DayCart which operates with Oracle, to interface all information, including but **not** limited to all information stored on the server of the company in which DayCart and Oracle are implemented, all customer log-in details of the company in which the DayCart and Oracle were implemented, and other private data, back to Defendant Taitz's and Daylight CIS's private servers.

401.   Defendant Oracle Corporation knew or should have known about its partners, Defendants Yosef Taitz and Daylight CIS' nefarious scripting working with the Oracle Corporation's products.

402.   Defendants Yosef Taitz, Daylight CIS and Oracle Corporation's DayCart and Oracle products are maintained on the other Defendants databases and servers.   Defendants Yosef Taitz, Daylight CIS and Oracle Corporation had access to Plaintiffs private confidential identifying information; financial records,

credit reports, and other private data. Defendants Yosef Taitz, Daylight CIS and Oracle had absolutely no legally cognizable right to the Plaintiffs private data or to distribute Plaintiffs confidential private data.

403. Defendants Yosef Taitz and Daylight CIS provided Plaintiffs private personal identifying information, financial data, family data, birth data, and other private information to his wife, who used the information to carry out her threats against the Plaintiffs.

404. Plaintiffs have legally protected privacy interests in their confidential credit, financial, family, personal identifying information and other personal information. At all times herein, Plaintiffs had strong expectations of privacy in such information and believed said information was maintained confidential and secure. All Defendants operate within the State of California and mandated to follow the Federal and State privacy laws.

405. As alleged herein, Defendants violated Plaintiffs privacy by selling, disclosing and distributing Plaintiffs privileged financial, credit and personal identifying information without their knowledge or consent to unauthorized third parties. The unauthorized sale, disclosure and distribution of such private data and information are offensive and objectionable to a reasonable person of ordinary sensibilities. Moreover the Defendants actions were egregious as they sold and

distributed Plaintiffs private data to third parties mentioned herein who had threatened the Plaintiffs safety and the safety of their families.

406.   Defendants knew or should have known that their illegal acts in violation of our Federal and State Laws as outlined herein by disclosing all Plaintiffs private data to individuals who had threatened the Plaintiffs and their families and omissions to act and protect the Plaintiffs by reporting the egregious violations are clear breaches in the Defendants duty to ensure Plaintiffs and the general public's privacy rights, safety and to ensure all private data in the possession of Defendants is maintained securely and privately.

407.   The Reed Defendants; Defendants Intelius, Inc.; Yosef Taitz; Daylight Chemical Information Systems, Inc.; and Oracle Corporation knew or should have known that their disclosure of Plaintiffs private data and violations of State and Federal laws implemented to protect the Plaintiffs would cause Plaintiffs  to suffer severe emotional and mental distress.  All Defendants had a duty as outlined herein to exercise due care towards Plaintiffs private data.

408.   The Reed Defendants and Intelius, Inc. without any type of permissible purpose and without maintaining the Plaintiffs private data confidential as required furnished to the third parties mentioned herein, including Defendants Yosef Taitz, Daylight CIS and to Oracle Corporation.  In turn, Yosef Taitz through his Corporation, Defendant Daylight CIS and Oracle Corporation gave the private

identifying data to his wife, Orly Taitz, to assist and help her carry out her threats against Plaintiffs. Orly Taitz then began inciting violence against Plaintiffs Liberi and Ostella calling for people who she believed resided near Plaintiffs.

409. As a result of the Defendants disclosure of Plaintiffs private confidential information their full identities have been stolen. Plaintiff Liberi's credit has been completely destroyed. What is worse, is even if Plaintiff Liberi's obtains a new Social Security number it will **not** stop the theft, as her full Social Security number, address, date of birth, maiden name, mother's maiden name, father's name, place of birth and other private data, which is what is used to verify your identity with Social Security has been provided to over a million individuals and businesses, including internationally and to Militia groups outlined as hate and terroristic groups by the Southern Poverty Law Center[13]. Thus, if a new number is provided by Social Security, anyone could call in as Plaintiff Liberi, provide all Plaintiff Liberi's identifying information and obtain Plaintiff Liberi's new Social Security number. Plaintiff Liberi and her spouse will be dealing with this the rest of their lives.

410. The Reed Defendants; Defendants Intelius, Inc., Yosef Taitz, Daylight CIS, and Oracle's unlawful conduct as alleged herein was intentional, oppressive and malicious; therefore Plaintiffs Liberi and Ostella are entitled to civil penalties,

---

punitive, actual, exemplary damages, and all other appropriate relief as further set forth in the Prayer for Relief herein.

411.  As a direct and proximate result of the Defendants acts and omissions outlined herein, Plaintiffs have suffered severe emotional and mental suffering. Plaintiff Liberi ended up with heart complications which caused her to be hospitalized for approximately six days and undergo Enhanced External Counterpulsation (*EECP*) on two separate occasions; repeated cardiac care; hospital and medical bills; and additional cardiac medications which have cost Plaintiff Liberi in excess of one hundred and fifty thousand dollars [$150,000.00].

412.   As a direct and proximate result of the Defendants acts and omissions outlined herein, Plaintiffs have lived in fear since April 2009 for their own lives, the lives of their children and husbands; have been harassed; cyber-bullied; cyber-stalked; Plaintiffs have suffered severely, anguish, fright, horror, medical complications, nervousness, grief, anxiety, worry, shock, humiliation, and shame as outlined herein.

413.  As a direct and proximate result of Defendants illegal actions, Plaintiffs have suffered severe emotional distress.  In addition thereto, Liberi suffered severe medical complications as a direct result of the stress requiring

---

[13]  The Southern Poverty Law Center is internationally known for tracking and exposing the activities of hate groups. The Militia Groups Plaintiffs private data were sent to by Orly Taitz, Yosef Taitz, etc. are tracked by the Southern Poverty Law Center.

---

hospitalization, medical care; medications; emergency help from the paramedics, etc.

414.   The remedies provided for in this section are cumulative and shall be in addition to any others provided for by law.

415.  Defendants' unlawful conduct as alleged herein was intentional, oppressive and malicious; therefore Plaintiffs Liberi and Ostella are entitled to civil penalties, punitive, actual, exemplary damages, and all other appropriate relief as further set forth in the Prayer for Relief herein.

416.  As a direct and proximate result of the conduct alleged herein, Plaintiffs Liberi, Berg and Ostella seek to recover actual damages, including, but **not** limited to all damages, of any nature, resulting from the Defendants illegal acts outlined herein.  Plaintiffs Liberi, Berg and Ostella also seek statutory damages, penalties, exemplary and punitive damages, as provided by statute and as further set forth in the Prayer for Relief herein.

## **TWENTIETH CAUSE OF ACTION**

### **Res Ipsa Loquitor Negligence**

(Plaintiffs Lisa Liberi and Lisa Ostella against the Reed Defendants and Defendants Intelius, Inc., Yosef Taitz, Daylight CIS and Oracle)

417.  Plaintiffs re-allege and incorporate by reference each and every allegation and Exhibit contained hereinabove as though set forth here in full length.

418. As alleged herein, the Reed and Intelius Defendants had and owed a duty to ensure the private confidential identifying data; financial data; credit data; and other personal data maintained in their databases and on their servers was maintained securely. The Reed and Intelius Defendants had and owed a duty to ensure their third party contractors and partners, Defendants Yosef Taitz, Daylight CIS and Oracle did **not** over-step their access to the private confidential data maintained on the Reed and Intelius Defendants databases, severs and other electronic storages and had the duty to ensure their third party contractors and partners, Defendants Yosef Taitz, and Daylight CIS did **not** distribute the confidential information pertaining to the Plaintiffs and any other individual.

419. Defendant Oracle was aware of the vulnerabilities as outlined herein in their servers and they had a duty to ensure their servers which were provided to companies, including but **not** limited to the Reed and Intelius Defendants, were free from the vulnerabilities. Defendant Oracle was aware that the Reed and Intelius Defendants were amongst other things, data brokers of individuals' private data, including Plaintiffs private data. Defendant Oracle was well aware that all the data maintained on the Reed and Intelius Defendants databases and servers, provided by Oracle, was breached as did the Reed and Intelius Defendants. Despite this, Oracle took no steps to ensure their software and applications

maintained the confidentiality and security of the data maintained on servers provided by Oracle.

420.    Defendants Yosef Taitz and Daylight CIS had and owed a duty to ensure any confidential private data accessible by them was maintained secure and confidential and that no other third party had access to the protected data, including his wife, Orly Taitz.

421.    The conduct and omissions of the Reed Defendants, Defendants Intelius, Inc., Yosef Taitz, Daylight CIS, and Oracle are presumed to be negligent because:

A.    The third parties, Orly Taitz (Defendant Yosef Taitz's wife); Neil Sankey; Sankey Investigations, Inc.; Todd Sankey; and The Sankey Firm, Inc. would **not** have been able to access Plaintiffs or any other individuals private data; financial data; credit data, etc. which all Defendants controlled unless Defendants were negligent;

B.    The dissemination of Plaintiffs private confidential identifying data; financial data; credit data; and other private data was caused by something that all the Defendants controlled; and

C.    Plaintiffs voluntary actions did **not** cause or contribute to the illegal and improper dissemination of their private confidential

identifying data; financial data; credit data; and/or their other personal private data.

422. The Reed Defendants; Defendants Intelius, Inc., Yosef Taitz, Daylight CIS, and Oracle's unlawful conduct as alleged herein was intentional, oppressive and malicious; therefore Plaintiffs Liberi and Ostella are entitled to civil penalties, punitive, actual, exemplary damages, and all other appropriate relief as further set forth in the Prayer for Relief herein.

423. As a direct and proximate result of Defendants' negligent, careless and reckless acts and omissions, Plaintiffs private confidential personal identifying data; financial data; credit data; and other private confidential data was disseminated to Orly Taitz, Neil Sankey, Todd Sankey, Sankey Investigations and The Sankey Firm; and posted all over the Internet and sent in mass emailing, by mass postal mail, hand delivery, to over a million individuals including internationally and to terroristic and dangerous type Militia Groups. Said actions caused Plaintiffs severe damages and Plaintiffs are entitled to recover compensatory, general, statutory, and punitive damages.

//
//
//
//
//
//
//
//

## **PRAYER FOR RELIEF**

**WHEREFORE** Plaintiffs', on behalf of themselves pray for judgment against Defendants as follows:

**1. Preliminary and Permanent Injunctive Relief:**

a.  An Order awarding preliminary and permanent injunctive relief, including *inter alia*: (1.) prohibiting Defendants from engaging in the acts alleged above; (2.) requiring  removal of  **all** Defendants postings and postings caused by the Defendants actions (doxing)[14] pertaining to Mrs. Liberi, Mrs. Ostella, and Mr. Berg, including but **not** limited to writings, pictures, home address, private identifying information, e.g. social security numbers, dates of birth, all false information, mother's maiden name, father's name, place of birth, credit data, etc. pertaining to both Mrs. Liberi and Mrs. Ostella, their children, their husband's, their mother's and father's from Defendants website, including but **not** limited to:

i.  all static and dynamic websites and blogs located nationally and Internationally;

ii.  any and all  social networks, including but **not** limited to Facebook, twitter and any other social networks located nationally and internationally;

---

[14]Doxing, is the term used for the process of gathering personal information on a victim/target. This commonly takes place over the internet; but, the internet is **not** the only way it takes place. There are many methods of doxing, and various tools used.

iii. any and all radio shows, including but **not** limited to Internet, blog broadcasts, satellite, AM/FM Radio Stations and blog talk networks located nationally and internationally;

iv. All Youtube channels, video channel's and televised shows, including nationally and internationally;

v. All Internet search engines and databases, including but **not** limited to Google, Yahoo, AOL, Bing, AltaVista, Lycos, Dogpile, waybackmachine, 123 people, MetaCrawler, Google Images, Infoseek, Infospace, IXQuick.com, etc;

b. Restrain Defendants, their officers, agents, servants, employees, and attorneys, and those in active concert or participation with them from continued access, collection, and transmission of Plaintiffs Liberi and Ostella's personal information via preliminary and permanent injunction;

c. An Order of this Court ordering complete retractions of all false statements published by Defendants and which Defendants caused to be published pertaining to Mrs. Liberi, Mrs. Ostella, Mr. Berg, their children, spouses and parents.

d. Preliminary and permanent Injunctive Relief enjoining Defendants from any further distribution, publications, internet postings, blog postings, radio shows, etc. mentioning Mrs. Liberi, Mrs. Ostella, Mr. Berg and/or any of their family members name and any of their private data;

e.  An Order from the Court ordering all third party static and dynamic websites, blogs, social networks, radio stations, youtube channels and video channels, as outlined above are to immediately remove and delete Defendants or any publications and postings regarding Mrs. Liberi, Mrs. Ostella, Mr. Berg their children, spouses and parents, including http://lisaliberi.com.

f.  Restraining Order enjoining Defendants and/or any third parties on behalf of the Defendants from contacting, cyber-stalking, cyber-harassing, and/or cyber-bullying Mrs. Liberi, Mrs. Ostella, their families, and friends by way of preliminary and permanent injunctive relief;

g.  An Order declaring that the Reed Defendants and Intelius sale, disclosure and/or dissemination of Plaintiffs consumer reports and personal information violated the FCRA, the CCRAA, the ICRAA and/or the IPA;

h.  An Order directed at the Reed Defendants, Defendants Intelius, Inc., Yosef Taitz, Daylight CIS and Oracle to remove all information they maintain on the Plaintiffs from their complete database systems and servers;

i.  An Order enjoining the Reed Defendants, Defendants Intelius, Inc., Yosef Taitz, Daylight CIS and Oracle, their agents, family, or anyone on their behalf from utilizing, accessing, selling, disseminating, posting and/or distributing any of Plaintiffs personal information;

j.　　An Order directing the Reed Defendants and Defendant Intelius, Inc. to cease any further reporting of inaccurate information about Plaintiffs, and to send to all credit reporting agencies and/or governmental agencies to which they have reported Plaintiffs inaccurate information within the last five (5) years, Plaintiffs updated and corrected information.

## 2. **Actual Damages – Cumulative with all other awards**

k.　　For the First, Second, Third, Eight and Nine enter judgment, collectively, jointly and separately, against each named Defendants for Actual damages payable in the amount of Five Million dollars $5,000,000.00 to each Plaintiff separately;

l.　　For Counts Four and Seven enter judgment, collectively, jointly and separately against Defendants Orly Taitz, Law Offices of Orly Taitz, Orly Taitz, Inc. and DOFF for Actual damages payable in the amount of Five Million dollars [$5,000,000.00] to Plaintiffs Lisa Liberi and Lisa Ostella separately;

m.　　For Counts Five, Six, Ten and Eleven enter Judgment collectively, jointly and separately against Defendants Orly Taitz, Law Offices of Orly Taitz, Orly Taitz, Inc., DOFF, Neil Sankey, Todd Sankey, Sankey Investigations, Inc. and The Sankey Firm, Inc. in the amount of Five Million dollars [$5,000,000.00] to Plaintiffs Lisa Liberi and Lisa Ostella separately;

n.  For Counts Twelve, Thirteen, Fifteen and Sixteen enter Judgment collectively, jointly and separately against each Reed Defendant and Defendant Intelius, Inc. in the amount of Five Million dollars [$5,000,000.00] to Plaintiffs Lisa Liberi and Lisa Ostella separately pursuant to FCRA, 15 U.S.C. §1681n(1) and §1681n(1), CCRAA, *Cal. Civ. Code* §§ 1785.31(1) and (2)(A), ICRAA, *Cal. Civ. Code* § 1786.50, *Cal. Civ. Code* §3294;

o.  For Counts Fourteen, Seventeen, Eighteen, Nineteen and Twenty enter Judgment collectively, jointly and separately against each Reed Defendant, Defendants Intelius, Inc., Yosef Taitz, Daylight CIS, and Oracle in the amount of Five Million dollars [$5,000,000.00] to Plaintiffs Lisa Liberi and Lisa Ostella separately;

**3.   Exemplary Damages – cumulative with all other awards**

p.  For the Fifth Count, enter judgment, collectively, jointly and separately, against Defendants Orly Taitz as an Attorney and an Officer of the Court and as President for Orly Taitz, Inc. and DOFF; Law Offices of Orly Taitz; Orly Taitz, Inc.; DOFF; Neil Sankey, Todd Sankey; Sankey Investigations, Inc. and The Sankey Firm for Exemplary Damages pursuant to *Cal. Civ. P.* 1798.53 in the amount of Five Million Dollars [$5,000,000.00] payable to Plaintiffs Lisa Liberi and Lisa Ostella separately;

q.  For the Seventeenth Count, enter judgment collectively, jointly and separately against each Reed Defendant, Defendants Intelius, Inc., Yosef Taitz, Daylight CIS, and Oracle in the amount of Five Million

Dollars [$5,000,000.00] payable to Plaintiffs Lisa Liberi and Lisa Ostella separately pursuant to the IPA;

**4.** <u>**Civil Penalties – Cumulative with all other awards**</u>

r. For the Sixth Count, enter judgment, collectively, jointly and separately, against Defendants Orly Taitz as an Attorney and an Officer of the Court and as President for Orly Taitz, Inc. and DOFF; Law Offices of Orly Taitz; Orly Taitz, Inc.; DOFF; Neil Sankey, Todd Sankey; and The Sankey Firm for Civil Penalties pursuant to *Cal. Civ. P.* §1798.84 in the amount of Three Billion Dollars [$3,000,000,000.00] payable to Plaintiffs Lisa Liberi and Lisa Ostella separately;

s. For the Seventeenth Count, enter judgment collectively, jointly and separately against each Reed Defendant and Defendant Intelius, Inc. for Civil Penalties pursuant to *Cal. Civ. P.* §1798.84(d) in the amount of Three Billion Dollars [$3,000,000,000.00] payable to Plaintiffs Lisa Liberi and Lisa Ostella separately;

**5.** <u>**General Damages – Cumulative with all other awards**</u>

t. For the First, Second, Third, Eight and Nine enter judgment, collectively, jointly and separately, against each named Defendants for General damages payable in the amount of Five Million dollars [$5,000,000.00] to each Plaintiff separately. For Count Eight, General Damages pursuant to *Cal. Civ. Code* §1;

u. For Counts Four and Seven enter judgment, collectively, jointly and separately against Defendants Orly Taitz, Law Offices of Orly Taitz,

Orly Taitz, Inc. and DOFF for General damages payable in the amount of Five Million dollars [$5,000,000.00] to Plaintiffs Lisa Liberi and Lisa Ostella separately;

v. For Counts Five, Six, Ten and Eleven enter Judgment collectively, jointly and separately against Defendants Orly Taitz, Law Offices of Orly Taitz, Orly Taitz, Inc., DOFF, Neil Sankey, Todd Sankey, Sankey Investigations, Inc. and The Sankey Firm, Inc. for General damages in the amount of Five Million dollars [$5,000,000.00] to Plaintiffs Lisa Liberi and Lisa Ostella separately;

w. For Counts Twelve, Thirteen, Fifteen and Sixteen enter Judgment collectively, jointly and separately against each Reed Defendant and Defendant Intelius, Inc. for General damages in the amount of Five Million dollars [$5,000,000.00] to Plaintiffs Lisa Liberi and Lisa Ostella separately;

x. For Counts Fourteen, Seventeen, Eighteen, Nineteen and Twenty enter Judgment collectively, jointly and separately against each Reed Defendants, Defendants Intelius, Inc., Yosef Taitz, Daylight CIS, and Oracle for General damages in the amount of Five Million dollars [$5,000,000.00] to Plaintiffs Lisa Liberi and Lisa Ostella separately;

## 6. __Special Damages – Cumulative with all other awards__

y. For the First, Second, Third, Eight and Nine enter judgment, collectively, jointly and separately, against each named Defendants for Special damages payable in the amount of One Million dollars [$1,000,000.00] to each Plaintiff separately;

z.   For Counts Four and Seven enter judgment, collectively, jointly and separately against Defendants Orly Taitz, Law Offices of Orly Taitz, Orly Taitz, Inc. and DOFF for Special damages payable in the amount of One Million dollars [$1,000,000.00] to Plaintiffs Lisa Liberi and Lisa Ostella separately;

aa.   For Counts Five, Six, Ten and Eleven enter Judgment collectively, jointly and separately against Defendants Orly Taitz, Law Offices of Orly Taitz, Orly Taitz, Inc., DOFF, Neil Sankey, Todd Sankey, Sankey Investigations, Inc. and The Sankey Firm, Inc. for Special damages in the amount of One Million dollars [$1,000,000.00] to Plaintiffs Lisa Liberi and Lisa Ostella separately;

bb.   For Counts Twelve, Thirteen, Fifteen and Sixteen enter Judgment collectively, jointly and separately against each Reed Defendant and Defendant Intelius, Inc. for Special damages in the amount of One Million dollars [$1,000,000.00] to Plaintiffs Lisa Liberi and Lisa Ostella separately;

cc.   For Counts Fourteen, Seventeen, Eighteen, Nineteen and Twenty enter Judgment collectively, jointly and separately against each Reed Defendants, Defendants Intelius, Inc., Yosef Taitz, Daylight CIS, and Oracle for Special damages in the amount of One Million dollars [$1,000,000.00] to Plaintiffs Lisa Liberi and Lisa Ostella separately;

//
//
//

### 7.   **Punitive Damages –Cumulative with all other awards**

dd.  For the First, Second, Third, Eight and Nine enter judgment, collectively, jointly and separately, against each named Defendants for Punitive damages payable in the amount of Five Million dollars [$5,000,000.00] to each Plaintiff separately;

ee.  For Counts Four and Seven enter judgment, collectively, jointly and separately against Defendants Orly Taitz, Law Offices of Orly Taitz, Orly Taitz, Inc. and DOFF for Punitive damages payable in the amount of Five Million dollars [$5,000,000.00] to Plaintiffs Lisa Liberi and Lisa Ostella separately;

ff.  For Counts Five, Six, Ten and Eleven enter Judgment collectively, jointly and separately against Defendants Orly Taitz, Law Offices of Orly Taitz, Orly Taitz, Inc., DOFF, Neil Sankey, Todd Sankey, Sankey Investigations, Inc. and The Sankey Firm, Inc. for Punitive damages in the amount of Five Million dollars [$5,000,000.00] to Plaintiffs Lisa Liberi and Lisa Ostella separately;

gg.  For Counts Twelve, Thirteen, Fifteen and Sixteen enter Judgment collectively, jointly and separately against each Reed Defendant and Defendant Intelius, Inc. for Punitive damages in the amount of Five Million dollars [$5,000,000.00] to Plaintiffs Lisa Liberi and Lisa Ostella separately pursuant to FCRA, 15 U.S.C. §1681n(2), *Cal.* IPA, the ICRAA, *Cal. Civ. Code* § 1786.50, *Cal. Civ. Code* §1785.31(2)(B);

hh.   For Counts Fourteen, Seventeen, Eighteen, Nineteen and Twenty enter Judgment collectively, jointly and separately against each Reed Defendants, Defendants Intelius, Inc., Yosef Taitz, Daylight CIS, and Oracle for Punitive damages in the amount of Five Million dollars [$5,000,000.00] to Plaintiffs Lisa Liberi and Lisa Ostella separately;

**8.      Compensatory Damages –Cumulative with all other awards**

ii.   For Counts Twelve through Twenty enter Judgment collectively, jointly and separately against each Reed Defendant, Defendants Intelius, Inc., Yosef Taitz, Daylight CIS, and Oracle for Compensatory damages in the amount of Five Million dollars [$5,000,000.00] to Plaintiffs Lisa Liberi and Lisa Ostella separately pursuant to *Cal. Civ. Code* §§ 3281-3283.

**8.      Award Plaintiffs' Attorney Fees and Costs of the within action; and Interest pursuant to 15 U.S.C. §1681n(3), *Cal. Civ. Code* §1798.50(2), *Cal. Civ. Code* §1785.31(a)(1), *Cal. Civ. Code* §1798.83(g), and *Cal. Civ. Code* §1798.53;**

**9.      Such other relief as this Court deems just and proper.**

//
//
//
//
//
//
//
//
//
//

1
2

## **JURY DEMAND**

The Plaintiffs hereby demand a Trial by Jury of all issues so triable.

3
4

Respectfully submitted,

5
6
7

Dated:  May 19, 2011

_/s/ Philip J. Berg_____

Philip J. Berg, Esquire

8

E-mail: philjberg@gmail.com

9

Pennsylvania I.D. 9867

**LAW OFFICES OF PHILIP J. BERG**

10

555 Andorra Glen Court, Suite 12

11

Lafayette Hill, PA 19444-2531

Ph: (610) 825-3134

12

Fx: (610) 834-7659

13
14

_Counsel for the Plaintiffs_

15
16
17
18
19
20
21
22
23
24
25
26
27
28