| | |
|---|---|
| 1 | JAYSON Q. MARASIGAN (Bar No. 227225)<br>DACK MARASIGAN, LLP |
| 2 | 23041 Avenida de la Carlota, Suite 300<br>Laguna Hills, California 92653 |
| 3 | Telephone: (949) 206-9848<br>Facsimile: (949) 206-9851 |
| 4 | |
| 5 | Attorneys for Defendant Orly Taitz |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | | |
|---|---|---|
| 11 | LISA LIBERI and PHILIP J. BERG, ESQUIRE and THE LAW OFFICES OF PHILIP J. BERG and EVELYN ADAMS a/k/a MOMMA E and LISA M. OSTELLA and GO EXCEL GLOBAL,<br><br>Plaintiffs,<br>vs.<br><br>ORLY TAITZ, a/k/a DR. ORLY TAITZ, a/k/a LAW OFFICES OF ORLY TAITZ; a/k/a WWW.ORLYTAITZESQ.COM a/k/a WWW.REPUBX.COM a/k/a ORLY TAITZ, INC. and DEFEND OUR FREEDOMS FOUNDATIONS, INC. and YOSEF TAITZ and THE SANKEY FIRM and SANKEY INVESTIGATIONS, INC. and NEIL SANKEY and JAMES SUNQUIST and ROCK SALT PUBLISHING and LINDA SUE BELCHER a/k/a LINDA S. BELCHER a/k/a LINDA STARR; a/k/a NEWWOMENSPARTY a/k/a STITCHENWITCH a/k/a EVA BRAUN a/k/a WEB SERGEANT a/k/a KATY a/k/a WWW.OBAMACITIZENSHIPDEBATE.ORG and EDGAR HALE a/k/a JD SMITH; and CAREN HALE; and PLAINS RADIO NETWORK, a/k/a PLAINS RADIO NETWORK, INC. a/k/a PLAINS RADIO; and BAR H FARMS; and KPRN AM 1610; and DOES 1 through 200 Inclusive,<br><br>Defendants. | CASE NO. 8:11-cv-00485-AG (AJW)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES FILED BY ORLY TAITZ IN REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS BASED UPON ANTI-SLAPP**<br><br>Date: June 13, 2011<br>Time: 10:00 a.m.<br>Dept.: Crtrm 10D<br><br>[Request for Judicial Notice; Declaration of Orly Taitz; and Evidentiary Objections to the Declarations of Lisa Liberi and Philip J. Berg Filed Concurrently Herewith]<br><br>Complaint Filed: May 4, 2009 | |

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. DEFENDANTS' RULE 12 MOTIONS HAVE NOT YET BEEN ADJUDICATED ON THE MERITS

Plaintiffs argue that, because Defendants' Anti-SLAPP motion had already been denied without prejudice by the Pennsylvania District Court, the current motion should be denied. Plaintiffs' argument is based upon their naked allegation that certain entries in the court's docket indicate that the previously filed motions, and the subsequent filings amending the original motion, were adjudicated on the merits. Plaintiffs' argument is misguided and is not supported by the Pennsylvania District Court and the 3rd District Court of Appeals' prior order and judgment.

At the outset, it bears emphasis that a defendant may amend its Rule 12(b) motion at any time before the motion is decided to include additional 12(b) defenses. As long as the original motion is timely and adequate notice is given to the opposing party, grounds added by amendment are not waived. (*Bechtel v. Liberty Nat'l Bank* (9th Cir. 1976) 534 F.2d 1335, 1341, fn. 8) Plaintiffs' overbroad and general observation about the number of Rule 12(b) filings in and of itself, therefore, is not dispositive of the instant motion.

In order for Plaintiffs' argument to apply, barring a ruling on the instant motion, Plaintiffs must show an adjudication of the prior motion or motions on the merits. Plaintiffs have presented no competent evidence to support such a contention. Defendant Taitz submits, in fact, that there was no prior adjudication of the Rule 12 bases on which the current motion to dismiss is based. The Pennsylvania District Court ordered this part of the case transferred to the Central District of California on personal jurisdiction grounds and did not adjudicate the issues of subject matter jurisdiction or Anti-SLAPP. (Request for Judicial Notice No. 1) Taitz appealed the District Court's refusal to address the other grounds in her Rule 12(b) motion. Taitz' appeal was dismissed for lack of appellate court jurisdiction however and, in the judgment of dismissal, the Third District Court of Appeal specifically held that "all unresolved motions shall be decided by the transferee courts because we lack jurisdiction to determine the merits." (Request for Judicial Notice No. 2)

Because the Pennsylvania District Court did not adjudicate the issues asserted in Taitz' current Rule 12(b) motion, and because the Third District Court of Appeal upheld that refusal while specifically reserving the adjudication of "all unresolved motions" to the transferee courts, this Court has authority to hear and determine the issues presented by Taitz' motion.

## 2. TAITZ HAS SATISFIED HER BURDEN OF ESTABLISHING THAT THE CONDUCT COMPLAINED OF IS "PROTECTED ACTIVITY"

California Code of Civil Procedure section 425.16 "posits... a two step process for determining whether an action is a SLAPP. First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. A defendant meets this burden by demonstrating that the act underlying the plaintiff's cause fits one of the categories spelled out in section 425.16(e). If the court finds that such a showing has been made, it must determine whether the plaintiff has demonstrated a probability of prevailing on the claim." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 88-89, 124 Cal.Rptr. 530)(Citations omitted) Thus, an anti-SLAPP motion lies to strike lawsuits that seek to penalize earlier litigation or to inhibit future litigation. (*Id.* at 89; *Chavez v. Mendoza* (2001) 94 Cal.App.4th 1083, 1087, 114 Cal.Rptr.2d 825)

Thus, the first step in analyzing whether the court should strike a SLAPP complaint, the court must make a determination that the actions arise out of defendant's exercise of his or her right to free speech. It is defendant's burden to establish that the subject upon which the action is based arose out of actions undertaken in furtherance of defendant's right of petition or free speech in connection with a public issue. (*M.G. v. Time Warner, Inc.* (2001) 89 Cal.App.4th 623, 629, 107 Cal.Rptr.2d 504)

According to California Code of Civil Procedure section 425.16, subd. (e): "an act in furtherance of a person's right of petition or free speech ... in connection with a public issue" includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under

consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; or (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." If the targeted speech falls under the first two categories (#s 1&2) then there is no need, on the part of the moving party, to show that the matter is of public interest. If, however, the targeted speech falls under the latter two categories (#s 3&4) then there is a need for such a showing. (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1113, 81 Cal.Rptr.2d 471)

    a.    **The Categories of Misconduct Complained of Against Taitz**

Plaintiffs' complaint, albeit confusing, reveals the following claims against Taitz and Defend Our Freedoms Foundation, Inc. ("DOFF"):

1. Alleged violation of some claim of copyright by Berg and Lisa Liberi against Taitz. (Complaint ¶¶25, 61)

2. Allegations relating to Taitz having written to the Supreme Court seeking help with an FBI investigation concerning hacking her website. It bears emphasis that the complaint is silent as to whether Taitz ever attributed this particular conduct to any of the Plaintiffs. (Complaint ¶37)

3. Allegations relating to Taitz having stated that her websites and PayPal accounts were "hacked" and "sabotaged". Again, it bears emphasis that the complaint is silent as to whether Taitz ever attributed this particular conduct to any of the Plaintiffs. (Complaint ¶¶39, 48-49)

4. Alleged defamation relating to Taitz' contention on a blogcast that Ostella threatened her. (Complaint ¶43) In reading the complaint as a whole, the threat referred to in that paragraph was likely the threat that Plaintiffs admit to in paragraph 38 of their complaint.

5. Alleged defamation arising out of a "cease and desist" letter and reports

1 made to the FBI. (Complaint ¶45, 62)

2 6. Alleged defamation arising out of an e-mail to the Chicago FBI. (Complaint ¶53)

4 7. Alleged defamation arising out of an e-mail to Berg, forwarded to Ed Hale, wherein Taitz claimed that Liberi had a criminal record and thus had an obligation to send the information to the FBI. Taitz also demanded that he join her in filing litigation against her and a demand for investigation from the authorities. (Complaint ¶¶56-57)

9 8. Alleged defamation of Liberi that she had an extensive criminal record and, despite such, was still working for Berg. (Complaint ¶67)

11 9. Alleged defamation of Liberi in documents which were sent to the Attorney General, Director of the FBI, the FBI cyber crime division, among other executive and law enforcement agencies. (Complaint ¶67)

14 10. Alleged defamation arising out of a posting that indicated that donations made on the defendourfreedoms website were not making their way to DOFF, but rather were being paid to Ostella, who was at that time no longer affiliated with DOFF but was using the domain names she registered on behalf of Taitz/DOFF without permission. (Complaint Alleged defamation arising out of a posting that indicated that donations made on the defendourfreedoms website were not making their way to DOFF, but rather were being paid to Ostella, who was at that time no longer affiliated with DOFF but was using the domain names she registered on behalf of Taitz/DOFF without permission. (Complaint ¶70)

24 ///
25 ///
26 ///
27 ///
28 ///

### b. Each of the Acts Complained of In Numbers 2, 5, 6, 7, and 9 Are in Connection With a Public Issue Because They Relate to Written and Oral Statements Made Before Administrative/Judicial Proceedings Before Executive and Judicial Bodies and/or Are Pre-Litigation Statements

The acts described in numbers 2, 5, 6, 7, and 9 are clearly protected activities that relate to matters of public concern because they are written or oral statements made before executive (Attorney General, FBI, police law, enforcement) and judicial (Supreme Court) bodies. With respect to the conduct described in categories 2, 5, 6, 7, and 9, Taitz need not even show that they were made in connection with a public issue to show that they are protected. The anti-SLAPP statute protects *all* petition-related activity before a governmental body whether or not the statements involve a public issue: "(A)ll that matters is that the First Amendment activity take place in an official proceeding or be made in connection with an issue being reviewed by an official proceeding." (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1116, 81 Cal.Rptr.2d 471, 477 (disapproving earlier cases contra)) Reporting another person's unlawful conduct to the police, with the intention of prompting his or her arrest (as distinguished from making a citizen's arrest), may constitute a protected "petition" to an official body. [See *Wang v. Hartunian* (2003) 111 Cal.App.4th 744, 749, 3 Cal.Rptr.3d 909, 912; *Chabak v. Monroy* (2007) 154 Cal.App.4th 1502, 1512, 65 Cal.Rptr.3d 641, 647–648—child abuse victim's report to police, and repeating it to her parents at the urging of the investigating officer, were protected activities (petitioning government) under CCP § 425.16)

The conduct described in category 10 is be protected litigation related activity since it concerns pre-litigation statements or writings concerning the ownership of the domain names registered by Ostella on behalf of Taitz/DOFF. Lawsuits based on prelitigation statements or writings may be subject to an anti-SLAPP motion. (*Neville v. Chudacoff* (2008) 160 Cal.App.4th at 1266, 73 Cal.Rptr.3d at 391, fn. 8; *CKE Restaurants, Inc. v. Moore* (2008) 159 Cal.App.4th 262, 271, 70 Cal.Rptr.3d 921, 928) Communications made

in connection with *litigation contemplated in good faith* are considered "under consideration ... by a judicial body" within the meaning of California Code of Civil Procedure section 425.16(e)(2). (*Neville v. Chudacoff* (2008) 160 Cal.App.4th 1255, 1262–1263, 73 CR3d 383, 388–389—anti-SLAPP motion properly granted in defamation action based on Defendant warning its customers not to do business with Plaintiff to avoid involvement in impending litigation over misappropriation of Defendant's customer lists) As is set forth in Taitz' declaration, she fully intended and intends to file suit against Ostella for having breached her fiduciary duty and committed fraud in relation to the domain names she registered on behalf of Taitz/DOFF and may file suit against Berg and Liberi, depending on their knowledge of Ostella's use of the www.defendourfreedoms.net domain name to http://obamacrimes.com, for conspiracy to perpetrate the fraud/breach of fiduciary duty.

    c.    **Each of the Remaining Acts Complained of Are in Connection With a Public Issue Because They Relate to Political/Fundraising Activity**

Statements, writings or conduct *not* made or occurring in an official proceeding (or in connection with an issue under consideration in such a proceeding) are protected only if made in a public place and "in connection with an issue of public interest" (Cal. Civ. Proc. § 425.16(e)(3)). Other conduct in furtherance of the right of free speech is protected only if made "in connection with a *public issue* or an issue of public interest" (Cal. Civ. Proc. § 425.16(e)(4) (emphasis added)).

"Public interest" within the meaning of the anti-SLAPP statute includes "not only governmental matters, but also private conduct that impacts a broad segment of society and/or that affects a community in a manner similar to that of a governmental entity." (*Damon v. Ocean Hills Journalism Club* (2000) 85 Cal.App.4th 468, 479, 102 Cal.Rptr.2d 205, 212; *Kurwa v. Harrington, Foxx, Dubrow & Canter, LLP* (2007) 146 Cal.App.4th 841, 846, 53 Cal.Rptr.3d 256, 260) Even conduct that reaches a limited, but definable portion of the public (e.g. a private group, organization or community) may be constitutionally-protected activity where it is done "in the context of an ongoing

1  controversy, dispute or discussion ... (thus embodying) the public policy of encouraging
2  participation in matters of public significance." (*Du Charme v. International Broth. of*
3  *Elec. Workers, Local 45* (2003) 110 Cal.App.4th 107, 119, 1 Cal.Rptr.3d 501 (parentheses
4  added); see *D.C. v. R.R.* (2010) 182 CalApp.4th 1190, 106 Cal.Rptr.3d 399)
5       For instance, in *Sipple v. Foundation for Nat'l Progress* (1999) 71 Cal.App.4th 226,
6  236–240, 83 Cal.Rptr.2d 677, a political consultant sued for defamation based on a
7  magazine article accusing him of domestic violence. The Court of Appeal held that the
8  issue was of "public interest" because the political consultant was a public figure and had
9  made the prevention of domestic violence a cornerstone in his advertising campaigns for
10 politicians known around the world. The holding of *Sipple* should apply here.
11      Taitz individually and through her foundation, Defend Our Freedoms Foundation, is
12 a political crusader. Of particular relevance to the instant action was Taitz's crusade to
13 uncover the truth regarding the birthplace of President Barack Obama. (Declaration of
14 Orly Taitz in Support of Her Reply to Opposition to Motion to Dismiss, "Taitz Decl.", ¶2)
15 Taitz and Berg crusade for the same cause. (Taitz Decl. ¶3) At one point they
16 simultaneously maintained two similar websites dedicated to their cause. Taitz maintained
17 her blog on www.defendourfreedoms.us and Berg maintained a website at the web address
18 http://obamacrimes.com. (Taitz Decl. ¶3) Both Taitz and Berg solicited donations to their
19 respective causes through their blog and web site, respectively. (Taitz Decl. ¶4, Exhibit
20 "3") Both Taitz and Berg were accusing Obama of having committed fraud and forged
21 documents regarding Obama's birthplace. (Taitz Decl. ¶¶2-5)
22      Ostella, who approached Taitz and offered to host a website or blog to support her
23 cause, became a volunteer webmaster on behalf of Taitz/DOFF and eventually registered
24 the domain name that was used to identify Taitz' blog, www.defendourfreedoms.us. (Taitz
25 Decl. ¶¶6-7) In addition to that domain name, however, Ostella registered additional
26 domain names bearing the defendourfreedoms trade name. The other domain names,
27 however, were never used by Taitz/DOFF. (Taitz Decl. ¶8) Ostella refused to transfer to
28 Taitz full control of, or the "keys" to, the domain names. (Taitz Decl. ¶8)

1     Subsequent to a falling out between Ostella and Taitz concerning Ostella's failure to account for unauthorized commercial activity on the blog, Ostella's failure to account for unauthorized solicitations for donations to a petition company, and concerning Ostella's demand for Taitz's withdrawal of a complaint Taitz made to the FBI about suspicious activity in relation to her blog (Taitz Delc. ¶¶9-10), Ostella asked that Taitz move her blog off of Ostella's servers. (Taitz Decl. ¶11) Ostella however refused, and continues to refuse, to turn over the access codes, passwords or "keys" to the domain names that she registered on behalf of Taitz/DOFF. (Taitz Decl. ¶12)

    Subsequent to Taitz moving her blog off of the www.defendourfreedoms.us domain name, Ostella began to use the confusingly similar www.defendourfreedoms.net domain name. (Taitz Decl. ¶14; Opposition p. 20, lines 22-27) Despite the fact that the domain name bore the trade name of DOFF, it was dedicated to promoting Berg's website at http://obamacrimes.com and the PayPal button on that site allowed visitors to donate to Ostella's PayPal account. (Taitz Decl. ¶15, Exhibit "4"; Opposition P. 20, lines 22-27) Because Taitz sought to warn political donors who might mistakenly donate to Berg and/or the operator of www.defendourfreedoms.net, Ostella, thinking they were donating to Taitz' foundation and cause, Taitz sent out the allegedly defamatory material complained of in the complaint.

    In light of the foregoing facts, each of the remaining oral and written statements complained of were protected speech in connection with a public issue. Berg and Taitz further similar political causes, seek support from the same portion of the public (anti-Obama), and because of Plaintiffs' unlawful use of DOFF's trade name on the www.defendourfreedoms.net in order to promote Berg and solicit donations, all of the remaining conduct complained of were made in connection with an issue of public interest – the identity and character of the people to whom potential donors were donating thinking that they were donating to Taitz as opposed to Berg or Ostella.

///

///

3. **PLAINTIFFS HAVE PRESENTED NO COMPETENT EVIDENCE DEMONSTRATING THEIR PROBABILITY OF PREVAILING ON THE CLAIMS PRESENTED**

Because the conduct complained of in the complaint are acts protected by California Code of Civil Procedure section 425.16, Plaintiff must present evidence demonstrating her probability of prevailing on the claim. (Cal. Civ. Proc. §425.16(b)(1)) Thus, the second step in analyzing whether the court should strike a SLAPP complaint, provided that defendants have established that the action arises out of conduct undertaken in furtherance of protected speech, requires Plaintiffs to then present evidence demonstrating their probability of prevailing on the claims presented. In order to establish a probability of prevailing on their claims, Plaintiffs must show that there is admissible evidence that, if credited, would be sufficient to sustain a favorable judgment. (*McGarry v. University of San Diego* (2007) 154 Cal.App.4th 97, 108) The "probability of prevailing" is tested by the same standard governing a motion for summary judgment, nonsuit, or directed verdict. In opposing a SLAPP motion, it is Plaintiffs' burden to make a prima facie showing of facts that would support a judgment in their favor. (*Taus v. Loftus* (2007) 40 Cal.4th 683, 714, a "summary-judgment-like procedure"; *Bergman v. Drum* (2005) 129 Cal.App.4th 11, 18) As set forth below, Plaintiffs have offered no admissible evidence in support of their claims and therefore have not established any probability of prevailing on them.

Based upon these 10 general categories of alleged misconduct listed above, Plaintiffs have alleged causes of action for: (1) disclosure of private information; (2) defamation per se; (3) false light; (4) harassment; (5) false designation and descriptions of facts; and (6) injunction. In order to establish a probability of prevailing on these claims Plaintiffs must have made a prima facie showing, based upon competent admissible evidence, that a fact finder can rely upon to sustain a judgment in their favor. As is set forth below, Plaintiffs have made an insufficient prima facie showing and thus the instant Anti-SLAPP motion should be granted.

///

a. **Plaintiffs Have Failed to Make a Prima Facie Case, Based on Competent, Admissible Evidence, for Their Claim for Disclosure of Private Information**

Plaintiffs' complaint alleges that Taitz and DOFF are liable for disclosing private facts relating to Liberi. A cause of action for public disclosure of private facts is composed of the following elements: (1) public disclosure; (2) of a private fact; (3) that is highly offensive to a reasonable person; and (4) is not newsworthy. (*Cornerstone v. Davies* (1952) 38 Cal.2d 315, 322, 239 P.2d 876; *Shulman v. Group W Productions, Inc.* (1998) 18 Cal.4th 200, 214, 74 Cal.Rptr.2d 843)

At the outset, Plaintiffs have presented no competent, admissible evidence to support their contention that Taitz made a public disclosure concerning them. Liberi has only generally averred that that Taitz "put [her] home address out all over the internet" (Liberi Decl. ¶3); that Taitz "harassed every governmental agency in New Mexico" (Liberi Decl. ¶5); and that Taitz "published and continued publishing" information about her (Liberi Decl. ¶8). None of those conclusions are admissible evidence that a fact finder can rely upon to support a judgment in Liberi's favor.

The "private facts" were identified as Liberi's social security number, home address, mother's maiden name, date of birth, and description. Private facts are intimate details of one's private life that are outside the realm of public interest. In analyzing each of the "private facts" identified:

- Plaintiffs' claim of privacy regarding Liberi's home address is without merit. Plaintiffs listed home addresses for Ostella, Taitz, and others.
- Plaintiffs' claim of privacy regarding Liberi's social security number is without merit. Liberi's social security number is a matter of public record based upon her prior bankruptcy filing in the Central District of California U.S. Bankruptcy Court. (Request for Judicial Notice No. 3)
- Plaintiffs' have presented no evidence or argument to support that Liberi's date of birth, description, or mother's maiden name are in any way private.

No liability lies where the defendant further publishes information about the plaintiff that is already public or when further publication is related to matters that the plaintiff leaves open to the public. (*Sipple v. Chronicle Publ'g Co.* (1984) 154 Cal.App.3d 1040, 1047, 201 Cal.Rptr. 665)

The third element of a cause of action for invasion of privacy is that it must be highly offensive to a reasonable person. In determining offensiveness, courts consider the degree of intrusion, the context, the conduct, and circumstances surrounding the intrusion, the intruder's motives and objectives, the setting into which he or she intrudes, and the expectation whose privacy is invaded. (*Forsher v. Bugliosi* (1980) 26 Cal.3d 792, 808-809, 163 Cal.Rptr. 628; *Hill v. NCAA* (1994) 7 Cal.4th 1, 26, 26 Cal.Rptr.2d 834) Plaintiffs have offered no admissible evidence to support this element of their cause of action.

### b. Plaintiffs Have Failed to Make a Prima Facie Case, Based on Competent, Admissible Evidence, for Their Claim for Defamation Per Se

A cause of action for defamation per se (libel) is composed of the following elements: (1) a publication; (2) that is false; (3) unprivileged; (4) of and concerning Plaintiff; and (5) exposes any person to hatred, contempt, ridicule, disgrace, or which has a tendency to injure a person in his or her occupation. (Cal. Civ. Code §45)

In order to qualify as a publication, the act must be in writing, printing, picture, effigy, or other fixed presentation. (Cal. Civ. Code §45) The only evidence proffered by Plaintiffs suggesting a publication was offered by Liberi in her declaration at paragraph 10 wherein she testifies that Taitz went on a radio show to talk about Liberi. Liberi also avers to written communications about her in Taitz' pleadings, but those are privileged in accordance with the litigation privilege.

Nevertheless, Plaintiffs have offered no evidence to support the falsity of the facts allegedly communicated by Taitz, nor have Plaintiffs offered any facts to support that it subjects them to hatred, contempt, ridicule, disgrace, or injury to their occupation.

What is more, even assuming that Liberi had presented admissible evidence of

Taitz' publication of facts regarding her criminal past – that she had been convicted of forgery or document forgery, Taitz submits that Liberi would be unable to prove falsity because they are simply true. Attached as an exhibit to Taitz's declaration filed in support of the instant motion is Liberi's criminal record. On that record is a listing of charges and the disposition of those charges.

Among the convictions listed was a violation of California Penal Code section 115(a). California Penal Code section 115(a) provides: "Every person who knowingly *procures or offers any false or forged instrument* to be filed, registered, or recorded in any public office within this state, which instrument, if genuine, might be filed, registered, or recorded under any law of this state or of the United States, is guilty of a felony." (Emphasis added) Liberi was also convicted of violating California Penal Code section 472 which provides: "Every person who, with intent to defraud another, *forges, or counterfeits* the seal of this State, the seal of any public officer authorized by law, the seal of any Court of record, or the seal of any corporation, or any other public seal authorized or recognized by the laws of this State, or of any other State, Government, or country, *or who falsely makes, forges, or counterfeits* any impression purporting to be an impression of any such seal, or who has in his possession any such counterfeited seal or impression thereof, knowing it to be counterfeited, and willfully conceals the same, *is guilty of forgery.*" (Emphasis added)

    **c.**    **Plaintiffs Have Failed to Make a Prima Facie Case, Based on Competent, Admissible Evidence, for Their Claim for False Light - Invasion of Privacy**

A cause of action for an invasion of privacy exists by publicity that places the plaintiff in a false light in the public eye. (*Fellows v. National Enquirer, Inc.* (1986) 42 Cal.3d 234, 238, 228 Cal.Rptr. 215) A false light cause of action is, in substance, equivalent to a libel claim and must meet the same requirements of a libel claim. (*Aisenson v. American Broad. Co.* (1990) 220 Cal.App.3d 146, 161, 269 Cal.Rptr. 379) In order to sustain a libel claim, Plaintiffs must prove that there was some disclosure of an unfair or

1  inaccurate description of the person or scene in question. (*Fellows v. National Enquirer,*
2  *Inc.* (1986) 42 Cal.3d 234, 242, 228 Cal.Rptr. 215)
3       Again, Plaintiffs have made no showing regarding a defamatory publication about
4  them. Assuming, arguendo, that a publication had taken place, the only admissible
5  testimony offered by Plaintiffs is the testimony of Liberi where she complains of Taitz
6  referring to her as a document forger with a criminal record going back into the 1990s.
7  According to Taitz' convictions for violation of California Penal Code section 115(a) and
8  472, however, Taitz' statements (assuming she made them) are true.
9       d.   **Plaintiffs Have Failed to Make a Prima Facie Case, Based on**
10            **Competent, Admissible Evidence, for Their Claim for Harassment**
11      Plaintiffs' omnibus cause of action for "harassment" encompasses alleged
12  violations of 18 U.S.C. 875(d), 47 U.S.C. 223(a), and related amendments. Each of those
13  statutes are criminal statutes and Plaintiffs have failed to allege or cite to any civil law
14  equivalent. Because Plaintiffs have not presented any evidence that they are authorized to
15  prosecute criminal actions on behalf of the State of California or the United States,
16  Plaintiffs cannot succeed on this claim.
17      e.   **Plaintiffs Have Failed to Make a Prima Facie Case, Based on**
18            **Competent, Admissible Evidence, for Their Claim for False**
19            **Designations and Descriptions of Facts**
20      Plaintiffs' fifth cause of action appears to mirror Plaintiffs' third cause of action for
21  false light, with some charges. According to Plaintiffs' fifth cause of action, Defendants
22  made false and misleading statements which were likely to cause, and have caused, public
23  confusion regarding their associations, intents and purposes. (Complaint ¶185) Defendants
24  also allegedly made false and misleading statements about their businesses which were
25  designed to tarnish Plaintiffs' names, reputation and business. (Complaint ¶186)
26      Plaintiffs have made no showing regarding a defamatory publication about them.
27  Assuming, arguendo, that a publication had taken place, the only admissible testimony
28  offered by Plaintiffs is the testimony of Liberi where she complains of Taitz referring to

1  her as a document forger with a criminal record going back into the 1990s. According to
2  Taitz' convictions for violation of California Penal Code section 115(a) and 472, however,
3  Taitz' statements (assuming she made them) are true.

    **f. Plaintiffs Cannot Make a Prima Facie Case, Based on Competent, Admissible Evidence, for Their Claim for Injunction Because That is Not a "Stand-Alone" Cause of Action in California**

7    "A 'cause of action' is comprised of a 'primary right' of the plaintiff, a
8  corresponding 'primary duty' of the defendant, and a wrongful act by the defendant
9  constituting a breach of that duty." (*Crowley v. Katleman* (1994) 8 Cal.4th 666, 681, 34
10 Cal.Rptr.2d 386) "Injunctive relief is a remedy and not, in itself, a cause of action...."
11 (*Shell Oil Co. v. Richter* (1942) 52 Cal.App.2d 164, 168, 125 P.2d 930)

12 **4.   THE COURT SHOULD GRANT TAITZ'S RULE 12(B)(6) MOTION**

13    In addition to the fact that the entire complaint is improper on Anti-SLAPP grounds,
14 Plaintiffs' fifth and sixth causes of action are not cognizable legal theories. Plaintiffs' fifth
15 cause of action is exclusively based upon criminal statutes and Plaintiffs' sixth cause of
16 action is not valid under California law.

17 **5.   THE COURT SHOULD GRANT TAITZ' RULE 12(B)(1) MOTION**

18    Plaintiffs offered no allegation in their complaint regarding Liberi's residence or
19 domicile. Plaintiffs merely alleged that Liberi's did business or was employed in the State
20 of Pennsylvania. Taitz provided the Pennsylvania court with the summary of Liberi's
21 probation, showing that she was on probation under supervision of San Bernardino
22 California probations department and based on the terms of her probation she was not
23 allowed to reside in Pennsylvania. During a motion hearing on August 7, 2009, Judge
24 Robreno ordered Liberi to file her identifying documents with court. Liberi and her
25 attorney Berg promised to file her identifying documents, showing her state citizenship at
26 the time this legal action was filed, but have failed to do so for two years. Based on those
27 defects, the court should dismiss for lack of subject matter jurisdiction and Taitz filed her
28 motion on that basis. The only evidence offered by Plaintiffs in opposition to Taitz' Rule

1  12(b)(1) motion to dismiss for lack of diversity is the testimony of Berg at paragraph 7 of
2  his declaration, which lacks foundation, and the testimony of Liberi at paragraph 3, which
3  is vague. Even accepting the statements in those declarations as true, Plaintiffs have not
4  met their burden to establish diversity subject matter jurisdiction.

5  Diversity is determined at the time the action is filed. Thus, a change of a party's
6  citizenship *after* commencement of the action does not affect the court's jurisdiction.
7  Diversity jurisdiction continues even if the opposing parties are now citizens of the same
8  state. (*Bank One, Texas, N A. v. Montle* (1st Cir. 1992) 964 F.2d 48, 49; *Lewis v. Lewis*
9  (9th Cir. 1966) 358 F.2d 495, 502—P moved to California where D resided during
10 pendency of action; see *Saadeh v. Farouki* (DC Cir. 1997) 107 F.3d 52, 56–57-change in
11 citizenship after action commenced did not cure defect in complete diversity existing when
12 action filed) This action should be dismissed for lack of diversity jurisdiction.

13 **6. CONCLUSION**

14 Based on the foregoing, the court should dismiss the complaint, in its entirety,
15 pursuant to California Code of Civil Procedure section 415.16, et seq., the Anti-SLAPP
16 statute. Plaintiffs' claims relate to matters of public concern, are protected, and Plaintiffs
17 have presented insufficient facts to establish any probability of prevailing on their claims.
18 What is more, Plaintiffs' fifth and sixth causes of action in their complaint are not valid.
19 Finally, Plaintiffs have failed to meet their burden to establish or even properly lead
20 diversity of citizenship because plaintiffs did not plead or provide competent, admissible
21 evidence of Plaintiff Liberi's state citizenship at the time this legal action was filed.

23 DATED: May 27, 2011                    DACK MARASIGAN, LLP
                                          MARTIN E. DACK
24                                        JAYSON Q. MARASIGAN

26                                        By: _____
27                                        JAYSON Q. MARASIGAN
                                          Attorneys for Defendant Orly Taitz