# TABLE OF CONTENTS

1. DEFENDANTS' RULE 12 MOTIONS HAVE NOT YET BEEN ADJUDICATED ON THE MERITS .................................................................................................. 2

2. TAITZ HAS SATISFIED HER BURDEN OF ESTABLISHING THAT THE CONDUCT COMPLAINED OF IS "PROTECTED ACTIVITY" ........................... 3

   a. The Categories of Misconduct Complained of Against Taitz ..................... 4

   b. Each of the Acts Complained of In Numbers 2, 5, 6, 7, and 9 Are in Connection With a Public Issue Because They Relate to Written and Oral Statements Made Before Administrative/Judicial Proceedings Before Executive and Judicial Bodies and/or Are Pre-Litigation Statements ............ 6

   c. Each of the Remaining Acts Complained of Are in Connection With a Public Issue Because They Relate to Political/Fundraising Activity ............ 7

3. PLAINTIFFS HAVE PRESENTED NO COMPETENT EVIDENCE DEMONSTRATING THEIR PROBABILITY OF PREVAILING ON THE CLAIMS PRESENTED ................................................................................................. 10

   a. Plaintiffs Have Failed to Make a Prima Facie Case, Based on Competent, Admissible Evidence, for Their Claim for Disclosure of Private Information ........ 11

   b. Plaintiffs Have Failed to Make a Prima Facie Case, Based on Competent, Admissible Evidence, for Their Claim for Defamation Per Se ........ 12

   c. Plaintiffs Have Failed to Make a Prima Facie Case, Based on Competent, Admissible Evidence, for Their Claim for False Light - Invasion of Privacy ........ 13

   d. Plaintiffs Have Failed to Make a Prima Facie Case, Based on Competent, Admissible Evidence, for Their Claim for Harassment ........ 14

   e. Plaintiffs Have Failed to Make a Prima Facie Case, Based on Competent, Admissible Evidence, for Their Claim for False Designations and Descriptions of Facts ........ 14

   f. Plaintiffs Cannot Make a Prima Facie Case, Based on Competent, Admissible Evidence, for Their Claim for Injunction Because That is Not a "Stand-Alone" Cause of Action in California ........ 15

4. THE COURT SHOULD GRANT TAITZ'S RULE 12(B)(6) MOTION .............. 15

5. THE COURT SHOULD GRANT TAITZ' RULE 12(B)(1) MOTION ............... 15

6. CONCLUSION ........................................................................................... 16

## TABLE OF AUTHORITIES

### Cases

*Aisenson v. American Broad. Co.* (1990) 220 Cal.App.3d 146, 161, 269 Cal.Rptr. 379 ....13

*Bank One, Texas, N.A. v. Montle* (1st Cir. 1992) 964 F.2d 48, 49......................................16

*Bechtel v. Liberty Nat'l Bank* (9th Cir. 1976) 534 F.2d 1335, 1341, fn. 8............................2

*Bergman v. Drum* (2005) 29 Cal.App.4th 11, 18..................................................................10

*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1113, 81 Cal.Rptr.2d 471 ..............................................................................................................4

*Chavez v. Mendoza* (2001) 94 Cal.App.4th 1083, 1087, 114 Cal.Rptr.2d 825 ....................3

*CKE Restaurants, Inc. v. Moore* (2008) 159 Cal.App.4th 262, 271, 70 Cal.Rptr.3d 921, 928 ...........................................................................................................................6

*Cornerstone v. Davies* (1952) 38 Cal.2d 315, 322, 239 P.2d 876 .....................................11

*Crowley v. Katleman* (1994) 8 Cal.4th 666, 681, 34 Cal.Rptr.2d 386................................15

*D.C. v. R.R.* (2010) 182 CalApp.4th 1190, 106 Cal.Rptr.3d 399..........................................8

*Damon v. Ocean Hills Journalism Club* (2000) 85 Cal.App.4th 468, 479, 102 Cal.Rptr.2d 205, 212 .....................................................................................................7

*Du Charme v. International Broth. of Elec. Workers, Local 45* (2003) 110 Cal.App.4th 107, 119, 1 Cal.Rptr.3d 501 .......................................................................................8

*Fellows v. National Enquirer, Inc.* (1986) 42 Cal.3d 234, 238, 228 Cal.Rptr. 215............13

*Fellows v. National Enquirer, Inc.* (1986) 42 Cal.3d 234, 242, 228 Cal.Rptr. 215............14

*Forsher v. Bugliosi* (1980) 26 Cal.3d 792, 808-809, 163 Cal.Rptr. 628 ............................12

*Hill v. NCAA* (1994) 7 Cal.4th 1, 26, 26 Cal.Rptr.2d 834..................................................12

*Kurwa v. Harrington, Foxx, Dubrow & Canter, LLP* (2007) 146 Cal.App.4th 841, 846, 53 Cal.Rptr.3d 256, 260 ...........................................................................................7

*Lewis v. Lewis* (9th Cir. 1966) 358 F.2d 495, 502 .............................................................16

*M.G. v. Time Warner, Inc.* (2001) 89 Cal.App.4th 623, 629, 107 Cal.Rptr.2d 504 ............3

*McGarry v. University of San Diego* (2007) 154 Cal.App.4th 97, 108 .............................10

*Navellier v. Sletten* (2002) 29 Cal.4th 82, 88-89, 124 Cal.Rptr. 530...................................3

*Neville v. Chudacoff* (2008) 160 Cal.App.4th 1255, 1262–1263, 73 CR3d 383, 388–389 ...7

MEMORANDUM OF POINTS AND AUTHORITIES FILED BY ORLY TAITZ IN REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS BASED UPON ANTI-SLAPP

| | |
|---|---|
| *Neville v. Chudacoff* (2008) 160 Cal.App.4th at 1266, 73 Cal.Rptr.3d at 391, fn. 8 | 6 |
| *Saadeh v. Farouki* (DC Cir. 1997) 107 F.3d 52, 56–57 | 16 |
| *Shell Oil Co. v. Richter* (1942) 52 Cal.App.2d 164, 168, 125 P.2d 930 | 15 |
| *Shulman v. Group W Productions, Inc.* (1998) 18 Cal.4th 200, 214, 74 Cal.Rptr.2d 843 | 11 |
| *Sipple v. Chronicle Publ'g Co.* (1984) 154 Cal.App.3d 1040, 1047, 201 Cal.Rptr. 665 | 12 |
| *Sipple v. Foundation for Nat'l Progress* (1999) 71 Cal.App.4th 226, 236–240, 83 Cal.Rptr.2d 677 | 8 |
| *Taus v. Loftus* (2007) 40 Cal.4th 683, 714 | 10 |

Statutes

| | |
|---|---|
| 18 U.S.C. 875(d) | 14 |
| 425.16(e)(2) | 7 |
| 47 U.S.C. 223(a) | 14 |
| California Civil Code §45 | 12 |
| California Code of Civil Procedure §425.16 | 3, 6 |
| California Code of Civil Procedure §425.16(b)(1) | 10 |
| California Code of Civil Procedure § 425.16(e)(3) | 7 |
| California Code of Civil Procedure § 425.16(e)(4) | 7 |
| California Penal Code section 115(a) | 13, 15 |
| California Penal Code section 472 | 13, 15 |

MEMORANDUM OF POINTS AND AUTHORITIES FILED BY ORLY TAITZ IN REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS BASED UPON ANTI-SLAPP