Philip J. Berg, Esquire
Pennsylvania I.D. 9867
**LAW OFFICES OF PHILIP J. BERG**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Telephone: (610) 825-3134
E-mail: philjberg@gmail.com          *Attorney in pro se and for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA,
## SOUTHERN DIVISION

| | |
|---|---|
| LISA LIBERI, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> ORLY TAITZ, et al, <br><br> Defendants. | CIVIL ACTION NUMBER: <br><br> **8:11-cv-00485-AG (AJW)** <br><br> **DECLARATION OF PHILIP J. BERG, ESQUIRE** <br><br> Date of Hearing:   June 13, 2011 <br> Time of Hearing:  10:00 a.m. <br> Location:          Courtroom 10D |

### Declaration of Philip J. Berg, Esquire

I, Philip J. Berg, Esquire, am over the age of 18 and am a party to the within action.  I have personal knowledge of the facts herein, and if called to do, I could and would competently testify.  I am making this Declaration under the penalty of perjury of the Laws of the United States pursuant to 28 U.S.C. §1746.

1.     On May 24, 2011, I received a call from Jason Q. Marasigan, Esquire, counsel for Defendant Orly Taitz, asking me if I would cooperate in the filing of a

Supplemental Rule 26(f) Report.  I told Mr. Marasigan that I would cooperate and to send me his proposed Supplemental Rule 26(f) Report.

2.      On May 24, 2011, I received an email from Mr. Marasigan with his Proposed Supplemental Rule 26(f) Report attached. *See* **EXHIBIT "1"**.

3.      After reviewing Mr. Marasigan's proposed Rule 26(f) Report, I sent Mr. Marasigan an email refusing to cooperate with the filing of this document as it contained false statements and false allegations regarding the Plaintiffs and Plaintiff Lisa Ostella, which had never been raised before. *See* **EXHIBIT "2"**.

4.      I received two (2) additional emails from Mr. Marasigan, stating he was disappointed I would **not** cooperate with him. *See* **EXHIBIT "3"**.

5.      I responded to Mr. Marasigan's emails again and stated that this case is two (2) years old, there had been a lot of filings, it was **not** the Plaintiffs changing their story, but instead his client, and now they were attempting to introduce new stories.  I stated that I would **not** participate in deception or perpetrating a fraud upon the Court.  In particular, I pointed out that the statements regarding Plaintiffs changing or reciting their case in a different manner was completely untrue that Plaintiff Lisa Ostella was "placing commercial messages on the pages, directing traffic to another website through which Ostella was selling goods"  *See* Mr. Marasigan's Proposed Rule 26(f) Report on page 2, paragraph 2, lines 18-24.  I also informed Mr. Marasigan that I had the emails showing it was in

fact Defendant Orly Taitz attempting to sell goods on her own website/blog site

through a third party.  I told Mr. Marasigan if he would remove those statements, I

would take another look at his proposed Supplemental Rule 26(f) Report and make

a decision upon the completion of our communications, see **EXHIBIT "4"**.

6.     I never received a response back from Mr. Marasigan to my email, but

instead received the Declaration of Orly Taitz filed with this Court on May 26,

2011, appearing as Docket No. 207.  In Orly Taitz's Declaration, she altered the

statement originally in Mr. Marasigan's proposed Supplemental Rule 26(f) Report.

Now Defendant Orly Taitz is claiming that Plaintiff Ostella was selling T-shirts,

instead of goods as stated in the Proposed Rule 26(f) Report that Defendant Taitz

confronted Ostella and requested the contract and accounting of proceeds received.

*See* Orly Taitz Declaration, page 3, paragraph 9.  Mr. Marasigan was placed on

notice that Defendant Orly Taitz's statements were false and deceptive; despite this

Mr. Marasigan filed it anyway.

7.     In addition, Exhibit "4" to Defendant Orly Taitz's Declaration filed

May 26, 2011, is an altered/forged document purporting to be from the blog site

http://defendourfreedoms.com owned by Plaintiff Lisa Ostella.  Defendant Orly

Taitz's Exhibit "4" does **not** reflect what was actually posted and/or appearing on

Plaintiff Ostella's blog site, but instead shows an email which Plaintiff Ostella sent

---

1  out on my behalf from her campaign mailer and other additions on the right had

2  side of the page.

3

4        I declare under the penalty of perjury of the Laws of the United States and

5  California that the foregoing is true and correct.

6

7        Executed this 31st day of May, 2011 in the Commonwealth of Pennsylvania,

8  County of Montgomery.

9                                                        /s/ Philip J. Berg

10                                              Philip J. Berg, Esquire, Declarant

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "1"

From: **Jayson Marasigan** <jmarasigan@dacklaw.com>
Date: Tue, May 24, 2011 at 12:54 PM
Subject: Liberi v. Taitz, et al. - Rule 26(f) Report
To: philjberg@gmail.com
Cc: Martin Dack <mdack@dacklaw.com>


Dear Mr. Berg:

In furtherance of our conversation this morning, please find a copy of the draft
Rule 26(f) report containing matters on behalf of Orly Taitz.  I do not yet have
trial and related dates from Dr. Taitz as of this moment, but anticipate getting
eher availability shortly.  In any event, as I mentioned during our telephone
conversation, I believe that the 26(f) report your office filed actually covered more
issues than were required under Rule 26(f) and LR 26-1.  It seemed a lot of the
information pertained to the 26(f) disclosures, which, as you can see from
my draft, I request be provided only after procedural and jurisdictional law and
motion are adjudicated.  In any event, it seems we agree on a majority of the
points that need to be addressed pursuant to Rule 26(f) and LR 26-1.

I look forward to working with you on this so as to avoid the Judge having to
possibly read 2 reports.

As an aside, I reviewed your reply to the opposition I filed and in it you mentioned
not having been listed on the certificate of service.  Attached, please find the
NEF that I received.  If you are not receiving the NEFs, you should let the court
know.

Very Truly Yours,

Jayson Q. Marasigan, Esq.
Dack | Marasigan, LLP
23041 Avenida de la
Carlota, Suite 300
Laguna Hills, California          *****The information contained in
92653                             this communication may be
Telephone: (949) 206-9848         confidential and is intended only
Facsimile: (949) 206-9851         for the use of the recipient(s)
E-Mail:                           named above, and may be legally
jmarasigan@dacklaw.com            privileged. If the reader of this
message is not the intended recipient, you are hereby notified that any
dissemination, distribution, or copying of this communication, or any of its
contents, is strictly prohibited. If you have received this communication in error,

Exhibit "1"

please return it to the sender immediately and delete the original message and
any copy of it from your computer system. If you have any questions concerning
this message please send an e-mail to jmarasigan@dacklaw.com*****

IRS Circular 230 Disclosure: In order to comply with requirements imposed by
the Internal Revenue Service, we inform you that any U.S. tax advice contained
in this Website (including any attachments) is not intended to be used, and
cannot be used, for the purpose of (i) avoiding penalties under the Internal
Revenue Code or (ii) promoting, marketing, or recommending to another party
any transaction or matter addressed herein.

**00415-TAITZ-Rule_26(f)_Report_(Draft).doc**

85K   View   Download

1  JAYSON Q. MARASIGAN (Bar No. 227225)
   DACK MARASIGAN, LLP
2  23041 Avenida de la Carlota, Suite 300
   Laguna Hills, California 92653
3  Telephone:   (949) 206-9848
   Facsimile:    (949) 206-9851
4
5  Attorneys for Defendant Orly Taitz
6
7
8              UNITED STATES DISTRICT COURT
9      CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION
10

| | |
|---|---|
| 11   LISA LIBERI and PHILIP J. BEG, ESQUIRE and THE LAW OFFICES OF PHILIP J. BERG and EVELYN ADAMS a/k/a MOMMA E and LISA M. OSTELLA and GO EXCEL GLOBAL, | CASE NO. 8:11-cv-00485-AG (AJW) |
| | **RULE 26(f) REPORT FILED BY ORLY TAITZ** |
| 14           Plaintiffs,<br>    vs. | |
| 15   ORLY TAITZ, a/k/a DR. ORLY TAITZ, a/k/a LAW OFFICES OF ORLY TAITZ; a/k/a WWW.ORLYTAITZESQ.COM a/k/a WWW.REPUBX.COM a/k/a ORLY TAITZ, INC. and DEFEND OUR FREEDOMS FOUNDATIONS, INC. and YOSEF TAITZ and THE SANKEY FIRM and SANKEY INVESTIGATIONS, INC. and NEIL SANKEY and JAMES SUNQUIST and ROCK SALT PUBLISHING and LINDA SUE BELCHER a/k/a LINDA S. BELCHER a/k/a LINDA STARR; a/k/a NEWWOMENSPARTY a/k/a STITCHENWITCH a/k/a EVA BRAUN a/k/a WEB SERGEANT a/k/a KATY a/k/a WWW.OBAMACITIZENSHIPDEBATE.ORG and EDGAR HALE a/k/a JD SMITH; and CAREN HALE; and PLAINS RADIO NETWORK, a/k/a PLAINS RADIO NETWORK, INC. a/k/a PLAINS RADIO; and BAR H FARMS; and KPRN AM 1610; and DOES 1 through 200 Inclusive, | Complaint Filed: May 4, 2009 |
| 28           Defendants. | |

1

RULE 26(f) REPORT FILED BY ORLY TAITZ

I.

**INTRODUCTION**

II.

**JOINT REPORT**

A.     **Statement of Claims, Affirmative Defenses and Key Legal Issues**

      1.     **Plaintiff**

      2.     **Defendants Orly Taitz and Defend Our Freedoms Foundation Inc.'s
Synopsis**

Defendant Taitz denies the claims raised by Plaintiffs in their pleadings and in their Rule 26(f) Report.  Plaintiffs have engaged in revisionist history in attempting to tailor their allegations to their claims, which are not in any way supported by the facts or evidence.

Plaintiff Ostella was Taitz's volunteer webmaster for her blog which was located on defendourfreedoms.us.  That blog allowed its readers to donate money, using PayPal, to Taitz's political foundation, Defend Our Freedoms Foundation, Inc.

Some time after the blog was running, Taitz noticed that Ostella was placing commercial messages on the pages, directing traffic to another website through which Ostella was selling goods.  When Taitz confronted Ostella about the commercial content, Ostella, utilizing her position of trust and confidence as Taitz's webmaster, retaliated by changing the e-mail address to which PayPal messages were directed.  As a result of the e-mail address change, Taitz and her political foundation was unable to receive donations from readers of the blog.

When Taitz discovered that the PayPal e-mail address had been altered without her permission, she filed a report with the FBI and the police.  Upon hearing of the FBI and police reports, Ostella demanded that Taitz withdraw the complaint or else find another webmaster and blog host.  Taitz refused to withdraw the report and asked Ostella for 30

2

Exhibit "1"
Pg. 9

1   days to find a new blog server, which Taitz ultimately did.  However, Ostella maintained

2   control of the defendourfreedoms.us web address and attempted to deceive the general

3   public by using pages confusingly similar to Taitz's on her defenourfreedoms.net web

4   address to solicit donations which went to Ostella's PayPal account.  Ostella admits to this

5   conduct in Plaintiffs' Rule 26(f) Report.

6        Taitz, in order to avoid her readers' confusion, attempted to warn readers of her

7   blog by informing them of what happened.

8   **B.**    **Subject Matter Jurisdiction**

9        Taitz is informed and believes that this court does not have jurisdiction to hear the

10  subject matter of this action because of incomplete diversity.   Plaintiffs had originally pled

11  that Plaintiff Liberi was a resident of Pennsylvania and when they could not produce any

12  evidence to support that allegation, have since stated in their Rule 26(f) report that Libiri is

13  a resident of New Mexico.  Plaintiffs' averment is insufficient to establish diversity under

14  the circumstances.  Diversity is determined at the time the action is filed.  Thus, a change

15  of a party's citizenship *after* commencement of the action does not affect the court's

16  jurisdiction.  Diversity jurisdiction continues even if the opposing parties are now citizens

17  of the same state. (*Bank One, Texas, N.A. v. Montle* (1st Cir. 1992) 964 F.2d 48, 49; *Lewis*

18  *v. Lewis* (9th Cir. 1966) 358 F.2d 495, 502—P moved to California where D resided

19  during pendency of action; see *Saadeh v. Farouki* (DC Cir. 1997) 107 F.3d 52, 56–57—

20  change in citizenship after action commenced did not cure defect in complete diversity

21  existing when action filed)

22       Plaintiffs may attempt to vest subject matter jurisdiction based upon its purported

23  federal claims.  Plaintiffs' attempt would not have any merit because their federal claims

24  are joined with alternative state law claims.  Where *several* claims are joined in the

25  complaint, and alternative *state law* theories exist for *each* of those claims, there is no

26  federal question jurisdiction. (*Duncan v. Stuetzle* (9th Cir. 1996) 76 F.3d 1480, 1486;

27  *Dixon v. Coburg Dairy, Inc.* (4th Cir. 2004) 369 F.3d 811, 816 (en banc))

28       Taitz intends to challenge the court's jurisdiction to hear this matter based upon

Exhibit "1"

3

1  lack of subject matter jurisdiction.

2  **C.      Additional Parties and Amended Pleadings:**

3      Discovery has not commenced.  As of the filing of this report, to the extent that the

4  case is allowed to continue after procedural motions are adjudicated, Taitz anticipates

5  filing a counter-claim against Plaintiffs for breach of fiduciary duty.

6  **D.      Discovery and Experts pursuant to Rule 26(f)**

7      Defendant anticipates serving Interrogatories, Requests for Admission, and Request

8  for Production of Documents shortly after the initial exchange pursuant to Fed. R. Civ. P.

9  26(a).  Anticipated discovery also includes depositions of the parties and government

10  agencies.  The parties anticipate exchanging expert witness information and expert

11  depositions.

12      The parties believe that no changes need to be made to the timing, form, or

13  requirements of discovery.

14  **E.      Anticipated Procedural Motions:**

15      Taitz intends to file a rule 12(b)(1) motion for lack of subject matter jurisdiction.

16  **F.      Settlement Procedure and Discussion**

17      Plaintiffs and Defendant Taitz have engaged in preliminary settlement discussions.

18  Those discussions reveal that the parties are at opposite ends of the spectrum.

19  Notwithstanding, Taitz selects Settlement Procedure No. 1 whereby a Magistrate Judge

20  presides over settlement conferences pursuant to L.R. 16-15.

21  **G.      Proposed Dates**

22      Trial:

23      Final Pre-Trial Conference:

24      Motion Cut-Off:

25      Expert Discovery Cut-Off:

26      Discovery Cut-Off:

27      Expert Witness Exchange:

28  **H.      Conflicts**

4

1    The parties are unaware of any conflicts in this case.

2  **I.      Complex Case:**

3    The parties do not believe that this case is complex or that any part of the Manual

4  for Complex Litigation should be utilized.

5

6                          **Respectfully Submitted,**

7  DATED: May 31. 2011          DACK MARASIGAN. LLP
                                 MARTIN E. DACK
8                                JAYSON O. MARASIGAN

9

10                          By: _____
                                 JAYSON O. MARASIGAN
11                               Attorneys for Defendant Orly Taitz

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RULE 26(f) REPORT FILED BY ORLY TAITZ

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "2"

From: Philip Berg <philjberg@gmail.com>
To: Jayson Marasigan <jmarasigan@dacklaw.com>
Sent: Tue, May 24, 2011 5:10 pm
Subject: Re: Liberi v. Taitz, et al. - Rule 26(f) Report

**Dear Mr. Marasigan:**

**I have reviewed your Rule 26(f) proposed report.  I must advise you that I will <u>not</u> file a Supplemental Rule 26(f) because it is apparent that you have <u>not</u> read the pleadings in this case and especially your client, Orly Taitz's.**

**Ms. Taitz has filed altered documents throughout this case and obviously has created additional versions of her defense at this time that we will <u>not</u> be a part of.**

**Plaintiffs have been consistent with their version of the facts.**

**Your client, Orly Taitz, was aware of the deadline and chose <u>not</u> to cooperate.**

**Accordingly, you should file your Rule 26(f) yourself.**

**Additionally, a Proof of Service must include all parties regardless of what the ECF noification states.**

**Respectfully,**

**Philip J. Berg**


On Tue, May 24, 2011 at 12:54 PM, Jayson Marasigan
<jmarasigan@dacklaw.com> wrote:
Dear Mr. Berg:

In furtherance of our conversation this morning, please find a copy of the draft Rule 26(f) report containing matters on behalf of Orly Taitz.  I do not yet have trial and related dates from Dr. Taitz as of this moment, but anticipate getting eher availability shortly.  In any event, as I mentioned during our telephone conversation, I believe that the 26(f) report your office filed actually covered more issues than were required under Rule 26(f) and LR 26-1.  It seemed a lot of the information pertained to the 26(f) disclosures, which, as you can see from my draft, I request be provided only after procedural and jurisdictional law and

motion are adjudicated.  In any event, it seems we agree on a majority of the points that need to be addressed pursuant to Rule 26(f) and LR 26-1.

I look forward to working with you on this so as to avoid the Judge having to possibly read 2 reports.

As an aside, I reviewed your reply to the opposition I filed and in it you mentioned not having been listed on the certificate of service.  Attached, please find the NEF that I received.  If you are not receiving the NEFs, you should let the court know.

Very Truly Yours,

Jayson Q. Marasigan, Esq.
Dack | Marasigan, LLP
23041 Avenida de la
Carlota, Suite 300
Laguna Hills, California
92653
Telephone: (949) 206-9848
Facsimile: (949) 206-9851
E-Mail:
jmarasigan@dacklaw.com

*****The information contained in this communication may be confidential and is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately and delete the original message and any copy of it from your computer system. If you have any questions concerning this message please send an e-mail to jmarasigan@dacklaw.com*****

IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this Website (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

00415-TAITZ-Rule_26(f)_Report_(Draft).doc
85K   View   Download

Exhibit "2"

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "3"

From: **Jayson Marasigan** <jmarasigan@dacklaw.com>
Date: Tue, May 24, 2011 at 7:50 PM
Subject: RE: Liberi v. Taitz, et al. - Rule 26(f) Report
To: Philip Berg <philjberg@gmail.com>
Cc: Martin Dack <mdack@dacklaw.com>


Mr. Berg:

Thank you for your response.  I will be separately submitting a Rule 26(f)
report.  I must add, however, that I am disappointed in your position given that
the submission of a joint report is not in any way conditioned on a stipulation
regarding the parties' various versions of the facts. As I told you this morning, it
was still a work in progress given that we have only just recently been retained
and, since this action is now over 2 years old, thought you would understand and
extend some professional courtesies. What is more, as I told you this morning, I
admitted that my client's participation is belated but had hoped to work with you
on a submission of a supplemental report so as to avoid the court having to
possibly waste its time reading separate reports.

As far as NEF and electronic service, I suggest you read CACD General Order
10-7, part VII, subpart A, which applies to all electronically filed documents.  I
trust that, after you read that section, that issue will be put to rest.

Very Truly Yours,

Jayson Q. Marasigan, Esq.
Dack | Marasigan, LLP
23041 Avenida de la
Carlota, Suite 300
Laguna Hills, California          *****The information contained in
92653                             this communication may be
Telephone: (949) 206-9848         confidential and is intended only
Facsimile: (949) 206-9851         for the use of the recipient(s)
E-Mail:                           named above, and may be legally
jmarasigan@dacklaw.com            privileged. If the reader of this
message is not the intended recipient, you are hereby notified that any
dissemination, distribution, or copying of this communication, or any of its
contents, is strictly prohibited. If you have received this communication in error,
please return it to the sender immediately and delete the original message and
any copy of it from your computer system. If you have any questions concerning
this message please send an e-mail to jmarasigan@dacklaw.com*****

IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this Website (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

From: **Jayson Marasigan** <jmarasigan@dacklaw.com>
Date: Tue, May 24, 2011 at 8:00 PM
Subject: FW: Liberi v. Taitz, et al. - Rule 26(f) Report
To: Philip Berg <philjberg@gmail.com>
Cc: Martin Dack <mdack@dacklaw.com>


Mr. Berg:

In furtherance of my last e-mail regarding the CACD General Order, I presume that your ignorance regarding Local Rules and General Orders will be rectified once local counsel for your pro hac vice application gets involved.  I understand that you have until June 13, 2011 to shore up that issue.

Very Truly Yours,

Jayson Q. Marasigan, Esq.
Dack | Marasigan, LLP
23041 Avenida de la
Carlota, Suite 300
Laguna Hills, California
92653
Telephone: (949) 206-9848
Facsimile: (949) 206-9851
E-Mail:
jmarasigan@dacklaw.com

*****The information contained in this communication may be confidential and is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately and delete the original message and any copy of it from your computer system. If you have any questions concerning this message please send an e-mail to jmarasigan@dacklaw.com*****

IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this Website (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "4"

From: Philip Berg <philjberg@gmail.com>
To: Jayson Marasigan <jmarasigan@dacklaw.com>
Sent: Wed, May 25, 2011 11:50 am
Subject: 26(f) Disclosures

**Mr. Marasigan:**

**Thank you for your email. I am more than willing to cooperate and attempt to work with you. But, please understand, your proposed supplemental report contained new false allegations; new after two [2] years.**

**My clients' positions have never changed, nor have their facts. This is the first time, such statement, ["… Plaintiffs have engaged in revisionist history in attempting to tailor their allegations to their claims, which are not in any way supported by the facts or evidence."] has ever been made, so I cannot agree with that being in there. That has nothing to do with your client <u>not</u> agreeing with our synopsis, it is completely false. Just so you know, our synopsis is consistent with Plaintiffs Complaint and all of Plaintiffs filings.**

**There are numerous points on file with the Court showing it was in fact your client attempting to re-write the Plaintiffs case and showing your client continues changing her story.**

**Second, the story has now changed again falsely accusing Plaintiff Lisa Ostella of acts which never happened and we have the email from Orly Taitz to Lisa Ostella directing Lisa Ostella to add a sales link on behalf of Orly Taitz and other individuals.**

**This is the first I have ever heard this story from your client. I cannot cooperate with known falsehoods. Again, it has nothing to do with agreeing or not agreeing, it has to do with perpetrating a fraud upon the Court, which I refuse to cooperate with.**

**If you review your clients' filings with the Court, you will see her story, which in <u>no</u> way matches the synopsis you have prepared.**

**\* \* If you are willing to remove the two [2] above theories: revisionist history and the selling of goods; I will be happy to look at the changes and make a determination once discussions have concluded.**

**Respectfully,**

**Philip J. Berg, Esquire**

1  Philip J. Berg, Esquire
2  Pennsylvania I.D. 9867
   **LAW OFFICES OF PHILIP J. BERG**
3  555 Andorra Glen Court, Suite 12
   Lafayette Hill, PA 19444-2531
4  Telephone: (610) 825-3134
5  E-mail: philjberg@gmail.com

6
                    **UNITED STATES DISTRICT COURT**
7          **FOR THE CENTRAL DISTRICT OF CALIFORNIA,**
8                        **SOUTHERN DIVISION**

9
   LISA LIBERI, et al,                    CIVIL ACTION NUMBER:
10
                          Plaintiffs,     **8:11-cv-00485-AG (AJW)**
11
          vs.
12                                        **PLAINTIFFS CERTIFICATE OF**
                                          **SERVICE**
13 ORLY TAITZ, et al,

14
                         Defendants.
15

16      I, Philip J. Berg, Esquire, hereby certify a true and correct copy of Philip J. Berg

17 Esquire s Declaration in support of Plaintiffs Objections to Defendant Orly Taitz's

18 Declaration was were served through the ECF filing system and/or mail as ;this

19
20 this 31ˢᵗ day of May 2011 upon the following:

21
                             Jason Q. Marasigan
22                           Dack Marasigan, LLC
23                   23041 Avenida de la Carlota, Suite 300
                             Laguna Hills, CA 92653
24                       Email: jmarasigan@dacklaw.com
25                      Served via the ECF Filing System

26                   *Attorney for Defendant, Orly Taitz, Esquire*
27
28

---

Declaration of Philip J. Berg, Esquire 05.30.2011                          23

Orly Taitz
26302 La Paz Ste 211
Mission Viejo, CA 92691
Ph: (949) 683-5411
Fax: (949) 586-2082
Email: orly.taitz@gmail.com and
Email: dr_taitz@yahoo.com
Served via the ECF Filing System

*Attorney for Defendant Defend our Freedoms Foundation, Inc.*

The Sankey Firm, Inc.
2470 Stearns Street #162
Simi Valley, CA 93063
By USPS Mail with Postage fully prepaid

Neil Sankey
P.O. Box 8298
Mission Hills, CA 91346
By USPS Mail with Postage fully prepaid

Sankey Investigations, Inc.
P.O. Box 8298
Mission Hills, CA 91346
By USPS Mail with Postage fully prepaid

   /s/ Philip J. Berg
Philip J. Berg, Esquire
Pennsylvania I.D. 9867
**LAW OFFICES OF PHILIP J. BERG**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Telephone: (610) 825-3134
E-mail: philjberg@gmail.com