1 | JAYSON Q. MARASIGAN (Bar No. 227225)
2 | DACK MARASIGAN, LLP
    23041 Avenida de la Carlota, Suite 300
    Laguna Hills, California 92653
3 | Telephone: (949) 206-9848
    Facsimile: (949) 206-9851
4
5 | Attorneys for Defendant Orly Taitz

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| LISA LIBERI and PHILIP J. BEG, ESQUIRE and THE LAW OFFICES OF PHILIP J. BERG and EVELYN ADAMS a/k/a MOMMA E and LISA M. OSTELLA and GO EXCEL GLOBAL,<br><br>Plaintiffs,<br>vs.<br><br>ORLY TAITZ, a/k/a DR. ORLY TAITZ, a/k/a LAW OFFICES OF ORLY TAITZ; a/k/a WWW.ORLYTAITZESQ.COM a/k/a WWW.REPUBX.COM a/k/a ORLY TAITZ, INC. and DEFEND OUR FREEDOMS FOUNDATIONS, INC. and YOSEF TAITZ and THE SANKEY FIRM and SANKEY INVESTIGATIONS, INC. and NEIL SANKEY and JAMES SUNQUIST and ROCK SALT PUBLISHING and LINDA SUE BELCHER a/k/a LINDA S. BELCHER a/k/a LINDA STARR; a/k/a NEWWOMENSPARTY a/k/a STITCHENWITCH a/k/a EVA BRAUN a/k/a WEB SERGEANT a/k/a KATY a/k/a WWW.OBAMACITIZENSHIPDEBATE.ORG and EDGAR HALE a/k/a JD SMITH; and CAREN HALE; and PLAINS RADIO NETWORK, a/k/a PLAINS RADIO NETWORK, INC. a/k/a PLAINS RADIO; and BAR H FARMS; and KPRN AM 1610; and DOES 1 through 200 Inclusive,<br><br>Defendants. | CASE NO. 8:11-cv-00485-AG (AJW)<br><br>**RULE 26(f) REPORT FILED BY ORLY TAITZ AND DEFEND OUR FREEDOMS FOUNDATION, INC.**<br><br>Complaint Filed: May 4, 2009 |

1

RULE 26(f) REPORT FILED BY ORLY TAITZ

I.

## INTRODUCTION

This report is belatedly being submitted on behalf of Defendants Orly Taitz and Defend Our Freedoms Foundation, Inc. ("Defendants")

On or about May 23, 2011, Plaintiffs filed their Rule 26(f) report which indicated that Defendants had not participated. Current for Orly Taitz had associated into the case just the week prior and the substitution of attorney is still pending. On or about May 24, 2011, associated counsel for Orly Taitz contacted counsel for Plaintiffs regarding cooperation on an amended Rule 26(f) report based upon Defendants' belated participation so as to avoid having the court read 2 Rule 26(f) reports. Defendants had been laboring under the assumption that no participation was necessary given the pending Anti-SLAPP and motion to dismiss under Rule 12(b)(1), (6).

Counsel for Plaintiffs responded via e-mail on or about May 24, 2011 denying the request for cooperation on an amended Rule 26(f) report because of disagreement regarding the contents of Defendants' synopsis and suggested that Defendants file their own Rule 26(f) report. Associated counsel for Taitz again attempted to elicit cooperation from counsel for Plaintiffs who responded on May 25, 2011 with an e-mail demanding that revisions be made to Defendants' synopsis prior to cooperating. On or about May 31, 2011, associated counsel for Taitz responded that Defendants were not willing to revise their theories of the case simply because Plaintiffs disagreed with them and gave Plaintiffs a deadline of June 1, 2011 to cooperate or else Defendants would be filing their own Rule 26(f) report separately.

II.

## REPORT

A. **Statement of Claims, Affirmative Defenses and Key Legal Issues**

  1. **Defendants Orly Taitz and Defend Our Freedoms Foundation Inc.'s Synopsis**

Defendant Taitz denies the claims raised by Plaintiffs in their pleadings and in their

1  Rule 26(f) Report. Taitz contends that Plaintiffs have engaged in revisionist history in
2  attempting to tailor their allegations to their claims, which are not in any way supported by
3  the facts or evidence.
4      Taitz was the founder of the political foundation Defend Our Freedoms Foundation,
5  Inc. After founding that political foundation, Taitz was approached by Ostella who offered
6  to run a website on behalf of the foundation. To that end, Ostella, on behalf of Taitz and
7  Defend Our Freedoms Foundation, Inc. ("DOFF"), registered domain names bearing the
8  name "defendourfreedoms". Plaintiff Ostella was Taitz's volunteer webmaster for her
9  blog which was located on defendourfreedoms.us, the only domain name of the numerous
10 domain names registered by Ostella on behalf of Taitz that was used. That blog allowed
11 its readers to donate money, using PayPal, to Taitz's political foundation, Defend Our
12 Freedoms Foundation, Inc.
13     Some time after the blog was running, Taitz noticed that Ostella was placing
14 commercial messages on the pages, Ostella started selling T-shirts using Defend Our
15 Freedoms website. Ostella had no authorization to enter any commercial agreements on
16 behalf of Defend Our Freedoms foundation without written authorization by Taitz and
17 without Taitz reviewing and signing such agreement. Taitz repetedly requested Ostella to
18 provide her with the agreement Ostella made with the t-shirt company in an attempt to
19 account for the proceeds from the sales that were being generated from the political
20 foundation's website. Ostella never provided such agreement or accounting and Taitz told
21 her to remove the whole t-shirt selling operation from the web site of Defend Our
22 Freedoms Foundation.
23     In addition to the commercial messages, Ostella set up a petition on the web site of
24 the political foundation. Several supporters complained to Taitz, that they were asked to
25 donate money to the petition company. Yet again Taitz demanded from Ostella a contract,
26 accounting for the proceeds of those donations. Ostella never provided the contract or
27 accounting.
28     Lastly, Taitz received e-mails from donors, that there was a problem with donation

1 button. When Taitz checked, it showed that the e-mail address connected to the donation
2 button was changed. Taitz filed a report with the FBI, stating that she runs a foundation
3 with nation wide donations and the e-mail to the donation button was changed, she asked
4 to investigate. Ostella demanded, that Taitz take back her complaint to FBI, claiming, that
5 such complaint will reflect badly on her as a web master. Taitz refused to take back the
6 complaint. When Taitz confronted Ostella about the commercial content, Ostella, utilizing
7 her position of trust and confidence as Taitz's webmaster, locked Taitz out of the web site
8 for her foundation and replaced Taitz's pay-pal account with her own account. As a result
9 of the e-mail address change, Taitz and her political foundation was unable to receive
10 donations from readers of the blog.

11 Ostella, though she registered the domain name as Taitz and/or DOFF's agent,
12 unlawfully maintained control of the defendourfreedoms.us web address and attempted to
13 deceive the general public by using pages confusingly similar to Taitz's on her
14 defendourfreedoms.net web address to solicit donations which went to Ostella's PayPal
15 account. Additionally Ostella colluded with PA attorney Philip J Berg and his legal
16 assistant, Lisa Richardson Liberi, who was convicted of 10 felony counts of forgery,
17 forgery of an official seal and theft, to use the web site for Taitz foundation to defame
18 Taitz and promote Berg. Berg profiteered from this switch, as a link to his web site was
19 placed on the web site of Defend Our Freedoms Foundation.

20 Taitz had to start a new website and sustained significant financial damage to her
21 and to her foundation due to the above actions of the Plaintiffs.

22 Taitz truthfully advised her supporters, that her old web site was taken over by her
23 volunteer web master, and any donations given on the old web site will not go to Defend
24 Our Freedoms Foundation, but will rather go to Ostella's pocket and will benefit Ostella
25 personally.

26 Additionally Taitz advised her supporters, that Lisa Liberi, legal assistant of Berg,
27 is a convicted felon. Taitz posted public records of Liberi's 2008 criminal conviction of 10
28 counts of forgery and theft in the Superior Court of San Bernardino County, CA, as well as

1 her record of 23 felony charges in one case and 4 felony charges in another case, filed
2 against her. This was done with a proper concern and in public interest, to show that a
3 convicted thief is working as an assistant for an attorney, who conducted nation wide fund
4 raising. It also showed that a convicted document forger was employed by Berg.
5       Ostella, Berg and Liberi retaliated against the defendants, who were the whistle
6 blowers and filed a SLAPP law suit against the defendants. Plaintiffs concocted pleadings,
7 where they tried to present Liberi as a different person, an innocent woman in
8 Pennsylvania, not a convicted forger and thief from CA. they claimed defamation. When
9 Taitz demanded to see Liberi's proof of citizenship for purposes of proof of diversity,
10 Plaintiffs concocted more egregious defamatory statements, claiming that Taitz tried to
11 hire a hit man to kill Liberi and kidnap children of Ostella. Plaintiffs demanded
12 emergency TRO hearings, claiming that they were threatened by Taitz. Three such
13 hearings were held and all of TRO's were denied. During the last hearing on 12.20.2010,
14 the Honorable Judge Robreno found that Ostella, Liberi and Berg were evasive and not
15 believable as witnesses and they provided no proof of any of their allegations. On cross-
16 examination during the TRO hearing, Ostella admitted that she indeed locked Taitz out of
17 the web site for her foundation and replaced Taitz's PayPal account with her own. Liberi
18 admitted on the stand that she is indeed a convicted felon from California. Ostella
19 admitted on the stand, that all of the allegations of Taitz trying to kidnap her children did
20 not come from her, but were concocted by Berg and Liberi. Plaintiffs attempted to appeal
21 judge Robreno's denial of their motion for TRO, but after 9 months they withdrew their
22 appeal.

23 **B.**   **Subject Matter Jurisdiction**
24       Taitz is informed and believes that this court does not have jurisdiction to hear the
25 subject matter of this action because of incomplete diversity. Plaintiffs had originally pled
26 that Plaintiff Liberi was a resident of Pennsylvania and when they could not produce any
27 evidence to support that allegation, have since stated in their Rule 26(f) report that Liberi is
28 a resident of New Mexico. Plaintiffs' averment is insufficient to establish diversity under

the circumstances. Diversity is determined at the time the action is filed. Thus, a change of a party's citizenship *after* commencement of the action does not affect the court's jurisdiction. Diversity jurisdiction continues even if the opposing parties are now citizens of the same state. (*Bank One, Texas, N.A. v. Montle* (1st Cir. 1992) 964 F.2d 48, 49; *Lewis v. Lewis* (9th Cir. 1966) 358 F.2d 495, 502—P moved to California where D resided during pendency of action; see *Saadeh v. Farouki* (DC Cir. 1997) 107 F.3d 52, 56–57- change in citizenship after action commenced did not cure defect in complete diversity existing when action filed)

      Plaintiffs may attempt to vest subject matter jurisdiction based upon its purported federal claims. Plaintiffs' attempt would not have any merit because their federal claims are joined with alternative state law claims. Where *several* claims are joined in the complaint, and alternative *state law* theories exist for *each* of those claims, there is no federal question jurisdiction. (*Duncan v. Stuetzle* (9th Cir. 1996) 76 F.3d 1480, 1486; *Dixon v. Coburg Dairy, Inc.* (4th Cir. 2004) 369 F.3d 811, 816 (en banc))

      Taitz raised the issue of lack of subject matter jurisdiction in the US district court in the Eastern District of Pennsylvania and sought to have this issue addressed in the third Circuit Court of Appeals. Originally 3rd circuit decided that they have jurisdiction to hear the appeal. Nine months later the appeal panel was reshuffled. Two judges, who voted originally, that there is jurisdiction to hear Taitz appeal in the3 rd circuit, were removed from the panel. One judge, that originally voted, that the third circuit does not have jurisdiction, was kept. Two new judges were added and the appeal was dismissed with the notion that that the 3rd circuit does not have jurisdiction and all outstanding machines are to be heard by the transferee court- this court.

C. **Additional Parties and Amended Pleadings:**

      Discovery has not commenced. As of the filing of this report, to the extent that the case is allowed to continue after procedural motions are adjudicated, Taitz anticipates filing a counter-claim against Plaintiffs for breach of fiduciary duty, defamation of character, slander, intentional infliction of severe emotional distress, interference with

RULE 26(f) REPORT FILED BY ORLY TAITZ     6

1 prospective advantage, harassment, conversion, fraud, conspiracy to defraud, theft by false
2 pretenses, pattern of racketeering and corrupt organizations activity with predicate acts
3 involving mail fraud, wire fraud, and electronic access (bank and credit cards) fraud, as
4 well as misuse of confidential identity and access codes, all in violation of 18 U.S.C.
5 §1961-1964(c).

**D.   Discovery and Experts pursuant to Rule 26(f)**

Defendant anticipates serving Interrogatories, Requests for Admission, and Request for Production of Documents shortly after the initial exchange pursuant to Fed. R. Civ. P. 26(a). Anticipated discovery also includes depositions of the parties and government agencies. The parties anticipate exchanging expert witness information and expert depositions.

The parties believe that no changes need to be made to the timing, form, or requirements of discovery.

**E.   Anticipated Procedural Motions:**

Taitz has already filed an FRCP Rule 12(b)(1) motion for lack of subject matter jurisdiction based upon lack of diversity.

**F.   Settlement Procedure and Discussion**

Plaintiffs and Defendant Taitz have engaged in preliminary settlement discussions. Those discussions reveal that the parties are at opposite ends of the spectrum. Notwithstanding, Taitz selects Settlement Procedure No. 1 whereby a Magistrate Judge presides over settlement conferences pursuant to L.R. 16-15.

**G.   Proposed Dates**

Because of the pending Anti-SLAPP and Rule 12(b) motion, Taitz and Defend Our Freedoms Foundation, Inc. refrain from offering any dates at this time.

**H.   Conflicts**

The parties are unaware of any conflicts in this case.

**I.   Complex Case:**

The parties do not believe that this case is complex or that any part of the Manual

1 | for Complex Litigation should be utilized.

Respectfully Submitted,

DATED: June 3, 2011

DACK MARASIGAN, LLP
MARTIN E. DACK
JAYSON O. MARASIGAN

By: _____
JAYSON O. MARASIGAN
Attorneys for Defendant Orly Taitz

DATED: June 3, 2011

LAW OFFICES OF ORLY TAITZ
ORLY TAITZ

By: _____
ORLY TAITZ
Attorneys for Defendant Defend Our Freedoms Foundation, Inc.