BEFORE THE DISCIPLINARY BOARD OF THE
SUPREME COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| OFFICE OF DISCIPLINARY COUNSEL, | : | No. 208 DB 2010 |
| Petitioner | : | |
| v. | : | Attorney Registration No. 9867 |
| | : | |
| PHILIP J. BERG, | : | |
| Respondent | : | (Montgomery County) |

PETITION FOR DISCIPLINE

Petitioner, the Office of Disciplinary Counsel, by Paul J. Killion, Chief Disciplinary Counsel, and Patricia A. Dugan, Disciplinary Counsel, files the within Petition for Discipline and charges Respondent, Philip J. Berg, with professional misconduct in violation of the Rules of Professional Conduct as follows:

1. Petitioner, whose principal office is situated at the Pennsylvania Judicial Center, 601 Commonwealth Avenue, Suite 2700, P.O. Box 62485, Harrisburg, Pennsylvania 17106, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement (hereinafter "Pa.R.D.E."), with the power and duty to investigate all matters

**FILED**

OCT 18 2010

Office of the Secretary
The Disciplinary Board of the
Supreme Court of Pennsylvania

involving alleged misconduct of any attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of said Rules.

2. Respondent, Philip J. Berg, was born on April 13, 1944, was admitted to practice law in the Commonwealth on November 18, 1971, and maintains his office at 555 Andorra Glen Court, Suite 12, Lafayette Hill, Montgomery County, Pennsylvania 19444.

3. Respondent is subject to the disciplinary jurisdiction of the Disciplinary Board of the Supreme Court.

## CHARGE

4. In 2006, Respondent spoke with Diana McCracken regarding a possible lawsuit against the Lancaster City Bureau of Police for an alleged warrantless search and seizure that had occurred at her home on or about November 8, 2004. Ms. McCracken also claimed to have been assaulted by one of the police officers during the alleged warrantless search.

5. On November 3, 2006, Ms. McCracken sent Respondent, via email to his address at philjberg@gmail.com, documents regarding the alleged illegal search and seizure that had occurred on November 8, 2004.

6. On November 8, 2006, Respondent met Ms. McCracken at his office in Lafayette Hill, Pennsylvania to discuss the case further. Respondent agreed to represent Ms. McCracken and file a civil rights complaint on her behalf in the United States District Court for the Eastern District of Pennsylvania, captioned as *Diana McCracken v. Lancaster*

*City Bureau of Police, Chief of Police, William M. Heim, Lieutenant, Peter Anders, Officer James Fatta, Officer George Bonilla, Special Emergency Response Team, "SERT", Lieutenant James Zahm, Officer B. MacFarland, Detective Breault, Manor Township Police Department, Officer Smith, Officer Roache and Sergeant McCrady*, docket no. 2:06-cv-04958.

7. On November 8, 2006, Respondent filed the Complaint.

8. On November 13, 2006, Respondent sent a letter to Ms. McCracken and enclosed a copy of a Contingent Fee Agreement for her to sign and return to Respondent and a copy of the Complaint Respondent filed on her behalf.

9. On December 19, 2006:

   a.) Ms. McCracken sent an email to Respondent inquiring into the status of the case;

   b.) Respondent replied and asked if Ms. McCracken's husband had been released from prison because Respondent was waiting for him to be released before serving the defendants in the case;

   c.) Ms. McCracken replied that her husband had been released; and

   d.) Respondent replied, "can you get someone to serve the [s]ummons before 12/31/06"?

10. On December 22, 2006, Respondent sent a letter to Ms. McCracken regarding when, where and how her husband, Terry McCracken, could serve all the defendants named in the lawsuit.

11. On or about January 16, 2007, the defendants filed a Joint Motion to Dismiss the Complaint in its entirety under Rule 12(b)(6) of the Federal Rules of Civil Procedure or in the alternative, asking for a more definitive statement under Rule 12(e).

12. Respondent failed to respond to the Joint Motion to Dismiss.

13. On or about February 16, 2007, The Honorable Lawrence F. Stengel granted defendants' Joint Motion to Dismiss the Complaint, pursuant to Local Rule of Civil Procedure 7.1(c) because Respondent failed to respond on behalf of Ms. McCracken.

14. Respondent failed to advise Ms. McCracken that the District Court granted the Motion to Dismiss. Respondent failed to advise Ms. McCracken of her right to appeal.

15. On May 31, 2007, Ms. McCracken sent an email to Respondent and advised him that she was moving at the end of June and inquired into the status of the case.

16. On June 15, 2007, Ms. McCracken sent an email to Respondent and provided updated home and mailing addresses. Ms. McCracken also requested that Respondent send her a response letting her know Respondent received the email and inquired into the status of the case.

17. On September 27, 2007, Ms. McCracken sent Respondent an email inquiring into the status of the case.

18. On June 19, 2008, Ms. McCracken sent Respondent an email seeking advice regarding a township tree that had fallen on her minivan and truck during a bad storm on June 10, 2008. Ms. McCracken then asked if there was "[a]ny chance we can get our case with Lancaster over and done with so we can have some money" and requested that Respondent call her.

4

19. On June 20, 2008, Respondent sent Ms. McCracken a reply email that he would look into it and get back to her.

20. On February 9, 2009, Ms. McCracken while conducting a search of her name online, came upon a court website:

http://www.paed.uscourts.gov/documents/opinions/07D0215P.pdf

wherein Ms. McCracken learned that her case had been dismissed in 2007. Ms. McCracken sent an email to Respondent advising Respondent of her discovery and demanded to know what Respondent did. Ms. McCracken asked for an explanation.

21. On February 9, 2009, Ms. McCracken sent Respondent an email using a different email address for the Respondent, philjberg@obamacrimes.com. Ms. McCracken inquired as to why she read a website that indicated her case against Lancaster had been dismissed because she failed to respond. She made further inquiries as to why Respondent had never told her.

22. On February 9, Ms. McCracken contacted Respondent by phone and demanded an explanation. Respondent promised to look into it and call her back but he never did.

23. Ms. McCracken continued to telephone Respondent and send him emails but Respondent did not respond.

24. On February 18, 2009, Ms. McCracken sent Respondent an email to both of his email addresses (philjberg@gmail.com and philjberg@obamacrimes.com) and advised Respondent that she was going to contact the Pennsylvania Disciplinary Board.

Case 8:10-cv-04852-AG-AJW Document 65-2 Filed 03/01/11 Page 5 of 9 Page ID #:6359

5

25. On February 18, 2009, Lisa Liberi, one of Respondent's support staff, sent Ms. McCracken an email and advised Ms. McCracken that Respondent had been in a deposition and court and that Respondent had not been in the office. Ms. Liberi advised that she would pull Ms. McCracken's file to review the matter and that she would respond to Ms. McCracken shortly.

26. On February 19, 2009, Ms. McCracken sent an email to Lisa Liberi and, *inter alia*, thanked her for responding to Ms. McCracken's email to Respondent.

27. On February 19, 2009, Lisa Liberi sent an email to Ms. McCracken and informed her that Respondent was out sick and had been in court and depositions and that she would give Ms. McCracken the answers that she was seeking regarding her case.

28. On February 20, 2009, Ms. McCracken emailed Lisa Liberi and thanked her "for trying to work this out."

29. On March 3, 2009, Ms. McCracken sent an email to Lisa Liberi and inquired as to whether she found anything out about Ms. McCracken's case. Ms. McCracken also informed Ms. Liberi that she would be contacting the Pennsylvania Disciplinary Board on Monday.

30. Respondent never contacted Ms. McCracken to explain what had happened with her case, nor did Lisa Liberi.

31. By his conduct as alleged in Paragraphs 4 through 30 above, Respondent violated the following Rules of Professional Conduct:

    a.) RPC 1.1, which states: A lawyer shall provide competent representation to a client. Competent representation requires the legal

6

knowledge, skill, thoroughness and preparation reasonably necessary for the representation;

b.)  RPC 1.2 (a), which states in pertinent part: …A lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation;

c.)  RPC 1.3, which states: A lawyer shall act with reasonable diligence and promptness in representing a client;

d.)  RPC 1.4(a)(2), which states: A lawyer shall reasonably consult with the client about the means by which the client's objectives are to be accomplished;

e.)  RPC 1.4(a)(3), which states: A lawyer shall keep the client reasonably informed about the status of the matter;

f.)  RPC 1.4(a)(4), which states: A lawyer shall promptly comply with reasonable requests for information;

g.)  RPC 1.4(b), which states: A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation;

h.)  RPC 1.16(d), which states in pertinent part: Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice

7

to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled...;

i.) RPC 8.4(c), which states: It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation; and

j.) RPC 8.4(d), which states: It is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice.

WHEREFORE, Petitioner prays that your Honorable Board appoint, pursuant to Rule 205, Pa. R.D.E., Hearing Committee to hear testimony and receive evidence in support of the foregoing charges and upon completion of said hearing to make such findings of fact, conclusions of law, and recommendations for disciplinary action as it may deem appropriate.

Respectfully submitted,

OFFICE OF DISCIPLINARY COUNSEL

PAUL J. KILLION,
Chief Disciplinary Counsel

BY: *Patricia A. Dugan*
Patricia A. Dugan,
Disciplinary Counsel
Attorney Registration No. 87147
Suite 170
820 Adams Road
Trooper, PA 19403

8

## VERIFICATION

The statements contained in the foregoing Petition for Discipline are true and correct to the best of my knowledge or information and belief and are made subject to the penalties of 18 Pa.C.S.A. §4904, relating to unsworn falsification to authorities.

10/8/10
Date

Patricia A. Dugan,
Disciplinary Counsel