UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | June 14, 2011 |
|---|---|---|---|
| Title | LISA LIBERI, et al. v. ORLY TAITZ, et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** [IN CHAMBERS] ORDER GRANTING MOTION FOR LEAVE TO AMEND, DENYING MOTION TO STRIKE AND MOTION TO DISMISS, AND IMPOSING RESTRICTION ON FILING

Plaintiffs Lisa Liberi, et al. ("Plaintiffs") initially filed this lawsuit in the Eastern District of Pennsylvania, in May 2009. The case was ultimately severed and part of the case was sent to this Court in March 2011. Plaintiffs now seek to amend their complaint to add several new defendants and claims. To that end, Plaintiffs file a "Motion for Leave to Amend." ("Motion for Leave"). Included in the Motion for Leave is Plaintiffs' request that the Court impose a restriction on filing documents in this case. Defendants Orly Taitz and Defend Our Freedoms Foundation ("DOFF") (here, "Defendants") filed a "Motion to Dismiss the Case as a SLAPP Complaint," which included a request to strike the complaint under California's Anti-SLAPP law ("Motion to Strike"). The document entitled "Motion to Dismiss the Case as a SLAPP Complaint" also includes a request to dismiss under Rule 12(b)(1) and under Rule 12(b)(6), which the Court will deem a motion to dismiss ("Motion to Dismiss") in addition to and apart from the Motion to Strike. The Court DENIES the Motion to Strike. The Court GRANTS the Motion for Leave. And the Court DENIES the Motion to Dismiss under Rule 12(b)(1) and Rule 12(b)(6). Finally, the Court GRANTS the request for a restriction on filing, which will be described

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | June 14, 2011 |
|---|---|---|---|
| Title | LISA LIBERI, et al. v. ORLY TAITZ, et al. | | |

in more detail in this Order.

**BACKGROUND**

Plaintiffs in this case include Lisa Liberi, Philip J. Berg, the Law Offices of Philip J. Berg, Lisa Ostella, and Go Excel Global. Defendants include Orly Taitz, Defend Our Freedoms Foundation, Inc., the Sankey Firm, Sankey Investigations, Inc., and Neil Sankey. Many of these parties have a long litigation history together, at times on the same side and at other times opposing. The claims in this case primarily allege invasion of privacy and defamation.

Plaintiffs now seek to file a proposed 198-page amended complaint with 145 exhibits. The majority of the exhibits appear to be emails between various parties or internet blog posts, which are mostly by Defendant Orly Taitz.

**PRELIMINARY MATTERS**

Defendant Orly Taitz requests that the Court take judicial notice of the existence and content of three documents "In Support of Reply to Plaintiffs' Opposition of Motion to Dismiss Based Upon Anti-SLAPP": (1) an order that was entered on June 4, 2010 by the Eastern District of Pennsylvania which severed this action into separate, independent actions and transferred to the jurisdiction of appropriate courts, including the Central District of California (Dkt. 210-1); (2) a judgment by the Third Circuit Court of Appeal (Dkt. 210-2); (3) a bankruptcy that was filed by Plaintiff Lisa Liberi on August 2, 2002 (Dkt. 210-6).

Under Federal Rule of Evidence 201, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201. Because the Court does not rely on the three documents submitted for judicial notice, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | June 14, 2011 |
|---|---|---|---|
| Title | LISA LIBERI, et al. v. ORLY TAITZ, et al. | | |

Court declines to rule on the request at this time.

In addition, the parties have filed voluminous evidentiary objections. The Court has reviewed the objections filed here and relies only on admissible evidence. *See F.T.C. v. Neovi, Inc.*, 598 F. Supp. 2d 1104, 1118 n.5 (S.D.Cal. 2008) ("The parties have each filed evidentiary objections. However, in deciding the present motions, the Court has only relied upon admissible evidence."); *Schroeder v. San Diego Unified School Dist.*, No. 07cv1266-IEG (RBB), 2009 WL 1357414, at *2, n.1 (S.D.Cal. May 13, 2009). *See also*, *Doe v. Starbucks, Inc.*, No. SACV 08-0582 AG (CWx), 2009 WL 5183773, at *1 (C.D.Cal. Dec. 18, 2009).

## ANALYSIS

As noted, there are several motions and requests currently before the Court. The Court first considers the Motion to Strike. The Court next considers the Motion for Leave, and then turns to the Motion to Dismiss. Finally, the Court will address the request for pre-filing restrictions.

**1.    MOTION TO STRIKE**

Defendants argue that the complaint is in violation of California Code of Civil Procedure § 425.16 ("Anti-SLAPP"), which was designed to prevent certain abusive lawsuits. The California legislature found "that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." Cal. Code Civ. Proc. § 425.16(a).

To address this issue, the Legislature enacted the Anti-SLAPP law, which provides:

> A cause of action against a person arising from any act of that
> person in furtherance of the person's right of petition or free
> speech under the United States Constitution or the California

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | June 14, 2011 |
|---|---|---|---|
| Title | LISA LIBERI, et al. v. ORLY TAITZ, et al. | | |

> Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

Cal. Code Civ. Proc. § 425.16(b)(1). The Legislature also said that the Anti-SLAPP law "shall be construed broadly." Cal. Code Civ. Proc. § 425.16(a).

Resolution of an Anti-SLAPP motion requires a two step process. First, the defendant must make "a threshold prima facie showing that the defendant's acts, of which the plaintiff complains, were ones taken in furtherance of the defendant's constitutional rights of petition or free speech in connection with a public issue." *Kashian v. Harriman*, 98 Cal. App. 4th 892, 906 (2002); *Paul for Council v. Hanyecz*, 85 Cal. App. 4th 1356, 1364 (2001). Second, if the defendant makes this showing, "the burden then shifts to the plaintiff to establish a 'probability' of prevailing on the claim by making a prima facie showing of facts that would, if proved, support a judgment in the plaintiff's favor." *Kashian*, 98 Cal. App. 4th at 906. If the plaintiff can establish a probability of prevailing on its claim, then the Anti-SLAPP motion fails.

The threshold issue is whether the relevant free speech was in furtherance of Defendants' rights of petition or free speech. Under Anti-SLAPP, there are four categories of such acts:

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | June 14, 2011 |
|---|---|---|---|
| Title | LISA LIBERI, et al. v. ORLY TAITZ, et al. | | |

> the constitutional right of free speech in connection with a public issue or an issue of public interest.

Cal. Code Civ. Proc. § 425.16(e).

This case is roiled by in-fighting, petty history, and an apparent disregard for accuracy and fair play. Thus, the discernment of truth is a constant difficulty for the Court. As Judge Robreno of the transferor court stated in an order dated December 23, 2010, regarding the outcome of a hearing on requests for temporary restraining orders, "There were no winners at the hearing but surely there was one loser – the search for truth in an environment of decorum." (Dkt. # 160.)

Defendants have failed to make a prima facie showing that the acts complained of fall into any of those four categories of § 425.16(e). In addition, even if Defendants did satisfy the first prong of Anti-SLAPP, Plaintiffs have sufficiently made a prima facie showing of facts that would, if proved, support a judgment in their favor.

The Court DENIES the Motion to Strike.

## 2. MOTION FOR LEAVE

The Court turns next to the Motion for Leave. Plaintiffs now seek to amend their complaint and to file their proposed First Amended Complaint ("PFAC"). Because this Court has only recently entered a scheduling order in this case – the scheduling conference was held on June 13, 2011 – Plaintiffs do not need to request an amendment to the scheduling order. Thus, Plaintiffs need not satisfy the "good cause" requirements of Rule 16(b) and need only satisfy the more liberal standards of Rule 15(a).

### 2.1 Legal Standard

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | June 14, 2011 |
|---|---|---|---|
| Title | LISA LIBERI, et al. v. ORLY TAITZ, et al. | | |

Federal Rule of Civil Procedure 15(a) instructs that "leave shall be freely granted when justice so requires." In determining whether to grant leave to amend, a court considers the following factors: (1) whether the movant unduly delayed in bringing the motion, (2) evidence of bad faith or dilatory motive on the part of the movant, (3) the movant's repeated failure to cure deficiencies by previous amendments, (4) prejudice to the opposing party, and (5) futility of amendment. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). While a court should consider each of the five factors when conducting its analysis, the crucial factor is the resulting prejudice to the opposing party. *Howey v. Radio Corp. of Am.*, 481 F.2d 1187, 1190 (9th Cir. 1973). "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis omitted); *see Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (stating that when a court conducts a Rule 15(a) analysis, generally all inferences should be drawn in favor of granting the motion).

### 2.2  Factors under Rule 15(a)

The first factor is whether Plaintiffs unduly delayed bringing this motion. There is no evidence of undue delay. The case was transferred here in late March 2011, and Plaintiffs filed this Motion for Leave only a month later. Thus, under all the circumstances of this case, particularly the recent transfer, this factor favors granting the Motion for Leave.

The second factor is evidence of bad faith or dilatory motive. While the Court has some reservations about the underlying intentions behind this lawsuit, there is no evidence of bad faith in bringing this particular Motion for Leave. Thus, this factor also favors granting the Motion for Leave.

The third factor is previous failures to cure. This is Plaintiffs' first amendment of the complaint, so this factor favors granting the Motion for Leave.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | June 14, 2011 |
|---|---|---|---|
| Title | LISA LIBERI, et al. v. ORLY TAITZ, et al. | | |

The fourth factor is prejudice to the opposing party. As stated, this is the "crucial" factor. *Howey*, 481 F.2d at 1190. Defendants Orly Taitz and DOFF briefly addressed this factor in their opposition to the Motion for Leave. Their primary argument appears to be that they also filed a motion to dismiss (which is the Motion to Dismiss addressed in this Order), and that an amended complaint would render that motion moot. She also argues that the case has been litigated for two years and that an amended complaint would be prejudicial because the on-going litigation has caused health and other problems. But this is not sufficient prejudice. Under Rule 15(a), "courts are cautioned to apply the policy of free amendment of pleadings with extreme liberality." *SAES Getters S.p.A. v. Aeronex, Inc*., 219 F. Supp. 2d 1081, 1085 (S.D. Cal. 2002) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). Especially considering the contributing causes of the protracted litigation in the Eastern District of Pennsylvania, the Court does not find a sufficient showing of prejudice from the filing of an amended complaint. Thus, this factor does not weigh against granting the Motion for Leave.

The fifth and final factor is futility of amendment. District courts, in their discretion, may deny a proposed amendment as futile only if the proposed amendment "would fail to state a claim under the standard applied on a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6),[] and any defect in the pleading cannot possibly be cured by the allegation of other facts." *Gaitan v. Mortg. Elec. Registration. Sys.*, EDCV 09-1009, 2009 U.S. Dist. LEXIS 97117, at *11 (C.D. Cal. Oct. 5, 2009) (citation and quotation marks omitted)). It is not clear that the amended claims stated would be futile. Thus, this factor favors granting the Motion for Leave.

### 2.3 Conclusion

The Court finds that Plaintiffs have satisfied the requirements of Rule 15(a) for amending their complaint. The Court GRANTS the Motion for Leave only as set forth here. Plaintiff may file a First Amended Complaint in the general form of the proposed draft. However, the proposed draft with its exhibits is hundreds of pages long, and reflects a poor pleading style that does not follow the charge to provide a "short and plain

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0485 AG (AJWx) | Date | June 14, 2011 |
|---|---|---|---|
| Title | LISA LIBERI, et al. v. ORLY TAITZ, et al. | | |

statement." FED. R. CIV. P. 8(a). The Court has concern that the voluminous filings in this case are filling court files with unnecessary and scurrilous documents. In this regard, Defendant Taitz has filed documents listing personal information such as credit card numbers, which the Court must address in yet another Order.

Thus, Plaintiff may only file a first amended complaint that with *no exhibits* and no reference to exhibits within the body of the complaint. Before filing such an amended complaint, Plaintiff must review the PFAC to remove references to exhibits which are not to be attached. If Plaintiffs disregard these instructions, the Court may strike the amended complaint, which may leave Plaintiffs without an operative complaint.

**3.      MOTION TO DISMISS**

The Court now turns to the Motion to Dismiss under Rule 12(b)(1) and Rule 12(b)(6). The Court first considers the Rule 12(b)(1) arguments, then turns to the Rule 12(b)(6) arguments.

**3.1     Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) permits dismissal for lack of subject matter jurisdiction. Defendants argue that there is no diversity here and therefore that this Court lacks jurisdiction. Defendants do not contest the alleged amount in controversy, but they do contend that the opposing sides are not completely diverse.

Plaintiffs assert diversity jurisdiction in their complaint and list the states of each party. (Complaint, ¶ 1.) Judge Robreno of the transferor court accepted the allegations of diversity jurisdiction. (Dkt. # 160, p. 6.) At this stage, the Court accepts Plaintiffs' allegations of diversity jurisdiction. The Court DENIES the Motion to Dismiss under Rule 12(b)(1) but without prejudice.

**3.2     Rule 12(b)(6)**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 11-0485 AG (AJWx) | Date | June 14, 2011 |
|---|---|---|---|
| Title | LISA LIBERI, et al. v. ORLY TAITZ, et al. | | |

Defendants also argue that Plaintiffs have failed to state a claim under Rule 12(b)(6). But because the Court grants Plaintiffs' Motion for Leave, and this motion attacks the claims in the initial complaint, the Court DENIES the Motion to Dismiss under Rule 12(b)(6) without prejudice.

### 4.      REQUEST FOR RESTRICTION

After this case had been pending in the Eastern District of Pennsylvania for only two months, Judge Robreno issued an order that "no further motions shall be filed in this case without prior leave of the Court." (Dkt. # 78.) This Court imposed a similar restriction in a case involving many of the same parties, *Lincoln v. Daylight Chemical Information Systems, Inc., et al.*, SACV 10-1573 AG (PLAx). Plaintiffs argue that such a restriction is necessary here under FED. R. CIV. P. 1, which sets forth the guiding principle of "the just, speedy, and inexpensive determination of every action and proceeding." At oral argument on June 13, 2011, counsel for Defendants agreed to this restriction as well.

The Court previously warned the parties that it might impose restrictions on filing in this case. (Dkt. # 183.) The Court finds that such a restriction is appropriate at this time, in particular given the request by the Plaintiffs and their apparent willingness to comply with such an order and given the flood of filings before the Court. The Court now ORDERS all parties to seek leave of Court before filing any motions or other documents in this case. A party seeking leave to file a motion or other document may do so by letter to the Court, with copies to all parties. The letter shall be no more than two pages and shall set forth the nature of the motion or document and good cause for its filing. The letter shall have no attachments or exhibits. Upon a showing of good cause, the Court may grant leave to file. **Failure to comply with the letter and spirit of this order may result in sanctions, including the summary denial of improperly requested motions, or other sanctions such as dismissal or striking of the answer**.

### DISPOSITION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | June 14, 2011 |
|---|---|---|---|
| Title | LISA LIBERI, et al. v. ORLY TAITZ, et al. | | |

The Court DENIES the Motion to Strike under Anti-SLAPP.  The Court GRANTS the Motion for Leave as set forth.  Plaintiffs may file a First Amended Complaint with *no exhibits* and without reference to exhibits within the body of the complaint.  If Plaintiffs disregard these instructions, the Court may strike the amended complaint, which may leave Plaintiffs without an operative complaint.  Plaintiffs may file a First Amended Complaint within 45 days of this Order.  Given the health issues of counsel for Plaintiffs, the Court may extend that deadline upon timely showing of good cause.  The Court DENIES the Motion to Dismiss under both Rule 12(b)(1) and Rule 12(b)(6) without prejudice.  Finally, the Court imposes pre-filing restrictions as described in this Order.

:  0

Initials of Preparer    lmb