environment.  The use of DayCart with the Oracle server, unlocks the access of existing Oracle applications and tools (such as dual program interface plug in applications.)[3].  What the general public is unaware of is the fact that Daylight CIS DayCart and toolkit based architecture applications and hardware are designed by Yosef Taitz through his Corporation, Daylight CIS and his affiliates to illegally interface back to his or any designated servers all the information maintained on the databases, in which Daylight CIS toolkit based architecture applications, including Daylight CIS Remote toolkits, and Oracle products are implemented. The Reed Defendants all use Daylight CIS toolkit based architecture applications and Oracle on their databases.   It is further believed these products are also implemented on Intelius, Inc.'s servers.

180.   As a result of the design of Oracle and Daylight CIS' toolkit based architecture applications, Yosef Taitz through Daylight CIS has top user access to any computer; server; and/or database in which Oracle products are located.

181.   All of the Plaintiffs' private data including but **not** limited to full Social Security number; names; addresses; phone numbers; family information; spouses; medical information; financial records; credit data; and other private data that is contained on the Defendants Reed and Intelius databases were interfaced back to Yosef Taitz's, Daylight CIS' and/ or their designated servers.  Defendants

---

[3]   Daylight Chemical Information Systems, Inc. (Daylight CIS) Press Release of July 13, 2000.

Yosef Taitz through Daylight CIS shared the private information of Plaintiffs' with his wife, Orly Taitz. Orly Taitz placed Plaintiffs private data all over the Internet; sent it by mass emailing; mass mailing; hand delivery; and sent it internationally and to terroristic and hate type Militia Groups. In fact, Plaintiff Lisa Liberi's private data, including full Social Security number is still located on a third party website as of the date of this complaint. The private data of plaintiffs was shared with over a million individuals and thereby Plaintiffs have been severely and seriously damaged.

182. Yosef Taitz through Defendant Daylight CIS and Oracle are partnered with the Reed Defendants and have interface access to their Oracle run databases and computer systems, which allowed all of the Plaintiffs as well as millions of individuals private data, credit data, financial records, birth data, parents name, family names, etc. to interface back to Yosef Taitz and Daylight CIS' servers

183. Yosef Taitz shared all of Plaintiffs private data mentioned herein with his wife, Orly Taitz in order for his wife, Orly Taitz to carry out her threats against Plaintiffs, which she did. Oracle at all times mentioned herein was aware of the scripting dual purpose vulnerabilities and hardware of Defendants Yosef Taitz's and Daylight CIS toolkit based architecture applications, including Daylight CIS' remote toolkits.

184. Oracle had a duty to over-see their third party contractors and Partners, which include Defendants Oracle; Daylight CIS; and Yosef Taitz.

185. Defendants' Yosef Taitz, Daylight CIS and Oracle's actions were willful wanton, malicious and done with malice to injure the Plaintiffs herein.

186. All the Defendants also maliciously, willfully, recklessly and/or in conscious disregard of the Plaintiffs rights, whose credit reports and private identifying information, illegally disclosed to individuals and entities improperly and unlawfully. All the Defendants were aware of the illegal and improper disclosure of Plaintiffs credit reports; family data; financial records; personal private identifying information; Plaintiffs children's information; Plaintiffs birth information, mother's maiden names, full social security numbers, dates of birth, spouses information, and other private confidential information as Defendant Yosef Taitz through his Corporation Defendant Daylight CIS gave the information willingly to his wife, Orly Taitz, to carry out her threats against the Plaintiffs.

## FIRST CAUSE OF ACTION

### Willful and Intentional Intrusion upon Liberi, Berg and Ostella's Solitude, Seclusion and Private Affairs – Invasion of Privacy, including violations of the Firsth and Fourteenth Amendments to the U.S. Constitution; and the California Constitution:

(Plaintiffs Lisa Liberi, Lisa Ostella, and Philip J. Berg against all Defendants)

187. Plaintiffs re-allege and incorporate by reference each and every allegation contained hereinabove as though set forth here in full length.

188.  Defendants intentional intrusion upon Berg, Liberi and Ostella's solitude, seclusion and private affairs also violated the Fourteenth Amendment due process right, recognized by the Supreme Court as protecting a general right to privacy within family, marriage, and motherhood.

189.  At all times herein, Plaintiffs expected that their private lives, including their primary identifying information; family photos, single pictures, place of birth; date of birth; mother's maiden names; children's names; children's activities; sealed court records, including but **not** limited to Adoption, Paternity, and Disciplinary matters; medical records; driver's license information; credit information; job information; and other private data would remain private and had expectation of the same.

190.  Liberi had a confidential address as a result of her child and her being victims of domestic violence type crimes.  The publication and continued republication of Liberi's personal identifying information by Defendants were to make sure anyone with internet had access to Liberi's Social Security number, date of birth and where she resided, further placing Liberi, her son and husband in further danger

191.  At all times, Liberi believed her address was private and therefore, Liberi felt safe.  Liberi does **not** own real estate, and Liberi's home address only

---

appeared on her credit report.   Liberi believed where she resided, for safety measures, would remain private and had expectations of the same.

192.   Names of probation officers are **not** public information.   Liberi always expected the laws would be upheld and all information would remain private and confidential at all times.

193.   Liberi also had an expectation of privacy pertaining to her sister's death and the sorrow it brought upon the family.

194.   Berg at all times had an expectation of privacy as to the documents on file in the Disciplinary action.

195.   Ostella at all times had an expectation of privacy pertaining to her adoption records.

196.   Plaintiffs Liberi and Ostella at all times herein had an expectation that their family affairs, including events with their children and husbands, their spouses' employment, their children's travels, school, pictures, and private information would remain private.

197.   As alleged herein, Defendants violated Plaintiffs Liberi, Berg and Ostella's privacy rights and invaded their solitude, seclusion and private affairs by intentionally illegally accessing, disclosing and distributing Plaintiffs privileged and private credit reports, financial data, primary identifying information, and other confidential information, confidential disciplinary documents, photographs,

sealed case information, etc., as outlined in the preceding paragraphs, which Defendants knew or reasonably should have known were obtained from personal information maintained by State and Federal agencies, to unauthorized third parties.  Defendants intentionally disclosed Plaintiffs Liberi, Berg and Ostella's personal information without their knowledge or consent.  The unauthorized access, disclosure and distribution of such private data and information are offensive and objectionable to a reasonable person of ordinary sensibilities.

198.  The Reed Defendants and Defendants Intelius, Inc., Yosef Taitz, Daylight CIS and Oracle's willful and malicious acts in violating every aspect of the Plaintiffs rights to privacy, Plaintiffs right to be let alone and the Defendants invasion of Plaintiffs privacy for which Defendants are responsible pursuant to *Cal. Civ. Code* § 1714(a).

199.  The Reed Defendants and Defendants Intelius, Inc., Yosef Taitz, Daylight CIS and Oracle's systematic violation of the FCRA, CCRAA, ICRAA and IPA, as alleged herein, coupled with their unlawful invasion of Plaintiffs Privacy Right and Right to be let alone, and the other wrongful conduct alleged in this Complaint, has caused Plaintiffs severe damages.  Therefore, Plaintiffs are entitled to damages in the form of compensatory damages pursuant to *Cal. Civ. Code* §§ 3281-3283 and exemplary damages pursuant to *Cal. Civ. Code* - § 3294.

200.   As a result of Defendants unlawful conduct, the privacy right of Plaintiffs Liberi, Berg and Ostella have been violated in excess of a million times, which was also republished by third parties and their websites, and Plaintiffs Liberi, Berg and Ostella have suffered severe emotional distress, and have been injured and damaged as a result thereof.

201.   As a direct and proximate cause of the disclosure of Plaintiffs private facts, Plaintiffs Liberi, Berg and Ostella have been, among other things, embarrassed, mortified, and humiliated before the general public and have suffered severe emotional distress.

202.   The remedies provided for in this section are cumulative and shall be in addition to any others provided for by law.

203.   Defendants' unlawful conduct as alleged herein was intentional, oppressive and malicious; therefore Plaintiffs Liberi and Ostella are entitled to civil penalties, punitive, actual, exemplary damages, and all other appropriate relief as further set forth in the Prayer for Relief herein.

204.   As a direct and proximate result of the conduct alleged herein, Plaintiffs Liberi, Berg and Ostella seek to recover actual damages, including, but **not** limited to all damages, of any nature, resulting from the unlawful disclosure of their credit reports, confidential court pleadings and primary personal information to unauthorized third parties. Plaintiffs Liberi, Berg and Ostella also seek statutory

1  damages, penalties, exemplary and punitive damages, as provided by statute and as

2  further set forth in the Prayer for Relief herein.

3

4  ## SECOND CAUSE OF ACTION

5  ### Public Disclosure of Private Facts – Invasion of Privacy:

6  (Plaintiffs Lisa Liberi, Lisa Ostella, and Philip J. Berg against all Defendants)

7  205.   Plaintiffs re-allege and incorporate by reference each and every

8
9  allegation contained hereinabove as though set forth here in full length.

10  206.    Defendants intentional disclosure of Berg, Liberi and Ostella's

11  private affairs, including their families also violated the Fourteenth Amendment
12
13  due process right, recognized by the Supreme Court as protecting a general right to

14  privacy within family, marriage, and motherhood.
15
16  207.   At all times herein, Plaintiffs Liberi, Ostella and Berg expected that

17  their private lives, including their primary identifying information; family photos;

18  single pictures, place of birth; date of birth; mother's maiden names; children's
19
20  names; children's activities; sealed court records, including but **not** limited to

21  Adoption, Paternity, and Disciplinary matters; medical records; driver's license

22  information; credit information; job information; and other private data would
23
24  remain private and had expectation of the same.

25  208.   None of the private facts disclosed by Defendants regarding Plaintiffs
26
27  Liberi, Berg and Ostella's were newsworthy or made for any purpose relating to

28  newsworthy events.  Instead, it was to harm the Plaintiffs which it did.

---

*Liberi, et al v. Taitz, et al*, Case No. 8:11-cv-00485 (AG), Plaintiffs First Amended Complaint                    83

209.   As alleged herein, Defendants violated Plaintiffs Liberi, Berg and Ostella's privacy rights by intentionally illegally accessing, disclosing and distributing their privileged credit reports, financial data, primary identifying information, and other confidential information, photograph's, sealed case information, confidential disciplinary documents, etc., as outlined in the preceding paragraphs, which Defendants knew or reasonably should have known were obtained from personal information maintained by State and Federal agencies, to unauthorized third parties.   Defendants intentionally disclosed Plaintiffs Liberi, Berg and Ostella's personal information without their knowledge or consent.   The unauthorized access, disclosure and distribution of such private data and information are offensive and objectionable to a reasonable person of ordinary sensibilities.

210.   As a result of Defendants unlawful conduct, the privacy right of Plaintiffs Liberi, Berg and Ostella have been violated in excess of a million times, which was republished by third parties, and Plaintiffs Liberi, Berg and Ostella have suffered severe emotional distress, and have been injured and damaged as a result thereof.

211.   As a direct and proximate cause of the disclosure of Plaintiffs private facts, Plaintiffs Liberi, Berg and Ostella have been, among other things,

embarrassed, mortified, and humiliated before the general public and have suffered severe emotional distress.

212.   The remedies provided for in this section are cumulative and shall be in addition to any others provided for by law.

213.   Defendants' unlawful conduct as alleged herein was intentional, oppressive and malicious; therefore Plaintiffs Liberi and Ostella are entitled to civil penalties, punitive, actual, exemplary damages, and all other appropriate relief as further set forth in the Prayer for Relief herein.

214.   As a direct and proximate result of the conduct alleged herein, Plaintiffs Liberi, Berg and Ostella seek to recover actual damages, including, but **not** limited to all damages, of any nature, resulting from the unlawful disclosure of their credit reports, confidential court pleadings and personal information to unauthorized third parties. Plaintiffs Liberi, Berg and Ostella also seek statutory damages, penalties, exemplary and punitive damages, as provided by statute and as further set forth in the Prayer for Relief herein.

### THIRD CAUSE OF ACTION

### False Light - Invasion of Privacy:

(Plaintiffs Lisa Liberi, Lisa Ostella, Philip J. Berg, Go Excel Global and the Law Offices of Philip J. Berg against all Defendants)

215.   Plaintiffs re-allege and incorporate by reference each and every allegation contained hereinabove as though set forth here in full length.

---

216.   The false, misleading and defamatory statements disseminated by the Defendants all over the Internet, by mass emailing, by postal mailing, hand delivery, and posting all over the World Wide Web portray Liberi as a lifelong document forger, a perjure, a person with current criminal charges pending against her, violating her probation, of slandering and defaming individuals, of stealing, of "hacking", of being dangerous, of "murdering her sister", of tampering with Taitz vehicles to harm her, of having 27, 46, 80, 100, and 200 felony counts against her, of having a criminal history going back to the 1990's, of having multiple Social Security numbers illegally, defrauding the courts, forging court documents in the within case, that she had been convicted of numerous counts of forgery, that Liberi is a "career document forger", that Liberi is a "career forger", of Social Security Fraud, and the other false allegations outlined hereinabove made by Neil Sankey by and through Sankey Investigations and The Sankey Firm owned by Todd Sankey, Orly Taitz as an Attorney and an Officer of the Court by and through the Law Offices of Orly Taitz and as President of Orly Taitz, Inc. and DOFF, with knowledge of the false and libelous nature of the statements contained therein and with gross negligence and reckless disregard for the truth.

217.   Taitz has continually stated that Liberi is a "career forger"; a "career document forger"; a "thief"; that Liberi was convicted of forgery; that Liberi was

---

convicted of multiple forgeries.    This is **not** true.    **Liberi has never been convicted of forging documents or of document forgery**.

218.    The false, misleading and defamatory statements disseminated by Defendants portray Lisa Ostella as a thief, a "hacker", of stealing, having a long criminal record, of slander, libel and defamation, of "hijacking" Taitz websites and blogs, which Ostella owned, of seeking monies in the name of Taitz Corporation, DOFF, forgery, perjury, defrauding the courts, and the other false allegations outlined herein above made by Neil Sankey by and through Sankey Investigations and The Sankey Firm owned by Todd Sankey, Orly Taitz as an Attorney and an Officer of the Court by and through the Law Offices of Orly Taitz and as President of Orly Taitz, Inc. and DOFF, with knowledge of the false and libelous nature of the statements contained therein and with gross negligence and reckless disregard for the truth.

219.    The false, misleading and defamatory statements disseminated by Defendants portray Berg as dishonest, a thief, of forging court documents in this case, of perjury, subornation of  perjury, defrauding the courts, making monies using DOFF's name, slander, libel and defamation, and the other false allegations outlined herein above made by Neil Sankey by and through Sankey Investigations and The Sankey Firm owned by Todd Sankey, Orly Taitz as an Attorney and an Officer of the Court by and through the Law Offices of Orly Taitz and as President

of Orly Taitz, Inc. and DOFF, with knowledge of the false and libelous nature of the statements contained therein and with gross negligence and reckless disregard for the truth.

220. Defendants Neil Sankey through Sankey Investigations, Inc. and The Sankey Firm owned by Todd Sankey, Orly Taitz as an Attorney and an Officer of the Court by and through the Law Offices of Orly Taitz and as President of Orly Taitz, Inc. and DOFF intentionally disseminated with malice their hearsay version of events leading to a conviction against Liberi with knowledge of the false and libelous nature of the statements contained therein and with gross negligence and reckless disregard for the truth.

221. Defendants' statements have invaded the privacy of Plaintiffs Liberi, Berg and Ostella and placed them in a false light before the public's eye. Furthermore, all the false, libel and defamatory postings all over the Internet have been carried by third party websites, tweeted and sent out through numerous social networking sites and RSS feeds.

222. As a direct and proximate cause of the publication and republication of Defendants statements, Plaintiffs Liberi, Berg and Ostella have been, among other things, embarrassed, mortified, and humiliated before the general public and have suffered severe emotional distress. Defendants Orly Taitz as an Attorney and an Officer of the Court by and through the Law Offices of Orly Taitz continually

---

attempted to have Liberi and Ostella falsely arrested in whole, because of the negative and false portrait of their conduct that Defendants have created. Plaintiffs Liberi, Berg, Ostella, the Law Offices of Philip J. Berg, and Go Excel Global's reputation as honest, loyal and caring individuals and businesses who are good in their professions have been seriously harmed and will now always bear a stain of being associated with the false statements and allegations published and republished by the Defendants.

223.   The remedies provided for in this section are cumulative and shall be in addition to any others provided for by law.

224.   Defendants' unlawful conduct as alleged herein was intentional, oppressive and malicious; therefore Plaintiffs Liberi, Berg, Ostella, Go Excel Global and the Law Offices of Philip J. Berg are entitled to civil penalties, punitive, actual, exemplary damages, and all other appropriate relief as further set forth in the Prayer for Relief herein.

225.   As a direct and proximate result of the conduct alleged herein, Plaintiffs Liberi, Berg, Ostella, the Law Offices of Philip J. Berg, and Go Excel Global seek to recover actual damages, including, but **not** limited to all damages, of any nature, resulting from the Defendants placing Plaintiffs Liberi, Berg and Ostella in a False Light before the Public. Plaintiffs Liberi, Berg and Ostella also

seek statutory damages, penalties, exemplary and punitive damages, as provided by statute and as further set forth in the Prayer for Relief herein.

## FOURTH CAUSE OF ACTION

### Appropriation of Name, Photo and Like - Invasion of Privacy:

(Plaintiffs Lisa Liberi, Lisa Ostella, against Defendants Orly Taitz as an Attorney and an Officer of the Court by and through Defendant the Law Offices of Orly Taitz and as President of Defendants Orly Taitz, Inc. and DOFF)

226.   Plaintiffs re-allege and incorporate by reference each and every allegation contained hereinabove as though set forth here in full length.

227.   The right to use LISA LIBERI and LISA OSTELLA's names and likeness to promote Orly Taitz and the Law Offices of Orly Taitz as a Constitutional and Civil Rights Attorney, who was victimized by Plaintiffs Liberi and Ostella for being a whistleblower is in violation of *Cal. Civ. Code* §3344 and Plaintiffs Liberi and Ostella's common law right of publicity.

228.   Taitz by and through the Law Offices of Orly Taitz made in excess of One hundred Thousand Dollars  [$100,000.00] through PayPal as a result of using Plaintiff Liberi's name and pictures; and Plaintiff Ostella's name in Taitz's repeated postings.  Taitz website advertises for services by Taitz, her Law offices and for third parties.

229.   Additionally, the value of Plaintiffs Liberi and Ostella's name and likeness has been diminished by the publication of their names and pictures with all the false allegations distributed and redistributed by Orly Taitz as an Attorney

and an Officer of the Court by and through the Law Offices of Orly Taitz and as President of Orly Taitz, Inc. and DOFF.

230.   Defendants Orly Taitz as an Attorney and an Officer of the Court by and through Defendant the Law Offices of Orly Taitz and as President of Defendants Orly Taitz, Inc. and DOFF conduct alleged above constitutes a willful violation of Plaintiffs Lisa Liberi and Lisa Ostella's common law right to publicity and rights secured by *Cal. Civ. Code* §3344.

231.   As a direct and proximate result of Defendants Orly Taitz as an Attorney and an Officer of the Court by and through Defendant the Law Offices of Orly Taitz and as President of Defendants Orly Taitz, Inc. and DOFF said misconduct, LISA LIBERI and LISA OSTELLA have suffered and will suffer substantial monetary damage, as well as severe emotional distress.

232.   Defendants Orly Taitz as an Attorney and an Officer of the Court by and through Defendant the Law Offices of Orly Taitz and as President of Defendants Orly Taitz, Inc. and DOFF did **not** engage in said misconduct out of any sincere or proper motive, but did so knowingly, willfully, oppressively, and maliciously intending to appropriate to themselves without compensation what they knew to be LISA LIBERI and LISA OSTELLA'S valuable rights.   Said misconduct was also fraudulent, in that the public was led to believe falsely that

LIBERI and OSTELLA consented to such commercial use of their name and likeness and was associated with and approved of Defendants conduct.

233.   Cal. Civ. Code 3344 states in pertinent part:

"(a) Any person who knowingly uses another's name, photograph or likeness, in any manner...for purposes of soliciting goods (money) or services, without such person's prior consent...shall be liable for any damages sustained by the person or persons injured as a result thereof. In addition, in any action brought under this section, the person who violated the section shall be liable to the injured party or parties in an amount equal to the greater of seven hundred fifty dollars [$750.00] or the actual damages suffered by him or her as a result of the unauthorized use, and any profits from the unauthorized use that are attributable to the use and are not take in in to account computing the actual damages...Punitive damages may also be awarded to the injured party or parties. The prevailing party in any action under this section shall also be entitled to attorney's fees and costs...(g) the remedies provided for in this section are cumulative and shall be in addition to any others provided for by law."

234.   The right of publicity is a form of intellectual property that society deems to have social utility and represents the inherent right of every individual to control the commercial use of her identity. *Comedy III Productions, Inc. v. Gary Saderup Inc.*, 25 Cal. 4th 387 (2001). Although derived originally from laws protecting one's privacy, the right of publicity has evolved into a form of intellectual property, see e.g. *Comedy III*, 25 Cal. 4th 387; *KNB Enters v. Matthews*,

---

78 Cal. App. 4th 362 (2000).  See also *Hilton v. Hallmark Cards*, 580 F.3d 874, 889

*fn*. 12, (9th Cir. 2009), *amended*, 599 F.3d 894 (9th Cir. 2010); *Waits v. Frito-Lay,*

*Inc.*, 978 F.2d 1093, 1100 (9th Cir. 1992)("Waits' voice misappropriation claim is

one for invasion of personal property right; his right of publicity to control the use

of his identity…").  Our Federal and State Courts in California made clear the right

of publicity is a property right, see *Michaels v. Internet Entertainment Group*, 5

F.Supp.2d 823, 838 (C.D. Cal. 1998); *American Economy Insurance Co. v.*

*Reboans, Inc*. 852 F. Supp 875, 879-880 (N.D. Cal. 1994)

235.   As a direct and proximate cause of the publication and republication

of Defendants names, pictures and like, Plaintiffs Liberi and Ostella have been,

among other things, in fear for their lives and the lives of their husbands and

children, embarrassed, mortified, and humiliated before the general public and

have suffered severe emotional distress.

236.   The remedies provided for in this section are cumulative and shall be

in addition to any others provided for by law

237.   Defendants Orly Taitz as an Attorney and an Officer of the Court by

and through Defendant, the Law Offices of Orly Taitz and as President of

Defendants Orly Taitz, Inc. and DOFF's unlawful conduct as alleged herein was

intentional, oppressive and malicious; therefore Plaintiffs Liberi and Ostella are

entitled to civil penalties, punitive, actual, exemplary damages, and all other appropriate relief as further set forth in the Prayer for Relief herein.

238.   As a direct and proximate result of the conduct alleged herein, Plaintiffs Liberi and Ostella seek to recover actual damages, including, but **not** limited to all damages, of any nature, resulting from the Defendants placing Plaintiffs Liberi, Berg and Ostella in a False Light before the Public. Plaintiffs Liberi, Berg and Ostella also seek statutory damages, penalties, exemplary and punitive damages, as provided by statute and as further set forth in the Prayer for Relief herein.

### FIFTH CAUSE OF ACTION

**Willful Violation of the Cal. Information Privacy Act (IPA),**
***Cal. Civ. Code* §1798.53:**

(Plaintiffs Lisa Liberi and Lisa Ostella against all Defendants)

239.   Plaintiffs re-allege and incorporate by reference each and every allegation contained hereinabove as though set forth here in full length.

240.   Plaintiffs Liberi and Ostella assert this claim against each and every Defendant named herein in this Complaint separately.

241.   Plaintiffs Liberi and Ostella have legally protected privacy interests in their confidential credit, financial, primary identification, and other private data and reasonable expectations of privacy in such information.  The right to privacy, codified at *Cal. Civ. Code* §1798.53 vests citizens, including Plaintiffs with

---

protection from the unlawful access, disclosure and distribution of such sensitive information.

242.   Plaintiff Liberi had an expectation of her residency address staying confidential.  Liberi did **not** own real estate and therefore her physical address was never public.  Despite this, Defendants illegally obtained Liberi's home address from her credit reports, disclosed and distributed it to over a million individuals and businesses.

243.   As alleged herein, Defendants violated Plaintiffs Liberi and Ostella's privacy rights and *Cal. Civ. Code* §1798.53 by intentionally illegally accessing, disclosing and distributing their privileged credit reports, financial data, primary identifying information, and other confidential information, outlined in the preceding paragraphs, which Defendants knew or reasonably should have known was obtained from personal information maintained by State and Federal agencies, to unauthorized third parties.  Defendants intentionally disclosed Plaintiffs Liberi and Ostella's personal information without their knowledge or consent.  The unauthorized access, disclosure and distribution of such private data and information are offensive and objectionable to a reasonable person of ordinary sensibilities.

244.   *Cal. Civ. Code* §1798.53 states in pertinent part:

"Any person, other than an employee of the state or of a local government agency acting solely in his or her official capacity, who intentionally discloses information, not otherwise public, which they know or should reasonably know was obtained from personal information maintained by a state agency or from "records" within a "system of records" (as these terms are defined in the Federal Privacy Act of 1974 (P. L. 93-579; 5 U.S.C. 552a)) maintained by a federal government agency, shall be subject to a civil action, for invasion of privacy, by the individual to whom the information pertains."

"In any successful action brought under this section, the complainant, in addition to any special or general damages awarded, shall be awarded a minimum of two thousand five hundred dollars ($2,500) in exemplary damages as well as attorney's fees and other litigation costs reasonably incurred in the suit."

"The right, remedy, and cause of action set forth in this section shall be nonexclusive and is in addition to all other rights, remedies, and causes of action for invasion of privacy..."

245.     As a result of Defendants unlawful conduct, the privacy right of Plaintiffs Liberi and Ostella have been violated in excess of a million times, and Plaintiffs Liberi and Ostella have suffered severe emotional distress, and have been injured and damaged as a result thereof.

246.  Defendants' unlawful conduct as alleged herein was intentional, oppressive and malicious; therefore Plaintiffs Liberi and Ostella are entitled to the

1   civil penalties, exemplary damages pursuant to *Cal. Civ. Code* §1798.53, and all

2   other appropriate relief as further set forth in the Prayer for Relief herein.

4   247.  As a direct and proximate result of the conduct alleged herein,

5   Plaintiffs Liberi and Ostella seek to recover actual damages, including, but **not**

7   limited to all damages, of any nature, resulting from the unlawful disclosure of

8   their credit reports and personal information to unauthorized third parties. Plaintiffs

9   Liberi and Ostella also seek statutory damages, penalties, exemplary and punitive

11  damages, as provided by statute and as further set forth in the Prayer for Relief

12  herein.

### SIXTH CAUSE OF ACTION

### Violation of Cal. IPA, *Cal. Civ. Code* §1798.85:

(Plaintiffs Lisa Liberi and Lisa Ostella against all Defendants)

248.  Plaintiffs re-allege and incorporate by reference each and every

allegation contained hereinabove as though set forth here in full length.

249.  Plaintiffs Liberi and Ostella assert this claim against each and every

Defendant named herein in this Complaint separately.

250.  *Cal. Civ. Code* §1798.85 states in pertinent part:

"(a) Except as provided in this section, a person or entity may not do any of

the following:    (1) Publicly posts or publicly displays in any manner an

individual's social security number.  "Publicly post" or "publicly display"

means to intentionally communicate or otherwise make available to the general public."

251. At all relevant times, Defendants used their business practices of accessing private personal information, including but **not** limited to full Social Security numbers, dates of birth, place of birth, mother's maiden names, Plaintiffs maiden names, credit reports, driver's license information, financial data, seal court case information, photograph's, primary identification information, husband's names, Social Security numbers and dates of birth, children's names and identity, and other private data outlined herein, without a permissible purpose, legal basis, authorization and/or consent.

252. At all relevant times, Defendants failed to conform their practices to the requirements of *Cal. Civ. Code* §1798.85.

253. Plaintiffs Liberi and Ostella have and had a strong expectation of privacy and a privacy interest in their personal identifying information contained in their credit reports and with State and Federal Agencies, including their Social Security numbers.

254. At all relevant times, Plaintiffs Liberi and Ostella believed their Social Security numbers, dates of birth, places of birth, driver's license information, mother's maiden names, financial records, credit reports and other private data outlined herein was maintained confidential in the State and Federal agencies and

State companies who maintained the information.  Plaintiffs Liberi and Ostella expected all their private data outlined herein would remain at all times confidential and private.  At **no** time did Plaintiffs Liberi or Ostella give any of the Defendants permission to obtain and/or access their private data, nor did any of the Defendants have a permissible purpose or any type of a legal basis.

255.  All Defendants directly participated in the illegal access of and distribution of Plaintiffs Liberi and Ostella's private confidential information outlined herein.

256.  Additionally, and of equal violation of the California Information Practices Act, *Cal. Civ. Code* §1798.85, the Defendants aided, agreed with, and conspired with each other to unlawfully do, or permit, or causes to be done all the acts complained of herein.

257.  All the private and primary identification information of Plaintiffs Liberi and Ostella, outlined hereinabove were intentionally published and promoted by Orly Taitz, The Law Offices of Orly Taitz, Orly Taitz, Inc., DOFF, Neil Sankey, The Sankey Firm through Todd Sankey and Sankey Investigations, Inc. with malice, gross negligence and with reckless disregard as to the damages it would cause Plaintiffs Liberi and Ostella.   The tortious acts complained of herein were committed, in part, in the Central District of California and elsewhere, and

Plaintiffs Liberi and Ostella sustained injury in said jurisdiction and others as a result of these tortious acts.

258.  As alleged herein, Defendants violated Plaintiffs Liberi and Ostella privacy rights and *Cal. Civ. Code* §1798.85 by intentionally accessing, disclosing and distributing their privileged financial, credit, and other confidential information, which Defendant knew or reasonably should have known were obtained from personal information maintained by state and/or federal agencies, to unauthorized third parties. Defendants intentionally disclosed Plaintiffs Liberi and Ostella's personal information without their knowledge or consent. The unauthorized access, disclosure and distribution of such private data and information is offensive and objectionable to a reasonable person of ordinary sensibilities.

259.  As a result of Defendants' unlawful conduct, the privacy rights of Plaintiffs Liberi and Ostella have been violated, and Plaintiffs Liberi and Ostella have been injured and damaged as a result thereof.

260.  Unless restrained and enjoined pursuant to *Cal. Civ. Code* §1798.84(e), Defendants will continue to commit such acts.

261.  As a direct result, Defendants, each of them are liable, separately to Plaintiffs Liberi and Ostella, separately, A civil penalty pursuant to *Cal. Civ. Code* §1798.84. *Cal. Civ. Code* §1798.84, states in pertinent part: