"(b) states a party injured by a violation of this title may institute a civil action to recover damages and…(c) dictates a civil penalty over and above actual damages and punitive damages for a willful, intentional, or reckless violation…may recover a civil penalty not to exceed three thousand dollars ($3,000) per violation…(e) Any business that violates, proposes to violate, or has violated this title may be enjoined…(f) A prevailing plaintiff in any action commenced shall also be entitled to recover his or her reasonable attorney's fees and costs…(g) The rights and remedies available under this section are cumulative to each other and to any other rights and remedies available under law."

262.  Defendants, each of them, violated *Cal. Civ. Code* §1798.85 in excess of a million times.   Thus, Defendants are indebted to Plaintiffs Liberi and Ostella for civil penalties up to Three Billion Dollars [$3,000,000,000.00], which is cumulative to each and other penalty and any other rights and remedies available under the law.

263.  Defendants' unlawful conduct as alleged herein was intentional, oppressive and malicious; therefore Plaintiffs Liberi and Ostella are entitled to the civil penalties set forth at *Cal. Civ. Code* §1798.84, including exemplary damages, and all other appropriate relief as further set forth in the Prayer for Relief herein.

264.  As a direct and proximate result of the conduct alleged herein, Plaintiffs Liberi and Ostella seek to recover actual damages, including, but **not** limited to all damages, of any nature, resulting from the unlawful disclosure of

their credit reports and personal information to unauthorized third parties. Plaintiffs Liberi and Ostella also seek statutory damages, penalties, exemplary and punitive damages, as provided by statute and as further set forth in the Prayer for Relief herein.

## SEVENTH CAUSE OF ACTION
### Cyber-Stalking, Cyber-Harassment, and Cyber-Bullying:

(Plaintiffs Lisa Liberi and Lisa Ostella Against Defendants Orly Taitz as an Attorney and an Officer of the Court by and through Defendant the Law Offices of Orly Taitz and as President of Defendants Orly Taitz, Inc. and DOFF)

265. Plaintiffs re-allege and incorporate by reference each and every allegation contained hereinabove as though set forth here in full length.

266. Cyber-stalking is the use of the Internet, email or other electronic communications to stalk, and generally refers to a pattern of harassing, threatening or malicious behaviors. **Cyber-stalking can be considered to be the most dangerous of the three types of Internet harassment**.

267. The following features or combination of features can be considered to characterize a true stalking situation: malice, premeditation, repetition, distress, obsession, vendetta, no legitimate purpose, personally directed, disregarded warnings to stop, harassment, and threats.[4] A number of key factors have been identified in identifying cyber-stalking:

---

[4] Bocij, Paul. Cyberstalking: Harassment in the Internet Age and How to Protect Your Family. Praeger, 2004, pp. 9-10.

---

a. False accusations:  Cyber-stalkers try to damage the reputation of their victim(s) and turn other people against them by posting false information about them on websites.[5]

b. Attempts to gather information about the victim. Cyber-stalkers may approach their victim's friends, family and work colleagues to obtain personal information. They may advertise for information on the Internet, or hire a private detective.[6]

c. Encouraging others to harass the victim. Cyber-stalkers try to involve third parties in the harassment. They may claim the victim has harmed the stalker or his/her family in some way, or may post the victim's name and telephone number in order to encourage others to join the pursuit.[7]

d. False victimization. The cyber-stalker will claim that the victim is harassing him/her.

e. Cyber-stalkers often do not threaten their victims, at least not directly;[8] they are more likely to use tactics that harass and threaten their victims,

---

[5] Bocij, Paul. Cyberstalking: Harassment in the Internet Age and How to Protect Your Family. Praeger, 2004, p. 12

[6] Bocij, Paul. Cyberstalking: Harassment in the Internet Age and How to Protect Your Family. Praeger, 2004, p. 13; and An exploration of predatory behavior in cyberspace: Towards a typology of cyberstalkers by Leroy McFarlane and Paul Bocij

[7] An exploration of predatory behavior in cyberspace: Towards a typology of cyberstalkers by Leroy McFarlane and Paul Bocij

[8] See 1999 Revision of Model State Computer Crimes Code § 2.02.2 - Commentary, available at http://www.cybercrimes.net/99MSCCC/MSCCC/Article2/2.02.2.html.

---

1    such as posting the victim's name and address on the Internet along

2    with false claims.[9]

3       268.   Harassment is defined as: "*a knowing and willful course of conduct*

4
5    *directed at a specific person that seriously alarms, annoys, torments, or terrorizes*

6    *the person, and that serves no legitimate purpose. The course of conduct must be*

7    *such as would cause a reasonable person to suffer substantial emotional distress,*

8
9    *and must actually cause substantial emotional distress to the person. See Cal. Civ.*

10   *Code* §1708.7(b)(4).

11      269.   Cyber-harassment is an immoral behavior by someone or a group,

12
13   who uses technology such as computers, internet or mobile devices to send

14   disturbing messages to bother, humiliates, threaten, or stalk someone else. The

15
16   schemes used consist of emails, blog and website postings, and other means of

17   electronic communication.   "Cyber-stalking and cyber-harassment are similar.

18
19   Most people use them interchangeably, but there is a subtle distinction, typically

20   relating to the perpetrator's intent and the original motivation for their behavior.

21

22   [9] See, e.g., Petherick, supra note 130. See also U.S. Dep't of Justice, Cyberstalking: A New
Challenge for Law Enforcement and Industry (August 1999), available at:
23   http://www.justice.gov/criminal/cybercrime/cyberstalking.htm.

24     A cyber-stalker can dupe other Internet users into harassing or threatening a victim by
utilizing their own website, Internet bulletin boards or chat rooms. For example, a
25   stalker may post a controversial or enticing message on the board about the victim,
resulting in subsequent responses to the victim. Each message -- whether from the
26   actual cyberstalker or others -- will have the intended effect on the victim, but the
cyberstalker's effort is minimal and there is lack of direct contact between the
27   cyberstalker and the victim.
28

1   While the two situations usually involve many of the same online tactics, **cyber-**

2   **stalking is almost always characterized by the stalker relentlessly pursuing his**

3

4   **or her victim online and is much more likely to include some form of offline**

5   **attack**, as well. **This offline aspect makes it a more serious situation as it can**

6

7   **easily lead to dangerous physical contact if the victim's location is**

8   **known**...Cyber-stalkers are often driven by revenge, hate, anger, jealousy,

9

10  obsession, and mental illness. While a cyber-harasser may be motivated by some

11  of these same feelings, often the harassment is driven by the desire to frighten or

12  embarrass the harassed victim. Sometimes the harasser intends to teach the victim

13

14  a lesson in netiquette or political correctness (from the harasser's point of view)."[10]

15      270.   Cyber-bullying is "the use of information and communication

16  technologies to support deliberate, repeated, and hostile behavior by an individual

17

18  or group that is intended to harm others". Cyber-bullying has been defined as

19  "when the Internet, cell phones or other devices are used to send or post text or

20  images intended to hurt or embarrass another person" or as "when an electronic

21

22  device is used to attack or defame the character of a real person. Often

23  embarrassing or false information about the victim is posted in an online forum

24

25  where the victim and those who know the victim can see it publicly." Cyber-bullies

26

27  _____

[10]http://www.informationweek.com/news/security/privacy/showArticle.jhtml?articleID=2911670
6

28

may disclose victims' personal data (e.g. real name, address, or workplace/schools)

at websites or forums or may pose as the identity of a victim for the purpose of

publishing material in their name that defames or ridicules them. Cyber-stalkers

seek to damage their victim's earnings, employment, reputation, or safety.

271.   There is no question all the elements of cyber-stalking; cyber-

harassment; and cyber-bullying have been met.  In addition, Taitz as an attorney

and an Officer of the Court has been using the Federal Court Docketing system,

knowing the filings will be publicized on scribd.com to further carry out her cyber-

stalking tactics.   Taitz has been filing false statements about Ostella, Liberi and

Berg in the Federal Docketing systems of cases unrelated to the Plaintiffs.  Then

these filings are downloaded to scribd.com and carried all over the Internet.

Similar to what the Southern Poverty Law Center wrote about sovereign citizens[11],

Taitz is using our Court's dockets, clouding the issues presented in the case to her

advantage, while using it to further harm the Plaintiffs by her continued false tales.

272.   *Cal. Civil Code* § 1708.7 states:

"(a) A person is liable for the tort of stalking when the plaintiff proves all
of the following elements of the tort:

---

[11] The Southern Poverty Law Center ["SPL"] did a write up regarding the sovereign movement
at                http://www.splcenter.org/get-informed/intelligence-report/browse-all-
issues/2010/fall/sovereign-citizen-kane.  In so doing, the SPL wrote "The sovereign movement is
growing fast, and its partisans are clogging up the courts with their indecipherable filings."

---

(1) The defendant engaged in a pattern of conduct the intent of which was to follow, alarm, or harass the plaintiff. In order to establish this element, the plaintiff shall be required to support his or her allegations with independent corroborating evidence.

(2) As a result of that pattern of conduct, the plaintiff reasonably feared for his or her safety or the safety of an immediate family member…"

"(3) One of the following:

(A) The defendant, as a part of the pattern of conduct specified in paragraph (1), made a credible threat with the intent to place the plaintiff in reasonable fear for his or her safety, or the safety of an immediate family member and, on at least one occasion, the plaintiff clearly and definitively demanded that the defendant cease and abate his or her pattern of conduct and the defendant persisted in his or her pattern of conduct.

(c) A person who commits the tort of stalking upon another is liable to that person for damages, including, but not limited to, general damages, special damages, and punitive damages pursuant to Section 3294.

(d) In an action pursuant to this section, the court may grant equitable relief, including, but not limited to, an injunction.

(e) The rights and remedies provided in this section are cumulative and in addition to any other rights and remedies provided by law."

273.    All elements have been met herein.  Taitz continued posts evidence the false statements about Plaintiffs; the false accusations about Plaintiffs; the constant harassment of Plaintiffs; the bullying of Plaintiffs; the fact Taitz published Plaintiffs private identifying information; home addresses; home telephone numbers; third parties have contacted Plaintiffs at the request of Taitz threatening the Plaintiffs; asking for the public's help; posting Liberi's family photo and Liberi's single picture; having third parties email and post the information on Taitz's behalf; Taitz portraying to be the "victim" and accusing the Plaintiffs (Taitz's victims) of Taitz actual actions; contacting friends and family of Plaintiffs; the illegal background checks, illegal access to Plaintiffs credit reports and other private data; filing false law enforcement reports; the fact Taitz was posting her untruths about Plaintiffs repeatedly for the past 2 years.  Taitz was put on notice and demanded to stop these dangerous behaviors several times, and Plaintiffs attempted to obtain a restraining order to stop the illegal behaviors. Despite Plaintiffs attempts, Taitz has continued, still to this date.

274.   Taitz sought out and consulted with a third-party, James Sundquist and had him create false law enforcement reports; State of New Jersey reports and reports which were sent to Ostella's customers of Go Excel Global, which included but was **not** limited to political affiliations; groups in which Ostella was a respected member;   businesses and individuals and inform them that he was in

possession of a database on Ostella, which he received from Taitz, informing Ostella's associates and customers that Ostella was stealing monies from Taitz's foundation; that Ostella had a criminal history and to contact Orly Taitz for more information.   Taitz had Mr. Sundquist contact all these agencies, using his credentials as a Minister and Author while referencing Taitz as an Officer of the Court. Mr. Sundquist complied with Taitz's requests.

275.   Taitz openly threatened to destroy Liberi and get rid of her; Taitz threatened to have Ostella's children professionally kidnapped; Taitz has called for the "political purging" of Liberi and Ostella.  The meaning of political purging is to kill.  Plaintiffs, Liberi and Ostella took these threats serious and have reported the crimes to their law enforcement agencies.  The problem is, the crimes cross so many state lines, they are state crimes, and both law enforcement and the FBI repeatedly have told Plaintiffs Liberi and Ostella to obtain a restraining order.

276.   Plaintiffs Liberi and Ostella have lived and continue living in fear daily for themselves, husbands and children, as a result of Taitz illegal behaviors outlined herein. Both Liberi and Ostella have received death threats if they did **not** drop the lawsuit against Taitz, strange people have shown up at Plaintiffs home; Ostella had family pets slaughtered as outlined herein.  Both Plaintiffs Liberi and Ostella have suffered severe emotional distress as a result.  In fact, Liberi has suffered severe medical complications, including but **not** limited to cardiac

---

complications as a result of the severe stress and fear, which has required immediate medical assistance, hospitalization, paramedic assistance and cardiac treatments. Taitz was aware of Liberi's medical complications as Taitz has published statements pertaining to Liberi's medical as well as filed it with this Court. Ostella, as a result of Taitz coming to NJ, driving around where she lives and by her children's school, and a picture of her daughter showing up on the Internet standing in front of her school, was forced to sell her house to an investor, under market value, to avoid people coming into the house and moved within two months of this incident to protect her family.

277.   As a direct and proximate cause of Defendants cyber-stalking, cyber-harassment and cyber-bullying of Plaintiffs, Plaintiffs Liberi and Ostella have been, among other things, scared, embarrassed, mortified, humiliated before the general public; live in fear for themselves, husbands and children daily and have suffered severe emotional distress.

278.   It should also be noted that Defendants cyber-stalking; cyber-harassment; and cyber-bullying of Plaintiffs Liberi and Ostella also committed the crime of stalking pursuant to *Cal. P.C.* §646.9(a); Communications Act, 47 U.S.C. § 223(a)(1)(C) and § 223(h)(1)(B); and the Women's Violence Act, Department of Justice Reauthorization Act of 2005, H.R. 3402, titled "Preventing Cyberstalking" and numbered as §113.

279.    Defendants Orly Taitz as an Attorney and an Officer of the Court by and through Defendant the Law Offices of Orly Taitz and as President of Defendants Orly Taitz, Inc. and DOFF's unlawful conduct as alleged herein was intentional, oppressive and malicious; therefore Plaintiffs Liberi and Ostella are entitled to civil penalties, punitive, actual, exemplary damages, and all other appropriate relief as further set forth in the Prayer for Relief herein.  Plaintiffs also seek an immediate restraining order pursuant to *Cal. Civ. Code* § 1708.7(d).

280.    As a direct and proximate result of the conduct alleged herein, Plaintiffs Liberi and Ostella seek to recover actual damages, including, but **not** limited to all damages, of any nature, resulting from the Defendants placing Plaintiffs Liberi, Berg and Ostella in a False Light before the Public. Plaintiffs Liberi, Berg and Ostella also seek statutory damages, penalties, exemplary and punitive damages, as provided by statute and as further set forth in the Prayer for Relief herein.

### EIGHTH CAUSE OF ACTION
### Defamation *Per Se*, Slander and Libel *Per Se*:
(All Plaintiffs against All Defendants)

281.    Plaintiffs re-allege and incorporate by reference each and every allegation contained hereinabove as though set forth here in full length.

282.    As outlined in the *Cal. Civ. Code* §44, "*Defamation is effected by either of the following:   (a) Libel; (b) Slander.*  Libel is a false publication by

---

*Liberi, et al v. Taitz, et al*, Case No. 8:11-cv-00485 (AG), Plaintiffs First Amended Complaint                111

*"writing, printing, picture, effigy or other fixed representation to the eye which*
*exposes any person to hatred, contempt, ridicule or obloquy, or which causes him*
*to be shunned or avoided, or which has a tendency to injure him in his*
*occupation"*, see *Cal. Civ. Code* §45. *"A libel which is defamatory of the plaintiff*
*without the necessity of explanatory matter, such as an inducement, innuendo or*
*other extrinsic fact, is said to be a libel on its face."*, just as Taitz and Sankey have
done to Plaintiffs Liberi and Ostella, *Cal. Civ. Code* §45a.

283.   Slander   is   a   false   publication,   *"orally   uttered,   and   also*
*communications by radio or any mechanical or other means which (1.) charges*
*any person with crime, or with having been indicted, convicted or punished for*
*crime; (3) tends directly to injure him in respect to his office, profession, trade or*
*business...; or (5.) which, by natural consequence causes actual damage."*, see
*Cal. Civ. Code* §46.

284.   As for the publication of Plaintiffs Social Security number, address,
drivers license information, credit information, etc.   Publications of this private
data California State Bar Rules of Professional Conduct 5-120, see *Cal. Civ. Code*
§47.

285.   The false, misleading and defamatory statements disseminated by the
Defendants all over the Internet, by mass emailing, by postal mailing, hand
delivery, and posting all over the World Wide Web portray Liberi as a lifelong

---

1   document forger, a perjure, a person with current criminal charges pending against

2   her, violating her probation, of slandering and defaming individuals, of stealing, of
3
4   "hacking", of being dangerous, of "murdering her sister", of tampering with Taitz

5   vehicles to harm her, of having 27, 46, 80, 100, and 200 felony counts against her,
6
7   of having a criminal history going back to the 1990's, of being convicted of

8   forging documents; of being convicted of 27, 46, and other false numbers criminal

9   counts; of having multiple Social Security numbers illegally, defrauding the courts,
10
11   forging court documents in the within case, of Social Security Fraud, and the other

12   false allegations outlined herein above made by Neil Sankey by and through
13
14   Sankey Investigations and The Sankey Firm owned by Todd Sankey, Orly Taitz as

15   an Attorney and an Officer of the Court by and through the Law Offices of Orly

16   Taitz and as President of Orly Taitz, Inc. and DOFF, with knowledge of the false
17
18   and libelous nature of the statements contained therein and with gross negligence

19   and reckless disregard for the truth.

20
21         286.   The false, misleading and defamatory statements disseminated by

22   Defendants portray Lisa Ostella as a thief, a "hacker", of stealing, having a long

23   criminal record, of slander, libel and defamation, of "hijacking" Taitz websites and
24
25   blogs, which Ostella owned, of seeking monies in the name of Taitz Corporation,

26   DOFF, forgery, perjury, defrauding the courts, and the other false allegations

27   outlined hereinabove.  The posts and statements were made by Neil Sankey by and
28

---

through Sankey Investigations and The Sankey Firm owned by Todd Sankey, Orly Taitz as an Attorney and an Officer of the Court by and through the Law Offices of Orly Taitz and as President of Orly Taitz, Inc. and DOFF, with knowledge of the false and libelous nature of the statements contained therein and with gross negligence and reckless disregard for the truth.

287.  The false, misleading and defamatory statements disseminated by Defendants portray Berg as dishonest, a thief, of forging court documents in this case, of perjury, subornation of perjury, defrauding the courts, making monies using DOFF's name, slander, libel and defamation, and the other false allegations outlined herein above made by Neil Sankey by and through Sankey Investigations and The Sankey Firm owned by Todd Sankey, Orly Taitz as an Attorney and an Officer of the Court by and through the Law Offices of Orly Taitz and as President of Orly Taitz, Inc. and DOFF, with knowledge of the false and libelous nature of the statements contained therein and with gross negligence and reckless disregard for the truth.

288.  Defendants Neil Sankey through Sankey Investigations, Inc. and The Sankey Firm owned by Todd Sankey, Orly Taitz as an Attorney and an Officer of the Court by and through the Law Offices of Orly Taitz and as President of Orly Taitz, Inc. and DOFF have intentionally disseminated with malice their hearsay version of events leading to a conviction against Liberi with knowledge of the false

1    and libelous nature of the statements contained therein and with gross negligence

2    and reckless disregard for the truth.

3

4        289.   The Reed and Intelius Defendants have published statements to

5    various credit reporting agencies, other information selling agencies, and other

6
     entities and individuals that the above referenced incorrect, inaccurate and
7

8    derogatory information belongs to the Plaintiffs.

9        290.   The Reed and Intelius Defendants furnished this information to
10
     Defendants Yosef Taitz; Daylight CIS.; Orly Taitz; Neil Sankey; The Sankey Firm,
11

12   Inc; Sankey Investigations; Todd Sankey; and other third party information

13
     gathers, none of which had a permissible purpose for said information.  In turn, the
14

15   information was posted all over the internet; sent by mass emailing; filed in Court

16   actions; sent by mass mailing; by hand delivery; and other ways, including
17
     internationally and to domestic terrorists and extremists since April 2009,
18

19   repeatedly.  This libelous and defamatory information has been provided to over a

20   million individuals and companies, including news and media outlets.
21

22       291.   The statements made by the Reed and Intelius Defendants are false in

23   that they inaccurately reflect upon Plaintiffs and paint the Plaintiffs as irresponsible

24
     and committing criminal acts.
25

26

27

28

292.   The Reed and Intelius Defendants knew the statements were false when made, and had **no** factual basis for making the statements, as Plaintiffs had notified them several times.

293.   Nonetheless, the Reed and Intelius Defendants continue to publish the false and negative information concerning the Plaintiffs up through the present time.

294.   The Reed and Intelius Defendants conduct was and is a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiffs that are outlined more fully above.

295.   Defendants' defamatory, slanderous and libelous statements have damaged and injured Plaintiffs Liberi, Berg, Ostella, Go Excel Global and the Law Offices of Philip J. Berg.  Furthermore, all the false, libel and defamatory postings all over the Internet have been carried by third party websites, tweeted and sent out through numerous social networks and RSS feeds.

296.   As a direct and proximate cause of the publication and republication of Defendants defamatory, slanderous and libel statements, Plaintiffs Liberi, Berg and Ostella have been, among other things, embarrassed, mortified, lost all clients, and humiliated before the general public and have suffered severe emotional distress.  Defendants Orly Taitz as an Attorney and an Officer of the Court by and through the Law Offices of Orly Taitz continually attempted to have Liberi and

1   Ostella falsely arrested in whole, because of the negative and false portrait of their

2   conduct that Defendants have created. Plaintiffs Liberi, Berg and Ostella's

3

4   reputation as honest, loyal and caring individuals who are good in their professions

5   have been seriously harmed and will now always bear a stain of being associated

6

7   with the false statements and allegations published and republished by the

8   Defendants.

9       297.   The remedies provided for in this section are cumulative and shall be

10

11  in addition to any others provided for by law.

12      298.   As outlined in *Cal. Civ. Code* §48a(2) Plaintiffs are entitled to

13

14  general, special and exemplary damages as Defendants statements, writings, posts,

15  radio interviews; print interviews; television interviews;  etc. containing the false

16

17  and fabricated information outlined hereinabove,  were done with malice and

18  Defendants refused to retract the statements, writings, postings, etc. upon demand.

19      299.   Defendants' unlawful conduct as alleged herein was intentional,

20

21  oppressive and malicious; therefore Plaintiffs Liberi, Ostella, Berg, Go Excel

22  Global and the Law Offices of Philip J. Berg are entitled to civil penalties,

23  punitive, actual, exemplary damages, and all other appropriate relief as further set

24

25  forth in the Prayer for Relief herein.

26      300.   As a direct and proximate result of the conduct alleged herein,

27  Plaintiffs Liberi, Berg, Ostella, Go Excel Global and the Law Offices of Philip J.

28

---

1   Berg seek to recover actual damages, including, but **not** limited to all damages, of

2   any nature, resulting from the Defendants defamatory, slanderous and libel stories

3

4   and statements about Plaintiffs Liberi, Berg and Ostella.  Plaintiffs Liberi, Berg,

5   Ostella,   Go   Excel   Global   and   the   Law   Offices   of   Philip   J.

6   Berg also seek statutory damages, penalties, exemplary and punitive damages, as

7

8   provided by statute and as further set forth in the Prayer for Relief herein.

9                                **NINTH CAUSE OF ACTION**

10            **Intentional Infliction of Emotional and Mental Distress:**

11                          (All Plaintiffs against All Defendants)

12

13       301.   Plaintiffs re-allege and incorporate by reference each and every

14   allegation contained hereinabove as though set forth here in full length.

15

16       302.   Defendants, each and all of them, engaged in outrageous conduct by

17   invading Plaintiffs privacy; invading Plaintiffs solitude and private affairs;

18   disclosing and publicizing private facts about the Plaintiffs; placing Plaintiffs in a

19

20   false light before the public's eye; defaming, slandering and libeling Plaintiffs;

21   maliciously prosecuting Plaintiff Liberi; cyber-stalking Plaintiffs Liberi and

22   Ostella; cyber-harassing Plaintiffs Ostella and Liberi; and cyber-bullying Plaintiffs

23

24   Liberi and Ostella.

25       303.   The Reed and Intelius Defendants, without any type of permissible

26   purpose and without maintaining the Plaintiffs private data confidential as

27

28   required, and without the Plaintiffs knowledge and/or permission, furnished to the

---

1    third parties mentioned herein, including Defendants Yosef Taitz, Daylight CIS,

2    which was enabled by Defendant Oracle through Daylight CIS Applications.   In
3
4    turn Defendants Yosef Taitz through his Corporation, Daylight Chemical CIS gave

5    the private identifying data to his wife, Orly Taitz, to assist and help her carry out
6
7    her threats against Plaintiffs. Orly Taitz then began inciting violence against

8    Plaintiffs Liberi and Ostella calling for people who she believed resided near
9
     Plaintiffs.
10
11       304.   Defendant Yosef Taitz through his Corporation, Daylight CIS created

12   Daylight Toolkits for dual purpose intent.   The Daylight applications are part of
13
14   Oracle's design.   Oracle is scripted, through the use of Daylight Applications to

15   interface all information, including but **not** limited to all information stored on

16   Oracle servers, all customer log-in details and other private data, back to
17
18   Defendant Taitz's and Daylight CIS's remote servers.

19       305.   Defendant Oracle knew about the dual purpose vulnerabilities of
20
21   Defendants Yosef Taitz and Daylight CIS' nefarious scripting.

22       306.   The Reed and Intelius Defendants use Defendant Oracle's servers
23
24   embedded with dual purpose applications provided by Defendants Taitz and

25   Daylight CIS.

26       307.   Defendants Yosef Taitz and Daylight CIS provided all of Plaintiffs
27
28   private personal identifying information, financial data, family data, birth data, and

---

other private information to his wife, who used the information to carry out her threats against the Plaintiffs.

308. In disseminating and distributing Plaintiffs private data, and failing to uphold our State and Federal laws, the Reed Defendants and Defendants Intelius, Inc., Yosef Taitz, Daylight CIS and Oracle Defendants acted willfully, intentionally, recklessly and maliciously and their conduct was illegal, outrageous, extreme and intolerable in that it offends generally accepted standards of decency and morality.

309. The aforesaid wrongful conduct on the part of the Reed Defendants and Defendants Intelius, Inc., Yosef Taitz, Daylight CIS and Oracle amounted to an intentional infliction of mental suffering and severe emotional distress upon the Plaintiffs. In particular and without limiting the generality of the foregoing, the references to the Plaintiffs and the distribution of Plaintiffs private data to third parties for purposes to harm and carry out their threats against the Plaintiffs; without any type of permissible purpose, without authorization or knowledge of the Plaintiffs; and which the private data was published all over the Internet and sent to in excess of a million individuals caused Plaintiffs severe emotional anguish and distress. In addition, Plaintiff Liberi suffered severe medical complications which resulted in hospitalization and; paramedic visits; medical procedures; and extensive medical bills.

310.   Defendants, each and all of them, engaged in this outrageous conduct with the intention to cause, or reckless disregard of the probability of causing, emotional distress to Plaintiffs.  In fact, Sankey and Taitz both have talked about Liberi's serious medical conditions on radio shows; posting on their websites; and filing the statements with this Court.  They were well aware the stress would cause serious medical complications for Liberi, and were well aware the stress caused by them could lead to Liberi's death.  As stated hereinabove, Liberi has had to obtain emergency help from paramedics; hospitalizations; cardiac treatments; medication; and other medical services as a result of the medical complications caused by the stress she was forced to endure at the hands of the Defendants.

311.   As a direct and proximate result of Defendants illegal actions, Plaintiffs have suffered severe emotional distress.  In addition thereto, Liberi suffered severe medical complications as a direct result of the stress requiring hospitalization, medical care; medications; emergency help from the paramedics, etc.

312.   The remedies provided for in this section are cumulative and shall be in addition to any others provided for by law.

313.   Defendants' unlawful conduct as alleged herein was intentional, oppressive and malicious; therefore Plaintiffs are entitled to civil penalties,

punitive, actual, exemplary damages, and all other appropriate relief as further set forth in the Prayer for Relief herein.

314.  As a direct and proximate result of the conduct alleged herein, Plaintiffs Liberi, Berg and Ostella seek to recover actual damages, including, but **not** limited to all damages, of any nature, resulting from the Defendants intentional infliction of emotional and mental duress.  Plaintiffs Liberi, Berg and Ostella also seek statutory damages, penalties, exemplary and punitive damages, as provided by statute and as further set forth in the Prayer for Relief herein.

## TENTH CAUSE OF ACTION

### Malicious Prosecution:

(Plaintiff Lisa Liberi against Defendants Orly Taitz as an Attorney and an Officer of the Court through Defendant the Law Offices of Orly Taitz and as President of Defendants Orly Taitz, Inc. and DOFF; Neil Sankey; Todd Sankey; Sankey Investigations, Inc. and The Sankey Firm)

315.  Plaintiffs re-allege and incorporate by reference each and every allegation contained hereinabove as though set forth here in full length.

316.  Defendants had **no** probable cause to file the "Motion for Emergency Revocation of Probation" against Liberi in San Bernardino County Superior Court, Rancho Cucamonga Division, Case No. FVW-028000 or to make the allegations in that they did **not** honestly, reasonably, and in good faith believe the allegations to be true.  As clearly demonstrated by the letter Taitz received from Deputy District Attorney with the San Bernardino County District Attorney's office.

317.   Defendants acted with malice in that they brought the action with the improper motive of publicizing that Liberi was in violation of her probation, and their attempts to have Liberi falsely arrested, and there were hearings as a result, when it was Defendants that filed the action in the Court based on false allegations.

318.   As a result of the false allegations and demand to revoke Liberi's probation filed by Orly Taitz as an Attorney and an Officer of the Court by and through the Law Offices of Orly Taitz, the Judge held three (3) hearings out of professional courtesy.   Taitz in turn posted all over her website that there were probation revocation hearings against Liberi and failed to tell the public that she caused said hearings by her filing of false statements and allegations.

319.   Further, Taitz was seeking people to attend the Court proceedings and falsely claim they were victims in attempts to support the Defendants false allegations and accusation against Plaintiff Liberi.

320.   Defendants acted with fraud and actual malice in that, knowing Plaintiff Liberi was about to be released from probation and their malicious attempts to have Liberi arrested and jailed on false allegations, in attempts to make the within lawsuit go away.   Defendants publicized the false allegations knowing the allegations were of such serious nature that they would inevitably damage Plaintiff Liberi.   Defendants acted solely on the improper purpose with conscious disregard for the rights of Plaintiff Liberi.   Defendants' intent was to make Plaintiff

1    an object of ridicule and hatred, to portray her as unethical and criminal, to bring

2
     her public and personal humiliation, to inflict financial damage on her, and to
3

4    damage her reputation by ascribing conduct and character that would adversely

5    reflect on her.

6
        321.   The fact that Judge Sabet with the San Bernardino Court, Rancho
7

8    Cucamonga Division who heard Taitz's false and malicious demands found

9
     absolutely **no** merit in the allegations which amounted to a favorable termination
10

11   of the proceedings for Plaintiff Liberi.   Further, it is documented in the Case file

12   that at least seven (7) separate State investigative agencies and two (2) Federal

13
     agencies investigated Taitz and Sankey's allegations and found absolutely no merit
14

15   in them.   Taitz and the other Defendants continued their false reports for the last

16   two (2) years attempting to have Liberi falsely arrested based on their meritless,
17

18   groundless and false accusations.

19      322.   There is absolutely **no** question and is demonstrated by the

20
     proceedings that Defendants had **no** evidence supporting their allegations and that
21

22   the action had absolutely **no** merit.

23
        323.   The remedies provided for in this section are cumulative and shall be
24

25   in addition to any others provided for by law.

26      324.   Defendants' unlawful conduct as alleged herein was intentional,

27
     oppressive and malicious; therefore Plaintiff Liberi is entitled to civil penalties,
28

---

*Liberi, et al v. Taitz, et al*, Case No. 8:11-cv-00485 (AG), Plaintiffs First Amended Complaint          124

punitive, actual, exemplary damages, and all other appropriate relief as further set forth in the Prayer for Relief herein.

325. As a direct and proximate result of the conduct alleged herein, Plaintiff Liberi seeks to recover actual damages, including, but **not** limited to all damages, of any nature, resulting from the Defendants Malicious Prosecution of Plaintiff Liberi. Plaintiff Liberi also seeks statutory damages, penalties, exemplary and punitive damages, as provided by statute and as further set forth in the Prayer for Relief herein.

## ELEVENTH CAUSE OF ACTION
### Abuse of Process:

(Plaintiff Lisa Liberi against Defendant Orly Taitz as an Attorney and an Officer of the Court through Defendant the Law Offices of Orly Taitz and as President of Defendants Orly Taitz, Inc. and DOFF; Neil Sankey; Todd Sankey; Sankey Investigations, Inc. and The Sankey Firm)

326. Plaintiffs re-allege and incorporate by reference each and every allegation contained hereinabove as though set forth here in full length.

327. Defendants misused the legal process by filing their Motion for an Emergency Revocation of Probation on Liberi, based on false allegations and accusations, knowing they were false, for the sole purpose to have Liberi arrested and jailed.

328. Further, Defendants sole purpose of the filing was to publicize the hearings, which Taitz, as an Attorney and an Officer of the court by and through