the Law Offices of Orly Taitz misstated and called "Revocation of Probation" hearings to incite and entice her followers, supporters and readers and further harm Plaintiff Liberi.

329.   Further, it is documented in the Case file that at least seven (7) separate State investigative agencies and two (2) Federal agencies investigated Taitz and Sankey's allegations and found absolutely no merit in them.   Despite this, Taitz as an Attorney an Officer of the Court by and through the Law Offices of Orly Taitz caused three (3) hearings to take place in the San Bernardino County Superior Court, Rancho Cucamonga Division, Case No. FWV-028000 based on their false allegations.

330.   Defendants acted with fraud,  malice and conscious disregard for the rights of Plaintiff Liberi in that their ulterior purpose in misusing the legal process was to damage Plaintiff Liberi by publicizing unfounded and untrue allegations against her and trying to have Liberi falsely arrested and jailed.

331.   As a proximate result of Defendants' misuse of the legal process, Plaintiff Liberi suffered damages and severe emotional distress.

332.   The remedies provided for in this section are cumulative and shall be in addition to any others provided for by law.

333.   Defendants' unlawful conduct as alleged herein was intentional, oppressive and malicious; therefore Plaintiff Liberi is entitled to civil penalties,

---

1    punitive, actual, exemplary damages, and all other appropriate relief as further set

2 forth in the Prayer for Relief herein.

3

4    334.   As a direct and proximate result of the conduct alleged herein,

5 Plaintiff Liberi seeks to recover actual damages, including, but **not** limited to all

6

7 damages, of any nature, resulting from the abuse of process against Plaintiff Liberi,

8 Plaintiff Liberi also seeks statutory damages, penalties, exemplary and punitive

9 damages, as provided by statute and as further set forth in the Prayer for Relief

10

11 herein.

12                  **TWELFTH CAUSE OF ACTION**

13      **Willful Voilation of the FCRA; 15 U.S.C. § 1681a(b) and (f):**

14      (Plaintiffs Lisa Liberi and Lisa Ostella against the Reed Defendants and

15                      Defendant Intelius, Inc.)

16    335.   Plaintiffs re-allege and incorporate by reference each and every

17

18 allegation contained hereinabove as though set forth here in full length.

19    336.   At all times pertinent hereto, each Defendant was a "person" and a

20 "Consumer Reporting Agency" as those terms are defined by 15 U.S.C. § 1681a(b)

21

22 and (f).

23    337.   At all times pertinent hereto, the Plaintiffs were "Consumers" as the

24

25 term is defined by 15 U.S.C. § 1681a(c).

26

27

28

338. At all times pertinent hereto, the above-mentioned reports were "Consumer Reports" as 15 U.S.C. §1681a(d); §1681a(e); §1681a(f); §1681a(g); and §1681a(h) define that term.

339. Plaintiffs through Counsel sent letters to Defendants Reed Elsevier, Inc. and all its corporations and businesses, including Defendants LexisNexis Group, Inc.; LexisNexis Risk Solutions, Inc.; LexisNexis, Inc.; LexisNexis Risk & Information Analytics Group, Inc. Seisint Inc. d.b.a. Accurint; and ChoicePoint, Inc. on February 28, 2010; March 10, 2010; March 26, 2010, May 10, 2010 and June 11, 2010 for amongst other things, incorrect information being reported on Reports by these Defendants, including wrong names, wrong Social Security numbers, dates of birth, and address information. Plaintiffs requested in the letter for the correction of the incorrect information being reported. In fact, Plaintiff Liberi showed approximately six (6) Social Security numbers, which Plaintiff Liberi never used, nor did they belong to Plaintiff Liberi; and numerous wrong names that had never been hers; and wrong birth dates on her reports and her spouses contained numerous wrong names which had never been her spouses name; wrong birth dates; and two (2) Social Security numbers with these Defendants and numerous names, which have never been hers.

340. On or about April 14, 2010, Plaintiffs through their counsel sent a letter to Defendant, Intelius, Inc. describing the events which violated Plaintiffs

---

1    rights, the facts that Defendant Intelius, Inc. was reporting wrong and incorrect

2    information as to both Plaintiffs as well as their spouses; and requested to be opted

3

4    out. Defendant Intelius, Inc. ignored Plaintiffs letter and refused to take any type

5    of protective or corrective measures.

6
       341.    Plaintiff Liberi continued monitoring her Lexis Reports, until revoked
7

8    by Jennifer Jung out of retaliation, only to learn that the incorrect and wrong

9    information was maintained, more incorrect information was being added.
10
       342.    Defendants    refused    to    investigate    and/or    correct    the    wrong
11

12    information, and instead ignored the letters sent on behalf of Plaintiffs.

13
       343.    Pursuant to 15 U.S.C.§1681n and 15 U.S.C.§1681o, Defendants are
14

15    liable to the Plaintiffs for engaging in the following conduct:

16
       (a)    willfully and negligently failing to conduct a proper and reasonable
17
              investigation or reinvestigation concerning the inaccurate information
18
              after receiving notice of the dispute in violation of 15 U.S.C. §1681I;
19

20       (b)    willfully and negligently failing to prepare Plaintiffs reports by
21              following procedures that assure maximum possible accuracy, in
22              violation of 15 U.S.C.§1681e(b);
23

24       (c)    willfully and negligently failing to comply with the requirements
25              imposed on furnishers of information pursuant to 15 U.S.C.§1681s-
26              2(b);
27

28       (d)    willfully and negligently failing to comply with the FCRA in every

---

*Liberi, et al v. Taitz, et al*, Case No. 8:11-cv-00485 (AG), Plaintiffs First Amended Complaint          129

1    other applicable respect, including 15 U.S.C.§§ 1681c and 1681g;

2

3    344.   The remedies provided for in this section are cumulative and shall be

4    in addition to any others provided for by law.

5

6    345.   The Reed Defendants' and Intelius, Inc. unlawful conduct as alleged

7    herein was intentional, oppressive and malicious; therefore Plaintiff Liberi is

8    entitled to civil penalties, punitive, actual, exemplary damages, and all other

9

10   appropriate relief as further set forth in the Prayer for Relief herein.

11   346.   As a direct and proximate result of the conduct alleged herein,

12   Plaintiffs Liberi and Ostella seek to recover actual damages, including, but **not**

13

14   limited to all damages, of any nature, resulting from the violations of the FCRA

15   outlined herein.  Plaintiffs Liberi and Ostella also seek civil penalties, statutory

16

17   damages, penalties, exemplary and punitive damages, as provided by statute and as

18   further set forth in the Prayer for Relief herein.

19
       ### THIRTEENTH CAUSE OF ACTION
20
       ### Willful Violation of the Fair Credit Report Act (FCRA)
21     ### 15 U.S.C. §§ 1681b, 1681n:

22
       (Plaintiffs Lisa Liberi and Lisa Ostella against the Reed Defendants and
23                     Defendant Intelius, Inc.)

24
25   341.   Plaintiffs re-allege and incorporate by reference each and every

26   allegation contained hereinabove as though set forth here in full length.

27

28

---

342.   Defendant Orly Taitz, wife of Defendant Yosef Taitz, threatened to destroy Plaintiff Liberi and get rid of her as a result of legal work Plaintiff Liberi was providing to attorney, Philip J. Berg, Esquire, which in **no** way involved Orly Taitz; Neil Sankey or any of the Defendants mentioned herein.

343.   The Reed Defendants and Intelius, Inc. without any type of permissible purpose and without maintaining the Plaintiffs private data confidential as required furnished to the third parties mentioned herein, including Defendants Yosef Taitz, Daylight Chemical Information Systems, Inc. and to Oracle Corporation.   In turn, Yosef Taitz through his Corporation, Defendant Daylight Chemical Information Systems, Inc. and Oracle Corporation gave the private identifying data to his wife, Orly Taitz, to assist and help her carry out her threats against Plaintiffs. Orly Taitz then began inciting violence against Plaintiffs Liberi and Ostella calling for people who she believed resided near Plaintiffs.

344.   Defendant Yosef Taitz's wife also filed false law enforcement reports against both Plaintiff Liberi and Plaintiff Ostella continuously with several law enforcement agencies, including Orange County Sheriff's Department, Orange County FBI, California Attorney General, U.S. Department of Justice, U.S. Attorney General's Office and other entities.   During this time, Plaintiff Liberi had never met or had any dealings with Orly Taitz or her husband, Defendant Yosef

1    Taitz.   The only time Plaintiff Liberi ever met Defendant Orly Taitz was at a

2    Restraining Order hearing in Pennsylvania, in this case, on December 20, 2010.

3

4        345.   As a result of the Defendants disclosure of Plaintiffs private

5    confidential information their full identities have been stolen.   Plaintiff Liberi's

6    credit has been completely destroyed.   What is worse, is even if Plaintiff Liberi's

7

8    obtains a new Social Security number it will **not** stop the theft, as her full Social

9    Security number, address, date of birth, maiden name, mother's maiden name,

10   father's name, place of birth and other private data, which is what is used to verify

11

12   your identity with Social Security has been provided to over a million individuals

13   and businesses, including internationally and to Militia groups outlined as hate and

14

15   terroristic groups by the Southern Poverty Law Center[12].   Thus, if a new number is

16   provided by Social Security, anyone could call in as Plaintiff Liberi, provide all

17

18   Plaintiff Liberi's identifying information and obtain Plaintiff Liberi's new Social

19   Security number.   Plaintiff Liberi and her spouse will be dealing with this the rest

20   of their lives.

21

22       346.   Due to the damages as a result of Defendants actions, Plaintiff Liberi

23   cannot get a loan to move, nor will anyone rent to her as a result of her full identity

24   theft and the identity theft of her spouse, which has completely destroyed their

25

26

27   ---
     [12]   The Southern Poverty Law Center is internationally known for tracking and exposing the activities of
28   hate groups. The Militia Groups Plaintiffs private data were sent to by Orly Taitz, Yosef Taitz, etc. are
     tracked by the Southern Poverty Law Center.

credit.  In fact, the damage is so severe; Plaintiff Liberi was unable to secure a loan this year (2010 - 2011) for her son's sophomore year of college.

347.   Defendants furnished and sold consumer reports and other personal information regarding Plaintiffs to unauthorized third parties by disclosing, selling and distributing said consumer reports, information, products and services to the above mentioned individuals as well as other unknown and unauthorized persons and entities.

348.   Defendants disclosed the foregoing consumer reports without any permissible purpose(s) therefor, as required under the FCRA, 15 U.S.C. §1681b.

349.   Defendants willfully failed to comply with the FCRA by knowingly and intentionally disclosing consumer reports and other personal identifying information to unauthorized third parties, in conscious disregard of the Plaintiffs rights under the FCRA, 15 U.S.C. §1681n.

350.   The remedies provided for in this section are cumulative and shall be in addition to any others provided for by law.

351.   The Reed Defendants' and Intelius, Inc. unlawful conduct as alleged herein was intentional, oppressive and malicious; therefore Plaintiff Liberi is entitled to civil penalties, punitive, actual, exemplary damages, and all other appropriate relief as further set forth in the Prayer for Relief herein.

352.   As a direct and proximate result of the conduct alleged herein, Plaintiffs Liberi and Ostella seek to recover actual damages, including, but **not** limited to all damages, of any nature, resulting from the violations of the FCRA outlined herein.   Plaintiffs Liberi and Ostella also seek civil penalties, statutory damages, penalties, exemplary and punitive damages, as provided by statute and as further set forth in the Prayer for Relief herein.

## FOURTEENTH CAUSE OF ACTION

### Negligence and Negligent Non-Compliance with FCRA
### 15 U.S.C. §§1681b, 1681o:

(Plaintiffs Lisa Liberi and Lisa Ostella against the Reed Defendants and Defendants Intelius, Inc. Yosef Taitz, Daylight CIS and Oracle)

353.   Plaintiffs re-allege and incorporate by reference each and every allegation contained hereinabove as though set forth here in full length.

354.   The Reed Defendants and Defendant Intelius, Inc provided consumer reports and information regarding Plaintiffs to unauthorized third parties by disclosing, selling and distributing consumer reports, information, product and other similar services to unknown and unauthorized persons or entities without any legitimate interest in or right to such data.

355.   The Reed Defendants and Defendant Intelius, Inc. disclosed the foregoing consumer reports without any permissible purpose(s) therefor, as required under the FCRA, 15 U.S.C. §1681b.

---

356.   The Reed Defendants and Defendant Intelius, Inc. disclosure of the foregoing consumer reports constitutes negligent noncompliance with the FCRA under 15 U.S.C. §1681o in that Defendants failed to use ordinary care to secure and maintain the privacy and confidentiality of the Plaintiffs personal information and credit reports.

357.   Additionally, The Reed Defendants and Defendant Intelius, Inc. failed to conduct a proper and reasonable investigation and/or reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiffs. Defendants failed to review and consider all relevant information submitted by the Plaintiffs concerning the disputes of the inaccurate information; failed to delete or correct the inaccurate information from Plaintiffs files and reports after investigation and/or reinvestigation; failed to report the results of the investigations to the relevant consumer reporting agencies and other parties the information was sold or distributed to; failed to properly and timely delete the inaccurate information from the Plaintiffs files and reports despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and continuing to report the inaccurate information despite having knowledge of the inaccuracies and/or the inability to be verified.  All of which is in violation of the FCRA, 15 U.S.C. §§ 15 U.S.C. 1681I; 1681e(b); 1681s-2(b); 1681c; and 1681g.

358.   Moreover, Defendants Yosef Taitz, Daylight CIS and Oracle were negligent in illegally scripting the Daylight Toolkit Applications to interface the information maintained on the databases and computers in which Oracle servers were running to Defendants Yosef Taitz and Daylight CIS.   Defendants Yosef Taitz and Daylight CIS were extremely negligent in sharing the private data they illegally obtained with this wife, to carry out his wife's threats against the Plaintiffs.

359.   Defendant Oracle Corporation was extremely negligent as Oracle Corporation was well aware of the dual applications of the scripting and took absolutely **no** steps to ensure the confidentiality of Plaintiffs information.

360.   At all times mentioned herein, Oracle was well aware of the vulnerability's when implementing Defendants Yosef Taitz and Daylight CIS Toolkit based architecture applications.

361.   The Reed Defendants were well aware that they were partnered with Defendants Oracle, Yosef Taitz and Daylight CIS.   Defendant Reed Elsevier, Inc. own Defendants, LexisNexis Group, Inc.; LexisNexis Risk Solutions, Inc.; LexisNexis, Inc.; LexisNexis Risk & Information Analytics Group, Inc.; Seisint, Inc. d.b.a. Accurint; and ChoicePoint, Inc. and many other data broker companies. The Reed Defendants have their own IT divisions who over-see their databases and servers, thus, they were aware that they run Oracle and Defendants Yosef Taitz and

---

1    Daylight CIS Toolkit architecture applications.  Further, the Reed Defendants were

2    more than aware of the confidential data Defendants Yosef Taitz and Daylight CIS

3

4    had interfacing back to their servers and had access to, but failed to take any type

5    of steps to ensure the confidentiality of the Plaintiffs data and to ensure the data

6

7    was **not** breached.  The Reed Defendants were aware of Oracle's vulnerabilities

8    since U.S. Homeland Security sent out notifiers about the vulnerabilities for years.

9           362.   The remedies provided for in this section are cumulative and shall be

10

11   in addition to any others provided for by law.

12          363.   The Reed Defendants; Defendants Intelius, Inc., Yosef Taitz, Daylight

13

14   CIS, and Oracle's unlawful conduct as alleged herein was intentional, oppressive

15   and malicious; therefore Plaintiff Liberi is entitled to civil penalties, punitive,

16   actual, exemplary damages, and all other appropriate relief as further set forth in

17

18   the Prayer for Relief herein.

19          364.   As a direct and proximate result of the conduct alleged herein,

20

21   Plaintiffs Liberi and Ostella seek to recover actual damages, including, but **not**

22   limited to all damages, of any nature, resulting from the violations of the FCRA

23   outlined herein.  Plaintiffs Liberi and Ostella also seek civil penalties, statutory

24

25   damages, penalties, exemplary and punitive damages, as provided by statute and as

26   further set forth in the Prayer for Relief herein.

27   //

28   //

1

### FIFTEENTH CAUSE OF ACTION

2

### Violation of the CCRAA, *Cal. Civ. Code* §§ 1786.12 and 1786.20:

3

(Plaintiffs Lisa Liberi and Lisa Ostella against the Reed Defendants and
Defendant Intelius, Inc.)

4

5

365.  Plaintiffs re-allege and incorporate by reference each and every

6

7

allegation contained hereinabove as though set forth here in full length.

8

366.  The Reed Defendants and Defendant Intelius, Inc. violated the

9

California Credit Reporting Agencies Act, including, *inter alia* §§ 1785.11,

10

11

1785.14, 1785.19, and 1785.22 by disclosing, selling and distributing Plaintiffs

12

credit, financial and other private data to unauthorized third parties, thereby

13

causing actual damages to the Plaintiffs.

14

15

367.   The Reed Defendants and Defendant Intelius, Inc. sold and furnished

16

the foregoing consumer credit reports and private information to third parties under

17

circumstances prohibited by California Civil Code §1785.11.

18

19

368.   The Reed Defendants and Defendant Intelius, Inc. failed to maintain

20

reasonable procedures designed to protect consumer information and to avoid

21

22

unlawful disclosure of the same in violation of California Civil Code §§ 1785.14

23

and 1785.22.

24

25

369.  The Reed Defendants and Defendant Intelius, Inc. failed to maintain

26

the confidentiality of consumers' credit reports and private personal information by

27

unlawfully disclosing such information to unauthorized third parties.  Moreover,

28

---

Defendants used the data they received from other Consumer Credit Reporting Agencies in manners contrary to Defendants agreements with them, in violation of *Cal. Civ. Code* § 1785.19.

370.   In so doing, the Reed Defendants also violated FTC Court Orders pending against them for the unlawful disclosure of Plaintiffs credit reports and private confidential information. As stated herein, there are three [3] FTC Court Orders against the Reed Defendants.   Said Court Orders requires the Reed Defendants to verify the permissible purpose for any third-party company to obtain the confidential information of an individual;   to maintain all searches conducted on Individuals; investigate and correct inaccurate information maintained on individuals; to notify individuals of any type of breach which could possibly affect them; to notify law enforcement when private data has been stolen or breached; to have security in place to prevent unauthorized access to private data, etc.   None of which the Reed Defendants complied with.

371.   The remedies provided for in this section are cumulative and shall be in addition to any others provided for by law.

372.   The Reed Defendants; Defendants Intelius, Inc., Yosef Taitz, Daylight CIS, and Oracle's unlawful conduct as alleged herein was intentional, oppressive and malicious; therefore Plaintiffs Liberi and Ostella are entitled to civil penalties,

punitive, actual, exemplary damages, and all other appropriate relief as further set forth in the Prayer for Relief herein.

373.   As a direct and proximate result of the conduct alleged herein, Plaintiffs Liberi and Ostella seek to recover actual damages, including, but **not** limited to all damages, of any nature, resulting from the violations of the CCRAA outlined herein.   Plaintiffs Liberi and Ostella also seek civil penalties, statutory damages, penalties, exemplary and punitive damages, as provided by statute and as further set forth in the Prayer for Relief herein.

## SIXTEENTH CAUSE OF ACTION

### Violation of the ICRAA, *Cal. Civ. Code* §§ 1785.11, 1785.14, 1785.19, and 1785.22:

(Plaintiffs Lisa Liberi and Lisa Ostella against the Reed Defendants and Defendant Intelius, Inc.)

374.   Plaintiffs re-allege and incorporate by reference each and every allegation contained hereinabove as though set forth here in full length.

375.    The Reed Defendants and Defendant Intelius, Inc., at all times relevant, collected Plaintiffs and millions of other consumers data which included character, general reputation, medical information, personal identifying information, personal characteristics, mode of living and other private confidential data.  Defendants compiled and routinely supplied such investigative consumer reports and files to third parties, including Orly Taitz, Neil Sankey, Todd Sankey,

The Sankey Firm, Inc. and Sankey Investigations, none of which had any type of permissible purpose to have access to Plaintiffs private information. In addition, Defendants compiled and routinely sold the private data to insurance companies and employers, as well as many other organizations and individuals.

376. In addition, due to their negligence, the Reed Defendants and Defendant Intelius, Inc. allowed Defendants Yosef Taitz, Daylight CIS and Oracle access to Plaintiffs Liberi and Ostella's private data as well as the private data of millions of individuals.

377. The Reed Defendants and Defendant Intelius, Inc. violated the provisions of the California Investigative Consumer Reporting Agencies Act, including §§ 1786.12 and 1786.20 by engaging in their unlawful activities as outlined herein. In so doing, Defendants caused Plaintiffs to suffer actual damages.

378. The remedies provided for in this section are cumulative and shall be in addition to any others provided for by law.

379. The Reed Defendants; Defendants Intelius, Inc., Yosef Taitz, Daylight CIS, and Oracle's unlawful conduct as alleged herein was intentional, oppressive and malicious; therefore Plaintiffs Liberi and Ostella are entitled to civil penalties, punitive, actual, exemplary damages, and all other appropriate relief as further set forth in the Prayer for Relief herein.

---

380.   As a direct and proximate result of the conduct alleged herein, Plaintiffs seek to recover actual damages, including, but **not** limited to all damages, of any nature, resulting from the unlawful disclosure of their credit reports and personal information to unauthorized third parties, for the purpose of these third parties to carry out their vile threats against the Plaintiffs.   Plaintiffs Liberi and Ostella seek to recover actual damages, including, but **not** limited to all damages, of any nature, resulting from the violations of the CCRAA outlined herein. Plaintiffs Liberi and Ostella also seek civil penalties, statutory damages, penalties, exemplary and punitive damages, as provided by statute and as further set forth in the Prayer for Relief herein.

## SEVENTEENTH CAUSE OF ACTION

### Violation of the Information Practices Act (IPA)
### *Cal. Civ. Code* §§ 1798, et seq:

(Plaintiffs Lisa Liberi and Lisa Ostella against the Reed Defendants and Defendants Intelius, Inc., Yosef Taitz, Daylight CIS and Oracle)

381.   Plaintiffs re-allege and incorporate by reference each and every allegation contained hereinabove as though set forth here in full length.

382.   Defendant Yosef Taitz through his Corporation, Daylight CIS scripted the Daylight Toolkit Applications which is part of the operational architecture of Defendant Oracle, to interface all information, including but **not** limited to all information stored on the server of the company in which Oracle servers are used,

---

all customer log-in details of the company in which Oracle servers with Daylight
Toolkit based architecture applications are used, and other private data, back to
servers in the control of Defendant Taitz's and Daylight CIS'.

383.  Defendants Oracle Corporation knew or should have known about its
partners, Defendants Yosef Taitz and Daylight CIS' nefarious scripting working
with the Oracle Corporations productions.  There is **no** question as to Defendant
Oracle's knowledge, as they were notified by Homeland Security as well as third –
parties.

384.  Defendants Yosef Taitz, Daylight CIS and Oracle Corporation's
Daylight Toolkit applications and products operate the Reed and Intelius
Defendants databases and servers.  Defendants Yosef Taitz and Daylight CIS had
access to Plaintiffs private confidential identifying information; financial records,
credit reports, and other private data.  Defendants Yosef Taitz and Daylight CIS
had absolutely **no** legal cognizable right to the Plaintiffs private data or to
distribute Plaintiffs confidential private data.

385.  Defendants Yosef Taitz and Daylight CIS provided all of Plaintiffs
private personal identifying information, financial data, family data, birth data, and
other private information to his wife, who used the information to carry out her
threats against the Plaintiffs.

386.   Plaintiffs have legally protected privacy interests in their confidential credit, financial, family, personal identifying information and other personal information.   At all times herein, Plaintiffs had strong expectations of privacy in such information and believed said information was maintained confidential and secure.   This right to privacy, codified in the California Civil Code 1798.53, protects parties from the unlawful disclosure and/or use of Plaintiffs private confidential information, including, but **not** limited to Social Security numbers, dates of birth, maiden names, places of birth, financial records, mother's maiden names, fathers names, family data and other private confidential information.   All Defendants operate within the State of California and mandated to follow the privacy laws of this State.

387.   Defendant Yosef Taitz through his Corporation, Daylight CIS scripted the Daylight Toolkit Applications which is part of the operational architecture of Defendant Oracle, to interface all information, including but **not** limited to all information stored on the server of the company in which Oracle servers are used, all customer log-in details of the company in which Oracle servers with Daylight Toolkit based architecture applications are used, and other private data, back to servers in the control of Defendant Taitz's and Daylight CIS'.

388.   Defendants Oracle Corporation knew or should have known about its partners, Defendants Yosef Taitz and Daylight CIS' nefarious scripting working

with the Oracle Corporations productions.  There is **no** question as to Defendant Oracle's knowledge, as they were notified by Homeland Security as well as third – parties.

389. Defendants Yosef Taitz, Daylight CIS and Oracle Corporation's Daylight Toolkit applications and products operate the Reed and Intelius Defendants databases and servers.  Defendants Yosef Taitz and Daylight CIS had access to Plaintiffs private confidential identifying information; financial records, credit reports, and other private data.  Defendants Yosef Taitz and Daylight CIS had absolutely no legal cognizable right to the Plaintiffs private data or to distribute Plaintiffs confidential private data.

390. Defendants Yosef Taitz and Daylight CIS provided all of Plaintiffs private personal identifying information, financial data, family data, birth data, and other private information to his wife, who used the information to carry out her threats against the Plaintiffs.

391. Plaintiffs have legally protected privacy interests in their confidential credit, financial, family, personal identifying information and other personal information.  At all times herein, Plaintiffs had strong expectations of privacy in such information and believed said information was maintained confidential and secure.  This right to privacy, codified in the *Cal. Civ. Code* §1798.53, protects parties from the unlawful disclosure and/or use of Plaintiffs private confidential

---

1  information, including, but **not** limited to Social Security numbers, dates of birth,

2
3  maiden names, places of birth, financial records, mother's maiden names, fathers

4  names, family data and other private confidential information.  All Defendants

5  operate within the State of California and mandated to follow the privacy laws of

6
7  this State.

8      382.  As alleged herein, Defendants violated Plaintiffs privacy rights and

9
10  *Cal. Civ. Code* § 1798.53 by selling, disclosing and distributing Plaintiffs

11  privileged financial, credit and personal identifying information without their

12  knowledge or consent to unauthorized third parties.  The unauthorized sale,

13
14  disclosure and distribution of such private data and information are offensive and

15  objectionable to a reasonable person of ordinary sensibilities.  Moreover the

16  Defendants actions were egregious as they sold and distributed Plaintiffs private

17
18  data to third parties mentioned herein who had threatened the Plaintiffs safety and

19  the safety of their families.

20
21      383.  Plaintiff Lisa Liberi, at all times mentioned herein, was a client of

22  Defendants Reed Elsevier, Inc., LexisNexis Group, Inc., LexisNexis, Inc.,

23  LexisNexis Risk & Information Analytics Group, Inc., LexisNexis Risk Solutions,

24
25  Inc.and Intelius, Inc. Each time Plaintiff Liberi logged into her account with the

26  Defendants, the Defendants collected further private data of Plaintiff Liberi.

27
28  Defendants violated California Civil Code §1798.81 by disclosing Plaintiff

---

Liberi's private identifying information, credit reports, and other private data to the third parties including Defendants Yosef Taitz, Daylight Chemical Information Systems, Inc. and Oracle, who at no time had any type of permissible purpose. In turn, the third parties publicized Plaintiff Liberi's private confidential identification on the Internet, sent it by mass emailing, mass mailing, made it available for download on their website, and even sent the information Internationally and to terroristic and hate type Militia Groups.    Plaintiff Liberi's private confidential identifying information and credit data was provided to over a million individuals and entities, again, including Internationally and to terroristic and hate type Militia Groups in violation of California Civil Code §1798.83.   Defendants violations were willful, intentional, and reckless in illegally disclosing Plaintiff Liberi's private date, and therefore, each Defendant is liable to Plaintiff Liberi civil penalties pursuant to California Civil Code §1798.84(d), $3,000.00 for every person and entity her private data, including but **not** limited to, private identifying data, financial data, family data, birth data and other private confidential data was provided to and by these third-parties.

384.    Plaintiff Lisa Ostella, at all times mentioned herein was a customer of Defendant Intelius, Inc.   Each time Plaintiff Ostella logged into her account, Defendant Intelius, Inc. compiled her private data.    Intelius, Inc. sold and furnished Plaintiff Ostella's private data to third parties without any type of

authorization and/or permissible purpose.   In turn, the third parties published Plaintiff Ostella's private data; and   sent by mass emailing Plaintiff Ostella's private data to over a million individuals and entities, including Internationally and to terroristic and hate type Militia Groups in violation of *Cal. Civ. Code* §1798.83. Defendant Intelius, Inc.'s violations were willful, intentional, and reckless in illegally disclosing Plaintiff Ostella's private date, and therefore, Defendant Intelius, Inc. is liable to Plaintiff Ostella civil penalties in the amount of $3,000.00 per individual/entity her private data was sent, which again, is over a million individuals/entities, pursuant to Cal. Civ. Code §1798.84(d).

385.   Defendants failed to maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information from unauthorized access or distribution.   Defendants had a contract with Neil Sankey, Sankey Investigations, Inc. Todd Sankey and The Sankey Firm, Inc. and failed to ensure these third party providers implemented and maintained reasonable security procedures and practices appropriate to the nature and protection of Plaintiffs private confidential information in violation of *Cal. Civ. Code* § 1798.81.5.   Therefore, Defendants are liable to Plaintiffs for the serious injuries Defendants actions caused.

386.   Defendants made publicly available all of the private confidential information of Plaintiffs and their spouses, including their Social Security numbers

---

in violation of *Cal. Civ. Code* §1798.85.  As a direct result, Plaintiffs have been severely damaged as a result of Defendants willful violations and are liable to the Plaintiffs for damages they have encountered.

387.  Defendants were aware of the breach by these particular third parties as a result of the publication of President Obama's social security number by these third parties.  Although Defendants cancelled the third parties subscriptions, Defendants failed to notify the Plaintiffs of this egregious breach in violation of *Cal. Civ. Code* §1798.82. Nor did Defendants report these breaches to the proper law enforcement authorities, instead allowing the damages to occur to Plaintiffs herein.

388.  As a result of Defendants unlawful conduct, the privacy rights of the Plaintiffs have been severely and seriously violated and Plaintiffs have been injured and damaged as a result thereof.

389.  Defendants unlawful conduct as alleged herein was intentional, wanton, oppressive and malicious, therefore Plaintiffs are entitled to the statutory damages set forth at *Cal. Civ. Codes* §§ 1798.53, 1798.81, 1798.82, 1798.83, 1798.85., including exemplary damages, punitive damages, actual damages, general damages, attorney fees, costs and all other appropriate relief as further set forth in the Prayer for Relief herein.

## EIGHTEENTH CAUSE OF ACTION

---

**<u>Violation of Cal. Business and Professions Code §§ 17200 et seq.</u>:**

(Plaintiffs Lisa Liberi and Lisa Ostella against the Reed Defendants and
Defendants Intelius, Inc., Yosef Taitz, Daylight CIS and Oracle)

390.   Plaintiffs re-allege and incorporate by reference each and every
allegation contained hereinabove as though set forth here in full length.

391.   The Reed Defendants; Defendants Intelius, Inc., systematic violation
of the FCRA, CCRAA, ICRAA and IPA, as alleged herein, coupled with their
unlawful invasion of Plaintiffs Privacy Rights and the other wrongful conduct
alleged in this Complaint, reveals a pattern and practice of unfair, unlawful and
fraudulent business practices in violation of California Business & Professions
Code ["*Cal. Bus. & Prof. Code*"] § 17200 et seq.

392.   The Reed Defendants; Defendants Intelius, Inc., Yosef Taitz, Daylight
CIS, and Oracle's knowing failure to adopt policies in accordance with and/or to
adhere to these laws, all of which are binding upon and burdensome to Defendants
competitors, engenders an unfair competitive advantage for Defendant, thereby
constituting an unfair business practice, as set forth in *Cal. Bus. & Prof. Code* §§
17200-17208.

393.   Defendants have been unjustly enriched as a result of their unfair,
unlawful and fraudulent business acts and practices as alleged herein.

394.   Plaintiffs are entitled to an Order enjoining Defendants from violating
*Cal. Bus. & Prof. Code* § 17200 et seq. And are also entitled to restitution of all

---