Defendants unjust enrichment pursuant to *Cal. Bus. & Prof. Code* §§ 17203 and 17204.

395.   The remedies provided for in this section are cumulative and shall be in addition to any others provided for by law.

396.   The Reed Defendants; Defendants Intelius, Inc., Yosef Taitz, Daylight CIS, and Oracle's unlawful conduct as alleged herein was intentional, oppressive and malicious; therefore Plaintiffs Liberi and Ostella are entitled to civil penalties, punitive, actual, exemplary damages, and all other appropriate relief as further set forth in the Prayer for Relief herein.

397.   As a direct and proximate result of the conduct alleged herein, Plaintiffs seek to recover actual damages, including, but **not** limited to all damages, of any nature, resulting from the unlawful disclosure of their credit reports and personal information to unauthorized third parties, for the purpose of these third parties to carry out their vile threats against the Plaintiffs.  Plaintiffs Liberi and Ostella seek to recover actual damages, including, but **not** limited to all damages, of any nature, resulting from the violations outlined herein.  Plaintiffs Liberi and Ostella also seek civil penalties, statutory damages, penalties, exemplary and punitive damages, as provided by statute and as further set forth in the Prayer for Relief herein.

//
//

---

## NINETEENTH CAUSE OF ACTION

### Negligent Infliction of Emotional and Mental Distress:

(Plaintiffs Lisa Liberi and Lisa Ostella against the Reed Defendants and
Defendants Intelius, Inc., Yosef Taitz, Daylight CIS and Oracle)

398.   Plaintiffs re-allege and incorporate by reference each and every allegation contained hereinabove as though set forth here in full length.

399.   The Reed Defendants and Defendant Intelius, Inc without any type of permissible purpose and without maintaining the Plaintiffs private data confidential as required, and without the Plaintiffs knowledge and/or permission, furnished to the third parties mentioned herein, including Defendants Yosef Taitz, Daylight Chemical Information Systems, Inc. and to Oracle Corporation.   In turn, Defendants Yosef Taitz through his Corporation, Defendant Daylight Chemical Information Systems, Inc. and Oracle Corporation gave the private identifying data to his wife, Orly Taitz, to assist and help her carry out her threats against Plaintiffs. Orly Taitz then began inciting violence against Plaintiffs Liberi and Ostella calling for people who she believed resided near Plaintiffs.

400.   Defendant Yosef Taitz through his Corporation, Daylight CIS scripted the DayCart which operates with Oracle, to interface all information, including but **not** limited to all information stored on the server of the company in which DayCart and Oracle are implemented, all customer log-in details of the company in

---

which the DayCart and Oracle were implemented, and other private data, back to Defendant Taitz's and Daylight CIS's private servers.

401.   Defendant Oracle Corporation knew or should have known about its partners, Defendants Yosef Taitz and Daylight CIS' nefarious scripting working with the Oracle Corporation's products.

402.   Defendants Yosef Taitz, Daylight CIS and Oracle Corporation's DayCart and Oracle products are maintained on the other Defendants databases and servers.  Defendants Yosef Taitz, Daylight CIS and Oracle Corporation had access to Plaintiffs private confidential identifying information; financial records, credit reports, and other private data.  Defendants Yosef Taitz, Daylight CIS and Oracle had absolutely no legally cognizable right to the Plaintiffs private data or to distribute Plaintiffs confidential private data.

403.   Defendants Yosef Taitz and Daylight CIS provided Plaintiffs private personal identifying information, financial data, family data, birth data, and other private information to his wife, who used the information to carry out her threats against the Plaintiffs.

404.   Plaintiffs have legally protected privacy interests in their confidential credit, financial, family, personal identifying information and other personal information.  At all times herein, Plaintiffs had strong expectations of privacy in such information and believed said information was maintained confidential and

secure.   All Defendants operate within the State of California and mandated to follow the Federal and State privacy laws.

405.   As alleged herein, Defendants violated Plaintiffs privacy by selling, disclosing and distributing Plaintiffs privileged financial, credit and personal identifying information without their knowledge or consent to unauthorized third parties.  The unauthorized sale, disclosure and distribution of such private data and information are offensive and objectionable to a reasonable person of ordinary sensibilities.  Moreover the Defendants actions were egregious as they sold and distributed Plaintiffs private data to third parties mentioned herein who had threatened the Plaintiffs safety and the safety of their families.

406.   Defendants knew or should have known that their illegal acts in violation of our Federal and State Laws as outlined herein by disclosing all Plaintiffs private data to individuals who had threatened the Plaintiffs and their families and omissions to act and protect the Plaintiffs by reporting the egregious violations are clear breaches in the Defendants duty to ensure Plaintiffs and the general public's privacy rights, safety and to ensure all private data in the possession of Defendants is maintained securely and privately.

407.   The Reed Defendants; Defendants Intelius, Inc.; Yosef Taitz; Daylight Chemical Information Systems, Inc.; and Oracle Corporation knew or should have known that their disclosure of Plaintiffs private data and violations of State and

---

Federal laws implemented to protect the Plaintiffs would cause Plaintiffs to suffer severe emotional and mental distress. All Defendants had a duty as outlined herein to exercise due care towards Plaintiffs private data.

408. The Reed Defendants and Intelius, Inc. without any type of permissible purpose and without maintaining the Plaintiffs private data confidential as required furnished to the third parties mentioned herein, including Defendants Yosef Taitz, Daylight CIS and to Oracle Corporation. In turn, Yosef Taitz through his Corporation, Defendant Daylight CIS and Oracle Corporation gave the private identifying data to his wife, Orly Taitz, to assist and help her carry out her threats against Plaintiffs. Orly Taitz then began inciting violence against Plaintiffs Liberi and Ostella calling for people who she believed resided near Plaintiffs.

409. As a result of the Defendants disclosure of Plaintiffs private confidential information their full identities have been stolen. Plaintiff Liberi's credit has been completely destroyed. What is worse, is even if Plaintiff Liberi's obtains a new Social Security number it will **not** stop the theft, as her full Social Security number, address, date of birth, maiden name, mother's maiden name, father's name, place of birth and other private data, which is what is used to verify your identity with Social Security has been provided to over a million individuals and businesses, including internationally and to Militia groups outlined as hate and

terroristic groups by the Southern Poverty Law Center[13]. Thus, if a new number is provided by Social Security, anyone could call in as Plaintiff Liberi, provide all Plaintiff Liberi's identifying information and obtain Plaintiff Liberi's new Social Security number. Plaintiff Liberi and her spouse will be dealing with this the rest of their lives.

410. The Reed Defendants; Defendants Intelius, Inc., Yosef Taitz, Daylight CIS, and Oracle's unlawful conduct as alleged herein was intentional, oppressive and malicious; therefore Plaintiffs Liberi and Ostella are entitled to civil penalties, punitive, actual, exemplary damages, and all other appropriate relief as further set forth in the Prayer for Relief herein.

411. As a direct and proximate result of the Defendants acts and omissions outlined herein, Plaintiffs have suffered severe emotional and mental suffering. Plaintiff Liberi ended up with heart complications which caused her to be hospitalized for approximately six days and undergo Enhanced External Counterpulsation (*EECP*) on two separate occasions; repeated cardiac care; hospital and medical bills; and additional cardiac medications which have cost Plaintiff Liberi in excess of one hundred and fifty thousand dollars [$150,000.00].

412. As a direct and proximate result of the Defendants acts and omissions outlined herein, Plaintiffs have lived in fear since April 2009 for their own lives,

---

[13] The Southern Poverty Law Center is internationally known for tracking and exposing the activities of

the lives of their children and husbands; have been harassed; cyber-bullied; cyber-stalked; Plaintiffs have suffered severely, anguish, fright, horror, medical complications, nervousness, grief, anxiety, worry, shock, humiliation, and shame as outlined herein.

413.    As a direct and proximate result of Defendants illegal actions, Plaintiffs have suffered severe emotional distress.    In addition thereto, Liberi suffered severe medical complications as a direct result of the stress requiring hospitalization, medical care; medications; emergency help from the paramedics, etc.

414.    The remedies provided for in this section are cumulative and shall be in addition to any others provided for by law.

415.    Defendants' unlawful conduct as alleged herein was intentional, oppressive and malicious; therefore Plaintiffs Liberi and Ostella are entitled to civil penalties, punitive, actual, exemplary damages, and all other appropriate relief as further set forth in the Prayer for Relief herein.

416.    As a direct and proximate result of the conduct alleged herein, Plaintiffs Liberi, Berg and Ostella seek to recover actual damages, including, but **not** limited to all damages, of any nature, resulting from the Defendants illegal acts outlined herein.    Plaintiffs Liberi, Berg and Ostella also seek statutory damages,

---

hate groups. The Militia Groups Plaintiffs private data were sent to by Orly Taitz, Yosef Taitz, etc. are

---

penalties, exemplary and punitive damages, as provided by statute and as further set forth in the Prayer for Relief herein.

## TWENTIETH CAUSE OF ACTION

### Res Ipsa Loquitor Negligence:

(Plaintiffs Lisa Liberi and Lisa Ostella against the Reed Defendants and Defendants Intelius, Inc., Yosef Taitz, Daylight CIS and Oracle)

417.   Plaintiffs re-allege and incorporate by reference each and every allegation contained hereinabove as though set forth here in full length.

418.   As alleged herein, the Reed and Intelius Defendants had and owed a duty to ensure the private confidential identifying data; financial data; credit data; and other personal data maintained in their databases and on their servers was maintained securely.  The Reed and Intelius Defendants had and owed a duty to ensure their third party contractors and partners, Defendants Yosef Taitz, Daylight CIS and Oracle did **not** over-step their access to the private confidential data maintained on the Reed and Intelius Defendants databases, severs and other electronic storages and had the duty to ensure their third party contractors and partners, Defendants Yosef Taitz, and Daylight CIS did **not** distribute the confidential information pertaining to the Plaintiffs and any other individual.

419.   Defendant Oracle was aware of the vulnerabilities as outlined herein in their servers and they had a duty to ensure their servers which were provided to

tracked by the Southern Poverty Law Center.

companies, including but **not** limited to the Reed and Intelius Defendants, were free from the vulnerabilities.  Defendant Oracle was aware that the Reed and Intelius Defendants were amongst other things, data brokers of individuals' private data, including Plaintiffs private data.  Defendant Oracle was well aware that all the data maintained on the Reed and Intelius Defendants databases and servers, provided by Oracle, was breached as did the Reed and Intelius Defendants. Despite this, Oracle took no steps to ensure their software and applications maintained the confidentiality and security of the data maintained on servers provided by Oracle.

420.   Defendants Yosef Taitz and Daylight CIS had and owed a duty to ensure any confidential private data accessible by them was maintained secure and confidential and that no other third party had access to the protected data, including his wife, Orly Taitz.

421.   The conduct and omissions of the Reed Defendants, Defendants Intelius, Inc., Yosef Taitz, Daylight CIS, and Oracle are presumed to be negligent because:

A. The third parties, Orly Taitz (Defendant Yosef Taitz's wife); Neil Sankey; Sankey Investigations, Inc.; Todd Sankey; and The Sankey Firm, Inc. would **not** have been able to access Plaintiffs or any other individuals private data; financial data; credit data, etc. which all Defendants controlled unless Defendants were negligent;

B.  The dissemination of Plaintiffs private confidential identifying data; financial data; credit data; and other private data was caused by something that all the Defendants controlled; and

C.  Plaintiffs voluntary actions did **not** cause or contribute to the illegal and improper dissemination of their private confidential identifying data; financial data; credit data; and/or their other personal private data.

422.    The Reed Defendants; Defendants Intelius, Inc., Yosef Taitz, Daylight CIS, and Oracle's unlawful conduct as alleged herein was intentional, oppressive and malicious; therefore Plaintiffs Liberi and Ostella are entitled to civil penalties, punitive, actual, exemplary damages, and all other appropriate relief as further set forth in the Prayer for Relief herein.

423.    As a direct and proximate result of Defendants' negligent, careless and reckless acts and omissions, Plaintiffs private confidential personal identifying data; financial data; credit data; and other private confidential data was disseminated to Orly Taitz, Neil Sankey, Todd Sankey, Sankey Investigations and The Sankey Firm; and posted all over the Internet and sent in mass emailing, by mass postal mail, hand delivery, to over a million individuals including internationally and to terroristic and dangerous type Militia Groups. Said actions caused Plaintiffs severe damages and Plaintiffs are entitled to recover compensatory, general, statutory, and punitive damages.

## **PRAYER FOR RELIEF:**

**WHEREFORE** Plaintiffs', on behalf of themselves pray for judgment against Defendants as follows:

1. **Preliminary and Permanent Injunctive Relief:**

a. An Order awarding preliminary and permanent injunctive relief, including *inter alia*: (1.) prohibiting Defendants from engaging in the acts alleged above; (2.) requiring removal of **all** Defendants postings and postings caused by the Defendants actions (doxing)[14] pertaining to Mrs. Liberi, Mrs. Ostella, and Mr. Berg, including but **not** limited to writings, pictures, home address, private identifying information, e.g. social security numbers, dates of birth, all false information, mother's maiden name, father's name, place of birth, credit data, etc. pertaining to both Mrs. Liberi and Mrs. Ostella, their children, their husband's, their mother's and father's from Defendants website, including but **not** limited to:

i. all static and dynamic websites and blogs located nationally and Internationally;

ii. any and all social networks, including but **not** limited to Facebook, twitter and any other social networks located nationally and internationally;

iii. any and all radio shows, including but **not** limited to Internet, blog broadcasts, satellite, AM/FM Radio Stations and blog talk networks located nationally and internationally;

---

[14]Doxing, is the term used for the process of gathering personal information on a victim/target. This commonly takes place over the internet; but, the internet is **not** the only way it takes place. There are many methods of doxing, and various tools used.

---

iv. All YouTube channels, video channel's  and televised shows, including nationally and internationally;

v. All Internet search engines and databases, including but **not** limited to Google, Yahoo, AOL, Bing, AltaVista, Lycos, Dogpile, waybackmachine, 123 people, MetaCrawler, Google Images, Infoseek, Infospace, IXQuick.com, etc;

b. Restrain Defendants, their officers, agents, servants, employees, and attorneys, and those in active concert or participation with them from continued access, collection, and transmission of Plaintiffs Liberi and Ostella's personal information via preliminary and permanent injunction;

c. An Order of this Court ordering complete retractions of all false statements published by Defendants and which Defendants caused to be published pertaining to Mrs.  Liberi, Mrs. Ostella, Mr. Berg, their children, spouses and parents.

d. Preliminary and permanent Injunctive Relief enjoining Defendants from any further distribution,  publications, internet postings, blog postings, radio shows, etc. mentioning Mrs. Liberi, Mrs. Ostella, Mr. Berg and/or any of their family members name and any of their private data;

e. An Order from the Court ordering all third party static and dynamic websites, blogs, social networks, radio stations, YouTube channels and video channels, as outlined above are to immediately remove and delete Defendants or any publications and postings regarding Mrs. Liberi, Mrs.

Ostella, Mr. Berg their children, spouses and parents, including http://lisaliberi.com.

f.   Restraining Order enjoining Defendants and/or any third parties on behalf of the Defendants from contacting, cyber-stalking, cyber-harassing, and/or cyber-bullying Mrs. Liberi, Mrs. Ostella, their families, and friends by way of preliminary and permanent injunctive relief;

g.   An Order declaring that the Reed Defendants and Intelius sale, disclosure and/or dissemination of Plaintiffs consumer reports and personal information violated the FCRA, the CCRAA, the ICRAA and/or the IPA;

h.   An Order directed at the Reed Defendants, Defendants Intelius, Inc., Yosef Taitz, Daylight CIS and Oracle to remove all information they maintain on the Plaintiffs from their complete database systems and servers;

i.   An Order enjoining the Reed Defendants, Defendants Intelius, Inc., Yosef Taitz, Daylight CIS and Oracle, their agents, family, or anyone on their behalf from utilizing, accessing, selling, disseminating, posting and/or distributing any of Plaintiffs personal information;

j.   An Order directing the Reed Defendants and Defendant Intelius, Inc. to cease any further reporting of inaccurate information about Plaintiffs, and to send to all credit reporting agencies and/or governmental agencies to which they have reported Plaintiffs inaccurate information within the last five (5) years, Plaintiffs updated and corrected information.

//
//
//

---

**2. ACTUAL DAMAGES – CUMULATIVE with all other AWARDS:**

k.  For the First, Second, Third, Eight and Nine enter judgment, collectively, jointly and separately, against each named Defendants for Actual damages payable in the amount of Five Million dollars $5,000,000.00 to each Plaintiff separately;

l.  For Counts Four and Seven enter judgment, collectively, jointly and separately against Defendants Orly Taitz, Law Offices of Orly Taitz, Orly Taitz, Inc. and DOFF for Actual damages payable in the amount of Five Million dollars [$5,000,000.00] to Plaintiffs Lisa Liberi and Lisa Ostella separately;

m.  For Counts Five, Six, Ten and Eleven enter Judgment collectively, jointly and separately against Defendants Orly Taitz, Law Offices of Orly Taitz, Orly Taitz, Inc., DOFF, Neil Sankey, Todd Sankey, Sankey Investigations, Inc. and The Sankey Firm, Inc. in the amount of Five Million dollars [$5,000,000.00] to Plaintiffs Lisa Liberi and Lisa Ostella separately;

n.  For Counts Twelve, Thirteen, Fifteen and Sixteen enter Judgment collectively, jointly and separately against each Reed Defendant and Defendant Intelius, Inc. in the amount of Five Million dollars [$5,000,000.00] to Plaintiffs Lisa Liberi and Lisa Ostella separately pursuant to FCRA, 15 U.S.C. §1681n(1) and §1681n(1), CCRAA, *Cal. Civ. Code* §§ 1785.31(1) and (2)(A), ICRAA, *Cal. Civ. Code* § 1786.50, *Cal. Civ. Code* §3294;

o. For Counts Fourteen, Seventeen, Eighteen, Nineteen and Twenty enter Judgment collectively, jointly and separately against each Reed Defendant, Defendants Intelius, Inc., Yosef Taitz, Daylight CIS, and Oracle in the amount of Five Million dollars [$5,000,000.00] to Plaintiffs Lisa Liberi and Lisa Ostella separately;

3. **EXEMPLARY DAMAGES, CUMULATIVE with all other AWARDS:**

p. For the Fifth Count, enter judgment, collectively, jointly and separately, against Defendants Orly Taitz as an Attorney and an Officer of the Court and as President for Orly Taitz, Inc. and DOFF; Law Offices of Orly Taitz; Orly Taitz, Inc.; DOFF; Neil Sankey, Todd Sankey; Sankey Investigations, Inc. and The Sankey Firm for Exemplary Damages pursuant to *Cal. Civ. P.* 1798.53 in the amount of Five Million Dollars [$5,000,000.00] payable to Plaintiffs Lisa Liberi and Lisa Ostella separately;

q. For the Seventeenth Count, enter judgment collectively, jointly and separately against each Reed Defendant, Defendants Intelius, Inc., Yosef Taitz, Daylight CIS, and Oracle in the amount of Five Million Dollars [$5,000,000.00] payable to Plaintiffs Lisa Liberi and Lisa Ostella separately pursuant to the IPA;

4. **CIVIL PENALTIES – CUMULATIVE with all other AWARDS:**

r. For the Sixth Count, enter judgment, collectively, jointly and separately, against Defendants Orly Taitz as an Attorney and an Officer of the Court and as President for Orly Taitz, Inc. and DOFF; Law Offices of Orly Taitz; Orly Taitz, Inc.; DOFF; Neil Sankey, Todd Sankey; and The Sankey Firm for Civil Penalties pursuant to *Cal. Civ. P.* §1798.84 in the amount of

Three Billion [$3,000,000,000.00] Dollars payable to Plaintiffs Lisa Liberi and Lisa Ostella separately;

s.   For the Seventeenth Count, enter judgment collectively, jointly and separately against each Reed Defendant and Defendant Intelius, Inc. for Civil Penalties pursuant to *Cal. Civ. P.* §1798.84(d) in the amount of Three Billion [$3,000,000,000.00] Dollars payable to Plaintiffs Lisa Liberi and Lisa Ostella separately;

## 5.   GENERAL DAMAGES – CUMULATIVE with all other AWARDS:

t.  For the First, Second, Third, Eight and Nine enter judgment, collectively, jointly and separately, against each named Defendants for General damages payable in the amount of Five Million [$5,000,000.00] Dollars to each Plaintiff separately. For Count Eight, General Damages pursuant to *Cal. Civ. Code* §1;

u.  For Counts Four and Seven enter judgment, collectively, jointly and separately against Defendants Orly Taitz, Law Offices of Orly Taitz, Orly Taitz, Inc. and DOFF for General damages payable in the amount of Five Million [$5,000,000.00] Dollars to Plaintiffs Lisa Liberi and Lisa Ostella separately;

v.  For Counts Five, Six, Ten and Eleven enter Judgment collectively, jointly and separately against Defendants Orly Taitz, Law Offices of Orly Taitz, Orly Taitz, Inc., DOFF, Neil Sankey, Todd Sankey, Sankey Investigations, Inc. and The Sankey Firm, Inc. for General damages in the amount of Five Million [$5,000,000.00] Dollars to Plaintiffs Lisa Liberi and Lisa Ostella separately;

w. For Counts Twelve, Thirteen, Fifteen and Sixteen enter Judgment collectively, jointly and separately against each Reed Defendant and Defendant Intelius, Inc. for General damages in the amount of Five Million [$5,000,000.00] Dollars to Plaintiffs Lisa Liberi and Lisa Ostella separately;

x. For Counts Fourteen, Seventeen, Eighteen, Nineteen and Twenty enter Judgment collectively, jointly and separately against each Reed Defendants, Defendants Intelius, Inc., Yosef Taitz, Daylight CIS, and Oracle for General damages in the amount of Five Million [$5,000,000.00] Dollars to Plaintiffs Lisa Liberi and Lisa Ostella separately;

## 6. <u>SPECIAL DAMAGES – CUMULATIVE with all other AWARDS</u>:

y. For the First, Second, Third, Eight and Nine enter judgment, collectively, jointly and separately, against each named Defendants for Special damages payable in the amount of One Million [$1,000,000.00] Dollars to each Plaintiff separately;

z. For Counts Four and Seven enter judgment, collectively, jointly and separately against Defendants Orly Taitz, Law Offices of Orly Taitz, Orly Taitz, Inc. and DOFF for Special damages payable in the amount of One Million [$1,000,000.00] Dollars to Plaintiffs Lisa Liberi and Lisa Ostella separately;

aa. For Counts Five, Six, Ten and Eleven enter Judgment collectively, jointly and separately against Defendants Orly Taitz, Law Offices of Orly Taitz, Orly Taitz, Inc., DOFF, Neil Sankey, Todd Sankey, Sankey Investigations,

---

Inc. and The Sankey Firm, Inc. for Special damages in the amount of One Million [$1,000,000.00] Dollars to Plaintiffs Lisa Liberi and Lisa Ostella separately;

bb. For Counts Twelve, Thirteen, Fifteen and Sixteen enter Judgment collectively, jointly and separately against each Reed Defendant and Defendant Intelius, Inc. for Special damages in the amount of One Million [$1,000,000.00] Dollars to Plaintiffs Lisa Liberi and Lisa Ostella separately;

cc. For Counts Fourteen, Seventeen, Eighteen, Nineteen and Twenty enter Judgment collectively, jointly and separately against each Reed Defendants, Defendants Intelius, Inc., Yosef Taitz, Daylight CIS, and Oracle for Special damages in the amount of One Million [$1,000,000.00] Dollars to Plaintiffs Lisa Liberi and Lisa Ostella separately;

## 7.  **<u>PUNITIVE DAMAGES –CUMULATIVE with all other AWARDS:</u>**

dd. For the First, Second, Third, Eight and Nine enter judgment, collectively, jointly and separately, against each named Defendants for Punitive damages payable in the amount of Five Million [$5,000,000.00] Dollars to each Plaintiff separately;

ee. For Counts Four and Seven enter judgment, collectively, jointly and separately against Defendants Orly Taitz, Law Offices of Orly Taitz, Orly Taitz, Inc. and DOFF for Punitive damages payable in the amount of Five Million [$5,000,000.00] Dollars to Plaintiffs Lisa Liberi and Lisa Ostella separately;

ff. For Counts Five, Six, Ten and Eleven enter Judgment collectively, jointly and separately against Defendants Orly Taitz, Law Offices of Orly Taitz, Orly Taitz, Inc., DOFF, Neil Sankey, Todd Sankey, Sankey Investigations, Inc. and The Sankey Firm, Inc. for Punitive damages in the amount of Five Million [$5,000,000.00] Dollars to Plaintiffs Lisa Liberi and Lisa Ostella separately;

gg. For Counts Twelve, Thirteen, Fifteen and Sixteen enter Judgment collectively, jointly and separately against each Reed Defendant and Defendant Intelius, Inc. for Punitive damages in the amount of Five Million [$5,000,000.00] Dollars to Plaintiffs Lisa Liberi and Lisa Ostella separately pursuant to FCRA, 15 U.S.C. §1681n(2), *Cal. IPA*, the ICRAA, *Cal. Civ. Code* § 1786.50, *Cal. Civ. Code* §1785.31(2)(B);

hh. For Counts Fourteen, Seventeen, Eighteen, Nineteen and Twenty enter Judgment collectively, jointly and separately against each Reed Defendants, Defendants Intelius, Inc., Yosef Taitz, Daylight CIS, and Oracle for Punitive damages in the amount of Five Million [$5,000,000.00] Dollars to Plaintiffs Lisa Liberi and Lisa Ostella separately;

## 8.   COMPENSATORY DAMAGES –
## <u>CUMULATIVE with all other AWARDS</u>:

ii. For Counts Twelve through Twenty enter Judgment collectively, jointly and separately against each Reed Defendant, Defendants Intelius, Inc., Yosef Taitz, Daylight CIS, and Oracle for Compensatory damages in the

amount of Five Million [$5,000,000.00] Dollars to Plaintiffs Lisa Liberi and Lisa Ostella separately pursuant to *Cal. Civ. Code* §§ 3281- 3283.

9. **Award Plaintiffs' Attorney Fees and Costs of the within action; and Interest pursuant to 15 U.S.C. §1681n(3), *Cal. Civ. Code* §1798.50(2), *Cal. Civ. Code* §1785.31(a)(1), Cal. Civ. Code §1798.83(g), and *Cal. Civ. Code* §1798.53:**

10. **Such other relief as this Court deems just and proper.**

### JURY DEMAND

The Plaintiffs hereby demand a Trial by Jury of all issues so triable.

Respectfully submitted,

Dated:  June 17, 2011

Philip J. Berg, Esquire
E-mail: philjberg@gmail.com
Pennsylvania I.D. 9867
**LAW OFFICES OF PHILIP J. BERG**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Ph: (610) 825-3134
Fx: (610) 834-7659

*Counsel for the Plaintiffs*

1  Philip J. Berg, Esquire
2  Pennsylvania I.D. 9867
   **LAW OFFICES OF PHILIP J. BERG**
3  555 Andorra Glen Court, Suite 12
4  Lafayette Hill, PA 19444-2531
   Telephone: (610) 825-3134
5  E-mail: philjberg@gmail.com
6
                    **UNITED STATES DISTRICT COURT**
7          **FOR THE CENTRAL DISTRICT OF CALIFORNIA,**
8                       **SOUTHERN DIVISION**

9  LISA LIBERI, et al,                    CIVIL ACTION NUMBER:
10                          Plaintiffs,    **8:11-cv-00485-AG (AJWx)**
11
12     vs.                                 **PLAINTIFFS CERTIFICATE OF**
                                           **SERVICE**
13  ORLY TAITZ, et al,
14
                          Defendants.
15

16      I, Philip J. Berg, Esquire, hereby certify a true and correct copy of Plaintiffs First

17  Amended Complaint was served through the mail with postage fully prepaid this 17th

18  day of June, 2011 upon the following:
19

20                      Jason Q. Marasigan
21                    **Dack Marasigan, LLC**
                 23041 Avenida de la Carlota, Suite 300
22                     Laguna Hills, CA 92653
23          *Attorney for Defendant, Orly Taitz, Esquire*

24

25                          Orly Taitz
26                 29839 Santa Margarita Parkway
                           Suite 300
27                Rancho Santa Margarita, CA 92688
28    *Attorney for Defendant Defend our Freedoms Foundation, Inc.*

---

1

2            The Sankey Firm, Inc.
             2470 Stearns Street #162
3            Simi Valley, CA 93063
             *Defendant in Pro Se*
4

5               Neil Sankey
                4230 Alamo Street
6            Simi Valley, CA 93063
             *Defendant in Pro Se*
7

8          Sankey Investigations, Inc.
9            4230 Alamo Street
             Simi Valley, CA 93063
10           *Defendant in Pro Se*
11

12

13

14         Philip J. Berg, Esquire
           Pennsylvania I.D. 9867
15         **LAW OFFICES OF PHILIP J. BERG**
           555 Andorra Glen Court, Suite 12
16         Lafayette Hill, PA 19444-2531
           Telephone:   (610) 825-3134
17         E-mail: philjberg@gmail.com
18

19

20

21

22

23

24

25

26

27

28

---

*Liberi, et al v. Taitz, et al*, Case No. 8:11-cv-00485 (AG), Plaintiffs First Amended Complaint        172