# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| LISA LIBERI and PHILIP J. BEG, ESQUIRE and THE LAW OFFICES OF PHILIP J. BERG and EVELYN ADAMS a/k/a MOMMA E and LISA M. OSTELLA and GO EXCEL GLOBAL,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>ORLY TAITZ, a/k/a DR. ORLY TAITZ, a/k/a LAW OFFICES OF ORLY TAITZ; TAITZ, INC. and DEFEND OUR FREEDOMS FOUNDATIONS, INC. and YOSEF TAITZ and THE SANKEY FIRM and SANKEY INVESTIGATIONS, INC. and NEIL SANKEY and JAMES SUNQUIST and ROCK SALT PUBLISHING and LINDA SUE BELCHER a/k/a LINDA S. BELCHER a/k/a LINDA STARR; a/k/a NEWWOMENSPARTY a/k/a STITCHENWITCH a/k/a EVA BRAUN a/k/a WEB SERGEANT a/k/a KATY a/k/a WWW.OBAMACITIZENSHIPDEBATE.ORG and EDGAR HALE a/k/a JD SMITH; and CAREN HALE; and PLAINS RADIO NETWORK, a/k/a PLAINS RADIO NETWORK, INC. a/k/a PLAINS RADIO; and BAR H FARMS; and KPRN AM 1610; and DOES 1 through 200 Inclusive,<br><br>　　　　Defendants. | CASE NO. 8:11-cv-00485-AG (AJW)<br><br>**NOTICE OF MOTION AND MOTION BY DEFENDANT ORLY TAITZ FOR STAY OF PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>　　Date:　August 8, 2011<br>　　Time: 10:00 a.m.<br>　　Dept.: Crtrm 10D<br><br><br>Judge:　　　　　　　Andrew J. Guilford<br>Magistrate Judge:　Robert N. Block<br>Trial Date:　　　　　June 5, 2012<br>Complaint Filed:　　May 4, 2009 |

**TO THE COURT, ALL PARTIES, AND/OR THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 8, 2011, at 10:00 a.m., or as soon thereafter as the matter may be heard by the above-entitled Court, located in Courtroom 10D of the United States District Court, Central District of California – Southern Division, 411 W. Fourth St., Santa Ana, CA 92701-4516, Defendants Orly Taitz ("Taitz"), "Defend our Freedoms Foundation", Orly Taitz inc and Law offices of Orly Taitz will move this

1

NTC. OF MOT. AND MOT. BY TAITZ FOR STAY OF PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES

Court for an order staying the entire case pending the disposition of the appeal filed by Defend Our Freedoms Foundations, Inc.

In conformance with the Court's order dated June 14, 2011, on June 30, 2011, counsel for Taitz requested leave to file a motion to stay the case. On July 7, 2011, the Court granted Taitz's request for "leave to file a motion to stay the case.

In conformance with Local Rule 7-3, a conference of counsel was held via an e-mail exchange which did not result in any resolution obviating the need for this motion.

This motion is based on this notice of motion and motion; the memorandum of points and authorities attached hereto; all of the pleadings and papers on file; any matter that may be presented in reply to any opposition filed by Plaintiff; and on any other matter that may be presented to the Court at the time of the hearing.

DATED: July 8, 2011

Dr. Orly Taitz, ESQ

## MEMORANDUM OF POINTS AND AUTHORITIES

**1. INTRODUCTION AND STATEMENT OF FACTS**

On or about June 14, 2011, the court denied Defendants' motion to strike the complaint based upon California Code of Civil Procedure section 425.16 ("Anti-SLAPP"), and to dismiss the case pursuant to Federal Rules of Civil Procedure Rule 12(b)(1) and (6). By that same order the court granted Plaintiffs leave to amend their complaint. (Decl. of Jayson Q. Marasigan, "Marasigan Decl.", Exhibit "1")

1  On June 17, 2011, despite having been given 45 days to file their amended complaint and possibly longer "[g]iven the health issues of counsel…", Plaintiffs filed their first amended complaint. On June 27, 2011, Defendant Defend Our Freedoms Foundation, Inc. ("DOFF") filed its notice of appeal regarding the court's order denying Defendants' motion to dismiss. Orly Taitz has not joined in on the appeal by DOFF.

On June 28, 2011, Taitz submitted her request for leave to file a motion to dismiss the first amended complaint based upon the Anti-SLAPP statute and Federal Rules of Civil Procedure Rule 12(b)(6). (Marasigan Decl., Exhibit "2") On June 29, 2011, the Court denied Taitz' request to file a motion to dismiss the first amended complaint based upon the Anti-SLAPP statute but granted Taitz leave to file a motion to dismiss based upon Rule 12(b)(6). (Marasigan Decl., Exhibit "3") The reason given by the court was because it had already ruled on an Anti-SLAPP motion regarding the initial complaint and DOFF's pending appeal, it "declines to accept this requested new Anti-SLAPP motion." (Marasigan Decl., Exhibit "3")

Because of the ambiguity created by Plaintiffs having filed a first amended complaint prior to the notice of appeal having been filed, Taitz submitted her request to file her Anti-SLAPP motion to dismiss the first amended complaint. In accordance with California Code of Civil Procedure section 425.16(f), a special motion to strike an amended complaint as a matter of right must be filed within 60 days after service. (*Lam v. Ngo* (2001) 91 Cal.App.4th 832, 842, 111 Cal.Rptr.2d 582) Thereafter, a Defendant must seek leave of court which may or may not allow the special motion to strike according to its discretion. What is more, the purpose of the Anti-SLAPP statute – to provide defendants with an expeditious and relatively inexpensive way to dispose of lawsuits intended to chill speech and public participation – would be defeated if the case were allowed to proceed against her while DOFF's appeal is pending.

Because Taitz will be severely prejudiced by having to proceed with the defense of this case during the pendency of DOFF's appeal, Taitz hereby makes this motion for an

3
NTC. OF MOT. AND MOT. BY TAITZ FOR STAY OF PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES

order staying the entire case pending disposition of DOFF's appeal.

## 2. THE COURT'S DENIAL OF THE ANTI-SLAPP MOTION AS TO THE ORIGINAL COMPLAINT WAS AN APPEALABLE ORDER

Under California law, an immediate appeal lies from the grant or denial of an anti-SLAPP motion (Cal. Civ. Proc. § 425.16(i)).  Likewise, under federal law, an immediate appeal lies from denial of an Anti-SLAPP motion notwithstanding the absence of a final judgment. (*Batzel v. Smith* (9th Cir. 2003) 333 F.3d 1018; *Greensprings Bap. Christian Fellowship v. Cilley* (9th Cir. 2010) 629 F.3d 1064)  According to the 9th Circuit in *Batzel*: "Because California law recognizes the protection of the anti-SLAPP statute as a substantive immunity from suit, this Court, sitting in diversity, will do so as well." (*Id.* at 1025-1026)

Based on the holding in *Batzel* DOFF's notice of appeal regarding the Court's denial of the Anti-SLAPP motion was an appealable order.

## 3. AN INTERLOCUTORY APPEAL DIVESTS THE DISTRICT COURT OF JURISDICTION OVER THOSE ASPECTS OF THE CASE INVOLVED IN THE APPEAL

Filing a valid notice of appeal transfers jurisdiction over the matters properly appealed to the court of appeals.  During pendency of the appeal, the district court generally is divested of jurisdiction over those aspects of the case involved in the appeal. (See *Griggs v. Provident Consumer Discount Co.* (1982) 459 U.S. 56, 58, 103 S.Ct. 400 (per curiam); *Mayweathers v. Newland* (9th Cir. 2001) 258 F.3d 930, 935)  The filing of a notice of interlocutory appeal divests the district court of jurisdiction over the particular issues involved in the appeal. (*City of Los Angeles, Harbor Division v. Santa Monica Baykeeper* (2001) 254 F.3d 882, 886)

"This divestiture of district court jurisdiction does not rest on a statute ... Rather, it is a judgemade doctrine designed to avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time. It should not be employed

to defeat its purposes nor to induce needless paper shuffling." (Kern Oil & Refining Co. v. Tenneco Oil Co. (9th Cir. 1988) 840 F.2d 730, 734 (emphasis added; internal quotes omitted)) However, the district court may act to assist the appellate court in the exercise of its jurisdiction—i.e., to enter orders appropriate to preserve the status quo while the case is pending in the court of appeals. (*Mayweathers v. Newland* (9th Cir. 2001) 258 F.3d 930, 935; *Natural Resources Defense Council, Inc. v. Southwest Marine Inc.* (9th Cir. 2001) 242 F3d 1163, 1166)

### 4. THE COURT SHOULD STAY THE ENTIRE CASE BECAUSE THE ISSUES RAISED IN PLAINTIFFS' FIRST AMENDED COMPLAINT ARE APPARENTLY SO INTERTWINED WITH THE ISSUES RAISED IN THE ORIGINAL COMPLAINT THAT THE COURT HAS DECLINED TO ACCEPT A NEW ANTI-SLAPP MOTION

As is set forth above, the filing of an interlocutory notice of appeal only divests the district court of jurisdiction over those aspects of the case which are being appealed. Because Plaintiffs filed their first amended complaint prior to DOFF's notice of appeal of the denial of the Anti-SLAPP motion targeting the original complaint, the operative pleading is now the first amended complaint. Arguably the automatic stay may not affect the causes of action raised in the first amended complaint. The Court's order of June 29, 2011, however, reflects the position that it does affect the causes of action raised in the first amended complaint.

In order to preserve her rights afforded under the Anti-SLAPP statute, Taitz therefore requests that a stay be imposed as to all parties. The reasoning applied by the 9th Circuit in *Batzel* regarding the appealability of the denial of an Anti-SLAPP is persuasive to Taitz's motion for stay:

> "The purpose of an anti-SLAPP motion is to determine whether the defendant is being forced to defend against a meritless claim… Because the anti-SLAPP motion is designed to protect the defendant from having to litigate meritless cases aimed at chilling First Amendment expression, the district court's denial of an anti-SLAPP motion would effectively be unreviewable on appeal from a final judgment. As the

5
NTC. OF MOT. AND MOT. BY TAITZ FOR STAY OF PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES

> California Senate Judiciary Committee noted before the law's enactment:
>
> Without [the right of immediate appeal], a defendant will have to incur the cost of a lawsuit before having his or her right to free speech vindicated.... [W]hen a meritorious anti-SLAPP motion is denied, the defendant, under current law, has only two options. The first is to file a writ of appeal, which is discretionary and rarely granted. The second is to defend the lawsuit. If the defendant wins, the anti-SLAPP law is useless and has failed to protect the defendant's constitutional rights.
>
> If the defendant were required to wait until final judgment to appeal the denial of a meritorious anti-SLAPP motion, a decision by this court reversing the district court's denial of the motion would not remedy the fact that the defendant had been compelled to defend against a meritless claim brought to chill rights of free expression.  Thus, a defendant's rights under the anti-SLAPP statute are in the nature of immunity: They protect the defendant from the burdens of trial, not merely from ultimate judgments of liability." (*Batzel v. Smith* (9th Cir. 2003) 333 F.3d 1018, 1025-1026 (internal citations omitted))

If the stay as to the entire case is not imposed, Taitz will be forced to participate in depositions, discovery, and potentially other costly procedural motions, in direct contradiction with the intent of the Anti-SLAPP statute: it protects defendants from the burdens of trial, not merely from the ultimate judgments of liability.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**4.    CONCLUSION**

Based on the foregoing, Defendants respectfully request that the Court stay the entire action pending disposition of DOFF's appeal and allow the parties a reasonable time period after the disposition of DOFF's appeal to file a responsive pleading responding to Plaintiffs' first amended complaint.

DATED: July 8, 2011

By _____

Dr. Orly Taitz, ESQ

**FEDERAL COURT PROOF OF SERVICE**

I certify under penalty of perjury and under the laws of CA that I served the parties in this case via ECF on

07.08.2011

/s/Orly Taitz

Dr. Orly Taitz, ESQ

29839 Santa Margarita Pkwy

Rancho Santa Margarita CA

92688