Philip J. Berg, Esquire
Pennsylvania I.D. 9867
**LAW OFFICES OF PHILIP J. BERG**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Telephone:  (610) 825-3134
E-mail: philjberg@gmail.com          *Attorney in pro se and for Plaintiffs*

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA,
SOUTHERN DIVISION**

| | |
|---|---|
| LISA LIBERI, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> ORLY TAITZ, et al, <br><br> Defendants. | CIVIL ACTION NUMBER: <br> **8:11-cv-00485-AG (AJW)** <br><br> **PLAINTIFFS RESPONSE IN OPPOSITION TO DEFENDANT, ORLY TAITZ MOTION TO STAY PROCEEDINGS and DISCOVERY** <br><br> Date of Hearing:  August 8, 2011 <br> Time of Hearing:  10:00 a.m. <br> Location:       Courtroom 10D |

**COMES NOW** Plaintiffs, Philip J. Berg, Esquire [hereinafter at times "Berg"]; Lisa Ostella [hereinafter at times "Ostella"]; Lisa Liberi [hereinafter at times "Liberi"]; Go Excel Global and Law Offices of Philip J. Berg by and through their undersigned counsel, Philip J. Berg, Esquire and files the within Response in Opposition: Memorandum of Points and Authorities; and Declarations in Opposition to Defendant, Orly Taitz ["Taitz"] Motion to Stay Proceedings pending the outcome of Defend our Freedoms Foundations, Inc. Appeal on this Court's

---

Liberi Pl Opp Taitz and Brief to Stay 07 19 11                                                1

Order of July 14, 2011 Denying Defendants Anti-SLAPP and Motion to Dismiss. In support hereof, Plaintiffs aver the following:

1. Taitz, who was represented by Attorney's Jason Q. Marasigan and Martin Dack, filed on her own behalf, a Motion to Stay All Proceedings in the within case pending the outcome of Defend our Freedoms Foundations, Inc. ["DOFF"] Appeal of this Court's Order of January 14, 2011, Denying Defendant Taitz's Anti-SLAPP and Motion to Dismiss.

2. Taitz Filed to Sign the Motion she filed in violation of Federal Rules of Civil Procedure ["*Fed. R. Civ. P.*"] 11(a) and this Court's Local Rule ["*L.R.*"] 11-1 and therefore, the Motion must be stricken. *See Fed. R. Civ. P.* 11(a).

3. Without waiving any of the objections asserted herein, Plaintiffs properly respond.

4. Taitz indicates in the Header of her Motion that she is filing it on behalf of herself; however, in the body of the Motion, she claims to be filing the Motion on behalf of Orly Taitz, Inc., Defend our Freedoms Foundations, Inc., Law Offices of Orly Taitz and herself, Orly Taitz. Further, in the Memorandum of Points and Authorities, Orly Taitz is asking this Court to Stay the Case as to All Parties. It should be noted however, all the parties outlined in Plaintiffs First Amended Complaint were **not** Defendants at the time of Defendant Orly Taitz's and DOFF's original Anti-SLAPP and Motion to Dismiss and/or this Court's Order

of July 14, 2011 denying Taitz and DOFF's Motion, which is currently under Appeal. Taitz filing on behalf of All Defendants is completely improper as Orly Taitz does **not** represent All Defendants in the within action, and a party who was **not** part of the action at the time the Order, under Appeal, was issued does **not** have standing to stay future proceedings.

5.  Plaintiffs Opposition is based upon their Opposition, the attached Memorandum of Points and Authorities in Support hereof; Declaration of Philip J. Berg, Esquire; and upon records on file with this Court and such further oral and/or documentary evidence that may be presented at the time of the Hearing.

6.  Defendants Orly Taitz and Defend our Freedoms Foundations, Inc. have already filed Motions to Dismiss Plaintiffs First Amended Complaint which moots the within Motion.

7.  Moreover, Defendant Taitz's request to Stay All Proceedings will further delay all the proceedings, which is extremely prejudicial to the Plaintiffs. Despite the fact Plaintiffs originally filed their Complaint against Defendants Taitz and DOFF on May 4, 2009 and Taitz and DOFF have been placed on continual notice, Defendants continue posting all over the internet; sending by mass emailing; hand delivering; mass postal mailing; false statements; false stories; cyber-stalking; cyber-bullying; cyber-harassing; harassing and other damaging

behaviors against the Plaintiffs, further damaging them.  A stay of the entire proceedings will only allow Taitz and DOFF to continue their actions.

8. Defendants Orly Taitz and Defend our Freedoms Foundations, Inc. Appeals are frivolous and do **not** warrant a Stay of All Proceedings and Discovery.

**WHEREFORE**, for the reasons stated herein, Defendant Orly Taitz Motion on behalf of herself, DOFF and the other Defendants must be Denied.  In addition, Plaintiffs request this Court to grant them attorney fees and costs for Taitz's frivolous and meritless Motion.

Respectfully submitted,

Dated:  July 20, 2011

s/ Philip J. Berg
_____
Philip J. Berg, Esquire
Pennsylvania I.D. 9867
LAW OFFICES OF PHILIP J. BERG
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Telephone:   (610) 825-3134
E-mail: philjberg@gmail.com

*Attorney in Pro Se and Counsel for Plaintiffs*

# **TABLE OF CONTENTS**

**Page(s)**

TABLE OF CONTENTS……………………………………………………………..i

TABLE OF AUTHORITIES……………………………………………………....ii-iv

PLAINTIFFS RESPONSE IN OPPOSITION…………………………………….1-4

MEMORANDUM OF POINTS AND AUTHORITIES……………………….…5-16

    I.    FACTS……………………………………………………...............5-8

    II.    DEFENDANT ORLY TAITZ PRO SE AND AS COUNSEL FOR DEFEND OUR FREEDOMS FOUNDATIONS, INC. FAILED TO SIGN THEIR NOTICE OF MOTION; MOTION and MEMORANDUM OF POINTS & AUTHORITIES and THEREFORE MUST BE STRICKEN …………………………....8-9

    III.    DEFENDANTS ORLY TAITZ and DOFF'S APPEAL ARE FRIVOLOUS and THEREFORE THEY ARE NOT ENTITLED TO AN AUTOMATIC STAY ……………......9-12

    IV.    A STAY OF THE ENTIRE CASE IS NOT WARRANTED; IS VERY PREJUDICIAL TO PLAINTIFFS; and MUST BE DENIED:…………………………………………………………...12-15

    V.    CONCLUSION………………………………………………..…15-16

# **TABLE OF AUTHORITIES**

**CASES**                                                                                                          **Page(s)**

*Aguilar v. Avis Rent a Car System, Inc.*, (1999) 21 Cal. 4th 121
[87 Cal.Rptr.2d 132; 980 P.2d 846]……………………………………………………….11

*All One God Faith, Inc. v. Hain Celestrial Grouop, Inc.*,
2009 WL 4907433 (N.D. Cal.)…………………………………………………………....14

*Apostl v. Gallion*, 870 F.2d 1335 (7th Cir. 1989)………………………………….…10

*Beauharnais v. Illinois*, 343 U.S. 250,
72 S. Ct. 725, 96 L. Ed. 919 (1952)……………………………………………………11

*Britton v. Co-Op Banking Group*, 916 F.2d 1405 (9th Cir. 1990)…………………...15

*Brown v. Kelly Broadcasting Co.*, (1989) 48 Cal. 3d 711…………………………...11

*Chapman v. Wright*, 960 F.2d 104 (9th Cir. 1992)………………………………...10

*City of LA, Harbor Div. v. Santa Monica Baykeeper*,
254 F.3d 882 (9th Cir. 2001)……………………………………………………………14

*Dunn & Bradstreet, Inc. v. Greenmoss Builders*,
(1985) 472 U.S. 749……………………………………………………………………....11

*Ethicon, Inc. v. Quigg*, 849 F.2d 1422 (Fed. Cir. 1988)…………………………….13

*Flatley v. Mauro*, (2006) 39 Cal. 4th 299……………………………………………..11

*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982)……………..14

*Hilton v. Hallmark Cards*, (2010) 35 Cal. 4th 180……………………………………9

*Landis v. Notth Am. Co.*, 299 U.S. 248 (1932)……………………………………13

*Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857 (9th Cir. 1979)……......13

# TABLE OF AUTHORITIES - Continued

**CASES**                                                                 **Page(s)**

*Linder v. Thrifty Oil Co.*, (2000) 23 Cal. 4th 429
[97 Cal. Rptr. 2d 179, 2 P. 3d 27]……………………………………………………12

*Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005)……..…..………….13, 15

*Nascimento v. Dummer*, 508 F.3d 905 (9th Cir. 2007)…………………….…...14-15

*Navellier v. Sletten*, (2002) 29 Cal. 4th 82
[124 Cal. Rptr. 2d 530, 52 P.3d 703]……………………………….……10, 12

*New York Times v. Sullivan*, 376 U.S. 254,
84 S. Ct. 730, 11 L. Ed. 2d 686 (1964)………………………………………………11

*Peregrine Funding Inc. v. Sheppard Mullin Richter & Hampton LLP*,
(2005) 133 Cal. App. 4th 658 [35 Cal. Rptr. 3d 31]……………………….…12

*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180
[25 Cal. Rptr. 3d 298, 106 P.3d 958]……………………………………...9, 10


**CALIFORNIA CONSTITUTION**                                              **Page(s)**

Article. I, § 2, subd. (a)…………………………………………………………....11


**STATE STATUTES**                                                        **Page(s)**

California Civil Code §425.16……………………………………………………….14

# TABLE OF AUTHORITIES - Continued

**FEDERAL RULES OF CIVIL PROCEDURE**                      **Page(s)**

Federal Rules of Civil Procedure 11(a)………………………………………….2, 7, 8

Federal Rules of Civil Procedure 12……………………………………….……6

**LOCAL RULES**                                      **Page(s)**

Local Rule 11-1……………………………………………………………….2

# PLAINTIFFS MEMORANDUM OF POINTS and AUTHORITIES

### I.    FACTS:

1.    Plaintiffs filed suit on May 4, 2009 in the Eastern District of Pennsylvania. Said case was transferred to this Court in or about June 2011.

2.    In or about April 2011, Defendants Orly Taitz and Defend our Freedoms Foundations, Inc. filed an Anti-SLAPP Motion and Motion to Dismiss pursuant to Federal Rules of Civil Procedure ["*Fed. R. Civ. P.*"] 12(b)(1) and 12(b)(6). On or about May 5, 2011, Plaintiffs opposed said Motion.

3.    On or about April 29, 2011, Plaintiffs filed a Motion for Leave to Amend their Complaint. On May 20, 2011, Plaintiffs filed their Proposed First Amended Complaint with one hundred forty-five [145] exhibits. In addition, in their Opposition to Defendant Taitz and DOFF's Motion, Plaintiffs also sought Leave to Amend their Complaint.

4.    A hearing was held on June 13, 2011, at which time, the Court Denied Defendants Taitz and DOFF's Anti-SLAPP Motion and Motion to Dismiss and Granted Plaintiffs Motion to Amend their Complaint. Plaintiffs filed their First Amended Complaint on or about June 17, 2011.

5.    Plaintiffs First Amended Complaint are the same causes of actions against Defendants Orly Taitz and DOFF with the addition of two (2) additional

Liberi Pl Opp Taitz and Brief to Stay 07 19 11

causes of actions against these particular Defendants, Malicious Prosecution and Abuse of Process.

6. Plaintiffs First Amended Complaint also added "DOE" Defendants and additional causes against the Defendants which replaced "DOE" Defendants.

7. On June 27, 2011, Defendant Defend our Freedoms Foundations, Inc. Appealed the Court's June 14, 2011 Order Denying their Anti-SLAPP Motion.

8. Even though Plaintiffs First Amended Complaint contain the same causes of actions as the original complaint against Defendants, with the exception of two (2) additional causes against these particular Defendants for Malicous Prosecution and Abuse of Process, on or about June 28, 2011, Defendant Orly Taitz by and through her attorney sought Leave of Court to file a Motion to Dismiss Plaintiffs First Amended Complaint by way of an Anti-SLAPP Motion and Motion to Dismiss pursuant to *Fed. R. Civ. P.* 12. The Court Denied Defendant Orly Taitz Request to File another Anti-SLAPP Motion on the basis the Court had already been briefed by a previous Anti-SLAPP Motion and found the Anti-SLAPP did **not** apply to Plaintiffs causes of actions. The Court did Grant Leave to Defendant Orly Taitz to file her Motion to Dismiss pursuant to *Fed. R. Civ. P.* 12 and Granted DOFF Leave to File for a Stay.

9. On July 8, 2011, Defendants Orly Taitz and DOFF filed the instant Motion to Stay all Proceedings on behalf of All Defendants. *See* Docket Entry No.

278.  In fact, Orly Taitz is attempting to Stay the Proceedings on behalf of the Law Offices of Orly Taitz and Orly Taitz, Inc. who were **not** parties to the action at the time the July 14, 2011 Order Denying Defendant Taitz and DOFF's Anti-SLAPP Motion was issued.  In fact, the Law offices of Orly Taitz and Orly Taitz, Inc. were **not** parties to the within action until July 17, 2011 and therefore, this Motion does **not** and cannot pertain to them.

     10.    On July 11, 2008, Peter Cook, Esquire, counsel for Orly Taitz and Orly Taitz on behalf of Defend our Freedoms Foundations, Inc. filed Motions to Dismiss Plaintiffs First Amended Complaint, thereby mooting their own Motion to Stay all Proceedings.

     11.    Furthermore, Orly Taitz as counsel for herself and for Defend our Freedoms Foundations, Inc. Failed to Sign her Notice of Motion; Motion; and Memorandum of Points and Authorities. *See* Docket Entry No. 278 filed July 8, 2011, pages 2 and 7, and therefore their Motion must be Stricken. *See Fed. R. Civ. P.* 11(a).

     12.    The Appeal taken by Orly Taitz and DOFF are frivolous Appeals and are used to only further delay the proceedings.  This case has been pending for two and a half [2-1/2] years, and Defendant Orly Taitz has continued her damaging and tortuous behaviors which caused suit to be filed.  In fact, Defendant Orly Taitz's posting constituting cyber-stalking; cyber-bullying; cyber-harassment; harassment;

invasion of privacy; slander, libel, defamation; and placing Plaintiffs in a false light, etc. has continued through this month, July 2011.

13. For the reasons outlined herein, Defendant Orly Taitz and Defend our Freedoms Foundations, Inc.'s Motion to Stay all Proceedings must be Denied.

## II. DEFENDANT ORLY TAITZ PRO SE and AS COUNSEL FOR DEFEND OUR FREEDOMS FOUNDATIONS, INC. FAILED TO SIGN THEIR NOTICE OF MOTION; MOTION; and MEMORANDUM OF POINTS & AUTHORITIES and THEREFORE MUST BE STRICKEN:

14. Defendant Orly Taitz in pro se and as Counsel for Defend our Freedoms Foundations, Inc. Failed to Sign their Notice of Motion; Motion and Memorandum of Points and Authorities. The only page which contains an electronic signature is page seven (7) entitled "FEDERAL COURT PROOF OF SERVICE".

15. *Fed. R. Civ. P.* 11(a) states in pertinent part:

"Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name — or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise…The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."

16. As can be seen on Orly Taitz's filing, Docket No. 278, she failed to sign her pleadings; therefore, her Motion must be Stricken.

### III. DEFENDANTS ORLY TAITZ and DOFF'S APPEAL ARE FRIVLOUS and THEREFORE THEY ARE NOT ENTITLED TO AN AUTOMATIC STAY:

17. In *Varian Medical Systems, Inc. v. Delfino*, the California Supreme Court held that an appeal from an order denying an anti-SLAPP motion automatically stays all further proceedings on the merits of the causes of action affected by the motion. 35 Cal. 4th 180 at 188-91 (2005). *See also Hilton v. Hallmark Cards*, 599 F.3d 894, 900 (9th Cir. 2010).

18. Defendants Taitz and DOFF claim that the Plaintiffs First Amended Complaint is intertwined with the Plaintiffs original Complaint and that the ambiguity created by Plaintiffs filing their First Amended Complaint prior to Defendant's Appeal, the entire case needs to be Stayed. Otherwise, Defendants Taitz and DOFF claim they will be severely prejudiced by having to proceed with the Defense of this case during this pendency of Appeal. [Defendants Brief, p. 3, lines 15-28]. These are interesting statements by Defendants being that they have filed Motions to Dismiss Plaintiffs First Amended Complaint, which moots this Motion. In Defendants Motions to Dismiss filed on July 11, 2011, Docket No.'s 280 and 283, Defendant Orly Taitz concedes and admits her actions as outlined in

Plaintiffs First Amended Complaint and attempts to claim immunity. Thus, Defendants Orly Taitz and DOFF are merely trying to delay proceedings.

19. Defendants Orly Taitz and DOFF are **not** entitled to an "automatic" stay because their appeal is frivolous. The filing of a frivolous appeal does **not** trigger an automatic stay. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992, citing *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989). This rule applies here because the premise of Defendants Orly Taitz and DOFF's anti-SLAPP motion – is that they have a First Amendment right to all the statements and publications they created; posted; sent by mass email; false law enforcement reports; harassment; cyber-stalking; cyber-bullying; cyber-harassing; slander; libel; defamation; and other torts were protected by the Anti-SLAPP statute and the First Amendment.

20. A cause of action is subject to being stricken under the Anti-SLAPP statute when two [2] conditions are met. The cause of action must (1) arise from protected speech or petitioning; and (2) lack even minimal merit. *See Navellier v. Sletten,* (2002) 29 Cal.4th 82, 89 [124 Cal. Rptr. 2d 530, 52 P.3d 703]. *See* also *Varian Medical Systems, Inc. v. Delfino,* (2005) 35 Cal.4th 180, 192 [25 Cal. Rptr. 3d 298, 106 P.3d 958].

21. False allegations, accusations and reporting of the false information are **not** Free Speech protected by the First Amendment to the United States

1  Constitution. *See Beauharnais v. Illinois*, 343 U.S. 250, 72 S. Ct. 725, 96 L. Ed.
2  919 (1952), (the Court held that libelous speech is **not** protected by the U.S.
3  Constitution). Plaintiffs herein are **not** public figures, however, even if they were,
4  there is absolutely **no** question that Taitz's false allegations were done with malice
5  and therefore, are **not** protected under the First Amendment of the U.S.
6  Constitution or California's Anti-SLAPP statute. *See New York Times v. Sullivan*,
7  376 U.S. 254, 84 S. Ct. 710, 11 L. Ed. 2d 686 (1964). *See* also *Dunn & Bradstreet,*
8  *Inc. v. Greenmoss Builders*, (1985) 472 U.S. 749, 762 (plur. opn. of Powell, J.)
9  [stating that when speech "concerns no public issue" and is "wholly false and
10 clearly damaging," it "warrants no special protection" under the First Amendment].

     22.   It is settled in California that **not** all speech or petition activity is constitutionally protected. *See Flatley v. Mauro*, (2006) 39 Cal.4th 299, 313; *Aguilar v. Avis Rent A Car System, Inc.*, supra, (1999), 21 Cal.4th 121 [87 Cal.Rptr.2d 132; 980 P.2d 846] [87 Cal. Rptr.2d 132; 980 P.2d 864 at p. 134 ["the right to free speech is not absolute"]. Our California Courts have stated, "Allowing sanctions is consistent with the text of the state constitutional provision, which makes anyone who "abuse[s]" the right of freedom of speech "responsible" for the misconduct." (Cal. Const., art. I, § 2, subd. (a); *See Brown v. Kelly Broadcasting Co*., (1989) 48 Cal.3d 711, 746.

23.    In the words of the Supreme Court, Plaintiff needs to show only a "minimum level of legal sufficiency and triability." <u>Linder v. Thrifty Oil Co</u>., (2000) 23 Cal.4th 429, 438, fn. 5 [97 Cal. Rptr. 2d 179, 2 P.3d 27].)  In the words of other Courts, Plaintiff needs to show only a case of "minimal merit." <u>Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LL</u>P, (2005) 133 Cal. App. 4th 658, 675 [35 Cal. Rptr. 3d 31], quoting <u>Navellier v. Sletten</u>, (2002) 29 Cal.4th 82, 95, fn. 11 [124 Cal. Rptr. 2d 530, 52 P.3d 703].

24.    The Court found Defendants Taitz and DOFF's speech and actions were **not** protected by the First Amendment or the Anti-SLAPP Statute. Defendants only Appealed to further delay proceedings as proven by their admissions to allegations outlined in Plaintiffs First Amended Complaint. If this Court grants their Stay of the entire case, Plaintiffs will be severely prejudiced as they have **no** way to stop Defendants Taitz and DOFF from their damaging actions or to recoup their damages caused by Defendants and move on with their lives. For the reasons stated herein, Defendants Orly Taitz and DOFF's Motion to Stay the entire Case must be Denied.

### IV. **A STAY OF THE ENTIRE CASE IS NOT WARRANTED; IS VERY PREJUDICIAL TO PLAINTIFFS; and MUST BE DENIED:**

25.    It is well-established that "the power to stay proceedings is incidental to the power inherent in every Court to control the disposition of the causes on its

docket with economy of time and effort for itself, for counsel, and for litigants." <u>Landis v. North Am. Co</u>., 299 U.S. 248, 254 (1936); *See* also <u>Ethicon, Inc. v. Quigg</u>, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings."). *See* also <u>Leyva v. Certified Grocers of Cal., Ltd.</u>, 593 F.2d 857, 863-64 (9th Cir. 1979).

26. As this Court is aware, the Court in determining whether or **not** to grant a stay, our Court's generally consider the following competing interests: "the possible damage which may result from the granting of a stay; the hardship or unfairness (inequity) which a party may suffer in being required to go forward; and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof and questions of law which could be expected to result from a stay." <u>Lockyer v. Mirant Corp</u>., 398 F.3d 1098, 1110 (9th Cir. 2005) (citation omitted).

27. In the case at bar, there would be absolutely **no** damage to the Defendants. Defendants' actions are **not** protected by the First Amendment; and therefore the Anti-SLAPP statute does **not** apply. Plaintiffs on the other hand will be severely prejudiced. As stated herein, this suit has been pending two and a half years [2-1/2] years; and Defendants Orly Taitz and DOFF have continued their damaging and tortuous behaviors towards the Plaintiffs. The longer all of Defendants Taitz and DOFF's false statements; private information of Plaintiffs;

and the Defendants are allowed to continue further damage the Plaintiffs, which monetary damages alone with **not** fix or correct. This is what Defendants Taitz and DOFF are counting on.

28. Defendant Orly Taitz and DOFF's Notice of Appeal seeks review of the Court's July 14, 2011 Order "insofar as the Order Denied Defendants Taitz and DOFF's 'Special Motion to Strike Pursuant to *Cal. Civ. Proc.* § 425.16 (Anti-SLAPP)' . . . ." Notice of Appeal Docket No. 238 filed July 27, 2011. As this Court is aware, Defendants Notice of Appeal divests this Court "of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Thus, Defendants Appeal imposes an Automatic Stay of all proceedings related to the issues raised in its anti-SLAPP Motion to Strike. *See All One God Faith, Inc. v. Hain Celestial Group, Inc.*, 2009 WL 4907433, (N.D. Cal.) (concluding that the "appeal of a ruling on an anti-SLAPP motion imposes an automatic stay of all further trial court proceedings on the merits" of the claims at issue). Because Defendants Appeal grants an automatic stay of the causes of action in Plaintiffs Complaint, it does **not** follow that an entire case must come to a halt.

29. The district court only loses jurisdiction "over the particular issues involved in that appeal." *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882 (9th Cir. 2001); *See also Nascimento v. Dummer*, 508 F.3d 905, 910 (9th

Cir. 2007) (opining that the interlocutory appeal "would have divested the district court of jurisdiction over the issue under appeal and does not affect the Court's jurisdiction over other matters in the case") (citing *Britton v. Co-Op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990)).

30. Moreover, Defendants Taitz and DOFF have failed to assert and demonstrate any type of hardship or inequity arising from continued litigation of the within case, as required for this Court to grant a stay of the entire proceedings. Thus, Defendants Orly Taitz and DOFF's Motion to Stay all Proceedings and Discovery must be Denied. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

### V. **CONCLUSION:**

31. For the reasons outlined herein, Defendants Orly Taitz and Defend our Freedoms Foundations, Inc. Motion to Stay all Proceedings and Discovery must be Denied. In the alternative, if this Court is inclined to grant Defendants Motion, Plaintiffs Request that a Temporary Restraining Order or Temporary Injunction be Granted also preventing Defendants Orly Taitz and Defend our Freedoms Foundations, Inc. from publishing false information and private information about the Plaintiffs; preventing the publication of pictures of Plaintiff Lisa Liberi; prevent the further publication of Plaintiffs home addresses, telephone numbers, social security numbers, dates of birth, to enjoin them from further cyber-

1  stalking, cyber-harassing, cyber-bullying, harassing, invasion of privacy, slander,
2  libel and or any other tort.  Plaintiffs respectfully ask this Court to also award them
3
4  attorney fees and costs.

                                      Respectfully submitted,

Dated:  July 20, 2011                 s/ Philip J. Berg
                                      Philip J. Berg, Esquire
                                      Pennsylvania I.D. 9867
                                      **LAW OFFICES OF PHILIP J. BERG**
                                      555 Andorra Glen Court, Suite 12
                                      Lafayette Hill, PA 19444-2531
                                      Telephone:  (610) 825-3134
                                      E-mail: philjberg@gmail.com

                                      *Attorney in Pro Se and Counsel for Plaintiffs*