Hon. Andrew J. Guilford
United States District Court
Central District of California
Southern Division
411 West Fourth Street
Santa Ana, CA 92701
07.22.2011
        Re:    <u>Liberi, *et al.* v. Taitz, *et al.*</u>
                Case No. 8:11-CV-00485-AG (AJW)
                *Request for Leave to File Responsive Motions by Defendants,*
                *Defend our Freedoms Foundation and Orly Taitz, inc*

Dear Hon. Judge Guilford:

Defendants, Defend Our Freedoms Foundation and Orly Taitz, inc respectfully and humbly request authorization by this Court, pursuant to this Court's Order dated June 14, 2011, to file the following motion: Motion to dismiss the complaint in its' entirety under 12b(6) and 12b(1) and reconsider today's order striking this motion.
Due to the fact, that 12b(1) and 12b(6) were never ruled upon with prejudice and due to the fact, that this court specifically stated in its' 06.14.2011 order that those motions filed to dismiss the original complaint, were dismissed **WITHOUT PREJUDICE**, Defendants mistakenly understood, that the **order given by this court granting Orly Taitz leave of court to file 12b motion** relates to all the entities connected to Orly Taitz and thought that filing separate requests for the same 12b motion would be redundant and will only waste the time of the court. Defendants apologize for the misunderstanding and respectfully request the court to reconsider today's order and will make sure to file requests for leave of court separately for each entity separately in the future. Additionally, Orly Taitz, inc is a new defendants in this case and it is questionable, if it is under a prior order. Defendants are asking the court to review the mitigating factor, that the defendants did not violate any orders of this court before, while the Plaintiffs have violated such order and rules of court repeatedly by filing responses to requests for leave of court and filing over 800 pages of complaint and exhibits one day before the opposition was due and got no sanctions whatsoever. Defendants are asking for impartiality and even handed treatment. Additionally, defendants were under the deadline to respond to a 170 page complaint that was filed as an ambush in the midst of the antiSLAPP motion. Defendants' motion to dismiss was not some elective motion, which could wait a week or two for the court to review the request for leave of court and grant it or not. Defendants were under an obligation to file a motion to dismiss by a certain deadline in response to the First Amended Complaint. If the Defendants were to file a request for a leave of court, and it was not granted within the time allowed, the defendants would have been in default for not responding to the first amended complaint, so Defendants were in a totally impossible predicament.

Defendants are asking the court to take into consideration, that they were harassed mercilessly

for 2 years now with this totally frivolous defamation, slander and assault complaint filed and mastermind by a lead plaintiff, a convicted criminal Lisa Liberi, who has 46 criminal charges and 10 felony convictions for grand theft, forgery of an official seal and attempt to tender forged documents, who was under the jurisdiction of the Superior Court of California at the time of filing this complaint, due to her probationer status in California. For over 2 years this case has been in 3 different courts and not one judge has ruled with prejudice on 12b motions yet, Plaintiffs were allowed to harass the Defendants without a recourse and without any court issuing a ruling on the merits even on the 12b1 motion dealing with lack of jurisdiction of the federal court to even entertain this complaint, and attorney Taitz has suffered severe emotional distress due to the fact that she, as a whistleblower, was harassed for over 2 years by a dangerous criminal and her accomplices and could not get any relief in any court on the merits of her 12b motions. Striking 12b motions after two years of defendants being victims of harassment, is an extremely harsh penalty for a minor misunderstanding of an order, particularly in light of the fact, that the Plaintiffs were not dealt with so harshly in spite of their multiple violations of the same order.

Moreover, the Defendants are left without any means to bring speedy resolution of this matter, and will have to endure more harassment by the Plaintiffs, as this court has already denied a request for leave of court to file antiSLAPP. Additionally, defendants are asking clarification from this court in regards to future filings, such as cross complaint against Plaintiffs and other parties for theft under false pretenses from Defend Our Freedoms Foundation, embezzlement, unjust enrichment, defamation, slander, intentional infliction of severe emotional distress and other related causes of action. Defendants believed, that they have an inherent right to file a cross complaint, however in light of today's ruling they would like to know, if they have to file an additional request for leave of court to file a cross complaint, if this court does not reconsider today's ruling and/or does not grant a leave of court to file 12b(1), 12b6 motion or grants the leave of court to file such motion, but denies the motion itself. Do the plaintiffs need to ask for a leave of court to file a cross complaint and answer the complaint. What are the defendants supposed to do, if a leave of court is not granted? Does it mean that the Defendants have to file their cross complaint against the Plaintiffs in the state court and conduct two actions simultaneously in the Federal and State courts?

Wherefore, Defendants respectfully request the court to reconsider today's order and not vacate 12b motions by Defendants and/or grant the leave of court to re-file those motions. Additionally, Defendants would like above clarification regarding the cross-complaint against the Plaintiffs. Respectfully, /s/ Dr. Orly Taitz, ESQ Cc all the parties in the case via ECF.