Philip J. Berg, Esquire
Pennsylvania I.D. 9867
**LAW OFFICES OF PHILIP J. BERG**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Telephone:  (610) 825-3134
E-mail: philjberg@gmail.com      *Attorney in pro se and for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA,
# SOUTHERN DIVISION

| | |
|---|---|
| LISA LIBERI, et al,<br><br>                            Plaintiffs,<br><br>     vs.<br><br>ORLY TAITZ, et al,<br><br>                            Defendants. | CIVIL ACTION NUMBER:<br><br>**8:11-cv-00485-AG (AJW)**<br><br>**PLAINTIFFS RESPONSE IN OPPOSITION TO DEFENDANT, ORLY TAITZ'S MOTION TO DISMISS PURSUANT TO *FED. R. CIV. P.* 12(b)(1) and 12(b)(6)**<br><br>Date of Hearing:  August 15, 2011<br>Time of Hearing:  10:00 a.m.<br>Location:  Courtroom 10D |

**COMES NOW** Plaintiffs, Philip J. Berg, Esquire [hereinafter at times "Berg"]; Lisa Ostella [hereinafter at times "Ostella"]; Lisa Liberi [hereinafter at times "Liberi"]; Go Excel Global and Law Offices of Philip J. Berg by and through their undersigned counsel, Philip J. Berg, Esquire and files the within Response in Opposition: Memorandum of Points and Authorities; and Declarations of Dr.

Charles Edward Lincoln, III; and Plaintiffs Lisa Liberi and Lisa Ostella in Opposition to Defendant, Orly Taitz ["Taitz"] Motion to Dismiss pursuant to *Fed. R. Civ. P.* 12(b)(6). In support hereof, Plaintiffs aver the following:

1. It is Plaintiffs position that this Court lacks jurisdiction to entertain Taitz's Motion to Dismiss Cause of Actions "1" through "4" and "8" through "9"as these are the same as the Cause of Actions in Plaintiffs original Complaint filed May 4, 2009. Taitz, after filing her Motion to Dismiss, filed an Appeal of this Court's June 14, 2011 Order, which was the Court's Anti-SLAPP ruling on Orly Taitz's Motion. These are the Causes of Actions Taitz's Appeal of her Anti-SLAPP Motion pertain to.

2. Defendant Orly Taitz through her attorney, Peter Cook, Esquire, should have filed to vacate their Motion to Dismiss pertaining to the Causes of Actions which are the same as in Plaintiffs original complaint, that Taitz filed an Anti-SLAPP to Dismiss that is now under Appeal.

3. As this Court is aware, an Appeal divests this Court of jurisdiction on the issues under Appeal. Thus, this Court lacks jurisdiction to entertain Taitz's Motion to Dismiss Plaintiffs First Amended Complaint as to Cause of Actions "1" through "4" and "8" through "9". For this reason, Plaintiffs have **not** addressed these particular causes.

4. It is also Plaintiffs position that Taitz's Motion to Dismiss as to cause of action numbers "5" through "7" are also Stayed. Although Plaintiffs did **not** plead separate causes for these issues, they were referenced and plead with Plaintiffs Invasion of Privacy claims in their original complaint filed May 4, 2009. Plaintiffs have touched upon these causes, outlined in Taitz's Motion to Dismiss.

5. If the Court determines it has jurisdiction to entertain Causes of Action "1" through "4", "8" and "9" then Plaintiffs respectfully request this Court to allow them to Brief Taitz's Motion to Dismiss as to these causes of action, as Plaintiffs First Amended Complaint properly pleads claims of actions for these cause of actions.

6. Jason Q. Marasigan, Counsel for Orly Taitz at the time sought Leave of Court to File an Anti-SLAPP Motion and Motion to Dismiss. This Court Denied the filing of another Anti-SLAPP Motion as all issues had been adjudicated; and Granted Defendant Orly Taitz's Leave to file a Motion to Dismiss pursuant to *Fed. R. Civ. P.* 12.

7. Taitz through her new attorney, Peter Cook, Esquire, filed Taitz's Motion to Dismiss on July 11, 2011. Much of the argument in Taitz's Motion to Dismiss stems around the Anti-SLAPP statutes, which this Court clearly Denied Defendant Orly Taitz to file. Moreover, much of the argument in Taitz's Motion to Dismiss is based on Taitz's assertions that her actions were of public importance

and Plaintiffs are public individuals, thus she claims her speech is and was freedom of speech protected by this States Constitution and the United States Constitution; Taitz's argument fails. Plaintiffs Liberi and Ostella are **not** public individuals nor are their lives and private information of any public importance. The law is that there must be a public interest in the specific speech or conduct alleged in the complaint: "'The fact that "a broad and amorphous public interest" can be connected to a specific dispute is **not** sufficient to meet the statutory requirements' of the Anti-SLAPP statute". See <u>World Financial Group, Inc. v. HBW Ins. & Financial Services, Inc.</u>, (2009) 172 Cal.App.4th 1561, 1570 [92 Cal. Rptr. 3d 227]; *See* also <u>Episcopal Church Cases</u>, (2009) 45 Cal.4th 467, 477 [87 Cal. Rptr. 3d 275, 198 P.3d 66].

  8. Taitz also claims that her speech regarding the Plaintiffs was "free speech" and therefore, protected under the laws of this State, this State's Constitution and the U.S. Constitution. Abusing the free speech protections are **not** tolerated, nor are they protected. Taitz's statements were **not** free speech but instead were false personal attacks on Plaintiffs; a violation of Plaintiffs privacy rights; and constitute Cyber-stalking, Cyber-harassment and Cyber-bullying; Slander, Internet smearing, Libel, Defamation; Harassment and other violations, which is continuing. Taitz's is still posting her falsities about the Plaintiffs as recent as July 23, 2011. See <u>Beauharnais v. Illinois</u>, 343 U.S. 250, 72 S. Ct. 725,

---

96 L. Ed. 919 (1952), (the Court held that libelous speech is **not** protected by the U.S. Constitution). Plaintiffs herein are **not** public figures, however, even if they were, there is absolutely **no** question that Taitz's false allegations were done with malice and therefore, are **not** protected under the First Amendment of the U.S. Constitution or California's Anti-SLAPP statute. *See* <u>New York Times v. Sullivan</u>, 376 U.S. 254, 84 S. Ct. 710, 11 L. Ed. 2d 686 (1964). *See* also <u>Dunn & Bradstreet, Inc. v. Greenmoss Builders</u>, (1985) 472 U.S. 749, 762 (plur. opn. of Powell, J.) [stating that when speech "concerns **no** public issue" and is "wholly false and clearly damaging," it "warrants **no** special protection" under the First Amendment]. It is settled in California that **not** all speech or petition activity is constitutionally protected. *See* <u>Flatley v. Mauro</u>, (2006) 39 Cal.4th 299, 313; <u>Aguilar v. Avis Rent A Car System, Inc.</u>, supra, (1999) 21 Cal.4th 121 [87 Cal.Rptr.2d 132; 980 P.2d 846] [87 Cal. Rptr.2d 132; 980 P.2d 864 at p. 134 ["the right to free speech is **not** absolute"]. Our California Courts have stated, "Allowing sanctions is consistent with the text of the state constitutional provision, which makes anyone who "abuse[s]" the right of freedom of speech "responsible" for the misconduct." (Cal.Const., art. I, § 2, subd. (a); *See* <u>Brown v. Kelly Broadcasting Co.</u>, (1989) 48 Cal.3d 711, 746.

    9.    The rest of Taitz's Motion to Dismiss appears to be based on Defendants seeking Plaintiffs to re-plead their entire case in their Opposition to

---

Liberi, et al, Plaintiffs Resp. in Opp. To Taitz's MTD filed 07.11.2011      5

Taitz's Motion, which is impossible. The statements and arguments force the appearance that neither Taitz nor her counsel took the time to read Plaintiffs First Amended Complaint.

10. Also on June 11, 2011, Taitz filed a Motion to Dismiss on behalf of Defendant Defend our Freedoms Foundations, Inc. ["DOFF"]. In so doing, Taitz admitted to all the allegations plead in Plaintiffs First Amended Complaint, including the allegations against all Defendants. Taitz Motion to Dismiss on behalf of DOFF contradicts and discredits the statements plead by Mr. Cook on her behalf.

11. Plaintiffs Opposition is based upon their Opposition; the attached Memorandum of Points and Authorities in Support hereof; Declarations of Dr. Charles Edward Lincoln, Plaintiffs Lisa Liberi and Lisa Ostella; upon records on file with this Court and such further oral and/or documentary evidence that may be presented at the time of the Hearing.

**WHEREFORE**, for the reasons stated herein, in Plaintiffs Memorandum of Points and Authorities filed herewith and Plaintiffs Declarations, Defendant Orly Taitz's Motion to Dismiss must be Denied. In addition, Plaintiffs Request this Court to Grant them Attorney Fees and Costs for Defendant Orly Taitz's frivolous and meritless Motion. If the Court decides it has jurisdiction to entertain

Defendant Taitz's Motion to Dismiss as to Cause of Actions "1" through "4", "8" and "9", Plaintiffs respectfully request to be able to properly respond to these causes. If the Court should decide to Grant any part of Defendant Orly Taitz's Motion, Plaintiffs seek Leave to Amend their Complaint.

Respectfully submitted,

Dated: July 25, 2011  /s/ Philip J. Berg
Philip J. Berg, Esquire
Pennsylvania I.D. 9867
**LAW OFFICES OF PHILIP J. BERG**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Telephone: (610) 825-3134
E-mail: philjberg@gmail.com

*Attorney in Pro Se and Counsel for Plaintiffs*