Philip J. Berg, Esquire
Pennsylvania I.D. 9867
**LAW OFFICES OF PHILIP J. BERG**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Telephone:  (610) 825-3134
E-mail: philjberg@gmail.com          *Attorney in pro se and for Plaintiffs*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA,
### SOUTHERN DIVISION

| | |
|---|---|
| LISA LIBERI, et al, | CIVIL ACTION NUMBER: |
| Plaintiffs, | **8:11-cv-00485-AG (AJW)** |
| vs. | |
| ORLY TAITZ, et al, | **PLAINTIFFS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR OPPOSITION TO DEFENDANT ORLY TAITZ'S MOTION TO DISMISS** |
| Defendants. | |
| | Date of Hearing:   August 15, 2011 |
| | Time of Hearing:  10:00 a.m. |
| | Location:            Courtroom 10D |

## I. **FACTS:**

1.    Plaintiffs filed suit on May 4, 2009 in the Eastern District of Pennsylvania.  Said case was transferred to this Court, at the request of Defendants, on or about June 16, 2011.

2.    On April 25, 2011, Defendants Orly Taitz ["Taitz"] and Defend our Freedoms Foundations, Inc. ["DOFF"] filed an Anti-SLAPP Motion and Motion to Dismiss Plaintiffs Complaint pursuant to Federal Rules of Civil Procedure ["*Fed. R. Civ. P.*"] 12(b)(1) and 12(b)(6), Docket No. ["Dkt No."] 178.  On April 29, 2011,

Plaintiffs filed a Motion Seeking Leave to Amend their Complaint, Dkt. No. 180. Plaintiffs responded in opposition to Taitz and DOFF's Motion, and also requested Leave to Amend their Complaint, Dkt. No. 186.

3.     Plaintiffs filed a Supplement to their Motion for Leave to Amend their Complaint on May 20, 2011 attaching their proposed First Amended Complaint ["FAC"] with a hundred and forty-five [145] Exhibits, Dkt No. 190.

4.     A Hearing took place on June 13, 2011 at which time a tentative Order was issued Granting Plaintiffs Motion for Leave to Amend and Denying Taitz's Anti-SLAPP Motion and Motion to Dismiss pursuant to *Fed. R. Civ. P.* 12(b)(1) and 12(b)(6).   Defendants argued and the Court took under submission the issues regarding Taitz's Anti-SLAPP Motion and Motion to Dismiss.

5.     On or about June 14, 2011, this Court issued its Order Denying Taitz's Anti-SLAPP Motion and Motion to Dismiss Plaintiffs Complaint.  At the same time, this Court Granted Plaintiffs Motion to Amend their Complaint and Ordered that **no** Exhibits were to be filed with Plaintiffs FAC [First Amended Complaint].   The Court's June 14, 2011 Order appears on the Docket as Dkt No. 227.  Plaintiffs FAC was filed on June 17, 2011, Dkt No. 231, and all parties, including newly added Defendants, were served by June 30, 2011.

6.     DOFF Appealed the Court's June 14, 2011 Order on June 27, 2011, Dkt. No. 238.  Taitz's then attorney, Jason Q. Marasigan, Esquire, sought Leave to File an

Anti-SLAPP Motion and Motion to Dismiss pursuant to *Fed. R. Civ. P.* 12 of Plaintiffs FAC on behalf of Taitz.

7. On June 29, 2011, the Court Denied Taitz's Request to File an Anti-SLAPP Motion, but Granted Taitz's Request to File a Motion to Dismiss Plaintiffs FAC pursuant to *Fed. R. Civ. P.* 12(b)(6), Dkt No. 245. In so doing, the Court noted, "The Court has already ruled on an Anti-SLAPP Motion regarding the initial Complaint and Defendant has Appealed that ruling. In light of these reasons and in the interests of judicial economy, the Court declines to accept this requested new Anti-SLAPP Motion." *See* Dkt. No. 245.

8. Taitz's filed her Motion to Dismiss pursuant to *Fed. R. Civ, P.* 12(b)(6) on June 11, 2011, Dkt. No. 280.

9. On June 11, 2011, Taitz also filed a Motion to Dismiss on behalf of her Corporation, DOFF. In this Motion Defendant Orly Taitz admits the allegations plead in Plaintiffs FAC pertaining to herself and all the other Defendants. *See* Dkt. No. 283. In this Motion to Dismiss, Taitz also contradicts and discredits what is stated in her Motion to Dismiss filed by Mr. Cook.

10. On July 13, 2011, Dkt. No. 285, Orly Taitz through Counsel, Peter Cook, Esquire, Appealed this Court's Order of June 14, 2011, Dkt. No. 227, which was the Denial of Taitz's Anti-SLAPP Motion. This Appeal was two (2) days after Taitz filed her Motion to Dismiss the Plaintiffs FAC.

11.   Although Mr. Cook filed the Appeal on behalf of Defendant Taitz, and the fact he knows the Appeal of the Anti-SLAPP Stays the Causes of Actions, he Filed to Withdraw Taitz's Motion to Dismiss.

12.   Because Taitz has now Appealed this Court's Order of June 14, 2011, Denying their Anti-SLAPP Motion, it is Plaintiffs position that the Court lacks jurisdiction to entertain their Motion as to Cause of Action "1" through "9" of Plaintiffs FAC and may only entertain Taitz's Motion to Dismiss Cause of Action numbers "10" and "11".

13.   For the reasons outlined herein, Defendant Orly Taitz's Motion to Dismiss must be Denied.  Plaintiffs respectfully request this Court to Grant their Request for Attorney Fees and Costs for Taitz's frivolous Motion.

## II.   THIS COURT LACKS JURISDICTION TO ENTERTAIN TAITZ'S MOTION TO DISMISS COUNTS "1" THROUGH "9" OF PLAINTIFFS FAC AS THESE ARE THE SAME COUNTS OUTLINED IN TAITZ'S ANTI-SLAPP MOTION WHICH IS UNDER APPEAL:

14.   As this Court is aware Taitz Notice of Appeal divests this Court "its control over those aspects of the case involved in the Appeal.  In *Varian Medical Systems, Inc. v. Delfino*, 35 Cal. 4th 180 at 188-91 (2005), the California Supreme Court held that an Appeal from an Order Denying an Anti-SLAPP Motion automatically Stays all further proceedings on the merits of the Causes of Action. *See* also *Hilton v. Hallmark Cards*, 599 F.3d 894, 900 (9th Cir. 2010); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).

15.    Thus, Taitz's Appeal imposes an Automatic Stay of all proceedings related to the issues raised in its Anti-SLAPP Motion to Strike. *See All One God Faith, Inc. v. Hain Celestial Group, Inc.*, 2009 WL 4907433, (N.D. Cal. 2009) (concluding that the "Appeal of a ruling on an Anti-SLAPP Motion imposes an automatic Stay of all further trial court proceedings on the merits" of the claims at issue).

16.    However, the District Court only loses jurisdiction "over the particular issues involved in that appeal." *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882 (9th Cir. 2001); *See* also *Nascimento v. Dummer*, 508 F.3d 905, 910 (9th Cir. 2007) (opining that the interlocutory appeal "would have divested the district court of jurisdiction over the issue under appeal and does **not** affect the Court's jurisdiction over other matters in the case") (citing *Britton v. Co-Op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990)).

17.    Plaintiffs FAC contains the same Causes of Action originally plead in their original Complaint on May 4, 2009.  The Causes of Actions Taitz is attempting to have Dismissed, Cause of Actions "1" through "4" and "8" through "9" of Plaintiffs FAC **are the same** as those plead in Plaintiffs original Complaint, which are currently under Appeal as a result of the Court Denying Taitz's Anti-SLAPP and Motion to Dismiss pursuant to *Fed. R. Civ. P.* 12(b)(1) and 12(b)(6).

18.    It is also Plaintiffs belief that their FAC Causes of Actions "5" through "7" are **also the same** and those plead in their original Complaint.  Although,

Plaintiffs did **not** have these particular actions plead separately, they were pled in their

Causes of Actions for invasion of privacy in their original Complaint filed May 4,

2009.  Plaintiffs have touched upon these particular Causes of Actions in case the

Court finds it has jurisdiction to entertain Taitz Motion to Dismiss as to these Causes

of Actions.

19.    For these reasons, it is Plaintiffs belief, according to the law, that this

Court lacks jurisdiction over Taitz's Motion to Dismiss Plaintiffs Causes of Actions

"1" through "9", as they are currently under Appeal. *Varian Medical Systems, Inc. v.*

*Delfino*, 35 Cal. 4th 180 at 188-91 (2005); *Hilton v. Hallmark Cards*, 599 F.3d 894,

900 (9th Cir. 2010); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58

(1982).

20.    In case this Court has a different view, Plaintiffs respectfully Request to

have the opportunity to fully Brief the issues raised in Taitz's Motion to Dismiss.

### III.    THIS COURT'S REVIEW OF *FED. R. CIV. P* 12(b)(6) MOTION'S TO DISMISS:

21. Dismissal under *Fed. R. Civ. P.* 12(b)(6) is appropriate only where the

Complaint lacks a cognizable legal theory or sufficient facts to support a cognizable

legal theory**."** *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir.

2008).  For purposes of a Motion to Dismiss, the Plaintiff's allegations are taken as

true, and the Court must construe the Complaint in the light most favorable to the

Plaintiffs. *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404

(1969). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, (2009) 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Leave to Amend must be Granted unless it is clear that the Complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995).

20.     All of Plaintiffs Causes of Actions, as outlined below, have been properly plead and state claims for which relief can be granted, Taitz's Motion to Dismiss must be denied.

## IV.    *CAL. CIV. CODE* §47 PROTECTIONS DO NOT APPLY TO TAITZ'S PUBLICATIONS:

21.     The judicial proceedings privilege does **not** turn courtrooms or pleadings into free-fire zones for all defamatory or otherwise injurious statements.   The privilege protects only statements pertinent to or reasonably connected with the object of the judicial proceeding.   There must be some logical nexus with the proceeding. The nature of the privilege is fairly consistent among state and federal courts.   Filing documents with the Courts; using the Court documents as Press Releases; using the Court's to file documents in order to publish them all over the Internet, as Taitz's has

---

continually done, are **not** protected activity as none of the publications, interviews, mass email pertained to the litigation at hand or in furtherance of litigation. *See Rothman v. Jackson*, (1996) 49 Cal. App 4th 1134 [57 Cal.Rptr.2d 284] (in context of potential claim against entertainer Michael Jackson, statements during press conference were **not** in furtherance of the litigation or related defense and thus were **not** privileged under California law); *Bradley v. Hartford Accident & Indem. Co.*, (1973) 30 Cal. App. 3d 818, 826 (holding California litigation privilege did **not** apply to statements to press and suggesting privilege did **not** apply to other documents which appeared filed with court with "sole intent of having the defamatory statements republished in the media").

22.    For the applicability of the section 47 privileges, the communication (a) must have some connection or logical relation to the action, and (b) must be made to achieve the objects of that litigation, which do **not** apply to Taitz as her publications had absolutely nothing to do with the within litigation; did **not** have "logical relation or connection" to the within litigation and were **not** made to achieve the "objects of litigation". *Bradley v. Hartford Accident & Indem. Co.*, (1973) 30 Cal. App. 3d 818, 826. *See also Silberg v. Anderson*, (1990) 50 Cal.3d 205 at 212, [266 Cal. Rptr. 638]; *Edwards v. Centex Real Estate Corp.*, (1997) 53 Cal.App.4th 15, 36, [61 Cal.Rptr.2d 518]; *Younger v. Solomon*, (1974) 38 Cal.App.3d 289, [113 Cal. Rptr. 113];

23.    These requirements demand that the offending communication be relevant to the judicial proceeding. *Bradley* is on key with the within action. *Bradley*

involved defamatory statements and spurious 'pleadings' published in the midst of litigation. Id. at 30 Cal. App. 3d 822, just like the within case.

## V. THE COMMUNICATIONS DECENCY ACT, 47 U.S.C. §230 DOES NOT APPLY TO THE WITHIN ACTION OR TO TAITZ'S PUBLICATIONS:

25.    Taitz claims that she is immune from suit under the Communications Decency Act ["CDA"], 47 U.S.C. §230 because she is an "interactive Computer User" and cannot be treated as the publisher or speaker of information she obtained directly from another information provider, LexisNexis, ChoicePoint, Inc., Intelius, Inc., and Neil Sankey, and therefore cannot be held liable.

26.    Taitz argument is rather creative, but also a complete twist of the law.  In support thereof, Taitz cites *Barrett v. Rosenthal*, (2006) 30 Cal. 4th 33, 51 Cal. Rptr.3d 55, which is inapposite and does **not** support her attempts.  The *Rosenthal* case had to do with Rosenthal republishing statements which were opinions versus fact, on her discussion groups and news groups over health issues which were of public importance.  The CDA makes immune statements and publications on news groups and discussion groups which are "interactive computer services". *See* CDA section 230(c)(1).  The statements that were republished could **not** be proven as untrue.  Rosenthal is completely different than the case herein.  Taitz published provable false statements and private facts about Plaintiffs on her own website/blog, which is **not** an "interactive computer services".    Taitz did **not** just repeatedly republish the

information; she created her own postings which contained the false information, false accusations and private data of the Plaintiffs, including Plaintiff Liberi's pictures.

27.    Neither Taitz nor her website/blog are a newsgroup, bulletin board, they are **not** a service publisher or an interactive computer service. _Reno v. American Civil Liberties Union_, (1997) 521 U.S. 844, 851, 117 S.Ct. 2329, 138 L.Ed.2d 874. Nor does the CDA apply as wrongly claimed by Taitz. Taitz created all her own documents, publications, and postings and posted them herself on her website/blog. _See_ Exhibits "1" through "145" appearing on this Court's Docket as Docket No. 190 through 190-27. Plaintiffs hereby incorporate by reference as if fully set forth here at length Exhibits "1" through "145" appearing as Docket Entry No.'s 190 through 190-27. See also the Declaration of Lisa Liberi.

28.    Section 230(c)(1) refers directly to the "user of an interactive computer service." Section 230(f)(2) defines "interactive computer service" as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet...." _Carafano v. Metrosplash.Com. Inc_., 339 F.3d 1119 (9th Cir. 2003). None of which apply to Defendants Taitz or DOFF, _Reno v. American Civil Liberties Union_ (1997) 521 U.S. 844, 117 S.Ct. 2329, 138 L.Ed.2d 874.).

29.    The term "information content provider" for purposes of the Act, means any person or entity that is responsible, in whole or in part, for the creation or

development of information provided through the Internet or any other interactive computer service. 47 U.S.C.A. § 230(f)(3), *Fair Housing Council of San Fernando Valley v. Roommates, Com, LLC, (Roommates),* 521 F.3d 1157, 1167-68 (9th Cir. 2008).

30.    The provider of an interactive computer service allowing users within a particular "community" to post profiles and communicate with each other was an "information content provider," partly responsible for the creation or development of a false profile of an actress created by a third party, and thus was **not** entitled to immunity under the Communications Decency Act, *Carafano v. Metrosplash.Com. Inc.*, 339 F.3d 1119 (9th Cir. 2003).  Just like in the *Carafano* case, Taitz is an "information content provider" responsible for the creation and development of the false statements, false allegations, innuendos and publication of Plaintiffs private data and is **not** immune. *See* Exhibits "1" through 145 appearing as Dkt No. 190 through 190-27.  A website/blog owner/operator becomes liable as an "information content provider" when they contribute to its "alleged unlawfulness", 521 F.3d at 1167-68. *See* also *Barnes v. Yahoo!, Inc.,* 570 F.3d 1096, 1106 (9th Cir.2009); *Goddard v. Google,* No. C 08-2738 JF (PVT), 2008 WL 5245490 (N.D.Cal. Dec. 17, 2008).  Taitz is responsible for putting information online and subject to liability, even if the information originated with a user. *See Batzel v. Smith,* 333 F.3d 1018, 1033 (9th Cir.2003).

---

31.     Taitz has openly admitted in her Motion to Dismiss and the Motion to Dismiss Filed on behalf of DOFF that she published and republished the false allegations, false information, false statements, private data of Plaintiffs, which substantiates the harassment, cyber-stalking, slander, libel, defamation, invasion of privacy, false light invasion of privacy, invasion of Plaintiffs solitude, violation of *Cal. Civ. Code* §1798.53, *Cal. Civ. Code* §1798.85; intentional infliction of Emotional Distress, and the other torts outlined in Plaintiffs First Amended Complaint, entitling Plaintiffs to recover damages.  In addition, Taitz has openly admitted the Plaintiffs private data came from Neil Sankey, Todd Sankey, The Sankey Firm, Inc. the Reed Defendants, including LexisNexis, et al, ChoicePoint, Inc. ["Reed Defendants"] and Defendant Intelius, Inc., again substantiating all of the claims asserted by Plaintiffs against these Defendants.  Taitz openly states in DOFF's Motion to Dismiss that she obtained Plaintiffs private information directly from the Reed Defendants and Defendants Intelius, Inc.  The only problem, Taitz did **not** have accounts allowing her access to these data brokers' databases, thus, she only could have obtained the information illegally from Taitz's husband, Defendant Yosef Taitz, and Defendants Daylight Chemical Information Systems, Inc. and Oracle, Inc. and again substantiates Plaintiffs allegations outlined in their First Amended Complaint against these Defendants. *See* also the Declaration of Dr. Charles Edward Lincoln, III.

32.    Taitz did **not** and does **not** have immunity under the CDA, 47 U.S.C. Section §230, et. Seq.  For the reasons stated herein, this Court must Deny Defendant DOFF's Motion.

### VI.    PLAINTIFF LIBERI HAS PLEAD FACTS SUFFICIENT TO SUPPORT HER MALICIOUS PROSECUTION and ABUSE OF PROCESS CAUSE OF ACTIONS:

33.    Taitz claims Liberi's Cause of Action for Malicious Prosecution fails because the instituting of hearings to revoke ones probation is **not** a "full blown" action.  Taitz does **not** claim her filings against Liberi instituting the Emergency Revocation of Probation proceedings had any merit; she could **not** as she knew there was **no** merit and she did **not** have probable cause.

34.    To the contrary.  The criminal case against Plaintiff Liberi had been closed for almost three (3) years.  Taitz attempted for over two (2) years to have Liberi falsely arrested based on Taitz false allegations that Liberi was the same person as Ostella; that Liberi "hacked" Taitz and DOFF's website/blog and PayPal account and stole monies. *See* the police report filed by Taitz and DOFF against Plaintiff Liberi filed May 20, 2011, Docket No. 190, appearing as Exhibit "16" and Taitz's PayPal records showing the monies Taitz claimed to be stolen were in fact deposited into her PayPal accounts as Exhibits "22" and "23", *See* Dkt. No. 190.  Taitz was very aware her statements were false.  When Defendants were unable to have Liberi falsely arrested, and after this case was transferred to California, Taitz did everything in her power to try and have Liberi arrested.  Taitz filed a Petition in San Bernardino County

California Superior Court in attempts to have Liberi's probation revoked since the San Bernardino County District Attorney's Office; San Bernardino County District Probation Department and the Santa Fe Probation Department, Santa Fe Police Department, FBI, Orange County; FBI, Los Angeles County, FBI, Santa Fe, NM, and other law enforcement agencies **all refused to take action on Taitz's false allegations.** *See* Exhibit "145" appearing on the Docket as Docket No. 190-27. *See* the Declaration of Lisa Liberi.

### A.    Malicious Prosecution Claim:

35.    Malicious prosecution is the institution and maintenance of judicial proceedings against another with malice and without probable cause, *Vargas v. Giacosa*, (1953) 121 Cal. App. 2d 521 (overruled on other grounds by *Hardy v. Vial*, (1957) 48 Cal. 2d 577; *Hardy v. Vial*, (1957) 48 Cal. 2d 577.  In the criminal context, Malicious Prosecution is the prosecution of another under lawful process, such as Revocation of Probation, stemming from malicious motives and without probable cause. *Gogue v. MacDonald*, (1950) 35 Cal. 2d 482, 218; *Singleton v. Perry*, (1955) 45 Cal. 2d 489; *Sullivan v. County of Los Angeles*, (1974) 12 Cal, 3d 710, [117 Cal. Rptr. 241]; *Floro v. Lawton*, (1960) 187 Cal. App. 2d 657, [10 Cal. Rptr. 98]; *Gomez v. Garcia*, (1980) 112 Cal. App. 3d 392, [169 Cal. Rptr. 350]; *Zamos v. Stroud*, (2004) 32 Cal.4th 958, [12 Cal. Rptr. 3d 54.   In the Criminal setting, as Taitz's commencement of Probation Revocation Hearings, the tortious act is committed by the filing of a criminal complaint with malice and without probable cause as Taitz did

instituting Probation Revocations Hearings against Plaintiff Liberi.  The essence of the tort is the wrongful conduct in making the criminal charge. *Zurich Ins. Co. v. Peterson*, (1986) 188 Cal. App. 3d 438, [232 Cal. Rptr. 807].

36.   The elements, and to prove and prevail on a claim of malicious prosecution, Plaintiff must prove that the underlying prosecution: (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in Plaintiffs favor; (2) the action was brought without probable cause; and (3) was initiated with malice. *Conrad v. U.S.*, 447 F.3d 760 (9th Cir. 2006); *Soukup v. Law Offices of Herbert Hafif*, (2006) 39 cal. 4th 260, [48 Cal. Rptr. 3d 638]; *Contemporary Services Corp. v. Staff Pro Inc.*, 61 Cal. Rptr. 3d 434 (Cal. App. 4th Dist. 2007).  The same elements are required to establish a cause of action for Malicious Prosecution. *See Robinson v. Vicory,* (2006) 143 Cal. App 4th 1416, [50 Cal. Rptr. 3d 65]; *Marijanovic v. Gray, York and Duffy*, (2006) 137 Cal.App.4th 1262, [40 Cal. Rptr. 3d 867]; *StaffPro, Inc. v. Elite Show Services, Inc*., (2006) 136 Cal.App.4th 1392, [39 Cal. Rptr. 3d 682].   As stated above, Taitz was aware her statements and allegations against Liberi were false; that Liberi had **not** broken any laws or violated any terms of her probation; Taitz admits to filing the Motion to have Liberi's probation revoked; and the Judge found **no** merit to Taitz's false allegations, thereby continuing Liberi on her probation.  Three [3] Hearings were commenced based on Taitz filing, which were being advertised by Taitz all over her website/blog, and Taitz was seeking her supporters, followers and readers to attend the Probation Hearings. *See* Exhibits "91",

"92", "93", "125", and "126" filed May 20, 2011, and appear as Dkt No. 190. Taitz was attempting to have Liberi arrested because Liberi was suing her and to "get rid" of Liberi as she had threatened, it was malicious; and Liberi was found **not** guilty and **not** in violation of her probation, thus it terminated in Liberi's favor. The case against Liberi in San Bernardino County Superior Court had been closed. Taitz and DOFF's filing of their Petition for Emergency Revocation of Liberi's Probation initiated a brand new action against Liberi.

### B. Abuse of Process Claim:

37.     For purposes of the tort of abuse of process, the process that is abused must be judicial process. The essence of the tort lies in his misuse of the power of the Court. It is an act done in the name of the Court and under its authority for the purpose perpetrating an injustice. _Stubbs v. Abercrombie_, (1919) 42 Cal. App. 170, 183 P. 458; _Meadows v. Bakersfield S. & L. Assn._, (1967) 250 Cal.App.2d 749, 753, [59 Cal. Rptr. 34]. To succeed in an action for abuse of process, a litigant must establish that the Defendant: (1) contemplated an ulterior motive in using the process; and (2) committed a willful act in the use of the process **not** proper in the regular conduct of the proceedings. _Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.,_ (1986) 42 Cal.3d 1157, 1168, [232 Cal. Rptr. 567]. The improper purpose required to state a cause of action in abuse of process claims takes the form of coercion to obtain a collateral advent, **not** properly involved in the proceeding itself. _Spellens v. Spellens_, (1957) 49 Cal. 2d 210; _Templeton Feed and Grain v. Ralston_

*Purina Co.*, (1968) 69 Cal. 2d 461, [72 Cal. Rptr. 344]; *Coleman v. Gulf Ins. Group*, (1986) 41 Cal. 3d 782, [226 Cal., Rptr. 90]; *Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.*, (1986) 42 Cal. 3d 1157, 1168, [232 Cal. Rptr. 567]; *Silver v. Gold*, (1989) 211 Cal. App. 3d 17, [259 Cal. Rptr. 185]; *Cantu v. Resolution Trust Corp.*, (1992) 4 Cal. App. 4th 857, [6 Cal. Rptr. 2d 151]; *Brown v. Kennard*, (2001) 94 Cal. App. 4th 40, [113 Cal. Rptr. 2d 891].  In this case, Taitz was attempting to have Liberi arrested and incarcerated to make the current civil suit go away and to "get rid" of Liberi as threatened.  This is undoubtedly for an end **not** germane thereto and consists in achievement of a benefit totally extraneous to or a result **not** within its legitimate scope qualifies as an element of abuse of process. *Rusheen v. Cohen*, (2006) 37 Cal. 4th 1048, 1056, [39 Cal. Rptr. 3d 516].

38.   There are two (2) main elements for a cause of action for abuse of process:  (1) an ulterior purpose; and (2) a willful act in the use of the process **not** proper in the regular conduct of the proceeding.  Just like in the case of *Siam v. Kizilbash*, (2005) 130 Cal. App. 4th 1563, [31 Cal. Rptr. 3d 368], Taitz used false allegations to have Hearings set to revoke Liberi's probation.  Taitz's allegations included but were **not** limited to Liberi tampered with Taitz's car; Liberi "hacked" Taitz's website and PayPal account; Liberi stole approximate Ten Thousand [$10,000.00] Dollars from her; Liberi perjured her testimony; Liberi was associating with known felons; Liberi was committing Social Security Fraud; Liberi had access and was accessing third party credit cards; and many other false allegations.  When

Taitz was turned down, and Liberi's probation was **not** revoked, Taitz went and began threatening the San Bernardino County District Attorney's Office and the San Bernardino County Adult Probation and personally attacking and seeking complaints against the supervising Probation Officers who gave Liberi favorable reports. When this failed, Taitz published all over the Internet and by mass emailing that Liberi had four [4] active felony charges pending against her and Taitz would let everyone know when a trial date was set. *See* Exhibits "127" and "128" filed May 20, 2011, Dkt No. 190 through 190-27. *See* the Declaration of Lisa Liberi.

39.    California takes a broad view of "process" that may be actionable if used wrongly. " 'Process,' as used in the tort of 'abuse of process,' has never been limited to the strict sense of the term, but instead has been interpreted broadly to encompass the entire range of 'procedures' incident to litigation." *Barquis v. Merchants Collection Assn.,* (1972) 7 Cal.3d 94, 104, fn. 4, [101 Cal. Rptr. 745]. A Petition for Revocation of Probation certainly applies.

40.    For the reasons outlined herein, Plaintiff Liberi has properly plead her Malicious Prosecution and Abuse of Process Claims and Defendants Taitz and DOFF's Motion must be Denied.

//
//
//
//
//
//
//

## VII.  **PLAINTIFFS LIBERI and OSTELLA HAVE PLEAD SUFFICIENT FACTS TO SUPPORT THEIR CYBER-STALKING CLAIMS:**

41.  Taitz claim Plaintiffs Liberi and Ostella have **not** met their burden regarding the cause of action for Cyber-Stalking and have failed to cite to a credible threat.

42.  Plaintiffs incorporate their First Amended Complaint as if fully set forth herein. In particular, see pages 11-61, paragraphs 30-143 and pages 102 through 111, Seventh Cause of Action, paragraphs 265 through 280.

43.  A person is liable for the tort of Stalking/Cyber-Stalking when the Plaintiffs prove each element of the tort, California Civil Code §1708.7(a). The first element Plaintiffs must prove is Taitz engaged in a pattern of conduct, the intent of which was to alarm and harass the Plaintiffs.

44.  Taitz met the burden of alarming and harassing the Plaintiffs by her continued publishing of false information, false accusations about the Plaintiffs, publication of Plaintiffs home addresses, telephone numbers, private identifying information, and their continued call out for their supporters to help and asking for supporters in the area of where the Plaintiffs reside to file false law enforcement reports against the Plaintiffs, calling for "pathologist's" in New Mexico regarding the death of Liberi's sister, the continued publication of Liberi's pictures, both single photo and family photo, sending all of Plaintiffs private data to white supremacy groups, hate groups, armed militia groups, and other groups of people, including

internationally. Taitz contacted all of the friends and relatives of Plaintiffs making false statements about the Plaintiffs, filing false reports with law enforcement and probation to ensure they appeared at Liberi's home, which they did, and many other acts. *See* Plaintiffs Exhibits "1" through "145" filed May 20, 2011, appearing as Dkt No. 190 through 190-27. *See* the Declarations of Lisa Liberi and Lisa Ostella.

45. As a result of the above harassment which caused severe alarm to Plaintiffs, Plaintiffs Ostella and Liberi lived in constant fear for themselves and family and suffered substantial emotional distress.

46. Because of Taitz's threats to have Ostella's children professional kidnapped; to destroy and get rid of Liberi; calling for Liberi and Ostella to be politically perjured with President Obama; publically stating that Liberi and Ostella "need to be gotten rid of"; and other threats., Plaintiffs took these as viable, credible threats. *See* the Declarations of Lisa Ostella and Lisa Liberi.

47. Taitz admits that she was asked to cease and desist her behaviors, but instead she has continued her illegal, harassing and threatening behaviors as recent as July 2011.

48. Harassment is defined as the "knowing and willful course of conduct direct at the Plaintiffs which seriously alarmed, annoyed and harassed the Plaintiffs." All the postings and publications, which is still ongoing, by Taitz served **no** legitimate purpose. *See Cal. Civ. Code* Section 1708.7.

49.     Plaintiffs Ostella and Liberi have met their burden.  Taitz's Motion must be Denied.

### VIII.  **PLAINTIFFS WILL PREVIAL UNDER THE PRIVACY ACT, CAL. CIVIL CODE SECTION 1798.53:**

50.     Plaintiffs incorporate their First Amended Complaint as if fully set forth here at length.  In particular pages 11-61, paragraphs 30-143; and pages 94 through 102, fifth and sixth cause of actions, paragraphs 239-264.

51.     Taitz in her Motion to Dismiss, pages 17-18 claim Plaintiffs failed to plead and satisfy any of the prongs required in *Cal. Civ. Code* 1798.53.  Taitz further claims that the Complaint is devoid of any disclosure of private information of Ostella maintained by a state or federal governmental agency.  This is completely untrue. Taitz also starts that none of the private data illegally obtained on Liberi and Ostella, and disclosed by Taitz was actually obtained from State or Government Entities.  The statutory privacy statute does **not** require the information to come directly from a State or Federal Agency just that Taitz knew or should have known it originally came from a state or Federal Agency.  In other words, just to give an example, Taitz was fully aware that Social Security numbers are maintained in the Social Security Administration as are individuals parents' names, mother's maiden names, birth dates and place of birth, a Federal Agency; and that Driver's License information is maintained in the State Department of Motor Vehicles, a State Agency.

52.     All through Plaintiffs FAC, Plaintiffs clarify their private financial data; their confidential private information; their Social Security numbers; their dates of births'; addresses; phone numbers; mother's maiden names; father's names; place of birth; their credit data, that Taitz published it on her website/blog continuously, sent it through mass emailing; mass mailing. *See* Plaintiffs FAC at pages 66-87, paragraphs 23 through 87; pages 94-102, paragraphs 239 through 264.  Taitz even published FBI testimony regarding Social Security numbers and their confidentiality and Security. *See* Dkt No. 190.

53.     As stated in the unreported case, *Witriol v. LexisNexis Group*, 2006 WL 1128036 (N.D. Cal., Apr 27, 2006) the Court found:

"As Defendants acknowledge, Plaintiff has pled that Defendants impermissibly disclosed *"privileged* financial, credit and other *confidential* information." While Defendants argue that Plaintiff did not expressly allege that such information was not otherwise publicly available, construing these allegations in Plaintiff's favor, the Court finds Plaintiff's allegations that the information was both confidential and privileged are sufficient to meet this element of his § 1798.53 claim. *See Jennifer M. v. Redwood Women's Health Ctr.,* 88 Cal. App. 4th 81, 89 (Cal. Ct. App. 2001) ("Section 1798.53 sets out a civil action for damages for the intentional disclosure of *confidential* personal information [.]") (emphasis added).  In the same vein, although Defendants contend that Plaintiff failed to allege that the information that Defendants'

purportedly disclosed was obtained from information maintained by a state agency or from records within a system of records maintained by a federal agency, Defendants note that Plaintiff expressly alleged that the information "was obtained from personal information maintained by state and/or federal agencies[.]"  Defendants' contention that such an allegation is insufficient to "establish" this element of Plaintiff's claim is misplaced.  At the pleading stage, merely alleging the necessary element of a claim is sufficient to satisfy Rule 8 of the Federal Rules of Civil Procedure.  Whether Plaintiff has sufficient evidentiary support to establish this necessary element of his claim is a matter addressed at the summary judgment stage, **not** in the context of a Rule 12(b)(6) Motion.  In summary, the Court finds that Plaintiff has sufficiently pled that the information was **not** otherwise available to the public and was obtained from information maintained by a state agency or from federal agency records."

54.    The *Witriol* case is right on point with Plaintiffs case herein.    And, shows that Plaintiffs have plead sufficient facts to sustain their Causes of Actions under the Information Privacy Act, Cal. Civ. Code 1798.53.  Moreover, all throughout Taitz and DOFF's Motion they admit to the publication and republication of Plaintiffs private data and attempt to claim they are immune from suit and damages, which is **not** the case. *See* also *Jennifer M. v. Redwood Women's Health Ctr.,* 88 Cal.App. 4th 81, 89 (Cal. Ct. App. 2001).

55.    For the reasons stated herein, Defendants Taitz and DOFF's Motion must be Denied.  Plaintiffs should also be awarded Attorney Fees and Costs for the time spent in answering Taitz and DOFF's frivolous Motion.

## IX.    PLAINTIFFS WILL PREVIAL UNDER THE PRIVACY ACT, *CAL. CIVIL CODE* SECTION 1798.85:

56.    Taitz  claims that it is **not** alleged in Plaintiffs FAC that Ostella's Social Security number was published anywhere and therefore *Cal. Civ. Code* §1798.85 does not apply to her. [Taitz MTD, pages 15-16]

57.    To the contrary, it is plead clearly that Taitz published Ostella's Social Security number. *See* Plaintiffs FAC, pages 11-61, ¶¶ 30-143 and pages 97-102, ¶¶ 248-264. *See* the Declaration of Lisa Ostella.

## X.    CONCLUSION:

58.    For the reasons outlined herein, Defendant Orly Taitz's Motion to Dismiss must be Denied.  It is Plaintiffs position this Court lacks jurisdiction to entertain Defendant Orly Taitz's Motion to Dismiss Plaintiffs Causes of Action "1" through "4" and "8"through"9" in Plaintiffs FAC as these are the same Causes of Actions Defendant Orly Taitz's Anti-SLAPP Motion pertained to which is currently under Appeal.  It is also the Plaintiffs position that although Causes of Actions "5" to "7" were **not** plead separately in Plaintiffs original Complaint, but were plead within Plaintiffs Causes of Actions for Invasion of Privacy, therefore this Court lacks jurisdiction.  In case the Court has a different view, Plaintiffs have touched upon these

1  particular Causes of Actions.   In the event this Court feels it has jurisdiction to

2

3  entertain Defendant Orly Taitz Motion to Dismiss Plaintiffs FAC, then Plaintiffs

4  respectfully request the opportunity to address Defendant Taitz's Motion to Dismiss

5  as to the 1st through 4th and 8th and 9th Causes of Actions in Plaintiffs FAC that

6

7  Defendant Taitz has moved to Dismiss.

8        59.    Plaintiffs respectfully Request this Court to Grant them their Attorney

9  Fees and Costs.  If this Court is inclined to Grant Defendant Orly Taitz's Motion as to

10  any of the Causes of Actions plead in Plaintiffs FAC, Plaintiffs respectfully Request

11  this Court to allow them to Amend their Complaint.

12

13                                  Respectfully submitted,

14

15

16  Dated:  July 25, 2011              /s/ Philip J. Berg
                                       _____
17                                     Philip J. Berg, Esquire
                                       Pennsylvania I.D. 9867
18                                     **LAW OFFICES OF PHILIP J. BERG**
                                       555 Andorra Glen Court, Suite 12
19                                     Lafayette Hill, PA 19444-2531
                                       Telephone:  (610) 825-3134
20                                     E-mail: philjberg@gmail.com
21
22                                     *Attorney in Pro Se and Counsel for Plaintiffs*
23
24
25
26
27
28