Philip J. Berg, Esquire (PA I.D. 9867)
E-mail: philjberg@gmail.com
**LAW OFFICES OF PHILIP J. BERG**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Telephone:  (610) 825-3134 Fax: (610) 834-7659
*Attorney in pro se and for Plaintiffs*

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA,
SOUTHERN DIVISION**

| | |
|---|---|
| LISA LIBERI, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> ORLY TAITZ, et al, <br><br> Defendants. | CIVIL ACTION NUMBER: <br> **8:11-cv-00485-AG (AJW)** <br><br> **DECLARATION OF <br> DR. CHARLES EDWARD <br> LINCOLN, III** <br><br> Date of Hearing: August 15, 2011 <br> Time of Hearing: 10:00 a.m. <br> Location:         Courtroom 10D |

## DECLARATION OF DR. CHARLES EDWARD LINCOLN, III

I, Charles Edward Lincoln, III, am over the age of 18 and am not a party to the within action.  I have personal knowledge of the facts herein, and if called to do, I could and would competently testify.  I am making this Declaration under the penalty of perjury of the Laws of the United States pursuant to 28 U.S.C. §1746.

1. I began working for and with Orly Taitz ["Orly"] in or about late May/Early June 2009.   Although I was hired initially for simple legal

---

Declaration of Dr. Charles Edward Lincoln, III                                     1

research and drafting, in effect as Orly's Law Clerk & Personal Assistant, our relationship rapidly became much more complex, and in effect we became partners, or at least tried to implement a partnership or partnerships of several characters, of both the business and personal variety.

2.  I received my Ph.D. degree in 1990 from the Graduate School of Arts & Sciences at Harvard University, Cambridge, Massachusetts 02138, my dissertation's short title being "Ethnicity and Social Organization" and I also received a Juris Doctor ("J.D.") from the Law School of the University of Chicago in 1992.

3.  I served as a judicial extern for the Honorable Stephen Reinhardt of the United States Court of Appeals for the Ninth Circuit in 1987-88 and as a judicial law clerk for the Honorable Kenneth L. Ryskamp of the United States District Court for the Southern District of Florida where I was hired in 1991 and completed my term in September 1993.

4.  I passed the Bar Exams in California, Florida, and Texas in 1992-1994, maintained offices in the States of Durango and Yucatan in Mexico as well as in Louisiana and Texas, until 2000 when I resigned in Texas as a result of an indictment in Texas, as a "plea bargain" condition of having 4/5 charges dropped and serving neither a single day of incarceration nor paying any significant fine or having any substantial restrictions on my liberty

during a three year period of probation, during which I was allowed to travel internationally to Europe and Africa, and even to maintain lawsuits and collect settlements on my own.  I remained licensed and active in California and Florida until 2002-2003, when those states imposed "reciprocal discipline" on me---requiring disbarment as the equivalent of "resignation in lieu" effected by the plea bargain in Texas.

5.    Orly Taitz and I met and started working through a mutual friend, Dr. Kathy Ann Garcia-Lawson, at a time (end of May 2009) when Orly was seeking legal assistance with her litigation, including this present case (Lisa Liberi, Lisa Ostella, and Philip J. Berg) against her and Defend our Freedoms Foundation (DoFF).

6.    Orly Taitz told me that she did not have any accounts, nor any other prior access, either personally or through her law office, at or around the time we met and throughout the five months we were working together with any of the LexisNexis defendants in this case, Reed-Elsevier, ChoicePoint, Inc. and/or Intelius, Inc.   I had used LexisNexis and Intelius before, and had active subscriptions, but Orly had absolutely no online legal research tools at all, nor did she know how to use any of them.

7.    I read with great interest Orly Taitz' Motion to Dismiss filed in this case on behalf of her corporation, Defend our Freedoms Foundations, Inc.,

Declaration of Dr. Charles Edward Lincoln, III                                                                        3

["DOFF"] in which Orly appears to admit, carte blanche, to all of plaintiffs' allegations in this case against her (Orly), her Corporations, her husband, his Corporation, Daylight Chemical Information Systems, Inc. ("Daylight"), Oracle, all the Lexis Defendants and Intelius, Inc.

8. Even more interestingly, Orly Taitz appears to admit without qualification to having obtained the information and the publication thereof directly from the LexisNexis defendants, ChoicePoint, Inc. and Intelius, Inc., (*viz.* Orly's Motion to Dismiss filed on behalf of DOFF, Docket No. 283, filed July 11, 2011 at pages 17 through 19.

9. I read Plaintiffs' original complaint in this case, as I worked against it for Orly while the case was pending before Judge Robreno in the Eastern District of Pennsylvania. Even though Orly and I no longer work together after she terminated both our professional collaboration and personal relationships, and attacked me viciously on-line and in the Courts I might add, apparently to cover up some embarrassment or shame she might have felt regarding our relationship, I am still following this case and have read plaintiffs First Amended Complaint ["FAC"].

10. Orly's apparently unlimited admissions to obtaining Plaintiffs', Lisa Liberi and Lisa Ostella's private information from LexisNexis, ChoicePoint, Inc. and Intelius, Inc., in my professional opinion, also implicate and

Declaration of Dr. Charles Edward Lincoln, III    4

substantiate plaintiffs' claims against defendants, Orly's husband, Yosef Taitz, Daylight Chemical Information Systems, and Oracle.

11.  As noted above, I knew at all relevant times between late May 2009 and November 2009 from personal experience with Orly nationwide and at both her offices in Orange County that, for a fact, Orly Taitz did not have accounts with the defendants Lexis Nexis companies; ChoicePoint, Inc. or Intelius.  She told me repeatedly that she did not have access to these services, and I gave her my LexisNexis identity and passcode---but my subscription was limited and did not contain access to any credit or personal finance information.

12.  The only way Orly could have obtained Plaintiffs information from the LexisNexis defendants and defendant Intelius, Inc., as she admits in DOFF's Motion to Dismiss, would have been through her husband, Defendant Yosef Taitz, and specifically through Yosef Taitz's company defendant Daylight and defendant Oracle, Inc. as outlined in the plaintiffs FAC.  Orly told me repeatedly that she did in fact receive substantial information from her husband, as well as a great deal of money (including all the money "we" had to live and travel on….although I only learned that she effectively had no money of her own at the dead end of our relationship in late October/early November 2009) and that was why she was unwilling

Declaration of Dr. Charles Edward Lincoln, III                                                   5

to leave him, although she described him as cold, cruel, both physically and emotionally abusive, and completely disinterested in her from a romantic and personal standpoint.

13. Orly also admits in her Motion to Dismiss filed on behalf of DOFF that she also obtained information from Neil Sankey, a defendant in this case. Orly showed me and asked me to evaluate, and so I actually saw the background searches, submitted to Orly from Mr. Sankey.

14. Orly explained to me and showed me in the documentation that Mr. Sankey obtained all this information from his son, Todd Sankey and his company, the Sankey Firm, Inc.'s accounts with the defendants LexisNexis, ChoicePoint, Inc. and Intelius. She regarded them as close and trusted allies, and she knew that I was unable, due to my subscription limitations, to provide equivalent information or recheck the accuracy of what she was provided by these sources (her Husband's and Sankey's corporations).

15. As much as I cared about her and found her among the most fascinating and surely the most complex women I have ever known, it seemed extremely odd to me that Orly, who is a licensed attorney, engaged in some of the most complex and potentially politically and historically significant litigation I have known about, did not know how to conduct any type of research, including but not limited to on-line legal research for

purposes of preparing any sort of argument or even the most rudimentary legal brief.  It sometimes seemed as if Orly had never really been to Law School, really, and was hard to believe that she ever passed the California bar---which is reputed to be the most difficult in the United States (except for the unusual civil law of Louisiana).

16.     Orly continued asking her supporters and legal colleagues for help in research for her legal briefs, but (at least from what she told me, prior to and during the time I worked with her) none of her supporters helped her out in this way.  Although at the time I believed that Orly showed more determination, grit, and courage than any woman I had ever known, it was almost as if she barely knew anything about the law or how to do any sort of research at all.  She latched onto certain ideas and insisted on following through with them.  She was particularly interested in all those ideas which would draw attention to her and elicit enthusiasm or support from her "followers"---although I told her that "legal research by political lay committee" was an extremely bad idea---even if the lay committee was composed of "patriots" who claimed to understand the law better than anyone else.

17.     Again as noted above, I had a Lexis account, which was limited to basic state and federal (and Canadian/Mexican) legal research, case

searches, "Shepard's© Citations," law reviews, some other secondary sources, pleadings, motions and briefs. I did not have the type of account with Lexis that allowed background searches, social security numbers searches or any type of private data. I did not have a ChoicePoint, Inc. or Seisint, Inc. account, but I did have a limited access Intelius Account for limited personal data searches.

18.  In the time I worked with Orly and was with her, and we spent a great deal of time together, both at her offices and wherever I was staying (at my former house in Rancho Santa Margarita or at hotels) I do not recall ever seeing Orly even attempt to do research on her own. She would often tell me what her supporters had told her, what her husband had provided for her, or what Sankey or other researchers (there were several others whose names I do not presently recall) had provided for her. Nor, did Orly ever direct me on what legal searches she required for her legal briefs---I was constantly telling her where we should go, and she would make the decision about how to emphasize or highlight issues depending on what I would sometimes tease her by calling their "commercial appeal."

19.  It may sound harsh, but I am not sure Orly understood even the most basic principles of legal research such as evaluating precedent or stare decisis, distinguishing controlling "holdings" from dicta, or the proper

application of "most recent controlling precedent within jurisdiction" analysis, the importance of Shepardizing cases or doing "case citation" histories. She certainly had no real idea how to properly format a case citation or what lists of cases in a Shepard's© Citation page meant (admittedly, those pages look pretty mysterious until one learns how to interpret them, but most people get past this mystery by the second month in law school at the latest).

//
//

I declare under the penalty of perjury of the Laws of the United States and the State of California that the foregoing is true and correct.


Executed this 23rd day of July, 2011 in State of California, Santa Monica, County of Los Angeles.

Signature of Declarant was received by facsimile, see the attached page.

/s/ Charles Edward Lincoln
Dr. Charles Edward Lincoln,
Declarant, Santa Monica, California

---

1  application of "most recent controlling precedent within jurisdiction"
2  analysis, the importance of Shepardizing cases or doing "case citation"
3  histories. She certainly had no real idea how to properly format a case
4  citation or what lists of cases in a Shepard's© Citation page meant
5  (admittedly, those pages look pretty mysterious until one learns how to
6  interpret them, but most people get past this mystery by the second month in
7  law school at the latest).

//
//

I declare under the penalty of perjury of the Laws of the United States and the State of California that the foregoing is true and correct.

Executed this 23rd day of July, 2011 in State of California, Santa Monica, County of Los Angeles.

Dr. Charles Edward Lincoln, III
Declarant, Santa Monica, California

Declaration of Dr. Charles Edward Lincoln, III

9