Kim Schumann, Esq., State Bar #170942
Jeffrey P. Cunningham, Esq., State Bar #151067
Peter Cook, Esq., State Bar #232742
**SCHUMANN, RALLO & ROSENBERG, LLP**
3100 Bristol Street, Suite 400
Costa Mesa, CA 92626
Telephone (714) 850-0210
Facsimile  (714) 850-0551

Attorneys for Defendant, ORLY TAITZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| LISA LIBERI, *et al.* <br><br> Plaintiffs, <br><br> vs. <br><br> ORLY TAITZ, *et al.* <br><br> Defendants. | Case No. 8:11-CV-00485-AG (AJW) <br> Hon. Andrew Guilford <br> Courtroom 10D <br><br> **REPLY BRIEF BY DEFENDANT, ORLY TAITZ, IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING APPEAL** <br><br> Date:  August 8, 2011 <br> Time:  10:00 a.m. <br> Place:  Courtroom 10D <br><br> Date Action Filed:  May 4, 2009 <br> Discovery Cut-Off:  March 5, 2012 <br> Final Pre-Trial Conf.:  May 21, 2012 <br> Trial Date:  June 5, 2012 |

**TO THE COURT, ALL PARTIES, AND/OR THEIR ATTORNEYS OF RECORD:**

COMES NOW, Defendant, ORLY TAITZ ("Taitz"), and hereby submits her Reply Brief in support of her Motion to Stay Proceedings pending her appeal from denial of her anti-SLAPP Motion, and which responds to the Opposition to said Motion of Plaintiffs, PHILIP J. BERG, ESQ., LISA OSTELLA ("Ostella"), LISA LIBERI ("Liberi"), GO EXCEL GLOBAL and LAW OFFICES OF PHILIP J. BERG (collectively "Plaintiffs").

-1-

**DEFENDANT ORLY TAITZ'S REPLY BRIEF IN SUPPORT OF MOTION TO STAY**

Please note that Defendant, DEFEND OUR FREEDOMS FOUNDATIONS, INC. ("DOFF"), has also appealed from denial of the anti-SLAPP Motion and has joined with Taitz in seeking a stay pending resolution of such appeals. For purposes of this Reply, Taitz and DOFF will be referred to collectively as "Defendants."

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant ORLY TAITZ's Motion to Stay the Case Pending Appeal of the Defendant's Motion to Strike pursuant to Cal. Civ. Code § 425.16 ("anti-SLAPP" motion) should be granted based on the arguments in the moving papers, particularly that the Ninth Circuit appellate court now has jurisdiction over the matter, and further because Taitz, and all other defendants in this matter, would be greatly prejudiced in being required to litigate this matter – potentially all of the way to trial – even though the Ninth Circuit may change the landscape of this case in a material way.

Plaintiffs' opposition sidesteps the case law that supports the stay pending appeal, and instead argues that the appeal is a frivolous sham, and further argues on technical issues that are not prejudicial or relevant to the substance of this motion. Plaintiffs opposition also falsely asserts that Taitz has conceded to numerous allegations, but this is patently untrue. Further, these continued assertions by Plaintiffs are improper at this stage of pleading, and in the context of this Motion to Stay, so they should not be considered by this Court.

Because the stay is proper and necessary under case law, for the sake of judicial economy, and for the benefit of all parties in preventing unnecessary litigation, this Motion to Stay the Case Pending Appeal should be granted in its entitrety.

///
///
///

-2-

**DEFENDANT ORLY TAITZ'S REPLY BRIEF IN SUPPORT OF MOTION TO STAY**

### A. PLAINTIFFS FAIL TO ADDRESS CONTROLLING CASE LAW MANDATING STAY OF THIS MATTER PENDING APPEAL FROM THE DENIAL OF DEFENDANTS' ANTI-SLAPP MOTION

As noted in Taitz's moving papers, appeal from denial of an anti-SLAPP Motion to strike provides grounds for a stay of the case. Batzel v. Smith, 333 F.3d 1018, 1025-1026 (9th Cir. 2003). As previously noted:

> This divestiture of district court jurisdiction does not rest on a statute ... Rather, it is a judgemade doctrine designed to avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time. It should not be employed to defeat its purposes nor to induce needless paper shuffling.

*See also*, Kern Oil & Refining Co. v. Tenneco Oil Co., 840 F.2d 730, 734 (9th Cir. 1988).

Plaintiffs in their Opposition do not deny (and thus admit) that the pending appeal divests this Court of jurisdiction, and that lack of a stay would likely result in confusion of the issues and proceedings, and waste of the resources of the Court and the parties.

As further held in Batzel,

> a decision by this court reversing the district court's denial of the motion would not remedy the fact that the defendant had been compelled to defend against a meritless claim brought to chill rights of free expression. Thus, a defendant's rights under the anti-SLAPP statute are in the nature of immunity: They protect the defendant from the burdens of trial, not merely from ultimate judgments of liability. Batzel, *supra*, 333 F.3d at 1026.

This compelling rationale for a stay pending appeal applies directly herein. At its core, this lawsuit involves Defendants' Constitutionally-protected exercise of free speech rights which Plaintiffs are unlawfully attempting to quell by the ruse of alleging that they have violated their privacy rights. As occurred in Batzel and related cases, Plaintiffs are clearly attempting to chill Defendants' exercise of their

///

fundamental rights of free expression, which are protected by the anti-SLAPP statutes, even if that free expression may be unpopular.

Moreover, Plaintiffs by their citation to California authority discussing the need for a stay of lower Court proceedings during pendency of appeal from denial of an anti-SLAPP motion, thus further admit that such a stay is necessary herein. Plaintiffs unequivocally state: "In Varian Medical Systems, Inc. v. Delfino, the California Supreme Court held that an appeal from an order denying an anti-SLAPP motion automatically stays all further proceedings on the merits of the causes of action affected by the motion... *See also* Hilton v.Hallmark Cards, 599 F.3d 894, 900 (9th Cir. 2010)." (Opposition, 8:7-13.) Plaintiffs are correct: Defendants' appeal "automatically stays" all further proceedings before this Court in order to protect their rights to meaningfully seek appellate review.

Plaintiffs are also correct that Hilton provides for the same result. Whether analyzed under California or federal authority on these issues (as agreed by Plaintiffs), the result is the same: such "automatic" stay is to be issued.

The great weight of authority on these important issues, as applied to the Motion for a stay pending resolution of the appeal and as admitted by Plaintiffs, clearly requires the issuance of the stay. As such, Defendants respectfully submit that such a stay should be issued as to the entire case.

**B. CONTRARY TO PLAINTIFFS' UNSUPPORTED CONTENTION, APPEAL OF THE DENIAL OF DEFENDANTS' ANTI-SLAPP MOTION IS NOT FRIVOLOUS AND WILL BE CONSIDERED *DE NOVO***

Plaintiffs contend that the appeals from denial of the anti-SLAPP Motion are frivolous, and proceed to present their opposition arguments, once again, that the anti-SLAPP Motion should not be granted. In essence, Plaintiffs are seeking to have this Court rule on the issues now before the Ninth Circuit Court of Appeals, and thus effectively deny Defendants their rights to seek appellate review of those

-4-

**DEFENDANT ORLY TAITZ'S REPLY BRIEF IN SUPPORT OF MOTION TO STAY**

important claims and issues. Plaintiffs' argument is incorrect for many reasons, not the least of which is that such appeals have divested this Court of jurisdiction to consider the propriety of denial of the anti-SLAPP Motion. <u>Batzel</u>, *supra*, 333 F.3d at 1025-1026; <u>Kern Oil & Refining Co.</u>, *supra*, 840 F.2d at 734.

Plaintiffs cite several cases for their argument, beginning with <u>Chuman v. Wright</u>, 960 F.2d 104, 105 (9th Cir. 1992). <u>Chuman</u> is not helpful to Plaintiffs and, as applied herein, supports issuance of a stay. In <u>Chuman</u>, appellants sought a stay pending resolution of their appeal from denial of summary judgment based on qualified immunity to suit under 42 U.S.C.S. § 1983. The trial Court denied the motion for a stay, but the Court of Appeals granted a stay, citing that "In this circuit, where, as here, the interlocutory claim is immediately appealable, its filing divests the district court of jurisdiction to proceed with trial. <u>United States v. Claiborne</u>, 727 F.2d 842, 850 (9th Cir. 1987)." <u>Id</u>. at 105. This rule as applied herein requires the issuance of a stay pending Defendants' appeal.

Although the <u>Chuman</u> opinion does not indicate that plaintiffs contended that defendants' appeal regarding qualified immunity was frivolous, the Court of Appeal, relying on <u>Apostol v. Gallion</u>, 870 F.2d 1335 (7th Cir. Ill. 1989), recognized that "a frivolous or forfeited appeal does not automatically divest the district court of jurisdiction. <u>Apostol</u>, 870 F.2d at 1339." <u>Chuman</u>, *supra*, 960 F.2d at 105.

However, the Court of Appeal stressed that under "the <u>Apostol</u> rule" a District Court's ability to deny issuance of a stay on that basis is highly circumscribed: "Should the district court find that the defendants' claim of qualified immunity is frivolous or has been waived, the district court may certify, in writing, that defendants have forfeited their right to pretrial appeal, and may proceed with trial. In the absence of such certification, the district court is automatically divested of jurisdiction to proceed with trial pending appeal." <u>Id</u>.; emphasis added. There is no basis for a conclusion that Defendants' appeal herein is frivolous in any respect

-5-

**DEFENDANT ORLY TAITZ'S REPLY BRIEF IN SUPPORT OF MOTION TO STAY**

and, thus, there is no basis for the certification discussed in <u>Chuman</u> and <u>Apostol</u>. Without such certification, "the district court is automatically divested of jurisdiction to proceed with trial pending appeal." <u>Id</u>.

Plaintiffs then cite <u>Apostol</u> (Opposition, 10: 8.). <u>Apostol</u> is even less helpful to Plaintiffs than <u>Chuman</u> and underscores the need for a stay herein. The Court of Appeal began its analysis with this fundamental concept:

> As a rule, only one tribunal handles a case at a time. '[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.' <u>Griggs v. Provident Consumer Discount Co.</u>, 459 U.S. 56, 58, 74 L. Ed. 2d 225, 103 S. Ct. 400 (1982)." <u>Apostol</u>, *supra*, 870 F.2d at 1337; emphasis added.

<u>Apostol</u> involved appeal from denial of summary judgment where defendants asserted immunity from suit. The Court recognized that "an interlocutory appeal may be taken to vindicate the 'right not to be tried' created by the Double Jeopardy Clause. The Court saw such an appeal as one raising an issue separate from the merits yet presenting a question that could not be resolved on appeal from a final judgment-for by then the trial would be over, the 'right not to stand trial' lost." <u>Id</u>. at 1338. Similarly, a defendant's rights under the anti-SLAPP law are regarded as a form of privilege or (in the words of <u>Apostol</u>) a "right not to be tried." <u>Id</u>. at 1338, *citing* <u>Abney v. United States</u>, 431 U.S. 651 (1977). As in <u>Apostol</u>, failure to issue a stay herein would effectively result in denial of Defendants' Constitutionally-protected rights of free speech where "the trial would be over, [and] the 'right not to stand trial' lost." <u>Apostol</u>, *supra*, 870 F.2d at 1338.

The Court in <u>Apostol</u> addressed this issue head-on: "The trial is inextricably tied to the question of immunity... The question on an appeal under Forsyth is whether the defendant may be subjected to trial. The justification for the interlocutory appeal is that the trial destroys rights created by the immunity.

-6-

**DEFENDANT ORLY TAITZ'S REPLY BRIEF IN SUPPORT OF MOTION TO STAY**

Forsyth, 472 U.S. at 526; Scott v. Lacy, 811 F.2d 1153 (7th Cir. 1987). It makes no sense for trial to go forward while the court of appeals cogitates on whether there should be one." *Id.*, citing Mitchell v. Forsyth, 472 U.S. 511 (1985). This logic and controlling Supreme Court precedent are unassailable here – it would make "no sense for trial to go forward while the court of appeals cogitates on whether" Defendants' rights of free speech have been violated and whether under anti-SLAPP protections there should be a trial.

Apostol also is not helpful to Plaintiffs on their unsupported contention that Defendants' appeal somehow is "frivolous." (Opposition, 10: 4-8.) First, the Court held that the appeal was not frivolous. Second, although the Court recognized that while a frivolous appeal may give a court discretion to deny a stay, as where an appeal is untimely or facially defective, "Such a power must be used with restraint, just as the power to dismiss a complaint for lack of jurisdiction because it is frivolous is anomalous and must be used with restraint." Id. at 1339.

The Apostol Court after applying the above factors concluded: "In the absence of the district court's reasoned finding of frivolousness or forfeiture, however, the trial is automatically put off; it should not be necessary for the defendants to come to this court, hat in hand, seeking relief that is theirs... Once the appeal transfers jurisdiction here, the burden rests with plaintiffs rather than defendants." Id. Similarly, and as conceded by Plaintiffs, Defendants have a right to an "automatic" stay where jurisdiction has been transferred to the Court of Appeals and Plaintiffs fail to meet their burden to demonstrate why a stay should not be issued.

Rather than support Plaintiffs' position, Chuman and Apostol as applied herein strongly support issuance of a stay pending Defendants' appeal.

Ultimately, the Court of Appeals will review the Motion to Strike pursuant to Cal. Civ. Code § 425.16 on a de novo basis, addressing claims made in Plaintiffs' initial Complaint that Taitz's alleged publication of Liberi's public criminal history,

-7-

**DEFENDANT ORLY TAITZ'S REPLY BRIEF IN SUPPORT OF MOTION TO STAY**

and her alleged publication that DOFF's website as maintained by Ostella was "hacked" (by a third party), with a fresh look at the pleadings and underlying facts. Governor Gray Davis Com. v. American Taxpayers Alliance (2002) 102 Cal.App.4th 449, 456. This Court is understandably frustrated by this case and its apparent scattered path toward the truth ("the discernment of truth is a constant difficulty for the Court" [Court Order dated June 14, 2011, p. 5]), but there is a truth to be found; and the trail toward it can be cleared.

Defendants' appeal is not a sham or frivolous, and does not lack a "colorable" argument. Richardson v. United States, 468 U.S. 317, 322 (1984). Plaintiffs' Complaint directly implicates and seeks to chill Defendants' exercise of their First Amendment rights to participate in the public process via government "watchdog" activities, including to publicize public information concerning persons who are important figures in such activist community.

Further, the purpose of the stay sought is not to prolong the proceedings; while Defendants understand Plaintiffs' desire to proceed to a speedier resolution in this matter, Defendants' appeal is well-founded in its desire to reach the same goal.

Defendants' appeals are not frivolous and cannot be found to be so. As conceded by Plaintiffs, Defendants have a right to an "automatic" stay where jurisdiction has been transferred to the Court of Appeals and Plaintiffs fail to meet their burden to demonstrate why a stay should not be issued. Apostol, *supra*, 870 F.2d at 1339.

### C. TECHNICAL ISSUES RAISED BY PLAINTIFFS ARE INADVERTENT, NON-PREJUDICIAL AND HAVE BEEN CORRECTED

Plaintiffs advance a number of alleged technical issues related to the Motion as filed by Taitz in pro se, none of which have prejudiced Plaintiffs' rights, and none of which affect the substantive legal arguments that compel a stay in this matter.

-8-

**DEFENDANT ORLY TAITZ'S REPLY BRIEF IN SUPPORT OF MOTION TO STAY**

Taitz's Motion filed in pro se on July 8, 2011 bears her electronic signature on the final page of the document, after the Certification of Service. Although there are two signature lines in the document that inadvertently omit the "/s/" designation for electronic signature, Plaintiffs' assertion that the entire document is unsigned is incorrect and disingenuous, as there is a Taitz "/s/" designation for electronic signature on the last page of the document.

In an abundance of caution, Taitz filed a corrected version of the Motion as soon as she realized that her electronic signature was inadvertently left off two signature lines. The corrected document, which contains no new information or argument, is incorporated into this Motion and duly contains Taitz's signature as required under FRCP 11.

### D. SUBJECT TO THIS COURT'S DISCRETION, ALL PARTIES HAVE STANDING TO STAY THIS MATTER AS THE CLAIMS FOR RELIEF ADDRESSED IN THE ANTI-SLAPP MOTION MATERIALLY AFFECT EACH AND EVERY DEFENDANT

Every allegation in Plaintiffs' Complaint, the pleading subject to the anti-SLAPP Motion, involve the alleged actions of one person: Defendant, ORLY TAITZ. All allegations in Plaintiffs' Complaint concern Taitz's exercise of her rights to free speech, or her initiation and participation in public proceedings involving government "watchdog" activities. The same is true as to Plaintiffs' First Amended Complaint, as well as to each and every of the fourteen new Defendants that Plaintiffs have added to this matter; every single allegation, and each claim for relief, stems from the speech and public participation by Taitz.

As previously noted, an anti-SLAPP Motion is intended "to prevent certain abusive lawsuits" because the "California legislature found 'that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.'" Greenberg v. Murray, 2010 U.S. Dist. LEXIS 69725 (C.D. Cal. June

-9-

**DEFENDANT ORLY TAITZ'S REPLY BRIEF IN SUPPORT OF MOTION TO STAY**

14, 2010), *citing* Cal. Code Civ. Proc. § 425.16(a). The allegations brought against not only Taitz, but against also DOFF, ORLY TAITZ, INC., LAW OFFICES OF ORLY TAITZ, YOSEF TAITZ, DAYLIGHT CHEMICALS, INC., ORACLE, INC., INTELIUS, INC., and REED ELSEVIER at their core stem from one of two things: (1) Taitz's alleged publication of information on her blog; or (2) Taitz's alleged involvement with Liberi's probation proceedings. These are both directly within the scope of the anti-SLAPP statute: the exercise of Constitutionally-protected rights of freedom of speech and to participate in matters of public significance, which Plaintiffs seek to chill and through abuse of the judicial process.

### E. PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF IN ITS OPPOSITION TO THIS MOTION SHOULD NOT BE CONSIDERED

Further, it is improper for Plaintiffs to seek injunctive relief in their opposition to this Motion. Plaintiffs have made several prior attempts to seek injunctive relief against Taitz, all of which were denied on December 23, 2010, by the prior court handling this matter before Judge Robreno in the Pennsylvania District Court. (*See* Court Order dated 12/23/10, Docket No. 160.) In Judge Robreno's Order, the court noted that both Plaintiffs Liberi's and Ostella's "testimony was not credible." (Court Order dated 12/23/10, Docket No. 160, pp. 8-9.) The court further found that "much of the evidence presented was unreliable." (Court Order dated 12/23/10, Docket No. 160, pp. 9-10.)

The Plaintiffs' current request for injunctive relief, as part of their opposition hereto, is identical to their request. Without having filed a regularly noticed motion, Plaintiffs are attempting to obtain an injunction through the back door. As such, Plaintiff's request for injunctive relief as part of their opposition to this Motion should not be considered.

///

**DEFENDANT ORLY TAITZ'S REPLY BRIEF IN SUPPORT OF MOTION TO STAY**

## F. CONCLUSION

For the reasons stated in the Motion and herein, Defendants respectfully submit that such Motion be granted in its entirety and the requested stay be issued.

DATED: July 25, 2011 **SCHUMANN, RALLO & ROSENBERG, LLP**

By: /s/ Peter Cook
Kim Schumann, Esq.
Jeffrey P. Cunningham, Esq.
Peter Cook Esq.
Attorneys for Defendant,
ORLY TAITZ

SCHUMANN, RALLO & ROSENBERG, LLP
ATTORNEYS AT LAW
3100 BRISTOL STREET, SUITE 400
COSTA MESA, CALIFORNIA 92626-7333
TELEPHONE (714) 850-0210

-11-

**DEFENDANT ORLY TAITZ'S REPLY BRIEF IN SUPPORT OF MOTION TO STAY**