1  Marc Steven Colen, sbn 108275
2  Law Offices of Marc Steven Colen
   5737 Kanan Road, Ste. 347
3  Agoura Hills, CA 91301
   Tele: 818.716.2891
4  Fax: 818.597.4631
5
6  Attorney for Defendants Neil Sankey,
   Todd Sankey, The Sankey Firm, Inc.,
7  and Sankey Investigations, Inc.
8
9
10
11              **UNITED STATES DISTRICT COURT**
   **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**
12
13
14                                    )   Case No.: 8:11-cv-00485 AG
15                                    (   (AJWx)
16 Lisa Liberi, et al.,               )
                                      )
17                                    )
18            Plaintiffs,             )   **ANSWER TO FIRST**
                                      )   **AMENDED COMPLAINT**
19       vs.                          )
20                                    )   Honorable Andrew J. Guilford,
   Orly Taitz, et al.,                )   Judge of the United States District
21                                    )   Court, Presiding
22            Defendants             )
                                      )   Courtroom:  10D
23 _____   )
24
25
26
27
28

TO: THE COURT AND ALL PARTIES APPEARING OF RECORD:

COME NOW Defendants Neil Sankey, Todd Sankey, The Sankey Firm, Inc., and Sankey Investigations, Inc. [hereinafter collectively referred to as "SANKEY"] and answer the First Amended Complaint by Liberi, et al, as follows:

## I.   NATURE OF ACTION

1.   In answer to paragraph 1 of the First Amended Complaint, SANKEY admits Plaintiffs seek damages but SANKEY denies that Plaintiffs are entitled to any such damages.

## II.   JURISDICTION AND VENUE

2.   Paragraph 2 of the First Amended Complaint contains jurisdictional allegations which require a legal conclusion and to which no response is required. Nonetheless, SANKEY stipulates to the jurisdiction of this Court.

3.   Paragraph 3 of the First Amended Complaint contains venue allegations which require a legal conclusion and to which no response is required. Nonetheless, SANKEY stipulates that this Court is the appropriate venue.

## III.   PARTIES

4.   In answer to paragraph 4 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies

1   said allegations.

2       5.   In answer to paragraph 5 of the First Amended Complaint,
3   SANKEY denies knowledge or information sufficient to admit or deny
4   the allegations contained in said paragraph and, on that basis, denies
5   said allegations.

6       6.   In answer to paragraph 6 of the First Amended Complaint,
7   SANKEY denies knowledge or information sufficient to admit or deny
8   the allegations contained in said paragraph and, on that basis, denies
9   said allegations.

10      7.   In answer to paragraph 7 of the First Amended Complaint,
11  SANKEY denies knowledge or information sufficient to admit or deny
12  the allegations contained in said paragraph and, on that basis, denies
13  said allegations.

14      8.   In answer to paragraph 8 of the First Amended Complaint,
15  SANKEY denies knowledge or information sufficient to admit or deny
16  the allegations contained in said paragraph and, on that basis, denies
17  said allegations.

18      9.   In answer to paragraph 9 of the First Amended Complaint,
19  SANKEY denies knowledge or information sufficient to admit or deny
20  the allegations contained in said paragraph and, on that basis, denies
21  said allegations.

22      10.   In answer to paragraph 10 of the First Amended Complaint,
23  SANKEY denies knowledge or information sufficient to admit or deny
24  the allegations contained in said paragraph and, on that basis, denies
25  said allegations.

26      11.   In answer to paragraph 11 of the First Amended Complaint,
27  SANKEY denies knowledge or information sufficient to admit or deny
28  the allegations contained in said paragraph and, on that basis, denies

1  said allegations.

2     12.   In answer to paragraph 12 of the First Amended Complaint,

3  SANKEY denies knowledge or information sufficient to admit or deny

4  the allegations contained in said paragraph and, on that basis, denies

5  said allegations.

6     13.   In answer to paragraph 13 of the First Amended Complaint,

7  SANKEY denies that Todd Sankey is the owner of The Sankey Firm, Inc.

8     14.   In answer to paragraph 13 of the First Amended Complaint,

9  SANKEY denies that Todd Sankey is the owner of The Sankey Firm, Inc.

10     15.   Admit.

11     16.   Admit.

12     17.   In answer to paragraph 17 of the First Amended Complaint,

13  SANKEY denies knowledge or information sufficient to admit or deny

14  the allegations contained in said paragraph and, on that basis, denies

15  said allegations.

16     18.   In answer to paragraph 18 of the First Amended Complaint,

17  SANKEY denies knowledge or information sufficient to admit or deny

18  the allegations contained in said paragraph and, on that basis, denies

19  said allegations.

20     19.   In answer to paragraph 19 of the First Amended Complaint,

21  SANKEY denies knowledge or information sufficient to admit or deny

22  the allegations contained in said paragraph and, on that basis, denies

23  said allegations.

24     20.   In answer to paragraph 20 of the First Amended Complaint,

25  SANKEY denies knowledge or information sufficient to admit or deny

26  the allegations contained in said paragraph and, on that basis, denies

27  said allegations.

28     21.   In answer to paragraph 21 of the First Amended Complaint,

1   SANKEY denies knowledge or information sufficient to admit or deny

2   the allegations contained in said paragraph and, on that basis, denies

3   said allegations.

4       22.  In answer to paragraph 22 of the First Amended Complaint,

5   SANKEY denies knowledge or information sufficient to admit or deny

6   the allegations contained in said paragraph and, on that basis, denies

7   said allegations.

8       23.  In answer to paragraph 23 of the First Amended Complaint,

9   SANKEY denies knowledge or information sufficient to admit or deny

10  the allegations contained in said paragraph and, on that basis, denies

11  said allegations.

12      24.  In answer to paragraph 24 of the First Amended Complaint,

13  SANKEY denies knowledge or information sufficient to admit or deny

14  the allegations contained in said paragraph and, on that basis, denies

15  said allegations.

16      25.  In answer to paragraph 25 of the First Amended Complaint,

17  SANKEY denies knowledge or information sufficient to admit or deny

18  the allegations contained in said paragraph and, on that basis, denies

19  said allegations.

20      26.  In answer to paragraph 26 of the First Amended Complaint,

21  SANKEY denies knowledge or information sufficient to admit or deny

22  the allegations contained in said paragraph and, on that basis, denies

23  said allegations.

24      27.  In answer to paragraph 27 of the First Amended Complaint,

25  SANKEY denies knowledge or information sufficient to admit or deny

26  the allegations contained in said paragraph and, on that basis, denies

27  said allegations.

28      28.  In answer to paragraph 28 of the First Amended Complaint,

SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

## IV.  "DOE" DEFENDANTS

29.  In answer to paragraph 29 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

## V.  FACTUAL ALLEGATIONS

30.  In answer to paragraph 30 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

31.  In answer to paragraph 31 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein except as to the beliefs of Plaintiffs, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

32.  SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

33.  SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

34. SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

35. SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

36. SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

37. SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

38. SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

39. SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

40. SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

41. SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

42. SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

43. SANKEY denies knowledge or information sufficient to admit

1  or deny the allegations contained in said paragraph and, on that basis,
2  denies said allegations.

3      44.  SANKEY denies knowledge or information sufficient to admit
4  or deny the allegations contained in said paragraph and, on that basis,
5  denies said allegations.

6      45.  SANKEY denies knowledge or information sufficient to admit
7  or deny the allegations contained in said paragraph and, on that basis,
8  denies said allegations.

9      46.  SANKEY denies knowledge or information sufficient to admit
10  or deny the allegations contained in said paragraph and, on that basis,
11  denies said allegations.

12      47.  SANKEY denies knowledge or information sufficient to admit
13  or deny the allegations contained in said paragraph and, on that basis,
14  denies said allegations.

15      48.  SANKEY denies knowledge or information sufficient to admit
16  or deny the allegations contained in said paragraph and, on that basis,
17  denies said allegations.

18      49.  SANKEY denies knowledge or information sufficient to admit
19  or deny the allegations contained in said paragraph and, on that basis,
20  denies said allegations.

21      50.  SANKEY denies knowledge or information sufficient to admit
22  or deny the allegations contained in said paragraph and, on that basis,
23  denies said allegations.

24      51.  SANKEY denies knowledge or information sufficient to admit
25  or deny the allegations contained in said paragraph and, on that basis,
26  denies said allegations.

27      52.  SANKEY denies knowledge or information sufficient to admit
28  or deny the allegations contained in said paragraph and, on that basis,

1 denies said allegations.

2    53.   SANKEY denies knowledge or information sufficient to admit
3 or deny the allegations contained in said paragraph and, on that basis,
4 denies said allegations.

5    54.   SANKEY denies knowledge or information sufficient to admit
6 or deny the allegations contained in said paragraph and, on that basis,
7 denies said allegations.

8    55.   SANKEY denies knowledge or information sufficient to admit
9 or deny the allegations contained in said paragraph and, on that basis,
10 denies said allegations.

11    56.   SANKEY denies knowledge or information sufficient to admit
12 or deny the allegations contained in said paragraph and, on that basis,
13 denies said allegations.

14    57.   SANKEY denies knowledge or information sufficient to admit
15 or deny the allegations contained in said paragraph and, on that basis,
16 denies said allegations.

17    58.   SANKEY denies knowledge or information sufficient to admit
18 or deny the allegations contained in said paragraph and, on that basis,
19 denies said allegations.

20    59.   SANKEY denies knowledge or information sufficient to admit
21 or deny the allegations contained in said paragraph and, on that basis,
22 denies said allegations.

23    60.   SANKEY denies knowledge or information sufficient to admit
24 or deny the allegations contained in said paragraph and, on that basis,
25 denies said allegations.

26    61.   SANKEY denies knowledge or information sufficient to admit
27 or deny the allegations contained in said paragraph and, on that basis,
28 denies said allegations.

62. SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

63. In answer to paragraph 63 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

64. In answer to paragraph 64 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

65. In answer to paragraph 65 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

66. In answer to paragraph 66 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

67. In answer to paragraph 67 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

68. In answer to paragraph 68 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

69. In answer to paragraph 69 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

70. In answer to paragraph 70 of the First Amended Complaint,

1   SANKEY denies knowledge or information sufficient to admit or deny
2   the marginally intelligible, completely unintelligible or other  llegations
3   contained in said paragraph on that basis, denies said allegations.

4        71.   In answer to paragraph 71 of the First Amended Complaint,
5   SANKEY denies knowledge or information sufficient to admit or deny
6   the marginally intelligible, completely unintelligible or other  llegations
7   contained in said paragraph on that basis, denies said allegations.

8        72.   In answer to paragraph 72 of the First Amended Complaint,
9   SANKEY denies knowledge or information sufficient to admit or deny
10  the marginally intelligible, completely unintelligible or other  llegations
11  contained in said paragraph on that basis, denies said allegations.

12       73.   In answer to paragraph 73 of the First Amended Complaint,
13  SANKEY denies knowledge or information sufficient to admit or deny
14  the marginally intelligible, completely unintelligible or other  llegations
15  contained in said paragraph on that basis, denies said allegations.

16       74.   In answer to paragraph 74 of the First Amended Complaint,
17  SANKEY denies knowledge or information sufficient to admit or deny
18  the marginally intelligible, completely unintelligible or other  llegations
19  contained in said paragraph on that basis, denies said allegations.

20       75.   In answer to paragraph 75 of the First Amended Complaint,
21  SANKEY denies knowledge or information sufficient to admit or deny
22  the marginally intelligible, completely unintelligible or other allegations
23  contained in said paragraph on that basis, denies said allegations.

24       76.   In answer to paragraph 76 of the First Amended Complaint,
25  SANKEY denies knowledge or information sufficient to admit or deny
26  the marginally intelligible, completely unintelligible or other  llegations
27  contained in said paragraph on that basis, denies said allegations.

28       77.   In answer to paragraph 77 of the First Amended Complaint,

1  SANKEY denies knowledge or information sufficient to admit or deny
2  the marginally intelligible, completely unintelligible or other  llegations
3  contained in said paragraph on that basis, denies said allegations.

4      78.  In answer to paragraph 78 of the First Amended Complaint,
5  SANKEY denies knowledge or information sufficient to admit or deny
6  the marginally intelligible, completely unintelligible or other  llegations
7  contained in said paragraph on that basis, denies said allegations.

8      79.  In answer to paragraph 79 of the First Amended Complaint,
9  SANKEY denies knowledge or information sufficient to admit or deny
10  the marginally intelligible, completely unintelligible or other  llegations
11  contained in said paragraph on that basis, denies said allegations.

12      80.  In answer to paragraph 80 of the First Amended Complaint,
13  SANKEY states that the phrase "(the emails which Taitz received from
14  Sankey and the Sankey Firm)" is unintelligible in its context and
15  SANKEY denies knowledge or information sufficient to admit or deny
16  the marginally intelligible, completely unintelligible or other  allegations
17  contained in said paragraph on that basis, denies said allegations.

18      81.  In answer to paragraph 81 of the First Amended Complaint,
19  SANKEY denies knowledge or information sufficient to admit or deny
20  the allegations contained in said paragraph, to the extent that they are
21  intelligible and, on that basis, denies said allegations.

22      82.  In answer to paragraph 82 of the First Amended Complaint,
23  SANKEY denies knowledge or information sufficient to admit or deny
24  the allegations contained in said paragraph, to the extent that they are
25  intelligible and, on that basis, denies said allegations.

26      83.  In answer to paragraph 83 of the First Amended Complaint,
27  SANKEY denies knowledge or information sufficient to admit or deny
28  the allegations contained in said paragraph, to the extent that they are

intelligible and, on that basis, denies said allegations.

84.  In answer to paragraph 84 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

85.  In answer to paragraph 85 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

86.  In answer to paragraph 86 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

87.  In answer to paragraph 87 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

88.  In answer to paragraph 88 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

89.  In answer to paragraph 89 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

90.  In answer to paragraph 90 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are

1   intelligible and, on that basis, denies said allegations.

2   91.   In answer to paragraph 91 of the First Amended Complaint,
3   SANKEY denies knowledge or information sufficient to admit or deny
4   the allegations contained in said paragraph, to the extent that they are
5   intelligible and, on that basis, denies said allegations.

6   92.   In answer to paragraph 92 of the First Amended Complaint,
7   SANKEY denies knowledge or information sufficient to admit or deny
8   the allegations contained in said paragraph, to the extent that they are
9   intelligible and, on that basis, denies said allegations.

10   93.   In answer to paragraph 93 of the First Amended Complaint,
11   SANKEY denies knowledge or information sufficient to admit or deny
12   the allegations contained in said paragraph, to the extent that they are
13   intelligible and, on that basis, denies said allegations.

14   94.   In answer to paragraph 94 of the First Amended Complaint,
15   SANKEY denies knowledge or information sufficient to admit or deny
16   the allegations contained in said paragraph, to the extent that they are
17   intelligible and, on that basis, denies said allegations.

18   95.   In answer to paragraph 95 of the First Amended Complaint,
19   SANKEY denies knowledge or information sufficient to admit or deny
20   the allegations contained in said paragraph, to the extent that they are
21   intelligible and, on that basis, denies said allegations.

22   96.   In answer to paragraph 96 of the First Amended Complaint,
23   SANKEY denies knowledge or information sufficient to admit or deny
24   the allegations contained in said paragraph, to the extent that they are
25   intelligible and, on that basis, denies said allegations.

26   97.   In answer to paragraph 97 of the First Amended Complaint,
27   SANKEY denies knowledge or information sufficient to admit or deny
28   the allegations contained in said paragraph, to the extent that they are

1   intelligible and, on that basis, denies said allegations.

2       98.  In answer to paragraph 98 of the First Amended Complaint,

3   SANKEY denies knowledge or information sufficient to admit or deny

4   the allegations contained in said paragraph, to the extent that they are

5   intelligible and, on that basis, denies said allegations.

6       99.  In answer to paragraph 99 of the First Amended Complaint,

7   SANKEY admits the Neil Sankey went onto Plains Radio Network by

8   SANKEY but denies each and every other material allegation as to

9   SANKEY contained therein.

10      100. In answer to paragraph 100 of the First Amended Complaint,

11  SANKEY denies knowledge or information sufficient to admit or deny

12  the allegations contained in said paragraph, to the extent that they are

13  intelligible and, on that basis, denies said allegations.

14  100. In answer to paragraph 100 of the First Amended Complaint,

15  SANKEY denies knowledge or information sufficient to admit or deny

16  the allegations contained in said paragraph, to the extent that they are

17  intelligible and, on that basis, denies said allegations.

18      101. In answer to paragraph 101 of the First Amended Complaint,

19  SANKEY denies knowledge or information sufficient to admit or deny

20  the allegations contained in said paragraph, to the extent that they are

21  intelligible and, on that basis, denies said allegations.

22      102. In answer to paragraph 102 of the First Amended Complaint,

23  SANKEY denies knowledge or information sufficient to admit or deny

24  the allegations contained in said paragraph, to the extent that they are

25  intelligible and, on that basis, denies said allegations.

26      103. In answer to paragraph 103 of the First Amended Complaint,

27  SANKEY denies knowledge or information sufficient to admit or deny

28  the allegations contained in said paragraph, to the extent that they are

intelligible and, on that basis, denies said allegations.

104. In answer to paragraph 104 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

105. In answer to paragraph 105 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

106. In answer to paragraph 106 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

107. In answer to paragraph 107 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

108. In answer to paragraph 108 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

109. In answer to paragraph 109 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

110. In answer to paragraph 110 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are

intelligible and, on that basis, denies said allegations.

111. In answer to paragraph 111 of the First Amended Complaint, SANKEY admits that Orley Taitz and Neil Sankey spoke with John Allen, obtained a photograph from him. He did not provide Allen with information concerning the location of Liberi. Further, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

112. In answer to paragraph 112 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

113. In answer to paragraph 113 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

114. In answer to paragraph 114 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

115. In answer to paragraph 115 of the First Amended Complaint, SANKEY denies that Neil Sankey made any false statements. As to the rest of said paragraph, SANKEY further responds that SANKEY denies knowledge or information sufficient to admit or deny any other of the allegations contained in said paragraph, and, on that basis, denies said allegations.

116. In answer to paragraph 116 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are

intelligible and, on that basis, denies said allegations.

117.  In answer to paragraph 117 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

118. In answer to paragraph 118 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

119. In answer to paragraph 119 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

120. In answer to paragraph 120 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

121. In answer to paragraph 121 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

122. In answer to paragraph 122 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

123. In answer to paragraph 123 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are

1  intelligible and, on that basis, denies said allegations.

2      124. In answer to paragraph 124 of the First Amended Complaint,

3  SANKEY denies knowledge or information sufficient to admit or deny

4  the allegations contained in said paragraph, to the extent that they are

5  intelligible and, on that basis, denies said allegations.

6      125. In answer to paragraph 125 of the First Amended Complaint,

7  SANKEY denies knowledge or information sufficient to admit or deny

8  the allegations contained in said paragraph, to the extent that they are

9  intelligible and, on that basis, denies said allegations.

10     126.  In answer to paragraph 126 of the First Amended Complaint,

11 SANKEY  admits that Neil Sankey attended such a hearing.

12     127. In answer to paragraph 127 of the First Amended Complaint,

13 SANKEY denies knowledge or information sufficient to admit or deny

14 the allegations contained in said paragraph, to the extent that they are

15 intelligible and, on that basis, denies said allegations.

16     128. In answer to paragraph 128 of the First Amended Complaint,

17 SANKEY denies knowledge or information sufficient to admit or deny

18 the allegations contained in said paragraph, to the extent that they are

19 intelligible and, on that basis, denies said allegations.

20     129. In answer to paragraph 129 of the First Amended Complaint,

21 SANKEY denies knowledge or information sufficient to admit or deny

22 the allegations contained in said paragraph, to the extent that they are

23 intelligible and, on that basis, denies said allegations.

24     130. In answer to paragraph 130 of the First Amended Complaint,

25 SANKEY denies knowledge or information sufficient to admit or deny

26 the allegations contained in said paragraph, to the extent that they are

27 intelligible and, on that basis, denies said allegations.

28     131.  In answer to paragraph 131 of the First Amended Complaint,

1 SANKEY denies knowledge or information sufficient to admit or deny
2 the allegations contained in said paragraph, to the extent that they are
3 intelligible and, on that basis, denies said allegations.

4 132. In answer to paragraph 132 of the First Amended Complaint,
5 SANKEY denies knowledge or information sufficient to admit or deny
6 the allegations contained in said paragraph, to the extent that they are
7 intelligible and, on that basis, denies said allegations.

8 133. In answer to paragraph 133 of the First Amended Complaint,
9 SANKEY denies knowledge or information sufficient to admit or deny
10 the allegations contained in said paragraph, to the extent that they are
11 intelligible and, on that basis, denies said allegations.

12 134. In answer to paragraph 134 of the First Amended Complaint,
13 Neil Sankey admits that he owns and operates Sankey Investigations,
14 Inc. but denies that he worked through Todd Sankey or the Sankey Firm,
15 Inc. SANKEY denies knowledge or information sufficient to admit or
16 deny having knowledge of every law related to the subjects delineated
17 and, on that basis, denies said allegations.

18 135. In answer to paragraph 135 of the First Amended Complaint,
19 SANKEY denies each and every material allegation as to SANKEY
20 contained therein.

21 136. In answer to paragraph 136 of the First Amended Complaint,
22 SANKEY denies each and every material allegation as to SANKEY
23 contained therein.

24 137. In answer to paragraph 137 of the First Amended Complaint,
25 SANKEY denies each and every material allegation as to SANKEY
26 contained therein.

27 138. In answer to paragraph 138 of the First Amended Complaint,
28 SANKEY denies each and every material allegation as to SANKEY

contained therein.

139. In answer to paragraph 139 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

140. In answer to paragraph 140 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

141. In answer to paragraph 141 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

142. In answer to paragraph 142 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

143. In answer to paragraph 143 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

## VI. FACTUAL ALLEGATIONS

144. In answer to paragraph 144 of the First Amended Complaint, SANKEY incorporates by this reference its responses to paragraphs 1 through 143 of the First Amended Complaint.

145. In answer to paragraph 145 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny

1  the allegations contained in said paragraph, to the extent that they are
2  intelligible and, on that basis, denies said allegations.

3     146.  In answer to paragraph 146 of the First Amended Complaint,
4  SANKEY denies knowledge or information sufficient to admit or deny
5  the allegations contained in said paragraph, to the extent that they are
6  intelligible and, on that basis, denies said allegations.

7     147.  In answer to paragraph 147 of the First Amended Complaint,
8  SANKEY denies knowledge or information sufficient to admit or deny
9  the allegations contained in said paragraph, to the extent that they are
10 intelligible and, on that basis, denies said allegations.

11    148.  In answer to paragraph 148 of the First Amended Complaint,
12 SANKEY denies knowledge or information sufficient to admit or deny
13 the allegations contained in said paragraph, to the extent that they are
14 intelligible and, on that basis, denies said allegations.

15    149.  In answer to paragraph 149 of the First Amended Complaint,
16 SANKEY denies knowledge or information sufficient to admit or deny
17 the allegations contained in said paragraph, to the extent that they are
18 intelligible and, on that basis, denies said allegations.

19    150.  In answer to paragraph 150 of the First Amended Complaint,
20 SANKEY denies knowledge or information sufficient to admit or deny
21 the allegations contained in said paragraph, to the extent that they are
22 intelligible and, on that basis, denies said allegations.

23    151.  In answer to paragraph 151 of the First Amended Complaint,
24 SANKEY denies knowledge or information sufficient to admit or deny
25 the allegations contained in said paragraph, to the extent that they are
26 intelligible and, on that basis, denies said allegations.

27    152.  In answer to paragraph 152 of the First Amended Complaint,
28 SANKEY denies knowledge or information sufficient to admit or deny

1  the allegations contained in said paragraph, to the extent that they are
2  intelligible and, on that basis, denies said allegations.

3      153.  In answer to paragraph 153 of the First Amended Complaint,
4  SANKEY denies knowledge or information sufficient to admit or deny
5  the allegations contained in said paragraph, to the extent that they are
6  intelligible and, on that basis, denies said allegations.

7      154.  In answer to paragraph 154 of the First Amended Complaint,
8  SANKEY denies knowledge or information sufficient to admit or deny
9  the allegations contained in said paragraph, to the extent that they are
10  intelligible and, on that basis, denies said allegations.

11      155.  In answer to paragraph 155 of the First Amended Complaint,
12  SANKEY denies knowledge or information sufficient to admit or deny
13  the allegations contained in said paragraph, to the extent that they are
14  intelligible and, on that basis, denies said allegations.

15      156.  In answer to paragraph 156 of the First Amended Complaint,
16  SANKEY denies knowledge or information sufficient to admit or deny
17  the allegations contained in said paragraph, to the extent that they are
18  intelligible and, on that basis, denies said allegations.

19      157.  In answer to paragraph 157 of the First Amended Complaint,
20  SANKEY denies knowledge or information sufficient to admit or deny
21  the allegations contained in said paragraph, to the extent that they are
22  intelligible and, on that basis, denies said allegations.

23      158.  In answer to paragraph 158 of the First Amended Complaint,
24  SANKEY denies knowledge or information sufficient to admit or deny
25  the allegations contained in said paragraph, to the extent that they are
26  intelligible and, on that basis, denies said allegations.

27      159.  In answer to paragraph 159 of the First Amended Complaint,
28  SANKEY denies knowledge or information sufficient to admit or deny

the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

160.  In answer to paragraph 160 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

161.  In answer to paragraph 161 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

162.  In answer to paragraph 162 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

163.  In answer to paragraph 163 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

164.  In answer to paragraph 164 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

165.  In answer to paragraph 165 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

166.  In answer to paragraph 166 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny

the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

167. In answer to paragraph 167 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

168. In answer to paragraph 168 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

169. In answer to paragraph 169 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

170. In answer to paragraph 170 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

171. In answer to paragraph 171 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

172. In answer to paragraph 172 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

173. In answer to paragraph 173 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny

the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

174. In answer to paragraph 174 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

## VI. FACTUAL ALLEGATIONS [Repeated Section Number]

175. In answer to paragraph 175 of the First Amended Complaint, SANKEY incorporates by this reference its responses to paragraphs 1 through 174 of the First Amended Complaint.

176. In answer to paragraph 176 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

177. In answer to paragraph 177 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

178. In answer to paragraph 178 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

179. In answer to paragraph 179 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are

intelligible and, on that basis, denies said allegations.

180.  In answer to paragraph 180 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

181.  In answer to paragraph 181 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

182.  In answer to paragraph 182 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

183.  In answer to paragraph 183 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

184.  In answer to paragraph 184 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

185.  In answer to paragraph 185 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are intelligible and, on that basis, denies said allegations.

186.  In answer to paragraph 186 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph, to the extent that they are

1  intelligible and, on that basis, denies said allegations.

2

3  **FIRST CAUSE OF ACTION**
4  **Willful Intrusion**

5

6  187. In answer to paragraph 187 of the First Amended Complaint,
7  SANKEY incorporates by this reference its responses to paragraphs 1
8  through 188 of the First Amended Complaint.

9  188.  In answer to paragraph 188 of the First Amended Complaint,
10  SANKEY denies each and every material allegation as to SANKEY
11  contained therein.

12  189. In answer to paragraph 189 of the First Amended Complaint,
13  SANKEY denies knowledge or information sufficient to admit or deny
14  the allegations contained in said paragraph and, on that basis, denies
15  said allegations.

16  190. In answer to paragraph 190 of the First Amended Complaint,
17  SANKEY denies each and every material allegation as to SANKEY
18  contained therein.

19  191.  In answer to paragraph 191 of the First Amended Complaint,
20  SANKEY denies knowledge or information sufficient to admit or deny
21  the allegations contained in said paragraph and, on that basis, denies
22  said allegations.

23  192.  In answer to paragraph 192 of the First Amended Complaint,
24  SANKEY denies knowledge or information sufficient to admit or deny
25  the allegations contained in said paragraph and, on that basis, denies
26  said allegations.

27  193.  In answer to paragraph 193 of the First Amended Complaint,
28  SANKEY denies knowledge or information sufficient to admit or deny

the allegations contained in said paragraph and, on that basis, denies said allegations.

194. In answer to paragraph 194 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

195. In answer to paragraph 195 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

196. In answer to paragraph 196 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

197. In answer to paragraph 197 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

198. In answer to paragraph 198 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

199. In answer to paragraph 199 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

200. In answer to paragraph 200 of the First Amended Complaint, SANKEY admits Plaintiffs seek damages but SANKEY denies that Plaintiffs are entitled to any such damages.

201. In answer to paragraph 201 of the First Amended Complaint, SANKEY admits Plaintiffs seek damages but SANKEY denies that Plaintiffs are entitled to any such damages.

202. Paragraph 202 requires a legal conclusion and to which no response is required.

203. In answer to paragraph 203 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

204. In answer to paragraph 204 of the First Amended Complaint, SANKEY admits Plaintiffs seek damages but SANKEY denies that Plaintiffs are entitled to any such damages.

## SECOND CAUSE OF ACTION
### Invasion of Privacy

205. In answer to paragraph 205 of the First Amended Complaint, SANKEY incorporates by this reference its responses to paragraphs 1 through 204 of the First Amended Complaint.

206. In answer to paragraph 206 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

207. In answer to paragraph 207 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

208. In answer to paragraph 208 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

209.  In answer to paragraph 209 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

210.  In answer to paragraph 210 of the First Amended Complaint, SANKEY admits Plaintiffs seek damages but SANKEY denies that Plaintiffs are entitled to any such damages and denies each and every material allegation as to SANKEY contained therein.

211.  In answer to paragraph 211 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

212.  Paragraph 212 requires a legal conclusion and to which no response is required.

213.  In answer to paragraph 213 of the First Amended Complaint, SANKEY admits Plaintiffs seek damages but SANKEY denies that Plaintiffs are entitled to any such damages and denies each and every material allegation as to SANKEY contained therein.

214.  In answer to paragraph 214 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

## THIRD CAUSE OF ACTION
### False Light

215.  In answer to paragraph 215 of the First Amended Complaint, SANKEY incorporates by this reference its responses to paragraphs 1 through 204 of the First Amended Complaint.

216. In answer to paragraph 216 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

217. In answer to paragraph 217 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

218. In answer to paragraph 218 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

219. In answer to paragraph 219 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

220. In answer to paragraph 220 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

221. In answer to paragraph 221 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

222. In answer to paragraph 222 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

223. Paragraph 223 requires a legal conclusion and to which no response is required.

224. In answer to paragraph 224 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

225. In answer to paragraph 225 of the First Amended Complaint,

SANKEY denies each and every material allegation as to SANKEY contained therein.

## FOURTH CAUSE OF ACTION
## Appropriation of Name

226.  In answer to paragraph 226 of the First Amended Complaint, SANKEY incorporates by this reference its responses to paragraphs 1 through 225 of the First Amended Complaint.

227.  In answer to paragraph 227 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

228.  In answer to paragraph 228 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

229.  In answer to paragraph 229 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

230.  In answer to paragraph 230 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

231.  In answer to paragraph 231 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies

said allegations.

228. In answer to paragraph 228 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

232. In answer to paragraph 232 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

233. In answer to paragraph 233 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

234. In answer to Paragraph 234 of the First Amended Complaint contains statement of laws to which no response is required.

235. In answer to paragraph 235 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

236. In answer to paragraph 236 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

237. In answer to paragraph 237 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

238. In answer to paragraph 238 of the First Amended Complaint,

SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

## FIFTH CAUSE OF ACTION

### Cal. IP

239. In answer to paragraph 239 of the First Amended Complaint, SANKEY incorporates by this reference its responses to paragraphs 1 through 238 of the First Amended Complaint.

240. In answer to paragraph 240 of the First Amended Complaint, SANKEY admits Plaintiffs seek damages but SANKEY denies that Plaintiffs are entitled to any such damages.

241. In answer to paragraph 241 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations; said requires a legal conclusion to which a response is not required.

242. In answer to paragraph 242 of the First Amended Complaint, SANKEY denies that SANKEY illegally obtained, disclosed and distributed information.

243. In answer to paragraph 243 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

244. Paragraph 244 of the First Amended Complaint contains a statement of law to which no response is required.

245. In answer to paragraph 245 of the First Amended Complaint, SANKEY admits Plaintiffs seek damages but SANKEY denies that Plaintiffs are entitled to any such damages.

246. In answer to paragraph 246 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

247. In answer to paragraph 247 of the First Amended Complaint, SANKEY admits Plaintiffs seek damages but SANKEY denies that Plaintiffs are entitled to any such damages.

## SIXTH CAUSE OF ACTION
## Cal. IP

248. In answer to paragraph 248 of the First Amended Complaint, SANKEY incorporates by this reference its responses to paragraphs 1 through 247 of the First Amended Complaint.

249. In answer to paragraph 249 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

250. Paragraph 250 of the First Amended Complaint contains a statement of law to which no response is required.

251. In answer to paragraph 251 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

252. In answer to paragraph 252 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

253. In answer to paragraph 253 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies

said allegations.

254. In answer to paragraph 254 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

255. In answer to paragraph 255 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

256. In answer to paragraph 256 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

257. In answer to paragraph 257 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

258. In answer to paragraph 258 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

259. In answer to paragraph 259 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

260. In answer to paragraph 260 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

261. In answer to paragraph 261 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

262. In answer to paragraph 262 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY

contained therein.

263. In answer to paragraph 263 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

264. In answer to paragraph 325 of the First Amended Complaint, SANKEY admits Plaintiffs seek damages but SANKEY denies that Plaintiffs are entitled to any such damages.

## SEVENTH CAUSE OF ACTION
## Cyber-Stalking, etc.

This Cause of Action and Paragraphs 265 through 280 does not pertain to Sankey.

## EIGHTH CAUSE OF ACTION
## Defamation, etc.

281. In answer to paragraph 281 of the First Amended Complaint, SANKEY incorporates by this reference its responses to paragraphs 1 through 280 of the First Amended Complaint.

282. Paragraph 282 of the First Amended Complaint contains a statement of law to which no response is required.

283. Paragraph 283 of the First Amended Complaint contains a statement of law to which no response is required.

284. In answer to paragraph 284 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

285. In answer to paragraph 285 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

286. In answer to paragraph 286 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

287. In answer to paragraph 287 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

288. In answer to paragraph 288 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

289. In answer to paragraph 289 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

290. In answer to paragraph 290 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

291. In answer to paragraph 291 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

292. In answer to paragraph 292 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

293. In answer to paragraph 293 of the First Amended Complaint,

1  SANKEY denies knowledge or information sufficient to admit or deny
2  the allegations contained in said paragraph and, on that basis, denies
3  said allegations.

4     294.  In answer to paragraph 294 of the First Amended Complaint,
5  SANKEY denies knowledge or information sufficient to admit or deny
6  the allegations contained in said paragraph and, on that basis, denies
7  said allegations.

8     295.  In answer to paragraph 295 of the First Amended Complaint,
9  SANKEY denies each and every material allegation as to SANKEY
10 contained therein.

11    296.  In answer to paragraph 296 of the First Amended Complaint,
12 SANKEY denies each and every material allegation as to SANKEY
13 contained therein.

14    297.  In answer to paragraph 297 of the First Amended Complaint,
15 SANKEY admits Plaintiffs seek damages but SANKEY denies that
16 Plaintiffs are entitled to any such damages.

17    298. In answer to paragraph 298 of the First Amended Complaint,
18 SANKEY denies each and every material allegation as to SANKEY
19 contained therein.

20    299.  In answer to paragraph 299 of the First Amended Complaint,
21 SANKEY denies each and every material allegation as to SANKEY
22 contained therein.

23    300.  In answer to paragraph 300 of the First Amended Complaint,
24 SANKEY admits Plaintiffs seek damages but SANKEY denies that
25 Plaintiffs are entitled to any such damages.

26

27                    **NINTH CAUSE OF ACTION**
28                   **Emotional Distress, etc.**

1

2     301.  In answer to paragraph 301 of the First Amended Complaint,

3  SANKEY incorporates by this reference its responses to paragraphs 1

4  through 280 of the First Amended Complaint.

5     302.  In answer to paragraph 302 of the First Amended Complaint,

6  SANKEY denies each and every material allegation as to SANKEY

7  contained therein.

8     303.  In answer to paragraph 303 of the First Amended Complaint,

9  SANKEY denies knowledge or information sufficient to admit or deny

10  the allegations contained in said paragraph and, on that basis, denies

11  said allegations.

12     304.  In answer to paragraph 304 of the First Amended Complaint,

13  SANKEY denies knowledge or information sufficient to admit or deny

14  the allegations contained in said paragraph and, on that basis, denies

15  said allegations.

16     305.  In answer to paragraph 305 of the First Amended Complaint,

17  SANKEY denies knowledge or information sufficient to admit or deny

18  the allegations contained in said paragraph and, on that basis, denies

19  said allegations.

20     306.  In answer to paragraph 306 of the First Amended Complaint,

21  SANKEY denies knowledge or information sufficient to admit or deny

22  the allegations contained in said paragraph and, on that basis, denies

23  said allegations.

24     307.  In answer to paragraph 307 of the First Amended Complaint,

25  SANKEY denies each and every material allegation as to SANKEY

26  contained therein.

27     308.  In answer to paragraph 308 of the First Amended Complaint,

28  SANKEY denies knowledge or information sufficient to admit or deny

the allegations contained in said paragraph and, on that basis, denies
said allegations.

309. In answer to paragraph 309 of the First Amended Complaint,
SANKEY denies knowledge or information sufficient to admit or deny
the allegations contained in said paragraph and, on that basis, denies
said allegations.

310. In answer to paragraph 310 of the First Amended Complaint,
SANKEY denies each and every material allegation as to SANKEY
contained therein.

311. In answer to paragraph 311 of the First Amended Complaint,
SANKEY admits Plaintiffs seek damages but SANKEY denies that
Plaintiffs are entitled to any such damages.

312. Paragraph 312 of the First Amended Complaint contains a
statement of law to which no response is required.

313. In answer to paragraph 313 of the First Amended Complaint,
SANKEY denies each and every material allegation as to SANKEY
contained therein.

314. In answer to paragraph 314 of the First Amended Complaint,
SANKEY denies each and every material allegation as to SANKEY
contained therein.

## TENTH CAUSE OF ACTION
## Malicious Prosecution

315. In answer to paragraph 315 of the First Amended Complaint,
SANKEY incorporates by this reference its responses to paragraphs 1
through 314 of the First Amended Complaint.

316. In answer to paragraph 316 of the First Amended Complaint,

SANKEY denies each and every material allegation as to SANKEY contained therein.

317. In answer to paragraph 317 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

318. In answer to paragraph 318 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

319. In answer to paragraph 319 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

320. In answer to paragraph 320 of the First Amended Complaint, SANKEY denies knowledge or information sufficient to admit or deny the allegations contained in said paragraph and, on that basis, denies said allegations.

321. In answer to paragraph 321 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

322. In answer to paragraph 322 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

323. Paragraph 323 of the First Amended Complaint contains a statement of law to which no response is required.

324. In answer to paragraph 324 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

325.  In answer to paragraph 325 of the First Amended Complaint, SANKEY admits Plaintiffs seek damages but SANKEY denies that Plaintiffs are entitled to any such damages.

## ELEVENTH CAUSE OF ACTION
### Abuse of Process

326.  In answer to paragraph 326 of the First Amended Complaint, SANKEY incorporates by this reference its responses to paragraphs 1 through 325 of the First Amended Complaint.

327.  In answer to paragraph 327 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

328.  In answer to paragraph 328 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

329.  In answer to paragraph 329 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

330.  In answer to paragraph 330 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

331.  In answer to paragraph 331 of the First Amended Complaint, SANKEY admits Plaintiffs seek damages but SANKEY denies that Plaintiffs are entitled to any such damages.

332.  Paragraph 332 of the First Amended Complaint contains a statement of law to which no response is required.

333.  In answer to paragraph 333 of the First Amended Complaint,

SANKEY denies each and every material allegation as to SANKEY contained therein.

334. In answer to paragraph 334 of the First Amended Complaint, SANKEY denies each and every material allegation as to SANKEY contained therein.

## TWELFTH CAUSE OF ACTION
## FRCA, etc.

This Cause of Action and Paragraphs 335 through 346 does not pertain to SANKEY.

## THIRTEENTH CAUSE OF ACTION
## FRCA, etc.

This Cause of Action and what is incorrectly identified to be Paragraphs 341 through 352 do not pertain to SANKEY.

## FOURTEENTH CAUSE OF ACTION
## FRCA, etc.

This Cause of Action and Paragraphs 353 through 364 does not pertain to Sankey.

## FIFTEENTH CAUSE OF ACTION
## CCRAA, etc.

This Cause of Action and Paragraphs 365 through 373 do not pertain to SANKEY.

## SIXTEENTH CAUSE OF ACTION
## ICRAA, etc.

This Cause of Action and Paragraphs 374 through 380 do not pertain to SANKEY.

## SEVENTEENTH CAUSE OF ACTION
## IPA, etc.

This Cause of Action and Paragraphs 381 through 389 do not pertain to SANKEY.

## EIGHTEENTH CAUSE OF ACTION
## 17200, etc.

This Cause of Action and Paragraphs 390 through 397 do not pertain to SANKEY.

## NINETEENTH CAUSE OF ACTION
## Emotional Distress, etc.

This Cause of Action and Paragraphs 398 through 416 do not pertain to SANKEY.

## TWENTIETH CAUSE OF ACTION

### Negligence, etc.

This Cause of Action and Paragraphs 417 through 416 do not pertain to SANKEY.

### *PRAYER FOR RELIEF*

WHEREFORE, Defendants Neil Sankey, Todd Sankey, The Sankey Firm, Inc., and Sankey Investigations, Inc. pray for judgment as follows:

1. That all relief requested in the First Amended Complaint be denied;

2. That Plaintiffs take nothing by virtue of this action;

3. For costs of suit and attorneys' fees incurred herein; and

4. For such other and further relief as the Court may deem proper.

Respectfully submitted on this 25th day of July 2011 by,


_____

Marc Steven Colen
Law Offices of Marc Steven Colen
Attorney for Defendants Neil Sankey,
Todd Sankey, The Sankey Firm, Inc.,
and Sankey Investigations, Inc.

cont/

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

***WITHOUT WAIVING ANY OF THE FOREGOING, SANKEY, FOR ITS AFFIRMATIVE DEFENSES TO THE FIRST COMPLAINT ALLEGES AS FOLLOWS:***

### *FIRST AFFIRMATIVE DEFENSE*
### (Failure to State a Claim for Relief)

The First Amended Complaint, and each and every purported claim for relief therein, fail to state facts sufficient to constitute a claim for relief against SANKEY.

### *SECOND AFFIRMATIVE DEFENSE*
### (SLAPP)

The instant Complaint is no more than a Strategic lawsuit against public participation.

### *THIRD AFFIRMATIVE DEFENSE*
### (Waiver, Estoppel, Excuse and Mistake)

SANKEY is informed and believes, and thereon alleges, that some or all of Plaintiffs' claims are barred under the principles of waiver, estoppel, excuse and/or mistake.

### *FOURTH AFFIRMATIVE DEFENSE*
### (Laches and Unreasonable Delay)

The First Amended Complaint, and each and every purported claim for relief therein, is barred under the principles of laches and unreasonable delay.

### FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The Complaint, and each and every purported claim for relief therein, is barred as a result of Plaintiffs' unclean hands.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiffs, though under a duty to do so, have failed and neglected to mitigate his alleged damages, and therefore, cannot recover against SANKEY, whether as alleged or otherwise.

### SEVENTH AFFIRMATIVE DEFENSE
### (Statutes of Limitations)

The First Amended Complaints, and each and every purported claim for relief therein, is barred by the applicable statutes of limitations set forth in the California Code of Civil Procedure and, alternatively, and without concession, such other Codes and Code Sections as may deemed applicable in this matter.

### EIGHTH AFFIRMATIVE DEFENSE
### (Privilege)

1

2  Some or all of the first claims for damages in the First Amended

3  Complaint are barred in that all decisions and actions of SANKEY with

4  respect to the subject matter of this lawsuit, were undertaken in good

5  faith, in the absence of malicious intent, and constituted a lawful,

6  proper, and justified means to further its legitimate economic interests.

7

8  **NINTH**

9  **(Constitutional)**

10

11  Some or all of Plaintiffs' claims are barred because SANKEY's

12  actions are protected free speech under the First Amendment of the

13  United States Constitution.  they are predicated on unconstitutionally

14  vague and/or overly broad interpretations of regulations or laws,

15  alternatively, the applicable regulations or laws themselves are

16  unconstitutionally vague and/or overbroad.

17

18  **TENTH AFFIRMATIVE DEFENSE**

19  **(Not Proximate Cause)**

20

21  Although SANKEY denies that Plaintiffs have been damaged in

22  any way, if it should be determined that Plaintiffs have been damaged,

23  then SANKEY alleges, based on information and belief, that the

24  proximate cause of such damage was the conduct of Plaintiffs or others

25  for which SANKEY was not and is not responsible.

26

27  **ELEVENTH AFFIRMATIVE DEFENSE**

28  **(Privilege)**

1

2   Plaintiffs recovery in this action is barred  as to Sankey because

3   SANKEY's conduct was, at all times mentioned in the First Amended

4   Complaint, justified and privileged.

5

6   **TWELFTH AFFIRMATIVE DEFENSE**

7   **(Criminal Records)**

8

9   The criminal records of some of the Plaintiffs are public records

10  and dissemination of information so publically available is protected free

11  speech.

12

13  ***THIRTEENTH  AFFIRMATIVE DEFENSE***

14  **(Justification)**

15

16  Some or all of SANKEY's actions in this matter were taken in

17  reliance upon the standards, guidelines, law and regulations of the State

18  of California were reasonably prudent under the first circumstances.

19

20  ***FOURTEENTH EIGHTEENTH AFFIRMATIVE DEFENSE***

21  **(Lack of Proximate Cause)**

22

23  No act or omission of SANKEY was the proximate cause of

24  Plaintiffs' damages, if any. In the alternative, Plaintiffs' alleged damages,

25  if any, were proximately caused by the first conduct of Plaintiffs and/or

26  persons or entities other than SANKEY. Plaintiffs' damages, if any, must

27  be reduced in proportion to the amount attributable to the first conduct

28  of Plaintiffs and/or persons or entities other than SANKEY up to and

including 100%. SANKEY further alleges that if Plaintiffs recovers, then pursuant to <u>Civil Code sections 1431.2</u>, *et seq.*, it is not liable for any non-economic damages that are not directly proportional to SANKEY's percentage of fault.

### *FIFTEENTH AFFIRMATIVE DEFENSE*
### **(Not Entitled to Attorneys' Fees or Punitive Damages)**

The Complaint, and each cause of action contained therein, fails to allege facts sufficient to entitle Plaintiffs to recover attorneys' fees and/or punitive damages against SANKEY.

### *SIXTEENTH AFFIRMATIVE DEFENSE*
### **(Limitation on Damages)**

To the extent, if any, Plaintiffs are entitled to any damages, the damages may not exceed the statutory limitations and caps contained therein.

### *SEVENTEENTH AFFIRMATIVE DEFENSE*
### **(Consent)**

Any recovery on Plaintiffs' Complaint, or any purported cause of action contained therein, is barred because Plaintiffs consented to the alleged conduct.

### *EIGHTEENTH AFFIRMATIVE DEFENSE*
### **(Absence of Control)**

SANKEY is an improper party in this matter in that it does not have sufficient control concerning the actions of other parties in this matter.

### *NINETEENTH AFFIRMATIVE DEFENSE*
### **(Compliance With Applicable Laws)**

Plaintiffs' claims are barred in whole or in part by reason of SANKEY's compliance with all applicable laws, statutes, and regulations.

### *TWENTIETH AFFIRMATIVE DEFENSE*
### **(Unconstitutional Imposition of Restitution)**

Plaintiffs' demands for restitution, or other monetary relief constitute or are the equivalent of a form of criminal or quasi-criminal sanction, and thus violate SANKEY's rights under the United States Constitution, including without limitation, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, and the California Constitution, absent the safeguards guaranteed by those provisions.

### *TWENTY-FIRST AFFIRMATIVE DEFENSE*
### **(No Knowledge of Alleged Violation)**

Plaintiffs' claims are barred in whole or in part to the extent that his claims are based on an alleged act or omission by SANKEY that was made in good faith without knowledge of any violation of law.

### *TWENTY-SECOND AFFIRMATIVE DEFENSE*

## (Under Direction of Attorney)

To the extent, if any, Plaintiffs are entitled to any damages, Plaintiffs' claims against SANKEY are barred in whole or in part on the basis that the actions taken SANKEY were for and under the direction of an attorney, in good faith and without knowledge of any violation of law.

### *OTHER AFFIRMATIVE DEFENSES*

SANKEY currently has insufficient information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. SANKEY reserves the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

Dated 25 July 2011

*Marc Steven Colen*

_____
Marc Steven Colen
Law Offices of Marc Steven Colen
Attorney for Defendants Neil Sankey,
Todd Sankey, The Sankey Firm, Inc.,
Sankey Investigations, Inc.