Kim Schumann, Esq., State Bar #170942
Jeffrey P. Cunningham, Esq., State Bar #151067
Peter Cook, Esq., State Bar #232742
**SCHUMANN, RALLO & ROSENBERG, LLP**
3100 Bristol Street, Suite 400
Costa Mesa, CA 92626
Telephone (714) 850-0210
Facsimile  (714) 850-0551
Email: pcook@srrlawfirm.com

Attorneys for Defendant, YOSEF TAITZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| LISA LIBERI; LISA M. OSTELLA; GO EXCEL GLOBAL; PHILIP J. BERG, ESQUIRE; and THE LAW OFFICES OF PHILIP J. BERG,<br><br>Plaintiffs,<br><br>vs.<br><br>ORLY TAITZ, a/k/a DR. ORLY TAITZ; LAW OFFICES OF ORLY TAITZ; ORLY TAITZ, INC.; DEFEND OUR FREEDOMS FOUNDATIONS, INC.; NEIL SANKEY; SANKEY INVESTIGATIONS, INC; TODD SANKEY; THE SANKEY FIRM, INC.; REED ELSEVIER, INC.; LEXISNEXIS GROUP, INC., a Division of Reed Elsevier, Inc.; LEXISNEXIS RISK AND INFORMATION ANALYTICS GROUP, INC.; LEXISNEXIS SEISINT, INC. d/b/a ACCURINT, a Division of Reed Elsevier, Inc.; LEXISNEXIS CHOICEPOINT, INC., a Division of Reed Elsevier, Inc.; LEXISNEXIS RISK SOLUTIONS, INC., a Division of Reed Elsevier, Inc.; INTELIUS, INC.; ORACLE CORPORATION; DAYLIGHT CHEMICAL INFORMATION SYSTEMS, INC.; YOSEF TAITZ, individually, and as Owner / CEO of DAYLIGHT CHEMICAL INFORMATION SYSTEMS, INC.; and DOES 1 through 186, inclusive,<br>                    Defendants. | Case No. 8:11-CV-00485-AG (AJW)<br>Hon. Andrew Guilford<br>Courtroom 10D<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT, YOSEF TAITZ, TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6); SUPPORTING DECLARATION REGARDING COMPLIANCE WITH LOCAL RULE 7-3**<br><br>**[FILED CONCURRENTLY WITH MOTION TO STRIKE/FOR MORE DEFINITE STATEMENT, AND REQUEST FOR JUDICIAL NOTICE]**<br><br>Date:          August 29, 2011<br>Time:          10:00 a.m.<br>Place:          Courtroom 10D<br><br>Date Action Filed:     May 4, 2009<br>Discovery Cut-Off:     March 5, 2012<br>Final Pre-Trial Conf.:  May 21, 2012<br>Trial Date:          June 5, 2012 |

**DEFENDANT, YOSEF TAITZ'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on August 29, 2011 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 10D of the United States District Court for the Central District of California (Southern Division) located at 411 West Fourth Street, Santa Ana, CA, Defendant, YOSEF TAITZ ("Moving Defendant"), will and does hereby apply pursuant to <u>Federal Rules of Civil Procedure</u> ("FRCP"), Rule 12(b)(6) and other applicable statutes and case law for an Order dismissing the First Amended Complaint ("FAC") of Plaintiffs, LISA LIBERI, LISA M. OSTELLA , PHILIP J. BERG, ESQUIRE, THE LAW OFFICES OF PHILIP J. BERG, and GO EXCEL GLOBAL (collectively "Plaintiffs"), because Plaintiffs have failed to state any claim against Moving Defendant for the following reasons:

(1)     Plaintiffs on May 28, 2009 dismissed Moving Defendant pursuant to the parties' *Stipulated Dismissal Without Prejudice of Defendant Yosef Taitz* and Order thereon (**"Exhibit A"** to the concurrently-filed Request for Judicial Notice). It provides that Plaintiffs must apply to the Court for leave to join Moving Defendant, and obtain such leave, before pursuing him as a Defendant in this action. Plaintiffs have violated such Order because they did not apply for, nor obtain, leave to bring Moving Defendant back into the case before naming him as a Defendant to their FAC. Accordingly, the FAC should be dismissed with prejudice as to Moving Defendant;

(2)     Plaintiff, THE LAW OFFICES OF PHILIP J. BERG ("TLOPB"), is not a business entity (corporation, partnership, etc.). Counsel for TLOPB has agreed that it is not a proper Plaintiff and that it will dismiss its claims. (See, Local Rules, Rule 7-3 correspondence attached as **"Exhibits A-B"** hereto.) However, as of the date of this Motion, TLOPB has not dismissed its claims. Accordingly, the FAC as brought by TLOPB should be dismissed with prejudice;

1      (3)    Plaintiff, GO EXCEL GLOBAL  ("GEG"), is not a business entity

2  (corporation, partnership, etc.). Counsel for GEG as stated in his July 18, 2011

3  correspondence (**"Exhibit B"** hereto) asserts that GEG was at one time an existing

4  business entity, but admits that it no longer exists. Thus, under applicable New

5  Jersey and consistent California law, GEG does not have legal standing to pursue

6  its claims in the FAC and is not a proper Plaintiff. Accordingly, the FAC as brought

7  by GEG should be dismissed with prejudice;

8      (4)    Plaintiffs' First Cause of Action for Invasion of Privacy under the First

9  and Fourteenth Amendments of the U.S. Constitution, and the California

10  Constitution, fails to state a claim against Moving Defendant;

11      (5)    Plaintiffs' Second Cause of Action for Public Disclosure of Private

12  Facts - Invasion of Privacy fails to state a claim against Moving Defendant;

13      (6)    Plaintiffs' Third Cause of Action for False Light - Invasion of Privacy

14  fails to state a claim against Moving Defendant. Further, such claim is brought by

15  all Plaintiffs including non-existent entities TLOPB and GEG. Claims for false light

16  - invasion of privacy may only be brought by individuals and not by entities. Thus,

17  TLOPB's and GEG's false light - invasion of privacy claims, as well as the same

18  claims by the remaining Plaintiffs, fail to state a claim against Moving Defendant;

19      (7)    Plaintiffs' Fifth Cause of Action for Willful Violation of the Cal.

20  Information Privacy Act (IPA) <u>Cal. Civ. Code</u> § 1798.53 fails to state a claim

21  against Moving Defendant;

22      (8)    Plaintiffs' Sixth Cause of Action for Violation of Cal. IPA, <u>Cal. Civ.</u>

23  <u>Code</u> § 1798.85 fails to state a claim against Moving Defendant;

24      (9)    Plaintiffs' Eighth Cause of Action for Defamation Per Se, Slander and

25  Libel Per Se fails to state a claim against Moving Defendant. Further, such claim is

26  brought by all Plaintiffs including non-existent entities TLOPB and GEG. Claims

27  for defamation per se may only be brought by individuals and not by entities. Thus,

28  ///

**DEFENDANT, YOSEF TAITZ'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**

1  TLOPB's and GEG's defamation per se claims, as well as the same claims by the

2  remaining Plaintiffs, fail to state a claim against Moving Defendant;

3         (10)   Plaintiffs' Ninth Cause of Action for Intentional Infliction of

4  Emotional and Mental Distress fails to state a claim against Moving Defendant.

5  Further, such claim is brought by all Plaintiffs including non-existent entities

6  TLOPB and GEG. Claims for infliction of emotional distress may only be brought

7  by individuals and not by entities. Thus, emotional distress claims by TLOPB and

8  GEG, as well as the same claims by the remaining Plaintiffs, fail to state a claim

9  against Moving Defendant;

10         (11)   Plaintiffs' Fourteenth Cause of Action for Negligent Non-Compliance

11  with the Fair Credit Reporting Act 15 U.S.C. §§ 1681b and 1681o fails to state a

12  claim against Moving Defendant;

13         (12)   Plaintiffs' Seventeenth Cause of Action for Violation of the

14  Information Practices Act (IPA) Cal. Civ. Code §§ 1798 et seq. fails to state a claim

15  against Moving Defendant;

16         (13)   Plaintiffs' Eighteenth Cause of Action for Violation of Cal. Business

17  and Professions Code §§ 17200 et seq. fails to state a claim against Moving

18  Defendant;

19         (14)   Plaintiffs' Nineteenth Cause of Action for Negligent Infliction of

20  Emotional Distress and Mental Distress fails to state a claim against Moving

21  Defendant; and

22         (15)   Plaintiffs' Twentieth Cause of Action for Res Ipsa Loquitor

23  Negligence fails to state a claim against Moving Defendant.

24         As set forth in the attached Declaration and the exhibits to it, Moving

25  Defendant has complied with Local Rules, Rule 7-3 and has met and conferred with

26  Plaintiffs' counsel before filing this Motion.

27         This Motion to Dismiss pursuant to FRCP, Rule 12(b)(6) will be based upon

28  this Notice, the attached Memorandum of Points and Authorities, the concurrently-

DEFENDANT, YOSEF TAITZ'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

filed Request for Judicial Notice, the Court's file in this matter, and all other tangible and/or testimonial evidence provided at the hearing on this matter.

DATED: August 1, 2011                    **SCHUMANN, RALLO & ROSENBERG, LLP**

By:    /s/ - Jeffrey P. Cunningham
       _____
       Kim Schumann, Esq.
       Jeffrey P. Cunningham, Esq.
       Peter Cook Esq.
       Attorneys for Defendant,
       YOSEF TAITZ

-v-

# Table of Contents

**MEMORANDUM OF POINTS AND AUTHORITIES** . . . . . . . . . . . . . . . . 1

    **I.**     **INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

        **A.**     **PROCEDURAL HISTORY INVOLVING DEFENDANT, YOSEF TAITZ** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

        **B.**     **SUMMARY OF ALLEGATIONS AGAINST DEFENDANT, YOSEF TAITZ** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    **II.**     **SUMMARY OF LAW UNDER FRCP RULE 12(b)(6)** . . . . . . . 4

    **III.**     **LEGAL ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        **A.**     **PLAINTIFFS' FAC SHOULD BE DISMISSED AS AGAINST MOVING DEFENDANT, YOSEF TAITZ, DUE TO THEIR VIOLATION OF THE MAY 2009 STIPULATION AND ORDER DISMISSING HIM** . . . . . . 5

        **B.**     **AS AGREED BY PLAINTIFFS, THE LAW OFFICES OF PHILIP J. BERG IS NOT A BUSINESS ENTITY AND IS THUS NOT A PROPER PLAINTIFF** . . . . . . . . . . . . . . . 5

        **C.**     **AS AGREED BY PLAINTIFFS, GO EXCEL GLOBAL IS NOT AN EXISTING BUSINESS ENTITY AND, THEREFORE, IS NOT A PROPER PLAINTIFF** . . . . . . 6

        **D.**     **MOVING DEFENDANT, YOSEF TAITZ, AS A MATTER OF LAW, IS NOT LIABLE FOR THE ALLEGED ACTIONS OR INACTIONS OF DEFENDANT, DAYLIGHT CHEMICAL INFORMATION SYSTEMS, INC.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        **E.**     **PLAINTIFFS' FIRST CAUSE OF ACTION FAILS WHERE THERE IS NO PERSONAL RIGHT OF ACTION UNDER THE FIRST AND FOURTEENTH AMENDMENTS, PLAINTIFFS HAVE FAILED TO**

**DEFENDANT, YOSEF TAITZ'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**

1    ADEQUATELY SPECIFY WHAT, IF ANY,

2    REASONABLE EXPECTATION OF PRIVACY HAS

3    BEEN INVADED, AND THEY FAIL TO ALLEGE THAT

4    DEFENDANT, YOSEF TAITZ PERSONALLY VIOLATED

5    ANY PRIVACY RIGHTS . . . . . . . . . . . . . . . . . . . . . . . . . 8

6        1.    *The U.S. Constitution Does Not Recognize the Right to*

7              *Sue a Private Individual Under the First or Fourteenth*

8              *Amendments* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

9        2.    *Plaintiffs Fail to Allege that Moving Defendant, Yosef*

10             *Taitz, Personally Committed Any Act Constituting*

11             *Invasion of Privacy in their Claim Based on the First*

12             *and Fourteenth Amendments* . . . . . . . . . . . . . . . . . 10

13   F.   PLAINTIFFS' SECOND CAUSE OF ACTION FOR

14        PUBLIC DISCLOSURE OF PRIVATE FACTS FAILS AS

15        PLAINTIFFS HAVE FAILED TO ADEQUATELY

16        SPECIFY WHAT, IF ANY, PRIVATE FACTS HAVE

17        BEEN PUBLICIZED, AND HAVE FAILED TO

18        ADEQUATELY ALLEGE THAT THEY ARE NOT

19        NEWSWORTHY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

20   G.   PLAINTIFFS' SUPERFLUOUS THIRD CAUSE OF

21        ACTION FOR FALSE LIGHT - INVASION OF PRIVACY

22        IS INSUFFICIENT AS PLAINTIFFS FAIL TO ALLEGE

23        THAT MOVING DEFENDANT, YOSEF TAITZ,

24        ACTUALLY PUBLICIZED ANY FACTS LEADING TO

25        THE ALLEGED PORTRAYAL OF PLAINTIFFS IN A

26        FALSE LIGHT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

27   H.   PLAINTIFFS' FIFTH CAUSE OF ACTION FOR

28        VIOLATION OF CAL.CIV.CODE § 1798.53

-vii-

**DEFENDANT, YOSEF TAITZ'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**

1               **(CALIFORNIA INFORMATION PRIVACY ACT) FAILS**

2               **WHERE THE FAC DOES NOT CONTAIN**

3               **ALLEGATIONS THAT THE ALLEGEDLY DISCLOSED**

4               **INFORMATION WAS OBTAINED FROM A**

5               **GOVERNMENT AGENCY** . . . . . . . . . . . . . . . . . . . . . . **14**

6     **I.**     **PLAINTIFFS' SIXTH CAUSE OF ACTION FOR**

7               **VIOLATION OF CAL. CIV. CODE § 1798.85 FAILS AS**

8               **THERE IS NO ALLEGATION THAT MOVING**

9               **DEFENDANT, YOSEF TAITZ, PUBLICLY POSTED ANY**

10              **PLAINTIFFS' SOCIAL SECURITY NUMBER** . . . . . . . **16**

11         **1.**    *Neither Plaintiff Ostella's Nor Plaintiff Liberi's Social*

12               *Security Numbers Have Been Published by Moving*

13               *Defendant Per the FAC's Allegations* . . . . . . . . . . . **16**

14         **2.**    *Plaintiffs' Claim for Damages Is Misplaced as Civ. Code*

15               *§ 1798.84 Does Not Apply to Civ. Code § 1798.85*

16               *Violations* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **16**

17     **J.**     **PLAINTIFFS' EIGHTH CAUSE OF ACTION FOR**

18               **DEFAMATION PER SE, SLANDER AND LIBEL PER SE**

19               **FAILS DUE TO PLAINTIFFS' FAILURE TO ALLEGE**

20               **THAT MOVING DEFENDANT, YOSEF TAITZ,**

21               **DEFAMED PLAINTIFFS IN ANY MANNER** . . . . . . . **17**

22         **1.**    *Plaintiffs Fail to Allege Any "Publication" by Moving*

23               *Defendant* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **18**

24         **2.**    *Plaintiffs, Go Excel Global and The Law Offices of*

25               *Philip J. Berg Are Not Individuals and Cannot State Any*

26               *Cause of Action for Defamation* . . . . . . . . . . . . . . **18**

27     **K.**    **PLAINTIFFS' NINTH CAUSE OF ACTION FOR**

28               **INTENTIONAL INFLICTION OF EMOTION DISTRESS**

**DEFENDANT, YOSEF TAITZ'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**

FAILS DUE TO PLAINTIFFS' FAILURE TO ALLEGE ACTIONS BY MOVING DEFENDANT, YOSEF TAITZ, CONSTITUTING "OUTRAGEOUS" CONDUCT . . . . . 18

L.   PLAINTIFFS' FOURTEENTH CAUSE OF ACTION FOR NON-COMPLIANCE WITH THE FAIR CREDIT REPORTING ACT (15 U.S.C. SECTIONS 1681b AND 1681o) FAILS TO STATE A CLAIM AGAINST MOVING DEFENDANT, YOSEF TAITZ . . . . . . . . . . . . . . . . . . . 20

M.   PLAINTIFFS' SEVENTEENTH CAUSE OF ACTION FOR VIOLATION OF THE INFORMATION PRACTICES ACT (CALIFORNIA CIV. CODE SECTIONS 1798 ET SEQ.) FAILS TO STATE A CLAIM AGAINST MOVING DEFENDANT, YOSEF TAITZ . . . . . . . . . . . . . . . . . . . 21

N.   PLAINTIFFS' EIGHTEENTH CAUSE OF ACTION FOR VIOLATION OF CAL. BUSINESS AND PROFESSIONS CODE SECTIONS 17200 ET SEQ. FAILS TO STATE A CLAIM AGAINST MOVING DEFENDANT, YOSEF TAITZ . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

O.   PLAINTIFFS' NINETEENTH CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS FAILS TO STATE A CLAIM AGAINST MOVING DEFENDANT, YOSEF TAITZ . . . . . . . . . . . . . . . . . . . 23

P.   PLAINTIFFS' TWENTIETH CAUSE OF ACTION FOR "RES IPSA LOQUITOR NEGLIGENCE" FAILS TO STATE A CLAIM AGAINST MOVING DEFENDANT, YOSEF TAITZ . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

IV.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

DEFENDANT, YOSEF TAITZ'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

# **Table of Authorities**

## **Cases**

Aisenson v. American Broad Co.
220 Cal.App.3d 146 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Arikat v. JP Morgan Chase & Co.
430 F. Supp. 2d 1013 (2006, ND Cal) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Balistreri v. Pacifica Police Dept.
901 F.2d 696 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Bell Atlantic Corp. v. Twombly
550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Belshaw v. Credit Bureau of Prescott
392 F. Supp. 1356 (1975, DC Ariz) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Bivens v. Galley Corp.
134 Cal.App.4th 847 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Blackwell v. Hurst
46 Cal.App.4th 939 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Briscoe v. Reader's Digest Assn.
4 Cal.3d 529 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Capon v. Monopoly Game LLC
193 Cal.App.4th 344 (2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 11, 13, 16

Cochran v. Cochran
65 Cal.App.4th 488 (Cal.App.2d Dist. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Cohen v. Health Net of California, Inc.
129 Cal.App.4th 841 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Diaz v. Oakland Tribune, Inc.
139 Cal.App.3d 118 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 12

Dos Pueblos Ranch & Imp. Co. v. Ellis
8 Cal.2d 617 (1937) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 11, 13, 16

Eisenberg v. Alameda Newspapers
74 Cal.App.4th 1359 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Federal Trade Com. v. Manager, Retail Credit Co., Miami Branch Office
515 f2d 988 (1975, App DC) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Fellows v. National Enquirer
42 Cal.3d 234 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

Gertz v. Robert Welch, Inc.
418 U.S. 323 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Graehling v. Village of Lombard
58 F.3d 295 (7th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

-viii-

Grell v. Laci Le Beau Corp.
73 Cal.App.4th 1300 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 14

Higi v. Elm Tree Villate
114 N.J. Super. 88, 91, 274 A.2d 845 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . 7, 14

In re Nat'l Western Life Ins. Deferred Annuities Litig.
467 F. Supp. 2d 1071 (2006, SD Cal.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

J.B. Wolfe, Inc. v. Salkind
3 N.J. 312, 70 A.2d 72 (1949) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Kappellas v. Kofman
1 Cal.3d 20, 38 (1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Kelly v. Johnson Publishing Co.
160 Cal.App.2d 718 (1958) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Kinsey v. Macur
107 Cal.App.3d 265 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

Masson v. New Yorker Magazine, Inc.
501 U.S. 496 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

McSherry v. Capital One FSB
236 F.R.D. 516 (W.D. Wash. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Meister v. Regents of University of California
67 Cal.App.4th 437, 446 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Molko v. Holy Spirit Ass'n.
46 Cal.3d 1092 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Nelson v. Chase Manhattan Mortgage Corp.
282 F. 3d 1057, 1060 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Newspapers, Inc. v. Hepps
475 U.S. 767, 773-75 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Oliver v. Swiss Club Tell
222 Cal.App.2d 528 (1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Palm Valley Homeowners Assn., Inc. v. Design MTC
85 Cal.App.4th 553 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Pinkerton's, Inc. v. Superior Court
49 Cal.App.4th 1342 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 14

Porten v. University of San Francisco
64 Cal.App.3d 825 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12

Rendell-Baker v. Kohn
457 U.S. 830, 837 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Robbins v. Blecher
52 Cal.App.4th 886 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

-ix-

Scheid v. Fanny Farmer Candy Shops, Inc.
859 F.2d 434 (6th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Schmidt v. Foundation Health
35 Cal.App.4th 1702 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Shafford v. Otto Sales Co., Inc.
119 Cal.App.2d 849 (1953) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Shelley v. Kraemer
334 U.S. 1, 13 (1948) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Shulman v. Group W Productions, Inc.
18 Cal.4th 200, 74 Cal.Rptr.2d 843 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 11

Schulz v. Neovi Data Corp.
129 Cal.App.4th 1 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Sprewell v. Golden State Warriors
266 F.3d 979 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Transphase Sys. v. Southern Cal. Edison Co.
839 F.Supp. 711 (C.D. Cal. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

W. Mining Council v. Watt
643 F.2d 618 (9th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## Statutes

Civil Code §45 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18
Civil Code §46 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18
Civil Code §1798 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
Civil Code §1798.3(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
Civil Code §1798.3(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 21
Civil Code §1798.45 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
Civil Code §1798.53 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
Civil Code §1798.83 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
Civil Code §1798.84 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17
Civil Code §1798.85 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
Civil Code §1798.85(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
Code of Civil Procedure §460 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
Evidence Code §646 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23
Federal Rules of Civil Procedure §12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 24

## Other Authority

CACI 1800 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
CACI 1801 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
CACI 1802 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
Restatement (SECOND) of Torts
§46 cmt. d (1965) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**DEFENDANT, YOSEF TAITZ'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

### A.   PROCEDURAL HISTORY INVOLVING DEFENDANT, YOSEF TAITZ

Moving Defendant, YOSEF TAITZ, was a party to this case when pending in the United States District Court for the Eastern District of Pennsylvania. On May 28, 2009, the Court entered the *Stipulated Dismissal Without Prejudice of Defendant Yosef Taitz* and Order thereon (**"Exhibit A"** to the concurrently-filed Request for Judicial Notice.) Its Para. 2 provides in relevant part: *"Plaintiffs may apply to the Court for leave to join Defendant Yosef Taitz in this action upon satisfaction of all joinder rules and leave of Court. Leave shall be granted only upon the Court's finding that Plaintiffs have established evidence sufficient to support a cognizable claim against Yosef Taitz arising out of the allegations in the Complaint filed May 4, 2009."*

Plaintiffs filed their First Amended Complaint ("FAC") on June 17, 2011. They added Moving Defendant as a Defendant over two years after he was dismissed. However, Plaintiffs have not complied with the Stipulation and Order by applying for and obtaining leave to bring Moving Defendant back into the case. For this reason alone, the FAC should be dismissed without leave to amend and with prejudice as to Moving Defendant.

### B.   SUMMARY OF ALELGATIONS AGAINST DEFENDANT, YOSEF TAITZ

Plaintiffs' 170-page FAC is a largely incomprehensible mishmash of confusing allegations, extensive technical explanations of how the Internet and computer technology operate, and jumbled claims for dramatic relief including requests for an award of damages of three billion dollars (FAC, 166: 1 and 7).

Plaintiffs' claims against Moving Defendant are confusing and tenuous. Plaintiffs do not even begin to describe what Moving Defendant allegedly did or

-1-

did not do until page 74 of the FAC ("Factual Allegations Pertaining to Defendants Oracle, Daylight CIS and Yosef Taitz"). As far as can be discerned, Plaintiffs' allegations against Moving Defendant are:

1. *"Defendant Taitz through his corporation Defendant Daylight ["Daylight"] created and sells [computer] applications. Daylight CIS' Toolkits provide programming interface applications which are built into the design of Oracle. The design allows for remote applicational execution, cross site scripting, remote interface and injection attacks. It is on record with U.S. Homeland Security that Oracle was aware of these vulnerabilities for years."* (FAC, ¶ 178.).

This passage is representative of the FAC's unintelligible allegations. For example, what are "interface applications," or "remote applicational execution, cross site scripting, remote interface and injection attacks?" What "vulnerabilities" are the subject of Para. 178? What does it mean (or matter) that something having to do with such "vulnerabilities" is "on record" with "U.S. Homeland Security?" The FAC is rife with such incomprehensible and irrelevant technical jargon, with no attempt by Plaintiffs to relate same to any cognizable claim for relief.

2. *"Defendant Taitz designed the Unix Server peripherals supplied to Oracle Corporation through their partnered company Sun Microsystems."* (FAC, 75: 3-5.) This allegation is further obtuse technical jargon but appears to contend that Moving Defendant is a designer of computer equipment.

3. *"Defendants... Yosef Taitz are engaged in providing software technologies; servers and operating systems to the Reed and Intelius Defendants... Yosef Taitz through his corporation, Daylight CIS developed and released 'Day Cart,' an application... Daylight CIS Day Cart and toolkit based architecture applications and hardware are designed by Yosef Taitz through his Corporation, Daylight CIS and his affiliates to illegally interface back to his or any designated servers all the information maintained on the databases...."* (FAC, 75: 18-26, and 76: 4-10.) Although again obtuse, Plaintiffs appear to allege that Moving Defendant

1  through Defendant, DAYLIGHT CHEMICAL INFORMATION, INC.

2  ("Daylight"), is a developer and provider of computer systems to Defendants,

3  REED ELSEVIER, INC. ("Reed") and INTELIUS, INC. ("Intelius"). Compounding

4  the uncertainty of these allegations, Plaintiffs fail to allege how such systems are

5  "illegal."

6          4.      *"As a result of the design of... Daylight CIS' toolkit based architecture*

7  *applications, Yosef Taitz through Daylight CIS has top user access to any*

8  *computer; server; and/or database in which Oracle products are located."* (FAC, ¶

9  180.) This allegation is gibberish but appears to attempt to link Daylight to Oracle

10  in some fashion..

11          Plaintiffs' allegations are largely unintelligible but reveal their first theory of

12  liability against Moving Defendant: that he *"through Daylight CIS"* has designed

13  computer systems which other Defendants (Reed and Intelius) have allegedly used

14  to violate Plaintiffs' privacy rights. Plaintiffs do not allege that Moving Defendant,

15  personally, has done anything violating their privacy rights but instead that *"his*

16  *corporation, Daylight CIS"* has designed and provided computer systems which

17  other Defendants have used to allegedly violate privacy rights. As discussed below,

18  Moving Defendant, as a matter of law, cannot be liable for invasion of privacy

19  where *"his corporation, Daylight CIS"* allegedly provided computer systems which

20  others then allegedly used to invade Plaintiffs' privacy rights.

21          Plaintiffs' theory is akin to asserting that Microsoft Corporation would be

22  liable for providing computer systems to another who, in turn, uses it to invade

23  someone's privacy rights, or that a telescope manufacturer is liable for invasion of

24  privacy when a consumer uses its products to spy on a neighbor. Because there can

25  be no legal basis to impose liability under such scenarios, there can be no liability

26  against Moving Defendant on Plaintiffs' first theory.

27          Plaintiffs allege that *"Yosef Taitz through Daylight CIS shared the private*

28  *information of Plaintiffs' with his wife, Orly Taitz."* (FAC, 77: 1-2.) Plaintiffs then

-3-

1  allege that Orly Taitz used such unidentified "private information" to defame them.

2  Plaintiffs do not allege that Moving Defendant, personally, defamed or published

3  any defamatory material about them. (FAC, 77: 2-10.) As discussed below, Moving

4  Defendant, as a matter of law, cannot be liable for defamation arising out his

5  company (Daylight) allegedly providing information to another Defendant which,

6  in turn, allegedly defames Plaintiffs.

7  **II.    SUMMARY OF LAW UNDER FRCP RULE 12(b)(6)**

8      FRCP Rule 12(b)(6) applies where there is a "failure to state a claim upon

9  which relief can be granted." A complaint is properly dismissed under a Rule

10  12(b)(6) motion when there is an "absence of sufficient facts alleged under a

11  cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th

12  Cir. 1990). On a Rule 12(b)(6) motion, the Court does not "need to accept as true

13  conclusory allegations ... or unreasonable inferences." Transphase Sys. v. Southern

14  Cal. Edison Co., 839 F. Supp. 711, 718 (C.D. Cal. 1993) (*citing* Schwarzer,

15  Tashima, and Wagstaffe, FEDERAL CIVIL PROCEDURE BEFORE TRIAL, § 9:221 at

16  page 9-41). "**[M]ore than the bare assertion of legal conclusions" is necessary to**

17  **overcome a Rule 12(b)(6) motion to dismiss**. Scheid v. Fanny Farmer Candy

18  Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988); (emphasis added.). A court need not

19  accept as true unreasonable inferences or conclusory legal allegations cast in the

20  form of factual allegations. Sprewell v. Golden State Warriors, 266 F.3d 979, 988

21  (9th Cir. 2001); W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A

22  complaint must allege "enough facts to state a claim that is plausible on its face."

23  Graehling v. Village of Lombard, 58 F.3d 295, 297 (7th Cir. 1995); Bell Atlantic

24  Corp. v. Twombly, 550 U.S. 544, 570 (2007). When this standard has not been met,

25  the case must be dismissed. Bell Atlantic Corp., *supra*.

26  ///

27  ///

28  ///

-4-

1   III.   **LEGAL ARGUMENT**

2        A.   **PLAINTIFFS' FAC SHOULD BE DISMISSED AS AGAINST**

3             **MOVING DEFENDANT, YOSEF TAITZ, DUE TO THEIR**

4             **VIOLATION OF THE MAY 2009 STIPULATION AND ORDER**

5             **DISMISSING HIM**

6        As discussed above, Plaintiffs have violated the *Stipulated Dismissal Without*

7   *Prejudice of Defendant Yosef Taitz* and Order thereon (**"Exhibit A"** to the

8   concurrently-filed Request for Judicial Notice) by naming Moving Defendant as a

9   party to the FAC without first, as required by that Order, applying for and obtaining

10  leave to join Moving Defendant in this action. Under such Order, Plaintiffs must

11  establish *"evidence sufficient to support a cognizable claim against Yosef Taitz...."*

12  Plaintiffs have not attempted to make this showing. Accordingly, the FAC should

13  be dismissed with prejudice as to Moving Defendant.

14       B.   **AS AGREED BY PLAINTIFFS, THE LAW OFFICES OF**

15            **PHILIP J. BERG IS NOT A BUSINESS ENTITY AND IS THUS**

16            **NOT A PROPER PLAINTIFF**

17       Plaintiff, THE LAW OFFICES OF PHILIP J. BERG ("TLOPB"), is not a

18  business entity (corporation, partnership, etc.). Relatedly, Plaintiffs do not allege

19  the legal existence or form of entity of TLOPB in their FAC. They merely allege

20  that it is "a law firm, with a staff, owned and operated by Plaintiff Philip J. Berg...."

21  (FAC, 5: 21-22.) Plaintiffs' counsel has stated that TLOPB is "in essence [a]

22  d/b/a...." (See, Local Rules, Rule 7-3 correspondence attached as **"Exhibit B"**

23  hereto.)

24       "Use of a fictitious business name does not create a separate legal entity."

25  Pinkerton's, Inc. v. Superior Court (1996) 49 Cal.App. 4th 1342, 1348. Therefore,

26  "[a] civil action can be maintained only against a legal person...[and]...a nonentity

27  is incapable of being sued.  Where a suit is brought against an entity which is

28  legally nonexistent, the proceeding is void ab initio and its invalidity can be called

1  to the attention of the court at any state of the proceeding." <u>Oliver v. Swiss Club</u>

2  <u>Tell</u> (1963) 222 Cal. App. 2d 528, 537. "Accordingly, it is a corollary to this rule

3  that the objection that a plaintiff or defendant is nonexistent is not subject to

4  waiver, as in the case of misnomer or lack of legal capacity, because the defect is

5  jurisdictional." <u>Id</u>. at 538.

6      Counsel for TLOPB has agreed that it is not a proper Plaintiff and that it will

7  dismiss its claims. (**"Exhibit B"** correspondence.) However, as of the date of this

8  Motion, TLOPB has not dismissed its claims. Accordingly, the FAC as brought by

9  TLOPB should be dismissed with prejudice.

10      **C.**    <u>**AS AGREED BY PLAINTIFFS, GO EXCEL GLOBAL IS NOT**</u>

11      <u>**AN EXISTING BUSINESS ENTITY AND, THEREFORE, IS**</u>

12      <u>**NOT A PROPER PLAINTIFF**</u>

13      Plaintiff, GO EXCEL GLOBAL  ("GEG"), allegedly is "owned and operated

14  by Lisa Ostella, with a business address" in North Brunswick, New Jersey. (FAC, ¶

15  5.) However, Plaintiffs do not allege the legal existence or form of entity

16  (corporation, partnership, etc.) of GEG. The lack of existence or legal standing of

17  GEG was one subject of counsels' conferring for this Motion. Plaintiffs' counsel

18  contends that *"Go Excel Global <u>was</u> a legal entity when the lawsuit was filed."*

19  (**"Exhibit B"** correspondence; emphasis added.)

20      Although Moving Defendants' counsel has not been able to find evidence

21  that GEG has *ever* existed, where Plaintiffs' counsel admits that <u>GEG *no longer*</u>

22  <u>*exists*</u>, it is clear that GEG does not possess legal standing to prosecute its claims

23  herein. A corporation no longer existing, or otherwise not in good standing with the

24  governmental body with jurisdiction over it, does not have legal standing to

25  prosecute an action. <u>Grell v. Laci Le Beau Corp.</u> (1999) 73 Cal.App.4th 1300,

26  1306;  <u>Palm Valley Homeowners Assn., Inc. v. Design MTC</u> (2000) 85 Cal.App.4th

27  553, 560.

28      New Jersey law provides for the same result - that a corporation no longer

**DEFENDANT, YOSEF TAITZ'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**

1  existing, or otherwise not in good standing, does not have legal standing to
2  prosecute an action. <u>Higi v. Elm Tree Village</u>, 114 N.J. Super. 88, 91, 274 A.2d 845
3  (1971); <u>J.B. Wolfe, Inc. v. Salkind</u>, 3 N.J. 312, 70 A.2d 72 (1949).

4  Under applicable New Jersey and consistent California law, GEG does not
5  have legal standing to pursue its claims in the FAC and is not a proper Plaintiff.
6  Accordingly, the FAC as brought by GEG should be dismissed with prejudice.

7  **D.** **<u>MOVING DEFENDANT, YOSEF TAITZ, AS A MATTER OF</u>**
8  **<u>LAW IS NOT LIABLE FOR THE ALLEGED ACTIONS OR</u>**
9  **<u>INACTIONS OF DEFENDANT, DAYLIGHT CHEMICAL</u>**
10 **<u>INFORMATION SYSTEMS, INC.</u>**

11 Plaintiffs fail to allege that Moving Defendant, personally, did or failed to do
12 anything constituting invasion of privacy or defamation. Plaintiffs' allege two
13 theories as against Moving Defendant:

14 1.  That he *"through Daylight CIS"* has designed computer systems
15 which other Defendants (Reed and Intelius) have allegedly used to violate
16 Plaintiffs' privacy rights. Plaintiffs do not allege that Moving Defendant has done
17 anything violating their privacy rights, but instead that *"his corporation, Daylight*
18 *CIS"* has designed and provided computer systems which other Defendants have
19 used to allegedly violate privacy rights.

20 2.  That *"Yosef Taitz <u>through Daylight CIS</u> shared the private information*
21 *of Plaintiffs' with his wife, Orly Taitz."* (FAC, 77: 1-2; emphasis added.)

22 Thus, Plaintiffs allege that Moving Defendant did not personally engage in
23 any actionable conduct, but instead that corporation Daylight essentially enabled
24 other Defendants (Reed and Intelius) to allegedly invade Plaintiffs' privacy rights,
25 and that Daylight essentially enabled Defendant Orly Taitz to allegedly defame
26 Plaintiffs.

27 Although Plaintiffs fail to allege any facts establishing claims against any
28 Defendant, they certainly have not as against Moving Defendant where he, as a

matter of law, is not liable for any alleged act or omission of corporation Daylight.
A corporation is a legal entity separate and distinct from its stockholders, officers
and directors, with separate and distinct liabilities and obligations. <u>Capon v.
Monopoly Game LLC</u> (2011) 193 Cal.App.4th 344, 356; <u>Robbins v. Blecher</u> (1997)
52 Cal.App.4th 886, 892.

Similarly, a party's status as an officer or director of a corporation does not
make him or her liable for the acts of the corporation. <u>Dos Pueblos Ranch & Imp.
Co. v. Ellis</u> (1937) 8 Cal.2d 617; <u>Shafford v. Otto Sales Co., Inc</u>. (1953) 119
Cal.App.2d 849.

The essence of Plaintiffs' allegations against Moving Defendant are that he
should somehow be liable for alleged acts of corporation Daylight. However, as a
matter of law, Moving Defendant is not liable for the alleged acts of Daylight.
<u>Capon</u>, *supra*; <u>Dos Pueblos Ranch</u>, *supra*. Moreover, Plaintiffs do not allege an
alter ego claim against Moving Defendant.

E.   **PLAINTIFFS' FIRST CAUSE OF ACTION FAILS WHERE
THERE IS NO PERSONAL RIGHT OF ACTION UNDER THE
FIRST AND FOURTEENTH AMENDMENTS, PLAINTIFFS
HAVE FAILED TO ADEQUATELY SPECIFY WHAT, IF ANY,
REASONABLE EXPECTATION OF PRIVACY HAS BEEN
INVADED, AND THEY FAIL TO ALLEGE THAT
DEFENDANT, YOSEF TAITZ PERSONALLY VIOLATED ANY
PRIVACY RIGHTS**

Under applicable California law, an invasion of privacy occurs where one
intentionally intrudes, physically or otherwise, upon the solitude, seclusion, private
affairs, or concerns of another, in a manner that would be highly offensive to a
reasonable person. <u>Shulman v. Group W Productions, Inc</u>. (1998) 18 Cal.4th 200,
231. Five elements must be alleged to state a cause of action for invasion of privacy
under the California Constitution: (1) that Plaintiffs had a reasonable expectation of

privacy in the areas allegedly intruded upon; (2) <u>an intentional intrusion into this</u> <u>area by the Defendant</u>; (3) that the intrusion would be highly offensive to a reasonable person; (4) Plaintiffs were harmed; and (5) that the intrusion was a substantial factor in causing the harm. California Civil Jury Instructions ("<u>CACI</u>") 1800. Plaintiffs fail to allege facts establishing any of these required elements as against Moving Defendant.

Again, Plaintiffs allege that Moving Defendant's *"corporation, Daylight CIS"* has provided computer systems which other Defendants (Reed and Intelius) have allegedly used to violate Plaintiffs' privacy rights. Plaintiffs do not allege that Moving Defendant, personally, has done anything violating their privacy rights. Moving Defendant cannot be liable for invasion of privacy on this alleged vicarious liability basis for other Defendants' alleged invasion of privacy rights.

The tort of invasion of privacy under California law requires that defendant personally have invaded plaintiff's privacy rights. <u>Shulman</u>, *supra*, 18 Cal.4th at 231. <u>CACI</u> 1800.  There is no legal authority supporting Plaintiffs' theory of vicarious liability for invasion of privacy committed by other Defendants.

Moreover, Plaintiffs do not even allege that Moving Defendant, personally, provided technology enabling other Defendants to allegedly invade Plaintiffs' privacy rights. Plaintiffs instead allege that Moving Defendant's *"corporation, Daylight CIS"* has provided such technology. Moving Defendant as a matter of law cannot be liable for alleged acts (which are themselves not actionable) of corporation Daylight. <u>Capon</u>, *supra*; <u>Dos Pueblos Ranch</u>, *supra*.

Plaintiffs have no ability to sue Moving Defendant, an individual, for invasion of privacy under the First and Fourteenth Amendments to the United States Constitution.

### 1.    *The U.S. Constitution Does Not Recognize the Right to Sue a Private Individual under the First or Fourteenth Amendments*

Plaintiffs' claims for invasion of privacy under the First and Fourteenth

-9-

Amendments of the U.S. Constitution against Moving Defendant have no legal basis. The Fourteenth Amendment <u>cannot apply to private conduct</u>, "however discriminatory or wrongful." <u>Shelley v. Kraemer</u>, 334 U.S. 1, 13 (1948). By extension, the First Amendment does not apply to private conduct either. <u>Rendell-Baker v. Kohn</u>, 457 U.S. 830, 837 (1982). Where Plaintiffs allege only private conduct, and not required governmental invasion of privacy, their first cause of action under the First and Fourteenth Amendments to the U.S. Constitution must fail.

2. ***Plaintiffs Fail to Allege that Moving Defendant, Yosef Taitz, Personally Committed Any Act Constituting Invasion of Privacy in their Claim Based on the First and Fourteenth Amendments***

As discussed above, as with their claim under the California Constitution, Plaintiffs in their claim under the U.S. Constitution fail to allege that Moving Defendant, personally, has done anything violating their privacy rights, but instead that *"his corporation, Daylight CIS"* has provided technology which other Defendants have used to allegedly violate privacy rights. Thus, on this basis, Plaintiffs' claim for invasion of privacy under the U.S. Constitution against Moving Defendant must fail.

F. **PLAINTIFFS' SECOND CAUSE OF ACTION FOR PUBLIC DISCLOSURE OF PRIVATE FACTS FAILS AS PLAINTIFFS HAVE FAILED TO ADEQUATELY SPECIFY WHAT, IF ANY, PRIVATE FACTS HAVE BEEN PUBLICIZED, AND HAVE FAILED TO ADEQUATELY ALLEGE THAT THEY ARE NOT NEWSWORTHY**

A claim for public disclosure of private facts has five elements: (1) public disclosure (<u>Porten v. University of San Francisco</u> (1964) 64 Cal.App.3d 825, 828); (2) of a private fact (<u>Diaz v. Oakland Tribune, Inc.</u> (1983) 139 Cal.App. 3d 118,

131); (3) which would be offensive and objectionable to the reasonable person (Shulman, *supra*, 18 Cal.4th at 214); (4) which is not of legitimate public concern (Diaz, *supra*, 139 Cal.App.3d. at 129); and (5) substantially causes harm (CACI 1801). Plaintiffs fail to allege that Moving Defendant, personally, engaged in any public disclosure of private facts regarding Plaintiffs. Instead, Plaintiffs (at most) allege that *"his corporation, Daylight CIS"* has provided technology which other Defendants have used to allegedly violate privacy rights.

Plaintiffs' claim is also based on their second theory of liability against Moving Defendant where they contend that *"Yosef Taitz through Daylight CIS shared the private information of Plaintiffs' with his wife, Orly Taitz."* (FAC, 77: 1-2.) At most, Plaintiffs allege that Moving Defendant's corporation Daylight facilitated Orly Taitz's purported defamation of them.

There is no legal authority supporting Plaintiffs' theory of vicarious liability against Moving Defendant for public disclosure of private facts committed by other Defendants. Thus, Plaintiffs' claim must fail as against Moving Defendant.

Moreover, Plaintiffs do not even allege that Moving Defendant, personally, provided technology enabling other Defendants to allegedly invade Plaintiffs' privacy rights. Plaintiffs instead allege that Moving Defendant's *"corporation, Daylight CIS"* has provided such technology. Moving Defendant as a matter of law cannot be liable for alleged acts (which are themselves not actionable) of corporation Daylight. Capon, *supra*; Dos Pueblos Ranch, *supra*.

As to the second through fourth elements of this claim, Plaintiffs have failed to allege what private facts (if any) have been publicly disclosed by Moving Defendant, and therefore have provided no basis to determine whether the disclosures would be offensive and objectionable to a reasonable person, or whether the disclosures are of legitimate public concern. At most, Plaintiffs allege "private" transmittal of facts by Moving Defendant's *"corporation, Daylight CIS"* to Defendant, Orly Taitz. (FAC, 77: 1-2.) "Private" disclosure clearly does not satisfy

1   the "public" disclosure of facts necessary to support this cause of action. Porten,

2   *supra*, 64 Cal.App.3d at 828; Diaz, *supra*, 139 Cal.App. 3d at 131.

3        As held in Porten, disclosure of private facts must be a *public* disclosure

4   and not a private one. There must be, in other words, "publicity in the sense of

5   communication to the public in general or to a large number of persons, as

6   distinguished from one individual or a few." Porten, *supra*, 64 Cal.App.3d at 828.

7   Plaintiffs fail to allege a public disclosure of private facts.

8        Plaintiffs fail to allege facts constituting any element of this claim. Not only

9   are the private facts allegedly disclosed left in obscurity, but to whom they were

10  disclosed is also not alleged. Without these two elements, it is impossible to

11  determine whether, on its face, these alleged generic facts are highly objectionable,

12  or if they fit a newsworthy purpose.  Matters of public record are not "private" facts.

13  Kapellas v. Kofman (1969) 1 Cal.3d 20, 38. Case information, disciplinary

14  documents, and even "primary identifying information" and financial data may all

15  be matters of public record.

16   **G.    PLAINTIFFS' SUPERFLUOUS THIRD CAUSE OF ACTION**

17   **FOR FALSE LIGHT - INVASION OF PRIVACY IS**

18   **INSUFFICIENT AS PLAINTIFFS FAIL TO ALLEGE THAT**

19   **MOVING DEFENDANT, YOSEF TAITZ, ACTUALLY**

20   **PUBLICIZED ANY FACTS LEADING TO THE ALLEGED**

21   **PORTRAYAL OF PLAINTIFFS IN A FALSE LIGHT**

22       Plaintiffs' claim for false light - invasion of privacy is "essentially

23  superfluous," and should be dismissed in its entirety, as it merely repeats Plaintiffs'

24  Eighth Cause of Action for defamation. *See* Eisenberg v. Alameda Newspapers

25  (1999) 74 Cal.App.4th 1359, 1385, fn. 13. A claim for false light defamation "'is in

26  substance equivalent to . . . [a] libel claim." Briscoe v. Reader's Digest Assn. (1971)

27  4 Cal.3d 529, 543. The allegations in the false light cause of action provide

28  ///

1  Plaintiffs no independent source of relief, and as such, the cause of action should be

2  dismissed in its entirety.

3      Plaintiffs have also failed to allege facts establishing the five elements

4  necessary for a false light cause of action: (1) publicity in the form of a

5  communication to the public in general (Kinsey v. Macur (1980) 107 Cal.App.3d

6  265, 290); (2) the disclosure must be an unfair or inaccurate depiction of the person

7  (Fellows v. National Enquirer (1986) 42 Cal.3d 234, 242); (3) the false light in

8  which plaintiff is placed must be highly offensive to a reasonable person. (Id. at

9  238); (4) "constitutional malice," if plaintiffs are public figures (Aisenson v.

10 American Broad Co. (1990) 220 Cal.App.3d 146, 161); and (5) substantial

11 causation of harm to plaintiffs (CACI 1802). Plaintiffs' third cause of action fails to

12 allege that Moving Defendant, personally, made any disclosure or publication of

13 facts regarding them to the public in general. Kinsey, supra, 107 Cal.App.3d at 290.

14     The FAC as against Moving Defendant is based on Plaintiffs' allegations that

15 "his corporation, Daylight CIS" has provided technology which other Defendants

16 have used to allegedly violate privacy rights, and that "Yosef Taitz through Daylight

17 CIS shared the private information of Plaintiffs' with his wife, Orly Taitz." (FAC,

18 77: 1-2.) These allegations cannot support Plaintiffs' false light claim where, among

19 other reasons, as against Moving Defendant there are no required allegations that

20 he, personally, engaged in communication to the public or public disclosure of

21 information regarding them.

22     Plaintiffs do not even allege that Moving Defendant, personally, did anything

23 supporting their false light claim but instead point to Moving Defendant's

24 "corporation, Daylight CIS" as providing technology and information used by

25 other Defendants to harm Plaintiffs. Moving Defendant as a matter of law cannot be

26 liable for alleged acts (which are themselves not actionable) of corporation

27 Daylight. Capon, supra; Dos Pueblos Ranch, supra.

28     GEG and TLOPB are Plaintiffs on the false light cause of action. For the

-13-

1  reasons stated above, as agreed by Plaintiffs' counsel (Philip J. Berg, Esq.), GEG no

2  longer exists. A corporation no longer existing, or otherwise not in good standing,

3  does not have legal standing to prosecute an action. <u>Grell</u>, *supra*, 73 Cal.App.4th at

4  1306; <u>Higi</u>, *supra*, 114 N.J. Super. at 91.

5  As agreed by Plaintiffs' counsel, TLOPB is not a business entity (corporation,

6  partnership, etc.). Plaintiffs' counsel has stated that TLOPB is "in essence [a]

7  d/b/a...." (See, Local Rules, Rule 7-3 correspondence attached as **"Exhibit B"**

8  hereto.)

9  "Use of a fictitious business name does not create a separate legal entity."

10  <u>Pinkerton's</u>, *supra*, 49 Cal.App. 4th at 1348. Accordingly, the FAC as brought by

11  GEG and TLOPB (including its third cause of action) should be dismissed with

12  prejudice.

13  Moreover, a claim for false light defamation can only be brought by a

14  "person" (individual). <u>Kinsey</u>, *supra*, 107 Cal.App.3d at 290. The claim addresses

15  publications that are highly offensive to a reasonable person. <u>Fellows</u>, *supra*, 42

16  Cal.3d at 238. Because this type of claim cannot be brought by a business entity, it

17  cannot be brought by GEG or TLOPB.

18  **H.     PLAINTIFFS' FIFTH CAUSE OF ACTION FOR VIOLATION**

19  **OF CAL. CIV. CODE § 1798.53 (CALIFORNIA INFORMATION**

20  **PRIVACY ACT) FAILS WHERE THE FAC DOES NOT**

21  **CONTAIN ALLEGATIONS THAT THE ALLEGEDLY**

22  **DISCLOSED INFORMATION WAS OBTAINED FROM A**

23  **GOVERNMENT AGENCY**

24  Plaintiffs' Fifth Cause of Action for Willful Violation of the California

25  Information Privacy Act ("IPA") Cal. <u>Civ. Code</u> § 1798.53 fails to state a claim

26  against Moving Defendant. <u>Civil Code</u> §1798.53 provides, in pertinent part: "Any

27  person… who intentionally discloses information, not otherwise public, which they

28  know or should reasonably know <u>was obtained from personal information</u>

1  maintained by a *state agency* or from 'records' within a 'system of records'…

2  maintained by a *federal government agency*, shall be subject to a civil action…"

3  (Emphasis added.) The term "agency" is defined as "every [California] state office,

4  officer, department, division, bureau, board, commission, or other state agency."

5  Civil Code § 1798.3(b).

6      Plaintiffs fail to allege that any Defendant (including Moving Defendant)

7  obtained any "information maintained by a state agency or from 'records' within a

8  'system of records'… maintained by a federal government agency…."  The only

9  allegation in this regard is that "*Plaintiff Liberi had an expectation of her residency*

10  *address staying confidential. Liberi did not own real estate and therefore her*

11  *physical address was never public. Despite this, Defendants illegally obtained*

12  *Liberi's home address from her credit reports, disclosed and distributed it to over a*

13  *million individuals and businesses.*" (FAC, ¶ 242; emphasis added.)

14      This is not an allegation regarding information maintained by a California

15  state or federal agency. (Plaintiff Liberi claims to be a resident of New Mexico;

16  FAC, ¶ 4.) Plaintiff Liberi fails to allege that her residence address was maintained

17  by a California or federal agency. Moreover, Plaintiffs specifically allege that this

18  information was "obtained... from her credit reports...." Plaintiffs do not allege that

19  credit reports are maintained by a governmental agency and it is clear that such

20  reports do not come within the IPA.

21      he fifth cause of action is silent as to any information regarding Plaintiff

22  Ostella's information, including that it was obtained from any "information

23  maintained by a state agency or from 'records' within a 'system of records'…

24  maintained by a federal government agency…."  Thus, the fifth cause of action must

25  fail as to Plaintiff Ostella.

26      Moreover, there are no allegations that Moving Defendant, personally,

27  obtained any information regarding any Plaintiff. The FAC as against Moving

28  Defendant is based on Plaintiffs' allegations that "*his corporation, Daylight CIS*"

**DEFENDANT, YOSEF TAITZ'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**

1   has provided technology which <u>other</u> Defendants have used to allegedly obtain

2   information. Moving Defendant as a matter of law cannot be liable for alleged acts

3   (which are themselves not actionable) of corporation Daylight. <u>Capon</u>, *supra*; <u>Dos</u>

4   <u>Pueblos Ranch</u>, *supra*.

**I.   <u>PLAINTIFFS' SIXTH CAUSE OF ACTION FOR VIOLATION</u>**

**<u>OF CAL. CIV. CODE § 1798.85 FAILS AS THERE IS NO</u>**

**<u>ALLEGATION THAT MOVING DEFENDANT, YOSEF TAITZ,</u>**

**<u>PUBLICLY POSTED ANY PLAINTIFFS' SOCIAL SECURITY</u>**

**<u>NUMBER</u>**

*1.   Neither Plaintiff Ostella's Nor Plaintiff Liberi's Social Security*

*Numbers Have Been Published by Moving Defendant Per the*

*FAC's Allegations*

13   California <u>Civil Code</u> § 1798.85(a)(1) provides in pertinent part that a person

14   may not "Publicly post or publicly display in any manner an individual's social

15   security number. 'Publicly post' or 'publicly display' means to intentionally

16   communicate or otherwise make available to the general public." Plaintiffs' FAC is

17   devoid of allegation that Moving Defendant publicly posted or displayed any

18   Plaintiffs' social security number, including Plaintiff Ostella's or Plaintiff Liberi's

19   social security numbers.

20   Again, under Plaintiffs' theories of liability against Moving Defendant, based

21   on *"his corporation, Daylight CIS"* providing technology which other Defendants

22   allegedly used to obtain information, there can be no liability on the part of Moving

23   Defendant. Therefore, the sixth cause of action, as to Moving Defendant, should be

24   dismissed without leave to amend.

*2.   Plaintiffs' Claim for Damages Is Misplaced as <u>Civ. Code</u> §*

*<u>1798.84</u> does not apply to <u>Civ. Code</u> § 1798.85 Violations*

27   Plaintiffs' alleged remedy under Section 1798.85 is mistaken and invalid. In

28   their FAC, Plaintiffs assert that Moving Defendant, a private individual, may be

1  subject to a $3,000 fine per violation of the statute per Civ. Code § 1798.84. (FAC,

2  ¶¶ 260 - 263.) This is incorrect, as Section 1798.84 specifically only applies to

3  violations of Civ. Code § 1798.83 as follows:

4      In addition, for a willful, intentional, or reckless violation of
       Section 1798.83, a customer may recover a civil penalty not to
5      exceed three thousand dollars ($3,000) per violation; otherwise,
       the customer may recover a civil penalty of up to five hundred
6      dollars ($500) per violation for a violation of Section 1798.83.

7      This language is conveniently edited out of Plaintiffs' FAC. Moreover,

8  Plaintiffs do not assert a claim under Civ. Code § 1798.83.

9  **J.    PLAINTIFFS' EIGHTH CAUSE OF ACTION FOR**

10     **DEFAMATION PER SE, SLANDER AND LIBEL PER SE FAILS**

11     **DUE TO PLAINTIFFS' FAILURE TO ALLEGE THAT MOVING**

12     **DEFENDANT, YOSEF TAITZ, DEFAMED PLAINTIFFS IN ANY**

13     **MANNER**

14     The essential elements of a cause of action for defamation are: (1) a false

15  statement of fact (Schmidt v. Foundation Health (1995) 35 Cal.App.4th 1702,

16  1716); (2) that is published (California Civil Code §§ 45, 46); (3) of or concerning

17  plaintiff (California Code of Civil Procedure §460; Kelly v. Johnson Publishing Co.

18  (1958) 160 Cal.App.2d 718); (4) causing injury to plaintiff's reputation (Masson v.

19  New Yorker Magazine, Inc., 501 U.S. 496, 510 (1991); and (5) malice (Newspapers,

20  Inc. v. Hepps, 475 U.S. 767, 773-75 (1986)) or fault (Gertz v. Robert Welch, Inc.,

21  418 U.S. 323, 347, 349 (1974)).

22     California Civil Code § 45 provides: "Libel is a false and unprivileged

23  publication by writing, printing, picture, effigy, or other fixed representation to the

24  eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which

25  causes him to be shunned or avoided, or which has a tendency to injure him in his

26  occupation." California Civil Code § 46 provides: Slander is a false and

27  unprivileged publication, orally uttered, and also communications by radio or any

28  mechanical or other means...."

### 1. *Plaintiffs Fail to Allege Any "Publication" by Moving Defendant*

Plaintiffs fail to allege that Moving Defendant, personally, published any defamatory statement orally or in writing with regard to any Plaintiff. The FAC as against Moving Defendant is based on Plaintiffs' allegations that *"his corporation, Daylight CIS"* has provided technology which other Defendants have used to allegedly violate privacy rights, and that *"Yosef Taitz through Daylight CIS shared the private information of Plaintiffs' with his wife, Orly Taitz."* (FAC, 77: 1-2.) These allegations cannot support Plaintiffs' defamation claim where Plaintiffs fail to allege the essential "publication" element.

### 2. *Plaintiffs, Go Excel Global and The Law Offices of Philip J. Berg Are Not Individuals and Cannot State Any Cause of Action for Defamation*

Any claim for relief for defamation (i.e., libel under California <u>Civil Code</u> §45, or slander under California <u>Civil Code</u> § 46) is a <u>personal</u> cause of action that does not apply to business entities. A defamation can only be brought by a "natural" person, and not an entity. Where Plaintiffs GEG and TLOPB are alleged entities, and not "natural" persons, that cannot bring any claim for defamation.

### K. <u>PLAINTIFFS' NINTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS FAILS DUE TO PLAINTIFFS' FAILURE TO ALLEGE ACTIONS BY MOVING DEFENDANT, YOSEF TAITZ, CONSTITUTING REQUIRED "OUTRAGEOUS" CONDUCT</u>

Plaintiffs' IIED claim is based entirely upon their prior claims, meaning that the IIED claim as to Moving Defendant is completely reliant upon his alleged invasion of privacy and defamation of Plaintiffs. (FAC, ¶ 301.) As demonstrated above, where Plaintiffs fail to allege that Moving Defendant, personally, engaged in any actionable conduct, they have not stated any claim against him.

1    The mere allegation that a defendant has acted tortiously, moreover, is

2  insufficient to establish a cause of action for IIED. The Court in Cochran v. Cochran

3  (1998) 65 Cal.App.4th 488, 496, *citing* RESTATEMENT (SECOND) TORTS § 46 cmt. d

4  (1965) stated:

5         In evaluating whether the defendant's conduct was outrageous, "**it
       is not...enough that the defendant has acted with an intent
6         which is tortious** or even criminal, or that he has intended to
       inflict emotional distress, or even that his conduct has been
7         characterized by 'malice,' or a degree of aggravation which would
       entitle the plaintiff to punitive damages for another tort. Liability
8         has been found only where the conduct has been so outrageous in
       character, and so extreme in degree as to go beyond all possible
9         bounds of decency, and to be regarded as atrocious, and utterly
       intolerable in a civilized community." [*Emphasis added.*]

10

11    Additionally, Cochran, *supra*, 65 Cal. App.4th at 497 is unequivocally clear

12  on this subject topic, that even hostile unpleasantries are not actionable:

13        ...feuds are often accompanied by an exchange of **hostile
       unpleasantries** which are intended to sting whoever sits at the
14        delivery end.  While the pain inflicted might be real, **the tort of
       intentional infliction of emotional distress was never intended
15        to remove all such barbs. To hold otherwise would needlessly
          congest our Courts with trials for hurts both real and
16        imagined which are best resolved elsewhere**. [*Emphasis
       added.*]

17

18    The tortious conduct alleged does not rise to the level of being "beyond all

19  possible bounds of decency, and to be regarded as atrocious, and utterly intolerable

20  in a civilized community" as required under the RESTATEMENT (SECOND) TORTS §

21  46 and California law. *See* Molko v. Holy Spirit Ass'n (1988) 46 Cal.3d 1092, 1122.

22  Plaintiffs fail to allege that Moving Defendant committed acts constituting

23  "outrageous" conduct. Therefore, the ninth cause of action must fail as to him.

24    Further, a claim for IIED is obviously a claim that may only be brought by a

25  "natural" person and not by an entity. (An entity, of course, cannot suffer

26  "emotional distress.") Despite this obvious requirement, Plaintiffs on the IIED claim

27  improperly include GEG and TLOPB. Where these are alleged entities, and not

28  "natural" persons, that cannot bring any claim for IIED.

-19-

**DEFENDANT, YOSEF TAITZ'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**

**L.    PLAINTIFFS' FOURTEENTH CAUSE OF ACTION FOR
NON-COMPLIANCE WITH THE FAIR CREDIT REPORTING
ACT (15 U.S.C. SECTIONS 1681b AND 1681o) FAILS TO STATE
A CLAIM AGAINST MOVING DEFENDANT, YOSEF TAITZ**

15 U.S.C. § 1681b ("Permissible purposes of consumer reports") pertains to a "consumer reporting agency" furnishing a "consumer report" about an individual. By its terms, 15 USC § 1681b regulates disclosure by "consumer reporting agencies" and no other persons;  passage of the Act was prompted by concern over power of those agencies and potential for abuse presented. Federal Trade Com. v Manager, Retail Credit Co., Miami Branch Office, (1975, App DC) 515 F.2d 988. McSherry v. Capital One FSB, 236 F.R.D. 516 (W.D. Wash. 2006).

In Arikat v JP Morgan Chase & Co., 430 F.Supp.2d 1013, 1020 (2006, ND Cal), consumers failed to state a claim under the FCRA because they did not allege that defendants were credit reporting agencies or users or furnishers of credit information. (See, also, Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1060 (9th Cir. 2002).

Plaintiffs' claim under 15 U.S.C. §§ 1681b as against Moving Defendant must fail where they do not allege, and (as a matter of law and logic) he cannot be, a "consumer reporting agency." An individual obviously cannot be an "agency" under the FCRA.

A "consumer report" is a report made by a "credit reporting agency" of information that could be used for one of purposes enumerated in 15 USCS § 1681a. Belshaw v Credit Bureau of Prescott, 392 F.Supp. 1356 (1975, DC Ariz). Plaintiffs' claim under 15 U.S.C. §§ 1681b as against Moving Defendant must fail where they do not allege that he obtained or furnished any "consumer report" under the FCRA.

15 U.S.C. § 1681o ("Civil liability for negligent noncompliance") does not provide any claim for relief; it merely proscribes remedies for violation of the FCRA. Before a plaintiff can be entitled to relief under 15 U.S.C. § 1681o, he or she

1   must first have stated a sufficient claim under a substantive portion of the FCRA.

2   Here, Plaintiffs rely on 15 U.S.C. § 1681b but fail to state any claim under it against

3   Moving Defendant. For the same reasons, Plaintiffs have no claim under 15 U.S.C.

4   § 1681o.

5   **M.   PLAINTIFFS' SEVENTEENTH CAUSE OF ACTION FOR**

6   **VIOLATION OF THE INFORMATION PRACTICES ACT**

7   **(CALIFORNIA CIV. CODE SECTIONS 1798 ET SEQ.) FAILS**

8   **TO STATE A CLAIM AGAINST MOVING DEFENDANT,**

9   **YOSEF TAITZ**

10   The Information Practices Act of 1977 (California <u>Civil Code</u> sections 1798

11   et seq.) requires <u>government agencies</u> to protect the privacy of personal information

12   maintained by state agencies.  Such Act does not apply to nor impose liability

13   against individuals. For example, section 1798.3(a) provides: "The term 'personal

14   information'  means any information that is maintained by an **agency** ...." (Emphasis

15   added.) <u>Civil Code</u> section 1789.3(b) provides in relevant part: "The term 'agency'

16   means every state office, officer, department, division, bureau, board, commission,

17   or other state agency...."

18   <u>Civil Code</u> section 1798.45 provides in relevant part: "An individual may

19   bring a civil action <u>against an **agency**</u> whenever such **agency** does any of the

20   following...." (Emphasis added.) <u>Meister v. Regents of University of California</u>

21   (1998) 67 Cal.App.4th 437, 446. Plaintiffs fail to state a claim against Moving

22   Defendant under California's Information Practices Act of 1977, and cannot do so,

23   where he is not and cannot be a governmental "agency" as defined under such Act.

24   **N.   PLAINTIFFS' EIGHTEENTH CAUSE OF ACTION FOR**

25   **VIOLATION OF CAL. BUSINESS AND PROFESSIONS CODE**

26   **SECTIONS 17200 ET SEQ. FAILS TO STATE A CLAIM**

27   **AGAINST MOVING DEFENDANT, YOSEF TAITZ**

28   Plaintiffs' claim under California's Unfair Competition Law is based on

-21-

1  alleged violations "of the [Fair Credit Reporting Act, California Credit Reporting
2  Agencies Act, California Investigative Consumer Reporting Agencies Act, and
3  California Information Practices Act]...." (FAC, ¶ 391.) They allege that Moving
4  Defendant's "knowing failure to adopt practices in accordance with and/or to adhere
5  to these laws... [constitute] an unfair business practice...." (FAC, ¶ 392.)

6      However, Plaintiffs fail to allege any required "unfair business practice" by
7  Moving Defendant where, as shown above, he is not subject to the laws (Fair Credit
8  Reporting Act, etc.) on which the eighteenth cause of action is based. Where he is
9  not subject to such laws, he could not be required "to adopt practices in accordance
10 with and/or to adhere to these laws...."

11     Only persons who have been injured in fact and have lost money or property
12 as a result of alleged unfair competition have standing to bring actions for relief
13 under the Unfair Competition Law. Bivens v. Gallery Corp. (2005) 134 Cal.App.4th
14 847. Cohen v. Health Net of California, Inc. (2005) 129 Cal.App.4th 841.

15     In Schulz v. Neovi Data Corp. (2005) 129 Cal.App.4th 1, it was held that a
16 consumer was not entitled to pursue his action under section 17200 against a
17 payment processing service where he had not suffered injury in fact under section
18 17204 or lost money or property as a result of alleged unfair competition by the
19 processing service because he had not used their services. Analogously, a non-
20 California resident cannot assert a claim under California's Unfair Competition Law
21 where he or she merely asserts a claim for actions that occurred entirely outside
22 California. In re Nat'l Western Life Ins. Deferred Annuities Litig., 467 F. Supp. 2d
23 1071 (2006, SD Cal).

24     Plaintiffs have not stated a claim under California's Unfair Competition Law
25 against Moving Defendant where they have not alleged any actual monetary injury
26 caused by any (non-existent) "unfair business practice" by Moving Defendant. For
27 example, Plaintiffs fail to allege an essential element of this claim that they have
28 used the services of (i.e., were "customers" of) Moving Defendant. Thus, Plaintiffs

-22-

1  fail to allege the essential element of standing to bring such claim. They also fail to
2  allege any unfair business practice occurring inside California affecting them. Their
3  eighteenth cause of action must fail.

### O.   PLAINTIFFS' NINETEENTH CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS FAILS TO STATE A CLAIM AGAINST MOVING DEFENDANT, YOSEF TAITZ

8  Plaintiffs' NIED claim against Moving Defendant is insufficient for the
9  reasons, stated above, why their ninth cause of action for IIED is insufficient.

### P.   PLAINTIFFS' TWENTIETH CAUSE OF ACTION FOR "RES IPSA LOQUITOR NEGLIGENCE" FAILS TO STATE A CLAIM AGAINST MOVING DEFENDANT, YOSEF TAITZ

13  Plaintiffs' "res ipsa loquitor negligence" cause of action does not state a
14  legally cognizable claim. The doctrine of res ipsa loquitor has no application to the
15  claims (concerning alleged invasion of privacy and defamation) herein. The doctrine
16  applies to negligence action arising out of certain kinds of <u>accidents</u> that are so
17  likely to have been caused by defendant's negligence that one may fairly say "the
18  thing speaks for itself."  The doctrine of res ipsa loquitur is an evidentiary rule
19  determining whether circumstantial evidence of negligence is sufficient to raise a
20  presumption of negligence regarding the accident. Cal. <u>Evid. Code</u> § 646. <u>Blackwell
21  v. Hurst</u> (1996) 46 Cal.App.4th 939.

22  Where Plaintiffs' claims have nothing to do with any accident, the doctrine of
23  res ipsa loquitor cannot apply. Further, there simply is no cognizable claim for "res
24  ipsa loquitor."

25  Plaintiffs also fail to allege any actionable duty of care on the part of Moving
26  Defendant. They allege that he "*and Daylight CIS had and owed a duty to ensure
27  any confidential private data accessible by them was maintained secure and
28  confidential and that no other third party had access to the protected data,*

-23-

1  *including his wife, Orly Taitz.*" (FAC, ¶ 420.) Although Plaintiffs do not allege the

2  source of this purported duty, presumably (where this claim incorporates the

3  allegations of all previous claims) its sources are the Fair Credit Reporting Act,

4  California Credit Reporting Agencies Act, California Investigative Consumer

5  Reporting Agencies Act, and California Information Practices Act. (FAC, ¶ 417.)

6  As shown above, these laws do not apply to Moving Defendant (an individual and

7  not a governmental or credit reporting agency). Thus, Plaintiffs fail to allege facts

8  establishing the required element of duty as to Moving Defendant.

9  **IV.    CONCLUSION**

10      For the reasons stated herein, Moving Defendant YOSEF TAITZ, respectfully

11  requests that he be dismissed with prejudice pursuant to FRCP Rule 12(b)(6).

12

13  DATED: August 1, 2011             **SCHUMANN, RALLO & ROSENBERG, LLP**

14

15

16                                     /s/ - Jeffrey P. Cunningham
                                  By: _____

17                                     Kim Schumann, Esq.
                                      Jeffrey P. Cunningham, Esq.

18                                     Peter Cook Esq.
                                      Attorneys for Defendant,

19                                     YOSEF TAITZ

20

21

22

23

24

25

26

27

28

-24-