Kim Schumann, Esq., State Bar #170942
Jeffrey P. Cunningham, Esq., State Bar #151067
Peter Cook, Esq., State Bar #232742
**SCHUMANN, RALLO & ROSENBERG, LLP**
3100 Bristol Street, Suite 400
Costa Mesa, CA 92626
Telephone (714) 850-0210
Facsimile (714) 850-0551
Email: jcunningham@srrlawfirm.com

Attorneys for Defendant, YOSEF TAITZ

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

LISA LIBERI and PHILIP J. BERG, ESQUIRE and THE LAW OFFICES OF PHILIP J. BERG and EVELYN ADAMS a/k/a MOMMA E and LISA M. OSTELLA and GO EXCEL GLOBAL,

Plaintiffs,

vs.

ORLY TAITZ, a/k/a DR. ORLY TAITZ, a/k/a LAW OFFICES OF ORLY TAITZ; a/k/a WWW.ORLYTAITZESQ.COM a/k/a WWW.REPUBX.COM a/k/a ORLY TAITZ, INC. and DEFEND OUR FREEDOMS FOUNDATIONS, INC. and YOSEF TAITZ and THE SANKEY FIRM and SANKEY INVESTIGATIONS, INC. and NEIL SANKEY and JAMES SUNQUIST and ROCK SALT PUBLISHING and LINDA SUE BELCHER a/k/a LINDA S. BELCHER a/k/a LINDA STARR; a/k/a NEWWOMENSPARTY a/k/a STITCHENWITCH a/k/a EVA BRAUN a/k/a WEB SERGEANT a/k/a KATY a/k/a WWW.OBAMACITIZENSHIP DEBATE.ORG and EDGAR HALE a/k/a JD SMITH; and CAREN HALE; and PLAINS RADIO NETWORK, a/k/a PLAINS RADIO NETWORK, INC. a/k/a PLAINS RADIO; and BAR H FARMS; and KPRN AM 1610; and DOES 1 through 200 Inclusive,

Defendants.

Case No. 8:11-CV-00485-AG (AJW)
Hon. Andrew Guilford
Courtroom 10D

**NOTICE OF MOTION AND MOTION OF DEFENDANT, YOSEF TAITZ, TO STRIKE PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP RULE 12(f)**

**[FILED CONCURRENTLY WITH MOVING DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(6)]**

| | |
|---|---|
| Date: | August 29, 2011 |
| Time: | 10:00 a.m. |
| Place: | Courtroom 10D |

| | |
|---|---|
| Date Action Filed: | May 4, 2009 |
| Discovery Cut-Off: | March 5, 2012 |
| Final Pre-Trial Conf.: | May 21, 2012 |
| Trial Date: | June 5, 2012 |

**TO THE COURT, ALL PARTIES, AND/OR THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 29, 2011 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 10D of the United States District Court for the Central District of California (Southern Division) located at 411 West Fourth Street, Santa Ana, CA, Defendant, YOSEF TAITZ ("TAITZ" or "Moving Defendant"), will and does hereby apply pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 12(f) and other applicable statutes and case law for an Order striking the below-specified portions of the First Amended Complaint ("FAC") of Plaintiffs, LISA LIBERI, LISA M. OSTELLA , PHILIP J. BERG, ESQUIRE, THE LAW OFFICES OF PHILIP J. BERG, and GO EXCEL GLOBAL (collectively "Plaintiffs"):

(1) All references to Moving Defendant's personal residential address (FAC, ¶¶ 9, 10 and 27).

(2) FAC, ¶ 260: "Unless restrained and enjoined pursuant to *Cal. Civ. Code* §1798.84(e), Defendants will continue to commit such acts."

(3) FAC, ¶ 261: "As a direct result, Defendants, each of them are liable, separately to Plaintiffs Liberi and Ostella, separately, A (sic) civil penalty pursuant to *Cal. Civ. Code* §1798.84. *Cal. Civ. Code* § 1798.84, states in pertinent part: '(b) states a party injured by a violation of this title may institute a civil action to recover damages ...(c) dictates a civil penalty over and above actual damages and punitive damages for a willful, intentional, or reckless violation...may recover a civil penalty not to exceed three thousand dollars ($3,000) per violation...(e) Any business that violates, proposes to violate, or has violated this title may be enjoined...(f) A prevailing plaintiff in any action commenced

shall also be entitled to recover his or her reasonable attorney's fees and costs...(g) The rights and remedies available under this section are cumulative to each other and to any other rights and remedies available under law.'"

(4) FAC, ¶ 262, as follows: "Thus, Defendants are indebted to Plaintiffs Liberi and Ostella for civil penalties up to Three Billion Dollars [$3,000,000,000.00], which is cumulative to each and other penalty and any other rights and remedies available under the law."

(5) FAC, ¶ 263, as follows: "... therefore Plaintiffs Liberi and Ostella are entitled to the civil penalties set forth at *Cal. Civ. Code* §1798.84, including exemplary damages, and all other appropriate relief as further set forth in the Prayer for Relief herein."

(6) FAC, Prayer for Relief No. 4 (pp. 165-166): "4. CIVIL PENALTIES – CUMULATIVE with all other AWARDS: For the Sixth Count, enter judgment, collectively, jointly and separately, against Defendants Orly Taitz as an Attorney and an Officer of the Court and as President for Orly Taitz, Inc. and DOFF; Law Offices of Orly Taitz; Orly Taitz, Inc.; DOFF; Neil Sankey, Todd Sankey and the Sankey Firm for Civil Penalties pursuant to *Cal. Civ. P.* (sic) §1798.84 in the amount of Three Billion [$3,000,000,000.00] Dollars payable to Plaintiffs Lisa Liberi and Lisa Ostella separately; s. For the Seventeenth Count, enter judgment, collectively, jointly and separately against each Reed Defendant and Defendant Intelius, Inc. for Civil Penalties pursuant to *Cal. Civ. P.* (sic) §1798.84 in the amount of Three

///

Billion [$3,000,000,000.00] Dollars payable to Plaintiffs Lisa Liberi and Lisa Ostella separately";

(7) FAC, Prayer for Relief No. 9 (p. 170): all references to "*Cal. Civ. Code* § 1798.50(2)";

(8) FAC, Prayer for Relief No. 9 (p. 170): all references to "*Cal Civ. Code* §1798.83(g)";

(9) All claims for punitive damages against Moving Defendant set forth in the following paragraphs of the FAC: 199, 203, 204, 213, 214, 224, 225, 246, 247, 263, 264, 298, 299, 300, 313, 314, 363, 364, 389, 396, 397, 410, 415, 416, 422 and 423; and

(10) FAC, Prayer for Relief, ¶¶ 3(q), 7(dd) and 7(hh), in which Plaintiffs impermissibly state the amount of punitive damages sought against Moving Defendant in violation of Cal. Civ. Code § 3295(e).

This Motion to Strike pursuant to FRCP Rule 12(f) will be based upon this Notice, the attached Memorandum of Points and Authorities in support thereof, any subsequent briefs supporting such Motion, Moving Defendants' concurrently-filed Motion to Dismiss Plaintiffs' FAC which is incorporated herein by this reference as though fully set forth, the Court file in this matter, and all other tangible and/or testimonial evidence provided at the hearing on such Motion.

DATED: August 1, 2011 **SCHUMANN, RALLO & ROSENBERG, LLP**

By: /s/ - Jeffrey P. Cunningham
Kim Schumann, Esq.
Peter Cook Esq.
Attorneys for Defendant,
YOSEF TAITZ

## TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . 1

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. APPLICABLE LEGAL STANDARDS . . . . . . . . . . . . . . . . . . . . . . . . 2

III. LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

A. PLAINTIFFS' PUBLICATION OF DEFENDANT'S PERSONAL RESIDENCE IS IMPERTINENT AND IMMATERIAL, AND SO SHOULD BE STRICKEN FROM THE PLEADING . . . . . . . . . . 3

B. PLAINTIFFS CANNOT SEEK THREE BILLION DOLLARS IN CIVIL PENALTIES UNDER CAL. CIV. CODE § 1798.84 FOR A CAUSE OF ACTION FOR VIOLATION OF CAL. CIV. CODE § 1798.85 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

C. PLAINTIFFS MAY NOT SEEK ATTORNEYS FEES UNDER CAL. CIV. CODE § 1798.50, AS AGAINST MOVING DEFENDANT, YOSEF TAITZ . . . . . . . . . . . . . . . . . . . . . . . . . 7

D. PLAINTIFFS MAY NOT SEEK ATTORNEYS FEES UNDER CAL. CIV. CODE § 1798.83(g), AS AGAINST MOVING DEFENDANT, YOSEF TAITZ . . . . . . . . . . . . . . . . . . . . . . . . . 7

E. PLAINTIFFS HAVE NOT PLED LEGALLY SUFFICIENT CLAIMS FOR PUNITIVE DAMAGES, GOVERNED BY CAL. CIV. CODE § 3294, AS AGAINST MOVING DEFENDANT, YOSEF TAITZ . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

F. PLAINTIFFS CANNOT PLEAD THE AMOUNT OF PUNITIVE DAMAGES SOUGHT AS AGAINST MOVING DEFENDANT, YOSEF TAITZ, AS THEIR CLAIMS FOR PUNITIVE DAMAGES ARE GOVERNED BY CAL. CIV. CODE§ 3295(e) . 9

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES

## *Case Authority*

**Barcher v. New York University School of Law**
993 F. Supp 177, 181 (S.D. NY, 1998) . . . . . 3

**Brown v. Adidas Int.**
938 F.Supp. 628, 635 (S.D. Cal. 1996) . . . . . 9

**Bureerong v. Uvawas**
922 F.Supp. 1450, 1480 (C.D. Cal. 1996) . . . . . 8

**Clark v. Allstate Ins. Co.**
106 F.Supp.2d 1016, 1019 (S.D. Cal. 2000) . . . . . 8

**Ebaugh v. Rabkin**
22 Cal.App.3d 891 (1972) . . . . . 8

**Fantasy Inc. v. Fogerty**
984 F.2d 1524, 1527 (9th Cir. 1993) . . . . . 3

**Farlow v. Union Central Life Insurance Company**
874 F.2d 791 (11th Cir. 1989) . . . . . 2

**Johnson v. American Aviation Corp**
64 F.R.D. 435, 438-439 (D.N.D. 1974) . . . . . 3

**Owens v. UNUM Life Ins. Co.**
285 F.Supp. 2d 778, 780 (E.D. Tex. 2003) . . . . . 3

**Pliner v. Nesvig**
42 F. Supp. 297 (1942, DC Wis) . . . . . 1

**Sidney-Vinson v. A.H. Robins Co.**
697 F.2d 880, 885 (9th Cir. 1983) . . . . . 2

**Sinaiko Bros. Coal & Oil Co. v. Ethyl Gasoline Corp.**
2 F.R.D. 305 (1942, DC NY) . . . . . 1

**Sony Pictures Entm't, Inc. v. Fireworks Entm't Group, Inc.**
156 F.Supp. 2d 1148 (C.D. Cal. 2001) . . . . . 2

**Von Grabe v. Sprint PCS**
312 F.Supp. 2d 1285, 1308-1309 (S.D. Cal. 2003) . . . . . 9

***Statutory Authority***

California Civil Code §3294 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8, 9

California Civil Code §3294(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

California Civil Code §3295 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8

California Civil Code §3295(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

California Civil Code §1798.50 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7

California Civil Code §1798.50(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

California Civil Code §1798.83 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4

California Civil Code §1798.83(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 10

California Civil Code §1798.84 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 5, 6

California Civil Code §1798.84(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

California Civil Code §1798.85 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

Federal Rules of Civil Procedure, Rule 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Federal Rules of Civil Procedure, Rule 8(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Federal Rules of Civil Procedure, Rule 12(f) . . . . . . . . . . . . . . . . . . . . . 1, 2, 4, 6, 9

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs' FAC is a lengthy and confusing mishmash of complicated allegations and claims spanning 170 pages and listing a total of twenty claims for relief against nineteen separate defendants, including Moving Defendant, YOSEF TAITZ. Plaintiffs' Prayer for Damages is also lengthy and sprawling, such that it convolutes the pleading and TAITZ's ability to assess the damages claimed against him. As such, this Motion to Strike pursuant to FRCP Rule 12(f) is proper in seeking to expunge Plaintiffs' claims for damages and related allegations that have no legal basis, particularly the outlandish claim that Plaintiffs are entitled to an award of three billion dollars in civil penalties. Additionally, in their sprawling FAC, Plaintiffs include several references to TAITZ's personal home address, which should similarly be stricken.

A Motion to strike under FRCP Rule 12(f) is proper when allegations are of "redundant, immaterial, impertinent, or scandalous matter." In Plaintiffs' FAC, which contains pages and pages of largely unintelligible allegations, as well as numerous claims for relief based upon several common law and statutory theories of recovery, striking claims for damages that are patently unsupported is called for, as such claims are "immaterial" and "impertinent."

FRCP Rule 8(a)(2) provides: "A pleading that states a claim for relief must contain:... (2) *a short and plain statement of the claim* showing that the pleader is entitled to relief." (Emphasis added.) Plaintiffs dramatically and blatantly violate this fundamental rule of pleading in their 170 page FAC.

Relatedly, Plaintiffs violate the pleading standard under FRCP Rule 8 that the inclusion of evidentiary matter in a Complaint is improper. Sinaiko Bros. Coal & Oil Co. v Ethyl Gasoline Corp. 2 F.R.D. 305 (1942, DC NY). Pleading circumstances and references to evidentiary matters tending to prove ultimate facts have no place in pleadings. Pliner v Nesvig, 42 F.Supp. 297 (1942, DC Wis). A

significant portion of the FAC, and perhaps greater than 50% of its 170 pages, is devoted not to pleading ultimate facts but instead pleading evidentiary matters having no place in a Complaint. But one example of many instances of Plaintiffs' violation of this pleading standard is presented in the FAC, ¶ 114. In this paragraph, Plaintiffs over two pages (pp. 44-46 of the FAC) purport to recite, verbatim, a radio interview allegedly given by Defendant, ORLY TAITZ, to the "Andrea Shea King radio show." This portion of the FAC is representative of the bulk of it, containing not ultimate facts but instead lengthy recitations of evidence and references to evidence.

As is more fully discussed below, all subject allegations and claims for relief of the FAC addressed herein should be stricken pursuant to FRCP Rule 12(f). This includes, but is not limited to, claims for civil penalties under Cal. Civ. Code § 1798.84, claims for attorneys fees under Civ. Code §§ 1798.50 and 1798.83, and claims for punitive damages under Civ. Code §§ 3294 and 3295.

## II. APPLICABLE LEGAL STANDARDS

FRCP Rule 12(f) states:

> The Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

"[T]he function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." Sidney-Vinson v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir.1983).

If a pleading is deficient, the Court may strike the pleading and require the non-moving party to submit an amended pleading which includes more specific allegations. Farlow v. Union Central Life Insurance Company, 874 F.2d 791 (11th Cir.1989). A Court may strike a prayer for relief under Rule 12(f) where the relief sought is not recoverable as a matter of law. Sony Pictures Entm't, Inc. v. Fireworks Entm't Group, Inc., 156 F.Supp. 2d 1148 (C.D. Cal. 2001).

In considering whether to strike matter from a pleading, Courts apply the same test for legal sufficiency set forth for Rule 12(b)(6) challenges and strike any claim or request for damages that is legally insufficient under the controlling law. Owens v. UNUM Life Ins. Co., 285 F.Supp.2d 778, 780 (E.D. Tex. 2003).

An *immaterial* allegation is that which has *no bearing* on the controversy before the Court. Fantasy Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993).; *see also* Johnson v. American Aviation Corp, 64 F.R.D. 435, 438-439 (D.N.D. 1974). Further, Courts have held that *impertinent* material are allegations that are not responsive or relevant to the issues involved in the action and which could not be admitted as evidence in the action. *See* Fantasy, Inc., *supra*; *see also* Barcher v. New York University School of Law, 993 F.Supp 177, 181 (SD NY, 1998). A motion to strike may attack single words or phrases. Fantasy, Inc., *supra*.

## III. LEGAL ARGUMENT

### A. PLAINTIFFS' PUBLICATION OF MOVING DEFENDANT'S PERSONAL RESIDENCE ADDRESS IS IMPERTINENT AND IMMATERIAL, AND SO SHOULD BE STRICKEN FROM THE PLEADING

PLAINTIFFS in the FAC (¶¶ 9, 10 and 27) identify the residential address of Moving Defendant. (Paragraphs 9 and 10 identify Defendant, ORLY TAITZ's personal residence, but it is clear from the FAC that YOSEF TAITZ is married to ORLY TAITZ and therefore resides at the same location). While identifying the State and County of a Defendant may be required in order to establish jurisdiction and venue, additional identification including Moving Defendant's street, number, and zip code are simply unnecessary. As such, this information should be stricken in all places it appears in the FAC.

///

///

///

**B. PLAINTIFFS CANNOT SEEK THREE BILLION DOLLARS IN CIVIL PENALTIES UNDER CAL. CIV. CODE § 1798.84 FOR A CAUSE OF ACTION FOR VIOLATION OF CAL. CIV. CODE § 1798.85**

Pursuant to FRCP Rule 12(f), immaterial and impertinent allegations may be stricken from the pleadings. Plaintiffs' claim for alleged remedies under their Sixth Cause of Action pursuant to Cal. Civ. Code § 1798.85 (FAC, pp. 97-102) is mistaken and invalid, and should therefore be stricken. Plaintiffs assert that TAITZ, a private individual, may be subject to a $3,000 fine per violation of the statute per Civ. Code § 1798.84. (FAC ¶ 262.) This is incorrect, as Section 1798.84 specifically only applies to violations of Civ. Code § 1798.83 as follows:

> In addition, for a willful, intentional, or reckless violation of Section *1798.83*, a customer may recover a civil penalty not to exceed three thousand dollars ($3,000) per violation; otherwise, the customer may recover a civil penalty of up to five hundred dollars ($500) per violation for a violation of Section *1798.83*. (Emphasis added.)

Plaintiffs' Sixth Cause of Action ("Violation of Cal. IPA, *Cal. Civ. Code* § 1798.85") is explicitly based on alleged violation of Section 1798.85, not 1798.83. (FAC, pp. 97-102.) Section 1798.83 specifically applies to the actions of a "business" entity that collects data from its "customers." TAITZ is not a business, but an individual; further, neither Plaintiffs LIBERI nor OSTELLA are customers of any required "business." As demonstrated in Moving Defendant's Motion to Dismiss, Plaintiffs' Sixth Claim for Relief based on Cal. Civ. Code § 1798.85 is without merit and fails to state any sufficient claim for relief. Because Plaintiffs' underlying Sixth Cause of Action is insufficient, Plaintiffs' claim for any remedy under such statute (including any fine or penalty) is also insufficient.

Moreover, Plaintiffs' purported quotes from Section 1798.84 are a misstatement of the actual Section. For example, Section 1798.84(b) provides: "(b) Any customer injured by a violation of this title may institute a civil action to

recover damages." Plaintiffs in FAC ¶ 261 misrepresent Section 1798.84(b) as providing: "(b) states a party injured by a violation of this title may institute a civil action to recover damages." (Emphasis added.) Plaintiffs block quote and add quotation marks around their alleged statement of the law, indicating that it is a direct quotation of Section 1798.84, which it is not. Plaintiffs (because they are not required "customers" under the Section) omit that crucial word and wrongfully and inaccurately replace it with the word "party" to attempt to mask their lack of legal standing to bring such claim.

A full listing of the actual Code Section, versus Plaintiffs' purported citations to such Section in their Sixth Cause of Action, is as follows:

| **Cal. Civ. Code § 1798.84** | **Plaintiffs' Allegations** |
|---|---|
| (b) Any customer injured by a violation of this title may institute a civil action to recover damages | "(b) states a party injured by a violation of this title may institute a civil action to recover damages." |
| (c) In addition, for a willful, intentional, or reckless violation of Section 1798.83, a customer may recover a civil penalty not to exceed three thousand dollars ($3,000) per violation; otherwise, the customer may recover a civil penalty of up to five hundred dollars ($500) per violation for a violation of Section 1798.83 | "(c) dictates a civil penalty over and above actual damages and punitive damages for a willful, intentional, or reckless violation...may recover a civil penalty not to exceed three thousand dollars ($3,000) per violation" |
| (f) (1) A cause of action shall not lie against a business for disposing of abandoned records containing personal information by shredding, erasing, or otherwise modifying the personal | "(f) A prevailing plaintiff in any action commenced shall also be entitled to recover his or her reasonable attorney's fees and costs" |

| | |
|---|---|
| information in the records to make it unreadable or undecipherable through any means. (2) The Legislature finds and declares that when records containing personal information are abandoned by a business, they often end up in the possession of a storage company or commercial landlord. It is the intent of the Legislature in paragraph (1) to create a safe harbor for such a record custodian who properly disposes of the records in accordance with paragraph (1). | |
| (g) A prevailing plaintiff in any action commenced under Section 1798.83 shall also be entitled to recover his or her reasonable attorney's fees and costs. | "(g) The rights and remedies available under this section are cumulative to each other and to any other rights and remedies available under law." |

In addition to misstating Cal. Civ. Code § 1798.84, Plaintiffs' reliance on it is misplaced where (as shown in Moving Defendant's Motion to Dismiss) Section 1798.84 is not applicable in any event to him. Thus, Section 1798.84 is immaterial and should be stricken under Rule 12(f).

No remedy in the form of fines or a penalty is available for causes of action based on Civ. Code Section 1798.85. As such, Plaintiffs' claims for damages under Civ. Code § 1798.84, as alleged in Paragraphs 260, 261, 262 and 263 of the FAC, and as alleged in their Prayer for Relief No. 4 (FAC pp. 165-166), should be stricken in their entirety.

**C. PLAINTIFFS MAY NOT SEEK ATTORNEYS FEES UNDER CAL. CIV. CODE § 1798.50, AS AGAINST MOVING DEFENDANT, YOSEF TAITZ**

Plaintiffs may not recover attorney fees under Cal. Civ. Code § 1798.50, as alleged in Plaintiffs' Prayer for Relief No. 9 (FAC p. 170). Civ. Code § 1798.50 states: "A civil action shall not lie under this article based upon an allegation that an opinion which is subjective in nature, as distinguished from a factual assertion, about an individual's qualifications, in connection with a personnel action concerning such an individual, was not accurate, relevant, timely, or complete." This Section does not provide, nor even mention, an award of attorneys fees. As such, Plaintiffs' Prayer for Relief No. 9 (FAC, p. 170), where it seeks attorneys fees under Cal. Civ. Code § 1798.50, should be stricken.

**D. PLAINTIFFS MAY NOT SEEK ATTORNEYS FEES UNDER CAL. CIV. CODE § 1798.83(g), AS AGAINST MOVING DEFENDANT, YOSEF TAITZ**

Plaintiffs also seek attorneys fees under Cal. Civ. Code § 1798.83(g). [Plaintiffs' Prayer for Relief No. 9 (FAC p. 170).] Section 1798.83(g) does not provide for attorneys fees. It states: "The provisions of this section are severable. If any provision of this section or its application is held invalid, that invalidity shall not affect other provisions or applications that can be given effect without the invalid provision or application." As such, Civ. Code § 1798.83(g) is an improper statute upon which to base a claim for attorneys fees. Plaintiffs' Prayer for Relief No. 9 (FAC p. 170), where it seeks attorneys fees under Civ. Code § 1798.83(g), should therefore be stricken.

///

///

///

///

### E. PLAINTIFFS HAVE NOT PLED LEGALLY SUFFICIENT CLAIMS FOR PUNITIVE DAMAGES, GOVERNED BY CAL. CIV. CODE § 3294, AS AGAINST MOVING DEFENDANT, YOSEF TAITZ

"A plaintiff bringing an action in federal court may include a 'short and plain' prayer for punitive damages." Clark v. Allstate Ins. Co., 106 F.Supp.2d 1016, 1019 (S.D.Cal.2000). California law governs Plaintiffs' claims for punitive damages under Cal. Civ. Code §§ 3294 and 3295. Bureerong v. Uvawas, 922 F.Supp. 1450, 1480 (C.D.Cal.1996). Plaintiffs plead that their claims for punitive damages are based on Cal. Civ. Code § 3294. (See, FAC, ¶ 199.)

Plaintiffs seek an award of punitive damages against Moving Defendant on all claims for relief asserted against him. This includes claims for punitive damages based on claims for relief based in negligence or other unintentional conduct, such as Plaintiffs' Nineteenth Cause of Action for "Negligent Infliction of Emotional and Mental Distress" and Twentieth Cause of Action for "Res Ipsa Loquitor Negligence."

As a matter of law, a claim for punitive damages cannot be based on negligent or otherwise unintentional conduct. Civ. Code § 3294(a) provides: "In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant." In order to recover punitive damages, the act complained of must not only be willful in the sense of intentional, but it must also be accompanied by aggravating circumstances amounting to malice in fact; mere negligence, even gross negligence, is not sufficient to justify an award of punitive damages. Ebaugh v. Rabkin (1972) 22 Cal. App.3d 891.

Thus, Plaintiffs' claims for punitive damages based on their Nineteenth and

Twentieth Causes of Action based in negligence cannot, as a matter of law, stand. Such claims should therefore be stricken. FRCP Rule 12(f).

Moreover, punitive damages (under Cal. Civ. Code § 3294) provide a *remedy* and do not constitute a separate cause of action; a claim for punitive damages must be based on a legally-sufficient, separate claim for relief. Where a plaintiff's claim for punitive damages is based on an insufficient underlying claim for relief, the claim for punitive damages must also fail. Brown v. Adidas Int., 938 F.Supp. 628, 635 (1996, SD Cal), aff'd 205 F.3d 1350 (1999, 9th Cir Cal). Von Grabe v. Sprint PCS, 312 F.Supp.2d 1285, 1308-1309 (S.D. Cal. 2003). As shown in Moving Defendant's Motion to Dismiss, which is incorporated herein, Plaintiffs fail to state facts constituting any legally-sufficient claim for relief against him. Accordingly, where punitive damages provide a *remedy* and must be based on a legally-sufficient claim for relief, and Plaintiffs do not plead any sufficient claim for relief against Moving Defendant, all of Plaintiffs' claims for punitive damages should be stricken. Cal. Civ. Code § 3294. Brown, *supra*, 938 F.Supp. at p. 635. Von Grabe, supra, 312 F.Supp.2d at pp. 1308-1309.

**F. PLAINTIFFS CANNOT PLEAD THE AMOUNT OF PUNITIVE DAMAGES SOUGHT AS AGAINST MOVING DEFENDANT, YOSEF TAITZ, AS THEIR CLAIMS FOR PUNITIVE DAMAGES ARE GOVERNED BY CAL. CIV. CODE § 3295(e)**

Cal. Civ. Code § 3295(e) states: "No claim for exemplary damages shall state an amount or amounts." Plaintiffs in their FAC violate this rule numerous times, and as to all Defendants. With regard to their punitive damages claims against Moving Defendant, they impermissibly state the amount of punitive damages sought ($5,000,000.00) in the FAC's Prayer for Relief, ¶¶ 3(q), 7(dd) and 7(hh). Because these portions of the FAC do not conform with the applicable law, they should be stricken pursuant to FRCP Rule 12(f).

///

## IV. CONCLUSION

For the reasons stated herein and in his concurrently-filed Motion to Dismiss, Defendant, YOSEF TAITZ, respectfully requests that this Court grant this Motion and strike the following portions of Plaintiffs' FAC:

(1) All references to Defendant YOSEF TAITZ's personal residential address (FAC ,¶¶ 9, 10 and 27);

(2) FAC, ¶ 260;

(3) FAC, ¶ 261;

(4) FAC, ¶ 262;

(5) FAC, ¶ 263;

(6) FAC, Prayer for Relief No. 4 (p. 165-166);

(7) FAC, Prayer for Relief No. 9 (p. 170), all references to "Cal. Civ. Code § 1798.50(2)";

(8) FAC, Prayer for Relief No. 9 (p. 170), all references to "Cal Civ. Code §1798.83(g)"';

(9) All claims for punitive damages against Moving Defendant set forth in the following paragraphs of the FAC: 199, 203, 204, 213, 214, 224, 225, 246, 247, 263, 264, 298, 299, 300, 313, 314, 363, 364, 389, 396, 397, 410, 415, 416, 422 and 423; and

(10) FAC, Prayer for Relief, ¶¶ 3(q), 7(dd) and 7(hh), in which Plaintiffs impermissibly state the amount of punitive damages sought against Moving Defendant in violation of Cal. Civ. Code § 3295(e).

DATED: August 1, 2011

**SCHUMANN, RALLO & ROSENBERG, LLP**

By: /s/ - Jeffrey P. Cunninhgam

Kim Schumann, Esq.
Peter Cook Esq.
Attorneys for Defendant,
YOSEF TAITZ