Kim Schumann, Esq., State Bar #170942
Jeffrey P. Cunningham, Esq., State Bar #151067
Peter Cook, Esq., State Bar #232742
**SCHUMANN, RALLO & ROSENBERG, LLP**
3100 Bristol Street, Suite 400
Costa Mesa, CA 92626
Telephone (714) 850-0210
Facsimile (714) 850-0551

Attorneys for Defendant, ORLY TAITZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| LISA LIBERI, *et al.* <br><br> Plaintiffs, <br><br> vs. <br><br> ORLY TAITZ, *et al.* <br><br> Defendants. | Case No. 8:11-CV-00485-AG (AJW) <br> Hon. Andrew Guilford <br> Courtroom 10D <br><br> **DEFENDANT ORLY TAITZ'S REPLY BRIEF IN SUPPORT OF HER MOTION TO DISMISS PURSUANT TO FRCP (12)(b)(6)** <br><br> Date: August 15, 2011 <br> Time: 10:00 a.m. <br> Place: Courtroom 10D <br><br> Date Action Filed: May 4, 2009 <br> Discovery Cut-Off: March 5, 2012 <br> Final Pre-Trial Conf.: May 21, 2012 <br> Trial Date: June 5, 2012 |

**TO THE COURT, ALL PARTIES, AND/OR THEIR ATTORNEYS OF RECORD:**

Defendant, ORLY TAITZ, hereby submits her Reply Brief in support of her Motion to Dismiss the First Amended Complaint ("FAC") filed by Plaintiffs, LISA LIBERI, LISA OSTELLA, PHILIP J. BERG, LAW OFFICES OF PHILIP J. BERG, and GO EXCEL GLOBAL (collectively "Plaintiffs"), pursuant to FRCP Rule 12(b)(6). This Reply Brief is based upon the Motion to Dismiss filed by Moving Defendant on July 11, 2011, the Request for Judicial Notice filed on July 11, 2011, and the following Memorandum of Points and Authorities.

-1-

**DEFENDANT ORLY TAITZ'S REPLY BRIEF RE: MOTION TO DISMISS**

## I. **MEMORANDUM OF POINTS AND AUTHORITIES**

In their Opposition, Plaintiffs fail to address the fact that their excessively wordy FAC lacks clarity, and that it fails to support each of their claims for relief against Moving Defendant, for (1) Invasion of Privacy under the First and Fourteenth Amendments and the California Constitution, (2) Public Disclosure of Private Facts, (3) False Light, (4) Appropriation of Name, Photo and Likeness, (5) Violation of Cal. Civ. Code § 1798.53, (6) Violation of Cal. Civ. Code § 1798.85, (7) Cyber-stalking, Cyber-harassment and Cyber-bullying, (8) Defamation *per se*, Slander and Libel *per se*, (9) Intentional Infliction of Emotional Distress, (10) Malicious Prosecution and (11) Abuse of Process.

True to form, Plaintiffs opposed the subject Motion by further obfuscating the Court record, submitting 296 pages of extraneous and irrelevant pleadings and documents, comprised entirely of extrinsic evidence and witness declarations that cannot be considered by this Court in connection with Moving Defendant's Rule 12(b)(6) Motion. At this preliminary stage, while the Defendants are attempting to clarify and streamline the case, Plaintiffs insist on trying the entirety of their case with each document they file with the Court.

Plaintiffs fail to address the causes of action that are part of their original Complaint, under the assumption that the case will be stayed pending Moving Defendant's appeal of the denial of her "anti-SLAPP" Motion to strike. As such, the only claims that Plaintiffs actually address in their Opposition are the Malicious Prosecution, Abuse of Process, Cyber-Stalking and Section 1798[1] claims for relief, as well as protections covered by Cal. Civ. Code § 47 and the Communications Decency Act (47 U.S.C. § 230). By doing so, Plaintiffs have failed to provide any substantive arguments addressing their failure to adequately allege each of their causes of action.

///

---

[1] *I.e.*, Plaintiffs' 5th and 6th claims for relief under Cal. Civ. Code §§ 1798.53 and 1798.85.

-2-

**DEFENDANT ORLY TAITZ'S REPLY BRIEF RE: MOTION TO DISMISS**

SCHUMANN, RALLO & ROSENBERG, LLP
ATTORNEYS AT LAW
3100 BRISTOL STREET, SUITE 400
COSTA MESA, CALIFORNIA 92626-7333
TELEPHONE (714) 850-0210

Instead, Plaintiffs in their Opposition focus on Moving Defendant's alleged intent, including her alleged intent to harm each of the Plaintiffs. Malicious intent alone cannot establish a claim for relief, though. Plaintiffs have failed to allege intelligible or sufficient facts in each of their claims for relief showing what, if anything, Moving Defendant specifically did to harm them, instead relying on generalities, vague statements, and conclusory allegations as to Moving Defendant's alleged ill will. Without such allegations of fact, Plaintiffs' claims for relief are insufficient, and their FAC should be dismissed in its entirety and without leave to amend as to Defendant, ORLY TAITZ.

### A. **PLAINTIFFS IN THEIR OPPOSITION HAVE FAILED TO ADEQUATELY ADDRESS CLAIMS FOR RELIEF ONE THROUGH NINE OF THEIR FIRST AMENDED COMPLAINT**

Plaintiffs, having chosen to "smear" Moving Defendant instead of support their claims for relief asserted against her, have elected not to address their Claims for Relief 1 through 9, on the basis that these claims have been automatically stayed pending appeal. In doing so, Plaintiffs fail to address the fact that their allegations in these claims are unclear and insufficient, and likewise fail to identify any facts pled to establish the essential elements of each claim of relief. (Plaintiffs' Opposition, ¶¶ 19-20.) Instead, Plaintiffs improperly seek leave to file supplemental briefing to address such causes of action.

Plaintiffs have effectively filed a notice of non-opposition to Moving Defendant's Motion to Dismiss each of their Claims of Relief 1 through 9, deciding not to argue in support of such claims. As a result, and based on Plaintiffs' at least tacit admission that such claims are legally insufficient, this Court should grant Moving Defendant's Motion as to Claims of Relief 1 through 9, without leave to amend.

///
///

-3-

**DEFENDANT ORLY TAITZ'S REPLY BRIEF RE: MOTION TO DISMISS**

B. **PLAINTIFFS' OWN ALLEGATIONS CONTRADICT THEIR CLAIMS FOR RELIEF FOR MALICIOUS PROSECUTION AND ABUSE OF PROCESS WHICH CATEGORICALLY FAIL TO ESTABLISH NECESSARY ELEMENTS**

1. *Plaintiffs' Allegations that an Independent Investigation Occurred, and that Orly Taitz's Motion Was Ancillary to Plaintiff LIBERI's Criminal Proceedings, Establishes that the Claim for Malicious Prosecution Cannot Be Stated*

Plaintiffs' Claim of Relief for malicious prosecution, under California law, requires the allegation of six elements: (1) That Defendant was actively involved in bringing an administrative proceeding; (2) That the administrative body ***did not*** conduct an independent investigation; (3) The proceeding ended in Plaintiff's favor; (4) That no reasonable person in the Defendant's circumstances would have believed that there were reasonable grounds to bring the proceeding; (5) Defendant acted primarily for a purpose other than succeeding on the merits of the claim; and (6) the proceeding was a substantial factor in causing Plaintiff's harm. CACI 1502. This statement of the elements of a malicious prosecution claim best fits Plaintiffs' circumstances, as the probation issues alleged by Plaintiffs are neither criminal nor civil proceedings per se.

First, Plaintiffs' allegations indicate that Moving Defendant filed a Motion in the hope that the involved Court would revoke Plaintiff LIBERI's probation, as Moving Defendant understood that LIBERI was in violation of her probation. Plaintiffs further note that the probation department initiated its own *independent* investigations of the issue, thus invalidating this cause of action. (FAC, ¶ 321.) *See* Werner v. Hearst Publications, Inc. (1944) 65 Cal.App.2d 667, 673.

Second, Plaintiffs ignore the holding in Adams v. Superior Court (1992) 2 Cal.App.4th 521, 528, cited in Defendant's moving papers. Adams held that a full case must be initiated in order for a malicious prosecution to be based on such

-4-

**DEFENDANT ORLY TAITZ'S REPLY BRIEF RE: MOTION TO DISMISS**

SCHUMANN, RALLO & ROSENBERG, LLP
ATTORNEYS AT LAW
3100 BRISTOL STREET, SUITE 400
COSTA MESA, CALIFORNIA 92626-7333
TELEPHONE (714) 850-0210

matter. Plaintiffs' allegations, however, expressly show that Moving Defendant's alleged request for a probation hearing was *ancillary* to Plaintiff LIBERI's own criminal convictions.

Further, none of the cases cited by Plaintiffs show that a request to address the probation status of a convicted criminal, leading to an independent investigation, gives rise to a claim for malicious prosecution. Instead, Plaintiffs focus on the alleged ulterior motives of Moving Defendant in allegedly filing a motion seeking to revoke Plaintiff LIBERI's probation. The allegations to support a mere *single* element of such cause of action is insufficient; Plaintiffs must properly allege each and every element necessary to support their malicious prosecution claim in order to state a claim for relief. With their repeated failure to show that the alleged probation proceedings were anything more than ancillary to LIBERI's criminal conviction, Plaintiffs cannot properly allege a malicious prosecution claim. As such, this claim for relief should be dismissed in its entirety, without leave to amend.

### 2. *Plaintiffs' Failure to Show that a Legal Procedure Was Initiated by Moving Defendant, Orly Taitz, Establishes the Lack of Merit of Plaintiffs' Claim for Relief for Abuse of Process*

A claim for relief for Abuse of Process, under California law, requires a pleading of facts establishing three elements: (1) the Defendant utilized a legal procedure against Plaintiff; (2) the legal procedure was initiated for an improper purpose; and (3) the actions of Defendant were a substantial factor in causing Plaintiff's harm. CACI 1520. Although Plaintiffs identify and focus on what they term "two main" elements of the cause of action, Plaintiffs must plead facts establishing each and every element of the cause of action to state a sufficient claim of relief.

Plaintiffs fail to identify what, if any, "process" was initiated by Moving

Defendant. Typically, abuse of process arises with "the misuse of the tools the law affords litigants once they are in a lawsuit," (<u>Bidna v. Rosen</u>, (1993) 19 Cal.App.4th 27, 40) and it requires the misuse of judicial authority (<u>Younger v. Solomon</u>, (1974) 38 Cal.App.3d 289, 297). Plaintiffs allege that Moving Defendant filed a motion with the probation department; however, "Merely obtaining or seeking process is not enough; there must be subsequent abuse, by a misuse of the judicial process for a purpose other than that which it was intended to serve." The allegation that Moving Defendant merely sought to obtain a legal process by way of a motion does not mean that any such process actually ever occurred. <u>Adams v. Superior Court</u>, *supra*, 2 Cal.App.4th at pp. 530-531. Under the circumstances alleged by Plaintiffs, the power of the Court with regard to Plaintiff LIBERI's probation status was never invoked. Moving Defendant merely petitioned the court to address LIBERI's probation; even per Plaintiffs' own allegations, and after an independent investigation by probation officials, nothing ever came of Moving Defendant's alleged petition. In fact, as expressly stated in Plaintiffs' opposition, "all refused to take action on Taitz's false allegations." (Plaintiff's Opposition, p. 14, lines 6-8.) Thus, by Plaintiffs' own judicial admissions herein, no required "process" was actually initiated. This lack of an essential element of this claim unequivocally defeats it.

Plaintiffs focus on the alleged improper purpose which they ascribe to Moving Defenant's alleged filing of the motion, as if such alleged improper purpose could somehow outweigh the need to establish that a judicial process actually ensued. However, "Mere ill will against the adverse party in the proceedings does not constitute an ulterior or improper motive." <u>Ion Equipment Corp. v. Nelson</u> (1980) 110 Cal.App.3d 868, 876.

In other words, satisfying a single element of a claim for relief is insufficient to establish that claim for relief; without a proper allegation that legal process was actually initiated (and in the face of the fact that a contradictory allegation shows

-6-

**DEFENDANT ORLY TAITZ'S REPLY BRIEF RE: MOTION TO DISMISS**

that no process took place), one which invoked judicial authority, no cause of action can be stated. As such, Moving Defendant's Motion to Dismiss the abuse of process claim for relief should be granted, without leave to amend.

### C.   PLAINTIFFS' ALLEGATIONS THAT MOVING DEFENDANT, ORLY TAITZ, SERIALLY HARASSED AND THREATENED PLAINTIFFS FAILS TO ALLEGE ANY SEROUS THREATS AND LACKS REASONABLE CREDIBILITY

In their Opposition to Defendant's Motion to Dismiss their cause of action for "cyber-stalking," Plaintiffs concede that their embellished claim for relief must fail under California Civil Code § 1708.7, which provides for a civil cause of action for stalking. Plaintiffs further rely on extrinsic evidence to support their claim, referencing an improper Declaration filed by Plaintiffs, and referencing exhibits to a draft proposed First Amended Complaint that was never filed. In relying on improper extrinsic factual evidence to support their claim, which simply cannot be considered, Plaintiffs concede that the allegations in their FAC are insufficient to establish this cause of action.

In their Opposition, Plaintiffs claim that Moving Defendant sold their personal information to "white supremacy groups" and "hate groups," that Moving Defendant threatened to have Plaintiff OSTELLA's children "professionally kidnapped," and that Moving Defendant has threatened to actually *kill* them. These allegations are patently ridiculous, and improperly inciteful. Plaintiffs admit that much of this information is second-hand, in that unidentified persons Plaintiffs *believe* are affiliated with Moving Defendant actually made such alleged statements. In doing so, and in relating such outlandish claims, Plaintiffs ignore the necessity that threats are only actionable when they are "plausible on [their] face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Without allegations of fact establishing any rational, plausible threats against them, Plaintiffs have failed to assert any sufficient claim for relief for stalking. As

-7-

**DEFENDANT ORLY TAITZ'S REPLY BRIEF RE: MOTION TO DISMISS**

SCHUMANN, RALLO & ROSENBERG, LLP
ATTORNEYS AT LAW
3100 BRISTOL STREET, SUITE 400
COSTA MESA, CALIFORNIA 92626-7333
TELEPHONE (714) 850-0210

such, their Seventh Claim for Relief should be dismissed in its entirety, without leave to amend.

### D. PLAINTIFFS PROVIDE NO LEGAL SUPPORT FOR THEIR CLAIM THAT OBTAINING INFORMATION FROM NON-GOVERNMENTAL AGENCIES VIOLATES CALIFORNIA CIVIL CODE SECTION 1798.53

Plaintiffs in their Opposition fail to provide any legal support to contradict the clear wording of California Civil Code § 1798.53 on which they base their claim for relief, instead drawing broad legal conclusions and improperly relying on *unreported* case opinions ("unreported case, Witriol v. LexisNexis Group, 2006 WL1128036 (N.D. Cal., Apr 27, 2006)"). Additionally, Plaintiffs continue to improperly state that Moving Defendant has somehow *conceded* the truth of their allegations in her moving papers, which is patently untrue and intentionally misleading.

None of the arguments made by Plaintiffs address the clear wording on the face of California Civil Code § 1798.53 which, to apply, expressly requires Moving Defendant to have "obtained from personal information *maintained by State and Federal agencies*." Personal information maintained by private, non-governmental third parties is plainly not covered by this statute. As such, Moving Defendant's Motion to dismiss the fifth cause of action should be granted in its entirety.

### E. PLAINTIFFS FAIL TO SHOW WHERE IN THEIR FIRST AMENDED COMPLAINT THEY ALLEGE THAT PLAINTIFF OSTELLA'S SOCIAL SECURITY NUMBER WAS PUBLISHED BY DEFENDANT, ORLY TAITZ

Plaintiffs have conceded in their Opposition the fact that they have not alleged in the FAC that Moving Defendant ever published Plaintiff OSTELLA's social security number. Instead, Plaintiffs point to 55 pages of their 170 page FAC, essentially asking this Court and Moving Defendant to hunt for such phantom

-8-

**DEFENDANT ORLY TAITZ'S REPLY BRIEF RE: MOTION TO DISMISS**

allegations. If no such allegation has been made, and Plaintiffs admit they cannot point to any such allegation being made in their FAC, then this Court should grant this Motion to dismiss their cause of action for violation of California Civil Code § 1798.85 as to Plaintiff OSTELLA.

### F. PLAINTIFFS' REQUEST FOR ATTORNEYS FEES TO OPPOSE THIS MOTION IS IMPROPER AND IS NOT SUPPORTED BY LEGAL AUTHORITY

In their Opposition, Plaintiffs request an award of attorneys fees and costs to oppose Moving Defendant's Motion. (Plaintiffs' Opposition, ¶ 59.) FRCP 12(b)(6) provides no authority by which Plaintiffs may obtain an award of attorneys fees and costs for simply opposing a Motion made under that Section. As such, and where there is no factual or legal basis for their unsupported request, Plaintiffs' request for attorneys fees and costs should be disregarded in its entirety.

## II. CONCLUSION

As a result of the insufficient pleadings, Plaintiffs' FAC, and its causes of action directed against Defendant, ORLY TAITZ, fail in their entirety. The eleven causes of action against Moving Defendant are wholly insufficient, and Plaintiffs have elected not to even oppose Defendant's Motion as to their first nine causes of action. For these reasons, Plaintiffs' FAC as to Moving Defendant should be dismissed in its entirety, without leave to amend.

DATED: August 1, 2011          **SCHUMANN, RALLO & ROSENBERG, LLP**

By:     /s/ Peter Cook
Kim Schumann, Esq.
Jeffrey P. Cunningham, Esq.
Peter Cook Esq.
Attorneys for Defendant,
ORLY TAITZ

**DEFENDANT ORLY TAITZ'S REPLY BRIEF RE: MOTION TO DISMISS**