Philip J. Berg, Esquire
Pennsylvania I.D. 9867
**LAW OFFICES OF PHILIP J. BERG**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Telephone:  (610) 825-3134
E-mail: philjberg@gmail.com          *Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA,
# SOUTHERN DIVISION

| | |
|---|---|
| LISA LIBERI, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> ORLY TAITZ, et al, <br><br> Defendants. | CIVIL ACTION NUMBER: <br><br> **8:11-cv-00485-AG (AJW)** <br><br> **PLAINTIFFS RESPONSE IN OPPOSITION TO DEFENDANT, YOSEF TAITZ, IN HIS INDIVIDUAL CAPACITY, MOTION TO DISMISS** <br><br> Date of Hearing:  August 29, 2011 <br> Time of Hearing:  10:00 a.m. <br> Location:  Courtroom 10D |

**COMES NOW** Plaintiffs, Philip J. Berg, Esquire [hereinafter at times "Berg"]; Lisa Ostella [hereinafter at times "Ostella"]; Lisa Liberi [hereinafter at times "Liberi"]; Go Excel Global and Law Offices of Philip J. Berg by and through their undersigned counsel, Philip J. Berg, Esquire and files the within Response in Opposition: Memorandum of Points and Authorities; Declaration of Philip J. Berg,

Esquire in Opposition to Defendant, Yosef Taitz ["Taitz"], in his Individual Capacity, Motion to Dismiss Plaintiffs First Amended Complaint ["FAC"]. Plaintiffs aver the following:

1. Defendant Yosef Taitz's Motion to Dismiss Plaintiffs Twentieth Cause of Action, Res Ipsa Loquitor, is premature. Discovery has yet to commence between the parties. It will be imperative that Plaintiffs receive **all the source codes** utilized by Defendants Yosef Taitz, Daylight Chemical Information Systems, Inc. ["Daylight"] and Oracle from January 1, 2009 to current on **all** their products in use by Defendant Intelius and the Reed Defendants. It is also imperative for electronic discovery to take place. Plaintiffs anticipate the need and requirement of **extensive electronic discovery**.

2. Defendant Yosef Taitz in his Motion to Dismiss does **not** deny the facts plead against him in Plaintiffs FAC. Instead, Defendant Yosef Taitz contends his Corporation, Daylight Chemical Information Systems, Inc., is liable for his actions or inactions. Defendant Yosef Taitz claims all the damages and liabilities owed to Plaintiffs are the direct result of Daylight, Defendants Orly Taitz, Oracle and specifically, the Reed Defendants and Defendant Intelius.

//
//
//
//
//

3. It should also be noted, Defendant Orly Taitz, wife to Yosef Taitz, also admits and substantiates all Plaintiffs allegations in Plaintiffs FAC in her Motion to Dismiss filed on behalf of Defend our Freedoms Foundations, Inc. Defendant Orly Taitz also attempts to escape liability and damages by claiming immunity under the Communications Decency Act, which does not apply to her or her Corporations. Orly Taitz, just like Yosef Taitz, states all liabilities and damages are the responsibility of Daylight Chemical Information Systems, Inc.; her spouse, Yosef Taitz; Oracle; the Reed Defendants; Defendant Intelius; and the Sankey Defendants.

4. Defendant Yosef Taitz was originally named in this suit on May 4, 2009, regarding issues surrounding his wife, Defendant Orly Taitz's blog site, drorly.blogspot.com.

5. Plaintiffs agreed to dismiss Defendant Yosef Taitz from the allegations plead in the May 4, 2009 Complaint; and therefore entered into a Stipulated Agreement with Yosef Taitz's Philadelphia, Pennsylvania Attorney, Brad S. Miller, Esquire.

6. As can be seen by the Stipulation it clearly states at paragraph 2 that Plaintiffs must seek Leave of Court to join Yosef Taitz back into the within suit pertaining to "**cognizable claims arising out of the allegations plead in Plaintiffs Complaint filed May4, 2009**". [emphasis added]. None of the allegations against

Defendant Yosef Taitz in Plaintiffs' FAC have anything to do with the allegations originally plead in the Complaint filed May 4, 2009.

7. Defendant Yosef Taitz would like this Court to believe that the within stipulation was intended to "block" litigation against him for actions and causes Plaintiffs were **not** aware of at the time the Stipulated Agreement was entered into, which clearly was **not** the case.

8. Plaintiffs did seek Leave of Court to add the "DOE" Defendants, one of which was Yosef Taitz. Plaintiffs' claims against Yosef Taitz and the other Defendants replacing several "DOE" Defendants are different than what was originally pleaded in Plaintiffs Complaint filed May 4, 2009. In fact, as outlined in Plaintiffs letter in response to Mr. Cook, Defendant Taitz's Attorney, Plaintiffs did **not** even learn of the events currently plead in their FAC against Yosef Taitz until early-2010, a year after the original Complaint was filed and the Stipulated Agreement entered into.

9. Plaintiffs also filed the proposed FAC with 145 exhibits with the Court. This Court obviously read Plaintiffs First Amended Complaint, as the Court ruled allowing Plaintiffs to file their FAC without any Exhibits and the Court was familiar with the basis of Plaintiffs lawsuit.

//
//
//
//

10. As testified to in the Declaration of Dr. Charles Edward Lincoln, III, Defendant Orly Taitz's past Law Clerk, Orly Taitz admitted to him that she obtained her information directly from her husband, Yosef Taitz. *See* Docket Entry No. 313 filed July 25, 2011.

11. At the request of Defense Counsel, Plaintiffs agreed to Dismiss the Law Offices of Philip J. Berg and the Law Offices of Orly Taitz. But, to date, Defense Counsel has failed to submit a Stipulated Agreement to the undersigned for review and signature.

12. Plaintiffs have stated a claim which relief can be granted, contrary to Defendant Yosef Taitz's, for the 1st through 3rd, 5th, 6th, 8th; 9th; 14th and 17th through 20th Causes of Action.

13. Plaintiffs Opposition is based upon their Response in Opposition, the attached Memorandum of Points and Authorities in Support hereof; Declaration of Philip J. Berg, Esquire; Opposition to Defendant Taitz's Motion to Strike and upon records on file with this Court and such further oral and/or documentary evidence that may be presented at the time of the Hearing.

**WHEREFORE**, for the reasons stated herein, Defendant Yosef Taitz's Motion to Dismiss Plaintiffs First Amended Complaint must be Denied. Plaintiffs Request this Court to Grant them Attorney Fees and Costs for Defendant Taitz's

improper Motion. If this Court is inclined to Grant any part of Defendant Yosef Taitz's' Motion, Plaintiffs respectfully Request Leave to Amend their Compliant.

                                                     Respectfully submitted,

Dated: August 4, 2011                /s/ Philip J. Berg
                                             Philip J. Berg, Esquire
                                             Pennsylvania I.D. 9867
                                             **LAW OFFICES OF PHILIP J. BERG**
                                             555 Andorra Glen Court, Suite 12
                                             Lafayette Hill, PA 19444-2531
                                             Telephone: (610) 825-3134
                                             E-mail: philjberg@gmail.com

                                             *Attorney for Plaintiffs*