1  Daryl M. Crone (Bar No. 209610)
    daryl@cronehawxhurst.com
2  Joshua P. Gelbart (Bar No. 274021)
    jgelbart@cronehawxhurst.com
3  CRONE HAWXHURST LLP
   10880 Wilshire Boulevard, Suite 1150
4  Los Angeles, California 90024
   Telephone:  (310) 893-5150
5  Facsimile:   (310) 893-5195

6  Attorneys for Defendant
   Oracle Corporation

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  SOUTHERN DIVISION

11

12  LISA LIBERI, *et al.*,                    Case No.:  SACV11-0485 AG (AJWx)

13              Plaintiffs,                   Date:    September 12, 2011
                                             Time:   10:00 a.m.
14        vs.

15  ORLY TAITZ a/k/a DR. ORLY TAITZ,         **DEFENDANT ORACLE
    *et al.*,                                 CORPORATION'S NOTICE OF
16                                            MOTION AND MOTION TO
              Defendants.                     DISMISS THE FIRST AMENDED
17                                            COMPLAINT;**

18                                           **MEMORANDUM OF POINTS AND
                                             AUTHORITIES**
19

20                                           [Proposed Order submitted herewith]

21

22

23

24

25

26

27

28

{00044508.DOC - v2}

_CRONE HAWXHURST LLP_
_10880 WILSHIRE BOULEVARD, SUITE 1150_
_LOS ANGELES, CALIFORNIA 90024_
_Tel:(310) 893-5150 • Fax: (310) 893-5195_

DEFENDANT ORACLE'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

## NOTICE OF MOTION AND MOTION

TO THE CLERK OF COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on September 12, 2011, at 10:00 a.m., or as soon thereafter as counsel may be heard before the Honorable Andrew J. Guilford, in Courtroom 10D of the above-entitled Court, located at 411 West Fourth Street, Santa Ana, California 92701, defendant Oracle Corporation ("Oracle") will, and hereby does, move pursuant to Fed. R. Civ. P. 12(b)(6) for an order dismissing the First Amended Complaint ("FAC") against it, and in particular, the first, second, third, fifth, sixth, eighth, ninth, fourteenth, seventeenth, eighteenth, nineteenth and twentieth claims for relief.

Good cause exists to grant this motion, for at least the following reasons:

1. The claims against Oracle in the FAC are not plausible under the Supreme Court's decisions in Bell Atl. Corp. v. Twombly, 550 U.S. 554, 127 S.Ct. 1955 (2007), and Ashcroft v. Iqbal, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Plaintiffs' speculation cannot form the basis of a claim for relief.

2. The first claim for U.S. constitutional violations fails because Oracle is a private actor. The first claim also purports to state a claim for violation of the California Constitution. That claim, and plaintiffs' second and third claims, fail because Oracle is not alleged to have invaded their privacy; instead, Orly Taitz allegedly did. Plaintiffs have not pleaded facts demonstrating that Oracle knew Taitz' husband was purportedly accessing third-party databases for confidential information.

3. The fifth claim for violations of California's Information Practices Act fails because Oracle is not alleged to have obtained plaintiffs' private information, let alone disseminated it.

4. The sixth claim fails because plaintiffs have not alleged that Oracle ever knew any plaintiff's social security number, let alone disclosed it to the public.

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

5.     The eighth claim fails because plaintiffs have not alleged that Oracle published any false statement about anyone.

6.     The ninth claim fails because plaintiffs have not alleged that Oracle engaged in extreme and outrageous conduct.  Plaintiffs also have not alleged facts demonstrating that Oracle proximately caused plaintiffs' claimed harm.

7.     The fourteenth claim fails because Oracle is not a "consumer reporting agency" regulated by the U.S. Fair Credit Reporting Act.

8.     The seventeenth claim fails for the same reasons as the fifth and sixth claims, and because Oracle does not store plaintiffs' private information.  In any event, the statute that plaintiffs cite only permits a California resident who is a customer of a business to sue for disclosure of information gathered in connection with a commercial transaction.  No such commercial transaction occurred and, in any event, no plaintiff claims to reside in California.

9.     The eighteenth claim fails because plaintiffs have not adequately alleged a statutory unfair competition claim, they lack standing, and they cannot obtain an award of damages or seek non-restitutionary disgorgement of Oracle's purported "unjust enrichment."

10.     The nineteenth claim fails because Oracle owed no cognizable duty to guard against negligent infliction of emotional distress, and because plaintiffs have not adequately alleged proximate causation.

11.     The twentieth claim fails because res ipsa loquitur is a rule of evidence permitting an inference of negligence from the occurrence of an accident.  Plaintiffs have not alleged an "accident" of a kind which ordinarily does not occur in the absence of someone's negligence, or that it was caused by an agency or instrumentality within Oracle's exclusive control.

This motion is made following the conference of counsel pursuant to <u>Local Rule</u> 7-3 that took place on July 20, 2011, and pursuant to the Court's order dated July 21, 2011, granting Oracle leave to file the motion.  (<u>See</u> Docket No. 308.)

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

1    This motion is based upon this notice of motion; the attached Memorandum

2  of Points and Authorities; all pleadings and other records on file in this action; and

3  such further evidence and arguments as may be presented at or before any hearing of

4  the motion.

5  DATED: August 8, 2011                    CRONE HAWXHURST LLP

6

7

8                                          By_____/s/_____

9                                              Daryl M. Crone
                                              Attorneys for Defendant
                                              Oracle Corporation

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

{00044508.DOC - v2}

DEFENDANT ORACLE'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

# **<u>TABLE OF CONTENTS</u>**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES................................................1

Preliminary Statement ................................................................1

Summary of Relevant Allegations in the First Amended Complaint........................2

Argument ................................................................4

I.      THE FIRST AMENDED COMPLAINT IS NOT PLAUSIBLE ON ITS
        FACE BECAUSE IT FAILS TO ALLEGE FACTS THAT RISE
        ABOVE THE LEVEL OF MERE SPECULATION ................................4

II.     THE FIRST, SECOND AND THIRD CLAIMS FAIL AS A MATTER
        OF LAW BECAUSE ORACLE DID NOT BREACH PLAINTIFFS'
        PRIVACY................................................................5

        A.      Plaintiffs Nowhere Allege Oracle's Participation in Orly Taitz'
                Misconduct................................................................5

        B.      Plaintiffs' Duplicative Second and Third Claims Are Similarly
                Deficient................................................................7

III.    THE FIFTH CLAIM FAILS AS A MATTER OF LAW BECAUSE
        PLAINTIFFS DO NOT ALLEGE THAT ORACLE VIOLATED
        CALIFORNIA'S INFORMATION PRACTICES ACT ................................8

IV.     THE SIXTH CLAIM FAILS AS A MATTER OF LAW BECAUSE
        ORACLE NEVER POSSESSED OR PUBLICLY DISCLOSED
        PLAINTIFFS' SOCIAL SECURITY NUMBERS................................9

V.      THE EIGHTH CLAIM FAILS AS A MATTER OF LAW BECAUSE
        ORACLE NEVER PUBLISHED ANY DEFAMATORY
        STATEMENT ABOUT ANY PLAINTIFF................................10

VI.     THE NINTH CLAIM FAILS AS A MATTER OF LAW BECAUSE
        ORACLE IS NOT ALLEGED TO HAVE ENGAGED IN "EXTREME
        AND OUTRAGEOUS CONDUCT" LET ALONE CONDUCT THAT
        PROXIMATELY CAUSED PLAINTIFFS' HARM ................................10

VII.    THE FOURTEENTH CLAIM FAILS AS A MATTER OF LAW
        BECAUSE ORACLE IS NOT A "CONSUMER REPORTING
        AGENCY" UNDER THE FAIR CREDIT REPORTING ACT................................12

VIII.   THE SEVENTEENTH CLAIM FAILS AS A MATTER OF LAW
        BECAUSE PLAINTIFFS DO NOT RESIDE IN CALIFORNIA AND
        ORACLE DOES NOT STORE THEIR PRIVATE INFORMATION................................13

IX.    THE EIGHTEENTH CLAIM FAILS AS A MATTER OF LAW
       BECAUSE PLAINTIFFS DO NOT ALLEGE ANY ELEMENT OF A
       STATUTORY UNFAIR COMPETITION CLAIM ....................................... 15

X.     THE NINETEENTH CLAIM FAILS AS A MATTER OF LAW
       BECAUSE ORACLE OWED NO DUTY TO GUARD AGAINST
       NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS ....................... 16

       A.    Plaintiffs Fail to Allege the Existence of a Cognizable Duty .............. 17

       B.    Plaintiffs Fail to Allege Proximate Causation ...................................... 19

XI.    THE TWENTIETH CLAIM FAILS AS A MATTER OF LAW
       BECAUSE PLAINTIFFS HAVE NOT ALLEGED THE
       APPLICABILITY OF RES IPSA LOQUITUR ............................................ 20

Conclusion ........................................................................................................ 21

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

1

## <u>TABLE OF AUTHORITIES</u>

2
<div align="right"><u>Page</u></div>

3

4
<div align="center"><u>CASES</u></div>

5    <u>Arikat v. JP Morgan Chase & Co.</u>,
6         430 F. Supp. 2d 1013 (N.D. Cal. 2006) .......................................................... 15

7    <u>Ashcroft v. Iqbal</u>,
         129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ............................................ 4, 5, 7, 10

8    <u>Ashland v. Ling-Temco-Vought, Inc.</u>,
9         711 F.2d 1431 (9th Cir. 1983) ........................................................................ 24

10   <u>Bardin v. DaimlerChrysler Corp.</u>,
         136 Cal. App. 4th 1255, 39 Cal. Rptr. 3d 634 (2006) ..................................... 17

11   <u>Bell Atl. Corp. v. Twombly</u>,
12        550 U.S. 554, 127 S.Ct. 1955 (2007) ............................................................... 4

13   <u>Bily v. Arthur Young & Co.</u>,
         3 Cal. 4th 370, 11 Cal. Rptr. 2d 51 (1992) ..................................................... 21

14   <u>Branick v. Downey Sav. and Loan Ass'n</u>,
15        39 Cal. 4th 235, 46 Cal. Rptr. 3d 66 (2006) ................................................... 18

16   <u>Burgess v. Super. Ct.</u>,
         2 Cal. 4th 1064, 9 Cal. Rptr. 2d 615 (1992) .......................................... 19, 20, 21

17   <u>Cervantez v. J.C. Penney Co.</u>,
18        24 Cal. 3d 579, 156 Cal. Rptr. 198 (1979) ..................................................... 12

19   <u>Chaconas v. JP Morgan Chase Bank</u>,
         713 F. Supp. 2d 1180 (S.D. Cal. 2010) ........................................................... 13

20   <u>Christensen v. Super. Ct.</u>,
21        54 Cal. 3d 868, 2 Cal. Rptr. 2d 79 (1991) ...................................................... 13

22   <u>Cochran v. Cochran</u>,
         65 Cal. App. 4th 488, 76 Cal. Rptr. 2d 540 (1998) ........................................ 12

23   <u>Davis v. Regional Acceptance Corp.</u>,
24        300 F. Supp. 2d 377 (E.D. Va. 2002) .............................................................. 15

25   <u>Erlich v. Menezes</u>,
         21 Cal. 4th 543, 87 Cal. Rptr. 2d 886 (1999) ................................................. 22

26   <u>Ess v. Eskaton Properties, Inc.</u>,
27        97 Cal. App. 4th 120, 118 Cal. Rptr. 2d 240 (2002) ................................. 19, 21

28   <u>Fermino v. Fedco, Inc.</u>,
         7 Cal. 4th 701, 30 Cal. Rptr. 2d 18 (1994) ..................................................... 13

<div align="left" style="writing-mode: vertical-rl;">
CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195
</div>

{00044508.DOC - v2}

Four Navy Seals v. Associated Press,
    413 F. Supp. 2d 1136 (S.D. Cal. 2005) ......................................................... 6

Friedman v. Merck & Co.,
    107 Cal. App. 4th 454, 131 Cal. Rptr. 2d 885 (2003) ................................... 21

Gicking v. Kimberlin,
    170 Cal. App. 3d 73, 215 Cal. Rptr. 834 (1985) ......................................... 23

Gilbert v. Sykes,
    147 Cal. App. 4th 13, 53 Cal. Rptr. 3d 752 (2007) ..................................... 11

Greenberg v. Super. Ct.,
    172 Cal. App. 4th 1339, 92 Cal. Rptr. 3d 96 (2009) ................................... 21

Gu v. BMW of North Am., LLC,
    132 Cal. App. 4th 195, 33 Cal. Rptr. 3d 617 (2005) ........................ 19, 21, 22

H & M Associates v. City of El Centro,
    109 Cal. App. 3d 399, 167 Cal. Rptr. 392 (1980) ......................................... 7

Hill v. Nat'l Collegiate Athletic Assn.,
    7 Cal. 4th 1, 26 Cal. Rptr. 2d 834 (1994) ..................................................... 6

Howard v. Am. Online,
    208 F.3d 741 (9th Cir. 2000) ......................................................................... 6

Jackson v. Carey,
    353 F.3d 750 (9th Cir. 2003) ......................................................................... 8

Jennifer M. v. Redwood Women's Health Center,
    88 Cal. App. 4th 81, 105 Cal. Rptr. 2d 544 (2001) ....................................... 9

Khoury v. Maly's,
    14 Cal. App. 4th 612, 17 Cal. Rptr. 2d 708 (1993) ..................................... 17

Kidron v. Movie Acquisition Corp.,
    40 Cal. App. 4th 1571, 47 Cal. Rptr. 2d 752 (1995) ..................................... 7

Kinsey v. Macur,
    107 Cal. App. 3d 265, 165 Cal. Rptr. 608 (1980) ......................................... 8

Korea Supply Co. v. Lockheed Martin Corp.,
    29 Cal. 4th 1134, 131 Cal. Rptr. 2d 29 (2003) ........................................... 18

KOVR–TV, Inc. v. Super. Ct.,
    31 Cal. App. 4th 1023, 37 Cal. Rptr. 2d 431 (1995) ................................... 12

Kwikset Corp. v. Super. Ct.,
    51 Cal. 4th 310, 120 Cal. Rptr. 3d 741 (2011) ........................................... 18

Loder v. City of Glendale,
    14 Cal. 4th 846, 59 Cal. Rptr. 2d 696 (1997) ............................................... 6

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

{00044508.DOC - v2}

-iv-
DEFENDANT ORACLE'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Madrid v. Perot Sys. Corp.,
130 Cal. App. 4th 440, 30 Cal. Rptr. 3d 210 (2005)....................................18

Melton v. Boustred,
183 Cal. App. 4th 521, 107 Cal. Rptr. 3d 481 (2010)..................................21

Moreno v. Sayre,
162 Cal. App. 3d 116, 208 Cal. Rptr. 444 (1984) ................................23, 24

Parsons v. Crown Disposal Co.,
15 Cal. 4th 456, 63 Cal. Rptr. 2d 291 (1997)...........................................20

Potter v. Firestone Tire & Rubber Co.,
6 Cal. 4th 965, 25 Cal. Rptr. 2d 550 (1993).......................................13, 19, 20

Redding v. Saint Francis Med. Ctr.,
208 Cal. App. 3d 98, 255 Cal. Rptr. 806 (1989) ..........................................18

Rowland v. Christian,
69 Cal. 2d 108, 70 Cal. Rptr. 97 (1968) .......................................................20

Safeco Ins. Co. v. J & D Painting,
17 Cal. App. 4th 1199, 21 Cal. Rptr. 2d 903 (1993)....................................22

Shulman v. Group W Productions, Inc.,
18 Cal. 4th 200, 74 Cal. Rptr. 2d 843 (1998) ...............................................8

Solano v. Playgirl, Inc.,
292 F.3d 1078 (9th Cir. 2002) .......................................................................8

Sprewell v. Golden State Warriors,
266 F.3d 979 (9th Cir. 2001) .........................................................................4

## STATUTES

15 U.S.C. § 1681a(f)......................................................................................12

15 U.S.C. § 1681b(a) .....................................................................................12

15 U.S.C. § 1681o(a) .....................................................................................12

Cal. Bus. & Prof. Code § 17204)...................................................................15

Cal. Civ. Code § 44........................................................................................10

Cal. Civ. Code §§ 45-46 ................................................................................10

Cal. Civ. Code §§ 1798, *et seq.* ....................................................................8

Cal. Civ. Code § 1798.53................................................................................8

Cal. Civ. Code § 1798.80(c) .........................................................................14

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

{00044508.DOC - v2}

1  Cal. Civ. Code § 1798.81.5(a) .................................................................13, 14

2  Cal. Civ. Code § 1798.84(b) ...........................................................................14

3  Cal. Civ. Code § 1798.85(a)(1) .........................................................................9

4  Cal. Evid. Code § 646(b) ................................................................................20

5  Fed. R. Civ. P. 12(b)(6) ....................................................................................4

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

{00044508.DOC - v2}

-vi-
DEFENDANT ORACLE'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

The Court's files are thick with heated rhetoric between plaintiffs, on the one hand, and defendant Orly Taitz, on the other. Whatever the merits of that dispute, plaintiffs' First Amended Complaint ("FAC") offers no cognizable basis to hold defendant Oracle Corporation liable. The U.S. Supreme Court has held that a complaint's allegations must be plausible, rather than simply possible. For this reason, a court must filter out implausible claims at the case's start to protect defendants from undue burden and harassment. Here, the FAC's claims against Oracle are implausible and should be dismissed.

Plaintiffs' allegations against Oracle are based on their theory that Orly Taitz must have obtained their "private data" from various databases managed by other defendants using Oracle's relational database software. Specifically, plaintiffs speculate that Taitz' husband is able to access those databases remotely and surreptitiously, and that he used his access improperly to procure private information about plaintiffs. This is precisely the type of implausible invention that cannot survive a motion to dismiss.

The FAC's deficiency is further evidenced by careful examination of the claims that plaintiffs have attempted to plead. Many of plaintiffs' claims are inapplicable to the "facts" that they allege. For example, Oracle cannot be held liable under Cal. Civ. Code § 1798.81.5, which only permits a California resident who is a customer of a business to sue for disclosure of personal information gathered in connection with a commercial transaction. Plaintiffs do not allege that they bought or leased anything from Oracle and, in any event, no plaintiff claims to reside in California.

The truth is that the FAC fails to allege facts sufficient to state a claim under any of plaintiffs' theories of relief. No legal theory—let alone one stated in the FAC—permits a plaintiff to hold Oracle liable for the "improper disclosure" of

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

1   information merely because the information is stored in a database that a third party

2   maintains using Oracle software.  Accordingly, Oracle respectfully requests that the

3   Court dismiss with prejudice all claims alleged against it.

4   **Summary of Relevant Allegations in the First Amended Complaint**

5   This action had been pending for more than two years when, on June 17,

6   2011, plaintiffs Lisa Liberi, Lisa M. Ostella, Go Excel Global, Philip J. Berg and

7   The Law Offices of Philip J. Berg filed a 170-page First Amended Complaint

8   alleging twenty claims against nineteen defendants.  (See Docket No. 231.)  The

9   gravamen of the FAC's allegations is that defendant Orly Taitz has harmed plaintiffs

10  by spreading false and damaging statements about them over the Internet, and by

11  publicly disseminating their "private data."  (See, e.g., FAC ¶¶ 1, 63.)

12  Defendant Oracle Corporation develops and markets enterprise software and

13  hardware products worldwide, including relational database software that enables

14  customers to manage, store and retrieve large volumes of data.  (See, e.g., FAC

15  ¶ 176.)  Using publicly-available information, third parties can create application

16  modules known as "data cartridges" to interface with and extend the capabilities of

17  Oracle's database software.[1]

18  Plaintiffs allege that defendant Daylight Chemical Information Systems, Inc.

19  ("Daylight CIS"), a company owned by Orly Taitz' husband (defendant Yosef

20  Taitz), authored and publicly distributes a data cartridge known as "DayCart."

21  (FAC ¶ 179.)  DayCart allegedly extends the capabilities of Oracle's database

22  software in a manner useful to businesses that develop and market chemicals and

23  pharmaceutical drugs.  (Id.[2])  Plaintiffs speculate that DayCart supposedly permits

---

[1]  See http://download.oracle.com/docs/cd/B10501_01/appdev.920/a96595/
dci01wht.htm.

[2]  See also http://www.daylight.com/products/daycart.html.  Plaintiffs speculate
that version "8i" of Oracle's database software incorporated code authored by
(footnote continued)

CRONE HAWKHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

{00044508.DOC - v2}

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

1   Mr. Taitz "to illegally interface back to his or any designated servers all the

2   information maintained on the databases" that are managed using Oracle database

3   software and that have implemented the DayCart data cartridge.  (FAC ¶ 179; see

4   also id. ¶¶ 178 & 180.)

5       Plaintiffs allege that defendant Reed Elsevier, Inc. and its affiliates (defined

6   as the "Reed Defendants" in the FAC), as well as defendant Intelius, Inc., use Oracle

7   software to manage various databases containing "private" information, in their

8   capacity as "consumer reporting agencies" subject to the U.S. Fair Credit Reporting

9   Act.  (See, e.g., FAC ¶¶ 149, 150, 176 & 179.)  The FAC offers the conclusory

10  allegation that Oracle, Mr. Taitz and Daylight CIS are "partners" (see FAC ¶¶ 176,

11  179 & 182), including with respect to the sale of "servers and operating systems to"

12  the Reed Defendants and Intelius.  (FAC ¶ 179.)

13      Plaintiffs further speculate that Mr. Taitz and Daylight CIS can surreptitiously

14  access databases maintained by the "Reed and Intelius Defendants," that they used

15  this access to obtain plaintiffs' private information, and that Mr. Taitz supposedly

16  shared the private information with his wife.[3]  (FAC ¶¶ 181-83; see also FAC

17  ¶¶ 145-74.)  Plaintiffs conclude that Oracle "at all times" must have known of its

18  database software's alleged vulnerability to such access.  (FAC ¶ 183.)  However,

19  plaintiffs nowhere contend in the FAC that Oracle knew Mr. Taitz and Daylight CIS

20  had sought or obtained plaintiffs' data, let alone that Oracle actively participated in

21  that alleged misconduct.

22  _____

23  Daylight CIS.  (See FAC ¶¶ 26, 27, 171, 176, 177 & 179.)  This implausible

24  allegation is supported by no facts whatsoever.

25      [3] Elsewhere in the FAC, plaintiffs allege a far more plausible source of this
    information:  defendants Neil Sankey, Todd Sankey and The Sankey Firm, Inc.
26  "obtain[ed] all Plaintiff Liberi and Ostella's private data" through their accounts
    with the Reed Defendants and Intelius, which they delivered to Orly Taitz.  (FAC
27  ¶¶ 67-68.)

28

-3-
DEFENDANT ORACLE'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

1

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

## Argument

**I.     THE FIRST AMENDED COMPLAINT IS NOT PLAUSIBLE ON ITS FACE BECAUSE IT FAILS TO ALLEGE FACTS THAT RISE ABOVE THE LEVEL OF MERE SPECULATION**

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted. <u>See</u> Fed. R. Civ. P. 12(b)(6).  The United States Supreme Court has made clear that, to survive a Rule 12 motion to dismiss, a complaint must plead "enough facts to state a claim for relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 554, 570, 127 S.Ct. 1955 (2007).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

The Supreme Court in <u>Iqbal</u> established a two-prong approach that a court must use to review the sufficiency of a complaint's allegations.  First, the court reviews the complaint and discounts any allegations that amount to little more than "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." <u>Iqbal</u>, 129 S.Ct. at 1949; <u>see</u> <u>also</u> <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001) (a court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").  Second, the court examines the remaining allegations to determine whether they "state a plausible claim for relief." <u>Iqbal</u>, 129 S.Ct. at 1950.  A claim is plausible, as opposed to merely possible, if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> at 1949.  In contrast, a claim alleging facts that are "merely consistent with a defendant's liability stops short of the line between possibility and plausibility of entitlement to relief," and is therefore subject to dismissal. <u>See</u> <u>id.</u>

1    As discussed more fully below, the FAC in this case rests entirely on

2  unsupported, conclusory statements about Oracle's alleged liability.  Plaintiffs'

3  theory of relief against Oracle is that Orly Taitz' husband supposedly can access,

4  remotely and surreptitiously, various databases that other defendants maintain using

5  Oracle software.  That implausible speculation cannot form the basis of a claim for

6  relief.  For example, the FAC fails to allege any factual basis for the conclusory

7  allegations that Oracle and Daylight CIS are "partners" or that Daylight CIS

8  technology is incorporated into Oracle's database software.  The failure to allege

9  specific facts—as opposed to speculative conclusions—compels dismissal of the

10  FAC against Oracle.  See Iqbal, 129 S.Ct. at 1949-50 (legal and factual conclusions

11  are insufficient to demonstrate that claims are "plausible").

12  **II.**    **THE FIRST, SECOND AND THIRD CLAIMS FAIL AS A MATTER**

13         **OF LAW BECAUSE ORACLE DID NOT BREACH PLAINTIFFS'**

14         **PRIVACY**

15      **A.**    **Plaintiffs Nowhere Allege Oracle's Participation in Orly Taitz'**

16           **Misconduct**

17    The first claim seeks relief on behalf of plaintiffs Liberi, Ostella and Berg for

18  invasion of privacy by way of alleged violations of the U.S. and California

19  Constitutions.  (See FAC ¶¶ 187-204.)  For example, these plaintiffs contend that all

20  defendants intentionally intruded on their "solitude, seclusion and private affairs" in

21  violation of "the Fourteenth Amendment due process right, recognized by the

22  Supreme Court as protecting a general right to privacy within family, marriage, and

23  motherhood."  (FAC ¶ 188.)

24    For the alleged violations of the U.S. Constitution, Oracle cannot be held

25  responsible because it is a private actor.  See Howard v. Am. Online, 208 F.3d 741,

26  754 (9th Cir. 2000).

27    For a violation of the California constitutional right to privacy, a plaintiff

28  must establish the following "threshold elements":  (1) a legally protected privacy

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

1   interest; (2) a reasonable expectation of privacy under the circumstances; and (3)

2   conduct by defendant constituting a serious invasion of privacy.[4]   Hill v. Nat'l

3   Collegiate Athletic Assn., 7 Cal. 4th 1, 39-40, 26 Cal. Rptr. 2d 834 (1994).  Even

4   assuming plaintiffs have adequately alleged the other elements of this claim, Oracle

5   is nowhere accused of conduct constituting a "serious invasion" of plaintiffs'

6   privacy.  Instead, it is Orly Taitz who allegedly breached plaintiffs' privacy

7   interests, with her husband's assistance.  See also id. at 37 ("Actionable invasions of

8   privacy must be sufficiently serious in their nature, scope, and actual or potential

9   impact to constitute an egregious breach of the social norms underlying the privacy

10  right.").  Plaintiffs' conclusory recitation (at ¶ 198 of the FAC) that Oracle engaged

11  in "willful and malicious acts" in violation of their right to privacy is insufficient as

12  a matter of law.[5]  See Iqbal, 129 S.Ct. at 1949 (a court must filter out "threadbare

13  recitals of the elements of a cause of action, supported by mere conclusory

14  statements").  So too is plaintiffs' allegation that Oracle purportedly engaged in the

15  "systematic violation" of various statutes.  (See FAC ¶ 199.)

16

17  _____

18     [4] If the plaintiff meets this preliminary test, the court then balances the
    justification for the conduct in question against the intrusion on privacy.  See Four

19  Navy Seals v. Associated Press, 413 F. Supp. 2d 1136, 1143 (S.D. Cal. 2005) (citing
    Loder v. City of Glendale, 14 Cal. 4th 846, 893, 59 Cal. Rptr. 2d 696 (1997)).

20
       [5] Significantly, plaintiffs nowhere allege (and could not truthfully allege in an
21  amended pleading) facts demonstrating that Oracle conspired to violate their right to
    privacy.  See H & M Associates v. City of El Centro, 109 Cal. App. 3d 399, 413,

22  167 Cal. Rptr. 392 (1980) (a complaint alleging conspiracy must plead:  (1) the
    formation and operation of the conspiracy; (2) the wrongful act or acts done

23  pursuant thereto; and (3) the damage resulting from such act or acts); see also

24  Kidron v. Movie Acquisition Corp., 40 Cal. App. 4th 1571, 1582, 47 Cal. Rptr. 2d

25  752 (1995) (the conspiring defendant "must also have actual knowledge that a tort is
    planned and concur in the tortious scheme with knowledge of its unlawful purpose";

26  "[k]nowledge of the planned tort must be combined with intent to aid in its

27  commission").

28

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

1   The only supposed "fact" alleged against Oracle is that it distributes software

2   purportedly used to manage the databases from which Mr. Taitz allegedly extracted

3   plaintiffs' private information.  See also Iqbal, 129 S.Ct. at 1950 (a complaint

4   alleging facts that are "merely consistent with a defendant's liability stops short of

5   the line between possibility and plausibility of entitlement to relief").  Even

6   assuming that Mr. Taitz exploited Oracle's technology via the "data cartridge" that

7   Daylight CIS allegedly developed, Oracle is nowhere accused of participating in the

8   acquisition and publication of plaintiffs' private information.  No legal theory

9   permits a plaintiff to hold Oracle liable for the "improper disclosure" of information

10  merely because the information is stored in a database that a third party maintains

11  using Oracle software.  It is also axiomatic that plaintiffs lack standing to sue Oracle

12  for alleged breaches of security suffered by the Reed Defendants and Intelius.

13  Therefore, the first claim for relief against Oracle should be dismissed, without

14  leave to amend.  See, e.g., Jackson v. Carey, 353 F.3d 750, 758 (9th Cir. 2003)

15  (dismissal without leave to amend is appropriate when the Court is satisfied that the

16  deficiencies of the complaint could not possibly be cured by amendment).

17  **B.**   **Plaintiffs' Duplicative Second and Third Claims Are Similarly**

18  **Deficient**

19      The second claim seeks relief on behalf of Liberi, Ostella and Berg for

20  alleged "public disclosure of private facts – invasion of privacy" (see FAC ¶¶ 205-

21  14), which requires proof of:  (1) a public disclosure; (2) of a private fact;

22  (3) offensive to a reasonable person; and (4) not a legitimate public concern.  See

23  Shulman v. Group W Productions, Inc., 18 Cal. 4th 200, 214, 74 Cal. Rptr. 2d 843

24  (1998).  Similarly, the third claim seeks relief on behalf of all plaintiffs for "false

25  light – invasion of privacy" (see FAC ¶¶ 215-25), which requires: (1) disclosure to

26  one or more persons information about or concerning plaintiff that was presented as

27  factual but that was actually false or created a false impression about plaintiff;

28  (2) the information was understood by one or more persons to whom it was

1   disclosed as stating or implying something highly offensive that would have a

2   tendency to injure plaintiff's reputation; (3) by clear and convincing evidence,

3   defendant acted with constitutional malice; and (4) plaintiff was damaged by the

4   disclosure.  See Solano v. Playgirl, Inc., 292 F.3d 1078, 1082 (9th Cir. 2002).

5         Each of these duplicative claims fails for the same reasons as plaintiffs' first

6   claim for relief.  Specifically, plaintiffs have failed to allege the existence of any

7   "disclosure" by Oracle.  See, e.g., Kinsey v. Macur, 107 Cal. App. 3d 265, 270, 165

8   Cal. Rptr. 608 (1980) (the tort of public disclosure of private facts "must be

9   accompanied by publicity in the sense of communication to the public").  Stated

10  differently, even if Oracle's database software were somehow "insecure"—which it

11  is not—Oracle itself did not access third-party databases for plaintiffs' "private

12  data," did not disclose that data to the public, and did not act with "malice."

13        Accordingly, the Court should dismiss the second and third claims against

14  Oracle, without leave to amend.

15  **III.   THE FIFTH CLAIM FAILS AS A MATTER OF LAW BECAUSE**

16  **PLAINTIFFS DO NOT ALLEGE THAT ORACLE VIOLATED**

17  **CALIFORNIA'S INFORMATION PRACTICES ACT**

18        By their fifth claim (see FAC ¶¶ 239-47), plaintiffs Liberi and Ostella seek

19  relief for alleged violations of California's Information Practices Act.  See Cal. Civ.

20  Code §§ 1798, et seq.  That statute only permits suit against a person "who

21  intentionally discloses information, not otherwise public, which they know or should

22  reasonably know was obtained from personal information maintained by a state

23  agency or from 'records' within a 'system of records' … maintained by a federal

24  government agency…."  Cal. Civ. Code § 1798.53; see also Jennifer M. v. Redwood

25  Women's Health Center, 88 Cal. App. 4th 81, 89, 105 Cal. Rptr. 2d 544 (2001)

26  ("[o]n its face, the Information Practices Act is aimed at barring or limiting the

27  dissemination of confidential personal information—and preventing the misuse of

28  such information—by government agencies").  Here, Liberi and Ostella have failed

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

{00044508.DOC - v2}

-8-

1    to allege that Oracle ever disseminated their non-public "personal information" or

2    that Oracle knew or should have reasonably known that such information originated

3    with a state or federal government agency.  Accordingly, the Court should dismiss

4    the fifth claim against Oracle, without leave to amend.

5    **IV.    THE SIXTH CLAIM FAILS AS A MATTER OF LAW BECAUSE**

6    **ORACLE NEVER POSSESSED OR PUBLICLY DISCLOSED**

7    **PLAINTIFFS' SOCIAL SECURITY NUMBERS**

8         The sixth claim alleged by Liberi and Ostella seeks relief pursuant to <u>Cal.</u>

9    <u>Civ. Code</u> § 1798.85(a)(1), which states that a person may not "[p]ublicly post or

10   publicly display in any manner an individual's social security number."  (<u>See</u> FAC

11   ¶¶ 248-64.)  Among other things, Liberi and Ostella seek "civil penalties [of] up to

12   Three Billion Dollars" from the defendants on this claim.[6]  (FAC ¶ 262.)

13        The conclusory allegation that "[a]ll Defendants directly participated in the

14   illegal access of and distribution of Plaintiffs Liberi and Ostella's private

15   confidential information" (<u>see</u> FAC ¶ 255) does not give rise to a claim for relief

16   against Oracle.  <u>See Iqbal</u>, 129 S.Ct. at 1949.  The FAC does not allege that Oracle

17   ever possessed Liberi's or Ostella's social security numbers, let alone that an Oracle

18   employee "publicly posted" or "publicly displayed" them.  <u>See</u> <u>Cal. Civ. Code</u>

19   § 1798.85(a)(1) ("'Publicly post' or 'publicly display' means to intentionally

20   communicate or otherwise make available to the general public.").  Instead, the FAC

21   only alleges that Orly Taitz did so.  (<u>See, e.g.</u>, FAC ¶¶ 63-70.)

22        Accordingly, the Court should dismiss the sixth claim against Oracle, without

23   leave to amend.

24   _____

25        [6] The FAC cites <u>Cal. Civ. Code</u> § 1798.84(c) in support of that claim for

26   damages, which, by its own terms, only applies to violations of <u>Cal. Civ. Code</u>

27   § 1798.83 (pertaining to disclosure of information for "direct marketing purposes"),
     and not to violations of <u>Cal. Civ. Code</u> § 1798.85.

28

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

V.   **THE EIGHTH CLAIM FAILS AS A MATTER OF LAW BECAUSE ORACLE NEVER PUBLISHED ANY DEFAMATORY STATEMENT ABOUT ANY PLAINTIFF**

Plaintiffs' eighth claim seeks relief for alleged "defamation *per se*, slander and libel *per se*." (FAC ¶¶ 281-300.) Slander and libel are each a species of defamation. See Cal. Civ. Code § 44. The elements of a defamation claim are: (1) a false statement of fact; (2) that is intentionally published; (3) of or concerning plaintiff; (4) that is unprivileged; and (5) has a natural tendency to injure or which causes special damage. See, e.g., Gilbert v. Sykes, 147 Cal. App. 4th 13, 27, 53 Cal. Rptr. 3d 752 (2007).

As plaintiffs concede (see FAC ¶¶ 282-83), both slander and libel require, among other things, proof of a "false and unprivileged publication" by Oracle. See also Cal. Civ. Code §§ 45-46. Nonetheless, the FAC nowhere alleges that Oracle published a false statement of fact concerning any plaintiff, at any time. Instead, plaintiffs' principal contention in the FAC is that Orly Taitz published various false statements about them. (See, e.g., FAC ¶¶ 285-89.) Oracle cannot be held liable for alleged defamatory statements that third parties publish merely because information in those statements was supposedly obtained from databases that other third parties manage using Oracle software.

Accordingly, the Court should dismiss the eighth claim against Oracle, without leave to amend.

VI.  **THE NINTH CLAIM FAILS AS A MATTER OF LAW BECAUSE ORACLE IS NOT ALLEGED TO HAVE ENGAGED IN "EXTREME AND OUTRAGEOUS CONDUCT" LET ALONE CONDUCT THAT PROXIMATELY CAUSED PLAINTIFFS' HARM**

Plaintiffs' ninth claim seeks relief for alleged "intentional infliction of emotional and mental distress." (See FAC ¶¶ 301-14.) This claim requires proof of: (1) extreme and outrageous conduct by the defendant with the intention of causing,

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

1   or reckless disregard of the probability of causing, emotional distress; (2) the

2   plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's injuries

3   were actually and proximately caused by the defendant's outrageous conduct. See

4   Cochran v. Cochran, 65 Cal. App. 4th 488, 494, 76 Cal. Rptr. 2d 540 (1998). For

5   conduct to be outrageous, it "'must be so extreme as to exceed all bounds of that

6   usually tolerated in a civilized community.'" KOVR–TV, Inc. v. Super. Ct., 31 Cal.

7   App. 4th 1023, 1028, 37 Cal. Rptr. 2d 431 (1995) (quoting Cervantez v. J.C. Penney

8   Co., 24 Cal. 3d 579, 593, 156 Cal. Rptr. 198 (1979)).

9        Whatever the sufficiency of plaintiffs' claims against Orly Taitz, the FAC

10  fails to allege facts demonstrating that Oracle itself engaged in "extreme and

11  outrageous" conduct, let alone that Oracle did so with the intention of causing

12  plaintiffs harm. Even if Oracle had "partnered" with Daylight CIS to sell database

13  software products to the Reed Defendants and Intelius, it would not have constituted

14  conduct "so extreme as to exceed all bounds of that usually tolerated in a civilized

15  community," as a matter of law. See Cochran, 65 Cal. App. 4th at 494 ("the

16  appellate courts have affirmed orders which sustained demurrers on the ground that

17  the defendant's alleged conduct was not sufficiently outrageous"). Specifically,

18  "[b]ehavior may be considered outrageous if the defendant '(1) abuses a relation or

19  position which gives him power to damage the plaintiff's interest; (2) knows the

20  plaintiff is susceptible to injuries through mental distress; or (3) acts intentionally or

21  unreasonably with the recognition that the acts are likely to result in illness through

22  mental distress.'" Chaconas v. JP Morgan Chase Bank, 713 F. Supp. 2d 1180,

23  1187-88 (S.D. Cal. 2010) (quoting Fermino v. Fedco, Inc., 7 Cal. 4th 701, 713, 30

24  Cal. Rptr. 2d 18 (1994)). The FAC is devoid of any such allegations against Oracle,

25  and the ninth claim fails for this reason alone.

26       In addition, plaintiffs have failed to allege facts supporting any theory that

27  their harm was proximately caused by Oracle's supposed "outrageous" conduct. In

28  fact, "'[t]he law limits claims of intentional infliction of emotional distress to

1  egregious conduct *toward plaintiff* proximately caused by defendant.'"  <u>Potter v.</u>

2  <u>Firestone Tire & Rubber Co.</u>, 6 Cal. 4th 965, 1001, 25 Cal. Rptr. 2d 550 (1993)

3  (quoting <u>Christensen v. Super. Ct.</u>, 54 Cal. 3d 868, 905, 2 Cal. Rptr. 2d 79 (1991))

4  (emphasis in original).  Thus, "'[i]t is not enough that the conduct be intentional and

5  outrageous.  It must be conduct directed at the plaintiff, or occur in the presence of a

6  plaintiff of whom the defendant is aware.'"  <u>Id.</u> (quoting <u>Christensen</u>, 54 Cal. 3d at

7  903).  Here, plaintiffs have not alleged, and could not allege, that Oracle committed

8  actionable misconduct "directed" at any plaintiff with the intention of causing them

9  emotional distress.

10        Accordingly, the Court should dismiss the ninth claim against Oracle, without

11  leave to amend.

12  **VII.  THE FOURTEENTH CLAIM FAILS AS A MATTER OF LAW**

13        **BECAUSE ORACLE IS NOT A "CONSUMER REPORTING**

14        **AGENCY" UNDER THE FAIR CREDIT REPORTING ACT**

15        The fourteenth claim seeks relief on behalf of Liberi and Ostella for alleged

16  negligent non-compliance with the U.S. Fair Credit Reporting Act ("FCRA"), citing

17  15 U.S.C. §§ 1681b & 1681o.  (<u>See</u> FAC ¶¶ 353-364.)  Section 1681b regulates the

18  disclosure of "a consumer report" by a "consumer reporting agency."  <u>See</u> 15 U.S.C.

19  § 1681b(a).  Section 1681o recites a private right of action for negligent non-

20  compliance with the regulations established elsewhere in the FCRA statute.  <u>See</u> 15

21  U.S.C. § 1681o(a).  Plaintiffs do not allege (and could not allege in an amended

22  pleading) that Oracle is a "consumer reporting agency" as contemplated by FCRA.

23  <u>See</u> 15 U.S.C. § 1681a(f) (defining "consumer reporting agency" as meaning "any

24  person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly

25  engages in whole or in part in the practice of assembling or evaluating consumer

26  credit information or other information on consumers for the purpose of furnishing

27  consumer reports to third parties, and which uses any means or facility of interstate

28  commerce for the purpose of preparing or furnishing consumer reports").

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

{00044508.DOC - v2}

Instead, here again, plaintiffs merely theorize that Oracle negligently permitted Mr. Taitz to access databases maintained by other defendants and failed to "ensure the confidentiality of Plaintiffs information."  (See FAC ¶¶ 358-59.)  That unsupported conclusion hardly suffices to render Oracle somehow jointly and severally liable for those defendants' purported liability under FCRA.  See, e.g., Arikat v. JP Morgan Chase & Co., 430 F. Supp. 2d 1013, 1024-25 (N.D. Cal. 2006) (dismissing FCRA claim where plaintiffs "neither allege that defendants are credit reporting agencies or users or furnishers of credit information nor make it clear how their complaints give rise to a claim under the FCRA"); Davis v. Regional Acceptance Corp., 300 F. Supp. 2d 377, 385 (E.D. Va. 2002) ("[T]here is no allegation that [defendant] is a consumer reporting agency subject to the provisions in § 1681b of the FCRA.  Therefore, the claim that [defendant] violated § 1681b as set forth in Count II should be dismissed.").  Because Oracle is not a "consumer reporting agency" subject to FCRA regulations, the Court should dismiss the fourteenth claim against Oracle, without leave to amend.

## VIII. THE SEVENTEENTH CLAIM FAILS AS A MATTER OF LAW BECAUSE PLAINTIFFS DO NOT RESIDE IN CALIFORNIA AND ORACLE DOES NOT STORE THEIR PRIVATE INFORMATION

The seventeenth claim seeks relief on behalf of Liberi and Ostella for alleged violations of various California statutes codified at Cal. Civ. Code §§ 1798, et seq. (See FAC ¶¶ 381-89.)  To the extent this claim relies upon Cal. Civ. Code §§ 1798.53 and 1798.85 (see, e.g., FAC ¶ 386), it is duplicative of the fifth and sixth claims for relief and should be dismissed for the reasons set forth in Sections III and IV above.

In addition, plaintiffs assert that Oracle is somehow liable under Cal. Civ. Code § 1798.81.5, which mandates that businesses operating in California must undertake reasonable steps to maintain the security of confidential information pertaining to California residents.  See, e.g., Cal. Civ. Code § 1798.81.5(a) ("It is the

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

1   intent of the Legislature to ensure that personal information about California

2   residents is protected."). However, Liberi and Ostella claim to reside in New

3   Mexico and New Jersey, respectively. (See FAC ¶¶ 4 & 8.) Therefore, the statutory

4   provisions that they cite do not apply to them.

5          Section 1798.81.5 is inapplicable for the additional reason that the FAC

6   nowhere alleges that Oracle maintains either Liberi's or Ostella's personal

7   information, in a database or otherwise. See, e.g., Cal. Civ. Code § 1798.81.5(a)

8   ("[T]he purpose of this section is to encourage businesses that own or license

9   personal information about Californians to provide reasonable security for that

10  information."). Instead, the speculative theory advanced throughout the FAC is that

11  Mr. Taitz obtained Liberi's and Ostella's private information from databases owned

12  by the Reed Defendants and Intelius.

13         In any event, the statute that Liberi and Ostella cite provides a private right of

14  action only to a "customer," which is defined as someone who previously provided

15  "personal information to a business for the purpose of purchasing or leasing a

16  product or obtaining a service from the business." See Cal. Civ. Code §§ 1798.80(c)

17  & 1798.84(b).[7] Neither Liberi nor Ostella alleges that she was ever a customer of

18  Oracle.

19         Accordingly, the Court should dismiss the seventeenth claim against Oracle,

20  without leave to amend.

21

22

23

24

_____

25  [7] Plaintiffs also cite Cal. Civ. Code § 1798.83, which regulates the disclosure of

26  consumer information to third-party direct marketing agencies. Even if plaintiffs had alleged such disclosure—which they have not—the claim would remain barred

27  because they lack standing under section 1798.84(b).

28

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

{00044508.DOC - v2}

DEFENDANT ORACLE'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

## IX. <u>THE EIGHTEENTH CLAIM FAILS AS A MATTER OF LAW BECAUSE PLAINTIFFS DO NOT ALLEGE ANY ELEMENT OF A STATUTORY UNFAIR COMPETITION CLAIM</u>

The eighteenth claim seeks relief on behalf of Liberi and Ostella for alleged statutory unfair competition, in violation of <u>Cal. Bus. & Prof. Code</u> §§ 17200, *et seq.* (<u>See</u> FAC ¶¶ 390-397.)  Section 17200 prohibits any "unlawful, unfair, or fraudulent business act or practice …."  However, a Section 17200 claim "must state with reasonable particularity the facts supporting the statutory elements of the violation." <u>Khoury v. Maly's</u>, 14 Cal. App. 4th 612, 619, 17 Cal. Rptr. 2d 708 (1993) (affirming dismissal of unfair competition claim where complaint identified "no particular section of the statutory scheme that was violated and fail[ed] to describe with any reasonable particularity the facts supporting the violation"); <u>see also</u> <u>Bardin v. DaimlerChrysler Corp.</u>, 136 Cal. App. 4th 1255, 1271, 39 Cal. Rptr. 3d 634 (2006) (dismissal of a Section 17200 claim on the pleadings is proper if the plaintiff is unable "to plead facts to show [the defendant] engaged in an unfair business practice"); <u>id.</u> at 1275 (affirming dismissal of Section 17200 claim based on the fraud prong of the statute because the operative complaint had failed to plead "any facts showing the basis for" the conclusion that "the public would likely be deceived").  The FAC nowhere describes what was supposedly "fraudulent" or "unfair" about Oracle's conduct.  Plaintiffs also cannot rely on their invalid allegations of other statutory violations, as discussed at length above.

Moreover, Liberi and Ostella lack standing to pursue a Section 17200 claim because "only those private persons 'who [have] suffered injury in fact and [have] lost money or property' may sue to enforce the unfair competition and false advertising laws."  <u>Branick v. Downey Sav. and Loan Ass'n</u>, 39 Cal. 4th 235, 240, 46 Cal. Rptr. 3d 66 (2006) (quoting <u>Cal. Bus. & Prof. Code</u> § 17204); <u>see also</u> <u>Kwikset Corp. v. Super. Ct.</u>, 51 Cal. 4th 310, 324-26, 120 Cal. Rptr. 3d 741 (2011)

1  (same).  The FAC does not allege that either Liberi or Ostella suffered economic

2  injury as a result of unfair competition by Oracle.

3       Finally, the relief requested pursuant to Section 17200 is unrecoverable as a

4  matter of law.  Liberi and Ostella seek disgorgement of Oracle's "unjust

5  enrichment" and an award of damages.  (See FAC ¶¶ 394 & 397.)  However, the

6  FAC does not identify any sums that either Liberi or Ostella paid Oracle.  It is well-

7  established that a Section 17200 plaintiff cannot obtain non-restitutionary

8  disgorgement or an award of damages.  See Korea Supply Co. v. Lockheed Martin

9  Corp., 29 Cal. 4th 1134, 1152, 131 Cal. Rptr. 2d 29 (2003).  There also is nothing

10  for the Court to enjoin.  See Madrid v. Perot Sys. Corp., 130 Cal. App. 4th 440, 465,

11  30 Cal. Rptr. 3d 210 (2005) (Section 17200 injunctive relief "requires a threat that

12  the misconduct to be enjoined is likely to be repeated in the future"); Redding v.

13  Saint Francis Med. Ctr., 208 Cal. App. 3d 98, 107, 255 Cal. Rptr. 806 (1989)

14  (rejecting argument that a "less stringent standard" applies to requests for

15  preliminary injunction brought under Section 17200).

16       Accordingly, the Court should dismiss the eighteenth claim against Oracle,

17  without leave to amend.

18  **X.    THE NINETEENTH CLAIM FAILS AS A MATTER OF LAW**

19       **BECAUSE ORACLE OWED NO DUTY TO GUARD AGAINST**

20       **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

21       The nineteenth claim seeks relief on behalf of Liberi and Ostella for alleged

22  "negligent infliction of emotional and mental distress."  (See FAC ¶¶ 398-416.)  The

23  law of negligent infliction of emotional distress in California is typically analyzed

24  by reference to two theories of recovery:  the "bystander" theory and the "direct

25  victim" theory.  Burgess v. Super. Ct., 2 Cal. 4th 1064, 1071, 9 Cal. Rptr. 2d 615

26  (1992).  The "bystander" theory is wholly inapposite because it only applies when a

27  plaintiff seeks to recover damages for serious emotional distress suffered as a result

28  of an injury to a close family member.  See Gu v. BMW of North Am., LLC, 132

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

1   Cal. App. 4th 195, 204, 33 Cal. Rptr. 3d 617 (2005).  With respect to the "direct

2   victim" theory, the California Supreme Court has emphasized that "there is no

3   independent tort of negligent infliction of emotional distress." Potter, 6 Cal. 4th at

4   984.  Instead, "the tort is negligence, a cause of action in which duty to the plaintiff

5   is an essential element." Id.  Stated differently, "[n]egligent infliction of emotional

6   distress is not an independent tort; it is the tort of negligence to which the traditional

7   elements of duty, breach of duty, causation, and damages apply." Ess v. Eskaton

8   Properties, Inc., 97 Cal. App. 4th 120, 126, 118 Cal. Rptr. 2d 240 (2002).

9       **A.    Plaintiffs Fail to Allege the Existence of a Cognizable Duty**

10          Whether there exists a legal duty of care "is a question of law to be

11   determined on a case-by-case basis." Parsons v. Crown Disposal Co., 15 Cal. 4th

12   456, 472, 63 Cal. Rptr. 2d 291 (1997).  However, "there is no duty to avoid

13   negligently causing emotional distress to another ...." Potter, 6 Cal. 4th at 984.

14   Thus, "unless the defendant has assumed a duty to plaintiff in which the emotional

15   condition of the plaintiff is an object, recovery is available only if the emotional

16   distress arises out of the defendant's breach of some other legal duty and the

17   emotional distress is proximately caused by that breach of duty." Id. at 985.  A legal

18   duty "may be imposed by law, be assumed by the defendant, or exist by virtue of a

19   special relationship." Id.

20          First, a court should consider several factors in deciding whether the law

21   imposes a duty, including:

22              [T]he forseeability of harm to the plaintiff, the degree of

23              certainty that plaintiff suffered injury, the closeness of the

24              connection between the defendant's conduct and the injury

25              suffered, the moral blame attached to defendant's conduct, the

26              policy of preventing future harm, the extent of the burden to the

27              defendant and the consequences to the community of imposing

28              a duty to exercise care with resulting liability for breach, and

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

{00044508.DOC - v2}

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

1     the availability, cost, and prevalence of insurance for the risk

2     involved.

3   <u>Burgess</u>, 2 Cal. 4th at 1079-80 (citing <u>Rowland v. Christian</u>, 69 Cal. 2d 108, 70 Cal.

4   Rptr. 97 (1968)).  Here, the FAC fails to state facts demonstrating that Liberi's and

5   Ostella's claimed harm was foreseeable as a result of Oracle's alleged knowledge of

6   Mr. Taitz' and Daylight CIS' "nefarious scripting."  (FAC ¶ 401.)  It is axiomatic

7   that, "[t]o support a duty, foreseeability of harm must be reasonable."  <u>Friedman v.</u>

8   <u>Merck & Co.</u>, 107 Cal. App. 4th 454, 465, 131 Cal. Rptr. 2d 885 (2003).  Plainly,

9   Oracle could not have foreseen that (a) its database software would be remotely

10   accessed by Mr. Taitz at various customer locations, (b) Mr. Taitz would then use

11   that access to obtain plaintiffs' "private information," and (c) Orly Taitz would then

12   use that information to defame plaintiffs and otherwise allegedly cause them harm.

13   Because the alleged harm to Liberi and Ostella was far from foreseeable to Oracle,

14   the Court need not reach the remaining <u>Rowland</u> factors.[8]  <u>See</u>, <u>e.g.</u>, <u>Melton v.</u>

15   <u>Boustred</u>, 183 Cal. App. 4th 521, 541, 107 Cal. Rptr. 3d 481 (2010) (finding no duty

16   as a matter of law where plaintiffs alleged that defendant should have known he was

17   inviting dangerous individuals to his home, who subsequently attacked plaintiffs);

18   <u>Greenberg v. Super. Ct.</u>, 172 Cal. App. 4th 1339, 1349-52, 92 Cal. Rptr. 3d 96

19

20

---

21     [8] Even if plaintiffs could demonstrate proximate causation, the mere presence of

22   foreseeable risk is an insufficient basis on which to impose a duty.  <u>See</u> <u>Gu</u>, 132 Cal. App. 4th at 208 (citing <u>Bily v. Arthur Young & Co.</u>, 3 Cal. 4th 370, 399, 11 Cal.

23   Rptr. 2d 51 (1992)); <u>see</u> <u>also</u> <u>Ess</u>, 97 Cal. App. 4th at 126 ("with respect to the

24   negligent infliction of emotional distress, our Supreme Court has held that

25   foreseeability of harm alone is not a useful guideline or meaningful restriction on the scope of the action").  Among other things, there is only the remotest connection

26   between Oracle's alleged conduct and the injury plaintiffs claim to have suffered;

27   nor is there any "moral blame" attached to Oracle's alleged conduct.  <u>See</u> <u>Burgess</u>, 2 Cal. 4th at 1079-80.

28

1   (2009) (no duty owed by defendant psychiatrist to neighbors of his patient, where

2   the patient shot two members of neighbors' immediate family).

3          Second, plaintiffs do not allege facts demonstrating that Oracle "assumed a

4   duty" to them.  For example, Oracle never entered into a contract with Liberi or

5   Ostella that obligated Oracle to guard against negligent disclosure of their "private

6   information."

7          Third, plaintiffs do not allege a "special relationship" between them and

8   Oracle.  The special relationships that the California Supreme Court has deemed

9   sufficient to give rise to a duty of care are "clearly related to the plaintiff's mental or

10  emotional well-being." Gu, 132 Cal. App. 4th at 207.  Thus, "[c]ases permitting

11  recovery for emotional distress typically involve mental anguish stemming from

12  more personal undertakings the traumatic results of which were unavoidable."

13  Erlich v. Menezes, 21 Cal. 4th 543, 559, 87 Cal. Rptr. 2d 886 (1999).  There is no

14  "personal" relationship between Oracle and Liberi or Ostella, and plaintiffs have not

15  attempted to allege one. See id. (collecting cases and concluding that recovery for

16  negligent infliction of emotional distress is recoverable, for example, "when the

17  express object of [a] contract is the mental and emotional well-being of one of the

18  contracting parties").

19          **B.    Plaintiffs Fail to Allege Proximate Causation**

20          In any event, the FAC also fails to state facts demonstrating proximate

21  causation.  Even if Oracle had enabled Mr. Taitz to access various databases

22  maintained by other defendants, and even if that "negligence" had breached some

23  duty to Liberi or Ostella, the FAC makes clear that it is Orly Taitz' subsequent use

24  of that information which proximately caused their alleged harm. See, e.g., FAC

25  ¶ 403; Safeco Ins. Co. v. J & D Painting, 17 Cal. App. 4th 1199, 1204, 21 Cal. Rptr.

26  2d 903 (1993) ("A superseding cause utterly unrelated to the defendant's negligence

27  breaks the chain of proximate causation and is a bar to recovery.").

28

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

1   Accordingly, the Court should dismiss the nineteenth claim against Oracle,

2   without leave to amend.

3   **XI.   THE TWENTIETH CLAIM FAILS AS A MATTER OF LAW**

4   **BECAUSE PLAINTIFFS HAVE NOT ALLEGED THE**

5   **APPLICABILITY OF RES IPSA LOQUITUR**

6   The twentieth claim seeks relief on behalf of Liberi and Ostella for alleged

7   "res ipsa loquitor [*sic*] negligence."  (See FAC ¶¶ 417-423.)  Res ipsa loquitur is "a

8   rule of evidence allowing an inference of negligence from proven facts … where

9   there is no direct evidence of defendant's conduct, permitting a common sense

10   inference of negligence from the happening of the accident."  Gicking v. Kimberlin,

11   170 Cal. App. 3d 73, 75, 215 Cal. Rptr. 834 (1985); see also Cal. Evid. Code

12   § 646(b) ("The judicial doctrine of res ipsa loquitur is a presumption affecting the

13   burden of producing evidence.").  Application of the doctrine "requires three factual

14   conditions:  (1) the accident must be of a kind which ordinarily does not occur in the

15   absence of someone's negligence; (2) it must be caused by an agency or

16   instrumentality within the exclusive control of the defendant; [and] (3) it must not

17   have been due to any voluntary action or contribution on the part of the plaintiff."

18   Moreno v. Sayre, 162 Cal. App. 3d 116, 123-24, 208 Cal. Rptr. 444 (1984).

19   Plaintiffs have failed to plead at least the first and second of these elements.

20   First, the FAC contends that Orly Taitz published plaintiffs' "private

21   information" as well as defamatory statements about them on the Internet.

22   Plaintiffs' additional contention that Mr. Taitz must have obtained the "private

23   information" from databases managed by the Reed Defendants and Intelius hardly

24   constitutes an "accident" that "ordinarily does not occur in the absence of someone's

25   negligence."  See, e.g., Ashland v. Ling-Temco-Vought, Inc., 711 F.2d 1431, 1437-

26   38 (9th Cir. 1983) (doctrine considered in the context of an aviation disaster);

27   Moreno, 162 Cal. App. 3d at 124 (doctrine considered where employee suffered

28   severe injury caused by machine in the workplace).

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

{00044508.DOC - v2}

-20-

DEFENDANT ORACLE'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Second, the FAC does not allege that Liberi or Ostella suffered harm caused by an agency or instrumentality within Oracle's "exclusive control." See Moreno, 162 Cal. App. 3d at 125 ("The doctrine cannot be invoked to establish the conditions precedent to its invocation, to wit, the identity of the instrumentality and the defendant's control thereof."). The FAC merely states that Oracle allegedly "had a duty to ensure their servers which were provided to companies … were free from vulnerabilities." (FAC ¶ 419.) By contrast, throughout the FAC, Liberi and Ostella allege that their private information was obtained from databases within the control of the Reed Defendants and Intelius. Likewise, the development and alleged implementation of Daylight CIS' DayCart "data cartridge" was indisputably beyond Oracle's "exclusive control."

Accordingly, the Court should dismiss the twentieth claim against Oracle, without leave to amend.

### Conclusion

For the foregoing reasons, Oracle respectfully requests that the Court grant its motion and dismiss plaintiffs' claims against Oracle alleged in the First Amended Complaint, without leave to amend.

DATED: August 8, 2011        CRONE HAWXHURST LLP


By_____/s/_____
        Daryl M. Crone
        Attorneys for Defendant
        Oracle Corporation

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195