Philip J. Berg, Esquire
Pennsylvania I.D. 9867
**LAW OFFICES OF PHILIP J. BERG**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Telephone: (610) 825-3134
E-mail: philjberg@gmail.com          *Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA,
# SOUTHERN DIVISION

| | |
|---|---|
| LISA LIBERI, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> ORLY TAITZ, et al, <br><br> Defendants. | CIVIL ACTION NUMBER: <br><br> **8:11-cv-00485-AG (AJW)** <br><br> **PLAINTIFFS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR OPPOSITION TO DEFENDANT YOSEF TAITZ'S MOTION TO STRIKE** <br><br> Date of Hearing: August 29, 2011 <br> Time of Hearing: 10:00 a.m. <br> Location:  Courtroom 10D |

**I.     INTRODUCTION**

1.     Defendant Yosef Taitz ["Mr. Taitz"] filed a Motion to Dismiss Plaintiffs First Amended Complaint ["FAC"] and concurrently therewith filed a Motion to Strike portions of Plaintiffs FAC, in particular Plaintiffs Prayer for Relief.

2.      The premature motion by Defendant Yosef Taitz to strike portions of Plaintiffs, Lisa Liberi, Lisa Ostella, Go Excel Global, Philip J. Berg, Esquire and the Law Offices of Philip J. Berg ["Plaintiffs"] Complaint serves little purpose but to waste the parties' time and money arguing over just a few innocuous words instead of proceeding with this case on its merits.

3.      Plaintiffs in their Complaint reserved their potential rights to all remedies provided for under applicable substantive law, including injunctive relief, actual and statutory damages, attorneys' fees, costs and the like. However, Mr. Taitz in his individual capacity is already asking the Court to rush to judgment on Plaintiffs' legal entitlement to certain such remedies at the pleading stage without the aid of any factual proof whatsoever—let alone even commencing discovery.

4.      It is inappropriate for Defendants to invoke Rule 12(f) of the Federal Rules of Civil Procedure, which only affords District Court's discretion to strike "redundant, immaterial, impertinent, or scandalous matter," to attack Plaintiffs' substantive entitlement to any remedies. Defendants will suffer no prejudice simply because some words reside on a page in Plaintiffs' pleadings.

5.      For the reasons outlined herein, Defendant Yosef Taitz's Motion to Strike must be denied.

//
//
//
//

# ARGUMENT

## II. THE DISTRICT COURT'S REVIEW OF A MOTION TO STRIKE PURSUANT TO *FED. R. CIV. P.* 12(f)

6. Just like a Motion to Dismiss pursuant to *Fed. R. Civ. P.* 12(b), our Courts view the pleadings under attack in Motions to Strike in the light most favorable to the pleader. <u>Lazar v. Trans Union LLC</u>, 195 F.R.D. 665, 669 (C.D. Cal. 2000). "The grounds for a motion to strike must appear on the face of the pleading under attack, or from matters which the Court may take judicial notice." <u>Sherman v. Stryker Corp.</u>, 2009 WL 2241664 (C.D. Cal. March 30, 2009), at *10.

7. Striking a party's pleadings is an extreme measure and are "generally disfavored," and "generally **not** granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of litigation." <u>Shabaz v. Polo Ralph Lauren Corp.</u>, 586 F. Supp. 2d 1205, 1209 (C.D. Cal. 2008) (internal citations omitted) (internal quotations omitted).

8. "Rule 12(f) motions are generally disfavored because they are often used as delaying tactics, and because of the limited importance of pleadings in federal practice." <u>Bureerong v. Uvawas</u>, 922 F.Supp. 1450, 1478 (C.D. Cal. 1996) (citation and quotations omitted). Accordingly, a motion to strike matter from a pleading "will be granted only if it is clear that the matter will have no bearing on the controversy before the Court." <u>RDF Media Ltd. v. Fox Broadcasting Co.</u>, 372 F.Supp.2d 556, 566 (C.D. Cal. 2005).

9. For the reasons outlined herein, Defendant Yosef Taitz's Motion must be denied.

### III. DEFENDANT YOSEF TAITZ'S MOTION TO STRIKE HIS ADDRESS FROM THE COMPLAINT

10. Defendant Yosef Taitz moves to strike his address claiming that his home address is cited in Plaintiffs FAC pertaining to Defendant Orly Taitz and from the pleadings there is no question the parties are married and live together. [Def. Mr. Taitz Motion to Strike, page 3, ¶A]. Plaintiffs disagree.

11. Just because parties appear to be married, or share a last name, does **not** mean they share the same residence.

12. Defendant Yosef Taitz's address is material to the within litigation. Mr. Taitz's argument pertaining to his home address is petty, a waste of judicial resources, a waste of Plaintiffs time in responding and only meant to cost Plaintiffs substantial litigation fees in responding to his frivolous pleading. For these reasons, Mr. Taitz's Motion to Strike must be denied.

### IV. NO PART OF PLAINTIFFS PRAYER FOR RELIEF SHOULD BE STRICKEN

13. Motions to Strike empower a District Court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent or scandalous matter", *Fed. R. Civ. P.* 12(f). Prayers for Relief do **not** fall within the categories outlined in the *Fed. R. of Civ. P.* 12(f), even where certain remedies are **not**

available as a matter of law. *Com. of Mass. ex rel. Bellotti v. Russell Stover Candies Inc.*, 541 F.Supp. 143, 145 (D.C. Mass. 1982) (motion to strike request for award of expenses and costs denied even though statute relied upon did **not** authorize Court to make such award).

14. As our Court's have held, "The relief provided for the various claims will be determined if any entitlement to remedies is proved." *Delano Farms Co. v. California Table Grape Comn'n*, 623 F.Supp.2d 1144, 1183 (E.D. Cal. 2009). Because, "the prayer for relief section is not a substantive part of the pleading," striking prayers for certain types of relief is therefore **not** the proper subject of a Motion to Strike. *Id.* Rather, the appropriate time for the Court to evaluate available remedies is *after* discovery, usually in connection with summary judgment/adjudication motions or prior to trial, in the context of jury instructions and Motions in Limine.

15. As stated in Plaintiffs Opposition to Defendant Yosef Taitz's Motion to Dismiss and Plaintiffs Memorandum of Points and Authorities thereto, a lot will be determined as to liabilities after Plaintiffs have the opportunity to discovery and are provided the source codes from Defendants Yosef Taitz, Daylight Chemical Information Systems, Inc. ["Daylight"] and Oracle on their products utilized by the Reed Defendants and Defendant Intelius, Inc. from January 1, 2009 to current.

And, electronic discovery has completed, which Plaintiffs anticipate will be extensive.

## V. PLAINTIFFS HAVE TYPOGRAPHICAL ERRORS IN THEIR PRAYER FOR RELIEF and REQUEST FOR ATTORNEY FEES AND COSTS

16. Under Plaintiffs Sixth Cause of Action, paragraph 261, page 101, of Plaintiffs FAC, Plaintiffs stated "…(f) A prevailing plaintiff in any action commenced shall also be entitled to recover his or her reasonable attorney fees and costs". This should read " (g)" and **not** "(f)"

17. Under Plaintiffs Sixth Cause of Action, paragraph 261, page 101, of Plaintiffs FAC, Plaintiffs stated "…(g) The rights and remedies available under this section are cumulative to each other and to any other rights and remedies available under law". This should read "(h)" and **not** "(g)".

18. Under Plaintiffs Prayer for Relief, on page 170 of Plaintiffs FAC, at number 9, Plaintiffs state:

"9. Award Plaintiffs' Attorney Fees and Costs of the within action; and Interest pursuant to…Cal. Civ. Code §1798.83(g)…: This should read "…*Cal. Civ. Code* §1798.84(g)…" and **not** §1798.83(g).

"9. Award Plaintiffs' Attorney Fees and Costs of the within action…pursuant to *Cal. Civ. Code* §1798.50…" This should read "…*Cal. Civ. Code* §1786.50(2) and **not** §1798.50.

### VI. DEFENDANT YOSEF TAITZ DOES NOT HAVE GROUNDS TO ATTEMPT TO STRIKE PLAINTIFFS PRAYER FOR RELIEF RELATING TO OTHER DEFENDANTS

19. Mr. Taitz moves to have stricken in their entirety several sections of Plaintiffs Prayer for Relief that applies to other Defendants and fails to have anything to do with or even mention Mr. Taitz.

20. Defendant, Mr. Taitz on pages 6 of his Memorandum, paragraph B, moves to strike No. 4 of Plaintiffs FAC Prayer for Relief appearing at pages 165-166. [Def. Yosef Taitz Motion to Strike, pg. 6].

21. On Pages 165-166 of Plaintiffs FAC, Plaintiffs Prayer for Relief, number 4 "CIVIL PENALTIES…" at subparagraphs "r" through "s" does **not** name Yosef Taitz and therefore Mr. Taitz cannot move to strike it in its entirety or strike it at all, as it does **not** pertain to him.

### VII. PLAINTIFFS HAVE PROPERLY PLEAD THEIR REQUEST FOR PUNITIVE DAMAGES AGAINST DEFENDANT YOSEF TAITZ

22. *Cal. Civ. Code* §3294 states in pertinent part:

"(a) In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant."

23. As plead all through Plaintiffs FAC, Yosef Taitz by and through Defendants Daylight Chemical Information Systems, Inc. and Oracle used his position to access Plaintiffs private data, including but not limited to credit reports, Social Security numbers, dates of birth, places of birth, adoption records, driver's license information, mother's maiden names, Plaintiffs maiden names, addresses, financial records, business associates, family members, and other private data on behalf of his wife, Defendant Orly Taitz in order for Defendant Orly Taitz to carry out her threats and harms against the Plaintiffs.

24. Defendant Yosef Taitz was well aware that providing his wife, Defendant Orly Taitz, with Plaintiffs private data would in fact injure and harm the Plaintiffs.

25. Defendant Yosef Taitz acts in retrieving the private data of Plaintiffs, which he was not privy to, and providing it to his wife, Defendant Orly Taitz, to harm and injure the Plaintiffs was willful and wanton in addition to extremely malicious. Defendant Yosef Taitz's actions were not an accident or based on negligence, they were intentional, willful and wanton. <u>Tomaselli v. Transamerica Ins. Co.</u>, 25 Cal. App. 4th 1269, 31 Cal. Rptr. 2d 433, 444 n.14 (Ct. App. 1994) (such conduct must be "inconsistent with the hypothesis that [it] . . . was the result of . . . mere negligence or other such noniniquitous human failing.").

26. Plaintiffs are entitled to and pled in their First, Second, Third, Fifth, Sixth, Eighth, Ninth, Seventeenth, Eighteenth, and Twentieth Causes of Actions that "Defendants unlawful conduct as alleged herein was intentional, oppressive and malicious; therefore, Plaintiffs Liberi, Berg Ostella, Go Excel Global…are entitled to civil penalties, punitive, actual, exemplary damages and all other appropriate relief as further set forth in the Prayer for Relief herein." Defendants include Yosef Taitz.

27. Plaintiffs also correctly requested Punitive Damages in their Prayer for Relief under number 7.

28. Under California law, punitive damages may be awarded when a Plaintiff proves by clear and convincing evidence that a Defendant acted with "such a conscious and deliberate disregard of the interests of others that his conduct may be called willful or wanton." *Taylor v. Superior Court*, 24 Cal. 3d 890, 157 Cal. Rptr. 693, 598 P.2d 854, 856 (Cal. 1979) (internal quotation marks and citation omitted); *see* Cal. Civ. Code § 3294(a).

29. Defendant Yosef Taitz did **not** have "good intent" in violating his position of trust, to access information he was not legally privy to, in order to provide it to his wife to carry out the threats to harm and injure the Plaintiffs. Nor has Mr. Taitz denied any of the allegations. Thus, punitive damages are in order,

<u>Roby v. McKesson Corp</u>. (2009) 47 Cal.4th 686, 712 [101 Cal. Rptr. 3d 773, 219 P.3d 749].)

30. Plaintiffs paragraph 199, on page 81 pertains to Plaintiffs First Cause of Action for Willful and Intentional Intrusion upon Liberi, Berg and Ostella's Solitude, Seclusion and Private Affairs – Invasion of Privacy…" and paragraph 199 seeks "exemplary damages pursuant to *Cal. Civ. Code* §3294" against the Defendants, including Yosef Taitz.

31. A Plaintiff bringing an action in Federal Court may include a short and plain prayer for punitive damages that relies entirely on unsupported and conclusory averments of malice or fraudulent intent, as Plaintiffs have done in their FAC, <u>Clark v. State Farm Mut. Auto Ins. Co.</u> 231 F.R.D. 405, 406 (C.D. Cal. 2005).

32. Plaintiffs have pled facts which support a claim for oppression, fraud or malice in order to recover punitive damages, as required. <u>Decker v. Glenfed, Inc.</u>, 42 F.3d 1541, 1547 (9th Cir. 1994). Thus, Defendant Yosef Taitz's Motion must be denied.

**VIII. <u>CONCLUSION</u>**

33. For the reasons outlined herein, Plaintiffs respectfully request this Court deny Defendant Yosef Taitz's Motion to Strike. Plaintiffs also seek Attorney fees and costs.

34. If the Court is inclined to grant any portion of Defendant Yosef Taitz's Motion to Strike, Plaintiffs respectfully request leave to Amend their complaint.

                                               Respectfully submitted,

Dated:  August 13, 2011          /s/ Philip J. Berg
                                        Philip J. Berg, Esquire
                                        E-mail: philjberg@gmail.com
                                        Pennsylvania I.D. 9867
                                        **LAW OFFICES OF PHILIP J. BERG**
                                        555 Andorra Glen Court, Suite 12
                                        Lafayette Hill, PA 19444-2531
                                        Telephone:  (610) 825-3134

                                        *Attorney for Plaintiffs*