1 | Kim Schumann, Esq., State Bar #170942
Jeffrey P. Cunningham, Esq., State Bar #151067
2 | Peter Cook, Esq., State Bar #232742
**SCHUMANN, RALLO & ROSENBERG, LLP**
3 | 3100 Bristol Street, Suite 400
Costa Mesa, CA 92626
4 | Telephone (714) 850-0210
Facsimile (714) 850-0551
5 | Email: jcunningham@srrlawfirm.com

6 | Attorneys for Defendant, YOSEF TAITZ

7 |

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

10 |

11 | LISA LIBERI and PHILIP J. BERG,      ) Case No. 8:11-CV-00485-AG (AJW)
ESQUIRE and THE LAW OFFICES OF ) Hon. Andrew Guilford
12 | PHILIP J. BERG and EVELYN ADAMS ) Courtroom 10D
a/k/a MOMMA E and LISA M.           )
13 | OSTELLA and GO EXCEL GLOBAL,   ) ***OBJECTIONS* TO AND**
                                    ) **MEMORANDUM OF POINTS AND**
14 |     Plaintiffs,                                     ) **AUTHORITIES BY DEFENDANT,**
                                      ) **YOSEF TAITZ, IN *REPLY* TO**
15 |     vs.                                             ) **LATE-FILED OPPOSITION TO HIS**
                                      ) **MOTION TO STRIKE PORTIONS**
16 | ORLY TAITZ, a/k/a DR. ORLY TAITZ, ) **OF PLAINTIFFS' FIRST AMENDED**
a/k/a LAW OFFICES OF ORLY TAITZ;) **COMPLAINT PURSUANT TO FRCP**
17 | a/k/a WWW.ORLYTAITZESQ.COM     ) **RULE 12(f); SUPPORTING**
a/k/a WWW.REPUBX.COM a/k/a         ) **DECLARATION**
18 | ORLY TAITZ, INC. and DEFEND OUR )
FREEDOMS FOUNDATIONS, INC.      )
19 | and YOSEF TAITZ and THE SANKEY ) Date:             August 29, 2011
FIRM and SANKEY INVESTIGA-        ) Time:            10:00 a.m.
20 | TIONS, INC. and NEIL SANKEY and   ) Place:           Courtroom 10D
JAMES SUNQUIST and ROCK SALT    )
21 | PUBLISHING and LINDA SUE          ) Date Action Filed:     May 4, 2009
BELCHER a/k/a LINDA S. BELCHER ) Discovery Cut-Off:    March 5, 2012
22 | a/k/a LINDA STARR; a/k/a             ) Final Pre-Trial Conf.:  May 21, 2012
NEWWOMENSPARTY a/k/a              ) Trial Date:           June 5, 2012
23 | STITCHENWITCH a/k/a EVA BRAUN )
a/k/a WEB SERGEANT a/k/a KATY     )
24 | a/k/a WWW.OBAMACITIZENSHIP     )
DEBATE.ORG and EDGAR HALE         )
25 | a/k/a JD SMITH; and CAREN HALE;   )
and PLAINS RADIO NETWORK, a/k/a )
26 | PLAINS RADIO NETWORK, INC.       )
a/k/a PLAINS RADIO; and BAR H        )
27 | FARMS; and KPRN AM 1610; and      )
DOES 1 through 200 Inclusive,           )
28 | Defendants.                                    )

-1-

---

**DEFENDANT YOSEF TAITZ'S OBJECTIONS AND REPLY RE: MOTION TO STRIKE PURSUANT TO FRCP 12(f)**

**TO THE COURT, ALL PARTIES, AND/OR THEIR ATTORNEYS OF
RECORD:**

      **PLEASE TAKE NOTICE** that Defendant, YOSEF TAITZ ("Moving
Defendant"), submits the following *objections* and *reply* to the late-filed Opposition
by Plaintiffs, LISA LIBERI, LISA M. OSTELLA , PHILIP J. BERG, ESQUIRE,
THE LAW OFFICES OF PHILIP J. BERG, and GO EXCEL GLOBAL
(collectively "Plaintiffs"), to Moving Defendant's Motion to Strike pursuant to
Federal Rules of Civil Procedure ("FRCP") Rule 12(f) portions of Plaintiffs' First
Amended Complaint ("FAC").

## I.    OBJECTIONS TO LATE-FILED OPPOSITION

      As set forth in the attached declaration, Plaintiffs filed and served their
Opposition (consisting of twenty-three pages) at *6:05 p.m. (PDT) on Saturday,
August 13, 2011*. Thus, the Opposition was filed and served five days too late.
(Local Rule 7-9.)

      Moving Defendant's counsel preparing this Reply first saw the Opposition on
the morning of Monday, August 15, 2011 - the <u>same</u> day that such Reply is due to
be filed and served. (Local Rule 7-10.) In addition to Plaintiffs' blatant violation of
the requirements for service and filing of their Opposition, Moving Defendant and
his counsel cannot be expected to prepare a Reply to such Opposition in less than
one business day. Plaintiffs' untimely Opposition is typical of their bad-faith
litigation tactics employed in this matter, designed to prejudice Moving Defendant
and prevent him from preparing a sufficient Reply.

      For these reasons, Moving Defendant urges this Court to reject and not
consider Plaintiffs' Opposition to his Motion to strike.

///

///

///

///

**DEFENDANT YOSEF TAITZ'S OBJECTIONS AND REPLY RE: MOTION TO STRIKE
PURSUANT TO FRCP 12(f)**

## II. <u>LEGAL ARGUMENT AND AUTHORITY</u>

### A. *Plaintiffs Cannot Seek Three Billion Dollars in Civil Penalties Under Cal. Civil Code § 1798.84 Pursuant to a Claim for Relief For Violation of Cal. Civil Code § 1798.85*

#### i. <u>Plaintiffs' Sixth Claim for Relief Under Cal. Civil Code § 1798.85 Does Not Provide For or Allow Penalties Under Cal. Civil Code §§ 1798.84</u>

Plaintiffs' seek remedies in their Sixth Claim for Relief pursuant to Cal. <u>Civ.</u> <u>Code</u> § 1798.85 (FAC, pp. 97-102). Plaintiffs assert that Moving Defendant, an individual, may be subject to a $3,000 fine per alleged violation of such statute per Cal. <u>Civ. Code</u> § 1798.84. (FAC ¶ 261.) Plaintiffs contend that they are entitled to a penalty under <u>Civ. Code</u> § 1798.84 against Moving Defendant of $3,000,000,000. (FAC ¶ 262.)

Plaintiffs' claim for such remedies is, as a matter of law, incorrect. Section 1798.84 specifically only applies to violations of Cal. <u>Civ. Code</u> § *1798.83* as follows:

> In addition, for a willful, intentional, or reckless violation of Section *1798.83*, a customer may recover a civil penalty not to exceed three thousand dollars ($3,000) per violation; otherwise, the customer may recover a civil penalty of up to five hundred dollars ($500) per violation for a violation of Section *1798.83*. (Emphasis added.)

Plaintiffs' Sixth Claim for Relief ("Violation of Cal. IPA, *Cal. Civ. Code* § 1798.85") is explicitly based on alleged violation of Section 1798.85, <u>not</u> 1798.83. (FAC, pp. 97-102.) Because the penalty sought by Plaintiffs under <u>Civ. Code</u> § 1798.84 is only available pursuant to a claim under <u>Civ. Code</u> § 1798.83, but Plaintiffs do not assert any claim pursuant to <u>Civ. Code</u> § 1798.83, the portions of their FAC (¶¶ 261-263) in which Plaintiffs seek such penalty should, as a matter of law, be stricken. FRCP Rule 12(f).

Plaintiffs in their late-filed Opposition do not address their improper claim

1  for penalties pursuant to Civ. Code § 1798.84. Thus, by their silence, Plaintiffs

2  admit that such claim should be stricken.

3        ii.    **Plaintiffs Have Not Stated, and Cannot State, a Claim Under**

4               **Cal. Civil Code § 1798.83 Against Moving Defendant**

5        Cal. Civ. Code § 1798.83 applies only to the actions of a "business" entity

6  that collects data from its "customers." Section 1798.83 is entitled "Disclosure to

7  customer on request of personal information provided to third parties for direct

8  marketing purposes; Format; Privacy policy." Plaintiffs do not plead any claim

9  under Section 1798.83. They do not plead that they are or were "customers" of any

10 Defendant (including Moving Defendant), any "request [for] personal information"

11 by any "third parties," nor any "direct marketing" activities.

12       Civ. Code § 1798.83(e)(2) provides: "'Direct marketing purposes' means the

13 use of personal information to solicit or induce a purchase, rental, lease, or

14 exchange of products, goods, property, or services directly to individuals by means

15 of the mail, telephone, or electronic mail for their personal, family, or household

16 purposes." Plaintiffs do not plead any such "direct marketing purposes."

17       Civ. Code § 1798.83 applies to a "business" with an "established business

18 relationship with a customer." [Section 1798.83(a).] Moving Defendant is not a

19 business entity, but an individual; Plaintiffs do not plead that Moving Defendant

20 had an "established business relationship" with them. Therefore, Plaintiffs cannot

21 state (and have not stated) any claim against him under Civ. Code § 1798.83.

22       Further, neither Plaintiffs LIBERI nor OSTELLA (the Plaintiffs asserting the

23 Sixth Claim for Relief) are "customers" of any required "business." Civ. Code §

24 1798.83(e)(1) provides: "'Customer' means an individual who is a resident of

25 California who provides personal information to a business during the creation of,

26 or throughout the duration of, an established business relationship if the business

27 relationship is primarily for personal, family, or household purposes." (Emphasis

28 added.)

**DEFENDANT YOSEF TAITZ'S OBJECTIONS AND REPLY RE: MOTION TO STRIKE PURSUANT TO FRCP 12(f)**

1       Neither Plaintiffs LIBERI nor OSTELLA are "customers" as defined in Civ.

2   Code § 1798.83(e)(1). They plead that LIBERI is a resident of *New Mexico* (FAC, ¶

3   4) and that OSTELLA is a resident of *New Jersey* (FAC, ¶ 8). (Plaintiffs cannot

4   plead this requirement of Civ. Code § 1798.83 where to do so would destroy

5   diversity jurisdiction.) They do not plead that they provided "personal information"

6   to any Defendant, including Moving Defendant. They do not plead the required

7   "established business relationship."

8       Plaintiffs do not request leave to bring any claim for relief against Moving

9   Defendant pursuant to Civ. Code § 1798.83. Even if Plaintiffs had requested such

10  leave, it would be futile where they cannot, as a matter of law, assert a claim against

11  Moving Defendant pursuant to Civ. Code § 1798.83.

12      **B.**    ***Plaintiffs Cannot Seek Attorney Fees Under Cal. Civil Code §§***

13          ***1798.83(g) or 1798.84(g) Against Moving Defendant, Yosef Taitz***

14          i.    **Plaintiffs Admit They Have No Claim Under Cal. Civil Code**

15              **§§ 1798.83(g)**

16      Plaintiffs seek attorneys fees under Cal. Civ. Code § 1798.83(g). (FAC, p.

17  170). Section 1798.83(g) does not provide for attorneys fees. It states: "The

18  provisions of this section are severable. If any provision of this section or its

19  application is held invalid, that invalidity shall not affect other provisions or

20  applications that can be given effect without the invalid provision or application."

21  As such, Civ. Code § 1798.83(g) is an improper statute upon which to base a claim

22  for attorneys fees. Plaintiffs' requests for attorney fees under Civ. Code §

23  1798.83(g) should therefore be stricken.

24      Plaintiffs in their late-filed Opposition (pg. 6) admit that they cannot seek

25  attorney fees pursuant to Civ. Code § 1798.83(g). Instead, they now assert that the

26  reference to Civ. Code § 1798.83(g) was a typographical error and should be "*Cal.*

27  *Civ. Code* § 1798.84(g)." (Oppo., 6: 22-23.)

28  ///

**DEFENDANT YOSEF TAITZ'S OBJECTIONS AND REPLY RE: MOTION TO STRIKE PURSUANT TO FRCP 12(f)**

1    ii.    **Plaintiffs Have Not Stated, and Cannot State, a Claim Under**
2           **Cal. Civil Code § 1798.84(g) Against Moving Defendant**

3    Cal. Civ. Code § 1798.84(g) provides: "A prevailing plaintiff in any action

4    commenced under Section 1798.83 shall also be entitled to recover his or her

5    reasonable attorney's fees and costs." In order to seek a remedy under Section

6    1798.84, Plaintiffs must first have a claim for relief under Section 1798.83.

7    Plaintiffs are not entitled to seek attorney fees against Moving Defendant

8    under Civ. Code § 1798.84(g) for several reasons, including but not limited to that

9    they do not allege any claim under Civ. Code § 1798.83 against him. Plaintiffs'

10   Sixth Claim for Relief ("Violation of Cal. IPA, *Cal. Civ. Code* § 1798.85"), in

11   which Plaintiffs seek the subject penalty, is explicitly based on alleged violation of

12   Section 1798.85, not 1798.83. (FAC, pp. 97-102.)

13   Plaintiffs do not request leave to bring any claim against Moving Defendant

14   pursuant to Civ. Code § 1798.84. Even if Plaintiffs had requested such leave, it

15   would be futile where they cannot, as a matter of law, assert a claim against Moving

16   Defendant pursuant to Civ. Code § 1798.83.

17   Where Plaintiffs have not stated, and cannot state, a claim against Moving

18   Defendant pursuant to Civ. Code § 1798.83, their request for leave to assert a claim

19   for attorney fees under Civ. Code § 1798.84(g) should be denied.

20   C.    *Plaintiffs Cannot Seek Attorney Fees Under Cal. Civil Code §§*
21         *1798.50 or "1786.50(2)" Against Moving Defendant, Yosef Taitz*

22         i.    **Plaintiffs Admit They Cannot Seek Attorney Fees Under Cal.**
23               **Civil Code §§ 1798.50**

24   Plaintiffs may not recover attorney fees under Cal. Civ. Code § 1798.50

25   (FAC, p. 170). Civ. Code § 1798.50 states: "A civil action shall not lie under this

26   article based upon an allegation that an opinion which is subjective in nature, as

27   distinguished from a factual assertion, about an individual's qualifications, in

28   connection with a personnel action concerning such an individual, was not accurate,

-6-

1  relevant, timely, or complete." This Section does not provide, nor even mention, an

2  award of attorneys fees. As such, Plaintiffs' requests for attorneys fees under <u>Civ.</u>

3  <u>Code</u> § 1798.50 should be stricken.

4        Plaintiffs admit they cannot seek attorney fees under <u>Civ. Code</u> § 1798.50

5  (Oppo., 6: 24-27.)

6                ii.    **Plaintiffs Have Not Stated, and Cannot State, a Claim Under**

7                       **Cal. Civil Code §§ *"1786.50(2)"* or 1786.50(a)(2) Against**

8                       **Moving Defendant**

9        Plaintiffs request leave to seek attorney fees against Moving Defendant under

10  "*Cal. Civ. Code* § 1786.50(2)." (Oppo., 6: 26-27.) There is no "*Cal. Civ. Code* §

11  1786.50(2)." Assuming that Plaintiffs are referring to Cal. <u>Civ. Code</u> §

12  1786.50(a)(2), they still may not assert any claim under this Section against Moving

13  Defendant.

14        <u>Civ. Code</u> § 1786.50 is part of Title 1.6 of California's <u>Civil Code</u>. Such Title

15  is referred to as the "Investigative Consumer Reporting Agencies Act." (<u>Civ. Code</u> §

16  1786.1.) As demonstrated in Moving Defendant's Motion to dismiss, Plaintiffs have

17  no claim against him under the Investigative Consumer Reporting Agencies Act.

18        For example, <u>Civ. Code</u> § 1786.2(b) provides that "consumer" means a

19  "natural individual who has made application to a person for employment purposes,

20  for insurance for personal, family, or household purposes, or the hiring of a

21  dwelling unit, as defined in subdivision (c) of Section 1940." No Plaintiff (including

22  LIBERI or OSTELLA) has alleged that he or she is a "consumer" under this Act.

23        <u>Civ. Code</u> § 1786.2(c) provides in relevant part that "investigative consumer

24  report" means "a consumer report in which information on a consumer's character,

25  general reputation, personal characteristics, or mode of living is obtained through

26  any means." No Plaintiff (including LIBERI or OSTELLA) has alleged the

27  existence of any required "investigative consumer report" under this Act.

28

**DEFENDANT YOSEF TAITZ'S OBJECTIONS AND REPLY RE: MOTION TO STRIKE PURSUANT TO FRCP 12(f)**

1   Civ. Code § 1786.2(d) defines "investigative consumer reporting agency" to

2   mean:

> [A]ny person who, for monetary fees or dues, engages in
> whole or in part in the practice of collecting, assembling,
> evaluating, compiling, reporting, transmitting, transferring,
> or communicating information concerning consumers for
> the purposes of furnishing investigative consumer reports
> to third parties, but does not include any governmental
> agency whose records are maintained primarily for traffic
> safety, law enforcement, or licensing purposes, or any
> licensed insurance agent, insurance broker, or solicitor,
> insurer, or life insurance agent.

9   No Plaintiff (including LIBERI or OSTELLA) has alleged that Moving

10  Defendant is an "investigative consumer reporting agency" as defined under this

11  Act.

12  As a matter of law, where Plaintiffs have no claim against Moving Defendant

13  under the Investigative Consumer Reporting Agencies Act, they cannot seek any

14  remedy (including for attorney fees under Civ. Code § 1786.50(a)(2)) under such

15  Act against him.

16  **D.   *Plaintiffs Have Not Pled Legally Sufficient Claims for Punitive***

17  ***Damages, Governed by Cal. Civil Code § 3294, as Against Moving***

18  ***Defendant, Yosef Taitz***

19  California law governs Plaintiffs' claims for punitive damages under Cal.

20  Civ. Code §§ 3294 and 3295. Bureerong v. Uvawas, 922 F.Supp. 1450, 1480

21  (C.D.Cal.1996). Plaintiffs plead that their claims for punitive damages are based on

22  Cal. Civ. Code § 3294. (See, FAC, ¶ 199.)

23  A key concept that Plaintiffs apparently do not understand is that punitive

24  damages (under Civ. Code § 3294) provide a *remedy* and do not constitute a

25  separate cause of action; a claim for punitive damages must be based on a legally-

26  sufficient, separate claim for relief. Where a plaintiff's claim for punitive damages

27  is based on an insufficient underlying claim for relief, the claim for punitive

28  damages must also fail. Brown v. Adidas Int., 938 F.Supp. 628, 635 (1996, SD Cal).

1  <u>Von Grabe v. Sprint PCS</u>, 312 F.Supp.2d 1285, 1308-1309 (S.D. Cal. 2003).

2  As shown in Moving Defendant's Motion to Dismiss, Plaintiffs fail to state

3  facts constituting any legally-sufficient claim for relief against him. Accordingly,

4  where punitive damages provide a *remedy* and must be based on a legally-sufficient

5  claim for relief, and Plaintiffs do not plead any sufficient claim for relief against

6  Moving Defendant, all of Plaintiffs' claims for punitive damages should be stricken.

7  Civ. Code § 3294. <u>Brown</u>, *supra*, 938 F.Supp. at p. 635. <u>Von Grabe</u>, *supra*, 312

8  F.Supp.2d at pp. 1308-1309.

9  Plaintiffs' only attempt to address this issue provides: "Plaintiffs have pled

10  facts which support a claim for oppression, fraud or malice in order to recover

11  punitive damages, as required. <u>Decker v. Glenfed, Inc</u>., 42 F.3d 1541, 1547 (9th Cir.

12  1994). Thus, Defendant Yosef Taitz's Motion must be denied." (Oppo., ¶ 32.)

13  To the contrary, Plaintiffs have utterly failed to plead facts establishing any

14  claim, much less meet the pleading requirements for a claim for punitive damages,

15  as against Moving Defendant. Further, Plaintiffs' reliance on <u>Decker</u> is improper

16  where it has been *superseded by statute*. (See, <u>In re Remec Inc. Sec. Litig</u>., 702 F.

17  Supp. 2d 1202 (S.D. Cal. 2010).) <u>Decker</u> also did not involve a claim for punitive

18  damages under California law. Instead, it involved claims for securities fraud under

19  § 10(b) of the Securities Exchange Act of 1934.

20  The specific issue in <u>Decker</u> concerned whether plaintiffs had sufficiently

21  alleged "scienter" necessary for a fraud claim. The Court of Appeals cited to the rule

22  requiring "particularized allegations of the circumstances constituting fraud."

23  <u>Decker v. Glenfed,</u>, *supra*, 42 F.3d at p. 1547. The Court also held that "mere

24  conclusory allegations of fraud are insufficient." (<u>Id</u>. at p. 1548.)

25  If and to the extent <u>Decker</u> may be relied on herein, it would require the

26  striking of Plaintiffs' claims for punitive damages against Moving Defendant.

27  Instead of containing "particularized allegations of the circumstances" supporting

28  punitive damages, Plaintiffs' FAC falls far short of this requirement and does not

-9-

1 even rise to the level of conclusory allegations against Moving Defendant. The bulk

2 of the FAC is simply incomprehensible gibberish from which no legally cognizable

3 claim can be discerned.

4      In their late-filed Opposition, Plaintiffs simply ignore the fact that they

5 purport to seek punitive damages on claims for relief based in <u>negligence</u> or other

6 <u>unintentional</u> conduct, such as Plaintiffs' Nineteenth Cause of Action for "Negligent

7 Infliction of Emotional and Mental Distress" and Twentieth Cause of Action for

8 "Res Ipsa Loquitor Negligence." As a matter of law, a claim for punitive damages

9 cannot be based on negligent or otherwise unintentional conduct. <u>Civ. Code</u> §

10 3294(a). Mere negligence, even gross negligence, is not sufficient to justify an

11 award of punitive damages. <u>Ebaugh v. Rabkin</u> (1972) 22 Cal. App.3d 891.

12      Plaintiffs "sidestep" this defect in their FAC by contending that "Yosef

13 Taitz's actions were not an accident or based on negligence, they were intentional,

14 willful and wanton." (Oppo., 8: 20-21.) This argument misses the point: Plaintiffs'

15 claims for punitive damages based on their Nineteenth and Twentieth Causes of

16 Action based in negligence cannot, as a matter of law, stand. Such claims should

17 therefore be stricken. <u>FRCP</u> Rule 12(f).

18     **E.**    ***Plaintiffs' Publication of Moving Defendant's Personal Residence***

19        ***Address is Impertinent and Immaterial, and Should Be Stricken from***

20        ***the FAC***

21      PLAINTIFFS in the FAC (¶¶ 9, 10 and 27) identify the residential address of

22 Moving Defendant. While identifying the State and County of a Defendant may be

23 required in order to establish jurisdiction and venue, additional identification

24 including Moving Defendant's street, number, and zip code are simply unnecessary.

25 As such, this information should be stricken in all places it appears in the FAC.

26      Plaintiffs' only comment on this issue is "Defendant Yosef Taitz's address is

27 material to the within litigation." (Oppo., 4: 14.) Plaintiffs fail to attempt to show

28 how Moving Defendant's residence address "is material" in any way. It is clear

**DEFENDANT YOSEF TAITZ'S OBJECTIONS AND REPLY RE: MOTION TO STRIKE PURSUANT TO FRCP 12(f)**

1  (including by Plaintiffs' failure to demonstrate its relevancy) that such information

2  has no place in the FAC and is intended only to harass Moving Defendant.

3  **III.   <u>CONCLUSION</u>**

4        For the reasons stated herein, Plaintiffs' late-filed Opposition should not be

5  considered. If it is considered, it does not support Plaintiff's position as

6  demonstrated above. Moving Defendant's Motion to strike should be granted.

7

8  DATED: August 15, 2011        **SCHUMANN, RALLO & ROSENBERG, LLP**

9

10                                    /s/ - Jeffrey P. Cunningham

                            By: _____

11                                    Kim Schumann, Esq.
                                       Peter Cook Esq.

12                                    Attorneys for Defendant,
                                       YOSEF TAITZ

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT YOSEF TAITZ'S OBJECTIONS AND REPLY RE: MOTION TO STRIKE
PURSUANT TO FRCP 12(f)**

## <u>DECLARATION OF JEFFREY P. CUNNINGHAM, ESQ.</u>

I, JEFFREY P. CUNNINGHAM, declare and state as follows:

1.      I am an attorney and a Senior Associate of the law firm Schumann, Rallo & Rosenberg, LLP, counsel for Defendant, YOSEF TAITZ. I make this declaration based on my personal knowledge of the facts stated herein. I gained my knowledge of those facts by virtue of my participation in the events described herein, my preparation or review of the documents described herein, or some combination of the foregoing as identified herein. If called to testify to the facts stated herein, I could and would do so competently and truthfully.

2.      Attached hereto as **"Exhibit A"** and incorporated herein by this reference as though fully set forth is a true and correct copy of the Notice of electronic filing regarding all Plaintiffs' Opposition (consisting of twenty-three pages) to Mr. Taitz's Motion to strike portions of Plaintiffs' First Amended Complaint. As reflected in that Notice, Plaintiffs filed such documents at 6:05 p.m. (PDT) on Saturday, August 13, 2011. Thus, the Opposition was filed and served five days too late. (Local Rule 7-9.)

3.      I first saw Plaintiffs' Opposition and the related **"Exhibit A"** Notice on the morning of Monday, August 15, 2011 - the same day that Mr. Taitz's Reply is due to be filed and served. (Local Rule 7-10.)

I hereby declare under penalty of perjury under the laws of the State of California and of the United States of America that the above is true and correct.

Dated this 15th day of August, 2011, in Costa Mesa, California.

/s/ - Jeffrey P. Cunningham
_____
Jeffrey P. Cunningham, Esq.

**DEFENDANT YOSEF TAITZ'S OBJECTIONS AND REPLY RE: MOTION TO STRIKE PURSUANT TO FRCP 12(f)**