1 | Kim Schumann, Esq., State Bar #170942
Jeffrey P. Cunningham, Esq., State Bar #151067
2 | Peter Cook, Esq., State Bar #232742
**SCHUMANN, RALLO & ROSENBERG, LLP**
3 | 3100 Bristol Street, Suite 400
Costa Mesa, CA 92626
4 | Telephone (714) 850-0210
Facsimile (714) 850-0551
5 | Email: pcook@srrlawfirm.com

6 | Attorneys for Defendant, ORLY TAITZ

7

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

10

11 | LISA LIBERI; LISA M. OSTELLA; GO ) Case No. 8:11-CV-00485-AG (AJW)
EXCEL GLOBAL; PHILIP J. BERG, ) Hon. Andrew Guilford
12 | ESQUIRE; and THE LAW OFFICES OF) Courtroom 10D
PHILIP J. BERG, )
13 | )
Plaintiffs, ) **MEMORANDUM OF POINTS AND**
14 | ) **AUTHORITIES BY DEFENDANT,**
vs. ) **YOSEF TAITZ, IN _REPLY_ TO**
15 | ) **PLAINTIFFS' OPPOSITION TO**
ORLY TAITZ, a/k/a DR. ORLY TAITZ; ) **DEFENDANT'S MOTION TO**
16 | LAW OFFICES OF ORLY TAITZ; ) **DISMISS PLAINTIFFS' FIRST**
ORLY TAITZ, INC.; DEFEND OUR ) **AMENDED COMPLAINT**
17 | FREEDOMS FOUNDATIONS, INC.; ) **PURSUANT TO FRCP 12(b)(6)**
NEIL SANKEY; SANKEY )
18 | INVESTIGATIONS, INC; TODD ) **[FILED CONCURRENTLY WITH**
SANKEY; THE SANKEY FIRM, INC.; ) **MEMORANDUM OF**
19 | REED ELSEVIER, INC.; LEXISNEXIS ) **EVIDENTIARY OBJECTIONS]**
GROUP, INC., a Division of Reed )
20 | Elsevier, Inc.; LEXISNEXIS RISK AND) Date:          August 29, 2011
INFORMATION ANALYTICS ) Time:          10:00 a.m.
21 | GROUP, INC.; LEXISNEXIS SEISINT, ) Place:         Courtroom 10D
INC. d/b/a ACCURINT, a Division of )
22 | Reed Elsevier, Inc.; LEXISNEXIS ) Date Action Filed:      May 4, 2009
CHOICEPOINT, INC., a Division of ) Discovery Cut-Off:      March 5, 2012
23 | Reed Elsevier, Inc.; LEXISNEXIS RISK) Final Pre-Trial Conf.:  May 21, 2012
SOLUTIONS, INC., a Division of Reed ) Trial Date:             June 5, 2012
24 | Elsevier, Inc.; INTELIUS, INC.; )
ORACLE CORPORATION; )
25 | DAYLIGHT CHEMICAL )
INFORMATION SYSTEMS, INC.; )
26 | YOSEF TAITZ, individually, and as )
Owner / CEO of DAYLIGHT )
27 | CHEMICAL INFORMATION )
SYSTEMS, INC.; and DOES 1 through )
28 | 186, inclusive, )
          Defendants. )

-1-

**DEFENDANT, YOSEF TAITZ'S REPLY MPA RE: MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**

**TO THE COURT, ALL PARTIES, AND/OR THEIR ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE** that Defendant, YOSEF TAITZ ("Moving Defendant"), submits the following Memorandum of Points and Authorities and concurrently-filed Memorandum of Evidentiary Objections in _reply_ to the Opposition of Plaintiffs, LISA LIBERI, LISA M. OSTELLA , PHILIP J. BERG, ESQUIRE, THE LAW OFFICES OF PHILIP J. BERG, and GO EXCEL GLOBAL (collectively "Plaintiffs"), to Moving Defendant's Motion to dismiss Plaintiffs' First Amended Complaint ("FAC").

    Plaintiffs have improperly submitted <u>two</u> Opposition briefs - a six page "Response" and a twenty-five page "Memorandum." They have also improperly submitted the five-page Declaration of Philip J. Berg, Esq. ("Berg Declaration"). Plaintiffs' Opposition papers total *thirty-six* pages, far exceeding the limit prescribed by Local Rule 11-6. Moving Defendant therefore objects to Plaintiffs' Opposition papers and requests that they not be considered.

## I.    <u>INTRODUCTION</u>

    Plaintiffs' Opposition is based on misrepresentations of the applicable law and the actual allegations of their FAC, and a complete failure to understand the nature of a Motion to dismiss pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 12(b)(6). Plaintiffs' approach is encapsulated in Paragraph 2 of their Opposition "Response":

> Defendant Yosef Taitz in his Motion to Dismiss does **not** deny the facts plead (sic) against him in Plaintiffs (sic) FAC. Instead, Defendant Yosef Taitz contends his Corporation, Daylight Chemical Information Systems, Inc., is liable for his action or inactions. Defendant Yosef Taitz claims all the damages and liabilities owed to Plaintiffs are the direct result of Daylight, Defendants Orly Taitz, Oracle and specifically, the Reed Defendants and Defendant Intellius. (Emphasis in original.)

    Representative of their entire Opposition, Plaintiffs' Paragraph 2 is based on misrepresentations of the contents of their FAC and Moving Parties' Motion, as

1   well as their failure to understand the function and effect of a Rule 12(b)(6) Motion.

2   First, such a Motion is not a vehicle to "deny" the allegations of a pleading; that is

3   the function of an Answer pursuant to <u>FRCP</u> Rule 8(b). The function of a Rule

4   12(b)(6) Motion is to challenge the legal sufficiency of a Complaint. Moving

5   Defendant has done that by demonstrating Plaintiffs' failure to plead facts

6   constituting any legally-sufficient claim for relief against him.

7        Second, Moving Defendant does not contend that "his Corporation, Daylight

8   Chemical Information Systems, Inc., is liable for his action or inactions." (Where in

9   his Motion does Moving Defendant allegedly make this contention?) Moving Party

10  does not assert that any Defendant is liable for any reason. Instead, Moving

11  Defendant demonstrates Plaintiffs' failure to plead that he, personally, engaged in

12  any act or omission. The gist of Plaintiffs' allegations against Moving Defendant is

13  that he is somehow liable for the alleged development of computer systems by

14  Defendant, DAYLIGHT CHEMICAL INFORMATION SYSTEMS, INC.

15  ("Daylight"), which other Defendants allegedly used to obtain Plaintiffs' "private

16  information." (FAC, ¶¶178 and 180, p. 75: 3-5, 18-26, and p. 76: 4-10.) As

17  demonstrated, Moving Defendant as a matter of law is not liable for the alleged acts

18  of Daylight. Moreover, Plaintiffs fail to plead any claim to impose *alter ego* liability

19  against Moving Defendant.

20       Third, for the same reasons, Moving Defendant does not claim that "all the

21  damages and liabilities owed to Plaintiffs are the direct result of Daylight,

22  Defendants Orly Taitz, Oracle and specifically, the Reed Defendants and Defendant

23  Intellius." (Where in his Motion does Moving Defendant allegedly make this

24  claim?) He does not claim that any "damages and liabilities [are] owed to Plaintiffs"

25  by any Defendant.

26       Plaintiffs in their Opposition pursue a "divide and conquer" strategy by

27  falsely claiming (without any supporting citation to Moving Defendant's Motion)

28  that he is assigning liability to other Defendants. Moving Defendant does not do so.

**DEFENDANT, YOSEF TAITZ'S REPLY MPA RE: MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**

1     **II.    PLAINTIFFS' FAC SHOULD BE DISMISSED AS AGAINST MOVING**
2          **DEFENDANT, YOSEF TAITZ, DUE TO THEIR VIOLATION OF THE**
3          **MAY 2009 STIPULATION AND ORDER DISMISSING HIM**

4         As discussed in his Motion, Plaintiffs have violated the *Stipulated Dismissal*

5  *Without Prejudice of Defendant Yosef Taitz* and Order thereon (**"Exhibit A"** to

6  Moving Defendant's Request for Judicial Notice) by naming him as a party to the

7  FAC without first, as required by that Order, applying for and obtaining leave to

8  join Moving Defendant in this action. Under such Order, Plaintiffs must establish

9  *"evidence sufficient to support a cognizable claim against Yosef Taitz...."* Plaintiffs

10  have not attempted to make this showing. Accordingly, the FAC should be

11  dismissed with prejudice as to Moving Defendant.

12         Instead, Plaintiffs argue that the Order "does not pertain to the allegations

13  plead [sic] against Mr. Taitz in Plaintiffs [sic] FAC." (Opposition "Memorandum,"

14  5: 21-23.) Plaintiffs ask the Court to compare the allegations in their initial

15  Complaint with those in their FAC. However, they do not provide the initial

16  Complaint to the Court with their Opposition, nor request judicial notice of it.

17         Plaintiffs' argument relies on an artificial and too narrow reading of the

18  Order. Their argument is also nonsensical; no Defendant (including Moving

19  Defendant) would agree to be dismissed from a case if Plaintiffs could negate the

20  effect of the Stipulation merely by filing an amended Complaint.

21         Moreover, the requirements of the Order are simple and not dependent on a

22  variance between the initial Complaint's and the FAC's allegations. Its Para. 2

23  provides in relevant part: Plaintiffs were required to *"apply to the Court for leave to*

24  *join Defendant Yosef Taitz in this action upon satisfaction of all joinder rules and*

25  *leave of Court."* Plaintiffs did not do so before naming Moving Defendant in their

26  FAC. Plaintiffs were also required to establish *"evidence sufficient to support a*

27  *cognizable claim against Yosef Taitz...."* Plaintiffs did not satisfy this requirement

28  either. For these reasons alone, the FAC should be dismissed with prejudice as to

**DEFENDANT, YOSEF TAITZ'S REPLY MPA RE: MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**

1  Moving Defendant.

2  **III.    PLAINTIFFS CANNOT SUBMIT, NOR RELY ON, ANY**

3  **DECLARATIONS OR OTHER MATTERS "OUTSIDE" THE**

4  **PLEADINGS IN OPPOSING MOVING DEFENDANT, YOSEF**

5  **TAITZ'S FRCP RULE 12(b)(6) MOTION**

6  In violation of fundamental requirements for a Rule 12(b)(6) Motion,

7  Plaintiffs submit the Berg Declaration with their Opposition. As a matter of law, the

8  Berg Declaration cannot be considered on Moving Defendants' Rule 12(b)(6)

9  Motion. It is limited to the "face" of the FAC and matters judicially noticed. <u>FRCP</u>

10  <u>Rule 12(b)(6)</u>. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 563 (2007).

11  <u>Graehling v. Village of Lombard</u>, 58 F.3d 295, 298 (7th Cir. 1995). Moving

12  Defendant, herein and in his concurrently-filed Memorandum of Evidentiary

13  Objections, therefore objects to the Berg Declaration being considered in opposition

14  to his Motion.

15  Compounding Plaintiffs' violations of requirements are their repeated

16  references to and reliance on additional extraneous matters, "outside the pleadings,"

17  including but not limited to the following: Defendant, ORLY TAITZ's

18  "website/blog, <u>http://drorly.blogspot.com,</u>" Moving Defendant's "Manuals he

19  prepared for Defendant Daylight's products," Moving Defendant's "Press Release,"

20  the Declaration of Dr. Charles Edward Lincoln, III, and the Declarations of

21  Plaintiffs Liberi and Ostella.) (Opposition "Memorandum," 1: 23-24; 3: 6-7, and 27;

22  11: 2-5; and 13: 16-19.)

23  None of these extraneous matters may be considered on Moving Defendant's

24  Rule 12(b)(6) Motion. <u>FRCP Rule 12(b)(6)</u>. <u>Bell Atlantic Corp</u>. *supra*, 550 U.S. at

25  p. 563. <u>Graehling</u>, *supra*, 58 F.3d at p. 298. Moving Defendant therefore objects to

26  the Court considering these matters "outside the pleadings."

27  ///

28  ///

**IV.  PLAINTIFFS DO NOT PLEAD ANY *ALTER EGO* CLAIM AGAINST MOVING DEFENDANT, YOSEF TAITZ, AND THEREFORE ARE BARRED, AS A MATTER OF LAW, FROM PURSUING HIM WITH REGARD TO THE ALLEGED LIABILITY OF DEFENDANT, DAYLIGHT CHEMICAL INFORMATION SYSTEMS, INC.**

Plaintiffs make the bald (and incorrect) statement that Moving Defendant "is liable as a matter of law for all damaging acts conducted by him through Daylight." (Opposition "Memorandum," 6: 25-26.) Plaintiffs then cite to numerous cases involving the *alter ego* doctrine to conclude that Moving Defendant "cannot hide behind his Corporation's liability." (Opposition "Memorandum," 8: 16-17.)

Plaintiffs' argument is incorrect on many levels. First, Moving Defendant as a matter of law is not liable for any alleged act or omission of corporation Daylight. A corporation is a legal entity separate and distinct from its stockholders, officers and directors, with separate and distinct liabilities and obligations. Capon v. Monopoly Game LLC (2011) 193 Cal.App.4th 344, 356.

Similarly, a party's status as an officer or director of a corporation does not make him or her liable for the acts of the corporation. Dos Pueblos Ranch & Imp. Co. v. Ellis (1937) 8 Cal.2d 617. Of these cases, Plaintiffs only discuss Capon but do not attempt to distinguish it. (Opposition "Memorandum," 7: 18-22.)

Moreover, Plaintiffs do *not* plead any claim to impose *alter ego* liability against Moving Defendant. Plaintiffs' lengthy discussion of the *alter ego* doctrine is purely "academic" where they have no claim based on such doctrine against Moving Defendant.

As a matter of law, Moving Defendant is not liable for any alleged act or omission of corporation Daylight. Capon, *supra*, 193 Cal.App.4th at p. 356. For this reason alone, the FAC should be dismissed with prejudice as to Moving Defendant.

///

///

**DEFENDANT, YOSEF TAITZ'S REPLY MPA RE: MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**

**V.    PLAINTIFFS' FIRST CAUSE OF ACTION FAILS WHERE THERE IS
NO PERSONAL RIGHT OF ACTION UNDER THE FIRST AND
FOURTEENTH AMENDMENTS, PLAINTIFFS HAVE FAILED TO
ADEQUATELY SPECIFY WHAT, IF ANY, REASONABLE
EXPECTATION OF PRIVACY HAS BEEN INVADED, AND THEY
FAIL TO ALLEGE THAT DEFENDANT, YOSEF TAITZ
PERSONALLY VIOLATED ANY PRIVACY RIGHTS**

Plaintiffs' first claim for relief (cause of action) is a hopelessly confusing
morass of jumbled allegations failing to state any recognized claim. Its very title
bears this out: "Willful and Intentional Intrusion Upon Liberi, Berg and Ostella's
Solitude, Seclusion and Private Affairs - Invasion of Privacy, Including Violations
of the First and Fourteenth Amendments to the U.S. Constitution; and the California
Constitution." (FAC, p. 78.)

> ### A.    *The U.S. Constitution Does Not Recognize the Right to Sue a
> Private Individual under the First or Fourteenth Amendments*

Plaintiffs' claims for invasion of privacy under the First and Fourteenth
Amendments of the U.S. Constitution have no legal basis. The Fourteenth
Amendment <u>cannot apply to private conduct</u>. <u>Shelley v. Kraemer</u>, 334 U.S. 1, 13
(1948). By extension, the First Amendment does not apply to private conduct either.
<u>Rendell-Baker v. Kohn</u>, 457 U.S. 830, 837 (1982). Where Plaintiffs allege only
private conduct, and not required governmental invasion of privacy, their first cause
of action under the First and Fourteenth Amendments to the U.S. Constitution must
fail. Plaintiffs agree that "It should be noted that we do not have here the question of
one's privacy from government intrusion." (Opposition "Memorandum," 11: 21-23.)
This is dispositive of Plaintiffs' claim; where there is no "government intrusion,"
but only alleged private conduct, there cannot be any claim under the First and
Fourteenth Amendments.

Plaintiffs in their Opposition fail to discuss the <u>Shelley</u> or <u>Rendell-Baker</u>

**DEFENDANT, YOSEF TAITZ'S REPLY MPA RE: MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**

cases, and thus admit by their silence that their claims for invasion of privacy under the First and Fourteenth Amendments cannot stand. On pages 11 and 12 of their Opposition, Plaintiffs discuss the United States Supreme Court's recognition "that a right of personal privacy, or a guarantee of certain areas or zones of privacy, does exist under the Constitution." Plaintiffs miss the point - even if there is a recognized "right of personal privacy" against governmental intrusion under the U.S. Constitution, that is irrelevant to the separate issue of whether a claim for relief (or "private right of action") involving only private conduct exists under the First and Fourteenth Amendments. As a matter of law, there is no such claim. Shelley, *supra*, 334 U.S. at p. 13. Rendell-Baker, *supra*, 457 U.S. at p. 837.

### B.   *Plaintiffs Fail to Allege that Moving Defendant, Yosef Taitz, Personally Committed Any Act Constituting Invasion of Privacy in their Claim Based on the First and Fourteenth Amendments*

Plaintiffs in their claim under the U.S. Constitution fail to allege that Moving Defendant, personally, has done anything violating their privacy rights, but instead that *"his corporation, Daylight CIS"* has provided technology which other Defendants have used to allegedly violate privacy rights. Thus, on this basis, Plaintiffs' claim for invasion of privacy under the U.S. Constitution against Moving Defendant must fail.

Plaintiffs' response on this issue is:

> Mr. Taitz had access to Plaintiffs [sic] private data, which was maintained by the Reed Defendants and Defendant Intellius. The information was 'scripted' by Mr. Taitz to interface back to servers designated by Mr. Taitz's [sic], including private server's [sic], all of which are in his possession. Mr. Taitz accessed Plaintiffs [sic] private data and gave it to his wife, Ms. Taitz, so she was able to carry out her threats against the Plaintiffs, including her threat to destroy Plaintiff Lisa Liberi. See the Declaration of Dr. Charles Edward Lincoln, filed July 25, 2011, appearing as Dkt No. 313, the Declaration of Liberi [Dkt No. 314] and Ostella [Dkt No. 312] filed July 25, 2011.

Plaintiffs' problem is that these contentions are not pled in the FAC. This is

DEFENDANT, YOSEF TAITZ'S REPLY MPA RE: MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

1  why they must rely on improper matters extraneous to the FAC, including the

2  Declarations of Mr. Lincoln and Plaintiffs LIBERI and OSTELLA. None of these

3  extraneous matters may be considered on Moving Defendant's Rule 12(b)(6)

4  Motion. <u>FRCP</u> Rule 12(b)(6). <u>Bell Atlantic Corp</u>. *supra*, 550 U.S. at p. 563.

5  <u>Graehling</u>, *supra*, 58 F.3d at p. 298.

6        Particularly egregious is Plaintiffs' contention (not pled in the FAC) that

7  Moving Defendant "accessed Plaintiffs [sic] private data...." Instead, Plaintiffs (at

8  most) allege that *"his corporation, Daylight CIS"* provided technology which other

9  Defendants have used to allegedly violate privacy rights. The gravamen of Mr.

10 Lincoln's Declaration is that where he contends that Moving Defendant had access

11 to Plaintiffs' information, and that Orly Taitz did not have access to such

12 information, that an inference should be drawn that Moving Defendant must have

13 accessed Plaintiffs' information. (Again, Mr. Lincoln's Declaration may not be

14 considered. <u>FRCP</u> Rule 12(b)(6). <u>Bell Atlantic Corp</u>. *supra*, 550 U.S. at p. 563.

15 <u>Graehling</u>, *supra*, 58 F.3d at p. 298.)

16       Plaintiffs continue this theme in their Opposition. They begin by falsely

17 claiming that Orly Taitz in her Motion to dismiss states "that she obtained Plaintiffs

18 [sic] private data, outlined above, directly from the Reed Defendants and Defendant

19 Intellius." Plaintiffs then contend: "This is and was impossible as Ms. Taitz did not

20 and does not have accounts with these particular Defendants, nor did she know how

21 to utilize and work with them. *Ms. Taitz could have only obtained Plaintiffs [sic]*

22 *private data from her husband, Mr. Taitz. This is also confirmed by Dr. Charles*

23 *Edward Lincoln III in his Declaration....*"  (Opposition "Memorandum," 10: 23-28

24 and 11: 1-2; emphasis added.)

25       Where the most that Plaintiffs can do is urge this Court to indulge in their

26 unsupported inference, but still fail to plead that Moving Defendant personally

27 committed any act constituting invasion of privacy, their invasion of privacy claim

28 clearly is insufficient.

**DEFENDANT, YOSEF TAITZ'S REPLY MPA RE: MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**

1      **C.**     ***That Defendant, Orly Taitz, Allegedly Disclosed and Published***
2              ***Plaintiffs' "Private Data" is Irrelevant to and Does Not Establish a***
3              ***Claim for Invasion of Privacy Against Moving Defendant, Yosef***
4              ***Taitz***

5      To mask their failure to allege that Moving Defendant personally engaged in
6  any conduct constituting invasion of privacy, Plaintiffs attempt to shift the Court's
7  focus to the alleged acts of Orly Taitz. Pages 13 and 14 of Plaintiffs' Opposition are
8  devoted to listing the alleged acts of <u>Ms. Taitz</u> in publishing and disclosing
9  Plaintiffs' "private data." Plaintiffs' contentions regarding Ms. Taitz are irrelevant
10  to and do not establish any claim for invasion of privacy against Moving Defendant.
11  They are at least tacit admissions of Plaintiffs' failure to allege that Moving
12  Defendant, personally, engaged in any conduct constituting invasion of privacy.

13  **VI.**  <u>**PLAINTIFFS' SECOND CAUSE OF ACTION FOR PUBLIC**</u>
14      <u>**DISCLOSURE OF PRIVATE FACTS FAILS WHERE PLAINTIFFS**</u>
15      <u>**DO NOT PLEAD THAT MOVING DEFENDANT, YOSEF TAITZ,**</u>
16      <u>**COMMITTED ANY "PUBLIC DISCLOSURE" OF PRIVATE FACTS**</u>

17      **A.**     ***That Defendant, Orly Taitz, Allegedly Disclosed and Published***
18              ***Plaintiffs' "Private Data" is Irrelevant to and Does Not Establish a***
19              ***Claim for Public Disclosure of Private Facts Against Moving***
20              ***Defendant, Yosef Taitz***

21      Plaintiffs again attempt to shift the Court's focus to the alleged acts of Orly
22  Taitz, and away from their failure to allege that Moving Defendant did anything
23  constituting the elements of this tort. Plaintiffs' Opposition is again devoted to
24  listing the alleged acts of <u>Ms. Taitz</u> in publishing and disclosing Plaintiffs' "private
25  data." Plaintiffs' contentions regarding Ms. Taitz are irrelevant to and do not
26  establish any claim for public disclosure of private facts against Moving Defendant.
27  They are at least tacit admissions of Plaintiffs' failure to allege that Moving
28  Defendant, personally, engaged in any conduct establishing any element of this tort.

**DEFENDANT, YOSEF TAITZ'S REPLY MPA RE: MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**

**B.** **_That Moving Defendant Allegedly Shared Plaintiffs' Information with Defendant, Orly Taitz, Does not Constitute the Essential "Public Disclosure" Element of a Claim for Public Disclosure of Private Facts As Against Moving Defendant_**

Plaintiffs state that the "elements of the tort of public disclosure of private facts are: (1) public disclosure, (2) of a private fact, (3) which would be offensive and objectionable to the reasonable person, and (4) which is not of legitimate concern. <u>Taus v. Loftus</u> (2007) 40 Cal.4th 683 [54 Cal.Rptr. 775]." (Opposition "Memorandum," 13: 4-8.)

As the name of this tort suggests, and as Plaintiffs acknowledge is an essential element of the claim, there must be a "_public_ disclosure" of private facts. <u>Porten v. University of San Francisco</u> (1964) 64 Cal.App.3d 825, 828. Plaintiffs fail to allege this essential element as against Moving Defendant. At most, Plaintiffs appear to plead some type of "private disclosure" of their "private data." This clearly is insufficient to establish this element of the tort of public disclosure of private facts.

Plaintiffs then go on to discuss the second through fourth elements of this claim for relief. However, again, they only reference alleged acts of <u>Ms. Taitz</u>, and no alleged acts of Moving Defendant. For these reasons, Plaintiffs' claim for public disclosure of private facts should be dismissed with prejudice as to Moving Defendant.

**VII. <u>PLAINTIFFS' THIRD CAUSE OF ACTION FOR FALSE LIGHT - INVASION OF PRIVACY IS INSUFFICIENT AS PLAINTIFFS FAIL TO ALLEGE THAT MOVING DEFENDANT, YOSEF TAITZ, ACTUALLY PUBLICIZED ANY FACTS LEADING TO THE ALLEGED PORTRAYAL OF PLAINTIFFS IN A FALSE LIGHT</u>**

Plaintiffs' claim for false light - invasion of privacy is "essentially superfluous," and should be dismissed in its entirety, as it merely repeats Plaintiffs'

1   Eighth Cause of Action for defamation. <u>Eisenberg v. Alameda Newspapers</u> (1999)

2   74 Cal.App.4th 1359, 1385, fn. 13. A claim for false light defamation "'is in

3   substance equivalent to . . . [a] libel claim." <u>Briscoe v. Reader's Digest Assn.</u> (1971)

4   4 Cal.3d 529, 543. The allegations in the false light cause of action provide

5   Plaintiffs no independent source of relief and, as such, the cause of action should be

6   dismissed in its entirety.

7          Plaintiffs have also failed to allege facts establishing the five elements

8   necessary for a false light cause of action, including that of *publicity in the form of a*

9   *communication to the public in general.* <u>Kinsey v. Macur</u> (1980) 107 Cal.App.3d

10  265, 290. Plaintiffs' in their third cause of action fail to allege that Moving

11  Defendant, personally, made any disclosure or publication of facts regarding them

12  to the public in general.

13         The most that Plaintiffs contend in this regard is that Moving Defendant

14  "accessed Plaintiffs [sic] private data on the Reed Defendants [sic] and Defendant

15  Intelius' databases and in turn gave it to Ms. Taitz." (Opposition "Memorandum,"

16  16: 6-7.) Plaintiffs do not actually plead that Moving Defendant "accessed Plaintiffs

17  [sic] private data...." Instead, the most that Plaintiffs' can do is urge this Court to

18  indulge in their unsupported inference based on the Declaration of Mr. Lincoln that

19  Moving Defendant "must" have done so where (per Mr. Lincoln) Orly Taitz lacked

20  the computer skills to have acquired such information. Even if Plaintiffs had pled

21  that Moving Defendant "accessed Plaintiffs [sic] private data" (which they have not

22  done), this would be insufficient to establish the required element of publicity in the

23  form of a communication to the public in general. <u>Kinsey</u>, *supra*, 107 Cal.App.3d at

24  p. 290.

25         For these reasons, and additional reasons stated in Moving Defendant's

26  Motion, Plaintiffs clearly have not and cannot state a sufficient claim against him

27  for false light - invasion of privacy.

28  *///*

-12-

**VIII.** **PLAINTIFFS' FIFTH CAUSE OF ACTION FOR VIOLATION OF CAL. CIV. CODE § 1798.53 (CALIFORNIA INFORMATION PRIVACY ACT) FAILS WHERE THE FAC DOES NOT CONTAIN ALLEGATIONS THAT THE ALLEGEDLY DISCLOSED INFORMATION WAS OBTAINED FROM A GOVERNMENT AGENCY**

Plaintiffs' Fifth Cause of Action for Willful Violation of the California Information Privacy Act ("IPA") Cal. Civ. Code § 1798.53 fails to state a claim against Moving Defendant. Civil Code §1798.53 provides, in pertinent part: "Any person… who intentionally discloses information, not otherwise public, which they know or should reasonably know was obtained from personal information maintained by a *state agency* or from 'records' within a 'system of records'... maintained by a *federal government agency*, shall be subject to a civil action...." (Emphasis added.) The term "agency" is defined as "every [California] state office, officer, department, division, bureau, board, commission, or other state agency." Civil Code § 1798.3(b). Plaintiffs' Opposition is silent on this essential requirement of their claim based on Civ. Code § 1798.53.

Plaintiffs fail to allege that any Defendant (including Moving Defendant) obtained any "information maintained by a state agency or from 'records' within a 'system of records'… maintained by a federal government agency...."  The only allegation in this regard is that "*Plaintiff Liberi had an expectation of her residency address staying confidential. Liberi did not own real estate and therefore her physical address was never public. Despite this, Defendants illegally obtained Liberi's home address from her credit reports, disclosed and distributed it to over a million individuals and businesses.*" (FAC, ¶ 242; emphasis added.)

This is not an allegation regarding information maintained by a California state or federal agency. (Plaintiff Liberi claims to be a resident of New Mexico; FAC, ¶ 4.) Plaintiff Liberi fails to allege that her residence address was maintained

1  by a California or federal agency. Moreover, Plaintiffs specifically allege that this

2  information was "obtained... from her credit reports...." Plaintiffs do not allege that

3  credit reports are maintained by a governmental agency (they are clearly not) and it

4  is apparent that such reports do not come within the IPA.

5      The fifth cause of action is silent as to any information regarding Plaintiff

6  OSTELLA's information, including that it was obtained from any "information

7  maintained by a state agency or from 'records' within a 'system of records'...

8  maintained by a federal government agency...."  Thus, the fifth cause of action must

9  fail as to Plaintiff OSTELLA.

10      Plaintiffs admit that they have not pled this essential element. The most they

11  do is assert: "Mr. Taitz intentionally intruded into Plaintiffs [sic] private affairs

12  without any knowledge or permission of the Plaintiffs, by improperly accessing the

13  data maintained on the **Reed Defendants** [sic] and **Defendant Intelius [sic]**

14  **databases**...."  (Opposition "Memorandum," 17: 8-11; emphasis added.)

15      Obtaining information from databases maintained by *private* companies such

16  as Reed and Intelius is obviously not information that "was obtained from personal

17  information maintained by a *state agency* or from 'records' within a 'system of

18  records'… maintained by a *federal government agency*...." as required by

19   Civil Code §1798.53. Thus, Plaintiffs' Fifth Cause of Action for Willful Violation

20  of the California Information Privacy Act ("IPA") Cal. Civ. Code § 1798.53 must

21  fail.

22  **IX.    PLAINTIFFS' ADMIT THAT THEIR SIXTH CAUSE OF ACTION**

23  **FOR VIOLATION OF CAL. CIV. CODE § 1798.85 FAILS AS THERE**

24  **IS NO ALLEGATION THAT MOVING DEFENDANT, YOSEF TAITZ,**

25  **PUBLICLY POSTED ANY PLAINTIFFS' SOCIAL SECURITY**

26  **NUMBER**

27      Plaintiffs' Opposition is *silent* as to their sixth claim for relief as against

28  Moving Defendant. Thus, they admit that his Motion should be granted, without

1  leave to amend, as to this claim.

2  **X.   PLAINTIFFS' EIGHTH CAUSE OF ACTION FOR**

3  **DEFAMATION PER SE, SLANDER AND LIBEL PER SE FAILS**

4  **DUE TO PLAINTIFFS' FAILURE TO ALLEGE THAT MOVING**

5  **DEFENDANT, YOSEF TAITZ, DEFAMED PLAINTIFFS IN ANY**

6  **MANNER**

7  The essential elements of a cause of action for defamation are: (1) a false

8  statement of fact (Schmidt v. Foundation Health (1995) 35 Cal.App.4th 1702,

9  1716); (2) that is *published* (California Civil Code §§ 45, 46); (3) of or concerning

10  plaintiff (California Code of Civil Procedure §460; Kelly v. Johnson Publishing Co.

11  (1958) 160 Cal.App.2d 718); (4) causing injury to plaintiff's reputation (Masson v.

12  New Yorker Magazine, Inc., 501 U.S. 496, 510 (1991); and (5) malice (Newspapers,

13  Inc. v. Hepps, 475 U.S. 767, 773-75 (1986)) or fault (Gertz v. Robert Welch, Inc.,

14  418 U.S. 323, 347, 349 (1974)).

15  California Civil Code § 45 provides: "Libel is a false and unprivileged

16  *publication* by writing, printing, picture, effigy, or other fixed representation to the

17  eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which

18  causes him to be shunned or avoided, or which has a tendency to injure him in his

19  occupation." California Civil Code § 46 provides: Slander is a false and

20  unprivileged *publication*, orally uttered, and also communications by radio or any

21  mechanical or other means...."

22  Plaintiffs fail to plead that Moving Defendant, personally, published any

23  defamatory statement orally or in writing with regard to any Plaintiff. The FAC as

24  against Moving Defendant is based on Plaintiffs' allegations that *"his corporation,*

25  *Daylight CIS"* has provided technology which other Defendants have used to

26  allegedly violate privacy rights, and that *"Yosef Taitz through Daylight CIS shared*

27  *the private information of Plaintiffs' with his wife, Orly Taitz."* (FAC, 77: 1-2.)

28  Plaintiffs in their Opposition ("Memorandum," 19: 14-17) make the same

1  contention. These allegations cannot support Plaintiffs' defamation claim where

2  Plaintiffs fail to allege the essential "publication" element. Thus, Plaintiffs' Eighth

3  Cause of Action must fail.

4  **XI.  PLAINTIFFS' NINTH CAUSE OF ACTION FOR INTENTIONAL**

5  **INFLICTION OF EMOTIONAL DISTRESS FAILS DUE TO**

6  **PLAINTIFFS' FAILURE TO ALLEGE ACTIONS BY MOVING**

7  **DEFENDANT, YOSEF TAITZ, CONSTITUTING REQUIRED**

8  **"OUTRAGEOUS" CONDUCT**

9  Plaintiffs' IIED claim is based entirely upon their prior claims, meaning that

10  the IIED claim as to Moving Defendant is completely reliant upon his alleged

11  invasion of privacy and defamation of Plaintiffs. (FAC, ¶ 301.) As demonstrated

12  above, where Plaintiffs fail to allege that Moving Defendant, personally, engaged in

13  any actionable conduct, they have not stated any claim against him.

14  Plaintiffs in their Opposition contend that the "outrageous conduct" element

15  of this claim has been met by Moving Defendant "retrieving private data he was not

16  privy to and sharing it with Defendant Ms. Taitz...." (Opposition "Memorandum,"

17  20: 6-7.) However, as discussed above, Plaintiffs do not actually plead that Moving

18  Defendant "retrieved" or "accessed" any "private data." Instead, the most that

19  Plaintiffs' can do is urge this Court to indulge in their unsupported inference based

20  on the Declaration of Mr. Lincoln that Moving Defendant "must" have done so

21  where (per Mr. Lincoln) Orly Taitz lacked the computer skills to have acquired such

22  information.

23  The allegations of Moving Defendant "sharing" such alleged information with

24  Orly Taitz does not rise to the level of required "outrageous conduct," particularly

25  where there is no allegation actually pled in the FAC as to his intent to harm any

26  Plaintiff. The tortious conduct alleged does not rise to the level of being "beyond all

27  possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in

28  a civilized community" as required under the RESTATEMENT (SECOND) TORTS § 46 and

-16-

California law. *See* <u>Molko v. Holy Spirit Ass'n</u> (1988) 46 Cal.3d 1092, 1122. Plaintiffs fail to allege that Moving Defendant committed acts constituting "outrageous" conduct. Therefore, the ninth cause of action must fail as to him.

## XII. <u>PLAINTIFFS ADMIT THAT THEIR FOURTEENTH CAUSE OF ACTION FOR NON-COMPLIANCE WITH THE FAIR CREDIT REPORTING ACT (15 U.S.C. SECTIONS 1681b AND 1681o) FAILS TO STATE A CLAIM AGAINST MOVING DEFENDANT, YOSEF TAITZ</u>

Plaintiffs' Opposition is *<u>silent</u>* as to their fourteenth claim for relief as against Moving Defendant. Thus, they admit that his Motion should be granted, without leave to amend, as to this claim.

## XIII. <u>PLAINTIFFS ADMIT THAT THEIR SEVENTEENTH CAUSE OF ACTION FOR VIOLATION OF THE INFORMATION PRACTICES ACT (CALIFORNIA CIV. CODE SECTIONS 1798 ET SEQ.) FAILS TO STATE A CLAIM AGAINST MOVING DEFENDANT, YOSEF TAITZ</u>

Plaintiffs' Opposition is *<u>silent</u>* as to their seventeenth claim for relief as against Moving Defendant. Thus, they admit that his Motion should be granted, without leave to amend, as to this claim.

## XIV. <u>PLAINTIFFS' EIGHTEENTH CAUSE OF ACTION FOR VIOLATION OF CAL. BUSINESS AND PROFESSIONS CODE SECTIONS 17200 ET SEQ. FAILS TO STATE A CLAIM AGAINST MOVING DEFENDANT, YOSEF TAITZ</u>

Plaintiffs' claim under California's Unfair Competition Law is based on alleged violations "of the [Fair Credit Reporting Act, California Credit Reporting Agencies Act, California Investigative Consumer Reporting Agencies Act, and California Information Practices Act]...." (FAC, ¶ 391.) They allege that Moving Defendant's "knowing failure to adopt practices in accordance with and/or to adhere

-17-

1   to these laws... [constitute] an unfair business practice...." (FAC, ¶ 392.)

2       However, Plaintiffs fail to allege any required "unfair business practice" by

3   Moving Defendant where, as shown in his Motion, he is not subject to the laws

4   (Fair Credit Reporting Act, etc.) on which the eighteenth cause of action is based.

5   Where he is not subject to such laws, he could not be required "to adopt practices in

6   accordance with and/or to adhere to these laws...."

7       Only persons who have been injured in fact and have lost money or property

8   as a result of alleged unfair competition have standing to bring actions for relief

9   under the Unfair Competition Law. Bivens v. Gallery Corp. (2005) 134 Cal.App.4th

10  847. Cohen v. Health Net of California, Inc. (2005) 129 Cal.App.4th 841.

11      In Schulz v. Neovi Data Corp. (2005) 129 Cal.App.4th 1, it was held that a

12  consumer was not entitled to pursue his action under section 17200 against a

13  payment processing service where he had not suffered injury in fact under section

14  17204 or lost money or property as a result of alleged unfair competition by the

15  processing service because he had not used their services. Analogously, a non-

16  California resident cannot assert a claim under California's Unfair Competition Law

17  where he or she merely asserts a claim for actions that occurred entirely outside

18  California. In re Nat'l Western Life Ins. Deferred Annuities Litig., 467 F. Supp. 2d

19  1071 (2006, SD Cal).

20      Plaintiffs have not stated a claim under California's Unfair Competition Law

21  against Moving Defendant where they have not alleged any actual monetary injury

22  caused by any (non-existent) "unfair business practice" by Moving Defendant. For

23  example, Plaintiffs fail to allege an essential element of this claim that they have

24  used the services of (i.e., were "customers" of) Moving Defendant. In their

25  Opposition, Plaintiffs contend that Moving Defendant's "unfair business practices"

26  consisted of his "illegal access to Plaintiffs [sic] private data and the disclosure of

27  such to other Defendants...." (Opposition "Memorandum," 22: 1-2.) As discussed

28  above, Plaintiffs do not actually plead that Moving Defendant "retrieved" or

1  "accessed" any "private data." This contention (even if pled in the FAC, which it is

2  not) clearly would not be any type of "business practice" or "unfair competition."

3  Again, Plaintiffs fail to allege the essential element of standing to bring such

4  claim. They fail to allege that they used the services of (i.e., were "customers" of)

5  Moving Defendant. They fail to allege that they have suffered injury or lost money

6  or property as a result of alleged "unfair competition." Schulz, supra, 129

7  Cal.App.4th at p. 9. They also fail to allege any unfair business practice occurring

8  inside California affecting them. In re Nat'l Western Life Ins., supra, 467 F. Supp.

9  2d at 1075. Their eighteenth cause of action therefore must fail.

10 **XV. PLAINTIFFS' NINETEENTH CAUSE OF ACTION FOR**

11 **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS FAILS**

12 **TO STATE A CLAIM AGAINST MOVING DEFENDANT,**

13 **YOSEF TAITZ**

14 Plaintiffs' NIED claim against Moving Defendant is insufficient for the

15 reasons, stated above, why their ninth cause of action for IIED is insufficient.

16 **XVI. PLAINTIFFS' TWENTIETH CAUSE OF ACTION FOR "RES**

17 **IPSA LOQUITOR NEGLIGENCE" FAILS TO STATE A CLAIM**

18 **AGAINST MOVING DEFENDANT, YOSEF TAITZ - SUCH A CAUSE**

19 **OF ACTION DOES NOT EXIST**

20 Plaintiffs' "res ipsa loquitor negligence" cause of action does not state a

21 legally cognizable claim. The doctrine of res ipsa loquitor has no application to the

22 claims (concerning alleged invasion of privacy and defamation) herein. The doctrine

23 applies to negligence action arising out of certain kinds of accidents that are so

24 likely to have been caused by defendant's negligence that one may fairly say "the

25 thing speaks for itself." The doctrine is an evidentiary rule determining whether

26 circumstantial evidence of negligence is sufficient to raise a presumption of

27 negligence regarding the accident. Cal. Evid. Code § 646. Blackwell v. Hurst (1996)

28 46 Cal.App.4th 939.

1   Where Plaintiffs' claims have nothing to do with any accident, the doctrine of
2   res ipsa loquitor cannot apply. Further, there simply is no cognizable claim for "res
3   ipsa loquitor." The res ipsa loquitur doctrine is <u>not</u> a rule of substantive law
4   imposing liability in the absence of negligence, but is a rule of evidence giving rise
5   to an inference of negligence in certain cases. Where the res ipsa loquitur doctrine is
6   applicable, the doctrine merely provides a means by which injury may be traced to
7   negligence of the party or parties having control or management of the
8   instrumentality involved. <u>Pacific Tel. & Tel. Co. v. City of Lodi</u> (1943) 58 Cal.App.
9   2d 888.

10   Plaintiffs in their Opposition cite several cases regarding such doctrine, to
11   acknowledge that it provides "a presumption affecting the burden of producing
12   evidence." (Opposition "Memorandum," 25: 2-5.) Plaintiffs in this one limited
13   instance are correct. However, there simply is no legally-recognized cause of action
14   for "res ipsa loquitor negligence" and Plaintiffs fail to cite any legal authority for
15   such a claim.

16   ## XVII. <u>PLAINTIFF, GO EXCEL GLOBAL, IS NOT AN EXISTING
17   BUSINESS ENTITY AND, THEREFORE, IS NOT A PROPER
18   PLAINTIFF</u>

19   As demonstrated in Moving Defendant's Motion, Plaintiff, GO EXCEL
20   GLOBAL  ("GEG"), is not alleged to be an existing business entity. In fact,
21   Plaintiffs' counsel stated that *"Go Excel Global <u>was</u> a legal entity when the lawsuit*
22   *was filed."* (Correspondence attached as **"Exhibit B"** to Motion; emphasis added.)

23   Although Moving Defendants' counsel has not been able to find evidence that
24   GEG has *ever* existed, where Plaintiffs' counsel admits that <u>GEG *no longer exists*</u>, it
25   is clear that GEG does not possess legal standing to prosecute its claims herein.
26   Under California and New Jersey law (where GEG was located), a corporation no
27   longer existing, or otherwise not in good standing with the governmental body with
28   jurisdiction over it, does not have legal standing to prosecute an action. <u>Palm Valley</u>

1  Homeowners Assn., Inc. v. Design MTC (2000) 85 Cal.App.4th 553, 560. Higi v.

2  Elm Tree Village, 114 N.J. Super. 88, 91, 274 A.2d 845 (1971).

3      The only portion of the Opposition addressing these issues provides: "Go

4  Excel Global was an existing company and still is without any customers or clients."

5  (Opposition "Memorandum," 6: 22-23.) This is a further admission that GEG "was"

6  a business entity, but no longer is such. *If* GEG continues to be a business entity

7  with "active" or "good" standing with its home state (New Jersey), it would be a

8  simple matter for Plaintiffs to provide proof of same (such as a certificate from the

9  New Jersey Department of Corporations or its equivalent) and to seek judicial

10 notice of that proof. Plaintiffs' failure to take this simple action is at least a tacit

11 admission that GEG, which per its counsel "*was a legal entity when the lawsuit was*

12 *filed*,"  no longer is an entity in good standing and thus cannot be a proper Plaintiff.

13 **XVIII. PLAINTIFFS' CONTENTIONS THAT THEY SHOULD BE**

14       **ALLOWED TO CONDUCT DISCOVERY, INCLUDING AS TO**

15       **"SOURCE CODES," ARE IRRELEVANT TO THE SUFFICIENCY**

16       **OF THEIR FAC**

17     Rather than discuss whether their claims are sufficiently pled, Plaintiffs'

18 Opposition repeatedly states that they should be allowed to conduct discovery

19 including as to "source codes utilized by Defendants Mr. Taitz, Daylight and

20 Oracle...." (Opposition "Memorandum," 25: 6-13.) This contention is irrelevant to

21 the whether the FAC is legally sufficient. It is not.

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

**DEFENDANT, YOSEF TAITZ'S REPLY MPA RE: MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**

1

# XIX. <u>CONCLUSION</u>

2

For the reasons stated herein, Moving Defendant YOSEF TAITZ, respectfully

3

requests that he be dismissed with prejudice pursuant to FRCP Rule 12(b)(6).

4

5

DATED: August 15, 2011          **SCHUMANN, RALLO & ROSENBERG, LLP**

6

7

8

                                                    /s/ - Jeffrey P. Cunningham
                                        By:  _____

9

                                        Kim Schumann, Esq.
                                        Jeffrey P. Cunningham, Esq.

10

                                        Peter Cook Esq.
                                        Attorneys for Defendant,

11

                                        YOSEF TAITZ

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT, YOSEF TAITZ'S REPLY MPA RE: MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**