Kim Schumann, Esq., State Bar #170942
Jeffrey P. Cunningham, Esq., State Bar #151067
Peter Cook, Esq., State Bar #232742
**SCHUMANN, RALLO & ROSENBERG, LLP**
3100 Bristol Street, Suite 400
Costa Mesa, CA 92626
Telephone (714) 850-0210
Facsimile  (714) 850-0551
Email: jcunningham@srrlawfirm.com

Attorneys for Defendant, YOSEF TAITZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| LISA LIBERI; LISA M. OSTELLA; GO EXCEL GLOBAL; PHILIP J. BERG, ESQUIRE; and THE LAW OFFICES OF PHILIP J. BERG, <br><br> Plaintiffs, <br><br> vs. <br><br> ORLY TAITZ, a/k/a DR. ORLY TAITZ; LAW OFFICES OF ORLY TAITZ; ORLY TAITZ, INC.; DEFEND OUR FREEDOMS FOUNDATIONS, INC.; NEIL SANKEY; SANKEY INVESTIGATIONS, INC; TODD SANKEY; THE SANKEY FIRM, INC.; REED ELSEVIER, INC.; LEXISNEXIS GROUP, INC., a Division of Reed Elsevier, Inc.; LEXISNEXIS RISK AND INFORMATION ANALYTICS GROUP, INC.; LEXISNEXIS SEISINT, INC. d/b/a ACCURINT, a Division of Reed Elsevier, Inc.; LEXISNEXIS CHOICEPOINT, INC., a Division of Reed Elsevier, Inc.; LEXISNEXIS RISK SOLUTIONS, INC., a Division of Reed Elsevier, Inc.; INTELIUS, INC.; ORACLE CORPORATION; DAYLIGHT CHEMICAL INFORMATION SYSTEMS, INC.; YOSEF TAITZ, individually, and as Owner / CEO of DAYLIGHT CHEMICAL INFORMATION SYSTEMS, INC.; and DOES 1 through 186, inclusive, <br><br> Defendants. | Case No. 8:11-CV-00485-AG (AJW) <br> Hon. Andrew Guilford <br> Courtroom 10D <br><br> **MEMORANDUM OF *EVIDENTIARY OBJECTIONS* BY DEFENDANT, YOSEF TAITZ, TO DECLARATION OF PHILIP J. BERG, ESQ.** <br><br> **[FILED CONCURRENTLY WITH DEFENDANT'S REPLY MPA REGARDING HIS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT]** <br><br> Date:    August 29, 2011 <br> Time:    10:00 a.m. <br> Place:   Courtroom 10D <br><br> Date Action Filed:     May 4, 2009 <br> Discovery Cut-Off:    March 5, 2012 <br> Final Pre-Trial Conf.:  May 21, 2012 <br> Trial Date:            June 5, 2012 |

-1-

**DEFENDANT, YOSEF TAITZ'S MEMORANDUM OF EVIDENTIARY OBJECTIONS**

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that Defendant, YOSEF TAITZ ("Moving Defendant"), submits the following *evidentiary objections* to the DECLARATION OF PHILIP J. BERG ("Declaration") submitted with Plaintiffs' Opposition to Moving Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 12(b)(6) regarding Plaintiffs' First Amended Complaint ("FAC").

## I. GENERAL OBJECTIONS TO CONSIDERATION OF PHILIP J. BERG'S DECLARATION REGARDING MOVING DEFENDANTS' FRCP RULE 12(b)(6) MOTION TO DISMISS

Moving Defendant has filed an FRCP Rule 12(b)(6) Motion to dismiss. He has not filed a Motion for summary judgment. His Motion challenges the legal sufficiency of the FAC, based on its allegations shown on the "face" of the pleading. He does not rely on, nor submit evidence of, any matter extrinsic to the FAC.

Instead of arguing the legal sufficiency of the FAC in their Opposition, Plaintiffs, through the Declaration of Mr. Berg, rely on matters extraneous to the FAC. As a matter of law, Mr. Berg's Declaration cannot be considered on Moving Defendants' FRCP Rule 12(b)(6) Motion. Such Motion is limited to the "face" of the FAC and matters judicially noticed. FRCP Rule 12(b)(6). Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007). Szoke v. Carter, 165 F.R.D. 34, 36 (S.D.N.Y. 1996). Graehling v. Village of Lombard, 58 F.3d 295, 298 (7th Cir. 1995).

Moving Defendant therefore objects to Mr. Berg's Declaration being considered in opposition to his Motion. Moving Defendant moves to strike such improper extrinsic evidence.

## II. SPECIFIC OBJECTIONS TO PHILIP J. BERG'S DECLARATION

As stated, Mr. Berg's Declaration cannot be considered herein. However, *if*

**DEFENDANT, YOSEF TAITZ'S MEMORANDUM OF EVIDENTIARY OBJECTIONS**

the Court does consider such matters, Moving Defendant submits the following specific evidentiary objections to it. Such objections are submitted with an express reservation of Moving Defendant's general objections to such declaration being considered, and without waiving such general objections. As shown below, such Declaration is devoid of any competent or admissible evidence.

**A.** *Objections to Declaration of Plaintiff, Philip J. Berg*

**EVIDENTIARY OBJECTIONS**

| DECLARATION OF PLAINTIFF, PHILIP J. BERG | MOVING DEFENDANT'S OBJECTIONS | COURT'S RULING |
|---|---|---|
| 1. "Mr. Taitz Motion to Dismiss is premature as to certain causes of actions outlined in Plaintiffs Response in Opposition to his Motion. Discovery has not commenced with Defendants Yosef Taitz, Oracle or Daylight Chemical Information Systems, Inc. ["Daylight"] as of this date." Declaration of Philip J. Berg,¶ 3. | Irrelevant. Fed. R. Evid. ("FRE"), Rules 401, 402. Speculation. Lacks foundation. No showing of personal knowledge of declarant. FRE 602. Hearsay. FRE 802 et seq. Inadmissible opinion testimony. FRE 701 et seq. Argumentative. | Sustained: ___ Overruled: ___ |
| 2. "Once discovery commences, it is imperative for Plaintiffs to receive all the source codes used by Defendants Yosef Taitz, Oracle and Daylight on their products supplied to and used by the Reed Defendants and Defendant Intelius from the time | Irrelevant. FRE 401, 402. Speculation. Lacks foundation. No showing of personal knowledge of declarant. FRE 602. Hearsay. FRE 802 et seq. Inadmissible opinion testimony. FRE 701 et seq. | Sustained: ___ Overruled: ___ |

**DEFENDANT, YOSEF TAITZ'S MEMORANDUM OF EVIDENTIARY OBJECTIONS**

| | | |
|---|---|---|
| period of January 1, 2009 to current." Declaration of Philip J. Berg,¶ 4. | Argumentative. | |
| 3. "Electronic discovery is also imperative and Plaintiffs anticipate the need for extensive electronic discovery with these Defendants." Declaration of Philip J. Berg,¶ 5. | Irrelevant. FRE 401, 402. Speculation. Lacks foundation. No showing of personal knowledge of declarant. FRE 602. Hearsay. FRE 802 et seq. Inadmissible opinion testimony. FRE 701 et seq. Argumentative. | Sustained: ___ Overruled: ___ |
| 4. "Defendant Yosef Taitz claims Plaintiffs First Amended Complaint ["FAC"] language and allegation are confusing, tenuous, and unintelligible. Mr. Taitz asks what exactly is "cross site scripting", "Interface applications", "remote application execution", etc. This verbiage is located on Mr. Taitz and his Corporation, Daylight's website located at http://daylight.com. In addition, this same verbiage is used by Mr. Taitz in his and Daylight's product manuals which are on | Irrelevant. FRE 401, 402. Speculation. Lacks foundation. No showing of personal knowledge of declarant. FRE 602. Hearsay. FRE 802 et seq. Inadmissible opinion testimony. FRE 701 et seq. Assumes facts not in evidence, and no foundation regarding alleged meanings of "cross site scripting," "Interface applications," "remote application execution," etc. Argumentative. | Sustained: ___ Overruled: ___ |

-4-

**DEFENDANT, YOSEF TAITZ'S MEMORANDUM OF EVIDENTIARY OBJECTIONS**

| | | | |
|---|---|---|---|
| 1<br>2<br>3<br>4<br>5 | file with this Court as Exhibits "141" through "144", docket entry numbers 190, 190-26, and 190-27." Declaration of Philip J. Berg,¶ 6. | | |
| 6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18 | 5. "Mr. Taitz raises the issue of a Stipulated Agreement which was entered into with his attorney Brad S. Miller, Esquire, dismissing without prejudice, Mr. Taitz from the original lawsuit filed in Pennsylvania on May 4, 2009. Mr. Taitz claims that Plaintiffs had to seek leave to "join" him back into the current lawsuit. This is not completely true." Declaration of Philip J. Berg,¶ 7. | Irrelevant. FRE 401, 402. Speculation. Lacks foundation. No showing of personal knowledge of declarant. FRE 602. Hearsay, multiple level hearsay. FRE 802 et seq. Inadmissible opinion testimony. FRE 701 et seq. Argumentative. | Sustained: ___<br>Overruled: ___ |
| 19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27 | 6. "Mr. Taitz was originally named in Plaintiffs lawsuit regarding his wife, Orly Taitz's website/blog, http://drorly.blogspot.com, and the operation thereof." Declaration of Philip J. Berg,¶ 8. | Irrelevant. FRE 401, 402. Speculation. Lacks foundation. No showing of personal knowledge of declarant. FRE 602. Hearsay. FRE 802 et seq. Inadmissible opinion testimony. FRE 701 et seq. Argumentative. | Sustained: ___<br>Overruled: ___ |

28

-5-

**DEFENDANT, YOSEF TAITZ'S MEMORANDUM OF EVIDENTIARY OBJECTIONS**

| | | | |
|---|---|---|---|
| 7. "The allegations pending against Mr. Taitz in Plaintiffs FAC have nothing to do with http://drorly.blogspot.com, his wife's website or anything pertaining to the allegations plead [sic] against him in Plaintiffs Original Complaint of May 4, 2009." Declaration of Philip J. Berg,¶ 9. | Irrelevant. FRE 401, 402. Speculation. Lacks foundation. No showing of personal knowledge of declarant. FRE 602. Hearsay. FRE 802 et seq. Inadmissible opinion testimony. FRE 701 et seq. Assumes facts not in evidence, and no foundation regarding FAC having "nothing to do with http://drorly.blogspot.com," or Mr. Taitz's "wife's website" or "anything pertaining to the allegations pled against [Mr. Taitz] in Plaintiffs Original Complaint." | Sustained: ___ Overruled: ___ |
| 8. "The causes of action and the facts supporting the causes of action in Plaintiffs FAC were not even discovered until early 2010, a year after the original Complaint was filed and the Stipulated Dismissal was agreed upon." Declaration of Philip J. Berg,¶ 10. | Irrelevant. FRE 401, 402. Speculation. Lacks foundation. No showing of personal knowledge of declarant. FRE 602. Hearsay. FRE 802 et seq. Inadmissible opinion testimony. FRE 701 et seq. Argumentative. | Sustained: ___ Overruled: ___ |

| | | |
|---|---|---|
| 9. "As clearly outlined in the Stipulated Agreement of May 28, 2009, dismissing Mr. Taitz from the original lawsuit in Pennsylvania, Plaintiffs were required to Seek Leave to join Mr. Taitz back into the lawsuit only if the causes of action or allegations were "arising out of the allegations' in the Complaint filed May 4, 2009". See Stipulation of May 28, 2009, pages 1-2, ¶ 2. The allegations and causes of action outlined in Plaintiffs FAC against Mr. Taitz are not "arising out of the allegations in the Complaint filed May 4, 2009"." Declaration of Philip J. Berg,¶ 11. | Irrelevant. FRE 401, 402. Speculation. Lacks foundation. No showing of personal knowledge of declarant. FRE 602. Hearsay, multiple level hearsay. FRE 802 et seq. Inadmissible opinion testimony. FRE 701 et seq. Argumentative. | Sustained: ___ Overruled: ___ |
| 10. "Defendant Yosef Taitz has spent a lot of time and pages in his Motion to Dismiss in attempts to confuse this Court and misstate what Plaintiffs FAC states and the actual allegations pending against him." Declaration of Philip J. Berg,¶ 12. | Irrelevant. FRE 401, 402. Speculation. Lacks foundation. No showing of personal knowledge of declarant. FRE 602. Hearsay. FRE 802 et seq. Inadmissible opinion testimony. FRE 701 et seq. Argumentative. | Sustained: ___ Overruled: ___ |

-7-

**DEFENDANT, YOSEF TAITZ'S MEMORANDUM OF EVIDENTIARY OBJECTIONS**

| | | |
|---|---|---|
| 11. "The reference Mr. Taitz made about Microsoft computers in attempts to compare it to the suit against him is beyond a stretch and completely dishonest." | Irrelevant. FRE 401, 402. Speculation. Lacks foundation. No showing of personal knowledge of declarant. FRE 602. Hearsay. FRE 802 et seq. Inadmissible opinion testimony. FRE 701 et seq. Argumentative. | Sustained: ___<br>Overruled: ___ |
| 12. "It is outlined in Plaintiffs FAC that Mr. Taitz, through his products, Daylight, and Defendant Oracle, had access to the Reed Defendants and Defendant Intelius' databases and servers, which stored individuals' private data, including that of Plaintiffs. Mr. Taitz in turn accessed Plaintiffs private data and provided it to his wife, Defendant Orly Taitz. Mr. Taitz's wife, Defendant Orly Taitz used the private data obtained from Mr. Taitz to carry out her threats against the Plaintiffs, including destroying them. This case is not about hardware supplied to any of the | Irrelevant. FRE 401, 402. Speculation. Lacks foundation. No showing of personal knowledge of declarant. FRE 602. Hearsay. FRE 802 et seq. Inadmissible opinion testimony. FRE 701 et seq. Assumes facts not in evidence and lacks foundation regarding Mr. Taitz allegedly having "access to the Reed Defendants and Defendant Intelius' databases and servers, which stored individuals' private data, including that of Plaintiffs" and that Mr. Taitz allegedly | Sustained: ___<br>Overruled: ___ |

-8-

**DEFENDANT, YOSEF TAITZ'S MEMORANDUM OF EVIDENTIARY OBJECTIONS**

| | | |
|---|---|---|
| Defendants by Yosef Taitz, Defendants Daylight or Oracle." Declaration of Philip J. Berg, ¶ 14. | "accessed Plaintiffs private data and provided it to his wife, Defendant Orly Taitz" and that Orly Taitz allegedly "used the private data obtained from Mr. Taitz to carry out her threats against the Plaintiffs." Argumentative. | |

DATED: August 15, 2011        **SCHUMANN, RALLO & ROSENBERG, LLP**


By:   /s/ - Jeffrey P. Cunningham
  _____
  Kim Schumann, Esq.
  Jeffrey P. Cunningham, Esq.
  Peter Cook Esq.
  Attorneys for Defendant,
  YOSEF TAITZ

**DEFENDANT, YOSEF TAITZ'S MEMORANDUM OF EVIDENTIARY OBJECTIONS**