Philip J. Berg, Esquire
Pennsylvania I.D. 9867
**LAW OFFICES OF PHILIP J. BERG**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Telephone:   (610) 825-3134
E-mail: philjberg@gmail.com              *Attorney for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| LISA LIBERI, et al, <br><br>                 Plaintiffs, <br><br> vs. <br><br> ORLY TAITZ, et al, <br><br>                 Defendants. | CIVIL ACTION NUMBER: <br><br> **8:11-cv-00485-AG (AJW)** <br><br> **PLAINTIFFS RESPONSE IN OPPOSITION TO DEFENDANT, ORACLE, INC.'S MOTION TO DISMISS** <br><br> Date of Hearing:   September 12, 2011 <br> Time of Hearing:   10:00 a.m. <br> Location:               Courtroom 10D |

     **COMES NOW** Plaintiffs, Philip J. Berg, Esquire [hereinafter at times "Berg"]; Lisa Ostella [hereinafter at times "Ostella"]; Lisa Liberi [hereinafter at times "Liberi"]; Go Excel Global and Law Offices of Philip J. Berg by and through their undersigned counsel, Philip J. Berg, Esquire and files the within Response in Opposition; Memorandum of Points and Authorities in Opposition;  and

Declaration of Philip J. Berg, Esquire in Opposition to Oracle, Inc.'s ["Oracle"] Motion to Dismiss ["MTD"] Plaintiffs First Amended Complaint ["FAC"]. Plaintiffs aver the following:

1.      Oracle claims their MTD is based on Plaintiffs failure to state claims and are **not** "plausible" under _Bell Atl. Corp. v. Twombly_, (2007) 550 U.S. 554, 127 S. Ct. 1955 and _Ashcroft v. Iqbal_, (2009) 129 S. Ct. 1937, 173 L. Ed. E3d 868, as "Plaintiffs speculation cannot form the basis of a claim for relief" fails as Plaintiffs' claims are **not** based on "speculation".

2.      Plaintiffs First Cause of Action against Oracle is for Oracle's "Willful and Intentional Intrusion upon Liberi, Berg and Ostella's Solitude, Seclusion and Private of Affairs – Invasion of Privacy", which Oracle fails to address in their MTD.  Instead Oracle's MTD as to Plaintiffs First Cause of Action is based on the fact they are a "private actor" and therefore "not liable under the U.S. Constitutional violations or California's Constitution", therefore, Oracle's MTD as to Plaintiffs First Cause of Action, fails and must be Denied.

3.      Oracle's MTD as to Plaintiffs Second and Third Causes of Action is based on Oracle's claim that they did **not** invade Plaintiffs privacy but instead it was Orly Taitz who invaded their privacy and therefore, Plaintiffs have failed to state a claim for relief. Oracle's argument as to Plaintiffs Second and Third Cause of Actions also fails and must be denied as Oracle is responsible for their contractors and partners; Oracle had access to Plaintiffs private data on Defendant Intelius and the Reed Defendants databases, servers

and computer systems, and failed to protect the information from access by their contractors and partners.  Orly Taitz obtained Plaintiffs private data from her husband, Defendant Yosef Taitz who operates Daylight, both of which are partnered with Oracle and obtained Plaintiffs private data and information from the Daylight/Oracle platforms. In other words, Oracle had a duty to ensure Defendants Yosef Taitz and Daylight did **not** have the ability of "accessing third-party databases for confidential information".  Thus, Oracle invaded Plaintiffs privacy by **not** securing the private data located on their customer's databases, servers and computers.

4.    Oracle moves to dismiss Plaintiffs Fifth, Sixth, Ninth, Seventeenth, Causes of Action claiming they did **not** obtain Plaintiffs private information and or disseminate it.  Again, Oracle's argument fails.  Oracle has access to all private data located on Defendants Intelius and the Reed Defendants databases, servers and computer systems due to Oracle's operating systems in use by these other Defendants, thus they had access to Plaintiffs private data.  Further, Defendants Yosef Taitz and Daylight are partnered with Oracle and provide tools which work with Oracle and gives access to Defendants Daylight and Yosef Taitz.  It is and was Oracle's duty to ensure all material and information on their customer's databases, servers and computer systems is and was maintained secure and private.  Defendants Yosef Taitz and Daylight's access to Plaintiffs private data maintained on Defendant Intelius and the Reed Defendants databases, servers and computer systems through back-doors which were implemented by Yosef Taitz through his access to Daylight's and Oracle's programs and operating

systems.  Yosef Taitz never denied this, instead he blamed his company, Daylight and the other Defendants, Intelius, Reed and Oracle Defendants.

5.      Plaintiffs Eighteenth and Nineteenth Causes of Action are properly plead against Defendant Oracle.  Oracle is in the business of providing operating systems and software products through themselves and other partners of Fortune 500 companies. These companies include the Intelius and Reed Defendants.  The fact that Oracle has access to confidential private information of Plaintiffs and all individuals, and fails to secure the data so their partners, e.g. Yosef Taitz and Daylight, do not utilitze illegal means to take the data, for which Oracle is paid, constitutes "unfair competition". Plaintiffs are clients of Oracle and their products and therefore, have standing to proceed. Oracle has a duty to all individuals, including Plaintiffs, to maintain any and all private data located on their client's, including Defendant Intelius and the Reed Defendants databases, servers and computer systems.  Oracle's MTD must be Denied.

6.      Defendant Oracle's Motion to Dismiss Plaintiffs Twentieth Cause of Action, Res Ipsa Loquitor, is premature.  Discovery has yet to commence between the parties.  It will be imperative that Plaintiffs receive **all the source codes** utilized by Defendants Oracle, Inc., Yosef Taitz, and Daylight Chemical Information Systems, Inc. ["Daylight"] from January 1, 2009 to current on **all** their products in use by Defendant Intelius and the Reed Defendants.  It is also imperative for electronic discovery to take place.  Plaintiffs anticipate the need and requirement of **extensive electronic discovery**.

7.    Oracle's MTD is based on their claim that Plaintiffs lack standing and have failed to state claims which relief can be granted on Plaintiffs Causes of Action because Plaintiffs are **not** customers of Oracle.  Oracle's statement is **not** accurate and therefore, fails.

8.    Plaintiffs are customers of Oracle through third party providers such as Word Press and GoDaddy who utilize and sell Oracle products or products supported by Oracle.  Plaintiffs also utilize products of Sun Microsystems which is owned by Oracle.   Yosef Taitz was a contractor of Sun Microsystems and partnered with Daylight CIS.

9.    Defendant Orly Taitz has admitted in her filing of July 11, 2011, Docket Entry No. ["Dkt. No."] 289 that she obtained Plaintiffs private data from Defendant Intelius, the Reed Defendants ("LexisNexis Risk Solutions, Inc., Reed Elsevier, Inc., LexisNexis ChoicePoint, Inc., Seisint, Inc. d/b/a Accurint, LexisNexis Group, LexisNexis, Inc., and LexisNexis Risk and Information Analytics Group, Inc.") and the Sankey Defendants ("Neil Sankey, Todd Sankey, Sankey Investigations, Inc. and the Sankey Firm, Inc.").  The only way Defendant Orly Taitz could have obtained Plaintiffs private data from Defendant Intelius and the Reed Defendants is through her husband and his Corporation, Defendants Yosef Taitz and Daylight, which Defendants Yosef Taitz and Daylight never denied.  Orly Taitz did **not** and does **not** have accounts with Defendants Intelius

and the Reed Defendants. Defendants Yosef Taitz and Daylight obtained Plaintiffs private data through their top end user and back-door access of their partner, Oracle. For the reasons outlined herein, Defendant Oracle Corporation's Motion to Dismiss must be Denied.

10. Plaintiffs Opposition is based upon this Response in Opposition; Plaintiffs Memorandum of Points and Authorities; Declaration of Philip J. Berg, Esquire; upon records on file with this Court and such further oral and/or documentary evidence that may be presented at the time of the Hearing.

**WHEREFORE**, for the reasons stated herein, Defendant Oracle, Inc.'s Motion to Dismiss Plaintiffs First Amended Complaint must be Denied. If this Court is inclined to Grant any part of Defendant Oracle's Motion, Plaintiffs respectfully Request Leave to Amend their Compliant.

Respectfully submitted,

Dated: August 18, 2011         /s/ Philip J. Berg
                              Philip J. Berg, Esquire
                              Pennsylvania I.D. 9867
                              **LAW OFFICES OF PHILIP J. BERG**
                              555 Andorra Glen Court, Suite 12
                              Lafayette Hill, PA 19444-2531
                              Telephone: (610) 825-3134
                              E-mail: philjberg@gmail.com

                              *Attorney for Plaintiffs*