UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | **SACV 11-485 AG (AJWx)** | Date | August 23, 2011 |
|---|---|---|---|
| Title | LISA LIBERI, et al. v. ORLY TAITZ, et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER GRANTING MOTION TO DISMISS**

Defendant Yosef Taitz ("Yosef Taitz") now files a Motion to Dismiss ("Motion to Dismiss") (Dkt. # 329) and a Motion to Strike ("Motion to Strike") (Dkt. # 330). Plaintiffs Lisa Liberi, et al. ("Plaintiffs") oppose both Motions.

The Court finds this matter appropriate for resolution without a hearing. Fed. R. Civ. P. 78; Local Rule 7-15. The Court therefore VACATES the hearings currently set for September 12, 2011, at 10:00 a.m. on the Motion to Dismiss and Motion to Strike. After reviewing all papers and arguments submitted, the Court GRANTS the Motion to Dismiss and DENIES the Motion to Strike as MOOT.

**BACKGROUND**

Plaintiffs first filed a complaint ("Complaint") against Yosef Taitz and many others in May 2009, in the Eastern District of Pennsylvania. In March 2011, the case was severed between two groups of defendants and part of the case was sent to this Court. Since that time, the Court has needed to impose a pre-filing requirement on the parties such that before filing motions or other documents, they must request leave of Court. In June 2011,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-485 AG (AJWx)** | Date | August 23, 2011 |
|---|---|---|---|
| Title | LISA LIBERI, et al. v. ORLY TAITZ, et al. | | |

the Court granted a motion filed by Plaintiffs for leave to file a first amended complaint ("FAC"). The Court granted that motion under the liberal guidelines of Fed. R. Civ. P. 15(a) and other applicable rules.

Among other arguments, Yosef Taitz now contends that he was improperly added to the FAC after the parties had stipulated to his dismissal in May 2009.

**LEGAL STANDARD**

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "'[D]etailed factual allegations' are not required." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (stating that "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations")). The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Pollard v. Geo Group, Inc.*, 607 F.3d 583, 585 n.3 (9th Cir. 2010).

But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct at 1940 (citing *Twombly*, 550 U.S. at 556). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *id.*, or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The Ninth Circuit recently addressed post-*Iqbal* pleading standards in *Starr v. Baca*, — F.3d —, 2011 WL 2988827, at *14 (9th Cir. July 25, 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-485 AG (AJWx)** | Date | August 23, 2011 |
|---|---|---|---|
| Title | LISA LIBERI, et al. v. ORLY TAITZ, et al. | | |

counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* "A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency . . . or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d at 998, 1003 (9th Cir. 2010); see also *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  A Rule 12(f) motion to strike gives the parties an early opportunity to attack portions of a pleading or "challenge to the legal sufficiency of [a] defense."  Schwarzer, et al., *California Practice Guide: Federal Civil Procedure Before Trial*, ¶ 9:371 (2009).  Motions to strike portions of a pleading are "generally disfavored," and "generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of litigation."  *Shabaz v. Polo Ralph Lauren Corp.*, 586 F. Supp. 2d 1205, 1209 (C.D. Cal. 2008) (internal citations omitted) (internal quotations omitted).  But they should be granted "when the defense is insufficient as a matter of law."  *Sherman v. Stryker Corp.*, SACV 09-224 JVS (ANx), 2009 U.S. Dist. LEXIS 34105, at *9-10 (C.D. Cal. 2009) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982)).

Courts must view the pleadings under attack in the light most favorable to the pleader. *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000).  "The grounds for a motion to strike must appear on the face of the pleading under attack, or from matters which the Court may take judicial notice."  *Sherman*, 2009 U.S. Dist. LEXIS 34104, at *10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-485 AG (AJWx)** | Date | August 23, 2011 |
|---|---|---|---|
| Title | LISA LIBERI, et al. v. ORLY TAITZ, et al. | | |

## ANALYSIS

Yosef Taitz makes two primary arguments in his Motion to Dismiss.  First, he argues that the transferor Court granted the parties' stipulation in May 2009 ("2009 Stipulation") to dismiss him from this case.  (Dkt. # 29.)  Second, he argues that the allegations in the FAC fail to state a claim against him under Rule 12(b)(6).

The Court first considers Yosef Taitz's argument about the 2009 Stipulation.  According to that order, "Plaintiffs may apply to the Court for leave to join Defendant Yosef Taitz in this action upon satisfaction of all applicable joinder rules and leave of Court.  Leave shall be granted only upon the Court's finding that Plaintiffs have established evidence sufficient to support a cognizable claim against Defendant Yosef Taitz arising out of the allegations in the Complaint filed May 4, 2009."  (Dkt. # 29.)

Plaintiffs now argue that the 2009 Stipulation does not apply because the claims in the FAC are not "arising out of the allegations in the Complaint," but instead are based on separate facts.  Yosef Taitz contends that this interpretation is too narrow and, in any event, the 2009 Stipulation requires leave of Court which was never requested nor granted.

The Court agrees with Yosef Taitz.  Plaintiffs failed to seek leave of Court before re-adding Yosef Taitz to the FAC.  The 2009 Stipulation provides that Plaintiffs may join Yosef Taitz "upon satisfaction of all applicable joinder rules and leave of Court."  (Dkt. # 29.)  It was improper for Plaintiffs to add Yosef Taitz to the FAC without seeking specific leave of Court to do so.  Further, while Plaintiffs argue that the "allegations[] pending against Mr. Taitz in Plaintiffs FAC are newly discovered and had nothing to do with any of the allegations plead [sic] in Plaintiffs Complaint filed May 4, 2009," Plaintiffs fail to substantiate this bold assertion. (Opposition to Motion to Dismiss at 6:11-14.)  Even if Plaintiffs have added some new allegations to the FAC, the crux of the FAC is the same as that of the Complaint – namely, invasion of privacy, defamation, and disclosure of personal information.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-485 AG (AJWx)** | Date | August 23, 2011 |
|---|---|---|---|
| Title | LISA LIBERI, et al. v. ORLY TAITZ, et al. | | |

The Court concludes that the provisions of the 2009 Stipulation applied to Yosef Taitz regarding the FAC and that Plaintiffs failed to comply with those provisions. It does not appear that the Court was notified by any party about the 2009 Stipulation before the Court granted Plaintiffs' motion to file a first amended complaint. That information would have been helpful to this transferee Court in making a proper ruling on the motion for leave to amend. Plaintiffs' failure to inform the Court about the 2009 Stipulation demonstrates a worrisome lack of candor.

Yosef Taitz is not a proper defendant and the Court GRANTS the Motion to Dismiss as to all claims against Yosef Taitz.

Because the Court grants the Motion to Dismiss, the Court does not address Yosef Taitz's substantive arguments against Plaintiffs' claims or the Motion to Strike.

**DISPOSITION**

The Court GRANTS the Motion to Dismiss as to all claims against Yosef Taitz. The Court DENIES the Motion to Strike as MOOT.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | | lmb |