Daryl M. Crone (Bar No. 209610)
  daryl@cronehawxhurst.com
Joshua P. Gelbart (Bar No. 274021)
  jgelbart@cronehawxhurst.com
CRONE HAWXHURST LLP
10880 Wilshire Boulevard, Suite 1150
Los Angeles, California 90024
Telephone:  (310) 893-5150
Facsimile:   (310) 893-5195

Attorneys for Defendant
Oracle Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| LISA LIBERI, *et al.*,<br><br>         Plaintiffs,<br><br>    vs.<br><br>ORLY TAITZ a/k/a DR. ORLY TAITZ, *et al.*,<br><br>         Defendants. | Case No.:  SACV11-0485 AG (AJWx)<br><br>Date:   September 12, 2011<br>Time:  10:00 a.m.<br><br>**DEFENDANT ORACLE CORPORATION'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** |

DEFENDANT ORACLE'S REPLY RE:  MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

# TABLE OF CONTENTS

**Page**

Preliminary Statement ........................................................................................... 1

Argument ............................................................................................................... 1

I. PLAINTIFFS IDENTIFY NO BASIS TO HOLD ORACLE LIABLE FOR THE TAITZES' ALLEGED INVASIONS OF THEIR PRIVACY ........ 1

    A. Oracle is Not Liable For Allegedly "Allowing" Yosef Taitz to Obtain and Distribute Plaintiffs' Private Information ........................... 1

    B. Plaintiffs Also Offer No Reason Why Their Duplicative Second and Third Claims Should Survive ......................................................... 3

II. ORACLE DID NOT VIOLATE CALIFORNIA'S INFORMATION PRACTICES ACT BY SUPPOSEDLY "ALLOWING" MR. TAITZ TO ACCESS THIRD-PARTY DATABASES ...................................................... 4

III. PLAINTIFFS TACITLY CONCEDE THAT ORACLE NEVER POSSESSED OR PUBLICLY DISCLOSED THEIR SOCIAL SECURITY NUMBERS ................................................................................ 4

IV. PLAINTIFFS NOWHERE SUPPORT THEIR ARGUMENT THAT ORACLE IS LIABLE FOR ALLEGED DEFAMATORY STATEMENTS PUBLISHED BY OTHER DEFENDANTS .......................... 5

V. ORACLE'S DISTRIBUTION OF PURPORTEDLY INSECURE SOFTWARE NEITHER AMOUNTED TO "EXTREME AND OUTRAGEOUS CONDUCT" NOR PROXIMATELY CAUSED PLAINTIFFS' HARM ............................................................................... 6

VI. PLAINTIFFS DO NOT RESPOND TO ORACLE'S MOTION TO DISMISS THE FOURTEENTH CLAIM FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT .......................................................... 7

VII. PLAINTIFFS DO NOT RESPOND TO ORACLE'S MOTION TO DISMISS THE SEVENTEENTH CLAIM EITHER .......................................... 8

VIII. PLAINTIFFS DO NOT DEMONSTRATE THAT THEY COULD ADEQUATELY AMEND THEIR STATUTORY UNFAIR COMPETITION ALLEGATIONS ................................................................ 8

IX. PLAINTIFFS OFFER NO REASON WHY THE COURT SHOULD IMPOSE A GENERAL DUTY ON ORACLE TO GUARD AGAINST NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS ......................... 9

X. PLAINTIFFS HAVE NO RIGHT TO DISCOVER ORACLE'S SOFTWARE SOURCE CODE BEFORE DISMISSAL OF THE RES IPSA LOQUITUR CLAIM ............................................................................ 10

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

Conclusion .................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page**

## CASES

Ashcroft v. Iqbal,
 129 S.Ct. 1937 (2009) ............................................................................................5

Cervantez v. J.C. Penney Co.,
 24 Cal. 3d 579, 156 Cal. Rptr. 198 (1979) ............................................................6

Chaconas v. JP Morgan Chase Bank,
 713 F. Supp. 2d 1180 (S.D. Cal. 2010) .................................................................7

Christensen v. Super. Ct.,
 54 Cal. 3d 868, 2 Cal. Rptr. 2d 79 (1991) .............................................................7

Cochran v. Cochran,
 65 Cal. App. 4th 488, 76 Cal. Rptr. 2d 540 (1998) ...............................................6

Gertz v. Robert Welch, Inc.,
 418 U.S. 323 (1974) ..............................................................................................5

Guillory v. Godfrey,
 134 Cal. App. 2d 628, 286 P.2d 414 (1955) .........................................................7

H & M Associates v. City of El Centro,
 109 Cal. App. 3d 399, 167 Cal. Rptr. 392 (1980) .................................................2

Howard v. Am. Online,
 208 F.3d 741 (9th Cir. 2000) .................................................................................1

In re Apple & AT & TM Antitrust Litig.,
 2010 WL 1240295 (N.D. Cal. Mar. 26, 2010) ....................................................11

Jennifer M. v. Redwood Women's Health Ctr.,
 88 Cal. App. 4th 81, 105 Cal. Rptr. 2d 544 (2001) ...............................................4

Kidron v. Movie Acquisition Corp.,
 40 Cal. App. 4th 1571, 47 Cal. Rptr. 2d 752 (1995) .............................................3

Kinsey v. Macur,
 107 Cal. App. 3d 265, 165 Cal. Rptr. 608 (1980) .................................................3

KOVR–TV, Inc. v. Super. Ct.,
 31 Cal. App. 4th 1023, 37 Cal. Rptr. 2d 431 (1995) .............................................6

Moreno v. Sayre,
 162 Cal. App. 3d 116, 208 Cal. Rptr. 444 (1984) ...............................................11

New York Times Co. v. Sullivan,
 376 U.S. 254 (1964) ..............................................................................................6

Ochoa v. Super. Ct.,
    39 Cal. 3d 159, 216 Cal. Rptr. 661 (1985) ...................................................... 6, 10

Potter v. Firestone Tire & Rubber Co.,
    6 Cal. 4th 965, 25 Cal. Rptr. 2d 550 (1993) ............................................................ 7

Safeco Ins. Co. v. J & D Painting,
    17 Cal. App. 4th 1199, 21 Cal. Rptr. 2d 903 (1993) ........................................... 10

Schulz v. Neovi Data Corp.,
    129 Cal. App. 4th 1, 28 Cal. Rptr. 3d 46 (2005) .................................................... 8

Schulz v. Neovi Data Corp.,
    152 Cal. App. 4th 86, 60 Cal. Rptr. 3d 810 (2007) ................................................ 9

Schulz v. Neovi Data Corp.,
    154 P.3d 998, 56 Cal. Rptr. 3d 471 (2007) ............................................................. 8

Spackman v. Good,
    245 Cal. App. 2d 518, 54 Cal. Rptr. 78 (1966) ...................................................... 6

Starr v. Baca,
    --- F.3d ---, 2011 WL 2988827 (9th Cir. July 25, 2011) ....................................... 5

State Rubbish Collectors Ass'n v. Siliznoff,
    38 Cal. 2d 330, 240 P.2d 282 (1952) ...................................................................... 6

Viacom Int'l, Inc. v. Youtube, Inc.,
    253 F.R.D. 256 (S.D.N.Y. 2008) ........................................................................... 11

**STATUTES**

15 U.S.C. § 1681a(f) .................................................................................................... 8

15 U.S.C. § 1681b(a) ................................................................................................... 8

Cal. Bus. & Prof. Code §§ 17200, *et seq.* .................................................................... 8

Cal. Civ. Code § 1798.53 ............................................................................................. 4

Cal. Civ. Code § 1798.81.5 .......................................................................................... 8

Cal. Civ. Code § 1798.85(a)(1) .................................................................................... 4

**Preliminary Statement**

Plaintiffs have failed to address most of the arguments presented in the moving papers, which demonstrated that their claims fail as a matter of law for numerous reasons. Even if the Court were to accept as true plaintiffs' implausible theory that Oracle willingly "allowed" Yosef Taitz to hack into the secure databases of Oracle's customers whenever he wanted and remotely and surreptitiously, plaintiffs' claims still must be dismissed. Plaintiffs simply do not allege a cognizable theory of relief against Oracle.

Rather than focus on the merits, plaintiffs rely on ad hominem attacks and submit a procedurally improper declaration from their counsel (which the Court should strike). Setting aside those attempts at obfuscation, it is clear that plaintiffs' specious claims alleged against Oracle should proceed no further. Oracle respectfully requests that its motion be granted and that it be dismissed from this case.

**Argument**

**I. PLAINTIFFS IDENTIFY NO BASIS TO HOLD ORACLE LIABLE FOR THE TAITZES' ALLEGED INVASIONS OF THEIR PRIVACY**

**A. Oracle is Not Liable For Allegedly "Allowing" Yosef Taitz to Obtain and Distribute Plaintiffs' Private Information**

It is for good reason that plaintiffs fail to support their theory that "Oracle can be held responsible for the invasions into Plaintiffs [*sic*] privacy as a private actor under the First and Fourteenth Amendment of the U.S. Constitution." Opp. at 10:14-15. It is hornbook law that non-governmental defendants are not liable for alleged violations of rights guaranteed by the U.S. Constitution. See Mot. at 5:12-26 (citing Howard v. Am. Online, 208 F.3d 741, 754 (9th Cir. 2000)). Similarly, plaintiffs nowhere attempt to bolster their invalid claim for violations of the California Constitution. See Mot. at 5:27-7:16.

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

Instead, the opposition merely asserts that Oracle "caused" plaintiffs' injury because Yosef Taitz allegedly possesses "back door" access to various third-party databases allegedly operated using Oracle software. See Opp. at 10:3-13. Even if the Court were to credit that speculative and implausible allegation,[1] plaintiffs nowhere cite any authority supporting their position that a party can be held jointly and severally liable for invasions of privacy committed by others, merely because that party supposedly "allowed" the misuse of a plaintiff's "private information" to occur. See id. at 11:12-23. Plaintiffs' *ipse dixit* proclamation that "Oracle is equally at fault for Plaintiffs [*sic*] damages" does not carry their burden of coming forward with a cognizable basis for their privacy claims. See id. at 10:9-10. Significantly, plaintiffs do not accuse Oracle—in either the FAC or the opposition to this motion—of participating in the acquisition and publication of plaintiffs' private data; thus, to state the obvious, Oracle did not conspire with either Yosef Taitz or his wife.[2]

---

[1] Plaintiffs also represent that Oracle has attempted to mislead the Court. See Opp. at 2:23-4:7. That ad hominem is based on an intentional misreading of Daylight CIS' website. As discussed in the moving papers, plaintiffs have not alleged any facts supporting their allegation that version 8i of Oracle's database software incorporated code authored by Daylight CIS. See Mot. at 2:12-23 & note 2. Instead, the crux of plaintiffs' claims is that Daylight CIS markets its own "data cartridge" that allegedly extends the functionality of Oracle's database software in a manner useful to Daylight CIS' customers.

[2] The FAC nowhere alleges facts showing that "Oracle was aware of … the illegal access to Plaintiffs [*sic*] data." Opp. at 12:17-20. In any event, that allegation would remain insufficient to save plaintiffs' claims even if the Court were to permit plaintiffs to state it in an amended pleading. As the moving papers demonstrated, plaintiffs nowhere allege (and could not truthfully allege in an amended pleading) facts showing that Oracle conspired to violate their right to privacy. See H & M Associates v. City of El Centro, 109 Cal. App. 3d 399, 413, 167 Cal. Rptr. 392 (1980) (a complaint alleging conspiracy must plead: (1) the formation and operation of the conspiracy; (2) the wrongful act or acts done pursuant thereto; and (3) the damage resulting from such act or acts); see also
(footnote continued)

In short, plaintiffs have not come forward with a cognizable legal theory permitting them to hold Oracle liable for the "improper disclosure" of information merely because that information was stored in a database that a third party maintains using (purportedly insecure) Oracle software. Furthermore, as noted in the moving papers, plaintiffs lack standing to sue Oracle for the supposed defects in its software that allegedly caused the Reed Defendants and Intelius to suffer breaches of security. See Mot. at 10:3-13. The first claim for relief against Oracle should be dismissed without leave to amend.

### B. Plaintiffs Also Offer No Reason Why Their Duplicative Second and Third Claims Should Survive

Plaintiffs also fail to offer any reason why their duplicative claims for public disclosure of private facts and for "false light invasion of privacy" should survive the pleadings stage. The moving papers demonstrated that plaintiffs do not allege that Oracle itself accessed third-party databases for plaintiffs' "private data," disclosed that data to the public, or acted with "malice." See Mot. at 8:5-12 (citing Kinsey v. Macur, 107 Cal. App. 3d 265, 270, 165 Cal. Rptr. 608 (1980)). Rather than contest Oracle's showing, plaintiffs reiterate in their opposition that it was Orly Taitz and her husband who allegedly engaged in that misconduct. See Opp. at 13:6-27; 15:1-6. Plaintiffs otherwise offer no basis for holding Oracle vicariously liable merely because it "knew" Mr. Taitz purportedly had "back door" access to third-party databases. Accordingly, the Court also should dismiss the second and third claims against Oracle without leave to amend.

---

Kidron v. Movie Acquisition Corp., 40 Cal. App. 4th 1571, 1582, 47 Cal. Rptr. 2d 752 (1995) (the conspiring defendant "must also have actual knowledge that a tort is planned and concur in the tortious scheme with knowledge of its unlawful purpose"; "[k]nowledge of the planned tort must be combined with intent to aid in its commission").

## II. ORACLE DID NOT VIOLATE CALIFORNIA'S INFORMATION PRACTICES ACT BY SUPPOSEDLY "ALLOWING" MR. TAITZ TO ACCESS THIRD-PARTY DATABASES

In support of their fifth claim, for alleged violations of California's Information Practices Act, plaintiffs merely reiterate their assertion that Oracle is supposedly liable for "allowing" Mr. Taitz to access their private data stored in databases maintained by the Reed Defendants and Intelius. See Opp. at 16:23-28. However, the Information Practices Act only imposes liability against a person "who intentionally discloses" non-public information. See Cal. Civ. Code § 1798.53. Although plaintiffs cite Jennifer M. v. Redwood Women's Health Ctr., 88 Cal. App. 4th 81, 105 Cal. Rptr. 2d 544 (2001), that case nowhere holds that a defendant is jointly liable under the Information Practices Act for "allowing" an improper disclosure to occur. Stated differently, even if the Court were to accept as true the entirely fictional allegation that Oracle partnered with Mr. Taitz and Daylight CIS to enable the remote access of information stored in third-party databases, Oracle would remain free from liability under the Information Practices Act because Oracle itself did not engage in the subsequent invasions of privacy alleged in the FAC. The Court should, therefore, dismiss the fifth claim against Oracle without leave to amend.

## III. PLAINTIFFS TACITLY CONCEDE THAT ORACLE NEVER POSSESSED OR PUBLICLY DISCLOSED THEIR SOCIAL SECURITY NUMBERS

The moving papers demonstrated that the sixth claim fails because plaintiffs do not allege that Oracle ever possessed Liberi's or Ostella's social security numbers, let alone that an Oracle employee "publicly posted" or "publicly displayed" them. See Cal. Civ. Code § 1798.85(a)(1). The opposition nowhere represents to the Court that plaintiffs could state facts to support the sixth claim

against Oracle in an amended pleading, and the conclusory allegations in the FAC on that subject are insufficient as a matter of law. See Opp. at 16:14-22; Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); see also Starr v. Baca, --- F.3d ---, 2011 WL 2988827, at *14 (9th Cir. July 25, 2011) ("First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."). Accordingly, the Court also should dismiss the sixth claim against Oracle without leave to amend.

## IV. PLAINTIFFS NOWHERE SUPPORT THEIR ARGUMENT THAT ORACLE IS LIABLE FOR ALLEGED DEFAMATORY STATEMENTS PUBLISHED BY OTHER DEFENDANTS

In support of their eighth claim, for defamation, plaintiffs once again parrot their contention that Oracle "failed to take protective measures" against the Taitzes' alleged misconduct. See Opp. at 17:18-18:5. Nonetheless, as the moving papers demonstrated, plaintiffs fail to allege that Oracle published a false statement of fact concerning any plaintiff, at any time. See Mot. at 17:14-26. Plaintiffs nowhere cite authority suggesting that a party can be held liable for alleged defamatory statements that third parties publish merely because information in those statements was supposedly obtained from databases that other third parties allegedly manage using Oracle software.[3] Nor do plaintiffs offer support for their novel theory that

---

[3] For example, plaintiffs cite Gertz v. Robert Welch, Inc., 418 U.S. 323 (1974), which merely held that a publisher of defamatory falsehoods about an individual who is neither a public official nor a public figure may not claim protection under
(footnote continued)

Oracle can be held vicariously liable for the Taitzes' alleged misconduct because it supposedly enabled Mr. Taitz to access some of the information on which the defamatory statements were based. Accordingly, the Court also should dismiss the eighth claim against Oracle without leave to amend.

## V. ORACLE'S DISTRIBUTION OF PURPORTEDLY INSECURE SOFTWARE NEITHER AMOUNTED TO "EXTREME AND OUTRAGEOUS CONDUCT" NOR PROXIMATELY CAUSED PLAINTIFFS' HARM

Plaintiffs concede that their ninth claim, for alleged "intentional infliction of emotional and mental distress," requires proof of "extreme and outrageous conduct." See Opp. at 19:1-8; see also Cochran v. Cochran, 65 Cal. App. 4th 488, 494, 76 Cal. Rptr. 2d 540 (1998). Nonetheless, plaintiffs nowhere demonstrate that Oracle's alleged failure to "ensure the private data located on their clients' [computer systems] … were maintained secure" amounted to conduct that was "'so extreme as to exceed all bounds of that usually tolerated in a civilized community.'" KOVR–TV, Inc. v. Super. Ct., 31 Cal. App. 4th 1023, 1028, 37 Cal. Rptr. 2d 431 (1995) (quoting Cervantez v. J.C. Penney Co., 24 Cal. 3d 579, 593, 156 Cal. Rptr. 198 (1979)); see also Opp. at 18:19-20:15. Plaintiffs' mere incantation that Oracle engaged in "extreme and outrageous conduct" does not make it so.[4] See Opp. at

---

New York Times Co. v. Sullivan, 376 U.S. 254 (1964), on the ground that the defamatory statements concern an issue of public interest. See Opp. at 18:2-5.

[4] All of the cases plaintiffs cite can be easily distinguished. See State Rubbish Collectors Ass'n v. Siliznoff, 38 Cal. 2d 330, 240 P.2d 282 (1952) (defendant suffered emotional distress caused by threat of physical harm); Ochoa v. Super. Ct., 39 Cal. 3d 159, 216 Cal. Rptr. 661 (1985) (affirming dismissal of claim for intentional infliction of emotional distress where a mother witnessed her son suffer from an illness under the custody of a juvenile facility); Spackman v. Good, 245 Cal. App. 2d 518, 54 Cal. Rptr. 78 (1966) (minors were exposed to inappropriate
(footnote continued)

1  19:3-8; see also Chaconas v. JP Morgan Chase Bank, 713 F. Supp. 2d 1180, 1187-
2  88 (S.D. Cal. 2010) ("Behavior may be considered outrageous if the defendant
3  '(1) abuses a relation or position which gives him power to damage the plaintiff's
4  interest; (2) knows the plaintiff is susceptible to injuries through mental distress; or
5  (3) acts intentionally or unreasonably with the recognition that the acts are likely to
6  result in illness through mental distress.'").

Plaintiffs also have failed to explain how they could allege facts in an amended pleading demonstrating that their harm was proximately caused by Oracle's supposed "outrageous" conduct. See Mot. at 11:26-12:11.  As discussed in the moving papers, "'[i]t is not enough that the conduct be intentional and outrageous.  It must be conduct directed at the plaintiff, or occur in the presence of a plaintiff of whom the defendant is aware.'" Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 1001, 25 Cal. Rptr. 2d 550 (1993) (quoting Christensen v. Super. Ct., 54 Cal. 3d 868, 903, 2 Cal. Rptr. 2d 79 (1991)).  Plaintiffs do not claim they could allege that Oracle committed actionable misconduct "directed" at any plaintiff with the intention of causing them emotional distress.  Instead, here again, plaintiffs merely recite that Oracle purportedly caused them "suffering and distress by allowing illegal access" to their data.  See Opp. at 19:15-17.  Accordingly, the Court should dismiss the ninth claim against Oracle without leave to amend.

## VI.    PLAINTIFFS DO NOT RESPOND TO ORACLE'S MOTION TO DISMISS THE FOURTEENTH CLAIM FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

Oracle moved for dismissal of the fourteenth claim, for alleged negligent non-compliance with the U.S. Fair Credit Reporting Act ("FCRA"), on the basis that

---

behavior and lewd materials); Guillory v. Godfrey, 134 Cal. App. 2d 628, 286 P.2d 414 (1955) (defendants maliciously interference with plaintiffs' restaurant business).

Oracle is not a "consumer reporting agency" as defined in FCRA. See Mot. at 12:15-13:15; see also 15 U.S.C. §§ 1681a(f) & 1681b(a). Plaintiffs evidently do not oppose dismissal of this claim given their failure to respond to Oracle's arguments in their opposition. Because Oracle is not a "consumer reporting agency" subject to FCRA regulations, the Court should dismiss the fourteenth claim against Oracle without leave to amend.

## VII. PLAINTIFFS DO NOT RESPOND TO ORACLE'S MOTION TO DISMISS THE SEVENTEENTH CLAIM EITHER

Plaintiffs also have failed to respond to Oracle's request that the Court dismiss the seventeenth claim, which seeks relief for alleged violation of, among other things, Cal. Civ. Code § 1798.81.5. See Mot. at 13:16-14:20. For example, plaintiffs nowhere attempt to rehabilitate their judicial admissions that they reside outside California, or represent that they could allege in an amended pleading that (1) Oracle stores their personal information, and (2) they were a "customer" of Oracle products. See id. The Court should also dismiss the seventeenth claim against Oracle without leave to amend.

## VIII. PLAINTIFFS DO NOT DEMONSTRATE THAT THEY COULD ADEQUATELY AMEND THEIR STATUTORY UNFAIR COMPETITION ALLEGATIONS

Plaintiffs also neglect to support their eighteenth claim, for violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.* For example, plaintiffs fail to explain how Oracle's supposed "knowledge" of the Taitzes' misconduct was "fraudulent" or "unfair," let alone how any plaintiff suffered economic injury as a result of Oracle's purported unfair competition.[5] See Mot. at 15:4-16:2. To the contrary, plaintiffs

---

[5] Plaintiffs cite Schulz v. Neovi Data Corp., 129 Cal. App. 4th 1, 28 Cal. Rptr. 3d 46 (2005), but the California Supreme Court vacated that decision. See Schulz v. Neovi Data Corp., 154 P.3d 998, 56 Cal. Rptr. 3d 471 (2007). The Court of
(footnote continued)

concede once again that their alleged "damages were a result of the *distribution* of Plaintiffs [*sic*] private data," rather than anything allegedly caused by Oracle. Opp. at 21:12-18 (emphasis added).

Nor do plaintiffs respond to Oracle's argument in the moving papers that the relief they request pursuant to Section 17200 is unrecoverable as a matter of law. For example, plaintiffs do not attempt to identify any sums that they paid Oracle that should be disgorged. See Mot. at 16:3-15. Accordingly, the Court should dismiss the eighteenth claim against Oracle without leave to amend.

## IX. PLAINTIFFS OFFER NO REASON WHY THE COURT SHOULD IMPOSE A GENERAL DUTY ON ORACLE TO GUARD AGAINST NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Plaintiffs' nineteenth claim, for alleged "negligent infliction of emotional and mental distress," is deficient because Oracle has no general duty to the public to secure third-party databases that store "private information." See Mot. at 16:21-19:18. Among other things, plaintiffs' opposition fails to demonstrate that their claimed harm was foreseeable merely because Oracle allegedly knew of Mr. Taitz' and Daylight CIS' "nefarious scripting." Id. (citing FAC ¶ 401). As noted in the moving papers, Oracle could not have foreseen that (a) its database software would be remotely accessed by Mr. Taitz at various customer locations, (b) Mr. Taitz

---

Appeal's subsequent opinion on remand belies plaintiffs' position. Similar to the pleadings here, the Schulz court noted that the complaint at issue had pleaded that one of the defendants "'knew of [the primary defendant's] unlawful operations' 'but knowingly and intentionally aided and abetted the operation by setting up a system' for" accessing them. Schulz v. Neovi Data Corp., 152 Cal. App. 4th 86, 97, 60 Cal. Rptr. 3d 810 (2007). That was insufficient to allege "knowledge of the alleged illegal" acts by the co-defendants "or facts showing 'substantial assistance or encouragement'" of them. Id. For these reasons, the Court of Appeal affirmed the trial court's dismissal of the plaintiff's unfair competition claim against the co-defendants, without leave to amend. Id.

would then use that access to obtain plaintiffs' "private information," and (c) Orly Taitz would then use that information to defame plaintiffs and otherwise allegedly cause them harm.[6]

Nor do plaintiffs attempt to explain how they could allege proximate causation in an amended pleading. See Mot. at 19:20-20:2. Even if Oracle had enabled Mr. Taitz to access various databases maintained by other defendants, and even if that purported "negligence" had breached some duty to plaintiffs, the FAC and the opposition both make clear that it is Orly Taitz' subsequent use of that information which proximately caused their alleged harm. See, e.g., FAC ¶ 403; Opp. at 23:7-11; see also Safeco Ins. Co. v. J & D Painting, 17 Cal. App. 4th 1199, 1204, 21 Cal. Rptr. 2d 903 (1993) ("A superseding cause utterly unrelated to the defendant's negligence breaks the chain of proximate causation and is a bar to recovery."). Accordingly, the Court should dismiss the nineteenth claim against Oracle without leave to amend.

## X. PLAINTIFFS HAVE NO RIGHT TO DISCOVER ORACLE'S SOFTWARE SOURCE CODE BEFORE DISMISSAL OF THE RES IPSA LOQUITUR CLAIM

The twentieth claim, for res ipsa loquitur negligence, is also based on plaintiffs' contention that Oracle supposedly owed a general duty to the public to secure all "private data" stored on its customers' computer systems. See Opp. at 23:25-24:8. Setting aside the invalidity of that alleged duty (as discussed above),

---

[6] Plaintiffs cite Ochoa v. Super. Ct., 39 Cal. 3d 159, 216 Cal. Rptr. 703 (1985), but that case does not assist them. See Opp. at 23:11-15. The plaintiff in Ochoa "was aware of and observed conduct by the defendants which produced injury in her child. … As her complaint alleges, she 'experienced extreme mental and emotional distress and concern for her son and for [*sic*] the apparent outrageous neglect of medical care while she was present.'" Id. at 169-70. Thus, Ochoa is a "bystander" liability case, which is plainly inapposite. See Mot. at 16:21-17:1.

plaintiffs concede that res ipsa loquitur also requires proof of an "accident" of a kind that ordinarily does not occur in the absence of someone's negligence. See Opp. at 23:25-27; see also Moreno v. Sayre, 162 Cal. App. 3d 116, 123-24, 208 Cal. Rptr. 444 (1984). Yet, plaintiffs nowhere explain in their opposition how Oracle's purported "failure to supervise" the other defendants constituted such an accident.

Nor do plaintiffs cite any authority for their position that they are purportedly entitled to discover "all the source codes" for the various Oracle products allegedly sold to the Reed Defendants and Intelius, prior to dismissal of the twentieth claim for relief. Among other things, Oracle's trade secret software source code is irrelevant to this Court's determination of whether the allegations framed by the pleadings give rise to an "accident" within the scope of the res ipsa loquitur doctrine. See also In re Apple & AT & TM Antitrust Litig., 2010 WL 1240295, at *2-3 (N.D. Cal. Mar. 26, 2010) (holding that "plaintiffs have the burden to establish that [the source code] is both relevant and necessary" and denying production of source code because "[p]laintiffs only speculate that the additional source code may be relevant"); Viacom Int'l, Inc. v. Youtube, Inc., 253 F.R.D. 256, 260-61 (S.D.N.Y. 2008) (denying access to software source code because plaintiff's theory of relevance—"to demonstrate what defendants 'could be doing—but are not—to control infringement'"—was speculative).

Plaintiffs also fail to respond to Oracle's showing that they have judicially admitted that their claimed harm was caused by an agency or instrumentality beyond Oracle's "exclusive control." See also Moreno, 162 Cal. App. 3d at 125. Instead, plaintiffs once again concede that it was Mr. Taitz who supposedly accessed their "private data located on the Intelius and Reed Defendants [*sic*] databases, servers and computer systems." Opp. at 24:10-17. Similarly, it also remains undisputed that Orly Taitz engaged in her own alleged misconduct without any input from

Oracle. Accordingly, the Court should dismiss the twentieth claim against Oracle without leave to amend.

### Conclusion

For the foregoing reasons, Oracle respectfully requests that the Court grant its motion and dismiss plaintiffs' claims against Oracle alleged in the First Amended Complaint, without leave to amend.

DATED: August 29, 2011

CRONE HAWXHURST LLP

By  /s/
Daryl M. Crone
Attorneys for Defendant
Oracle Corporation

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

-12-
DEFENDANT ORACLE'S REPLY RE: MOTION TO DISMISS THE FIRST AMENDED COMPLAINT