**DR. ORLY TAITZ ESQ**

**29839 SANTA MARGARITA PKWY, STE 100**

**RANCHO SANTA MARGARITA, CA 92688**

**PH 949-683-5411 FAX 949-766-7603**

**ATTORNEY FOR LAW OFFICES OF ORLY TAITZ**


## US DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA


| | | |
|---|---|---|
| **LIBERI ET AL,** | ) | **CASE NO.: 11-CV-00485** |
| **PLAINTIFF,** | ) | |
| **VS.** | ) | **HON. ANDREW GUILFORD PRESIDING** |
| **TAITZ AT AL,** | ) | **Motion to dismiss the first amended** |
| **DEFENDANT** | ) | **complaint in its entirety under rule 12(b)6** |
| | ) | **DATE October 17, 2011** |
| | ) | **TIME 10:00** |
| | ) | **COURTROOM 10 D** |
| | ) | |
| | ) | |

**First Amended Motion to dismiss the complaint in its entirety on 12B6-Failure to state a claim for relief. In original motion an incorrect date for hearing was posted. Correct date of 10.17.2011 is posted in this first amended complaint**

## PROCEDURAL HISTORY

This court has granted "Law Offices of Orly Taitz" (hereinafter LO) leave of court to file a 12(b)6 motion to dismiss this first amended complaint. Plaintiffs' attorney Philip J. Berg (Hereinafter Berg) originally stipulated, that he will dismiss the complaint against LO and leave of court was requested and granted to file such a stipulation, however later Berg stated, that he refuses to dismiss with prejudice. He was willing to dismiss without prejudice. Dismissal without prejudice does not give the defendant peace of mind and relief. This is particularly true as Berg tends to sue not only the party to dispute but any and all entities and relatives of opponents, in this case relatives of individuals, who blew the whistle on Berg, Liberi and Ostella, plaintiffs herein, there was a prior dismissal in this case without prejudice and with a certain stipulation and prior stipulation agreement was breached.

This complaint was filed in May of 2009, two and a half years ago and Berg included in the original complaint as additional defendants Yosef Taitz, the husband of attorney Orly Taitz, Caren Hale, wife of talk show host Ed Hale (Hale case was moved to TX), Todd Sankey, son of investigator Neil Sankey. Berg previously stipulated to dismissal of Mr. Taitz with a stipulation, that prior to bringing him back into the case  "the plaintiffs will seek a leave of court and a decision by the court, that Plaintiffs have established evidence sufficient to support a cognizable claim" against Mr. Taitz. (Exhibit 1) In violation of stipulation and without a finding by this court, that Plaintiffs established such evidence Berg joined Mr. Taitz as a defendant. With that in mind Defendants cannot agree to dismissal without prejudice and a stipulation and the Plaintiffs

refuse to dismiss their complaint against Law offices of Orly Taitz with prejudice. As such, LO

is filing this 12(b)6 motion to dismiss first amended complaint against it in its entirety for failure

to state a claim for relief and seek dismissal with prejudice and without a leave to amend.

Additionally, previously in the interest of judicial economy, Orly Taitz, who is both an attorney

and Doctor of Dental surgery, and represents both "Law offices of Orly Taitz" and Orly Taitz,

inc, her dental office, and asked for leave of court to file one 12(b)6 motion to dismiss the

complaint against both Law offices of Orly Taitz and Orly Taitz, inc, her dental practice. Due to

a docketing error by the   clerk of the court, this court erroneously believed, that Orly Taitz, inc

filed an appeal of the original antiSLAPP motion. This error was corrected by the docketing

clerk, however leave of court to file 12(b)6 motion on behalf of Orly Taitz, inc was  not granted

yet. As such, not to be seen as engaged in stalling, she is  filing this motion on behalf of Law

offices of Orly Taitz <u>only</u>.    This motion to dismiss the complaint in its' entirety against  LO is

based on the memorandum of points and authorities attached herein, exhibits and oral argument

to be held during the motion hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

1. Background and history of the case .......................................................................p5

2. STANDARD  FOR  RULE  12(B)(6)  p6  THE  COMMUNICATIONS  DECENCY  ACTS
IMMUNIZES  TAITZ  AND  HER  AFFILIATED  ENTITIES  FROM  LIABILITY  ARISING
OUT  OF  HER  PUBLICATION  OR  REPUBLICATION  OF  INFORMATION  RECEIVED
FROM ANOTHER INFORMATION CONTENT  PROVIDER.................................................p8

3. CLAIMS 1,2, 3, 4, 5, 6, 7, 8, 9, 10, 11   ARE BARRED BY PRIVILEGE AFFORDED BY
CALIFORNIA CIVIL CODE SECTION 47.............................................................................p10

4. claim 6..................................................................................................p11

5. claim 1..................................................................................................p14

6. claim 2..................................................................................................p16

7. claim 3..................................................................................................p17

8. claim 4..................................................................................................p18

9. claim 5..................................................................................................p19

10 claim 7..................................................................................................p20

11. claim 8.................................................................................................p22

12. claim 9.................................................................................................p23

13 claim 10.................................................................................................p24

14 claim 11.................................................................................................p25

**15. LAW OFFICES OF ORLY TAITZ IS NOT A LEGAL ENTITY AND CANNOT BE A DEFENDANT IN A LAW SUIT..................................................................p27**

## TABLE OF AUTHORITIES

Ashcroft v Iqbal 129s.CT 1937, 1940 (2009).............................................................p6

Bell Atlantic v Twombly 550 U.S. 554, 555 (2007)............................................. p6,p19

Barrett v Rosenthal (2006) Cal 4th 33, 51 Cal Rptr 3d55.............................................p7

 Flatley v Mauro(2006) 39 cal, 4th 299, 321-24, 46 Cal Rptr 3d606p........................p9

Rusheen v Cohen (2006) 37 Cal 4th 1048, 1058, 39cl Rptr 3de 516...........................p9

National Collegiate Athletic Association 7Cal.4th 1, 39-40 919940..........................p13

Shulman v Group W Productions inc 18Cal, 4th 200, 232 (1998)......................................p13, p14

Solano v Playgirl,inc., 292 F 3d 1078, 1082 (9th cir.2002)........................................p15

Lugosi v Universal pictures25 Cal, 2d813(1979).......................................................p16

United states v Drew, 259 F.R.D. 449 (C.D. cal.2009)..............................................p18

Monatna v Can Jose Mercury News, Inc., 34 Cal app. 4th 790, 792 (1995)............................p16

Cochran v Cochran 65 Cal. App 4th 488, 4944(1998)...............................................p21

KOVR TV v. superior Court 31 Cal., App 4th 1023, 1028 (1995).....................................p21

Molco v. holy spirit assn., 46 Cal 3d 1092, 1122(1998).............................................p22

Downey venture v. LMI ins.Co., 66 Cal. App.4th 478, 499(1998).....................................p23

Adams v Superior Court 2 Cal. App4th 521, 528(1992)............................................p23,p25

Loomis v Murphy, 217 Cal app 3d 589, 595 (1990)..................................................p24

Woodcourt II, Ltd v. McDonald Co., 119 Cal App.3d 245, 252 (1981).................................p24

Oliver v. swiss Club Tell (1963) 222 Cal.2d 528, 537.................................................p25

FRCP 12(b)6 .......................................................................................p7

47 U.S.C. §230 (c)(1)................................................................................p7

Communications Decency act of 1996...................................................................p7

Cal Civ Code §1798.85...............................................................................p9

Cal Civ Pro §1798.81................................................................................p9

Ca Civ code §3344..................................................................................p16

Cal civ code §1798.53...............................................................................p17

Cal civ code§1708.7.................................................................................p18

Background and history of the case

Complaint at hand was filed by plaintiff Pennsylvania attorney Philip Berg, his assistant Lisa Liberi and web master Lisa Ostella, who for a short time was a volunteer web master for defendant Orly Taitz, but who is currently assisting Berg, as well as their affiliated entities. Berg is suing attorney Taitz, her not for profit foundation "Defend Our Freedoms" foundation"(Hereinafter DOFF), her law office, her dental office, her husband, her husband's employer, as well as Neil Sankey, investigator she is working with, Sankey's son, all of the database companies: Lexis Nexis, Choice Point, Intellius and computer giant Oracle to boot. Three years ago Berg, Taitz and Berg's local co-counsel California attorney Gary Kreep maintained similar civil rights legal actions. All three of them: Berg, Kreep and Taitz maintain similar web sites, which contain pay-pal buttons allowing donations by supporters. While Berg and Kreep did not bring new cases for about two years, Taitz continued working in the field and brought new cases, with new plaintiffs, new angles and legal theories and new explosive evidence. As such media has called her a leader of the movement, featured her in thousands of TV, radio and newspaper interviews in U.S. and around the world and supporters and donors flocked to her. At the same time donations to Berg and Kreep fizzled.

In November of 2008 Lisa Ostella approached Taitz and offered her to create a blog (web site) for Taitz foundation DOFF. In March of 2009 donors reported to Taitz problems with Pay-pal donations. Taitz had other concerns in regards to Ostella using the web site of foundation for sales of T-shirts and other financial endeavors, where Ostella did not provide Taitz, president of DOFF, with any accounting or revenues for DOFF. Taitz advised Ostella, that she will be transferring to another web master. Instead of providing a smooth transfer Ostella locked Taitz out of the old web site for the foundation and used the web site as well as list of donors to continuously seek donations, which went to Ostella, not DOFF, Ostella also used the old website

to denigrate Taitz and promote competing attorney Berg. Taitz was forced to create a new web site and lost significant amount of donations due to actions of Ostella. Taitz wrote to attorney Berg and asked him to cease and desist providing patronage to Ostella, who was diverting funds from Taitz and DOFF. Taitz also advised Berg, that she received a report from a licensed investigator Sankey, that showed that Berg's assistant Lisa Liberi has a lengthy criminal record with 27 charges and 10 felony convictions of forgery of documents and theft. Taitz advised Berg, that some of the evidence, that Berg brought in his cases was included by Taitz by reference in her case and she was concerned about the veracity of those documents, considering Liberi's recent conviction of forgery. She also advised Berg of danger to the public in Liberi's involvement in fund raising considering her convictions of grand theft. Berg never responded, though he later confirmed receipt of the e-mail.  Taitz started a new web site, where she advised her supporters and donors, that the old web site was taken over by the former volunteer web master Ostella and that any donations given to the old web site will not benefit DOFF as Ostella replaced Taitz pay-pal account with her own private account in connection to the pay-pal button on that old web site. Taitz also posted on her web site a report by investigator Sankey, which contained true and correct copy of Liberi's criminal record, that he lawfully obtained from reputable databases gathering records from reputable public sources, such as California Superior court and  bankruptcy court.

Within two weeks of publication Berg, Liberi and Ostella filed this legal action in Pennsylvania, claiming defamation and invasion of privacy. In verified complaint Plaintiffs attempted to create an impression that Liberi is a different person, an individual, residing in PA and working in Berg's office, who was defamed by the allegations of criminal record. In December of 2010 at a motion hearing before judge Robreno in Eastern District of PA during cross examination

conducted by Taitz, Liberi admitted, that she was indeed a convicted felon, who was convicted in 2008 in California, Ostella admitted, that she indeed locked Taitz out of the old web site for DOFF and replaced Taitz pay-pal account with her own. (Exhibit 2 Memorandum by judge Robreno). Judge Robreno found Berg, Liberi and Ostella "evasive on the stand" and "not believable as witnesses".

In April of 2011 this case was transferred to CA and Taitz immediately filed an AntiSLAPP motion to dismiss the complaint in its' entirety. While the AntiSLAPP was pending, Plaintiffs filed a first amended complaint, doubling the original 86 page complaint to 172 page complaint and claiming that they need to adjust the complaint to CA statutes, even though the original complaint was based on CA statutes.

FAC contains 20 causes of action, claims #1-11 relate to LO.

## STANDARD FOR RULE 12(B)(6)

The standard is Twombly/Iqbal (standard, of pleading, which requires a complaint to contain sufficient factual allegations to show a plausible claim for relief. Twombly/Iqbal teaches that a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail... to indicate that the plaintiff has a substantial case. Ashcroft v Iqbal 129 s. Ct. 1937, 1940 (2009) (citing Bell atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007)

## THE COMMUNICATIONS DECENCY ACTS IMMUNIZES TAITZ AND HER AFFILIATED ENTITIES FROM LIABILITY ARISING OUT OF HER PUBLICATION OR REPUBLICATION OF INFORMATION RECEIVED FROM ANOTHER INFORMATION CONTENT PROVIDER.

Plaintiffs' 1st, 2nd, 3rd, 4th, 5th, 6th, 7th, 8th, 9th causes of action arise out of Taitz alleged

publication and re-publication of a report prepared by licensed investigator Sankey for  internet

magazine WorldNetdaily  editor Bob Unruh and cc-ed to attorney Taitz.

 This case was filed only a couple of weeks after  publication by Taitz  of the report. Plaintiffs'

allegations in the first amended complaint are sufficient to establish statutory immunity under the

Communications Decency act. In ¶68 of the first amended complaint, Plaintiffs adopted Taitz

alleged web posting, that "the information she was obtaining came from databases: Lexis Nexis

and Choice Point. (FAC ¶68.  Plaintiffs followed up that allegation with another allegation that

"defendant Orly Taitz already had Liberi and Ostella's private information from the Reed

Defendants and Defendants Intellius, Inc(FAC¶70). So, based on Plaintiffs' own allegations in

the FAC, under the Communications Decency Act Taitz or her law office LO, as a user of an

interactive computer service, cannot be treated as the publisher or speaker of information

provided by another information content provider such as Lexis Nexis, Intellius and Choicepoint.

What is more, Plaintiffs admit that Neil Sankey first circulated the article, which claimed that

Liberi had an extensive criminal record going back to the 90s(FAC ¶63) and that it was Sankey,

who provided Taitz with the e-mail address containing Liberi's information(FAC¶69).

The Communications Decency act of 1996 provides that:"no provider or user of interactive

computer service shall be treated as the publisher or speaker of any information provided by

another information content provider." (47 U.S.C. §230(c)(1)) "No cause of action may be

brought and no liability may be imposed under State or local law that is inconsistent with this

section (§ 230(e)(3)) The California Supreme Court analyzed the Communications Decency Act

in the context of SLAPP suits in a very similar actions in Barrett v Rosenthal (2006)40 Cal.4th

33, 51 Cal. Rptr. 3d55. In this case  the court has granted the motion to dismiss the complaint

brought against Ilana Rosenthal, who similarly to Taitz had a blog and a foundation and discussed matters of public interest. Even the most harsh statements made by Rosenthal about the Plaintiff were found to be immune under 47U.S.C. §230(c)(1). by its terms section 230 exempts Internet intermediaries from defamation liability for republication (Barrett v. Rosenthal (2006)40Cal4th at 63. As such any and all publications made by Taitz  based on information obtained by Sankey provides Taitz, LO and all affiliated entities with complete immunity  under 470U.S.C. §230 and claims 1, 2, 3, 4, 5, 6, 7, 8, 9 need to be dismissed with prejudice and without leave to amend against LO and all Taitz affiliated parties.

## CLAIMS 1,2, 3, 4, 5, 6, 7, 8, 9, 10, 11  ARE BARRED BY PRIVILEGE AFFORDED BY CALIFORNIA CIVIL CODE SECTION 47

CCP §47 provides in pertinent part: "A privileged publication or broadcast is one made:...(b)In any...(2)judicial proceeding, (3)in any other official proceeding authorized by law, or 94) in the initiation or course of any other proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law..." The fact that the publication is a falsehood is not the determining factor, and the privilege encompasses even perjury, so long as the publication of perjured matter falls within the statutory requirements(Flatley c Mauro (2006) 39 Cal. 4th 299, 321-24, 46 Cal Rptr 3d 606-explaining rationale and relation to SLAPP statute, Rusheen v Cohen (2006) 37 Cal4th 1048, 1058, 39 cl Rptr 3de 516-collecting cases on point). The privilege is absolute and protects publications made with actual malice or with intend to do harm even if for example, the publication is made outside the courtroom and without invocation of any court function. While all of statements made by Taitz were truthful, in good faith and in public interest, even if it wasn't the case, privilege would've applied.   Complaint lists communications made to FBI ¶62, FBI and Department of Justice  ¶77, report with Orange County sheriff¶86,

publication by Taitz pleadings made in judicial proceedings ¶88, 89, communication with Santa Fe Police department ¶94, communications to various police departments ¶115, Taitz filings in this matter ¶117, pleadings in a judicial proceedings¶118, communications with Santa Fe police department ¶123, filings in this matter ¶124, filing with San Bernardino Superior court ¶125. This shows that claims 1-11 against Taitz, LO and affiliated entities need to be dismissed with prejudice and without leave to amend.

Further defendants will provide additional analysis under separate claims. Defendants will start with the sixth cause of action, as it is representative of the modus operandi of the Plaintiffs and their attorneys and is a financial centerpiece of the complaint.

## CLAIM #6

Plaintiffs are suing for alleged violation of California IPA Cal Civ. Code §1798.85, however Plaintiffs are egregiously defrauding the court by claiming, that this statute provides for statutory penalty and they inserted in their complaint a quotation regarding $3,000 civil penalty from a different statute §1798.84 which relates to governmental agencies, who maintain records of their customers. Their contention is that a social security number, that was published in report by investigator Sankey was read by a million people. They multiplied $3,000 civil penalty by a million and they claim that 19 individuals and companies they are suing, owe them three billion dollars.  Attorneys Berg and Kreep are egregiously defrauding this court by cutting and pasting a quotation in regards to statutory penalty from an unrelated statute, that relates to governmental agencies to a cause of action that is filed under a different statute, that relates to individuals and based on this fraud they are trying to extort monies from all of the defendants, believing that the defendants will simply take the quotation of the statutes at its value and that they and the court will not notice this fraud.

This is not a simple omission, this is egregious and malicious fraud in light of the following facts:

a. in their original complaint Plaintiffs sued under Ca statute §1798.81. In her prior antiSLAPP motion Taitz disclosed to the court, that §1798.81 relates to governmental agencies, and the Plaintiff are improperly suing defendants, who are not governmental agencies under that statute, so Plaintiffs filed an amended complaint, where they sued under §1798.85, which does not have any statutory damages but cut and pasted penalty from a different statute.

b. in the 9th and 10th causes of action Liberi admits to being a felon on probation and claims, that complaints brought by Taitz to her probation status hearing were improper. As such attorneys on the case are well aware, that Liberi is a felon on probation. Minimal investigation required under rule 11 would show that Liberi's criminal case FWV 028000 contains a fact pattern of her engaging in the same activity: cutting and pasting parts of documents and creating "documents" for which she was convicted in March of 2008 of forgery of an official seal, attempt to file forged/altered documents and grand theft and received 8 year prison term, reduced to probation due to alleged health problems. Two licensed attorneys are placing their name and bar license under pleadings, drafted by a recently convicted forger, and they are doing so with either lack of minimal investigation or knowingly and maliciously.

Due to the fact, that the statute under which they are suing does not provide for any statutory civil penalty, Plaintiffs were supposed to provide a legal theory, which would show, how alleged violation of statute damaged the Plaintiffs, they were supposed to plead actual and proximate causation and damages envisioned by the statute. They provided none of the above. They are claiming statute violation against Ostella and Liberi, however they did not plead any facts in regards to Ostella. In regards to Liberi claims lack any plausibility. Under rule 12(b)6 complaint

has to be plausible. This complaint was filed about 2 weeks after publication of Sankey report, **which listed Liberi's criminal record**. Is it plausible to believe, that somebody would read this report and would want to assume an identity of an individual, who was recently convicted of multiple felonies, who according to a report is on probation and any violation of probation can land her back  in prison? Why would anyone want to attempt to assume her identity? For what purpose? To run the risk of being thrown in prison for 8 years instead of Liberi? This is completely implausible.

If one were to assume, that there is somewhere an insane person, who wants to assume an identity of a felon on probation, who is also in bankrupcy, the question remains, how did he or she damage Liberi? How within 2 weeks from the time the report was posted and the complaint was filed, this imaginary individual managed to damage Liberi? Damages have to be envisioned by the statute: it would include for example someone using Liberi's name and social security number assuming her identity and stealing monies from her bank account, however Liberi was in bankrupcy, there was nothing to steal and the complaint does not plead any facts, that would be consistent with damages envisioned by this statute. Additionally, there is no pleading  of any nexus, any actual and proximate causation between alleged violation of the statute and imaginary damages. Moreover, Liberi personally entered her <u>two unredacted full social security numbers</u> in her two applications for bankruptcy in California  in 2000 and 2002, where her two different <u>full unredacted social security</u> numbers were and are currently on display in public records readily available to the public for a period of 10 years. (Exhibit 3) Additionally, Liberi has provided her full unredacted social security number in her declaration made in her criminal case FWV 028000, which happens to be a different number. (Exhibit 4). If arguendo there was ever any damage from published full social security number, it is more plausible, that it would be from

such posting in the records readily available to the public for 10 years and not from a blog posting available for a day or two.

Based on the fact, that above statute does not allow for any statutory penalty and based on a fact, that Plaintiffs did not provide any legal theory to connect their alleged damages to alleged violation of statute, defendants respectfully request to dismiss this cause of action without  leave to amend, as the claim is fatally flawed. After two and a half years of litigation and thousands of pages of pleadings giving Plaintiffs a leave to amend, would not serve the interest of justice and would only invite new fraudulent allegations. In the interest of judicial economy the court is requested to dismiss this cause of action against all defendants.

Additionally, Defendants believe that actions of Plaintiffs' attorneys in cutting and pasting civil penalty of unrelated statute to fraudulently claim 3 billion dollars in a statute, that provides for no statutory penalty at all, is so egregious and sanctionable that Defendants are asking Your Honor, as a former President of CA bar association, to  forward his findings to the respective bar associations. This is particularly important, as according to the official public  web site of the Disciplinary Board of the PA Supreme court Berg was recently tried for alleged egregious ethics violations and post trial meeting of the parties is scheduled for September 19, 2011, on a case involving similar violations of the professional ethics and which also involves the same convicted forger Lisa Liberi as a main witness for Berg.

## Claim#1

In its' September 12, 2011 order to dismiss without prejudice and without leave to amend defendant Oracle, this court already ruled  that alleged violation of First and Fourteenth amendments is not possible, as such violations relate only government actors. None of the

defendants is a governmental actor, as such alleged violation of the First and Fourteenth amendment is totally frivolous and in the interest of judicial economy should be dismissed against all of the defendants.

Second part of this cause of action is invasion of privacy, which Plaintiffs repeat in several following causes of action. For invasion of privacy under the California constitution plaintiff "must establish each of the following: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3)conduct by  the  defendant constituting serious invasion of privacy. Hill v. National Collegiate Athletic Assn., 7 Cal. 4th 1, 39-40 (1994). Plaintiffs' state that their privacy interests were violated by "intentionally and illegally accessing, disclosing and distributing" Plaintiffs' private information (FAC ¶197). Plaintiffs did not plead one single piece of information, that was private, that was illegally accessed and disclosed by the defendants. The reason they are making broad allegations, is because they know, that no such piece of information exist. Licensed investigator Sankey  provided in his report Liberi's criminal record from  Superior court of California, which is available on line as well as her public record from bankruptcy court, which is available on line.

2. Plaintiffs do not have a reasonable expectation of privacy in their public records.

3. The fact, that attorney Taitz posted information that was provided to her by a licensed investigator, who works with reputable national database companies, who legally obtain documents from public records, such as Superior court of California and Bankruptcy court, does not constitute a conduct, tantamount to a serious invasion of privacy. Moreover, as an attorney and an officer of the court Taitz was obligated to warn her supporters and donors, that her old web site was taken over and the fact that a person with recent serious convictions of grand theft has access to their financial information.

Plaintiffs failed in all three prongs of the test.

If Plaintiffs allege a claim for invasion of privacy under a common law theory of intrusion upon seclusion, plaintiff must establish: "(1.) intrusion upon a private place, conversation or matter, (2) in a manner highly offensive to a reasonable person." <u>Shulman v Group W productions</u>, inc., 18 Cal, 4th 200,232 (1998)

Again, plaintiffs failed to plead one single fact, that was private, that was not already public, at the time Taitz posted Sankey report. The fact that Taitz posted true and correct criminal record of Liberi, in order to warn her donors, does not represent a conduct highly offensive to reasonable person. When one has a serious recent conviction of forgery and grand theft, she might reasonably expect, that this record might be posted to warn the public. If such publication would be considered offensive, than the court system and probations department of the State of California and sister states would drown in law suits from felons.

As the plaintiffs failed to plead any admissible plausible facts to substantiate their claim based on the above the first claim needs to be dismissed with prejudice.  This claim needs to be dismissed without leave to amend, as there are no facts, that could cure the deficiency  and Plaintiffs had two and half years to cure the deficiency. In the interest of judicial economy this claim needs to be dismissed against all defendants.

### Claim # 2

Plaintiffs allege public disclosure of private facts, which require proof of "(1) public disclosure, (2) of a private fact, (3) which would be offensive and objectionable to the reasonable person and (4) which is not of legitimate public concern" <u>Shulman v Group W Productions,</u> inc., 18 Ca. 4th200, 214 (1998).

Similarly to Claim #1 in their pleadings the plaintiffs did not plead any facts, that were private, that were not already in public records. Plaintiffs did not plead any facts, that would show, that publication was offensive and objectionable to a reasonable person and is not a legitimate public interest. While clearly Plaintiffs wanted to hide from the public the fact, that Ostella locked Taitz out of the website of her foundation and that Liberi has a criminal record of forgery and theft, reasonable person would understand, that publication of this information is understandable, was expected and is clearly in public interest in order to warn the public, that an individual with such record has access to nation-wide donations drive. Additionally, as a President of DOFF Taitz had to apprise the public that their donations given to DOFF on old web site did not go to DOFF, as Ostella locked Taitz out and replaced the pay-pal account connected to the old web site. This is clearly the matter of public interest.

As such, as the Plaintiffs failed to satisfy the three prong test, this cause of action needs to be dismissed with prejudice and without leave to amend, as the pleadings cannot be cured by an amendment and the plaintiffs had two and a half years to do so. In the interest of judicial economy the second cause of action needs to be dismissed against all defendants.

### Claim #3

In claim #3 Plaintiffs allege false light, which requires the following: (1) defendant disclosed information about plaintiff that actually false or created a false impression; (2) one or more persons found the information to state something that is highly offensive that would have a tendency to injure plaintiff's reputation; (3) defendant acted with malice by clear and convincing evidence; and (4) plaintiff was damaged by the disclosure. Solano v Playgirl, inc., 292 F.3d 1078, 1082 (9th Cir.2002)

Again, the plaintiff is talking about Taitz posting a report about her criminal record and about actions of Ostella locking Taitz out of her web site. The Plaintiffs never plead any specific facts, that are not true. Plaintiffs did not satisfy the second prong, as they did not plead anything highly offensive, that would injure the reputation of the Plaintiffs. The fact, that Liberi's criminal record was published, was not offensive, as it was a truthful statement and it definitely did not lower her reputation, as her reputation was exactly that, a reputation of a convicted document forger and a convicted thief.  Lastly, Plaintiffs did not plead any plausible facts, that would show malice on part of Taitz. Publishing ones criminal record to warn the public does not represent malice.

As such this claim needs to be dismissed with prejudice and without leave to amend. In the interest of judicial economy it needs to be dismissed against all defendants.

### Claim# 4

In claim #4 Plaintiffs allege that defendants' publication of news-related information regarding plaintiffs is a misappropriation of their likeness under Ca Civil code §3344. Plaintiffs Liberi and Ostella claim, that Taitz's blog posts discussing Liberi's criminal records and discussing Taitz dealings with Ostella  are a violation of their publicity rights, a right usually reserved for people, who make a living off their image. See Lugosi v. Universal Pictures, 25  Cal. 3d 813(1979). The first two elements of a cause of action are that the first two elements of a cause of action are that (1) the defendant used a plaintiffs identity (2) for the defendant's commercial advantage. Montana v. San Jose Mercury News, Inc., 34 Cal. App. 4th 790, 792 (1995).

Identity and likeness of individuals, typically celebrities, movie stars, fashion models  is typically used to promote a product, make this product more appealing. Liberi and Ostella are not movie stars, not beauty queens. Prison  mug shot of Lisa Liberi did not make any product more appealing and there was never any picture of Ostella. In this case Taitz posted information about

Liberi and Ostella not to sell a product, but to worn the public about criminal past of Liberi and diversion of funds by Ostella. What was portrayed by Taitz, was not likeness of Liberi and Ostella, but their actions, which were of public concern. There is nothing unique or identifiable about either Liberi or Ostella that would lend to a cognizable right of publicity.

In reality, the opposite is true. Liberi used likeness and trade mark of Taitz's not for profit foundation and solicited donations, while Liberi and Berg benefitted from those actions of Ostella, as she locked Taitz out of her old web site and used that web site to promote law office of Berg. This will be addressed in cross complaint against the defendants.

Liberi and Ostella failed and unable to assert causes of action under the common law right of publicity, and misappropriation of likeness under CA §3344. As such this claim needs to be dismissed with prejudice and without leave to amend. In the interest of judicial economy it needs to be dismissed against all defendants.

### Claim #5

Plaintiffs allege violation of section 1798.53 of California Information privacy Act ("IPA"), which allows a claim against anyone "who **intentionally** discloses information, not otherwise **public**, which they know or should know was obtained from personal information maintained by a state agency or from "record" within a system of records… maintained by a federal government agency. "

Again, Plaintiffs did not satisfy any prongs of the test

1. **they did not show, that the information was not otherwise public**. Actually, they cite a report by investigator Sankey, which comes from public records, as evidenced on the face of the report.

2. **Plaintiffs did not plead any facts to show, that Taitz knew of should have known that the information came from personal records**. As a matter of fact, based on the complaint Taitz relied on the report by a licensed investigator, which she reasonably believed to be compiled from public records stored in the databases of reputable agencies, as indeed the report shows public records from Superior court of California, records of Liberi's criminal case, her civil cases and her bankruptcy cases. **There is nothing in the pleadings, that would show that defendants knew or reasonably believed that information was not otherwise public.**

As such Plaintiffs failed to satisfy the requirements of the test and the claim#5 needs to be dismissed with prejudice and without leave to amend. In the interest of judicial economy it needs to be dismissed against all defendants**.**

## Claim #7

In the seventh claim plaintiffs allege three causes of action, two of which have no basis for relief under California law: Cyber-Harassment and Cyber-Bullying. See generally cyber-harassment and cyber-bullying. See generally, <u>United States v. Drew</u>, 259 F.R.D. 449 (C.D. cal. 2009). the final tort of cyber-stalking is organized to the extend that it merely an allegation of stalking, codified under California civil code §1708.7. In order to establish the tort of stalking Plaintiff must allege the following four elements (1) that LO "engaged in a pattern of conduct the intend of which was to follow, alarm or harass them"; (2) that, as a result of the alleged pattern of conduct, Plaintiff reasonably feared for their safety, or that their safety, or that of an immediate family member; (3) that part of the alleged pattern of conduct was a credible threat with the intention of placing Plaintiffs in reasonable fear for their safety, or that of an immediate family member; and (4) on at least one occasion, the Plaintiff clearly and definitively, but unsuccessfully, demanded that the defendant stop the pattern of conduct. Cal Civ Code §1708.7

None of the prongs were satisfied or could be satisfied in this case.

This case revolves around publication made by defendants regarding behavior of the Plaintiffs. The complaint is void of any facts, that would show defendants ever following or harassing any of the defendants. The only credible allegation consists of  fact that attorney Taitz published information about her website being taken over by webmaster Ostella and about criminal history of Liberi, assistant of Berg.   Taitz, also apprised her supporters of the hearing in this case and pleadings submitted. All of the publications represented matter of public concern. Those publications might have made Liberi alarmed that her probation might be revoked. Berg might have been alarmed that he would be found guilty of ethical violations at his disciplinary board trial, as Liberi was his main witness, Ostella might have been alarmed that there might be charges brought against her for diverting funds from DOFF, but there is no credible fact plead by the Plaintiffs to show, that the Plaintiffs were afraid for their lives. In regards to the fourth prong, the only request to cease and desist was actually made by Taitz, where Taitz requested, that Berg cease and desist providing patronage to Ostella, who was diverting funds from DOFF.

While plaintiffs throw in the pot general unsubstantiated outlandish allegations ¶275 claiming that Taitz called for political purging of Liberi and Ostella, "Taitz openly threatened to destroy Liberi and get rid of her and have Liberi's children professionally kidnapped", none of these allegations was substantiate, none was credible or in any way plausible. It is more plausible, that this is a product of criminal mind of Liberi, who is measuring people around her by her standards, who was the one concocting these pleadings, and who included those outlandish slanderous statements without any credibility and plausibility in order to retaliate against an attorney, who outed her and disclosed to the public her recent serious convictions.

To establish a "credible threat", the allegations must be supported with independent corroborating evidence such that the factual allegations must be enough to raise a right of relief... above the speculative level... on the assumptions that all the allegations in the complaint are true even if doubtful in fact).' In short it might allege "enough facts to state a claim to relief that is plausible in its face." Bell Atlantic Corp v Twombly, 550 U.S. 544, 556-557, 570 (2007) (parenthesis in original; emphasis added). Further, the allegation that some unspecified "supporter" of Taitz informed Ostella that her children will be kidnapped is farcical and should be disregarded; even if one were to assume arguendo that someone made this statement, there is no credible link to Taitz or LO.

There are insufficient allegations, much less credible allegations, that any of the defendants ever threatened any of the defendants and this claim needs to be dismissed with prejudice and without leave to amend. In the interest of judicial economy this cause of action should be dismissed against all defendants.

## CLAIM #8

Plaintiffs allege defamation per se, slander and libel per se. To establish defamation per se Plaintiffs need to plead that publication was false, that the defendants knew it to be false and intentionally published false defamation.

Plaintiffs did not satisfy any of the prongs of the test. They are talking about the publication by the defendants, but did not specify any specific fact, which would actually be wrong. They are talking about Taitz publishing Liberi's criminal record, trying to create an impression, that it might be defamatory, however they never state in the pleadings, that Liberi was not convicted of listed crimes. Moreover, in the claim #9 and 10 they actually mention, that Liberi was on probation. If Liberi was not a felon and publication of crimes were defamatory, why was she on

probation? Moreover, during December 20, 2010 hearing Liberi and Ostella admitted that Liberi indeed had   felony convictions in 2008 and Ostella locked Taitz out of the website for her foundation and replace Taitz pay-pal account with her own.

Even, if arguendo some minor part of the report was not correct, Plaintiffs did not plead any facts to show, that defendants knew that any part of the report was not correct and intentionally published incorrect information. As such the eighth cause of action needs to be dismissed with prejudice and without leave to amend. In the interest of judicial economy this cause of action needs to be dismissed against all defendants.

## CLAIM #9

In claim #9 Plaintiffs allege Intentional infliction of emotional distress, which would involve outrageous conduct by the defendant with the intension of causing or reckless disregard of extreme emotional distress, and plaintiffs injuries were actually and proximately caused by the defendant's outrageous conduct. Cochran v Cochran 65 Cal. App 4th 488, 494 (1998). Conduct is outrageous only if it exceeds all bounds of that usually tolerated in a civil community" KOVR-TV, inc v Super Ct., 31 Cal. App 4th 1023, 1028 (1995)

Again Plaintiffs failed to satisfy any of the prongs of the test

Plaintiffs' cause of action for IIED is based entirely upon the prior causes of action, meaning that the IIED cause of action as to Orly Taitz and all affiliated entities, including LO is completely reliant upon defendants' alleged tortious behavior in prior causes of action, such as alleged invasion of privacy, disclosure of private facts, placing  Plaintiffs in false light, defaming Plaintiffs, maliciously prosecuting Liberi, and cyber-stalking. The mere allegation, that the defendant acted tortiously, however, is not enough to establish a cause of action for IIED. The

court in <u>Cochran v Cochran</u>, 65 Cal. App.4d 488, 496 (Cal. App. 2d Dist.1998), citing restatement (second) Torts §46 cmt.d (1965) stated:

In evaluating whether the defendant's conduct was outrageous, "it is ...not enough that the defendant has acted with an intend which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized as malice or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort Liability has been found only where the conduct was so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and be regarded as atrocious, and utterly intolerable in a civilized society." (Emphasis added.)

Additionally, Cochran supra, 65 Cal App 4th at 497 was unequivocally clear on this subject topic, that typical hostile unpleasantries are not actionable:...feuds are often accompanied by an exchange of hostile unpleasantries which are intended to sting whoever sits at the delivery end. While the pain inflicted might be real, **the tort of intentional infliction of emotional distress was never intended to remove all such barbs. To hold otherwise would needlessly congest our courts with trials for hurts both real and imagines which are best resolved elsewhere** (Emphasis added)   The tortious conduct alleged does not rise to the level of being beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community", as required under the Restatement (second) Torts §46 nd California law. See <u>Molko v. Holy spirit Ass'n</u>. 46 Cal.3d 1092, 1122(1988). Clearly, this is not sufficient under Iqbal. As such the ninth cause of action needs to be dismissed with prejudice and without leave to amend. Plaintiffs had plenty of time, two and a half years to provide facts to satisfy the requirements of this cause of action, and providing additional time or additional opportunity to amend could not possibly cure the pleading, as the there are no underlying facts that would suggest   intentional infliction of emotional distress. In the interest of judicial economy this cause of action needs to be dismissed against all defendants.

**CLAIM #10**

In claim #10 Plaintiffs allege malicious prosecution cause of action is entirely based upon
Defendants' filing of a motion for Emergency Revocation of probation against Liberi in San
Bernardino County Superior Court.(FAC 316)

First, this tenth cause of action negates  prior 9 causes of action, by virtue of filling it Liberi
confirms, that she indeed was a convicted felon, that she indeed  was convicted in San
Bernardino California in 2008 and through March of 2011 was on probation. It shows, that for
two and a half years Plaintiffs harassed defendants with a totally frivolous bogus complaint,
claiming defamation, even though they were never defamed and Attorney Berg was indeed
employing as his legal assistant a felon, who was recently convicted of forgery and theft, and
allowed her to draft pleadings and with her as his assistant conducted a nationwide donations
drive.  This is particularly egregious, as the original complaint was a verified complaint, filed
under penalty of perjury, where Berg and Liberi attempted to create an impression, that Liberi
was a different Lisa Liberi, who worked in Berg's office in Pennsylvania, not a convicted felon
from California. This in itself a sanctionable conduct by the Plaintiffs and their attorney.

The malicious prosecution cause of action is based upon a motion that Liberi alleges was
wrongfully filed by Taitz.

The commission of tort of malicious prosecution requires a showing of an unsuccessful
prosecution of a criminal or civil action, which any reasonable attorney would regard a totally
and completely without merit, for the intentionally wrongful purpose of injuring another person.
Downey Venture v. LMI ins.Co., 66 Cal. App.4[th] 478, 499 (1998). Malicious prosecution actions
require the initiation of an actual full-blown action. As such, subsidiary procedural actions within
a lawsuit, such as an application for a restraining order, does not support a claim for malicious
prosecution. Adams v Superior court, 2 Cal. App. 4th 521, 528 (1992). As such, it is clear that

Taitz's alleged motion for revocation of probation in Liberi's criminal case was not an independent action under the purview of this cause of action.

In Adams, the defendants were being sued by Plaintiff Vu, alleging four causes of action for malicious prosecution and abuse of process. Vu's lawsuit was based on the premise that the attorneys acted tortuously when they attempted to intervene in criminal cases in Santa Clara and Mateo counties, where Vu was attempting to have felony convictions reduced or expunged, which was granted. After both courts granted or expunged the felony charges, defendants filed motions for reconsideration, seeking to bring to the attention of the respective courts Vu's alleged conduct in a fraudulent real estate sale. Both the Mateo County Superior court and the Santa Clara Superior court denied the defendant's motions. Held, that the tort of malicious prosecution requires the initiation of a full blown action as well as its favorable termination for the malicious prosecution plaintiff, neither of which occurred. *ID*. At 528.

This case is just like Adams, where there in neither a full blown action initiated by Taitz or a favorable outcome. Because the "prior action" for malicious prosecution has not been alleged, Plaintiffs have failed to sate any facts on which this cause of action may be based, as such it should be dismissed with prejudice and without leave to amend as the defect of pleadings cannot be cured by an amendment. In the interest of judicial economy this cause of action should be dismissed against all the defendants.

## Claim #11

In eleventh claim the Plaintiffs allege abuse of process, which needs to be dismissed, as Plaintiffs failed to identify any process, that has taken place as a result of Taitz's alleged actions.

Liberi's abuse of process is again entirely based on defendants' filing of a "Motion for an Emergency Revocation of Probation", with regard to Liberi's probation in San Bernardino Superior Court, which Liberi alleges was wrongfully filed by Taitz (FAC ¶327).

In order to state a claim for abuse of process, Liberi must establish a substantial use or misuse of a legal process. Loomis v Murphy, 217 Cal App 3d 589, 595 (1990). An abuse of process is an act done in the name of the court and under its authority by use of a legal process for the purpose of perpetrating an injustice. CACI 1520; Woodcourt II, Ltd. V. McDonald Co., 119 Cal App. 3d 245, 252 (1981). The court of Appeals in Adams v Superior court, supra, held that one of the bases for sustaining defendants demurrer to Vu's complaint for abuse of process was because the motions filed in criminal cases were denied, and thus did not result in any order or process, which could be misused by the defendants was not sufficient to support plaintiffs' abuse of process claim. Adams, supra, 2 Cal. App. 4th at 532.

The same holding and reasoning should apply here. Even if one were to arguendo assume all  of the Plaintiffs' allegations to be true, because Plaintiffs admitted that Judge Sabet denied the motion (FAC ¶316), Liberi has failed to present any facts to support her cause of action for abuse of process since, as a matter of law, no "process" was either issued or misused by Taitz. As such eleventh cause of action should be dismissed with prejudice and without leave to amend as to all defendants.

## LAW OFFICES OF ORLY TAITZ IS NOT A LEGAL ENTITY AND CANNOT BE A DEFENDANT IN A LAW SUIT

Again, Plaintiffs' attorneys Berg and Kreep never performed rule 11 minimum investigation and they never checked, if "Law offices of Orly Taitz" is even a legal entity. There is no separate entity under such name: there is no corporation or professional corporation or LLC under the

name "Law offices of Orly Taitz". Plaintiffs simply knew that Taitz is an attorney and a dentist and sued her law office and her dental office, which necessitated additional pleadings and expenditure of time and resources for Taitz to respond to the complaints . "A civil action can be maintained only against a legal person...(and)... a nonentity is incapable of being sued. Where a suit is brought against an entity, which is nonexistent, the proceeding is void ab initio and its invalidity can be called to the attention of the court at any state of the proceeding" (Oliver v Swiss Club Tell (1963)222 Cal. 2d 528, 537.) "Accordingly, it is a corollary to this rule that the objection that a plaintiff or defendant is nonexistent is not subject to waiver, as in the case of misnomer or lack of legal capacity, because the defect is jurisdictional." (Id. at p.538.)

## CONCLUSION

Claims 1-11 of the FAC need to be dismissed with prejudice and without leave to amend as to all defendants.

/s/ Dr. Orly Taitz, ESQ

## CERTIFICATE OF SERVICE

I declare under penalty of perjury that a true and correct copy of the above pleadings was served on 09.14.2011 via ECF on all the parties in this action.

/s/ Dr. Orly Taitz, ESQ

Exhibit 1 Stipulation filed on 05.28.2009 in Liberi v Taitz, dismissing Yosef Taitz

Exhibit 2  12.23.2010 Order by Judge Robreno

Exhibit 3 Request for judicial notice submitted on 07.11.2011,criminal record of Lisa Liberi, bankruptcy record of Lisa Liberi with her full unredacted social security number, which was redacted for this filing

Exhibit 4  Request for judicial notice submitted  07.11.2011, declaration of Lisa Liberi with her full social security number (redacted for this filing)