John A. Vogt (State Bar No. 198677)
javogt@jonesday.com
Edward S. Chang (State Bar No. 241682)
echang@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, California  92612
Telephone:  (949) 851-3939
Facsimile:   (949) 553-7539

Attorneys for Defendant
INTELIUS INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| LISA LIBERI, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>ORLY TAITZ, et al.,<br><br>　　　　　Defendants. | Case No. 8:11-CV-00485-AG (AJWx)<br><br>Assigned for all purposes to<br>Honorable  Andrew J. Guilford<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF INTELIUS INC.'S MOTION TO DISMISS**<br><br>Date:　　October 17, 2011<br>Time:　　10:00 a.m.<br>Dept:　　10 D |

## REQUEST FOR JUDICIAL NOTICE

**PLEASE TAKE NOTICE** that, under Federal Rule of Evidence 201, and in support of their Motion to Dismiss, Intelius Inc. respectfully requests that the Court take Judicial Notice of the following public records, which are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned:

1. The search results Orly Taitz obtained on the name "Lisa Liberi" on April 12, 2009 through www.intelius.com, which are incorporated into plaintiffs' complaint, and attached as Exhibit 1 to the Declaration of Benjamin Nelson in Support of Intelius Inc.'s Motion to Dismiss ("Nelson Decl.").

2. The search results plaintiff Lisa Liberi obtained on the name "Lisa Liberi" on April 10, 2010, through www.intelius.com, which are incorporated into plaintiffs' complaint, and attached as Exhibit 2 to the to the Nelson Decl. in Support of Intelius Inc.'s Motion to Dismiss.

3. The Talent Wise reports Liberi purchased on herself, on April 10 and 12, 2010, respectively, through www.talentwise.com, which are incorporated into plaintiffs' complaint, and attached as Exhibit 3 to the to the Nelson Decl. in Support of Intelius Inc.'s Motion to Dismiss.

4. Intelius' "Terms and Conditions," which are incorporated into plaintiffs' complaint, publicly available from Intelius' website, http://www.intelius.com/useragreement.php, and attached as Exhibit 4 to the to the Nelson Decl. in Support of Intelius Inc.'s Motion to Dismiss.

5. The letter plaintiff Philip J. Berg sent on behalf of Liberi to Naveen Jain, dated April 14, 2010, which is incorporated into plaintiffs' complaint, and attached as Exhibit 5 to the to the Nelson Decl. in Support of Intelius Inc.'s Motion to Dismiss.

1

| | | |
|---|---|---|
| 1 | 6. | The letter plaintiff Lisa Ostella sent to Intelius dated October 29, 2010, requesting the names of any person that had ever done a search on her, which is incorporated into plaintiffs' complaint, and attached as <u>Exhibit 6</u> to the to the Nelson Decl. in Support of Intelius Inc.'s Motion to Dismiss. |
| 6 | 7. | Intelius' response to Ostella's October 29, 2010 letter, dated December 6, 2010, informing Ms. Ostella that, absent a subpoena or court order, Intelius' terms and conditions prohibit the disclosure of such information, which is incorporated into plaintiffs' complaint, and attached as <u>Exhibit 7</u> to the to the Nelson Decl. in Support of Intelius Inc.'s Motion to Dismiss. |
| 12 | 8. | Intelius' "Frequently Asked Questions," which are incorporated into plaintiffs' complaint, publicly available from Intelius' website, http://www.intelius.com/search-faq.php, and attached as <u>Exhibit 8</u> to the to the Nelson Decl. in Support of Intelius Inc.'s Motion to Dismiss. |

## ARGUMENT

"A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b).

The Ninth Circuit takes an "expansive view" of the incorporation by reference doctrine, and recognizes that '"[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" <u>Teamsters Local 617 Pension & Welfare Funds v. Apollo Group, Inc.</u>, 633 F. Supp. 2d 763, 775 (D. Ariz. 2009) (quoting <u>United States v. Ritchie</u>, 342 F.3d

2

903, 908 (9th Cir. 2003)), vacated in part on other grounds, 690 F. Supp. 2d 959 (D. Ariz. 2010); see also In re CNET Networks, Inc. S'holder Derivative Litig., 483 F. Supp. 2d 947, 953 (N.D. Cal. 2007) ("On considering a motion to dismiss, judicial notice of the full text of documents referenced in a complaint is proper under the doctrine of incorporation by reference."). The purpose of this expensive approach is to "'[p]revent [ ] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based.'" Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007) (citation omitted); see also In re Burlington Coat Factor Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 197) ("Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them.").

These documents available from Intelius' website are the proper subject of judicial notice because they are incorporated into the First Amended Complaint. The searches allegedly performed on plaintiffs through Intelius' website form the basis of plaintiffs' claims against Intelius and, thus, those searches, search results, and website necessarily have been incorporated into the complaint. (See, e.g., FAC, ¶¶ 31, 66-70, 147). Accordingly, the Court is authorized to take judicial notice of pages made available to consumers performing searches through Intelius' website, including Intelius' "Terms and Conditions" and "Frequently Asked Questions." See Baxter v. Intelius, 2010 WL 3791487 at *2 (C.D. Cal. September 16, 2010) ("[W]hen certain documents are central to the claims and are referred to by the plaintiffs in the pleadings, they can be deemed part of the pleadings") (J. Guilford) citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) ("Documents that a defendant attaches to a motion to dismiss are [also] considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.")

## CONCLUSION

For the foregoing reasons, Intelius Inc. respectfully requests that, in connection with its Motion to Dismiss, the Court take judicial notice of the documents and materials identified above.

Dated: September 16, 2011

Respectfully submitted,

JONES DAY

By: */s/ John A. Vogt*
    John A. Vogt

ATTORNEYS FOR INTELIUS INC.