1   JAMES F. McCABE (CA SBN 104686)
    JMcCabe@mofo.com
2   ADRIANO HRVATIN (CA SBN 220909)
    AHrvatin@mofo.com
3   MORRISON & FOERSTER LLP
    425 Market Street
4   San Francisco, California  94105-2482
    Telephone: 415.268.7000
5   Facsimile: 415.268.7522

6   Attorneys for Defendants
    Reed Elsevier, Inc., LexisNexis Risk
7   and Information Analytics Group, Inc.,
    LexisNexis, Inc., LexisNexis Risk Solutions,
8   Inc., LexisNexis ChoicePoint, Inc., LexisNexis
    Seisint, Inc., d/b/a Accurint, and LexisNexis
9   Group, Inc.

10                    UNITED STATES DISTRICT COURT

11                   CENTRAL DISTRICT OF CALIFORNIA

12                          SOUTHERN DIVISION

13

14
    LISA LIBERI, *et al.*,              Case No. CV11-00485 AG (AJWx)
15
                      Plaintiffs,       **REED DEFENDANTS' NOTICE
16                                      OF MOTION AND MOTION TO
                                        DISMISS FIRST AMENDED
17         v.                           COMPLAINT; MEMORANDUM
                                        OF POINTS AND AUTHORITIES**
    ORLY TAITZ, *et al.*,
18
                      Defendants.       Date:    October 17, 2011
19                                      Time:    10:00 a.m.
                                        Judge:   Hon. Andrew J. Guilford
20                                      Place:   Courtroom 10D

21

22

23

24

25

26

27

28

sf-3045405

# NOTICE OF MOTION AND MOTION

TO THE CLERK OF COURT AND TO ALL PARTIES AND THEIR

ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on October 17, 2011, at 10:00 a.m., or as

soon thereafter as counsel may be heard before the Honorable Andrew J. Guilford,

in Courtroom 10D of the above-captioned Court, located at 411 West Fourth Street,

Santa Ana, California 92701, defendants Reed Elsevier, Inc., LexisNexis Risk and

Information Analytics Group, Inc., LexisNexis, Inc., LexisNexis Risk Solutions,

Inc., LexisNexis ChoicePoint, Inc., LexisNexis Seisint, Inc., d/b/a Accurint, and

LexisNexis Group, Inc. (the "Reed Defendants") will, and hereby do, move

pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure for an

order dismissing plaintiffs' First Amended Complaint.

Good cause exists to grant this motion. *First*, the First Amended Complaint,

a 172-page, 423-paragraph pleading with a ten-page prayer seeking 53 species of

relief, violates Rule 8 of the Federal Rules of Civil Procedure and hence fails to

state any claim against any Reed Defendant. *Second*, all of plaintiffs' claims

against the Reed Defendants should be dismissed under Rule 12(b)(6) for failure to

properly allege any wrongdoing by any Reed Defendant, and thus any plausible

claim, with respect to plaintiffs. *Third*, various of plaintiffs' claims (specifically,

Claim Nos. 1, 2, 3, 5, 6, 8, 9, 17, 18, 19 and 20) against the Reed Defendants should

be dismissed with prejudice under Rule 12(b)(6) as to all plaintiffs, since the claims

are either non-existent or are unavailable to plaintiffs. *Finally*, the First Amended

Complaint fails to state any claim on behalf of plaintiffs Go Excel Global, Philip J.

Berg or his Law Offices against any Reed Defendant, which separately warrants

dismissal under Rule 12(b)(6).

Prior to bringing this motion, and as required by Local Civil Rule 7-3, the

Reed Defendants conferred at length with plaintiffs' counsel regarding the issues

raised herein, including on August 5, 8 and 12 and thereafter on September 9, 13

1   and 14.  Moreover, on August 19, the Court granted the Reed Defendants' request

2   to file the instant motion.  (Docket No. 356.)

3         This motion is based upon this notice of motion, the accompanying

4   memorandum of points and authorities, all pleadings and other records on file in

5   this action and any such further evidence and arguments as may be presented at or

6   before any hearing on the motion.

7   Dated:  September 16, 2011            JAMES F. McCABE
                                          ADRIANO HRVATIN
8                                         MORRISON & FOERSTER LLP

9

10                                        By:  /s James F. McCabe

11                                            James F. McCabe

12                                        Attorneys for Defendants
                                          Reed Elsevier, Inc., LexisNexis Risk
13                                        and Information Analytics Group, Inc.,
                                          LexisNexis, Inc., LexisNexis Risk
14                                        Solutions, Inc., LexisNexis ChoicePoint,
                                          Inc., LexisNexis Seisint, Inc., d/b/a
15                                        Accurint, and LexisNexis Group, Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28

sf-3045405                          2

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ................................................................. 1

TABLE OF AUTHORITIES ............................................................................... iii

MEMORANDUM OF POINTS AND AUTHORITIES ........................................ 1

INTRODUCTION .............................................................................................. 1

ALLEGATIONS OF THE COMPLAINT .......................................................... 2

ARGUMENT ..................................................................................................... 4

I.     THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO
COMPLY WITH RULES 8 and 12(B)(6) OF THE FEDERAL RULES
OF CIVIL PROCEDURE. ...................................................................... 4

     A.     The Complaint Is Not a Short, Plain Statement of Plaintiffs'
Claims, Nor Does It Contain Simple, Concise and Direct
Averments of Fact. ..................................................................... 4

     B.     The Complaint Fails To State A Plausible Claim Against Any
Of The Reed Defendants. ........................................................... 6

II.    THE COMPLAINT PURPORTS TO STATE NONEXISTENT OR
INAPPLICABLE CLAIMS. ................................................................... 9

     A.     The Complaint Fails To State Any Claim Under the Federal or
California Constitutions. ............................................................. 9

     B.     Plaintiffs Fail to State an Invasion of Privacy Claim. ............... 10

     C.     Plaintiffs Fail to State a "False Light" Privacy Claim. ............. 11

     D.     Plaintiffs' Fifth, Sixth, Eighth and Seventeenth Claims Fail
Because the Complaint Does Not Allege that any of the Reed
Defendants Published Any Information about Plaintiffs. .......... 11

     E.     The Complaint Fails To State A Claim Against Any Reed
Defendant For Alleged Violations of the California Business
and Professions Code ................................................................ 13

     F.     The Complaint Fails To State A Claim Against Any Reed
Defendant For Either Intentional or Negligent Infliction of
Emotional Distress. ................................................................... 14

     G.     The Complaint Fails To State A Claim Against Any Reed
Defendant For "Res Ipsa Loquitor [*Sic*] Negligence." ............ 15

i

1

III. THE COMPLAINT FAILS TO ALLEGE ANY CONSEQUENCE TO PLAINTIFFS GO EXCEL GLOBAL, PHILIP J. BERG OR THE LAW OFFICES OF PHILIP J. BERG TRACEABLE TO ANY REED DEFENDANT. ........................................................................... 15

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ashcroft v. Iqbal,*
129 S. Ct. 1937 (2009) ........................................................................... 7

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ............................................................................... 8

*Cabral v. Ralphs Grocery Co.,*
51 Cal. 764 (2011) ............................................................................... 15

*Chambers v. Los Angeles Co.,*
No. CV 09-3919-VBF (PLA), 2010 U.S. Dist. LEXIS 34812 (C.D. Cal.
Mar. 5, 2010) ........................................................................................ 6

*Cochran v. Cochran,*
65 Cal. App. 4th 488 (1998) ................................................................ 14

*Hearns v. San Bernardino Police Dep't,*
530 F.3d 1124 (9th Cir. 2008) ......................................................... 4, 6

*Hill v. Nat'l Collegiate Athletic Assn.,*
7 Cal. 4th 1 (1994) .............................................................................. 10

*Howard v. America Online, Inc.,*
208 F.3d 741 (9th Cir. 2000) .............................................................. 10

*Jennifer M. v. Redwood Women's Health Center,*
88 Cal. App. 4th 81 (2001) .................................................................. 12

*Khoury v. Maly's,*
14 Cal. App. 4th 612 (1993) ................................................................ 13

*Korea Supply Co. v. Lockheed Martin Corp.,*
29 Cal. 4th 1134 (2003) ...................................................................... 13

*Kwikset Corp. v. Super. Ct.,*
51 Cal. 4th 310 (2011) ........................................................................ 13

*Mendiondo v. Centinela Hosp. Med. Ctr.,*
521 F.3d 1097 (9th Cir. 2008) .............................................................. 7

*Moreno v. Sayre,*
162 Cal. App. 3d 116 (1984) ............................................................... 15

*Shulman v. Group W Productions, Inc.,*
18 Cal. 4th 200 (1998) ................................................................... 10, 11

*Solano v. Playgirl, Inc.,*
292 F.3d 1078 (9th Cir. 2002) ............................................................. 11

*Sollberger v. Wachovia Secs, LLC,*
    No. SACV 09-0766 AG (ANx), 2010 U.S. Dist. LEXIS 66233 (C.D. Cal.
    June 30, 2010)................................................................................................. 6, 8

*Sprewell v. Golden State Warriors,*
    266 F.3d 979 (9th Cir. 2001) ............................................................................ 7

*Starr v. Baca,*
    No. 09-55233, 2011 U.S. App. LEXIS 15283 (9th Cir. July 25, 2011)........... 7, 8

STATUTES & OTHER AUTHORITIES

Cal. Bus. & Prof. Code
    § 17200 ............................................................................................................ 13

Cal. Civ. Code
    §§ 44-46 ........................................................................................................... 12

Fed. R. Civ. P.
    Rule 8....................................................................................................*passim*
    Rule 9(b) ........................................................................................................... 13
    Rule 12(b)(6) ......................................................................................... 2, 4, 6, 8, 9
    Rule 41(b) ........................................................................................................... 2

1  **MEMORANDUM OF POINTS AND AUTHORITIES**

2  **INTRODUCTION**

3      This case concerns and continues a venomous spat among members of a

4  venomous political clique.  Over the last two years since May 2009, plaintiffs and

5  certain of the defendants have squandered the time and patience of three different

6  United States District Courts.  The bloated and rambling first amended complaint

7  ("Complaint" or "FAC") now further multiplies the proceedings, naming new

8  defendants with at best highly attenuated connections to the main event.  This

9  motion is brought by certain of those newly added defendants, described in the

10  FAC as the "Reed Defendants."  Those defendants, and their correct names (to the

11  extent the entities even exist), are set out in the margin.[1]

12      Neither the Court nor the peripheral defendants should have to endure this.

13  A plaintiff may not command the attention of a United States District Court, or of a

14  party defendant, without first having made a "short, plain statement" of her

15  entitlement to relief.  The plaintiffs have not done so.  A 172-page, 423-paragraph

16  pleading, with a ten-page prayer seeking 53 species of relief fails *per se* to meet the

17  requirements of Rule 8 of the Federal Rules of Civil Procedure, and hence fails to

---

18      [1] The Complaint names as the "Reed Defendants" the following seven

19  entities:  (i) Reed Elsevier Inc.; (ii) LexisNexis Group, Inc., a division of Reed
    Elsevier, Inc.; (iii) LexisNexis, Inc. a division of Reed Elsevier, Inc.;

20  (iv) LexisNexis Risk and Information Analytics Group, Inc.; (v) LexisNexis
    Seisint, Inc. d/b/a Accurint, a division of Reed Elsevier, Inc.; (vi) LexisNexis

21  ChoicePoint, Inc, a division of Red Elsevier, Inc.; and (vii) LexisNexis Risk
    Solutions, Inc., a division of Reed Elsevier, Inc.  Of the seven "Reed Defendants,"

22  two corporations are named using actual corporate names:  Reed Elsevier Inc. and
    LexisNexis Risk Solutions Inc. (although the latter is a stand-alone corporation, not

23  a division of Reed).  There is no corporation known as "LexisNexis Group, Inc."
    Nor is there a corporation known as "LexisNexis, Inc."  "LexisNexis Seisint, Inc."

24  presumably refers to Seisint, Inc., a corporation now known as LexisNexis Risk
    Data Management Inc.  "LexisNexis ChoicePoint, Inc." presumably refers to

25  ChoicePoint, Inc., a corporation now known as LexisNexis Risk Assets Inc.
    "LexisNexis Risk and Information Analytics Group, Inc." is a corporation now

26  known as  LexisNexis Risk Solutions FL Inc.  Plaintiffs' counsel was advised
    during the required meet-and-confer discussions that rudimentary pre-filing

27  research would have revealed the actual names of the corporations alleged to have
    taken any of the actions referred to in the Complaint.

28

state a claim. Neither the Court nor the parties should be required to wade through a welter of evidentiary allegations, legal conclusions and bare recitation of claim elements to determine whether each of the five plaintiffs has stated any claim against any of the 19 named or 186 doe defendants, and if so, against which one or ones. The Court may, in the exercise of its discretion, dismiss the Complaint without prejudice. Should plaintiffs refile and again fail to meet the requirements of Rule 8, the Court may then dismiss any amended pleading with prejudice under Rule 41(b).

If the Court is inclined instead to evaluate the Complaint on file, various of the claims against the Reed Defendants should be dismissed with prejudice under Rule 12(b)(6) as to all plaintiffs, since the claims are either non-existent or are unavailable to plaintiffs, given their judicial admissions. In addition, certain plaintiffs' claims against the Reed Defendants should be dismissed under Rule 12(b)(6) for failure to allege any activity by any Reed Defendant with respect to those plaintiffs.

## ALLEGATIONS OF THE COMPLAINT

The factual allegations in the FAC pertaining to the Reed Defendants are vague and conclusory, at best, and contradictory, at worse.[2] Nonetheless, plaintiffs' underlying theory regarding the Reed Defendants appears to be that: (1) the seven Reed Defendants are related through common ownership (FAC ¶¶ 67-68); (2) the Sankey Defendants obtained information relating to one or more of the plaintiffs

---

[2] Plaintiffs allege, for example, that defendant "[Orly] Taitz hired Neil Sankey, The Sankey Firm, Todd Sankey and Sankey Investigations, Inc. to conduct the illegal searches of Plaintiffs Liberi and Ostella's private data." (FAC ¶ 135.) In the same breath, plaintiffs allege that the "[t]he Reed and Intelius Defendants released . . . information [about plaintiffs] to Orly Taitz, Yosef Taitz, Daylight CIS, Oracle, Neil Sankey, Sankey Investigations, Inc., The Sankey Firm, Inc.; Todd Sankey; and other private investigative entities and individuals in order for Orly Taitz to carry out her threats to harm and destroy the Plaintiffs, which she did." (FAC ¶ 156). Throughout the FAC, plaintiffs play fast and loose with the alleged "facts" in an attempt to fabricate a direct link between the Reed Defendants and defendant Orly Taitz that simply does not exist.

1  from some unspecified Reed entity and defendant Intelius (FAC ¶¶ 31, 67); (3) the

2  Sankey Defendants provided information about plaintiffs (not all of it obtained

3  from a Reed source) to defendant Orly Taitz (FAC ¶¶ 68-69, 99, 137);

4  (4) defendant Orly Taitz widely published information about plaintiffs over the

5  internet as a means of threatening and harassing plaintiffs (FAC ¶¶ 71, 80, 84-85,

6  87-89, 90-91); and (5) at some point, defendant Orly Taitz indicated that some of

7  the information she publicized had been derived from unspecified "LexisNexis" or

8  "ChoicePoint" databases (FAC ¶¶ 89-90).[3]  On the basis of this sketchy, attenuated

9  relationship between some Reed entity and defendant Orly Taitz's conduct,

10  plaintiffs seek to hold a host of Reed entities (some that do not even exist) liable for

11  damages allegedly flowing from defendant Orly Taitz's conduct.

12      The allegations of the Complaint fail to state a claim against any Reed

13  Defendant, in that *all* of the allegations of the Complaint regarding "Reed

14  Defendants" are made as to *each and every* Reed Defendant.  Plaintiffs lump a large

15  number of distinct corporations together and treat them as one without alleging an

16  adequate factual predicate for doing so.  Despite this rather attenuated chain of

17  events linking the Reed Defendants to defendant Orly Taitz's actions, plaintiffs

18  seek to make the Reed Defendants responsible for plaintiffs' injuries.  Plaintiffs,

19  however, nowhere allege in the FAC that the Reed Defendants actively participated

20  in the dissemination of information about plaintiffs *to the public*.

---

[3] Plaintiffs also make the convoluted and utterly implausible contention that defendant Yosef Taitz caused a software company with which he is involved to build a secret "back door" into every Oracle database in the world, and that Yosef Taitz used this "back door" to gather from some Reed Defendant data about plaintiffs.  (FAC ¶¶ 70, 176-179, 303.)  If the Court does not dismiss any claim based on that contention on pleading grounds, which it should, the Reed Defendants will bring a partial summary judgment motion on it:  none of the Reed Defendants has used an Oracle database to store public record data of the type at issue here.

1

**ARGUMENT**

2

I.     **THE COMPLAINT SHOULD BE DISMISSED FOR**
3          **FAILURE TO COMPLY WITH RULES 8 and 12(B)(6) OF**
           **THE FEDERAL RULES OF CIVIL PROCEDURE.**

4          Plaintiffs' Complaint as to the Reed Defendants should be dismissed under

5     Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure.  *First*, plaintiffs'

6     claims are neither concise nor discernable.  *Second*, plaintiffs fail to plead factual

7     allegations that make plausible the Reed Defendants' liability for any of the 16

8     claims asserted against them, respectively.

9          A.     **The Complaint Is Not a Short, Plain Statement of**
                  **Plaintiffs' Claims, Nor Does It Contain Simple,**
10                 **Concise and Direct Averments of Fact.**

11         Rule 8 requires that a complaint include a "short and plain statement of the

12    claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Each

13    allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  A

14    complaint that is "so verbose, confused and redundant that its true substance, if any,

15    is well disguised" should be dismissed for failure to satisfy Rule 8.  *Hearns v. San*

16    *Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (internal citations

17    omitted).  As this Court has already noted, plaintiffs' FAC falls far short of meeting

18    these rudimentary pleading requirements.[4]

19         The FAC consists of 172 pages, 423 paragraphs, 20 separately-alleged causes

20    of action against 19 separately-named defendants.  Sixteen of the claims are alleged

21    against the seven Reed Defendants, either together with "all" the remaining

22    Defendants or with certain other peripheral defendants.  The FAC includes a ten-

23    page prayer seeking 53 species of relief.  There is simply nothing "short," "plain,"

24    "simple," "concise" or "direct" about plaintiffs' pleading.  Plaintiffs attribute a

25    _____

26         [4] Even when it granted plaintiffs leave to amend, the Court described the
      proposed FAC as "hundreds of pages long, and reflect[ing] a poor pleading style
27    that does not follow the charge to provide a 'short and plain statement.'"  (*See*
      Docket No. 227 at 7-8.)

28

mountain of alleged conduct against seven separately-named "Reed Defendants" as having been undertaken by each of them, "collectively." (*See*, *e.g.*, FAC ¶¶ 67, 89, 145-150, 152-156, 158-166, 168, 170-174, 179, 182, 198-199, 289-294, 303, 306, 309, 345, 343, 351, 354-357, 361-363, 366-372, 375-379, 391, 399, 407-408, 410, 418-419, 421-422.)  What each Reed Defendant is alleged to have done as to each plaintiff to give rise to a claim for relief is not only buried in the Complaint — such allegations simply do not exist.  That kind of pleading is improper.

But plaintiffs do not stop there.  The pleading defect is compounded in those regular instances where the Complaint conflates the alleged conduct of the seven "Reed Defendants" with the alleged conduct of a host of *other* defendants including, as plaintiffs apparently deem appropriate, "all Defendants" generally, defendant Intelius, as well as in an alleged "partnership" with defendant Oracle, defendant Daylight Chemical Information Systems, Inc., and defendant Yosef Taitz.  (*See*, *e.g.*, FAC ¶¶ 186, 188, 190, 197-198, 200, 203, 206, 208-210, 213, 216, 218-219, 221-222, 224-225, 235, 243, 245-246, 249, 251-252, 255-256, 258-263, 277-278, 286-287, 296, 299, 302, 310-311, 313, 316-317, 320, 322, 324, 327-328, 330-331, 333, 336, 342-343, 345-349, 382, 385-389, 393-394, 405-406, 409, 411-413, 415, 423.)  It is impossible for the Reed Defendants, nor is the Court required, to sift through the FAC to determine what specific conduct is alleged to have been performed by any of the Reed Defendants, let alone in unison with some other defendant or collection of defendants.

Complaints like plaintiffs' FAC simply come nowhere close to meeting Rule 8.  In *McHenry v. Renne*, for example, the Ninth Circuit affirmed the dismissal of a 53-page complaint (120 pages less than plaintiffs' FAC here) because the pleading was "not in . . . the traditional pleading style which prescribes a short and plain statement, and it [did] not provide defendants notice of what legal claims [were] asserted against which defendants."  84 F.3d 1172, 1176 (9th Cir. 1996) (internal citations omitted).  "Something labeled a complaint but written more as . . . prolix

1    in evidentiary detail, yet without simplicity, conciseness and clarity as to whom

2    plaintiffs are suing for what wrongs, fails to perform the essential functions of a

3    complaint" and "impose[s] unfair burdens on litigants and judges." *Id.* at 1179-80

4    (noting "[t]he rights of the defendants to be free from costly and harassing litigation

5    must be considered[,]" and that rambling and disorganized complaints require

6    judges and opposing counsel to "prepare outlines to determine who is being sued

7    for what."). This Court has applied such reasoning to reach a similar result. *See*

8    *Sollberger v. Wachovia Secs*, *LLC*,  No. SACV 09-0766 AG (ANx), 2010 U.S.

9    Dist. LEXIS 66233, at *9, 13 (C.D. Cal. June 30, 2010) (Guilford, J.) (dismissing

10   an amended complaint containing facts that "[did] not support [plaintiff's]

11   inferences," in which "many of [p]laintiff's allegations . . . exhibit[ed]

12   impermissible lumping of [d]efendants"). The Court's analysis in *Sollberger*

13   applies with equal force here.

14        That the FAC may contain a claim that is potentially meritorious has no

15   bearing on the Rule 8 analysis. "The propriety of dismissal for failure to comply

16   with Rule 8 does not depend on whether the complaint is wholly without merit."

17   *McHenry*, 84 F.3d at 1179 (noting that the Rule 8(d) requirement that "each

18   averment of a pleading be 'simple, concise, and direct,' applies to good claims as

19   well as bad, and is a basis for dismissal independent of Rule 12(b)(6)"). Indeed,

20   failure to comply with Rule 8 constitutes an independent basis for dismissal of a

21   complaint that applies even if the claims in a complaint are not found to be wholly

22   without merit." *See Chambers v. Los Angeles Co.*, No. CV 09-3919-VBF (PLA),

23   2010 U.S. Dist. LEXIS 34812, at *9 (C.D. Cal. Mar. 5, 2010). The FAC does not

24   meet Rule 8 and should be dismissed.

25        **B.    The Complaint Fails To State A Plausible Claim
                  Against Any Of The Reed Defendants.**

26

27        Dismissal under Rule 12(b)(6) for failure to state a claim upon which relief

28   can be granted is appropriate where a complaint "lacks a cognizable legal theory or

1   sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela*

2   *Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  Although Rule 8 does not

3   require "detailed factual allegations," the United States Supreme Court has now

4   made clear that a complaint must allege "sufficient factual matter, accepted as true,

5   to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct.

6   1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

7   "A claim has facial plausibility when the pleaded factual content allows the court to

8   draw the reasonable inference that the defendant is liable for the misconduct

9   alleged." *Iqbal*, 129 S. Ct at 1940 (citing *Twombly*, 550 U.S. at 556).  A court

10   should not accept "threadbare recitals of a cause of action's elements, supported by

11   mere conclusory statements."  *Id*.  Neither should a court accept "allegations that

12   are merely conclusory, unwarranted deductions of fact, or unreasonable

13   inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

14       The Ninth Circuit recently addressed post-*Twombly/Iqbal* pleading standards

15   in *Starr v. Baca*, No. 09-55233, 2011 U.S. App. LEXIS 15283, at *37 (9th Cir. July

16   25, 2011).  The *Starr* court held that "allegations in a complaint or counterclaim

17   may not simply recite the elements of a cause of action, but must contain sufficient

18   allegations of underlying facts to give fair notice and to enable the opposing party

19   to defend itself effectively . . . [and] plausibly suggest an entitlement to relief, such

20   that it is not unfair to require the opposing party to be subjected to the expense of

21   discovery and continued litigation."  *Id*.  As set forth below, the FAC does not meet

22   this standard.

23       All of plaintiffs' claims against the Reed Defendants should be dismissed for

24   failure to properly allege any wrongdoing by any Reed Defendant with respect to

25   plaintiffs.  Plaintiffs' claims involving the Reed Defendants fail under the first step

26   of the plausibility test because they primarily consist of conclusory statements in

27   which the elements for each cause of action have been attached to the term "Reed

28   Defendants."  (*See* FAC ¶¶ 366-370.)  With regard to the nine claims against the

1   Reed Defendants and certain other defendants, plaintiffs do not adequately

2   distinguish between any of the Reed Defendants, nor do plaintiffs properly

3   distinguish between the Reed Defendants and other defendants.  This deficiency is

4   exacerbated for the seven claims in which plaintiffs allege facts as to "all

5   Defendants" generally.

6          When stripped of its conflated allegations and unsupported legal conclusions,

7   the FAC is what it is — a "shotgun-style" pleading "with an unclear mass of

8   allegations, mak[ing] it difficult or impossible for [any Reed Defendant] to make an

9   informed response to plaintiffs' allegations.  *See Sollberger*, 2010 U.S. Dist. LEXIS

10  66233, at *11.  Such pleadings are clearly unacceptable and for good reason.  As

11  this Court has recognized, "allowing shotgun pleadings would lead to many

12  negative consequences."  *Id.* at *12 (citing *Mason v. County of Orange*, 251 F.R.D.

13  562, 563-64 (C.D. Cal. 2008) (quoting *Anderson v. Dist. Bd.  of Trustees*, 77 F.3d

14  364, 366-37 (11th Cir. 1997) ("Experience teaches that, unless cases are pled

15  clearly and precisely, issues are not joined, discovery is not controlled, the trial

16  court's docket becomes unmanageable, the litigants suffer, and society loses

17  confidence in the Court's ability to administer justice.")).

18         Because plaintiffs' pleading defects are compounded not only by plaintiffs'

19  allegations against seven separate Reed Defendants, but also with the other twelve

20  non-Reed Defendants, plaintiffs' claims against all seven Reed Defendants should

21  be dismissed.  The alternative is that "plaintiff[s] with 'largely groundless claim[s]'

22  [against the Reed Defendants will] be allowed to 'take up the time of a number of

23  other people, with the right to do so representing an in terrorem increment of the

24  settlement value [of this case]."  *Twombly*, 550 U.S. at 557-59 (observing that "the

25  threat of discovery expense will push cost-conscious defendants to settle even

26  anemic cases before reaching [summary judgment or trial]") (quoting *Dura*

27  *Pharms.*, *Inc. v. Broudo*, 544 U.S. 336 (2005)).  That alternative, however, is

28  unacceptable under the Federal Rules.  For the foregoing reasons, Rule 12(b)(6)

provides an independent basis dictating the dismissal of plaintiffs' claims against the Reed Defendants.

## II.   THE COMPLAINT PURPORTS TO STATE NONEXISTENT OR INAPPLICABLE CLAIMS.

The Court now has under submission defendant Oracle's motion to dismiss. That motion provides the elements of twelve claims (One, Two, Three, Five, Six, Eight, Nine, Fourteen, Seventeen, Eighteen, Nineteen and Twenty) purported to be alleged in the Complaint, and points out the legal and/or pleading deficiencies of those claims. (*See* Docket No. 338.)  Plaintiffs assert the same twelve claims, plus four additional claims (Twelve, Thirteen, Fifteen and Sixteen), against the Reed Defendants.  Rather than repeat the analysis and argument found in Oracle's motion to dismiss, the Reed Defendants join in and incorporate Oracle's motion to dismiss as to the claims referred to below.[5]

As an initial matter, many of plaintiffs' below-referenced claims against the Reed Defendants suffer from a basic fatal flaw:  none of the Reed Defendants disseminated any information about plaintiffs *to the public*.

### A.   The Complaint Fails To State Any Claim Under the Federal or California Constitutions.

As stated in Oracle's motion to dismiss, the FAC's first claim — for "Willful and Intentional Intrusion upon Liberi, Berg, and Ostella's Solitude, Seclusion and Private Affairs," including "Invasion of Privacy" violations under the First and

---

[5] For the reasons set forth herein, the FAC fails to state any claim against any Reed Defendant given its threshold pleading defects under Rule 8 and Rule 12(b)(6).  To the extent this motion also addresses the deficiencies of specific claims, the Reed Defendants do not at this time challenge Claims 12-16 (FAC ¶¶ 335-380).  Although deficient in their own right, refutation of those claims are most clearly made with reference to material extrinsic to the Complaint; hence, the Reed Defendants will bring a motion as to those claims separately (should the Court give plaintiffs leave to amend and should plaintiffs continue to pursue those baseless claims).

sf-3045405                                    9

1  Fourteenth Amendments to the U.S. Constitution and the California Constitution —

2  fails as a matter of law for a host of reasons.

3       *First*, the Reed Defendants, even as improperly or incorrectly named, are all

4  private entities.  Because plaintiffs cannot bring claims alleging violations of the

5  First and Fourteenth Amendment claims against private actors under the U.S.

6  Constitution, *see Howard v. America Online, Inc.*, 208 F.3d 741, 754 (9th Cir.

7  2000), plaintiffs' federal constitutional claims must be dismissed.

8       *Second*, plaintiffs do not meet the three-part test for establishing invasion of

9  privacy under the California Constitution because plaintiffs do not adequately plead

10  the third element of the test, which requires "conduct by [the] defendant

11  constituting a serious invasion of privacy."  *Hill v. Nat'l Collegiate Athletic Assn.*, 7

12  Cal. 4th 1, 39-40 (1994).  The FAC broadly asserts that all 19 named defendants

13  "intentionally [and] illegally access[ed], disclos[ed], and distribut[ed]" information

14  about plaintiffs.  (FAC ¶ 197.)  The allegation that the Reed Defendants' databases

15  were accessed by either of the individual Taitz Defendants and/or the Sankey

16  Defendants to obtain information about plaintiffs (*see*, *e.g.*, FAC ¶¶ 135, 156), is

17  not sufficient to charge the Reed Defendants with invasion of privacy under the

18  California Constitution.

19       Even if plaintiffs' invasion of privacy claim is evaluated under California

20  common law, it fails as a matter of law.  Plaintiffs do not, and cannot, allege that

21  the Reed Defendants intruded upon plaintiffs' privacy "in a manner highly

22  offensive to a reasonable person," which, as Oracle set forth in its motion to

23  dismiss, is the second prong of the test for common law invasion of privacy.  *See*

24  *Shulman v. Group W Productions, Inc.*, 18 Cal. 4th 200, 232 (1998).

25            **B.      Plaintiffs Fail to State an Invasion of Privacy Claim.**

26       Plaintiffs second claim against the Reed Defendants for "Public Disclosure of

27  Private Facts — Invasion of Privacy" should be dismissed because plaintiffs do not

28  and cannot allege the first element of the claim, which requires a plaintiff to show

that the defendant disclosed private information about the plaintiff *to the public*. *Id.*
at 214.  Nowhere in the FAC do plaintiffs allege that the Reed Defendants *publicly*
disseminated information about any of the plaintiffs that could be characterized as
*private*.  To the contrary, the FAC makes clear that defendant Orly Taitz, and
possibly other individual non-Reed Defendants, are alleged to have been
responsible for publishing and republishing information about plaintiffs Liberi and
Ostella.  (*See*, *e.g.*, FAC ¶¶ 31, 66-69, 80, 84.)

### C.    Plaintiffs Fail to State a "False Light" Privacy Claim.

The third claim against the Reed Defendants, alleging "False Light —
Invasion of Privacy," should be dismissed because plaintiffs do not alleged facts, let
alone facts that if proven would be "clear and convincing," that any Reed
Defendant "acted with constitutional malice" in disclosing any information about
plaintiffs to a third party.  *See Solano v. Playgirl, Inc.*, 292 F.3d 1078, 1082 (9th
Cir. 2002).  In short, the duplicative invasion of privacy claims against the Reed
Defendants should be dismissed with prejudice because none of the Reed
Defendants is alleged to have disclosed information about plaintiffs to the public at
large, and because plaintiffs cannot allege that any Reed Defendant provides public
records services with the "malice" required to make out this claim.

### D.    Plaintiffs' Fifth, Sixth, Eighth and Seventeenth Claims Fail Because the Complaint Does Not Allege that any of the Reed Defendants Published Any Information about Plaintiffs.

Plaintiffs' fifth, sixth and seventeenth claims are for violations of the
California Information Privacy Act ("IPA").  Specifically, plaintiffs allege that the
Reed Defendants and other defendants violated:  Section 1798.53 of the IPA (for
"intentionally disclos[ing] information, not otherwise public") (Claim Five);
Section 1798.85 (for "[p]ublicly post[ing] . . . an individual's social security
number") (Claim Six); and Section 1789, *et. seq.* (for violating several sections of
the IPA, including the provisions cited in Claims Five and Six) (Claim Seventeen).

For the same reasons plaintiffs fail to state a claim against Oracle under any section of the IPA, plaintiffs also fail to state a claim against the Reed Defendants. As Oracle made clear in its motion to dismiss, claims alleging violations of the IPA must be based on a defendant's intentional disclosure of information to the public. *See Jennifer M. v. Redwood Women's Health Center*, 88 Cal. App. 4th 81, 89 (2001) (stating that "[o]n it's the face, the [IPA] is aimed at barring or limiting the dissemination of confidential personal information"). All of plaintiffs' IPA claims against the Reed Defendants fail because plaintiffs admit that none of the Reed Defendants disclosed information about plaintiffs *to the public*. (*See* FAC ¶ 257.) Plaintiffs' allegation that "[t]he Reed and Intelius Defendants failed to establish reasonable security precautions . . . to preclude the selling, disclosing and/or distribution of Plaintiffs' . . . confidential information . . ." is not sufficient to establish that the Reed Defendants themselves publicly posted any information about any plaintiff.[6]

Similarly, plaintiffs' eighth claim against "all Defendants" for "Defamation, *Per Se*, Slander and Libel *Per Se*" under Sections 44-46 of the California Civil Code fails with respect to the Reed Defendants because, once again, plaintiffs do not and cannot allege that any of the Reed Defendants intentionally published a false statement of fact as required under those statutes. Allegations that both/either of the Taitz Defendants and/or other defendants used true information obtained from the Reed Defendants or defendant Intelius and combined it with inaccurate information or commentary to defame plaintiffs does not establish this claim against the Reed Defendants.

---

[6] Plaintiffs' attempt to state a claim under Section 1798.82 of the IPA fails outright because this provision (regarding security breaches of "computerized data that includes personal information") requires the claimant to be a California resident. Plaintiffs concede that they are not residents of California. (FAC ¶¶ 4, 8.) Plaintiffs' citation to Section 1798.83 of the IPA also does not apply to the Reed Defendants because none of them ever "established [a] business relationship" with any Reed Defendant.

1

2

**E.    The Complaint Fails To State A Claim Against Any Reed Defendant For Alleged Violations of the California Business and Professions Code**

3    Plaintiffs' vague and conclusory allegations are insufficient to state a claim

4 under Section 17200 of California's Business and Professions Code (the eighteenth

5 claim alleged in the Complaint).  *First*, the FAC does not allege what was

6 supposedly "fraudulent" about the Reed Defendants' conduct, nor does it do so

7 with the particularity required for claims based in fraud.  *See* Fed. R. Civ. P. 9(b)

8 (providing that "a party must state with particularity the circumstances constituting

9 fraud"); *see also Khoury v. Maly's*, 14 Cal. App. 4th 612, 619 (1993) (dismissing

10 Section 17200 claim where complaint identified "no particular section of the

11 statutory scheme that was violated and fail[ed] to describe with any reasonable

12 particularity the facts supporting the violation").

13    *Second*, the FAC fails to allege that any plaintiff suffered the kind of

14 economic injury required to recover on a Section 17200 claim due to any conduct

15 by any Reed entity, as opposed to the conduct by defendant Orly Taitz or some

16 other defendant.  *See Kwikset Corp. v. Super. Ct*., 51 Cal. 4th 310, 324-26 (2011)

17 (acknowledging that "the economic injury requirement [under Section 17200] is

18 qualitatively more restrictive than federal injury in fact" and stating that "a party

19 must [] (1) establish a loss or deprivation of money or property sufficient to qualify

20 as injury in fact, i.e., economic injury, and (2) show that that economic injury was

21 the result of, i.e., caused by, the unfair business practice or false advertising that is

22 the gravamen of the claim").

23    *Finally*, the relief that plaintiffs specifically seek here under Section 17200

24 — disgorgement for "unjust enrichment" and an award of damages (FAC ¶¶ 393-

25 394, 396-397) — is unrecoverable as a matter of law because a Section 17200

26 plaintiff cannot obtain non-restitutionary disgorgement or an award of damages.

27 *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1152 (2003).

28

1  For all these reasons, plaintiffs' eighteenth claim against the Reed Defendants

2  should be dismissed with prejudice.

3  **F.   The Complaint Fails To State A Claim Against Any Reed Defendant For Either Intentional or Negligent**

4  **Infliction of Emotional Distress.**

5  Plaintiffs' ninth claim against the Reed Defendants for "Intentional Infliction

6  of Emotional and Mental Distress" should be dismissed because plaintiffs cannot

7  establish the first and third elements to establish the claim — namely, that the Reed

8  Defendants intentionally engaged in "extreme and outrageous conduct" and that

9  "plaintiffs' injuries were actually and proximately caused" by such conduct,

10  respectively. *See Cochran v. Cochran*, 65 Cal. App. 4th 488, 494 (1998).  Plaintiffs

11  do their best to assert this claim against the Reed Defendants, Oracle and other

12  defendants by stating that "the distribution of Plaintiffs [sic] private data to third

13  parties . . . which . . . was published all over the Internet . . . caused Plaintiffs severe

14  emotional anguish and distress."  (FAC ¶ 309.)  The passive language in this

15  allegation confirms that none of the Reed Defendants directly or actually caused

16  plaintiffs' asserted injuries.

17  No conduct attributed to the Reed Defendants rises to the level of "extreme

18  and outrageous conduct" required to make out this claim.  Plaintiffs' conclusory

19  and inarticulate pleading in the FAC falls far short of alleging facts to substantiate

20  the plausibility of this claim.  Specifically, the facts to support this claim in the

21  FAC show that that the Reed Defendants' actions — providing information relating

22  to plaintiffs to private investigators who subscribed to public records services for

23  professional and legitimate purposes — are too attenuated from plaintiffs' alleged

24  injuries for the Reed Defendants to be held legally responsible for such injuries.

25  Thus, there is no proximate causation.

26  Because the FAC fails to allege any basis for a personal relationship with any

27  plaintiff — let alone facts supporting a conclusion that a Reed Defendant as

28  opposed to the Taitz or Sankey defendants, proximately caused alleged harm —

plaintiffs' fourteenth claim against the Reed Defendants for "negligent infliction of emotional distress" should also be dismissed.  *See Cabral v. Ralphs Grocery Co*., 51 Cal. 764, 779 (2011) (providing that injuries "connected only distantly and indirectly to the defendant's negligent act" are not foreseeable).

### G.   The Complaint Fails To State A Claim Against Any Reed Defendant For "Res Ipsa Loquitor [*Sic*] Negligence."

Plaintiffs' twentieth claim for "res ipsa loquitor [*sic*] negligence" fails with respect to the Reed Defendants because there are no facts in the FAC to suggest that plaintiffs' alleged injuries were caused by an agency or instrumentality within the exclusive control of any Reed Defendant.  That flaw is fatal.  *Moreno v. Sayre*, 162 Cal. App. 3d 116, 123-24 (1984) (providing that the doctrine of res ipsa loquitur "cannot be invoked to establish the conditions precedent to its invocation, to wit, the identity of the instrumentality and the defendant's control thereof").  From a legal and public policy perspective, the Reed Defendants simply cannot be held accountable for the actions of a subscriber who uses information obtained from a Reed entity with the purpose of breaking the law.  This claim must be dismissed with prejudice.

### III.   THE COMPLAINT FAILS TO ALLEGE ANY CONSEQUENCE TO PLAINTIFFS GO EXCEL GLOBAL, PHILIP J. BERG OR THE LAW OFFICES OF PHILIP J. BERG TRACEABLE TO ANY REED DEFENDANT.

The gravamen of the Complaint is that defendant Orly Taitz and various associates made disparaging public statements about plaintiffs Liberi, Ostella and Berg.  The Reed Defendants are dragged into this grudge match on the allegation that some of unspecified item or items of information *about Liberi or Ostella* that defendant Orly Taitz or her associates publicized was obtained in one way or

1  another from some unspecified Reed Defendant.[7] There is no allegation that any of
2  the information that defendant Orly Taitz or her associates allegedly published
3  about Go Excel Global, Berg or his Law Offices originated with any Reed
4  Defendant. Those three plaintiffs thus fail to state any claim against any Reed
5  Defendant.

6                                    **CONCLUSION**

7          For each of the reasons set forth above, and to secure the just, speedy and
8  inexpensive determination of this action, the Reed Defendants respectfully request
9  that the Court grant its motion to dismiss.

10 Dated: September 16, 2011              JAMES F. McCABE
                                          ADRIANO HRVATIN
11                                        MORRISON & FOERSTER LLP

12

13                                        By: /s James F. McCabe
14                                              James F. McCabe

15                                        Attorneys for Defendants
                                          Reed Elsevier, Inc., LexisNexis Risk
16                                        and Information Analytics Group, Inc.,
                                          LexisNexis, Inc., LexisNexis Risk
17                                        Solutions, Inc., LexisNexis ChoicePoint,
                                          Inc., LexisNexis Seisint, Inc., d/b/a
18                                        Accurint, and LexisNexis Group, Inc.

19

20

21

22

23  ────────────────────
24       [7] The Complaint variously alleges that some Reed Defendant sold one or
    more of the Sankey Defendants "credit reports" on Liberi and Ostella (*see*, *e.g.*,
25  FAC ¶ 155) or that defendant Yosef Taitz, through a corporation with which he
    works, developed a super-secret backdoor into all Oracle databases the world over,
26  and that he used that trapdoor to take information on Liberi and Ostella from some
    Reed Defendant database and passed it on to his wife so that she could broadcast it
27  over the internet (FAC ¶¶ 176-183). Neither allegation is true, but that is irrelevant
    on this particular motion.
28