Philip J. Berg, Esquire
Pennsylvania I.D. 9867
**LAW OFFICES OF PHILIP J. BERG**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Telephone:  (610) 825-3134
E-mail: philjberg@gmail.com                 *Attorney in pro se and for Plaintiffs*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA,
### SOUTHERN DIVISION

| | |
|---|---|
| LISA LIBERI, et al, | CIVIL ACTION NUMBER: |
| Plaintiffs, | **8:11-cv-00485-AG (AJW)** |
| vs. | |
| ORLY TAITZ, et al, | **PLAINTIFFS MEMORANDUM OF POINTS AND AUTHORITIES** |
| Defendants. | Date of Hearing:  October 17, 2011<br>Time of Hearing:  10:00 a.m.<br>Location:        Courtroom 10D |

## I.    <u>STANDARD OF REVIEW</u>:

1.    Dismissal under *Fed. R. Civ. P.* 12(b)(6) is appropriate only where the Complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." <u>*Mendiondo v. Centinela Hosp. Med. Ctr.*</u>, 521 F.3d 1097, 1104 (9th Cir. 2008). For purposes of a Motion to Dismiss ["MTD"], the Plaintiff's allegations are taken as true, and the Court must construe the Complaint in the light most favorable to the Plaintiffs. <u>*Jenkins v. McKeithen*</u>, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to

draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  Leave to Amend must be Granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corr.,* 66 F.3d 245, 248 (9th Cir.1995).

## II.    TAITZ and L.O.O.T are NOT IMMUNE by the COMMUNICATIONS DECENCY ACT, 47 U.S.C. 230:

2.    Plaintiffs incorporate by reference their FAC at pages 11-61, ¶¶ 30-143 and pgs 78-127, ¶¶ 187-334, as if fully set forth here at length.

3.    Taitz on behalf of L.O.O.T. claims that Plaintiffs Cause of Actions "1" through "9" arose out of their publication and republication of a report prepared by the Sankey Defendants for an Internet magazine, World Net Daily.  Taitz and L.O.O.T. claim as a result they are immune under the Communications Decency Act ["CDA"]. [L.O.O.T. MTD, pg 6 and Amended MTD, pg. 9].

4.    Taitz through L.O.O.T. created documents which they posted on their websites with Plaintiffs private data. *See* Dossier No. 6 appearing as DN's 1; 3; 4; 63; 83; 102; and 190, and Taitz's other publications she created and posted on her website and all over the Internet with Plaintiffs private data, false statements and false allegations about Plaintiffs filed by Plaintiffs as Exhibits "1" through "145" appearing as DN 190 through 190-27. *See* the Declarations of Lisa Liberi, Lisa Ostella and Shirley Waddell.

5.    Taitz through L.O.O.T. admitted to creating these documents and in fact makes a huge issue regarding her Dossier No. 6. *See* Taitz filing of July 11, 2011 appearing as DN 283, pages 15-17.

6.    Defendant Taitz and L.O.O.T. next claim they are an "interactive Computer User" and cannot be treated as the publisher or speaker of information they obtained directly from the Sankey Defendants, LexisNexis, ChoicePoint, Inc. and Intelius, Inc.  In support thereof, Taitz and L.O.O.T. cite <u>Barrett v. Rosenthal</u> (2006) 30 Cal. 4th 33, 51 Cal. Rptr.3d 55, which is inapposite and does **not** support their attempts.  The Rosenthal case had to do with Rosenthal republishing statements which were opinions versus fact, on her discussion groups, news groups over health issues which were of public importance.

7.    Taitz and L.O.O.T. created and published provable false statements and private facts about Plaintiffs on their own website/blog, which is **not** an "interactive computer services".  Taitz through L.O.O.T. did **not** only republish, they created THE postings which contained the false information, false accusations and private data of the Plaintiffs, including Plaintiff Liberi's pictures.

8.    Section 230(c)(1) refers directly to the "user of an interactive computer service." Section 230(f)(2) defines "interactive computer service" as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet...." <u>Carafano v. Metrosplash.Com. Inc.</u>, 339 F.3d 1119

(9th Cir. 2003). None of which apply to Taitz or L.O.O.T, _Reno v. American Civil Liberties Union_ (1997) 521 U.S. 844, 117 S.Ct. 2329, 138 L.Ed.2d 874.).

9.    The term "information content provider" for purposes of the Act, means any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service. 47 U.S.C.A. § 230(f)(3), _Fair Housing Council of San Fernando Valley v. Roommates, Com, LLC (Roommates),_ 521 F.3d 1157, 1167-68 (9th Cir.2008).

10.    Just like the case of _Carafano v. Metrosplash.Com. Inc_., 339 F.3d 1119 (9th Cir. 2003), Taitz through L.O.O.T. are "information content providers" responsible for the creation and/or development of the false statements, false allegations, innuendos and publication of Plaintiffs private data and are **not** immune. _See_ Exhibits "1" through 145 appearing as DN 190 through 190-27.  A website/blog owner/operator becomes liable as an "information content provider" when they contribute to its "alleged unlawfulness", _Roommates,_ 521 F.3d at 1167-68. _See_ also _Barnes v. Yahoo!, Inc.,_ 570 F.3d 1096, 1106 (9th Cir.2009); _Goddard v. Google,_ No. C 08-2738 JF (PVT), 2008 WL 5245490 (N.D. Cal. Dec. 17, 2008).   Taitz by and through L.O.O.T are responsible for putting information online and subject to liability, even if the information originated with a user. _See Batzel v. Smith,_ 333 F.3d 1018, 1033 (9th Cir.2003).

**III.    TAITZ   and   L.O.O.T.'S   CLAIMS   OF   IMMUNITY   and/or PROTECTION by _CAL. CIV. CODE_ §47 FAILS:**

11.    Taitz and L.O.O.T contend that Plaintiffs 1st through 11th cause of actions are barred as privileged publications as outlined in _Cal. Civ. Code_ Section 47 as they

---

were made in a judicial proceeding, in other official proceedings, and/or in the initiation or course of any other proceedings. [L.O.O.T. MTD and Amended MTD, pgs 10-11]. This unfortunately is **not** the case.

12.     Plaintiffs incorporate by reference their FAC at pgs 11-61, ¶¶ 30-143 and pgs 78-127, ¶¶ 187-334 as if fully set forth here at length.

13.     Plaintiffs have cited to Taitz by and through L.O.O.T.'s Court filings which have been published all over the Internet and provided to the media as true and accurate. Taitz by and through L.O.O.T. intended to further spread false allegations, false statements, slander, libel, defame, cyber-stalking and publish Plaintiffs private data. *See* Plaintiffs Exhibits "1" through "145" appearing as DN's 190 through 190-27.  These are **not** protected activities.

14.     Taitz by and through L.O.O.T. have misstated and mischaracterized Plaintiffs pleadings.  Taitz and L.O.O.T. claim the acts complained of in Plaintiffs FAC are privileged pursuant to *Cal. Civ. Code* §47.  Taitz and L.O.O.T.'s postings, filings and publications were done to harm the Plaintiffs, many were done prior to litigation being filed, and to further publish the defamatory, libel, and private data of the Plaintiffs and had absolutely nothing to do with any of our litigation. *Cal. Civ. Code* §47 does **not** apply. <u>Rothman v. Jackson</u>, (1996) 49 Cal. App 4th 1134 [57 Cal. Rptr.2d 284]; <u>*Bradley v. Hartford Accident & Indem. Co.*</u>, 30 Cal. App. 3d 818, 826 (Cal. Ct. App. 1973).

15.     The privilege protects only statements pertinent to or reasonably connected with the object of the judicial proceeding.  There must be some logical nexus with the proceeding.  The nature of the privilege is fairly consistent among state and federal

courts. Filing documents with the Courts, using the Court documents as Press Releases; using the Court's to file documents in order to publish them all over the Internet, as Taitz's by and through L.O.O.T. have continually done and still do, are **not** protected activity as none of the publications, interviews, mass email pertained to the litigation at hand or in furtherance of litigation. *See* *Rothman v. Jackson*, (1996) 49 Cal. App 4th 1134 [57 Cal. Rptr.2d 284] (in context of potential claim against entertainer Michael Jackson, statements during press conference were **not** in furtherance of the litigation or related defense and thus were **not** privileged under California law); *Bradley v. Hartford Accident & Indem. Co.*, 30 Cal. App. 3d 818, 826 (Cal. Ct. App. 1973) (holding California litigation privilege did **not** apply to statements to press and suggesting privilege did **not** apply to other documents which appeared filed with Court with "sole intent of having the defamatory statements republished in the media").

16. For the applicability of the Section 47 privileges, the communication (a) must have some connection or logical relation to the action, and (b) must be made to achieve the objects of that litigation, which do **not** apply to Defendants as their publications had absolutely nothing to do with the within litigation; did **not** have "logical relation or connection" to the within litigation and were **not** made to achieve the "objects of litigation". *Bradley v. Hartford Acc. & Indem. Co.*, 30 Cal. App.3d 818, 825, 106 Cal. Rptr. 718. *See also* *Silberg v. Anderson*, (1990) 50 Cal.3d 205 at 212, 266 Cal. Rptr. 638, 786 P.2d 365; *Edwards v. Centex Real Estate Corp.*, (1997) 53 Cal. App.4th 15, 36, 61 Cal. Rptr.2d 518; *Younger v. Solomon*, (1974) 38 Cal. App.3d 289, 113 Cal. Rptr. 113; *Pettitt v. Levy*, (1972) 28 Cal. App.3d 484, 489, 104 Cal. Rptr. 650; *Cayley v. Nunn*,

(1987) 190 Cal. App.3d 300, 235 Cal. Rptr. 385; *Lerette v. Dean Witter Organization, Inc.,* (1976) 60 Cal. App.3d 573, 131 Cal. Rptr. 592; *Fuhrman v. California Satellite Systems,* (1986) 179 Cal. App.3d 408, 420–421, 231 Cal. Rptr.113; *Kinnamon v. Staitman & Snyder,* (1977) 66 Cal. App.3d 893, 136 Cal. Rptr. 321; and *Carney v. Rotkin, Schmerin & McIntyre,* (1988) 206 Cal. App.3d 1513, 254 Cal. Rptr. 478.

17. Taitz's as an Attorney by and through L.O.O.T.'s extrajudicial statements and publications which gave rise to the within suit, also violated *California State Bar Rule* 5-120. Whether the extrajudicial statement violates Rule 5-120 depends on many factors, including: (1) whether the extrajudicial statement presents information clearly inadmissible as evidence in the matter for the purpose of proving or disproving a material fact in issue; (2) whether the extrajudicial statement presents information the member knows is false, deceptive, or the use of which would violate *Business and Professions Code* Section 6068(d); Taitz's statements provided nothing but inadmissible statements and documents; and Taitz was well aware her statements were false, she repeatedly published the false statements even after being put on notice of their falsity numerous times by the Plaintiffs, and clearly violated *Bus. and Prof. Code* Section 6068(d).

18. For these reasons, Taitz and L.O.O.T.'s statements and publications are **not** protected and their MTD and Amended MTD must be Denied.

### IV. PLAINTIFFS WILL PREVAIL on their 6th CAUSE OF ACTION, *CAL. CIV. CODE* §1798.85:

19. Taitz and L.O.O.T. claim they are **not** liable for damages to the Plaintiffs as a result of their publication of Plaintiffs private data. Taitz by and through L.O.O.T.

---

also misstate what is plead in Plaintiffs FAC and the statutes utilized by the Plaintiffs. *See* L.O.O.T.'s MTD and Amended MTD at pgs. 11-14]

20.     Plaintiffs incorporate by reference their FAC at pgs 11-61, ¶¶ 30-143, pgs 78-94, ¶¶ 187-238 and pgs 94-102, ¶¶ 239-264 as if fully set forth here at length.

21.     Taitz by and through L.O.O.T. admit to obtaining, publishing and republishing Plaintiffs private data, including full Social Security numbers, dates of birth, place of birth, mother's maiden names, maiden names, spouses names, Socials and Dates of Birth, addresses, financial data, credit data and other private data.

22.     *Cal. Civ. Code* §1798.85 precludes any person or entity from publicly posting or publicly displaying in any manner an individual's Social Security number. Publicly post or publically display means to intentionally communicate or otherwise make available to the general public. *See* Cal. *Civ. Code* 1798.85.

23.     Plaintiffs have **never** cited to *Cal. Civ. Code* 1798.81 as falsely claimed by Taitz.  Taitz has made these false assertions numerous times with the Court and should be sanctioned.  As clearly evident in Plaintiffs original Complaint, the statute Plaintiffs cited to was *Cal. Civ. Code* 1798.81.5 "Security procedures and practices with respect to personal information…"

24.     For the reasons stated herein, L.O.O.T.'s MTD and Amended MTD must be Denied.

## V.     PLAINTIFFS 1st through 4th Causes of Action – (Invasion of Privacy):

25.      The privacy tort encompasses four (4) distinct types of invasion of privacy.  These torts are: (a) intrusion upon the Plaintiffs seclusion or solitude or into

---

their private affairs; (b) public disclosure of embarrassing private facts about the
Plaintiffs; (c) publicity which places the Plaintiffs in a false light in the public's eyes; and
(d) appropriation of the Plaintiffs name and likeness. *See Forsher v. Bugliosi*, (1980) 26
Cal. 3d 792 [163 Cal. Rptr. 628]; *Hill v. National Collegiate Athletic Assn.*, (1994) 7 Cal.
4th 1, [26 Cal. Rptr. 2d 834].

26.    Legally recognized privacy interests are generally of two [2] classes.  The
first is the interest in precluding the dissemination or misuse of sensitive and confidential
information otherwise known as informational privacy. *Hill v. National Collegiate
Athletic Assn.*, (1994) 7 Cal. 4th 1, [26 Cal. Rptr. 2d 834]; *Leibert v. Transworld Systems,
Inc.*, 32 Cal. App. 4th 1693 [39 Cal. Rptr. 2d 65] (1st Dist. 1995).  Informational privacy
encompasses the right to be free from the wrongful publicizing of Plaintiffs private
affairs and activities, which are outside of legitimate public concern. *Smith v. National
Broadcasting Co.*, 138 Cal. App. 2d 807807 (2nd Dist. 1956).  It is the right for Plaintiffs
to live their lives in seclusion, *Schwartz v. Thiele*, 242 Cal. App. 2d 799 [51 Cal. Rptr.
767] (2d Dist. 1966), without being subjected to unwarranted and undesired publicity.
*Smith v. National Broadcasting Co.*, 138 Cal. App. 2d 807807 (2nd Dist. 1956); *Schwartz
v. Thiele*, 242 Cal. App. 2d 799 [51 Cal. Rptr. 767] (2d Dist. 1966).

27.    Plaintiffs have sufficiently plead that the private data of Plaintiffs that was
published and disseminated by Defendants by and through L.O.O.T. was Plaintiffs Social
Security numbers, dates of birth, place of birth, maiden names, mother's maiden names,
credit details, financial data, medical data, family members, associates, business entities
["private data"] and other private data of Plaintiffs.

**A.** **Plaintiffs 1st Cause of Action –Willful and Intentional Intrusion upon Plaintiffs Solitude, Seclusion and Private Affairs - Invasion of Privacy…:**

28.     Taitz by and through L.O.O.T. claims Plaintiffs failed to address any private information published by them. [L.O.O.T. MTD and Amended MTD pages 14-16.

29.     Plaintiffs incorporate by reference their FAC at pgs 11-61, ¶¶ 30-143 and pgs 78-83, ¶¶ 187-204 as if fully set forth here at length.

30.     All through their FAC, Plaintiffs state in particular the private data and information published by Defendants.  Plaintiffs stated their Social Security numbers, dates of birth, places of birth, mother's maiden names, maiden names, spouses names, Socials, dates of birth, addresses, associates, financial data, credit details, children's information, just to name a few.

31.     Plaintiffs stated they had an expectation of privacy into their private affair and private data outlined in their FAC, which were intruded on by Taitz by and through L.O.O.T.; the intrusion of Plaintiffs private affairs was intentional and without any knowledge or permission of the Plaintiffs; the intrusion was highly offensive to a reasonable person, as it included among other things, the illegal obtaining of, disclosure and dissemination of Plaintiffs Social Security numbers, dates of birth, places of birth, maiden names, mother's maiden names, financial data, credit data, all information the general person deems confidential and private; Plaintiffs asserted how they were harmed, identity theft, hospitalizations, medical bills, harassment, etc.; and that the intrusion

caused the damages. *See* Plaintiffs FAC, pages 11-61, ¶¶ 30-143; pages 74-78, ¶¶ 175-186 and pages 78-83, ¶¶ 186-204. Plaintiffs have met their burden.

**B.    Plaintiffs Second Cause of Action, Public Disclosure of Private Facts is Properly Pled against Taitz by and through L.O.O.T:**

32.    Taitz and L.O.O.T. claim Plaintiffs failed to list one private fact published and that the publication was offensive and objectionable to a reasonable person. [L.O.O.T.'s MTD and Amended MTD, pages 16-17]

33.    Plaintiffs incorporate by reference their FAC at pgs 11-61, ¶¶ 30-143, pgs 78-83, ¶¶ 187-204 and pgs 83-85, ¶¶ 205-214 as if fully set forth here at length.

34.    The elements of the tort of public disclosure of private facts are: (1) public disclosure, (2) of a private fact, (3) which would be offensive and objectionable to the reasonable person, and (4) which is **not** of legitimate concern. *Taus v. Loftus*, (2007) 40 Cal. 4th 683 [54 Cal. Rptr. 3d 775].

35.    Taitz by and through L.O.O.T. published and republished Plaintiffs private data on numerous areas of their website located at http://www.orlytaitzesq.com; on their Facebook pages, through mass emailing, including internationally, mailing, etc. *See* Plaintiffs Exhibits "1" through "145" appearing as DN 190 through 190-27. Plaintiffs Social Security numbers, dates of birth, mother's maiden names, places of birth, financial data, credit data, etc. are clearly private facts. It is offensive to any reasonable person to learn that a party illegally obtained and disseminated their private data all over the World Wide Web, by mass emailing, repeated publication, including international. And, there was absolutely **no** legitimate concern into Plaintiffs private data.

36.     Plaintiffs have met the elements required. *Schwartz v. Thiele*, 242 Cal. App. 2d 799 [51 Cal. Rptr. 767] (2d Dist. 1966); *Timperley v. Chase Collection*, Service, 272 Cal. App. 2d 697 [77 Cal. Rptr. 782] (2d Dist. 1969); *Kinsey v. Macur*, (1980) 107 Cal. App. 3d 264 [165 Cal. Rptr. 608].

37.     Plaintiffs have met their burden.   L.O.O.T.'s MTD and Amended MTD must be Denied.

## C.   Plaintiffs 3rd Cause of Action – False Light Invasion of Privacy:

38.     Taitz claims in L.O.O.T.'s MTD and Amended MTD at pages 17-18 that Plaintiffs failed to plead facts substantiating their third cause of action for False Light invasion of privacy and failed to prove malice.

39.     Taitz by and through L.O.O.T.'s continued and repeated publication, and publication of Taitz false statements, and information pertaining to Liberi, Ostella and Berg evidences malice. *See Fisher v. Larsen*, (1982) 138 Cal. App. 3d 627, 640 [188 Cal. Rptr. 216]; *Rancho La Costa, Inc. v. Superior Court*, (1980) 106 Cal. App. 3d 646, 667 [165 Cal. Rptr. 347], *Evans v. Unkow*, (1995) 38 Cal. App. 4th 1490 [45 Cal.Rptr.2d 624] quoting *Fisher v. Larsen*, (1982) 138 Cal.App.3d 627, 640, [188 Cal. Rptr. 216]; and *Reader's Digest Assn. v. Superior Court*, (1984) 37 Cal.3d 244, 258, [208 Cal. Rptr. 137, 690 P.2d 610].

40.     Plaintiffs incorporate by reference their FAC at pgs 11-61, ¶¶ 30-143, pgs 78-85, ¶¶ 187-214 and pgs 85-90, ¶¶215-225 as if fully set forth here at length.

41.     False Light – Invasion of Privacy, concerns one's piece of mind. *Operating Engineers Local 3 v. Johnson*, 110 Cal. App. 4th 180 [1 Ca. Rptr. 3d 552] (1st Dist. 2003).

42.     Plaintiffs pled that Taitz by and through L.O.O.T. published that Liberi had a criminal record going back to 1990; that Ostella had a criminal record; that Liberi had been convicted of forging documents; that Liberi and Ostella were stealing from her; that Liberi and Ostella committed Trademark infringement by using her company name, DOFF, and many other false statements.

43.     Plaintiffs suffered damages, as plead in their Complaint, including but **not** limited to harassment, hospitalizations, damage to their reputation, loss of business, etc. and were exposed to hatred, contempt, ridicule, embarrassment, humiliation, and obloquy.

**D.     Plaintiffs 4th Cause of Action Misappropriation of Name and Like:**

44.     Taitz and L.O.O.T. falsely claim that Plaintiffs pled Defendants publicized news-worthy information about Plaintiffs and that is what Plaintiffs claim as a misappropriation of their names and like. [L.O.O.T. MTD and Amended MTD pgs 18-19].

45.     Contrary to Taitz and L.O.O.T.'s false statements, Plaintiffs never pled the publications by Taitz, L.O.O.T. or any of the other Defendants were news-worthy, as they were **not**.

46.     Plaintiffs incorporate by reference their FAC at pgs 11-61, ¶¶ 30-143, pgs 78-90, ¶¶ 187-225 and pgs 90-94, ¶¶226-238 as if fully set forth here at length.

47.     Plaintiffs pled that L.O.O.T. and Taitz published Liberi and Ostella's names, pictures and likeness to promote Taitz and L.O.O.T. as a Constitutional and Civil Rights Attorney being victimized by Plaintiffs as a result of Taitz by and through

L.O.O.T. being a whistleblower. Plaintiffs pled as a result of the false statements, Taitz by and through L.O.O.T. and Taitz's other entities listed as Defendants were receiving large amounts of money by way of Donations. Plaintiffs pled these actions of the Defendants also violated *Cal. Civ. Code* §3344. Plaintiffs pled that their names and likeness were diminished by the publication and republication of their names, pictures and false allegations and statements.

48. The right of publicity is a form of intellectual property that society deems to have social utility and represents the inherent right of every individual to control the commercial use of their identity. *Comedy III Productions, Inc. v. Gary Saderup*, Inc. 25 Cal 4th 387 (2001). Although derived originally from laws protecting one's privacy, the right of publicity has evolved into a form of intellectual property. *See Comedy III*, 25 Cal. 4th 387; *KNB Enters v. Matthews*, 78 Cal. App. 4th 362 (2000). See also *Hilton v. Hallmark Cards*, 580 F.4d 874, 889 fn. 12, (9th Cir. 2009), amended, 599 F.3d 894 (9th Cir. 2010); *Waits v. Frito-Lay, Inc.*, 978 F.2d 1093, 1100 (9th Cir. 1992). Plaintiffs have every right to control the use of their identity, names, pictures, etc. Our Federal and State Courts in California made clear the right of publicity is a property right. *See Michaels v. Internet Entertainment Group*, 5 F.Supp.2d 823, 838 (C.D. Cal. 1998); *American Economy Insurance Co. v. Reboans, Inc.*, 852F. Supp. 875, 879-880 (N.D. Cal. 1994).

49. All of the elements to Plaintiffs First, Second, Third and Fourth Causes of Action in their FAC have been met and they have clearly stated a claim which relief can be granted. For this reason, Taitz and L.O.O.T.'s MTD and Amended MTD must be Denied.

---

## VI.  PLAINTIFFS WILL PREVIAL UNDER THE PRIVACY ACT, *CAL. CIVIL CODE* SECTION 1798.53:

50.    Plaintiffs incorporate by reference their FAC at pgs 11-61, ¶¶ 30-143, pgs 78-94, ¶¶ 187-238 and pgs 94-102, ¶¶ 239-264 as if fully set forth here at length.

51.    Taitz and L.O.O.T. in their MTD and Amended MTD, pages 19-20 claim Plaintiffs failed to plead and satisfy any of the prongs required in *Cal. Civ. Code* 1798.53.

52.    Plaintiffs pled in their FAC and clarify their private financial data; their Social Security numbers; their dates of births'; addresses; phone numbers; mother's maiden names; father's names; place of birth; their credit data, that Taitz published it on her website/blog continuously, sent it through mass emailing; and mass mailing. *See* Plaintiffs First Amended Complaint at pages 66-87, paragraphs 23 through 87; pages 94-102, and paragraphs 239 through 264.   And, Taitz even published FBI testimony regarding Social Security numbers and their confidentiality. *See* Dkt No. 190.

53.    As stated in the unreported case, *Witriol v. LexisNexis Group*, 2006 WL 1128036 (N.D.Cal.,Apr 27, 2006) the Court found:

"As Defendants acknowledge, Plaintiff has pled that Defendants impermissibly disclosed *"privileged* financial, credit and other *confidential* information." While Defendants argue that Plaintiff did not expressly allege that such information was not otherwise publicly available, construing these allegations in Plaintiff's favor, the Court finds Plaintiff's allegations that the information was both confidential and privileged are sufficient to meet this element of his § 1798.53 claim. *See Jennifer M. v. Redwood Women's Health Ctr.,* 88 Cal.App. 4th 81, 89 (Cal.Ct.App.2001) ("Section 1798.53 sets out a civil action for damages for the

---

intentional disclosure of *confidential* personal information [.]") (emphasis added)."

54. The *Witriol* case is right on point with Plaintiffs case herein. And, shows that Plaintiffs have pled sufficient facts to sustain their cause of Actions under the Information Privacy Act, *Cal. Civ. Code* 1798.53. Taitz and L.O.O.T. admit to the publication and republication of Plaintiffs private data and attempt to claim they are immune from suit and damages, which is **not** the case.

55. For the reasons stated herein, Defendants MTD and Amended MTD must be Denied.

## VII.  PLAINTIFFS LIBERI and OSTELLA HAVE PLED SUFFICIENT FACTS TO SUPPORT THEIR CYBER-STALKING CLAIMS:

56. Taitz by and through L.O.O.T. claim Plaintiffs Liberi and Ostella have **not** met their burden regarding the cause of action for Cyber-Stalking and have failed to cite to a credible threat. [L.O.O.T. MTD and Amended MTD, pgs 20-22].

57. Plaintiffs incorporate by reference their FAC at pgs 11-61, ¶¶ 30-143, pgs 78-102, ¶¶ 187-264 and pgs 102-111, ¶¶ 265-280 as if fully set forth here at length.

58. A person is liable for the tort of Stalking/Cyber-Stalking when the Plaintiffs prove each element of the tort, Civil Code §1708.7(a). The first element Plaintiffs must prove is the Defendant engaged in a pattern of conduct, the intent of which was to alarm and harass the Plaintiffs.

59. Taitz by and through L.O.O.T. met the burden of alarming and harassing the Plaintiffs by their continued publishing of false information, false accusations about the Plaintiffs, publication of Plaintiffs home addresses, telephone numbers, private

identifying information, and their continued call out for their supporters to help and

asking for supporters in the area of where the Plaintiffs reside and sending all of Plaintiffs

private data to white supremacy groups, hate groups, armed militia groups, and other

groups of people, including internationally.  Also, contacting the friends and relatives of

Plaintiffs making false statements about the Plaintiffs, filing false reports with law

enforcement and probation to ensure they appeared at Liberi's home, which they did, and

many other acts is alarming and harassing. *See* Plaintiffs Exhibits "1" through "145" filed

May 20, 2011, appearing as Docket No. 190 through 190-27.

60.     As a result of the above harassment which caused severe alarm to Plaintiffs,

Plaintiffs Ostella and Liberi lived in and continue living in constant fear for themselves

and family.

61.     Taitz by and through L.O.O.T. made credible threats to have Ostella's

children professional kidnapped; to destroy and get rid of Liberi; calling for Liberi and

Ostella to be politically perjured with President Obama; publically stating that Liberi and

Ostella "need to be gotten rid of"; and other threats.

62.     Taitz and L.O.O.T. admit that they were asked to cease and desist their

behaviors, and have continued their illegal, harassing and threatening behaviors as recent

as September 15, 2011.

63.     Harassment is defined as the "knowing and willful course of conduct direct

at the Plaintiffs which seriously alarmed, annoyed and harassed the Plaintiffs.  All the

postings and publications, which is still ongoing, by Orly Taitz served **no** legitimate

purpose, *Cal. Civ. Code* Section 1708.7.

64. Plaintiffs Ostella and Liberi have met their burden. L.O.O.T.'s MTD and Amended MTD must be Denied.

## VIII. PLAINTIFFS 8th CAUSE OF ACTION – DEFAMATION per se, SLANDER and LIBEL, per se:

65. Taitz and L.O.O.T. claim Plaintiffs failed to cite any false publications or statements by Defendants and failed to meet the prongs required for this pleading. [L.O.O.T. MTD and Amended MTD, pgs 22-23.

66. Plaintiffs incorporate by reference their FAC at pgs 11-61, ¶¶ 30-143, pgs 78-111, ¶¶ 187-280 and pgs 111-118, ¶¶ 281-300 as if fully set forth here at length.

67. Plaintiffs pled the false statements about Plaintiffs included but are **not** limited to Liberi has a criminal record going back to the 1990's; Ostella and Liberi were stealing, harassing, defaming, and victimizing Taitz, that Liberi had been convicted of forging documents; that Ostella had a criminal record; that Berg had been sanctioned numerous times, etc.

68. Taitz by and through L.O.O.T. knowing the information was false published and republished it from March 2009 to as recent as September 15, 2011 all over the Internet, through Facebook, tweeter, social networks, *Before it's News*, etc.

69. Publication of a false statement means communication to some third person who understood the defamatory meaning of the statement and its application to the person to whom reference was made. *Gertz v. Robert Welch, Inc*., 418 U.S. 323 (1974), *Smith v. Los Angeles Bookhinders Union No. 63*, 133 Cal. App. 2d 486 [286 P.2d 194] (2d Dist. 1955); *Neary v. Regents of University of California*, 185 Cal. App. 3d 1136 [230

Cal. Rptr. 281] (1st Distr. 1986); 6A Cal. Jur. 3d, Assaults and Other Willful Torts §153 (2003).

70.    Plaintiffs have met their burden, L.O.O.T.'s MTD and Amended MTD must be Denied.

## IX.    PLAINTIFFS WILL PREVAIL ON THEIR EMOTIONAL DISTRESS CLAIMS:

71.    Plaintiffs incorporate by reference their FAC at pgs 11-61, ¶¶ 30-143, pgs 78-118, ¶¶ 187-300 and pgs 118-122, ¶¶ 301-314 as if fully set forth here at length.

72.    Taitz by and through L.O.O.T intentionally inflicted mental and emotional suffering and distress upon Plaintiffs by repeatedly disclosing Plaintiffs private and privileged data, false allegations, false statements, false law enforcement reports, illegal background checks, and carrying out her threats and harms against the Plaintiffs, which is intentional and outrageous conduct. _Guillory v. Godfrey_, 134 Cal. App. 2d 628 [286 P.2d 414] (2d Dist. 1955); _Spackman v. Good_, (1966) 245 Cal. App. 2d 518 [54 Cal. Rptr. 78]. Ms. Taitz's actions were extreme and outrageous invasion of Plaintiffs mental and emotional tranquility and were beyond all bounds of decency. _State Rubbish Collectors Ass'n v. Siliznoff_, (1952) 38 Cal. 2d 330 [240 P. 2d 282], _Ochon v. Superior Court_, (1985) 39 Cal. 3d 159 [216 Cal. Rptr. 661].

## X.    PLAINTIFF LIBERI WILL PREVIAL ON HER MALICIOUS PROSECUTION and ABUSE OF PROCESS CAUSE OF ACTIONS:

73.    Taitz by and through L.O.O.T. claim Plaintiff Liberi's cause of action for Malicious Prosecution fails because the instituting of hearings to revoke ones probation is **not** a "full blown" action.  And, Taitz's filing had merit.

74.     Plaintiffs incorporate by reference their FAC at pgs 11-61, ¶¶ 30-143, pgs 78-122, ¶¶ 187-314 and pgs 122-127, ¶¶ 315-334 as if fully set forth here at length.

75.     The criminal case against Plaintiff Liberi had been closed for almost three [3] years.  Defendants attempted for over two [2] years to have Liberi falsely arrested based on Taitz through L.O.O.T.'s false allegations that Liberi was the same person as Ostella; that Liberi "hacked" Taitz and DOFF's website/blog and PayPal account and stolen monies. *See* the police report filed by Defendants against Plaintiff Liberi filed May 20, 2011, Docket No. 190, appearing as Exhibit "16" and Taitz's PayPal records showing the monies Taitz claimed to be stolen were in fact deposited into her PayPal accounts as Exhibits "22" and "23".  Defendants were aware their statements were falsified.  After this case was transferred to California, Taitz again did everything in her power to try and have Liberi arrested.  As a last resort, Taitz by and through L.O.O.T. filed a Motion in San Bernardino County Superior Court in attempts to have Liberi's probation revoked since the San Bernardino County District Attorney's office; San Bernardino County District Probation Department and the Santa Fe Probation Department, Santa Fe Police Department, FBI, Orange County; FBI, Los Angeles County, FBI, Santa Fe, NM, and other law enforcement agencies all ***refused*** to take action on Taitz false allegations. *See* Exhibit "145" appearing on the Docket as Docket No. 190-27.

A.     **Malicious Prosecution Claim:**

76.     Malicious prosecution is the institution and maintenance of judicial proceedings against another with malice and without probable cause. *See Vargas v. Giacosa*, 121 Cal. App. 2d 521, 263 P.2d 840 (1st Dist. 1953) (overruled on other grounds

by *Hardy v. Vial*, 48 Cal. 2d 577, 311 P.2d 494, 66 A.L.R. 2d 739 (1957); *Hardy v. Vial*,
48 Cal. 2d 577, 311 P.2d 494, 66 A.L.R. 2d 739 (1957); In the criminal context,
Malicious Prosecution is the prosecution of another under lawful process, such as
Revocation of Probation, stemming from malicious motives and without probable cause.
*Gogue v. MacDonald*, 35 Cal. 2d 482, 218 P. 2d542, 21 A.L.R. 2d 639 (1950); *Singleton
v. Perry*, 45 Cal. 2d 489, 289 P.2d 794 (1955); *Sullivan v. County of Los Angeles*, 12 Cal,
3d 710, 117 Cal. Rptr. 241, 527 P.2d 865 (1974); *Floro v. Lawton*, 187 Cal. App. 2d 657,
10 Cal. Rptr. 98 (2d Dist. 1960); *Gomez v. Garcia*, 112 Cal. App. 3d 392, 169 Cal. Rptr.
350 (2d Dis. 1980); *Zamos v. Stroud*, 32 Cal.4th 958, 12 Cal. Rptr. 3d 54, 87 P.3d 802
(2004).   In the Criminal setting, as Taitz's commencement of Probation Revocation
Hearings, the tortuous act is committed by the filing of a Criminal Complaint with Malice
and without Probable Cause as Taitz through L.O.O.T. did instituting Probation
Revocations Hearings against Plaintiff Liberi.   The essence of the tort is the wrongful
conduct in making the criminal charge. *Zurich Ins. Co. v. Peterson*, 188 Cal. App. 3d
438, 232 Cal. Rptr. 807 (3d Dist. 1986).

77.     The elements, and to prove and prevail on a claim of malicious prosecution,
Plaintiff must prove that the underlying prosecution: (1) was commenced by or at the
direction of the Defendant and was pursued to a legal termination in Plaintiffs favor; (2)
the action was brought without probable cause; and (3) was initiated with malice.
*Conrad v. U.S.*, 447 F.3d 760 (9th Cir. 2006); *Soukup v. Law Offices of Herbert Hafif*, 39
Cal. 4th 260, 48 Cal. Rptr. 3d 638, 139 P3d 30 (2006); *Contemporary Services Corp. v.
Staff Pro Inc.*, 61 Cal. Rptr. 3d 434, (Cal. App. 4th Dist. 2007).  Taitz admits to filing the

Motion to have Liberi's Probation Revoked; and the Judge found **no** merit to Taitz's false

allegations.   Regardless of the outcome, three Hearings were commenced, which were

being advertised all over Taitz through L.O.O.T.'s website, and Taitz was seeking her

supporters, followers and readers to attend the probation hearings. *See* Exhibits "91",

"92", "93", "125", and "126" filed May 20, 2011, and appear as Docket Entry No. 190

through 190-27.

78.     Taitz through L.O.O.T. was attempting to have Liberi arrested because

Liberi was suing her and to "get rid" of Liberi as she had threatened, it was malicious;

and Liberi was found **not** guilty and **not** in violation of her probation, thus it terminated

in Liberi's favor.   The case against Liberi in San Bernardino County Superior Court had

been closed.   Taitz through L.O.O.T.'s filing of their Petition for Emergency Revocation

of Liberi's Probation initiated a brand new action against Liberi.

### B.     <u>Abuse of Process Claim</u>:

79.     For purposes of the tort of abuse of process, the process that is abused must

be judicial process.   The essence of the tort lies in the misuse of the power of the Court.

It is an act done in the name of the Court and under its authority for the purpose

perpetrating an injustice. <u>*Stubbs v. Abercrombie*</u>, 42 Cal. App. 170, 183 P. 458 (2d Distr.

1919); <u>*Meadows v. Bakersfield S. & L. Assn*</u>. (1967) 250 Cal.App.2d 749, 753, 59

Cal.Rptr. 34.   To succeed in an action for abuse of process, a litigant must establish that

the defendant (1) contemplated an ulterior motive in using the process, and (2) committed

a willful act in the use of the process not proper in the regular conduct of the proceedings.

<u>*Oren Royal Oaks Venturev. Greenberg, Bernhard, Weiss & Karma, Inc.*</u> (1986), 42

Cal.3d 1157, 1168, 232 Cal. Rptr. 567, 728 P.2d 1202.  The improper purpose required to state a cause of action in abuse of process claims takes the form of coercion to obtain a collateral advent, **not** properly involved in the proceeding itself. _Spellens v. Spellens_, 49 Cal. 2d 210, 317 P.2d 613 (1957); _Templeton Feed and Grain v. Ralston Purina Co._, 69 Cal. 2d 461, 72 Cal. Rptr. 344, 446 P.2d 152 (1968); _Coleman v. Gulf Ins. Group_, 41 Cal. 3d 782, 226 Cal., Rptr. 90, 718 P.2d 77, 62 A.L.R. 4th 1083 (1986); _Oren Royal Oaks Venturev. Greenberg, Bernhard, Weiss & Karma, Inc.,_ (1986) 42 Cal.3d 1157, 1168, 232 Cal.Rptr. 567, 728 P.2d 1202;   In the case at hand, Taitz through L.O.O.T. were attempting to have Liberi arrested and incarcerated to make the current civil suit go away and to "get rid" of Liberi as threatened.  This is undoubtedly for an end **not** germane thereto and consists in achievement of a benefit totally extraneous to or a result not within its legitimate scope qualifies as an element of abuse of process. _Rusheen v. Cohen_, 39 Cal. Rptr. 3d 516, 128 P. 3d 713 (Cal. 2006).

80.    There are two [2] main elements for a cause of action for abuse of process: [1] an ulterior purpose; and [2] a willful act in the use of the process **not** proper in the regular conduct of the proceeding.  Just like in the case of _Siam v. Kizilbash_, 130 Cal. App. 4th 1563, 31 Cal. Rptr. 3d 368 (6th Dist. 2005), Taitz through L.O.O.T. used false allegations and filed the actual Petition in a Court of Law to have Hearings set to Revoke Liberi's Probation and used the Court to file the frivolous Petition to Revoke Liberi's' Probation.  When Taitz's Petition to have Liberi's Probation Revoked was Denied, Taitz began threatening the San Bernardino County District Attorney's Office and the San Bernardino County Adult Probation and personally attacking and seeking complaints

against the supervising Probation Officers who gave Liberi favorable reports.  When this failed, Taitz published all over the Internet and by mass emailing that Liberi had four [4] active felony charges pending against her and Taitz would let everyone know when a trial date was set. *See* Exhibits "127" and "128" filed May 20, 2011, Docket No. 190 through 190-27.

81.     California takes a broad view of "process" that may be actionable if used wrongly. " 'Process,' as used in the tort of 'abuse of process,' has never been limited to the strict sense of the term, but instead has been interpreted broadly to encompass the entire range of 'procedures' incident to litigation." *Barquis v. Merchants Collection Assn.* (1972) 7 Cal.3d 94, 104, fn. 4, 101 Cal.Rptr. 745, 496 P.2d 817.   A Petition for Revocation of Probation certainly applies.

## XI.     PLAINTIFFS BELIEVE L.O.O.T. is a LEGAL ENTITY:

82.     L.O.O.T. in its MTD and Amended MTD at pgs. 27-28 claim it is **not** a legal entity.

83.     Defendant Orly Taitz filed a MTD stating that L.O.O.T. was **not** an a/k/a, that it was a law firm.  See Taitz's filing of May 28, 2009, appearing as DN 35 at page 3, ¶7.

84.     L.O.O.T. was sued recently by Charles Edward Lincoln, III, U.S.D.C., Central District of California, Southern Division, Case No. 8:10-cv-01573-AG (PLAx). In this case, which was dismissed without prejudice by the Plaintiff in March 2011, the attorney's representing L.O.O.T. never claimed it was **not** a legal entity.  Instead, the Attorneys, who were hired by Zurich Insurance, L.O.O.T.'s Insurance Company, filed  a

Certification of Interested Parties naming the Law Offices of Orly Taitz and its Insurance

Company, Zurich Insurance. *See* DN 10 in Case No.  8:10-cv-01573-AG (PLAx) filed

December 15, 2010.

85.    Defendant Orly Taitz, Counsel who filed the MTD and Amended MTD on

behalf of L.O.O.T. did **not** support her Motions with any type of evidentiary support,

Affidavit, Declaration or any type of proof whatsoever which substantiates her assertion

that L.O.O.T. is **not** a legal entity.

**XII.        CONCLUSION:**

86.    For the reasons outlined herein, L.O.O.T.'s MTD and Amended MTD

must be Denied.  Plaintiffs also respectfully Request this Court to Grant them their

Attorney Fees in the amount of Five Thousand Dollars [$5,000.00] and Costs in the

amount of One Thousand Dollars [$1,000.00].  In the alternative, Plaintiffs respectfully

Request this Court to allow them to Amend their Complaint.

Respectfully submitted,

Dated:  September 21, 2011              /s/ Philip J. Berg
                                        _____
                                        Philip J. Berg, Esquire
                                        Pennsylvania I.D. 9867
                                        **LAW OFFICES OF PHILIP J. BERG**
                                        555 Andorra Glen Court, Suite 12
                                        Lafayette Hill, PA 19444-2531
                                        Telephone:  (610) 825-3134
                                        E-mail: philjberg@gmail.com

                                        *Attorney in Pro Se and Counsel for
                                        Plaintiffs*