1  Philip J. Berg, Esquire
2  Pennsylvania I.D. 9867
   **LAW OFFICES OF PHILIP J. BERG**
3  555 Andorra Glen Court, Suite 12
4  Lafayette Hill, PA 19444-2531
   Telephone:  (610) 825-3134
5  E-mail: philjberg@gmail.com            *Attorney in pro se and for Plaintiffs*
6
7                      **UNITED STATES DISTRICT COURT**
8                   **FOR THE CENTRAL DISTRICT OF CALIFORNIA,**
                                  **SOUTHERN DIVISION**
9

10
11  LISA LIBERI, et al,
                                           CIVIL ACTION NUMBER:
12                  Plaintiffs,
                                           **8:11-cv-00485-AG (AJW)**
13
14      vs.
                                           **PLAINTIFFS OPPOSITION AND**
15                                         **OBJECTIONS TO DEFENDANT**
    ORLY TAITZ, et al,                     **INTELIUS, INC. REQUEST FOR**
16                                         **JUDICIAL NOTICE**
17                  Defendants.
                                           Date of Hearing:  October 17, 2011
18                                         Time of Hearing:  10:00 a.m.
                                           Location:         Courtroom 10D
19
20
21       Plaintiffs, by and through their undersigned counsel, Philip J. Berg, Esquire
22  files the within Objections to Defendant Intelius, Inc.'s Request for Judicial Notice
23  as the Documents requested Judicial Notice of are **not** public record and are in full
24
25  dispute as they are **not** the documents portrayed by Defendant Intelius, Inc. and the
26  accuracy of the documents are under dispute as the documents Intelius, Inc. is
27
28

---

Liberi, et al, Plaintiffs Opposition and Objections to Defendant Intelius, Inc. Request for Judicial Notice        1

requesting Judicial Notice of are **not** the documents Plaintiffs received as claimed by Defendant Intelius.

1. It is heavily disputed that Intelius Exhibit "1" to the Declaration of Benjamin Nelson ["Nelson Decl"] is in fact the report that Orly Taitz obtained and received on April 12, 2009. Orly Taitz did **not** have an Intelius account or accounts with any of the Reed Defendants. *See* the Declaration of Charles Edward Lincoln, III filed July 25, 2011, Docket No. ["DN"] 313.

2. Exhibit "2" to Nelson's Decl is under dispute as it is **not** the report Plaintiff Lisa Liberi received on herself on April 10, 2010 through www.intelius.com. *See* the Declaration of Lisa Liberi with the report she obtained directly from Intelius, Inc. and the receipt for said report.

3. Plaintiffs have **not** incorporated into their Complaint Intelius, Inc.'s Terms of Service as falsely claimed by Intelius, Inc. *See* Intelius, Inc.'s Request for Judicial Notice, pg. 1, ¶4.

4. Nelson's Decl. Exhibit "6", Letter from Lisa Ostella, is asking for copies of all reports supplied to third parties on behalf of her and her spouse. *See* Nelson's Decl., Exhibit "6". Lisa Ostella's letter is **not** simply asking for who obtained her reports as stated by Benjamin Nelson on behalf of Intelius, Inc. and their attorney's. *See* Intelius, Inc.'s Request for Judicial Notice, pg. 2, ¶6. Moreover, Plaintiff Lisa Ostella sent her letter with information that Intelius, Inc.

demanded, which Mrs. Ostella believed would be kept in strict confidence. Therefore, Plaintiffs Object to Intelius, Inc.'s and their attorney's mischaracterization of Lisa Ostella's letter and the publication thereof.

    5.    Plaintiffs Object to Intelius, Inc.'s supposed response referred to in their Request for Judicial Notice on pg. 2, ¶7. Plaintiff Lisa Ostella never received said letter. *See* the Declaration of Lisa Ostella.

    6.    Intelius, Inc.'s "Frequently Asked Questions" are **not** incorporated into Plaintiffs FAC referred to in Intelius, Inc.'s Request for Judicial Notice on pg. 2, ¶8.

    7.    Plaintiffs Object to Intelius, Inc.'s statement to the Court on page 3, paragraph 2, "*These documents available from Intelius' website are the proper subject of judicial notice because they are incorporated into the First Amended Complaint...*" This is untrue and nowhere in Plaintiffs First Amended Complaint will any party find reference to Intelius, Inc. Terms of Service and/or Frequently Asked Questions.

    8.    Plaintiffs Object to Intelius, Inc.'s statement to the Court on page 3, paragraph 2, "*Accordingly, the Court is authorized to take judicial notice of pages made available to consumers performing searches through Intelius' website, including Intelius' "Terms and Conditions" and "Frequently Asked Questions"*". Defendant Intelius, Inc. is attempting to mislead this Court and confuse the issues.

The within litigation has nothing to do with Plaintiffs conducting searches or Plaintiffs specific accounts with Intelius, Inc. Other than the fact, Intelius, Inc. violated California's Information Practices, *Cal. Civ. Code* 1798, et seq. and therefore are liable for damages and statutory damages as Plaintiffs Lisa Liberi and Lisa Ostella were customers of theirs at the time their private data was disclosed.

## I. ARGUMENT:

9. **Not** only is Intelius, Inc. asking this Court to take Judicial Notice of documents that are **not** incorporated into Plaintiffs FAC, they are attempting to mislead this Court into believing documents they are providing are the genuine documents, which they are **not**. Further, the documents are **not** of public record as falsely claimed by Intelius, Inc.

10. The documents Defendant Intelius, Inc. is requesting Judicial Notice of are **not** public records. In fact, several of them contain full Social Security numbers, dates of birth, home addresses, etc.

11. It is well established, as a general rule, our Court's "may not consider any material beyond the pleadings in ruling on a Federal Rules of Civil Procedure, ["*Fed. R. Civ. P.*"] 12(b)(6) Motion." <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001). (internal citation and quotation marks omitted). Our Courts may, consider materials that are submitted with and attached to the Complaint. *Id*. Our

1  Court's may also consider unattached evidence on which the complaint "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Lee*, 250 F.3d at 688.

12. Our Court's may also take Judicial Notice of "matters of public record", Federal Rules of Evidence ["*Fed. R. Evid.*"] 201. *See* also *Lee* 250 F.3d at 689. Our Court's cannot however, take Judicial Notice of facts that may be "subject to reasonable dispute"." *Id*. at 689. To be more specific, our Court's may **not**, on the basis of evidence outside of the Complaint, take Judicial Notice of facts favorable to Defendants that could reasonably be disputed. *See Id*. at 689-90.

13. The documents Defendant Intelius, Inc. is requesting Judicial Notice of are under full dispute; are **not** public records; are **not** incorporated in or attached to Plaintiffs First Amended Complaint and are outside of the pleadings.

//
//
//
//
//
//
//
//
//
//
//
//
//

## II.     CONCLUSION:

14.   For the reasons outlined herein, Plaintiffs respectfully Request this Court to Deny Defendant Intelius, Inc.'s Request for Judicial Notice.

                                            Respectfully submitted,


Dated:  September 23, 2011         /s/ Philip J. Berg
                                            Philip J. Berg, Esquire
                                            Pennsylvania I.D. 9867
                                            **LAW OFFICES OF PHILIP J. BERG**
                                            555 Andorra Glen Court, Suite 12
                                            Lafayette Hill, PA 19444-2531
                                            Telephone:  (610) 825-3134
                                            E-mail: philjberg@gmail.com

                                            *Attorney in Pro Se and Counsel for Plaintiffs*