Philip J. Berg, Esquire
Pennsylvania I.D. 9867
**LAW OFFICES OF PHILIP J. BERG**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Telephone:  (610) 825-3134
E-mail: philjberg@gmail.com          *Attorney in pro se and for Plaintiffs*

### UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA,
### SOUTHERN DIVISION

| | |
|---|---|
| LISA LIBERI, et al,<br><br>Plaintiffs,<br><br>vs.<br><br>ORLY TAITZ, et al,<br><br>Defendants. | CIVIL ACTION NUMBER:<br>**8:11-cv-00485-AG (AJW)**<br><br>**PLAINTIFFS OPPOSITION TO DEFENDANT INTELIUS, INC.'S MOTION TO DISMISS, DOCKET NO. 380**<br><br>Date of Hearing:  October 17, 2011<br>Time of Hearing:  10:00 a.m.<br>Location:           Courtroom 10D |

Plaintiffs, by and through their undersigned counsel, Philip J. Berg, Esquire file the within Response in Opposition; Memorandum of Points and Authorities; and Declarations in Opposition to Defendant, Intelius, Inc.'s ["Intelius"] Motion to Dismiss ["MTD"].  In support hereof, Plaintiffs aver the following:

- Intelius has filed manufactured (newly created) documents with the Declaration of Benjamin Nelson;

- Intelius has destroyed and spoiled evidence pertaining to this case by deleting accounts; deleting searches on the Plaintiffs; deleting actual reports sold on the Plaintiffs; and creating reports which they falsely claim are the products sold;

- Intelius is a Credit Reporting Agency and bound by the Fair Credit Reporting Act ["FCRA"]; California's Consumer Credit Reporting Agency Act ["CCRAA"]; and Investigative Consumer Reporting Agencies Act ["ICRAA"] as outlined on their website in several places and in their submission to the United States Securities and Exchange Division;

- Intelius is **not** immune by the Communications Decency Act, 47 U.S. §230, et. Seq. ["CDA"] and the CDA does **not** pertain to the within action;

- Intelius has deleted the account of Plaintiff Lisa Ostella and deleted the reports that were run on her;

- Intelius has failed to address the two (2) letters sent to them by Plaintiff Lisa Liberi regarding the incorrect and wrong information maintained on Plaintiff Lisa Liberi;

- Intelius admits in their MTD and Declaration of Benjamin Nelson that more reports were sold to unauthorized individuals than Plaintiffs were aware of;

- Plaintiffs have **not** incorporated into their Complaint Intelius' "Terms of Service" and/or "Frequently Asked Questions"; and

- Intelius fails to uphold their own "Terms of Service" filed with Benjamin Nelson's Declaration.

1. Defendant Orly Taitz ["Taitz"] as an attorney threatened to take Philip J. Berg, Esquire ["Berg"] down and to do so she stated she was going to destroy his paralegal, Plaintiff Lisa Liberi ["Liberi"] and get rid of her.  Taitz's threat was due to Liberi refusing to assist Taitz in her litigation, which Liberi later learned was a scam.  During this same time, Plaintiff Lisa Ostella ["Ostella"] told Taitz to find another web master as Ostella refused to lie and substantiate Taitz's false statements of "hacking".

2. This case is **not** about "in-fighting"; it is **not** about President Obama; nor do the Plaintiffs and Defendants have histories of working together, except for Taitz and Ostella for a very short few months.

3. In or about April 2009, Taitz as an Attorney and a Dentist through the Law Offices of Orly Taitz ["L.O.O.T."], Orly Taitz, Inc., and as President of Defend our Freedoms Foundations, Inc. ["DOFF"] hired or sought Neil Sankey, Todd Sankey, Sankey Investigations, Inc., The Sankey Firm ["Sankey Defendants"] to obtain very private data of Liberi and Ostella; and to conduct illegal background checks; obtain credit and financial data and obtain other very private information of Liberi and Ostella.

4. The private data obtained by the Sankey Defendants and Taitz from Intelius was Liberi and Ostella's Social Security numbers; dates of birth; places of birth; father's names; relatives names; siblings names; addresses; unlisted phone numbers; children's names; spouses names, spouses dates of birth; spouses Social Security numbers; financial records; credit reports; medical records; Sealed Court information; and other primary identifying information.  In fact, Plaintiff Liberi does **not** own real estate, yet the Reed Defendants and Defendant Intelius supplied Plaintiff Liberi's home address and Liberi and Ostella's unlisted phone numbers.

5. It was later learned that Taitz and the Sankey Defendants utilized LexisNexis, ChoicePoint, Accurint ["the Reed Defendants"] and Defendant Intelius to obtain Plaintiffs Ostella and Liberi's private data.

6. Defendant Yosef Taitz is the "hands-on" CEO of Daylight.  Mr. Taitz was involved with the design of Daylight's programs, software and hardware.  Mr. Taitz and Daylight's toolkits provide programming interface applications which are built into the design and used with Oracle.  The design allows for remote application execution, cross site scripting, remote interface and injection attacks, which are vulnerabilities that Oracle, Daylight and Mr. Taitz were aware of.

7. Defendants Yosef and Orly Taitz used their expertise with the Daylight tools and Oracle flexibilities to access Intelius' databases, where they also obtained Plaintiffs Liberi and Ostella's private data.  Mr. Taitz in his Motion to

Dismiss in his individual capacity stated he could **not** be held liable as any damages caused to the Plaintiffs would be the responsibility of Defendant Daylight Chemical Systems, Inc.

8. Intelius claims they **cannot** be held liable since their system was "hacked". Intelius had a duty to ensure their data maintained on their databases was at all-time maintained secure. Intelius also had a duty to uphold their own promises to the public found on their website that they have security specialists ensuring their IT systems were and are maintained securely.

9. Defendants Taitz; DOFF; L.O.O.T., have admitted in Court filings that they obtained Plaintiffs private data directly from the Sankey Defendants; the Reed Defendants and Defendant Intelius. *See* DOFF's Motion to Dismiss ["MTD"] filed July 11, 2011, appearing as Docket No. ["DN"] 283; Orly Taitz's MTD filed July 11, 2011, DN 280; and L.O.O.T.'s MTD filed September 14, 2011, DN 376 and their Amended MTD filed September 16, 2011, DN 377. Taitz stated that the Sankey Defendants, Reed Defendants and Defendant Intelius, Inc. are responsible for Plaintiffs damages. Taitz also published all over her website that she obtained the private data from LexisNexis, ChoicePoint and Intelius. *See* DN 190 through 190-27 filed May 20, 2011.

10. In Intelius' MTD they claiming Plaintiffs have failed to state a claim in which relief can be granted. Intelius claims they only supply public records, that

they are **not** bound by the Fair Credit Reporting Laws ["F.C.R.A."]; the California Credit Reporting Agencies Act ["CCRAA"]; or the California Investigative Consumer Reporting Agencies Act ["ICRAA"], because they are **not** a "Consumer Reporting Agency", which clearly is **not** the case. In support thereof, they filed a Declaration from Intelius, Inc.'s custodian of Records, Benjamin Nelson.

11. Intelius attempts to use Ruben Nieto and the Spokeo search run on Mr. Nieto's email address as a comparison to what they sold the Defendants herein. There is **no** comparison. Plaintiffs did **not** seek or obtain Mr. Nieto's Social Security number, date of birth, home address or other private data. The Spokeo report was far different than the information sold by Intelius on the Plaintiffs.

12. Benjamin Nelson ["Nelson"] attached as Exhibit "3" a TalentWise report on Lisa Liberi. Although, Intelius states all through their MTD that they only provided information on the name Lisa Liberi and **not** that of Plaintiff Liberi, which makes absolutely **no** sense, Nelson's Exhibit "3" clearly shows it is a report specifically on Plaintiff Lisa Liberi as it contains Liberi's full Social Security number, address and date of birth.

13. In addition, the accurate background report Liberi pulled on herself, Intelius Background Report No. 30897400 only contains information pertaining to Plaintiff Lisa Liberi and **no** other name of "Lisa Liberi".

1  14. Plaintiffs Opposition is based upon their Opposition, the attached Memorandum of Points and Authorities in Support hereof; Declarations of Philip J. Berg, Esquire; Lisa Liberi; and Lisa Ostella filed concurrently herewith; Plaintiffs Opposition and Objections to Intelius' Request for Judicial Notice; upon records on file with this Court and such further oral and/or documentary evidence that may be presented at the time of the Hearing.

**WHEREFORE**, for the reasons stated herein, Plaintiffs respectfully request this Court to Deny Defendant Intelius, Inc.'s Motion to Dismiss. In the alternative, Plaintiffs Request Leave to Amend their Complaint.

Respectfully submitted,

Dated: September 23, 2011

/s/ Philip J. Berg
Philip J. Berg, Esquire
Pennsylvania I.D. 9867
**LAW OFFICES OF PHILIP J. BERG**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Telephone: (610) 825-3134
E-mail: philjberg@gmail.com

*Attorney in Pro Se and Counsel for Plaintiffs*