Michael J. Niborski (State Bar No. 192111)
e-mail: mniborski@pryorcashman.com
PRYOR CASHMAN LLP
1801 Century Park East, 24th Floor
Los Angeles, California 90067-2302
Tel: (310) 556-9608
Fax: (310) 556-9670

Tom J. Ferber
e-mail: tferber@pryorcashman.com
Ross M. Bagley
e-mail: rbagley@pryorcashman.com
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036-6569
Tel: (212) 326-0188
Fax: (212) 798-6382

*Attorneys for Defendant Daylight
Chemical Information Systems, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISON

|  |  |
|---|---|
| LISA LIBERI, et al., | Case No. 8:11-CV-00485-AG (AJWx) |
| Plaintiffs, | **DEFENDANT DAYLIGHT CHEMICAL INFORMATION SYSTEM, INC.'S MOTION TO DISMISS ALL CLAIMS ASSERTED AGAINST IT IN THE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| vs. | |
| ORLY TAITZ, et al., | |
| Defendants. | Date: December 19, 2011 |
|  | Time: 10:00 a.m. |
|  | Judge: Hon. Andrew J. Guilford |
|  | Place: Courtroom 10D |

1

# <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ........................................................................ iii

INTRODUCTION ................................................................................. 1

   A. The Parties ............................................................................ 2

   B. The Complaint ....................................................................... 3

ARGUMENT ..................................................................................... 5

STANDARDS .................................................................................... 5

  I.  THE COMPLAINT DOES NOT
     SATISFY THE RULE 8 STANDARD .................................................. 6

  II.  THE ALLEGATIONS AGAINST DCIS ARE
     IMPLAUSIBLE AND/OR FAIL TO STATE A CLAIM ...................... 9

     A. Plaintiff Premises Twelve Claims Upon A Single
       Utterly Implausible Set Of Facts ........................................... 9

  III.  EVERY CLAIM AGAINST DCIS SUFFERS
      FROM FATAL PLEADING DEFICIENCIES ..................................... 10

     A. Plaintiffs' First Claim, Which Is Actually
       Three Claims In Violation Of Rule 8, Is
       Conclusory And Cannot Withstand Dismissal ................................. 10

     B. Plaintiffs Fail To State A Claim for Public
       Disclosure of Private Facts Because No Public
       Disclosure By DCIS Is Alleged .......................................... 11

     C. Plaintiffs' Third Claim For False Light Does
       Not Allege Any Falsehood, That DCIS Disclosed
       Anything With Actual Malice, Or That Anything
       Disclosed Was Highly Offensive .......................................... 12

i

D. Plaintiffs' Fifth Claim For Violation of
   the California Information Privacy Act,
   Cal. Civ. Code § 1798.53, Must Be Dismissed.................................14

E. Plaintiffs Fail To Allege A Violation Of The
   California Information Privacy Act, Cal. Civ. Code
   § 1798.85, In Their Sixth Claim Because There
   Is No Allegation That DCIS Publicly Displayed Anything.............15

F. Plaintiff's Eighth Claim For Defamation Per Se,
   Slander and Libel Per Se, Does Not Identify Any False
   Statement Or Any Publication, Nor Does It Allege Malice.............16

G. Plaintiffs Ninth Claim, For Intentional
   Infliction Of Emotional Distress, Must Fail.....................................17

H. Plaintiffs' Fourteenth Claim For Non-Compliance
   With the Fair Credit Reporting Act, 15 U.S.C. § 1681b,
   Fails To Allege That DCIS Is A Consumer Reporting
   Agency Which Disclosed A Consumer Report................................18

I. Plaintiffs' Seventeenth Claim For Violation of the California
   Information Privacy Act, Cal. Civ. Code § 1798 et seq.
   Fails Because There Is No Allegation That Plaintiffs
   Are California Residents Or Customers Of DCIS ...........................19

J. Plaintiffs' Eighteenth Claim, For Violation of Cal
   Business and Professions Code § 17200, Is Inapplicable...............20

K. Plaintiff's Nineteenth Claim, For Negligent
   Infliction of Emotional and Mental Distress, Must Fail .................21

L. Plaintiffs Twentieth Claim, For Res Ipsa
   Loquitor, Is Not Legally Cognizable................................................22

CONCLUSION....................................................................................24

ii

# TABLE OF AUTHORITIES

<u>**CASES**</u>                                                               <u>**PAGE(s)**</u>

<u>Arikat v. JP Morgan Chase & Co.</u>,
     430 F. Supp. 2d 1013 (N.D. Cal. 2006) ............................................. 18-19

<u>Ashcroft v. Iqbal</u>,
     129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ..........................................5, 16

<u>Bardin v. DaimlerChrysler Corp.</u>,
     136 Cal. App. 4th 1255 (2006) .......................................................21

<u>Bell Atlantic Corp. v. Twombly</u>,
     550 U.S. 544 (2007) ..............................................................5, 6, 11

<u>Berryman v. Merit Property Management, Inc.</u>,
     152 Cal. App. 4th 1544 (2007) .......................................................21

<u>Branick v. Downey Sav. and Loan Association</u>,
     39 Cal. 4th 235 (2006) ..............................................................21

<u>Brooks v. Physicians Clinical Laboratory, Inc.</u>,
     No. CIV. S-99-2155 WBS DAD, 2000 WL 336546
     (E.D. Cal. Mar. 20, 2000)............................................................14

<u>Brown v. Allstate Insurance Co.</u>,
     17 F. Supp. 2d 1134 (S.D. Cal. 1998)...................................................21

<u>Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.</u>,
     20 Cal. 4th 163 (1999) ..............................................................20

<u>Chaconas v. JP Morgan Chase Bank</u>,
     713 F. Supp. 2d 1180 (S.D. Cal. 2010)...................................................18

<u>Chambers v. Los Angeles Co.</u>,
     No. CV 09-3919 VBF (PLA), 2010 U.S. Dist. LEXIS 34812
     (C.D. Cal. Mar. 5, 2010) ..............................................................8

Cochran v. Cochran,
     65 Cal. App. 4th 488 (1998) ...............................................17, 18

Conder v. Home Sav. of America,
     680 F. Supp. 2d 1168 (C. D. Cal. 2010) ...............................6

Davis v. Regional Acceptance Corp.,
     300 F. Supp. 2d 377 (E.D. Va. 2002).....................................19

Diaz v. Oakland Tribune, Inc.,
     139 Cal. App. 3d 118 (1983)...................................................12

Durrell v. Sharp Healthcare,
     183 Cal. App. 4th 1350 (2010) ...............................................21

Eisenberg v. Alameda Newspapers, Inc.,
     74 Cal. App. 4th 1359 ...............................................................14

Erlich v. Menezes,
     21 Cal. 4th 543 (1999) .............................................................22

Ess v. Eskaton Properties,
     97 Cal. App. 4th 120 (2002) ...................................................21

FDIC v. Hulsey,
     22 F.3d 1472 (10th Cir. 1994)................................................18

Fellows v. National Enquirer, Inc.,
     42 Cal. 3d 234 (1986).................................................................14

Gicking v. Kimberlin,
     170 Cal. App. 3d 73 (1985).....................................................22

Gilbert v. Sykes,
     147 Cal. App. 4th 13 (2007) ...................................................16

Gill v. Curtis Publishing Co.,
     38 Cal. 2d 273 (1952)...............................................................12

Gregory v. Albertson's, Inc.,
        104 Cal. App. 4th 845 (2002) ................................................................20

Gu v. BMW of North America, LLC,
        132 Cal. App. 4th 195 (2005) .......................................................21, 22

Hearns v. San Bernardino Police Department,
        530 F.3d 1124 (9th Cir. 2008).............................................................8

Hill v. National Collegiate Athletic Association,
        7 Cal. 4th 1 (1994).............................................................................11

Howard v. America Online, Inc.,
        208 F.3d 741 (9th Cir. 2000).............................................................10

Jackson v. Carey,
        353 F.3d 750 (9th Cir. 2003)...............................................................6

Jacobson v. Schwarzenegger,
        357 F. Supp. 2d 1198 (C.D. Cal. 2004) ...........................................16

Jennifer M. v. Redwood Women's Health Ctr.,
        88 Cal. App. 4th 81 (2001)................................................................15

KOVR-TV, Inc. v. Superior Court,
        31 Cal. App. 4th 1023 (1995) ...........................................................17

Kacludis v. GTE Sprint Communications Corp.,
        806 F. Supp. 866 (N.D. Cal. 1992) .....................................................5

Kassa v. BP West Coast Products, LLC,
        No. C-08-02725 RMW, 2008 U.S. Dist. LEXIS 61668
        (N.D. Cal. Aug. 11, 2008) .................................................................18

Khoury v. Maly's of Cal., Inc.,
        14 Cal. App. 4th 612 (1993) ..............................................................21

Korea Supply Co. v. Lockheed Martin Corp.,
        29 Cal. 4th 1134 (2003) .....................................................................21

Kwikset Corp. v. Superior Court,
        51 Cal. 4th 310 (2011) ...................................................................21

Maguca v. Aurora Loan Services,
        No. SA CV 09-1086 JVS (ANx), 2009 U.S. Dist. LEXIS 104251
        (C.D. Cal. Oct. 28, 2009) ...............................................................21

Mason v. County of Orange,
        251 F.R.D. 562 (C.D. Cal. 2008) .....................................................7

McClatchy Newspapers, Inc. v. Superior Court,
        189 Cal. App. 3d 961 (1987)..........................................................14

McHenry v. Renne,
        84 F.3d 1172 (9th Cir. 1996).............................................................8

Moreno v. Sayre,
        162 Cal. App. 3d 116 (1984)..........................................................22

Nelson v. Chase Manhattan Mortgage Corp.,
        282 F.3d 1057 (9th Cir. 2002).........................................................19

North Star International v. Arizona Corp. Commission,
        720 F.2d 578 (9th Cir. 1983)............................................................5

Pacific Telegraph & Telegraph Co. v. City of Lodi,
        58 Cal. App. 2d 888 (1943)............................................................22

Parks Sch. of Business v. Symington,
        51 F.3d 1480 (9th Cir. 1995)............................................................5

Porten v. University of San Francisco,
        64 Cal. App. 3d 825 (1964)............................................................12

Potter v. Firestone Tire & Rubber Co.,
        6 Cal. 4th 965 (1993) ....................................................................21

Reader's Digest Association v. Superior Court,
        37 Cal. 3d 244 (1984)....................................................................13

Shulman v. Group W Products, Inc.,
18 Cal. 4th 200 (1998) .................................................................11, 12

Silicon Knights, Inc., v. Crystal Dynamics, Inc.,
983 F. Supp. 1303 (N.D. Cal. 1997) ................................. 16-17

Solano v. Playgirl, Inc.,
292 F.3d 1078 (9th Cir. 2002)......................................................13

Sollberger v. Wachovia Securities, LLC,
No. SACV 09-766 AG (ANx), 2010 U.S. Dist. LEXIS 66233
(C.D. Cal. June 30, 2010)..............................................................7, 8,12

Sprewell v. Golden State Warriors,
266 F.3d 979 (9th Cir. 2001).....................................................6, 9

Starr v. Baca,
-- F.3d -- , 2011 U.S. Dist. LEXIS 15283 (9th Cir. July 25, 2011).........10

Telesaurus VPC, LLC v. Power,
623 F.3d 998 (9th Cir. 2010) cert. denied,
2011 U.S. Dist. LEXIS 6889 (U.S. Oct. 3, 2011) .....................................6

Western Mining Council v. Watt,
643 F.2d 618 (9th Cir. 1981)........................................................5

**STATUTES**

Cal. Civ. Code § 44-46 ...............................................................16

Cal. Civ. Code § 1798.3(b).........................................................14

Cal. Civ. Code § 1798.53 ........................................................14, 19

Cal Civ. Code § 1798.80(c).........................................................20

Cal. Civ. Code § 1798.81 ...........................................................20

Cal. Civ.Code § 1798.82 ...........................................................21

Cal Civ. Code. § 1798.83 ..................................................................16, 20

Cal Civ. Code. § 1798.84(c) ...................................................................16

Cal Civ. Code. § 1798.85 ............................................................15, 16, 19

Cal Civ. Code. § 1798.85(a)(1) ...............................................................15

Cal. Evid. Code §646(b) .........................................................................22

Fed. R. Civ. P. 8 ............................................................................. *passim*

Fed. R. Civ. P. 8(a)(2) ...............................................................................5

Fed. R. Civ. P. 8(d)(1) ...............................................................................5

Fed. R. Civ. P. 9(b) .............................................................................5, 21

Fed. R. Civ. P. 12(b)(6) ................................................................. *passim*

Fed. R. Civ. P. 41(b) ..................................................................................2

15 U.S.C. § 1681 .....................................................................................18

15 U.S.C. §1681b ....................................................................................18

15 U.S.C. §1681o ....................................................................................18

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 19, 2011, at 10:00 a.m., or as soon thereafter as this matter may be heard before the Honorable Andrew J. Guilford of the above-entitled court located at 411 West Fourth Street, Santa Ana, California 92701, Courtroom 10D, defendant Daylight Chemical Information Systems, Inc., having good cause, will and hereby does move this Court for dismissal of the Complaint filed by Plaintiffs Lisa Liberi et al., pursuant to Federal Rules of Civil Procedure 8, 9, and 12(b)(6) on the following grounds:

(a)     All causes of action fail to satisfy the pleading requirements required by Fed. R. Civ. P. 8, and as set forth in Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007);

(b)     To the extent it is alleged, Plaintiffs' claims fail to state with particularity circumstances constituting fraud in violation of Fed. R. Civ. P. 9(b); and

(c)     Failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

This Motion is and will be based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the pleadings and papers on file herein, all other matters of which the Court may take judicial notice and upon such other or further material as may be presented at or before the hearing of this matter.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on September 23, 2011.

**PRYOR CASHMAN LLP**

Dated:  October 7, 2011          By:     /s/ Michael J. Niborski
                                         Michael J. Niborski
                                         mniborski@pryorcashman.com
                                         1801 Century Park East, 24th Floor
                                         Los Angeles, CA 90067-2302
                                         Tel: 310/556-9608  Fax: 310/556-9670

                                         Tom J. Ferber
                                         tferber@pryorcashman.com
                                         Ross M. Bagley
                                         rbagley@pryorcashman.com
                                         PRYOR CASHMAN LLP
                                         7 Times Square
                                         New York, New York 10036-6569
                                         Tel: 212/326-0188   Fax: 212/798-6382

                                         *Attorneys for Defendant Daylight*
                                         *Chemical Information Systems, Inc.*

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Defendant Daylight Chemical Information Systems ("DCIS") respectfully submits this Memorandum of Points and Authorities in support of its motion, pursuant to Rules 8, 9(b) and 12(b)(6), to dismiss all claims asserted against it in the First Amended Complaint ("FAC").

This action springs from an "intra-Birther Movement" feud between Philip J. Berg ("Berg") and Orly Taitz which has nothing to do with DCIS. Former defendant Yosef Taitz, the President and CEO of DCIS, was named as a defendant in the original complaint in this action and all claims against him were dismissed pursuant to a stipulation and order filed May 28, 2009 (the "2009 Order"). Dkt. 329-7. The 2009 Order specifically provided that Yosef Taitz could be re-joined as a defendant only upon a finding by the Court "that Plaintiffs have established evidence sufficient to support a cognizable claim" against him. Id. After this action was transferred to this Court, Plaintiffs filed the FAC in which, notwithstanding the utter implausibility of the allegations they were making, they sought to cast their net as widely as possible, in an effort to bring Yosef Taitz back into the case. They did so in violation of the 2009 Order because they did not and clearly could not offer the Court the evidence required to justify hauling Mr. Taitz back into a politically motivated skirmish that has nothing to do with him. Also caught in Plaintiffs' inexcusable "wide net" approach to the inclusion of parties who have nothing to do with this skirmish are Reed Elsevier, Inc., Oracle Corporation, Intelius, Inc., and DCIS, the company with which Yosef Taitz is affiliated. Thus Plaintiffs, ignoring both the letter and the spirit of the 2009 Order, violated it not only by naming Yosef Taitz as a defendant in the FAC, but also by attempting to make an end run around that order by dragging in his company, DCIS, without any plausible or good faith basis.

The Court recently granted Yosef Taitz's motion to dismiss to dismiss him from the case because of Plaintiffs' blatant violation of the 2009 Order. Dkt. 358.[1] The FAC – which repeatedly alleges that former defendant Yosef Taitz engaged in certain acts "*through*" DCIS (see, e.g., FAC at ¶¶179-186) – tries to drag in DCIS as a defendant as a "second bite at the apple" approach to asserting the now-dismissed claims against Yosef Taitz. It is respectfully submitted that Plaintiffs' transparent efforts to elude the proscription of the 2009 Order should be rejected and that the claims against DCIS should also be dismissed.

### A.  The Parties

Plaintiff Lisa Liberi ("Liberi"), a paralegal at The Law Offices of Philip J. Berg ("Berg Law Firm"), and Lisa Ostella ("Ostella") plead 20 claims in all, 12 of which lump DCIS in with numerous other defendants.[2] Berg joins Liberi and Ostella in five of the claims,[3] and the Berg Law Firm and Go Excel Global ("Go Excel") join Liberi, Ostella and Berg for three of the claims.[4]

DCIS is a privately held company with corporate offices in Laguna Niguel, California. As noted above, former defendant Yosef Taitz is the president and CEO of DCIS (FAC at ¶ 27). All claims concerning DCIS are based upon wildly implausible allegations that former defendant Yosef Taitz used DCIS technology to acquire Plaintiffs' personal identifying information.

---

[1] Pursuant to Federal Rule of Civil Procedure 41(b), the involuntary dismissal for failure to comply with the stipulation "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

[2] Claims 1, 2, 3, 5, 6, 8, 9, 14, 17, 18, 19 and 20.

[3] Claims 1, 2, 3, 8 and 9.

[4] Claims 3, 8 and 9.

## B.     The Complaint

The 170-page, 423-paragraph FAC alleges 20 claims against 19 defendants. Most of the FAC's allegations are completely irrelevant to DCIS, but it is nonetheless included in the majority of Plaintiffs' scattershot claims, among a group of other unrelated defendants, including Reed Elsevier, Inc., Intelius, Inc., and Oracle Corporation.

The FAC alleges (1) that Plaintiffs' accurate private identifying information was posted on the internet by defendant Orly Taitz and (2) that Orly Taitz spread lies about Plaintiffs through various media.  (FAC ¶¶ 69, 156, 257, 285-287.) Plaintiffs allege that Orly Taitz committed these acts in retaliation for Plaintiffs' refusal to sponsor her admission to the bar of the United States Supreme Court in her crusade to prove that Barack Obama was not born in the United States and is therefore ineligible to be President.   (FAC ¶ 33.)  Plaintiffs allege two theories as to how Orly Taitz obtained Plaintiffs' identifying information.

First, Plaintiffs allege Orly Taitz obtained Liberi and Ostella's private identifying information through a private detective agency, the Sankey Firm, Inc., and the Sankey Firm's subscription to LexisNexis and Intelius.  (FAC ¶¶ 31, 66-69, 135, 220,  257) ("[Orly] Taitz hired Neil Sankey, the Sankey Firm, Todd Sankey and Sankey Investigations, Inc. to conduct the illegal searches of Plaintiffs Liberi and Ostella's private data").  Orly Taitz has admitted that this is how she obtained Plaintiffs' private information.  (See motion to dismiss of Law Offices of Orly Taitz, Dkt. 376, at pp. 7:14-18, 9:6-10) ("Orly Taitz Admissions").

Plaintiffs also allege that the information came to Orly Taitz through her husband, former defendant Yosef Taitz, via software incorporated in computer manufacturer Oracle's servers, which allegedly are used by LexisNexis and Intelius in their businesses.  (FAC ¶¶ 176-183.)  Plaintiffs baldly allege that DCIS's technology, DayCart, enabled former defendant Yosef Taitz to access any computer anywhere in the world on an Oracle server as a result of an alleged

3

1    "partnership" with Oracle and Reed Elsevier. (Plaintiffs alternatively allege that

2    Oracle, Intelius and Reed's cooperation was both negligent and intentional.) (See

3    FAC ¶¶ 179, 181-182, 356-363, 408).[1]

4          Plaintiffs allege that former defendant Yosef Taitz, "*through*" DCIS, then

5    shared this information with Orly Taitz, who published it widely. (FAC ¶¶ 181,

6    303.)  There is no allegation that Yosef Taitz distributed this information to

7    anyone but Orly Taitz, or that the information was false.  Id.  There is no

8    explanation for how DCIS the company, as opposed to Yosef Taitz the individual

9    defendant, shared this information with former defendant Yosef Taitz's wife Orly

10   Taitz.  There is no explanation for why DCIS – a company that for the last 25

11   years has developed advanced, innovative software to handle **chemical**

12   information – would seek to access every computer database using Oracle

13   products or why one would develop a "backdoor" in DayCart when, by Plaintiffs'

14   own allegations, the information was available to the Sankey Firm (or anyone else

15   for that matter) through a mere subscription to the LexisNexis and Intelius

16   services.  (FAC ¶¶ 66-70, 156.)  Finally, and critically for many of Plaintiffs'

17   jumbled claims, there is no allegation whatsoever linking DCIS to the alleged lies

18   Orly Taitz purportedly spread on the internet and radio and elsewhere.

19

20

21   [1] In their motion to dismiss, Reed Elsevier Inc., LexisNexis Risk Solutions Inc.,

22   and LexisNexis Risk Assets Inc. (collectively the "Reed Defendants") also note
     the outlandishness of Plaintiffs' theory: "Plaintiffs also make the convoluted and

23   utterly implausible contention that defendant Yosef Taitz caused a software
     company with which he is involved to build a secret 'back door' into every Oracle

24   database in the world, and that Yosef Taitz used this 'back door' to gather from

25   some Reed Defendant data about plaintiffs."  (Dkt. 381 P. 10:23-26.)  Moreover,
     as stated in Intelius's motion to dismiss, Docket No. 380-1, "On April 12, 2009,

26   [Orly] Taitz purchased a public records 'background check' search on the name

27   'Lisa Liberi' through Intelius."  (Dkt. 380-1, Nelson Decl., ¶ 5 and Ex. 1 in

28   support of Intelius motion.)

1

## ARGUMENT

2

## STANDARDS

3        Federal Rule of Civil Procedure 8(a)(2) requires that a complaint set forth a

4   short and plain statement sufficient to notify defendant of the facts alleged against

5   it and show that the pleader is entitled to relief.  While detailed factual allegations

6   are not required, Rule 8 "demands more than an unadorned, the-defendant-

7   unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1940,

8   1949, 173 L. Ed. 2d 868, 883 (U.S. 2009) (citing Bell Atl. Corp. v. Twombly, 550

9   U.S. 544, 555 (2007)).  Pursuant to Rule 8(d)(1), "[e]ach allegation must be

10  simple, concise, and direct."  If the claim is fraud based, the pleading is subject to

11  a higher standard of particularity pursuant to Rule 9(b).

12       Pursuant to Rule 12(b)(6), a complaint should be dismissed when its

13  allegations are legally insufficient.  North Star Int'l v. Arizona Corp. Comm'n, 720

14  F.2d 578, 581 (9th Cir. 1983).  "A complaint may be dismissed as a matter of law

15  for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under

16  a cognizable theory."  Kacludis v. GTE Sprint Communications Corp., 806 F.

17  Supp. 866, 870 (N.D. Cal. 1992) (citation omitted).  While the court must view all

18  allegations of material fact in the light most favorable to the non-moving party,

19  Parks Sch. of Bus. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995), a court need

20  not "assume the truth of legal conclusions merely because they are cast in the form

21  of factual allegations."  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th

22  Cir. 1981).

23       Moreover, the Supreme Court has recently articulated that "a complaint

24  must contain sufficient factual matter, accepted as true, to 'state a claim to relief

25  that is plausible on its face'" Iqbal, 129 S. Ct. at 1949, 173 L. Ed. 2d at 884

26  (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the

27  plaintiff pleads factual content that allows the court to draw the reasonable

28  inference that the defendant is liable for the alleged misconduct." Id. at 1949, 173

L. Ed. 2d at 884. A court should not accept "[t]hreadbare recitals of the elements of a cause of action's elements, supported by mere conclusory statements," id., or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). The 12(b)(6) standard thus requires "more than a sheer possibility that a defendant has acted unlawfully" Iqbal, 129 S. Ct. at 1949, 173 L. Ed. 2d at 884, citing Twombly, 550 U.S. at 557, and a complaint should be dismissed where the factual allegations do not raise the "right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965.

Finally, "[a] district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency … or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) cert. denied, 2011 U.S. Dist. LEXIS 6889 (U.S. Oct. 3, 2011) (internal citation & quotations omitted); see also Jackson v. Carey, 353 F.3d 750, 758 (9th Cir. 2003); Conder v. Home Sav. of Am., 680 F. Supp. 2d 1168 (C. D. Cal. 2010) (Guilford, J.).

## POINT I

## THE COMPLAINT DOES NOT SATISFY THE RULE 8 STANDARD

The FAC is not short; to the contrary, it is a prolix in the extreme with its 172 pages with 423 paragraphs. It is not a plain statement; indeed much of it, including in particular the allegations against DCIS, includes a random collection of technical jargon which Plaintiffs do not even attempt to elucidate. It is repetitive and attempts to lay blame upon a group of unrelated "Defendants" for single acts. And, most critically, it is not sufficiently drafted to notify DCIS of the facts alleged against it, to satisfy the Federal Rules, or to comport with the notice requirement of due process.

As pointed out by the Reed Defendants in their motion to dismiss the FAC, defendants are generally lumped together as a group in Plaintiffs' allegations. (Dkt. 381, Memorandum of Points and Authorities at p. 5:8-21.)  DCIS is not even identified in Plaintiffs' second, third, fifth or sixth claims against it.  This lack of specific reference to DCIS, together with the fact that certain claims are alleged against "each and every defendant … separately," make it impossible to determine which claims were actually intended to be alleged against DCIS.  (FAC ¶¶ 240, 249.)  The FAC's convoluted jumble of allegations thus does not satisfy Rule 8's pleading standard.  See Sollberger v. Wachovia Secs, LLC, No. SACV 09-766 AG (ANx), 2010 U.S. Dist. LEXIS 66233, at *11 (C.D. Cal. June 30, 2010) (Guilford, J.) (dismissing claims where defendants were grouped together through use of the "omnibus term 'Defendants'" and complaint was product of a "shotgun pleading" style which "overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations") citing Mason v. County of Orange, 251 F.R.D. 562, 563-64 (C.D. Cal. 2008) ("experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.").

In further derogation of Rule 8(d)(1)'s language, the FAC's allegations are anything but "simple, concise, and direct."  They are convoluted and rambling and utterly fail to use anything resembling "plain statements."  For example, Plaintiffs make the opaque allegations that:

- DCIS makes "applications" which include "toolkits" which are "built into the design of Oracle" and allow "for remote applicational execution, cross site scripting, remote interface and injection attacks" (FAC ¶ 178.)

- "As a result of the design of Oracle and Daylight CIS' toolkit based architecture applications, Yosef Taitz through Daylight CIS has top user access to any computer, server; and/or database in which Oracle products are located."  (FAC ¶ 180.)

- "Defendant Yosef Taitz through his Corporation, Daylight CIS created Daylight Toolkits for dual purpose intent.  The Daylight applications are part of Oracle's design.  Oracle is scripted, through the use of Daylight Applications to interface all information, including but not limited to all information stored on Oracle servers, all customer log-in details and other private data, back to Defendant Taitz's and Daylight CIS's remote servers." (FAC ¶ 304.)

The FAC should be dismissed because these allegations are vague, opaque and "so verbose, confused and redundant that its true substance, if any, is well disguised."  See e.g., Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008) (citations & quotations omitted); See McHenry v. Renne, 84 F.3d 1172, 1178-79 (9th Cir. 1996) ("[s]omething labeled a complaint but written more as … prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint" and "impose[s] unfair burdens on litigants and judges."). Rule 8 is an independent basis for dismissal of the claims against DCIS.  Id. at 1179; Chambers v. Los Angeles Co., No. CV 09-3919 VBF (PLA), 2010 U.S. Dist. LEXIS 34812, at *9 (C.D. Cal. Mar. 5, 2010); Sollberger, 2010 U.S. Dist. LEXIS 66233, at *13.

## POINT II

### THE ALLEGATIONS AGAINST DCIS

### ARE IMPLAUSIBLE AND/OR FAIL TO STATE A CLAIM

A.    **Plaintiffs Premise Twelve Claims**

**Upon A Single Utterly Implausible Set Of Facts**

The Court need not accept as true Plaintiffs' far-fetched theory – that former defendant Yosef Taitz was able, through DCIS, to access all the information on any computer using Oracle servers.  This theory is based entirely upon conclusory allegations, and seeks to have this Court make "unwarranted deductions of fact" and "draw unreasonable inferences" from the FAC's mix of confusing and highly technical gibberish or bald conclusory allegations.  Sprewell, 266 F.3d at 988.

Plaintiffs allege no facts supporting their claim that DCIS software is incorporated in Oracle's products, or that the Reed and Intelius, Inc., defendants use those products.  (FAC ¶¶ 171, 176-179.)  There is no allegation describing what DCIS technology does or why Oracle allegedly uses it.  There is no allegation which even remotely begins to explain how or why DCIS – an established company that deals with chemical information – would develop a technology that would allow it to secretly access computers across the world. There is no allegation explaining why Orly Taitz would not simply obtain this information from the Sankey Firm or, therefore, why former defendant Yosef Taitz would need to conduct this absurd over-blown and patently implausible scheme merely to obtain Plaintiffs' identifying information.[1]  There is no allegation regarding how former defendant Yosef Taitz supposedly gave information to Orly Taitz, his wife, "*through* Daylight CIS," and not simply in his role as her husband. (FAC ¶ 303.)  Plaintiffs allege no conduct by any DCIS employee, director, engineer or manager other than former defendant Yosef Taitz, who is handcuffed

---

[1] See Orly Taitz Admissions.

1   to every DCIS allegation.  The FAC's allegations simply do not lay out a plausible

2   factual predicate entitling them to the presumption of truth.  See Starr v. Baca, __

3   F.3d __, 2011 U.S. Dist. LEXIS 15283, at *37 (9th Cir. July 25, 2011) ("[f]irst, to

4   be entitled to the presumption of truth, allegations in a complaint or counterclaim

5   may not simply recite the elements of a cause of action, but must contain sufficient

6   allegations of underlying facts to give fair notice and to enable the opposing party

7   to defend itself effectively.  Second, the factual allegations that are taken as true

8   must plausibly suggest an entitlement to relief, such that it is not unfair to require

9   the opposing party to be subjected to the expense of discovery and continued

10  litigation.").

11          Independent of Plaintiffs' wildly implausible allegations, all of the 12

12  claims against DCIS also fail to allege factual averments supporting essential

13  elements.

### POINT III

### EVERY CLAIM AGAINST DCIS

### SUFFERS FROM FATAL PLEADING DEFICIENCIES

**A.     Plaintiffs' First Claim, Which Is Actually**

**Three Claims In Violation Of Rule 8, Is**

**Conclusory And Cannot Withstand Dismissal**

20          In the first claim for relief, plaintiffs Berg, Liberi and Ostella allege that

21  their private identifying information was published, but allege no specific conduct

22  by DCIS in the paragraphs set out for their claim for invasion of privacy (see FAC

23  ¶¶ 187-204).  The first legal theory for invasion of privacy subsumed within the

24  first claim alleges that there was a violation of the *First* and *Fourteenth*

25  *Amendments.* This theory must fail because there is no allegation that DCIS is a

26  government actor, and only a government actor can violate these constitutional

27  rights of privacy.  See Oracle Decision at p. 4 citing Howard v. America Online,

28  Inc., 208 F.3d 741, 754 (9th Cir. 2000).

1    The second legal theory Plaintiffs purport to include within their first claim
2  for relief is a violation of the California Constitution's right to privacy.  For this
3  claim to withstand a motion to dismiss, Plaintiffs must show (1) a legally protected
4  privacy interest; (2) a reasonable expectation of privacy under the circumstances;
5  and (3) conduct by defendant constituting a serious invasion of privacy.  Hill v.
6  National Collegiate Athletic Assn., 7 Cal. 4th 1, 39-40 (1994).

7    Plaintiffs fail to adequately set forth specific facts to support their claim that
8  DCIS committed a serious invasion of their privacy.  The conclusory allegation
9  that "The Reed Defendants and Defendant Intelius, Inc., Yosef Taitz, Daylight CIS
10  and Oracle [conducted] willful and malicious acts in violating every aspect of the
11  Plaintiffs' right to privacy, Plaintiffs' right to be left alone and the Defendants
12  invasion of Plaintiffs' privacy," FAC ¶ 198, which is merely a rote recitation of
13  this tort's elements, is insufficient to state a claim (Twombly, 550 U.S. at 556 n.3),
14  and does not allege "an egregious breach of the social norms underlying the
15  privacy right."  Hill, 7 Cal. 4th at 37.

16    Finally, to the extent the Court reads these allegations to include a potential
17  claim under the common law theory of intrusion upon seclusion as stated in the
18  Oracle Decision, this claim fails for the same reasons as Plaintiffs' claim under the
19  California Constitution and because Plaintiffs have failed to allege that DCIS's
20  conduct, purportedly enabling former defendant Yosef Taitz to harvest
21  information, caused their injury or would be highly offensive to a reasonable
22  person.  See Shulman v. Group W Prods., Inc., 18 Cal. 4th 200, 232 (1998)
23  (intrusion claim requires allegations of (1) intrusion into a private space,
24  conversation or matter, (2) in a manner highly offensive to a reasonable person).

25  **B.    Plaintiffs Fail To State A Claim for Public Disclosure of**
26      **Private Facts Because No Public Disclosure By DCIS Is Alleged**
27    In keeping with Plaintiffs' shotgun pleading style, Liberi, Ostella and Berg
28  allege that their private identifying information was published, but make no

reference to DCIS in the paragraphs set out for this claim.  (FAC ¶¶ 206-214.)  <u>See</u> <u>Sollberger</u>, 2011 U.S. Dist. LEXIS 66233, at *12, *13 (noting that one type of shotgun pleading is "where the plaintiff recites a collection of general allegations toward the beginning of the Complaint and then each count incorporates every antecedent allegation by reference" and finding that "[t]his shotgun pleading style deprives Defendants of knowing exactly what they are accused of doing wrong … and this defect alone warrants dismissal") (internal citation and quotation omitted).

To plead a claim for public disclosure of private facts, Plaintiffs must allege (1) public disclosure, (2) of a private fact (3) which would be offensive and objectionable to a reasonable person and (4) which is not of legitimate public concern.  <u>Shulman</u>, 18 Cal. 4th at 232.  This claim requires a public disclosure "in the sense of communication to the public in general or to a large number of persons, as distinguished from one individual or a few."  <u>Porten v. University of</u> <u>San Francisco</u>, 64 Cal. App. 3d 825, 828 (1964).

This claim fails because no there is no allegation that DCIS disclosed any private facts to anyone, <u>Diaz v. Oakland Tribune, Inc.</u>, 139 Cal. App. 3d 118, 131 (1983), and there is no allegation that the information was highly offensive or has gone "beyond the limits of decency" <u>Gill v. Curtis Publ'g Co.</u>, 38 Cal. 2d 273, 280 (1952).

## C. Plaintiffs' Third Claim For False Light Does Not Allege Any Falsehood, That DCIS Disclosed Anything With Actual Malice, Or That Anything Disclosed Was Highly Offensive

All Plaintiffs join in this claim, which purports to be against all defendants, but once again there is no specific reference to DCIS in the allegations under the "Third Cause of Action."  (FAC ¶¶ 216-225.)  Instead, all Plaintiffs stick to the more plausible theory on this claim that their private information came to Orly Taitz through the Sankey Firm.  (FAC ¶¶ 216, 220.)

12

The Court has stated in the Oracle Decision that in order to make out a claim for false light, Plaintiffs must allege that (1) defendant disclosed information about them that was actually false or created a false impression; (2) one or more persons found the information to state or imply something highly offensive that would have a tendency to injure Plaintiffs' reputation; (3) DCIS acted with constitutional malice by clear and convincing evidence; and (3) Plaintiffs were damaged by the disclosure.  See Oracle Decision at p. 6 citing Solano v. Playgirl, Inc., 292 F.3d 1078, 1082 (9th Cir. 2002).

First, there is no allegation of falsehood.  Plaintiffs merely allege that "Defendants Yosef Taitz and Dalight CIS provided all of Plaintiffs' private personal identifying information, financial data, family data, birth data, and other information to his wife, who used the information to carry out her threats against the Plaintiffs."  (FAC ¶ 77.)  Elsewhere in the FAC, Plaintiffs allege that they were harmed by the dissemination of their **accurate** "Social Security numbers, dates of birth, place of birth, mother's maiden names, Plaintiff's maiden names, credit reports, driver's license information, financial data, sealed court case information, photographs, primary identification information, financial data, husband's names, Social Security numbers and dates of birth, children's names and identities, and other private data outlined herein…"  (FAC ¶ 251.)  Moreover, all claims of falsehood are confined to Orly Taitz and the Sankey Firm.  (FAC. ¶ 216-220.)  Since Plaintiffs base this claim on the alleged dissemination of accurate information, the *sine qua non* of a false light claim is absent.

Second, even if Reed and Intelius kept incorrect personal information for Plaintiff, which (according to Plaintiffs' singular, frivolous theory) was somehow accessed by former defendant Yosef Taitz using DCIS software, there is no claim that DCIS knew or had a reckless disregard for the truth of the information allegedly provided to Orly Taitz.  See Reader's Digest Ass'n v. Superior Court, 37 Cal. 3d 244, 253, 265 (1984).

1    Third, there is no allegation that disclosure of this allegedly false

2 information would be highly offensive to a reasonable person, another requisite

3 element of a false light claim. <u>Fellows v. National Enquirer, Inc.</u>, 42 Cal. 3d 234,

4 238 (1986) ("[i]n order to be actionable, the false light in which the plaintiff is

5 placed must be highly offensive to a reasonable person.").

6    Fourth, this false light claim is duplicative of Plaintiffs' defamation claim

7 and should be dismissed for that independent reason. <u>McClatchy Newspapers,</u>

8 <u>Inc. v. Superior Court</u>, 189 Cal. App. 3d 961, 965 (1987) (duplicative false light

9 claim should be dismissed); <u>Eisenberg v. Alameda Newspapers, Inc.</u>, 74 Cal. App

10 4th 1359, 1385 fn.13 (1999) (false light claim coupled with defamation claim is

11 superfluous); <u>Brooks v. Physicians Clinical Lab., Inc.</u>, No. CIV. S-99-2155 WBS

12 DAD, 2000 WL 336546 4 (E.D. Cal. Mar. 20, 2000). Finally, Go Excel and the

13 Berg Law Firm may not state this claim because it may only be brought by a

14 natural person.

15 **D.    Plaintiffs' Fifth Claim, For Violation of**

16 **the California Information Privacy Act,**

17 **<u>Cal. Civ. Code § 1798.53, Must Be Dismissed</u>**

18    Section 1798.53 of the California Civil Code allows a claim against anyone

19 "who intentionally discloses information, not otherwise public, which they know

20 or should reasonably know was obtained from personal information maintained by

21 a state agency or from 'records' within a 'system of records' ... maintained by a

22 federal government agency ..." Cal. Civ. Code § 1798.53. "Agency" is defined as

23 "every [California] state office, officer department, division, bureau, board

24 commission, or other state agency..." Cal. Civ. Code § 1798.3(b).

25    There is no allegation that DCIS disclosed anything. Indeed, although it is

26 once again lumped in with "all Defendants," DCIS is not referenced in the

27 paragraphs set out for this claim. (FAC ¶ 243.) Accordingly, there is no

28 allegation that DCIS knew or should have known that any information allegedly

1  disclosed by anyone originated within a state or federal government agency, nor

2  does the FAC include an allegation that DCIS obtained any "records" from within

3  a "system of records" maintained by a government agency.  See Jennifer M. v.

4  Redwood Women's Health Ctr., 88 Cal. App. 4th 81, 89 (2001) ("[o]n its face, the

5  Information Practices Act is aimed at barring or limiting the dissemination of

6  confidential personal information – and preventing the misuse of such information

7  – by government agencies").  The FAC merely alleges that information was

8  obtained and disclosed by other defendants from Liberi's credit reports, which are

9  not maintained by a government agency.  There is no allegation at all about

10  Ostella's identifying information.  (FAC ¶ 242.)

11        **E.**      **Plaintiffs Fail To Allege A Violation Of The**

12              **California Information Privacy Act, Cal. Civ. Code**

13              **§ 1798.85, In Their Sixth Claim Because There**

14              **Is No Allegation That DCIS Publicly Displayed Anything**

15        Pursuant to California Civil Code § 1798.85(a)(1), a person may not

16  "[p]ublicly post or publicly display in any manner an individual's social security

17  number.  'Publicly post' or 'publicly display' means to intentionally communicate

18  or otherwise make available to the general public."

19        Here, again, DCIS is not referenced in the paragraphs set forth for this claim

20  and therefore there is no allegation that DCIS disseminated any information to

21  anyone.  (FAC ¶¶ 248-264.)  Moreover, the FAC alleges that it was the Sankey

22  Firm, not DCIS, that provided information to Orly Taitz and published that

23  information.  (See FAC ¶ 257) ("[a]ll the private and primary identification

24  information of Plaintiffs Liberi and Ostella, outlined hereinabove was

25  intentionally published and promoted by Orly Taitz, The Law Offices of Orly

26  Taitz, Orly Tatiz, Inc., DOFF, Neil Sankey, the Sankey Firm through Todd Sankey

27  and Sankey Investigations, Inc. with malice, gross negligence and with reckless

28  disregard as to the damages it would cause Plaintiffs Liberti and Ostella…").  The

1   bare allegations that "[a]ll Defendants directly participated in the illegal access of

2   and distribution of Plaintiffs Liberi and Ostella's private confidential

3   information," (FAC ¶ 255), and that "Plaintiffs' Liberi and Ostella assert this

4   claim against each and every Defendant named herein" (FAC ¶ 249), do not satisfy

5   Rule 12(b)(6)'s plausibility standard.  <u>Ashcroft</u>, 129 S. Ct. at 1949, 173 L. Ed. 2d

6   at 883-84.

7        Finally, while Plaintiffs' failure to satisfy Rule 8 makes it difficult to

8   discern, it appears that they attempt to assert liability pursuant to § 1798.84(c) for

9   an alleged violation of Cal Civ. Code § 1798.85.  However, § 1798.84(c)'s fine

10  applies only to violations of § 1798.83, which Plaintiffs have not alleged here.

11  **F.    Plaintiff's Eighth Claim, For Defamation Per Se,**

12  **Slander and Libel Per Se, Does Not Identify Any False**

13  **<u>Statement Or Any Publication, Nor Does It Allege Malice</u>**

14       To state a claim for defamation, including slander and libel, a plaintiff must

15  establish (1) a false statement of fact; (2) that is published; (3) of or concerning

16  plaintiff; (4) causing injury to plaintiff's reputation; and (5) malice or fault.  Cal.

17  Civ. Code § 44-46; <u>Gilbert v. Sykes</u>, 147 Cal. App. 4th 13, 27 (2007).

18       First, the information that former defendant Yosef Taitz was alleged to have

19  obtained via DCIS technology is not alleged to be false.  Plaintiffs do not even

20  allege that a false statement was disseminated, <u>id.</u>, and surely do not identify any

21  such false statement with the particularity required to state this claim.  <u>See</u>

22  <u>Jacobson v. Schwarzenegger</u>, 357 F. Supp. 2d 1198, 1216 (C.D. Cal. 2004)

23  ("[u]nder California law, although a plaintiff need not plead the allegedly

24  defamatory statement verbatim, the allegedly defamatory statement must be

25  specifically identified and the plaintiff must plead the substance of the statement.

26  Even under liberal federal pleading standards, 'general allegations of the

27  defamatory statements' which do not identify the substance of what was said are

28  insufficient") (internal citations omitted); <u>Silicon Knights, Inc., v. Crystal</u>

16

1    Dynamics, Inc., 983 F. Supp. 1303, 1314 (N.D. Cal. 1997) ("The words

2    constituting a libel or slander must be specifically identified, if not plead

3    verbatim.") (citation & quotations omitted).

4         This claim also fails because there is no allegation of publication by DCIS

5    and no allegation that such disclosure was made with fault or malice.  Indeed,

6    DCIS appears again to have been improperly lumped into this claim, which is

7    based upon the alleged dissemination of false information by Orly Taitz and the

8    Sankey Firm.  (FAC ¶ 286) ("The [false] posts and statements were made by Neil

9    Sankey by and through Sankey Investigations and the Sankey Firm owned by

10   Todd Sankey, Orly Taitz as an Attorney and Officer of the Court by and through

11   the Law Offices of Orly Taitz and as President of Orly Taitz, Inc. and DOFF, with

12   knowledge of the false and libelous nature of the statements contained therein and

13   with gross negligence and reckless disregard for the truth.").  DCIS engaged in no

14   acts relating to this claim, and is not alleged to have done so.

15   **G.    Plaintiffs Ninth Claim, For Intentional**

16   **Infliction Of Emotional Distress, Must Fail**

17        To state a claim for intentional infliction of emotional distress, Plaintiffs

18   must show (1) extreme and outrageous conduct by the defendant with the intention

19   of causing, or reckless disregard for the probability of causing, emotional distress;

20   (2) the plaintiff suffered severe or extreme emotional distress; and (3) the

21   plaintiff's injuries were actually and proximately caused by the defendant's

22   outrageous conduct.  Cochran v. Cochran, 65 Cal. App. 4th 488, 494 (1998).

23   Conduct is outrageous only if it "exceed[s] all bounds of that usually tolerated in a

24   civilized community."  KOVR-TV, Inc. v. Superior Court, 31 Cal. App. 4th 1023,

25   1028 (1995) (citations and quotations omitted).  It can be considered outrageous

26   only if (1) the defendant abuses a relation or position which gives him power to

27   damage the plaintiff's interest; (2) the defendant knows that the plaintiff is

28   susceptible to injuries through mental distress; or (3) the defendant acts

intentionally or unreasonably with the recognition that the acts are likely to result in illness through mental distress.  <u>Chaconas v. JP Morgan Chase Bank</u>, 713 F. Supp. 2d 1180, 1187-88 (S.D. Cal. 2010).

There is no alleged conduct by DCIS which could possibly be construed as extreme or outrageous.  Nor is there any claim that DCIS had any relationship with any of the Plaintiffs, knew they were susceptible to mental distress, or that knew that allegedly communicating Plaintiffs' identifying private information was likely to result in illness.

Even assuming *arguendo* that this outlandish claim were plausible, there is no allegation of conduct by DCIS which could be considered extreme and outrageous, and the far-fetched allegation that DCIS has inserted some technology into Oracle servers which enabled it to access other computers is not pleaded as the proximate cause of Plaintiffs' alleged injuries.  <u>Cochran</u>, 65 Cal. App. 4th at 494.

Finally, this claim cannot be brought by Go Excel or the Berg Law Firm because it can only be brought by a natural person.  <u>See</u> also <u>FDIC v. Hulsey</u>, 22 F.3d 1472, 1489 (10th Cir. 1994); <u>Kassa v. BP West Coast Prods., LLC</u>, No. C-08-02725 RMW, 2008 U.S. Dist. LEXIS 61668 * 23 (N.D. Cal. Aug. 11, 2008).

**H.     Plaintiffs' Fourteenth Claim, For Non-Compliance
With the Fair Credit Reporting Act, 15 U.S.C. § 1681b,
Fails To Allege That DCIS Is A Consumer Reporting
<u>Agency Which Disclosed A Consumer Report</u>**

The Fair Credit Reporting Act, 15 U.S.C. § 1681,[1] regulates "consumer reporting agencies" who furnish "consumer reports."  <u>Arikat v. JP Morgan Chase</u>

---

[1] Although this claim is confusingly pleaded in violation of Rule 8, 1681o does not actually state an independent claim and merely provides a remedy for violations of 15 U.S.C. § 1681b.

1 & Co., 430 F. Supp. 2d 1013, 1023-25 (N.D. Cal. 2006); <u>Nelson v. Chase</u>

2 <u>Manhattan Mortgage Corp.</u>, 282 F.3d 1057, 1060 (9th Cir. 2002).

3      This claim fails because there is no allegation that DCIS was a "consumer

4 reporting agency" or obtained any "consumer report." <u>Davis v. Regional</u>

5 <u>Acceptance Corp.</u>, 300 F. Supp. 2d 377, 385 (E.D. Va. 2002) (claim dismissed

6 where no allegation that plaintiff was a consumer reporting agency). Curiously,

7 Plaintiffs allege negligence in this claim, asserting that "Defendants Yosef Taitz,

8 Daylight CIS and Oracle were negligent in illegally scripting the Daylight Toolkit

9 Applications to interface the information maintained on the databases and

10 computers in which Oracle servers were running to Defendants Yosef Taitz and

11 Daylight CIS. Defendants Yosef Taitz and Daylight CIS were extremely negligent

12 in sharing the private data they illegally obtained with **his wife**, to carry out his

13 wife's threats against the Plaintiffs." (FAC ¶358) (emphasis supplied). As the

14 reference to "his wife" makes clear, this is really a claim against Yosef Taitz, who

15 is no longer a defendant. In any event, there is no explanation of how DCIS could

16 develop technology unintentionally, or how DCIS intentionally or unintentionally

17 communicated anything to Orly Taitz.

18 **I.**     **Plaintiffs' Seventeenth Claim, For Violation of the**

19         **California Information Privacy Act, Cal. Civ. Code**

20         **§ 1798 *et seq.*, Fails Because There Is No Allegation That**

21         <u>**Plaintiffs Are California Residents Or Customers Of DCIS**</u>

22      In a particularly egregious violation of Rule 8, this claim does not identify

23 any specific legal theory, but merely cites to the whole Information Privacy Act

24 section of the California Civil Code. As an initial matter and as noted in the

25 Oracle Decision, because § 1798.53 and § 1798.85 have already been individually

26 alleged in the FAC in Plaintiffs' Fifth and Sixth claim, DCIS does not repeat its

27 arguments to dismiss claims under those sections here.

28

Plaintiffs may mean to plead a claim under § 1798.81, which states that "[a] business shall take all reasonable steps to destroy … customer's records within its custody or control containing personal information…," and permits a California resident who is a customer of a business to sue for disclosure of personal information gathered in connection with a commercial transaction.  Cal. Civ. Code § 1798.81.

First, as noted in the Oracle Decision, Liberi is a resident of New Mexico and Ostella is a resident of New Jersey, not California, and thus neither may bring a claim under § 1798.81 or § 1798.82.  (FAC ¶¶ 4, 8.)  Second, Plaintiffs may not plead a claim under § 1798.83 because that section apples only to customers and there is no allegation that Liberi or Ostella were DCIS customers.  See Cal Civ. Code § 1798.80(c) (defining "Customer" as someone who previously provided "personal information to a business for the purpose of purchasing or leasing a product or obtaining a service from a business.").  Nor is there an allegation that DCIS disclosed any information to any third party.

Finally, to the extent Plaintiffs may be attempting to plead a claim under California Civil Code § 1798.82 requiring California businesses to disclose any security breach of a computer system containing personal information to any California resident, this claim must fail because there is no allegation that DCIS ever owned, licensed or maintained computerized data containing Plaintiffs' personal information or that there was ever a breach of DCIS's security system.

**J.     Plaintiffs' Eighteenth Claim, For Violation of**
     **Cal. Business and Professions Code § 17200, Is Inapplicable**

Section 17200 of the California Business and Professions Code prohibits "any unlawful, unfair or fraudulent business act or practice."  Here, there was no unfair or fraudulent practice alleged to have been committed by DCIS.  See Gregory v. Albertson's, Inc., 104 Cal. App. 4th 845, 854 (2002) citing Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163 (1999);

1    Berryman v. Merit Property Mgmt., Inc., 152 Cal. App. 4th 1544, 1555 (2007);

2    Durrell v. Sharp Healthcare, 183 Cal. App. 4th 1350, 1366 (2010).  Because no

3    unfair or fraudulent practice has been alleged, this claim has no predicate and

4    should be dismissed.  Maguca v. Aurora Loan Servs., No. SA CV 09-1086 JVS

5    (ANx), 2009 U.S. Dist. LEXIS 104251 *10 (C.D. Cal. Oct. 28, 2009) (dismissing

6    §17200 claim predicated on other claims).  This vague fraud-based claim also fails

7    Rule 9(b)'s particularity standard.  Khoury v. Maly's of Cal., Inc., 14 Cal. App.

8    4th 612, 619 (1993); Bardin v. DaimlerChrysler Corp., 136 Cal. App. 4th 1255,

9    1271 (2006).

10        Finally, §17200 provides only for restitution as relief, Korea Supply Co. v.

11   Lockheed Martin Corp., 29 Cal. 4th 1134, 1151 (2003), and private individuals

12   cannot seek damages for unfair business practices under § 17200.  Brown v.

13   Allstate Ins. Co., 17 F. Supp. 2d 1134, 1140 (S.D. Cal. 1998).  Here, there is no

14   allegation of economic injury as a result of fraud or unfair competition by DCIS.

15   Branick v. Downey Sav. and Loan Ass'n, 39 Cal. 4th 235, 240 (2006); see also

16   Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 323-26 (2011).

17        **K.    Plaintiff's Nineteenth Claim, For Negligent**

18             **Infliction of Emotional and Mental Distress, Must Fail**

19        Outside of the context of a plaintiff who witnessed an injury to a close

20   family member, see Gu v. BMW of North Am., LLC, 132 Cal. App. 4th 195, 204

21   (2005), there is no independent tort of negligent infliction of emotional distress.

22   Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 984 (1993).  Thus, to make

23   out a claim of negligent infliction of emotional distress, Plaintiffs must plead the

24   traditional elements of negligence, including duty, breach, causation and damages.

25   See e.g., Ess v. Eskaton Props., 97 Cal. App. 4th 120, 126 (2002).

26        Plaintiffs have failed to allege that DCIS owes them any duty.  Indeed,

27   "[t]here is no duty to avoid negligently causing emotional distress to another."

28   Potter, 6 Cal. 4th at 984.  Thus, "unless the defendant has assumed a duty to

plaintiff in which the emotional condition of the plaintiff is an object, recovery is
available only if the emotional distress arises out of the defendant's breach of
some other legal duty and the emotional distress is proximately caused by that
breach of duty." Id. at 985. A legal duty may be imposed by law, be assumed by
the defendant, or exist by virtue of a special relationship which is clearly related to
the plaintiff's mental or emotional well-being, Gu, 132 Cal. App. 4th at 207, or
personal relationships. Erlich v. Menezes, 21 Cal. 4th 543, 559 (1999). No such
relationship or independent duty is (or could be) alleged. In addition, there is no
coherent allegations of unintentional breach by DCIS.

### L.     Plaintiffs Twentieth Claim, For *Res Ipsa* *Loquitor,* Is Not Legally Cognizable

This claim fails Rule 12(b)(6) because *res ipsa loquitor* is not a legally
cognizable claim. *Res ipsa loquitor* is a rule of evidence which allows the
plaintiff, in the absence or direct proof, to argue that an accident was of such a
nature that the injury was more probably than not the result of the defendant's
negligence. Gicking v. Kimberlin, 170 Cal. App. 3d 73, 75 (1985); Pacific Tel. &
Tel. Co. v. City of Lodi, 58 Cal. App. 2d 888, 895 (1943) ("*res ipsa loquitur* rule
is not a rule of substantive law imposing liability in the absence of negligence but
is a rule of evidence giving rise to an inference of negligence in certain cases");
Cal. Evid. Code § 646(b). To take advantage of this rule of evidence, Plaintiffs
must allege that (1) the accident was of a kind which ordinarily does not occur in
the absence of someone's negligence, (2) the accident was caused by an agency or
instrumentality within the exclusive control of the defendant, and (3) the accident
must not have been due to any voluntary action or contribution on the part of the
plaintiff. Moreno v. Sayre, 162 Cal. App. 3d 116, 123 (1984).

Taken as a claim for negligence, incorrectly pleaded in violation of Rule 8
and duplicative of their claim for negligent infliction of emotional distress, this
claim must fail along with Plaintiffs' nineteenth claim. In addition, there is no

22

1 | allegation that any private information was within DCIS's exclusive control; to the

2 | contrary, Plaintiffs specifically allege that it was within Reed and Intelius's

3 | exclusive control.

4 | ### CONCLUSION

5 |     For reasons known only to Plaintiffs, they have attempted to expand the

6 | politically-based battles between themselves and Orly Taitz to a number of

7 | entities, including DCIS, which have no role or interest in their differences.  As

8 | the Court noted in the Oracle Decision, Plaintiffs' prolix, scattershot FAC

9 | "threatens to spiral out of control."  Plaintiffs' transparent attempt to do indirectly

10 | that which they cannot do directly – i.e., to assert baseless attacks against DCIS as

11 | a substitute for former defendant Yosef Taitz – should be rejected.  All of

12 | Plaintiffs' claims against DCIS fail to meet the standards of Rules 8 and 12(b)(6).

13 |     Defendant DCIS therefore respectfully requests that the Court dismiss the

14 | Complaint without leave to amend and with prejudice.

**PRYOR CASHMAN LLP**

*/s/ Michael J. Niborski*
Michael J. Niborski
1801 Century Park East, 24th Floor
Los Angeles, CA 90067-2302
mniborski@pryorcashman.com

Tom J. Ferber
7 Times Square
New York, New York 10036-6569
tferber@pryorcashman.com

*Attorneys for Defendants*
Daylight Chemical Information Systems, Inc.