UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | October 18, 2011 |
|---|---|---|---|
| Title | LISA LIBERI, et al. v. ORLY TAITZ, et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:**   **[IN CHAMBERS] ORDER SEALING INTELIUS' MOTION TO DISMISS, DOCKET NO. 380**

On September 20, 2011, Plaintiffs submitted a letter to this Court asking for leave to file a motion to seal Defendant Intelius' filing Docket No. 380-8 (Declaration of Benjamin Nelson in Support of Defendant Intelius' Motion to Dismiss, Ex. 5) ("Exhibit 5").  In their letter, Plaintiffs claimed that Exhibit 5 should be sealed because it contained "Plaintiff Lisa Liberi's full social security number, date of birth, husband's social security number, date of birth, and other private identifying data."  Despite the fact that Exhibit 5 is 30-pages long, Plaintiffs did not bother to identify exactly where the cited problems occurred.  Defendant argued, and the Court agreed, that the social security numbers in Exhibit 5 appeared to be redacted.

Sealing documents interferes with the public's right "to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  It also imposes a burden on the clerk's office.  Thus, parties seeking to seal court documents must establish "compelling reasons" for doing so.  *Id.*

Plaintiffs' original broad request did not establish a compelling reason to seal.  Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | October 18, 2011 |
|---|---|---|---|
| Title | LISA LIBERI, et al. v. ORLY TAITZ, et al. | | |

now clarify their original request and actually identify where the problem occurs: one sentence on page 19 (marked as page 67) of Exhibit 5.  There is one unredacted Social Security number on that page.  The same information appears on page 11 (marked as Page 67)–which Plaintiffs did not catch.  It is extremely frustrating that Plaintiffs did not provide this information in their first request, and that Plaintiffs continue to be sloppy.

The Court ORDERS that the clerk's office seal Docket No. 380 in its entirety.  Intelius has the option to re-file a redacted version of Docket. No 380 that fully complies with Local Rule 79-5.4.  Before filing a redacted version, Intelius must allow Plaintiffs to review the redacted document and confirm that Local Rule 79-5.4 has been met.  The Court will not review another round of briefing related to this issue.

For any future requests, parties must give *exact* coordinates of the offending portions of the document, or face the possibility that the Court will decline to either seal or redact.  Further, all parties must take care to follow Local Rules 79-5.4 when filing documents.

  :   0

Initials of Preparer   lmb