UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | October 17, 2011 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:              Attorneys Present for Defendants:

Proceedings:          **[IN CHAMBERS] ORDER GRANTING IN PART AND
DENYING IN PART THE REED DEFENDANTS' MOTION
TO DISMISS, JOINED BY DEFENDANT INTELIUS**

Plaintiffs Lisa Liberi ("Liberi"), Lisa M. Ostella ("Ostella"), Go Excel Global, Phillip J.
Berg, Esq., and the Law Offices of Phillip J. Berg (collectively, "Plaintiffs") filed a
lengthy First Amended Complaint ("FAC") against various defendants ("Defendants"),
including the "Reed Defendants" (or "Reed"), which Plaintiff alleges consists of the
following seven entities: Reed Elsevier Inc, LexisNexis Group, Inc., LexiNexis, Inc.,
LexisNexis Risk and Information Analytics Group, Inc., LexisNexis Risk Solutions, Inc.,
LexisNexis Seisent, Inc. (d/b/a Accurint), and LexisNexis ChoicePoint, Inc.

The Reed Defendants now file a Motion to Dismiss ("Motion") contesting all of the
claims brought against it, which Defendant Intelius, Inc. ("Intelius") joined.  After
considering all of the arguments and papers submitted, the Motion is GRANTED as to
Claims 1-3, 5-6, 8-9, and 17-20 against the Reed and Intelius Defendants.  The Court
DENIES the Motion as to Claims 12-16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | October 17, 2011 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

## BACKGROUND

The following facts are taken from the Plaintiffs' FAC.

Plaintiffs allege that "at all relevant times" to the actions alleged in the FAC, Reed and
Intelius have been acting as a "consumer credit reporting agency and an investigative
Consumer Reporting Agency." (FAC ¶ 17-25.) This involves "assembling, evaluating,
selling, and distributing consumer credit information and other personal and confidential
consumer information obtained from Governmental, State, and other entities, distributing
consumer credit reports, and other private consumer information to third parties and
organizations for profit." (*Id.* ¶ 145.) This information includes but is not limited to "full
Social Security numbers; Family names; addresses; telephone numbers; Relatives names
and Addresses; Places of Birth; Mother's Maiden Names; Dates of Birth; Employers;
Income; banking information; Home prices and values; Marriage information; criminal
records; credit records including but **not** limited to loans with banks and other entities,
Mortgages, credit cards, etc.; Insurance records; medical records; friends and associates
names, addresses, telephone numbers, etc.; business contacts, civil and bankruptcy filing
information; and many other instances of private data on individuals." (*Id.* ¶ 146.)

Plaintiffs' FAC alleges that Reed obtains the information in its consumer databases from
"other entities, such as State and Federal government agencies; Mortgage companies;
Banks; and Consumer Credit Reporting Agencies." (*Id.* ¶ 147.) Plaintiffs allege that the
Reed then resells that information to third-parties such as Intelius, as well as publishing it
through its own databases. (*Id.* ¶¶ 150-156.)

Plaintiffs allege that Defendant Orly Taitz ("Taitz") contacted Defendant Neil Sankey
("Sankey"), a private investigator, to "conduct background checks" on Liberi and Ostella.
(*Id.* ¶ 66.) Sankey allegedly used Reed and Intelius accounts belonging to "Sankey
Investigations, Inc., Todd Sankey, and The Sankey Firm [Inc.'s]" to "seek Plaintiffs
Ostella and Liberi's private data and credit reports, without any type of authorization
from the Plaintiffs and/or a permissible purpose." (*Id.* ¶¶ 31, 67.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | October 17, 2011 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

Plaintiffs allege that Intelius and Reed sold their credit reports to Sankey without doing any verification check or establishing other security precautions to ensure that Sankey did not use the information for an illegal purpose. (*Id.* ¶¶ 152, 155-164.)

Plaintiffs allege that Sankey and Taitz improperly distributed the information. Sankey sent Taitz an email containing Liberi's social security number, date of birth, maiden name, residence, husband's name, husband's date of birth, husband's partial social security number, and similar information for a friend of Liberi's. (*Id.* ¶ 69.) Sankey also sent this email to a reporter. (*Id.*) Sankey later went onto a radio show and mentioned that Liberi had just taken out a loan. (*Id.* ¶ 99.) This was correct, but Plaintiffs allege that the only way Sankey would have had that information is if he had pulled an illegal credit report on Liberi. (*Id.*) Taitz disseminated this information through mass emails and internet postings. (*Id.* ¶¶ 80-85.)

In an alternate theory of access, Plaintiffs also allege that security vulnerabilities in the Intelius website allowed Yosef Taitz, Defendant Taitz' husband, to hack into the Intelius and Reed databases and access their information. (*Id.* ¶¶ 171, 181-183.) Under this alternate theory, Yosef Taitz, not Sankey, was the one who provided Taitz with Ostella and Liberi's private information. (*Id.*)

Plaintiffs allege that various people attempted to use their private identifying information to harass them. For example, a man came to Liberi's home during a heavy snow storm and told Liberi that he was there to turn off the gas. (*Id.* ¶ 106.) The gas man claimed that someone who said that they were Liberi had called, requested the service to stop, and provided Liberi's social security number. (*Id.*) Someone also began to open lines of credit in Liberi's name. (*Id.* ¶ 107.)

Around February 2010, Plaintiffs allege that they notified Reed that they maintained incorrect information on Plaintiffs in their files, but Reed failed to do anything about it. (*Id.* ¶¶ 153, 166.) Plaintiffs also demanded that Reed remove all of their information from its database. (*Id.* ¶ 166.) Plaintiffs allege that they had a call with a representative

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0485 AG (AJWx) | Date | October 17, 2011 |
|----------|------------------------|------|------------------|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

from a Reed Defendant, who claimed that "they too were victims" of the Sankey Defendants. (*Id.* ¶ 167.) Plaintiffs further allege that Reed fails to maintain records of searches, in violation of three pending FTC Orders, and retaliated against Liberi for filing this Complaint. (*Id.* ¶¶ 170, 332 (incorrectly numbered, between 171 and 172.))

Plaintiffs allege sixteen separate claims against the Reed Defendants: Claims One, Two, Three, Five, Six, Eight, Nine, Twelve, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, Eighteen, Nineteen, and Twenty. Reed now files this Motion to dismiss all claims against it. In so doing, Reed relies on the arguments raised in Oracle's Motion to Dismiss ("Oracle Motion") (Dkt. No. 338), which the Court recently granted. (Dkt. No. 405.) Intelius joins in the Reed's Defendants' Motion. (Dkt. No. 396.)

**JUDICIAL NOTICE**

To support their Opposition to this Motion, Plaintiffs filed *three* declarations and *twenty-three* exhibits. This is totally improper.

First and most importantly, this is a motion to dismiss, not a motion for summary judgement. The purpose of a motion to dismiss is to analyze the pleadings. Accordingly, the parties should focus their arguments on those pleadings, and not on factual arguments based on extrinsic evidence. *See, e.g., Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1998) (quoting *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)) ("In ruling on a motion to dismiss, a district court generally 'may not consider any material beyond the pleadings.' ")

It is true that on occasion, this Court may take judicial notice of a limited number of external facts or documents. First, the Court may take judicial notice of facts not reasonably subject to dispute. *See* Fed. R. Civ. P. 201 ("[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | October 17, 2011 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

201. *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987) (facts subject to judicial notice may be considered on a motion to dismiss).  Second, the Court may also take notice of documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994) (overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir.2002)).

Plaintiffs' papers abuse these two limited exceptions.  Plaintiffs' mountains of declarations and exhibits either needlessly duplicate the already ridiculously-long FAC, or impermissibly attempt to bolster the FAC by adding new evidence.  Further, the Plaintiffs fail to offer any reason why the Court should take notice of their three declarations and twenty-three exhibits–they merely attach them to their Opposition without further explanation.  Or perhaps the explanation was buried in their improper filing and they expected the Court to dig for their support.  If, in the future, the Plaintiffs wish to introduce external evidence into a motion where such evidence is not usually considered, they must provide sufficient reason in a separate request for judicial notice.

The Court DENIES Plaintiffs' (implicit) request for judicial notice.

## LEGAL STANDARD

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2.  "'[D]etailed factual allegations' are not required." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (stating that "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations")).  The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Pollard v. Geo Group, Inc.*, 607 F.3d 583, 585 n.3 (9th Cir. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | October 17, 2011 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct at 1940 (citing *Twombly*, 550 U.S. at 556). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *id.*, or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The Ninth Circuit recently addressed post-*Iqbal* pleading standards in *Starr v. Baca*, — F.3d —, 2011 WL 2988827, at *14 (9th Cir. July 25, 2011). The *Starr* court held that allegations "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively . . . [and] plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

If the Court decides to dismiss a complaint, it must also decide whether to grant leave to amend. "A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency . . . or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d at 998, 1003 (9th Cir. 2010); *see also Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). A claim may be dismissed with prejudice if "amendment would be futile." *Swartz v. KPMG LLP*, 476 F.3d 756, 761 (9th Cir. 2007) (citing *Albrecht v. Lund*, 845 F.2d 193, 197 (9th Cir. 1988)).

## ANALYSIS

The Reed Defendants argue that the FAC should be dismissed because the FAC generally fails to meet Rules 8 and Rules 12(b)(6), and because 11 of the 16 Claims against the Reed Defendants are nonexistent or not plausible. The Reed Defendants do not specifically challenge Claims 12-16 at this time because challenging those claims would

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0485 AG (AJWx) | Date | October 17, 2011 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

require extrinsic evidence.  The Court will now address each argument.  The Court will
also consider whether or not to grant leave to amend for any dismissed claims.

1.      **GENERAL COMPLIANCE WITH FEDERAL RULES OF CIVIL
        PROCEDURE 8 and 12(b)(6)**

The Reed Defendants allege that the Complaint fails under Federal Rules of Civil
Procedure 8 and 12(b)(6) because it is a "bloated and rambling" pleading that raises
shotgun-style, conclusory allegations.  (Mot. 1:6.)

Having had to wade through the "bloated and rambling" FAC many times, this Court
shares the Reed Defendants' frustrations.  The Complaint repeats itself.  It uses
incomplete sentences.  It uses incorrect numbering.  At points, it makes no sense.

The question here is whether or not these transgressions are so egregious that the Court is
forced to dismiss the FAC allegations under Rules 8 and 12(b)(6).

Rule 8 requires that a complaint state a "short and plain statement of the claim showing
that a pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Reed Defendants claim
that the FAC does not satisfy Rule 8 because it is so "verbose, confused and redundant
that its true substance, if any, is well disguised."  *Hearns v. San Bernadino Police Dep't,*
530 F.3d 1124, 1131 (9th Cir. 2008).  In particular, the Reed Defendants complain that
Plaintiffs' habit of conflating all seven Reed Defendants, and then mixing in other
Defendants without specifying who did what, makes it "impossible . . . to determine what
specific conduct is alleged to have been performed by any of the Reed Defendants, let
alone in unison with some other defendant or collection of defendants."  (Mot. 5:18-21.)
The Reed Defendants claim that this is an impermissible "shot gun" pleading style which
lumps together claims and defendants, making it impossible for defendants to respond.
*See, e.g., Mason v. Cnty. of Orange*, 251 F.R.D. 562, 563–64 (C.D. Cal. 2008) (quoting
*Anderson v. District Board of Trustees*, 77 F.3d 364, 366–67 (11th Cir. 1996))
("[E]xperience teaches that, unless cases are pled clearly and precisely, issues are not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | October 17, 2011 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.")

Similarly, Rule 12(b)(6) allows dismissal where a complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Fed. R. Civ. P. 12(b)(6). The Reed Defendants claim that the FAC as a whole does not satisfy Rule 12(b)(6) because it is entirely devoid of "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). Instead, the Reed Defendants argue that the FAC merely raises "conflated allegations and unsupported legal conclusions." (Mot. 8:6.)

To support their arguments, the Reed Defendants rely on *McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996). That case involved a 53-page extended narrative which required counsel to "prepare outlines to determine who is being sued for what." *Id.* at 1180. This, in turn, led to the risk that "plaintiffs will surprise [defendants] with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expected." *Id.* The Reed Defendants also point to this Court's prior decision in *Sollberger v. Wachovia Sec., LLC*, No. SACV 09–0766 AG (ANx), 2010 WL 2674456, at *4 (C.D. Cal. 2010). That complaint alleged inferences that the underlying facts did not support, and in a manner that made it impossible for the separate defendants to know what their specific role in the "colossal" scheme was. *Id.*, at *3.

Although the Court agrees that the FAC is shoddy and overlong, it does not find that it is so poorly-defined or unnavigable that it fails to provide the Reed Defendants with sufficient notice as to the charges brought against them. The Court itself is confused as to the relationship between the separate Reed Defendants, and does not believe that a self-elected, complicated corporate structure should block litigation. It appears from the Reed Defendants' own Motion that they can decipher which Defendant did what, based on their knowledge of their own corporate structure. Similarly, while a specific Claim analyzed below might lack individualized support, the FAC as a whole raises sufficient factual matter to survive a general attack against it.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | October 17, 2011 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

**2.      ELEVEN CLAIMS ARE NOT SUFFICIENTLY PLEADED OR ARE
        IMPLAUSIBLE**

　　　　2.1      Claims 1-3: Invasion of Privacy (Intrusion Upon Seclusion, Public
                 Disclosure, and False Light).

Plaintiffs' First Claim is for invasion of privacy, including violations of the First and
Fourteenth Amendment and the California Constitution.  The Court also reads Claim One
to include an allegation under the common law theory of intrusion upon seclusion.

Knowledgeable constitutional analysis must recognize that the First and Fourteenth
Amendments apply only to government actors.  *See Howard v. Am. Online Inc*., 208 F.3d
741, 754 (9th Cir. 2000) ("The general right to privacy, Fourteenth Amendment liberty,
and the other elements of those more general rights are obviously not protected against
private infringement.") (internal citations and quotations omitted); *see also Bray v.
Alexandria Women's Health Clinic*, 506 U.S. 263, 278 (1993) (holding that only rights
under the Thirteenth Amendment protect against private action).  Those Amendments do
not apply to private actors such as the Reed Defendants.

Plaintiffs also attempt to charge the Reed Defendants with invasion of privacy violating
the California Constitution and California common law.  *See, e.g., Hill v. Nat'l Coll.
Athletic Assn.*, 7 Cal. 4th 1, 39-40 (1994) (under the California Constitution the plaintiff
"must establish each of the following: (1) a legally protected privacy interest; (2) a
reasonable expectation of privacy in the circumstances; and (3) conduct by defendant
constituting a serious invasion of privacy.");  *Shulman v. Group W Produc., Inc.,* 18 Cal.
4th 200, 232 (1998) (common law theory of intrusion upon seclusion, plaintiff must
establish: "(1) intrusion into a private place, conversation or matter, (2) in a manner
highly offensive to a reasonable person.")

Under either theory, Plaintiffs' invasion of privacy claim is barred by California's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0485 AG (AJWx) | Date | October 17, 2011 |
|----------|------------------------|------|------------------|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785 et seq. ("CCRA") and the Federal Fair Credit Reporting Act, 15 U.S.C. §§ 1692, et seq. ("FCRA").  Although the Reed Defendants did not raise this argument in their papers, it was raised and briefed in the Intelius Motion to Dismiss.  This is a dispositive issue that is appropriate to address here.  The Court's reasoning follows.

Plaintiffs allege that "at all relevant times" the Reed Defendants were acting as consumer reporting agencies.  (*See* FAC ¶¶17-25)  Also, the Reed Defendants' activities as alleged in the FAC plausibly meet the statutory definition of a consumer reporting agency.  (Cal. Civ. Code § 1785.3(d) ("Consumer credit reporting agency means any person who, for monetary fees . . . regularly engages in whole or in part in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer credit reports to third parties . . . ."); *see also* 15 U.S.C. § 1681a(f) (using similar language).  Therefore, for purposes of analyzing this Motion, this Court will accept as true Plaintiffs' allegations that the Reed Defendants are credit reporting agencies.  The Court is not making a finding that the Reed Defendants are in fact consumer reporting agencies.  Thus, the Reed Defendants may still argue that they were not acting as consumer reporting agencies as to the specific information at issue.

Because Plaintiffs allege that the Reed Defendants are consumer reporting agencies, the CCRA and FCRA apply to their invasion of privacy claim.  The CCRA immunizes credit reporting agencies from invasion of privacy allegations, absent a showing of false information published with malice or willful intent.  Cal. Civ. Code § 1785.32.  Specifically, the CCRA states:

> [N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to Section 1785.10, 1785.15 or 1785.20 of this title, except as to false

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0485 AG (AJWx) | Date | October 17, 2011 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

information furnished with malice or willful intent to injure such consumer.

*Id.* The FCRA likewise "preempts" any causes of action, against credit reporting agencies, that is "in the nature of defamation, invasion of privacy, or negligence" unless there is "false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e).

Thus, Plaintiffs' invasion of privacy claim may only succeed if they plausibly allege that the Reed Defendants furnished (1) false information with (2) malice and willful intent to injure. *Id.* Although Plaintiffs did include conclusory allegations to that effect (FAC ¶ 198), these allegations are neither sufficient nor plausible. *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). Nothing in the FAC leads this Court to believe that the Reed Defendants willfully and maliciously violated Defendant's privacy by publishing false information about them. Rather, it appears that the Reed Defendants had no personal relationship or knowledge of Plaintiffs Ostella and Liberi at the time when their personal information was disclosed. To the extent that there was any false information published, there is no plausible allegation that this was done with willful or malicious intent.

Claims Two and Three, for public disclosure of private facts and false light, are similarly barred. Under the CCRA and FCRA, Plaintiffs may not bring any action "in the nature of defamation, invasion of privacy or negligence" against the Reed Defendants without plausible allegations of false information published with willful or malicious intent. Cal. Civ. Code § 1785.32; 15 U.S.C. § 1681h(e). Public disclosure of private facts and false light are both torts for, or in the very least "in the nature of," a claim for invasion of privacy. Thus, Plaintiffs' Claims Two and Three fail on the same grounds as Claim One.

The Court GRANTS the Reed Defendants' Motion to Dismiss Claims One through Three. Because the Court's analysis applies equally to Intelius, who joined this Motion, this Court also GRANTS this Motion as to Claims One through Three against Intelius.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | October 17, 2011 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |


       2.2     Claim 8: Defamation Per Se, Slander, and Liber Per Se

Plaintiffs' Eighth Claim is for defamation per se, slander, and libel per se.  As already discussed, Plaintiffs may not bring any action "in the nature of defamation, invasion of privacy or negligence" against the Reed Defendants absent a showing of false information and willful or malicious intent.  Cal. Civ. Code § 1785.32; 15 U.S.C. § 1681h(e).  Defamation per se, slander, and libel per se are all torts "in the nature of" defamation.  Plaintiffs fail to make the necessary showing of false information and willful or malicious intent.  Thus, Plaintiffs' Claim Eight fails on the same grounds as Claims One through Three.

The Court GRANTS the Reed Defendants' Motion to Dismiss Claim Eight.  Because the Court's analysis applies equally to Intelius, who joined this Motion, this Court also GRANTS this Motion as to Claim Eight against Intelius.

       2.3     Claims 5, 6, and 17: Violations of the California Information Privacy
               Act

Plaintiffs' Fifth Claim is for alleged violation of section 1798.53 of California's Information Practices Act ("IPA"), which allows a claim against "any person . . . who intentionally discloses information, not otherwise public, which they know or should reasonably know was obtained from personal information maintained by a state agency or from 'records' within a 'system of records' . . . maintained by a federal government agency . . ."  Cal. Civ. Code § 1798.53.  Personal information includes "any information that is maintained by an agency that identifies or describes an individual, including, but not limited to, his or her name, social security number, physical description, home address, home telephone number, education, financial matters, and medical or employment history.  It includes statements made by, or attributed to, the individual." *Id.* § 1798.3(a).  The other provisions of the IPA asserted in Plaintiffs' Claims Six, Eight, and Seventeen also require disclosure of information of non-public information to the public.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0485 AG (AJWx) | Date | October 17, 2011 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

*See, e.g.,* Cal. Civ. Code § 1798.85 (publicly posting an individual's social security number).

Again, the CCRA and the FCRA intervene. Claims based upon the California Information Privacy Act are "in the nature of defamation, invasion of privacy or negligence," and therefore may not be brought against the Reed Defendants absent a showing of false information and willful and malicious intent. Cal. Civ. Code § 1785.32; 15 U.S.C. § 1681h(e). As already explained, there is no such showing. Further, any claim based on Cal Civ. Code § 1798.81 ("A business shall take all reasonable steps to destroy . . . customer's records within its custody or control containing personal information . . . ") must fail because Plaintiffs are not residents of California. (FAC ¶¶ 4, 8, 385.)

The Court GRANTS the Reed Defendants' Motion to Dismiss Claims Five, Six, and Seventeen. Because the Court's analysis applies equally to Intelius, who joined this Motion, this Court also GRANTS this Motion as to Claims Five, Six, and Seventeen against Intelius.

        2.4    Claims 9 and 19: Intentional and Negligent Infliction of Emotional Distress

Plaintiffs' Ninth Claim seeks relief for intentional infliction of emotional and mental distress. (FAC ¶¶ 301-314.) This tort consists of three elements: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's injuries were actually and proximately caused by the defendant's outrageous conduct." *Cochran v. Cochran*, 65 Cal. App. 4th 488, 494 (1998). Conduct is outrageous only if it "exceed[s] all bounds of that usually tolerated in a civilized community." *KOVR-TV, Inc. v. Super Ct.*, 31 Cal. App. 4th 1023, 1028 (1995) (citations and quotations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0485 AG (AJWx) | Date | October 17, 2011 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

There are insufficient facts to support a showing of intentional infliction of emotional distress. Plaintiffs allege that the Reed Defendants ran a consumer credit reporting agency, disclosed their information to a few unauthorized people, failed to correct errors in Plaintiffs' information, and had potential online security vulnerabilities. None of this alleged conduct is so outrageous that it "exceed[s] all bounds of that usually tolerated in a civilized community." *Id.* The Reed Defendants are not responsible for any damages stemming from the unforeseeable actions of Taitz, who arguably had a personal vendetta against Plaintiffs Liberi and Ostella.

Plaintiffs' Claim Nineteen seeks recovery for negligent infliction of emotional distress. To succeed, Plaintiff must plead the traditional elements of negligence, including duty, causation, and damages. *See, e.g., Ess v. Eskaton Prop.*, 97 Cal. App. 4th 120, 126 (2002) ("[n]egligent infliction of emotional distress is not an independent tort; it is the tort of negligence"). Under the CCRA and FCRA, Plaintiff may not succeed on this tort because it is "in the nature of . . . negligence," and thus requires a showing of false information published with willful and malicious intent, which does not exist here. Cal. Civ. Code § 1785.32; 15 U.S.C. § 1681h(e); *see, e.g., Socorro v. IMI Data Search Inc.*, No. 02 C 8120, 2003 WL 1964269, at *4 (N.D. Ill. 2003) (finding that the negligent infliction of emotional distress claim was "barred by the FCRA's preemption provision").

The Court GRANTS the Reed Defendants' Motion to Dismiss Claims Nine and Nineteen. Because the Court's analysis applies equally to Intelius, who joined this Motion, this Court also GRANTS this Motion as to Claims Nine and Nineteen against Intelius.

       2.5    Claim 18: Violation of California Business and Professions Code § 17200 et seq.

Plaintiffs' Eighteenth Claim is for violation of the Cal. Business and Professions Code § 17200 et seq. Section 17200 prohibits "any unlawful, unfair or fraudulent business act or practice." Plaintiffs must show that they "suffered injury in fact and ha[ve] lost money

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0485 AG (AJWx) | Date | October 17, 2011 |
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. |

or property as a result of the unfair competition." *Id.* § 17204.  They must also show that their economic or real property losses are "the result of, i.e., caused by, the unfair business practice or false advertising that is the gravamen of the claim." *Kwikset Corp. v. Super Ct.*, 51 Cal. 4th 310, 324-26 (2011).

To support this Claim, Plaintiffs allege that the Reed and Intelius Defendants' "knowing failure to adopt policies in accordance with and/or to adhere to laws . . . engenders an unfair competitive advantage for Defendant[s], thereby constituting an unfair business practice."  (FAC ¶ 392.)  Plaintiffs further allege "unfair, unlawful, and fraudulent business practices," but again do not specify to which practices they refer.  (*Id.* ¶ 393.) Their alleged economic and real property injuries include Liberi's "medical expenses," due to stress from harassment, and Ostella having to sell her home in a rush to protect them from the "threats and harassment."  (Opp. 19:20-20: 5.)  Plaintiffs also claim that they have "incurred costs as a result of the identity theft they have suffered."  (*Id.*)

The Reed Defendants argue that the FAC does not identify what was supposedly fraudulent or unfair about their conduct.  (Mot. 13:1-12.)  In particular, any fraudulent conduct must be plead with particularity.  *Khoury v. Maly's*, 14 Cal. App. 4th 612, 619 (1993).  They also claim that the FAC does not adequately plead Plaintiffs' injuries, both because those injuries are not sufficiently defined and because they are not "the result of, i.e., caused by, the unfair business practice or false advertising that is the gravamen of the claim." *Kwikset*, 51 Cal. 4th at 324-26.  Further, they claim that Section 17200 "do[es] not authorize recovery of damages by private individuals. Private relief is limited to the filing of actions for an injunction; and civil penalties are recoverable only by specified Public officers." *Chern v. Bank of America*, 15 Cal.3d 866, 876 (Cal. 1976) (internal citations omitted).

The Court agrees that Plaintiffs did not adequately pled what was unfair or unlawful about the conduct of the Reed Defendants or of Intelius.  This is sufficient reason to dismiss the Claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0485 AG (AJWx) | Date | October 17, 2011 |
|----------|------------------------|------|------------------|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

But for the sake of this Motion, the Court will also attempt to analyze this Claim on the merits. The Court will assume that the questionable conduct extends to all of the Reed Defendant and Intelius' conduct alleged in the FAC, including but not limited to failing to protect Plaintiffs' information from unauthorized third parties, failing to protect correct security breaches, and continuing to maintain incorrect information about Plaintiffs on their websites.

None of that alleged conduct caused Plaintiffs' economic injuries so as to set forth a plausible claim for unfair, unlawful, or fraudulent business practices under § 17200 et seq. Those harms are a result of Taitz' alleged campaign of harassment against Plaintiffs, and her allegedly intentional efforts to publish Plaintiffs' information throughout the Internet. The Reed Defendants could not have foreseen that someone like Taitz would publish Plaintiffs' information to the general public with the specific purpose of harassing them. *See, e.g., Animal Legal Defense Fund v. Mendes*, 160 Cal. App. 4th 136, 146 (2008) (affirming dismissal of § 17200 et seq. claim because the "connection between wrongful conduct and injury is not apparent and is not alleged with any specificity.")

Accordingly, the Court GRANTS the Reed Defendants' Motion to Dismiss Claim Eighteen. Because the Court's analysis applies equally to Intelius, who joined this Motion, this Court also GRANTS this Motion as to Claims Eighteen against Intelius.

2.6    Claim 20: Res Ipsa Loquitur Negligence

Plaintiffs' Twentieth Claim alleges res ipsa loquitur negligence. Under such a claim, Plaintiffs can argue, in the absence of direct proof, that the "accident was of such a nature that the injury was more probably than not the result of the Defendant[s'] negligence." *Moreno v. Sayre,* 162 Cal. App. 3d 116, 123 (1984) (citations and quotations omitted).

But under the CCRA and the FCRA, Plaintiffs may not succeed on any claim "in the nature of . . . negligence" against the Reed Defendants without showing false information and willful and malicious intent. Cal. Civ. Code § 1785.32; 15 U.S.C. § 1681h(e). Res

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0485 AG (AJWx) | Date | October 17, 2011 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

ipsa loquitur negligence is a tort "in the nature of negligence." *Id.* As already explained, there is no showing of false information published with willful or malicious intent. Thus, this Claim cannot proceed.

The Court GRANTS the Reed Defendants' Motion to Dismiss Claim Twenty. Because the Court's analysis applies equally to Intelius, who joined this Motion, this Court also GRANTS this Motion as to Claim Twenty against Intelius.


2.7     Conclusion

The Court GRANTS the Reed Defendants' Motion to Dismiss as to Claims 1-3, 5-6, 8-9, and 17-20. The Court also GRANTS Intelius' Joinder in this Motion as to Claims 1-3, 5-6, 8-9, and 17-20 against Intelius. Because the Reed Defendants' general argument against the FAC under Rules 8 and 12(b)(6) was not convincing, and because the Reed Defendants did not bring any specific challenges to Claims 12-16, the Court does not dismiss Claims 12-16 against the Reed or Intelius Defendants.

The Court will now consider whether or not to grant the Plaintiffs leave to amend the dismissed Claims.

## 3.     LEAVE TO AMEND

This Court has carefully considered whether or not to allow Plaintiffs to amend the dismissed Claims. The only way that Plaintiffs may amend those Claims is if they drop their allegations that the Reed and Intelius Defendants are credit reporting agencies. But if Plaintiffs drop those credit reporting allegations, the claims against the Reed Defendants will then be barred under the Communications Decency Act, 47 U.S.C. § 230 et seq ("CDA"). The CDA defense was raised in Intelius' Motion to Dismiss, and the Court will address it here to avoid another round of unnecessary pleadings and briefs. Fed. R. Civ. P.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0485 AG (AJWx) | Date | October 17, 2011 |
|----------|------------------------|------|------------------|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

1.  (courts must "secure the just, speedy, and inexpensive determination of every action and proceeding.")  The Court will limit its analysis to the narrow question of whether, if the Defendants are not alleged to be credit reporting agencies, the dismissed Claims will be barred by the CDA.

Under the CDA, "[n]o provider . . . of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."  47 U.S.C. § 230(c).  "Section 230 of the CDA immunizes providers of interactive computer services against liability arising from content created by third parties."  *Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1162 (9th Cir. 2008).  The CDA effectively "grant[s] most Internet services immunity from liability for publishing false or defamatory material so long as the information was provided by another party.  As a result, Internet publishers are treated differently from corresponding publishers in print, television and radio."  *Carafano v. Metrosplash.com. Inc*., 339 F.3d 1119, 1122 (9th Cir. 2003).

Although the CDA is an affirmative offense, it may be considered on a motion to dismiss if it raises undisputed issues of fact.  *See Scott v. Kuhlmann*, 746 F.2d 1377, 1377 (9th Cir. 1984).  If the facts are disputed and rely on evidence outside of the complaint, "the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Evid. 12(d).  For purposes of this narrow analysis, the Court assumes that the Defendants are not credit reporting agencies.  Assuming that fact to be true, the Court does not find that there are any other disputed issues of fact that would prevent it from considering this question at this time.

For CDA immunity to apply, (1) the Defendants must be providers of "an interactive computer service," (2) the FAC must treat Defendants as the publishers or speakers of information and (3) the challenged communications must be "information provided by another information content provider."  *Batzel v. Smith*, 333 F.3d 1018, 1037 (9th Cir. 2003) (Gould, J., concurring in part and dissenting in part).  The Court finds that the second element is met, because the FAC alleges that the Reed and Intelius Defendants are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | October 17, 2011 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

responsible for publishing their information to Plaintiffs.

Combining the first and third elements, the question is whether the Reed and Intelius
Defendants operate an interactive computer service that provides information from other
information content providers.

The CDA defines "interactive computer service" as "any information service, system, or
access software provider that provides or enables computer access by multiple users to a
computer service." 47 U.S.C. § 230(f)(2). It defines "information content provider," to
whom CDA immunity does not apply, as "any person or entity that is responsible,
in whole or in part, for the creation or development of information provided through the
Internet or any other interactive computer service." 47 U.S.C. § 230(f)(3). When courts
decide how to define an entity, they "treat[] immunity as quite robust" and apply a
relatively expansive definition of 'interactive computer service' and a relatively restrictive
definition of 'information content provider.' " *Carafano, Inc.*, 339 F.3d at 1122 (citing 47
U.S.C. § 230(c)).

 Applying this framework, the Ninth Circuit found that the CDA provided immunity to the
operator of an electronic newsletter who published a defamatory email, because the
selection for publication and editing of the email did not qualify as the creation or
development of that material. *Batzel*, 333 F.3d at 1030-32. The Ninth Circuit also found
that the CDA applied to an online dating website, even though it collected and structured
information provided by its users, including private information such as home addresses
and phone numbers. *Carafano*, 339 F. 3d at 1224-25. Importantly, the Ninth Circuit
found that it was entirely possible that the online dating service was an "information
content provider" for certain information, but an "internet service provider" for the
information that plaintiffs claimed was false or misleading. *Id.* at 1225 (citing *Gentry v.
eBay, Inc.*, 99 Cal. App. 4th 816, 833 n.11 (2002)). Because the illegal material in
question–a false dating profile publishing the user's actual address and email–was
provided by a third-party, the dating website was an immune service provider, even if was
a content provider for other material. *Carafano*, 339 F. 3d at 1121; *see also*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | October 17, 2011 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

*Roommates.com*, 521 F.3d at 1167-68 (finding that website operators only lose CDA immunity if they "contribute[] materially" to the illegal content, but not if they merely "augment[] the content generally.") Unlike a traditional newspaper, the dating website had no liability for publishing the false material, nor any duty to make sure that the information provided to it by third parties was accurate. *Carafano*, 339 F. 3d at 1121.

Other courts have applied similarly broad interpretations of the term 'interactive computer service' to uphold immunity under the CDA. *See, e.g., Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*, 206 F.3d 980, 985-86 (10th Cir. 2000) (affirming finding that AOL was an internet service provider with regards to its on-line provision of stock information, even though AOL communicated frequently with the stock quote providers and occasionally edited information to correct errors); *Zeran v. Am. Online*, 129 F.3d 327, 328-29 (4th Cir. 1997) (upholding immunity for both initial publication and delay in removal of false messages connecting offensive tee-shirts to the plaintiff's name and home telephone number); *Gentry*, 99 Cal. App.4th at 835 (finding that eBay was an interactive service provider even though it "exercise[d] a publisher's traditional editorial functions").

Given the robust and broad provisions of the CDA, this Court finds that the Reed and Intelius Defendants qualify as internet service providers, assuming they are not credit reporting agencies. Both Plaintiffs and Defendants agree that Intelius and Reed obtain the information in its consumer databases from "other entities, such as State and Federal government agencies; Mortgage companies; Banks; and Consumer Credit Reporting Agencies." (FAC ¶ 147.) Those other entities are the information content providers. The Reed and Intelius Defendants do not create the content, they provide a service that allows internet users to access that third-party content. Even if the Reed and Intelius Defendants create some content on their websites, they did not create the content at issue here. They did not, for example, generate the social security numbers for Plaintiffs. Incorrectly reporting or gathering third-party information does not qualify as creating content under the CDA. *See Ben Ezra*, 206 F.3d 985-86.

With this in mind, after thorough review, the Court now finds there is no possible way for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | October 17, 2011 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

Plaintiffs to cure the deficiencies in the dismissed allegations. *Telesaurus*, 623 F.3d at 1003. If the Plaintiffs allege that the Reed and Intelius Defendants are credit reporting agencies, as in the current FAC, Plaintiffs' claims are largely barred under the FCRA and CCRA. If Plaintiffs amend their pleading and claim that the Reed and Intelius Defendants are not credit reporting agencies, their claims are largely barred under the CDA. The Court further finds that any claims not affected by those statutes also cannot be cured by amendment. Thus, the Court does not provide leave to amend because it would be futile. *Swartz*, 476 F.3d at 761. And of course, the goals of the Federal Rules of Civil Procedure are met by strictly focusing on the issues in this unwieldy case. Fed. R. Civ. P. 1 ("[The Federal Rules] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.")

The Court cautions the parties that the question of whether the CDA applies to credit reporting agencies operating online, who are regulated by the CCRA and FCRA, is a much closer one involving questions of preemption. If the Reed and Intelius Defendants wish to make this difficult argument in a summary judgment motion against Claims 12-16, they should fully brief the issue.

## DISPOSITION

The Court issued a tentative ruling and held oral argument on this Motion. At oral argument, counsel for Plaintiffs chose to present their arguments by reading from a 30-page, single-spaced document. Unlike many district courts, this Court invites oral arguments on motions to dismiss. But with a packed courtroom on law and motion day, time limits are necessary. When the Court pressed counsel to focus on the most important points, counsel was unable to articulate what those points might be. The genesis of the FAC is all too clear. Although this Order comes just short of finding that the FAC violated Rule 8, it is "not an invitation to disregard[] Rule 8's requirement of simplicity, directness, and clarity." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Counsel's brand of long-winded advocacy does nothing to help their case or assist the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | October 17, 2011 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

The Court GRANTS the Reed Defendants' Motion to Dismiss without leave to amend as to Claims 1-3, 5-6, 8-9, and 17-20.  As indicated above, the Court also GRANTS Intelius' Joinder in this Motion as to Claims 1-3, 5-6, 8-9, and 17-20 against Intelius without leave to amend.

The Court DENIES the Reed Defendants' Motion to Dismiss Claims 12- 16.

Thus, the only remaining Claims against both the Reed and Intelius Defendants are 12-16, which rely on the FCRA.  The Reed Defendants correctly note that to properly attack those allegations, they will need to bring a summary judgment motion.  The Court strongly urges the Reed and Intelius Defendants to file a joint motion to avoid duplicative briefing and to conserve scarce judicial resources.  The CCRA and the FCRA as applied to this case raise difficult legal and factual issues.  Accordingly, the Court asks all parties to invest a suitable amount of time into fully researching any summary judgment motions and providing the Court with ample authority.

_____ :   0

Initials of
Preparer                              lmb