Philip J. Berg, Esquire
Pennsylvania I.D. 9867
**LAW OFFICES OF PHILIP J. BERG**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Telephone:  (610) 825-3134
E-mail: philjberg@gmail.com          *Attorney in pro se and for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA,
# SOUTHERN DIVISION

| | |
|---|---|
| LISA LIBERI, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> ORLY TAITZ, et al, <br><br> Defendants. | CIVIL ACTION NUMBER: <br><br> **8:11-cv-00485-AG (AJW)** <br><br> **PLAINTIFFS RESPONSE IN OPPOSITION TO DEFENDANT, DAYLIGHT CHEMICAL INFORMATION SYSTEMS, INC., MOTION TO DISMISS** <br><br> Date of Hearing:  December 19, 2011 <br> Time of Hearing: 10:00 a.m. <br> Location:           Courtroom 10D |

**COMES NOW** Plaintiffs, Philip J. Berg, Esquire [hereinafter at times "Berg"]; Lisa Ostella [hereinafter at times "Ostella"]; Lisa Liberi [hereinafter at times "Liberi"]; Go Excel Global and Law Offices of Philip J. Berg by and through their undersigned counsel, Philip J. Berg, Esquire and files the within Response in Opposition: Memorandum of Points and Authorities; and Declaration of Philip J. Berg in Opposition to Defendant, Daylight Chemical Information Systems, Inc.

["DCIS"] Motion to Dismiss ["MTD"] Plaintiffs First Amended Complaint ["FAC"]. Plaintiffs aver the following:

1. DCIS is responsible for its employees' actions. In this case, DCIS employee Yosef Taitz utilized DCIS' tools, and his position, skills and knowledge, used in his daily functions conducted on behalf of DCIS, through DCIS to obtain Plaintiffs private data and provide it to his wife, Orly Taitz, to carry out her threats of harm against Plaintiffs. As a result, Plaintiffs were severely damaged. Thus, DCIS is responsible for the damages caused to Plaintiffs by its employee, Yosef Taitz. *See* <u>PMC v. Kadisha,</u> (2000) 78 Cal. App. 4th 1368, 1378, 1381; <u>Lisa M. v. Henry Mayo Newhall Mem'l Hosp</u>., 12 Cal. 4th 291, 296-98, 907 P.2d 358, 360-62, 48 Cal. Rptr. 2d 510, 512-14 (1995); <u>Rita M. v. Roman Catholic Archbishop</u>, 187 Cal. App. 3d 1453, 1461, 232 Cal. Rptr. 685, 690 (1986); *see also* <u>Tsakos Shipping & Trading, S.A. v. Juniper Garden Town Homes, Ltd</u>., 12 Cal. App. 4th 74, 93, 15 Cal. Rptr. 2d 585, 595 (1993).

2. Defendant Yosef Taitz ["Mr. Taitz"] never denied the facts pled against him or DCIS in Plaintiffs FAC. Instead, Mr. Taitz contends his Corporation, DCIS, is liable for the damages caused to Plaintiffs by his actions through DCIS. Mr. Taitz claimed all the damages and liabilities owed to Plaintiffs, as a result of Mr. Taitz's actions through DCIS, are the direct result of DCIS, and the Intelius and Reed Defendants. *See* Mr. Taitz Motions to Dismiss, DN 296 filed July 19, 2011 and DN 329 filed August 1, 2011.

3. DCIS claims the Fair Credit Reporting Act ["FCRA"] does **not** apply to them as they are **not** a credit reporting agency. The FCRA pertains and has rules regarding companies and individuals who pull and/or obtain Consumer Reports. *See* 15 U.S.C. §§ 1681d, 1681e, and 1681q.

4. DCIS claims that it was Orly Taitz who caused all the damages against Plaintiffs by using the Sankey Defendants to obtain Plaintiffs private data. This is only correct in part. Mr. Taitz through DCIS needed the Sankey Defendants to run Plaintiffs private data through the Intelius and Reed Defendants to create a compilation link. The Intelius and Reed Defendants have two [2] views of the information provided, a front view and a back end view. The Sankey Defendants only had access to the front end view, e.g. Social Security numbers, dates of birth, address information, assets, relative information, business associates, etc. Mr. Taitz through DCIS by utilizing the compilation link created by the Sankey Defendants had access to the back end view which provides more private information, e.g. the same private data provided in the front end view, but also medical records, credit reports, financial records, places of birth, children's names, etc.

5. Defendant Orly Taitz could **not** have accomplished harming the Plaintiffs, nor would she have been able to obtain Plaintiffs private data, had Defendants Mr. Taitz, DCIS, and the Sankey Defendants **not** accessed Plaintiffs

private data and provided it to Defendant Orly Taitz to carry out her threats. Further, had the Intelius and Reed Defendants maintained Plaintiffs private data confidentially, **not** allowed access, and complied with the laws, then none of the Defendants would have been able to gain access to Plaintiffs private data to provide to Orly Taitz.

6. DCIS' Motion to Dismiss Plaintiffs Twentieth Cause of Action, Res Ipsa Loquitor, is premature. Discovery has yet to commence between the parties. It will be imperative that Plaintiffs receive **all the source codes** utilized by DCIS from January 1, 2009 to current on **all** their products in use by the Intelius and Reed Defendants. It is also imperative for electronic discovery to take place. Plaintiffs anticipate the need and requirement of **extensive electronic discovery**.

7. Plaintiffs have stated a claim which relief can be granted, and properly pled their Cause of Actions against DCIS, contrary to Defendant DCIS' statements in its Motion to Dismiss, for the 1st through 3rd, 5th, 6th, 8th; 9th; 14th and 17th through 20th Causes of Action.

8. Plaintiffs Opposition is based upon their Opposition, the attached Memorandum of Points and Authorities in Support hereof; Declaration of Philip J. Berg, Esquire; and upon records on file with this Court and such further oral and/or documentary evidence that may be presented at the time of the Hearing.

**WHEREFORE**, for the reasons stated herein, Defendant Daylight Chemical Information System, Inc.'s Motion to Dismiss Plaintiffs First Amended Complaint must be Denied.  If this Court is inclined to Grant any part of Defendant Daylight Chemical Information Systems, Inc. Motion, Plaintiffs respectfully Request Leave to Amend their Compliant.

                                        Respectfully submitted,

Dated:  November 23, 2011          /s/ Philip J. Berg
                                        Philip J. Berg, Esquire
                                        Pennsylvania I.D. 9867
                                        **LAW OFFICES OF PHILIP J. BERG**
                                        555 Andorra Glen Court, Suite 12
                                        Lafayette Hill, PA 19444-2531
                                        Telephone:   (610) 825-3134
                                        E-mail: philjberg@gmail.com

                                        *Attorney for Plaintiffs*