Michael J. Niborski (State Bar No. 192111)
e-mail: mniborski@pryorcashman.com
PRYOR CASHMAN LLP
1801 Century Park East, 24th Floor
Los Angeles, California 90067-2302
Tel: (310) 556-9608
Fax: (310) 556-9670

Tom J. Ferber (*pro hac vice* admission pending)
e-mail: tferber@pryorcashman.com
Ross M. Bagley (*pro hac vice* admission pending)
e-mail: rbagley@pryorcashman.com
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036-6569
Tel: (212) 326-0188
Fax: (212) 798-6382

*Attorneys for Defendant*
Daylight Chemical Information Systems, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISON

| | |
|---|---|
| LISA LIBERI, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ORLY TAITZ, et al.,<br><br>Defendants. | Case No. CV 11-00485 AG (AJWx)<br><br>**DEFENDANT DAYLIGHT CHEMICAL INFORMATION SYSTEM, INC.'S OBJECTIONS TO AND MOTION TO STRIKE PLAINTIFFS' IMPROPERLY FILED "RESPONSE IN OPPOSITION" TO MOTION TO DISMISS AND DECLARATION OF PHILIP J. BERG**<br><br>Date: December 19, 2011<br>Time: 10:00 a.m.<br>Judge: Hon. Andrew J. Guilford<br>Place: Courtroom 10D<br><br>[*Reply Memorandum filed concurrently*] |

Defendant Daylight Chemical Information Systems, Inc. ("DCIS") hereby objects to and moves to strike the following documents filed by Plaintiffs in opposition to DCIS's Motion to Dismiss Plaintiffs' First Amended Complaint: (1) the "Response in Opposition" to the Motion to Dismiss (Docket No. 440); and (2) the Declaration of Philip J. Berg, Esquire (the "Berg Declaration") (Docket No. 440-3). Neither of these documents is procedurally valid and the Court should not consider either of them. Further, in addition to being wholly inappropriate, the Berg Declaration is filled with objectionable content, as set forth in detail below.

## I. The "Response In Opposition" Is An Improper Filing And The Court Should Not Consider It.

The "Response in Opposition" is a poorly disguised attempt by Plaintiffs to circumvent the page limit applicable to their Opposition to DCIS's Motion. It is loaded with impermissible argument and not permitted by any rule. Plaintiffs' Memorandum of Points and Authorities – the only appropriate place for Plaintiffs to make their argument – takes <u>full</u> advantage of the Court's 25 page limit. (<u>See</u> Docket No. 440-2; Local Rule 11-6.) Indeed, the signature block on the 25th page of Plaintiffs' Memorandum extends <u>past</u> line 28, i.e., the ostensible final permissible line of text. (<u>See</u> Local Rule 11-3.2.) Dissatisfied with these limitations, Plaintiffs created their "Response in Opposition" and placed additional argument there. This document is not permissible and the Court should strike it and disregard the inappropriate argument it contains.

## II. The Berg Declaration Is Procedurally Invalid.

It is fundamental that the Court may not consider any materials outside the pleadings in ruling on a Motion to Dismiss under Rule 12(b)(6). <u>See, e.g.</u>, <u>Branch v. Tunnell</u>, 14 F.3d 449, 453 (9th Cir. 1994) (quoting <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1555 n.19 (9th Cir.1990)). It goes without saying that this is precisely what the Berg Declaration is – material outside the

pleadings. Indeed, it is filled with objectionable evidence and even argument, and the Court should not consider it at this time.[1]

### III. The Berg Declaration Contains Nothing But Inadmissible "Evidence."

If the Court decides to consider the Berg Declaration at all – and, as set forth above, it is respectfully submitted that it should not – it should decline to consider any of its objectionable and inadmissible content. DCIS hereby submits the following specific evidentiary objections to the Berg Declaration:

| | EVIDENCE | OBJECTIONS | RULING |
|---|---|---|---|
| ¶2 | Defendant Orly Taitz threatened to take me down and to do so she was going to destroy my Paralegal, Plaintiff Lisa Liberi and get rid of her. Defendant Orly Taitz was successful in destroying Plaintiff Lisa Liberi. | **Improperly Submitted Evidence.** The entire Berg Declaration, including this paragraph, is invalid because the Court may not consider any materials outside the pleadings in ruling on a Motion to Dismiss under Rule 12(b)(6). See, e.g., Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994) (quoting Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990)). | ☐ Sustained.<br>☐ Overruled. |

---

[1] DCIS respectfully submits that the Court should opt not to consider the Berg Declaration and treat DCIS's motion as one for summary judgment. See, e.g., Branch, 14 F.3d at 453 (quoting Fed. R. Civ. P. 12(b)). Discovery in this case is not sufficiently far along (indeed, there has been no discovery by or of DCIS) to permit the parties to submit fulsome evidence under Rule 56.

3

| | | | |
|---|---|---|---|
| | | **Prejudicial Evidence [FRE 403].** Mr. Berg's unfounded, unclear, and conclusory assertions that Mrs. Taitz "threatened" him and "destroyed" Ms. Liberi are prejudicial, and such prejudice outweighs any probative value this evidence might have.<br><br>**Improper Evidence of a Wrong [FRE 404(b)(1)].** Mr. Berg's unfounded, unclear, and conclusory assertions that Mrs. Taitz "threatened" him and "destroyed" Ms. Liberi constitute inadmissible evidence submitted "in order to show that on a particular occasion the person acted in accordance with" a particular trait.<br><br>**Lack of Personal Knowledge [FRE 602]; Lack of Foundation [FRE 901].** There is no foundation to establish that Mr. Berg has personal knowledge of the so called "destruction" of Ms. Liberi.<br><br>**Improper Legal Conclusion [FRE 701].** This testimony expresses a legal conclusion and thus is not "helpful to a clear understanding of the witnesses' testimony or the determination of a fact in issue." | |

| | | | | |
|---|---|---|---|---|
| ¶ 3 | | Defendant Orly Taitz also set out to destroy Plaintiff Lisa Ostella because Plaintiff Lisa Ostella refused to lie and falsify information in order to substantiate Defendant Orly Taitz's false statements, false claims and lies pertaining to "hacking", "cracking", and theft of donated money and of her (Taitz's) website. | **Improperly Submitted Evidence.** The entire Berg Declaration, including this paragraph, is invalid because the Court may not consider any materials outside the pleadings in ruling on a Motion to Dismiss under Rule 12(b)(6). See, e.g., Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994) (quoting Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990)). <br><br> **Prejudicial Evidence [FRE 403].** Mr. Berg's unfounded, unclear, and conclusory assertions that Mrs. Taitz "set out to destroy" Ms. Ostella and made false claims and engaged in other dishonest behavior are prejudicial, and such prejudice outweighs any probative value this evidence might have. <br><br> **Improper Evidence of a Wrong [FRE 404(b)(1)].** Mr. Berg's unfounded, unclear, and conclusory assertions that Mrs. Taitz "set out to destroy" Ms. Ostella and made false claims and engaged in other dishonest behavior constitute inadmissible evidence submitted "in order to show that on a particular occasion the | ☐ Sustained. <br><br> ☐ Overruled. |

| | | | |
|---|---|---|---|
| 1 | | person acted in accordance with" a particular trait.<br><br>**Lack of Personal Knowledge [FRE 602]; Lack of Foundation [FRE 901].** There is no foundation to establish that Mr. Berg has personal knowledge of the so called attempted "destruction" of Ms. Ostella, Ms.Ostella's actions, or Mrs. Taitz's actions.<br><br>**Improper Legal Conclusion [FRE 701].** This testimony expresses a legal conclusion and thus is not "helpful to a clear understanding of the witnesses' testimony or the determination of a fact in issue." | |
| ¶ 4 | This case is not about any type of "intra-Birther Movement feud", nor is it a "politically motivated skirmish". This case is about Defendant Orly Taitz's threats against me and the Plaintiffs Lisa Liberi ["Liberi"] and Lisa Ostella ["Ostella"]. The case against Daylight Chemical Information Systems, Inc. and Yosef Taitz is due to their assistance to Defendant Orly Taitz in access to and gaining of Plaintiffs private data, without the knowledge | **Improperly Submitted Evidence.** The entire Berg Declaration, including this paragraph, is invalid because the Court may not consider any materials outside the pleadings in ruling on a Motion to Dismiss under Rule 12(b)(6). <u>See, e.g.</u>, <u>Branch v. Tunnell</u>, 14 F.3d 449, 453 (9th Cir. 1994) (quoting <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1555 n.19 (9th Cir.1990)). | ☐ Sustained.<br><br>☐ Overruled. |

| | | | |
|---|---|---|---|
| | and/or permission of the Plaintiffs, in carrying out her threats against the Plaintiffs. | **Prejudicial Evidence [FRE 403].** Mr. Berg's unfounded, unclear, and conclusory assertions that Mrs. Taitz "threatened" Plaintiffs are prejudicial, and such prejudice outweighs any probative value this evidence might have.<br><br>**Improper Legal Conclusion [FRE 701].** This testimony expresses a legal conclusion and thus is not "helpful to a clear understanding of the witnesses' testimony or the determination of a fact in issue." | |
| ¶ 5 | Private data includes but is not limited to full Social Security numbers, dates of births, spouses private data, places of birth, maiden names, mother's maiden names, financial records, credit reports, consumer reports, background checks, medical information, sealed court case information, adoption records, Plaintiffs children's information, etc., including all of Plaintiffs primary identification information. | **Improperly Submitted Evidence.** The entire Berg Declaration, including this paragraph, is invalid because the Court may not consider any materials outside the pleadings in ruling on a Motion to Dismiss under Rule 12(b)(6). See, e.g., Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994) (quoting Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990)). | ☐ Sustained.<br><br>☐ Overruled. |

| | | | | |
|---|---|---|---|---|
| | | | **Lack of Personal Knowledge [FRE 602]; Lack of Foundation [FRE 901].** There is no foundation to establish that Mr. Berg has personal knowledge of the information described in this paragraph.<br><br>**Improper Legal Conclusion [FRE 701].** This testimony expresses a legal conclusion and thus is not "helpful to a clear understanding of the witnesses' testimony or the determination of a fact in issue." | |
| | ¶ 6 | Daylight Chemical Information Systems, Inc. ["Daylight"] brings forth in their Motion to Dismiss ["MTD"] that Daylight's products are for the "chemical" purpose. As pled in Plaintiffs First Amended Complaint ["FAC"] Daylight is a software development company, Not a chemical company. Their scripts are not indigenous to the pharmaceutical industry. Anything can be inserted into the 'quotes', but displaying their scripts with chemical equations ensures their applications will appear more complicated to hide the true functionality of their programs. | **Improperly Submitted Evidence.** The entire Berg Declaration, including this paragraph, is invalid because the Court may not consider any materials outside the pleadings in ruling on a Motion to Dismiss under Rule 12(b)(6). See, e.g., Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994) (quoting Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990)).<br><br>**Lack of Personal Knowledge [FRE 602]; Lack of Foundation [FRE 901].** There is no foundation to establish that Mr. Berg has personal knowledge of | ☐ Sustained.<br><br>☐ Overruled. |

| | | | DCIS's business. | |
|---|---|---|---|---|
| | ¶ 7 | As explained in Plaintiffs FAC, Daylight's applications are in the architecture of Oracle and reach further with other software components developed under Daylight, Twilight LLC, MetaMorphics LLC, ChemoInformatics and other affiliates. This gave Daylight back door access to the Intelius and Reed Defendants databases. This is especially true with systems that are partners; such as, Oracle, Sun Microsystems, MDL Elsevier, universities, pharmaceutical companies, the Reed Defendants and more. | **Improperly Submitted Evidence.** The entire Berg Declaration, including this paragraph, is invalid because the Court may not consider any materials outside the pleadings in ruling on a Motion to Dismiss under Rule 12(b)(6). See, e.g., Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994) (quoting Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990)).<br><br>**Lack of Personal Knowledge [FRE 602]; Lack of Foundation [FRE 901].** There is no foundation to establish that Mr. Berg has personal knowledge of DCIS's business. | ☐ Sustained.<br><br>☐ Overruled. |
| | ¶ 8 | Contrary to Daylight's statements in their MTD, Daylight has always been well aware of the dual purpose of their software and scripts. Their shared tool server and libraries are scripted for Global Access:<br><br>$DY_ROOT/lib<br>$DY_ROOT/bin | **Improperly Submitted Evidence.** The entire Berg Declaration, including this paragraph, is invalid because the Court may not consider any materials outside the pleadings in ruling on a Motion to Dismiss under Rule 12(b)(6). See, e.g., Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994) (quoting Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d | ☐ Sustained.<br><br>☐ Overruled. |

9

| | | | |
|---|---|---|---|
| | | 1542, 1555 n.19 (9th Cir.1990)).<br><br>**Lack of Personal Knowledge [FRE 602]; Lack of Foundation [FRE 901].** There is no foundation to establish that Mr. Berg has personal knowledge of DCIS's business. | |
| ¶9 | As shown in Daylight's scripting and manuals, filed with this Court as Exhibits "141" (DCIS Cartridge); "142" (DCIS' fingerprinting); "143" (DCIS Dual Purpose Manual); and "144" (DCIS DayCart) appearing in Docket Entry Numbers 190-26 and 190-27, and as pled in Plaintiffs FAC, the Dollar sign in their code scripting indicates Global Access. The dollar sign is called Sigil in programming. Understanding a program with Global Access requires knowledge about the context and hidden abilities. Understanding the access creates a pipeline into a program from the root that allows registry access and editing. Daylight is well aware of these hidden abilities in their programs. Understanding the use of Sigil Variables entails understanding a large portion of the software program. Daylight held | **Improperly Submitted Evidence.** The entire Berg Declaration, including this paragraph, is invalid because the Court may not consider any materials outside the pleadings in ruling on a Motion to Dismiss under Rule 12(b)(6). See, e.g., Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994) (quoting Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990)).<br><br>**Lack of Personal Knowledge [FRE 602]; Lack of Foundation [FRE 901].** There is no foundation to establish that Mr. Berg has personal knowledge of DCIS's business. | ☐ Sustained.<br><br>☐ Overruled. |

| | | | |
|---|---|---|---|
| | 'hacker classes' with their 'krewe' monthly, for years. | | |
| ¶ 10 | Daylight's access to database servers, running programs internally could alert remote access to IT personnel of unauthorized access and functions, if the proper security is in place. But, having Neil Sankey and The Sankey Firm run information requests created a hard link to compiled information that was easier to take from the Reed and Intelius Defendants systems. | **Improperly Submitted Evidence.** The entire Berg Declaration, including this paragraph, is invalid because the Court may not consider any materials outside the pleadings in ruling on a Motion to Dismiss under Rule 12(b)(6). See, e.g., Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994) (quoting Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990)).<br><br>**Lack of Personal Knowledge [FRE 602]; Lack of Foundation [FRE 901].** There is no foundation to establish that Mr. Berg has personal knowledge of DCIS's business. | ☐ Sustained.<br><br>☐ Overruled. |
| ¶ 11 | Information on the tools that make these functions possible for Daylight, and that are embedded within the architecture of servers like Oracle are located in their manuals on their website at http://www.daylight.com/products/toolserver.html. | **Improperly Submitted Evidence.** The entire Berg Declaration, including this paragraph, is invalid because the Court may not consider any materials outside the pleadings in ruling on a Motion to Dismiss under Rule 12(b)(6). See, e.g., Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994) (quoting Hal Roach Studios, Inc. v. Richard | ☐ Sustained.<br><br>☐ Overruled. |

| | | | |
|---|---|---|---|
| | | Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990)).<br><br>**Lack of Personal Knowledge [FRE 602]; Lack of Foundation [FRE 901].** There is no foundation to establish that Mr. Berg has personal knowledge of DCIS's business. | |
| ¶ 12 | The Remote Toolkit consists of a server that locally processes all Daylight Toolkit functions for a remote client. For the cost of network overhead, toolkit clients share the toolkit server's resources, e.g., CPU power, shared programs, databases, etc. In general, hardware and operating systems supplied methodology of Daylight algorithms. A low-cost Macintosh or PC client may be with PC's and Macintoshes cannot efficiently handle the high-performance connected to a remote toolkit server on a more powerful Unix workstation. As an example, a SMILES might be entered into a Macintosh which would send it to a Unix machine to be interpreted; the Macintosh might then request database searching and depiction generation via the Unix machine for display on the Macintosh. | **Improperly Submitted Evidence.** The entire Berg Declaration, including this paragraph, is invalid because the Court may not consider any materials outside the pleadings in ruling on a Motion to Dismiss under Rule 12(b)(6). See, e.g., Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994) (quoting Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990)).<br><br>**Lack of Personal Knowledge [FRE 602]; Lack of Foundation [FRE 901].** There is no foundation to establish that Mr. Berg has personal knowledge of DCIS's business. | ☐ Sustained.<br><br>☐ Overruled. |

| | | | |
|---|---|---|---|
| ¶ 13 | The programming environment is identical to local toolkit programming with the addition of two functions to connect to and disconnect from the toolkit server. | **Improperly Submitted Evidence.** The entire Berg Declaration, including this paragraph, is invalid because the Court may not consider any materials outside the pleadings in ruling on a Motion to Dismiss under Rule 12(b)(6). See, e.g., Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994) (quoting Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990)).<br><br>**Lack of Personal Knowledge [FRE 602]; Lack of Foundation [FRE 901].** There is no foundation to establish that Mr. Berg has personal knowledge of DCIS's business. | ☐ Sustained.<br><br>☐ Overruled. |
| ¶ 14 | Programs written with the Remote Toolkit will not operate in a stand-alone environment (a Remote Toolkit Server must be accessible over an IP network). | **Improperly Submitted Evidence.** The entire Berg Declaration, including this paragraph, is invalid because the Court may not consider any materials outside the pleadings in ruling on a Motion to Dismiss under Rule 12(b)(6). See, e.g., Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994) (quoting Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990)). | ☐ Sustained.<br><br>☐ Overruled. |

| | | | |
|---|---|---|---|
| | | **Lack of Personal Knowledge [FRE 602]; Lack of Foundation [FRE 901].** There is no foundation to establish that Mr. Berg has personal knowledge of DCIS's business. | |
| ¶ 15 | All Daylight Toolkit functions are supported by the 4.5 Remote Toolkit. The Remote Toolkit server (daytoolserver) is available on all supported Unix platforms. Only the client side of the remote toolkit exists on personal computers, available for Macintosh (via MacTCP) and PC/Windows (via WinSockets). | **Improperly Submitted Evidence.** The entire Berg Declaration, including this paragraph, is invalid because the Court may not consider any materials outside the pleadings in ruling on a Motion to Dismiss under Rule 12(b)(6). <u>See, e.g., Branch v. Tunnell</u>, 14 F.3d 449, 453 (9th Cir. 1994) (quoting <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1555 n.19 (9th Cir.1990)).<br><br>**Lack of Personal Knowledge [FRE 602]; Lack of Foundation [FRE 901].** There is no foundation to establish that Mr. Berg has personal knowledge of DCIS's business. | ☐ Sustained.<br><br>☐ Overruled. |
| ¶ 16 | Also in the Toolkit is The Conversion Toolkit which is aimed at facilitating migration of data into and out of Daylight software. | **Improperly Submitted Evidence.** The entire Berg Declaration, including this paragraph, is invalid because the Court may not consider any materials outside the | ☐ Sustained.<br><br>☐ Overruled. |

14

| | | | | |
|---|---|---|---|---|
| | | | pleadings in ruling on a Motion to Dismiss under Rule 12(b)(6). See, e.g., Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994) (quoting Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990)).<br><br>**Lack of Personal Knowledge [FRE 602]; Lack of Foundation [FRE 901].** There is no foundation to establish that Mr. Berg has personal knowledge of DCIS's business. | |
| | ¶ 17 | Defendants Yosef Taitz by and through Daylight used Daylight's tools outlined herein to access Plaintiffs private data from the Reed and Intelius Defendants databases, computers and servers. Yosef Taitz utilized his skills, access, and job functions that he uses in his line of employment with Daylight. | **Improperly Submitted Evidence.** The entire Berg Declaration, including this paragraph, is invalid because the Court may not consider any materials outside the pleadings in ruling on a Motion to Dismiss under Rule 12(b)(6). See, e.g., Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994) (quoting Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990)).<br><br>**Lack of Personal Knowledge [FRE 602]; Lack of Foundation [FRE 901].** There is no foundation to establish that Mr. Berg has personal knowledge of | ☐ Sustained.<br><br>☐ Overruled. |

| | ¶ | | | |
|---|---|---|---|---|
| | | | DCIS's business. | |
| | ¶ 18 | All the information herein is pled in Plaintiffs FAC and explained in Exhibits "141" through "144" appearing as Docket Entry Numbers 190-26 and 190-27. This is how Yosef Taitz through DCIS was able to access Plaintiffs private data, that Mr. Taitz through his Corporation, Daylight provided to Defendant Orly Taitz. With the private data of Plaintiffs, Defendant Orly Taitz carried out her threats of harm towards the Plaintiffs. As a result, Plaintiffs suffered severe damages. | **Improperly Submitted Evidence.** The entire Berg Declaration, including this paragraph, is invalid because the Court may not consider any materials outside the pleadings in ruling on a Motion to Dismiss under Rule 12(b)(6). See, e.g., Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994) (quoting Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990)).<br><br>**Prejudicial Evidence [FRE 403].** Mr. Berg's unfounded, unclear, and conclusory assertion that Mrs. Taitz "threatened" Plaintiffs is prejudicial, and such prejudice outweighs any probative value this evidence might have.<br><br>**Improper Evidence of a Wrong [FRE 404(b)(1)].** Mr. Berg's unfounded, unclear, and conclusory assertion that Mrs. Taitz "threatened" Plaintiffs constitutes inadmissible evidence submitted "in order to show that on a particular occasion the person acted in accordance with" a particular trait. | ☐ Sustained.<br><br>☐ Overruled. |

| | | | | |
|---|---|---|---|---|
| | | | **Lack of Personal Knowledge [FRE 602]; Lack of Foundation [FRE 901].** There is no foundation to establish that Mr. Berg has personal knowledge of DCIS's business.<br><br>**Improper Legal Conclusion [FRE 701].** This testimony expresses a legal conclusion and thus is not "helpful to a clear understanding of the witnesses' testimony or the determination of a fact in issue." | |
| | ¶ 19 | Defendant Orly Taitz published all the private data of Plaintiffs that she received from the Sankey Defendants, her husband, Yosef Taitz by and through and with the use of Defendant Daylights tools, the Reed and Intelius Defendants through the Internet, mass emailing, postal mailings, RSS feeds, repeatedly, including sending it internationally. All of which caused Plaintiffs severe serious damages. Defendant Orly Taitz could not have completed her goal in destroying the Plaintiffs had the Defendants not made Plaintiffs private data available, accessible, and provided the information to her. This includes | **Improperly Submitted Evidence.** The entire Berg Declaration, including this paragraph, is invalid because the Court may not consider any materials outside the pleadings in ruling on a Motion to Dismiss under Rule 12(b)(6). See, e.g., Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994) (quoting Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990)).<br><br>**Prejudicial Evidence [FRE 403].** Mr. Berg's unfounded, unclear, and conclusory assertion that Mrs. Taitz wished to "destroy" Plaintiffs is prejudicial, and such | ☐ Sustained.<br><br>☐ Overruled. |

| | | | |
|---|---|---|---|
| | Daylight. | prejudice outweighs any probative value this evidence might have.<br><br>**Improper Evidence of a Wrong [FRE 404(b)(1)].** Mr. Berg's unfounded, unclear, and conclusory assertion that Mrs. Taitz wished to "destroy" Plaintiffs constitutes inadmissible evidence submitted "in order to show that on a particular occasion the person acted in accordance with" a particular trait.<br><br>**Lack of Personal Knowledge [FRE 602]; Lack of Foundation [FRE 901].** There is no foundation to establish that Mr. Berg has personal knowledge of DCIS's business.<br><br>**Improper Legal Conclusion [FRE 701].** This testimony expresses a legal conclusion and thus is not "helpful to a clear understanding of the witnesses' testimony or the determination of a fact in issue." | |

18

Respectfully submitted,

**PRYOR CASHMAN LLP**

Dated: December 5, 2011     By: /s/ *Michael J. Niborski*
                                Michael J. Niborski
                                Tom J. Ferber
                                Ross M. Bagley

*Attorneys for Defendant*
Daylight Chemical Information Systems, Inc.