John A. Vogt (State Bar No. 198677)
javogt@jonesday.com
Edward S. Chang (State Bar No. 241682)
echang@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, California 92612
Telephone: (949) 851-3939
Facsimile: (949) 553-7539

Attorneys for Defendant
INTELIUS INC.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| LISA LIBERI, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>ORLY TAITZ, et al.,<br><br>        Defendants. | Case No. 8:11-CV-00485-AG (AJWx)<br><br>Assigned for all purposes to Honorable Andrew J. Guilford<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF INTELIUS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date: March 12, 2012<br>Time: 10:00 a.m.<br>Dept: 10 D |

## REQUEST FOR JUDICIAL NOTICE

**PLEASE TAKE NOTICE** that, under Federal Rule of Evidence 201, and in support of its Motion for Summary Judgment, Intelius Inc. respectfully requests that the Court take Judicial Notice of the following public record, which is not subject to reasonable dispute because it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned:

1. The Notice of Ruling, and accompanying Order, of the Honorable Kevin C. Brazile, dated January 17, 2012, sustaining the Demurrer of Intelius Inc. without leave to amend pursuant to the Communications Decency Act, in the matter Geller, et al. v. Intelius, et al., Los Angeles Superior Court Case No. BC 453778, a true and correct copy of which is attached as Exhibit 1 hereto.

## ARGUMENT

"A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b).

The Court may "take judicial notice of undisputed matters of public record." Wilbur v. Locke, 423 F.3d 1101, 1113 (9th Cir. 2005) (brackets omitted). The aforementioned document is not reasonably subject to dispute—it is a public record—an Order of the Superior Court—in a matter that is pending before the Los Angeles Superior Court. Thus, it is the proper subject of judicial notice under the Federal Rules of Evidence.

1

## **CONCLUSION**

For the foregoing reasons, Intelius respectfully requests that, in connection with its Motion for Summary Judgment, the Court take judicial notice of the Notice of Ruling, and accompanying Order, of the Honorable Kevin C. Brazile, dated January 17, 2012, sustaining the Demurrer of Intelius Inc. without leave to amend pursuant to the Communications Decency Act, in the matter <u>Geller, et al. v. Intelius, et al.</u>, Los Angeles Superior Court Case No. BC 453778.

Dated:   February 10, 2012

Respectfully submitted,

JONES DAY

By: */s/ John A. Vogt*
     John A. Vogt

ATTORNEYS FOR INTELIUS INC.