UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | March 16, 2012 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Dwayne Roberts | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |

Proceedings:   [IN CHAMBERS] ORDER GRANTING DEFENDANT INTELIUS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs Lisa Liberi ("Liberi"), Lisa M. Ostella ("Ostella"), Go Excel Global, Phillip J. Berg, Esq., and the Law Offices of Phillip J. Berg (collectively, "Plaintiffs") filed a very lengthy First Amended Complaint ("FAC") against various defendants ("Defendants"), including Intelius, Inc. ("Intelius") and Defendant Orly Taitz ("Taitz").  Berg and Taitz first met at a press conference regarding Obama's qualifications for President, and both continue to be active in what is commonly referred to as the "Birther" movement.  This Court previously dismissed all claims against Intelius without leave to amend, except for Claims 12-16.

Intelius now files a Motion for Summary Judgment ("Motion") against remaining Claims 12-16.  The Motion is GRANTED in its entirety.

1.   **BACKGROUND**

In their First Amended Complaint ("FAC"), Plaintiffs allege that Taitz contacted Defendant Neil Sankey, a private investigator, to "conduct background checks" on Liberi and Ostella.  (*Id.* ¶ 66.)  Sankey allegedly used an Intelius account belonging to "Sankey

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 11-0485 AG (AJWx) | Date | March 16, 2012 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

Investigations, Inc., Todd Sankey, and The Sankey Firm [Inc.'s]" to "seek Plaintiffs Ostella and Liberi's private data and credit reports, without any type of authorization from the Plaintiffs and/or a permissible purpose." (*Id.* ¶¶ 31, 67.)

After a review of the evidence and arguments submitted in the light most favorable to Plaintiffs, the Court makes the following findings of fact.

    1.1    General Information Regarding Intelius

Intelius owns and operates an interactive website–www.intelius.com–that allows users to obtain information about individuals, such as addresses, phone numbers, and court records. (Intelius' Response to Plaintiffs' Statement of Genuine Disputes of Material Facts ("RDF") ¶ 1). During all relevant times, Intelius' business has been divided into two business units–the Consumer Information Services Unit ("Consumer Unit") and the Enterprise Services Unit ("Enterprise Unit"). (RDF ¶ 2); (Plaintiffs' Request for Judicial Notice "PRJN," Ex. 1 at 13.) Beginning in April 2010, Intelius' subsidiary Talentwise, Inc. ("Talentwise") began to operate the Enterprise Unit. (RDF ¶ 2.)

The Consumer Unit and the Enterprise Unit are designed to provide distinct services. The Enterprise Unit is designed to provide consumer credit reports ("Consumer Credit Reports") under the Federal Fair Credit Reporting Act, 15 U.S.C. §§ 1692, et seq. ("FCRA") for purposes such as employment or tenant screening. (RDF ¶ 4.)

The Consumer Unit is designed to provide publicly-available information gathered from third-parties for purposes not covered by the FCRA. (RDF ¶ 3, 5-7.)

One of the services that the Consumer Unit provides is a background report ("Background Report"). (RDF ¶ 5.) To generate a Background Report, a user enters the first and last name of the person they are searching for and their state of residence, or a person's social security number and last name, or a combination of these parameters. (RDF ¶ 8.) Once a user enters the search terms, the Background Report search engine performs a search of public records (maintained by a government entity) and publicly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | March 16, 2012 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

available sources (generally available information not maintained by a government entity). (PRJN Ex. 1, p. 14); (RDF ¶ 10.) The Background Report search engine identifies all records that contain the search terms, retrieves them, and displays them to the user in the form of a written report. (RDF ¶ 10.) The Background Report search engine does not search for a particular individual, but searches for all information matching the search criteria provided. (RDF ¶ 11.) Thus, the website informs the user that the Background Report "lists current and historical people search records that share the same name and state as your subject search." (RDF ¶ 11.) Intelius does not maintain copies of the Background Reports that it sells, but does retain a history of names that are searched through its website. (RDF ¶ 14); (Declaration of Ronald V. Thunen "Thunen Decl.," ¶12.)

Before any user can get a Background Report, they must certify and agree to be bound by "Terms and Conditions" stating that the information being provided was not intended to be used, and cannot be used, for any purpose under the FCRA. (RDF ¶ 12.) Although the "Terms and Conditions" might have been modified during the relevant time period, the operative language remained identical in all material aspects. (RDF ¶ 12.)

    1.2    Intelius' Reports Regarding Plaintiffs

        1.2.1   Consumer Credit Reports:

Other than the Plaintiffs themselves, there is no record of anyone ever purchasing a Consumer Credit Report for either Lisa Liberi or Lisa Ostella. (RDF ¶¶ 15-16, 22.)

        1.2.2   Background Reports:

On April 12, 2009, Orly Taitz purchased a Background Report on the name "Lisa Liberi" through Intelius. (RDF ¶ 26.) Three other individuals have run Background Report searches on Lisa Liberi: Katrinka Lawson, Teresa Loggia, and Julieana Choy. (Liberi Decl. ¶ 39, Ex. L.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | March 16, 2012 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

The only other Background Report activity comes from Plaintiffs themselves. (RDF ¶¶ 15-16.)

**2.    PRELIMINARY MATTERS**

   2.1    Request for Judicial Notice

Plaintiffs submitted a Request for Judicial Notice, asking the Court to take notice of various documents under Federal Rule of Evidence 201. The exhibits Plaintiffs submitted for judicial notice are: (1) Intelius 2009 S-1, (2) Intelius' February 9, 2010 Press Release, (3) Order of Settlement in *Moore v. Intelius Inc., et al.*, Case No. 7:08-cv-0010062, (4) Settlement of FCRA Violations in *Williams v. Intelius, Inc. et al*, Case No. 4:09-cv-00217-TCK-PJC, and (5) the decision in *FTC v. Accusearch, Inc.*, 2009 WL 1846344 (10th Cir. June 29, 2009).

Under Federal Rule of Evidence 201, "[a] court may judicially notice a fact that it is not subject to reasonable dispute because it: (1) is generally known within the trial court's jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts may take judicial notice of "*undisputed* matters of public record," but generally may not take judicial notice of "*disputed* facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (emphasis in original).

The Court finds that Exhibits 1 through 4 meet the requirements of Rule 201. Accordingly, the Court GRANTS Plaintiffs' request for Exhibits 1 through 4. The Court does not take judicial notice of the truth of the facts in those records. The Court DENIES Plaintiffs' request for Exhibit 5. There is no need for the Court to take judicial notice of a case available on Westlaw. Regardless, this ruling is ultimately moot because this case is irrelevant to the Court's final order.

Intelius asks the Court to take judicial notice of the Notice of Ruling and accompanying

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 11-0485 AG (AJWx) | Date | March 16, 2012 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

Order in *Geller et al. v. Intelius, et al,* Case No. BC453778. The Court finds that this document meets the requirements of Rule 201. Accordingly, the Court GRANTS Intelius' request. But the Court does not take judicial notice of the truth of the facts contained in that document.

    2.2    Evidentiary Objections

The parties also submitted voluminous declarations and exhibits supporting their papers. There were also a substantial number of objections. On motions with voluminous objections "it is often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised." *Capitol Records, LLC v. BlueBeat, Inc.*, 765 F. Supp. 2d 1198, 1200 n.1 (C.D. Cal. 2010) (a summary judgment case quoting *Doe v. Starbucks, Inc.*, 2009 WL 5183773, at *1 (C.D. Cal. Dec. 18, 2009)). This is especially true where, as here, "many of the objections are boilerplate recitations of evidentiary principles or blanket objections without analysis applied to specific items of evidence." *Id.* For example, Plaintiffs object to the Declaration of Ronald V. Thunen, paragraph 17, on the general ground that it "misquotes evidence filed in Court's record, is misleading and lacks competent evidence." (Plaintiffs' Objections to Thunen Declaration, ¶ A(g).) Plaintiffs' provide no explanation for their objections to this paragraph of Thunen's Declaration, which largely quotes verbatim from a letter sent by Plaintiffs' own counsel. Given the boilerplate nature of many of the objections, as well as the irrelevant nature of much of the evidence to the Court's final ruling, the Court need not specifically rule on each objection. To the extent that the Court relies on any evidence in this Order, the corresponding objections are OVERRULED.

There are, however, some evidentiary rulings that benefit from a further explanation. *See Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1118, 1122 (E.D. Cal. 2006) (condemning the prevalent and time-consuming practice of "fil[ing] objections on all conceivable grounds" and concluding that "the court will [only] proceed with any necessary rulings on defendants' evidentiary objections"). The majority of those rulings are discussed in the analysis. The Court also finds it appropriate to discuss some of its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | March 16, 2012 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

more general evidentiary rulings here.

First, Plaintiffs insist that certain changes to Intelius' website design, operating software, and product design constitute "spoiling" evidence. The Court finds no evidence of any changes that materially impact the analysis here or the reliability of the Declarations submitted by Intelius, much less evidence of any willful spoilation. This objection is OVERRULED.

Second, Plaintiffs repeatedly rely on their unverified First Amended Complaint as evidence supporting their objections. The First Amended Complaint is not evidence. In so far as any objection relies on the First Amended Complaint, it is OVERRULED.

Third, Intelius asks this Court to strike pages 3:1-8:19 of Plaintiffs' 68-page, ironically-titled, "Concise Statement of Genuine Disputes," because this section is argumentative, and improperly extends the page limits. This Court agrees and GRANTS Intelius' request to strike. Plaintiffs' argumentative and overlong style continues to impede the effectiveness of their advocacy.

This is not the first time that the Court has had issues with Plaintiffs' papers. Plaintiffs need to follow the federal rules when drafting their papers and crafting their objections. Continued violations may be met with additional sanctions, such as wholesale denial of motions or oppositions.

    2.3    Rule 56(d) Motion

Before the hearing, Plaintiffs submitted a Declaration under Federal Rule of Civil Procedure Rule 56(d), asking the Court to consider new discovery responses that were not produced until after Plaintiffs' February 20, 2012 Opposition was due. Having reviewed Plaintiffs' 56(d) Declaration, the Court GRANTS Plaintiffs' request. The Court will consider Exhibit 1: Intelius Response No. 19 to Plaintiffs' Request for Production of Documents ("Intelius RFP Response 19"), and Exhibits 2-5: Various Admissions submitted to Neil Sankey, Todd Sankey, or the Sankey Firm, Inc. deemed admitted due to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | March 16, 2012 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

non-response under Federal Rule of Civil Procedure 36(a)(3) ("Sankey Admissions").

### 3.     LEGAL STANDARD

Summary judgment is appropriate only where the record, read in the light most favorable to the non-moving party, indicates that "there is no genuine dispute as to any material fact and . . . the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Material facts are those necessary to the proof or defense of a claim, as determined by reference to substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. In deciding a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 269.

The burden initially is on the moving party to demonstrate an absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If, and only if, the moving party meets its burden, then the non-moving party must produce enough evidence to rebut the moving party's claim and create a genuine issue of material fact. *Id.* at 322-23. If the non-moving party meets this burden, then the motion will be denied. *Nissan Fire & Marine Ins. Co. v. Fritz Co., Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000).

### 4.     ANALYSIS

Plaintiffs originally alleged sixteen separate claims against Intelius. On October 17, 2011, this Court dismissed Claims 1-3, 5-6, 8-9, and 17-20 against Intelius without leave to amend.

Now, the only claims remaining against Intelius are Claims 12-16. All of these claims rely either on the California's Consumer Credit Reporting Agencies Act, Cal. Civ. Code

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | March 16, 2012 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

§§ 1785 et seq. ("CCRA") or the FCRA, or some related law. Specifically, Claim 12 is for Willful Violation of the FCRA (15 U.S.C. §§ 1681a(b) and (f)); Claim 13 is for Willful Violation of the FCRA (15 U.S.C. §§ 1681b and n); Claim 14 is for Negligence and Negligent Non-Compliance with the FCRA (15 U.S.C. §§ 1681b and o); Claim 15 is for Violation of the CCRA (Cal. Civ. Code §§ 1786.12 and 1786.20); and Claim 16 is for Violations of the California Investigative Consumer Reporting Agencies Act ("ICRAA") (Cal. Civ. Code §§ 1785.11, 1785.14, 1785.19, and 1785.22).

Thus, Intelius may satisfy its initial burden on all of the remaining claims if it establishes that there is an absence of any genuine issue of material fact regarding whether it was acting as a credit reporting agency in the alleged transactions.

If Intelius makes this initial showing, the burden shifts to Plaintiffs to demonstrate a genuine issue of fact regarding whether Intelius did in fact act as a credit reporting agency. If Plaintiffs are unsuccessful, Intelius will succeed on all remaining claims.

  4.1  Intelius' Initial Showing

Under the FCRA, a consumer credit reporting agency is "any person [who], for monetary fees . . . regularly engages in whole or in part in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer credit reports to third parties . . . ." 15 U.S.C. § 1681a(f); *see also* Cal. Civ. Code § 1785.3(d) (using similar language). A consumer credit report is the "communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility" for credit or insurance to be used primarily for personal, family, or household purposes, employment purposes, or certain technical purposes under Section 1681(b). 15 U.S.C. § 1681(d)(1).

Intelius may meet its initial burden if it can show that there is an absence of any genuine

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | March 16, 2012 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

issue of material fact regarding whether it distributed Plaintiffs' information to Defendants for the purpose of furnishing consumer credit reports. Intelius does not need to show that it never operated as a consumer credit reporting agency, only that it did not operate as a consumer credit reporting agency regarding the transactions at issue here. *See, e.g., Asia Economic Institute v. Xcentric Ventures LLC*, 2011 WL 2469822, at *6 (C.D. Cal May 4, 2011) (finding that defendant's status as a consumer credit reporting agency must be determined "with regard to the statements underling the lawsuit"). The Court finds that Intelius has successfully met this initial burden in a two-part showing.

First, Intelius established that they never distributed a Consumer Credit Report regarding Plaintiffs to any third-party, much less Defendants. *See, e.g.,* 15 U.S.C. § 1681a(f) (defining a consumer reporting agency as any person that furnishes credit information to "third parties"); *see also Wantz v. Experian Info. Solutions*, 386 F.3d 829, 833-34 (7th Cir. 2004) ("[W]here there is no evidence of disclosure to a third party, the plaintiff cannot establish the existence of a consumer report."); *Garcia v. UnionBancal Corp.*, 2006 WL 2619330, at 2* (N.D. Cal. 2006) (finding that false information at issue in the case did not qualify as a consumer credit report because it was not communicated to a third-party); *Pinson v. Equifax*, 2008 WL 2329137, at * 2-4 (N.D. Okla. 2008) ("To maintain a cause of action under 15 U.S.C. §§ 1681e(b) or 1681i, a plaintiff must establish that the consumer reporting agency published a credit report that contained inaccurate information about an individual to a third person."); *Renniger v. Chexsystems*, 1998 WL 295497, at *6 (N.D. Ill 1998) ("[A] consumer is not injured by an inaccurate credit report unless that false information is communicated to and acted upon by a third-party user.").

Specifically, Intelius submitted Declarations from both Neil Sankey and Todd Sankey confirming that neither they, nor their company Sankey Investigations, Inc., have ever obtained any information about Plaintiffs from Intelius or its affiliates. (Declaration of Todd Sankey "Todd Sankey Decl.," ¶¶ 2-3); (Declaration of Neil Sankey "Neil Sankey Decl.," ¶¶ 2-3.) Intelius also submitted a Declaration from Defendant Orly Taitz confirming the same. (Declaration of Orly Taitz, ¶ 2.) Additionally, Intelius also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | March 16, 2012 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

submitted a Declaration from its Senior Product Manager confirming that Intelius has no record of Defendants ever requesting such reports. (Thunen Decl. ¶¶ 13, 16.)

Second, Intelius provided evidence demonstrating that although Defendant Orly Taitz (and three other non-party individuals) did purchase a Background Report on the name "Lisa Liberi" through Intelius' Consumer Unit, this report does not qualify as a consumer credit report. Rather, Intelius set forth sufficient evidence to establish that these Background Reports are designed to be non-person specific searches of public records and publicly available information for non-FCRA purposes. Intelius took the added precaution of asking the user to agree to Terms and Conditions agreeing that they would not use the information for FCRA purposes. Information provided to a third-party will be construed as a consumer report if the furnisher of the report-here, Intelius-"*expects* the user to use the report for a purpose permissible under the FCRA, without regard to the ultimate purpose to which the report is *actually* put." *Comeaux v. Brown & Williamson Tobacco Co.*, 915 F.2d 1264, 1273-74 (9th Cir. 1990) (italics in original) (citations omitted). Intelius established that it did not intend the Background Reports to be credit reports. Indeed, the Background Reports did not provide information about one specific person, but were a general search of potential identities.

Combined, these two showings establish that Intelius never distributed Plaintiffs' consumer credit information to any third-party, much less Defendants. Unless Plaintiffs rebut this showing, Intelius cannot be held liable under laws pertaining to consumer credit reporting agencies in this case.

    4.2    Plaintiff's Showing

To survive this Motion, Plaintiffs must provide evidence demonstrating that there is a genuine issue of fact regarding whether Intelius acted as a credit reporting agency in the alleged transactions. Plaintiffs fail to do so.

As to Intelius' first point, Plaintiffs do not submit sufficient evidence to establish a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | March 16, 2012 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

genuine issue of fact regarding whether Intelius ever distributed a credit report regarding Plaintiffs to any third-party. Obviously, it is not sufficient to show that Plaintiffs downloaded their own credit reports. To demonstrate that someone besides themselves received a credit report from Intelius, Plaintiffs direct the Court to a previously-filed Declaration from Lisa Ostella. (Dkt. No. 390-5.) In this Declaration, Ostella claims that she supposedly heard Defendant Neil Sankey say that "he ran searches on Plaintiff Lisa Ostella through Intelius." (*Id.* at ¶ 10.) This statement is hearsay. The statement that Neil Sankey ran searches on Ostella "through Intelius" does not fall under the party-admission exception to the hearsay rule because it is a statement against the interest of Intelius, not directly against Neil Sankey himself. But even if were admissible, this statement would not create a genuine issue of fact. It does no more than establish that Neil Sankey ran an Intelius search on Plaintiffs. It does not establish that Intelius distributed a credit report to Neil Sankey.

As to Intelius' second point, Plaintiffs fail to demonstrate that there is a genuine issue of fact regarding whether the Background Reports were credit reports under the FCRA or similar laws. At oral argument, Plaintiffs argued that the Background Report could be an FCRA credit report because Intelius had no way to monitor whether people utilized Background Report information for FCRA purposes. But under Plaintiffs' argument, *any* entity that provided *any* information potentially affecting a consumer's creditworthiness would automatically be liable under the FCRA. This speculative argument is not enough to establish a triable issue of fact here. Setting aside this speculative argument, Plaintiffs fail to offer any concrete evidence establishing a triable issue of fact in this case regarding why the *non-person specific* Background Reports could be used to determine the creditworthiness of specific individuals. In reaching this conclusion, the Court has reviewed the online account of Lisa Liberi provided by Plaintiffs at oral argument. This review did not establish any genuine issue of fact regarding whether the Background Reports are consumer credit reports. Rather, it appeared to confirm Intelius' showing that the Background Reports provide non-person specific information matching inputted search terms, and are not intended to determine an individual's creditworthiness.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | March 16, 2012 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

Again, a key question is whether Intelius "*expect[ed]* the user to use the report for a purpose permissible under the FCRA, without regard to the ultimate purpose to which the report is *actually* put." *Comeaux*, 915 F.2d at 1273-74 (italics in original). Here, Plaintiffs' *own* evidence confirms that Intelius did not intend the Background Reports to be governed by the FCRA. (RDF, 30); (Dkt. No. 463-6, Ex. F at 49.)

Plaintiffs argue that the Enterprise Unit's Background Reports fell under the FCRA because the Enterprise Unit was effectively co-mingled with the FCRA-governed Consumer Unit. To support this theory, Plaintiffs point out that the Enterprise Unit was not fully transferred and re-branded under the Talent Wise subsidiary until April 2010. But a 2009 Intelius SEC filing submitted by Plaintiffs themselves confirms that Intelius intended the Consumer and Enterprise Units to be distinct entities at all times relevant to this litigation. (Plaintiffs' Request for Judicial Notice, Ex. 1, p. 33-36). As already discussed, whether or not Plaintiffs or Defendants actually realized that there were two separate Units is not relevant to the analysis here.

Other pieces of Plaintiffs' evidence on this point are also self-defeating. Specifically, Plaintiffs argue that various broad-brush statements from Intelius regarding compliance with the FCRA, pulled from SEC Reports, prior lawsuits, and its website, purportedly establish that *all* of Intelius' activities are governed by the FCRA. But Plaintiffs' characterization of this evidence is misleading. Placed in their full and proper context, Intelius' statements regarding the FCRA clearly relate to the Consumer Unit activity, not the Enterprise Unit activity. Just because Intelius offers some services governed by the FCRA does not mean that all of its services are so governed. Intelius' statements do not demonstrate an intent to turn the Enterprise Unit into a FCRA-compliant entity.

The rest of Plaintiffs' evidence on this second point is largely argumentative, irrelevant, or lacks foundation. For example, Plaintiffs submitted a Declaration from a person named Kelly Strebel ("Strebel"). Her Declaration discusses (a) her own experience with the Intelius' Background Report search function, and (b) issues with the Declaration submitted by Benjamin Nelson ("Nelson") on behalf of Intelius. Intelius opposes the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | March 16, 2012 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

Declaration because Strebel appears to be a random third-party with no connection to this litigation.  The Court GRANTS Intelius' request in part, and strikes Strebel's Declaration.  The portion of Strebel's Declaration regarding Nelson's Declaration is argumentative and lacking foundation.  The remaining portion of Strebel's Declaration, regarding the production of her unlisted phone number as part of her background search, is irrelevant to a determination of whether *Plaintiffs'* information was public or publicly available.

Finally, the Court does not find that Plaintiffs' Rule 56(d) submission, consisting of Intelius' Response 19 and the Sankey Admissions, establishes a triable issue of fact regarding any portion of Intelius' showing.  First, Intelius' Response 19 is entirely consistent with Intelius' Motion and does not raise any triable evidentiary issues.  Intelius' Response 19 states that "no such documents exist" regarding Plaintiffs' request for "all searches performed on any of the Plaintiffs" and "all Plaintiffs' reports sold to third parties."  (Plaintiffs' Request for Judicial Notice Supporting Rule 56(d) Submission ("Rule 56(d) Request"), Ex. 1.)  In Ronald V. Thunen's Declaration supporting Intelius, he repeatedly stated that Intelius did not maintain background check reports–the only kind of report ever produced to third parties arguably regarding Plaintiffs.  (Thunen Decl. ¶ 9).  Rather, Intelius merely retains the search history of the *non-person specific* Background Report searches.  (*Id.*)  Thus, Intelius has consistently stated that the reports and searches Plaintiffs seek do not exist, both because Intelius does not retain Background Reports and because any Background Reports searches are not "performed on any of the Plaintiffs," but rather on a non-person specific identity.

Second, none of the Sankey Admissions establish a triable issue of fact for the simple reason that one defendants' deemed admissions of fact are not binding against another defendant.  *See, e.g., Smith v. Pacific Bell Tel. Co., Inc*., 649 F. Supp. 2d 1073, 1098 (E.D. Cal. 2009) *(citing Castiglione v. U.S. Life Ins. Co. in City of New York*, 262 F. Supp. 2d 1025, 1030 (D. Ariz. 2003) (citing *Riberglass, Inc. v. Techni-Glass Industs.*, Inc., 811 F.2d 565, 567 (11th Cir.1987))).

In sum, the Court finds that Plaintiffs do not submit sufficient evidence to establish a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | March 16, 2012 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

genuine issue of fact regarding either prong of Intelius' two-part evidentiary showing.

### 5.  CONCLUSION

The Court finds that Intelius successfully met its burden to demonstrate an absence of any triable issue of fact regarding Claims 12-16. Plaintiffs failed to rebut Intelius' showing. The Court does not find it necessary to address the parties' other arguments. The Court GRANTS Intelius' Motion on all remaining claims.

As a final note, this Court emphasizes that its characterization of Intelius' business activities is based on the evidence and arguments submitted in this case. It is not intended to serve as a blueprint for other litigation in which different evidence and arguments might be presented regarding the application of the credit reporting laws to Intelius' Enterprise Unit.

### 6.  DISPOSITION

The Court GRANTS Intelius' Motion for Summary Judgment in full. Intelius has already submitted a proposed judgment. Upon this Order becoming final, the Court will sign the proposed judgment.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | dr | |