UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 11-0485 AG (AJWx) | Date | May 22, 2012 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** [IN CHAMBERS] ORDER GRANTING LEXISNEXIS DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs' lengthy First Amended Complaint ("FAC") charges Defendants Orly Taitz ("Taitz") and her related entities ("Taitz Defendants") with disseminating the personal information of Plaintiffs Lisa Liberi ("Liberi") and Lisa M. Ostella's ("Ostella") in an effort to harass and intimidate them. Berg and Taitz first met at a press conference regarding Obama's qualifications for President, and both continue to be active in what is commonly referred to as the "Birther" movement.

Plaintiffs claim that the Taitz Defendants, working together with Sankey Investigations, Inc., Todd Sankey, Neil Sankey, and The Sankey Firm, Inc. (collectively, "Sankey Defendants"), obtained the personal information from LexisNexis databases.

Plaintiffs sue the following seven LexisNexis-related entities: Reed Elsevier Inc., LexisNexis Group, Inc., LexiNexis, Inc., LexisNexis Risk and Information Analytics Group, Inc., LexisNexis Risk Solutions, Inc., LexisNexis Seisent, Inc. (d/b/a Accurint), and LexisNexis ChoicePoint, Inc. The Court has previously collectively referred to these seven entities as the Reed Defendants, but will adopt the term "LexisNexis Defendants" consistent with the papers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | May 22, 2012 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

This Court previously dismissed all claims against the LexisNexis Defendants without leave to amend, except for Claims 12-16. The remaining claims are all based on the Fair Credit Reporting Act ("FCRA").

The LexisNexis Defendants now file a Motion for Summary Judgment ("Motion") on the remaining Claims 12-16. The Motion is GRANTED in its entirety.

## 1. BACKGROUND

In their First Amended Complaint ("FAC"), Plaintiffs allege that Taitz contacted Defendant Neil Sankey, a private investigator, to "conduct background checks" on Liberi and Ostella. (*Id.* ¶ 66.) Sankey allegedly used a LexisNexis (referred to in the FAC as "Reed") account belonging to "Sankey Investigations, Inc., Todd Sankey, and The Sankey Firm [Inc.'s]" to "seek Plaintiffs Ostella and Liberi's private data and credit reports, without any type of authorization from the Plaintiffs and/or a permissible purpose." (*Id.* ¶¶ 31, 67.)

After a review of the evidence and arguments submitted in the light most favorable to Plaintiffs, the Court makes the following findings of fact.

### 1.1 General Information Regarding LexisNexis Defendants

There is no corporation known as LexisNexis Seisent, Inc. (d/b/a Accurint), but there is a company known as LexisNexis Risk Data Management, Inc. ("LRD"). (Defendants' Statement of Uncontroverted Facts, "UF" ¶¶ 2-3.) In 2009, LRD, under a different name, operated a database which prepared "Accurint" branded reports. (UF ¶ 4.)

Accurint reports primarily consist of public record and commercially available information about individuals assembled from a large number of sources. (UF ¶ 10.) Anyone who has access to the Accurint database can conduct a "person search" by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0485 AG (AJWx) | Date | May 22, 2012 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

supplying information known to the user, such as name, address, or if already known to the user, social security number.  (UF ¶ 13.)  Social security numbers are displayed only in truncated form (first five digits), unless the user is a law enforcement agency or one of a limited number of specially qualified customers.

An Accurint "person search" retrieves all files matching the criteria entered by the user.  Users can then select a particular name in the database to retrieve information associated with that particular name.  (UF ¶ 14.)  The goal is to give the user workable leads to identify a particular individual, not to provide definitive information about an individual.  (UF ¶ 24.)  Thus, the reports use general terms, such as "Names Associated With the Subject," "Possible Associates," and "Possible Relatives."  (UF ¶ 25.)  There is also a disclaimer warning users that the information provided "is generally not free from defect."  (UF ¶ 25.)

    1.2    Accurint Reports and the Fair Credit Reporting Act ("FCRA")

None of the entities owned by Reed Elsevier, Inc. prepare "credit reports," although some do prepare employment background screening reports that are "consumer reports" as defined by the FCRA. (UF ¶ 22.)  LRD is not one of the entities that sells those employment background screening reports.  (UF ¶ 23.)

LRD did not intend for Accurint reports to be consumer reports within the meaning of the FCRA.  (UF ¶ 34.)  The Accurint webpage (www.accurint.com) contains a disclaimer to that effect.  (UF ¶ 35.)  The same language is also included in the Accurint sign-in page, which customers need to enter to gain access to the Accurint product.  (UF ¶ 36.)  The Accurint user subscription agreement requires users to agree that the Accurint report is not a consumer report under the FCRA, and that the user would not use the Accurint report for FCRA purposes. (UF ¶ 37.)

LRD entered into agreements with third-party resellers that allowed those entities to run searches against the Accurint database and sell the resulting information to its own customers under either its own brand or the Accurint brand.  (UF ¶ 31.)  The agreements

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | May 22, 2012 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

between LRD and the reseller required the reseller's agreement with its own customers to include language reflecting the same FCRA restrictions. (UF ¶ 40.)

    1.3    Defendants and LRD Reports

None of the Taitz or Sankey Defendants had accounts directly with LRD under which LRD sold them Accurint reports. (UF ¶ 29.)

Defendant Sankey Firm did have an account with a third-party information provider called IRBsearch, LLC ("IRB"), an Accurint reseller. (UF ¶ 31.) The agreement ("Agreement") between IRB and Accurint granted IRB a license to sell Accurint products to the private investigative industry, bail bondsmen, and physical asset repossession companies. (UF ¶ 42.) The Agreement expressly required IRB to agree not to use the Accurint services for any FCRA purpose, and confirmed that IRB was not a consumer reporting agency operating under the FCRA. (UF ¶¶ 42, 44.) The Agreement also stated that customers would contract directly with IRB. (UF ¶ 43.)

LRD also required IRB to get agreements from its end-users that they would not use the IRB reports for FCRA purposes. (UF ¶ 40.) Neil Sankey's contract with IRB contained this use restriction. (UF ¶44.)

LRD maintains a record of searches, including searches run through resellers. (UF ¶¶ 51-52.) The user ID assigned to Neil Sankey, and sold to the Sankey Firm, was used to run the searches on Defendants Liberi and Ostella. The LexisNexis Defendants describe the searches as follows:

> "(a) last name = Liberi and first name = Lisa, Brent (husband) or Vincent (unknown). The search types were: Person, Business, Court, Civil, Criminal, Marriage & Divorce, and Comprehensive Person. The searches were run on March 16, 2009; April 6, 2009; April 15, 2009; April 19, 2009; and May 7, 2009.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | May 22, 2012 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

    (b) last name = Ostella and first name = Lisa, Frank (husband) or Mario (unknown). The search types were: Person and Comprehensive Person. The searches were run on April 13, 2009, and April 19, 2009."

(UF ¶ 53.)

The IRB Account held by The Sankey Firm did not permit retrieval of full social security numbers. (UF ¶ 45.) None of the search reports or results included the full social security numbers of Ostella or Liberi. (UF ¶ 48.)

    1.4    Origin of Liberi's Social Security Numbers

On April 13, 2009, Neil Sankey sent an email to a third-party, containing Liberi's full social security number and certain other identifying information. (*See* Declaration of Phillip Berg, "Berg Decl." Exs. 14, 15.)

Neil Sankey now files a Declaration confirming that he obtained Liberi's social security number and birthdate from court documents *filed by Plaintiff Liberi herself*, not from the LexisNexis Defendants. (Declaration of Neil Sankey, "Neil Sankey Decl.," ¶ 3.)

Neil Sankey attaches two documents to his Declaration. The first attached document is September 21, 2006 Declaration of Lisa Liberi filed in a criminal action brought in San Bernadino, California. (Neil Sankey Decl., Ex. A.) Liberi herself published her full unredacted Social Security number, her date of birth, her marriage history, and some portion of her criminal history. The second document is a copy of documents filed by Liberi in a bankruptcy action. (Neil Sankey Decl., Ex. B.) This document includes Liberi's full unredacted Social Security number.

Liberi did not file a Declaration challenging the fact that she made these filings, or contesting that she disclosed the relevant personal information.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | May 22, 2012 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

## 2. PRELIMINARY MATTERS

    2.1    Evidentiary Objections

The parties submitted voluminous declarations and exhibits supporting their papers. There were also a substantial number of objections. On motions with voluminous objections "it is often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised." *Capitol Records, LLC v. BlueBeat, Inc.*, 765 F. Supp. 2d 1198, 1200 n.1 (C.D. Cal. 2010) (a summary judgment case quoting *Doe v. Starbucks, Inc.*, 2009 WL 5183773, at *1 (C.D. Cal. Dec. 18, 2009)). This is especially true where, as here, Plaintiffs do not provide any basis for their objections, but merely state: DISPUTED and then list a long string of document cites. The Court is not required to search through the record to guess at the basis for these objections. *See Nissho v. Iwai Am. Corp. v. Kline,* 845 F.3d 1300, 1307 (5th Cir. 1988) (general document cites that require the court to search the "entire record in the case" do not satisfy non-movants' burden of identifying *specific facts* to defeat summary judgment).

The Court does find that three specific objections merit individual attention.

First, Plaintiffs object to the Declaration of Neil Sankey, where he states that he obtained Liberi's social security number and birthdate from court documents, not from Defendants. Liberi does not challenge that she made these filings, or disclosed the relevant personal information. Rather, Plaintiffs attack these documents because the document headers reflect that these documents were also filed with this Court in 2011 during the course of this case. (Berg Decl., ¶ 46.) Plaintiffs claim that these headers prove that Neil Sankey did not get these documents until 2011. Berg then argues, with no factual basis, that a $116 "Fine" in the criminal action docket is actually a reproduction charge from the San Bernadino's clerks office for the eight-page Liberi declaration. Plaintiffs conclude that Liberi's personal information was "taken directly" from the Accurint reports obtained by the Sankey Defendants. (Berg Decl. ¶46.) This conclusion is entirely lacking in merit,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0485 AG (AJWx) | Date | May 22, 2012 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

and made without any foundation. The actual Accurint reports contain only redacted social security numbers. Further, any hearsay objections to the Neil Sankey Declaration and attached documents are overruled, because those documents are not submitted for their truth.

Second, Plaintiffs object to the LexisNexis Defendants' facts by repeatedly relying on the Sankey Defendants Motion to Withdraw Admissions as evidence that the Sankey Defendants had a LexisNexis account. Setting aside the evidentiary objections to this maneuver, the Court finds that the referenced statements simply show that the Sankey Defendants characterized their IRB account as a LexisNexis account. This is ultimately unavailing. The undisputed facts demonstrate that the Sankey Firm contract was with IRB. Regardless, the re-seller issue is ultimately not dispositive. Even if the reports were offered by the LexisNexis Defendants directly, they are not consumer credit reports under the FCRA.

Third, the LexisNexis Defendants raise various objections to the portions of Plaintiffs' Declarations which purport to establish that the Sankey Defendants found FCRA-information through Accurint searches. The Court agrees that these Declarations lack foundation and violate the best evidence rule. (*See, e.g.,* Declaration of Lisa Liberi, ¶ 7) (stating that Neil Sankey ran a search directly through Accurint).

The rest of the evidentiary objections are largely moot. To the extent that any evidence is relied on in this Order, the relevant objections are overruled. *See Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1118, 1122 (E.D. Cal. 2006) (condemning the prevalent and time-consuming practice of "fil[ing] objections on all conceivable grounds" and concluding that "the court will [only] proceed with any necessary rulings on defendants' evidentiary objections").

    2.2    Plaintiffs' Request to Strike

Plaintiffs ask this Court to strike the Declaration of Lisa Simmons, Lisa Policastro, and Exhibits A, B, and C to the Declaration of Lisa Simmons on the ground that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | May 22, 2012 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

LexisNexis Defendants never identified these two witnesses and never provided the documents in discovery. The LexisNexis Defendants submit a brief outlining why Plaintiffs' own discovery lapses are the reason that these witnesses and documents were never produced. Plaintiffs submit a 55-paragraph Declaration with 64 exhibits containing every nuance of the parties' discovery discussions. After numerous warnings to Plaintiffs regarding these overbroad filings, the Court is not inclined to pore over this one. The LexisNexis Defendants' Rule 26 disclosures were adequate to give Plaintiffs notice that Rule 30(b)(6) witnesses such as Simmons and Policastro were available. The other discovery disputes do not bar admission of any testimony or documents.

The Court DENIES the Request to Strike.

## 3.     LEGAL STANDARD

Summary judgment is appropriate only where the record, read in the light most favorable to the non-moving party, indicates that "there is no genuine dispute as to any material fact and . . . the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Material facts are those necessary to the proof or defense of a claim, as determined by reference to substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. In deciding a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 269.

The burden initially is on the moving party to demonstrate an absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If, and only if, the moving party meets its burden, then the non-moving party must produce enough evidence to rebut the moving party's claim and create a genuine issue of material fact. *Id.* at 322-23. If the non-moving party meets this burden, then the motion will be denied. *Nissan Fire & Marine Ins. Co. v. Fritz Co., Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | May 22, 2012 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

### 4.   ANALYSIS

Plaintiffs originally alleged sixteen separate claims against the LexisNexis Defendants. On October 17, 2011, this Court dismissed Claims 1-3, 5-6, 8-9, and 17-20 against the LexisNexis Defendants without leave to amend. Besides Claims 12-16, the remaining claims were not brought against LexisNexis Defendants.

Now, the only claims remaining against the LexisNexis Defendants are Claims 12-16. All of these claims rely either on the California's Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785 et seq. ("CCRA") or the FCRA, or some related law. Specifically, Claim 12 is for Willful Violation of the FCRA (15 U.S.C. §§ 1681a(b) and (f)); Claim 13 is for Willful Violation of the FCRA (15 U.S.C. §§ 1681b and n); Claim 14 is for Negligence and Negligent Non-Compliance with the FCRA (15 U.S.C. §§ 1681b and o); Claim 15 is for Violation of the CCRA (Cal. Civ. Code §§ 1786.12 and 1786.20); and Claim 16 is for Violations of the California Investigative Consumer Reporting Agencies Act ("ICRAA") (Cal. Civ. Code §§ 1785.11, 1785.14, 1785.19, and 1785.22). The Court previously considered a similar motion for summary judgment on Claims 12-16 brought by co-defendant Intelius, Inc, which it granted in full.

Under the FCRA, a consumer credit reporting agency is "any person [who], for monetary fees . . . regularly engages in whole or in part in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer credit reports to third parties . . . . " 15 U.S.C. § 1681a(f); *see also* Cal. Civ. Code § 1785.3(d) (using similar language). A consumer credit report is the "communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility" for credit or insurance (to be used primarily for personal, family, or household purposes), employment, or certain technical purposes under Section

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 11-0485 AG (AJWx) | Date | May 22, 2012 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

1681(b). 15 U.S.C. § 1681(d)(1).

The LexisNexis Defendants have demonstrated an absence of any genuine issue of material fact regarding whether they distributed Plaintiffs' information to Defendants "for the purpose of furnishing consumer credit reports to third parties." 15 U.S.C. § 1681a(f); *see also Comeaux v. Brown & Williamson Tobacco Co.*, 915 F.2d 1264, 1273-74 (9th Cir. 1990) (holding that information provided to a third-party will be construed as a consumer report if the furnisher of the report "*expects* the user to use the report for a purpose permissible under the FCRA") (italics in original) (citations omitted); *Mende v. Dun & Bradstreet, Inc.*, 670 F.2d 129, 133 (9th Cir. 1982) (criticizing "expansive" definitions of consumer credit reports that do not take into account the provider's purpose, because otherwise *any* information gathered about an individual could conceivably fall under the FCRA.) Here, LRD included non-FCRA disclaimers both on its own webpage, and in its agreement with IRB. LRD also required IRB to display similar disclaimers on its webpage, and required it to get agreements from its end-users confirming that they would not use the IRB reports for FCRA purposes.

Importantly, the LexisNexis Defendants do not need to show that they *never* operated as a consumer credit reporting agency, only that they did not operate as a consumer credit reporting agency regarding the specific transactions at issue here. *See, e.g., Asia Economic Institute v. Xcentric Ventures LLC*, 2011 WL 2469822, at *6 (C.D. Cal. May 4, 2011) (finding that defendant's status as a consumer credit reporting agency must be determined "with regard to the statements underlying the lawsuit"). Neil Sankey's contract with IRB contained an FCRA use restriction. The IRB Account held by The Sankey Firm did not permit retrieval of full social security numbers, and none of the search reports or results included the full social security numbers of Ostella or Liberi. The Accurint searches were not designed to provide FCRA information on Ostella or Liberi. Rather, the searches run on Liberi and Ostella were general "person searches" designed to retrieve a universe of information associated with the entered search terms.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | May 22, 2012 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

The Court finds that the LexisNexis Defendants have met their initial burden. The Court now considers whether Plaintiffs have rebutted this showing. The Court concludes that they have not. Plaintiffs attempt to argue that the provided reports were credit reports because Neil Sankey has made references to debts that Liberi and Ostella owed to him and others. From this, Plaintiffs argue that Neil Sankey pulled Plaintiff's reports for an FCRA purpose, because they were related to a debt. But this contradicts Plaintiffs' own FAC, which alleges in no uncertain terms that the reason that the Sankey and Taitz Defendants sought the reports was to harass and intimidate Plaintiffs. In fact, the FAC repeatedly asserts that the LexisNexis Defendants disclosed the personal identifying information with "no permissible purpose." (*See, e.g.,* FAC ¶ 149.) The Court also notes that Plaintiffs' facts do not appear to fall within the FCRA because Plaintiffs' facts establish only that the Sankey Defendants were attempting to collect a debt, not that they were attempting to "establish[] the consumer's eligibility for . . . credit or insurance." 15 U.S.C. § 1681(d)(1)(A); *see also* 15 U.S.C. § 1681(b)(a)(3)(A) (consumer report may be furnished to person who "in connection with a credit transaction involving . . . the extension of credit to, or review or collection of an account of, the consumer"). While some debt-collection activities may come under the ambit of the FCRA, the particular facts of this case do not qualify. *See Pintos v. Pacific Creditors Ass'n*, 565 F.3d 1106, 1113 (9th Cir. 2009)(debt collection did not fall under FCRA where consumer did not initiate transaction by seeking credit) (*amended on other grounds by* 605 F.3d 665 (9th Cir. 2010).

Plaintiffs' other principal argument confuses the requirements of the Gramm–Leach–Bliley Act ("GLB") with the FCRA. Without becoming sidetracked by the specifics, the Court disregards this argument as irrelevant.

Plaintiffs' other argument, scattered throughout their submission, which is approximately a foot in height, are not compelling. There is not sufficient evidence that the LexisNexis Defendants provided the report for an FRCA purpose, or that the reports were actually used for an FCRA purpose. Thus, the Court GRANTS the Motion as to all remaining claims, which all fall under the FCRA. The Court also finds that the Motion should be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | **SACV 11-0485 AG (AJWx)** | Date | May 22, 2012 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

granted as to Claims 13 and 14 on the separate grounds that it was third-party IRB who sold the reports to the Sankey Defendants, not any of the LexisNexis Defendants.

As a final note, this Court emphasizes that its characterization of the LexisNexis Defendants' business activities is based on the evidence and arguments submitted in this case. It is not intended to serve as a blueprint for other litigation in which different evidence and arguments might be presented regarding the application of the credit reporting laws to the LexisNexis Defendants or Accurint reports.

### 5. DISPOSITION

The Court GRANTS the LexisNexis Defendants' Motion for Summary Judgment in full. The LexisNexis Defendants have already submitted a proposed judgment. Upon this Order becoming final, the Court will sign the proposed judgment.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |