Philip J. Berg, Esquire (PA I.D. 9867)
E-mail: philjberg@gmail.com
**LAW OFFICES OF PHILIP J. BERG**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Telephone:  (610) 825-3134 Fax: (610) 834-7659

*Attorney for Plaintiffs*

## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| LISA LIBERI, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> ORLY TAITZ, et al, <br><br> Defendants. | CIVIL ACTION NUMBER: <br><br> **8:11-cv-00485-AG (AJW)** <br><br> **PLAINTIFFS OPPOSITION TO THE SANKEY DEFENDANTS AMENDED MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES FROM LISA LIBERI; AND FOR SANCTIONS AGAINST LIBERI AND BERG** <br><br> Date of Hearing: July 9, 2012 <br> Time of Hearing: 10:00 a.m. <br> Location:      Courtroom 10D |

### I.    INTRODUCTION:

Plaintiffs by and through their undersigned Counsel hereby submit their

Memorandum in Opposition to Defendants Todd Sankey and The Sankey Firm, Inc.'s,

collectively ["Defendants"] Motion to Compel ["Def. MTC"] further Interrog.

Responses from Plaintiff Lisa Liberi ["Liberi"] and for Sanctions against Liberi and

Philip J. Berg, Esquire ["Berg"].  In support hereof, Plaintiffs aver as follows:

1.     Defendants Motion is incompliant with this Court's Local Rules ["L.R."] 37-1 (Failure to comply with proper Pre-Filing Conference requirements); the Sankey Defendants failed to file a certification with their Motion that they complied with the Local Rules and conducted a proper "Meet and Confer".  *Fed. R. Civ. P.* 37(a)(1) (prohibiting the filing of discovery motions without first certifying that the moving party has conferred in good faith with the adverse party in an effort to resolve the dispute without court action); and L.R.'s 37-2, 37-2.1 and 37-2.2 (Failure to prepare a written Stipulation regarding the discovery disputes; failure to provide it to Plaintiffs' Counsel; and failure to file a completed Stipulation with their Moving papers).

2.     Pursuant to this Court's Local Rule 37-2.4 this Court must Deny Defendant's Motion to Compel with Prejudice and Award Plaintiffs their Attorney Fees and Costs pursuant to *Fed. R. Civ. P.* 37(a)(5)(B).

## II.    <u>STATEMENT OF FACTS</u>:

Plaintiffs served their Initial Disclosures to all Defendants on November 29, 2011.  Plaintiffs Initial Disclosures contained approximately Five Thousand [5,000] pages of documents. [Berg Decl., p. 3, ¶3].

On February 10, 2012, Plaintiffs were served with Defendants Discovery requests by way of Interrogatories and over four hundred and twenty three [423] Requests for Production of Documents.  were asking for Documents from each of the Plaintiffs, separately, for every paragraph of Plaintiffs First Amended Complaint ["FAC"].  Plaintiffs' Responses were due on or before March 12, 2012, after the

Discovery Cut-Off Date of March 5, 2012. Plaintiffs Answered Defendants

Discovery requests on March 9, 2012. [Berg Decl., p. 3, ¶5].

Defendants never sent Plaintiffs a request for a "Meet and Confer" regarding

inadequacies they were claiming with Liberi's Responses to the Defendants

Interrogatories.

Defendants Counsel, Marc S. Colen, Esquire and Philip J. Berg, Esquire

did have communications regarding the Sankey Defendants intent on filing a Motion

to Compel further Responses to their Discovery requests on the following dates:

**March 12, 2012** - Mr. Berg received an Email from Mr. Colen stating he
received Plaintiffs responses to Defendants Discovery Requests and asked that
Plaintiffs "*consider responding to the questions asked and in the manner
required by the FRCP and relevant case law*". Mr. Colen stated that he would
be sending Plaintiffs a detailed letter regarding what he considered problems
with Plaintiffs Responses. [Berg Decl., p. 4, ¶10].

**March 22, 2012** - Mr. Berg received an Email from Mr. Colen asking why
Plaintiffs filed a Motion for Summary Judgment when they had not responded
to the Sankey Discovery Requests. [Berg Decl., p. 4, ¶11].

**March 23, 2012** - Mr. Berg received an Email and letter from Mr. Colen
entitled a "Meet and Confer" letter regarding what Mr. Colen claimed were
discovery issues. This letter made blanket/general statements, and failed to
request a "Meet and Confer"; failed to identify the response in controversy;
failed to identify any issue in dispute; failed to briefly state with respect to
each such issue his position and provide legal authority; and failed to specify
the terms of the discovery order he would seek. [Berg Decl. p. 5, ¶13 and Exb.
"A", pp. 16-19].

**March 26, 2012 -** Mr. Berg responded pointing out that Mr. Colen failed to
assert to any particular Interrogatory; to any specific response of the Plaintiffs;

and explained the law regarding unreasonable discovery requests. [Berg Decl. p. 5, ¶14 and Exb. "B", pp. 21-24].

**March 26, 2012 -** Mr. Colen sent three (3) separate letters to Mr. Berg.  Mr. Colen in one of his letters again claimed Plaintiffs had **not** properly responded to the Sankey's Discovery and again failed to outline what Interrogatory or Request his dispute pertained; what he felt the problem was with Plaintiffs response and failed to cite any law; and failed to specify the terms of any Discovery Order he was seeking.  Mr. Colen was now claiming Liberi failed to provider her medical records or information. [Berg Decl. p. 6, ¶15 and Exb. "C", pp. 26-27].

**March 27, 2012 -** Mr. Berg responded informing Mr. Colen that Defendants never requested medical records or medical information from Liberi. [Berg Decl., p. 6, ¶16, Exb. "D", pp. 29-31].

**March 28, 2012 -** Mr. Berg received another letter from Mr. Colen claiming it was another "Meet and Confer" effort.  Mr. Colen failed to assert to the specific discovery response he felt was inadequate; failed to assert which Responses he felt was inadequate and/or what he claimed the problem with the response(s) were; failed to cite to any law or Rule; and failed to specify the terms of the Discovery Order he would seek. [Berg Decl., p. 7, ¶17, Exb. "E", pp. 34-37].

**March 29, 2012 -** Mr. Berg responded stating Mr. Colen's letter did not make sense and that Plaintiffs properly responded to all of the Sankey's Discovery Requests. [Berg Decl., p. 7, ¶18, Exb. "F", p. 39].

**May 28, 2012 -** Mr. Berg received an Email and letter from Mr. Colen claiming his letter was another "Meet and Confer" attempt.  Mr. Colen failed to assert whose Responses he was claiming were inadequate; what responses he felt were inadequate; why he felt the responses were inadequate; failed to cite any law to support his position; failed to specify the terms of the Discovery Order he would seek; and failed to supply a Stipulation with Exhibits and Declarations. [Berg Decl., p. 8, ¶20, Exb. "G", p. 41].

**May 31, 2012 -** Mr. Berg responded to Mr. Colen informing him that the parties were required to "Meet and Confer" telephonically.  Mr. Berg informed Mr. Colen that it was his position that Plaintiffs complied with Defendants Discovery requests. [Berg Decl., p. 8, ¶21, Exb. "H", pp. 44-46].

**May 31, 2012** - Mr. Colen responded stating he felt Mr. Berg's arguments were frivolous. [Berg Decl., p. 8, ¶22].

None of the above letters or Emails complied with L.R.'s 37-1, 37-2. Defendants letters and Emails made general/blanket statements; failed to request a proper "Meet and Confer" telephonically; failed to identify each discovery request he felt was inadequate; failed to state their position with respect to each such issue; failed to provide legal authority; and failed to specify the terms of the Discovery Order they would seek in violation of this Court's *L.R.'s* 37-1. [Berg Decl., pp. 4-9, ¶¶ 10-24, Exbs."A"–"H", pp. 16-47].

Plaintiffs never received a Stipulation from Defendants with their Declarations or evidence they intended to use to support their position in violation of this Court's Local Rules 37-2, 37-2.1 and 37-2.2. [Berg Decl., pp. 8-9, ¶23].

On March 30, 2012, Defendants sought Leave of Court to file a Motion to Compel Plaintiffs Discovery responses, which was Granted by the Court on April 2, 2012.

On April 13, 2012, Defendants filed their Motion to Withdraw their Deemed Admissions.   Defendants noticed their Motion twenty-one [21] days before the Hearing, instead of the required twenty-eight [28] days.  The Hearing was set for May 7, 2012.

On May 7, 2012, Mr. Berg appeared telephonically at the Sankey's Hearing on behalf of the Plaintiffs.  Defendants and their counsel failed to appear.

Defendants failed to comply with the Court's Local Rules 37 through 37-2.2 warranting dismissal of their Motion to Compel and for Sanctions with prejudice, *L.R.* 37-2.4.  Plaintiffs seek and are entitled to Attorney Fees and Costs in the amount of Seventy-Five Hundred Dollars [$7,500.00], *Fed. R. Civ. P.* 37(a)(5)(B).

### III.   ARGUMENT

**A.   DEFENDANTS MOTION to COMPEL and for SANCTIONS SHOULD be DENIED for FAILURE to COMPLY with *L.R.'S* 37-1; 37-2; 37-2.1; 37-2.2; and *FED. R. CIV. P.* 37(a)(1):**

This Court's Local Rule 37-1 states, in relevant part:

"Prior to the filing of any motion relating to discovery pursuant to F.R.Civ.P. 26-37, counsel for the parties shall confer in good faith effort to eliminate the necessity for hearing the motion or to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible.  It shall be the responsibility of counsel for the moving party to arrange for this conference….if both counsel are not located within the same county of the Central District, the conference may take place telephonically…counsel for the opposing party shall confer with counsel for the moving party within ten (10) days after the moving party serves a letter requesting such conference. The moving party's letter shall identify each issue and/or discovery request in dispute, shall state briefly with respect to each such issue/request the moving party's position (and provide any legal authority which the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought." *L.R.* 37-1.

Mr. Colen, Counsel for the Defendants failed to conduct a proper "Meet and Confer" and never provided a letter to Mr. Berg requesting a telephonic "Meet and Confer".  None of the written communications received from Mr. Colen complied by way of identifying the discovery request in dispute; or stating briefly with respect to each such issue/request the Defendants position; or provided any legal authority

---

which the Defendants believed was dispositive of the dispute; and/or specified the terms of the Discovery Order to be sought.  This alone justifies Denial/Dismissal of the Sankey's Motion with Prejudice. *See* also *Fed. R. Civ. P.* 37(a)(1) (prohibiting the filing of discovery motions without first certifying that the moving party has conferred in good faith with the adverse party in an effort to resolve the dispute without court action)

This Court's *L.R.* 37-2 states:  "If counsel are unable to settle their differences, they shall formulate a written stipulation.  The stipulation shall be filed and served with the notice of motion." *L.R.* 37-2, which Defendants failed to comply with.

This Court's *L.R.* 37-2.1 sets out the form and contents of the required Stipulation.  This Court's *L.R.* 37-2.2 states:

> "Following the conference of counsel, counsel for the moving party shall personally deliver, e-mail, or fax to counsel for the opposing party the moving party's portion of the stipulation, together with all declarations and exhibits to be offered in support of the moving party's position.  Unless the parties agree otherwise, within seven (7) days of receipt of the moving party's material, counsel for the opposing party shall personally delivery, e-mail, or fax to counsel for the moving party the opposing party's portion of the stipulation, together with all declarations and exhibits to be offered in support of the opposing party's position.  After the opposing party's material is added to the stipulation by the moving party's counsel, the stipulation shall be provided to opposing counsel, who shall sign it (electronically or otherwise) and return it to counsel for the moving party no later than the end of the next business day, so that it can be filed with the notice of motion." L.R. 37-2.2.

Defendants never submitted a stipulation, any declarations or exhibits supporting their position to Plaintiffs.  Nor did Defendants file any such stipulation with their Motion.

This Court's *L.R.* 37-2.4 states in pertinent part: "The Court will not consider any discovery motion in the absence of a joint stipulation…" *See* also *Fed. R. Civ. P.* 37(a)(1) (prohibiting the filing of discovery motions without first certifying that the moving party has conferred in good faith with the adverse party in an effort to resolve the dispute without court action).

Because Defendants did **not** comply with this Court's Local Rules 37-1; 37-2; 37-2.1; and 37-2.2 prior to filing their Motion and Amended Motion to Compel, the Motion must be Denied with Prejudice. *See L.R.* 37-2.4.  Plaintiffs are entitled to Attorney Fees and Costs, *Fed. R. Civ. P.* 37(a)(5)(B).

**B.     PLAINTIFF LIBERI PROPERLY RESPONDED to the SANKEY DEFENDANTS INTERROGATORIES:**

Defendants Memorandum of Law sets forth a long list of Interrogatories to which they contend Liberi failed to adequately respond.  As an initial matter, because Defendants have **not** attempted to conference these specific discovery disputes, they should be barred from raising them in their Motion to Compel pursuant to Local Rules 37-1; 37-2; 37-2.1;37-2.2; and *Fed. R. Civ. P.* 37(a)(1). Apart from these fatal procedural defects, Defendants contention that Liberi improperly responded to Defendants Interrogatories is without merit.   Liberi in good faith responded to Defendants Discovery requests.

Defendants in their Motion on p. 7, **¶A** "**This Motion to Compel is Appropriate**"; p. 8, **¶C** "**Meaningful Responses to Interrogatories pursuant to**

---

***Fed. R. Civ. P.*** **33 are Required**";   p. 9, **¶D** "**Annoyance, Embarrassment, Oppression, Undue Burden or Expense**"; p. 9, **¶E** "**Blanket Objections**"; pp. 9-10, **¶F** "**Specificity of Objections is Required**" [sic]; pp. 10-11, **¶G** " "**Relevancy**"; p. 11, **¶H** "**No Reservation of Right to Object**"; p. 11, **¶I** "**Legal Conclusions**"; p. 12, **¶J** "**Assertions of Attorney-Client Privilege And the Work Product Qualified Privilege**"; p. 13, **¶K** "**Privilege Log is Required**"; pp. 13-15, **¶L** "**Detail in the Privilege Log is Required**";   p. 15, **¶M** "**Attachments are Separate Documents**"; and p. 15, **¶N** "**The Burden is on the Plaintiffs and Mr. Berg**" cite some law[1] but none of them are applied to any of Liberi's Responses to Defendants Discovery requests that Defendants are claiming are inadequate or deficient.

Defendants claim that Liberi "adamantly refused to reply to the Interrogatories and Request for Production of Documents propounded by…TSF" [Def. MTC at p. 6]. This is untrue and refuted by Mr. Colen's Declaration ["Colen's Decl."] Exhibit ["Exb."] "1", DN 537-1 at pp. 5-35[2] and DN 537-2, pp. 1-40, which is seventy [70] pages of Liberi's Responses to the Defendants Interrogatories.  Defendants then claim Liberi's response are inadequate, but fail to explain how they are inadequate. [Def. MTC at p. 6].

---

[1]   The law cited pertains to Disclosure of documents and failure to provide a Privilege Log; Sankey's Motion is based on Interrogatories and not the Production of Documents; Liberi did not object based on Attorney/Client privilege and no Privilege Log was required.

[2] Plaintiffs are referring to the PACER page numbers at the top of the document as the Sankey Defendants failed to number their Exhibit pages as required.

1   Defendants Brief concentrates and complains that Liberi asserted Objections.

2   Objections were clearly made in Liberi's responses to the Defendants Discovery

3   Requests.  All but four [4] Interrogatories were fully responded to pursuant to *Fed. R.*

4   *Civ. P.* 33(b)(4).

5

6   Rule 26 governs the scope of discovery, stating: "Parties may obtain discovery

7   regarding any non-privileged matter that is relevant to any party's claim or defense."

8   *Fed. R. Civ. P.* 26(b)(1). Relevant information "need not be admissible at the trial,"

9   and is discoverable "if the discovery appears reasonably calculated to lead to the

10   discovery of admissible evidence." Id. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S.

11   340, 353 (1978); *See* also *Davis v. Fendler,* 650 F.2d 1154, 1160 (9th Cir.1981).  The

12   four [4] Interrogatories objected to as irrelevant, invasion of privacy, beyond the

13   scope of discovery were seeking information pertaining to Liberi's criminal

14   conviction; Mental Health Records; and any crimes Liberi was accused of, but not

15   convicted of.

16   All of Liberi's objections are proper and explained in detail.  Liberi responded

17   to the Interrogatories without waiving her objections. *Bible v. Rio Properties, Inc.*,

18   246 F.R.D. 614, 618 (C.D. Cal. 2007) (citing, e.g., *Blankenship v. Hearst Corp.*, 519

19   F.2d 418, 429 (9th Cir.1975)). *See also Cable & Computer Tech. v. Lockheed*

20   *Sanders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997); and *Paulsen v. Case Corp.*, 168

21   F.R.D. 285, 288 (C.D. Cal. 1996).

Defendants asked Liberi for information that was **not** in the custody and/or control of Liberi and Liberi objected as such, providing the names of the individuals and entities, along with addresses as to who had the information being sought.  The Ninth Circuit has defined control in this context "as the legal right to obtain documents upon demand." _United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO_, 870 F. 2d 1450, 1452 (9th Cir. 1989). *See also* _A. Farber & Ptnrs., Inc. v. Garber_, 234 F.R.D. 186, 189-190 (C.D. Cal. 2006).   Some of the information requested, is information in the possession of Defendants which the Defendants should have preserved.  "While a litigant is under no duty to keep or retain every document in its possession once a complaint is filed, it is under a duty to preserve what it knows, or reasonably should know . . ." _Phillips v. Netblue, Inc._, No. 05-4401, 2007 WL 174459, at *2 (N.D. Cal. Jan. 22, 2007). *See also* _National Ass'n of Radiation Survivors v. Turnage_, 115 F.R.D. 543, 556-57 (N.D. Cal. 1987).

Defendants complaints are unintelligible, and Plaintiffs are unable to determine what the Defendants are requesting or complaining of regarding Liberi's responses.

Defendants complain that they do **not** want to review all the documentation and information supplied to them in Plaintiffs Initial Disclosures.  Plaintiffs numbered each document, which is very easy to follow, by number and name of documents. *See* Berg Decl. at p. 2, ¶3.

//
//

---

### i.   **Defendants Complaints regarding Liberi's Responses lack Merit:**

Def. MTC, p. 19, ¶D-1: Defendants claim that Liberi failed to identify the statements, whether the statements listed were made by Sankey or whether the statement was false.   Defendants asked Liberi to "Identify the statements by publication made by Neil Sankey…that you contend are false".   Liberi responded, "Neil Sankey's false statements and publication include but are not limited to" and provided nineteen (19) published false statements that were made by Neil Sankey. *See* Colen's Declaration ["Decl."], DN 537-1, Exb. "1" at pp. 11-12.   Liberi supplied Defendants with all the false statements in her Initial Disclosures on November 29, 2011 in Document No.'s 8 pgs. 6, 11-13, 24-25, 202-203; No. 9, pp. 39, 45, 58, 63-65, 77-78, 879-895; No. 10, pp. 1-2; No. 12a through 12c; and No. 23, p. 2.   The information was equally available to the Defendants from the Court's Docket that had been served upon the Defendants several times; from the Internet postings on Orly Taitz's website; and from the Defendants own files as they provided some of these documents to Plaintiffs in their Initial Disclosures.

Def. MTC, pp. 19-20, ¶D-2: This Interrogatory ["Interrog."] requested Liberi to "Identify all documents that relate to your contention that statements by publication were made by Neil Sankey about you that are false".   Liberi responded listing ten (10) documents; *See* Colen's Decl., DN 537-1, Exb. "1" at pp. 13-14.   Defendants claim they do not know what March 16, 2009 E-Mail or the other dated Emails were.   Liberi supplied Defendants with all the documents containing the false statements in

Plaintiffs Initial Disclosures on November 29, 2011 in Document No.'s 8 pgs. 6, 11-13, 24-25, 202-203; No. 9, pp. 39, 45, 58, 63-65, 77-78, 879-895; No. 10, pp. 1-2; No. 12a through 12c; and No. 23, p. 2.  The information sought by Defendants was equally available to them from the Court's Docket and had been served upon the Defendants several times, from the Internet postings on Orly Taitz's website, and from the Defendants own files as they provided the documents to Plaintiffs with their Initial Disclosures.

Def. MTC, pp. 19-20, ¶D-3: Liberi fully responded to this Interrog.. Defendants claim that Liberi only provided a name and failed to identify the individual, but the Defendants admit that they received the information in Plaintiffs Initial Disclosures.  Defendants Interrog. asked for Liberi to "Identify all persons with whom you have communicated that relate to your contention that statements by publication were made by Neil Sankey about you that are false."  Defendants already had the information in their possession.  The individuals cited to in Liberi's response were fully identified in Plaintiffs Initial Disclosures on pp. 2-15, ¶A, subparagraphs "1" through "41".  Despite this, Liberi again named the individuals.

Def. MTC, pp. 20, ¶D-4: Defendants claim a privilege log is required and Berg refused to supply it.  Interrog. 4 asked Liberi to "Identify the oral statements made by Neil Sankey about you that are false".  Liberi fully answered this Interrog. as shown in Colen's Decl., DN 537-1, Exb. "1" at pp. 16-18.  Liberi never claimed any type of "privilege" that warranted a "privilege log".

Def. MTC, pp. 20, ¶D-5: Defendants only plead "As 1."  Interrog. 5 asked Liberi to "Identify all documents that relate to your contention that oral statements made by Neil Sankey are false."  Liberi fully answered this Interrog.; *See* Colen's Decl., DN 537-1, Exb. "1" at pp. 19-20.  Liberi supplied Defendants with all the false statements in Plaintiffs Initial Disclosures on November 29, 2011, in Document No.'s 8 pgs. 6, 11-13, 24-25, 202-203; No. 9, pp. 39, 45, 58, 63-65, 77-78, 879-895; No. 10, pp. 1-2; No. 12a through 12c; and No. 23, p. 2.  The information is equally available from the Court's Docket; and had been served upon the Defendants several times, from the Internet postings on Orly Taitz's website, and from the Defendants own files as they provided some of the documents to Plaintiffs in their Initial Disclosures.

Def. MTC, pp. 20, ¶D-6: Defendants pled "As 3."  Interrog. 6 asked Liberi to "Identify all persons with whom you have communicated that relate to your contention that oral statements made by Neil Sankey about you that are false."  Liberi properly responded without waiving objections; *See* Colen's Decl., DN 537-1, Exb. "1" at pp. 20-22.   Liberi identified twenty-four (24) individuals in her response. Defendants already had the information in their possession.  The individuals cited to in Liberi's response were fully identified in Plaintiffs Initial Disclosures on pp. 2-15, ¶A, subparagraphs "1" through "41".

Def. MTC, pp. 20-21, ¶D-7: Defendants falsely claim that this case "largely concerns what Liberi asserts are not criminal acts that she has done".  This is without merit.   This case involves the false allegations and falsely accusing Liberi of

committing crimes against the Defendants; violating her probation based on the Defendants false allegations that Liberi is committing crimes; false allegations as to Liberi having a long criminal history; invasion of Plaintiffs privacy; harassment; cyber-stalking; obtaining and publication of Plaintiffs private information; malicious prosecution; abuse of process, just to name a few.  This case has nothing to do with Liberi's criminal conviction.  Defendants had the information in their possession. Defendants posted it all over the Internet, discussed it in Radio shows and filed it in this case on May 28, 2009, DN's 29, 35, 36; June 9, 2009, DN's 50, 51, 53; June 11, 2009, DN 59; August 3, 2009, DN 91; August 3, 2009, DN 93, July 26, 2010, DN's 135, 136; and September 28, 2010, DN 145.  This information was provided to Defendants numerous times in Plaintiffs Initial Disclosures in Document No.'s 8, pp. 15-16, 28-29, 140-141, 160-161, 206-207, 280-281, 345-346, 407-408, 443-444, 489-490, 527-529; No. 9, pp. 288-289, 311-312, 363-364, 447-448, 525-526, 601-602, 641-642, 697-698 and 741-743.  The information is equally available from the San Bernardino County Superior Court's website at http://www.sb-court.org/Home.aspx, where they originally obtained the information; and it is already in Defendants possession as Defendants provided it to Plaintiffs in their Initial Disclosures.

Def. MTC, p. 21, ¶D-8: Defendants complain that Liberi referred to Emails, website postings, and what they claim are inapplicable admissions.  Liberi properly responded; *See* Colen's Decl., DN 537-1, Exb. "1" at pp. 23-24.  This information was already in the possession of Todd Sankey, as Defendants Initial Disclosures furnished

Plaintiffs with the confidential reports they obtained on Liberi and her husband, Brent. The documents are equally available to the Defendants from the Court's Docket, which Defendants were served with; and the documents were provided to the Defendants with Plaintiffs Initial Disclosures in Document No.'s 8 pgs. 6, 11-13, 24-25, 202-203; No. 9, pp. 39, 45, 58, 63-65, 77-78, 879-895; No. 10, pp. 1-2; No. 12a through 12c; and No. 23, p. 2.

Def. MTC, p. 21, ¶D-9: Defendants complain of the objections asserted by Liberi and state had Liberi not asserted objections Defendants would be "thrilled" with the response.  Liberi, without waiving her objections, properly responded to this Interrog.. *See* Colen's Decl., DN 537-1, Exb. "1" at pp. 25-27.  This information was provided to Defendants in Plaintiffs Initial Disclosures on November 29, 2011 in Document No.'s 8 pgs. 6, 11-13, 24-25, 202-203; No. 9, pp. 39, 45, 58, 63-65, 77-78, 879-895; No. 10, pp. 1-2; No. 12a through 12c; and No. 23, p. 2.  The information was already in the possession of Defendants as the reports with Liberi's private information were supplied to Plaintiffs by the Defendants; and the information is equally available to Defendants from the Court's Docket, which Defendants were served with multiple times.  Liberi objected because not all the information was in her possession or control, and provided sixteen (16) individuals and businesses that had custody and control of the information.

Def. MTC, p. 21, ¶D-10: Defendants state "As 4."  In Interrog. 4 Defendants claimed a privilege log was required and Berg refused to supply it. Interrog. No. 10

asked Liberi to "Identify all persons who with whom you have communicated that relate to your contention that Todd Sankey obtained confidential information about you." Liberi fully answered this Interrog. as shown in Colen's Decl., DN 537-1, Exb. "1" at pp. 27-29. Liberi never claimed any type of "privilege" that warranted a "privilege log".

Def. MTC, pp. 21-22, ¶D-11: Interrog. 11 asked Liberi to "State all facts upon which you base your contention that Neil Sankey illegally obtained confidential information about you." Liberi properly responded as reflected in Colen's Decl., DN 537-1, Exb. "1" at pp. 29-32. This information is in the possession of the Defendants. Defendants provided the reports containing Liberi's private data that Todd Sankey, Neil Sankey and The Sankey Firm, Inc. obtained from IRBSearch, LLC and Lexis. Liberi further objected as **not** all the information was in her possession, but in the possession of other individuals and businesses. Liberi provided the names and addresses of the other individuals and businesses the information could be obtained. The information was provided to Defendants in Plaintiffs Initial Disclosures on Nov. 29, 2011 in Document No.'s 8 pgs. 6, 11-13, 24-25, 202-203; No. 9, pp. 39, 45, 58, 63-65, 77-78, 879-895; No. 10, pp. 1-2; No. 12a through 12c; and No. 23, p. 2.

Def. MTC, p. 22, ¶D-12: Defendants state "Save for the inappropriate objections, there is an actual response. But the objections exist and call everything that Liberi writes into severe doubt". This makes no sense and Liberi is unsure as to what Defendants are seeking. Liberi properly responded to this Interrog.

Def. MTC, p. 22, ¶D-13: Defendants admit that Liberi responded to this Interrog..  Defendants claim because "objections exist, it calls everything that Liberi writes into severe doubt".  Liberi is unsure what Defendants are seeking as they admit Liberi properly answered the Interrog.

Def. MTC, p. 22, ¶D-14: Liberi fully responded to this Interrog.. *See* Colen's Decl., DN 537-2, Exb. "1", pp. 3-5.  Interrog. 14 asked Liberi to "Identify all persons with whom you have communicated about your contention that Neil Sankey illegally obtained confidential information about you."  Defendants complain that six (6) of Liberi's responses to this Interrog. includes "various Employees…"  Liberi provided all the names she had, but was not aware of the exact names of each and every employee she spoke with at the locations provided.  Liberi provided as much information as she had.  Defendants already had the information in their possession. The individuals cited to in Liberi's response were fully identified in Plaintiffs Initial Disclosures on pp. 2-15, ¶A, subparagraphs "1" through "41", along with the report numbers.

Def. MTC, p. 22, ¶D-15: Interrog. 15 asked Liberi to state, "If you contend that your Social Security number was not available in public records, state all facts upon which you base your contentions."  Liberi properly responded; *See* Colen's Decl., DN 537-2, Exb. "1", pp. 5-7.  Defendants falsely claim, "*Mr. Berg admitted to the Court at the hearing on Lexis's Motion for Summary Judgment that Liberi had placed her own Social Security number into public view*."  This is untrue and dishonest. Neil

Sankey supplied an unauthenticated document as an Exb. to his Decl. in Lexis'

Motion for Summary Judgment.  Sankey claimed he obtained the document from the

San Bernardino County Superior Court.  Sankey claimed it was a Declaration of

Liberi and contained Liberi's Social Security number.  This same unauthenticated

document had been filed numerous times by Defendant Orly Taitz.  The Social

Security number this document contained was xxx-xx-6858, **not** Liberi's Social

Security number published by Neil Sankey and Orly Taitz, which was xxx-xx-4312.

Sankey contended that he obtained Liberi's Social Security number from a

Bankruptcy filing; but, the documents in the Bankruptcy case cited by Neil Sankey

were sealed restricted from public access. [Berg Decl., p. 10, ¶27].  Federal and State

Government are prohibited from furnishing public records which contain the person's

name, address, telephone number, date of birth, Social Security number, or any other

identifying information.   Public records obtained from federal, state or local

government records can only contain a name. *See Cal. Civ. Code* §1798; *Cal. Civ.

Code* §1798.24 ("*No agency may disclose any personal information in a manner that

would link the information disclosed to the individual to whom it pertains…* "); *CA

Gov't Code* 6253(a); *CA Civil Code* 1798.81.5(e)(5); *CA Gov't Code* 6254(c); *See

United States Dep't of Justice v. Reporters Committee for Freedom of the Press*, 489

U.S. 749 (1989).  Private Investigators are given access to confidential information

that the general public is **not** privy to; and Private Investigators are mandated to

---

ensure a person's confidential information is maintained confidential, including Social Security numbers. *See Cal. Civ. Code* §1798.81.5(c).

Def. MTC, p. 22, ¶D-16: Liberi supplied this information to Defendants in Plaintiffs Initial Disclosures in Document No.'s 8, pp. 15-16, 28-29, 140-141, 160-161, 206-207, 280-281, 345-346, 407-408, 443-444, 489-490, 527-529; No. 9, pp. 288-289, 311-312, 363-364, 447-448, 525-526, 601-602, 641-642, 697-698 and 741-743.  The information is equally available from the San Bernardino County Superior Court's website at http://www.sb-court.org/Home.aspx; and it is already in Defendants possession as Defendants provided it to Plaintiffs in their Initial Disclosures.  This information is equally available from the Court's Docket as it was filed on May 28, 2009, DN's 29, 35, 36; June 9, 2009, DN's 50, 51, 53; June 11, 2009, DN 59; August 3, 2009, DN's 91, 93; July 26, 2010, DN's 135, 136; and September 28, 2010, DN 145.  Defendants are located in California and can obtain what they are looking for from the San Bernardino County Superior Court for far less than it would cost Plaintiffs.  It would cost Plaintiffs substantially more money to obtain the information as they would have to fly to California, stay in a hotel, rent a car, and pay to obtain the documents and information Defendants are seeking.

Def. MTC, p. 23, ¶D-17: Interrog. 17 asked Liberi to "Identify all damages you contend you have suffered."   Liberi responded with an exhaustive list with explanation as reflected in Colen's Decl., DN 537-2, Exb. "1", at pp. 8-20.  Liberi is unsure as to what the Defendants are claiming is inadequate with Liberi's response.

Liberi gave them in excess of what they requested in this Interrog..   Contrary to Defendants statement, Liberi did **not** claim "pain and suffering causing health complications".   What Liberi stated was "Emotional Distress causing serious health complications as a result of the above". *See* Colen Decl., DN 537-2, Exb. "1" at p. 20.

Def. MTC, p. 23, ¶D-18: Defendants asked Liberi to "Identify all documents that relate to damages that you contend that you suffered."   Liberi properly responded with an exhaustive list identifying the documents as reflected in Colen's Decl., DN 537-2, Exb. "1", pp. 20-25.   Not all documents were in Liberi's possession, but in the possession of the Santa Fe Police Department and the Orange County Sheriff's Department, which Liberi provided along with addresses and report numbers as to where Defendants could obtain the additional information.   Defendants claim that Liberi only provided "medical bills"; "legal expenses" and "travel expenses" which is without merit and refuted by Colen's Decl., DN 537-2, Exb. "1", pp. 20-25.

Def. MTC, pp. 23-24, ¶D-19: Interrog. 19 asked Liberi, "If you contend that you have suffered emotional distress as a result of the action that you allege in the complaint, identify all documents that relate to your mental health."   Liberi objected as this Interrog. was a clear invasion of Liberi's privacy and sought information that Defendants are **not** entitled.   Liberi has never claimed any psychiatric injury, nor have Defendants explained a need for such private records, if they exist.   Mental Health Records are **not** reasonably calculated to lead to the discovery of any admissible evidence and are overbroad. *Hallendorf v. Superior Court*, (1978) 85 Cal. App. 3d

553, 557 [149 Cal. Rptr. 564, 566].  Defendants claim that psychiatric records exist for Liberi because she pled "Emotional and Mental Distress".  Emotional and Mental Distress is mental pain and suffering considered in assessing compensatory damages. Emotional and Mental Distress and suffering include fright, nervousness, grief, emotional trauma, anxiety, humiliation, embarrassment, and indignity, which Liberi has suffered. *See* *Cochran v. Cochran*, 65 Cal. App. 4th 488, 494 (1988); *Chaconas v. JP Morgan Chase Bank*, 713 F. Supp. 2d 1180, 1187-188 (S.D. Cal. 2010).  This does not mean psychiatric or mental health records exist.  Defendants are simply on a fishing expedition.  Liberi responded "Liberi's Emotional Distress is documented in her medical records with her treating physicians, including her Internist; Cardiologist; paramedic records and hospital records.  Liberi's medical records were filed in Judge Robreno's Federal Court in Pennsylvania on December 20, 2010, prior to the transfer to this Court and copies were served by Federal Express upon Neil Sankey and Sankey Investigations, Inc., Tracking No. 8741 6821 6534, received and signed for by H. Sankey on December 15, 2010 at 2:09 p.m.; and to Todd Sankey and The Sankey Firm, Inc., Tracking No. 8741 6821 6523, received and signed for by B. Helge on December 15, 2010 at 12:08 p.m.  [Berg Decl., p. 9, ¶25].

Def. MTC, p. 24, ¶D-20: Liberi incorporates by reference her response explained in number 19 above.  Liberi has never claimed any psychiatric injury, nor has Defendant explained a need for such private records, if they exist.

---

Def. MTC, p. 24, ¶D-21: Interrog. 21 asked Liberi to "State the facts on which you base your contention that Neil Sankey forged documents". Liberi properly responded as reflected in Colen's Decl., DN 537-2, Exb. "1", pp. 28-30. Defendants were already in possession of the information as Liberi supplied this information in Plaintiffs Initial Disclosures on November 29, 2011 in Document No.'s 8 pgs. 6, 11-13, 24-25, 202-203; No. 9, pp. 39, 45, 58, 63-65, 77-78, 879-895; No. 10, pp. 1-2; No. 12a through 12c; and No. 23, p. 2.   The information is available from the Court's Docket which Defendants had been served with several times.   Plaintiff Liberi was **not** in possession of all the information, but supplied the names of individuals and entities that had control and custody of the information, with addresses that the information could be obtained.

Def. MTC, p. 24, ¶D-22: Interrog. 22 asked Liberi to "Identify all documents on which you base your contention that Neil Sankey forged documents."   Liberi responded to this Interrog. as reflected in Colen's Decl., DN 537-2, Exb. "1", pp. 30-33.   Defendants were already in possession of this information and the actual documents as Liberi provided them with Plaintiffs Initial Disclosures on Nov. 29, 2011 in Document No.'s 8 pgs. 6, 11-13, 24-25, 202-203; No. 9, pp. 39, 45, 58, 63-65, 77-78, 879-895; No. 10, pp. 1-2; No. 12a through 12c; and No. 23, p. 2.   Liberi was not in possession or control of all the information, but provided the names and addresses of individuals and entities the information could be obtained.   This

information is equally available from the Court's Docket and had been served upon

Defendants numerous times.

Def. MTC, pp. 24-25, ¶D-23: Interrog. 23 asked Liberi to "Identify all persons

who have knowledge Neil Sankey forged or altered documents". Liberi responded as

reflected in Colen's Decl., DN 537-2, Exb. "1", pp. 33-34. The individuals cited to in

Liberi's response were fully identified in Plaintiffs Initial Disclosures on pp. 2-15, ¶A,

subparagraphs "1" through "41". Liberi again named the individuals. The

information was equally available from the Court's Docket and had been served upon

the Defendants several times; and from the Defendants own files as the Defendants

provided some of these documents to Plaintiffs in their Initial Disclosures.

Def. MTC, p. 25, ¶D-24: Interrog. 24 asked Liberi to "State the facts on which

you base your contention that Neil Sankey altered documents." Liberi responded as

reflected in Colen's Decl., DN 537-2, Exb. "1", pp. 35-37. Liberi incorporates by

reference as if fully set forth here at length her answer to Interrog. 21 above.

Def. MTC, p. 25, ¶D-24: Interrog. 25 asked Liberi to "Identify all documents

on which you base your contention that Neil Sankey altered documents". Liberi

responded as reflected in Colen's Decl., DN 537-2, Exb. "1", pp. 37-40. Liberi

incorporates by reference as if fully set forth here at length her response to Interrog.

22 above.

//
//
//

C.   **DEFENDANTS are NOT ENTITLED to SANCTIONS:**

Defendants ask this Court to Sanction Plaintiff Liberi and her attorney, Philip J. Berg, Esquire because Liberi asserted "egregious objections". [Defendants MTC at p. 25, ¶IV].  Liberi answered all but four (4) Interrogatories, which asked for privileged and private information, even though Liberi had previously provided all the information in her Initial Disclosures.

Discovery motions in Federal Court must include a certification that the moving party "has in good faith conferred or attempted to confer" to obtain adequate responses without Court action. *Fed. R. Civ. P.* 37(d)(1)(B).  Defendants failed to include any such certification.  They could **not**, as they did **not** properly "Meet and Confer" with Plaintiffs' counsel as explained hereinabove.

IV.   **CONCLUSION:**

For the reasons outlined herein, Todd Sankey and The Sankey Firm, Inc.'s Motion to Compel and for Sanctions must be Denied with Prejudice.  Plaintiffs should be awarded Seventy-Five Hundred Dollars [$7,500.00] pursuant to *Fed. R. Civ. P.* 37(a)(5)(B) for Attorney Fees and Costs in responding to the Sankey Defendants meritless Motion.

Respectfully submitted,

Dated:  June 17, 2012                    /s/ Philip J. Berg

Philip J. Berg, Esquire

*Attorney for Plaintiffs*

---

Liberi, et al, Plaintiffs Opposition to the Sankey Defendant's Motion to Compel

25