Philip J. Berg, Esquire (PA I.D. 9867)
E-mail: philjberg@gmail.com
**LAW OFFICES OF PHILIP J. BERG**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Telephone: (610) 825-3134 Fax: (610) 834-7659
*Attorney in Pro Se and for Plaintiffs*

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA,
SOUTHERN DIVISION**

| | |
|---|---|
| LISA LIBERI, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> ORLY TAITZ, et al, <br><br> Defendants. | Case No.: 8:11-cv-00485 AG (AJW) <br><br> **[*Honorable Andrew J. Guilford*]** <br><br> **PLAINTIFFS RESPONSE TO THIS COURT'S JANUARY 23, 2013 ORDER TO SHOW CAUSE ISSUED UPON ORLY TAITZ** <br><br> Location:     Courtroom 10D |

Pursuant to this Court's Order to Show Cause issued upon Orly Taitz on January, 23, 2013, Plaintiffs are filing the attached partial Opposition[1] to Orly Taitz's Ex Parte Motion to Compel; and the Court's Minute Order relating to the same in the matter of <u>Orly Taitz v. Barack Obama, et al</u>, Orange County Superior Court Case No. 30-2012-00582135.  The partial Opposition is attached as Exb. A, pp. 2-8; and the Court's Minute Order is attached as Exb. B, pp. 9-10.

                                        Respectfully submitted,

Dated: February 4, 2013         /s/ Philip . Berg
                                        Philip J. Berg, Esquire

---

[1] Plaintiffs are filing partial documents to comply with the Court's 10 page limit. The four (4) page Memorandum dismissing Ms. Taitz's case is not included due to the 10 page limit.

1

D. JAY RITT, State Bar No. 138661
**RITT, TAI, THVEDT & HODGES**
A Limited Liability Partnership
65 North Raymond Avenue, Suite 320
Pasadena, California 91103
Tel: (626) 685-2550
Fax: (626) 685-2562

Attorneys for Third-Party Respondent
OCCIDENTAL COLLEGE

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

NOV 01 2012

ALAN CARLSON, Clerk of the Court
BY R. SIMMER

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE - CENTRAL DIVISION

| | |
|---|---|
| ORLY TAITZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BARACK OBAMA, DIANE FEINSTEIN, ELIZABETH EMKEN, DAN HUGHES, RICK WILLIAMS, in their capacity as candidates on the ballot, JOHN DOE, JANE DOE 1-100,<br><br>　　　　Defendants. | Case No. 30-2012-00582135<br><br>[Assigned to: Hon. Charles Marginis - Dept. C-19]<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO *EX PARTE* APPLICATION OF PLAINTIFF ORLY TAITZ FOR MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THIRD PARTY RESPONDENT OCCIDENTAL COLLEGE; IN SUPPORT OF MOTION TO QUASH SUBPOENA; AND IN SUPPORT OF REQUEST FOR SANCTIONS IN THE AMOUNT OF $4,000**<br><br>Date: November 1, 2012<br>Time: 1:30 p.m.<br>Dept: C-19 |

## I. PREFATORY STATEMENT

Third-party respondent Occidental College files this opposition to Plaintiff's self-styled *ex parte* 'Motion to Compel Production of Documents,' because the motion is blatantly vexatious. Plaintiff has not served a proper subpoena – she has, in fact, failed to comply with nearly every conceivable requirement for the issuance of a valid subpoena. The subpoena seeks patently private and protected information; it purports to provide less than a day's notice when at least twenty days are required; it was served via e-mail last night; and it is not accompanied by the required Notice of Consumer Privacy Rights. Even putting aside the truly staggering and wholesale defectiveness of the subpoena itself, Plaintiff's attempt to obtain records and testimony from Occidental College via an *ex parte* application on less than a day's notice is itself an abuse of process. To make the point even clearer, Plaintiff's *ex parte* application was prepared and served even before she prepared and served the subpoena itself – this must be close to a first.

Plaintiff, apparently a well-known and vexatious litigant, is plainly using this litigation and this particular tactic to try to garner publicity, to smear the President of the United States, a former student of Occidental College and to harass and bother the President's former school. This Court should deny Plaintiff's "ex parte motion," quash the subpoena itself, and award sanctions in the amount of $4,000.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

On or about July 9, 2012, Plaintiff filed this action, apparently purporting to challenge under various provisions of the California *Elections Code* the results of the primary election for United States Senate held on June 5, 2012. Despite her contention that her role in the primary election of 2012 was as a candidate for Senate in the Republican primary, Plaintiff alleges, among other things, that President Barack Obama may not and

cannot be certified as the winner in the State of California's Democratic primary election for President, based on various, lengthy and rambling contentions regarding his citizenship and eligibility. (See Affidavit of Elections Challenge Under Elections Code 16100, 16101, 16420-16421, filed on or about July 9, 2012, Par. 2 and Relief Requested, pp. 6-7).[1]

Plaintiff's pleading purports to name President Barack Obama, Senator Diane Feinstein, and three other individuals as nominal defendants. Third-party respondent Occidental College is not a named defendant and has never been a named defendant in this action. (Declaration of D. Jay Ritt ("Ritt Decl."), Par. 2).

Nonetheless, from the docket, it appears that Plaintiff has never properly served any named defendant, and no defendant has appeared in this action. Thus, this action has never at any point been at issue as to any named defendant at any time. At some point, it appears Plaintiff dismissed her own action, removed it on her own initiative to federal district court, where the district court then dismissed the case out of hand, and Plaintiff returned to this Court. (Ritt Declaration, Par. 2).

On or about October 25, 2012, Plaintiff appeared in this Court seeking to enter default against the unserved defendants in this action. There were no appearances for any defendants. This Court denied Plaintiff's application for a default hearing due to improper notice, holding that the defendants had not been validly served with any pleading of any sort (including but not limited to the operative complaint or the request for default) and the Court therefore lacked jurisdiction. (See Court's Minute Order of October 25, 2012 re: Ex Parte Application – Other for Default; Ritt Decl., Par. 3.)

---

[1] According to publicly available documents, Plaintiff was a losing candidate for the Republican Senatorial position in the June 5, 2012 California primary election. President Barack Obama was the prevailing candidate in the Democratic Presidential primary that same day. (See Declaration of D. Jay Ritt "Ritt Decl.", Par. []).

Apparently, on or about October 29, 2012, Plaintiff then filed a lengthy *ex parte* application seeking to obtain records from third-party Occidental College relating to President Obama. The document is entitled "Motion to Compel Production of Documents from a Third Party Witness Under California Code of Civil Procedure 2031.310," and seeks to compel, among other things, that Occidental College produce the "student application by candidate Barack Obama of his application and registration to Occidental College, located in Los Angeles, California."[2] (Ritt Decl., Par. 4.)

As of October 29, 2012, Occidental has not been served with a subpoena duces tecum; indeed, it appeared that no subpoena had even been prepared or served, nor had Occidental received even an informal request for the records. Occidental had been provided no notice of the hearing, nor a copy of any of the pleadings. Occidental had no knowledge whatsoever of the dispute, the relief requested or the documents sought by Plaintiff. The "motion" itself which was over 120 pages long with exhibits was not served upon Occidental. (Ritt Decl., Par. 5.)

It appears from the Court's minute order of that date that, in addition to filing her "ex parte" motion, Plaintiff also appeared in Court on October 29, 2012, as part of a scheduled Status Conference and with regard to her *Ex Parte* Application, including, apparently, the application relating to Occidental. The Court's minute order reflects that it was continuing the Status Conference and Plaintiff's *Ex Parte* Applications to November 1, 2012, at 1:30 p.m., and that Plaintiff was to give notice. (Court's Minute Order of October 29, 2012 re: Status Conference). (Ritt Decl., Par. 6.)

On or about October 30, 2012, Occidental's General Counsel, Carl A. Botterud, received a copy of a purported *ex parte* application for a motion to compel production of

---

[2] The "motion" also purported seek production of a video tape from the Los Angeles Times. This appears to be unrelated to the demand directed towards Occidental College.

4

Exb. "A" - Pg. 5
OPPOSITION TO *EX PARTE* APPLICATION FOR MOTION TO COMPEL PRODUCTION OF DOCUMENTS

documents pursuant to Cal. *Code of Civil Procedure* Section 2031.310. That motion was far less voluminous than the 123 page opus filed on October 29, 2012, but appeared to be similar in nature and sought similar relief. (Declaration of Carl A. Botterud ("Botterud Decl."), Par. 2, Exh. A).

On October 31, 2012, after reviewing the *ex parte* application, Mr. Botterud spoke with Plaintiff informing her of Occidental's intent to appear and oppose her application as frivolous and unwarranted under law. Among the litany of procedural and substantive defects with Plaintiff's application was the fact that Plaintiff had never bothered to serve an actual subpoena on Occidental, a fact which Mr. Botterud pointed out to Plaintiff during their discussion. Mr. Botterud informed Plaintiff that Occidental intended to ask the Court for sanctions. Mr. Botterud confirmed their telephone conversation in an e-mail to which Plaintiff later replied, a reply which unlawfully included President Obama's full social security number (that has been redacted in this pleading). (Botterud Decl., Par. 3, Exh. B).

At 3:38 p.m. on October 31, 2012, Plaintiff emailed a purported subpoena duces tecum, a copy of which is attached to Mr. Botterud's declaration as Exhibit C. The subpoena purports to demand that Occidental designate a witness to appear for deposition at the Court on November 1, 2012, and to produce "the college application, registration financial aid records for Barack Hussein Obama aka Barry Obama aka Barry Soetoro, aka Barry Soebarkah [sic]." The patently improper and non-sensical subpoena thus was served on less than twenty four hours' notice, by e-mail and without any consumer privacy protections. After receiving the "subpoena," Occidental's conclusion that Plaintiff's tactic is sanctionable has only hardened. (Botterud Decl., Par. 3, Exh. C).

During their telephone conversation of October 31, 2012, Plaintiff told Mr. Botterud that he was "committing treason" and being a "traitor" to his country in refusing to provide the demanded information regarding President Obama. Plaintiff posted on her public

website her threat of criminal action against Mr. Botterud for "committing treason and obstructing justice." (Botterud Decl., Par. 4, Exh. D.)

At or about 7:00 p.m., Occidental College retained outside counsel who prepared these papers, and intends to appear at the hearing scheduled for today at 1:30 p.m. Counsel has spent approximately five hours reviewing documents, speaking with counsel and drafting documents. Counsel anticipates spending another five to six hours traveling to Court, and appearing at the hearing. At his regular rate of $395 per hour, the total costs incurred will easily exceed $4,000. Accordingly, Occidental College will seek sanctions from Plaintiff in that amount. (Ritt Decl., Par. 8).

## III. LEGAL ARGUMENT

### A. Plaintiff Has Failed to Serve Occidental College with a Proper Subpoena, Which Is a Prerequisite to Any Relief

The first and self-evident defect with Plaintiff's requested relief is that she has failed to serve Occidental with a proper subpoena under the California Code of Civil Procedure. As a third-party, Occidental may only be required to appear for deposition and to produce documents upon the service of a timely and properly tailored subpoena duces tecum under California *Code of Civil Procedure* Section 2020.020.

Any such subpoena requires at least twenty (20) days' notice after issuance. California *Code of Civil Procedure* Section 2020.510. The subpoena must be properly served under the Code; mail service is not proper, it must be personally served. California *Code of Civil Procedure* Section 2020.220(b).

## IV. CONCLUSION

For the foregoing reasons, Occidental College requests that this Court deny Plaintiff's *ex parte* motion, quash her subpoena upon Occidental College, and issue an award of sanctions in the amount of $4000.

DATED: November 1, 2012

Respectfully submitted,

RITT, TAI, THVEDT & HODGES
A Limited Liability Partnership

_____
D. JAY RITT
Attorney for Third-Party Respondent
OCCIDENTAL COLLEGE

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 11/01/2012     TIME: 01:30:00 PM     DEPT: C19
JUDICIAL OFFICER PRESIDING: Charles Margines
CLERK: Nanci Turner-Mitani
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: Richard A Simmer

CASE NO: **30-2012-00582135-CU-PT-CJC**   CASE INIT.DATE: 07/09/2012
CASE TITLE: **Taitz vs Obama**
CASE CATEGORY: Civil - Unlimited     CASE TYPE: Petitions - Other

EVENT ID/DOCUMENT ID: 71589475,91270133

**EVENT TYPE**: Ex Parte
MOVING PARTY: Orly Taitz
CAUSAL DOCUMENT/DATE FILED: Ex Parte Application - Other to compel production, 10/29/2012

EVENT ID/DOCUMENT ID: 71589476,91270136

**EVENT TYPE**: Ex Parte
MOVING PARTY: Orly Taitz
CAUSAL DOCUMENT/DATE FILED: Ex Parte Application - Other to stay, 10/29/2012

EVENT ID/DOCUMENT ID: 71590092

**EVENT TYPE**: Status Conference

**APPEARANCES**
Orly Taitz, self represented Plaintiff, present.
D. Jay Ritt from the Law Offices of Ritt, Tai, Thvedt & Hodges, LLP present representing Third Party, Occidential College

Ex-Parte application for **1.)** Motion to Compel Production of Documents from a Third Party Witnesses **2.)** Stay of Certification in General 2012 Election requested by Plaintiff.

The Court having fully considered the arguments of all parties, both written and oral, as well as the evidence presented on **1.)** Plaintiffs Application for motion to compel production of documents from third party witness, now rules as follows:

Motion DENIED with prejudice.

Third-Party Respondent, Occidental College request for santions granted. Court orders sanctions against Plaintiff, Dr. Orly Taitz in the sum of $4,000 payable to Ritt, Tai, Thvedt & Hodges Attorney Trust Account. Payment of sanctions to be paid within 30 days.

Defendant will give notice.

Exb. "B" - Pg. 9

Plaintiff's oral request to stay imposition of sanctions denied.

The Court having fully considered the arguments of plaintiff, both written and oral, as well as the evidence presented on 2.) Plaintiffs motion for stay of certification in general 2012 election, now rules as follows:

Motion DENIED.

Plaintiffs request to have certain witnesses testify at this hearing denied, and to set matter for trial premature.

Plaintiffs request to enter default is taken under submisson.