Orly Taitz
29839 Santa Margarita Pkwy, ste 100
Rancho Santa Margarita, CA 92688

US DISTRICT COURT FOR THE CENTRAL DISTRICT OF CA

| | |
|---|---|
| Liberi et al, <br><br> Plaintiff, <br><br> vs. <br><br> Taitz et al, <br><br> Defendant | Case No.: 11-0485 <br><br> Response to order to show cause by Orly Taitz, showing that she provided truthful information during 01.14.2013 hearing and request for leave of court to file a Rule 11 motion against plaintiffs and their attorneys for fraud and falsification of records from CA state court |

**RESPONSE TO ORDER TO SHOW CAUSE BY ORLY TAITZ, SHOWING THAT SHE PROVIDED TRUTHFUL INFORMATION DURING 01.14.2013 HEARING AND REQUEST BY TAITZ FOR LEAVE OF COURT TO FILE A MOTION FOR SANCTIONS AGAINST PLAINTIFFS AND THEIR ATTORNEYS FOR FRAUD AND FALSIFICATION OF RECORDS FROM CA SUPERIOR COURT**

On October 22, 2012 Judge Guilford ordered the parties to "inform the Court immediately of any action taken on pending ethical, disciplinary or related matters". **There were no pending ethical, disciplinary or related matters regarding Orly Taitz.** The only pending matter is the appeal by Attorney Berg of the ruling of the Hearing Panel of the Disciplinary Board of the Supreme Court of Pennsylvania to suspend the law license of attorney Philip Berg for one year and one day, which would prevent him from being an attorney in the case at hand.

On January 14, 2013 Attorney Berg told the court that on November 1, 2012 a judge sanctioned Taitz $4,000. Taitz stated that the award of $4,000 by Judge Marginis was for **discovery, that it was indeed a cost shifting of attorneys fees related to discovery. J**udge Guilford stated in court on the record that indeed

discovery related sanctions do not represent ethical violations, that California state laws allow sanctions in the form of attorneys fees when a party loses a motion. Plaintiffs' attorney Berg responded to court verbally during the hearing and in a letter where Berg claimed that the sanction was for much more than discovery. Taitz responded by a letter stating that $4,000 was indeed for discovery. Judge Guilford issued an order to show cause where he stated "Taitz said in court that the sanction was FOR DISCOVERY... The parties have since subjected the court to a flurry of papers, which the Court dismisses as irrelevant except for the sole issue now of whether Taitz lied to the court when she said the sanction was FOR DISCOVERY" The court ordered Taitz to respond in writing to show cause why she should not be sanctioned for lying to this court.".

On 02.04. 2013 Plaintiffs and their attorneys filed a response and further defrauded Judge Guilford by:

1. **Falsifying/forging an actual opposition filed by the Occidental college**, where they removed from the Opposition filed with The California Superior court 2 pages, where the Occidental college specifically requested $4,000 under the California rule 1987.1 Exhibit 1 is an actual order filed by the Occidental college, where the Occidental college on page 8, line 16 specifically states "Section 1987.1-the provision which Plaintiff should be following –allows the court to rule upon a motion to compel, and to quash service of the subpoena. Section 1987.2 allows the court to award reasonable expenses and fees to the prevailing party in making a ruling. For the reasons set forth above, Occidental College respectfully requests that the court deny Plaintiff's motion, quash the subpoena, and award sanctions in the amount of $4,000". Plaintiffs and their attorneys Philip Berg and local counsel Gary Kreep committed an egregious fraud on the court by falsifying the actual document from the CA Superior court and removing 2 pages from the document they filed with this court today on 02.04.2013, which actually

Response to order to show cause

showed that Taitz was telling the truth, and the award of $4,000 was for discovery based on CA code section 1987.2.

2. Plaintiffs and their attorneys further defrauded Judge Guilford by not providing the actual **NOTICE OF RULING filed by the Occidental College** Exhibit 2 that states the same, that the order by Judge Marginis was a discovery related shift of cost under CA rule 1987.2. Plaintiffs intentionally have hidden from Judge Guilford the actual 3 page Notice of ruling and submitted to the court a falsified original opposition by the Occidental college, where they kept the pages that were simply defamatory against Taitz and removed the pages, which stated that the request for fees was under Rule 1987.2

Additionally, during the hearing Judge Marginis expressly stated on the record that this is not a penalty, but cost shifting. There was no court reporter at the hearing, however Taitz is providing Exhibit 3 Sworn affidavit of a member of the audience Tony Dolz, as well as sworn affidavit by Taitz, attesting that indeed Judge Marginis stated on the record that the order of $4,000 was cost shifting.

Moreover, Taitz is currently appealing this order by Judge Marginis, as with her motion to compel she presented Judge Marginis with an order from Judge Malihi, where he upheld a subpoena by Taitz seeking Occidental College records from Barack Obama himself. Since Obama did not comply with an order to produce records before and since he did not show up for several motion hearings, even though he was properly served by a professional server of process and due to proximity of the national election, it was reasonable for Taitz to seek an order to compel production of the same records from the custodian of records, Occidental college. Additionally, $4,000 fee sought by the Occidental college for one short appearance, was not a reasonable fee. Jay Ritt, co-counsel for Occidental college is a neighbor and acquaintance of Obama's personal attorney Scott J. Tepper and Ritt

Response to order to show cause

appeared on RC radio together with Sam Begley, one of Obama's personal attorneys, attacking Taitz and others who sought to unseal Obama's records. After the hearing Carl Botterud, Legal Counsel for Occidental College gave an interview to <u>Occidental Weekly</u> and stated: "Botterud did say that the college would comply with any legitimate court order to release any student's information, including President Obama's." (Occidental Weekly interview of Carl Botterud 11.28.2012). Botterud could simply appear on the phone and state to Judge Marginis just that, that Occidental college will release Obama's registration records if Judge Marginis orders Occidental to do so. A short appearance on the phone could amount to $100-$200, not a $4,000 fee. A claim for $4,000 attorneys fees for one short appearance was simply an attempt by Jay Ritt, co-counsel for the Occidental college and a friend of Obama's personal attorney Scott Jay Tepper to intimidate anyone who tried to get to the truth. The order and the case itself are currently being appealed in the Fourth District Court of Appeal.

Regardless of what the final outcome of the state appeal of the order by Judge Marginis will be, **Taitz clearly stated the truth to this court, she truthfully stated to Judge Guilford that the order of $4,000 sanction was for discovery and Plaintiffs and their attorneys defrauded Judge Guilford by falsifying the record**.

On the other hand the latest actions by the Plaintiffs and their attorneys warrant sanctions against them, as they are the ones who did not provide truthful information, they falsified the records and caused enormous emotional distress to Taitz and damaged her reputation, particularly in light of the fact that this order to show cause was republished in multiple publication, including Huffington Post and Taitz as an individual and as an attorney has suffered damages as she was defamed, her character was assassinated.

Additionally sanctions against the plaintiffs and their attorneys are warranted as the latest stunt by the Plaintiffs and their attorneys is a part and parcel of a modus

operandi, which includes fraud on the court and defamation. additional reasons for sanctions against the Plaintiffs and their attorneys Philip Berg and Gary Kreep are as follows:

1. 12(b)1 motion has not been heard yet. This case was filed under the diversity of citizenship. During August 7, 2009 hearing Liberi and Berg were ordered by the prior judge, Eduardo Robreno, to provide Liberi's drivers license to prove diversity of citizenship. Liberi and Berg promised to do so. For 4 years they have been in contempt of court and never filed with the court Liberi's drivers license and the jurisdiction of Federal court was never proven and never adjudicated. For 4 years Taitz was harassed with a law suit in the Federal court system, when there was no jurisdiction in the Federal court system to begin with.

2. Plaintiffs and their attorneys have filed thousands of pages of defamatory pleadings, accusing Taitz of the most serious crimes, such as an attempt to hire a hit man to kill Liberi and kidnap children of Ostella. In the memorandum order issued after 12.20.2012 hearing (Document 160 herein, 12.23.2010 order by Judge Robreno) by the prior judge, Eduardo Robreno, Liberi Berg and Ostella were found to be not believable as witnesses and there was no basis to their allegations.

3. This whole case was based on allegation that Taitz defamed plaintiffs and released private information when she published Liberi's criminal record forwarded to her by investigator Sankey. This court already dismissed most of the defendants in this case and ruled that the published  information regarding Lisa Liberi, legal assistant of Philip Berg, was true, that the official records of the California Superior court show her to be convicted in 2008 on 10 felony counts of grand theft, forgery of the official seal and attempt to file forged/altered documents. In its May 22. 2012 order by this court to dismiss Defendant Lexis Nexis (document 535 herein) this court

Response to order to show cause

already ruled that there was no disclosure of personal information of Liberi and all the information about Plaintiff Lisa Liberi came from her own filing in her own criminal case and her own bankruptcy cases.

"1.4    Origin of Liberi's Social Security Numbers

On April 13, 2009, Neil Sankey sent an email to a third-party, containing Liberi's full social security number and certain other identifying information. (*See* Declaration of Phillip Berg, "Berg Decl." Exs. 14, 15.)

Neil Sankey now files a Declaration confirming that he obtained Liberi's social security number and birthdate from court documents *filed by Plaintiff Liberi herself*, not from the LexisNexis Defendants. (Declaration of Neil Sankey, "Neil Sankey Decl.," ¶ 3.)

Neil Sankey attaches two documents to his Declaration. The first attached document is September 21, 2006 Declaration of Lisa Liberi filed in a criminal action brought in San Bernadino, California. (Neil Sankey Decl., Ex. A.) Liberi herself published her full unredacted Social Security number, her date of birth, her marriage history, and some portion of her criminal history. The second document is a copy of documents filed by Liberi in a bankruptcy action. (Neil Sankey Decl., Ex. B.) This document includes Liberi's full unredacted Social Security number. Liberi did not file a Declaration challenging the fact that she made these filings, or contesting that she disclosed the relevant personal information." May 22,2012 order by Judge Guilford to dismiss the complaint against the defendant Lexis Nexis. So, it is clear that Taitz was harassed for 4 years with a frivolous law suit, without any basis.

4. Regardless of what the Supreme Court of Pennsylvania rules on Philip Berg's appeal of the ruling to suspend his license for a year and a day, the basis of this ruling shows the same modus operandi of fraud committed by Berg and his assistant Lisa Liberi. At his disciplinary hearing Berg admitted that he defrauded the Disciplinary Board and his client for over a year, when he lied to the client and advised her that her case is active and going on, while in fact her case was dismissed a year earlier, and when Philip Berg uttered to the Disciplinary Board of Pennsylvania a fraudulent sworn affidavits of the same convicted forger and thief Lisa Liberi, where Liberi attested under the penalty of perjury that she, Lisa Liberi, notified the client that her case was dismissed. Ultimately Berg admitted

on the record that it was a lie and the client was lied to and was not notified for over a year that her case was dismissed.  (02.10 2012 transcript of the trial of <u>Office of the Disciplinary counsel of the Supreme Court of Pennsylvania v Philip Berg.</u> was previously submitted to the 9th Circuit with the pleadings in the ANTISLAPP appeal in this case).

5. Lastly, after this court denied the plaintiffs' motion for leave of court to file a Second Amended complaint, and after this court already dismissed most of the defendants, Plaintiffs and their attorneys decided to go behind the back of Judge Guilford and filed a new 62 page complaint for $250,000,000.00 on the same nucleus of facts in the U.S. District Court in Pennsylvania 12-cv-07002, where they initially filed this case, they went back to PA and they are now suing the parties, whom Judge Guilford already dismissed such as Lexis Nexis, they are suing Sankey defendants who are before this court and added 50 John does, where they can conceivably add all of the defendants, whom Judge Guilford already dismissed in this case. They are continuing with the same pattern of baseless litigation, harassment of the same defendants, enormous emotional distress inflicted upon the defendants, frivolous filing and an enormous waste of judicial resources.

**CONCLUSION**

**Taitz has provided this court with truthful information and there is no basis for sanctioning her. She had no pending ethical, disciplinary**

**or other actions against her, she was under no prior obligation to report. Order of $4,000 was indeed a discovery order against Taitz, who as a pro se plaintiff, Candidate for office, filed an elections challenge and this order is being appealed. Underlying order of $4,000 was indeed related to discovery under the California rule 1798.2. as reflected in the Notice of the Ruling. Plaintiffs and their attorneys egregiously defrauded this court by uttering forged/falsified records from CA Superior court (the same type of violations for which Liberi was convicted in the Superior Court of California in 2008 of 10 felony counts and got 8 years prison term, later reduced to probation). Plaintiffs and their attorneys falsified the records from the California Superior court in order to defame Taitz. Taitz was indeed defamed as the OSC was republished by multiple media outlets. This latest actions by the Plaintiffs and their attorneys are a part and parcel of the same modus operandi of fraud on the court and falsification of record by the Plaintiffs and their attorneys and sanctions against them are warranted.**

Respectfully submitted

/s/ Orly Taitz

02.04.2013

## DECLARATION OF ORLY TAITZ

1. Exhibit 1. November 1, Opposition to Motion by the Occidental college (9 pages in all) is a true and correct copy of such opposition by the Occidental college filed in the Superior court of California.

2. Exhibit 2, November 2, 2012 Notice of Ruling filed by Attorney for the Occidental College Jay Ritt, is a true and correct copy of the aforementioned notice of ruling filed by Ritz on 11.02.2012 with the Superior Court of California.

3. There is no transcript of the November 1, 2012 hearing, as the court states that there was no court reporter and no audio tape of the hearing, however on the record Judge Marginis stated that the order of attorneys fees in not a penalty, but shifting of cost of attorneys fees to defend the motion from the Occidental College to the Plaintiff. I attest that indeed Judge Marginis stated during the motion hearing that this is not a penalty, but shifting of cost from the Occidental College to the Plaintiff to cover attorneys fees to appear in the motion hearing. Affidavit of Tony Dolz is a true and correct copy of such affidavit received by me.

/s/ Orly Taitz

01.04.2013