D. JAY RITT, State Bar No. 138661
**RITT, TAI, THVEDT & HODGES**
A Limited Liability Partnership
65 North Raymond Avenue, Suite 320
Pasadena, California 91103
Tel: (626) 685-2550
Fax: (626) 685-2562

Attorneys for Third-Party Respondent
OCCIDENTAL COLLEGE

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

NOV 01 2012

ALAN CARLSON, Clerk of the Court
BY R. SIMMER

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF ORANGE - CENTRAL DIVISION

ORLY TAITZ,

   Plaintiff,

   v.

BARACK OBAMA, DIANE FEINSTEIN, ELIZABETH EMKEN, DAN HUGHES, RICK WILLIAMS, in their capacity as candidates on the ballot, JOHN DOE, JANE DOE 1-100,

   Defendants.

Case No. 30-2012-00582135

[Assigned to: Hon. Charles Marginis - Dept. C-19]

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO *EX PARTE* APPLICATION OF PLAINTIFF ORLY TAITZ FOR MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THIRD PARTY RESPONDENT OCCIDENTAL COLLEGE; IN SUPPORT OF MOTION TO QUASH SUBPOENA; AND IN SUPPORT OF REQUEST FOR SANCTIONS IN THE AMOUNT OF $4,000**

Date: November 1, 2012
Time: 1:30 p.m.
Dept: C-19

1

## I. PREFATORY STATEMENT

Third-party respondent Occidental College files this opposition to Plaintiff's self-styled *ex parte* 'Motion to Compel Production of Documents,' because the motion is blatantly vexatious. Plaintiff has not served a proper subpoena – she has, in fact, failed to comply with nearly every conceivable requirement for the issuance of a valid subpoena. The subpoena seeks patently private and protected information; it purports to provide less than a day's notice when at least twenty days are required; it was served via e-mail last night; and it is not accompanied by the required Notice of Consumer Privacy Rights. Even putting aside the truly staggering and wholesale defectiveness of the subpoena itself, Plaintiff's attempt to obtain records and testimony from Occidental College via an *ex parte* application on less than a day's notice is itself an abuse of process. To make the point even clearer, Plaintiff's *ex parte* application was prepared and served even before she prepared and served the subpoena itself – this must be close to a first.

Plaintiff, apparently a well-known and vexatious litigant, is plainly using this litigation and this particular tactic to try to garner publicity, to smear the President of the United States, a former student of Occidental College and to harass and bother the President's former school. This Court should deny Plaintiff's "ex parte motion," quash the subpoena itself, and award sanctions in the amount of $4,000.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

On or about July 9, 2012, Plaintiff filed this action, apparently purporting to challenge under various provisions of the California *Elections Code* the results of the primary election for United States Senate held on June 5, 2012. Despite her contention that her role in the primary election of 2012 was as a candidate for Senate in the Republican primary, Plaintiff alleges, among other things, that President Barack Obama may not and

cannot be certified as the winner in the State of California's Democratic primary election for President, based on various, lengthy and rambling contentions regarding his citizenship and eligibility. (See Affidavit of Elections Challenge Under Elections Code 16100, 16101, 16420-16421, filed on or about July 9, 2012, Par. 2 and Relief Requested, pp. 6-7).[1]

Plaintiff's pleading purports to name President Barack Obama, Senator Diane Feinstein, and three other individuals as nominal defendants. Third-party respondent Occidental College is not a named defendant and has never been a named defendant in this action. (Declaration of D. Jay Ritt ("Ritt Decl."), Par. 2).

Nonetheless, from the docket, it appears that Plaintiff has never properly served any named defendant, and no defendant has appeared in this action. Thus, this action has never at any point been at issue as to any named defendant at any time. At some point, it appears Plaintiff dismissed her own action, removed it on her own initiative to federal district court, where the district court then dismissed the case out of hand, and Plaintiff returned to this Court. (Ritt Declaration, Par. 2).

On or about October 25, 2012, Plaintiff appeared in this Court seeking to enter default against the unserved defendants in this action. There were no appearances for any defendants. This Court denied Plaintiff's application for a default hearing due to improper notice, holding that the defendants had not been validly served with any pleading of any sort (including but not limited to the operative complaint or the request for default) and the Court therefore lacked jurisdiction. (See Court's Minute Order of October 25, 2012 re: Ex Parte Application – Other for Default; Ritt Decl., Par. 3.)

---

[1] According to publicly available documents, Plaintiff was a losing candidate for the Republican Senatorial position in the June 5, 2012 California primary election. President Barack Obama was the prevailing candidate in the Democratic Presidential primary that same day. (See Declaration of D. Jay Ritt "Ritt Decl.", Par. []).

3

OPPOSITION TO *EX PARTE* APPLICATION FOR MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1  Apparently, on or about October 29, 2012, Plaintiff then filed a lengthy *ex parte* application seeking to obtain records from third-party Occidental College relating to President Obama. The document is entitled "Motion to Compel Production of Documents from a Third Party Witness Under California Code of Civil Procedure 2031.310," and seeks to compel, among other things, that Occidental College produce the "student application by candidate Barack Obama of his application and registration to Occidental College, located in Los Angeles, California."[2] (Ritt Decl., Par. 4.)

As of October 29, 2012, Occidental has not been served with a subpoena duces tecum; indeed, it appeared that no subpoena had even been prepared or served, nor had Occidental received even an informal request for the records. Occidental had been provided no notice of the hearing, nor a copy of any of the pleadings. Occidental had no knowledge whatsoever of the dispute, the relief requested or the documents sought by Plaintiff. The "motion" itself which was over 120 pages long with exhibits was not served upon Occidental. (Ritt Decl., Par. 5.)

It appears from the Court's minute order of that date that, in addition to filing her "ex parte" motion, Plaintiff also appeared in Court on October 29, 2012, as part of a scheduled Status Conference and with regard to her *Ex Parte* Application, including, apparently, the application relating to Occidental. The Court's minute order reflects that it was continuing the Status Conference and Plaintiff's *Ex Parte* Applications to November 1, 2012, at 1:30 p.m., and that Plaintiff was to give notice. (Court's Minute Order of October 29, 2012 re: Status Conference). (Ritt Decl., Par. 6.)

On or about October 30, 2012, Occidental's General Counsel, Carl A. Botterud, received a copy of a purported *ex parte* application for a motion to compel production of

---

[2] The "motion" also purported seek production of a video tape from the Los Angeles Times. This appears to be unrelated to the demand directed towards Occidental College.

4

OPPOSITION TO *EX PARTE* APPLICATION FOR MOTION TO COMPEL PRODUCTION OF DOCUMENTS

documents pursuant to Cal. *Code of Civil Procedure* Section 2031.310. That motion was far less voluminous than the 123 page opus filed on October 29, 2012, but appeared to be similar in nature and sought similar relief. (Declaration of Carl A. Botterud ("Botterud Decl."), Par. 2, Exh. A).

On October 31, 2012, after reviewing the *ex parte* application, Mr. Botterud spoke with Plaintiff informing her of Occidental's intent to appear and oppose her application as frivolous and unwarranted under law. Among the litany of procedural and substantive defects with Plaintiff's application was the fact that Plaintiff had never bothered to serve an actual subpoena on Occidental, a fact which Mr. Botterud pointed out to Plaintiff during their discussion. Mr. Botterud informed Plaintiff that Occidental intended to ask the Court for sanctions. Mr. Botterud confirmed their telephone conversation in an e-mail to which Plaintiff later replied, a reply which unlawfully included President Obama's full social security number (that has been redacted in this pleading). (Botterud Decl., Par. 3, Exh. B).

At 3:38 p.m. on October 31, 2012, Plaintiff emailed a purported subpoena duces tecum, a copy of which is attached to Mr. Botterud's declaration as Exhibit C. The subpoena purports to demand that Occidental designate a witness to appear for deposition at the Court on November 1, 2012, and to produce "the college application, registration financial aid records for Barack Hussein Obama aka Barry Obama aka Barry Soetoro, aka Barry Soebarkah [sic]." The patently improper and non-sensical subpoena thus was served on less than twenty four hours' notice, by e-mail and without any consumer privacy protections. After receiving the "subpoena," Occidental's conclusion that Plaintiff's tactic is sanctionable has only hardened. (Botterud Decl., Par. 3, Exh. C).

During their telephone conversation of October 31, 2012, Plaintiff told Mr. Botterud that he was "committing treason" and being a "traitor" to his country in refusing to provide the demanded information regarding President Obama. Plaintiff posted on her public

5

1  website her threat of criminal action against Mr. Botterud for "committing treason and
2  obstructing justice." (Botterud Decl., Par. 4, Exh. D.)

4  At or about 7:00 p.m., Occidental College retained outside counsel who prepared
5  these papers, and intends to appear at the hearing scheduled for today at 1:30 p.m. Counsel
6  has spent approximately five hours reviewing documents, speaking with counsel and
7  drafting documents. Counsel anticipates spending another five to six hours traveling to
8  Court, and appearing at the hearing. At his regular rate of $395 per hour, the total costs
9  incurred will easily exceed $4,000. Accordingly, Occidental College will seek sanctions
10 from Plaintiff in that amount. (Ritt Decl., Par. 8).

## III. LEGAL ARGUMENT

### A. Plaintiff Has Failed to Serve Occidental College with a Proper Subpoena, Which Is a Prerequisite to Any Relief

The first and self-evident defect with Plaintiff's requested relief is that she has failed to serve Occidental with a proper subpoena under the California Code of Civil Procedure. As a third-party, Occidental may only be required to appear for deposition and to produce documents upon the service of a timely and properly tailored subpoena duces tecum under California *Code of Civil Procedure* Section 2020.020.

Any such subpoena requires at least twenty (20) days' notice after issuance. California *Code of Civil Procedure* Section 2020.510. The subpoena must be properly served under the Code; mail service is not proper, it must be personally served. California *Code of Civil Procedure* Section 2020.220(b).

To the extent the subpoena seeks the "personal records" of a defined "consumer," the subpoena must be accompanied by the consumer's written release of the records or proof of service of a special notice to the consumer under California *Code of Civil Procedure* Section 1985.3 that the records are being subpoenaed, in order to give the consumer the chance to seek appropriate orders protecting the privacy of such records. California *Code of Civil Procedure* Section 2020.510. "Personal records" under Section 1985.3 are defined to include any data maintained by a private or public school or community college. California *Code of Civil Procedure* Section 1985.3(a)(1).

Here, Plaintiff did not bother to draft or serve her subpoena until after she had filed and served an *ex parte* application to compel production. The subpoena itself seeks self-evidently private financial and academic records protected from disclosure; it is not accompanied by any statutorily required Notice or release from the consumer; it was served via e-mail and not personally; and it purports to give Occidental less than twenty-four (24) hours' notice.

The subpoena fails on its face at every conceivable level, and this Court should exercise its discretion to quash the subpoena.

**B.     Occidental College Is Entitled to Sanctions in Having to Respond to Plaintiff's *Ex Parte* Relief Compelling a Response to a Defective Subpoena She Only Served after Preparing and Serving Her Bogus *Ex Parte* Application**

It should go without saying that Plaintiff is not entitled to *ex parte* relief compelling a response to a defective subpoena that was not even prepared until after the ex parte application was prepared and served.

7

OPPOSITION TO *EX PARTE* APPLICATION FOR MOTION TO COMPEL PRODUCTION OF DOCUMENTS

First, the subpoena itself, as demonstrated above, is facially defective at every level, improperly served on October 31, 2012, via e-mail at the witching hour and perfectly timed for Halloween. Second, even if the subpoena were proper, the remedy for a failure to comply with a subpoena is a properly noticed motion under California *Code of Civil Procedure* Section 1987.1.

Here, Plaintiff purports in her motion to be seeking relief based upon California *Code of Civil Procedure* Section 2031.310, and she purports to be doing so on an *ex parte* basis. Section 2031.310 applies to parties, not third-parties like Occidental, so that provision is a non-starter. Moreover, seeking relief on an *ex parte* basis when remedies require a noticed motion violates California Rule of Court 3.1200. So, even if Plaintiff had served a proper subpoena upon Occidental College, even if that hypothetically proper subpoena was not complied with by Occidental College and she was therefore entitled to compel relief, she is not entitled to do so on an *ex parte* basis.

Section 1987.1 – the provision which Plaintiff should be following – allows the Court to rule upon a motion to compel, and to quash service of the subpoena. Section 1987.2 allows the Court to award reasonable expenses and fees to the prevailing party in making such a ruling.

For the reasons set forth above, Occidental College respectfully requests that the Court deny Plaintiff's motion, quash the subpoena, and award sanctions in the amount of $4,000.

///
///
///
///

OPPOSITION TO *EX PARTE* APPLICATION FOR MOTION TO COMPEL PRODUCTION OF DOCUMENTS

## IV. CONCLUSION

For the foregoing reasons, Occidental College requests that this Court deny Plaintiff's *ex parte* motion, quash her subpoena upon Occidental College, and issue an award of sanctions in the amount of $4000.

DATED: November 1, 2012

Respectfully submitted,

RITT, TAI, THVEDT & HODGES
A Limited Liability Partnership

_____
D. JAY RITT
Attorney for Third-Party Respondent
OCCIDENTAL COLLEGE

OPPOSITION TO *EX PARTE* APPLICATION FOR MOTION TO COMPEL PRODUCTION OF DOCUMENTS