FILED

**NOT FOR PUBLICATION**

FEB 15 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LISA LIBERI; THE LAW OFFICES OF PHILIP J. BERG; PHILIP J. BERG, Esquire; LISA M. OSTELLA; GO EXCEL GLOBAL, | No. 11-56079 |
| | D.C. No. 8:11-cv-00485-AG-AJW |
| Plaintiffs - Appellees, | |
| | ORDER AND MEMORANDUM[*] |
| v. | |
| DEFEND OUR FREEDOMS FOUNDATIONS, INC., | |
| Defendant - Appellant., | |
| _____, | |
| ORLY TAITZ, AKA Dr. Orly Taitz; SANKEY INVESTIGATIONS, INC.; NEIL SANKEY; LAW OFFICES OF ORLY TAITZ; ORLY TAITZ, INC.; REED ELSEVIER, INC.; TODD SANKEY; LEXISNEXIS GROUP, INC., a Division of Reed Elsevier, Inc.; LEXISNEXIS, INC., a Division of Reed Elsevier, Inc.; LEXISNEXIS RISK AND INFORMATION ANALYTICS GROUP, INC.; LEXISNEXIS RISK SOLUTIONS, INC., a Division of Reed Elsevier, Inc.; | |



RECEIVED
CLERK, U.S. DISTRICT COURT

2/15/2013

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DLM _____ DEPUTY

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

LEXISNEXIS SEISINT, INC., a Division
of Reed Elsevier, Inc., DBA Accurint;
LEXISNEXIS CHOICEPOINT, INC., a
Division of Reed Elsevier, Inc.;
INTELIUS, INC.; ORACLE
CORPORATION; DAYLIGHT
CHEMICAL INFORMATION
SYSTEMS, INC.; YOSEF TAITZ,
Individually and as Owner/CEO of
Daylight Chemical Information Systems,
Inc.,

      Defendants,

  and

J. JOHNSON,

      Movant.

---

LISA LIBERI; PHILIP J. BERG, Esquire;
THE LAW OFFICES OF PHILIP J.
BERG; LISA M. OSTELLA; GO EXCEL
GLOBAL,

      Plaintiffs - Appellees,

  v.

ORLY TAITZ, AKA Dr. Orly Taitz,

      Defendant - Appellant,

  and

DEFEND OUR FREEDOMS
FOUNDATIONS, INC.; SANKEY

No. 11-56164

D.C. No. 8:11-cv-00485-AG-AJW

INVESTIGATIONS, INC.; NEIL
SANKEY; LAW OFFICES OF ORLY
TAITZ; ORLY TAITZ, INC.; INTELIUS,
INC.; ORACLE CORPORATION; REED
ELSEVIER, INC.; TODD SANKEY;
LEXISNEXIS GROUP, INC., a Division
of Reed Elsevier, Inc.; LEXISNEXIS,
INC., a Division of Reed Elsevier, Inc.;
LEXISNEXIS RISK AND
INFORMATION ANALYTICS GROUP,
INC.; LEXISNEXIS RISK SOLUTIONS,
INC., a Division of Reed Elsevier, Inc.;
LEXISNEXIS SEISINT, INC., a Division
of Reed Elsevier, Inc., DBA Accurint;
LEXISNEXIS CHOICEPOINT, INC., a
Division of Reed Elsevier, Inc.;
DAYLIGHT CHEMICAL
INFORMATION SYSTEMS, INC.;
YOSEF TAITZ, Individually and as
Owner/CEO of Daylight Chemical
Information Systems, Inc.,

     Defendants.

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted February 6, 2013
Pasadena, California

Before: O'SCANNLAIN, TROTT, and CLIFTON, Circuit Judges.

Orly Taitz and Defend Our Freedoms Foundations, Inc. (collectively

"Defendants") appeal the district court's order denying their anti-SLAPP motion to

3

strike the original complaint brought against them by Lisa Liberi, Philip J. Berg,

Lisa M. Ostella, the Law Offices of Philip J. Berg, and Go Excel Global

(collectively "Plaintiffs").  We dismiss their appeal as moot.

Shortly after the district court denied Defendants' anti-SLAPP motion to

strike the original complaint, Plaintiffs filed their First Amended Complaint.  Thus,

the original complaint is no longer the operative complaint and is without legal

effect—the First Amended Complaint has superseded it.  *See Lacey v. Maricopa*

*Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc) (recognizing "the general

rule . . . that an amended complaint supercedes the original complaint and renders

it without legal effect").  In light of the filing of the First Amended Complaint,

Defendants' appeal is moot.  Even assuming we were to find error in the district

court's denial of Defendants' anti-SLAPP motion to strike the original complaint,

we could not grant any meaningful form of relief.  Dismissal of the superseded

original complaint would not alter the proceedings in the district court, as the

parties would continue to litigate the merits of the claims contained in the now-

operative First Amended Complaint.  *See Grand Canyon Trust v. U.S. Bureau of*

*Reclamation*, 691 F.3d 1008, 1016–17 (9th Cir. 2012) ("If an event occurs that

prevents the court from granting effective relief, the claim is moot and must be

dismissed." (quoting *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997)).

Because this case became moot on appeal through the "unilateral action of the party who prevailed in the lower court"—namely, Plaintiffs' filing of the First Amended Complaint—we vacate the decision of the district court. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 71 (1997) (quoting *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 23 (1994)). The case is remanded to the district court for further proceedings.[1]

**DISMISSED.**

---

[1]     We deny all outstanding motions filed by both parties. Although we do not grant either parties' motions for sanctions, we nonetheless note that the parties in this case have persisted in treating the courts as a public spectacle in which they repeatedly manifest their personal dislike for one another without regard to the truth or appropriate decorum. As the district court aptly noted, "This case is roiled by in-fighting, petty history, and an apparent disregard for accuracy and fair play. Thus, the discernment of truth is a constant difficulty for the Court." The parties should consider this fair warning: continued failure to abide by the rules of the court may result in sanctions.