

Sender's Email:<br>Cunningham@SchumannRosenberg.com

February 22, 2013

Hon. Andrew J. Guilford, Judge
United States District Court
Central District of California
Southern Division
411 West Fourth Street
Santa Ana, CA 92701

  Re: Liberi v. Taitz
    Case No. 8:11-CV-00485-AG (AJW)
    *Request for Leave to File Anti-SLAPP Motion to Strike by Defendant, Orly Taitz,*
    *Regarding Plaintiffs' First Amended Complaint*

Dear Judge Guilford:

Our office represents Defendant, Orly Taitz, in the case referenced above.

As you may recall, Ms. Taitz and Defendant, Defend Our Freedoms Foundations ("DOFF"), in June 2011 brought an "anti-SLAPP" motion to strike under California Code of Civil Procedure ("CCP") § 425.16 as to Plaintiffs' Complaint (Document 178). Such motion was denied in connection with the granting of Plaintiffs' motion for leave to file their First Amended Complaint ("FAC") (Document 227).

Ms. Taitz and DOFF appealed from the order denying their motion. The case was stayed in connection with such appeals. The United States Court of Appeals for the Ninth Circuit recently issued its Order and Memorandum in the appeals, dismissing the appeals as moot, in light of the filing of Plaintiffs' FAC, but also vacating the order denying Ms. Taitz's and DOFF's anti-SLAPP motion. The case has been remanded to the District Court for further proceedings.

In June 2011, Ms. Taitz submitted a request for leave to file an anti-SLAPP motion as to Plaintiffs' FAC. The Court denied such request (Document 245), noting that Ms. Taitz and DOFF had appealed from the order denying their anti-SLAPP motion.

Hon. Andrew J. Guilford, Judge
*Request to File Anti-SLAPP Motion to Strike*
February 22, 2013
Page 2 of 2

Ms. Taitz respectfully seeks leave to file an anti-SLAPP motion to strike Plaintiffs' FAC. Good cause exists to bring that motion where, first, the acts of Ms. Taitz alleged in the FAC constitute acts "in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue...." under CCP § 425.16(b)(1). Such alleged acts also constitute protected activities under CCP § 425.16(e)(1)-(4).

Second, Plaintiffs cannot met their burden to demonstrate a probability of prevailing on their FAC as against Ms. Taitz as required by CCP § 425.16(b)(1), by demonstrating the legal sufficiency of the FAC and establishing facts via competent and admissible evidence to sustain a favorable judgment. *Taus v. Loftus*, 40 Cal.4th 683, 713-714 (2007).

Ninth Circuit law regarding California's anti-SLAPP statute requires that, where an amended Complaint is subject to it, Defendant be allowed to challenge the amended Complaint via anti-SLAPP motion. *Verizon Delaware, Inc. v. Covad Comms. Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004). *Verizon* anticipates that plaintiff in response to an Anti-SLAPP motion will improve his or her claims in an amended Complaint, and concomitantly, guarantees defendant's due process rights to challenge the amended Complaint via anti-SLAPP motion: "Moreover, the purpose of the anti-SLAPP statute, the early dismissal of meritless claims, would still be served if plaintiffs eliminated the offending claims from their original complaint. If the offending claims remain in the first amended complaint, <u>the anti-SLAPP remedies remain available to defendants</u>." *Ibid.*; emphasis added.

Here, as stated, Plaintiffs' FAC contains "offending claims" subject to the anti-SLAPP statute. Ms. Taitz thus respectfully submits that she is entitled, as a matter of law, to challenge the FAC via anti-SLAPP motion and seeks leave of Court to bring such a motion. Thank you.

Very truly yours,

**SCHUMANN | ROSENBERG**

KIM SCHUMANN
JEFFREY P. CUNNINGHAM

JPC/pbo