Philip J. Berg, Esquire (PA I.D. 9867)
E-mail: philjberg@gmail.com
**LAW OFFICES OF PHILIP J. BERG**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Telephone:  (610) 825-3134 Fax: (610) 834-7659
*Attorney in Pro Se and for Plaintiffs*

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA,
SOUTHERN DIVISION**

| | |
|---|---|
| LISA LIBERI, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> ORLY TAITZ, et al, <br><br> Defendants. | Case No.: 8:11-cv-00485 AG (AJW) <br><br> [*Honorable Andrew J. Guilford*] <br><br> **PLAINTIFFS FURTHER BRIEFING (SUR-REPLY) TO THIS COURT'S JANUARY 23, 2013 ORDER TO SHOW CAUSE ISSUED UPON ORLY TAITZ** <br><br> Location:        Courtroom 10D |

**I.       INTRODUCTION:**

On January 23, 2013, this Court Ordered Orly Taitz to Show Cause as to Why She Should Not be Sanctioned for Lying to the Court regarding Sanctions Ordered against her in the matter *Orly Taitz v. Barack Obama, et al*, Orange County Superior Court Case No. 30-2012-00582135.

Plaintiffs Responded to the Court's Order to Show Cause ["OSC"] on February 4, 2013, ECF Docket Entry ["ECF"] 592 and provided the Court with the partial documents pertaining to the Sanctions issued against Orly Taitz by Judge Charles Margines in the above referenced case.

1

Orly Taitz Responded to this Court's OSC on February 4, 2013, ECF 593 claiming the $4,000 in Sanctions that were imposed on her in the Orange County case, <u>Orly Taitz v. Barack Obama, et al</u>, Orange County Superior Court Case No. 30-2012-00582135, were not reportable to the State Bar or this Court because they were Discovery Sanctions.  That claim is untrue.

Based on this, Plaintiffs sought Leave to further Brief the Issue, which was Granted by this Court on March 15, 2013, ECF 610 at page 2, ¶2.

## II.     ARGUMENT:

Based on <u>First City Properties, Inc. v. MacAdam</u> (1996) 49 Cal.App.4th 507 at 515, sanctions imposed along with an order to quash an improper subpoena under California C.C.P. §1987.2 are not "discovery sanctions."

In <u>First City</u> the Court of Appeals of California, Second District, Division Four held:

> "*First City argues that section 1987.2* is in reality a discovery statute and that specific written findings are not required for an award of discovery sanctions. While we recognize that specific written findings are not required for issuance of sanctions in routine discovery disputes (*Mattco Forge, Inc. v. Arthur Young & Co.* (1990) 223 Cal.App.3d 1429 [273 Cal.Rptr. 262]), we cannot agree that treatment of sanctions pursuant to section 1987.2 falls within the same purview as issuance of discovery sanctions." [<u>First City Properties, Inc. v. MacAdam</u> (1996) 49 Cal.App.4th 507, 515]

Attorney Taitz has also pointed out in her papers, ECF 593 at page 3, that she has Appealed the Order imposing sanctions against her to the Court of

Appeals.  Since Taitz would be expected to research the law before filing the appeal (to insure that she had good grounds to do so), certainly she must be aware of the *First City* case, which is apparently the only reported California case dealing with whether Section 1987.2 sanctions are discovery sanctions.

### III. CONCLUSION:

Attorney Taitz lied to this Court and then failed to bring relevant case law to this Court's attention.  For this she should be Sanctioned.

                Respectfully submitted,

Dated:  March 22, 2013              /s/ Philip J. Berg  
                Philip J. Berg, Esquire

3