DR. ORLY TAITZ, ESQ

29839 SANTA MARGARITA, STE 100

RANCHO SANTA MARGARITA, CA 92688

COUNSEL FOR THE

DEFEND OUR FREEDOMS FOUNDATION


## IN THE CENTRAL DISTRICT OF CALIFORNIA


LIBERI ET AL                 ) Case # 11-cv-485 Hon Judge Guilford presiding

V                           ) DOFF response to the additional briefing by

TAITZ ET AL               ) plaintiffs (response to March 22, 2013 Additional

Briefing by plaintiffs as authorized by March 15th

2013 order of this court)

# BACKGROUND IN RELATION TO MARCH 22 ADDITIONAL BRIEFING BY THE PLAINTIFFS

It is axiomatic and well established that a motion to compel production of documents and subpoena for production of documents represent a part of discovery, it is a bread and butter of discovery. Black Law Dictionary: "Discovery: In a general sense, the ascertainment of that which was previously unknown; the disclosure or coming to light of what was previously hidden; the acquisition of notice or knowledge of given acts or facts".

In October 22 of 2012 this court ordered
 "Concerning the pending ethical matters, the parties are ORDERED to inform the Court immediately of any actions taken on pending ethical, disciplinary, or related matters concerning any of the parties now appearing in this case."

The only disciplinary proceeding was an appeal by a plaintiff and Plaintiff's attorney Philip Berg of the order by the Disciplinary Board of the Supreme Court of PA to suspend his law license for a year and a day. It was related to this case, as it meant that Berg could no longer serve as an attorney in this case.

In January of 2013 during a status conference Berg stated to Judge Guilford that Taitz violated aforementioned order of this court.

Taitz responded that she was under no prior duty to report as she did not have any pending disciplinary proceedings. She further explained that she was ordered by a different court to pay $4,000 attorneys' fees to the Occidental college, which was a part of the discovery, which does not represent an unethical behavior by an attorney and is not a part of any disciplinary proceeding. California statutes allow award of attorneys fees to a party winning a discovery motion and it is not a disciplinary proceeding. Berg claimed that it was for something else. This court ordered  Taitz to show cause, whether she lied when she stated that the attorneys' fees were discovery related or for something else.

Berg responded. Instead of submitting a 3 page order which clearly stated that the award of attorneys fees was under CCP 1987.2, (which was specifically for discovery of Barack  Obama's  records from the custodian of records, Occidental college), Berg filed an  opposition to motion to compel by the Occidental College, which was defamatory and Berg removed two pages from this opposition trying to present it as a full pleading. Berg removed the two pages, which actually showed the statute under which the attorneys' fees were ordered and kept the other pages

of the motion, which were highly defamatory. In order to further obfuscate the record Berg, or his legal assistant and co-plaintiff Lisa Liberi (who is a recently convicted forger) created an additional page counting which made it difficult  to catch the fact that the two main pages were removed.

Taitz responded by providing this court with the actual three page order and the actual, (not falsified) opposition pleadings from Occidental, which showed that Plaintiffs intentionally falsified the record from the Superior court in order to hide the pages which showed that the order of $4,000 attorneys' fees was under statute 1987.2, and was awarded to the party which won the discovery motion, a motion to compel production of documents which were previously subpoenaed from Obama and not received. This order is being appealed. Recently Chief Judge of the Fourth Court of Appeals, Cathleen O'Leary, reinstated the appeal by Taitz and gave her 70 days to file the Appellants brief.

In her response Taitz has proven to the court that she did not lie, that the order of attorneys' fees was indeed for discovery, that not only there is absolutely no basis for this court to sanction her, but instead the Plaintiffs and their attorney Berg should be sanctioned for defaming Taitz and for the falsification of the records from the CA Superior court, for removing two pages  from the pleading in order to obfuscate the reason for the award of fee  and defame Taitz. Taitz asked this court for a leave to file a motion seeking sanctions against the Plaintiffs and Attorney Berg for fraud on the court and falsification of the record of the Superior Court. She also argued that it is imperative to sanction Berg as this behavior appear to be **a part of the same modus operandi** for which the Supreme Court of Pennsylvania ruled to suspend his law license, which Berg is appealing, and where Berg similarly colluded with the same convicted forger Liberi and submitted to the Disciplinary Board a sworn affidavit from Liberi, which he later admitted not to be true. Additionally, **the same modus operandi of fraud** can be seen in that Berg and Liberi FILED THIS WHOLE CASE BASED ON FRAUD, WHERE THEY CLAIMED THAT THEY WERE DEFAMED BY A POSTING OF LIBERI'S CRIMINAL RECORD, CLAIMING LIBERI TO BE AN INNOCENT PERSON IN PENNSYLVANIA AND NOT A CONVICTED FORGER AND CONVICTED THIEF FROM CALIFORNIA. This court already dismissed most defendants and found that indeed Liberi is a convicted felon from California and all the information about her came from a public record of her criminal case and her bankruptcy cases and was entered there by Liberi herself. On August 7,2009 during the motion hearing, prior Judge on this case, Judge Robreno, **ORDERED LIBERI AND BERG TO FILE WITH THIS COURT LIBERI'S DRIVERS LICENSE** to prove diversity. Both Liberi and Berg promised to do so and **FOR**

**FOUR YEARS THEY HAVE BEEN DEFRAUDING THIS COURT AND HAVE BEEN IN CONTEMPT OF COURT, AS THEY NEVER   FILED LIBERI'S DRIVERS LICENSE, NEVER PROVED DIVERSITY AND NEVER PROVED THAT THE FEDERAL COURT SYSTEM EVER HAD ANY JURISDICTION IN THIS CASE.**

Defense asked for a leave of court to file a motion for sanctions against Plaintiffs, whereby this whole case has to be dismissed immediately as Defendants were harassed for four years in a court which had no right to hear the case, no jurisdiction and the Plaintiffs have to be sanctioned for four years of contempt of court. This court did not respond, and this request is being renewed herein and in a separate request. Prior judge, Eduardo Robreno, denied all pending motions WITHOUT PREJUDICE, as he transferred the case to California, this court previously denied a leave of court to file 12b1 motion WITHOUT PREJUDICE. As a result the Defendants suffered four years of harassment, abuse and defamation in the court which never had any right to hear the case, any jurisdiction in the first place.

Berg  requested additional briefing.

While this court did not respond to Taitz, it granted Berg's request for an additional briefing. Taitz  responds to this briefing.

**ADDITIONAL BRIEFING REPRESENTS A DICTA FROM ONE CASE, WHERE A STATEMENT BY THE COURT COMPARING TWO STATUTES WAS TAKEN OUT OF CONTEXT.**

Additional briefing submitted by Berg is simply a misrepresentation of a dicta in one case, where the ruling was on an unrelated issue.  Plaintiffs simply pulled a sentence out of context of the order. The case, First City Properties v Mac Adam (1996) 49 Cal App 4th 507 (56 Cal Rptr.2d.680)  is actually beneficial for the DOFF and Taitz as the Court of Appeals granted the appeal by the defense and REVERSED and STRICKEN the sanctions.

The defense in First City successfully argued that the lower court has ABUSED ITS' JUDICIAL DISCRETION and VIOLATED THE DEFENDANTS' DUE PROCESS RIGHTS in that the lower court did not provide the defense specific written findings before issuing the order of sanctions. The court of Appeals stated that the lower court did not provide in its' order an explanation and clarification

under which statute the sanctions were ordered: was it 1987.2. 128.5 or 2023. Plaintiffs argued that written findings were not required. The court disagreed and differentiated between two statutes: 1987 and 2023. It states that 1987 is different from 2023 in that in 2023 no written findings are required and under 1987 the written findings are required. The court is stating that 1987 is different from **routine discovery disputes**, addressing the issue of the need of specific written findings as a prerequisite for sanctions. The court never stated that a motion to compel production of records or subpoena were somehow not a part of discovery or that an award of attorneys' fees in relation to the motion to compel production of records or subpoena were not related to discovery. It simply stated that under 2023 there is no requirement for written findings and under 1987.2 the lower court had to provide those findings before issuing the sanctions. The only context in which 1987.2 was differentiated from routine discovery disputes in 2023, was need for specific findings by the court.

In First City the Court of Appeals stated :   "In 1986 the Legislature passed a comprehensive revision of the discovery act, which included section 2023, a statute specifically addressing sanctions for misuse of the discovery process. ..Section 2023 delineates certain types of misuses of the discovery process and gives the court the power to impose a variety of sanctions against anyone engaged in such conduct. In fact, the court is required to impose monetary sanctions " unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." (§ 2023,  subd. (b) (1))

Further the court shows the difference between 2023 and 1987 "...section  1987.2 grants the court discretion to impose sanctions upon certain conditions: "if the court finds the motion was made or opposed in bad faith or without substantial justification or that one or more of the requirements of the subpoena were oppressive". Fairness and effective review require where the court exercises its' discretion to issue sanctions, it delineate the specific acts upon which the sanctions are awarded. (See Lavine v Hospital of the Good Samaritan (1985) 169 Cal App. 3d 1019, 1029 (215 Cal Rptr. 708).)

So it is clear that when the court addresses 1987.2 as not a ROUTINE discovery dispute, it simply differentiated it from a more common and routine 2023 and stated that per 1987.2 the findings were necessary and the lower court erred, abused its' judicial discretion and violated the due process rights of the defendants when it sanctioned the defendants and did not provide specific written findings. First City has only been cited in one published case (Boyle v. City of Redondo

<u>Beach</u> (1999) 70 Cal.App.4th 1109 and it quoted it in the same context, need for due process. So, the quotation provided by Berg was simply a dicta taken out of context of the ruling, which found that statute 1987.2 award of attorneys' fees was different from a more routine mandatory discovery statute 2023 and required specific findings by the presiding judge before the imposition of sanctions.

# CONCLUSION

1. There is no basis for sanctioning Taitz, as she truthfully stated that the order of Attorneys' fees was related to discovery, namely Taitz' motion to compel and subpoena of records.

2. An excerpt from an order in *First City*, which was offered by the plaintiffs in their additional briefing represents a dicta and was taken out of context. *First City* simply differentiates two types of sanctions 2023 and 1987.2 and found that 1987.2 was not a routine discovery dispute in the sense that it required written findings, which were not required in more routine 2023.

3. Plaintiffs attempted to defraud this court by falsifing the records from the Superior Court of California in Taitz v Obama et al. Plaintiffs acted with malice and sought to defame Taitz by substituting the three page order with the opposition by the Occidental college and by removing two main pages from that opposition and creating a new numeration to further obfuscate the record and mislead the court. **This is the modus operandi by the plaintiffs and their Attorney Philip Berg, in that they defrauded the court and were IN CONTEMPT OF COURT FOR FOUR YEARS.** Plaintiffs filed their case four years ago based on diversity. On August 7, 2009 prior judge in the case, Eduardo Robreno ordered Berg and Liberi to file Liberi's drivers license to prove diversity. This was requested by the Defendants in their 12b1 Motion to Dismiss due to lack of Jurisdiction and Diversity and due to the fact that in 2008 Liberi was criminally convicted and received an eight year prison term in the state of California,  hence there was no diversity. (Liberi's eight year conviction was reduced to probation, however Liberi was under the jurisdiction of the Superior Court of California at the time the complaint at hand was filed in May 2009 as she was on probation). 12b1 motion was not adjudicated on the merits yet and the issue of four years of fraud and Contempt of  Court by the Plaintiffs was not adjudicated on the merits yet. As such, not only there is no justification for any sanctions against Taitz, there is justification to dismiss this case immediately due to the fact that the jurisdiction was never established and the Plaintiffs were in contempt of the express order by the court to file Liberi's drivers license for four years now.

Respectfully submitted,

/s/ Dr. Orly Taitz, ESQ, Counsel for DOFF 03.29.2013

Certificate of Service

I, Orly Taitz, attest that I served all the parties in this case with the attached
"Response to Supplemental Briefing" through the ECF on 03.29.2013.

/s/ Orly Taitz