1 | Kim Schumann, Esq., State Bar #170942
2 | Jeffrey P. Cunningham, Esq., State Bar #151067
  | **SCHUMANN | ROSENBERG**
3 | 3100 Bristol Street, Suite 100
  | Costa Mesa, CA 92626
  | Telephone (714) 850-0210
4 | Facsimile (714) 850-0551
  | Email: Cunningham@SchumannRosenberg.com
5 |
  | Attorneys for Defendant, ORLY TAITZ
6 |
7 |
8 | **UNITED STATES DISTRICT COURT**
9 | **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**
10 |

| | |
|---|---|
| LISA LIBERI and PHILIP J. BERG, ESQUIRE and THE LAW OFFICES OF PHILIP J. BERG and LISA M. OSTELLA and GO EXCEL GLOBAL, | Case No. 8:11-CV-00485-AG (AJW)<br>Hon. Andrew Guilford<br>Courtroom 10D |
| Plaintiffs, | **NOTICE OF MOTION AND MOTION BY DEFENDANT, ORLY TAITZ, TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.16; MEMORANDUM OF POINTS AND AUTHORITIES; SUPPORTING DECLARATIONS** |
| vs. | |
| ORLY TAITZ, a/k/a DR. ORLY TAITZ, a/k/a LAW OFFICES OF ORLY TAITZ; a/k/a WWW.ORLYTAITZESQ.COM a/k/a WWW.REPUBX.COM a/k/a ORLY TAITZ, INC. and DEFEND OUR FREEDOMS FOUNDATIONS, INC., et al.; and DOES 1 through 200 Inclusive, | |
| | **[Filed with Request for Judicial Notice]** |
| Defendants. | Date:                    June 17, 2013<br>Time:                    10:00 a.m.<br>Courtroom:          10D |
| | Date Action Filed:   May 4, 2009<br>Trial Date:             None |

**TO THE COURT, ALL PARTIES, AND/OR THEIR ATTORNEYS OF RECORD:**

     **PLEASE TAKE NOTICE** that on **June 17, 2013 at 10:00 a.m.** or as soon as the matter may be heard in Courtroom 10D of the above-entitled Court, located at 411 West Fourth Street, Santa Ana, California 92701-4516, Defendant, ORLY TAITZ ("Taitz"),will and hereby does move for an order pursuant to California Code of Civil

1   Procedure § 425.16 (California's "anti-SLAPP" statute or "Section 425.16" herein)

2   striking the First Amended Complaint ("FAC") of Plaintiffs, LISA LIBERI ("Liberi"),

3   LISA M. OSTELLA ("Ostella"), PHILIP J. BERG, ESQUIRE ("Berg"), GO EXCEL

4   GLOBAL, and THE LAW OFFICES OF PHILIP J. BERG ("Berg Offices")

5   (collectively "Plaintiffs"), on the following grounds:

6       1.      Taitz's alleged acts and statements in furtherance of her rights of petition

7   and free speech come within each of the four categories of protected activities under

8   Section 425.16 (e)(1)-(4). Thus, Taitz has met her burden to show protected activity

9   under the anti-SLAPP statute.

10      2.      Plaintiffs cannot meet their burden under Section 425.16 (b) to establish

11  "a probability that the plaintiff will prevail on the claim...."

12      This motion is made following the conference of counsel pursuant to L.R. 7-3

13  which took place on April 10 and 15, 2013. Taitz has been granted leave to file this

14  Motion, in compliance with the Court's June 14, 2011 order.

15      This Motion will be based upon this Notice, the attached Memorandum of Points

16  and Authorities, the concurrently-filed Request for Judicial Notice ("RJN"), the Court's

17  file in this matter, and all other tangible and/or testimonial evidence provided at the

18  hearing on this matter.

19

20  DATED: May 10, 2013          SCHUMANN | ROSENBERG

21

22

23                          By:   /s/ - Jeffrey P. Cunningham
                                  Kim Schumann, Esq.
24                                Jeffrey P. Cunningham, Esq.
                                  Attorneys for Defendant,
25                                ORLY TAITZ

26

27

28

**DEFENDANT ORLY TAITZ'S ANTI-SLAPP MOTION TO STRIKE FIRST AMENDED COMPLAINT**

1

# TABLE OF CONTENTS

2

## MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING ANTI-SLAPP MOTION TO STRIKE

3

I.   Orly Taitz's Alleged Acts and Statements in Furtherance of Her Rights of

4

Petition and Free Speech Come Within Each of the Four Categories of

5

Protected Activities Under Cal. Code of Civil Procedure Section 425.16

6

(e)(1)-(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

7

    A.   *Summary of Anti-SLAPP Statute* . . . . . . . . . . . . . . . . . . . . . . . . . 1

8

    B.   *Orly Taitz's Alleged Acts and Statements Constitute Protected*

9

        *Activity Under Cal. Code of Civil Procedure Section 425.16 (e)(1)*
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

10

    C.   *Orly Taitz's Alleged Acts and Statements Constitute Protected*

11

        *Activity Under Cal. Code of Civil Procedure Section 425.16 (e)(2)* . 4

12

    D.   *Orly Taitz's Alleged Acts and Statements Constitute Protected*

13

        *Activity Under Cal. Code of Civil Procedure Section 425.16 (e)(3)*
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

14

    E.   *Orly Taitz's Alleged Acts and Statements Constitute Protected*

15

        *Activity Under California Code of Civil Procedure Section 425.16
(e)(4)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

16

II.  Plaintiffs Cannot Meet Their Burden to Demonstrate a Probability That

17

They Will Prevail on Their First Amended Complaint . . . . . . . . . . . . . 6

18

    A.   *Plaintiffs Fail to Establish Subject Matter Jurisdiction in This Case*

19

        . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

20

    B.   *Plaintiffs' First Through Fourth Claims for Relief, for Invasion of*

21

        *Privacy  Including Violations of the First and Fourteenth
Amendments to the U.S. Constitution and the California
Constitution, Are Not Legally Sufficient* . . . . . . . . . . . . . . . . . . . . 7

22

        1.   *Plaintiffs, Who Are Not Residents or Citizens of California,*

23

            *Have No Privacy Rights Under the California Constitution* . . 7

24

        2.   *Plaintiffs Cannot State an Invasion of Privacy Claim Based on*

25

            *the First or Fourteenth Amendments to the U.S. Constitution*
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

26

        3.   *Plaintiffs' Invasion of Privacy Claims Are Barred by*

27

            *California's Litigation Privilege of Cal. Civ. Code § 47* . . . . . 8

28

    C.   *Plaintiffs' First Through Ninth Claims for Relief, Based on Taitz's
Alleged Republication of Information Obtained From  the Internet,
Are Barred by the Communications Decency Act* . . . . . . . . . . . . . 10

**DEFENDANT ORLY TAITZ'S ANTI-SLAPP MOTION TO STRIKE FIRST AMENDED COMPLAINT**

D.  *Plaintiff Liberi's First Through Ninth Claims for Relief Are Barred by Res Judicata and Collateral Estoppel Where the Court Has Found that Liberi Published Her Own Social Security Number, Birthdate, Marriage History, Criminal History and Other "Private" Information In Court Records* . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

E.  *Plaintiffs' Third Claim for Relief, for False Light - Invasion of Privacy, is Insufficient* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

F.  *Plaintiffs' Fifth and Sixth Claims for Relief, Based on California's Information Privacy Act and Civil Code Section 1798.85, Are Insufficient* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

G.  *Plaintiffs' Seventh Claim for Relief, for "Cyber" Actions, is Insufficient* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

H.  *Plaintiffs' Eight Claim for Relief, for Defamation, Slander and Libel, is Insufficient* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

I.  *Plaintiffs' Ninth Claim for Relief, for Intentional Infliction of Emotional Distress, is Insufficient* . . . . . . . . . . . . . . . . . . . . . . . . . 16

J.  *Plaintiff Liberi's Tenth Claim for Relief, for Malicious Prosecution, is Insufficient* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

K.  *Plaintiff Liberi's Eleventh Claim for Relief, for Abuse of Process, is Insufficient* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

III. <u>Conclusion</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

**DEFENDANT ORLY TAITZ'S ANTI-SLAPP MOTION TO STRIKE FIRST AMENDED COMPLAINT**

# TABLE OF AUTHORITIES

## Cases

*Adams v. Superior Court* 2 Cal.App.4th 521, 528 (1992) . . . . . . . . . . . . . . . . 16, 17

*American Academy of Pediatrics v. Lungren* 16 Cal.4th 307, 327 (1997) . . . . . . . 8

*Barrett v. Rosenthal* 40 Cal.4th 33 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Batzel v. Smith* 333 F.3d 1018, 1030 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . 10

*Bernhard v. Bank of America* 19 Cal.2d 807, 813 (1942) . . . . . . . . . . . . . . . 12, 13

*Brody v. Montalbano* 87 Cal.App.3d 725, 731-32 (1978) . . . . . . . . . . . . . . . . . . 9

*Brown v. Keene* 33 U.S. 112, 115 (1834) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Carafano v. Metrosplash.com, Inc.* 339 F.3d 1119, 1122 (9th Cir. 2003) . . . . . . . 10

*Chandler v. State Farm Mut. Auto. Ins. Co.* 598 F.3d 1115, 1122 (9th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Churchill Village, L.L.C. v. General Electric Co.* 169 F.Supp.2d 1119, 1126 (N.D. Cal. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*City of Cotati v. Cashman* 29 Cal.4th 69, 78 (2002) . . . . . . . . . . . . . . . . . . . . . 1

*Clark v. Bear Stearns & Co., Inc.* 966 F.2d 1318, 1320 (9th Cir. 1992) . . . . 12, 13

*Cochran v. Cochran* 65 Cal.App.4th 488, 496 (1998) . . . . . . . . . . . . . . . . . . . 16

*Cort v. St. Paul Fire and Marine Ins. Companies, Inc.* 311 F.3d 979, 985 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Damon v. Ocean Hills Journalism Club* 85 Cal.App.4th 468, 472 (2000) . . . . . 1, 5

*Grupo Dataflux v Atlas Global Group, L.P.* 541 U.S. 567, 574 (2004) . . . . . . . . . 6

*Hernandez v. General Adjustment Bureau* 199 Cal.App.3d 999, 1007 (1988) . . . 16

*Ion Equipment Corp. v. Nelson* 110 Cal.App.3d 868, 878-879 (1980) . . . . . . . . 13

*Jacob B. v. County of Shasta* 40 Cal.4th 948, 960 (2007) . . . . . . . . . . 8, 10, 14, 15

*Kachig v. Boothe* 22 Cal.App.3d 626, 641(1971) . . . . . . . . . . . . . . . . . . . . . . . 16

*Kearney v. Salomon Smith Barney, Inc.* 39 Cal.4th 95, 125 (2006) . . . . . . . . . . . 8

*Lugosi v. Universal Pictures* 25 Cal.3d 813, 819 (1979) . . . . . . . . . . . . . . . . . 12

*Matson v. Dvorak* 40 Cal.App.4th 539, 548 (1995) . . . . . . . . . . . . . . . . . . . . 1, 6

*McClatchy Newspapers, Inc. v. Superior Court,* 189 Cal.App.3d 961, 965 (1987) . 13

DEFENDANT ORLY TAITZ'S ANTI-SLAPP MOTION TO STRIKE FIRST AMENDED COMPLAINT

*Meadows v. Bakersfield Sav. & Loan Ass'n 250 Cal.App.2d 749, 753 (1967)* . . . 17

*Meister v. Regents of University of California 67 Cal.App.4th 437, 441 (1998)* . 14

*Navellier v. Sletten 106 Cal.App.4th 763, 770 (2003)* . . . . . . . . . . . . . . . . . . . . . 9

*Okun.v. Superior Court 29 Cal.3d 442, 451 (1981)* . . . . . . . . . . . . . . . . . . . . . 15

*People v. Wiener 29 Cal.App.4th 1300, 1306 (1994)* . . . . . . . . . . . . . . . . . . . . . 7

*Peregrine Funding, Inc. v. Sheppard Mullin Richter Hampton LLP, 133 Cal.App.4th 658, 672 (2005)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Rendell-Baker v. Kohn 457 U.S. 830, 837 (1982)* . . . . . . . . . . . . . . . . . . . . . . . 8

*Rosenthal v. Irell & Manella 135 Cal.App.3d 121, 126 (1982)* . . . . . . . . . . . . . 9

*Silberg v. Anderson 50 Cal.3d 205, 212 (1990)* . . . . . . . . . . . . . . . . . . . . . 9, 10

*Sipple v. Foundation for Nat. Progress 71 Cal.App.4th 226, 236-237 (1999)* . . . . 2

*Sheehan v. Gregoire 272 F.Supp.2d 1135, 1144 (W.D. Wash. 2003)* . . . . . . . . . 12

*Shelley v. Kraemer 334 U.S. 1, 13 (1948)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Troy Group, Inc. v. Tilson 364 F.Supp.2d 1149, 1153 (2005)* . . . . . . . . . . . . . . 5

*Tschirky v. Superior Court (1981) 124 Cal.App.3d 534, 539 (1981)* . . . . . . . . . 15

*Tuchscher. v. San Diego Unified Port Dist. 106 Cal.App.4th 1219, 1233 (2003)* . . 6

*United States v. Green 107 F.2d 19, 22 (9th Cir. 1939)* . . . . . . . . . . . . . . . . . . . 7

*Wang v. Hartunian 111 Cal.App.4th 744, 749 (2003)* . . . . . . . . . . . . . . . . . . . . 2

*Washburn v. Wright 261 Cal.App.2d 789, 793 (1968)* . . . . . . . . . . . . . . . . . . . . 15

*White v. Davis 13 Cal.3d 757, 774 (1975)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Younger v. Solomon 38 Cal.App.3d 289, 300-301 (1974)* . . . . . . . . . . . . . . . . . . 17


### Statutes

Civil Code §47(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 14, 15, 16, 17

Civil Code §1798.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Civil Code §1798.45 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Civil Code §1798.53 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Civil Code §1798.80(a)(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Civil Code §1798.84 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

DEFENDANT ORLY TAITZ'S ANTI-SLAPP MOTION TO STRIKE FIRST AMENDED COMPLAINT

1  Civil Code §1798.85 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

2  Code of Civil Procedure §425.16(a)-(e) . . . . . . . . . . . . . . . . . . . . 1, 2, 4, 5, 6, 17

3  47 U.S.C. §230(c)(1);(e)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT ORLY TAITZ'S ANTI-SLAPP MOTION TO STRIKE FIRST AMENDED COMPLAINT**

## MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING ANTI-SLAPP MOTION TO STRIKE

**I.**   **Orly Taitz's Alleged Acts and Statements in Furtherance of Her Rights of Petition and Free Speech Come Within Each of the Four Categories of Protected Activities Under Cal. Code of Civil Procedure Section 425.16 (e)(1)-(4)**

### A.   Summary of Anti-SLAPP Statute

Section 425.16(e) applies to an "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue." California's anti-SLAPP statute "shall be construed broadly." Section 425.16(a).

"Public interest" within the anti-SLAPP law is broadly construed to include private conduct that impacts a broad segment of society. <u>Damon v. Ocean Hills Journalism Club</u>, 85 Cal.App.4th 468, 472 (2000). Relatedly, public discussion about the qualifications of those who hold or who wish to hold positions of public trust presents the strongest possible case for applications of the safeguards afforded by the First Amendment. <u>Matson v. Dvorak</u>, 40 Cal.App.4th 539, 548 (1995).

A cause of action "arises from" protected activity where the act underlying plaintiff's action was itself an act "in furtherance of" the rights of petition or free speech. <u>City of Cotati v. Cashman</u>, 29 Cal.4th 69, 78 (2002).

If defendant has made the threshold showing, the Court then determines whether plaintiff has demonstrated a probability of prevailing on the claim. Section 425.16(b)(1). A plaintiff "must demonstrate that the complaint is <u>both legally sufficient and supported by a sufficient prima facie showing of facts</u> to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." <u>Matson</u>, *supra*, 40 Cal.App.4th at 548; emphasis added.

A complaint combining allegations of protected and nonprotected activity is subject to Section 425.16 if at least one of the alleged underlying acts is protected conduct. <u>Peregrine Funding, Inc. v. Sheppard Mullin Richter Hampton LLP</u>, 133 Cal.App.4th 658, 672 (2005).

**DEFENDANT ORLY TAITZ'S ANTI-SLAPP MOTION TO STRIKE FIRST AMENDED COMPLAINT**

**B.    Orly Taitz's Alleged Acts and Statements Constitute Protected Activity Under Cal. Code of Civil Procedure Section 425.16 (e)(1)**

Section 425.16(e)(1) provides: "any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law."   Non-exclusive examples in this category include Plaintiffs' allegations that Taitz "wrote to the U.S. Supreme Court Justices seeking help in an investigation regarding a criminal complaint she had filed with the Federal Bureau of Investigation regarding hacking into her websites and tampering of her PayPal accounts... Taitz sent this same letter to the Secret Service and other Governmental Law Enforcement Agencies." (FAC, ¶ 49.) Taitz allegedly sought redress for Plaintiffs' actions from numerous government officials including "Attorney General Eric Holder and Solicitor General Elena Kagan...." (FAC, ¶ 83.) Taitz also allegedly contacted Liberi's probation officer in New Mexico, and the San Bernardino County District Attorney, seeking redress for Liberi's violation of her probation for Plaintiffs' interference with Defendants' websites and diversion of donations from Taitz's foundation, Defend Our Freedoms Foundations, Inc. ("DOFF"). (FAC, ¶¶ 94, 115-116, 120, 123, and 125-127.)

Reporting unlawful conduct to law enforcement is protected "petition" activity. Wang v. Hartunian, 111 Cal.App.4th 744, 749 (2003).

An action is within Section 425.16(e)(1) and (2) without a separate demonstration by defendant that its speech or petition concerned an issue of public significance. Sipple v. Foundation for Nat. Progress, 71 Cal.App.4th 226, 236-237 (1999). However, Taitz's alleged acts and statements clearly concern issues of public significance where they involve the political dissident movement (including the "Birther Movement"), and in particular fundraising for that movement. Plaintiffs allege such public interest in their FAC, including disputes over use of "Defend Our Freedoms" websites and related fundraising. (FAC, ¶¶ 33-34, 38-39, and 42-58.) Relatedly, Plaintiffs allege that Berg maintains a "website with donation button" (obamacrimes.com) accepting monies via PayPal or credit card. (FAC, ¶¶ 64 and 75.)

-2-

1    As the President of DOFF, Taitz was obligated to inform the public including

2  prospective donors that Ostella had locked Taitz out of DOFF's website, disconnected

3  its PayPal function and connected it to an account controlled by Ostella, and that

4  persons believing they were donating to DOFF were actually donating to Ostella. Taitz

5  was also required to inform the public, for tax reporting reasons, that donations

6  purportedly made to DOFF were being diverted away from her foundation and to

7  Ostella.

8    Both Berg and Taitz, as well as many other attorneys and hundreds of *pro se*

9  litigants, filed legal actions challenging the legitimacy of Barack Obama's presidency,

10  including alleged use of forged identification as the proof for his U.S. citizenship. Berg

11  filed *Berg v Obama* [08-cv-04083-RBS (EDPA); 586 F.3d 234 (3rd Cir. 2009)] in

12  which he submitted affidavits from Africa prepared by his office. Taitz filed similar

13  cases in which she incorporated by reference affidavits included in court filings by

14  Berg. (FAC, ¶ 114.) When Taitz learned that Berg's paralegal (Liberi) had been

15  convicted of felonies, including forgery of an official seal, Taitz requested that Berg

16  provide the original affidavits, as this was an issue of public interest and there was a

17  possibility of forgery of the affidavits due to Berg's use of Liberi. (RJN, Items 3 and

18  4.) Berg refused to provide the original affidavits. Taitz then informed the public that

19  she would no longer use documents prepared by Berg's office, as he was using a

20  convicted felon forger and parolee as his paralegal.(FAC, ¶ 142.)

21    This case therefore arises out of an issue of the highest public importance,

22  centered on whether President Obama qualifies as a "natural born Citizen" under U.S.

23  Const., Art. II, § 1, cl. 4. Against the backdrop of this important issue, Taitz had a right

24  and in fact an obligation to advise the public of Berg's use of a convicted felon in his

25  cases, including of his use of potentially fabricated evidence in such cases.

26    Taitz's alleged acts and statements were unquestionably "made before a

27  legislative, executive, or judicial proceeding, or any other official proceeding

28  authorized by law...." and thus within Section 425.16(e)(1).

-3-

**DEFENDANT ORLY TAITZ'S ANTI-SLAPP MOTION TO STRIKE FIRST AMENDED COMPLAINT**

**C.    Orly Taitz's Alleged Acts and Statements Constitute Protected
Activity Under Cal. Code of Civil Procedure Section 425.16 (e)(2)**

Section 425.16(e)(2) provides: "any written or oral statement or writing made
in connection with an issue under consideration or review by a legislative, executive,
or judicial body, or any other official proceeding authorized by law."

Taitz's alleged acts and statements were "made in connection with an issue
under consideration or review by a legislative, executive, or judicial body, or any
other official proceeding authorized by law...." under Section 425.16(e)(2) for the
same reasons, explained above, that they are within Section 425.16(e)(1).
Non-exclusive examples include that Plaintiffs allege Taitz "wrote to the U.S.
Supreme Court Justices seeking help in an investigation regarding a criminal
complaint she had filed with the Federal Bureau of Investigation regarding hacking
into her websites and tampering of her PayPal accounts...." (FAC, ¶ 49.) Taitz's
efforts to obtain redress for grievances thus were made in an "official proceeding
authorized by law...."

Similarly, Taitz's alleged contacts with Liberi's probation officer in New
Mexico, and the San Bernardino County District Attorney which obtained
convictions against Liberi for grand theft, forgery and other felonies, informing them
of  Liberi's violation of the terms of her probation, were "made in connection with
an issue under consideration or review by a... judicial body" as well as "any other
official proceeding authorized by law...." (FAC, ¶¶ 94, 115-116, 120, 123, and
125-127.)

**D.    Orly Taitz's Alleged Acts and Statements Constitute Protected
Activity Under Cal. Code of Civil Procedure Section 425.16 (e)(3)**

Section 425.16(e)(3) provides: "any written or oral statement or writing made
in a place open to the public or a public forum in connection with an issue of public
interest."  Plaintiffs allege that Taitz made written and oral statements "in a place
open to the public or a public forum" (such as various websites, blogs and other
media) "in connection with an issue of public interest" (including as to the political

-4-

1  dissident movement and associated fundraising). Non-exclusive examples include
2  that Taitz:

3          •       Gave several interviews to talk radio programs, posted on the Internet,
4  regarding her websites and PayPal accounts being "hacked," that Liberi's and
5  Ostella's activities were hindering the political dissident movement, and regarding
6  diversion of funds belonging to Taitz's foundation, DOFF. (FAC, ¶ 51, 55, 79, 90,
7  100 and 114.)

8          •       Posted on the Internet "Dossier #6," regarding Liberi's and Ostella's
9  activities hindering the political dissident movement, including diversion of funds
10  from DOFF. (FAC, ¶¶ 80-82, 84-85, and 87.) Web sites where the public may read
11  views and information posted, and post their own opinions, as a matter of law are a
12  "public forum" under Section 425.16(e)(3). <u>Troy Group, Inc. v. Tilson</u>, 364
13  F.Supp.2d 1149, 1153 (2005).

14          Taitz's alleged acts and statements were thus made "in connection with an
15  issue of public interest...."  and impacted a broad segment of society by stirring
16  important public debate regarding the qualifications of the highest political leaders
17  to hold office. <u>Damon</u>, *supra*, 85 Cal.App.4th at 472.

18          Additionally, Taitz's alleged statements apprised the public that donations
19  made to DOFF through its former web site maintained by Ostella no longer reached
20  DOFF, as Ostella had locked Taitz out of it. For these reasons, Taitz has satisfied her
21  burden under Section 425.16(e)(3).

22          **E.      Orly Taitz's Alleged Acts and Statements Constitute Protected**
                   **Activity Under California Code of Civil Procedure Section**
23                 **425.16 (e)(4)**

24          Section 425.16(e)(4) provides: "any other conduct in furtherance of the
25  exercise of the constitutional right of petition or the constitutional right of free
26  speech in connection with a public issue or an issue of public interest."

27          Taitz's alleged acts and statements qualify as protected activity under Section
28  425.16(e)(4) for the same reasons, explained above, that they are protected activity

**DEFENDANT ORLY TAITZ'S ANTI-SLAPP MOTION TO STRIKE FIRST AMENDED COMPLAINT**

1  under Section 425.16(e)(3). The meaning and application of "public interest" under

2  Section 425.16(e)(4) is the same as under subsection (e)(3). <u>Tuchscher. v. San Diego</u>

3  <u>Unified Port Dist.</u>, 106 Cal.App.4th 1219, 1233 (2003).

4       Taitz therefore clearly meets her burden to show activity protected under

5  California's anti-SLAPP statute. The burden thus shifts to Plaintiffs to "demonstrate

6  that the complaint is both legally sufficient and supported by a sufficient prima facie

7  showing of facts to sustain a favorable judgment if the evidence submitted by the

8  plaintiff is credited." <u>Matson</u>, *supra*, 40 Cal.App.4th at 548. Section 425.16(b)(1).

9  **II.   <u>Plaintiffs Cannot Meet Their Burden to Demonstrate a Probability</u>**

10     **<u>That They Will Prevail on Their First Amended Complaint</u>**

11     Plaintiffs cannot meet their burden to show both that the FAC is legally

   sufficient, and set forth a prima facie showing of facts to sustain a favorable

12  judgment (<u>Matson</u>, *supra*), for numerous reasons including the following:

13

14     **A.    Plaintiffs Fail to Establish Subject Matter Jurisdiction in This Case**

15     Plaintiffs initially alleged diversity jurisdiction in part due to Liberi having a

16  "business address of 555 Andorra Glen Court, Suite 12, Lafayette Hill, PA."

   (Complaint, ¶ 4; RJN Item 1.) Plaintiffs in their FAC change this allegation, and now

17  allege that Liberi is a resident of New Mexico. (FAC, ¶ 4.) However, such change

18  is ineffectual because jurisdiction is determined as of the time the action is filed.

19  <u>Grupo Dataflux v Atlas Global Group, L.P.</u>, 541 U.S. 567, 574 (2004). A post-filing

20  change in citizenship cannot cure lack of subject-matter jurisdiction that existed at

21  time of filing the action. <u>Ibid</u>.

22     Citizenship of a person for diversity jurisdiction is determined by his or her

23  domicile (i.e., place of residence). <u>Brown v. Keene</u>, 33 U.S. 112, 115 (1834). Liberi's

24  "business address" has nothing to do with her residence. Thus, Plaintiffs for that

25  reason alone fail to meet their burden to plead diversity jurisdiction.

26     Plaintiffs bear the burden of establishing the Court's jurisdiction. <u>Chandler v.</u>

27  <u>State Farm Mut. Auto. Ins. Co.</u>, 598 F.3d 1115, 1122 (9th Cir. 2010). "The District

28  Courts of the United States are courts of limited jurisdiction, and the presumption at

-6-

1  every stage of a cause is that the cause is outside the jurisdiction of a court of the

2  United States." United States v. Green, 107 F.2d 19, 22 (9th Cir. 1939).

3       Taitz and other Defendants have challenged diversity jurisdiction. In this

4  regard, the Court (Judge Robreno) in August 2009 ordered Liberi to file her

5  identifying information, such as a driver's license, to prove jurisdiction. (RJN Item

6  2.) Plaintiffs have failed and refused, and continue to fail and refuse, to do so.

7  Plaintiffs have been in contempt of court for three years and nine months due to their

8  disobedience of that Order. Thus, Plaintiffs have never met and cannot meet their

9  burden to prove diversity jurisdiction and, for this reason alone, their case must be

10  dismissed.

11      **B.**   **Plaintiffs' First Through Fourth Claims for Relief, for Invasion
        of Privacy Including Violations of the First and Fourteenth**

12          **Amendments to the U.S. Constitution and the California
        Constitution, Are Not Legally Sufficient**

13

14          **1.**   <u>**Plaintiffs, Who Are Not Residents or Citizens of
            California, Have No Privacy Rights Under the California
            Constitution**</u>

15

16       Plaintiffs (alleged residents of Pennsylvania, New Jersey and New Mexico -

17  FAC, ¶¶ 4-8) do not possess any right of privacy under California law, including the

18  California Constitution. To pursue a claim for invasion of privacy under Cal. Const.,

19  Art. I, § 1), plaintiff must establish a legally protected privacy interest under it.

20  People v. Wiener, 29 Cal.App.4th 1300, 1306 (1994). Plaintiffs do not have any

21  legally protected privacy interest under California law, and thus lack legal standing

22  to assert any claim for relief based on California law, including the portions of their

23  First through Fourth Claims for Relief based on Cal. Const., Art. I, § 1. (FAC, 78:

24  24; ¶¶ 205, 215 and 226.)

25       "California law embodies a presumption against the extraterritorial application

26  of its statutes." Churchill Village, L.L.C. v. General Electric Co., 169 F.Supp.2d

27  1119, 1126 (N.D. Cal. 2000). "[O]ur state Constitution has been construed to provide

28  *California citizens* with privacy protections...." American Academy of Pediatrics v.

Lungren, 16 Cal.4th 307, 327 (1997); emphasis added. Art. I., § 1 was enacted "to

**DEFENDANT ORLY TAITZ'S ANTI-SLAPP MOTION TO STRIKE FIRST AMENDED COMPLAINT**

1   protect *Californians* from overly intrusive business practices that were seen to pose

2   a significant and increasing threat to personal privacy." <u>Kearney v. Salomon Smith</u>

3   <u>Barney, Inc.</u>, 39 Cal.4th 95, 125 (2006); emphasis added. California's Supreme

4   Court has long limited the rights of privacy under Art. I., § 1 to California citizens.

5   For example, the Court in <u>White v. Davis</u>, 13 Cal.3d 757, 774 (1975), relying on the

6   legislative history of the provision, held: *"This amendment creates a legal and*

7   *enforceable right of privacy for every Californian*." (Italics in original.)

8         Thus, as a matter of law, where Plaintiffs are not California citizens, they have

9   no rights or standing under Art. I, § 1 and their claims based on it must fail.

10        **2.   <u>Plaintiffs Cannot State an Invasion of Privacy Claim Based</u>**
          **<u>on the First or Fourteenth Amendments to the U.S.</u>**
11        **<u>Constitution</u>**

12        The First and Fourteenth Amendments do not apply to private conduct.

13   <u>Shelley v. Kraemer</u>, 334 U.S. 1, 13 (1948). <u>Rendell-Baker v. Kohn</u>, 457 U.S. 830,

14   837 (1982). Where Plaintiffs allege only private conduct, their First through Fourth

15   Claims for Relief as based on the First and Fourteenth Amendments (FAC, 78: 22-

16   24; and ¶¶ 188, 205-206, 215, and 226) as a matter of law must fail.

17        **3.   <u>Plaintiffs' Invasion of Privacy Claims Are Barred by</u>**
          **<u>California's Litigation Privilege of Cal. Civ. Code § 47</u>**
18
19        Plaintiffs' First through Fourth Claims for Relief are barred by California's

20   absolute privilege under <u>Civ. Code</u> § 47(b), applicable to invasion of privacy claims

21   including under Cal. Const., Art. I. <u>Jacob B. v. County of Shasta</u>, 40 Cal.4th 948, 960

22   (2007).

23        Plaintiffs allege that "all actions, including postings on the Internet by Orly

24   Taitz <u>were done as an Attorney and an Officer of the Court</u>...." (FAC, ¶¶ 30, 216, and

25   218-219; emphasis added.) Thus, per Plaintiffs, "all actions" of Taitz were done in,

26   or in connection with, "judicial" or otherwise "official" proceedings. Section 47(b).

27        The privilege applies to any communication made in the course of a judicial

28   proceeding to achieve the objects of the litigation, even if made outside the

     courtroom and no function of the court is involved. <u>Rosenthal v. Irell & Manella</u>,

**DEFENDANT ORLY TAITZ'S ANTI-SLAPP MOTION TO STRIKE FIRST AMENDED COMPLAINT**

1    135 Cal.App.3d 121, 126 (1982). Statements made to law enforcement, to prompt

2    official action such as investigation, arrest or prosecution, are privileged. <u>Brody v.</u>

3    <u>Montalbano</u>, 87 Cal.App.3d 725, 731-32 (1978). Pleadings in a case are privileged

4    communications. <u>Navellier v. Sletten</u>, 106 Cal.App.4th 763, 770 (2003).

5        The privilege applies to any communication: (1) made in judicial or

6    quasi-judicial proceedings; (2) by litigants or other participants authorized by law;

7    (3) to achieve the objects of the litigation; and (4) that have some connection or

8    logical relation to the action.  <u>Silberg v. Anderson</u>, 50 Cal.3d 205, 212 (1990).

9        Limited examples of Taitz's privileged acts and statements, in exercise of her

10   free speech and petition rights, include:

11       •    Taitz filed a motion in Liberi's criminal case for "Emergency

12   Revocation of Probation." (FAC, ¶¶ 125-127.) Taitz also filed pleadings in this and

13   other cases allegedly invading Plaintiffs' privacy rights including with regard to

14   Berg's attorney disciplinary matter before the Pennsylvania Bar Disciplinary Board.

15   (FAC, ¶¶ 98, 103, 117, 118, 124.)

16       •    Taitz made "repeated filing[s] in the Federal Docketing System...."

17   allegedly invading Plaintiffs' rights. (FAC, ¶ 119.)

18       •    Taitz "filed a criminal complaint... with the Federal Bureau of

19   Investigation" and other authorities "regarding hacking into her websites and

20   tampering of her PayPal accounts..." (FAC, ¶¶ 49, 83 and 93), and seeking redress

21   for Liberi's probation violations in connection with Plaintiffs' interference with

22   Defendants' websites and diversion of donations. (FAC, ¶¶ 94, 115-116, 120, 123,

23   and 125-127.)

24       Taitz's alleged communications thus squarely come within the <u>Silberg</u> test as

25   being made in (1) judicial or quasi-judicial proceedings; (2) by litigants or other

26   participants authorized by law (including as "as an attorney and officer of the

27   court"); (3) to achieve the objects of the litigation or other legal proceeding; and (4)

28   having some connection or logical relation to the action. <u>Silberg</u>, *supra*, 50 Cal.3d

**DEFENDANT ORLY TAITZ'S ANTI-SLAPP MOTION TO STRIKE FIRST AMENDED COMPLAINT**

1  at 212. Thus, where the litigation privilege bars liability for invasion of privacy

2  (Jacob B., *supra*), Plaintiffs' First through Fourth Claims for Relief must fail.

3  **C.   Plaintiffs' First Through Ninth Claims for Relief, Based on Taitz's**
   **Alleged Republication of Information Obtained From the Internet,**
4  **Are Barred by the Communications Decency Act**

5  Plaintiffs' First through Ninth Claims for Relief arise out of Taitz's alleged

6  publication of "private" information regarding Liberi and Ostella. Plaintiffs allege

7  that Taitz hired investigator Neil Sankey who obtained that information from online

8  databases of Reed Elsevier, Inc., LexisNexis, Inc. and related interactive computer

9  services and information content providers. (FAC, ¶ 67.) Plaintiffs allege that Taitz

10  "posted on her website that the information she was obtaining came from 'databases:

11  LexisNexis and ChoicePoint.'"   (FAC, ¶ 68.) Plaintiffs also allege that Taitz

12  obtained that information from the Reed companies and Intelius, Inc. (FAC, ¶ 70.)

13  Plaintiffs' own allegations establish that their First through Ninth claims are

14  barred by the Communications Decency Act ("CDA"). 47 U.S.C. §230(c)(1) states:

15  "No provider or user of an interactive computer service shall be treated as the

16  publisher or speaker of any information provided by another information content

17  provider." 47 U.S.C. §230(e)(3) states: "No cause of action may be brought and no

18  liability may be imposed under any State or local law that is inconsistent with this

19  section." The CDA bars all claims, including for defamation and invasion of privacy,

20  against the "user" of information provided by an "interactive computer service" as

21  defined in 47 U.S.C. §230(c)(1). Carafano v. Metrosplash.com, Inc., 339 F.3d 1119,

22  1122 (9th Cir. 2003). Batzel v. Smith, 333 F.3d 1018, 1030 (9th Cir. 2003).

23  The CDA has been applied in conjunction with the anti-SLAPP statute. For

24  example, the California Supreme Court applied the CDA and anti-SLAPP law in the

25  very similar action, Barrett v Rosenthal, 40 Cal.4th 33 (2006), against the operator

26  of a website and blog who allegedly distributed defamatory materials in e-mails and

27  Internet postings addressing issues of public importance. Rosenthal used the Internet

28

**DEFENDANT ORLY TAITZ'S ANTI-SLAPP MOTION TO STRIKE FIRST AMENDED COMPLAINT**

1  to obtain and post allegedly defamatory materials. She was thus a "user" as defined

2  in 47 U.S.C. §230(c)(1). <u>Barrett</u>, *supra*, 40 Cal.4th at 59.

3       The CDA is "widely and consistently interpreted to confer broad immunity

4  against defamation liability for those who use the Internet to publish information that

5  originated from another source." <u>Barrett</u>, *supra*, 40 Cal.4th at 39.

6       Similar to Rosenthal, Taitz is alleged to be the operator of a website and blog

7  who obtained information from the Internet regarding Plaintiffs, and republished it

8  in e-mails and by Internet postings. (FAC, ¶¶ 67-70.) "Web sites accessible to the

9  public, like the 'newsgroups' where Rosenthal posted Bolen's statement, are 'public

10  forums' for purposes of the anti-SLAPP statute." <u>Barrett</u>, *supra*, 40 Cal.4th at 41.

11       "[S]ection 230 exempts Internet intermediaries from defamation liability for

12  republication. The statutory immunity serves to protect online freedom of expression

13  ...." <u>Barrett</u>, *supra*, 40 Cal.4th at 63. Thus, the policy to be advanced by the CDA

14  underscores why Taitz, like Rosenthal in <u>Barrett</u>, is entitled to relief under the anti-

15  SLAPP statute.

16  **D.    Plaintiff Liberi's First Through Ninth Claims for Relief Are
       Barred by *Res Judicata* and Collateral Estoppel Where the Court
17       Has Found that Liberi Published Her Own Social Security
       Number, Birthdate, Marriage History, Criminal History and
18       Other "Private" Information In Court Records**

19       Liberi's claims are based on Defendants allegedly obtaining and publishing

20  her Social Security Number, birthdate, marriage history, and criminal history as the

21  "private" information at issue. (FAC, ¶¶ 63-66, 69-70, 80, 84-85, 87, 91, 100, 103,

22  106, 117-118, 133-134, 137, 139, and 140-143.) However, Liberi's claims are barred

23  by *res judicata* and collateral estoppel where this Court, in granting summary

24  judgment for LexisNexis, found that Liberi, herself, published her Social Security

25  Number, birthdate, marriage history, criminal history and other allegedly "private"

26  information in her publically-available criminal and bankruptcy cases. (RJN, Item

27  9.)

28

**DEFENDANT ORLY TAITZ'S ANTI-SLAPP MOTION TO STRIKE FIRST AMENDED COMPLAINT**

1    Thus, it has been adjudicated that Liberi's allegedly "private" information, the

2    obtaining and publication of which is the cornerstone of her claims, cannot support

3    them where Liberi "herself published her full unredacted Social Security number, her

4    date of birth, her marriage history, and some portion of her criminal history..." (May

5    22, 2012 Order, pg. 5.) As a matter of law (and logic), the obtaining, publication or

6    any other use of public information is not actionable.  <u>Sheehan v. Gregoire</u>, 272

7    F.Supp.2d 1135, 1144 (W.D. Wash. 2003).

8    A prior decision is conclusive under *res judicata* if the issue in the first matter

9    is the same as that subsequently presented, and the party had a full and fair

10   opportunity to litigate the issue. <u>Bernhard v. Bank of America</u>, 19 Cal.2d 807, 813

11   (1942). Issue preclusion applies if: (1) the issue was the same in both matters; (2) the

12   party was afforded a full and fair opportunity to litigate the issue; (3) the issue was

13   litigated and decided against that party; and (4) the issue was necessary to support

14   the decision. <u>Clark v. Bear Stearns & Co., Inc.</u>, 966 F.2d 1318, 1320 (9th Cir. 1992).

15   Here, the subject issue (whether Liberi can base claims on public information)

16   was the same on LexisNexis' motion as it is presented herein; Plaintiffs had a full

17   and fair opportunity to litigate this issue; the issue was actually litigated and decided

18   against Liberi; and the issue was necessary to support the Court's Order granting

19   LexisNexis' motion. Thus, Liberi's First through Ninth Claims for Relief are barred.

20   **E.    Plaintiffs' Third Claim for Relief, for False Light - Invasion of Privacy, is Insufficient**

21   California's false light tort requires the following elements: (1) publicity; (2)

22   that places a person in a false light in the public eye; and (3) that would be

23   objectionable to a reasonable person. <u>Lugosi v. Universal Pictures</u>, 25 Cal.3d 813,

24   819 (1979). It can only be asserted by a natural "person," and not by an entity such

25   as a corporation because entities do not enjoy privacy rights under California law.

26   <u>Ion Equipment Corp. v. Nelson</u>, 110 Cal.App.3d 868, 878-879 (1980). Thus, as a

27   matter of law, Go Excel Global and the Berg Offices cannot assert this claim.

28

-12-

1    Because a false light action is equivalent to a defamation claim, a claim for

2    false light coupled with a claim for defamation is superfluous and subject to

3    dismissal. McClatchy Newspapers, Inc. v. Superior Court, 189 Cal.App.3d 961, 965

4    (1987). Plaintiffs plead a defamation claim (their Eight Claim for Relief), and, thus,

5    their false light claim is insufficient.

6    **F.    Plaintiffs' Fifth and Sixth Claims for Relief, Based on
            California's Information Privacy Act and Civil Code Section**

7    **1798.85, Are Insufficient**

8    Liberi's and Ostella's Fifth and Sixth Claims for Relief are for, respectively,

9    "Willful Violation of the Cal. Information Privacy Act" ("IPA") and California Civ.

10   Code § 1798.85. Such claims are barred by *res judicata* or collateral estoppel where

11   this Court, in granting LexixNexis' motion, has ruled that Plaintiffs, who are not

12   residents of California, have no rights under its IPA. The Court found with regard

13   to Plaintiffs' claims under the IPA that they "must fail because Plaintiffs are not

14   residents of California. (FAC, ¶¶ 4, 8, 385.)." (RJN Item 7, pgs. 12-13). This issue

15   and Plaintiffs' related claims under the IPA have already been adjudicated adversely

16   to them, thus barring such claims as against Taitz. Bernhard, *supra*, 19 Cal.2d at 813.

17   Clark, *supra*, 966 F.2d at 1320.

18   Further, Civ. Code § 1798.3 provides in relevant part:

19           As used in this chapter [the IPA]:
             (a) The term "personal information" means any information that

20   is maintained by an agency....
             (b) The term "agency" means every state office, officer,

21   department, division, bureau, board, commission, or other state
     agency.... (Emphasis added.)

22
     Civ. Code § 1798.53 provides that the subject information must have been

23   "obtained from personal information maintained by a state agency...."

24
     Thus, a claim under the IPA must be based on information which defendant

25   "obtained" from a "state agency...." Plaintiffs do not allege that Taitz, or any other

26   Defendant, obtained any information from a "state agency." To the contrary, they

27   allege the information was obtained from LexisNexis and ChoicePoint, Inc. (FAC,

28   ¶¶ 67-68) - which are clearly not any "agency" as defined in the IPA. It prohibits

-13-

1    disclosure of personal information by a state agency. <u>Meister v. Regents of</u>

2    <u>University of California</u>, 67 Cal.App.4th 437, 441 (1998). <u>Civ. Code</u> § 1798.45.

3    Plaintiffs' Fifth Claim for Relief thus must fail where Taitz is not a "state agency."

4         Plaintiffs seek relief under <u>Civ. Code</u> § 1798.84 regarding "customer records."

5    (FAC, ¶¶ 260-263.) Section 1798.84(b) states: "Any customer injured by a violation

6    of this title may institute a civil action to recover damages."  "Customer" is defined

7    as "an individual who provides personal information to a business for the purpose

8    of purchasing or leasing a product or obtaining a service from the business." (Section

9    1798.80(c).) Plaintiffs do not allege that they are "customers" as defined in the Act;

10   they do not allege they provided "personal information" to Taitz, nor that she is a

11   "business" as defined in <u>Civ. Code</u> § 1798.80(a).

12        Moreover, the Fifth and Sixth Claims for Relief are barred by Section 47(b)

13   for the same reasons, explained above, that Plaintiffs' invasion of privacy claims are

14   barred. The privilege applies to all causes of action, with the sole exception of an

15   action for malicious prosecution. <u>Jacob B.</u>, *supra*, 40 Cal.4th at 959.

16        **G.    Plaintiffs' Seventh Claim for Relief, for "Cyber" Actions, is
                   Insufficient**

17

18        This claim is titled "Cyber-Stalking, Cyber-Harassment and Cyber-Bullying."

19   There are no such legally-recognized torts. Acknowledging that they do not exist,

20   Plaintiffs resort to citing several treatises (not law) on these subjects. (FAC, fns. 4-

21   11.) Plaintiffs also cite to Cal. <u>Civ. Code</u> § 1708.7(b)(4) as creating a tort of "cyber-

22   harassment." (FAC, ¶ 268.) California law does not recognize such a tort. In fact,

23   Section 1708.7 defines California's tort of "stalking" (not harassment), and does not

24   create a tort of "cyber-stalking" either. Plaintiffs also fail to plead facts establishing

25   any of the elements of the tort of "stalking."

26        Moreover, Plaintiffs' Seventh Claim for Relief is barred by Section 47(b) for

27   the same reasons that Plaintiffs' invasion of privacy claims are barred. <u>Jacob B.</u>,

28   *supra*, 40 Cal.4th at 959.

**DEFENDANT ORLY TAITZ'S ANTI-SLAPP MOTION TO STRIKE FIRST AMENDED COMPLAINT**

**H.    Plaintiffs' Eight Claim for Relief, for Defamation, Slander and
Libel, is Insufficient**

Plaintiffs' Eight Claim for Relief is barred by Section 47(b) for the same
reasons that Plaintiffs' invasion of privacy claims are barred. Jacob B., *supra*, 40
Cal.4th at 959.

Plaintiffs are required to allege specific instances of defamation, identifying
particular publications by Taitz, at specific times and places, all of which must be
untrue, and which have lowered their standing in the community.  Okun.v. Superior
Court, 29 Cal.3d 442, 451 (1981). Plaintiffs fail to satisfy this requirement, where
the FAC is completely void of any pleading of specific defamatory statements.

For example, the gist of Liberi's defamation claim is that Taitz allegedly stated
that she is a convicted felon. (FAC, ¶ 285.) However, Plaintiffs cannot satisfy the
falsity element of defamation where it has been established that Liberi, in fact, *is* a
convicted felon. (RJN Items 3 and 4.) Cort v. St. Paul Fire and Marine Ins.
Companies, Inc., 311 F.3d 979, 985 (9th Cir. 2002).

The FAC is also based on purported statements of opinion, not fact, by Taitz.
But one, limited example is Taitz's alleged statement on the *Andrea Shea King* radio
show that, "I'm sorry but this woman Lisa Liberi [is] supposed to be back in prison
and what Phil Berg is doing is criminal...." (FAC, ¶ 114, pg. 45, lines 25-26.)
Statements of opinion are not defamatory. Tschirky v. Superior Court, (1981) 124
Cal.App.3d 534, 539 (1981).

Further, Go Excel Global and the Berg Offices assert this claim. Words spoken
or written of a stockholder or officer of a corporation give no right of action for
defamation to the corporation. Washburn v. Wright, 261 Cal.App.2d 789, 793
(1968).Thus, Go Excel Global and the Berg Offices cannot assert any claim for
defamation.

**I.    Plaintiffs' Ninth Claim for Relief, for Intentional Infliction of
Emotional Distress, is Insufficient**

-15-

1    The litigation privilege bars the tort of intentional infliction of emotional

2    distress. Kachig v. Boothe, 22 Cal.App.3d 626, 641(1971). Plaintiffs' IIED claim is

3    barred by Section 47(b) for the same reasons that Plaintiffs' invasion of privacy

4    claims are barred.

5    Plaintiffs do not allege facts establishing the "outrageous conduct"

6    requirement of the tort. Plaintiffs' IIED claim is based entirely upon their prior

7    claims, which as shown above are insufficient. The mere allegation that a defendant

8    has acted tortiously, further, is not enough to establish an IIED claim. Cochran v.

9    Cochran, 65 Cal.App.4th 488, 496 (1998).

10    Inexplicably, Go Excel Global and the Berg Offices assert this IIED claim. An

11    essential element of this tort is plaintiff's suffering severe or extreme emotional

12    distress. Hernandez v. General Adjustment Bureau, 199 Cal.App.3d 999, 1007

13    (1988). Entities, obviously, cannot suffer "emotional distress" and thus cannot assert

14    an IIED claim.

15   **J.    Plaintiff Liberi's Tenth Claim for Relief, for Malicious Prosecution, is Insufficient**

16

17    Liberi's malicious prosecution claim is based upon the filing of a "Motion for

18    Emergency Revocation of Probation" in her criminal case (San Bernardino County

19    Superior Court Case No. FVW-028000). (FAC, ¶316.) The tort requires the initiation

20    of an actual, complete legal action. As such, motions and other subsidiary actions

21    filed during the course of existing legal actions are not separate proceedings that may

22    be the basis for a malicious prosecution action. Adams v. Superior Court, 2

23    Cal.App.4th 521, 528 (1992). For these reasons, as a matter of law Taitz's alleged

24    motion brought in Liberi's pre-existing criminal matter cannot support, nor form the

25    basis for, her malicious prosecution claim.

26   **K.    Plaintiff Liberi's Eleventh Claim for Relief, for Abuse of Process, is Insufficient**

27    Liberi's abuse of process claim is based upon the filing of the "Motion for

28    Emergency Revocation of Probation." (FAC, ¶327.) The gravamen of the tort is

-16-

1 misuse of the process of the court. However, before the power of the court can be

2 abused, its "process" must issue; if no process issues, there can be no abuse of

3 process and, therefore, no tort. <u>Meadows v. Bakersfield Sav. & Loan Ass'n</u>, 250

4 Cal.App.2d 749, 753 (1967). For example, an unsuccessful motion is not "process,"

5 especially when it does not produce any act of judicial authority, such as the order

6 sought. <u>Adams v. Superior Court</u>, 2 Cal.App.4th 521, 530 (1992). Here, the motion

7 in Liberi's criminal action was denied. (FAC, ¶ 321.) Thus, no "process" was issued

8 and there can be no action on which abuse of process can be based.

9      The abuse of process claim is also based on Taitz's alleged publications in the

10 course of Liberi's criminal proceeding. Section 47(b) applies to abuse of process.

11 <u>Younger v. Solomon</u>, 38 Cal.App.3d 289, 300-301 (1974). Thus, the claim is barred

12 by this privilege.

13 **III.   Conclusion**

14      As demonstrated, Taitz has met her burden to show protected activity under

15 the anti-SLAPP statute. Plaintiffs cannot meet their burden under Section 425.16 (b)

16 to establish "a probability that the plaintiff will prevail on the claim...." Thus, Taitz

17 respectfully submits that her Motion should be granted.

18

19 DATED: May 10, 2013        **SCHUMANN | ROSENBERG**

20

21

22                 By:   /s/ - Jeffrey P. Cunningham
                    Kim Schumann, Esq.

23                     Jeffrey P. Cunningham, Esq.
                    Attorneys for Defendant,

24                     ORLY TAITZ

25

26

27

28

**DEFENDANT ORLY TAITZ'S ANTI-SLAPP MOTION TO STRIKE FIRST AMENDED COMPLAINT**