1   Philip J. Berg, Esquire (PA I.D. 9867)
2   E-mail: philjberg@gmail.com
    **LAW OFFICES OF PHILIP J. BERG**
3   555 Andorra Glen Court, Suite 12
4   Lafayette Hill, PA 19444-2531
    Telephone:   (610) 825-3134 Fax: (610) 834-7659
5   e-mail: philjberg@gmail.com

6
7   STEPHEN H. MARCUS, ESQ. [CSBN 48294]
    GITTLER & BRADFORD
8   10537 Santa Monica Blvd., Third Floor
9   Los Angeles, CA 90025
    Telephone: (310) 474-4007
10  e-mail: smarcus@gblaw.com
    Attorneys for Plaintiffs
11  LISA LIBERI, LISA M. OSTELLA, GO EXCEL GLOBAL,
12  PHILIP J. BERG, ESQ., and THE LAW OFFICES OF PHILIP J. BERG

13              **UNITED STATES DISTRICT COURT**

14              **CENTRAL DISTRICT OF CALIFORNIA**

15

16  LISA LIBERI, et al,                    CIVIL ACTION NUMBER:
17
                                           **8:11-cv-00485-AG (AJW)**
18                        Plaintiffs,
        vs.                                **PLAINTIFFS MEMORANDUM**
19                                         **IN OPPOSITION TO ORLY**
20  ORLY TAITZ, et al,                     **TAITZ'S ANTI-SLAPP and**
                                           **RULE 12 MOTION TO DISMISS**
21                                         **PLAINTIFFS FAC**
                          Defendants.
22
23                                         Judge:  Hon. Andrew J.  Guilford
24
                                           Date:   June 17, 2013
25                                         Time:  10:00 a.m.
26                                         Courtroom:  10D
27
28

## <u>TABLE OF CONTENTS</u>

<u>**PAGE(S)**</u>

TABLE OF CONTENTS……………………….………………………………...i-ii

TABLE OF AUTHORITIES…………………………………………………iii-viii

I.     INTRODUCTON…….……………………………………….,……..1

II.    CALIFORNIA ANTI-SLAPP LAW DOES NOT
APPLY TO THE CONDUCT ALLEDGED
IN THE FAC…………………….…………….……………..……………..1-7

    A.    Taitz's Conduct Alleged in the FAC Does Not
Arise From Protected Speech or Petitioning…………………….……2-4

        1.    The Dissemination of Private Information
is Not Protected Speech…………………………………….4

        2.    Taitz's Defamation of Liberi and Ostella is
Not Activity Protected by the Anti-SLAPP
Statute………………………………..……………………………4-5

        3.    Taitz's Identity Theft Is Not Protected by
The Anti-SLAPP Statute………………..………………...5-6

    B.    PLAINTIFFS HAVE SHOWN A
PROBABILITY OF SUCCESS ON
THEIR CLAIMS……………………………………………...6-7

III.    TAITZ'S ATTACK ON PLAINTIFFS
CLAIMS ARE WITHOUT MERIT……………………………………..7-18

    A.    The Court has Subject Matter Jurisdiction
of This Action…………………………………………………...7-8

    B.    Plaintiffs Have Stated Viable Claims
Against Taitz……………………………………………………8-12

i

## <u>TABLE OF CONTENTS – Continued</u>

<u>PAGE(S)</u>

1.    Plaintiffs have Standing to Assert Claims
for Invasion of Privacy…………………………………..9-11

2.    Plaintiffs' Claims are Not Barred by
California's Litigation Privilege…………………………..11-12

C.    Plaintiffs Claims Are Not Barred by the
Communications Decency Act…………………………………..12-13

D.    Liberi's Invasion of Privacy Claims Are Not
Barred by Res Judicata or Collateral Estoppel…………………..13-14

E.    Plaintiffs Have Stated Claims Under California
Civil Code Sections 1798.53 and 1798.85………………….....14-15

F.    Cyber-Stalking is a Recognized Tort…………………………….15-16

G.    Plaintiffs Have Sufficiently Stated
Claims for Defamation………………………………………….....16

H.    The Individual Plaintiffs Have Stated Claims
for Intentional Infliction of Emotional Distress……………………..17

I.    Liberi Has Stated Claims for Malicious
Prosecution and Abuse of Process………………………………17-18

IV.    CONCLUSION………………………………………………………18

PLAINTIFFS REQUEST FOR JUDICIAL NOTICE………………………...19-20

# TABLE OF AUTHORITIES

**Cases**                                                                        **Page(s)**

ACS Sys., Inc. v. St. Paul Fire & Marine Ins. Co.
147  822Cal. App. 4th 137, 149, 53 Cal. Rptr. 3d 786, 795 (2007)……………….14

Albertini v. Schaefer,
97 Cal. App. 3d 822, 830, 159 Cal. Rptr. 98, 102 (Ct. App. 1979)………………16

Batzel v. Smith, 333 F. 3d 1018, 1033 (9th Cir. 2003)…………………….…12, 13

Bird, Marella, Boxer & Wolpert v. Superior Court,
106 Cal. App. 4th 419, 427, 130 Cal. Rptr. 2d 782 (2003)…………………………8

Brown v. McCain,
611 F. Supp. 2d 1062, 1067-68 (C.D. Cal.  2009)…………………………………....6

Churchill Vill., L.L.C. v. Gen. Elec. Co.,
169 F. Supp. 2d 1119, 1127 (N.D. Cal. 2000)……………………………………….10

Cole v. Patricia A. Meyer & Associates, APC,
206 Cal. App. 4th 1095, 1120, 142 Cal. Rptr. 3d 646, 666-67 (2012)………...3, 6, 7

Commonwealth Energy Corp. v. Investor Data Exch., Inc.,
110 Cal. App. 4th 26, 33, 1 Cal. Rptr. 3d 389, 394 (2003)………………………2, 5

Diaz v. Oakland Tribune, Inc.,
139 Cal. App. 3d 118, 125-26, 188 Cal. Rptr. 762, 766-67 (1983)……………….10

Doe v. Gangland Prods., Inc.,
802 F. Supp. 2d 1116, 1121 (C.D. Cal. 2011)……………………………………...4

Du Charme v. Int'l Bhd. of Elec. Workers, Local 45,
110 Cal. App. 4th 107, 118, 1 Cal. Rptr. 3d 501, 510 (2003)…………………4, 5, 6

Fair Hous. Council of San Fernando Valley v. Roommates.Com. LLC,
521 F. 3d 1157, 1165 (9th Cir. 2008)…………………………………………...12

## <u>TABLE OF AUTHORITIES - Continued</u>

<u>Cases</u>                                                                                   <u>Page(s)</u>

Financial Corp. of Am. v. Wilburn,
189 Cal. App. 3d 764, 778, 234 Cal. Rptr. 653, 661 (1987)……………………...11

Fisher v. Larsen, 138 Cal. App. 3d 62, 640, 188 Cal. Rptr 216 (1982)……………7

Garden Grove Police Dep't. v. Superior Court,
89 Cal. App. 4th 430, 434, 107 Cal. Rptr. 2d 642, 644 (2001)…………………....14

Greene v. Bank of Am.,
B243638, 2013 WL 2130402 (Cal. Ct. App. May 16, 2013)……………………..17

Harris by Harris v. Eastern Pub. Co.,
335    Pa. Super 141, 152, 483 A.2d 1377, 1383 (1984)…………………………10

Hylton v. Frank E. Rogozienski, Inc.,
177 Cal. App. 4th 1264, 1272, 99 Cal. Rptr. 3d 805, 810 (2009)………………..2, 3

Jenkins v. McKeithen, 395 U.S. 411, 421,
89 S. Ct. 1843, 23 L. Ed. 2d 404 (1969)……………………………………………9

Jones v. Dirty World Entm't Recorings, L.L.C.,
766 F. Supp. 2d 828, 836 (E.D. Ky. 2011)………………………………………..12

Khodayari v. Mashburn, 200 Cal. App. 4th 1184, 1190,
132 Cal. Rptr. 3d 903, 907 (2011)………………………………………………….8

Lucas v. Department of Corrections,
66 F.3d 245, 248 "(9th Cir. 1995)………………………………………………..9

Martinez v. Metabolife Int'l, Inc.,
113 Cal. App. 4th 181, 188, 6 Cal. Rptr. 3d 494, 499 (2003)………………………3

McNutt v. New Mexico State Tribune Co..
88 N.M. 162, 165, 538 P.2d 804, 807 (Ct. App. 1975)…………………………...10

## <u>TABLE OF AUTHORITIES - Continued</u>

<u>**Cases**</u>                                                                                    <u>**Page(s)**</u>

<u>Metabolife, Int'l Inc. v. Wornick</u>, Co.
264 F. 3d 832, 840 (9th Cir. 2001)…………………………………………………….6

<u>Monex Deposite v. Gilliam</u>,
680 F. Supp. 2d 1148, 1164 (C.D. Cal. 2010)……………………………………11

<u>Navellier v. Sletten</u>, 29 Cal. 4th 82, 88, 52 P.3d 703 (2002)……………………2, 6

<u>Paul v. Friedman</u>,
95 Cal. App. 4th 853, 865, 117 Cal. Rptr. 2d 82, 91 (2002)……………………..4

<u>Peregrine Funding, Inc. v. Sheppard Mullin, Richter & Hampton</u>,
133 Cal. App. 4th 658, 675, 35 Cal. Rptr. 3d 31 (2005)…………………………6

<u>Planned Parenthood Golden Gate v. Superior Court</u>,
83 Cal. App. 4th 347, 360, 99 Cal. Rptr. 2d 627, 638 (2000)……………………..14

<u>Rancho La Costa, Inc. v. Superior Court</u>,
106 Cal. App. 3d 646, 667, 165 Cal. Rptr. 347 (1980)…………………………….7

<u>Reader's Digest Ass'n v. Superior Court</u>,
37 Cal. 3d 244, 258, 208 Cal. Rptr. 137 (1984)………………………………………7

<u>Rouse v. Law Offices of Rory Clark</u>,
465 F. Supp. 2d 1031, 1038 (S.D. Cal. 2006)……………………………………...2, 6

<u>Scalzo v. Am. Exp. Co.</u>,
185 Cal. App. 4th 91, 100, 109 Cal. Rptr. 3d 638, 645 (2010)………………….5, 6

<u>Sheehan v. Gregoire</u>, 272 F. Supp. 2d 1135 (W.D. Wash. 2003)…………………14

<u>Select Portfolio Servicing v. Valentino</u>,
875 F. Supp. 2d 975, 988 (N.D. Cal. 2012)………………………………………...3

<u>Silberg v. Anderson</u>, 50 Cal. 3d 205,219, 786 P.2d 365 (1990)………………..3, 11

## <u>TABLE OF AUTHORITIES - Continued</u>

<u>Cases</u>                                                                 <u>Page(s)</u>

<u>Varian Med. Sys. Inc. v. Delfino,</u>
35 Cal. 4th, 180, 102, 106 P.3de 958, 966 (2005)………………………………..2

## <u>FEDERAL STATUTES</u>

<u>Page(s)</u>

5 U.S.C. §552a…………………………………………………………………11

47 U.S.C. §230…………………………………………………………………13

47 U.S.C. §230(c)(1)…………………………………………………………...13

47 U.S.C. §230(e)(3)…………………………………………………………...12

## <u>FEDERAL RULES OF CIVIL PROCEDURE</u>

`            `                                        <u>Page(s)</u>

*Fed. R. Civ. P.* 12(b)(6)………………………………….…....….............1, 8, 10

## <u>MISC. FEDERAL</u>

<u>Page(s)</u>

Federal Privacy Act of 1974……………………………………………………10

## <u>TABLE OF AUTHORITIES - Continued</u>

## <u>CALIFORNIA CONSTITUTION</u>

<u>Page(s)</u>

Article 1, Section 1…………………………………………………………9

## <u>CALIFORNIA STATE STATUTES</u>

<u>Page(s)</u>

*Business & Professions Code* §17500…………………………………………10

*Cal. Civ. Code* §46……………………………………………………..17

*Cal. Civ. Code* §47(b)…………………………………...............11, 15, 18, 19

*Cal. Civ. Code* §47(2)………………………………………………..12

*Cal. Code of Civ. Procedure* §425.16……………………………………....1, 18

*Cal. Code of Civ. Procedure* §425.16(e)………………………………….1, 2, 6

*Cal. Civ. Code* §1708.7(b)………………………………………………...16

*Cal. Civ. Code* §1708.7(b)(2)……………………………………………..16

*Cal. Ci(2)v. Code* §1798.53……………………………...............10, 14

*Cal. Civ. Code* §1798.81………………………………………………15

*Cal. Civ. Code* §1798.85………………………………………………14

*Cal. Civ. Code* §1798.85(a)……………………………………………15

**TABLE OF AUTHORITIES – Continued**

**MISC.**

**Page(s)**

*The Right to Privacy* (1890) 4 Harv. L. Rev. 193…………………………...…11

## I.   **INTRODUCTION**

The Motion of Defendant Orly Taitz ("Taitz") to strike the First Amended Complaint ("FAC") under California's Anti-SLAPP statute, Code of Civil Procedure, §425.16, does not raise any issues that were not raised in her prior Anti-Slapp Motion, which this Court denied as set forth in its June 14, 2011 Minute Order. [Docket No. ("DN") 227, Plaintiffs' Request for Judicial Notice, p. 19, *infra*, ("PRJN") No. 1.] The claims asserted against Taitz in the FAC are the same that were raised in the original complaint, augmented by Taitz's subsequent acts of defamation, invasion of privacy, and disclosure and misuse of improperly obtained personal data.

As noted in the Court's June 14, 2011, Minute Order, and as discussed hereinbelow, Taitz has not shown that the acts complained of in the FAC constitute protected speech or petitioning activity under Section 425.16(e).  Also, Plaintiffs have made a prima facie showing of facts which, if proved, support a judgment in their favor.

A substantial portion of Taitz' Motion appear to be a Motion to Dismiss under Fed. R. Civ. Proc 12(b)(6).  However, Taitz' Notice of Motion contains no notice of a filed under Rule 12(b)(6)motion.

## II.   **CALIFORNIA'S ANTI-SLAPP LAW DOES NOT APPLY TO THE CONDUCT ALLEGED IN THE FAC.**

In order for a complaint to be stricken under California's Anti-SLAPP statute, Code Civ. Proc., §425.16, two criteria must be met: (i) first, the moving defendant must establish that the alleged conduct arises from protected speech or petitioning, as defined in Section 425.16(e), and (ii) only if the first criteria is met, the plaintiff must fail to make a prima facie showing of a probability of prevailing on its claim.  Unless both of these criteria are met, the Anti-SLAPP motion must

be denied.  Varian Med. Sys. Inc. v. Delfino, 35 Cal. 4th 180, 192, 106 P.3d 958, 966 (2005); Navellier v. Sletten, 29 Cal. 4th 82, 88, 52 P.3d 703 (2002); PRJN No. 9, p. 4.

**A.    Taitz's Conduct Alleged in the FAC Does Not Arise from Protected Speech or Petitioning.**

Cal. Code of Civ. Proc. §425.16(e) sets forth 4 categories of protected speech and petitioning subject to the Anti-SLAPP statute: (i) statements made before a governmental or official proceeding, (ii) statements made in connection with an issue under consideration or review by a governmental body, (iii) statements made in a public place or forum in connection with an issue of public interest, and (iv) conduct in furtherance of the exercise of the constitutional right of petition or of free speech in connection with a public issue or issue of public interest.  A matter of "public interest" must:  (1) pertain to a person or entity in the public eye;  (2) involve conduct that could affect large numbers of people beyond the direct participants; or  (3) involve a topic of widespread public interest. Commonwealth Energy Corp. v. Investor Data Exch., Inc., 110 Cal. App. 4th 26, 33, 1 Cal. Rptr. 3d 390, 394 (2003).

The moving defendant has the burden of showing that the gravamen of the Plaintiffs' complaint consists of protected free speech or petitioning activity. When the  defendants fail to meet their initial burden, the court must deny the motion, without the need to consider whether plaintiff has demonstrated a probability of success.  Rouse v. Law Offices of Rory Clark, 465 F. Supp. 2d 1031, 1038 (S.D. Cal. 2006).

Moreover, the fact that a complaint makes incidental or collateral reference to protected activity does not bring that complaint within the scope of the Anti-SLAPP statute.  Rather, the inquiry is whether the gravamen of the cause of the plaintiff's damages arose from protected activity.  Hylton v. Frank E. Rogozienski, Inc., 177 Cal. App. 4th 1264, 1272, 99 Cal. Rptr. 3d 805, 810 (2009)["If the core

injury-producing conduct upon which the plaintiff's claim is premised does not
rest on protected speech or petitioning activity, collateral or incidental allusions to
protected activity will not trigger application of the anti-SLAPP statute."];
Martinez v. Metabolife Int'l, Inc., 113 Cal. App. 4th 181, 188, 6 Cal. Rptr. 3d 494,
499 (2003); Select Portfolio Servicing v. Valentino, 875 F. Supp. 2d 975, 988
(N.D. Cal. 2012).

Even if an original writing or statement is a protected form of speech under
the Anti-Slapp statute, the republication of that statement that does not further the
petitioning activity is not protected.   Thus, even though a pleading filed with the
court is absolutely privileged, the republication of such pleading to non-
participants in the action is not privileged.  Silberg v. Anderson, 50 Cal. 3d 205,
219, 786 P.2d 365 (1990).   In Cole v. Patricia A. Meyer & Associates, APC, 206
Cal. App. 4th 1095, 1120, 142 Cal. Rptr. 3d 646, 666-67 (2012), the Court held
that while the filing of a complaint containing defamatory statements was
protected, the posting of that complaint on a website was neither subject to the
litigation privilege nor was it protected speech under the Anti-SLAPP statute.

Taitz's activities which were the gravamen of the cause of the Plaintiffs'
injuries, as alleged in the FAC, fall into three general categories: (a) invasion of
privacy - widespread public dissemination, the posting on websites, and the
repeating on radio and media interviews, of the Plaintiffs' personal, private
information, including social security numbers, home addresses, dates and places
of birth mother's maiden name, spouses names, information regarding Plaintiff
Philip Berg's ("Berg's") proceedings before the State Bar, and other private and
personal data of no public interest; (b) defamation - slander and libel - the
publication, outside of and unrelated to any petitioning action in this or any other
proceeding, of false and defamatory statements concerning the Plaintiffs; and (c)
Identity Theft - the setting up of false accounts and the giving of false instructions

3

to third parties in the names of Plaintiffs Lisa Liberi ("Liberi") and Lisa Ostella

("Ostella").  As discussed below, none of the acts fall within the protections of the

California Anti-SLAPP Statute.

### 1.    The Dissemination of Private Information is Not Protected Speech.

As set forth in the FAC, Taitz and those acting in concert with her or under

her direction repeatedly published personal and private information concerning

Liberi and Ostella on her websites, in widely circulated e-mails, in radio

interviews, and in other public forums.  Taitz has not shown that Liberi or Ostella

were public figures, or that their personal information would affect a large number

of persons or was a topic of widespread public interest.  Thus, Taitz has not met

her burden of showing that such statements are activity protected by the Anti-

SLAPP statute.  *See* Paul v. Friedman, 95 Cal. App. 4th 853, 865, 117 Cal. Rptr.

2d 82, 91 (2002); Du Charme v. Int'l Bhd. of Elec. Workers, Local 45, 110 Cal.

App. 4th 107, 118, 1 Cal. Rptr. 3d 501, 510 (2003); Doe v. Gangland Prods., Inc.,

802 F. Supp. 2d 1116, 1121 (C.D. Cal. 2011).

Likewise, Taitz's has not shown that her dissemination on her websites, in

public e-mails, etc., of Berg's State Bar disciplinary proceedings is a matter of

public interest or is in furtherance of her petitioning activity.  While Taitz's

presentation of such information to this Court would be protected activity, her

republication of such information to the public at large is a violation of Berg's

privacy and is not protected by the Anti-SLAPP statute.

### 2.    Taitz's Defamation of Liberi and Ostella is Not Activity Protected by the Anti-SLAPP Statute.

The second category of activity alleged against Taitz is her defamation  of

Liberi and Ostella in non-judicial forums.  Taitz has made false statements that

4

Liberi is a career criminal, a career document forger, and was convicted of identity theft, real estate fraud, etc.  Taitz also has made false statements that Ostella has a criminal record, that Ostella stole money from Taitz and hijacked Taitz's website.

Defamatory statements fall within the perview of Section 425.16(e) only if such statements are made in the furtherance of litigation or the defendant's activity petitioning the government.  Du Charme v. Int'l Bhd. of Elec. Workers, Local 45, *supra*, 110 Cal. App. 4th at114, 1 Cal. Rptr. 3d at 506.

Taitz has not shown that her defamatory statements concerning Liberi and Ostella, not made in furtherance of this litigation, were of public interest or in furtherance of her petitioning activity.  Liberi or Ostella are not public figures or of any public interest.  Liberi is a paralegal engaged by Berg, and Ostella was a website service provider to Taitz.  Neither has taken any action to thrust themselves into the public consciousness.  But for Taitz's own broadcast of the defamatory statements, Liberi and Ostella would be unknown to the public at large.  Taitz has not shown any public discussion of or interest in either of them. Nor does the false information Taitz has disseminated about Liberi and Ostella involve any people beyond the participants in this litigation, or involve any topic of widespread public interest.  See Commonwealth Energy Corp. v. Investor Data Exch., Inc., *supra*, 110 Cal. App. 4th at 33, 1 Cal. Rptr. 3d at 394.

### 3.    Taitz's Identity Theft Is Not Protected by the Anti-SLAPP Statute.

As alleged in the FAC, Taitz also has stolen the identities of Liberi and Ostella, causing them to be harassed by improperly using their social security numbers and other identifying information to cancel utility services, create accounts in their names for the purpose of damaging their credit ratings, and so forth.  Taitz has not shown, and cannot show, that such activity constitutes the promotion of speech in the public interest or petitioning activity.  This is merely the misuse of private information for personal advantage.  *See* Scalzo v. Am. Exp.

Co., 185 Cal. App. 4th 91, 100, 109 Cal. Rptr. 3d 638, 645 (2010).

## B.   PLAINTIFFS HAVE SHOWN A PROBABILITY OF SUCCESS ON THEIR CLAIMS.

As discussed above, Taitz has not met her burden of showing that the acts complained of in the FAC fall into any of the four categories of protected speech set forth in Section 425.16(e), which effectively eliminates the need for the Court to deal with the second prong of its inquiry on Taitz's Anti-SLAPP Motion. Rouse v. Law Offices of Rory Clark, *supra*, 465 F. Supp. 2d at 1038.  However, even if Taitz had met that initial burden, the Plaintiffs have shown a prima facie case of a probability that they will prevail on their claims.

To meet their burden of defeating an Anti-SLAPP Motion, the Plaintiffs have a low burden.  They only have to show a "minimum level of legal sufficiency and triability" - i.e., a minimum of evidence which, if believed, will support a judgment in their favor.  Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton, LLP, 133 Cal.App.4th 658, 675, 35 Cal.Rptr.3d 31 (2005); Navellier v Sletten, 29 Cal.4th 82, 95 n.11, 124 Cal.rptr.2d. 530 (2002).  In evaluating the evidence, the Court must accept as true all evidence and inferences favorable to the plaintiff, and assess defendant's evidence only to determine if it bars plaintiff's submissions as a matter of law.  Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 840 (9th Cir. 2001); Browne v. McCain, 611 F. Supp. 2d 1062, 1067-68 (C.D. Cal. 2009); Cole v. Patricia A. Meyer & Associates, APC, 206 Cal. App. 4th 1095, 1105, 142 Cal. Rptr. 3d 646, 654 (2012).

There is no substantial difference with respect to the factual allegations against Taitz between the original complaint and the FAC.  Thus, the evidence and declarations filed by Plaintiffs in opposition to Taitz's prior Anti-SLAPP Motion (which this Court denied on June 14, 2011) clearly show that the Plaintiffs have met their burden of establishing a prima facie case against Taitz on the FAC.

Also, because Liberi and Ostella are not public figures, they do not have to

establish malice in order to defeat Taitz's Anti-SLAPP Motion.  Cole v. Patricia A. Meyer & Associates, APC, *supra*, 206 Cal. App. 4th at 1122, 142 Cal. Rptr. 3d at 668.  However, Taitz's malice (including malice towards Berg) is shown by the repeated publication and publicizing of the false statements and information pertaining to Liberi and Ostella. Taitz's numerous repetition and republications of the defamatory claims.  Fisher v. Larsen, 138 Cal.App.3d 62, 640, 188 Cal.rptr. 216 (1982); Rancho La Costa, Inc. v. Superior Court, 106 Cal.App.3d 646, 667, 165 Cal.Rptr.347 (1980); Reader's Digest Ass'n v. Superior Court, 37 Cal.3d 244, 258, 208 Cal.Rptr. 137 (1984).

The evidence before this Court also establishes Liberi's and Ostella's claims against Taitz for the invasion of privacy with respect to the publication and republication of their private information, of the claims related to identity theft in using and misusing Liberi's and Ostella's social security and other private identifying information as well as Liberi's claims for abuse of process and malicious prosecution with respect to Taitz's false claims to California and New Mexico law enforcement officials and probation officials in Taitz's unsuccessful efforts to have Liberi's probation restricted or revoked.

In summary, as this Court noted in its June 14, 2011, Order: "Plaintiffs have made a prima facie showing of facts that would, if proved, support a judgment in their favor."

### III.   TAITZ'S ATTACKS ON PLAINTIFFS' CLAIMS ARE WITHOUT MERIT.

The bulk of Taitz's Motion consists of an attack on the legal sufficiency of Plaintiffs' claims.  As discussed below, each of her assertions is without merit.

### A.   The Court has Subject Matter Jurisdiction of this Action.

Taitz argues, at pages 6-7 of her motion, that this Court lacks jurisdiction because the Plaintiffs have not established complete diversity of citizenship.  This argument is frivolous.  This argument has been raised, and resolved against Taitz,

numerous times before, and she has not presented any new evidence that would
justify overturning the prior determinations of the Court.

Judge Robreno, in response to previous attacks by Taitz on the Court's
subject matter jurisdiction, has ruled that there is diversity of citizenship in this
case, whether Liberi was a resident of Pennsylvania or New Mexico.  [PRJN #1
(Docket No. ["DN"]123, p. 3, n. 1); PRJN #5 (DN 160, p. 6.).]  This issue was
also raised, and rejected, in Taitz's previous Anti-SLAPP Motion. [PRJN #9 (DN
227).]   Taitz has not presented any information showing lack of diversity that was
not part of the Court's records at the time her previous motion was denied.

Liberi has filed declarations establishing that she is not a resident of
California or Texas (or any state in which any defendant resides), and providing
good cause for not showing her current driver's license to Taitz (who would likely
publish Liberi's home address to her minions over the internet).   [PRJN # 2 (DN
146-7, ¶2); PRJN #5 (DN 186-3, ¶¶ 3, 11).] Liberi has shown her driver's license
to Judge Robreno in camera, and is willing to do the same to this Court, but is
unwilling to show the same to Taitz because of Taitz's well-documented past
misuse of Liberi's and Ostella's personal information.  [PRJN # 5 (DN  186-2,
pgs. 12-17).]

### B.   <u>Plaintiffs Have Stated Viable Claims Against Taitz.</u>

Taitz has asserted the equivalent of a Rule 12(b)(6) motion to each of the 11
causes of action of the FAC.  Dismissal under Rule 12(b)(6) is appropriate only
where a claim lacks a cognizable legal theory or sufficient facts to support any
cognizable legal theory.  The nature of a cause of action does not depend on the
label the plaintiff gives it or the relief the plaintiff seeks, but on the primary right
involved. <u>Bird, Marella, Boxer & Wolpert v. Superior Court</u>,  106 Cal.App.4th
419, 427, 130 Cal.Rptr.2d 782 (2003); <u>Khodayari v. Mashburn</u>, 200 Cal. App. 4th
1184, 1190, 132 Cal. Rptr. 3d 903, 907 (2011).

1   For purposes of a motion to dismiss, the Plaintiffs' allegations are taken as

2   true, and the Court must construe the allegations of the challenged pleading in the

3   light most favorable to the Plaintiffs. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421,

4   89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). If the Court were inclined to grant a

5   motion to dismiss as to any cause of action, leave to amend must be granted unless

6   it is clear that the complaint's deficiencies cannot be cured by amendment. <u>Lucas</u>

7   <u>v. Department of Corrections</u>, 66 F.3d 245, 248 (9th Cir., 1995).

8   **1.   Plaintiffs Have Standing to Assert Claims for**

9   **Invasion of Privacy.**

10   Taitz's first argument is that the Plaintiffs' claims for invasion of privacy

11   must fail because the rights bestowed by the California Constitution are limited to

12   California residents. This argument fails for a number of reasons, as discussed

13   below.

14   First of all, the rights of privacy under Article 1, Section 1 of the

15   Constitution are bestowed to "all persons", not just "all California citizens or

16   residents". Article 1, Section 1, expressly provides:

17   **"All people** are by nature free and independent and have inalienable

18   rights. Among these are enjoying and defending life and liberty,

19   acquiring, possessing, and protecting property, and pursuing and

20   obtaining safety, happiness, and privacy." [Emphasis supplied.]

21   By the very language of the Article 1, §1, the rights of privacy are applicable to

22   **"All people"** who are subject to California jurisdiction. Citizens of other states,

23   who come into California (in this case, as the result of a transfer from the Eastern

24   District of Pennsylvania) are entitled to the benefits of the California Constitution.

25   Interestingly, not one of the cases cited by Taitz involved a court denying the right

26   of privacy embodied in the California Constitution to a non-Californians.

27   Secondly, even the cases cited by Taitz recognize the ability of California to

28   govern or regulate conduct within the State of California that reaches or has

9

effects outside of the State.  As was noted in <u>Churchill Vill. L.L.C. v. Gen. Elec.</u>
<u>Co.</u>, 169 F. Supp. 2d 1119, 1127 (N.D. Cal. 2000), cited by Taitz, Business &
Professions Code Section 17500 prohibits false or misleading statements made
"before the public in this state" and **"from this state before the public in any**
**state**."  The allegations of the FAC clearly involve acts by Taitz, a California
resident, conducted within the State of California with far reaching, extra-
territorial effects.

Moreover, Taitz's Rule 12(b)(6) motion must be denied if the Plaintiffs'
allegations for invasion of privacy, set forth in the first four causes of action of the
FAC, state a claim on any cognizable legal theory.  See page 9, *supra*.  Plaintiffs'
invasion of privacy claims are not based solely on the California Constitution, but
also on statutory law [Civil Code Section 1798.53] and common law.[1]

California Civil Code Section 1798.53 proscribes, and permits private rights
of actions for, any violation occurring in the State of California, regardless of
where the victim resides.  Also, the tort of Invasion of Privacy is recognized under
common law in California, and may be asserted against any person over whom
courts in California have jurisdiction (subject only to California's choice of law
provisions).  <u>Diaz v. Oakland Tribune, Inc.</u>, 139 Cal. App. 3d 118, 125-26, 188
Cal. Rptr. 762, 766-67 (1983) ["The concept of a common-law right to privacy
was first developed in a landmark article by Warren and Brandeis, *The Right to*
*Privacy* (1890) 4 Harv.L.Rev. 193, and has been adopted in virtually every
state."]   Choice of law is not an issue because the tort is also recognized in
Pennsylvania [<u>Harris by Harris v. Easton Pub. Co.</u>, 335 Pa. Super. 141, 152, 483
A.2d 1377, 1383 (1984)] and New Mexico.  [<u>McNutt v. New Mexico State</u>
<u>Tribune Co.</u>, 88 N.M. 162, 165, 538 P.2d 804, 807 (Ct. App. 1975).]

---

[1]  For this same reason, Taitz's motion based on references in the First Amended
Complaint to the First and Fourteenth Amendments to the U.S. Constitution must be denied,
since Plaintiffs' claims are not based exclusively on those provisions.

Accordingly, Taitz's motion to dismiss the first four causes of action on the

ground of lack of standing must be denied.

### 2.    Plaintiffs' Claims are Not Barred by California's Litigation Privilege.

Taitz's next argument is that the Plaintiffs' "invasion of privacy" claims are

somehow barred by California's litigation privilege.  It is typical of Taitz's

inconsistency to argue, on the one hand, that California law does not apply

because the Plaintiffs are not citizens of California, and then to argue that her

conduct is protected by California law, notwithstanding the non-Californian status

of Plaintiffs.[2]

As alleged in the FAC, Taitz's *modus operandi* is (a) to improperly obtain

private information concerning the Plaintiffs, (b) gratuitously submit that

information in a court document, and (c) republish copies of the court document

on the internet, and repeat the information in media interviews, articles, and blogs.

The harm to the Plaintiffs was caused, not by Taitz's filing documents with the

Court, but from the republication of defamation and the Plaintiffs' private

information to the public at large who are not participants in this action.  Such

republications are not protected by the Litigation Privilege of Civil Code Section

47(b).  Silberg v. Anderson, 50 Cal. 3d 205, 219, 786 P.2d 365 (1990) ["Finally,

republications to nonparticipants in the action are generally not privileged under

section 47(2), and are thus actionable unless privileged on some other basis."];

Monex Deposit Co. v. Gilliam, 680 F. Supp. 2d 1148, 1164 (C.D. Cal. 2010); Fin.

Corp. of Am. v. Wilburn, 189 Cal. App. 3d 764, 778, 234 Cal. Rptr. 653, 661

(1987) ["we generally observe an attorney will not be protected by the absolute

privilege as to actionable words spoken before persons in no way connected with

---

[2] Plaintiffs do not dispute that California Civil Code Section 47(b) is applicable to this
action, but do dispute that Taitz's conduct which caused the Plaintiffs' damages was protected by
Section 47(b).

1    the proceeding."].

2         **C.**    **Plaintiffs Claims Are Not Barred by the Communications**
3                   **Decency Act.**

4         Taitz, in a very broad brush, attacks the first 9 causes of action of the FAC

5    as a "violation of the Communications Decency Act", 47 USC §230(e)(3).

6    However, not only does Taitz mischaracterize the Plaintiffs' first nine causes of

7    action, the Communications Decency Act does not apply to Taitz because she was

8    not an "internet provider" and thus not entitled to immunity under Section 230.

9         The structure and purpose of § 230(c)(1) indicate that the immunity applies

10   only with regard to third-party information provided *for use on the Internet* or

11   another interactive computer service. It does not provide protection for those who

12   provide their own postings and content on the internet, or who do not operate or

13   use interactive computer services. <u>Batzel v. Smith</u>, 333 F.3d 1018, 1033 (9th Cir.

14   2003); <u>Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC</u>, 521

15   F.3d 1157, 1165 (9th Cir. 2008); <u>Jones v. Dirty World Entm't Recordings, LLC</u>,

16   766 F. Supp. 2d 828, 836 (E.D. Ky. 2011).  It does not protect Taitz from liability

17   for her own postings and creations on the internet, or her posting of documents

18   and data which she obtained from sources other than internet providers (including

19   documents such as court filings she herself created and republished) - as opposed

20   to simply creating a link to the information provider.  As alleged in the FAC, Taitz

21   did not merely recirculate as part of an interactive internet service information

22   provided by other interactive internet service providers - she added her own

23   material and content, and became a direct provider herself.  She also published

24   false data and personal data in e-mails, in media interviews, in personal, and in

25   narrative blogs, none of which is entitled to immunity under the CDA.

26        As the Court held in <u>Jones v. Dirty World Entm't Recordings, LLC</u>, id.,

27   citing <u>Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC</u>, *id*,

28   the immunity afforded by the CDA is not absolute and may be forfeited if the site

owner invites the posting of illegal materials or makes actionable postings itself.
Also, the protection is limited to those "users" who receive information in a
capacity related to their own function as a provider or user of interactive computer
services.  As the Court held in Batzel v. Smith, *supra*, 333 F.3d at 1033:

> "If information is provided to those individuals in a capacity
> unrelated to their function as a provider or user of interactive
> computer services, then there is no reason to protect them with the
> special statutory immunity."

There is nothing in the FAC, nor has Taitz made any showing, that her receipt of
private data concerning the Plaintiffs was received by her in her capacity as a
provider or user of interactive computer services.  The allegations of the FAC also
clearly show that Taitz did not simply "republish" such information through an
interactive computer services (the internet) but she also created and added her own
content and context (for example, "Dossier #6"), embellished information, and put
it out as part of her own content - making her a content provider not entitled to
immunity under the CDA.  Also, as alleged in the FAC, Taitz republished the
information in non-protected forums, such as e-mail blasts, media interviews, and
other publications.  Accordingly, her motion based on the Communications
Decency Act must be denied.

### D.   Liberi's Invasion of Privacy Claims Are Not Barred by Res Judicata or Collateral Estoppel.

Taitz further argues that Liberi's first 9 claims of the FAC are barred by res
judicata or collateral estoppel, based on this Court's having granted Lexis/Nexus'
motion for summary judgment.  This argument is without merit.

First of all, Taitz's dissemination of Liberi's private data, as alleged in the
FAC, is only a part of Liberi's claims against Taitz.  This argument does not

address Liberi's claims based on acts defamation, identity theft, malicious prosecution and abuse of process.

Secondly, the Court's ruling on the Lexis/Nexus summary judgment motion was based on a determination that Lexis/Nexus was not subject to the Fair Credit Reporting Act. The only issue raised in that ruling concerning Liberi's social security number, date of birth, and marriage history (and not, for example, her home address or other identifying information) was that the information provided to Taitz did not come from Lexis/Nexus. There was no finding that malicious nationwide dissemination of Liberi's private data by Taitz was inactionable because some of the data appeared (mandatorily) on court records.[3]
Liberi's harm was not caused by Taitz's obtaining Liberi's social security number - it was caused by Taitz's malicious widespread dissemination of that (and other) personal data. See Garden Grove Police Dep't v. Superior Court, 89 Cal. App. 4th 430, 434, 107 Cal. Rptr. 2d 642, 644 (2001); Planned Parenthood Golden Gate v. Superior Court, 83 Cal. App. 4th 347, 360, 99 Cal. Rptr. 2d 627, 638 (2000); ACS Sys., Inc. v. St. Paul Fire & Marine Ins. Co., 147 Cal. App. 4th 137, 149, 53 Cal. Rptr. 3d 786, 795 (2007).

### E.   Plaintiffs Have Stated Claims Under California Civil Code Sections 1798.53 and 1798.85.

The Fifth and Sixth Causes of Action of the FAC are for, respectively, violations of California Civil Code Sections 1798.53 and 1798.85. Taitz's argues that these claims are insufficient because she did not obtain the Plaintiffs' records from a state agency, and that the Plaintiffs are not California residents. Her arguments are without merit.

---

[3] The case cited by Taitz, Sheehan v. Gregoire, 272 F.Supp.2d 1135 (W.D. Wash. 2003) is not on point. That case involved the constitutionality a statute preemptively restraining the press from publishing publicly available information - it did not pertain to malicious dissemination of private information.

Section 1798.53 imposes civil liability for invasion of privacy on "Any person, other than an employee of the state or of a local government agency acting solely in his or her official capacity, who intentionally discloses information, not otherwise public, which they know or should reasonably know was obtained from personal information maintained by a state agency or from "records" within a "system of records" . . ."  There is no statutory requirement that the person whose privacy was invaded must by a California resident if the acts of the defendant violated California law and the action is subject to jurisdiction in California.  As alleged in Paragraphs 197 and 240-247, the allegations of the FAC clearly allege facts showing that Taitz violated this act.

Section 1798.85(a) expressly prohibits the public posting or displaying of an individuals social security number.  As alleged in the FAC, Taitz publically posted and circulated Liberi's social security number to numerous recipients of Taitz's publications, in clear violation of Section 1798.85(a).

Plaintiffs' assertion of the Litigation Privilege, Civ. Code, §47(b), is unavailing.  The gravamen of Plaintiffs' complaint is not the filing of Liberi's social security number with the Court, but the widespread publication of her social security number (and other personal data) to numerous persons not related to or participants in this action (or any action involving Liberi).

Regarding the requirement of California residency, the Court's ruling on the Lexus/Nexus summary judgment motion applied that requirement only to claims under Civil Code Section 1998.81.  Plaintiffs have not made any such claim against Taitz.

### F.   Cyber-Stalking is a Recognized Tort.

Taitz moves to strike Plaintiffs' Seventh Cause of Action on the ground that cyber-stalking is not a "legally-recognized tort."  Taitz cites no authority to support her argument.  Nor does she dispute that the FAC alleges the elements of a

claim for stalking under Civil Code §1708.7(b).  Indeed, Section 1708.7 (b)(2)
expressly provides the "credible threat" element of a claim for stalking may
be"communicated by means of an electronic communication device, or a threat
implied by a pattern of conduct or a combination of verbal, written, or
electronically communicated statements and conduct".

### G.   <u>Plaintiffs Have Sufficiently Stated Claims for Defamation</u>.

Taitz's objections to the Eighth Cause of Action of the FAC (for
defamation) is based on three erroneous arguments: (a) by minimizing the scope
and content of her defamatory comments, Taitz argues "truth" as a defense, (b)
that corporate entities cannot be defamed, and (c) all Taitz spouted was "opinion".

As set forth in the FAC, Taitz has repeatedly defamed Liberi by claiming
that she is a "career criminal", that she had current criminal charges pending
against her, that she violated probation, that she was a convicted perjurer, that she
murdered her sister, that she tampered with Taitz's vehicles, that she had hundreds
of felony counts against her, that she had a criminal record going back to the
1990's, that she obtained multiple illegal social security numbers, etc. [See, e.g.,
FAC ¶285.] The hearsay evidence cited by Taitz (a single proceeding in 2001,
resulting in a 26-day "time served" sentence and 3 years probation) is a far cry
from the defamatory statements Taitz has made about Liberi.

Nor has Taitz shown by admissible evidence the truth of her defamation of
Berg and the other Plaintiffs, which go far beyond what Taitz attempts to
characterize as "expressions of opinion". (See FAC, ¶287.)  Also, Taitz does not
even address, in her motion, the defamation of Ostella. (FAC, ¶286.)

Finally, Taitz's assertions that corporations cannot sue for defamation is,
simply, wrong.  <u>Albertini v. Schaefer</u>, 97 Cal. App. 3d 822, 830, 159 Cal. Rptr. 98,
102 (Ct. App. 1979) ["Corporate reputation is also protected by Civil Code section
46; corporations may sue or be sued for defamation."].

## H.    The Individual Plaintiffs Have Stated Claims for Intentional Infliction of Emotional Distress.

Taitz's claims that her conduct of numerous, widespread, malicious defamation, invasion of privacy, identity theft, stalking, and other acts she has done against Liberi, Ostella and Berg - outside of and independent of any court-related conduct - was not sufficiently outrageous so as to justify a claim for intentional infliction of emotional distress is ludicrous.  Her conduct, as alleged in the FAC, was malicious and was specifically intended by her to inflict emotional distress.  Moreover, her conduct was not privileged under Civil Code Section 47(b) because it did not consist merely of court-related conduct or communications with persons participating in this litigation. [See page 11, *supra*.]

Plaintiffs acknowledge that the corporate plaintiffs do not have a claim for intentional infliction of emotional distress.

## I.    Liberi Has Stated Claims for Malicious Prosecution and Abuse of Process.

The 10th and 11th causes of action of the FAC are claims by Liberi for malicious prosecution and abuse of process, arising from Taitz's false, unsuccessful attempt to have Liberi's probation revoked.

Taitz's false reports to law enforcement officials in San Bernardino, California and in New Mexico are, essentially, false police reports which, under California law, can be the basis of a claim for malicious prosecution. Greene v. Bank of Am., B243638, 2013 WL 2130402 (Cal. Ct. App. May 16, 2013) ["As defendants concede, they may be liable for malicious prosecution if Casasola knowingly made a false report to the police."] Taitz' filing of an emergency motion in the San Bernardino Superior Court, likewise, was the initiation of a new legal proceeding.  Unlike the situation before the court in *Adams v. Superior Court*, the case cited by Taitz, Taitz' petitions and the filing of an emergency

motion to have Liberi's probation revoked was not a motion to reconsider action already taken, but the initiation of a new action designed to result in the incarceration of Liberi.  The denial of Taitz's motion and the dismissal of her petitions to law enforcement officials constitute the successful termination of those proceedings. [FAC ¶ 321.]

## IV.   CONCLUSION

For the reasons set forth hereinabove, and in the matters of which Plaintiffs have requested this Court to take judicial notice, Plaintiffs respectfully submit that Taitz has not met her burden of showing that the acts which she is alleged, in the FAC, to have committed, constitute protected speech or petitioning activity under the California Anti-SLAPP statute, Code of Civil Procedure, Section 425.16, and that even if she had met that burden, the Plaintiffs have made the requisite prima facie showing of facts which, if proven, will sustain a judgment in their favor against Taitz.  Accordingly, Taitz's Motion to Dismiss the Complaint must be denied.


Dated: May 31, 2013                          LAW OFFICES OF PHILIP J. BERG
                                             GITTLER & BRADFORD

                                             by: _____
                                                 STEPHEN H. MARCUS, ESQ.
                                             Attorneys for Plaintiffs

## PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE

Please take notice, that pursuant to the Federal Rules of Evidence 201,

Plaintiffs ,respectfully request this Court to take judicial notice of the following

Documents filed in this case in support of Plaintiffs Opposition to Defendant, Orly

Taitz's ["Taitz"]  Motion to Dismiss pursuant to the Anti-SLAPP Statute.

1.      Docket number's ["DN"] 123: "Memorandum" dated 6/23/10.

2.      DN 146 through 146-9: "Plaintiffs' Motion for the Court to Issue

Order to Show Cause upon Defendant Orly Taitz Pursuant to Fed. R. Civ. P. 11, . .

.", filed 10/7/2010;

3.      DN 160: "Memorandum" filed 12/23/2010;

4.      DN 178: "CCP 425.16 Anti-SLAPP Motion to Dismiss the Case as a

Slapp Complaint." filed by Taitz on 4/25/2011;

5.      DN 186 through 186-4: "Plaintiffs Response in Opposition to

Defendants, Orly Taitz and Defend Our Freedoms Foundations, Inc. Anti-SLAPP

Motion and Motion to Dismiss Pursuant To Fed. R. Civ. P. 12(b)(1) and

12(b)(6)", including the Declarations of Lisa Liberi and Philip J. Berg, filed

5/5/2011;

6.      DN 190 through 190-47: Plaintiffs Supplemental to Their Motion for

Leave to File a First Amended Complaint", and related documents and exhibits,

filed 5/20/2011;

7.      DN 213 through 213-5: "Declaration of Lisa Ostella", filed on

5/31/2011;

8.      DN 214, Declaration of Philip J. Berg, Esq.", filed on 5/31/2011;

9.      DN 227, This Court's Minute Order, filed on June 14, 2011;

10.     DN 231, Plaintiffs First Amended Complaint ["FAC"], filed

6/17/2011;

11.     DN 311 through 311-4, "Plaintiffs Response in Opposition to

Defendant, Orly Taitz's Motion to Dismiss Pursuant to *Fed. R. Civ. P.* 12(b)(1) and 12(b)(6)" and related documents, filed 7/25/2011;

    12.    DN 312: "Declaration of Plaintiff Lisa Ostella", filed 7/25/2011;

    13.    DN 313 "Declaration of Dr. Charles Edward Lincoln, III", filed 7/25/2011; and

    14.    DN 314 through 314-13: "Declaration of Lisa Liberi" and related documents, filed 7/25/2011.


    Rule 201 authorizes a Court to take judicial notice of facts that are "not subject to reasonable dispute" and are "either (1) generally known with the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Fed. R. Evid.* 201(b).  Judicial Notice is "mandatory" if it is requested by a party and the Court is supplied with the necessary information." Fed. R. Evid. 201(d).

    The documents identified above are pertinent to Plaintiffs' claims against Orly Taitz and support Plaintiffs Opposition to Taitz's Anti-SLAPP Motion to Dismiss.  The documents show that Taitz's actions against and towards Plaintiffs do not fall within the protections of the Anti-SLAPP Statute, *C.C.P.* 425.16; and show Plaintiffs' prima facie claims for which relief can be granted.


Dated: May 31, 2013           LAW OFFICES OF PHILIP J. BERG
                            GITTLER & BRADFORD

                            by: _____
                               STEPHEN H. MARCUS, ESQ.
                               Attorneys for Plaintiffs