1  Kim Schumann, Esq., State Bar #170942
   Jeffrey P. Cunningham, Esq., State Bar #151067
2  **SCHUMANN | ROSENBERG**
   3100 Bristol Street, Suite 100
3  Costa Mesa, CA 92626
   Telephone (714) 850-0210
   Facsimile   (714) 850-0551
4  Email: Cunningham@SchumannRosenberg.com

5  Attorneys for Defendant, ORLY TAITZ

6

7              UNITED STATES DISTRICT COURT

8       CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

9

10 | LISA LIBERI and PHILIP J. BERG, ESQUIRE and THE LAW OFFICES OF PHILIP J. BERG and LISA M. OSTELLA and GO EXCEL GLOBAL, | Case No. 8:11-CV-00485-AG (AJW) Hon. Andrew Guilford Courtroom 10D |
|---|---|
| Plaintiffs, | **DECLARATION OF DEFENDANT, ORLY TAITZ, IN REPLY TO PLAINTIFFS' UNTIMELY OPPOSITION TO MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.16** |
| vs. | |
| ORLY TAITZ, a/k/a DR. ORLY TAITZ, a/k/a LAW OFFICES OF ORLY TAITZ; a/k/a WWW.ORLYTAITZESQ.COM a/k/a WWW.REPUBX.COM a/k/a ORLY TAITZ, INC. and DEFEND OUR FREEDOMS FOUNDATIONS, INC., et al.; and DOES 1 through 200 Inclusive, | |
| Defendants. | [Filed with Reply MPA and Objections to Plaintiffs' Request for Judicial Notice]<br><br>Date:            June 17, 2013<br>Time:            10:00 a.m.<br>Courtroom:       10D<br><br>Date Action Filed: May 4, 2009<br>Trial Date:        None |

I, ORLY TAITZ, declare and state as follows:

///

///

i

**DEFENDANT ORLY TAITZ'S DECLARATION SUPPORTING REPLY RE: ANTI-SLAPP MOTION TO STRIKE**

1. I am a Defendant in the case captioned above. I am also an attorney and counsel for Defendant, DEFEND OUR FREEDOMS FOUNDATIONS, INC. I make this declaration based on my personal knowledge of the facts stated herein. I gained my knowledge of those facts by virtue of my participation in the events described herein, my preparation or review of the documents described herein, or some combination of the foregoing as identified herein. If called to testify to the facts stated herein, I could and would do so competently and truthfully.

2. I have read and am familiar with the untimely Opposition of Plaintiffs, LISA LIBERI ("Liberi"), LISA M. OSTELLA , PHILIP J. BERG, ESQUIRE, GO EXCEL GLOBAL, and THE LAW OFFICES OF PHILIP J. BERG (collectively "Plaintiffs"), to my Motion pursuant to California Code of Civil Procedure § 425.16 to strike Plaintiffs' First Amended Complaint. In their Opposition, Plaintiffs make several false statements and arguments regarding jurisdiction in this matter, and regarding alleged publication of Liberi's Social Security Number ("SSN"), to which I am responding in this declaration.

3. As demonstrated in my Motion (Section II), Plaintiffs fail to establish that there is subject matter jurisdiction, based on diversity of citizenship, herein. First, Plaintiffs contend that "this argument has been raised, and resolved against Taitz, numerous times before...." (Opposition, 7:28 and 8: 1.) Plaintiffs state that the initial District Court Judge in this matter, Eduardo Robreno, "has ruled that there is diversity of citizenship in this case, whether Liberi was a resident of Pennsylvania or New Mexico." Plaintiffs refer to Doc. Nos. 123 and 160 for their argument. (Opposition, 8: 4-5.) Plaintiffs' argument is false.

4. Doc. No. 123 is Judge Robreno's June 22, 2010 Memorandum. Plaintiffs rely on its pg. 3, fn. 1 providing in relevant part: "the issue is inapposite to

ii

1  Plaintiff Berg's motion for leave to file a motion for reconsideration and the legal
2  conclusions reached in this case." Therefore, Judge Robreno found the issue of
3  whether there is diversity jurisdiction herein to be irrelevant to, and thus expressly
4  did not rule on said issue, in his Memorandum.

5      5.   Doc. No. 160 is Judge Robreno's December 23, 2010 Memorandum.
6  Plaintiffs rely on its pg. 6. In said portion of that Memorandum, the Court merely
7  recited the alleged bases for diversity jurisdiction, including that Plaintiffs alleged
8  that Liberi had a "business address" in Pennsylvania. The Court did not determine
9  that diversity jurisdiction existed. That issue was not even before the Court in
10 connection with its Memorandum. At issue before the Court were the parties'
11 motions for injunctive relief. There was no consideration of, or determination on, the
12 issue of whether diversity jurisdiction is present.

13     6.   Second, Plaintiffs contend that whether there is diversity jurisdiction
14 herein "was also raised, and rejected, in Taitz's previous Anti-SLAPP motion."
15 Plaintiffs refer to Doc. No. 227 for their argument. (Opposition, 8: 6-8.) Plaintiffs'
16 argument is false. Doc. No. 227 is the Order on my anti-SLAPP motion, and
17 Fed.R.Civ.P. Rule 12(b)(1) and 12(b)(6) motions. I demonstrated that there is no
18 diversity jurisdiction in this case. The Court did not rule on this issue with prejudice.
19 For example, the subject portion of that Order (on pg. 8) states: "<u>At this stage</u>, the
20 Court accepts Plaintiffs' allegations of diversity jurisdiction. The Court DENIES the
21 Motion to Dismiss under Rule 12(b)(1) but <u>without prejudice</u>." (Emphasis added.)
22 Therefore, such issue was not "rejected" as Plaintiffs contend. That there is no
23 diversity jurisdiction herein may, and should, be resolved on my pending
24 anti-SLAPP motion.

25     7.   Third, Plaintiffs assert: "Liberi has filed declarations establishing that
26
                                    iii
27 _____
   **DEFENDANT ORLY TAITZ'S DECLARATION SUPPORTING REPLY RE: ANTI-SLAPP MOTION TO STRIKE**
28

she is not a resident of California or Texas... and providing good cause for not showing her current driver's license to Taitz...." Plaintiffs refer to Doc. Nos. 146-7 and 186-3 for their argument. (Opposition, 8: 10-14.) Plaintiffs' argument is false. Doc. No. 146-7 is a purported October 2010 "Verification" of Liberi, not a declaration. In it, she refused to identify her state of residence. She also refused to identify where she resided when Plaintiffs initiated this case, in May 2009. Jurisdiction is determined as of the time the action is filed. (<u>Grupo Dataflux v Atlas Global Group, L.P.</u>, 541 U.S. 567, 574 (2004).) Thus, Liberi's state of residence in October 2010, or at any other time except for on May 4, 2009, as a matter of law is irrelevant to the issue of whether diversity jurisdiction exists. Further, although Plaintiffs in their Complaint alleged that Liberi had a "business address" in Pennsylvania, she in her "Verification" failed to state that she had any connection, by residing in the state or otherwise, with Pennsylvania.

8.   Doc. No. 186-3 is Liberi's May 2011 declaration, in which she stated that she resided at that time in New Mexico. Where she resided in May 2011 is irrelevant to the subject inquiry for diversity jurisdiction, her residence in May 2009 when the case was filed. (<u>Grupo Dataflux</u>, supra, 541 U.S. at 574.) She refused to state where she resided in May 2009.

9.   Third, Plaintiffs assert: "Liberi has shown her driver's license to Judge Robreno in camera...." (Opposition, 8: 14-15.) Plaintiffs' argument is false. There is no evidence supporting it. Neither Liberi nor any other Plaintiff has filed a declaration establishing that Liberi showed her driver's license to Judge Robreno. Liberi thus de facto accused Judge Robreno of judicial misconduct, of holding some type of meeting with Plaintiffs, examining Liberi's drivers license in camera but not notifying Defendants nor making any notation in the file, not making any

iv
DEFENDANT ORLY TAITZ'S DECLARATION SUPPORTING REPLY RE: ANTI-SLAPP MOTION TO STRIKE

1 memorandum, which would make any reference to such a meeting. Liberi and her attorney Berg were ordered by Judge Robreno during the August 7, 2009 hearing to file with the Court Liberi's drivers license, as is evidenced in the transcript of that hearing.

10. There is no court record (such as a transcript, order or memorandum) establishing or even referring to Liberi presenting her drivers licence to Judge Robreno in camera. Thus, for four years now both Liberi and Berg have been in flagrant contempt of the Order by Judge Robreno. Moreover, *if* Liberi had done so (and she has not), then this Court would not have ruled in Doc. No. 227 that my Rule 12(b)(1) motion be denied <u>without prejudice</u>.

11. Judge Robreno simply severed the case into two parts based on personal jurisdiction of the defendants and never ruled on any pending motion in regards to subject matter jurisdiction. All of the pending motions before him were denied without prejudice. I filed an appeal in the Third Circuit Court of Appeals (Case 10-3000 Taitz v Liberi et al.). All other Defendants joined in my appeal. I argued that my Rule 12(b)(1) and 12(b)(6) motions had to be ruled upon with prejudice, that if there is no subject matter jurisdiction in the federal court system, if there is no diversity, then Judge Robreno had no jurisdiction to even transfer the case. If there is no federal jurisdiction, there is no jurisdiction in both Pennsylvania and California. Berg objected to my appeal and claimed that the Third Circuit Court of Appeals had no jurisdiction to even hear my appeal. Originally Third circuit Ciurt of Appeals ruled that it had jurisdiction to hear my appeal. Nine months later the Third Circuit Court reversed its' decision and ruled that since Judge Robreno already transfered this case to California, it will be up to the transferee court to hear all pending motions.

v
DEFENDANT ORLY TAITZ'S DECLARATION SUPPORTING REPLY RE: ANTI-SLAPP MOTION TO STRIKE

"All unresolved motions shall be decided by the transferee courts because we lack jurisdiction to determine the merits." See id. § 3846, at 69 . Taitz, DOFF v Liberi et al appeal Case: 10-3000 Document: 003110481662 Page: 4 Date Filed: 03/28/2011 (emphasis added) . Therefore, my Rule 12(b)(1) motion filed on June 11, 2009 was supposed to be heard on the merits by the transferred Court, which is this Court. I renewed said Motion and it was denied by this Court without prejudice.

12. Similarly, *if* Judge Robreno had ruled that there is diversity jurisdiction herein (and he did not), then this Court would not have ruled in Doc. No. 227 that my Rule 12(b)(1) motion be denied without prejudice. That this Court has explicitly made that ruling without prejudice is conclusive of the issue whether it has or has not been determined that diversity jurisdiction is present herein.

13. Contrary to Plaintiffs' false arguments, that fact there is no diversity jurisdiction herein may, and should, be resolved on my anti-SLAPP motion. After four years of being abused and harassed with over 20,000 pages of highly defamatory material against me, I am entitled to have this matter finally ruled upon with prejudice. Where diversity jurisdiction does not exist, this is one of many reasons why Plaintiffs cannot meet their burden in opposition to my anti-SLAPP Motion to show a probability of prevailing.

14. As demonstrated in my motion, Liberi's claims regarding my alleged publication of her SSN are barred by res judicata and/or collateral estoppel. Plaintiffs in their Opposition continue to assert that I published Liberi's SSN. (Opposition, 14: 5-18.) However, according to Liberi's September 2006 declaration filed with this Court (as Doc. No. 283-2), the SSN that I allegedly published (ending in "4312") is different than her actual SSN (ending in "6858"). The SSN that I allegedly published was stated by Liberi in her August 2002 bankruptcy filing as ending in "4312." (See,

DEFENDANT ORLY TAITZ'S DECLARATION SUPPORTING REPLY RE: ANTI-SLAPP MOTION TO STRIKE

Doc. No. 136-1, of which I have requested the Court take judicial notice.) However, Liberi in her declaration four years later stated that her SSN ended in "6858." True copies of the first and last pages of Liberi's declaration are attached hereto as **"Exhibit A"** and are incorporated herein by this reference as though fully set forth. I previously filed with this Court this declaration in Doc. No. 283-2, Liberi's declaration filed by her with the Superior Court of California in her criminal case FWV 028000 on September 21, 2006. Liberi did not deny and therefore conceded that she indeed filed this declaration in Superior Court and that the SSN allegedly published by me is not her SSN based on her own declaration. Therefore, where according to Liberi I did not publish her actual SSN, this is one of many reasons why Plaintiffs cannot meet their burden in opposition to my anti-SLAPP Motion to show a probability of prevailing.

I hereby declare under penalty of perjury under the laws of the State of California and of the United States of America that the above is true and correct.

Dated this 3rd day of June, 2013, in Costa Mesa, California.

/s/ - Orly Taitz

Orly Taitz, Esq.

# EXHIBIT "A"

# DECLARATION OF LISA LIBERI

***

I, Lisa Liberi, do hereby declare that:

I am the defendant in the within action and am making this Declaration in support of my Motion to recuse the Office of the District for the County of San Bernardino.

1. On numerous occasions during the pendency of this action, DDA Secord has made reference to a criminal record which I purportedly had in the State of Texas. These references were made during my attempts to obtain an OR release or bail reduction and appear to have been an attempt to prejudice the Court against me. The attempt was apparently successful as the Court wouldn't even grant electronic monitoring.

2. While it is true that in or about 1985, I was arrested in Waco, Texas, my mother, Shirley Waddell posted bail for me, no charges were filed against me and, obviously, I was not convicted of anything. I do not recall what I was arrested for, as it was 21 years ago.

3. My attorney asked me what the District Attorney was talking about. In an effort to establish the truth, I went to the Texas Department of Public Safety, Crime Records Service, and Computerized Criminal History at                     and ran my name as Lisa R. Richardson and as Lisa R. Courville with my date of birth, May 28, 1965, no criminal records were found. (A true and correct copy of the search is attached hereto and incorporated in by reference as Exhibit 1.)

4. I then went to Instant Criminal Checks and paid to run my name with my social security number ███-██-6858 at                     , again, no records were found. (A true and correct copy of the instant criminal check is attached hereto and incorporated in by reference as Exhibit 2.)

DECLARATION OF LISA LIBERI

on my case.

33. For the above aforementioned reasons, I respectfully request that D.D.A. James Secord and the San Bernardino County District Attorney's office be recused to insure me a chance at a fair trial.

I declare under the penalty of perjury of the laws of the State of California the foregoing is true and correct.

DATED: September 21, 2006

_____
LISA LIBERI

DECLARATION OF LISA LIBERI