Kim Schumann, Esq., State Bar #170942
Jeffrey P. Cunningham, Esq., State Bar #151067
**SCHUMANN | ROSENBERG**
3100 Bristol Street, Suite 100
Costa Mesa, CA 92626
Telephone (714) 850-0210
Facsimile  (714) 850-0551
Email: Cunningham@SchumannRosenberg.com

Attorneys for Defendant, ORLY TAITZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| LISA LIBERI and PHILIP J. BERG, ESQUIRE and THE LAW OFFICES OF PHILIP J. BERG and LISA M. OSTELLA and GO EXCEL GLOBAL,<br><br>Plaintiffs,<br><br>vs.<br><br>ORLY TAITZ, a/k/a DR. ORLY TAITZ, a/k/a LAW OFFICES OF ORLY TAITZ; a/k/a WWW.ORLYTAITZESQ.COM a/k/a WWW.REPUBX.COM a/k/a ORLY TAITZ, INC. and DEFEND OUR FREEDOMS FOUNDATIONS, INC., et al.; and DOES 1 through 200 Inclusive,<br><br>Defendants. | Case No. 8:11-CV-00485-AG (AJW)<br>Hon. Andrew Guilford<br>Courtroom 10D<br><br>**OPPOSITION BY DEFENDANT, ORLY TAITZ, TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME REGARDING MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.16; SUPPORTING DECLARATION**<br><br>Date:         June 17, 2013<br>Time:         10:00 a.m.<br>Courtroom:  10D<br><br>Date Action Filed:  May 4, 2009<br>Trial Date:              None |

**TO THE COURT, ALL PARTIES, AND/OR THEIR ATTORNEYS OF RECORD:**

Defendant, ORLY TAITZ ("Taitz"), submits this Memorandum in <u>opposition</u> to the to the untimely "Opposition to Taitz's Notice of Non-Opposition to Taitz's Anti-SLAPP and Rule 12 Motion to Dismiss Plaintiffs (sic) FAC, or in the Alternative a Motion for a Three Day Extension of Time" of Plaintiffs, LISA LIBERI, LISA M.

i

**DEFENDANT ORLY TAITZ'S OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME**

OSTELLA, PHILIP J. BERG, ESQUIRE, GO EXCEL GLOBAL, and THE LAW OFFICES OF PHILIP J. BERG (collectively "Plaintiffs"), to Taitz's motion pursuant to California Code of Civil Procedure § 425.16 to strike Plaintiffs' First Amended Complaint:

### I. PLAINTIFFS' UNTIMELY MOTION FOR LEAVE TO FILE OPPOSITION TO TAITZ'S ANTI-SLAPP MOTION SHOULD BE REJECTED WHERE THEY HAVE ALREADY FILED SUCH OPPOSITION

Plaintiffs seek, in part, an order granting them leave to file opposition to Taitz's anti-SLAPP motion to strike their First Amended Complaint. However, Plaintiffs have no basis to seek that relief where they have already filed opposition to Taitz's motion. On Friday, May 31, 2013 at 11:02 p.m., Plaintiffs filed their memorandum of points and authorities and request for judicial notice in opposition to Taitz's motion (Doc. Nos. 621 and 622).

Plaintiffs' opposition was untimely under L.R. 7-9, providing in relevant part: "Each opposing party shall… not later than twenty-one (21) days before the date designated for the hearing of the motion in all other instances, serve upon all other parties and file with the Clerk either (a) the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely...." (Emphasis added.)

Thus, Plaintiffs were required to file and serve their opposition no later than May 28, 2013. They filed and served their opposition three court days too late, at almost midnight on a Friday, so that Taitz's counsel would not become aware of that opposition until Monday, June 3, 2013 - the *same* date that Taitz is required to file her reply to said opposition under L.R. 7-10. There is no doubt that Plaintiffs did so intentionally, in order to ambush Taitz and her counsel and deprive them of adequate time to review their opposition and prepare opposition to it. Plaintiffs' opposition should be stricken.

Consistent with the requirements of L.R. 7-9 and 7-10, Taitz and her counsel are entitled to, and need, at least one week to review Plaintiffs' opposition, research the numerous legal authorities cited in it, and prepare Taitz's reply papers.

In their motion, Plaintiffs mis-identify their opposition as a mere "Response in Opposition" to Taitz's motion, and not as their actual opposition. First, there is no such pleading as a "Response in Opposition." Second, Plaintiffs' untimely opposition is exactly that - their opposition to Taitz's motion.

What Plaintiffs really want is an opportunity to "paper" and further harass Taitz by filing a *second* opposition to her anti-SLAPP motion. Their motion should be denied.

## II. PLAINTIFFS' UNTIMELY MOTION IS NOT SUPPORTED BY EVIDENCE, AND THEY FAIL TO SHOW GOOD CAUSE FOR AN EXTENSION TO FILE OPPOSITION TO TAITZ'S ANTI-SLAPP MOTION

### A. Plaintiffs Fail to Meet Their Burden Under Fed.R.Civ.P. Rule 6

Plaintiffs' motion, as served on Taitz's counsel, does not include any evidence. The motion refers to the declarations of Philip Berg and Lisa Liberi, but these declarations have not been served on Taitz's counsel. Plaintiffs' motion, therefore, is not supported by any evidence.

Plaintiffs seek relief under Fed.R.Civ.P. Rule 6 which, as they quote from it, requires a showing of good cause based on "excusable neglect." However, where Plaintiffs fail to submit any evidence with their motion, they obviously have failed to make any showing of good cause or of excusable neglect.

For example, there is no declaration from Mr. Berg regarding his mother's unspecified "medical complications," including to identify what they are, when they arose, and how they affected his ability to prepare timely opposition to Taitz's motion. There is no declaration from any medical provider regarding such "medical complications."

Similarly, there is no declaration from Lisa Liberi regarding her purported surgeries, when they occurred, or how they affected Mr. Berg's ability to prepare timely opposition to Taitz's motion. There is no declaration from any medical provider regarding any such surgeries.

There is no declaration from Stephan Marcus, Esq. of Gittler & Bradford regarding preparation of Plaintiffs' opposition to Taitz's motion. Per Mr. Berg, he apparently asked Randy Berg, Esq. of that firm to prepare that opposition on or about May 15, 2013, at least two weeks before Plaintiffs' opposition was due.

Moreover, neither Mr. Marcus (who apparently signed Plaintiff's opposition to Taitz's motion) nor anyone else from Gittler & Bradford has standing or other authority to take any action for Plaintiffs. Gittler & Bradford has not substituted into this case for Mr. Berg. No notice of association has been filed regarding that firm. It, thus, is not counsel of record for Plaintiffs. For this reason alone, Plaintiffs' opposition to Taitz's motion is a nullity and should be stricken.

The Court may recall that it stayed this case due to the failure of Plaintiffs' former co-counsel, Gary Kreep, Esq., to properly withdraw from it. Plaintiffs' submission of a pleading (their opposition to Taitz's motion) by an attorney who is not counsel for them is a much more egregious violation of Court rules which, on its own, requires that their opposition be stricken.

**B. Plaintiffs Fail to Demonstrate Good Cause as Required by Fed.R.Civ.P. Rule 6**

Plaintiffs fail to show good cause as required by Fed.R.Civ.P. Rule 6. Taitz's motion was filed and served on May 10, 2013. If Ms. Liberi was medically unable to provide assistance to Mr. Berg, with regard to Taitz's motion, why didn't Plaintiffs file a motion under Rule 6 at that time?

If Mr. Berg was unable to begin preparation of opposition to Taitz's motion on May 15, 2013 (when he claims to have first seen it), why didn't Plaintiffs file a motion under Rule 6 at that time?

4

If Mr. Gittler (who has no standing to take any action for Plaintiffs) was having unspecified difficulties preparing their opposition to Taitz's motion no later than May 21, 2013, why didn't Plaintiffs file a motion under Rule 6 at that time?

Instead, Plaintiffs, in violation of Rule 6, waited three days *after* they filed their opposition to Taitz's motion to file a request under Rule 6 for relief granting them an extension to file the opposition. There is no authority under Rule 6 (or otherwise) to file a pleading and, later, file a request under Rule 6 for an extension to file the pleading. Further, Plaintiffs now falsely contend that their opposition is merely a "Response in Opposition" to Taitz's motion, and not their actual opposition, and should be allowed to file a second opposition.

Taitz submits that the answer to the above questions is that Plaintiffs' arguments are purely pretextual, and are all designed to prejudice her where her counsel became aware of their opposition to her motion on the same day that her reply memorandum is due. For these reasons, Plaintiffs' motion should be denied.

Plaintiffs have had ample time to prepare opposition to Taitz's anti-SLAPP motion. For example, Taitz's counsel on April 10, 2013 provided a 12 page meet and confer letter to Mr. Berg, outlining Taitz's proposed motion. On April 15, 2013, Mr. Berg provided Plaintiffs' response in a 41 page letter, stating their opposition arguments. Thus, Plaintiffs have had nearly two months to prepare their arguments in opposition to Taitz's motion.

On May 10, 2013, Taitz served her motion and supporting request for judicial notice (Doc. Nos. 618 and 619), with a hearing date of June 17, 2013, thus providing Plaintiffs with more than the statutorily required time to prepare, file and serve their opposition. Where Plaintiffs had ample time to prepare their opposition, they have not meet their burden to show good cause for any relief under Fed.R.Civ.P. Rule 6. Plaintiffs' motion should be denied. Their untimely opposition should be stricken.

///

## III. CONCLUSION

Plaintiffs filed this case in May 2009. Taitz has been harassed with this bogus lawsuit for over four years, at great financial and emotional cost to her. Plaintiffs have engaged in the most unethical behavior possible to prolong their harassment of Taitz. This includes their latest bad faith ploy, to file and serve their untimely opposition to Taitz's anti-SLAPP motion to deprive Taitz and her counsel of the required week needed to review the opposition, research its numerous legal authorities and prepare her reply papers. Plaintiffs have concocted a story to attempt to justify their untimely opposition, but fail to even submit any evidence with their motion. Their motion should be denied and their opposition to Taitz's motion should be stricken.

DATED: June 3, 2013              **SCHUMANN | ROSENBERG**


By: /s/ - Jeffrey P. Cunningham
Kim Schumann, Esq.
Jeffrey P. Cunningham, Esq.
Attorneys for Defendant,
ORLY TAITZ

## DECLARATION OF JEFFREY P. CUNNINGHAM, ESQ.

I, JEFFREY P. CUNNINGHAM, declare and state as follows:

1. I am an attorney and a Partner of Schumann | Rosenberg, LLP, counsel for Defendant, ORLY TAITZ ("Taitz"). I make this declaration based on my personal knowledge of the facts stated herein. I gained my knowledge of those facts by virtue of my participation in the events described herein, my preparation or review of the documents described herein, or some combination of the foregoing as identified herein. If called to testify to the facts stated herein, I could and would do so competently and truthfully.

2. On May 10, 2013, our office filed and served Taitz's motion pursuant to California Code of Civil Procedure § 425.16 to strike Plaintiffs' First Amended Complaint (Doc. Nos. 621 and 622). Plaintiffs contend that Taitz's motion is also brought pursuant to Fed.R.Civ.P. Rule 12(b)(6). Plaintiffs' contention is incorrect. Taitz does not seek any relief under Rule 12(b)(6) in her motion.

3. Taitz's motion is to be heard on June 17, 2013. Thus, pursuant to L.R. 7-9, Plaintiffs were required to file and serve their opposition no later than May 28, 2013.

4. On Friday, May 31, 2013 at 11:02 p.m., Plaintiffs filed and served their 29 page memorandum of points and authorities and request for judicial notice in opposition to Taitz's motion (Doc. Nos. 621 and 622). I have read and familiar with Plaintiffs' opposition. Their opposition violates L.R. 7-9. Plaintiffs' opposition also violates this Court's order that the parties' moving, opposition and reply papers be no greater than 20 pages.

5. Where Plaintiffs served their opposition as described, our office has been given only one working day to review it, research the numerous legal authorities cited in it, and prepare Taitz's reply papers. Consistent with the requirements of L.R. 7-9 and 7-10, Taitz and her counsel are entitled to, and need, at least one week to review

Plaintiffs' opposition, research the numerous legal authorities cited in it, and prepare Taitz's reply papers. We have been prejudiced by Plaintiffs' untimely opposition.

6. Plaintiffs' opposition is submitted by Philip J. Berg, Esq. (Plaintiffs' counsel of record) and by Stephan Marcus, Esq. of Gittler & Bradford. It appears to have been signed by Mr. Marcus. However, neither Mr. Marcus nor Gittler & Bradford are counsel of record for Plaintiffs. Gittler & Bradford has not substituted into this case for Mr. Berg. No notice of association has been filed regarding that firm. Therefore, Mr. Marcus and Gittler & Bradford have no standing or other authority to take any action for Plaintiffs.

7. Plaintiffs have had ample time to develop their opposition arguments and prepare opposition to Taitz's anti-SLAPP motion. For example, our office on April 10, 2013 pursuant to L.R. 7-3 provided a 12 page meet and confer letter to Mr. Berg, outlining Taitz's proposed motion. On April 15, 2013, Mr. Berg provided Plaintiffs' response in a 41 page letter, stating their opposition arguments. Thus, Plaintiffs have had nearly two months to prepare their arguments in opposition to Taitz's motion.

8. Because Plaintiffs did not file or serve timely opposition to Taitz's anti-SLAPP motion, on May 29, 2013 our office filed her Notice of Non-Opposition (Doc. No. 620). At no time did Mr. Berg contact our office and state that Plaintiffs were having difficulty preparing their opposition, needed additional time to do so, or wished to continue the hearing on Taitz's motion. At no time did Plaintiffs bring an ex parte application or seek any other relief regarding Taitz's motion before they filed and served their "Opposition to Taitz's Notice of Non-Opposition to Taitz's Anti-SLAPP and Rule 12 Motion to Dismiss Plaintiffs (sic) FAC, or in the Alternative a Motion for a Three Day Extension of Time" ("Plaintiffs' motion").

9. Plaintiffs' motion was filed and served on Sunday, June 2, 2013 at 7:40 p.m. (Doc. No. 623). I have read and am familiar with it. There are references in said motion to the declarations of Mr. Berg and Lisa Liberi. However, Plaintiffs' motion,

8

**DEFENDANT ORLY TAITZ'S OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME**

as served on Taitz's counsel, does not include any evidence. The purported declarations of Mr. Berg and Ms. Liberi have not been served on Taitz's counsel.

I hereby declare under penalty of perjury under the laws of the State of California and of the United States of America that the above is true and correct.

Dated this 3rd day of June, 2013, in Costa Mesa, California.

/s/ - Jeffrey P. Cunningham
Jeffrey P. Cunningham, Esq.

DEFENDANT ORLY TAITZ'S OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME