Philip J. Berg, Esquire (PA I.D. 9867)
E-mail: philjberg@gmail.com
**LAW OFFICES OF PHILIP J. BERG**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Telephone:   (610) 825-3134  Fax: (610) 834-7659
*Attorney in Pro Se and for Plaintiffs*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA,
### SOUTHERN DIVISION

| | |
|---|---|
| LISA LIBERI, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> ORLY TAITZ, et al, <br><br> Defendants. | Case No.: 8:11-cv-00485 AG (AJW) <br><br> **[*Honorable Andrew J. Guilford*]** <br><br> **PLAINTIFFS RESPONSE TO ORLY TAITZ IMPROPER FILING, DKT. 636** <br><br> Date of Hearing: <br> Time of Hearing:   10:00 a.m. <br> Location:               Courtroom 10D <br><br> Discovery Cutoff:   None <br> Pretrial  Conf.:        None <br> Trial Date:              None |

I.      **INTRODUCTION:**

On October 22. 2012, this Court issued an Order that the parties were to notify the Court regarding any actions in any pending disciplinary, ethical or related matters and that **the notice shall be in letter form not exceeding two (2) pages**. [Emphasis added] *See* Dkt. 574.  On June 18, 2013 this Court issued an Order that Philip J. Berg, Esquire ["Berg"] was to notify the Court of the out-come of his disciplinary matter. *See* Dkt. 632.  Berg was not Ordered or required to file

1

Notice on the docket; file any report pertaining to the disciplinary matter; or to re-litigate the disciplinary proceedings.

On the evening of June 20, 2013, Berg received notice from his attorney that an unfavorable decision had been issued by the Supreme Court of Pennsylvania. Before Berg received the opinion from his attorney, Orly Taitz ["Taitz] published the decision on her website, and among other publications, sent it out through Before it's News, as a Reporter, as if it were a newspaper article.[1] *See* the Declaration of Philip J. Berg, Esquire [Berg Decl."] filed concurrently herewith at pp. 1-2, ¶¶1-3.

Taitz then filed a Notice of Decision with this Court on June 21, 2013, Dkt. 636, vexatiously, **without Leave of Court** as required by this Court's Order issued on June 14, 2011, Docket No. 227 and in violation of this Court's October 22, 2012 Order, Dkt. 574..  As outlined below, Taitz filing is filled with blatant lies, misrepresentations, mischaracterizations of what the disciplinary report states and attacks on Plaintiffs Lisa Liberi ["Liberi"] and Berg.  Taitz then posted on her website, all over the Internet, and amongst other publications, sent it out through

---

[1] *See* http://www.orlytaitzesq.com/?p=425830 and

http://beforeitsnews.com/obama-birthplace-controversy/2013/06/philip-berg-was-suspended-from-practice-of-law-for-2-years-decision-by-the-supreme-court-is-attached-2462296.html

Last visited on June 23, 2013.

Before It's News, as a Reporter, her Court filed Notice spreading her lies about Berg and Liberi.[2] [Berg Decl., pp. 2-3, ¶¶4-9].

Taitz has again violated Orders of this Court; used this Court as a publicity stunt to lend her lies about Liberi, who has nothing to do with the disciplinary matter, and Berg credibility; to harass Berg and Liberi, knowing Liberi has been unavailable as she is recuperating from her serious surgery with complications, and Berg is taking care of his ill mother; to increase the Plaintiffs cost of litigation; and to further defame and harm Berg and Liberi.  Taitz filing was nothing more than vindictive and vexatious.

Taitz posting and filing with this Court, with her lies, of the Supreme Court Opinion was improperly done by Taitz, prior to Berg receiving the Opinion, much less notifying this Court.  Further, this notice should have been handled by a simple letter to the Court as Ordered by this Court on October 22, 2012. *See* Dkt. 574.

Taitz violations of the Court's Orders and unethical behaviors and tactics must be stopped.  Taitz tactics and improper behaviors are in violation of the State Bar Rules and her tactics should be sanctioned; Taitz must be enjoined to stop

---

[2] http://www.orlytaitzesq.com/?p=425949; and

http://beforeitsnews.com/obama-birthplace-controversy/2013/06/philip-berg-was-suspended-from-practice-of-law-for-2-years-decision-by-the-supreme-court-is-attached-2462296.html

Last visited June 23, 2013.

harassing, harming and damaging the Plaintiffs; to save Court time and resources; and Plaintiffs should be awarded damages, attorney fees and costs.   The Court should enjoin Taitz's damaging and unethical actions and Sanction Taitz for her abuse of the judicial process and bad conduct.

## II.   TAITZ HAS MISREPRESENTD FACTS and BLATANTLY LIED to this COURT AGAIN:

Plaintiffs incorporate herein by reference the previous paragraphs as if fully plead here at length.

Taitz is not new in her tactics of misrepresenting facts; lying to this Court and or using this Court and the Federal filing system to further harass, defame and harm the Plaintiffs.

Taitz in her Notice to this Court, Dkt. 636 states the following:

**Taitz Notice on page 2:**

"*Ruling by the Supreme Court attached herein as Exhibit 1 provides a list of 10 violations, among them fraud, which stems from coordinated actions by Philip Berg and his paralegal Lisa Liberi, both of whom are Plaintiffs herein.*"

Nowhere in the report from the Supreme Court is there a finding of fraud.  And, the disciplinary hearings had nothing to do with Lisa Liberi nor were any type of findings regarding Lisa Liberi.  There is not any allegation, finding or inference that any violations were for fraud or that they stem *"from coordinated actions by Philip Berg and his paralegal Lisa Liberi"*.

**Taitz Notice on page 2:**

"*Additionally, the Supreme Court included in its' ruling a contention by the Disciplinary Board that records submitted by Philip Berg to the Disciplinary Board of the Supreme Court were manufactured, however the Supreme Court did not find sufficient proof that Berg manufactured letters by his paralegal Liberi, that Liberi did not consent to production of these letters. However, the sworn declaration by Liberi, that she notified the client, which was provided to Judge Guilford by DOFF previously, is clearly contradicted by Berg's ultimate admission that the client indeed was never notified about dismissal of her case.*"

There were no contentions whatsoever that Liberi consented or didn't consent to the production of any documents, nor that Berg "manufactured" any documents "by...Liberi", Liberi had nothing to do with, nor was she involved with the disciplinary proceedings, allegations, or charges.  Berg admitted that he never personally notified his client, however his office did.  Unfortunately Berg's client never received the communications because she had moved and the letters were sent to her old address as was previously explained to this Court in Liberi's declaration.

**Taitz Notice on page 2:**

"*On 06.20.2013, one day after having his license suspended, instead of submitted a required notification of suspension of his law license, Philip Berg submitted to Judge Guilford a request for a leave of Court signed by him as an attorney for all the Plaintiffs.*"

Berg's licensee to practice law was not suspended on June 20, 2013, nor did Berg learn of this decision until after when he received a call from his attorney.  Berg's license is still active as of this date.

**Taitz Notice on page 3:**

"*In light of Lisa Liberi's 2008 conviction on 10 counts of forgery of an official seal, attempt to file forged IDs and grand theft FWV028000 Superior Court of California, San Bernardino County and 06.19.2013 suspension of Berg with evidence of him working with Liberi and making fraudulent statements and submitting "recreated" records...*"

Liberi's prior conviction has no relevancy to this case or the disciplinary proceedings.  The disciplinary hearings did not pertain to Liberi; Liberi was not convicted of "attempting "to file forged ID"s"; nor was there any allegation, evidence, finding or mention in the disciplinary proceedings or Report of Berg "working *with Liberi and making fraudulent statements and submitting "recreated" records*".

**Taitz Notice on page 3:**

"*Berg was representing Plaintiffs herein pro hac vice. His cousin, Randy Berg, was only a CA sponsoring attorney for pro hac vice for Berg. With current suspension of Berg the pro hac vice is no longer valid. Attorney Stephen Marcus made only one appearance, he never substituted for Berg. As of now there is no attorney representing the Plaintiffs either in this Court or in the Court of Appeals for an appeal of denial to dismiss the First Amended Complaint under antiSLAPP. Docket of this case has to be modified to reflect that from 06.19.2013 all of the Plaintiffs are appearing pro se, without a representation by an attorney. Defendants will need information from the Court, where to serve individual pro se Plaintiffs*".

Berg's license to practice law was not suspended as of June 19, 2013 and Berg is currently admitted and active to practice law; Randy Berg, Esquire and Stephen Marcus, Esquire, both with **Gittler & Bradford** represent all the Plaintiffs; Berg's *Pro Hac Vice* status is still active; Plaintiffs are not pro se; there is no appeal pending to the Court of Appeals as of this date; and Taitz is only attempting to obtain Plaintiffs home addresses to publish it, further harass the Plaintiffs and their families, and have her supporters harass the Plaintiffs.

Berg was not afforded the opportunity to notify this Court as to the Pennsylvania Supreme Court Ruling regarding his disciplinary matter prior to Taitz filing it and publishing it with all her false accusations, allegations and false recitations of the Pennsylvania Supreme Court Ruling, all over the internet, mass Emailing it and sending it out through beforeitsnews.com as a press statement.

As outlined above, Taitz is again lying to this Court and using this Court and the Court's ECF filing system as a publicity stunt and to lend her false accusations, allegations about Berg and Liberi, and false recitations of the Pennsylvania Supreme Court Ruling credibility in the publics' eye.

## III.    THIS COURT MUST SANCTION ORLY TAITZ:

Plaintiffs incorporate herein by reference the previous paragraphs as if fully plead here at length.

Taitz engaged in a series of actions within and without this Court which were designed to harm Plaintiffs and to frustrate Court proceedings and actions and to distort Plaintiffs case.  Taitz's continued actions are willful, wanton, vexatious and intentional.  As a result hereof, Plaintiffs have been harmed and damaged and will continue to be harmed and damaged until this Court takes action and stops Taitz unethical, harmful and damaging behaviors.  Taitz is, has, and will continue willfully abusing the judicial process until she is stopped by this Court.

Similar to _Chambers v. NASCO, Inc._, 501 U.S. 32 (1991), Taitz has (1) failed to adhere to the Court's Orders, (2) filed false and frivolous pleadings, and (3) attempted, by other tactics of delay, oppression, harassment and massive expense upon Plaintiffs in order for Plaintiffs to litigate their case, attempting to force Plaintiffs to dismiss their case; and (4) using the Court for publicity stunts further defaming and injuring Plaintiffs, using the Court to lend credibility to her published false accusations, allegations and made-up stories about the Plaintiffs.

This Court has the inherent power to sanction Taitz for her improper and unethical behavior outlined hereinabove.  Default Judgment should be entered against Taitz and in favor of Plaintiffs pursuant to this Court's October 22, 2012 Order, Dkt. 574. _Hester v. Vision Airlines, Inc._, No. 11-15656, 2012 U.S. App. LEXIS 14683 (9th Cir. Jul. 18, 2012) (Court has the inherent power to set aside

Defendant's Answer and enter Default Judgment in favor of Plaintiff as a Sanction for discovery abuses.).

In addition to the above, Plaintiffs should be awarded attorney fees and costs; damages; Taitz should be enjoined from the unethical tactics discussed herein; and Sanctioned in an amount determined by this Court as a separate sanction, which this Court has the inherent power to do. *See* *Fink v. Gomez*, 239 F.3d 989 (9th Cir. 1991) at 991 (quoting *Roadway Express, Inc.*, , 447 U.S. 752 (1980) at 766.  The *Fink* Court stated that the *Roadway* Court also "noted that a Court 'certainly may assess [sanctions] against counsel who willfully abuse judicial processes.'" *Id.* (quoting *Roadway Express, Inc.*, 447 U.S. at 766). *See* *Fink*, 239 F.3d at 991-92; *See also* *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (holding that sanctioning those who abuse judicial processes with bad-faith conduct is within the discretion of the Court); *Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980) (holding that the Court has the inherent power to assess attorneys' fees); *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639 (1976) (affirming a Court's discretion to impose extreme sanction of dismissal for bad-conduct on part of parties and their attorneys).

## IV.   <u>CONCLUSION</u>:

Orly Taitz, Esquire has again lied to this Court, abused the judicial process and violated two [2] of this Court's Orders.  For the reasons stated hereinabove, Orly Taitz should be Sanctioned.

Respectfully submitted,


Dated:  June 24, 2013                                      /s/ Philip J. Berg
                                                        Philip J. Berg, Esquire