Dr. Orly Taitz, Esq.

29839 Santa Margarita Parkway, Ste. 100

Rancho Santa Margarita, CA 92688

Phone: (949) 683-5411

Fax: 949-766-7603

counsel for DOFF


# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| Lisa LIBERI, et al. | Case. No. 8:11-cv-00485-AG (AJW) |
| *Plaintiff,* | |
| *v.* | |
| Orly TAITZ, et al. | |
| *Defendants.* | |

Reply/ Request to strike 06.24.2013 pleadings by Philip Berg filed after suspension 1

**REPLY/ REQUEST TO STRIKE 06.24.2013 PLEADINGS FILED**

**BY PHILIP BERG AS AN ATTORNEY FOR PLAINTIFFS AFTER**

**HIS LAW LICENSE WAS SUSPENDED FOR TWO YEARS,**

**VIOLATION OF CA BUSINESS AND PROFESSIONAL LAW 6125**

**ET SEQ -PRACTICE OF LAW WITHOUT A LICENSE BY**

**PHILIP BERG.**

ARGUMENT

1. On 06.19.2013 Supreme court of Pennsylvania denied an appeal by Philip Berg and ruled to suspend his law license for two years.

2. During 02.28.2011 hearing Judge Guilford ordered the parties to this case to advise this court of the decision in the disciplinary proceedings against Philip Berg. Subsequently this order was repeated by this court several times.

3. Taitz simply followed the standing order of this court and provided this court with the notification and the ruling  of the Supreme Court of PA, whereby Berg's law license was suspended for two years. The 16 page ruling provided a description of egregious behavior by Berg, and involvement of his paralegal Lisa Liberi, which led to Berg's two year suspension.  Taitz pointed to this court that the pattern of behavior by Berg and Liberi in Berg's suspension case shows the same modus operandi as in the case at hand.

Local Rule 83-2.3.1 provides for admission of attorneys pro hac vice:
*Permission to Appear Pro Hac Vice.* Any person who is not
otherwise eligible for admission to practice before this Court,
but who is a member in good standing of, and eligible to
practice before, the bar of any United States Court, or of the
highest court of any State, Territory or Insular Possession of

1
2
the United States, who is of good moral character, and who has been retained to appear before this Court, may, upon written application and proof of payment of the fee as

3
4
5
required by the Court, and in the discretion of the Court, be permitted to appear and participate pro hac vice in a particular case. "

6
7
Based on the above, since Berg's law license in PA was suspended, his Pro Hac Vice in CA is null and void.

8
9
10
Furthermore, this court never granted a substitution of attorney for any California attorney to substitute Berg, and no attorney has ever filed a motion seeking to substitute Berg.

11
12
13
14
15
16
Philip Berg's cousin, Attorney Roger Berg was only a sponsor for pro hac vice, which is null and void now and attorney Stephen Marcus has allegedly signed one pleading and one notice of appearance for one day, which was filed by Berg twice on 06.19.2013 and 06.20.2013 and which was backdated for the day of 05.31.2013.

17
18
19
20
21
22
23
24
25
26
27
28
4. Considering the fact that Plaintiff Lisa Liberi was convicted of forgery in 2008 and that the court ruling in recent suspension of Berg, this court should conduct an evidentiary hearing to ascertain, who signed the backdated notice of appearance and whether fraud on the court was committed. Attorney Marcus is a California attorney who has access to electronic filing and could file a notice of appearance. It is highly suspicious that  the backdated notice of appearance was filed on 06.19.2013, the day Berg's license was suspended and again on 06.20.2013, right after the suspension. It was not filed by attorney Marcus, it was filed by Philip Berg. It appears that Berg tried to create an impression that Marcus substituted for him when Berg's license was suspended. On the other hand Marcus

never filed a motion seeking substitution for Berg and can claim plausible deniability, can claim that he never substituted for Berg, that he made only a one day appearance in case there are sanctions and ultimate judgment in favor of the defense and an award for the defense on their cross claim of malicious prosecution and abuse of process by the Plaintiffs.

As such, it is imperative for this court to correct the docket  to reflect that Philip Berg's law license was suspended for two years, he no longer represents Plaintiffs in this case and no substitution of Berg by another attorney was ever sought or granted, as such all of the Plaintiffs are representing themselves pro se and are required to sign their own pleadings, appear in court and provide an address for delivery of pleadings.

5. On 06.24.2013 Philip Berg filed an opposition, where he exhibited a brazen arrogance and depraved violation of California Business and Professional code 6125 et seq and disregard of the decision by the Supreme Court of PA. Berg admitted in his 06.24.2013 pleadings that he was already suspended from practice of law based on 06.19.2013 order by the Supreme Court of Pa, however he continued submitting pleadings as an attorney for the Plaintiffs, flagrantly violating the order of the Supreme Court of PA and Ca Business and Professional code 6125 engaging in practice of law without a license. With the same arrogance he demanded sanctions  against Taitz defaming her and seeking sanctions against her, specifically relating to something written by Taitz on her blog.

6. Taitz is greatly concerned that in the recent past this court issued a ruling based on a phrase Berg pulled from her web site. This court opined based on something that was taken out of context from her web site and this court issued a

minute order based on misrepresentation by Berg without giving Taitz any opportunity to respond.  For example,  previously this court demanded a response by Taitz to show that the sanction against her by Judge Marginis was indeed a discovery sanction and not sanction for something else. Taitz responded and prove that indeed it was a discovery sanction. This court issued an order to show cause whether Taitz should be sanctioned for lying to the court. Taitz responded and on 06.17. 2013 this court found that indeed <u>Taitz was not lying</u>, <u>Taitz did not engage in misrepresentation,</u> that   sanction against her was a routine discovery sanction, that the other side simply won a discovery, it was not a sanction for some unethical behavior. On the same day 06.17.2013 Taitz posted on her website this finding by the court. She demanded a retraction from multiple media outlets, because Taitz is a known dissident leader and those media outlets  ran articles stating that the court is about to sanction Taitz for lying. Taitz was vindicated, she did not lie, she did not engage in misrepresentation, she stated the truth. When Taitz wrote on her blog about the opinion of the court, it related to this incident and statement on her blog related  to the fact that in this whole incident Taitz never lied, that all along she was telling the truth, that the sanction was a routine discovery sanction. Taitz is respectfully <u>requesting this court to correct its minute order issued on 06.20.2013</u> <u>to reflect that Taitz indeed did not engage in any misrepresentation and that</u> <u>notation made by her on her blog was taken out of context by Philip Berg in his</u> <u>request for sanctions.</u>

Now Taitz is in a hurry, she has to rush to respond to new wave of defamation of her character by Berg, she has to rush to respond to 22 pages of pleadings by Berg, submitted on 06.24.2013, as she is afraid that this court yet again will issue a

minute order without giving her any opportunity to respond. Taitz is greatly troubled by the fact that this court appear to show bias against her and is attacking each and every word taken out of contest on her blog, issues harsh orders to show cause without checking the facts, or issues minute orders without giving her an opportunity to respond. At the same time this court simply ignores any and all behavior by the Plaintiffs which shows flagrant fraud and is bordering on criminality. Time and again Taitz provided this court with information that the sixth cause of action in this complaint involves  fabrication of a statute, whereby Plaintiffs, Philip Berg and California attorneys Kreep, Berg and Marcus   are arguing based on a complaint where a statute was fabricated by cutting and pasting parts of two statutes, where they used to draft the pleadings Lisa Liberi, who was convicted of forgery .  This court chose to ignore it. If this court is continuously attacking Taitz for every word pulled out of contexts on her blog, that is not even part of the record, and simply condones and covers up all flagrantly criminal behavior by the plaintiffs, than justice can never be served in this court and the case needs to be transferred to another court.

Ruling by the Supreme court of Pennsylvania to suspend Berg's license shows the same modus operandi of fraud, collusion with Lisa Liberi and  depraved heart attack on victims, defamation of victims and accusations of fraud made by Berg and Liberi against victims, as it is done in the case at hand. Everything written by Taitz in her notice is correct, truthful, there is no misrepresentation. It is supported by the ruling itself, attached to the notice and the following exhibits:

Exhibit1. Attached is the sworn affidavit by Attorney Orly Taitz,

Exhibit 2. True and correct copy of the sworn verification by Lisa Liberi

Exhibit 3 True and correct copy of the answer by Philip Berg to the Disciplinary Board of the Supreme Court of Pennsylvania

Exhibit 4 Pages 186, 187 are a part of the true and correct transcript of the 02.10. 2012 Disciplinary trial of Philip Berg.

Aforementioned declaration by Orly Taitz and attached exhibits show flagrant evidence of fraud .

Further Berg and Liberi engage in vicious harassment and abuse of defendants, file over 20, 000 pages of defamatory and fraudulent pleadings. Under the pressure of their fraudulent and egregious accusations TX defendant Hale suffered a heart attack, TX Defendant Belcher suffered a heart attack and a stroke, Taitz suffered health problems. Liberi and Berg showed no health problems and incredible stamina to harass parties, now suddenly they are sick and they do not have any notification of any doctor to confirm their sickness.

As the court can rule on jurisdiction at any stage of the proceedings, this court has to dismiss the case at hand for lack of jurisdiction. This case was filed based on diversity of citizenship, Plaintiffs never provided proof citizenship of the plaintiffs, particularly Lisa Liberi, who was convicted in the state of California in 2008  and was under the jurisdiction of California Superior court and probations department when the case at hand was filed. Plaintiffs claimed that they showed prior judge on the case, Eduardo Robreno, Liberi's drivers license. The court record shows that this is simply a lie, there is no notation anywhere in the record of them providing identification papers of Liberi or any other plaintiff for that matter. During 08.07.20109 hearing Judge Robreno ordered Berg and Liberi to **FILE** with the court the identifications of the Plaintiffs. They promised to file with the court such

identification. This was never done. Plaintiffs were in contempt of court. Recent decision by the Supreme Court of Pennsylvania to suspend Berg's license for two years shows the same modus operandi, fraud by Berg and Liberi, fraud perpetrated upon the client and the court.    12.23.2013 order by Judge Robreno found Berg, Liberi and Ostella not believable as witnesses. It stated:

"Liberi also testified that Taitz tried to hire a "hit-man" to harm her and her family and that Taitz has encouraged others to harm her son. On cross-

examination, Liberi conceded that she was a convicted felon and

that she had no direct evidence linking website to Defendants Belcher or Taitz. Liberi also did not present any credible evidence to support her claims of murder solicitation and kidnapping attempts. During her testimony, Liberi was often combative and evasive, and much of her testimony was argument without factual basis. For these reasons, the Court finds that Liberi1s testimony was not credible... Like Liberi, Ostella was often combative and evasive during her testimony, and much of her testimony was argument without factual basis. Therefore the Court also finds that Ostella's testimony was not credible... Berg's testimony was also combative, evasive, and argumentative and the court did not find his testimony to be helpful for establishing a factual record." 12.23.2010 Memorandum order by Judge Robreno in Liberi v Taitz.

So the Supreme Court of Pennsylvania found that Berg lied, actually Berg admitted to lying. Judge Robreno found Liberi, Ostella and Berg not to be credible and their allegations to be without factual merit. Additionally Liberi has very little credibility based on her 2008 conviction of forgery and grand theft. Based on all of the above there is sufficient basis to conclude that Plaintiffs are indeed lying when

they are claiming that they provided Judge Robreno with Liberi's drivers license, there is no evidence of that anywhere in the record of the case and they do not have credibility. As such this court should dismiss this whole case based on lack of jurisdiction. Jurisdiction was never established in four years. Additionally, this court can sua sponte reconsider its ruling on antiALAPP. Recent opinion of the Supreme court of PA shows that Berg and Liberi do not have credibility. Recent decision on antiSLAPP was denied in one word "denied". If this court actually considers all the law and fact provided in the AntiSLAPP motion and reviews the current opinion of the Supreme Court of PA, showing a modus operandi of fraud by Berg and Liberi, it is abundantly clear that the case at hand is indeed a SLAPP case brought by an attorney, whose license was already on probation and who was facing disbarment and his paralegal who was on probation for forgery and theft convictions. Both wanted to silence Taitz, the president of DOFF, who was a whistle-blower, as such plaintiffs filed a bogus complaint based on fraudulent allegations without any likelihood to prevail.

CONCLUSION

1. Any and all pleadings and documents filed with this court from 06.19.2013 by Philip Berg as an attorney for Plaintiffs, have to be stricken from the record. This includes 06.19.2013, 06.20.2013 backdated 05.31.2013 appearance supposedly signed by an attorney Stephen Marcus, which was filed by Philip Berg after his license was suspended, as well as opposition/request for sanctions filed on 06.24.2013

2. This court has to make change to the docket reflecting the fact that now all of the Plaintiffs are appearing pro se and all of them have to personally sign

pleadings filed by them, appear in court and provide their address where they can be served.

3. Berg has to be sanctioned for flagrant violation of California Business and Professional code 6125 et seq., Practice of law without license, specifically for his pleadings on 06.24.213, where he admitted that he was already suspended, yet he filed his pleadings as an attorney for Plaintiffs .

4. This court has to correct its minute order issued on 06.20.2013 to reflect that Taitz indeed did not engage in any misrepresentation and that notation made by her on her blog was taken out of context by Philip Berg in his request for sanctions, which were ultimately denied.

5. As the court can rule on jurisdiction at any stage of the proceedings, this court has to dismiss the case at hand for lack of jurisdiction.

6. Additionally, this court can sua sponte reconsider its ruling on antiALAPP. Recent opinion of the Supreme court of PA shows that Berg and Liberi do not have credibility. Recent decision on antiSLAPP was denied in one word "denied". If this court actually considers all the law and fact provided in the AntiSLAPP motion and reviews the current opinion of the Supreme Court of PA, showing  a modus operandi of fraud by Berg and Liberi, it is abundantly clear that the case at hand is indeed a SLAPP case brought by an attorney, whose license was already on probation and who was facing disbarment  and his paralegal  who was on probation for forgery and theft convictions. Both wanted to silence Taitz, the president of DOFF, who was a whistle-blower, as such plaintiffs filed a bogus complaint based on fraudulent allegations without any likelihood to prevail.

If this court is not be willing to address this new evidence of a pattern of fraud

committed by Berg and Liberi working together, the defendants will be opting to seek an appeal of the AntiSLAPP ruling in the Ninth Circuit Court of Appeals to be filed within 30 days from the date of the ruling on CA CCP 425.16 antiSLAPP.

/s/ Orly Taitz

Counsel for DOFF.

## CERTIFICATE OF SERVICE

The parties in this case are served through the ECF

/s/ Orly Taitz

Counsel for DOFF

cc Disciplinary Board Supreme Court of PA

cc CA Bar

cc San Bernardino District Attorney's office

cc San Bernardino probation department

cc Judiciary Committee