UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 11-0485 AG (AJWx) | Date | June 26, 2013 |
|---|---|---|---|
| Title | LISA LIBERI, et al. v. ORLY TAITZ, et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

**Proceedings:**   **[IN CHAMBERS] ORDER RE PENDING REQUESTS AND NOTICE OF DISCIPLINARY ACTION**

### PENDING REQUESTS TO FILE MOTIONS

1. On June 20, 2013, Counsel for Defendants Todd Sankey, The Sankey Firm, Sankey Investigations, Inc., and Neil Sankey requested leave to file a motion for summary judgment as to all plaintiffs.  The Court **GRANTS** this request.
2. Also on June 20, 2013, Plaintiffs requested leave to file a motion for attorney fees.  The Court has reviewed the relevant authority and concludes that it would not award fees here.  The Court **DENIES** this request.

### NOTICE OF DISCIPLINARY ACTION

On June 21, 2013, Attorney Orly Taitz, on behalf of Defendant Defend Our Freedoms Fund, filed a notice of disciplinary action against Attorney Philip Berg.  (Dkt. No. 636.) The Court has previously stated that such notices "shall be in letter form not exceeding two pages."  (October 22, 2012 Order, Dkt No. 574, at 3.)  Despite this clear order, Attorney Taitz filed a 3-page notice with a 17-page exhibit.  (Dkt. No. 636.)  Attorney Berg responded with approximately 20 pages of briefing, declarations, and exhibits.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0485 AG (AJWx) | Date | June 26, 2013 |
|---|---|---|---|
| Title | LISA LIBERI, et al. v. ORLY TAITZ, et al. | | |

(Dkt. No. 637.)  Attorney Taitz then filed an additional 11 pages of briefing.  (Dkt. No. 639.)  These filings disregarded the specific orders of this Court and highlight the Ninth Circuit's concern, shared by this Court, that "the parties in this case have persisted in treating the courts as a public spectacle in which they repeatedly manifest their personal dislike for one another without regard to the truth or appropriate decorum."  (Mandate, Dkt. No. 609, at 5, n.1.)  The matters presented in this latest spat are essentially irrelevant to the substantive issues of this case, and the Court has declined to read these improper submissions.

As previously discussed with the parties, Attorney Berg's suspension does not prohibit him from representing himself pro se but it does prohibit him from representing others. The Court is thus concerned about recent filings by Attorney Berg that appear to be on behalf of all plaintiffs.  (*See* Dkt. No. 637, at 1.)  The Court reiterates that if other attorneys wish to appear on behalf of any plaintiff, such representation must be properly documented.

Finally, the Court is also concerned that the internet communications by counsel impede the resolution of this case on the merits and may be unprofessional.  The Court is reminded of Chief Judge Alex Kozinski's admonition in another case that "[t]he parties are advised to chill."  *Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894, 908 (9th Cir. 2002).  The Court likewise admonishes the parties to focus on substantive matters and to stop all the bickering.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |