UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0485 AG (AJWx) | Date | February 7, 2014 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:            Attorneys Present for Defendants:

**Proceedings:** **[IN CHAMBERS] ORDER GRANTING MOTION FOR SUMMARY JUDGMENT BY TODD SANKEY AND THE SANKEY FIRM, INC.**

This case involves a dispute between Orly Taitz, who has an interest in President Obama's place of birth and is active in the so-called "Birther" movement, and Lisa Liberi. Liberi and other plaintiffs filed a First Amended Complaint ("FAC") alleging that Taitz, working with a slew of other defendants, harassed and intimidated Liberi by disseminating her personal information and slandering her. (FAC, Dkt. No. 231.)

The FAC, numbering 170 pages in length, originally alleged twenty claims again nineteen named defendants and 186 unidentified defendants. After multiple rounds of motions to dismiss and motions for summary judgment, the Court has dismissed some of the original claims and other original defendants, including LexisNexis, Inc. (*See, e.g.*, Order Granting LexisNexis Defendants' Motion for Summary Judgment, Dkt. No. 535.)

Defendant Neil Sankey is an investigator who allegedly worked with Taitz to uncover personal information about Liberi and then publicly disseminate that information along with libelous falsehoods. What Defendant Todd Sankey and his firm, Defendant The Sankey Firm, Inc. ("TSFI"), did to get roped into this lawsuit is not exactly clear from the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0485 AG (AJWx) | Date | February 7, 2014 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

FAC. But whenever the FAC alleges that Neil Sankey did some specific act, it usually then alleges that Neil Sankey did the act "by and through" Todd Sankey and TSFI.

The Court previously granted summary judgment for Defendants Todd Sankey and TSFI on all claims as to Plaintiff Philip Berg, who did not oppose the motion. Todd Sankey and TSFI have now filed a Motion for Summary Judgment ("Motion") on all claims as to the remaining plaintiffs. (Motion, Dkt. No. 657.)

The Court GRANTS the Motion in its entirety.

**BACKGROUND**

The Court briefly summarizes the allegations against Todd Sankey and TSFI. Given the length of the First Amended Complaint and the number of claims that Plaintiffs bring against Todd Sankey and TSFI, the references to these defendants in the FAC are surprisingly few.

Todd Sankey is an investigator who owns and operates TSFI, a private investigation company. (FAC ¶¶ 13–14.) His father, Neil Sankey, is also a private investigator who owns and operates a separate private investigation company, Sankey Investigations. (*Id.* ¶¶ 15–16.) All four are defendants in the case. Only Todd Sankey and TSFI are bringing this Motion for Summary Judgment.

The bulk of the allegations in the FAC concerns the actions of Neil Sankey and Taitz. According to the FAC, Taitz contacted Neil Sankey to "conduct background checks" and obtain the private data of Liberi and Plaintiff Lisa Ostella, which he did. (FAC ¶¶ 66–67.) Neil Sankey then allegedly emailed this private information to Taitz, which Taitz later publicly distributed. (FAC ¶¶ 69, 133.) Neil Sankey also, among other things, circulated an article he altered to say that Liberi had an extensive criminal record, which he knew to be false. (*Id.* ¶ 63.)

The FAC does not allege any specific acts performed by Todd Sankey or TSFI. Rather,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0485 AG (AJWx) | Date | February 7, 2014 |
|----------|------------------------|------|------------------|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

the FAC generally alleges that at "all times mentioned herein, Defendant Neil Sankey acted on behalf of Sankey Investigations, Inc. and on behalf of and through his son, Todd Sankey and his company, The Sankey Firm, Inc. [TSFI.]" (*Id.* ¶ 31.) The only somewhat specific allegation is that Neil Sankey "used Sankey Investigations, Inc., Todd Sankey and The Sankey Firm's [TSFI's]" research account to obtain Plaintiffs' private information. (*Id.*) Otherwise, the FAC simply repeats that Neil Sankey was "working under" or acting "by and through" Todd Sankey and TSFI whenever the FAC alleges that Neil Sankey did anything illegal. (*See, e.g.*, *id.* ¶ 63.)

The FAC brings the same claims against Todd Sankey, TSFI, Taitz, and Neil Sankey. (*See* Complaint at 1–125.) The claims against this group of defendants include violations of the First and Fourteenth Amendments to the United States Constitution, violation of the California Constitution, several claims for invasion of the right to privacy, several claims for violating the California Information Practices Act, and claims of cyber-stalking, cyber-harassment, cyber-bullying, defamation, slander, libel, intentional affliction of emotional and mental distress, malicious prosecution, and abuse of process. (*See id.*)

Todd Sankey and TSFI move for summary judgment on all claims against them. Todd Sankey states that he has had no involvement with the Birther movement, nor had even heard of Taitz or any of the Plaintiffs in this case before being sued. (*See* Todd Sankey Decl., Dkt. No. 657-3, ¶¶ 3, 31.) He admits that TSFI gave Neil Sankey his own email account and access to TSFI's research accounts, which Neil Sankey could use for specific contract work he performed for TSFI. (*Id.* ¶¶ 18, 27.) But Neil Sankey was not an employee of TSFI. Todd Sankey never directed the manner in which Neil Sankey performed his contract work for TSFI. And Todd Sankey never directed nor was even aware of Neil Sankey performing any work concerning Taitz, Plaintiffs, or President Obama. (*Id.* ¶¶ 24–25, 28–31.)

**PRELIMINARY MATTERS**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0485 AG (AJWx) | Date | February 7, 2014 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

## 1.     UNAUTHORIZED FILINGS

Plaintiffs filed a Declaration in Surreply to the Motion ("Surreply"), which prompted several filings by Defendants in reply to the Surreply. (*See* Declaration of Ryan Lustig in Opposition to Motion for Summary Judgment in Surreply, Dkt. No. 667; Objections to Declaration of Rustig, Dkt. No. 668; Further Objections to the Declaration of Ryan Rustig, Dkt. No. 669.) Neither Plaintiffs nor Defendants sought leave of the Court to file these additional documents.

This is unacceptable. These filings are not permitted under the applicable procedural rules. *See* Local Rule 7-10 ("Absent prior written order of the Court, the opposing party shall not file a response to the reply."). Further, by previous order of this Court, the parties are required to "seek leave of Court before filing *any* motions or other documents in this case." (Order Imposing Restriction on Filing, Dkt. No. 227, at 9 (emphasis added).) The Court imposed this requirement because of "the flood of filings before the Court." (*Id.*) Despite this requirement, the number of filings on the docket is nearing 700. And the Surreply has no apparent relevance to the Motion. It appears to concern a discovery dispute between the parties in a separate case.

At the hearing on the Motion, Plaintiffs' counsel informed the Court that he is new to the case and apologized for his oversight. The Court appreciated the civility of counsel, which is a departure from the behavior of most of the players in this litigation. As the Ninth Circuit observed, some of the "parties in this case have persisted in treating the courts as a public spectacle in which they repeatedly manifest their personal dislike for one another without regard to the truth or appropriate decorum." *Liberi v. Defend Our Freedoms Foundations, Inc.*, 509 F. App'x 595, 597 (9th Cir. 2013).

The Court STRIKES the Surreply and related filings. The Court will not issue further sanctions at this time. But the Court reminds the parties that future violations may result in "the summary denial" of motions "or other sanctions." (Order Imposing Restriction on Filing.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0485 AG (AJWx) | Date | February 7, 2014 |
| --- | --- | --- | --- |
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

## 2.    REQUEST FOR JUDICIAL NOTICE

Plaintiffs filed a Request for Judicial Notice, asking the Court to take notice of documents under Federal Rule of Evidence 201. (Request for Judicial Notice, Dkt. No. 662.) Under Federal Rule of Evidence 201, "[a] court may judicially notice a fact that it is not subject to reasonable dispute because it: (1) is generally known within the trial court's jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts may take judicial notice of "*undisputed* matters of public record," but generally may not take judicial notice of "*disputed* facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).

Plaintiffs ask the Court to notice eleven exhibits attached to the Request for Judicial Notice, some of which contain as many as six sub-exhibits. In all, Plaintiffs ask for judicial notice of over five hundred pages comprising dozens of documents.

But Plaintiffs provide no argument as to why each of these documents is proper for judicial notice. They simply cite the language of Rule 201, and then assert that the "documents identified above and attached hereto are pertinent to Plaintiffs' claims against Defendants." (Request for Judicial Notice at 5.) But the standard under Rule 201 is not whether a fact is "pertinent" to a claim.

Further, it is not clear exactly what Plaintiffs are asking the Court to notice. Perhaps they want the Court to judicially notice all factual assertions within the attached documents. But even if the authenticity of a document is not subject to reasonable dispute, the facts within the document might be subject to reasonable dispute and thus inappropriate for judicial notice. *See Lee*, 250 F.3d at 690. Or perhaps Plaintiffs want the court to simply notice the existence of certain documents. But they don't even make a showing that this kind of notice is proper.

In any event, it is not the role of the Court to sift through five hundred pages of documents and ponder whether any of the contents might be proper for judicial notice. *Cf.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0485 AG (AJWx) | Date | February 7, 2014 |
|----------|------------------------|------|------------------|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

*Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003)
("[J]udges are not like pigs, hunting for truffles buried in briefs."). That is the
responsibility of Plaintiffs.

Plaintiffs' Request for Judicial Notice is DENIED.

**3.      EVIDENTIARY OBJECTIONS**

Both Defendants and Plaintiffs submitted declarations in support of their objections, and
both also submitted numerous evidentiary objections to statements in these declarations.
On motions with voluminous objections "it is often unnecessary and impractical for a
court to methodically scrutinize each objection and give a full analysis of each argument
raised."  *Capitol Records, LLC v. BlueBeat, Inc*., 765 F. Supp. 2d 1198, 1200 n.1 (C.D.
Cal. 2010) (a summary judgment case quoting *Doe v. Starbucks, Inc*., 2009 WL 5183773,
at *1 (C.D. Cal. Dec. 18, 2009)).

Some of the objections may have merit, but are not necessary for the Court to resolve. For
example, Defendants make numerous relevancy objections to the statements in the
Declaration of Lisa Ostella, which Plaintiffs filed with their opposition brief. The Court
wonders why Plaintiffs even filed this declaration, given that they don't cite it in their
opposition brief. Nor can the Court discern anything in the declaration of relevance to the
disputed issues in the Motion. (*See* Ostella Decl., Dkt. No. 663 (describing a book by "an
award-winning author" that she received at a seminar on cyberbullying given at her
children's school.) But because the Court only relies on evidence it finds relevant, it need
not individually rule on the relevancy of the remaining evidence.

Some of the objections simply lack merit. For example, Todd Sankey states in his
declaration that "Neither The Sankey Firm [TSFI] nor I have ever done any work for Orly
Taitz." (Sankey Decl. ¶ 30.) Defendants object on the basis that Todd Sankey has not
established a sufficient foundation to declare personal knowledge of this fact as to TSFI.
But Todd Sankey also stated that "I am the only one authorized to make any decisions
concerning the management of The Sankey Firm [TSFI] . . . and its clients." (*Id.* ¶ 8.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0485 AG (AJWx) | Date | February 7, 2014 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

That is sufficient foundation, particularly for the purposes of assessing evidence at the summary judgment context. *See Fraser v. Goodale*, 342 F.3d 1032, 1036–37 (9th Cir. 2003).

In any event, the Court need not rule on every objection individually. To the extent that any evidence is relied on in this Order, the relevant objections are overruled. *See Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1118, 1122 (E.D. Cal. 2006) (condemning the prevalent and time-consuming practice of "fil[ing] objections on all conceivable grounds" and concluding that "the court will [only] proceed with any necessary rulings on defendants' evidentiary objections").

## **LEGAL STANDARD**

Summary judgment is appropriate only where the record, read in the light most favorable to the non-moving party, indicates that "there is no genuine dispute as to any material fact and . . . the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Material facts are those necessary to the proof or defense of a claim, as determined by reference to substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. In deciding a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 269.

The burden initially is on the moving party to demonstrate an absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If, and only if, the moving party meets its burden, then the non-moving party must produce enough evidence to rebut the moving party's claim and create a genuine issue of material fact. *Id.* at 322–23. If the non-moving party meets this burden, then the motion will be denied. *Nissan Fire & Marine Ins. Co. v. Fritz Co., Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0485 AG (AJWx) | Date | February 7, 2014 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

## ANALYSIS

The Court finds that Defendants have met their initial burden of demonstrating an absence of a genuine issue of material fact. In their Motion, Defendants make numerous arguments as to specific elements of specific claims that Plaintiffs have failed to support with evidence. For example, as the Court held in a previous order, Plaintiffs' claims under the First and Fourteenth Amendments of the United States Constitution only apply to government actors. (*See* Order Granting Motion to Dismiss, Dkt. No. 405, at 4 (citing *Howard v. America Online Inc.*, 208 F.3d 741, 754 (9th Cir. 2000).) Defendants make many of these arguments as to specific elements of particular claims, which may provide additional bases for summary judgment on each of those claims.

But the Court need not consider all of these arguments, because Defendants point out a more fundamental absence of evidence that applies to all claims against them: a lack of evidence that Defendants actually committed any of the acts described in the FAC. That is, even assuming that there is evidence suggesting that Neil Sankey or Taitz did the things the FAC alleges they did, and even if those defendants might be liable, there is no evidence that Defendants Todd Sankey or TSFI committed any acts that would expose them to liability.

For most of the claims, there are not even any allegations in the FAC describing any link between Defendants and the acts giving rise to liability. (*See, e.g.*, FAC ¶¶ 315–25 (under the malicious prosecution claim, alleging that Taitz filed a "Motion for Emergency Revocation of Probation" against Liberi, but not alleging any acts committed by Todd Sankey or TSFI).) Defendants have also provided affirmative evidence suggesting they had no involvement with the violations of law described in the FAC. (*See, e.g.*, Todd Sankey Decl. ¶¶ 24–25, 28–31.)

Because Defendants have met their initial burden, the Court now considers whether Plaintiffs have rebutted that showing. Plaintiffs argue that, because Neil Sankey was an employee of TSFI, Todd Sankey and TSFI are liable for the acts of Neil Sankey under the doctrine of respondeat superior. This argument fails for multiple, independent reasons.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0485 AG (AJWx) | Date | February 7, 2014 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |


First, Plaintiffs rely on the unsupported assumption that if Neil Sankey was an employee of TSFI, then not only can TSFI be held responsible under respondeat superior, but so can Todd Sankey. Todd Sankey, by his own admission, is President of TSFI. (Todd Sankey Decl. ¶ 1.) But Plaintiffs do not provide the Court with any authority, evidence, or even argument to show that, in these circumstances, it is proper to hold Todd Sankey personally liable for the acts of employees imputed to the company he operates.

Second, Plaintiffs have not provided competent evidence that Neil Sankey was an employee of TSFI. Plaintiffs' primary argument is that Neil Sankey had to be an employee because, since he was "not himself licensed to be a private investigator," he had to be operating "under the supervision and control of TSFI." (Opp'n, Dkt. No. 660, at 10.) But evidence affirmatively shows that Neil Sankey had his own license. (*See* Colen Decl., Dkt. No. 666-1, Ex. A (public records showing that Neil Sankey held a license for his own firm, Sankey Investigations).) Plaintiffs point only to an admission by Todd Sankey that "Neil Sankey is not a licensed Private Investigator for [TSFI]." (Berg Decl., Dkt. No. 665, Ex. 1 at 7.) But this is not evidence that Neil Sankey was not licensed at all, simply evidence that he was not licensed by TSFI. Plaintiffs respondeat superior argument relies chiefly on the assertion that Neil Sankey lacked his own license, and that assertion is contradicted by all evidence before the Court.

Plaintiffs argue that other evidence shows that Neil Sankey was an employee, but almost all of the citations in Plaintiff's opposition brief are to exhibits in their Request for Judicial Notice, which the Court denied. And even were the Court to consider these exhibits, that Todd Sankey gave his father access to a research account and an email account is insufficient for a reasonable finding that Neil Sankey did anything more than contract work for TSFI. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). And the evidence that Plaintiffs properly presented to the Court tends to cut against their argument that Neil Sankey was an employee of TSFI. (*See, e.g.*, Liberi Decl.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0485 AG (AJWx) | Date | February 7, 2014 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

at Ex. 7 (a screenshot of TSFI's website listing the names of its employees, which does
not include Neil Sankey).)

Third, even if Neil Sankey were an employee of TSFI, there is no evidence that his acts
were within the scope of his employment. Plaintiffs seem to assume that, so long as they
can establish that Neil Sankey was an employee of TSFI, then TSFI is liable for virtually
anything Neil Sankey did. But "an employer is not strictly liable for all actions of its
employees during working hours." *Farmers Ins. Grp. v. Cnty. of Santa Clara*, 11 Cal. 4th
992, 1004 (1995). Therefore, even if Neil Sankey committed all of the alleged acts during
working hours—and there is not even evidence that his actions took place during working
hours—that alone is not enough to impute liability to TSFI. Rather, "if the employee
inflicts an injury out of personal malice, not engendered by the employment . . . the
employee is not acting within the scope of employment." *Id.* at 1005 (internal citation
marks omitted). "[I]f an employee's tort is personal in nature, mere presence at the place
of employment and attendance to occupational duties prior or subsequent to the offense
will not give rise to a cause of action against the employer under the doctrine of
respondeat superior." *Id.*

Plaintiff does not even argue that all of Neil Sankey's actions were within the scope of his
employment with TSFI, let alone provide supporting evidence. To the contrary, by
Plaintiffs own account of the facts, Neil Sankey's "intent was to make Plaintiff an object
of ridicule and hatred, to portray her as unethical and criminal, to bring her public and
personal humiliation, to inflict financial damage on her, and to damage her reputation by
ascribing conduct and character that would adversely reflect on her." (FAC ¶ 320.) These
types of torts are "personal in nature" and not imputed to the employer. *Farmers*, 11 Cal.
4th at 1005.

In conclusion, there is no evidence that Todd Sankey and TSFI committed malicious
prosecution, cyberstalking, slander, or any of the other alleged torts themselves. Plaintiffs
seek to hold Defendants Todd Sankey and TSFI liable for virtually any tort Neil Sankey
committed just because Neil Sankey had done some work for Defendants. Without

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0485 AG (AJWx) | Date | February 7, 2014 |
|---|---|---|---|
| Title | LISA LIBERI et al. v. ORLY TAITZ et al. | | |

evidence showing more, Todd Sankey and TSFI cannot be held liable.

Summary judgment is proper. In reaching this conclusion, the Court considered all of
Plaintiffs' arguments, and those not specifically addressed here were found unpersuasive,
unsupported, or incoherent. Because the Court concluded that summary judgment is
proper on the basis just described, it need not consider Defendants' many other arguments
in favor of summary judgment.

## DISPOSITION

The Court GRANTS Todd Sankey and TSFI's Motion for Summary Judgment in full.


_____ : ___0___

Initials of
Preparer        lmb