UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00485-AG(AJWx) | Date | September 1, 2017 |
|---|---|---|---|
| Title | LISA LIBERI ET AL. v. ORLY TAITZ ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |

**Proceedings:** **[IN CHAMBERS] ORDER REGARDING PENDING REQUESTS AND MOTIONS**

**1. INTRODUCTION**

This confounding case has spanned the better part of a decade, consuming the resources of multiple courts across the country. From the Eastern District of Pennsylvania, to the Central District of California, to the Third Circuit Court of Appeals, to the Ninth Circuit Court of Appeals, "the parties in this case have persisted in treating the courts as a public spectacle in which they repeatedly manifest their personal dislike for one another without regard to the truth or appropriate decorum." *Liberi v. Defend Our Freedoms Foundations, Inc.*, 509 F. App'x 595, 597 n.1 (9th Cir. 2013).

Most recently, the Court ordered the parties to file status reports regarding the pending requests and motions in this case. (*See* Order, Dkt. No. 736 at 3.) But those reports, just like underlying requests and motions themselves, were largely imprecise and unhelpful. *See* Fed. R. Civ. P. 7(b). The Court then held an hour-long hearing to discuss, among other things, the excessive filings on the docket (over 743 entries and counting), the uncertain status of this case, the identity of the remaining parties, the nature and basis of the remaining claims, and how the parties could salvage this case consistent with their duties under Federal Rule of Civil Procedure 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00485-AG(AJWx) | Date | September 1, 2017 |
|---|---|---|---|
| Title | LISA LIBERI ET AL. v. ORLY TAITZ ET AL. | | |

But the parties' responses left the Court with more questions than answers. And despite this Court's best efforts to bring dignity and decorum to these proceedings, the parties continued to engage in the same old pattern of "infighting, petty history, and an apparent disregard for accuracy and fair play." *Liberi*, 509 F. App'x at 597 n.1. Without going into the unnecessary and unpleasant details, the parties failed to effectively and accurately answer the Court's questions regarding the merits of this case, made numerous inflammatory and inappropriate accusations against each other and the Court, and expressed disrespect to the Court throughout the exhausting hearing. (*See generally* Tr., Dkt. No. 742.)

There are now 10 pending requests or motions on the docket. (Dkt. Nos. 688, 689, 691, 692, 693, 706, 707, 708, 709, 723.) According to the recent status reports, it appears that the only active parties in this lawsuit are Plaintiff Lisa Ostella and Defendants Orly Taitz, Defend Our Freedoms Foundations, Inc., the Law Offices of Orly Taitz, and Orly Taitz, Inc. (simply called the "Taitz Defendants"). Because of the complete chaos that all parties have created here, the Court will dispense rough justice as follows.

## 2. DEFENDANTS' MOTIONS

The Court has imposed a necessary pre-filing restriction in this case. *See Ringgold-Lockhart v. Cty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (recognizing that federal courts can "regulate the activities of abusive litigants by imposing carefully tailored restrictions"). All parties have been on notice, since June 2011, of the following mandatory and well-tailored requirements:

> The Court now ORDERS all parties to seek leave of Court before filing any motions or other documents in this case. A party seeking leave to file a motion or other document may do so by letter to the Court, with copies to all parties. The letter shall be no more than two pages and shall set forth the nature of the motion or document and good cause for its filing. The letter shall have no attachments or exhibits. Upon a showing of good cause, the Court may grant leave to file. Failure to comply with the letter and spirit of this order may result in sanctions, including the summary denial of improperly requested motions, or other sanctions such as dismissal or striking of the answer.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00485-AG(AJWx) | Date | September 1, 2017 |
|---|---|---|---|
| Title | LISA LIBERI ET AL. v. ORLY TAITZ ET AL. | | |

(Order, Dkt. No. 227 at 9.) Although the Taitz Defendants were previously granted leave to file two limited motions to dismiss, that request improvidently ballooned to five motions, including a motion to dismiss for lack of subject matter jurisdiction, a motion to dismiss for failure to state a claim, a motion to strike, and a motion for attorney fees and costs, and another motion to dismiss for failure to state a claim. (Dkt. Nos. 632, 679, 682.)

At the hearing concerning those motions, Defendant Orly Taitz accused this Court refusing to even read or consider her various documents. (Tr., Dkt. No. 742 at 10.) Such accusations are both improper and incorrect. This Court has always been willing to consider the parties' papers, so long as they were filed in compliance with the pre-filing restriction, the Federal Rules of Civil Procedure, and the Local Rules of the Central District of California. The problem here, rather, is that the Taitz Defendants haven't effectively focused and have otherwise failed to comply with the basic requirements of clarity applicable to all motions. *See* Fed. R. Civ. P. 7(b) ("A request for a court order must . . . state with particularity the grounds for seeking the order" and "state the relief sought."). For example, the motion to dismiss for lack of subject matter jurisdiction is largely a non-sequitur, relies on outdated versions of the pleadings, and focuses on the citizenship of parties that are no longer part of this litigation. (Mot. to Dismiss, Dkt. No. 688 at 2.) As another example, the six-page motion for attorney fees devotes precisely one sentence to explaining why an award of nearly $300,000 against Plaintiff Ostella would be "reasonable" at this time. (Mot. for Fees, Dkt. No. 692 at 6.) Further, the supporting declaration relies on incomplete or exceedingly imprecise billing records, provides no evidence regarding the skill level or quality of the attorneys who worked on this case, and fails to discuss numerous other factors relevant to any normal request for attorney fees. (*Id.* at 4–6 and Ex. A.)

There are other serious problems with the pending motions. As just suggested, the Court isn't convinced that the Taitz Defendants have fully complied with "the letter and spirit" of the pre-filing restriction. (Order, Dkt. No. 227 at 9.) Relatedly, after conducting a hearing and thoroughly reviewing the briefs, the Court is left with a firm conviction that the Taitz Defendants lacked "good cause" to bring all these motions in the first place. (*Id.*) Nor is the Court fully convinced that the Taitz Defendants have refrained from "presenting to the court a pleading, written motion, or other paper" for any improper purpose, that is frivolous, and lacks reasonable evidentiary support. *See* Fed. R. Civ. P. 11. Nor is the Court fully convinced

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00485-AG(AJWx) | Date | September 1, 2017 |
|---|---|---|---|
| Title | LISA LIBERI ET AL. v. ORLY TAITZ ET AL. | | |

that the Taitz Defendants have made a good faith effort to discuss the potential resolution of these motions with opposing counsel. *See* C.D. Cal. L.R. 7-3; *Lopez v. Wells Fargo Bank, N.A.*, SACV 16-01409 AG (KESx), 2016 WL 6088257, at *2 (C.D. Cal. Oct. 17, 2016). All in all, Defendant Orly Taitz's credibility in these and other matters was devastatingly undermined by the blatantly inaccurate and inappropriate statements she made at the hearing in this case. (Tr., Dkt. No. 742 at 16–18, 34.)

This Court has continuously implored all parties to strive for an orderly and streamlined presentation of the merits of this case. Indeed, the Taitz Defendants' might have some worthwhile legal arguments to raise. But the parties' debate is currently devoid of all practical and legal focus. With the history of this case, the Court will not encourage any further unfocused requests for relief. Particularly so, when they fly in the face of this Court's oft-repeated call to bring "order out of chaos." For these reasons, among others, the Court DENIES the Taitz Defendants' pending motions. (Dkt. Nos. 688, 689, 691, 692, 693.)

The motion for attorney fees is DENIED WITHOUT PREJUDICE. If Defendant Orly Taitz would like to cure the deficiencies identified in this order and file a complete motion for attorney fees under California's anti-SLAPP statute, *see Liberi v. Taitz*, 647 F. App'x 794, 797 (9th Cir. 2016), she must seek leave consistent with this Court's pre-filing restriction. If Plaintiff Ostella insists on continuing this lawsuit, the Court may require her to pay Defendant Orly Taitz's reasonable attorney fees.

### 3. PLAINTIFF'S MOTIONS

Plaintiff Ostella recently got a new attorney who, at the hearing in this matter, admitted that many of the filings in this case have been "superfluous" and that the case has long been in a state of "disarray." (Dkt. Nos. 697, 700, 703; *see also* Tr., Dkt. No. 742 at 8.) Counsel also represented that Plaintiff Ostella has voluntarily dismissed many of her claims against the various Taitz Defendants, and would like to "simply proceed . . . with one plaintiff against one defendant on . . . [only] four claims." (*See* Dkt. Nos. 704, 705; *see also* Tr., Dkt. No. 742 at 7–9.) Now, Plaintiff Ostella seeks leave to file an amended complaint consistent with those representations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00485-AG(AJWx) | Date | September 1, 2017 |
|---|---|---|---|
| Title | LISA LIBERI ET AL. v. ORLY TAITZ ET AL. | | |

Rule 15(a)(2) provides that a party "may amend its pleading . . . with . . . the court's leave" and, in such cases, "[t]he court should freely give leave when justice so requires." Further, "when a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has expired, the moving party must satisfy the 'good cause' standard of Federal Rule of Civil Procedure 16(b)(4)." *In re Western States Wholesale Nat'l Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). And "[w]hile a court may take into account any prejudice to the party opposing modification of the scheduling order, 'the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification.'" *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1993)).

The Court concludes that an amendment is the best form of justice here. Indeed, the world is a different place since this case began. For better or worse, our society, our government, and our lives have all changed. It follows that there's no need to press on with an acrimonious lawsuit, burdened by numerous irrelevant claims and parties. Perhaps recognizing as much, most of the original parties and original attorneys in this case have moved on to other endeavors. As the docket in this case makes plain, the case has slowly been whittled down from the original 5 plaintiffs, 20 defendants, 20 claims for relief, 170-page complaint, and millions of dollars in requested relief. (First Am. Compl., Dkt. No. 231.) Now, new counsel seeks leave to amend "for purposes of clarifying the complaint," to "focus on the issues," and to "expedite" the resolution of this lawsuit. (Mot. to Amend, Dkt. No. 708 at 4–5.) Specifically, counsel represents that any amendment would be limited to a "short and plain" statement of only four claims for relief by Plaintiff Lisa Ostella against Defendant Orly Taitz. (*Id.* at 5–6.) The Court finds that, with the history of this case, an amendment would not prejudice the Taitz Defendants, but rather, provide a clean slate for all parties to secure the "just, speedy, and inexpensive determination" of this case. *See* Fed. R. Civ. P. 1.

The Court thus GRANTS the motion for leave to amend. (Dkt. Nos. 706, 707, 708.) Consistent with the pre-filing restriction in this case, Plaintiff Ostella must submit the proposed amendment for this Court's review within 21 days of this order. As just described, this confounding case has already gone too far and simply can't proceed under the existing complaint. If Plaintiff Ostella fails to submit a proposed amended complaint within 21 days

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 11-00485-AG(AJWx) | Date | September 1, 2017 |
|---|---|---|---|
| Title | LISA LIBERI ET AL. v. ORLY TAITZ ET AL. | | |

of this order, the case will be immediately dismissed.

Plaintiff Ostella concedes that her remaining motions weren't submitted in compliance with the pre-filing restriction. (Ostella Report, Dkt. No. 739 at 4.) As such, the Court summarily DENIES the remaining motions as improperly filed. (*See* Dkt. Nos. 709, 723.)

### 4. DISPOSITIONS

For the reasons just discussed, the Court's rulings are as follows:

- Defendants' motion to dismiss for lack of jurisdiction and for sanctions is DENIED. (Dkt. No. 688.)

- Defendants' motion to dismiss for failure to state a claim upon which relief can be granted is DENIED. (Dkt. No. 689.)

- Defendant's motion to strike the first amended complaint is DENIED. (Dkt. No. 691.)

- Defendant's motion for attorney fees and costs is DENIED WITHOUT PREJUDICE. (Dkt. No. 692.) If Defendant Orly Taitz would like to file a renewed motion for attorney fees, she must seek leave consistent with the Court's pre-filing restriction. If Plaintiff Ostella insists on continuing this lawsuit, the Court may require her to pay Defendant Orly Taitz's reasonable attorney fees.

- Defendant's motion to dismiss for failure to state a claim upon which relief can be granted is DENIED. (Dkt. No. 693.)

- Plaintiff's request for leave to file an amended complaint is GRANTED. (Dkt. Nos. 706, 707, 708.) Consistent with the pre-filing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00485-AG(AJWx) | Date | September 1, 2017 |
|---|---|---|---|
| Title | LISA LIBERI ET AL. v. ORLY TAITZ ET AL. | | |

restriction, Plaintiff must submit the proposed amendment for this Court's review within 21 days of this order. If Plaintiff fails to submit a proposed amended complaint within 21 days of this order, the case will be immediately dismissed.

- Plaintiff's motion to compel disclosures is DENIED. (Dkt. No. 709.)

- Plaintiff's motion for judgment on the pleadings is DENIED. (Dkt. No. 723.)

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |