Kim Schumann, Esq., State Bar #170942
Jeffrey P. Cunningham, Esq., State Bar #151067
**SCHUMANN | ROSENBERG**
3100 Bristol Street, Suite 100
Costa Mesa, CA 92626
Telephone (714) 850-0210
Facsimile  (714) 850-0551
Email: Cunningham@SchumannRosenberg.com

Attorneys for Defendant, ORLY TAITZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| LISA LIBERI, et al., | Case No. 8:11-CV-00485-AG (AJW) |
| Plaintiff, | Hon. Andrew Guilford<br>Courtroom 10D |
| v. | **ANSWER OF DEFENDANT, ORLY TAITZ, TO PLAINTIFF, LISA OSTELLA'S SECOND AMENDED COMPLAINT** |
| ORLY TAITZ, et al., | |
| Defendants. | **[Demand for Jury Trial]** |

**TO THE COURT, ALL PARTIES, AND/OR THEIR ATTORNEYS OF RECORD:**

    **COMES NOW**, Defendant, ORLY TAITZ ("Defendant"), who submits this Answer to the Second Amended Complaint ("SAC") of Plaintiff, LISA M. OSTELLA ("Plaintiff"), for herself alone, and who admits, denies and alleges as stated herein.

    This Answer is submitted with a full reservation of all statutory rights by Defendant to file Motions to dismiss and to strike, for attorneys' fees and costs, and/or for other relief under Fed. R. Civ. P. 12, California Code of Civil Procedure section 425.16, and other related legal authority. On October 19, 2017, Defendant submitted a letter request to the Court for leave to file such Motions. A true copy of

-1-

such letter is attached hereto as **"Exhibit A."** As of the date of filing this Answer, the Court has not acted upon such pending request, and Defendant accordingly reserves her statutory rights to bring those Motions which are the subjects of that request.

1.     In answering paragraph 1 of the SAC, Defendant admits that she is the sole remaining Defendant and that Plaintiff is the sole remaining Plaintiff in the case captioned above. Defendant further admits that she entered into a settlement with former Plaintiff, LISA LIBERI. However, the settlement expressly provides that no moneys were paid by either party, including Defendant. No settlement was made with any other party. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of said paragraph 1 of the SAC, and on that basis, denies each and every allegation contained therein.

2.     In answering paragraph 2 of the SAC, Defendant admits that Plaintiff asserts four claims in her SAC. Defendant denies each and every remaining allegation of paragraph 2 of the SAC.

3.     In answering paragraph 3 of the SAC, Defendant denies that she "posted about Ostella eleven times in 2009 on TAITZ's blog, i.e., www.orlyTAITZesq.com web blog." There is no record of any postings before April 18, 2009 with regard to said blog, which was created on April 18, 2009. There are no postings from April 17, 2009. Further, Defendant does not know if other postings purported to be quoted in paragraph 26 of the SAC are in the same form as they were when they were posted. Accordingly, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations. Defendant admits that she owns the e-mail addresses dr_TAITZ@yahoo.com, orly.TAITZ@gmail.com, and orly.TAITZ@hushmail.com. To the best of Defendant's recollection, orly.taitz@hushmail.com was not used to make any alleged posting referenced in the SAC. Defendant denies that the e-mail addresses

**ANSWER OF DEFENDANT, ORLY TAITZ, TO PLAINTIFF, LISA OSTELLA'S SECOND AMENDED COMPLAINT**

referenced in the third sentence of paragraph 3 of the SAC are "used by TAITZ to publish comments about Ostella." Defendant denies that she "is involved in displaying Ads, seeking contributions, along with posting about Ostella on TAITZ's blog www.orlyTAITZ.com." Defendant denies each and every remaining allegation of paragraph 3 of the SAC.

4.      In answering paragraph 4 of the SAC, Defendant denies each and every allegation contained therein.

5.      In answering paragraph 5 of the SAC, Defendant admits that she resides in California. Defendant is informed and believes and based thereon states that Plaintiff resides in New Jersey. Defendant denies each and every remaining allegation of paragraph 5 of the SAC.

6.      In answering paragraph 6 of the SAC, Defendant denies that she resides in Santa Ana, California. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of said paragraph 6 of the SAC, and on that basis, denies each and every allegation contained therein.

7.      In answering paragraph 7 of the SAC, Defendant denies that Plaintiff "owns a library of domains" with regard to Defend Our Freedoms Foundation, Inc. ("DOFF") and any Internet domain name using that name or any variation thereof. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph 7 of the SAC, and on that basis, denies each and every allegation contained therein.

8.      In answering paragraph 8 of the SAC, Defendant denies each and every allegation contained therein.

9.      In answering paragraph 9 of the SAC, Defendant admits that Plaintiff was developing an Internet blog for and on behalf of Defendant and DOFF in and about December 2008. Further, if and to the extent Plaintiff purported to purchase the domain "DefendOurFreedoms" and related suffixes, Plaintiff did so with an

express assurance to Defendant that such domain and all web addresses defendourfreedoms.org, .net, .com, and .us would be used for Defendant and DOFF and not for Plaintiff. Defendant denies each and every remaining allegation of paragraph 9 of the SAC.

10.   In answering paragraph 10 of the SAC, Defendant denies each and every allegation contained therein.

11.   In answering paragraph 11 of the SAC, Defendant denies each and every allegation contained therein. Defendant owned the PayPal account for DOFF and had the primary e-mail address for said account, orly.taitz@gmail.com, to which donations via PayPal were to go. Plaintiff at all relevant times controlled a secondary e-mail address that she added with regard to that PayPal account, lisaostella@hotmail.com, and she created a third e-mail address, drorly@defendourfreedoms.org, which Plaintiff controlled and which was also connected by her to said PayPal account. Additionally, Plaintiff controlled the blog and the computer code with regard to the PayPal donate button on said blog, such that PayPal donations could be redirected by Plaintiff to one or more e-mail addresses and PayPal accounts controlled by Plaintiff at any time. In March - April 2009, multiple donors to DOFF contacted Defendant and informed her that their donations had been redirected. Initially, a number of donors pointed out that their donations had gone to orly.taitz@gmail.org, which was not Defendant's e-mail address. Defendant's e-mail address was orly.taitz @gmail.com. Subsequently, several donors reported that their donations had gone to Plaintiff's e-mail address, lisaostella@hotmail.com, and under the name "DefendOurFreedoms." Starting from April 11, 2009, Plaintiff linked the PayPal donate button to one or more of her e-mail addresses, which Defendant is informed and believes and based thereon alleges included goexcelglobal.com and info@goexcelglobal.com. During the December 20, 2010 hearing, Plaintiff admitted to locking Defendant out of the website for DOFF and the related PayPal account, so that all donations made from

April 11, 2009 through the website she controlled under the name "Defend Our Freedoms" went to Plaintiff, and not to Defendant or DOFF. **A factual finding was made by the Hon. Eduardo Robreno, Judge, presiding over this case in 2010, stating: "On cross examination, Ostella conceded that she locked Taitz out of the web site www.DefendOurFreedomsFoundation.org and her associated paypal accounts." (See, December 23, 2010 Memorandum Order; Doc. No. 160.)** Defendant denies each and every remaining allegation of paragraph 11 of the SAC.

12.     In answering paragraph 12 of the SAC, Defendant admits that persons who intended to donate, and who believed that they had donated, to DOFF stated to Defendant in and about March 2009 that their donations had been diverted from DOFF. Based on these statements from donors, Defendant accordingly filed a report with the Federal Bureau of Investigation seeking an investigation into the complaints of diversion of donations from DOFF. Defendant does not recall stating that "her PayPal account to the defendourfreedoms.us blog was hacked by outside sources," and is therefore without knowledge or information sufficient to form a belief as to the truth of such allegations. Defendant denies each and every remaining allegation of paragraph 12 of the SAC.

13.     In answering paragraph 13 of the SAC, Defendant denies each and every allegation contained therein. Plaintiff stated to Defendant, to Susan Hiller, Kathleen Vick and others that Fran MacLaren made changes to the involved website and blog concerning its PayPal donation function, including that Ms. MacLaren changed Defendant's e-mail address from orly.taitz@gmail.com to orly.taitz@gmail.org. Defendant subsequently discussed this with Ms. MacLaren, who informed Defendant that she did not make the changes claimed to have been made by Plaintiff, and did not have access to the computer code regarding the website or its PayPal donation function. Ms. MacLaren also stated to Defendant that the only person who managed the website and had access to the computer code was

**ANSWER OF DEFENDANT, ORLY TAITZ, TO PLAINTIFF, LISA OSTELLA'S SECOND AMENDED COMPLAINT**

1  its webmaster, Plaintiff, and that the change of the e-mail address was either done

2  by the web master, Plaintiff, or through a hack from the outside. Defendant denies

3  each and every remaining allegation of paragraph 13 of the SAC.

4      14.    In answering paragraph 14 of the SAC, Defendant denies that

5  donations from DOFF were not diverted, as was reported to her by several persons

6  who intended to donate, and who believed that they had donated, to DOFF.

7  Defendant did receive some donations via PayPal in and after January 2009, but

8  other donations intended for DOFF were diverted from it. Additionally, after April

9  11, 2009, any and all donations given through the website managed by Plaintiff

10 were diverted and went to Plaintiff and entities connected to Plaintiff. Defendant

11 denies each and every remaining allegation of paragraph 14 of the SAC.

12     15.    In answering paragraph 15 of the SAC, Defendant denies each and

13 every allegation contained therein, including but not limited to the uncertain, vague

14 and ambiguous allegations regarding a "donations glitch."

15     16.    In answering paragraph 16 of the SAC, Defendant admits that she filed

16 a report with the Federal Bureau of Investigation seeking an investigation into the

17 complaints from donors of diversion of donations from DOFF, that she posted that

18 there had been an unauthorized change of data on the defendourfreedoms.org,

19 website affecting its PayPal function, and that she did not accept Plaintiff's

20 "explanation" because it was untrue. Defendant denies each and every remaining

21 allegation of paragraph 16 of the SAC.

22     17.    In answering paragraph 17 of the SAC, Defendant admits that Plaintiff

23 requested that she withdraw her report to the Federal Bureau of Investigation, or

24 that Plaintiff would no longer host the website of DOFF. Defendant advised

25 Plaintiff that there were multiple reports from donors of diversion of donations

26 intended for DOFF that warranted an investigation and that Defendant would find

27 another webmaster, but that Defendant would not withdraw a legitimate report to

28

the Federal Bureau of Investigation. Defendant denies each and every remaining allegation of paragraph 17 of the SAC.

18.     In answering paragraph 18 of the SAC, Defendant admits that she refused to withdraw her report to the Federal Bureau of Investigation where there were multiple reports from donors of diversion of donations intended for DOFF that warranted an investigation. Further, the cessation of Plaintiff's webmaster services to DOFF was a mutual decision by Defendant and Plaintiff due not only to diversion of donations, but also due to money making activity by Plaintiff in selling T-shirts, sweat-shirts, bumper stickers and other merchandise on the website for DOFF, claiming to be a fundraiser for DOFF and not forwarding any profits from those activities to DOFF. Defendant denies each and every remaining allegation of paragraph 18 of the SAC.

19.     In answering paragraph 19 of the SAC, Defendant denies that she filed a written report with the Orange County Sheriff's Department. Defendant further denies that she "posted her police report...." as alleged in said paragraph 19. Defendant communicated verbally with the Orange County Sheriff's Department. The involved Sheriff's Officer asked Defendant if she believed that two "Lisas," Plaintiff, Lisa Ostella, and Lisa Liberi were connected. In response to that inquiry, Defendant stated that she believed Plaintiff and Ms. Liberi were connected in that she believed both were working with Philip Berg. Defendant did not inform the involved Officer that she believed that Plaintiff and Ms. Liberi were the same person, nor did Defendant inform the Officer that Plaintiff had a criminal record. Defendant also informed the involved Officer that she did not know how much money had been diverted from DOFF. The involved Officer made multiple other errors in his initial intake notes. Further, the Federal Bureau of Investigation informed Defendant that it transferred the matter to a Cybercrimes Unit. Defendant denies each and every remaining allegation of paragraph 19 of the SAC.

20.     In answering paragraph 20 of the SAC, Defendant denies that Plaintiff did not block Defendant's access to the subject website, related blog and the PayPal account associated with said website. Plaintiff has testified under penalty of perjury, and the Court has accordingly determined, that she blocked Defendant's access to the website, blog and the PayPal account associated with said website. (See, December 23, 2010 Memorandum Order; Doc. No. 160.) Defendant denies that Plaintiff transferred or attempted to transfer any "domain code" referenced in paragraph 20 of the SAC in any complete or effective manner. Defendant further denies that Plaintiff "was coordinating with TAITZ's new webmaster" as referenced in paragraph 20 of the SAC in any complete or effective manner. In spite of a Cease and Desist letter from Defendant demanding that Plaintiff transfer the codes for defendourfreedoms.net, .org and .com, Plaintiff refused to transfer them and still has them. Plaintiff's claimed transfer of defendourfreedoms.us did not work and could not work, as it was connected to other web addresses that Plaintiff refused to transfer. Defendant denies each and every remaining allegation of paragraph 20 of the SAC.

21.     In answering paragraph 21 of the SAC, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph 21 of the SAC, and on that basis, denies each and every allegation contained therein. Additionally, Plaintiff deleted the Defend Our Freedoms website from the Internet and through her attorney, Mr. Lorenzo, in his letter to the Court, she admitted that no links were preserved after she removed the website from the hosting company GoDaddy. Without the links it is impossible to ascertain to which credit cards or PayPal accounts donations were diverted. From 2009 there could be hundreds of different credit card accounts and different links to different PayPal accounts that cannot be found now due to destruction of evidence by Plaintiff.

22.    In answering paragraph 22 of the SAC, Defendant denies that "donations could not have been redirected by Ostella...." Defendant only had control over her website orlytaitzesq.com. However, from April 11, 2009 until now, Plaintiff ran one or more parallel website(s), on which she used the web address of DOFF, a picture of Defendant and the name "Defend Our Freedoms Foundation" on the top of the website(s) and misleadingly solicited donations thereby. Plaintiff did such things to make it appear to the public as if such website(s) was/were still the website of DOFF, even though from and after April 11, 2009 Plaintiff was no longer affiliated with DOFF. Further, prior to April 11, 2009 and as stated herein, Plaintiff, as webmaster, had control over the involved website, blog and associated PayPal function, and thus had the ability to divert donations intended for DOFF. Defendant denies each and every remaining allegation of paragraph 22 of the SAC.

23.    In answering paragraph 23 of the SAC, Defendant denies that she filed a written report with the Orange County Sheriff's Department. Defendant communicated verbally with the involved Sheriff's Officer. Defendant verbally advised the Officer about the diversion of donations through the website which Plaintiff ran under the name of Defend Our Freedoms and using the picture of Defendant. She also advised the Officer that Plaintiff was using that website not only to divert donations to herself, but also to Attorney Philip Berg, who was using Lisa Liberi as his paralegal. Defendant advised the Officer that Lisa Liberi had a criminal record and a recent conviction of ten felony counts of grand theft and offer of forged/altered documents to file. The Officer asked Defendant if she believed that two "Lisas," Plaintiff, Lisa Ostella, and Lisa Liberi were connected. In response to that inquiry, Defendant stated that she believed Plaintiff and Ms. Liberi were connected in that she believed both were working with Philip Berg. Defendant did not inform the involved Officer that she believed that Plaintiff and Ms. Liberi were the same person, nor did Defendant inform the Officer that Plaintiff had a

criminal record. Defendant denies each and every remaining allegation of paragraph 23 of the SAC.

24.     In answering paragraph 24 of the SAC, Defendant denies each and every allegation contained therein, including but not limited to the uncertain, vague and ambiguous allegations regarding a "glitch." As stated in paragraph 22 of this Answer, from April 11, 2009 until now, Plaintiff ran one or more parallel and misleading website(s) through which she diverted donations intended for DOFF. Defendant denies each and every remaining allegation of paragraph 24 of the SAC.

25.     In answering paragraph 25 of the SAC, Defendant denies the uncertain, vague and ambiguous allegations regarding "remarkable Internet viewer traffic" and the "celebrity and popularity" of Defendant's blog. Defendant's popularity in the public decreased significantly and donations decreased by more than half after Plaintiff usurped the website of DOFF and diverted donations from it and Defendant. Defendant and DOFF have suffered significant damage from the actions of Plaintiff, by her diversion of funds, and Plaintiff's and Philip Berg's defamation of Defendant. Defendant denies each and every remaining allegation of paragraph 25 of the SAC.

26.     In answering paragraph 26 of the SAC, and Subparts A - K of said paragraph 26, Defendant admits, denies and alleges as follows:

                A.     In answering Subpart A of paragraph 26 of the SAC, Defendant states that she does not have any record of the purported April 17, 2009 posting on www.orlyTAITZesq.com referred to in said Subpart A. There is no record of any postings before April 18, 2009 with regard to said website and related blog, which was created on April 18, 2009. Accordingly, Defendant denies each and every allegation contained in Subpart A of paragraph 26 of the SAC.

B.   In answering Subpart B of paragraph 26 of the SAC, and as stated in paragraphs 19 and 23 herein, Defendant denies that she made a written report to the Orange County Sheriff's Department, and denies that what is purported to be quoted in said Subpart B accurately describes what she reported to the Orange County Sheriff's Defendant. Accordingly, Defendant denies each and every allegation contained in Subpart B of paragraph 26 of the SAC.

C.   In answering Subpart C of paragraph 26 of the SAC, Defendant does not know if the alleged statement purported to be quoted in that portion of the SAC accurately states any posting allegedly made by Defendant on April 18, 2009, nor if the alleged statement is in the same form as any posting allegedly made by Defendant on April 18, 2009. Accordingly, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Subpart C of paragraph 26 of the SAC, and on that basis, denies each and every allegation contained therein.

D.   In answering Subpart D of paragraph 26 of the SAC, Defendant does not know if the alleged statement purported to be quoted in that portion of the SAC accurately states any posting allegedly made by Defendant on April 18, 2009, nor if the alleged statement is in the same form as any posting allegedly made by Defendant on April 18, 2009. Accordingly, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Subpart D of paragraph 26 of the SAC, and on that basis, denies each and every allegation contained therein.

**ANSWER OF DEFENDANT, ORLY TAITZ, TO PLAINTIFF, LISA OSTELLA'S SECOND AMENDED COMPLAINT**

E.   In answering Subpart E of paragraph 26 of the SAC, Defendant does not know if the alleged statement purported to be quoted in that portion of the SAC accurately states any posting allegedly made by Defendant on April 19, 2009, nor if the alleged statement is in the same form as any posting allegedly made by Defendant on April 19, 2009. Accordingly, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Subpart E of paragraph 26 of the SAC, and on that basis, denies each and every allegation contained therein.

F.   In answering Subpart F of paragraph 26 of the SAC, Defendant does not know if the alleged statement purported to be quoted in that portion of the SAC accurately states any posting allegedly made by Defendant on April 20, 2009, nor if the alleged statement is in the same form as any posting allegedly made by Defendant on April 20, 2009. Accordingly, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Subpart F of paragraph 26 of the SAC, and on that basis, denies each and every allegation contained therein.

G.   In answering Subpart G of paragraph 26 of the SAC, Defendant does not know if the alleged statement purported to be quoted in that portion of the SAC accurately states any posting allegedly made by Defendant on April 21, 2009, nor if the alleged statement is in the same form as any posting allegedly made by Defendant on April 21, 2009. Accordingly, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Subpart G of paragraph

-12-

26 of the SAC, and on that basis, denies each and every allegation contained therein.

H.   In answering Subpart H of paragraph 26 of the SAC, Defendant does not know if the alleged statement purported to be quoted in that portion of the SAC accurately states any posting allegedly made by Defendant on May 5, 2009, nor if the alleged statement is in the same form as any posting allegedly made by Defendant on May 5, 2009. Accordingly, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Subpart H of paragraph 26 of the SAC, and on that basis, denies each and every allegation contained therein.

I.   In answering Subpart I of paragraph 26 of the SAC, Defendant does not know if the alleged statement purported to be quoted in that portion of the SAC accurately states any posting allegedly made by Defendant on May 19, 2009, nor if the alleged statement is in the same form as any posting allegedly made by Defendant on May 19, 2009. Accordingly, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Subpart I of paragraph 26 of the SAC, and on that basis, denies each and every allegation contained therein.

J.   In answering Subpart J of paragraph 26 of the SAC, Defendant does not know if the alleged statement purported to be quoted in that portion of the SAC accurately states any posting allegedly made by Defendant on May 20, 2009, nor if the alleged statement is in the same form as any posting allegedly made by Defendant on May 20, 2009. Accordingly, Defendant is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Subpart J of paragraph 26 of the SAC, and on that basis, denies each and every allegation contained therein.

K.   In answering Subpart K of paragraph 26 of the SAC, Defendant does not know if the alleged statement purported to be quoted in that portion of the SAC accurately states any posting allegedly made by Defendant on March 3, 2011, nor if the alleged statement is in the same form as any posting allegedly made by Defendant on March 3, 2011. Accordingly, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Subpart K of paragraph 26 of the SAC, and on that basis, denies each and every allegation contained therein.

27.   In answering paragraph 27 of the SAC, Defendant denies each and every allegation contained therein.

28.   In answering paragraph 28 of the SAC, Defendant denies that she by the email purported to be quoted in said paragraph 28 "admitted her awareness that there was not a hacking but a glitch on her email suffix." The email purported to be quoted in said paragraph 28 does not state that there was a "glitch"; it states that "Somebody tempered [sic] with my [P]aypal account, actually went into account and changed it from orly.TAITZ@gmail.com to orly.TAITZ@gmail.org...." As stated in paragraph 13 herein, Plaintiff has admitted that there was no such "glitch" and falsely accused Fran MacLaren of said change in Defendant's e-mail address from orly.taitz@gmail.com to orly.taitz@gmail.org. Defendant denies each and every remaining allegation of paragraph 28 of the SAC.

29.   In answering paragraph 29 of the SAC, Defendant denies each and every allegation contained therein.

-14-

**CLAIM I OF THE SAC: Invasion of Privacy - False Light Publicity**

30.     In answering paragraph 30 of the SAC, Defendant re-pleads and incorporates herein her responses to paragraphs 1 through 29 of the SAC, including all sub-paragraphs of said paragraphs, above as though fully set forth herein.

31.     In answering paragraph 31 of the SAC, Defendant denies each and every allegation contained therein.

32.     In answering paragraph 32 of the SAC, Defendant denies each and every allegation contained therein.

**CLAIM II OF THE SAC: Invasion of Privacy - Appropriation of Name Cal. Civ. Code § 3344(a)**

33.     In answering paragraph 33 of the SAC, Defendant re-pleads and incorporates herein her responses to paragraphs 1 through 32 of the SAC, including all sub-paragraphs of said paragraphs, above as though fully set forth herein.

34.     In answering paragraph 34 of the SAC, Defendant denies each and every allegation contained therein.

35.     In answering paragraph 35 of the SAC, Defendant denies each and every allegation contained therein.

36.     In answering paragraph 36 of the SAC, Defendant denies each and every allegation contained therein.

37.     In answering paragraph 37 of the SAC, Defendant denies each and every allegation contained therein.

38.     In answering paragraph 38 of the SAC, Defendant denies each and every allegation contained therein.

**CLAIM III OF THE SAC: Cyber Harassment/Bullying Calif. Pen. Code 653.2 & Civ. Code § 3344(a)**

39.     In answering paragraph 39 of the SAC, Defendant re-pleads and incorporates herein her responses to paragraphs 1 through 38 of the SAC, including all sub-paragraphs of said paragraphs, above as though fully set forth herein.

40.     In answering paragraph 40 of the SAC, Defendant denies each and every allegation contained therein.

41.     In answering paragraph 41 of the SAC, Defendant denies each and every allegation contained therein.

42.     In answering paragraph 42 of the SAC, Defendant denies each and every allegation contained therein.

**CLAIM IV OF THE SAC: Defamation Per Se - Libel Per Se**

**Calif. C. Civ. Proc. 45**

43.     In answering paragraph 43 of the SAC, Defendant re-pleads and incorporates herein her responses to paragraphs 1 through 41 of the SAC, including all sub-paragraphs of said paragraphs, above as though fully set forth herein.

44.     In answering paragraph 44 of the SAC, Defendant denies each and every allegation contained therein.

45.     In answering paragraph 45 of the SAC, Defendant denies each and every allegation contained therein.

46.     In answering paragraph 46 of the SAC, Defendant denies each and every allegation contained therein.

47.     In answering paragraph 47 of the SAC, Defendant denies each and every allegation contained therein.

48.     In answering paragraph 48 of the SAC, Defendant denies each and every allegation contained therein.

**PRAYER FOR RELIEF OF THE SAC**

49.     In answering the Prayer for Relief and its paragraph 1, Defendant denies that Plaintiff is entitled to any of the relief being sought therein.

50.     In answering the Prayer for Relief and its paragraph 2, Defendant denies that Plaintiff is entitled to any of the relief being sought therein.

51.     In answering the Prayer for Relief and its paragraph 3, Defendant denies that Plaintiff is entitled to any of the relief being sought therein.

52.     In answering the Prayer for Relief and its paragraph 4, Defendant denies that Plaintiff is entitled to any of the relief being sought therein.

53.     In answering the Prayer for Relief and its paragraph 5, Defendant denies that Plaintiff is entitled to any of the relief being sought therein.

54.     In answering the Prayer for Relief and its paragraph 6, Defendant denies that Plaintiff is entitled to any of the relief being sought therein.

55.     In answering the Prayer for Relief and its paragraph 7, Defendant denies that Plaintiff is entitled to any of the relief being sought therein.

56.     In answering the Prayer for Relief and its paragraph 8, Defendant denies that Plaintiff is entitled to any of the relief being sought therein.

57.     In answering the Prayer for Relief and its paragraph 9, Defendant denies that Plaintiff is entitled to any of the relief being sought therein.

58.     In answering the Prayer for Relief and its paragraph 10, Defendant denies that Plaintiff is entitled to any of the relief being sought therein.

59.     Defendant also demands a trial by jury.

## AFFIRMATIVE DEFENSES

### FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

1.     As and for a separate, distinct affirmative defense to the SAC, this answering Defendant alleges that the SAC and each of its claims for relief fails to state a claim against Defendant for which relief can be granted. Fed. R. Civ. P. 12(b)(6).

### FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

2.     As and for a separate, distinct affirmative defense to the SAC, this answering Defendant alleges that the SAC and each of its claims for relief fails to state a claim against Defendant due to lack of subject-matter jurisdiction including but not limited to the absence of diversity jurisdiction. Fed. R. Civ. P. 12(b)(1).

-17-

**FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

3.     As and for a separate, distinct affirmative defense to the SAC, this answering Defendant alleges that the SAC and each of its claims for relief fails to state a claim against Defendant due to lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2).

**FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

4.     As and for a separate, distinct affirmative defense to the SAC, this answering Defendant alleges that any damages which Plaintiff has alleged in the instant matter are speculative in nature and, therefore, are not recoverable.

**FOR A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

5.     As and for a separate, distinct affirmative defense to the SAC, this answering Defendant alleges that Plaintiff has failed to act reasonably to mitigate her damages, if any there be. Such failure to mitigate on the part of Plaintiff bars or reduces her right to recover any damages against this Defendant.

**FOR A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

6.     As and for a separate, distinct affirmative defense to the SAC, this answering Defendant alleges that the SAC and each of its claims for relief does not state facts sufficient to constitute any claim for relief in that the statements alleged to be defamatory are not false statements of fact.

**FOR A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

7.     As and for a separate, distinct affirmative defense to the SAC, this answering Defendant alleges that in the event this Defendant is found liable to Plaintiff, which liability is expressly denied, said liability should be reduced by the

-18-

percentage of fault attributable to Plaintiff and all others; and that said liability for non-economic damages of this Defendant is several only and not joint, so that Defendant shall be responsible only for the amount of noneconomic damages allocated to her in direct proportion to her percentage of fault pursuant to the provisions of California Civil Code section 1431.2.

## FOR AN EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

8.     As and for a separate, distinct affirmative defense to the SAC, this answering Defendant alleges that the SAC and each of its claims for relief is barred by applicable statutes of limitation, including, but not limited to, under California Code of Civil Procedure sections 335.1, 337, 337a, 339 and 340.

## FOR A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

9.     As and for a separate, distinct affirmative defense to the SAC, this answering Defendant alleges that statements alleged by Plaintiff to have been made by Defendant, and alleged by Plaintiff to be defamatory, are not defamatory in that they are true statements.

## FOR A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

10.     As and for a separate, distinct affirmative defense to the SAC, this answering Defendant alleges that any recovery by Plaintiff is barred by the doctrine of laches.

## FOR AN ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

11.     As and for a separate, distinct affirmative defense to the SAC, this answering Defendant alleges that the statements alleged by Plaintiff to have been made by Defendant, and alleged by Plaintiff to be defamatory, are not defamatory in that they are fair comments not made with actual malice.

**FOR A TWELFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

12.     As and for a separate, distinct affirmative defense to the SAC, this answering Defendant alleges that any recovery by Plaintiff is barred by the doctrine of unclean hands by the tortious and other unlawful conduct of Plaintiff set out herein.

**FOR A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

13.     As and for a separate, distinct affirmative defense to the SAC, this answering Defendant alleges that the SAC and each of its claims for relief does not state facts sufficient to constitute a claim for relief against Defendant in that the statements alleged to be defamatory are expressions of opinions.

**FOR A FOURTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

14.     As and for a separate, distinct affirmative defense to the SAC, this answering Defendant alleges that the alleged defamatory statements of which Plaintiff complains are related to and constitute matters of public concern and, thus, are constitutionally protected by application of the First Amendment to the United States Constitution and California Code of Civil Procedure section 425.16.

**FOR A FIFTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

15.     As and for a separate, distinct affirmative defense to the SAC, this answering Defendant alleges that the SAC and each of its claims for relief is barred where the alleged defamatory statements are privileged by application of California Civil Code section 47(b) and (c).

**FOR A SIXTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

16.    As and for a separate, distinct affirmative defense to the SAC, this answering Defendant alleges that the SAC and each of its claims for relief is barred under the substantial truth doctrine.

**FOR A SEVENTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

17.    As and for a separate, distinct affirmative defense to the SAC, this answering Defendant alleges that the SAC and each of its claims for relief is barred where Plaintiff has not sustained actual damages as a result of the alleged defamatory statements.

**FOR AN EIGHTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

18.    As and for a separate, distinct affirmative defense to the SAC, this answering Defendant alleges that the alleged defamatory statements complained of in the SAC were made without any feelings by Defendant of malice, hatred or ill-will for Plaintiff.

**FOR A NINETEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

19.    As and for a separate, distinct affirmative defense to the SAC, this answering Defendant alleges that the alleged statements complained of in the SAC are protected under the common interest privilege where the alleged defamatory statements were made in good faith, without malice, and to persons interested therein by one who was also interested or who was requested by the persons interested to give the information.

**FOR A TWENTIETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

20.     As and for a separate, distinct affirmative defense to the SAC, this answering Defendant alleges that Plaintiff lacks standing to sue in this action.

**FOR A TWENTY-FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

21.     As and for a separate, distinct affirmative defense to the SAC, this answering Defendant alleges that the alleged statements complained of in the SAC are protected under the common interest privilege where the alleged defamatory statements were made in good faith, without malice, and by a person who stood in such a relation to the persons interested as to afford a reasonable ground for supposing the motive for the communications to be innocent.

**FOR A TWENTY-SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

22.     As and for a separate, distinct affirmative defense to the SAC, this answering Defendant alleges that the alleged statements complained of in the SAC are protected under the common interest privilege where the alleged defamatory statements were made in good faith, without malice, and were justified and necessary to protect the interests of the political dissident community and donors of said community.

**FOR A TWENTY-THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

23.     As and for a separate, distinct affirmative defense to the SAC, this answering Defendant alleges that the alleged defamatory statements complained of in the SAC are protected under the common interest privilege where the statements were made in good faith, and not maliciously or with a reckless disregard for the truth.

**FOR A TWENTY-FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

24. As and for a separate, distinct affirmative defense to the SAC, this answering Defendant alleges that the alleged defamatory statements complained of in the SAC are protected under the qualified privilege where Defendant had a good faith reason to believe the truth of matters contained in such statements, Defendant had a personal or professional interest in knowing the information in the statements, and Defendant shared the statements only with others who also had a personal or professional interest in knowing the information in the statements.

**FOR A TWENTY-FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

25. As and for a separate, distinct affirmative defense to the SAC, this answering Defendant alleges that the SAC and each of its claims for relief is barred under the doctrines of res judicata, collateral estoppel and law of the case, and including but not limited to under and pursuant to the Court of Appeals' decision (Court of Appeals Case No. 13-56253; Dkt. No. 676) finding that Defendant engaged in protected activities under California's anti-SLAPP statute (Code of Civil Procedure section 425.16) exercising her rights of free speech on matters of public importance.

**FOR A TWENTY-SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

26. As and for a separate, distinct affirmative defense to the SAC, this answering Defendant alleges that any recovery by Plaintiff is barred by the doctrine of estoppel, including under equitable estoppel and judicial estoppel. This includes but is not limited to where Plaintiff has alleged and stated in various pleadings that California law does not apply in the case captioned above.

**FOR A TWENTY-SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

27.    As and for a separate, distinct affirmative defense to the SAC, this answering Defendant alleges that any recovery by Plaintiff is barred by the doctrine of offset/setoff, including under California Code of Civil Procedure sections 431.70 and/or 666, where the amount of Defendant's and DOFF's damages caused by the tortious and other unlawful conduct of Plaintiff set out herein exceeds the amount of the damages claimed by Plaintiff herein, if any there be and the existence of such alleged damages is expressly denied by Defendant.

**FOR A TWENTY-EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

28.    As and for a separate, distinct affirmative defense to the SAC, this answering Defendant alleges that any recovery by Plaintiff is barred by the doctrine of waiver.

**FOR A TWENTY-NINTH, SEPARATE AND DISTINCT AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

29.    As and for a separate, distinct affirmative defense to the SAC, this answering Defendant alleges that the SAC and each of its claims for relief is barred because all of Defendant's alleged actions with respect to Plaintiff were taken solely for legitimate and justified reasons unrelated to any alleged defamation, invasion of privacy or any other claimed wrongful conduct.

**FOR A THIRTIETH, SEPARATE AND DISTINCT AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

30.    As and for a separate, distinct affirmative defense to the SAC, this answering Defendant alleges that Plaintiff is not entitled to recover attorneys' fees on any basis.

**FOR A THIRTY-FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

31.    As and for a separate, distinct affirmative defense to the SAC, this answering Defendant alleges that Plaintiff's claims for injunctive or other equitable relief are barred because Plaintiff has an adequate and complete remedy at law.

**FOR A THIRTY-SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

32.    As and for a separate, distinct affirmative defense to the SAC, this answering Defendant alleges that Plaintiff may not recover damages in this action because, under the circumstances presented, it would constitute unjust enrichment

**FOR A THIRTY-THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

33.    As and for a separate, distinct affirmative defense to the SAC, this answering Defendant alleges that Plaintiff is not entitled to recover any punitive damages, and any allegations in support of a claim for punitive damages should be stricken, because California's laws regarding the acts and omissions alleged are too vague to permit the imposition of punitive damages, and because any award of punitive damages in this action would violate Defendant's constitutional rights under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment to the United States Constitution, as well as other provisions of the United States Constitution and the California Constitution.

**FOR A THIRTY-FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

34.    As and for a separate, distinct affirmative defense to the SAC, this answering Defendant alleges that Defendant cannot be held liable for punitive

1   damages because she did not engage in oppressive, fraudulent or malicious conduct

2   toward Plaintiff. California Civil Code section 3294.

3   **FOR A THIRTY-FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE**

4   **DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

5   35.   As and for a separate, distinct affirmative defense to the SAC, this

6   answering Defendant alleges that there is no justiciable controversy under the facts

7   and law which existed at the time of the filing of Plaintiff's initial Complaint, First

8   Amended Complaint and Second Amended Complaint, that said Complaints were

9   filed without reasonable cause and not in good faith, and therefore Defendant is

10   entitled to reimbursement of her defense costs, including attorney's fees and expert

11   witnesses' fees incurred, pursuant to Fed. R. Civ. P. 11 and other applicable legal

12   authority.

13   **FOR A THIRTY-SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE**

14   **DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

15   36.   As and for a separate, distinct affirmative defense to the SAC, this

16   answering Defendant alleges that she may have additional defenses to the claims of

17   Plaintiff not presently known to Defendant and which inure to the benefit of

18   Defendant, and Defendant therefore prays leave to amend the Answer to assert such

19   defenses when the same shall have been ascertained.

20   WHEREFORE, this answering Defendant prays that:

21   1.   Plaintiff take nothing by way of her SAC on file herein as against

22   Defendant;

23   2.   Defendant be dismissed with prejudice, and that judgment be entered

24   for Defendant;

25   3.   Defendant be awarded her reasonable costs and attorneys' fees incurred

26   herein; and

27

28

1        4.     The Court grant such other and further relief that it deems just and

2    proper.

3

4    DATED: November 3, 2017        **SCHUMANN | ROSENBERG**

5

6                     By:   /s/ Jeffrey P. Cunningham

7                           Kim Schumann, Esq.
Jeffrey P. Cunningham, Esq.

8                           Attorneys for Defendant,
ORLY TAITZ

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ANSWER OF DEFENDANT, ORLY TAITZ, TO PLAINTIFF, LISA OSTELLA'S SECOND AMENDED
COMPLAINT**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2017, I electronically filed the foregoing ANSWER OF DEFENDANT, ORLY TAITZ, TO PLAINTIFF, LISA OSTELLA'S SECOND AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system which will send the notification of such filing via electronic mail to all counsel of record.

/s/ Jeffrey P. Cunningham
Jeffrey P. Cunningham

**ANSWER OF DEFENDANT, ORLY TAITZ, TO PLAINTIFF, LISA OSTELLA'S SECOND AMENDED COMPLAINT**