Orly Taitz, Esq., State Bar #223433

**LAW OFFICES OF ORLY TAITZ**

29839 Santa Margarita Pkwy, Ste 100

Rancho Santa Margarita, CA 92688

Telephone (949) 683-5411

Email: orly.taitz@hushmail.com

Attorney for Counterclaimants Taitz and DOFF

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| LISA M. OSTELLA,<br><br>    Plaintiff,<br><br>             v.<br><br>ORLY TAITZ,<br><br>    Defendant. | Case No. 8:11-CV-00485-AG |

**EMERGENCY EX-PARTE MOTION FOR A LEAVE TO FILE AN ABBREVIATED AMENDED COUNTER COMPLAINT WITH ONLY 4 (FOUR CAUSES OF ACTION) AGAINST PLAINTIFF AND COUNTER DEFENDANT LISA OSTELLA (PROPOSED AMENDED COUNTER COMPLAINT ATTACHED) AND ORDER MANDATORY SETTLEMENT CONFERENCE ON BOTH THE COMPLAINT AND COUNTER COMPLAINT TO BE HELD TOGETHER**

### STATEMENT OF FACTS AND SUMMARY

On October 13, 2017, just 3 months ago, after 8 and a half years of litigation, this court summarily denied Defendants motions to dismiss the First Amended Complaint and allowed Plaintiff Lisa Ostella ("Ostella") to file a new Second Amended Complaint (SAC). Defendant Taitz submitted a mandatory two page request for a leave of court to file motions to dismiss the SAC under 12B1, 12B6 and AntiSLAPP. As no response was received from the court within 3 weeks, Taitz was obligated to file an answer simultaneously with the mandatory Counter-Complaint.

Counter -Complaint was summarily stricken and parties were ordered to participate in the mandatory settlement conference.

Settlement conference was held before magistrate judge Rosella Oliver on 01.22.2018. At around 3pm Plaintiff Ostella and her attorney, Mr. Lorenzo, walked out. Judge Oliver called Mr. Lorenzo and left a message for him and his client to return, as the settlement conference was ongoing and the insurance representative was still there seeking to continue negotiating settlement. Mr. Lorenzo and Ms. Ostella did not return. Additionally, Mr. Shumann, attorney for Taitz, previously asked Mr. Lorenzo to schedule depositions around the time of settlement conference. It made sense to schedule the depositions, in case the case did not settle, as Ms. Ostella already flew to Los Angeles from New Jersey and her attorney, Mr. Lorenzo, flew to Los Angeles from Florida. They were here   and depositions should have taken place. Mr. Lorenzo did not agree and the plaintiff and her attorney flew home without her sitting for the deposition.

As of today there was no discovery in this case and no depositions.  The main reason the settlement was not successful, is because Ostella was given a huge

leeway and was allowed to file her SAC after 8 and a half years of litigation, motions to dismiss SAC were not allowed to be filed yet and, most importantly, Taitz so far was deprived by the court of her constitutional rights of due process and equal protection and was not allowed to proceed with her counter-complaint against Ostella.

Taitz is seeking a leave of court to file a very short amended counter-complaint against only one counter -defendant Ostella. The complaint will not have any exhibits and will be very short and will have only 4 (four) causes of action. (see Attached)

Taitz is requesting the court to order parties to participate in the mandatory settlement conference on both the SAC and Amended Counter Complaint and order Ostella and her attorney to act in good faith and not walk out in the middle of the settlement conference. Taitz is confident that this case will settle very quickly when both the SAC and the Amended Counter Complaint are considered in the settlement conference.

In the very unlikely eventuality that the SAC and the counter complaint are not settled, both should be hears in the same trial.  Since both the complaint and the counter complaint arise from the same nucleus of facts, the interests of justice and judicial economy dictate the need  for both to be heard by the same jury at trial. Additionally, if the case does not settle, the court should order the parties to conduct the discovery conference with Magistrate Judge Oliver and Plaintiff Ostella should be compelled to appear for the deposition and for production of all Pay-Pal, credit card and banking records of all websites that she ran in connection to and linked to Defend Our Freedoms addresses, including, but not limited to info@goexcelglobal.com Pay-Pal account, LisaOstella@hotmail.com Pay-Pal account, LisaMichelleOstella@yahoo.com, all accounts connected to Breederville.com, BarofOntegrity.com, iDenville.com, NewYorkCityCommunity.com. GoExcelGlobal.com.

If Taitz will be deprived of her right to file even a very abbreviated counter-complaint, she will be seeking an appeal based on error and deprivation of her rights of due process and equal protection. The appeal is likely to take about three years in the 9th circuit and is likely to lead to a second trial. In the interest of Judicial Economy and in order to resolve all issues between involved parties expeditiously it is imperative to hear the complaint and the counter complaint in one trial before one jury.

## ARGUMENT

The essence of the case at hand is that Ostella offered to help Taitz to create a website with connected Pay-Pal account to help Taitz collect donations for her foundation and for her constitutional rights work. Taitz is an attorney and Doctor of Dental Surgery and the President of Defend Our Freedoms Foundation. After the website existed for about four months, and after the donations level reached about $5,000 per month, Ostella, by her own admission, locked Taitz and her foundation out of the web site for Defend Our Freedoms Foundation (DOFF) and replaced the foundation Pay-Pal account with her own Pay-Pal account and continued soliciting donations under the name of the foundation "Defend Our Freedoms". Ostella kept the picture of Taitz, the President of the foundation, on the top of the front page of the web site, she kept the name "Defend Our Freedoms" on the top of the site and over the donation button and in the receipt for donors. Ostella was seeking to defraud the donors and make them believe that this is the DOFF web site, when donations made through that web site after April 11, 2009 no longer went to the foundation, but went to Ostella's pocket. Additionally, Ostella linked to the DOFF web site an auction web site that she ran as well. Ostella wrote on the web site "Defend Our Freedoms. Want to help out but don't have money to donate? Defend Our Freedoms has partnered with Breederville.com. By registering at this link you can set up a business store, hold an auction, sell your products and sell livestock while supporting Defend Our

Freedoms. Not only do you promote yourself and earn money for your own business; but you earn money for Defend Our Freedoms. Defend Our Freedoms makes money from the Breederville.com auction fees. So you don't need to do any additional steps." (http://www.defendourfreedoms.org:80/auction.html)

This was a scam, an egregious fraud, Ostella did not forward one cent to the Defend Our Freedoms foundation from either the donations that she collected from around April 11, 2009 or auction fees or other scams. Ostella used the web addresses for DOFF to link to her other ventures, such as travel sites GoExcelGlobal site promoting trips to Florida and Caribbean, iDenville.com, where she collected as much as $1,000 per ad  or NewYorkCityCommunity site.

Taitz had to create a new web site for the foundation, where she made several notices to the donors, advising them not to go to the old web site, which was taken over by the web master Lisa Ostella, as donations given on that site did not go to the foundation, but went to Ostella's pocket.

During 12.20.2010 hearing before Judge Robreno, who presided over this case initially, "Ostella testified that she worked for Taitz as her web designer. She also assisted Taitz with her web site defendourfreedoms.org and connected pay-pal accounts for collecting donations to the site. On cross-examination Ostella conceded that she locked Taitz out of her website defendourfreeoms.org and her associated PayPal accounts" (12.23.2010 Memorandum order by Judge Robreno Dkt 160).

Ostella sought to retaliate against Taitz for exposing her diversion of donations from DOFF. She fabricated various defamatory allegations about Taitz, her husband and her donors and supporters.  While Taitz traveled to New Jersey to file a police report against Ostella for diversion of donations, Ostella fabricated an extremely defamatory story that Taitz was threatening to kidnap Ostella's children and was seeking a hit man to "professionally kidnap Ostella's children".  Ostella admitted that she instigated a criminal case against Taitz, which was immediately

dismissed, however, these defamatory statements ruined the reputation of Taitz and represent a valid basis for claim for defamation, malicious prosecution and abuse of process. Later, during 12.20.2010 hearing Ostella admitted that it was a fabrication and that she knew that Taitz traveled to New Jersey to file a police report, not to kidnap Ostella's children.

Additionally, Ostella admitted that she forged Taitz's signature by copying her signature from one document to others. She claimed that Taitz allowed her to do so. Taitz never allowed Ostella to forge her signature.  Those defamatory allegations reduced Taitz's reputation. Taitz is a licensed attorney and a licensed dentist. Allegations of allowing someone to forge her signature were defamation per se.

## AMENDED COUNTER -COMPLAINT IS CONCISE AND ADDRESSED ALL CONCERNS OF THE COURT

Amended complaint addressed all of the concerns of the court, it is very concise, clear and ends all chaos, which was the concern of the court. Firstly, there is only one counter-Defendant, Lisa Ostella. Taitz removed all other counter-defendants and third party defendants. Secondly, Taitz removed all exhibits. Thirdly, the counter-complaint is very concise and does not exceed the size of the Second Amended Complaint, which was recently allowed to be filed by the Plaintiff.

## THE COUNTER-COMPLAINT WAS FILED TIMELY

While the court noted that the case is old, Taitz did not have an opportunity to file a counter-complaint, as it is supposed to be filed with the answer, and the answer was not due until now.

Taitz filed an CA CCP 425.16 AntiSLAPP against the original complaint. It was denied by this court and was appealed. After 3 years under submission, the 9th Circuit ruled that the plaintiffs were supposed to be given an opportunity to file the First Amended Complaint before the court decided on antiSLAPP. As such, the

case was remanded to the District Court and defendants filed a new AntiSLAPP motion to strike the First Amended Complaint. It was denied with one word "denied" and appealed to the 9th Circuit. The 9th Circuit found that Taitz satisfied the first prong of the AntiSLAPP and engaged in protected free speech on matters of public importance and consequently dismissed three causes of action. (Court of Appeals Case No. 13-56253; Dkt. No. 676.)  The case was remanded to the district court in 2016 and Taitz and DOFF filed 12b1 and 12b6 motions to dismiss the First Amended Complaint. Even though Plaintiff Ostella knew that she was supposed to submit a two page request prior to filing motions, in December 2016-January 2017, she filed without any leave of court 16 different motions and motion related documents, among them a motion seeking to file a Second Amended Complaint. The motions to dismiss the FAC were under submission for nearly a year and in September of 2017 they were summarily denied by the court, without addressing any legal argument or facts in those motions and in October of 2017 Ostella was given a leave to file her SAC. The court did not respond to a request by Taitz to file motions to dismiss the SAC and only in November 2017 the answer and the mandatory counter-complaint  were due and were properly filed.

Thus, from at least May 2011 through October 2017 Taitz and DOFF could not file an Answer or Counterclaim/Third Party Complaint where the case was stayed due to the appeals and the District Court's orders staying the case; where Taitz and DOFF had pending motions to dismiss and strike under Fed. R. Civ. P 12 and California's anti-SLAPP statute; and where they had pending requests for leave to file motions to dismiss and strike. Moreover, Ostella's operative Second Amended Complaint was not filed until October 14, 2017. Under Fed. R. Civ. P. 12(a), Taitz and DOFF had at least 21 days from October 14, 2017 to file their "Compulsory Counterclaim" under FRCP 13(a). They did so on November 3, 2017.

<u>As such, even though the case is lengthy, the counter complaint was not due until November 2017, when it was filed.</u> Since the court has stricken the counter-complaint filed in November of 2017, Taitz is seeking to file an Amended Counter-Complaint addressing all the concerns of the court.

## TAITZ MUST BE GIVEN THE OPPORTUNITY TO AMEND THE COUNTERCOMPLAINT

A court may not dismiss an original complaint without leave to amend prior to filing a responsive pleading. FRCP 15(a)(1). A motion to dismiss is not a responsive pleading. Neither the filing or granting of such a motion before answer terminates the right to amend; an order of dismissal denying leave to amend at that stage is improper. "A motion to dismiss is not a "responsive pleading" within the meaning of the Rule. Neither the filing nor granting of such a motion before answer terminates the right to amend; an order of dismissal denying leave to amend at that stage is improper ....

"See also Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1520 (9th Cir.1983) (right to amend terminated only by responsive pleading); Halet v. Wend Inv. Co., 672 F.2d 1305, 1310, n. 5 (9th Cir.1982).

"In Worldwide Church of God, Inc. v. State of California, 623 F.2d 613, 616 (9th Cir.1980), we said that 'a party may, as a matter of right, amend its complaint once

before the filing of a responsive pleading or the entry of final judgment following dismissal of its action. . . .

"Leave to amend may be denied for reasons of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.' Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962). But, 'where the record does not clearly dictate the District Court's denial, we have been unwilling to affirm absent written findings ... and have reversed findings that were merely conclusory.'" (Mayes v. Leipziger, 729 Fed.2d 605, 607, 608 (9th Cir, (1984)) "Absent prejudice, or a strong showing of any of the remaining . . . factors,

there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis omitted); see Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 880 (9th Cir. 1999) (stating that when a court conducts a Rule 15(a) analysis, generally all inferences should be drawn in favor of granting the motion)." Dkt 227 Liberi v Taitz. Further, after 8 years of litigation this court allowed Ostella to file a SAC while preventing TAITZ from filing her counter complaint. This court should have given Taitz and DOFF a leave to file a First Amended Counter Complaint, as Taitz filed her Counter -Complaint timely together with the answer, only 3 weeks after the SAC was filed.

## COMPULSORY COUNTERCLAIMS

Compulsory counterclaims are claims that "arise[ ] out of the transaction or occurrence that is the subject matter of the opposing party's claim." F.R.C.P. 13(a). The Ninth Circuit applies a "logical relationship test" to determine whether a counterclaim is compulsory. Under this test, the court "analyze[s] whether the

essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Pochiro v. Prudential Ins. Co. of Amer.*, 827 F.2d 1246, 1249 (9th Cir.1987) (quoting *Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir.1978)).

If a defendant fails to bring a compulsory counterclaim, he is barred from asserting that claim in a future proceeding. FRCP 13(a); Sams v. Beech Aircraft,625 F.2d 273, 276 n. 4 (9th Cir.1980) (citing Baker v. Gold Seal Liquors, 417 U.S.467, 469 n. 1, 94 S.Ct. 2504, 41 L.Ed.2d 243 (1974)); see also Channell v. Citicorp Nat'l Services, Inc., 89 F.3d 379, 385 (7th Cir.1996).

FRCP 15(c)(1)(C) provides the federal standard for whether a pleading relates back. Krupski v. Costa Crociere S.p.A., 560 U.S. 538, 541 (2010) ("Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations."). In order for an amended complaint to relate back under FRCP 15(c)(1)(C), the following conditions must be met: "(1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it." Schiavone v. Fortune, 477 U.S. 21, 29 (1986). Factors (1) and (2) apply to the Counterclaim which thus relates back to Plaintiffs' initial Complaint. Factor (3) is inapplicable.

Wright, Miller and Kane, Federal Practice and Procedure ("FPP") §1419, at 152 states that "[T]he majority view appears to be that the institution of plaintiff's suit tolls or suspends the running of the statute of limitations

governing a compulsory counterclaim." "[T]the institution of plaintiff's suit tolls or suspends the running of the statute of limitations governing a compulsory counterclaim.'" <u>Burlington Indus. v. Milliken & Co</u>., 690 F.2d 380, 389 (4th Cir.1982), cert. denied, 461 U.S. 914, 103 S.Ct. 1893, 77 L.Ed.2d 283 (1983) (quoting FPP §1419, at 109 (1971)). This view reflects the rationale set forth in FPP that, "This approach precludes plaintiff, when the claim and counterclaim are measured by the same period, from delaying the institution of the action until the statute has almost run on defendant's counterclaim so that it would be barred by the time defendant advanced it. Nor is plaintiff apt to be prejudiced by the tolling of the statute, since he presumably has notice at the time he commences his action of any counterclaim arising out of the same transaction as his suit."

This approach is followed in the Ninth Circuit: in <u>Religious Tech. Center v. Scott</u>, 82 F.3d 423 (9th Cir.1996): ("<u>[A] compulsory counterclaim relates back to the filing of the original complaint." Based on the above, the counter-complaint is timely.</u>

## OSTELLA HAS ADMITTED WRONGDOING DEMONSTRATING THAT DOFF IS AN INDISPENSABLE PARTY

Firstly, this court did not grant the motions to dismiss the FAC and never dismissed the FAC by Berg against the DOFF. As such, DOFF was never dismissed from the case and could file a counter -complaint. Additionally, Ostella's own ongoing admitted wrongdoing  against both Taitz and DOFF, makes DOFF an indispensable party in counter complaint.

Ostella admits to locking DOFF from the website she managed as a web master and replacing DOFF PayPal account with her personal account "Ostella changed the PayPal script for the donation button to reflect her own account on defendourfreedoms.net" Liberi et al Memorandum personally signed by Ostella Dkt No 186-2, p 20 Liberi v Taitz 11-cv-485.  Similarly, Ostella admitted to the same during December 20, 2010 hearing in the case at hand. Ostella admitted to hijacking the web addresses and website for DOFF, using the name and the web address of DOFF and picture of Taitz, president of DOFF, to divert donations to her own PayPal and credit card accounts. Unsuspected donors believed that they are donating to DOFF. For this reason, DOFF is an indispensable party, as Ostella's actions caused significant injuries to DOFF. As such, DOFF is still a party or alternatively should be allowed by the court to join Taitz as an indispensible party, counter-plaintiff against Ostella.

## CONCLUSION

Based on the above, the court should grant Taitz a leave to file an amended counter complaint and order the SAC and the Amended Counter complaint to be heard together at the same mandatory settlement conference or if the case does not settle, at the same jury trial.

Respectfully submitted,

/s/ Orly Taitz,

counselor for counter-plaintiffs Taitz and DOFF

01.28.2018