# "Exhibit 15"

# Lorenzo Law Firm, P.A.
*Attorneys and Counselors at Law*
2040 Delta Way
Tallahassee, FL 32303
D.C. & Florida

www.lorenzolawfirm.com                                          855.757.2757 o
admin@lorenzolawfirm.com

January 25, 2018

**Hon. Andrew Guilford**
**c/o Dep. Courtroom Clerk**
411 West 4th Street, Room 1053
Santa Ana, CA 92701-4516

**RE:  Ostella *v. Taitz* 8:11-cv-00485 (AG-RAO –
        Plaintiff requests Leave to file its Motion for Summary Judgment**

Honorable Judge Guilford:

The Plaintiff, Lisa Ostella, seeks leave to file a *motion for summary judgment*.

The Defendant has engaged in a pattern of conduct, using its prominent blog [visitor counter over 96 million as of 1/25/2018], posting 15 individually titled posts plus published criminal reports and emails to media, clearly accusing Lisa Ostella of committing crimes.  The accusations regard Defendant's reporting to the public about her observations of her PayPal donate account, claiming that Lisa Ostella diverted funds. The truth behind those posts and publications have not been provided by the Defendant.  Devoid of factual support of the stated accusatory claims demonstrates the Defendant's great disregard for the truth.  Discovery has been served on Defendant in October 2016 and October 2017 and only objections were received. Defendant's failure to provide evidence to support the truth of her statements that are on online to this day is irresponsible and demonstrates a disregard for the truth worthy of punitive treatment.

The prominence of Defendant's site elevates her exposure to the level of being a tabloid or a forum.  Great responsibility inures to someone conducting such high-profile publication activity, especially authored by a license attorney who promotes herself as one being credible. Any common person would construe Defendant's statements as having some truth.  This is evidenced by the donations Defendant has received at the Plaintiff's expense.

A "narrative" has been spun by the Defendant that has taken on a life of its own, seeking to convince the Internet public and media public and the judiciary that the web-product designed and owned by the webmaster, Lisa Ostella, was rather the Defendant's.  However, and actually, a product was designed by Lisa Ostella *to be sold* to the Defendant.  The web-product was in beta testing in late February 2009 when Ostella gave Defendant access to test it and to comment on its use in order for Ostella to finish the web-product and sell the web-product to the Defendant.

However, during her testing period the Defendant publicly claimed ownership, incorporated an entity using the words of the domain, and publicly claimed that a hack occurred.  The transaction to sell the web-product along with the domains <u>never transpired to justify</u> the Defendant's ownership claims to the site or to the domains.  But, Defendant, upon getting test access, did not hesitate to spin and claim of her ownership and claim that she was "locked out".  It was not the Defendant's web-product, *yet*, for her to claim possession, control, and ownership of the web-product.  The finalization and transaction never took place for Defendant to have ownership.

Ostella has always been the web-product designer and owner of a web-product that Defendant never paid, nor approved of during testing, for Ostella to finish and the Defendant to buy and own.  As a licensed lawyer the Defendant should know those points of product and sale of a product and the appropriate consideration that is required to transact in order to acquire "ownership of a product", i.e., a web-product.

Defendant's mischaracterizations and chaos throughout the 8 plus years of this case has blurred these essential points and facts of the events from coming to surface and from being acknowledged.  Excessive motions have been filed causing needless wasteful delay and confusion.

Furthermore, the Court has not seen the documentary evidence supporting Plaintiff's claims.  Defendant's individually titled numerous posts that criminally accuse Ostella is a wrong that continues to this day.  The Defendant has no credible excuse for the wrong she has done.  The wrong has been perpetuated by Defendant's mischaracterizations of events, court rulings, court dicta, and of the facts.

Ever since October 2016 when the undersigned began to represent the Plaintiff, the focus has been to bring clarity to the gravamen of this case.  The filing of Plaintiff's motion for summary judgment is crucial to finally present the case on the four libel related issues.  The Plaintiff is prepared to pursue its rightful remedies for the years of enduring Defendant's contemptible libelous actions.

                Sincerely,

                *J.B. Lorenzo, Jr.*
            *Counsel for Plaintiff, Lisa Ostella*

**Copied:** Mr. Jeffrey Cunningham, Esq., Mr. Kim Schumann, Esq.
(*counsels for Defendant Orly Taitz*)