UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|---|---|---|---|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|

**Proceedings:**   **[IN CHAMBERS] ORDER RE MOTIONS FOR SUMMARY JUDGMENT**

This case stems from a professional relationship gone very, very bad. Plaintiff Lisa Ostella used to volunteer for Defendant Orly Taitz as a web developer. Eventually, their relationship soured, with Taitz accusing Ostella of stealing online donations and "locking" Taitz out of various web sites that Ostella had been developing for Taitz. From the beginning, this dispute has rarely been about substance, and instead involves two parties airing their personal grievances with one another through online postings, complaints to law enforcement, and extended civil proceedings in multiple courts. Things got so out of hand the Court was forced to impose a prefiling restriction on the parties. (*See* Dkt. No. 227.) After years of litigation, both parties agreed that this case should be resolved by the Court through summary judgment. Since in this convoluted and unreasonably contentious case both sides ask the Court to decide this without trial, the Court will do so. Thus, the Court vacated the previously set trial and set a briefing schedule.

In total, the parties filed six briefs and thousands of pages of documents. Even after all this the Court is still not sure what exactly happened between Ostella and Taitz. The truth seems to be buried in their confusing arguments and mountains of exhibits, or (more likely) not effectively presented in this case. *See Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) ("[A] district court is not required to comb the record to find some reason to deny a motion for summary judgment."); *see also Corley v. Rosewood Care Ctr., Inc.*, 388 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|---|---|---|---|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

990, 1001 (7th Cir. 2004) (internal citations and quotation marks omitted) ("Judges are not like pigs, hunting for truffles buried in the record."). Despite the parties' difficulty pursing this matter effectively, the Court issues this order to, as much as now possible under the law and circumstances, do justice.

Plaintiff Lisa Ostella contends that she's entitled to summary judgment on all her claims, asking the Court to award her over $15,000,000, among other things. (Dkt. No. 818.) Defendant Orly Taitz also contends that she's entitled to summary judgment on Ostella's claims. (Dkt. No. 826.) Like so many poorly presented cases, the outcome of this case is dictated by the burden of proof. Because Ostella has failed to present sufficient evidence to carry her burden on any of her claims, the Court DENIES Ostella's motion for summary judgment. (Dkt. No. 818.) For the same reason, the Court GRANTS Taitz's motion for summary judgment. (Dkt. No. 826.)

## 1. BACKGROUND

At bottom, this case is about 11 statements by Taitz, which were all posted on Taitz's blog. Here is a brief summary of the statements:

> 1. April 17, 2009: In an email (which was later posted on Taitz's website) titled "Dossier #6" sent to various people, Taitz wrote that the email address in her blog's "pay-pal was changed, which prevented [her] from raising funds." (Dkt. No. 819-12.) Taitz explained that, "When [she] found a new web master to host [her] foundation, Ms. Ostella instead of transferring the access codes and the domain, has locked me and another volunteer moderator out of the blog." (*Id.*) Taitz wrote that she "started receiving statements and copies of pay-pal receipts, showing instead of my-email address, an e-mail address of Lisa Ostella." (*Id.*) Taitz wrote that she originally "thought that maybe her address showed on the receipt, since she was a web master on the account, however, when I checked the names and dates on the receipts against the names on the roster, that I downloaded earlier, I could see that those were not received by the foundation, those donations were missing." (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|---|---|---|---|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

2. April 18, 2009: In a post titled "Follow up on Lisa Liberi, paralegal to Phil Berg," Taitz wrote "I saw that Lisa Ostella has redirected the Defend Our Freedoms blog and redirected the pay pal." (Dkt. No. 819-2.)

3. April 18, 2009: In a post titled "Don't be fooled," Taitz wrote, "My former web master Lisa Ostella has created an account that she called Defend Our Freedoms Network and is soliciting donations, praying on unsuspecting readers that would not notice the difference between Defend Our Freedoms Foundation and Defend Our Freedoms Community. Please notice, your donations there will not go to the foundation, they will go to her personal bank account, connected to her personal email address GoExcellGlobal." (Dkt. No. 819-3.)

4. April 19, 2009: In a post titled "Every day I get such evidence of missing or misdirected funds," Ostella wrote, "Every day I get such receipts, showing that my former web master Lisa Ostella . . . has redirected donations to herself, to her e-mail address. Currently, as this was uncovered, she created new web sites Defend our freedoms .org, .net and continues the scheme by making those sites similar to my old ones and using the foundation name to steal more donations." (Dkt. No. 819-4.) Attached to the post is what appears to be an email receipt from one of Taitz's follower that shows he made a $25 donation through PayPal to "Defend Our Freedoms (lisaostella@hotmail.com)." (*Id.*)

5. In April 20, 2009: In a post titled "About Lisa Ostella-don't patronage diverting funds from a nonprofit, don't be part of slander," Taitz posted what appears to be an email that says, among other things, "As I found a new web master, Ms. Ostella, who had the access codes as a web master, instead of transferring all the domains, has locked me and other volunteers out of the blog and transferred the account to herself, and is using the name of my foundation fraudulently, without my consent. She is using the pay-pal account that says Defend Our Freedoms and my personal e-mail address fraudulently and she posted numerous outrageous slanderous

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|---|---|---|---|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

statements about me while pocketing the donations, that the unsuspecting donors are giving, believing that they are donating to me, to support my efforts in investigating Obama and all the illegal activities, perpetrated by him and his supporters, including forgery, multiple social security numbers, perjury and possible fraudulent financial transactions." (Dkt. No. 819-5.)

6. April 21, 2009: In a post titled "Update on Lisa Ostella and Lisa Liberi," Taitz wrote that her readers should "demand a refund" for any donations made to Defend Our Freedoms and "report it to the Sheriffs department, FBI and IRS as funds stolen from the non profit organization." (Dkt. No. 819-6.) Taitz also wrote that Ostella was "fraudulently sending e-mails to . . . readers using DefendOurFreedoms name" and Taitz instructed her followers to "demand that she immediately stop this practice." (*Id.*) Taitz wrote that she had "closed her pay pal account and did not receive any pay pal or visa donation since 04.11.09." (*Id.*)

7. April 23, 2009: In a comment on her blog, Taitz wrote, "unfortunately Defend our freedoms site was hijacked. . . . The old site was hijacked by my former web master Lisa Ostella, who is shamelessly using the name of the foundation without my consent and pocketing the donations." (Dkt. No. 819-7.)

8. April 23, 2009: In a post titled "Lisa Ostella Internet Fraud in North Brunswick, NJ," Taitz posted an email from a third-party to the "Director of Consumer Affairs and the FBI for New Jersey" where the follower wrote, "I need to alert you to the fact that Lisa Ostella has defrauded Dr. Orly Taitz and has hijacked her website." (Dkt. No. 819-8.)

9. May 19, 2009: In a post titled "NJ Police," Taitz wrote, "As you know my previous site, Defend Our Freedoms was taken over by the web master Lisa Ostella. For over a month now Lisa Ostella had no affiliation with Defend Our Freedoms Foundation, however she has been sending e-mails

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|---|---|---|---|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

from Defend Our Freedoms and collecting donations. If you are a donor and received such solicitations or have given a donation believing that it went to Defend Our Freedoms Foundation, you were defrauded, since such donations from at least April 11 or possibly earlier date went to the pocket of Lisa Ostella and benefitted the household of Lisa and Frnak (*sic*) (Mario) Ostella. If you received such solicitation or have given a donation please contact North Brunswick New Jersey Police . . . and file a criminal comlaint." (Dkt. No. 819-9.) In the comments to this post, Taitz reiterated these statements. (*Id.*)

10. January 29, 2010: In a post titled "I need your help," Taitz wrote that she needed her followers' help "in sending me affidavits and screenshots of any solicitation e-mails or notices of solicitation of donations for DOFF (defend our freedoms foundation) done by my former web master Lisa Ostella after 04.11.09, the date when she locked me out of my former foundation web site." (Dkt. No. 819-10.)

11. March 3, 2011: In a post titled "Who are these people in Germany, threatening me?" Taitz wrote, that she had reported to the police and FBI that her "volunteer web master Lisa Ostella locked me out of my prior web site for my foundation, that donations to my foundation were diverted, that there was tampering with my car. I am yet to see anything done by police departments in CA, NM, NJ or PA. (Dkt. No. 819-11.)

Yes, the facts of this case go back at least to 2009 posts. Ostella contends that all these statements are lies. After almost a decade of litigation, the following four claims remain: (1) invasion of privacy (false light publicity); (2) invasion of privacy (appropriation of name); (3) cyber-harassment; and (4) libel per se.

## 2. JURISDICTION

Taitz argues that this Court doesn't have jurisdiction to decide this case because "two

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|---|---|---|---|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

Plaintiffs (Ostella and Go Excel Global) and two Defendants (James Sundquist and Rock Salt Publishing) were citizens of New Jersey when this case was filed." (Opp'n, Dkt. No. 34 at 12.) Taitz made this exact same argument two years ago. (*See* Dkt. No. 688 at 6.) The Court rejected that argument then, and Taitz hasn't provided any convincing reason to revisit that decision now. (Dkt. No. 744.)

## 3. PRELIMINARY ISSUES

The parties made numerous evidentiary objections. On a motion for summary judgment, parties must cite specific evidence to assert that a fact cannot be or is genuinely disputed. Fed. R. Civ. P. 56(c)(1). When the parties file numerous objections on a summary judgment motion, it's "often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised." *See Doe v. Starbucks, Inc.*, No. SACV 08-00582 AG (CWx), 2009 WL 5183773, at *1 (C.D. Cal. Dec 18, 2009). The Court declines to rule individually on the parties' many objections, and relied only on appropriate evidence in this order.

Summary judgment is appropriate where the record, read in the light most favorable to the non-moving party, shows that "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Material facts are those necessary to the proof or defense of a claim, as determined by reference to substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," based on the issue. *See id.* In deciding a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party "is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|----------|--------------------------|------|-----------------|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

## 4. ANALYSIS

### 4.1   Libel Per Se

As Ostella puts it, the "primary question" for her libel claim is whether "Taitz's statements that Ostella *took funds, diverted, or committed fraud* in 11 posts is libel on its face." (Mot., Dkt. No. 818-1 at 10.) Under California Civil Code section 45a, the section which governs libel per se, a plaintiff prevails only "if the publication is (1) libelous on its face, or (2) if special damages have been proven." *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1010 (9th Cir. 2001). Ostella argues that Taitz's statements are libelous on their face because they accuse Ostella of criminal conduct. (Mot., Dkt. No. 818-1 at 10.)

In this case, the Ninth Circuit has concluded that Taitz's "speech at issue concerns matters of public importance." (Dkt. No. 676 at 5.) Consequently, Taitz argues that Ostella must show that the blog posts were made with malice. And Ostella doesn't contest that argument. (*See* Opp'n, Dkt. No. 832 at 12; Reply, Dkt. No. 838 at 19.) Indeed, there is some support for Taitz's argument. "[I]f a plaintiff in a defamation case involving a matter of public concern seeks presumed damages because the statements are libelous per se," as Ostella does here, the plaintiff "must prove actual malice, i.e., that defendant knew the complained-of speech was false or acted with reckless disregard of whether it was false." *ZL Techs., Inc. v. Does 1-7*, 13 Cal. App. 5th 603, 631 (2017). "Evidence of falsity will be relevant to any determination of malice." *Id.* at 632 (internal citations omitted).

Throughout her papers, Ostella has failed to provide convincing evidence that the statements were false or that Taitz knew the statements were false when made. To be sure, the confusing evidence submitted by both sides makes it nearly impossible to tell what actually happened—it's possible that Taitz's statements were totally false. Indeed, Taitz's own evidence on this point is fairly weak. But Ostella concedes that it's her burden to prove malice and falsity in this context. To carry that burden, Ostella must rely on "significantly probative" evidence that is more than "merely colorable." *Anderson*, 477 U.S. at 249–50 (internal citations omitted). Ostella hasn't done that, even viewing the facts (as much as the Court can now discern them) in a light most favorable to her.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|---|---|---|---|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

For these and other reasons, summary judgment in Taitz's favor on Ostella's libel per se claim is appropriate.

### 4.2    Invasion of Privacy (False Light Publicity and Appropriation of Name)

To prevail on a false light publicity claim, a plaintiff must show that the defendant (1) disclosed to one or more persons information about the plaintiff that was presented as factual but was actually false or created a false impression about the plaintiff; (2) the information was understood by one or more persons to whom it was disclosed as stating something highly offensive that would have a tendency to injure the plaintiff's reputation; (3) by clear and convincing evidence, the defendant acted with constitutional malice; and (4) the plaintiff was damaged by the disclosure. *Solano v. Playgirl, Inc.*, 292 F.3d 1078, 1082 (9th Cir. 2002). As Ostella describes the test for appropriation of a person's name, knowing use of a person's name for commercial purposes without another's consent leads to liability for damages. Ostella explicitly relies on California's statutory version of name appropriation. (Mot., Dkt. No. 818-1 at 15, n.28.)

Ostella hasn't provided evidence sufficient to support either privacy claim. While it's undisputed that Taitz did use Ostella's name without consent, Ostella hasn't convincingly shown that the claims were false or that Taitz acted with malice, as discussed. Also, Ostella's evidence of damages consists almost entirely of her own conclusory declaration, which is difficult to rely on as the sole source for her $15,000,000 damages claim. (Dkt. No. 810 at ¶¶ 10, 55, 37, 60.) While Ostella argues the use of her name was for a "commercial purpose" because it was on Taitz's blog where Taitz solicits donations and posts paid ads, this isn't a sufficiently "direct connection between the alleged use and the commercial purpose." *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1001 (9th Cir. 2001); *see also* Cal. Civ. Code § 3344(a) (use of name must be "for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services"). Further, Ostella's privacy claims are likely barred by the Ninth Circuit's explicitly finding that Taitz's posts concerned matters of public interest, particularly since Ostella hasn't shown that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|---|---|---|---|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

statements were false. *See Downing*, 265 F.3d at 1002–03; *Solano*, 292 F.3d at 1098.

Summary judgment on Ostella's invasion of privacy claims is appropriate.

### 4.3    Cyber-Harassment

Ostella contends that "Taitz has cyber harassed her . . . through Taitz's 11 posts and published law enforcement reports, that accused Ostella of diverting funds, of committing fraud, and of hijacking the blog." (Mot., Dkt. No. 818-1 at 15.) Under California Civil Procedure Code section 527.6(b), harassment is defined as:

> unlawful violance, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose. The course of conduct must be that which would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner.

To receive the injunctive relief provided by California's anti-harassment statute, Ostella must prove that she is the victim of ongoing harassment by clear and convincing evidence. Cal. Civ. Proc. Code § 527.6(i).

Here, Ostella fails to provide evidence sufficient to support her harassment claim. Importantly, Ostella hasn't shown that Taitz's online posts caused Ostella "substantial emotional distress." The lone evidence of Ostella's emotional distress is her own declaration that says has been "embarrassed, humiliated, and [has] felt continuously criminalized by Taitz's online criminal accusations." (Dkt. No. 819 at ¶ 37.) Without more, this isn't enough under the California harassment statute's high burden of proof. Moreover, this doesn't appear to be the kind of conduct covered by the harassment statute, particularly since Taitz's allegedly harassing posts were all made many years ago. *See Russell v. Douvan*, 112 Cal. App. 4th 399, 402 (2003) (requiring course of conduct to justify

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|---|---|---|---|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

injunctive relief). The Court takes seriously Taitz's declaration that she will not post about Ostella moving forward.

For these and other reasons, summary judgment in Taitz's favor on Ostella's harassment claim is appropriate.

### 4.4    Sanctions

Ostella argues that the Court should sanction Taitz under the Federal Rules of Civil Procedure for failing to turn over discovery. Ostella also argues that the Court should sanction Taitz under 28 U.S.C. § 1927 for "unreasonably and vexatiously" multiplying these proceedings. Under both standards, the Court has discretion to determine whether sanctions are appropriate. *See Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 859 (9th Cir. 2014) (explaining that the Court has "wide latitude" in awarding Rule 37 sanctions); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46–48 (1991).

Although Taitz's conduct throughout this case has been very concerning, as the Court has noted numerous times, the Court can't conclude that sanctions are warranted. This is particularly true because Ostella's own conduct throughout this case has also been very concerning. Moreover, it's unclear why Ostella has waited until this late date to make discovery-related arguments. For these and other reasons, the Court declines to award sanctions to any party.

## 5. LISA LIBERI LETTER

Lisa Liberi sent the Court a letter consistent with the prefiling restriction in this case. Liberi asks the Court to enforce the settlement agreement between her and Taitz, which ultimately led to the dismissal of Liberi's claims against Taitz and others with prejudice. Liberi asserts that Taitz violated their settlement agreement in various ways, mostly by filing an 84-page counter-complaint against various parties. Liberi asks that she be allowed to file a new, 34-page complaint seeking over $30,000,000 in relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|---|---|---|---|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

No. Liberi settled her claims against Taitz and others and dismissed those claims with prejudice. The proposed complaint improperly resurrects many of those claims for no good reason, and even raises wholly new issues that aren't appropriately part of this years-old litigation. Moreover, Liberi's concerns about Taitz's counterclaims are moot, because the Court previously struck those counterclaims. (Dkt. No. 774.) For these and other reasons, the Court DENIES Liber's request to file a complaint.

**6. CONCLUSION**

The Court has thoroughly reviewed the six briefs and mountains of evidence submitted by the parties in reaching the conclusions of this order. Any arguments not addressed in this order were either unpersuasive or unnecessary for the Court to consider.

The Court DENIES Ostella's motion for summary judgment. (Dkt. No. 818.) The Court GRANTS Taitz's motion for summary judgment. (Dkt. No. 826.) Though the parties may feel impelled to ask, the Court will not award any attorney fees to either side, because such an award would not be at all appropriate under the circumstances.

Thus this case, largely fueled by political passions of the past, comes to an end. The Court hopes the parties will move on to more productive activities. The Court will enter a simple judgment.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |