CLERK, U.S. DISTRICT COURT

**11/2/18**

CENTRAL DISTRICT OF CALIFORNIA
BY: ___LB___ DEPUTY

1  LISA LIBERI
2  1704B Llano St. No. 159
   Santa Fe, NM 87505
3  Ph: (505) 577-0829
4  Email: lisaliberi@gmail.com

5  *Plaintiff in Pro Se*

6

### UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA,
### SOUTHERN DIVISION

9

10  LISA LIBERI,

11                           Plaintiff,

12      vs.

13  ORLY TAITZ, et al

                          Defendant.

| | |
|---|---|
| LISA LIBERI, Plaintiff, vs. ORLY TAITZ, et al Defendant. | CIVIL ACTION NUMBER: **8:11-cv-00485-AG** **PLAINTIFF, LISA LIBERI'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION AND RELIEF FROM FINAL JUDGMENT** Date of Hearing: Dec. 3, 2018 Time of Hearing: 10:00 a.m. Location: Courtroom 10D Discovery Cutoff: None Pretrial Conf.: None Trial Date: None |

24  //
25  //
    //
26  //
    //
27  //

28

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on December 3, 2018 at 10:00 a.m. or as soon as the matter may be heard in Courtroom 10D of the United States District Court, Central District of California, Southern Division, located at 411 West Fourth Street, Santa Ana, California 92701, Plaintiff Lisa Liberi ["Plaintiff"] will, and hereby does move the Court to Reconsider. Amend and Alter its Order of October 5, 2018, Dkt No. 841, served October 9, 2018, and for relief from the Court's final Judgment of October 5, 2018, served October 9, 2018, Dkt No. 842.

Pursuant to Federal Rules of Civil Procedures 59(d), 59(e) and 60(b), a party may move a Court to reconsider a final judgment if it "committed clear error or the initial decision was manifestly unjust." the Court plainly misinterpreted and misapplied the proper identification and application of factors relating to Defendants Breaches of Contract and Plaintiff's request for Rescission of the Settlement Agreement and Reimbursement for Plaintiff's Consideration as Plaintiff did not receive any Consideration in return.  The Contract is one sided in Defendants favor.

Pursuant to Local Rule 7-18, Plaintiff seeks reconsideration of the Court's October 5, 2018 Order because of the Court's "manifest showing of a failure to consider material facts presented to the Court by Plaintiff prior to its Decision,

1    The Plaintiff, pursuant to *Local rule 7-3*, has attempted to meet and confer

2    with the Defendant on October 26, 2018 and October 29, 2018 regarding this

3

4    Motion for Reconsideration and Relief from Final Judgment. Defendant offered no

5    position on this Motion.

6
                                          Respectfully submitted,
7

8
     Dated:  October 30, 2018
9
                                          1704B Llano St. No. 159
10                                        Santa Fe, NM 87505
                                          Ph: (505) 577-0829
11                                        Email:  lisaliberi@gmail.com

12
                                          *Plaintiff in Pro Se*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff's Notice of Motion for Motion                                    3

# **CERTIFICATE OF SERVICE**

I, Lisa Liberi, hereby certify that a true and correct copy of Plaintiff

Lisa Ostella's, Notice of Motion and Motion for Reconsideration and Relief from

Final Judgment was served this 31st day of October 2018, electronically through E-

mail  and the Court's ECF filing system upon its filing, on the following:

**SCHUMANN ‖ ROSENBERG, LLP**
Kim Schumann, Esquire
Jeffrey Cunningham, Esquire
3100 S. Bristol Street, Suite 400
Costa Mesa, CA 92626
schumann@schumannrosenberg.com
cunningham@schumannrosenberg.com
*Attorney for Defendant Orly Taitz*

Orly Taitz, Esquire
29839 Santa Margarita, Suite 100
Rancho Santa Margarita, CA 92688
E-mail:  orly.taitz@gmail.com

*Attorney for Defendants Defend our Freedoms Foundations, Inc,*
*Orly Taitz, Inc., and The Law Offices of Orly Taitz.*


LISA LIBERI
1704B Llano St. No. 159
Santa Fe, NM 87505
Ph: (505) 577-0829
Email:  lisaliberi@gmail.com

*Plaintiff in Pro Se*

Lisa Liberi
1704b Llano St., No. 159
Santa Fe, NM 87505
Ph: (505) 577-0829
Email:  lisaliberi@gmail.com

*Plaintiff in Pro Se*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| LISA LIBERI,<br><br>               Plaintiff,<br><br>    vs.<br><br>ORLY TAITZ;<br> and<br>LAW OFFICES OF ORLY TAITZ;<br>and<br>DEFEND OUR FREEDOMS<br>FOUNDATIONS, INC;<br>and<br>ORLY TAITZ, INC.<br><br>               Defendants. | CIVIL ACTION NUMBER:<br><br>**8:11-cv-00485-AG**<br><br>**PLAINTIFF, LISA LIBERI'S MOTION FOR RECONSIDERATION AND RELIEF FROM FINAL JUDGMENT**<br><br><br><br>Date of Hearing:<br>Time of Hearing:  10 a.m.<br>Location:          Courtroom 10D |

## PLAINTIFF, LISA LIBERI'S MOTION FOR RECONSIDERATION AND RELIEF FROM FINAL JUDGMENT

# **TABLE OF CONTENTS**

**PAGE(s)**

**TABLE OF CONTENTS**………………………………………………………... i

**TABLE OF AUTHORITIES**……………………………………………... ii-iv

**I.    INTRODUCTION**………………………….............………1-2

**II.   LEGAL STANDARD**..............................................................2-3

**III.  ARGUMENT**.......................................................................3-14

  A.    **The Court has Jurisdiction of the Settlement Agreement
          as The Court Retained Jurisdiction**...........................6-7

  B.    **Breach of Contract** ...................................................7-10

  C.    **Rescission of Contract**...........................................10-14

      i.    **Coercion, Fraudulent Inducement,
              Duress and Undue Influence**.........................11

      ii.   **Failure of any Consideration provided to
              Plaintiff and Reimbursement of plaintiff's
              Consideration**...............................................12-13

      iii.  **Damages**......................................................13-14

**IV.  CONCLUSION**.................................................................14-15

**Exhibit "1"** .....................................................................................16

**Exhibit "2"** .....................................................................................17

**CERTIFICATE OF SERVICE**…………………………………………18

# TABLE OF AUTHORITIES

<u>CASE</u>                                                                    <u>PAGE(s)</u>

*Alvarado v. Table Mountain Rancheria,*
509 F.3d 1008, 1017 (9th Cir.2007)...................................................6, 7

*Asmus v. Pacific Bell* (2000) 23 Cal.4th 1, 6..........................................12

*Brown v. Grimes* (2011) 192 Cal.App.4th 265, 281.

*Burtenshaw v. Berryhill,* U.S.D.C. Case No. 5:16-CV-02243-GJS.
C.D. CA Jan. 23, 2018) ............................................................5, 14, 15

*CDF Firefighters v. Maldonado* (2008)
158 Cal.App.4th 1226, 1239, 70 Cal.Rptr.3d 667....................................9

*Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.,*
819 F.2d 1519, 1526 (9th Cir. 1987)......................................................13

*Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) ...................2

*Holt v. Ravani* (1963) 221 Cal.App.2d 213, 216.....................................13

*In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.,*
966 F. Supp. 2d 1031, 1036 (C.D. Cal. 2013) .........................................3

*K.C. v. Torlakson,* 762 F. 3d 963, 967 (9th Cir. 2014)............................6

*Kokkonen v. Guardian Life Ins. Co. of America,*
511 U.S. 375, 381-82 (1994), 114 S.Ct. 1673.........................................7

*Kona Enterprises, Inc. v. Estate of Bishop*,
229 F.3d 877, 890 (9th Cir. 2000) ...........................................................2

*Latshaw v. Trainer Wortham & Co., Inc.,*
452 F.3d 1097, 1100 (9th Cir. 2006) .....................................................15

*Mulnomah County, Or. v. ACandS, Inc.,*
5 F.3d 1255, 1263 (9th Cir. 1993)............................................................2

ii

**TABLE OF AUTHORITIES** - Continued

**CASE**                                                                                         **PAGE(s)**

*O'Connor v. Colvin,* 70 F.3d 530, 532 (9th Cir.1995)..................................................7

*Richter v. Union Land etc. Co.* (1900) 129 Cal. 367, 373......................................13

*Rutherford Holdings, LLC v. Plaza Del Rey* (2014)
 223 Cal.App.4th 221, 230.................................................................................13

*Turner v. Burlington N. Santa Fe R.R. Co.,*
338 F.3d 1058, 1063 (9th Cir. 2003).............................................................5, 15

*Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)........................2

**CALIFORNIA STATUTES**

**STATUTE**                                                                                      **PAGE(s)**

*CA Civ Code* ¶1549......................................................................................9

*CA. Civ. Code* § 1689(b)(1).........................................................................11

*CA. Civ. Code* § 1689(b)(4).........................................................................12

*CA. Civ. Code* § 1691.................................................................................11

*CA Civ Code* 1989(b)(1)............................................................................10

**FEDERAL RULES OF CIVIL PROCEDURE**

**RULE**                                                                                           **PAGE(s)**

Rule 59(e).....................................................................................................5, 15

Rule 60(b).....................................................................................................2, 3

iii

## <u>FEDERAL RULES OF CIVIL PROCEDURE - Continued</u>

<u>RULE</u>                                                                       <u>PAGE(s)</u>

Rule 60(b)(1) ........................................................................15

Rule 60(b)(1-6)......................................................................3

## <u>LOCAL RULES</u>

<u>RULE</u>                                                                       <u>PAGE(s)</u>

Rule 706............................................................................6

Rule 7-7............................................................................6

Rule 7-18............................................................................ 3

1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

On October 5, 2018 the Court denied Plaintiff Lisa Liberi's ["Liberi" or "Plaintiff"] Leave Request seeking to file a Complaint for Breach of Contract; Rescission of the Settlement Agreement; Reimbursement for Liberi's Consideration; Declaratory Relief; and new cause of actions resulting from the breaches for Defamation Per Se/Libel Per Se; Appropriation of Name and Likeness;  False Light Publication – Invasion of Privacy; and Intentional and Negligent Infliction of Emotional Distress against Defendants Orly Taitz ("Defendant" or "Ms. Taitz"); Law Offices of Orly Taitz ("Defendant" or "LOOT"); Defend our Freedoms Foundations, Inc. ("Defendant" or "DOFF"); and Orly Taitz, Inc. ("Defendant" or "OTI").  A true and correct copy of the Court's Order and Judgment, Dkt No.'s 841 and 842 are attached as **EXHIBIT "1"**.

The Court's basis for denying Plaintiff's request was that Liberi dismissed her complaint with prejudice and her proposed complaint for the breaches "resurrected" the dismissed claims.  See Exhibit "1", pp. 10-11, ¶5.  The Court incorrectly concluded that the Defendants breaches classified by Plaintiff were in large part from Defendants filing of an 84-page counter-Complaint which the Court struck after its filing.

Because of the Court's erroneous review, identification, and application of these factors and the Court's failure to consider material facts presented to the Court

by Plaintiff prior to its Decision, amounted to clear error and because the decision was "manifestly unjust" and Plaintiff has no other way for redress or enforcement of her Settlement Agreement Plaintiff respectfully moves for reconsideration and relief from the Court's denial and final order.

## II.    LEGAL STANDARD

Amendment or alteration of a judgment is only appropriate under Rule 59(e) if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). The rule "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Id. *See* also *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008); *Mulnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).

Under Federal Rule of Civil Procedure 60(b), a party may seek reconsideration of a final judgment or court order for any reason that justifies relief, including:

(1)    mistake, inadvertence, surprise, or excusable neglect;
(2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

2
Plaintiff's Memorandum of Points and Authorities

(4)    the judgment is void;

(5)    the judgment has been released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)    any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6).

Central District of California Local Rule 7-18 further explains that reasons to support a motion for reconsideration include:

> (a) a material difference in fact or law from that presented to the Court . . . that . . . could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

C.D. Cal.LR. 7-18, *see In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 966 F. Supp. 2d 1031, 1036 (C.D. Cal. 2013).

A motion for reconsideration may not, however, "in any manner repeat any oral or written argument made in support of or in opposition to the original motion." Id.

## III.    ARGUMENT

Pursuant to this Court's Order of February 13, 2018, Dkt No. 815, the Court took under submission Liberi's Request for Leave to file an action for breach of the settlement Agreement and Plaintiff's request for the Court to Sanction Taitz for lying to the Court.  The Court stated:

> An ancillary issue has also arisen separate from the dispute between Ostella and Taitz.  Former plaintiff Lisa Liberi—who settled her claims against Taitz and various Taitz-related entities back in September 2016—sent the Court a letter saying Taitz "has violated the Settlement Agreement numerous times"

Plaintiff's Memorandum of Points and Authorities

and asking "permission to file with the Court . . . an Action against Orly Taitz." Liberi also asks the Court to issue "an Order to Show Cause on Orly Taitz as to why she should not be sanctioned and refer Orly Taitz for disciplinary action for boldly lying to the Court." At this time, the Court takes this matter under submission, particularly since the request may be moot after the Court resolves the parties' motions for summary judgment."

See Dkt No. 815, p. 4.

Defendants continued violating the Settlement agreement, republishing the old posts to new audiences in Germany and the United Kingdom, also available in the United States.  Plaintiff also learned Defendants counsel assisted Taitz in breaching the Settlement Agreement.

On August 31, 2018, six (6) months after her request for leave of Court, Plaintiff sent a letter to chambers along with a proposed breach of contract complaint containing seven (7) exhibits again seeking leave to file the proposed complaint.

In response, Counsel for the Defendants responded stating Defendants did not change servers republishing the posts that their hosting company automatically did it. This was untrue.

Plaintiff was unable to respond because throughout the case, the Court made clear when a party seeks leave to file, the opposing parties are not to respond.

Even after this, Defendants continued breaching the settlement agreement.  In particular on September 19, 2018 Taitz sent out a tweet telling people to go to her sits and search Liberi.

The Court denied Plaintiff's request stating:

"Lisa Liberi sent the Court a letter consistent with the prefiling restriction in this case. Liberi asks the Court to enforce the settlement agreement between her and Taitz, which ultimately led to the dismissal of Liberi's claims against Taitz and others with prejudice.  Liberi asserts that Taitz violated their settlement agreement in various ways, mostly by filing an 84-page counter-complaint against various parties. Liberi asks that she be allowed to file a new, 34-page complaint seeking over $30,000,000 in relief."

"No. Liberi settled her claims against Taitz and others and dismissed those claims with prejudice. The proposed complaint improperly resurrects many of those claims for no good reason, and even raises wholly new issues that aren't appropriately part of this years old litigation. Moreover, Liberi's concerns about Taitz's counterclaims are moot, because the Court previously struck those counterclaims. (Dkt. No. 774.) For these and other reasons, the Court DENIES Liber's request to file a complaint."

The Order harmed Plaintiff, as indicated in a letter received by Plaintiff on October 22, 2018 and October 23, 2018 from Federal (Chubb) Insurance Company in Plaintiff attempting to resolve the breaches and new cause of actions against their insured, Orly Taitz, see **EXHIBIT "2"**.

This Order took away Plaintiff's only ability for redress for the Defendants' breaches of the Settlement Agreement and enforcement of the settlement agreement because the Court retained jurisdiction for its enforcement.

All of this was plainly and obviously unjust and prejudicial to the Plaintiff. This warrants reconsideration of Plaintiff's proposed breach of contract complaint and the filing thereof.  *Burtenshaw v. Berryhill*, U.S.D.C. Case No. 5:16-CV-02243-GJS. C.D. CA Jan. 23, 2018) quoting *Turner v. Burlington N. Santa Fe R.R. Co.,* 338 F.3d 1058, 1063 (9th Cir. 2003) (Granting a Rule 59(e) Motion is appropriate to "prevent manifest injustice.").

## A. The Court has Jurisdiction of the Settlement Agreement as The Court Retained Jurisdiction

The Court incorrectly determined that Plaintiff's proposed "complaint improperly resurrects many of those claims for no good reason, and even raises wholly new issues that aren't appropriately part of this years old litigation." Oct. 5, 2018 Court Order, Dkt No. 841, p. 11.

Plaintiff entered into the Settlement Agreement on September 12, 2016. The Court retained jurisdiction to enforce the terms to the Agreement., see Dkt No. 685 filed September 12, 2018.

In the dismissal Order, this Court retained jurisdiction "to enforce the terms of the Settlement Agreement between Plaintiff, LISA LIBERI, and Defendants, ORLY TAITZ, DEFEND OUR FREEDOMS FOUNDATIONS, LAW OFFICES OF ORLY TAITZ, and ORLY TAITZ, INC. and to consider applications for and enter any appropriate post-judgment orders pursuant thereto." Court's Sept. 12, 2016 Order, Dkt No. 685, p. 2, ¶2.

In the Ninth Circuit, Courts can retain ancillary jurisdiction over settlement agreements in cases dismissed with prejudice provided that the party's consent and the retention of jurisdiction is in the Order of dismissal. *See K.C. v. Torlakson,* 762 F. 3d 963, 967 (9th Cir. 2014)

When Defendants breached the settlement agreement, the Court had ancillary jurisdiction arising from breach of the Court's dismissal order. *Alvarado v. Table*

*Mountain Rancheria,* 509 F.3d 1008, 1017 (9th Cir.2007) (stating that where "the

dismissal order the court has retained jurisdiction over the settlement contract.... the

party seeking enforcement of the settlement agreement must allege a violation of the

settlement agreement in order to establish ancillary jurisdiction") citing *Kokkonen v.*

*Guardian Life Ins. Co. of America*, 511 U.S. 375, 381-82 (1994)*,* 114 S.Ct. 1673, and

*O'Connor v. Colvin,* 70 F.3d 530, 532 (9th Cir.1995).

     This Court has jurisdiction over the Settlement Agreement and can grant

Plaintiff her requested relief.

## B.    Breach of Contract

     The Court erroneously determined that Plaintiff's proposed "complaint

improperly resurrects many of those claims for no good reason, and even raises

wholly new issues that aren't appropriately part of this years old litigation." Oct. 5,

2018 Court Order, Dkt No. 841, p. 11.

     Plaintiff entered into the Settlement Agreement on September 12, 2016.  The

Court retained jurisdiction to enforce the terms to the Agreement., see Dkt No. 685

filed September 12, 2018.

     In the dismissal Order, this Court retained jurisdiction "to enforce the terms of

the Settlement Agreement between Plaintiff, LISA LIBERI, and Defendants, ORLY

TAITZ, DEFEND OUR FREEDOMS FOUNDATIONS, LAW OFFICES OF ORLY

TAITZ, and ORLY TAITZ, INC. and to consider applications for and enter any

7
Plaintiff's Memorandum of Points and Authorities

appropriate post-judgment orders pursuant thereto."  Court's Sept. 12, 2016 Order,
Dkt No. 685, p. 2, ¶2.

The breaches of the Settlement Agreement go to the heart of Plaintiff's First
Amended Complaint ("FAC") and the new cause of actions was a result of
Defendants republication of the posts giving rise to the original action.  Plaintiff was
not attempting to "resurrect" her old claims, she was attempting to protect herself, and
uphold the Settlement Agreement, and was seeking damages she suffered because of
the Defendants breaches and republications.

In the Ninth Circuit, Courts can retain ancillary jurisdiction over settlement
agreements in cases dismissed with prejudice provided that the party's consent and the
retention of jurisdiction is in the Order of dismissal. *See K.C. v. Torlakson,* 762 F. 3d
963, 967 (9th Cir. 2014).

Defendants through their counsel sent an **unfiled proposed** Counter-claims and
third-party complaint to parties unrelated to Plaintiff, naming Plaintiff's mother and
containing numerous disparaging and defamatory statements about Plaintiff and her
mother on Sept. 29, 2017 in violation to the Settlement Contract.

Defendants then made changes to their proposed Counter-claims and third-
party complaint, again naming Plaintiff's mother, filed it on the ECF filing system
November 3, 2017, Docket No. 753.  Plaintiff was served through the ECF filing
system.  The Court struck the Complaint, but it is still a breach and is on the Internet.

The Court erroneously determined "*Liberi's concerns about Taitz's counterclaims are moot, because the Court previously struck those counterclaims.*" Even so, Defendant is still in Breach of Contract

California Civil Code ¶1549 provides "A contract is an agreement to do or not to do a certain thing."  "A cause of action for breach of contract requires proof of the following elements: (1) the existence of a contract; (2) plaintiff's performance or excuse for non-performance; (3) defendant's breach; and (4) damages. *CDF Firefighters v. Maldonado* (2008) 158 Cal.App.4th 1226, 1239, 70 Cal.Rptr.3d 667. Plaintiff met her burden.

Plaintiff performed her requirements pursuant to the settlement agreement, she dismissed her underlying action with prejudice.

 Plaintiff plead all the breaches and attached proof of breaches from republications of the 2009-2013 posts to new audiences, defamatory and disparaging posts, and carried out their threats going after Plaintiff's mother.

Contrary to Defense Counsel's assertions that the Defendants hosting company changed Defendants server to a German Server, Defendants hosting companies give detailed instructions on how the domain owner, defendants in this case, can change their servers; or copy their files and pay the hosting company to change servers on their behalf.  A hosting company cannot change servers of domain owners without their permission, especially from the United States to foreign countries.

1    Defendants got away with their breaches and now that the case has been

2    concluded, Defendants were required to delete all posts about Plaintiff.  To date they

3

4    have refused to comply.  Plaintiff was provided no consideration in the contract.

5    Contrary to the Court's Order, Dkt. No. 841, the breaches were more inclusive

6    than defendants counter claims.  Plaintiff is entitled to seek redress for the breaches.

7

8    Plaintiff's proposed Motion for Breach of Contract, Rescission, Restitution and

9    Declaratory Relief is being filed concurrently herewith.

10   For the reasons stated herein, Reconsideration and Amendment to the Court's

11

12   Order, Dkt No. 841 and Relief from Final Judgment allowing Plaintiff her requested

13   relief outlined in her letter seeking leave and her proposed Breach Complaint is

14   warranted.

15

16   ## C.    Rescission of Contract

17   Plaintiff sought Rescission of the Settlement Agreement on the following

18

19   grounds:  fraudulent inducement; Failure of any Consideration provided to Plaintiff or

20   in the alternative, Failure of the Consideration, constructive fraud, undue influence

21   and duress.

22   Section 1989(b)(1) of the California Civil Code allows a party to rescind a

23

24   contract under certain circumstances, including mistake or fraud. Section 1691

25   requires that a party give notice of his or her intent to rescind and "[r]estore to the

26   other party everything of value which he has received from him under the contract or

27

28

offer to restore the same upon condition that the other party do likewise." Cal. Civ. Code § 1691.

### i. Coercion, Fraudulent Inducement, Duress and Undue Influence

A claim for fraudulent inducement requires: a) misrepresentation; b) knowledge of its falsity; c) intent to induce reliance; d) justifiable reliance; and e) damage. *Lazar v. Super* Ct., 12 Cal. 4th 631, 638 (1996).

A party to a contract may rescind the same if his or her consent was "obtained through duress, menace, fraud, or undue influence." Cal. Civ. Code § 1689(b)(1).

Defendants threatened to sue Plaintiff's elderly mother who is in failing and poor health. Plaintiff could not afford to pay her mother's legal fees, and Plaintiff's mother did not have the financial resources to pay for legal fees. If Plaintiff accepted Defendants Settlement Agreement, Defendants promised:

> (a)  not to go after Plaintiff's elderly mother:
> (b)  not to republish anything about Plaintiff;
> (c)  not disparage Plaintiff;
> (d)  To refrain from any further internet or social media posts about Plaintiff; and
> (e)  To delete all publications about Plaintiff upon conclusion of the case.

Plaintiff relied on Defendants promises and signed the agreement. Defendants did not intend to comply with their promises and instead breached every promise.

### ii.  Failure of any Consideration provided to Plaintiff and Reimbursement of plaintiff's Consideration

Pursuant to the settlement agreement, Defendants were required to delete all publications and posts about Plaintiff within fourteen (14) business days of the conclusion of the entire case.  The Court concluded the case on Oct. 2018, entered Oct. 9, 2018, Dkt No.'s 841 and 842.  Defendants were to have all their publications and posts **deleted** on or before Oct. 29, 2018.  Defendants did not comply and refused to comply, even after several emails to defense counsel with lists of the posts and links to be deleted.  Defendants, instead of deleting the posts, simply changed the URL to include the word "trashed" and sent many back out through their RSS feeds; others they just refused to delete.

Defendants republished all the posts on March 23, 2018 on two different websites/blogs by placing the posts on a German server to their new audiences in Germany and the United Kingdom, further defaming and disparaging Plaintiff. Defendants sent out a tweet to their twitter feed instructing people to go to their sites and "search Liberi" on Sept. 19, 2018.

A party to a contract may rescind it if, among other things, "the consideration for the obligation of the rescinding party, before it is rendered to him, fails in a material respect from any cause." (Civ. Code, § 1689, subd. (b)(4); *Asmus v. Pacific Bell* (2000) 23 Cal.4th 1, 6, fn. 2. If the failure of consideration is total—that is, if "`nothing of value has been received under the contract by the party'"—a court may

also award the rescinding party restitution. *Rutherford Holdings, LLC v. Plaza Del Rey* (2014) 223 Cal.App.4th 221, 230, quoting *Richter v. Union Land etc. Co.* (1900) 129 Cal. 367, 373; *Brown v. Grimes* (2011) 192 Cal.App.4th 265, 281. Under these circumstances, restitution means "repay[ment of] what has been received by [the breaching party] under the contract." *Holt v. Ravani* (1963) 221 Cal.App.2d 213, 216.

A party fraudulently induced into entering an agreement is entitled to a rescission of the agreement. *Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.,* 819 F.2d 1519, 1526 (9th Cir. 1987).

Plaintiff did not receive any consideration in the settlement agreement, absolutely nothing of value, but Defendants received the value of Plaintiff's lawsuit, which Defendants admitted had viable claims.  And, Defendants breached every aspect of the contract.

Defendants received dismissal of Plaintiff's First Amended Complaint with prejudice ($20,000,000.00 – derived from the settlements and jury awards in California of similar cases) pursuant to the written contract.  Plaintiff provided notice of rescission of the contract on August 28, 2018.

Defendants have failed and refused and continues to fail and refuse to restore to Plaintiff the consideration ($20,000,000.00) or any thereof.

### iii.  Damages

As a direct and proximate result of Defendants' breaches, Plaintiff has been injured and has suffered loss of her Consideration ($20,000,000.00), medical

expenses. And expenses due to the severe stress and severe emotional distress, reputation damage, damage to her profession as a Paralegal, Liberi was shunned in her profession and her personal relationships as an honest reputable person; Liberi has been humiliated, embarrassed by Defendants' allegations in their posts, and suffered severe emotional distress.

Plaintiff's damages are ongoing and increasing due to Defendants refusal to comply with the terms of the Settlement Agreement and continued publications for the past 9-1/2 years.

## IV.   CONCLUSION

Defendants were fully aware of their requirements and duties outlined in the parties Settlement Agreement.  Taitz is an Attorney and signed the Settlement Agreement on behalf of LOOT, OTI, and DOFF.  Defendants breached the Settlement Agreement and failed to delete the posts as required.  Defendants were fully aware Plaintiff received no consideration; and Defendants carried out their threats utilized to coerce Plaintiff into the Settlement Agreement, as explained herein.  Plaintiff is damaged by the Court's Order as it justifies Defendant's false stories and the posts will never come down.  With this, Plaintiff's reputation remains tarnished.

The Court's incorrect conclusions and determinations are obviously unjust and prejudicial to the Plaintiff.  This warrants the Granting of this Motion; Altering the Judgment, Dkt No. 842 and the Court Amending its October 5, 2018 Order, Dkt No. 841, Granting Plaintiff' her requested relief. *Burtenshaw v. Berryhill*, U.S.D.C. Case

No. 5:16-CV-02243-GJS. C.D. CA Jan. 23, 2018) quoting *Turner v. Burlington N. Santa Fe R.R. Co.,* 338 F.3d 1058, 1063 (9th Cir. 2003) (Granting a Rule 59(e) Motion is appropriate to "prevent manifest injustice."). And, Granting Plaintiff Relief from a Final Judgment. *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1100 (9th Cir. 2006) ("Rule 60(b)(1) provides, "On motion . . . the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect.")

For the reasons stated herein, Reconsideration and Amendment to the Court's Order, Dkt No. 841 and Relief from Final Judgment allowing Plaintiff to file her Motion for Breach of Contract, Rescission, Restitution and Declaratory Relief her requested relief outlined in her letter seeking leave and her proposed Breach Complaint is warranted.

Respectfully submitted,

Dated:October 30, 2018

LISA LIBERI
1704B Llano St. No. 159
Santa Fe, NM 87505
Ph: (505) 577-0829
Email:  lisaliberi@gmail.com

*Plaintiff in Pro Se*

15
Plaintiff's Memorandum of Points and Authorities

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "1"**

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION – SANTA ANA

| | |
|---|---|
| LISA OSTELLA, | Case No. SACV 11-00485 AG (RAOx) |
|                 Plaintiff, | |
|      v. | **JUDGMENT** |
| ORLY TAITZ, | |
|                 Defendant. | |

The Court enters judgment for Defendant and against Plaintiff.

Dated October 5, 2018

_____

Hon. Andrew J. Guilford
United States District Judge

JUDGMENT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|---|---|---|---|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

**Proceedings:**    **[IN CHAMBERS] ORDER RE MOTIONS FOR SUMMARY JUDGMENT**

This case stems from a professional relationship gone very, very bad. Plaintiff Lisa Ostella used to volunteer for Defendant Orly Taitz as a web developer. Eventually, their relationship soured, with Taitz accusing Ostella of stealing online donations and "locking" Taitz out of various web sites that Ostella had been developing for Taitz. From the beginning, this dispute has rarely been about substance, and instead involves two parties airing their personal grievances with one another through online postings, complaints to law enforcement, and extended civil proceedings in multiple courts. Things got so out of hand the Court was forced to impose a prefiling restriction on the parties. (*See* Dkt. No. 227.) After years of litigation, both parties agreed that this case should be resolved by the Court through summary judgment. Since in this convoluted and unreasonably contentious case both sides ask the Court to decide this without trial, the Court will do so. Thus, the Court vacated the previously set trial and set a briefing schedule.

In total, the parties filed six briefs and thousands of pages of documents. Even after all this the Court is still not sure what exactly happened between Ostella and Taitz. The truth seems to be buried in their confusing arguments and mountains of exhibits, or (more likely) not effectively presented in this case. *See Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) ("[A] district court is not required to comb the record to find some reason to deny a motion for summary judgment."); *see also Corley v. Rosewood Care Ctr., Inc.*, 388 F.3d

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|---|---|---|---|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

990, 1001 (7th Cir. 2004) (internal citations and quotation marks omitted) ("Judges are not like pigs, hunting for truffles buried in the record."). Despite the parties' difficulty pursing this matter effectively, the Court issues this order to, as much as now possible under the law and circumstances, do justice.

Plaintiff Lisa Ostella contends that she's entitled to summary judgment on all her claims, asking the Court to award her over $15,000,000, among other things. (Dkt. No. 818.) Defendant Orly Taitz also contends that she's entitled to summary judgment on Ostella's claims. (Dkt. No. 826.) Like so many poorly presented cases, the outcome of this case is dictated by the burden of proof. Because Ostella has failed to present sufficient evidence to carry her burden on any of her claims, the Court DENIES Ostella's motion for summary judgment. (Dkt. No. 818.) For the same reason, the Court GRANTS Taitz's motion for summary judgment. (Dkt. No. 826.)

## 1. BACKGROUND

At bottom, this case is about 11 statements by Taitz, which were all posted on Taitz's blog. Here is a brief summary of the statements:

> 1. April 17, 2009: In an email (which was later posted on Taitz's website) titled "Dossier #6" sent to various people, Taitz wrote that the email address in her blog's "pay-pal was changed, which prevented [her] from raising funds." (Dkt. No. 819-12.) Taitz explained that, "When [she] found a new web master to host [her] foundation, Ms. Ostella instead of transferring the access codes and the domain, has locked me and another volunteer moderator out of the blog." (*Id.*) Taitz wrote that she "started receiving statements and copies of pay-pal receipts, showing instead of my-email address, an e-mail address of Lisa Ostella." (*Id.*) Taitz wrote that she originally "thought that maybe her address showed on the receipt, since she was a web master on the account, however, when I checked the names and dates on the receipts against the names on the roster, that I downloaded earlier, I could see that those were not received by the foundation, those donations were missing." (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|---|---|---|---|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

2. April 18, 2009: In a post titled "Follow up on Lisa Liberi, paralegal to Phil Berg," Taitz wrote "I saw that Lisa Ostella has redirected the Defend Our Freedoms blog and redirected the pay pal." (Dkt. No. 819-2.)

3. April 18, 2009: In a post titled "Don't be fooled," Taitz wrote, "My former web master Lisa Ostella has created an account that she called Defend Our Freedoms Network and is soliciting donations, praying on unsuspecting readers that would not notice the difference between Defend Our Freedoms Foundation and Defend Our Freedoms Community. Please notice, your donations there will not go to the foundation, they will go to her personal bank account, connected to her personal email address GoExcellGlobal." (Dkt. No. 819-3.)

4. April 19, 2009: In a post titled "Every day I get such evidence of missing or misdirected funds," Ostella wrote, "Every day I get such receipts, showing that my former web master Lisa Ostella . . . has redirected donations to herself, to her e-mail address. Currently, as this was uncovered, she created new web sites Defend our freedoms .org, .net and continues the scheme by making those sites similar to my old ones and using the foundation name to steal more donations." (Dkt. No. 819-4.) Attached to the post is what appears to be an email receipt from one of Taitz's follower that shows he made a $25 donation through PayPal to "Defend Our Freedoms (lisaostella@hotmail.com)." (*Id.*)

5. In April 20, 2009: In a post titled "About Lisa Ostella-don't patronage diverting funds from a nonprofit, don't be part of slander," Taitz posted what appears to be an email that says, among other things, "As I found a new web master, Ms. Ostella, who had the access codes as a web master, instead of transferring all the domains, has locked me and other volunteers out of the blog and transferred the account to herself, and is using the name of my foundation fraudulently, without my consent. She is using the pay-pal account that says Defend Our Freedoms and my personal e-mail address fraudulently and she posted numerous outrageous slanderous

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|---|---|---|---|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

statements about me while pocketing the donations, that the unsuspecting donors are giving, believing that they are donating to me, to support my efforts in investigating Obama and all the illegal activities, perpetrated by him and his supporters, including forgery, multiple social security numbers, perjury and possible fraudulent financial transactions." (Dkt. No. 819-5.)

6. April 21, 2009: In a post titled "Update on Lisa Ostella and Lisa Liberi," Taitz wrote that her readers should "demand a refund" for any donations made to Defend Our Freedoms and "report it to the Sheriffs department, FBI and IRS as funds stolen from the non profit organization." (Dkt. No. 819-6.) Taitz also wrote that Ostella was "fraudulently sending e-mails to . . . readers using DefendOurFreedoms name" and Taitz instructed her followers to "demand that she immediately stop this practice." (*Id.*) Taitz wrote that she had "closed her pay pal account and did not receive any pay pal or visa donation since 04.11.09." (*Id.*)

7. April 23, 2009: In a comment on her blog, Taitz wrote, "unfortunately Defend our freedoms site was hijacked. . . . The old site was hijacked by my former web master Lisa Ostella, who is shamelessly using the name of the foundation without my consent and pocketing the donations." (Dkt. No. 819-7.)

8. April 23, 2009: In a post titled "Lisa Ostella Internet Fraud in North Brunswick, NJ," Taitz posted an email from a third-party to the "Director of Consumer Affairs and the FBI for New Jersey" where the follower wrote, "I need to alert you to the fact that Lisa Ostella has defrauded Dr. Orly Taitz and has hijacked her website." (Dkt. No. 819-8.)

9. May 19, 2009: In a post titled "NJ Police," Taitz wrote, "As you know my previous site, Defend Our Freedoms was taken over by the web master Lisa Ostella. For over a month now Lisa Ostella had no affiliation with Defend Our Freedoms Foundation, however she has been sending e-mails

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|----------|--------------------------|------|------------------|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

from Defend Our Freedoms and collecting donations. If you are a donor and received such solicitations or have given a donation believing that it went to Defend Our Freedoms Foundation, you were defrauded, since such donations from at least April 11 or possibly earlier date went to the pocket of Lisa Ostella and benefitted the household of Lisa and Frnak (*sic*) (Mario) Ostella. If you received such solicitation or have given a donation please contact North Brunswick New Jersey Police . . . and file a criminal comlaint." (Dkt. No. 819-9.) In the comments to this post, Taitz reiterated these statements. (*Id.*)

10. January 29, 2010: In a post titled "I need your help," Taitz wrote that she needed her followers' help "in sending me affidavits and screenshots of any solicitation e-mails or notices of solicitation of donations for DOFF (defend our freedoms foundation) done by my former web master Lisa Ostella after 04.11.09, the date when she locked me out of my former foundation web site." (Dkt. No. 819-10.)

11. March 3, 2011: In a post titled "Who are these people in Germany, threatening me?" Taitz wrote, that she had reported to the police and FBI that her "volunteer web master Lisa Ostella locked me out of my prior web site for my foundation, that donations to my foundation were diverted, that there was tampering with my car. I am yet to see anything done by police departments in CA, NM, NJ or PA. (Dkt. No. 819-11.)

Yes, the facts of this case go back at least to 2009 posts. Ostella contends that all these statements are lies. After almost a decade of litigation, the following four claims remain: (1) invasion of privacy (false light publicity); (2) invasion of privacy (appropriation of name); (3) cyber-harassment; and (4) libel per se.

## 2. JURISDICTION

Taitz argues that this Court doesn't have jurisdiction to decide this case because "two

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|----------|-------------------------|------|------------------|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

Plaintiffs (Ostella and Go Excel Global) and two Defendants (James Sundquist and Rock Salt Publishing) were citizens of New Jersey when this case was filed." (Opp'n, Dkt. No. 34 at 12.) Taitz made this exact same argument two years ago. (*See* Dkt. No. 688 at 6.) The Court rejected that argument then, and Taitz hasn't provided any convincing reason to revisit that decision now. (Dkt. No. 744.)

## 3. PRELIMINARY ISSUES

The parties made numerous evidentiary objections. On a motion for summary judgment, parties must cite specific evidence to assert that a fact cannot be or is genuinely disputed. Fed. R. Civ. P. 56(c)(1). When the parties file numerous objections on a summary judgment motion, it's "often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised." *See Doe v. Starbucks, Inc.*, No. SACV 08-00582 AG (CWx), 2009 WL 5183773, at *1 (C.D. Cal. Dec 18, 2009). The Court declines to rule individually on the parties' many objections, and relied only on appropriate evidence in this order.

Summary judgment is appropriate where the record, read in the light most favorable to the non-moving party, shows that "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Material facts are those necessary to the proof or defense of a claim, as determined by reference to substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," based on the issue. *See id.* In deciding a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party "is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|----------|-------------------------|------|-----------------|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

## 4. ANALYSIS

### 4.1   Libel Per Se

As Ostella puts it, the "primary question" for her libel claim is whether "Taitz's statements that Ostella *took funds, diverted, or committed fraud* in 11 posts is libel on its face." (Mot., Dkt. No. 818-1 at 10.) Under California Civil Code section 45a, the section which governs libel per se, a plaintiff prevails only "if the publication is (1) libelous on its face, or (2) if special damages have been proven." *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1010 (9th Cir. 2001). Ostella argues that Taitz's statements are libelous on their face because they accuse Ostella of criminal conduct. (Mot., Dkt. No. 818-1 at 10.)

In this case, the Ninth Circuit has concluded that Taitz's "speech at issue concerns matters of public importance." (Dkt. No. 676 at 5.) Consequently, Taitz argues that Ostella must show that the blog posts were made with malice. And Ostella doesn't contest that argument. (*See* Opp'n, Dkt. No. 832 at 12; Reply, Dkt. No. 838 at 19.) Indeed, there is some support for Taitz's argument. "[I]f a plaintiff in a defamation case involving a matter of public concern seeks presumed damages because the statements are libelous per se," as Ostella does here, the plaintiff "must prove actual malice, i.e., that defendant knew the complained-of speech was false or acted with reckless disregard of whether it was false." *ZL Techs., Inc. v. Does 1-7*, 13 Cal. App. 5th 603, 631 (2017). "Evidence of falsity will be relevant to any determination of malice." *Id.* at 632 (internal citations omitted).

Throughout her papers, Ostella has failed to provide convincing evidence that the statements were false or that Taitz knew the statements were false when made. To be sure, the confusing evidence submitted by both sides makes it nearly impossible to tell what actually happened—it's possible that Taitz's statements were totally false. Indeed, Taitz's own evidence on this point is fairly weak. But Ostella concedes that it's her burden to prove malice and falsity in this context. To carry that burden, Ostella must rely on "significantly probative" evidence that is more than "merely colorable." *Anderson*, 477 U.S. at 249–50 (internal citations omitted). Ostella hasn't done that, even viewing the facts (as much as the Court can now discern them) in a light most favorable to her.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|---|---|---|---|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

For these and other reasons, summary judgment in Taitz's favor on Ostella's libel per se claim is appropriate.

### 4.2  Invasion of Privacy (False Light Publicity and Appropriation of Name)

To prevail on a false light publicity claim, a plaintiff must show that the defendant (1) disclosed to one or more persons information about the plaintiff that was presented as factual but was actually false or created a false impression about the plaintiff; (2) the information was understood by one or more persons to whom it was disclosed as stating something highly offensive that would have a tendency to injure the plaintiff's reputation; (3) by clear and convincing evidence, the defendant acted with constitutional malice; and (4) the plaintiff was damaged by the disclosure. *Solano v. Playgirl, Inc.*, 292 F.3d 1078, 1082 (9th Cir. 2002). As Ostella describes the test for appropriation of a person's name, knowing use of a person's name for commercial purposes without another's consent leads to liability for damages. Ostella explicitly relies on California's statutory version of name appropriation. (Mot., Dkt. No. 818-1 at 15, n.28.)

Ostella hasn't provided evidence sufficient to support either privacy claim. While it's undisputed that Taitz did use Ostella's name without consent, Ostella hasn't convincingly shown that the claims were false or that Taitz acted with malice, as discussed. Also, Ostella's evidence of damages consists almost entirely of her own conclusory declaration, which is difficult to rely on as the sole source for her $15,000,000 damages claim. (Dkt. No. 810 at ¶¶ 10, 55, 37, 60.) While Ostella argues the use of her name was for a "commercial purpose" because it was on Taitz's blog where Taitz solicits donations and posts paid ads, this isn't a sufficiently "direct connection between the alleged use and the commercial purpose." *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1001 (9th Cir. 2001); *see also* Cal. Civ. Code § 3344(a) (use of name must be "for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services"). Further, Ostella's privacy claims are likely barred by the Ninth Circuit's explicitly finding that Taitz's posts concerned matters of public interest, particularly since Ostella hasn't shown that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|----------|-------------------------|------|-----------------|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

statements were false. *See Downing*, 265 F.3d at 1002–03; *Solano*, 292 F.3d at 1098.

Summary judgment on Ostella's invasion of privacy claims is appropriate.

### 4.3 Cyber-Harassment

Ostella contends that "Taitz has cyber harassed her . . . through Taitz's 11 posts and published law enforcement reports, that accused Ostella of diverting funds, of committing fraud, and of hijacking the blog." (Mot., Dkt. No. 818-1 at 15.) Under California Civil Procedure Code section 527.6(b), harassment is defined as:

> unlawful violance, a credible threat of violence, or a knowing
> and willful course of conduct directed at a specific person that
> seriously alarms, annoys, or harasses the person, and that serves
> no legitimate purpose. The course of conduct must be that
> which would cause a reasonable person to suffer substantial
> emotional distress, and must actually cause substantial emotional
> distress to the petitioner.

To receive the injunctive relief provided by California's anti-harassment statute, Ostella must prove that she is the victim of ongoing harassment by clear and convincing evidence. Cal. Civ. Proc. Code § 527.6(i).

Here, Ostella fails to provide evidence sufficient to support her harassment claim. Importantly, Ostella hasn't shown that Taitz's online posts caused Ostella "substantial emotional distress." The lone evidence of Ostella's emotional distress is her own declaration that says has been "embarrassed, humiliated, and [has] felt continuously criminalized by Taitz's online criminal accusations." (Dkt. No. 819 at ¶ 37.) Without more, this isn't enough under the California harassment statute's high burden of proof. Moreover, this doesn't appear to be the kind of conduct covered by the harassment statute, particularly since Taitz's allegedly harassing posts were all made many years ago. *See Russell v. Douvan*, 112 Cal. App. 4th 399, 402 (2003) (requiring course of conduct to justify

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|----------|--------------------------|------|-----------------|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

injunctive relief). The Court takes seriously Taitz's declaration that she will not post about Ostella moving forward.

For these and other reasons, summary judgment in Taitz's favor on Ostella's harassment claim is appropriate.

### 4.4    Sanctions

Ostella argues that the Court should sanction Taitz under the Federal Rules of Civil Procedure for failing to turn over discovery. Ostella also argues that the Court should sanction Taitz under 28 U.S.C. § 1927 for "unreasonably and vexatiously" multiplying these proceedings. Under both standards, the Court has discretion to determine whether sanctions are appropriate. *See Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 859 (9th Cir. 2014) (explaining that the Court has "wide latitude" in awarding Rule 37 sanctions); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46–48 (1991).

Although Taitz's conduct throughout this case has been very concerning, as the Court has noted numerous times, the Court can't conclude that sanctions are warranted. This is particularly true because Ostella's own conduct throughout this case has also been very concerning. Moreover, it's unclear why Ostella has waited until this late date to make discovery-related arguments. For these and other reasons, the Court declines to award sanctions to any party.

## 5. LISA LIBERI LETTER

Lisa Liberi sent the Court a letter consistent with the prefiling restriction in this case. Liberi asks the Court to enforce the settlement agreement between her and Taitz, which ultimately led to the dismissal of Liberi's claims against Taitz and others with prejudice. Liberi asserts that Taitz violated their settlement agreement in various ways, mostly by filing an 84-page counter-complaint against various parties. Liberi asks that she be allowed to file a new, 34-page complaint seeking over $30,000,000 in relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|---|---|---|---|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

No. Liberi settled her claims against Taitz and others and dismissed those claims with prejudice. The proposed complaint improperly resurrects many of those claims for no good reason, and even raises wholly new issues that aren't appropriately part of this years-old litigation. Moreover, Liberi's concerns about Taitz's counterclaims are moot, because the Court previously struck those counterclaims. (Dkt. No. 774.) For these and other reasons, the Court DENIES Liber's request to file a complaint.

## 6. CONCLUSION

The Court has thoroughly reviewed the six briefs and mountains of evidence submitted by the parties in reaching the conclusions of this order. Any arguments not addressed in this order were either unpersuasive or unnecessary for the Court to consider.

The Court DENIES Ostella's motion for summary judgment. (Dkt. No. 818.) The Court GRANTS Taitz's motion for summary judgment. (Dkt. No. 826.) Though the parties may feel impelled to ask, the Court will not award any attorney fees to either side, because such an award would not be at all appropriate under the circumstances.

Thus this case, largely fueled by political passions of the past, comes to an end. The Court hopes the parties will move on to more productive activities. The Court will enter a simple judgment.

| | | : | 0 |
|---|---|---|---|
| Initials of Preparer | lmb | | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "2"



Lisa Liberi <lisaliberi@gmail.com>

## Chubb Claim No. 047511021455

**Tortorici, Emma** <Emma.Tortorici@chubb.com>                    Mon, Oct 22, 2018 at 3:56 PM
To: "lisaliberi@gmail.com" <lisaliberi@gmail.com>
Cc: "Favre, David G" <dfavre@chubb.com>

Please see attached.

This email (including any attachments) is intended for the designated recipient(s) only, and may be confidential, non-public, proprietary, and/or protected by the attorney-client or other privilege. Unauthorized reading, distribution, copying or other use of this communication is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) should not be deemed a waiver of any privilege or protection. If you are not the intended recipient or if you believe that you have received this email in error, please notify the sender immediately and delete all copies from your computer system without reading, saving, printing, forwarding or using it in any manner. Although it has been checked for viruses and other malicious software ("malware"), we do not warrant, represent or guarantee in any way that this communication is free of malware or potentially damaging defects. All liability for any actual or alleged loss, damage, or injury arising out of or resulting in any way from the receipt, opening or use of this email is expressly disclaimed.

📄 **Liberi Response-DOI Complaint.pdf**
102K

Chubb North AmericanClaims   O  +415.547.4590
455 Market Street            M  +415.770.1188
San Francisco, CA 94506         Emma.tortorici@chubb.com
USA

October 22, 2018

***Via Email & U.S. Mail***

CHUBB®   *(LisaLiberi@gmail.com)*

Lisa Liberi
1704b Llano St. No. 159
Santa Fe, NM 87505

Re:   Our Insured:        Orly Taitz
      Claimant:      Lisa Liberi
      Policy No.:    12733201-01
      Policy Periods:July 30, 2008 to July 30, 2013 annually
      Liability Limit:      $1 million
      Insurer:      Federal Insurance Company
      Our Claim No.:        047511021455
      CA DOI No.:   CSB-8170955

Dear Ms. Liberi:

Please allow this to respond to your letter dated October 9, 2018 and your prior correspondence dated February 9, 2018, August 16, 2018, and August 31, 2018 communicating your willingness to settle your claims against our insured for the limits of the referenced policy. This also responds to your Request for Assistance to the California Department of Insurance dated September 29, 2018.

By way of background, there are a couple facts we would like to clarify. At all times relevant to this dispute, you have been a claimant suing or otherwise making claims against our insured. The law firm of Schuman | Rosenberg of whom Kim Schuman and Jeffrey Cunningham are partners were retained as defense counsel to defend our insured, Ms. Orly Taitz. Neither Mr. Schuman, Mr. Cunningham nor the law firm of Schuman | Rosenberg represents Federal Insurance Company ("Chubb") in connection with your dispute nor have they ever served in any capacity as Chubb's agent as you state in your letters. They were at all time defense counsel for Chubb's insured, Ms. Taitz. (See, Fair Claims Settlement Practices Act Section 2695.2 "claims agent" does not include "an attorney retained by the insurer to defend a claim brought against an insured.")

Please understand that we did not and do not concur with your assessment of this dispute.  Prior to your letters, you and our insured, Orly Taitz, entered into a binding settlement agreement on or about September 9, 2016, fully resolving all disputes between you and Ms. Taitz.  Following the execution of that settlement agreement, a stipulation of dismissal with prejudice of your lawsuit was filed on your behalf on September 9, 2016 by your counsel of record in favor of Orly Taitz.  Thereafter, on September 12, 2016, at the request of the parties, the Court ordered the dismissal of your action with prejudice but retained jurisdiction to enforce the terms of the settlement agreement. We mention these facts because section 2695.5 of the Fair Claims Settlement Practice Act expressly provides that the communications requirements of subsection (b) "shall not apply to require communication with a claimant [you] subsequent to receipt by the licensee [us] of a notice of legal action by that claimant [you]." As you had been litigating this action for years and indeed had pending requests to the U.S.

1

District Court to "reopen" the litigation, no responsive communication was required from us to you.

Your letters to us, referenced above, were all post settlement and dismissal of all of your claims against our insured, Ms. Taitz with prejudice.  We simply did not concur with your assessment of your claim against our insured, particularly given the fact that the matter had previously been fully settled and dismissed with prejudice. Chubb also does not concur (nor did the U.S. District Court Judge) with your position that you were coerced into settling your claims or that somehow Chubb's insured breached the terms of the settlement agreement.

We understand that you wrote letters to the U.S. District Court for the Central District of California, Hon. Andrew J. Guilford, on February 9, 2018 and August 31, 2018 (copies attached without exhibits) requesting leave to file an action against our named insured, Orly Taitz, for breach of the settlement agreement.   Nowhere in these letters do you state, as you did in your Request for Assistance to the Department of Insurance, that you were somehow coerced under threat to enter into a settlement or to dismiss your action with prejudice against our insured. In any event, by its ruling on October 5, 2018, the Court denied your request in its entirety stating:

> Lisa Liberi sent the Court a letter consistent with the prefiling restriction in this case.  Liberi asks the Court to enforce the settlement agreement between her and Taitz, which ultimately led to the dismissal of Liberi's claims against Taitz and others with prejudice.  Liberi asserts that Taitz violated their settlement agreement in various ways, mostly by filing an 84-page counter-complaint against various parties.  Liberi asks that she be allowed to file a new, 34-page complaint seeking over $30,000,000 in relief.

> No.  Liberi settled her claims against Taitz and others and dismissed those claims with prejudice.  The proposed complaint improperly resurrects many of those claims for no good reason, and even raises wholly new issues that aren't appropriately part of this years-old litigation.  Moreover, Liberi's concerns about Taitz's counterclaims are moot because the Court previously struck those counterclaims.  (Dkt. No. 774.)  For these and other reasons, the Court DENIES Liberi's request to file a complaint.

For your convenience, we attached a copy of the settlement agreement dated September 9, 2016; the Stipulation of Dismissal with Prejudice by Plaintiff, Lisa Liberi as to Defedants Orly Taitz, Defendant Our Freedoms Foundations, Law Office of Orly Taitz, and Orly Taitz, Inc;  the Order to Dismiss Action and Retain Jurisdiction to Enforce Settlement Agreement; your letters to Judge Guilford dated February 9, 2018 and August 31, 2018 and Civil Minute-General From the U.S. District Court, Hon. Andrew J. Guilford re: Order re: Motions for Summary Judgment.

We trust that this letter suffices to the explain our position.

Very Truly Yours,

*Emma M. Tortorici*

Emma M. Tortorici


Cc: California Department of Insurance

2



Lisa Liberi <lisaliberi@gmail.com>

## Chubb claim ref: 047511021455

**Hee, Lana Z** <lzhee@chubb.com>                           Tue, Oct 23, 2018 at 10:24 AM
To: "Lisa.Liberi@gmail.com" <Lisa.Liberi@gmail.com>

Please see attached, sent on behalf of Emma Tortorici.  Should you have any questions or comments, please contact Ms. Tortorici at (415) 547-4590, **Emma.tortorici@chubb.com**.  Thank you.

**CHUBB**

**Lana Z. Hee**
Pacific Region, North America Casualty Claims

2603 Camino Ramon, Suite 300, San Ramon, California 94583, USA
O (925) 598-6046   F (623) 455-2276
E lzhee@chubb.com

**Chubb. Insured.™**

This email (including any attachments) is intended for the designated recipient(s) only, and may be confidential, non-public, proprietary, and/or protected by the attorney-client or other privilege. Unauthorized reading, distribution, copying or other use of this communication is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) should not be deemed a waiver of any privilege or protection. If you are not the intended recipient or if you believe that you have received this email in error, please notify the sender immediately and delete all copies from your computer system without reading, saving, printing, forwarding or using it in any manner. Although it has been checked for viruses and other malicious software ("malware"), we do not warrant, represent or guarantee in any way that this communication is free of malware or potentially damaging defects. All liability for any actual or alleged loss, damage, or injury arising out of or resulting in any way from the receipt, opening or use of this email is expressly disclaimed.

📄 **Liberi Response-DOI complaint.pdf**
87K

Emma Tortorici        O  415.547.4590
**Chubb North America Claims**    M  415.770.1188
455 Market Street       Emma.tortorici@chubb.com
San Francisco, CA 94506
USA

October 23, 2018



**Lisa.Liberi@gmail.com**                **Via E-Mail & U.S. Mail**
Lisa Liberi
**170b Llano St. No.159**
**Santa Fe, NM  87505**

Re:  Our Insured:      Orly Taiz
     Claimant:        Lisa Liberi
     Policy No.:       12733201-01
     Policy Periods:    July 30, 2008 to July 30, 2013 annually
     Liability Limit:    $1,000,000
     Insurer:          Federal Insurance Company
     Our Claim No:     047511021455
     CA DOI No.:      CSB-8170955

Dear Ms. Liberi:

Please allow this to respond to your letter dated October 9, 2018 and your prior correspondence dated February 9, 2018, August 16, 2018, and August 31, 2018 communicating your willingness to settle your claims against our insured for the limits of the referenced policy. This also responds to your Request for Assistance to the California Department of Insurance dated September 29, 2018.

By way of background, there are a couple facts we would like to clarify. At all times relevant to this dispute, you have been a claimant suing or otherwise making claims against our insured. The law firm of Schuman | Rosenberg of whom Kim Schuman and Jeffrey Cunningham are partners were retained as defense counsel to defend our insured, Ms. Orly Taitz. Neither Mr. Schuman, Mr. Cunningham nor the law firm of Schuman | Rosenberg represents Federal Insurance Company ("Chubb") in connection with your dispute nor have they ever served in any capacity as Chubb's agent as you state in your letters. They were at all time defense counsel for Chubb's insured, Ms. Taitz. (See, Fair Claims Settlement Practices Act Section 2695.2 "claims agent" does not include "an attorney retained by the insurer to defend a claim brought against an insured.")

Please understand that we did not and do not concur with your assessment of this dispute. Prior to your letters, you and our insured, Orly Taitz, entered into a binding settlement agreement on or about September 9, 2016, fully resolving all disputes between you and Ms. Taitz. Following the execution of that settlement agreement, a stipulation of dismissal with prejudice of your lawsuit was filed on your behalf on September 9, 2016 by your counsel of record in favor of Orly Taitz. Thereafter, on September 12, 2016, at the request of the parties, the Court ordered the dismissal of your action with prejudice but retained jurisdiction to enforce the terms of the settlement agreement. We mention these facts because section 2695.5 of the Fair Claims Settlement Practice Act expressly provides that the communications requirements of subsection (b) "shall not apply to require communication with a claimant [you] subsequent to receipt by the licensee [us] of

a notice of legal action by the claimant [you].” As you had been litigating this action for years and indeed had pending requests to the U.S. District Court to “reopen” the litigation, no responsive communication was required from us to you.

Your letters to us, referenced above, were all post settlement and dismissal of all of your claims against our insured, Ms. Taitz with prejudice. We simply did not concur with your assessment of your claim against our insured, particularly given the fact that the matter had previously been fully settled and dismissed with prejudice. Chubb also does not concur (nor did the U.S. District Court Judge) with your position that you were coerced into settling your claims or that somehow Chubb’s insured breached the terms of the settlement agreement.

We understand that you wrote letters to the U.S. District Court for the Central District of California, Hon. Andrew J. Guilford, on February 9, 2018 and August 31, 2018 (copies attached without exhibits) requesting leave to file an action against our named insured, Orly Taitz, for breach of the settlement agreement. Nowhere in these letters do you state, as you did in your Request for Assistance to the Department of Insurance, that you were somehow coerced under threat to enter into a settlement or to dismiss your action with prejudice against our insured. In any event, by its ruling on October 5, 2018, the Court denied your request in its entirety stating:

> Lisa Liberi sent the Court a letter consistent with the prefiling restriction in this case. Liberi asks the Court to enforce the settlement agreement between her and Taitz, which ultimately led to the dismissal of Liberi’s claims against Taitz and others with prejudice. Liberi asserts that Taitz violated their settlement agreement in various ways, mostly by filing an 84-page counter-complaint against various parties. Liberi asks that she be allowed to file a new, 34-page complaint seeking over $30,000,000 in relief.

> No. Liberi settled her claims against Taitz and others and dismissed those claims with prejudice. The proposed complaint improperly resurrects many of those claims for no good reason, and even raises wholly new issues that aren’t appropriately part of this years-old litigation. Moreover, Liberi’s concerns about Taitz’s counterclaims are moot because the Court previously struck those counterclaims. (Dkt. No. 774.) For these and other reasons, the Court DENIES Liberi’s request to file a complaint.

For your convenience, we attached a copy of the settlement agreement dated September 9, 2016; the Stipulation of Dismissal with Prejudice by Plaintiff, Lisa Liberi as to Defendants Orly Taitz, Defendant Our Freedoms Foundations, Law Office of Orly Taitz, and Orly Taitz, Inc; the Order to Dismiss Action and Retain Jurisdiction to Enforce Settlement Agreement; your letters to Judge Guilford dated February 9, 2018 and August 31, 2018 and Civil Minute-General From the U.S. District Court, Hon. Andrew J. Guilford re: Order re: Motions for Summary Judgment.

We trust that this letter suffices to the explanation of our position.

Very truly yours,

*Emma M. Tortorici*

Emma M. Tortorici

2

1

## **CERTIFICATE OF SERVICE**

2

3      I, Lisa Liberi, hereby certify that a true and correct copy of Plaintiff Lisa

4

Liberi's Motion for Reconsideration and Relief from Final Judgment was served this

5

31st day of October 2018, electronically through Email and the Court's ECF filing

6

7      system upon its filing on the following:

8

**SCHUMANN ‖ ROSENBERG, LLP**

9      Kim Schumann, Esquire

Jeffrey Cunningham, Esquire

10     3100 S. Bristol Street, Suite 400

11     Costa Mesa, CA 92626

schumann@schumannrosenberg.com

12     cunningham@schumannrosenberg.com

13     *Attorney for Defendant Orly Taitz*

14

Orly Taitz, Esquire

15     29839 Santa Margarita, Suite 100

Rancho Santa Margarita, CA 92688

16     E-mail: orly.taitz@gmail.com

17

*Attorney for Defendants Defend our Freedoms Foundations, Inc,*

18     *Orly Taitz, Inc., and The Law Offices of Orly Taitz.*

19

20

21

22     LISA LIBERI

1704B Llano St. No. 159

23     Santa Fe, NM 87505

Ph: (505) 577-0829

24     Email: lisaliberi@gmail.com

25

*Plaintiff in Pro Se*

26

27

28

18

Plaintiff's Memorandum of Points and Authorities