Lisa Ostella
P.O. Box 1121
Denville, NJ 07834
Ph: (973) 798-8402
Email: lisaostella@hotmail.com

*Plaintiff in Pro Se*

FILED
CLERK, U.S. DISTRICT COURT

11/06/2018

CENTRAL DISTRICT OF CALIFORNIA
BY: ___gga for LB___ DEPUTY

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA,
## SOUTHERN DIVISION

| | |
|---|---|
| LISA OSTELLA,<br><br>                       Plaintiff,<br><br>   vs.<br><br>ORLY TAITZ,<br><br>                   Defendant. | CIVIL ACTION NUMBER:<br><br>**8:11-cv-00485-AG**<br><br>**PLAINTIFF, LISA OSTELLA'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION AND RELIEF FROM FINAL JUDGMENT**<br><br>Date of Hearing:   December 03, 2018<br>Time of Hearing:  10:00 a.m.<br>Location:         Courtroom 10D<br><br>Discovery Cutoff:  None<br>Pretrial Conf.:      None<br>Trial Date:         None |

//
//
//
//
//

Plaintiff's Notice of Motion for Motion            1

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on December 3, 2018 at 10:00 a.m. or as soon as the matter may be heard in Courtroom 10D of the United States District Court, Central District of California, Southern Division, located at 411 West Fourth Street, Santa Ana, California 92701, Plaintiff Lisa Ostella ["Plaintiff"] will, and hereby does move the Court to Reconsider. Amend and Alter its Order of October 5, 2018, Dkt No. 841, served October 9, 2018, and for relief from the Court's final Judgment of October 5, 2018, served October 9, 2018, Dkt No. 842.

Pursuant to Federal Rules of Civil Procedures 59(d), 59(e) and 60(b), a party may move a Court to reconsider a final judgment if it "committed clear error or the initial decision was manifestly unjust." the Court plainly misinterpreted and misapplied the proper identification and application of factors relating to a private person, evidence and the burden to show actual malice erroneously determining Defendant's "speech at issue concerns matters of public importance."

Pursuant to Local Rule 7-18, Plaintiff seeks reconsideration of the Court's October 5, 2018 Order because of the Court's "manifest showing of a failure to consider material facts presented to the Court by Plaintiff prior to its Decision,

1

2   The Plaintiff, pursuant to *Local rule 7-3*, has attempted to meet and confer

3   with the Defendant on October 17, 2018 and October 30, 2018 regarding this

4   Motion for Reconsideration and Relief from Final Judgment. Defendant offered no

5   position on this Motion.

6

7                                          Respectfully submitted,

8

9   Dated:  October 31, 2018

10                                         Lisa Ostella
                                           P.O. Box 1121
11                                         Denville, NJ 07834
                                           Ph: (973) 798-8402
12                                         Email:  lisaostella@hotmail.com

13
                                           *Plaintiff in Pro Se*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

# CERTIFICATE OF SERVICE

I, Lisa Ostella, hereby certify that a true and correct copy of Plaintiff Lisa Ostella's, Notice of Motion and Motion for Reconsideration and Relief from Final Judgment was served this 31st day of October 2018, electronically through E-mail  and the Court's ECF filing system upon its filing, on the following:

**SCHUMANN ǀ ROSENBERG, LLP**
Kim Schumann, Esquire
Jeffrey Cunningham, Esquire
3100 S. Bristol Street, Suite 400
Costa Mesa, CA 92626
schumann@schumannrosenberg.com
cunningham@schumannrosenberg.com
*Attorney for Defendant Orly Taitz*

Lisa Ostella
P.O. Box 1121
Denville, NJ 07834
Ph: (973) 798-8402
Email:  lisaostella@hotmail.com

*Plaintiff in Pro Se*

LISA OSTELLA
P.O. Box1121
Denville, NJ 07834
Ph:  (973) 798-8402
Email:  lisaostella@hotmail.com

*Plaintiff in Pro Se*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA,
## SOUTHERN DIVISION

| | |
|---|---|
| LISA OSTELLA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ORLY TAITZ,<br><br>　　　　　Defendant. | CIVIL ACTION NUMBER:<br><br>**8:11-cv-00485-AG**<br><br>**PLAINTIFF, LISA OSTELLA'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION AND RELIEF FROM FINAL JUDGMENT**<br><br>Date of Hearing:  December 3, 2018<br>Time of Hearing:  10:00 a.m.<br>Location:　　　　Courtroom 10D<br><br>Discovery Cutoff:  None<br>Pretrial  Conf.:　　None<br>Trial Date:　　　　None |

# **TABLE OF CONTENTS**

**PAGE(s)**

**TABLE OF CONTENTS**…………………………………………………….... i

**TABLE OF AUTHORITIES**……………………………………………….... ii-iv

**I.      INTRODUCTION**……………………………………………………1

**II.     LEGAL STANDARD**..........................................................................1-3

**III.    ARGUMENT**......................................................................................3-19

    **a.     Lisa Ostella is not a Public Person, or a Public Figure and the Court improperly held Defendant's Speech was of Public Importance**........................................................................7-9

    **b.     The Court improperly held Plaintiff's evidence was not significantly probative"** ...................................................9-13

        **i.     Defendant Received the Donations she claimed were stolen or diverted**.......................................................13-18

        **ii.    Defendant was aware Ostella owned the defendourfreedoms sites and domains**....................................18-19

        **iii.   Plaintiff does not have a criminal record**......................................19

**IV.    CONCLUSION**.................................................................19-20

**Exhibit "A"** ...........................................................................21

**CERTIFICATE OF SERVICE**……………………………………….22

# TABLE OF AUTHORITIES

__CASE__                                                                                    __PAGE(s)__

*Abuemeira v. Stephens* (2016) 246 Cal.App.4th 1291, 1299
[201 Cal.Rptr.3d 437] ..................................................................................7

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255,
106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) .................................................... 13

*Burtenshaw v. Berryhill*, U.S.D.C. Case No. 5:16-CV-02243-GJS.
C.D. CA Jan. 23, 2018) ........................................................................6, 20

*Eastwood v. Superior Court,* 149 Cal.App.3d 409,
198 Cal.Rptr. 342, 352 (1983) ...................................................................10

*Eat Right Foods Ltd. v. Whole Foods Market, Inc.,*
880 F. 3d 1109, 1118 (9th Circuit 2018) ..................................................13

*Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) ........................................2

*Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 345,
94 S.Ct. 2997, 41 L.Ed.2d 789 (1974) ................................................7, 8, 9

*Hussein v. Barrett,* U.S.D.C Case No. 11-cv-05317-JST
(N.D. CA March 27, 2017) .........................................................................7

*In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.,*
966 F. Supp. 2d 1031, 1036 (C.D. Cal. 2013) ...........................................3

*Kona Enterprises, Inc. v. Estate of Bishop,*
229 F.3d 877, 890 (9th Cir. 2000) ..............................................................2

*Latshaw v. Trainer Wortham & Co., Inc.*,
452 F.3d 1097, 1100 (9th Cir. 2006) ........................................................20

*Lefebvre v. Lefebvre* (2011) 199 Cal. App. 4th 696, 704.............................................7

*Liberi v. Taitz*, 647 Fed. App'x 794, 796–797 (9th Cir. 2016) ............................3, 4, 7

*Lugosi v. Universal Pictures*, 25 Cal. 3d 813 (Cal. 1979) ........................................10

ii

## TABLE OF AUTHORITIES - Continued

**CASE**                                                                 **PAGE(s)**

*Makaeff v. Trump Univ., LLC,* 715 F.3d 254, 264 (9th Cir.2013) ..................................8

*New York Times Co. v. Sullivan,* 376 U.S. 254, 279-80,
84 S.Ct. 710, 11 L.Ed.2d 686 (1964) ....................................................7, 8, 10

*School Dist. No. 1J, Mulnomah County, Or. v. ACandS, Inc.,*
5 F.3d 1255, 1263 (9th Cir. 1993) ..............................................................2

*Solano v. Playgirl, Inc.*, 292 F.3d 1078, 1089 (9th Cir. 2002) ....................................10

*Turner v. Burlington N. Santa Fe R.R. Co.,*
338 F.3d 1058, 1063 (9th Cir. 2003) ........................................................6, 20

*Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) ............................2

## CALIFORNIA STATUTES

**STATUTE**                                                              **PAGE(s)**

CA Civ Code ¶3344..................................................................................10

## FEDERAL RULES OF CIVIL PROCEDURE

**RULE**                                                                 **PAGE(s)**

Rule 27(d)(2)(A-B)..................................................................................19

Rule 56(a)..............................................................................................4, 5

Rule 56(c)4.................................................................................................6

Rule 59(e)......................................................................................1,2, 6, 20

Rule 60(b)(1) ..................................................................................2, 20

iii

# **FEDERAL RULES OF EVIDENCE**

**RULE**                                                                                      **PAGE(s)**

Rule 602..................................................................................................6

Rule 603..................................................................................................6

Rule 802..................................................................................................6

Rule 805..................................................................................................6

Rule 901..................................................................................................6

Rule 1002................................................................................................6

Rule 1003................................................................................................6

# **LOCAL RULES**

**RULE**                                                                                      **PAGE(s)**

Rule 706..................................................................................................6

Rule 7-7..................................................................................................6

Rule 7-18.............................................................................................2, 3

iv

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

On October 5, 2018 the Court denied Plaintiff Lisa Ostella's ["Plaintiff"] Motion for Summary Judgment ["MSJ"] and Granted Defendant Orly Taitz's ["Defendant"] Motion for Summary Judgment., copy attached as **EXHIBIT "1"**.  The Court reasoned that the Motions for Summary Judgment were dictated by the burden of proof.  The Court held that Plaintiff failed to meet her burden, denied her MSJ and for the same reasons granted Defendant's MSJ because Defendant's "speech at issue concerns matters of public importance" and Plaintiff must prove actual malice.  The Court noted Plaintiff had to show Defendant knew the "complained of speech was false or acted with reckless disregard of whether it was false".  The Court held that for Plaintiff to "carry her burden" she was required to rely on "significantly probative" evidence that is more than "merely colorable", which Plaintiff failed to do.

Because the Court's erroneous review, identification, and application of these factors and the Court's failure to consider material facts presented to the Court by Plaintiff prior to its Decision, amounted to clear error and because the decision was "manifestly unjust," Plaintiff respectfully moves for reconsideration and relief from the final order.

### II.     LEGAL STANDARD

Amendment or alteration of a judgment is only appropriate under Rule 59(e) if "(1) the district court is presented with newly discovered evidence, (2) the district court

committed clear error or made an initial decision that was manifestly unjust, or (3) there

is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d

734, 740 (9th Cir. 2001). The rule "offers an extraordinary remedy, to be used sparingly

in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc.*

*v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "A Rule 59(e) motion may *not* be

used to raise arguments or present evidence for the first time when they could reasonably

have been raised earlier in the litigation." Id. *See also Exxon Shipping Co. v. Baker*, 554

U.S. 471, 485 n.5 (2008); School Dist. No. 1J, *Mulnomah County, Or. v. ACandS, Inc.*, 5

F.3d 1255, 1263 (9th Cir. 1993).

Under Federal Rule of Civil Procedure 60(b), a party may seek reconsideration of

a final judgment or court order for any reason that justifies relief, including:

> (1)     mistake, inadvertence, surprise, or excusable neglect;
> (2)     newly discovered evidence that, with reasonable diligence, could not have been
>         discovered in time to move for a new trial under Rule 59(b);
> (3)     fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
>         misconduct by an opposing party;
> (4)     the judgment is void;
> (5)     the judgment has been released or discharged; it is based on an earlier
>         judgment that has been reversed or vacated; or applying it prospectively is no
>         longer equitable; or
> (6)     any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6).

Central District of California Local Rule 7-18 further explains that reasons to

support a motion for reconsideration include:

> (a) a material difference in fact or law from that presented to the Court . . .
> that . . . could not have been known to the party moving for reconsideration
> at the time of such decision, or (b) the emergence of new material facts or a

change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

C.D. Cal.LR. 7-18, *see In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 966 F. Supp. 2d 1031, 1036 (C.D. Cal. 2013).  A motion for reconsideration may not, however, "in any manner repeat any oral or written argument made in support of or in opposition to the original motion." Id.

## III.    ARGUMENT

Pursuant to this Court's Order of February 13, 2018, Dkt No. 815, both sides were permitted to file Motions for Summary Judgment [MSJ] against each other on Plaintiff's Second Amended Complaint [SAC], Dkt No. 751.  The Court's Order was very clear, Ordering:

"...the Ninth Circuit "affirm[ed] the district court's denial of Appellants' motion to strike the FAC under California anti-SLAPP as to all of Appellees' claims except violation of California Information Privacy Act § 1798.53, malicious prosecution, and abuse of process." *Liberi v. Taitz*, 647 Fed. App'x 794, 796–797 (9th Cir. 2016). Citing the Ninth's Circuit's decision... But then Plaintiff Ostella amended her complaint, narrowing her previous complaint to four of the original claims: "False Light Invasion of Privacy", "Appropriation of Name Invasion of Privacy", and "Defamation Per Se - Libel Per Se".  (First Amended Compl., Dkt. No. 751.). These are not the claims the Ninth Circuit singled out for anti-SLAPP treatment, and the Ninth Circuit affirmed the denial of anti-SLAPP relief for all other claims, including all claims asserted in Ostella's operative complaint. *Liberi*, 647 Fed. App's at 797..."  Dkt No. 815 at p. 2, ¶2.

Contrary to the Court's February 13, 2018 Order, in denying Plaintiff's MSJ, Dkt No. 841 filed October 5, 2018, the Court concluded

"*In this case, the Ninth Circuit has concluded that Taitz's "speech at issue concerns matters of public importance." (Dkt. No. 676 at 5.)[I] 'f a plaintiff in a defamation case involving a matter of public concern seeks presumed damages*

*because the statements are libelous per se," as Ostella does here, the plaintiff
"must prove actual malice, i.e., that defendant knew the complained-of speech
was false or acted with reckless disregard of whether it was false."* Dkt No. 841,
p. 7, 4.1, ¶2; p. 8, 4.2, ¶2

The Court's October 5, 2009 Order is in direct conflict with the 9th Circuit's Order

outlined in." *Liberi v. Taitz*, 647 Fed. App'x 794, 796–797 (9th Cir. 2016). And the

Court's February 13, 2018 Order, Dkt No. 815.

      The Court was very specific in its February 13, 2018. Dkt No. 815, Order as to

filing of the Motions for Summary Judgment.  The Court Ordered:

> "... the parties to file their respective motions for summary judgment, including
> any arguments concerning damages, by no later than **March 30, 2018**. Each
> party gets one motion. Each party gets one opposition to the other party's
> motion. And each party gets one reply to support their respective motions. Any
> evidentiary objections must be filed with the oppositions, or the Court will not
> consider those objections. The Court will not consider any arguments not
> presented in the parties' respective motions, oppositions, and replies. The Court
> expects the parties to comply with the letter and spirit of this order, the Federal
> Rules of Civil Procedure, and this Court's Local Rules in filing their motions,
> oppositions, and replies. Any deviation from those principles may result in the
> Court (a) ignoring inappropriately presented arguments, (b) entering judgment
> against the offending party for failure to follow Court orders, or (c) issuing other
> appropriate sanctions."

      *Fed. R. Civ. P.* 56(a) states in pertinent part - (a) "**...**A party may move for

summary judgment, identifying each claim or defense — or the part of each claim or

defense — on which summary judgment is sought."  In this case, the Second Amended

Complaint ["SAC"] has four [4] causes of action "False Light Invasion of Privacy",

"Appropriation of Name Invasion of Privacy", and "Defamation *Per Se*, Dkt No. 751,

which are identical to the First Amended Complaint ["FAC"], *See* Dkt No. 231, pp. 85,

90, 102, and 111.  Plaintiff filed her SAC to focus on her Cause of Actions and make it

1    less confusing.  Plaintiff's evidence has always been the same as the evidence presented

2    in support of her FAC, Dkt No. 231 filed June 17, 2011.

3           Libel *Per Se* originated from Defendant's false accusations of Plaintiff diverting

4    and stealing donations from Defendant's foundation; hijacking and locking Defendant out

5    of her website, redirecting Defendant's website and PayPal donations, soliciting

6    donations under Defendant's foundation name, of having a criminal record, fraudulently

7    using Defendant's foundation name to steal donations, and variations thereof.

8

9

10          Defendant violated the Court's February 13, 2018 Order.  Defendant filed separate

11   Request for Judicial Notice, Dkt No. 834-2 and a separate 64-page objection to Plaintiff's

12   evidence, see Dkt No. 834-1. This clearly violated the Court's February 13, 2018 Order,

13   Dkt No. 815, but instead of enforcing its own Order, the Court allowed Defendant's

14   violation, and rewarded the Defendant by granting her MSJ.

15

16          Defendant filed numerous pages of "supposed" evidences falsely Accusing

17   Plaintiff of forging Defendant's name on documents, charging Defendant's supporters

18   money to sign a petition and keeping the funds, and selling merchandise in the name of

19   Defendant's foundation and keeping the funds.  None of which were true or pertained to

20   the basis of Plaintiff's four claims against Defendant or Defendant's defenses.  This was

21   the first time Plaintiff had ever received Defendant's "supposed" evidence since the

22   inception of this case. Defendant's strategic move was to confuse the Court and prejudice

23   the Court against Plaintiff, which worked.  And, in violation of *Fed. R. Civ. P.* 56(a) and

24

25

26

27

28

this Court's Order, Dkt No, 815.  Defendant also did this in her uncontroverted facts, *see* Dkt No. 834-22.

For the first time since the inception of this case, Defendant filed numerous Exhibits of "supposed" evidence and declarations, never previously provided to Plaintiff, full of speculation and was not on personal knowledge, and unauthenticated evidence, again prejudicing Plaintiff and violating the Federal Rules, Rule 56(c)(4) lack of personal knowledge; Federal Rules of Evidence, Rules 602 (Need for Personal Knowledge), 603 (Oath or Affirmation to Testify Truthfully), 802 (Hearsay), 805 (Hearsay Within Hearsay), 901 (Authenticating evidence), 1002 (Requirement of the Original document), 1003 (Admissibility of Duplicates), Cal. L.R. 7-6 (Evidence on Motions), 7-7 (Content of Declarations), and the "spirit" of this Court's Order, Dkt No. 815.

Instead of the Court upholding its Order, Defendant was permitted to once again get away with violating it and was rewarded by the Court for it by the Granting of Defendant's MSJ.

All of this was plainly and obviously unjust and prejudicial to the Plaintiff.  This alone, according to the Court's February 13, 2018 Order, Dkt No. 815 warrants the Granting of this Motion; Altering the Judgment, Dkt No. 842 and the Court Amending its October 5, 2018 Order, Dkt No. 841, Denying Defendant's MSJ and Granting Plaintiff's MSJ.  *Burtenshaw v. Berryhill*, U.S.D.C. Case No. 5:16-CV-02243-GJS. C.D. CA Jan. 23, 2018) quoting *Turner v. Burlington N. Santa Fe R.R. Co.,* 338 F.3d 1058, 1063 (9th Cir. 2003) (Granting a Rule 59(e) Motion is appropriate to "prevent manifest injustice.").

### a.   Lisa Ostella is not a Public Person, or a Public Figure and the Court improperly held Defendant's Speech was of Public Importance

As stated above, the Court's Order, Dkt No. 841 conflicts with the Court's February 13, 2018, Dkt No. 815, Order and the 9th Circuit's Order in *Liberi v. Taitz*, 647 Fed. App'x 794, 796–797 (9th Cir. 2016). Plaintiff is not a public person**,** as explained in Plaintiff's SAC at p.14, ¶44, Plaintiff's MSJ, Dkt No. 818-1 at p. 1, ¶II-A and Defendant's *"speech at issue" did not "concern matters of public importance"* as explained in Plaintiff's SAC, pp. 2, 12, 15 ¶¶2, 36, 47; Plaintiff's Opposition to Defendant's MSJ, Dkt No. 832, p. 12, ¶IV.

False allegations about a private person is not of public importance or public interest.  *See Hussein v. Barrett,* U.S.D.C Case No. 11-cv-05317-JST (N.D. CA March 27, 2017)( ("[T]he knowingly false statement and the false statement made with reckless disregard of the truth, do not enjoy constitutional protection."), quoting *Lefebvre v. Lefebvre* (2011) 199 Cal. App. 4th 696, 704; *Abuemeira v. Stephens* (2016) 246 Cal.App.4th 1291, 1299 [201 Cal.Rptr.3d 437] (same).  *See* Plaintiff's MSJ, Dkt No. 818-1 at p. 18, ¶3, last sentence; and Plaintiff's Opposition to Defendant's MSJ, Dkt No. 832, p. 12, ¶IV.

In *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 345, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974), The U.S. Supreme Court held "A publisher or broadcaster of defamatory falsehoods about an individual who is neither a public official nor a public figure may not claim the *New York Times* protection against liability for defamation on the ground that

the defamatory statements concern an issue of public or general interest." *Id.* at 339-348.

The Court explained "private individuals characteristically have less effective

opportunities for rebuttal than do public officials and public figures, they are more

vulnerable to injury from defamation. Because they have not voluntarily exposed

themselves to increased risk of injury from defamatory falsehoods, they are also more

deserving of recovery."  *Id.* at 324.  "injury to the reputation of private individuals is

therefore greater than for public officials and public figures." *Id.* at 343-345.

In *Makaeff v. Trump Univ., LLC,* 715 F.3d 254, 264 (9th Cir.2013) the Ninth

Circuit Held that "Trump University was not a public figure under *Gertz v. Robert Welch,*

*Inc.,* 418 U.S. 323, 345, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974), and Trump University

therefore did not need to meet the heightened standard of proof for defamation

established in *New York Times Co. v. Sullivan,* 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d

686 (1964). Under this heightened standard, Trump University would have been required

to show that Makaeff made her statements with actual malice. *Gertz,* 418 U.S. at 342, 94

S.Ct. 2997."

This Court also incorrectly concluded that Plaintiff "concedes that it's her burden

to prove malice and falsity in this context.", Dkt No. 841, p. 7, ¶3.  To the contrary,

Plaintiff's position has always been that she was/is not required to prove malice.  *See*

Plaintiff's SAC, Dkt No. 751 at p.14, ¶44; Plaintiff's MSJ, Dkt No. 818-1, p. 2, ¶B;

Plaintiff's Reply, Dkt No. 838, pp. 16-17, ¶VIII; and Plaintiff's Opposition to

Defendant's MSJ, Dkt No. 832, p. 12, ¶IV.

1   Just like the *Gertz* and *Makaeff*, cases, Plaintiff is not a public person or a public

2   figure and is not required to the heightened standard of proof as established in *New York*

3   *Times*.  Plaintiff was not required to show Defendant made her statements with actual

4   malice. Despite this, and contrary to the Court's Order, Dkt No 841, p. 7, ¶2 holding

5

6   "*Taitz argues that Ostella must show that the blog posts were made with malice. And*

7   *Ostella doesn't contest that argument. (**See** Opp'n, Dkt. No. 832 at 12; Reply, Dkt. No.*

8   *838 at 19.)*"  Plaintiff did address Defendant's malice by reporting the false allegations

9

10  about Plaintiff and the fact Defendant knew her speech was false or acted with reckless

11  disregard of whether it was false. *See* Plaintiff's MSJ, Dkt No. 818-1, P. 13, ¶1;

12

13  Plaintiff's Reply, Dkt No. 838, pp. 19-20; Plaintiff's Opposition to Defendant's MSJ, Dkt

14  No. 832, p. 19.

15      **b.  The Court improperly held Plaintiff's evidence was not significantly**

16          **probative"**

17      Plaintiff's evidence filed with her MSJ is the same evidence supplied since the

18  filing of the FAC in June 2011, Dkt. No. 231.

19

20      The Court incorrectly concluded that Plaintiff's evidence was colored and not

21  "significantly probative", Dkt No. 841, p. 7, ¶3, and the Court gave no reasoning for this

22  determination   And, that Plaintiff's evidence was insufficient to carry her burden in

23

24  substantiating her claims, without any reasoning.  Dkt No. 841 at p. 2 and p. 7, ¶2, p. 8,

25  ¶4.2, and p. 9, ¶4.3.   As a result, the Court denied Plaintiff's MSJ on all four causes of

26  action.  Plaintiff was forced to suffer an adverse judgment based on Court errors.

27

28

The Court incorrectly determined that Plaintiff's False Light Publication and Appropriation of Name and Likeness claims failed because "*Ostella's privacy claims are likely barred by the Ninth Circuit's explicitly finding that Taitz's posts concerned matters of public interest, particularly since Ostella hasn't shown that the statements were false...*" As *Solano v. Playgirl, Inc.*, 292 F.3d 1078, 1089 (9th Cir. 2002) held, "the newsworthiness privileges do not apply where a defendant uses a plaintiff's name and likeness in a knowingly false manner to increase sales of the publication. The First Amendment does not protect knowingly false speech. *New York Times Co. v. Sullivan,* 376 U.S. 254, 279-80, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). "[W]e do not believe that the Legislature intended to provide an exemption from liability for a knowing or reckless falsehood under the canopy of `news.' We therefore hold that Civil Code section 3344, subdivision (d), as it pertains to news, does not provide an exemption for a knowing or reckless falsehood." *Eastwood v. Superior Court,* 149 Cal.App.3d 409, 198 Cal.Rptr. 342, 352 (1983).

The unwarranted publication of a person's name or likeness may constitute the most common means of invasion of the right of privacy. The protection of name and likeness from unwarranted intrusion or exploitation is the heart of the law of privacy. *Lugosi v. Universal Pictures*, 25 Cal. 3d 813 (Cal. 1979).

The Court incorrectly determined Plaintiff failed to show Defendant's statements of false accusations were not proven false.

Plaintiff furnished each publication made by Defendant, *see* Plaintiff's affidavit, Dkt No. 819, pp. 6-7, ¶34(a-k), p. 7, ¶36, exhibits 1-12 Dkt No.'s 819-2 through 819-13, Mr. Lorenzo's Decl, Dkt No. 820, p. 3 ¶¶7-8, and Plaintiff's SAC, Dkt No. 751 pp. 7-10 ¶26(A-K).

Plaintiff supplied Defendant's PayPal records, subpoenaed in 2010 and 2017, exhibits 20-23, Dkt No.'s 819-21 to 819-24; Mr. Lorenzo's Declaration, Dkt No. 820, ¶¶13-14.  Plaintiff's affidavit, Dkt No. 819, p. 10, ¶¶47-51, showing Defendant received **every** donation she claimed Plaintiff stole or redirected, as evidence of the falsity of Defendant's publication that Plaintiff stole or redirected the donations to Plaintiff's PayPal and Bank Account.

Plaintiff provided her PayPal records and bank records, *see* Plaintiff's affidavit, Dkt No. 819, p. 10, ¶52 and exhibit 18, Dkt No. 819-19; exhibit 19, Dkt No. 819-20, showing no monies from Defendant's donors went into or out of Plaintiff's PayPal Account or bank account, proving Defendant's publications that Plaintiff misdirected donations from Defendant's foundation PayPal account into Plaintiff's PayPal account were false.  S*ee* Plaintiff's Affidavit, Dkt No. 819, pp. 6-7, ¶¶34, 36.

 Plaintiff furnished her FBI level background report from the New Jersey State Police showing Defendant's publications that Plaintiff had a criminal history were false.

Plaintiff furnished her Godaddy receipt showing Plaintiff's purchase of the defendourfreedoms domain names in Dec. 2008, proving ownership, Plaintiff provided the ICANN WHOIS, as did Defendant, for the defendourfreedoms websites and domain

names owned and utilized by Plaintiff **prior** to Defendant's use of defendourfreedoms.us, proving Defendant's publications that Plaintiff stole, hijacked, took over, or locked Defendant out were all false.

Defendant filed a criminal report against Lisa Ostella stating she stole $10,000 of PayPal donations from Defendant's foundation.  *See* Plaintiff's affidavit, Dkt. 819, p. 7, ¶¶35, 36, exhibit 16, Dkt No. 819-17 subpoenaed Jan. 26, 2010; Declaration of Mr. Lorenzo, Dkt. No. 820, p. 3, ¶8. Plaintiff's authenticated evidence shows Defendant's statements to be false, *see* Plaintiff's Affidavit, Dkt No. 819, pp. 6-7, ¶¶34, 36.  Every donation, as explained below, Defendant claims were stolen were in her PayPal accounts, exhibits 20-23, Dkt No.'s 819-21 to 819-24; *see* Mr. Lorenzo's Declaration, Dkt No. 820, ¶¶13-14.  Plaintiff's affidavit, Dkt. No. 819, p. 10, ¶¶47-51.  Plaintiff supplied her PayPal and bank records, *see* Plaintiff's affidavit, Dkt. No. 819, p. 10, ¶52 and exhibit 18, Dkt No. 819-19; exhibit 19, Dkt No. 819-20.

The Court also incorrectly held Plaintiff's Affidavit was a conclusory declaration. The Court stated "*Ostella's evidence of damages consists almost entirely of her own conclusory declaration, which is difficult to rely on as the sole source for her $15,000,000 damages claim*."

According to Merriam Webster Dictionary, the legal definition of A Conclusory declaration is a declaration "consisting of or relating to a conclusion or assertion for which no supporting evidence is offered".  Plaintiff attached the evidence to prove her statements.

As explained by the United States Supreme Court in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) "Our holding that the clear-and-convincing standard of proof should be taken into account in ruling on summary judgment motions does not denigrate the role of the jury. It by no means authorizes trial on affidavits. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Eat Right Foods Ltd. v. Whole Foods Market, Inc.,* 880 F. 3d 1109, 1118 (9th Circuit 2018) ("the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.")

### i.   Defendant Received the Donations she claimed were stolen or diverted

PayPal is a financial institution licensed with the California Department of Business Oversight https://www.paypal.com/us/webapps/mpp/licenses and is a Federal Bancorp. https://www.paypal.com/us/webapps/mpp/ua/bancorp-privacy-notice.

The ONLY PayPal account located on Plaintiff's blog site, www.defendourfreedoms.us (home site was defendourfreedoms.org, which was a static site), the ONLY site Defendant had access to and used was Defendant's PayPal account ending in 4372.  Defendant's PayPal account ending in 4949 was Defendant's personal account and then changed to www.orlytaitzesq.com by Defendant, *see* Defendant's decl., Dkt No. 834-10, p. 26, ¶¶98-100.  Plaintiff NEVER had access to or had any dealings

with these 4949 account, *see* Dkt No. 819-24, top of p. 23-2, Dkt No. 819-22, at the top

of p. 21-2, and Dkt. 190-5, Exb. 23 p. 289.

Defendant even stated in her declaration, under the penalty of perjury

> In Plaintiffs' May 4, 2011 Memorandum (Dkt. No. 186-2), which
> Ostella personally executed, she admitted to replacing DOFF's PayPal account
> with her personal PayPal account: *"Ostella changed the Pay-Pal script for the
> donation button to reflect her own account on defendourfreedoms.net."* (Page 20:
> 22-25.) A true and correct copy of this Memorandum, which I have read and am
> thus familiar with, is attached hereto as **"Exhibit 23."**

*See* Defendant's Decl, Dkt No. 834-10, p. 26, ¶96.  This is patently false and a

fraud on the Court.  Defendant is well aware none of her or her foundation's

PayPal accounts were on Plaintiff's defendourfreedoms.net site.  This is a site

Plaintiff used for her own things and she placed a "tip jar" on it.

Defendant claimed she didn't receive the following donations because Plaintiff

stole or misdirected them to her own PayPal and bank account.

**Jean Kulig**,   Dkt No. 826-19, p. 2 ¶5; and
        Defendant's Exb. 58, Dkt No. 826-80
**Monica C.,**   Defendant's Exb 13, Dkt No. 826-35,
        Defendant's Exb 14, Dkt No. 826-36, ECF pdf pp. 2-3 ¶6.
        Defendant's Decl Exb 21, Dkt No. 834-44 p. 2, ¶6
**Pamela Barnett,**      Dkt No. 826-14, p. 5 ¶20;
        Defendant's Decl., Dkt 826-11, pp. 14-15 ¶57c
**Neil Turner,**   Dkt No. 826-17, p. 3 ¶9; Dkt No. 826-11, pp. 20-21
**Kathleen Vick,**     Defendant's Decl., Dkt No. 826-11, p. 14 ¶57a,
        Defendant's Exb 15, Dkt No. 826-37, ECF pdf pp. 2-3
**Francis (Fran) Maclaren,** Dkt 826-20, p. 6 ¶25; Dkt No. 826-11, pp. 20-21
**Phylis Snyder,**     Dkt. No. 190-3, Exb 13, pp. 225, 223
**Joseph Iadarola,**   Dkt No. 819-4, p. 3-2, Dkt No. 190-5, Exb 21, p. 273
**Roger Beckham,**   Dkt 826-18, p. 2 ¶4
**Bruce Wiltse,**   Dkt No. 826-15, ECF pdf p. 4 (signature page);
        Dkt No. 826-11, pp. 20-21
**Dewey Adams**   Defendant's Decl, Dkt No. 826-11, p. 15e

1    Defendant's Exb 12, Dkt No. 826-34, ECF p. 2

2        Defendant was fully aware her publications about Plaintiff stealing and redirecting

3    Defendant's donations to Plaintiff's PayPal account were completely false. Every one of

4

5    these donations were received in Defendant's PayPal account; cancelled or rejected by

6    PayPal as explained below.  There were NOT any missing or redirected donations.  The

7    allegations Defendant made about Plaintiff that Plaintiff stole or diverted donations

8

9    intended for Defendant's foundation are clearly false.

10   Jean Kulig's donation was received by Defendant on Jan 5, 2009 at 11:28:40 PST from
     IP 67.163.86, see Dkt. No. 819-23, p. 22-12 (Defendants PayPal Account 4372
11   subpoenaed Nov. 30, 2017), Dkt No. 819-21, p. 20-12, Dkt No. 190-5, Exb. 22, p. 286
12   (Defendants PayPal Account 4372 subpoenaed May 4, 2010).

13   Monica C's donation was received by Defendant on Jan 26, 2009 at 12:35:44 PST from
     IP 74.227.208, see Dkt. No. 819-23, p. 22-10 (Defendants PayPal Account 4372
14   subpoenaed Nov. 30, 2017), Dkt No. 819-21, p. 20-9, Dkt No. 190-5, Exb. 22, p. 283
15   (Defendants PayPal Account 4372 subpoenaed May 4, 2010).

16   Kathleen Vick's donation was received by Defendant on Jan 19, 2009 at 15:03:31 PST
17   from IP 68.250.177, see Dkt No. 819-23, p. 22-11 (Defendants PayPal Account 4372
18   subpoenaed Nov. 30, 2017), Dkt No. 819-21, p. 20-11, Dkt No. 190-5, Exb. 22, p. 285
     (Defendants PayPal Account 4372 subpoenaed May 4, 2010).
19

20   Neil Turner's donation was received by Defendant on Jan 16, 2010 at 11:45:46 PST from
     IP 64.203.0.9, see Dkt No. 819-24, p. 23-12 (Defendants PayPal Account 4949
21   subpoenaed Nov. 30, 2017), Dkt No. 819-22, p. 22-12, Dkt No. 190-5, Exb. 23, p. 297
22   (Defendants PayPal Account 4949 subpoenaed May 4, 2010).

23   Pamela Barnett's donation was received by Defendant on July 19, 2009 at 17:12:22 PDT
24   from IP 98.208.106, see Dkt No. 819-24, p. 23-31 (Defendants PayPal Account 4949
     subpoenaed Nov. 30, 2017), Dkt No. 819-22, p. 22-12, Dkt No. 190-5, Exb. 23, p. 318
25   (Defendants PayPal Account 4949 subpoenaed May 4, 2010).

26   Francis (Fran) Maclaren's donation was received by Defendant on July 14, 2009 at
27   5:51:30 PDT from IP 68.81.106, see Dkt No. 819-24, p. 23-32 (Defendants PayPal

28

Account 4949 subpoenaed Nov. 30, 2017), Dkt No. 819-22, p. 21-32, Dkt No. 190-5, Exb. 23, p. 319 (Defendants PayPal Account 4949 subpoenaed May 4, 2010).

Phyllis Snyder's donation was received by Defendant on Jan 18, 2009 at 3:39:25 PST from IP 71.115.142, see Dkt. No. 819-23, p. 22-11 (Defendants PayPal Account 4372 subpoenaed Nov. 30, 2017), Dkt No. 819-21, p. 20-11, Dkt No. 190-5, Exb. 22, p. 285 (Defendants PayPal Account 4372 subpoenaed May 4, 2010).

Joseph Iadarola's donation was received by Defendant on Jan 19, 2009 at 17:52:44 PST from IP 69.247.61, see Dkt. No. 819-23, p. 22-11 (Defendants PayPal Account 4372 subpoenaed Nov. 30, 2017), Dkt No. 819-21, p. 20-11, Dkt No. 190-5, Exb. 22, p. 285 (Defendants PayPal Account 4372 subpoenaed May 4, 2010).

Roger Beckham's donation was rejected and returned to Mr. Beckham by PayPal. Defendant was aware of this and admitted the problem with the donations was caused by a glitch in the email address. *See* Plaintiff's Exb. 26, Dkt No. 819-27 bottom of pp. 26-1- through 26-5.

Bruce Wiltse's donation were all received by Defendant, *see*
**Defendant's PayPal Account ending in 4949, Dkt No. 819-22 at**
p. 21-4 rec'd 4/26/10 at 22:33:05 PST, IP 99.197.200
p. 21-5 rec'd 3/29/2010 at 7:45:15PST, IP 99.197.200
p. 21-7 rec'd 3/1/2010 at 7:39:03PST, IP 99.197.200
p. 21-10 rec'd 1/19/2010 at 23:08:36 PST IP 99.197.200
p. 21-17 rec'd 10/15/2009 at 17:36:22 PST IP 99.197.200
p. 21-20 rec'd 10/5/2009 at 20:08:32 PST IP 99.197.200
p. 21-22 rec'd 9/23/2009 at 14:31:22 PST IP 99.197.200
p. 21-22 rec'd 9/22/2009 at 14:08:35 PST IP 99.197.200
p. 21-22 rec'd 9/22/2009 at 14:08:34 PST IP 99.197.200

**Defendant's PayPal Account ending in 4949, Dkt No. 190-5 Exb 23 at**
p. 291 rec'd 4/26/10 at 22:33:05 PST, IP 99.197.200
p. 292 rec'd 3/29/2010 at 7:45:15PST, IP 99.197.200
p. 294 rec'd 3/1/2010 at 7:39:03PST, IP 99.197.200
p. 297 rec'd 1/19/2010 at 23:08:36 PST IP 99.197.200
p. 304 rec'd 10/15/2009 at 17:36:22 PST IP 99.197.200
p. 307 rec'd 10/5/2009 at 20:08:32 PST IP 99.197.200
p. 309 rec'd 9/23/2009 at 14:31:22 PST IP 99.197.200
p. 309 rec'd 9/22/2009 at 14:08:35 PST IP 99.197.200
p. 309 rec'd 9/22/2009 at 14:08:34 PST IP 99.197.200

**Defendant's PayPal Account ending in 4949, Dkt No. 819-24 at**

p. 23-7 rec'd 4/26/10 at 22:33:05 PST, IP 99.197.200
p. 23-7 rec'd 3/29/2010 at 7:45:15PST, IP 99.197.200
p. 23-10 rec'd 3/1/2010 at 7:39:03PST, IP 99.197.200
p. 23-12 rec'd 1/19/2010 at 23:08:36 PST IP 99.197.200
p. 23-18 rec'd 10/15/2009 at 17:36:22 PST IP 99.197.200
p. 23-21 rec'd 10/5/2009 at 20:08:32 PST IP 99.197.200
p. 23-23 rec'd 9/23/2009 at 14:31:22 PST IP 99.197.200
p. 23-23 rec'd 9/22/2009 at 14:08:35 PST IP 99.197.200
p. 23-23 rec'd 9/22/2009 at 14:08:34 PST IP 99.197.200

Dewey Adam's donation was cancelled after it was made, see Defendant's Exb. 12, Dkt No. 826-34, at the bottom of ECF PDF p. 2 Mr. Adams informs Defendant *Donations coordinator:* orly.taitz@gmail.org: *"I canceled it this morning. Thanks for the heads up. I thought paypal was more secure. What happened to notifying you when your info is changed? I'll mail from now on."*

Defendant claims she did not receive any donations in May and June 2009.

Defendant's Decl, Dkt No. 834-10, pp. 35, 36  ¶¶135, 138 and Michael Atias Decl, Dkt No. 834-21, pp. 2, 4-5 ¶¶9, 15.  Defendant admits she closed PayPal Account 4372, the ONLY PayPal account on defendourfreedoms on April 11, 2009, *see* Defendant's Decl, Dkt No. 834-10, p. 54 ¶155, line 8, that is why Defendant didn't receive donations in May and June 2009. The last donation received in Defendant's PayPal Account 4372 was on April 11, 2009, Dkt No. 819-23, p. 22-6 (Defendant's PayPal Account 4372 subpoenaed Nov. 30, 2017), Dkt No. 819-21, p. 20-4, Dkt No. 190-5, Exb. 22, p. 278 (Defendants PayPal Account 4372 subpoenaed May 4, 2010).  After April 11, 2017 the only transactions that occurred were Defendant's withdrawal to her Bank of America Bank Account and PayPal reversals and chargebacks by PayPal for money owed to PayPal by Defendant.

As stated, Plaintiff never had anything to do with Defendant's PayPal account 4949 or the site it was housed on, www.orlytaitzesq.com.

### ii.   Defendant was aware Ostella owned the defendourfreedoms sites and domains

Plaintiff owned the defendourfreedoms domains defendourfreedoms.us; defendourfreedoms.org;    defendourfreedoms.net;    defendourfreedoms.info defendourfreedoms.com and defendourfreedoms.tv since Dec. 18, 2008.  *See* Plaintiff's Affidavit, Dkt No. 819, p. 3 ¶¶12, 13; and Exb. 31, Dkt No. 819-32.  Plaintiff began creating sites for the domains in Dec. 2008. *See* Plaintiff's Affidavit, Dkt No. 819, p. 3 ¶12.  Defendant did not have any interest in Plaintiff's defendourfreedoms domains or sites.  Plaintiff had published them and was using them for her own purposes.  It was not until in or around early February 2009 Defendant borrowed defendourfreedoms.us because her drorly.blogspot.com site began redirecting its web traffic to porn sites.

Defendant wanted a PayPal donate function placed on the site she was borrowing. Plaintiff attempted to open the PayPal account for Defendant but was unable.  Defendant opened her own PayPal account and supplied the plug-in button code to Plaintiff to add to the site Defendant was borrowing. *See* Plaintiff's Affidavit, Dkt No. 819, p. 3, ¶¶15, 16 and Exb 25, Dkt No. 819-26.   Plaintiff's SAC, Dkt No. 751, p. 4 ¶11.  Plaintiff never sold Defendant the domain names or sites.   And, Defendant never paid for the defendourfreedoms domains or sites.

Plaintiff has owned the defendourfreedoms domains and sites since the domains purchase Dec. 18, 2008, *see* Plaintiff's Affidavit, Dkt No.  819, p. 4 ¶22, Exb 12, Dkt No.

18
Plaintiff's Memorandum of Points and Authorities

819-13, Exb 32, Dkt No. 819-33;  as conceded by Defendant, *see* Defendant's Exbs 34-37, Dkt No.'s 825-56-59; Exbs 41-42, Dkt No's 826-63-64; and Exbs 44-46, Dkt No.'s 826-66-68.

Plaintiff and Defendant parted ways in early April 2009 and Defendant set-up another site, www.orlytaitzesq.com in or around June 2009.  At all times mentioned herein, Defendant was fully aware Plaintiff owned the defendourfreedoms domains and sites and her claims and publications that Plaintiff hijacked, stole, squatted, or took over Defendant's defendourfreedoms site was blatantly false.

### iii.    Plaintiff does not have a criminal record

Defendant falsely accused Plaintiff of being Lisa Liberi and having a criminal record.  See Plaintiff's Affidavit, Dkt No. 819, pp. 9   ¶¶ 45, 46 and Exb 16, Dkt No. 819-17, p. 16-3.  Defendant was fully aware Plaintiff and Lisa Ostella were two separate individuals and her accusations were false.  *See* Plaintiff's Affidavit, Dkt No. 819, pp. 9 ¶¶ 45, 46 and Exbs 14, 15, 17 Dkt No.'s 819-15, 819-16 and 819-18.

Plaintiff does NOT have any type of criminal record, and to prove it, Plaintiff had an FBI level background report done by the NJ State Police Department. *See* Plaintiff's Affidavit, Dkt No. 819, p. 11   ¶53 and Exb 35, Dkt No. 819-36, pp. 35-1-10.

Due to the page limit restriction, Fed. R. Civ. P. 27(d)(2)(A-B)  , Plaintiff reserves her right to argue the Court's improper findings and Order on Damages.

### IV.    CONCLUSION

Defendant was fully aware her posts and accusations about Plaintiff were false, as explained herein.  Plaintiff is damaged by the Court's Order as it justifies Defendant's

1   false stories and the posts will never come down.  With this, Plaintiff's reputation

2   remains tarnished.

3          The Court's incorrect conclusions and determinations are obviously unjust and

4   prejudicial to the Plaintiff.  This warrants the Granting of this Motion; Altering the

5   Judgment, Dkt No. 842 and the Court Amending its October 5, 2018 Order, Dkt No. 841,

6   Denying Defendant's MSJ and Granting Plaintiff's MSJ. *Burtenshaw v. Berryhill*,

7   U.S.D.C. Case No. 5:16-CV-02243-GJS. C.D. CA Jan. 23, 2018) quoting *Turner v.*

8   *Burlington N. Santa Fe R.R. Co.,* 338 F.3d 1058, 1063 (9th Cir. 2003) (Granting a Rule

9   59(e) Motion is appropriate to "prevent manifest injustice.").  And, Granting Plaintiff

10  Relief from a Final Judgment.  *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097,

11  1100 (9th Cir. 2006) ("Rule 60(b)(1) provides, "On motion . . . the court may relieve a

12  party or a party's legal representative from a final judgment, order, or proceeding for . . .

13  mistake, inadvertence, surprise, or excusable neglect.")

14

15                                                    Respectfully submitted,

16

17  Dated: October 31, 2018

18                                                    LISA OSTELLA
                                                       P.O. Box 1121
19                                                    Denville, NJ 07834
                                                       Ph: (973) 798-8402
20                                                    Email:  lisaostella@hotmail.com

21

22                                                    *Plaintiff in Pro Se*

23

24

25

26

27

28

Plaintiff's Memorandum of Points and Authorities

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "1"

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION – SANTA ANA

| | |
|---|---|
| LISA OSTELLA, | Case No. SACV 11-00485 AG (RAOx) |
| Plaintiff, | |
| v. | **JUDGMENT** |
| ORLY TAITZ, | |
| Defendant. | |

The Court enters judgment for Defendant and against Plaintiff.

Dated October 5, 2018

_____
Hon. Andrew J. Guilford
United States District Judge

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|---|---|---|---|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

Present: The Honorable ANDREW J. GUILFORD

| Lisa Bredahl | Not Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs: Attorneys Present for Defendants:

**Proceedings:** **[IN CHAMBERS] ORDER RE MOTIONS FOR SUMMARY JUDGMENT**

This case stems from a professional relationship gone very, very bad. Plaintiff Lisa Ostella used to volunteer for Defendant Orly Taitz as a web developer. Eventually, their relationship soured, with Taitz accusing Ostella of stealing online donations and "locking" Taitz out of various web sites that Ostella had been developing for Taitz. From the beginning, this dispute has rarely been about substance, and instead involves two parties airing their personal grievances with one another through online postings, complaints to law enforcement, and extended civil proceedings in multiple courts. Things got so out of hand the Court was forced to impose a prefiling restriction on the parties. (*See* Dkt. No. 227.) After years of litigation, both parties agreed that this case should be resolved by the Court through summary judgment. Since in this convoluted and unreasonably contentious case both sides ask the Court to decide this without trial, the Court will do so. Thus, the Court vacated the previously set trial and set a briefing schedule.

In total, the parties filed six briefs and thousands of pages of documents. Even after all this the Court is still not sure what exactly happened between Ostella and Taitz. The truth seems to be buried in their confusing arguments and mountains of exhibits, or (more likely) not effectively presented in this case. *See Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) ("[A] district court is not required to comb the record to find some reason to deny a motion for summary judgment."); *see also Corley v. Rosewood Care Ctr., Inc.*, 388 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|----------|-------------------------|------|-----------------|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

990, 1001 (7th Cir. 2004) (internal citations and quotation marks omitted) ("Judges are not like pigs, hunting for truffles buried in the record."). Despite the parties' difficulty pursing this matter effectively, the Court issues this order to, as much as now possible under the law and circumstances, do justice.

Plaintiff Lisa Ostella contends that she's entitled to summary judgment on all her claims, asking the Court to award her over $15,000,000, among other things. (Dkt. No. 818.) Defendant Orly Taitz also contends that she's entitled to summary judgment on Ostella's claims. (Dkt. No. 826.) Like so many poorly presented cases, the outcome of this case is dictated by the burden of proof. Because Ostella has failed to present sufficient evidence to carry her burden on any of her claims, the Court DENIES Ostella's motion for summary judgment. (Dkt. No. 818.) For the same reason, the Court GRANTS Taitz's motion for summary judgment. (Dkt. No. 826.)

## 1. BACKGROUND

At bottom, this case is about 11 statements by Taitz, which were all posted on Taitz's blog. Here is a brief summary of the statements:

1. April 17, 2009: In an email (which was later posted on Taitz's website) titled "Dossier #6" sent to various people, Taitz wrote that the email address in her blog's "pay-pal was changed, which prevented [her] from raising funds." (Dkt. No. 819-12.) Taitz explained that, "When [she] found a new web master to host [her] foundation, Ms. Ostella instead of transferring the access codes and the domain, has locked me and another volunteer moderator out of the blog." (*Id.*) Taitz wrote that she "started receiving statements and copies of pay-pal receipts, showing instead of my-email address, an e-mail address of Lisa Ostella." (*Id.*) Taitz wrote that she originally "thought that maybe her address showed on the receipt, since she was a web master on the account, however, when I checked the names and dates on the receipts against the names on the roster, that I downloaded earlier, I could see that those were not received by the foundation, those donations were missing." (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|---|---|---|---|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

2. April 18, 2009: In a post titled "Follow up on Lisa Liberi, paralegal to Phil Berg," Taitz wrote "I saw that Lisa Ostella has redirected the Defend Our Freedoms blog and redirected the pay pal." (Dkt. No. 819-2.)

3. April 18, 2009: In a post titled "Don't be fooled," Taitz wrote, "My former web master Lisa Ostella has created an account that she called Defend Our Freedoms Network and is soliciting donations, praying on unsuspecting readers that would not notice the difference between Defend Our Freedoms Foundation and Defend Our Freedoms Community. Please notice, your donations there will not go to the foundation, they will go to her personal bank account, connected to her personal email address GoExcellGlobal." (Dkt. No. 819-3.)

4. April 19, 2009: In a post titled "Every day I get such evidence of missing or misdirected funds," Ostella wrote, "Every day I get such receipts, showing that my former web master Lisa Ostella . . . has redirected donations to herself, to her e-mail address. Currently, as this was uncovered, she created new web sites Defend our freedoms .org, .net and continues the scheme by making those sites similar to my old ones and using the foundation name to steal more donations." (Dkt. No. 819-4.) Attached to the post is what appears to be an email receipt from one of Taitz's follower that shows he made a $25 donation through PayPal to "Defend Our Freedoms (lisaostella@hotmail.com)." (*Id.*)

5. In April 20, 2009: In a post titled "About Lisa Ostella-don't patronage diverting funds from a nonprofit, don't be part of slander," Taitz posted what appears to be an email that says, among other things, "As I found a new web master, Ms. Ostella, who had the access codes as a web master, instead of transferring all the domains, has locked me and other volunteers out of the blog and transferred the account to herself, and is using the name of my foundation fraudulently, without my consent. She is using the pay-pal account that says Defend Our Freedoms and my personal e-mail address fraudulently and she posted numerous outrageous slanderous

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|---|---|---|---|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

statements about me while pocketing the donations, that the unsuspecting donors are giving, believing that they are donating to me, to support my efforts in investigating Obama and all the illegal activities, perpetrated by him and his supporters, including forgery, multiple social security numbers, perjury and possible fraudulent financial transactions." (Dkt. No. 819-5.)

6. April 21, 2009: In a post titled "Update on Lisa Ostella and Lisa Liberi," Taitz wrote that her readers should "demand a refund" for any donations made to Defend Our Freedoms and "report it to the Sheriffs department, FBI and IRS as funds stolen from the non profit organization." (Dkt. No. 819-6.) Taitz also wrote that Ostella was "fraudulently sending e-mails to . . . readers using DefendOurFreedoms name" and Taitz instructed her followers to "demand that she immediately stop this practice." (*Id.*) Taitz wrote that she had "closed her pay pal account and did not receive any pay pal or visa donation since 04.11.09." (*Id.*)

7. April 23, 2009: In a comment on her blog, Taitz wrote, "unfortunately Defend our freedoms site was hijacked. . . . The old site was hijacked by my former web master Lisa Ostella, who is shamelessly using the name of the foundation without my consent and pocketing the donations." (Dkt. No. 819-7.)

8. April 23, 2009: In a post titled "Lisa Ostella Internet Fraud in North Brunswick, NJ," Taitz posted an email from a third-party to the "Director of Consumer Affairs and the FBI for New Jersey" where the follower wrote, "I need to alert you to the fact that Lisa Ostella has defrauded Dr. Orly Taitz and has hijacked her website." (Dkt. No. 819-8.)

9. May 19, 2009: In a post titled "NJ Police," Taitz wrote, "As you know my previous site, Defend Our Freedoms was taken over by the web master Lisa Ostella. For over a month now Lisa Ostella had no affiliation with Defend Our Freedoms Foundation, however she has been sending e-mails

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|---|---|---|---|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

from Defend Our Freedoms and collecting donations. If you are a donor and received such solicitations or have given a donation believing that it went to Defend Our Freedoms Foundation, you were defrauded, since such donations from at least April 11 or possibly earlier date went to the pocket of Lisa Ostella and benefitted the household of Lisa and Frnak (*sic*) (Mario) Ostella. If you received such solicitation or have given a donation please contact North Brunswick New Jersey Police . . . and file a criminal comlaint." (Dkt. No. 819-9.) In the comments to this post, Taitz reiterated these statements. (*Id.*)

10. January 29, 2010: In a post titled "I need your help," Taitz wrote that she needed her followers' help "in sending me affidavits and screenshots of any solicitation e-mails or notices of solicitation of donations for DOFF (defend our freedoms foundation) done by my former web master Lisa Ostella after 04.11.09, the date when she locked me out of my former foundation web site." (Dkt. No. 819-10.)

11. March 3, 2011: In a post titled "Who are these people in Germany, threatening me?" Taitz wrote, that she had reported to the police and FBI that her "volunteer web master Lisa Ostella locked me out of my prior web site for my foundation, that donations to my foundation were diverted, that there was tampering with my car. I am yet to see anything done by police departments in CA, NM, NJ or PA. (Dkt. No. 819-11.)

Yes, the facts of this case go back at least to 2009 posts. Ostella contends that all these statements are lies. After almost a decade of litigation, the following four claims remain: (1) invasion of privacy (false light publicity); (2) invasion of privacy (appropriation of name); (3) cyber-harassment; and (4) libel per se.

## 2. JURISDICTION

Taitz argues that this Court doesn't have jurisdiction to decide this case because "two

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|---|---|---|---|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

Plaintiffs (Ostella and Go Excel Global) and two Defendants (James Sundquist and Rock Salt Publishing) were citizens of New Jersey when this case was filed." (Opp'n, Dkt. No. 34 at 12.) Taitz made this exact same argument two years ago. (*See* Dkt. No. 688 at 6.) The Court rejected that argument then, and Taitz hasn't provided any convincing reason to revisit that decision now. (Dkt. No. 744.)

## 3. PRELIMINARY ISSUES

The parties made numerous evidentiary objections. On a motion for summary judgment, parties must cite specific evidence to assert that a fact cannot be or is genuinely disputed. Fed. R. Civ. P. 56(c)(1). When the parties file numerous objections on a summary judgment motion, it's "often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised." *See Doe v. Starbucks, Inc.*, No. SACV 08-00582 AG (CWx), 2009 WL 5183773, at *1 (C.D. Cal. Dec 18, 2009). The Court declines to rule individually on the parties' many objections, and relied only on appropriate evidence in this order.

Summary judgment is appropriate where the record, read in the light most favorable to the non-moving party, shows that "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Material facts are those necessary to the proof or defense of a claim, as determined by reference to substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," based on the issue. *See id.* In deciding a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party "is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|---|---|---|---|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

## 4. ANALYSIS

### 4.1 Libel Per Se

As Ostella puts it, the "primary question" for her libel claim is whether "Taitz's statements that Ostella *took funds, diverted, or committed fraud* in 11 posts is libel on its face." (Mot., Dkt. No. 818-1 at 10.) Under California Civil Code section 45a, the section which governs libel per se, a plaintiff prevails only "if the publication is (1) libelous on its face, or (2) if special damages have been proven." *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1010 (9th Cir. 2001). Ostella argues that Taitz's statements are libelous on their face because they accuse Ostella of criminal conduct. (Mot., Dkt. No. 818-1 at 10.)

In this case, the Ninth Circuit has concluded that Taitz's "speech at issue concerns matters of public importance." (Dkt. No. 676 at 5.) Consequently, Taitz argues that Ostella must show that the blog posts were made with malice. And Ostella doesn't contest that argument. (*See* Opp'n, Dkt. No. 832 at 12; Reply, Dkt. No. 838 at 19.) Indeed, there is some support for Taitz's argument. "[I]f a plaintiff in a defamation case involving a matter of public concern seeks presumed damages because the statements are libelous per se," as Ostella does here, the plaintiff "must prove actual malice, i.e., that defendant knew the complained-of speech was false or acted with reckless disregard of whether it was false." *ZL Techs., Inc. v. Does 1-7*, 13 Cal. App. 5th 603, 631 (2017). "Evidence of falsity will be relevant to any determination of malice." *Id.* at 632 (internal citations omitted).

Throughout her papers, Ostella has failed to provide convincing evidence that the statements were false or that Taitz knew the statements were false when made. To be sure, the confusing evidence submitted by both sides makes it nearly impossible to tell what actually happened—it's possible that Taitz's statements were totally false. Indeed, Taitz's own evidence on this point is fairly weak. But Ostella concedes that it's her burden to prove malice and falsity in this context. To carry that burden, Ostella must rely on "significantly probative" evidence that is more than "merely colorable." *Anderson*, 477 U.S. at 249–50 (internal citations omitted). Ostella hasn't done that, even viewing the facts (as much as the Court can now discern them) in a light most favorable to her.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|---|---|---|---|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

For these and other reasons, summary judgment in Taitz's favor on Ostella's libel per se claim is appropriate.

### 4.2 Invasion of Privacy (False Light Publicity and Appropriation of Name)

To prevail on a false light publicity claim, a plaintiff must show that the defendant (1) disclosed to one or more persons information about the plaintiff that was presented as factual but was actually false or created a false impression about the plaintiff; (2) the information was understood by one or more persons to whom it was disclosed as stating something highly offensive that would have a tendency to injure the plaintiff's reputation; (3) by clear and convincing evidence, the defendant acted with constitutional malice; and (4) the plaintiff was damaged by the disclosure. *Solano v. Playgirl, Inc.*, 292 F.3d 1078, 1082 (9th Cir. 2002). As Ostella describes the test for appropriation of a person's name, knowing use of a person's name for commercial purposes without another's consent leads to liability for damages. Ostella explicitly relies on California's statutory version of name appropriation. (Mot., Dkt. No. 818-1 at 15, n.28.)

Ostella hasn't provided evidence sufficient to support either privacy claim. While it's undisputed that Taitz did use Ostella's name without consent, Ostella hasn't convincingly shown that the claims were false or that Taitz acted with malice, as discussed. Also, Ostella's evidence of damages consists almost entirely of her own conclusory declaration, which is difficult to rely on as the sole source for her $15,000,000 damages claim. (Dkt. No. 810 at ¶¶ 10, 55, 37, 60.) While Ostella argues the use of her name was for a "commercial purpose" because it was on Taitz's blog where Taitz solicits donations and posts paid ads, this isn't a sufficiently "direct connection between the alleged use and the commercial purpose." *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1001 (9th Cir. 2001); *see also* Cal. Civ. Code § 3344(a) (use of name must be "for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services"). Further, Ostella's privacy claims are likely barred by the Ninth Circuit's explicitly finding that Taitz's posts concerned matters of public interest, particularly since Ostella hasn't shown that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|---|---|---|---|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

statements were false. *See Downing*, 265 F.3d at 1002–03; *Solano*, 292 F.3d at 1098.

Summary judgment on Ostella's invasion of privacy claims is appropriate.

### 4.3 Cyber-Harassment

Ostella contends that "Taitz has cyber harassed her . . . through Taitz's 11 posts and published law enforcement reports, that accused Ostella of diverting funds, of committing fraud, and of hijacking the blog." (Mot., Dkt. No. 818-1 at 15.) Under California Civil Procedure Code section 527.6(b), harassment is defined as:

> unlawful violance, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose. The course of conduct must be that which would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner.

To receive the injunctive relief provided by California's anti-harassment statute, Ostella must prove that she is the victim of ongoing harassment by clear and convincing evidence. Cal. Civ. Proc. Code § 527.6(i).

Here, Ostella fails to provide evidence sufficient to support her harassment claim. Importantly, Ostella hasn't shown that Taitz's online posts caused Ostella "substantial emotional distress." The lone evidence of Ostella's emotional distress is her own declaration that says has been "embarrassed, humiliated, and [has] felt continuously criminalized by Taitz's online criminal accusations." (Dkt. No. 819 at ¶ 37.) Without more, this isn't enough under the California harassment statute's high burden of proof. Moreover, this doesn't appear to be the kind of conduct covered by the harassment statute, particularly since Taitz's allegedly harassing posts were all made many years ago. *See Russell v. Douvan*, 112 Cal. App. 4th 399, 402 (2003) (requiring course of conduct to justify

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|---|---|---|---|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

injunctive relief). The Court takes seriously Taitz's declaration that she will not post about
Ostella moving forward.

For these and other reasons, summary judgment in Taitz's favor on Ostella's harassment
claim is appropriate.

### 4.4    Sanctions

Ostella argues that the Court should sanction Taitz under the Federal Rules of Civil
Procedure for failing to turn over discovery. Ostella also argues that the Court should
sanction Taitz under 28 U.S.C. § 1927 for "unreasonably and vexatiously" multiplying these
proceedings. Under both standards, the Court has discretion to determine whether
sanctions are appropriate. *See Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 859 (9th
Cir. 2014) (explaining that the Court has "wide latitude" in awarding Rule 37 sanctions);
*Chambers v. NASCO, Inc.*, 501 U.S. 32, 46–48 (1991).

Although Taitz's conduct throughout this case has been very concerning, as the Court has
noted numerous times, the Court can't conclude that sanctions are warranted. This is
particularly true because Ostella's own conduct throughout this case has also been very
concerning. Moreover, it's unclear why Ostella has waited until this late date to make
discovery-related arguments. For these and other reasons, the Court declines to award
sanctions to any party.

## 5. LISA LIBERI LETTER

Lisa Liberi sent the Court a letter consistent with the prefiling restriction in this case. Liberi
asks the Court to enforce the settlement agreement between her and Taitz, which
ultimately led to the dismissal of Liberi's claims against Taitz and others with prejudice.
Liberi asserts that Taitz violated their settlement agreement in various ways, mostly by
filing an 84-page counter-complaint against various parties. Liberi asks that she be allowed
to file a new, 34-page complaint seeking over $30,000,000 in relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00485 AG (RAOx) | | Date | October 5, 2018 |
|---|---|---|---|---|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | | |

No. Liberi settled her claims against Taitz and others and dismissed those claims with prejudice. The proposed complaint improperly resurrects many of those claims for no good reason, and even raises wholly new issues that aren't appropriately part of this years-old litigation. Moreover, Liberi's concerns about Taitz's counterclaims are moot, because the Court previously struck those counterclaims. (Dkt. No. 774.) For these and other reasons, the Court DENIES Liber's request to file a complaint.

## 6. CONCLUSION

The Court has thoroughly reviewed the six briefs and mountains of evidence submitted by the parties in reaching the conclusions of this order. Any arguments not addressed in this order were either unpersuasive or unnecessary for the Court to consider.

The Court DENIES Ostella's motion for summary judgment. (Dkt. No. 818.) The Court GRANTS Taitz's motion for summary judgment. (Dkt. No. 826.) Though the parties may feel impelled to ask, the Court will not award any attorney fees to either side, because such an award would not be at all appropriate under the circumstances.

Thus this case, largely fueled by political passions of the past, comes to an end. The Court hopes the parties will move on to more productive activities. The Court will enter a simple judgment.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |

## CERTIFICATE OF SERVICE

I, Lisa Ostella, hereby certify that a true and correct copy of Plaintiff Lisa Ostella's Motion for Reconsideration was served this 31st day of October, 2018, electronically through Email and the Court's ECF filing system upon its filing on the following:

**SCHUMANN | ROSENBERG, LLP**
Kim Schumann, Esquire
Jeffrey Cunningham, Esquire
3100 S. Bristol Street, Suite 400
Costa Mesa, CA 92626
schumann@schumannrosenberg.com
cunningham@schumannrosenberg.com
*Attorney for Defendant Orly Taitz*

LISA OSTELLA
P.O. Box 1121
Denville, NJ 07834
Ph:  (973) 798-8402
Email:  lisaostella@hotmail.com

*Plaintiff in Pro Se*