```
FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

    NOV 16 2018

CENTRAL DISTRICT OF CALIFORNIA
BY                       DEPUTY
```

1  Lisa Liberi
2  1704b Llano St., No. 159
   Santa Fe, NM 87505
3  Ph: (505) 577-0829
4  Email: lisaliberi@gmail.com

5  *Plaintiff in Pro Se*

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA,
## SOUTHERN DIVISION

LISA LIBERI,

                Plaintiff,

vs.

ORLY TAITZ;
 and
LAW OFFICES OF ORLY TAITZ;
and
DEFEND OUR FREEDOMS
FOUNDATIONS, INC;
and
ORLY TAITZ, INC.

                Defendants.

CIVIL ACTION NUMBER:

8:11-cv-00485-AJG AG (RAOx)

**PLAINTIFF, LISA LIBERI'S REPLY TO HER MOTION FOR ALTERING / AMENDING JUDGMENT AND RELIEF FROM FINAL JUDGMENT**

Date of Hearing: December 3, 2018
Time of Hearing: 10 a.m.
Location: Courtroom 10D

---

**PLAINTIFF, LISA LIBERI'S REPLY TO HER MOTION FOR
ALTERING/AMENDMENT TO JUDGMENT
AND RELIEF FROM FINAL JUDGMENT**

```
RECEIVED
BUT NOT FILED

  NOV 16 2018

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
    SOUTHERN DIVISION
BY                    DEPUTY
```

# TABLE OF CONTENTS

PAGE(s)

TABLE OF CONTENTS...........................................................................i

TABLE OF AUTHORITIES..............................................................ii-iv

I.   LIBERI ATTEMPTED TO MEET AND CONFER......................................................................................1

II.   DEFENDANTS HAVE NOT COMPLIED WITH THE TERMS OF THE SETTLEMENT AGREEMENT...............1-2

III.   DE-INDEXING WON'T WORK, DEFENDANTS HAVE NOT DELETED THE POSTS, URL'S OR LINKS, THEY WILL KEEP RE-INDEXING.......................................2-5

IV.   THE SINGLE PUBLICATION RULE DOESN'T APPLY...................5-6

V.   DEFENDANTS BREACHED EACH TERM THAT COULD BE CONSTRUED AS DEFENDANTS CONSIDERATION.................6-7

VI.   RESCISSION IS PROPER IN THIS CASE...........................................7-9

VII.   RESTITUTION..................................................................................9

VIII.  CONCLUSION.............................................................................9-10

CERTIFICATE OF SERVICE..................................................................11

## TABLE OF AUTHORITIES

**CASE**                                                                  **PAGE(s)**

*Asmus v. Pacific Bell* (2000) 23 Cal.4th 1, 6..................................................................9

*Burtenshaw v. Berryhill*, U.S.D.C. Case No. 5:16-CV-02243-GJS. C.D. CA Jan. 23, 2018) ...............................................................................................10

*Christoff v. Nestle USA, Inc.*, 47 Cal.4th 468, 97 Cal.Rptr.3d 798, 213 P.3d 132, 138 (2009).........................................................................................5

*Cohen v. Hansen*, Case No. 2:12-cv-01401-JCM-PAL (D. Nev. March 1, 2016)........................................................................................7

*Hebrew Acad. of S.F. v. Goldman*, 42 Cal.4th 883, 70 Cal.Rptr.3d 178, 173 P.3d 1004, 1007 (2007)........................................................5

*Kanarek v. Bugliosi*, (1980) 108 Cal.App.3d 327, 332, 166 Cal.Rptr. 526..............................................................5

*Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1100 (9th Cir. 2006) ...............................................................................10

*Medico-Dental Bldg Co. of Los Angeles v. Horton & Converse*, 21 Cal. 2d 411, 433-34 (1942)........................................................................................8

*Mitchell v. Superior Court* (1984) 37 Cal.3d 268, 281, 208 Cal.Rptr. 152, 690 P.2d 625..................................................................................5, 6

*Richter v. Union Land etc. Co.* (1900) 129 Cal. 367, 373.........................................................9

*Rutherford Holdings, LLC v. Plaza Del Rey* (2014) 223 Cal.App.4th 221, 230....................................................................................9

*Runyan v. Pac. Air Indus., Inc.*, 2 Cal.3d 304, 316, 466 P.2d 682, 691, 85 Cal.Rptr. 138 (1970).........................................................7

*Schneider v. United Airlines, Inc.*, 208 Cal.App.3d 71, 256 Cal. Rptr. 71, 74-75 (1989).........................................................................5, 6

## TABLE OF AUTHORITIES - Continued

**CASE** **PAGE(s)**

*Shively v. Bozanich* (2003) 31 Cal.4th 1230, 1237, 7 Cal. Rptr.3d 576, 584, 80 P.3d 676....................5

*Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003)....................10

*Wyler v. Feuer*, 85 Cal. App.3d 392, 149 Cal.Rptr. 626, 633 (1978)....................7

*Wynn v. Francis*, Los Angeles Superior Court Case No. BC438884....................7

*Wynn v. Francis*, CA2/4, B245401 (Cal. Ct. App. 2014)....................7

## CALIFORNIA STATUTES

**STATUTE** **PAGE(s)**

*CA Civ Code* ¶1689(b)....................7

*CA. Civ. Code* § 1689(b)(2)....................7

*CA. Civ. Code* § 1689(b)(4)....................9

## FEDERAL RULES OF CIVIL PROCEDURE

**RULE** **PAGE(s)**

Rule 60(b)(1) ....................10

# TABLE OF AUTHORITIES – Continued

## MISCELLANEOUS

**RULE**                                                    **PAGE(s)**

Rest.2d Torts, § 577A......................................................................................5

1 Smolla, Law of Defamation, supra, § 4:91..................................................6

1 Witkin, Summary of California law, 10th Contracts § 926 (2005)............7

5 Witkin, Summary of Cal. Law Torts, § 478.............................................5, 6

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants have once again attempted to convolute the issues Plaintiff brings before the Court. Defendants have been successful in creating a chaotic mess out of the issues that are really very simple and benefitted from the confusion it has caused the Court.

## I. LIBERI ATTEMPTED TO MEET AND CONFER

Defense claims Plaintiff failed to comply with the Meet and Confer requirement. Plaintiff attempted in good faith to Meet and Confer with no final response from Defense as indicated by Ms. Carr's declaration.

## II. DEFENDANTS HAVE NOT COMPLIED WITH THE TERMS OF THE SETTLEMENT AGREEMENT

Defendants provided a Declaration from Isaac Flaum dated Oct. 29, 2018 who states Ms. Taitz deleted all posts about Liberi from her websites/blogs and her social media accounts. Ostella Decl, pp. 1-2, ¶1.

Contrary to Mr. Flaum, Ms. Carr and Ms. Taitz, not all the posts about Plaintiff Liberi have been deleted. There are active posts by Defendants about Liberi as of Nov. 8, Nov. 9 and Nov. 14, 2018 on Taitz's websites/blogs and Social Media Accounts, after the date of Mr. Flaum's declaration. Liberi Decl., pp. 2-3, ¶¶ 6-10, Exbs 1-3. Ostella Decl, pp. 3-4, ¶¶7, 9.

Mr. Flaum and Ms. Taitz admit Taitz uploaded files about Plaintiff in Yumpu. The publications about Liberi were uploaded and shared effective March 2018, after

1
Plaintiff's Memorandum of Points and Authorities

the parties entered into and signed the settlement agreement which was Sept. 12, 2016, Taitz breached two (2) sections in the settlement agreement, with each document Taitz published. Liberi Decl, pp. 6-7, ¶21.

### III. DE-INDEXING WON'T WORK, DEFENDANTS HAVE NOT DELETED THE POSTS, URL's OR LINKS, THEY WILL KEEP RE-INDEXING

Defendant's claim Liberi is the one in breach because she will not sign a stipulation to de-index Taitz's posts. Liberi explained to defense Counsel de-indexing will not work until Taitz deletes all the URL links and summaries. Liberi uploaded the URL links to google and requested the posts about her to be indexed. Many of the posts disappeared from the google search index, but re-appeared in google twenty-four hours later, the posts re-indexed, some with different URL and some with the same. Liberi Decl., pp. ¶¶6-7, Exbs 12-14. As long as Taitz continues manipulating the posts and her created summaries, de-indexing will not work. A Court order will be required each time the summary reappears with a different or new URL's Liberi Decl, p. 7 ¶ 22.

Because Taitz has not deleted the posts and URL's Posts have not been actually deleted. Blog content has been changed to read 404. This is not a server error page. This is literally 404 typed into the blog content box for publishing. The original post URL and blog summary (Excerpt used for search engines). Ostella Decl, p. 4. ¶10.

2
Plaintiff's Memorandum of Points and Authorities

The link staying live with content keeps the posts from deindexing from search engines. Search engines will remove broken links upon request if they don't automatically drop from indexing. Ostella Decl, pp. 3-4, ¶¶9-10.

Blog control panels have URL customization options. Server hosting control panels also have URL customization options. Defendant has used this option to create URLS that read PDF when they are actual pointing to HTML pages.

Continuously moving files from one server to another keeps blog posts out of search engines until the author is ready to publish for indexing.

WordPress control panels also have what some call a mute button. Selecting this option keeps pages from public view while controlling what audience can read pages by giving them access to URLs.

Defendants have not deleted the posts about Liberi. Instead, as of Nov. 14, 2018, server monitors and search engine tools have shown Defendants integrated private PCs with peer to peer file sharing behind a virtual private network. Defendants have migrated various posts about Liberi to new server accounts, republished older posts with new URLs, new titles, as well as with new internet article summaries. Liberi Decl, pp. 6-7, ¶¶ 19-21, Exbs 12-14. Ostella Decl, pp. 3-4, ¶9.

Article summaries in blog post applications are also called Excerpts. Excerpts are literally a separate field box in the blog content creation field that allows an author to type in separate content from the main blog application that will show in the search engine article summaries. This content will stand live and

separate from the actual blog post on the website/blogs. This feature enables changeable, editable content to stand in search engine results regardless as to what the main blog content says. This includes if the author deletes the main content and types in "404", as Taitz has done on the posts about Liberi located on Orly Taitz's sites. The new and changed summaries are new publications because Taitz changed the verbiage, the content about Liberi. Ostella Decl, p. 4, ¶10.

Taitz has created accounts with online data storage lockers like Yumpu which hosted the entire filings of this case. This was even verified in Taitz's contractor's declaration. But, since her own contractor had Taitz delete this account; a new account has appeared, Slidex.tips. Slidex.tips is another variation of an online data storage locker. All these behaviors subvert the spirit of the 2016 settlement agreement. Ostella Decl, pp. 4-5, ¶11.

Like Yumpu, Slidex.tips is an online data storage locker. However, this site comes with cross site stitching tools (java XSS) to mask embedding and redirecting site hosting. But, also like Yumpu, storing and embedding documents from this site also comes with advertising revenue incentives. These are new publications. Masking them doesn't hide that fact. Ostella Decl, p. 5, ¶12.

The posts, personal identifying information, coupled with all the lies and smears, has been introduced to public, historic records by certified private investigators, propagated by an officer of the court (defendant Orly Taitz) and published by partnering institutes such as the Library of Congress and the Smithsonian. Ostella Decl, p. 5, ¶14.

No matter what the record shows from this point on, the defamation of the Plaintiffs will be historically branded perpetrators of crimes Plaintiffs have never

committed with all their personal data attached to it. Ostella Decl, p. 4-5, ¶15.

## IV. THE SINGLE PUBLICATION RULE DOESN'T APPLY

The rule that each publication of a defamatory statement gives rise to a new cause of action for defamation applies when the original defamer repeats or recirculates his or her original remarks to a new audience. See *Kanarek v. Bugliosi,* (1980) 108 Cal.App.3d 327, 332, 166 Cal.Rptr. 526; Rest.2d Torts, § 577A, subd. (1), com. a, p. 208; 5 Witkin, Summary of Cal. Law, *supra,* Torts, § 478, p. 562.) *Shively v. Bozanich* (2003) 31 Cal.4th 1230, 1237, 7 Cal. Rptr.3d 576, 584, 80 P.3d 676, *Hebrew Acad. of S.F. v. Goldman,* 42 Cal.4th 883, 70 Cal.Rptr.3d 178, 173 P.3d 1004, 1007 (2007)

Here, Taitz republished all her defamatory and disparaging posts about Liberi on Mar. 23. 2018 on new international servers on a new site, taitzreport.com to new audiences in Germany and the UK; on yumpu.com; and from Mar. 2018 new/altered/changed search return summaries of her posts about Liberi, 8-9 years after the posts originated on orlytaitzesq.com. These are new publications. The single publication rule does not apply. *See Shively,* 7 Cal.Rptr.3d 576, 80 P.3d at 685 & n. 7; *Schneider v. United Airlines, Inc.,* 208 Cal.App.3d 71, 256 Cal. Rptr. 71, 74-75 (1989), ("'[T]he single publication rule ... does not include separate aggregate publications on different occasions.'" quoting *Kanarek v. Bugliosi,* 108 Cal.App.3d 327, 166 Cal.Rptr. 526, 530.(1980); *cf. Christoff v. Nestle USA, Inc.,* 47 Cal.4th 468, 97 Cal.Rptr.3d 798, 213 P.3d 132, 138 (2009)

Our courts hold the repetition by a new party of another person's earlier defamatory remark also gives rise to a separate cause of action for defamation against the *original defamer,* when the repetition was reasonably foreseeable. *Shively,* 42 Cal App. 3d at 584 quoting *Mitchell v. Superior Court* (1984) 37 Cal.3d 268, 281, 208 Cal.Rptr.

152, 690 P.2d 625; 5 Witkin, Summary of Cal. Law, *supra,* Torts, § 478, p. 562; 1 Smolla, Law of Defamation, *supra,* § 4:91, pp. 4-138-4-139.) It is the foreseeable subsequent *repetition* of the remark that constitutes publication and an actionable wrong in this situation, even though it is the original author of the remark who is being held accountable. *Schneider v. United Airlines, Inc.* (1989) 208 Cal.App.3d 71, 75-76, 256 Cal.Rptr. 71.)

Other third-party sites have been republishing Defendants posts about Liberi.

## V. DEFENDANTS BREACHED EACH TERM THAT COULD BE CONSTRUED AS DEFENDANTS CONSIDERATION

It is Plaintiff's position that a valid contract does not exist as explained herein. Without waiving this, and in the event the Court finds differently, Defendants Breached the Settlement Agreement Sections/Terms 2.2 (Full Release of all Liability, except for Breaches, Exb. "1". pp. 4-5; 10.1(B) (Removal of Internet Posts), Exb. "1", p. 8; 10.1(D) (Defendants will not make any Internet posts or Public Statements about Plaintiff), Exb. "1". p. 9; Sections 11 and 11.1 (Non-Disparagement), Exb. "1". p. 9.

Defendants breached Section 2.2 of the Settlement Agreement by naming Shirley Waddell, Plaintiff's mother in a lawsuit. The filed Complaint was stricken by the Court, but the breach still occurred; and this complaint is available on the internet.

The case was concluded Oct. 9, 2018, but Defendants failed to delete all the posts about Plaintiff from all their blogs, websites, google images and docs accounts and social networks. Liberi Decl, pp. 2-3, ¶¶6-10, Exbs 1-3.

Defendants breached Sections 10.1(D), 11 and 11.1 by republication of the posts about Plaintiff containing false stories, accusing her of numerous crimes and disparaging her name, credibility, work ethics, honesty, destroying her reputation, etc. through the unfiled third party complaint, republishing on foreign servers and repropagated the posts about Plaintiff to ensure the summaries of the posts containing disparaging and

defamatory allegations, would remain in all search engines, websites and blogs in the U.S. and internationally. All of Defendants' false stories about Plaintiff, accusing her of numerous crimes and disparaging her name, credibility, work ethics, honesty, destroying her reputation, etc., will forever remain on the Internet/World Wide Web.

In breaching the Settlement Agreement (Contract) Defendants also Breached the Implied Covenant of Good-Faith and Fair Dealing.

## VI. RESCISSION IS PROPER IN THIS CASE

California law permits rescission of an agreement "[i]f the consideration for the obligation of the rescinding party fails, in whole or in part, through the fault of the party as to whom he rescinds." *Cal. Civ. Code* § 1689(b)(2). The right to rescission for failure of consideration exists if the failure is material or goes to the essence of the contract. § *Cal. Civ. Code* § 1689(b), *Wyler v. Feuer,* 85 Cal. App.3d 392, 149 Cal.Rptr. 626, 633 (1978).

Under California law, it is black letter law that rescission "restores the parties to their former position." 1 Witkin, Summary of California law, 10th Contracts § 926 (2005); *see also Runyan v. Pac. Air Indus., Inc.,* 2 Cal.3d 304, 316, 466 P.2d 682, 691, 85 Cal.Rptr. 138 (1970) ("It is the purpose of rescission to restore both parties to their former position(s) as far as possible....")

Plaintiff provided Defendants Notice of Rescission of the Sept. 12, 2016 Settlement Agreement (Contract) on August 28, 2018 and demanded immediate return of her Consideration in the amount of $20,000,000.00 (twenty-million dollars) for the value of Plaintiff's case dismissed with prejudice. The amount of Plaintiff's Consideration is consistent with awards in California and the Ninth Circuits jurisdiction, see *Wynn v. Francis,* Los Angeles Superior Court Case No. BC438884 upheld in the unpub. Opinion *Wynn v. Francis,* CA2/4, B245401 (Cal. Ct. App. 2014); *Cohen v. Hansen,* Case No. 2:12-cv-01401-JCM-PAL (D. Nev. March 1, 2016).

Fraudulent Inducement, Duress and Undue Influence: Defendants threatened to sue Plaintiff's elderly mother who is in failing and poor health. Plaintiff could not afford to pay her mother's legal fees, and Plaintiff's mother did not have the financial resources to pay for legal fees. If Plaintiff accepted Defendants Settlement Agreement, Defendants promised: (A) not to go after Plaintiff's elderly mother; (B) not to republish anything about Plaintiff; (C) not disparage Plaintiff; and (D) To refrain from any further internet or social media posts about Liberi and (E) To delete all publications about Plaintiff upon conclusion of the case.

Plaintiff believed and relied on Defendants promises and signed the agreement. Defendants did not intend to comply with their promises and instead breached every promise.

Due to Defendants continued republications of all the posts about Plaintiff, deleting the posts from Defendants sites, will not remove the posts, summaries, pictures, etc. about Plaintiff from the Internet. Lawsuits or Court Orders naming each website, blog, social media account, online data locker and search engine carrying Defendants posts about Liberi would be required, hundreds if not thousands. This would be far too expensive and take years. And, this would not cure or remove the Defendants posts from international sites and search engines.

Plaintiff would have never agreed to a settlement agreement leaving the damaging posts and publications on the internet. Plaintiff's entire case was about the damaging effects of Defendants false posts. Defendants breaches are material breaches and cannot

be repaired. *Medico-Dental Bldg Co. of Los Angeles v. Horton & Converse,* 21 Cal. 2d 411, 433-34 (1942).

### VII. RESTITUTION

Defendants received dismissal of Plaintiff's First Amended Complaint with prejudice ($20,000,000.00) pursuant to the written contract. Plaintiff provided notice of rescission of the contract on August 28, 2018. Plaintiff rescinded the contract for Lack of Consideration, Fraud in the Inducement, Undue Influence, Duress, Failed Consideration and Constructive Fraud.

Defendants have failed and refused and continues to fail and refuse to restore to Plaintiff the consideration ($20,000,000.00) or any thereof.

A party to a contract may rescind it if, among other things, "the consideration for the obligation of the rescinding party, before it is rendered to him, fails in a material respect from any cause." (Civ. Code, § 1689, subd. (b)(4); *Asmus v. Pacific Bell* (2000) 23 Cal.4th 1, 6, fn. 2. If the failure of consideration is total—that is, if "'nothing of value has been received under the contract by the party'"—a court may also award the rescinding party restitution. *Rutherford Holdings, LLC v. Plaza Del Rey* (2014) 223 Cal.App.4th 221, 230, quoting *Richter v. Union Land etc. Co.* (1900) 129 Cal. 367, 373; *Brown v. Grimes* (2011) 192 Cal.App.4th 265, 281. .

As a result of Lack of Consideration, Fraud in the Inducement, Undue Influence, Duress, Failed Consideration and Constructive Fraud, Defendants unjustly retained the benefit of $20,000,000.00 at the expense of Plaintiff.

### VIII. CONCLUSION

Defendants were fully aware of their requirements and duties outlined in the parties Settlement Agreement. Defendants breached the Settlement Agreement and were fully aware Liberi received no consideration. Liberi is damaged by the Court's

Order as it justifies Defendant's false stories and the posts will never come down. With this, Plaintiff's reputation remains tarnished.

The Court's incorrect conclusions and determinations are obviously unjust and prejudicial to the Plaintiff. This warrants the Granting of this Motion; Altering the Judgment, Dkt No. 842 and the Court Amending its October 5, 2018 Order, Dkt No. 841, Granting Plaintiff' her requested relief. *Burtenshaw v. Berryhill*, U.S.D.C. Case No. 5:16-CV-02243-GJS. C.D. CA Jan. 23, 2018) quoting *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (Granting a Rule 59(e) Motion is appropriate to "prevent manifest injustice."). And, Granting Plaintiff Relief from a Final Judgment. *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1100 (9th Cir. 2006) ("Rule 60(b)(1) provides, "On motion . . . the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect.")

For the reasons stated herein, Amendment of the Court's Order, Dkt No. 841 and Relief from Final Judgment allowing Plaintiff to file her Complaint for Breach of Contract, Rescission, Restitution and Declaratory Relief is warranted.

Respectfully submitted,

Dated: November 15, 2018

LISA LIBERI, *Pro Se*
1704B Llano St. No. 159
Santa Fe, NM 87505
Ph: (505) 577-0829
Email: lisaliberi@gmail.com

## CERTIFICATE OF SERVICE

I, Lisa Liberi, hereby certify that a true and correct copy of Plaintiff Lisa Liberi's Reply to her Motion for Ammendment and Relief from Final Judgment was served this 19th day of November 2018, electronically through the Court's ECF filing system upon its filing on the following:

**SCHUMANN | ROSENBERG, LLP**
Kim Schumann, Esquire
Jeffrey Cunningham, Esquire
3100 S. Bristol Street, Suite 400
Costa Mesa, CA 92626
schumann@schumannrosenberg.com
cunningham@schumannrosenberg.com
*Attorney for Defendant Orly Taitz*

Orly Taitz, Esquire
29839 Santa Margarita, Suite 100
Rancho Santa Margarita, CA 92688
E-mail: orly.taitz@gmail.com

*Attorney for Defendants Defend our Freedoms Foundations, Inc, Orly Taitz, Inc., and The Law Offices of Orly Taitz.*

LISA LIBERI
1704B Llano St. No. 159
Santa Fe, NM 87505
Ph: (505) 577-0829
Email: lisaliberi@gmail.com

*Plaintiff in Pro Se*