Lisa Ostella
P.O. Box 1121
Denville, NJ 07834
Ph: (973) 798-8402
Email: lisaostella@hotmail.com

*Plaintiff in Pro Se*

Lisa Liberi
1704b Llano St. No. 159
Santa Fe, NM 87505
Ph: (505) 577-0829
Email: lisaliberi@!gmail.com
'

*Plaintiff in Pro Se*

*IFP Request*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA,
### SOUTHERN DIVISION

| | |
|---|---|
| LISA OSTELLA and LISA LIBERI,<br><br>                    Plaintiffs,<br><br>   vs.<br><br>ORLY TAITZ, et al<br><br>                    Defendants. | CIVIL ACTION NUMBER:<br><br>**8:11-cv-00485-AG (AJW)**<br><br>**PLAINTIFFS NOTICE OF APPEAL and REPRESENTATION STATEMENT** |

## NOTICE OF APPEAL

**PLEASE TAKE NOTICE** that Plaintiffs,  Lisa Ostella and Lisa Liberi

hereby Appeal to the Court of Appeals for the Ninth Circuit Court from Judge

Andrew J. Guilford, United States District Court, Central District of California,

---

Plaintiffs Notice of Appeal and Representation Statement                                    1

Southern Division, Orders of October 5, 2018, Dkt No. 841 and Judgment, Dkt No. 842, attached as Exhibit "A" and December 4, 2018, Dkt No. 861, attached as Exhibit "B".

Plaintiffs, Lisa Ostella and Lisa Liberi's   Representation Statement is attached to this Notice of Appeal as required by Ninth Circuit Rule 3-2(b).

Respectfully submitted,

Dated:  December 5, 2018

Lisa Ostella
P.O. Box 1121
Denville, NJ 07834
Ph: (973) 798-8402
Email:  lisaostella@hotmail.com

*Plaintiff in Pro Se*

Respectfully submitted,

Dated:  December 5, 2018

Lisa Liberi
1704b Llano St. No. 159
Santa Fe, NM 87505
Ph: (505) 577-0829
Email:  lisaliberi@gmail.com

*Plaintiff in Pro Se*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## REPRESENTATION STATEMENT

Plaintiffs-Appellants Lisa Ostella and Lisa Liberi are in Pro Se and no other party. Pursuant to Rule 12(b) of the Federal Rules of Appellate Procedure and Circuit Rule 3-2(b), Plaintiffs-Appellants submit this Representation Statement.

The following list identifies all parties to the action, and it identifies their respective counsel by name, firm, address, telephone number, and e-mail, where appropriate.

**PARTIES**                               **COUNSEL OF RECORD**

**Plaintiffs – Appellants:**

Lisa Ostella                              *Pro Se*
P.O. Box 1121
Denville, NJ 0783
Ph: (973) 798-8402
Email:  lisaostella@hotmail.com

Lisa Liberi                               Pro Se
1704b Llano St. No. 159
Santa Fe, NM 87505
Ph: (505) 577-0829
Email:  lisaliberi@gmail.com

---

Plaintiffs Notice of Appeal and Representation Statement                              3

| PARTIES | COUNSEL OF RECORD |
|---|---|
| **Defendants – Appellees:** | |
| Orly Taitz | Kim Schumann, Esq.<br>Jeffrey Cunningham, Esq<br>**SCHUMANN ‖ ROSENBERG, LLP**<br>3100 S. Bristol Street, Suite 400<br>Costa Mesa, CA 92626<br>Ph: (714) 850-0210<br>Email: schumann@schumannrosenberg.com<br>cunningham@schumannrosenberg.com |
| Defend our Freedoms<br>Foundation, Inc.;<br>Law Offices of Orly Taitz; and<br>Orly Taitz, Inc. | Orly Taitz, Esq.<br>29839 Santa Margarita Pkwy, Ste 100<br>Rancho Santa Margarita CA, 92688<br>Ph: (949) 683-5411<br>Email: orly.taitz@gmail.com |

---

Plaintiffs Notice of Appeal and Representation Statement                    4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "A"

Plaintiffs Notice of Appeal and Representation Statement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|---|---|---|---|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**Proceedings:   [IN CHAMBERS] ORDER RE MOTIONS FOR SUMMARY JUDGMENT**

This case stems from a professional relationship gone very, very bad. Plaintiff Lisa Ostella used to volunteer for Defendant Orly Taitz as a web developer. Eventually, their relationship soured, with Taitz accusing Ostella of stealing online donations and "locking" Taitz out of various web sites that Ostella had been developing for Taitz. From the beginning, this dispute has rarely been about substance, and instead involves two parties airing their personal grievances with one another through online postings, complaints to law enforcement, and extended civil proceedings in multiple courts. Things got so out of hand the Court was forced to impose a prefiling restriction on the parties. (*See* Dkt. No. 227.) After years of litigation, both parties agreed that this case should be resolved by the Court through summary judgment. Since in this convoluted and unreasonably contentious case both sides ask the Court to decide this without trial, the Court will do so. Thus, the Court vacated the previously set trial and set a briefing schedule.

In total, the parties filed six briefs and thousands of pages of documents. Even after all this the Court is still not sure what exactly happened between Ostella and Taitz. The truth seems to be buried in their confusing arguments and mountains of exhibits, or (more likely) not effectively presented in this case. *See Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) ("[A] district court is not required to comb the record to find some reason to deny a motion for summary judgment."); *see also Corley v. Rosewood Care Ctr., Inc.*, 388 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|---|---|---|---|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

990, 1001 (7th Cir. 2004) (internal citations and quotation marks omitted) ("Judges are not like pigs, hunting for truffles buried in the record."). Despite the parties' difficulty pursing this matter effectively, the Court issues this order to, as much as now possible under the law and circumstances, do justice.

Plaintiff Lisa Ostella contends that she's entitled to summary judgment on all her claims, asking the Court to award her over $15,000,000, among other things. (Dkt. No. 818.) Defendant Orly Taitz also contends that she's entitled to summary judgment on Ostella's claims. (Dkt. No. 826.) Like so many poorly presented cases, the outcome of this case is dictated by the burden of proof. Because Ostella has failed to present sufficient evidence to carry her burden on any of her claims, the Court DENIES Ostella's motion for summary judgment. (Dkt. No. 818.) For the same reason, the Court GRANTS Taitz's motion for summary judgment. (Dkt. No. 826.)

## 1. BACKGROUND

At bottom, this case is about 11 statements by Taitz, which were all posted on Taitz's blog. Here is a brief summary of the statements:

> 1. April 17, 2009: In an email (which was later posted on Taitz's website) titled "Dossier #6" sent to various people, Taitz wrote that the email address in her blog's "pay-pal was changed, which prevented [her] from raising funds." (Dkt. No. 819-12.) Taitz explained that, "When [she] found a new web master to host [her] foundation, Ms. Ostella instead of transferring the access codes and the domain, has locked me and another volunteer moderator out of the blog." (*Id.*) Taitz wrote that she "started receiving statements and copies of pay-pal receipts, showing instead of my-email address, an e-mail address of Lisa Ostella." (*Id.*) Taitz wrote that she originally "thought that maybe her address showed on the receipt, since she was a web master on the account, however, when I checked the names and dates on the receipts against the names on the roster, that I downloaded earlier, I could see that those were not received by the foundation, those donations were missing." (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|---|---|---|---|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

2. April 18, 2009: In a post titled "Follow up on Lisa Liberi, paralegal to Phil Berg," Taitz wrote "I saw that Lisa Ostella has redirected the Defend Our Freedoms blog and redirected the pay pal." (Dkt. No. 819-2.)

3. April 18, 2009: In a post titled "Don't be fooled," Taitz wrote, "My former web master Lisa Ostella has created an account that she called Defend Our Freedoms Network and is soliciting donations, praying on unsuspecting readers that would not notice the difference between Defend Our Freedoms Foundation and Defend Our Freedoms Community. Please notice, your donations there will not go to the foundation, they will go to her personal bank account, connected to her personal email address GoExcellGlobal." (Dkt. No. 819-3.)

4. April 19, 2009: In a post titled "Every day I get such evidence of missing or misdirected funds," Ostella wrote, "Every day I get such receipts, showing that my former web master Lisa Ostella . . . has redirected donations to herself, to her e-mail address. Currently, as this was uncovered, she created new web sites Defend our freedoms .org, .net and continues the scheme by making those sites similar to my old ones and using the foundation name to steal more donations." (Dkt. No. 819-4.) Attached to the post is what appears to be an email receipt from one of Taitz's follower that shows he made a $25 donation through PayPal to "Defend Our Freedoms (lisaostella@hotmail.com)." (*Id.*)

5. In April 20, 2009: In a post titled "About Lisa Ostella-don't patronage diverting funds from a nonprofit, don't be part of slander," Taitz posted what appears to be an email that says, among other things, "As I found a new web master, Ms. Ostella, who had the access codes as a web master, instead of transferring all the domains, has locked me and other volunteers out of the blog and transferred the account to herself, and is using the name of my foundation fraudulently, without my consent. She is using the pay-pal account that says Defend Our Freedoms and my personal e-mail address fraudulently and she posted numerous outrageous slanderous

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|---|---|---|---|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

statements about me while pocketing the donations, that the unsuspecting
donors are giving, believing that they are donating to me, to support my
efforts in investigating Obama and all the illegal activities, perpetrated by
him and his supporters, including forgery, multiple social security numbers,
perjury and possible fraudulent financial transactions." (Dkt. No. 819-5.)

6. April 21, 2009: In a post titled "Update on Lisa Ostella and Lisa Liberi,"
Taitz wrote that her readers should "demand a refund" for any donations
made to Defend Our Freedoms and "report it to the Sheriffs department,
FBI and IRS as funds stolen from the non profit organization." (Dkt. No.
819-6.) Taitz also wrote that Ostella was "fraudulently sending e-mails to
. . . readers using DefendOurFreedoms name" and Taitz instructed her
followers to "demand that she immediately stop this practice." (*Id.*) Taitz
wrote that she had "closed her pay pal account and did not receive any pay
pal or visa donation since 04.11.09." (*Id.*)

7. April 23, 2009: In a comment on her blog, Taitz wrote, "unfortunately
Defend our freedoms site was hijacked. . . . The old site was hijacked by
my former web master Lisa Ostella, who is shamelessly using the name of
the foundation without my consent and pocketing the donations." (Dkt.
No. 819-7.)

8. April 23, 2009: In a post titled "Lisa Ostella Internet Fraud in North
Brunswick, NJ," Taitz posted an email from a third-party to the "Director
of Consumer Affairs and the FBI for New Jersey" where the follower
wrote, "I need to alert you to the fact that Lisa Ostella has defrauded Dr.
Orly Taitz and has hijacked her website." (Dkt. No. 819-8.)

9. May 19, 2009: In a post titled "NJ Police," Taitz wrote, "As you know
my previous site, Defend Our Freedoms was taken over by the web master
Lisa Ostella. For over a month now Lisa Ostella had no affiliation with
Defend Our Freedoms Foundation, however she has been sending e-mails

Case 8:11-cv-00485-AG-RAO  Document 865  Filed 12/17/18  Page 10 of 23  Page ID
Case 8:11-cv-00485-AG-RAO  Document 854  Filed 10/05/18  Page 5 of 11  Page ID #:22706
#:24253

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|---|---|---|---|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

from Defend Our Freedoms and collecting donations. If you are a donor
and received such solicitations or have given a donation believing that it
went to Defend Our Freedoms Foundation, you were defrauded, since
such donations from at least April 11 or possibly earlier date went to the
pocket of Lisa Ostella and benefitted the household of Lisa and Frnak (*sic*)
(Mario) Ostella. If you received such solicitation or have given a donation
please contact North Brunswick New Jersey Police . . . and file a criminal
comlaint." (Dkt. No. 819-9.) In the comments to this post, Taitz reiterated
these statements. (*Id.*)

10. January 29, 2010: In a post titled "I need your help," Taitz wrote that
she needed her followers' help "in sending me affidavits and screenshots of
any solicitation e-mails or notices of solicitation of donations for DOFF
(defend our freedoms foundation) done by my former web master Lisa
Ostella after 04.11.09, the date when she locked me out of my former
foundation web site." (Dkt. No. 819-10.)

11. March 3, 2011: In a post titled "Who are these people in Germany,
threatening me?" Taitz wrote, that she had reported to the police and FBI
that her "volunteer web master Lisa Ostella locked me out of my prior web
site for my foundation, that donations to my foundation were diverted,
that there was tampering with my car. I am yet to see anything done by
police departments in CA, NM, NJ or PA. (Dkt. No. 819-11.)

Yes, the facts of this case go back at least to 2009 posts. Ostella contends that all these
statements are lies. After almost a decade of litigation, the following four claims remain: (1)
invasion of privacy (false light publicity); (2) invasion of privacy (appropriation of name);
(3) cyber-harassment; and (4) libel per se.

## 2. JURISDICTION

Taitz argues that this Court doesn't have jurisdiction to decide this case because "two

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|---|---|---|---|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

Plaintiffs (Ostella and Go Excel Global) and two Defendants (James Sundquist and Rock
Salt Publishing) were citizens of New Jersey when this case was filed." (Opp'n, Dkt. No. 34
at 12.) Taitz made this exact same argument two years ago. (*See* Dkt. No. 688 at 6.) The
Court rejected that argument then, and Taitz hasn't provided any convincing reason to
revisit that decision now. (Dkt. No. 744.)

## 3. PRELIMINARY ISSUES

The parties made numerous evidentiary objections. On a motion for summary judgment,
parties must cite specific evidence to assert that a fact cannot be or is genuinely disputed.
Fed. R. Civ. P. 56(c)(1). When the parties file numerous objections on a summary judgment
motion, it's "often unnecessary and impractical for a court to methodically scrutinize each
objection and give a full analysis of each argument raised." *See Doe v. Starbucks, Inc.*, No.
SACV 08-00582 AG (CWx), 2009 WL 5183773, at *1 (C.D. Cal. Dec 18, 2009). The Court
declines to rule individually on the parties' many objections, and relied only on appropriate
evidence in this order.

Summary judgment is appropriate where the record, read in the light most favorable to the
non-moving party, shows that "there is no genuine issue as to any material fact and . . . the
moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex
Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Material facts are those necessary to the proof
or defense of a claim, as determined by reference to substantive law. *Anderson v. Liberty
Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual issue is genuine "if the evidence is such that
a reasonable jury could return a verdict for the nonmoving party," based on the issue. *See
id.* In deciding a motion for summary judgment, "[t]he evidence of the nonmovant is to be
believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the
evidence of the nonmoving party "is merely colorable, or is not significantly probative,
summary judgment may be granted." *Id.* at 249–50.

Case 8:11-cv-00485-AG-RAO   Document 865   Filed 12/17/18   Page 12 of 23   Page ID
Case 8:11-cv-00485-AG-RAO   Document 842-1 Filed 10/05/18   Page 7 of 11   Page ID #:22708
#:24255

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|---|---|---|---|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

### 4. ANALYSIS

#### 4.1   Libel Per Se

As Ostella puts it, the "primary question" for her libel claim is whether "Taitz's statements that Ostella *took funds, diverted, or committed fraud* in 11 posts is libel on its face." (Mot., Dkt. No. 818-1 at 10.) Under California Civil Code section 45a, the section which governs libel per se, a plaintiff prevails only "if the publication is (1) libelous on its face, or (2) if special damages have been proven." *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1010 (9th Cir. 2001). Ostella argues that Taitz's statements are libelous on their face because they accuse Ostella of criminal conduct. (Mot., Dkt. No. 818-1 at 10.)

In this case, the Ninth Circuit has concluded that Taitz's "speech at issue concerns matters of public importance." (Dkt. No. 676 at 5.) Consequently, Taitz argues that Ostella must show that the blog posts were made with malice. And Ostella doesn't contest that argument. (*See* Opp'n, Dkt. No. 832 at 12; Reply, Dkt. No. 838 at 19.) Indeed, there is some support for Taitz's argument. "[I]f a plaintiff in a defamation case involving a matter of public concern seeks presumed damages because the statements are libelous per se," as Ostella does here, the plaintiff "must prove actual malice, i.e., that defendant knew the complained-of speech was false or acted with reckless disregard of whether it was false." *ZL Techs., Inc. v. Does 1-7*, 13 Cal. App. 5th 603, 631 (2017). "Evidence of falsity will be relevant to any determination of malice." *Id.* at 632 (internal citations omitted).

Throughout her papers, Ostella has failed to provide convincing evidence that the statements were false or that Taitz knew the statements were false when made. To be sure, the confusing evidence submitted by both sides makes it nearly impossible to tell what actually happened—it's possible that Taitz's statements were totally false. Indeed, Taitz's own evidence on this point is fairly weak. But Ostella concedes that it's her burden to prove malice and falsity in this context. To carry that burden, Ostella must rely on "significantly probative" evidence that is more than "merely colorable." *Anderson*, 477 U.S. at 249–50 (internal citations omitted). Ostella hasn't done that, even viewing the facts (as much as the Court can now discern them) in a light most favorable to her.

Case 8:11-cv-00485-AG-RAO   Document 865   Filed 12/17/18   Page 13 of 23   Page ID
#:24256
Case 8:11-cv-00485-AG-RAO   Document 842   Filed 10/05/18   Page 8 of 11   Page ID #:22709

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|---|---|---|---|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

For these and other reasons, summary judgment in Taitz's favor on Ostella's libel per se claim is appropriate.

### 4.2    Invasion of Privacy (False Light Publicity and Appropriation of Name)

To prevail on a false light publicity claim, a plaintiff must show that the defendant (1) disclosed to one or more persons information about the plaintiff that was presented as factual but was actually false or created a false impression about the plaintiff; (2) the information was understood by one or more persons to whom it was disclosed as stating something highly offensive that would have a tendency to injure the plaintiff's reputation; (3) by clear and convincing evidence, the defendant acted with constitutional malice; and (4) the plaintiff was damaged by the disclosure. *Solano v. Playgirl, Inc.*, 292 F.3d 1078, 1082 (9th Cir. 2002). As Ostella describes the test for appropriation of a person's name, knowing use of a person's name for commercial purposes without another's consent leads to liability for damages. Ostella explicitly relies on California's statutory version of name appropriation. (Mot., Dkt. No. 818-1 at 15, n.28.)

Ostella hasn't provided evidence sufficient to support either privacy claim. While it's undisputed that Taitz did use Ostella's name without consent, Ostella hasn't convincingly shown that the claims were false or that Taitz acted with malice, as discussed. Also, Ostella's evidence of damages consists almost entirely of her own conclusory declaration, which is difficult to rely on as the sole source for her $15,000,000 damages claim. (Dkt. No. 810 at ¶¶ 10, 55, 37, 60.) While Ostella argues the use of her name was for a "commercial purpose" because it was on Taitz's blog where Taitz solicits donations and posts paid ads, this isn't a sufficiently "direct connection between the alleged use and the commercial purpose." *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1001 (9th Cir. 2001); *see also* Cal. Civ. Code § 3344(a) (use of name must be "for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services"). Further, Ostella's privacy claims are likely barred by the Ninth Circuit's explicitly finding that Taitz's posts concerned matters of public interest, particularly since Ostella hasn't shown that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|---|---|---|---|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

statements were false. *See Downing*, 265 F.3d at 1002–03; *Solano*, 292 F.3d at 1098.

Summary judgment on Ostella's invasion of privacy claims is appropriate.

### 4.3 Cyber-Harassment

Ostella contends that "Taitz has cyber harassed her . . . through Taitz's 11 posts and published law enforcement reports, that accused Ostella of diverting funds, of committing fraud, and of hijacking the blog." (Mot., Dkt. No. 818-1 at 15.) Under California Civil Procedure Code section 527.6(b), harassment is defined as:

> unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose. The course of conduct must be that which would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner.

To receive the injunctive relief provided by California's anti-harassment statute, Ostella must prove that she is the victim of ongoing harassment by clear and convincing evidence. Cal. Civ. Proc. Code § 527.6(i).

Here, Ostella fails to provide evidence sufficient to support her harassment claim. Importantly, Ostella hasn't shown that Taitz's online posts caused Ostella "substantial emotional distress." The lone evidence of Ostella's emotional distress is her own declaration that says has been "embarrassed, humiliated, and [has] felt continuously criminalized by Taitz's online criminal accusations." (Dkt. No. 819 at ¶ 37.) Without more, this isn't enough under the California harassment statute's high burden of proof. Moreover, this doesn't appear to be the kind of conduct covered by the harassment statute, particularly since Taitz's allegedly harassing posts were all made many years ago. *See Russell v. Douvan*, 112 Cal. App. 4th 399, 402 (2003) (requiring course of conduct to justify

Case 8:11-cv-00485-AG-RAO  Document 865  Filed 12/17/18  Page 15 of 23  Page ID
Case 8:11-cv-00485-AG-RAO  Document 845 Filed 10/05/18  Page 10 of 11  Page ID
#:24258
#:22711

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|---|---|---|---|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

injunctive relief). The Court takes seriously Taitz's declaration that she will not post about
Ostella moving forward.

For these and other reasons, summary judgment in Taitz's favor on Ostella's harassment
claim is appropriate.

### 4.4    Sanctions

Ostella argues that the Court should sanction Taitz under the Federal Rules of Civil
Procedure for failing to turn over discovery. Ostella also argues that the Court should
sanction Taitz under 28 U.S.C. § 1927 for "unreasonably and vexatiously" multiplying these
proceedings. Under both standards, the Court has discretion to determine whether
sanctions are appropriate. *See Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 859 (9th
Cir. 2014) (explaining that the Court has "wide latitude" in awarding Rule 37 sanctions);
*Chambers v. NASCO, Inc.*, 501 U.S. 32, 46–48 (1991).

Although Taitz's conduct throughout this case has been very concerning, as the Court has
noted numerous times, the Court can't conclude that sanctions are warranted. This is
particularly true because Ostella's own conduct throughout this case has also been very
concerning. Moreover, it's unclear why Ostella has waited until this late date to make
discovery-related arguments. For these and other reasons, the Court declines to award
sanctions to any party.

## 5. LISA LIBERI LETTER

Lisa Liberi sent the Court a letter consistent with the prefiling restriction in this case. Liberi
asks the Court to enforce the settlement agreement between her and Taitz, which
ultimately led to the dismissal of Liberi's claims against Taitz and others with prejudice.
Liberi asserts that Taitz violated their settlement agreement in various ways, mostly by
filing an 84-page counter-complaint against various parties. Liberi asks that she be allowed
to file a new, 34-page complaint seeking over $30,000,000 in relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 11-00485 AG (RAOx) | Date | October 5, 2018 |
|---|---|---|---|
| Title | LISA M. OSTELLA v. ORLY TAITZ | | |

No. Liberi settled her claims against Taitz and others and dismissed those claims with prejudice. The proposed complaint improperly resurrects many of those claims for no good reason, and even raises wholly new issues that aren't appropriately part of this years-old litigation. Moreover, Liberi's concerns about Taitz's counterclaims are moot, because the Court previously struck those counterclaims. (Dkt. No. 774.) For these and other reasons, the Court DENIES Liber's request to file a complaint.

### 6. CONCLUSION

The Court has thoroughly reviewed the six briefs and mountains of evidence submitted by the parties in reaching the conclusions of this order. Any arguments not addressed in this order were either unpersuasive or unnecessary for the Court to consider.

The Court DENIES Ostella's motion for summary judgment. (Dkt. No. 818.) The Court GRANTS Taitz's motion for summary judgment. (Dkt. No. 826.) Though the parties may feel impelled to ask, the Court will not award any attorney fees to either side, because such an award would not be at all appropriate under the circumstances.

Thus this case, largely fueled by political passions of the past, comes to an end. The Court hopes the parties will move on to more productive activities. The Court will enter a simple judgment.

|  |  | : | 0 |
|---|---|---|---|
| Initials of Preparer | lmb | | |

Case 8:11-cv-00485-AG-RAO   Document 865   Filed 12/17/18   Page 17 of 23   Page ID
Case 8:11-cv-00485-AG-RAO   Document 842   Filed 10/05/18   Page 1 of 1   Page ID #:22713
#:24260

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION – SANTA ANA

| | |
|---|---|
| LISA OSTELLA,<br><br>                    Plaintiff,<br><br>          v.<br><br>ORLY TAITZ,<br><br>                    Defendant. | Case No. SACV 11-00485 AG (RAOx)<br><br>**JUDGMENT** |

The Court enters judgment for Defendant and against Plaintiff.

Dated October 5, 2018

_____
Hon. Andrew J. Guilford
United States District Judge

JUDGMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "B"

Plaintiffs Notice of Appeal and Representation Statement                     6

Case 8:11-cv-00485-AG-RAO   Document 865   Filed 12/17/18   Page 19 of 23   Page ID
#:24262
Case 8:11-cv-00485-AG-RAO   Document 861   Filed 12/04/18   Page 1 of 2   Page ID #:24237

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 11-00485 AG (RAOx) | Date | December 3, 2018 |
| --- | --- | --- | --- |
| Title | LISA M. OSTELLA ET AL. v. ORLY TAITZ ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
| --- | --- | --- |
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| --- | --- |

**Proceedings:    [IN CHAMBERS] ORDER RE MOTIONS FOR
RECONSIDERATION**

This case has been with the Court for over a decade. And since its inception, the Court has
been dealing with an unwieldy amount of filings—so much so that the Court was forced to
impose a filing restriction on the parties. (*See* Dkt. No. 227.) But after hearing numerous
motions and reviewing thousands of pages and documents, the Court thought this dispute
was over: Lisa Liberi's claims were dismissed with prejudice following settlement, (Dkt. No.
685), and Lisa Ostella's claims were decided by the Court on cross motions for summary
judgment that the parties stated they preferred rather than a trial, (Dkt. No. 841). But this
litigation lives to see yet another day as both Ostella and Liberi move for reconsideration of
the judgments against them. (Dkt. Nos. 848, 849.)

First, concerning Liberi's motion for reconsideration, Liberi made clear at oral argument that
she was actually seeking enforcement of the settlement agreement rather than
reconsideration of any judgment entered against her. This Court doesn't have that issue
properly before it, and therefore DENIES Liberi's motion for reconsideration. (Dkt. No.
848.)

Second, concerning Ostella's motion for reconsideration, the Court finds Ostella hasn't
shown she is entitled to reconsideration. *See* Fed. R. Civ. P. 59(e); Local Rule 7-18. And, in
any event, the reconsideration of the Court's judgment against Ostella would be unavailing.

Case 8:11-cv-00485-AG-RAO   Document 865   Filed 12/17/18   Page 20 of 23   Page ID
Case 8:11-cv-00485-AG-RAO   Document 864   Filed 12/04/18   Page 2 of 2   Page ID #:24238
#:24268

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00485 AG (RAOx) | Date | December 3, 2018 |
|---|---|---|---|

| Title | LISA M. OSTELLA ET AL. v. ORLY TAITZ ET AL. |
|---|---|

The Court DENIES Ostella's motion for reconsideration. (Dkt. No. 849.)

_____  :  0

Initials of            lmb
Preparer

_____

1

## <u>CERTIFICATE OF SERVICE</u>

2

3      We, Lisa Ostella and Lisa Liberi, hereby certify that a true and correct copy

4
of Plaintiffs Notice of Appeal and Representation statement was served this $5^{st}$ day
5

6   of December 2018, electronically through the Court's ECF filing system upon its

7   filing, on the following:

8

9                    **SCHUMANN | ROSENBERG, LLP**
10                        Kim Schumann, Esquire
                      Jeffrey Cunningham, Esquire
11                     3100 S. Bristol Street, Suite 400
12                        Costa Mesa, CA 92626
                      schumann@schumannrosenberg.com
13                    cunningham@schumannrosenberg.com
14
15          *Attorney for Defendant – Appellee Orly Taitz*
16

17                        Orly Taitz, Esq.
                   29839 Santa Margarita Pkwy, Ste 100
18                 Rancho Santa Margarita CA, 92688
19                  Email:  orly.taitz@gmail.com
20
       *Attorney for Defendants – Appellees Defend our Freedoms Foundation, Inc.;*
21            *Law Offices of Orly Taitz; and Orly Taitz, Inc.*
22

23

24

25

26

27

28

---

Plaintiffs Notice of Appeal and Representation Statement                    7

1

2

3

Lisa Ostella
P.O. Box 1121
Denville, NJ 07834
Ph: (973) 798-8402
Email: lisaostella@hotmail.com
*Plaintiff - Appellant in Pro Se*

Lisa Liberi
1704b Llano St. No. 159
Santa Fe, NM 87505
Ph: (505) 577-0829
Email: lisaliberi@gmail.com
*Plaintiff – Appellant in Pro Se*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs Notice of Appeal and Representation Statement                    8

9505 5125 9532 8340 4265 14

USPS TRACKING NUMBER

EXPECTED DELIVERY DAY: 12/10/18

USE INTERNATIONALLY, A CUSTOMS DECLARATION LABEL MAY BE REQUIRED.

UPS TRACKING™ INCLUDED *

INSURANCE INCLUDED *

PICKUP AVAILABLE
* Domestic only

DATE OF DELIVERY SPECIFIED *

PRIORITY MAIL ★

Intake



VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

Label 228, March 2016

FOR DOMESTIC AND INTERNATIONAL USE

UNITED STATES POSTAL SERVICE®

FRG

PRIORITY ★ MAIL ★

1006

UNITED STATES POSTAL SERVICE®

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

92701-4500
R2305K140242-06

$6.70

FROM: Lisa Ubben
1704b Llano St #59
Santa Fe, NM 8

TO: Clerk of Court
USD District Court
District of CA Central
411 West Fourth St.
Room 1053
Santa Ana, CA 92701-4516

CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION
RECEIVED
U.S. DISTRICT COURT
DEC 17 2018
BY DEPUTY

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.