# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SA CV 11-00485-DOC-(RAOx)  Date: August 26, 2020

Title: LISA M. OSTELLA v. ORLY TAITZ

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):** **ORDER DENYING MOTION TO VACATE ORDER OF DISMISSAL AND/OR WITHDRAW PLAINTIFF'S CONSENT TO THE SETTLEMENT AGREEMENT [874]**

Before the Court is Plaintiff Lisa Liberi's ("Plaintiff") Motion to Vacate Order of Dismissal and/or Withdraw Plaintiff's Consent to the Settlement Agreement ("Motion") (Dkt. 874). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78, C.D. Cal. R. 7-15. The Court now DENIES the Motion.

The Court sees no need to rehearse the decade-long factual and procedural history of this case to resolve the instant Motion, and as such will turn directly to the merits.

In his Order re: Motions for Summary Judgment ("MSJ Order") (Dkt. 841), then-Judge Guilford wrote, "Like so many poorly presented cases, the outcome of this case is dictated by the burden of proof." MSJ Order at 2. This is equally true of the instant Motion. Plaintiff argues that there are "extraordinary circumstances" to justify relief under Federal Rule of Civil Procedure 60(b)(6) and that the Court should therefore withdraw Plaintiff's consent to the prior settlement agreement in this matter. *See* Mot. at 16. Despite bombarding the Court with thousands of pages of web links, screenshots,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 11-00485-DOC-RAO					Date: August 26, 2020
									Page 2

court filings, etc., Plaintiff has produced not even the slightest evidence that Defendant has violated the settlement agreement or republished any offending posts. (Defendant, for her part, represents that she has fully complied with the settlement agreement and deleted all offending posts within her control. *See* Opp'n (Dkt. 900) at 17.) Because Plaintiff has failed to demonstrate extraordinary circumstances to merit relief, the Court denies the Motion in its entirety.

The Court additionally notes that the Motion could be summarily denied. On June 14, 2011, Judge Guilford imposed a filing restriction on all parties to this action. Dkt. 227 at 9 ("The Court now ORDERS all parties to seek leave of Court before filing any motions or other documents in this case. . . . **Failure to comply with the letter and spirit of this order may result in sanctions, including the summary denial of improperly requested motions** . . . ."). Plaintiff did not seek leave in accordance with the restriction, and filed the instant Motion—along with thousands of pages of exhibits—without the Court's permission. Merits aside, Plaintiff's flagrant noncompliance further justifies denial of her Motion. (Moreover, had Plaintiff sought leave to file, the Court would have denied leave, consistent with Judge Guilford's repeated denials of similar requests.)

For the reasons discussed above, the Court DENIES Plaintiff's Motion. At this point, the Court observes that Judge Guilford entered summary judgment (Dkts. 841, 842) and denied reconsideration (Dkt. 861) in this action almost two years ago; these rulings were subsequently affirmed by the Ninth Circuit (Dkt. 872). As Judge Guilford wrote in his denial of reconsideration, "the Court thought this dispute was over." Dkt. 861 at 1. While Judge Guilford was regrettably mistaken at the time, this dispute is now undoubtedly over, and the Court warns the parties against filing anything further in this matter.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11							Initials of Deputy Clerk: kd

CIVIL-GEN